UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>      Plaintiff,<br><br>    v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>      Defendants.<br><br>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD.,<br><br>      Counterclaim-plaintiffs,<br><br>    v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5,<br><br>      Counterclaim-defendants. | C.A. No. 05-10679-RCL |

## JOINT STATEMENT

In accordance with the provisions of Local Rule 16.1(B), counsel have conferred concerning (1) an agenda for matters to be discussed at the scheduling conference set on August 3, 2005 at 3:00 p.m.; (2) a proposed pretrial schedule for the case that includes a plan of discovery; and (3) consideration of consent to a trial by a Magistrate Judge. Counsel hereby submit this Joint Statement and Proposed Scheduling Order pursuant to Local Rule 16.1(D). .

**I.      THE PARTIES**

The parties presently before the Court are plaintiff and counterclaim-defendant Kotva a.s. and defendants and counterclaim-plaintiffs Andrew Weiss and Weiss Asset Management LLC. Kotva disputes whether counterclaim-plaintiffs K T, Inc. and CVF Investments are properly before the Court.  The counterclaim-plaintiffs are in the process of serving four additional counterclaim-defendants, Martin Benda, Richard Harazim, Forminster Enterprises, Ltd. and SPV CO, pursuant to the Hague Convention on Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters and hope to complete service by the end of October 2005.  The remaining parties have not been served, are not represented by counsel and did not participate in this Joint Statement.

**II.     DISCOVERY AND SCHEDULING PROPOSAL**

Kotva and Weiss et al. have agreed to most aspects of a proposed discovery plan and schedule.  The following table lists the parties' proposals.  The only area of disagreement is over the appropriate length of fact discovery.

| Event | Kotva's Proposed Date | Weiss et al.'s Proposed Date |
|---|---|---|
| Initial Disclosures Complete | August 3, 2005 | August 3, 2005 |
| Hearing on Kotva's Motion to Dismiss | September 2005 | September 2005 |
| All additional parties shall be joined | January 6, 2006 | January 6, 2006 |
| Fact Discovery Complete | July 31, 2006 | March 31, 2006 |
| Disclosure of experts and reports from experts under Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure shall be served by the party bearing the burden of proof with respect to the issue as to which the expert testimony (the "Initial Reports") | August 31, 2006 | May 1, 2006 |
| Responsive reports intended to contradict or rebut evidence on the same subject matter as the Initial Reports shall be served by June 1, 2006. | September 29, 2006 | June 1, 2006 |
| Expert Discovery Complete | October 31, 2006 | July 21, 2006 |
| Any motions for summary judgment shall be filed | August 15, 2006 | August 11, 2006 |

| Event | Kotva's Proposed Date | Weiss et al.'s Proposed Date |
|---|---|---|
| In the absence of settlement, dismissal, or the entry of judgment, a further status conference to address issues, deadlines, and/or set trial dates. | October 2006 | October 2006 |
| Last Day to Serve Requests for Admission | 60 days before trial | 60 days before trial |
| Trial | December 2006 | October / November 2006 |

### III. KOTVA'S CONCISE STATEMENT OF THE CASE

Plaintiff Kotva a.s. ("Kotva") is a public company traded on the Czech securities market. Until March 4, 2005, Kotva, through its wholly owned subsidiaries, owned and operated the famous downtown Prague department store named Kotva (the "Shopping Centre"). Defendant Andrew Weiss ("Weiss"), through his Boston-based investment firm Weiss Asset Management, LLC, is the investment manager of the Brookdale Global Opportunity Fund ("Brookdale"), which owns nearly 12% of Kotva's shares. In an audacious stock fraud scheme - - confirmed in communications written from Boston, Massachusetts - - Weiss blackmailed Kotva after he learned through the press that Kotva planned to sell the Shopping Centre property to an Irish investment group. Sensing an opportunity to "cash-in," Weiss demanded that the Company "repurchase" Brookdale's 12% ownership interest in Kotva. When Kotva refused, Weiss launched a scheme from Boston to interfere with the sale of the Shopping Centre and fraudulently force the Company to purchase his shares. Specifically, Weiss utilized a shell company based in Cyprus named Gilroy Limited ("Gilroy"), and later a Delaware shell company named KT, Inc. ("KT"), to purchase nominal shares of Kotva's stock and file lawsuits in the Czech Republic solely for the improper purpose of interfering with the Shopping Centre's sale. Weiss then made ever increasing price demands on Kotva to purchase the Brookdale shares (eventually seeking almost eight times the publicly traded market value) with the carrot that he would "attempt to influence" Gilroy and KT to drop the suits. As a result of the lawsuits,

Kotva's sale of the Shopping Centre was severely impaired and ultimately cost the Company millions of dollars.

Weiss' own written communications from his Boston office to Kotva exposed his fraudulent scheme. Shortly after filing the Gilroy action, in an August 23, 2004 letter from Weiss to Kotva, Weiss stated he would sell Brookdale's Kotva stock for 131 million Czech crowns ("CZK") ($5.6 million USD) and would "attempt to influence Gilroy to withdraw the complaint questioning the ownership of assets by Kotva." Weiss in fact <u>conditioned</u> the sale "on withdrawal of the existing lawsuit where Gilroy is present." In November 2004, Weiss raised his demand to 295.75 million CZK ($12.7 million USD). When Kotva balked, Weiss directed a second shell company, KT, to file a second action against Kotva, which mirrored the Gilroy action. In all his communications to Kotva, Weiss denied any connection with Gilroy or KT, but stated that he would "influence" the companies if Brookdale's shares were purchased for $12.7 million.

In February 2005, Weiss was criminally indicted by the Czech government for his role in the blackmailing scheme against Kotva. In a feeble "damage control" effort, Weiss broadcasted a video press conference from Boston on March 15, 2005, abruptly changing his story regarding his control of Gilroy and KT, and now admitting: "I had no choice but to instruct my lawyers to take appropriate legal actions." Denying that he was out simply to enrich himself at the expense of Kotva and his fellow Kotva shareholders, Weiss now claims that "the main goals of the petitions that my lawyers filed in the Czech courts are very simple - to return the assets of Kotva and Trend that were transferred to other entities…" Multiple written communications, however, prove otherwise.

Weiss' fraudulent stock scheme has had a cataclysmic effect on Kotva. Kotva's sale of the Shopping Centre was delayed over 8 months, costing the company the use of $65.3 million, enormous legal fees and lost business opportunities. When the sale finally closed, the buyer held back $24.3 million (37 % of the sale price), which will not be released until the Gilroy and KT lawsuits are finally and conclusively resolved by the Czech courts.

By this action, Kotva brings claims against the Weiss Defendants for violations of the Federal Securities and Exchange Act of 1934, RICO, M.G.L. c. 93A, and common law claims of abuse of process, fraud, and tortious interference with advantageous business relations. Among other claims, the Weiss Defendants, in connection with the purchase of Kotva securities by Gilroy and KT, engaged in a scheme to defraud Kotva, in violation of Section 10(b) of the Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b-5. The Weiss Defendants fraudulently utilized the purchase of securities by Gilroy and KT to unfairly influence the sale price of Brookdale's shares, and to effectuate their blackmail scheme against Kotva. The fraudulent conduct that gives rise to this action occurred in the United States, including the fact that the operative written and oral communications from the Weiss Defendants were sent by mail or e-mail or telephone from Boston, Massachusetts, and that Weiss directed the actions of Gilroy and KT from Massachusetts.

## IV.    WEISS ET AL.'S CONCISE STATEMENT OF THE CASE

This case is about the counterclaim-defendants' conspiracy to misuse their control over Kotva to freeze out Kotva's minority shareholders and harm the minority shareholders' representatives. In furtherance of this conspiracy, the counterclaim-defendants have committed a series of unlawful acts.

On one side of this case are the counterclaim-plaintiffs. Counterclaim-plaintiffs K T and CVF are minority shareholders of the plaintiff, Kotva, and shareholders in a Czech investment

fund called the Trend fund ("Trend").  Defendant and counterclaim-plaintiff Andrew Weiss ("Weiss") is a professor of economics at Boston University.  He has advised the World Bank on the Czech Republic's capital markets and is an authority on developing markets and their need for financial regulation.  He also operates a company, Weiss Capital LLC, that manages investments in the Czech Republic.  Among those investments are K T's and CVF's investments in Kotva and Trend.

On the other side is the Forminster Group.  Kotva is presently a corporate shell and alter ego of Forminster and its affiliates:  counterclaim-defendants Forminster, Martin Benda ("Benda"), Richard Harazim ("Harazim"), SPV CO and John Does 1–5 (collectively the "Forminster Group"). The Forminster Group has conspired against Weiss and the shareholders of Kotva to convert the assets of Kotva for their own benefit.  Forminster is a private company, incorporated in Cyprus, and the conspirators keep the identity of its owners a closely-kept secret.  Harazim and Benda serve as the front men for Forminster, and hide the identities of the company's true beneficial owners.

According to reports in the Czech press and reports of Czech prosecutors, the Forminster Group controls proceeds looted in one of the most notorious frauds in the post-Communist history of the Czech Republic, a crime known as the "Trend Scandal" or "Trend Tunneling." The Czech press adopted the word "tunneling" to describe the process by which a company's management embezzles the company's assets and moves them through a series of intermediaries until the intended recipients of the assets are able to liquidate the assets and abscond with the loot.  Most importantly for this case, the illegal proceeds obtained by the Forminster Group enabled it to exercise its control over Kotva.

6

In late 2003, representatives of the Forminster Group approached a representative of Weiss Capital and offered to purchase CVF's shares in Kotva, but at a price far below what the shares were worth. Negotiations between the Forminster Group and Weiss Capital continued trough 2004. In May 2004, the Forminster Group, through its representatives, Martin Benda and Richard Harazim, boldly informed Weiss that they would use their control over Kotva to seize Kotva's only valuable asset, a department store in downtown Prague (the "Department Store"), and convert it for the Forminster Group's own benefit, leaving CVF's investment in Kotva worthless. Weiss took steps to protect his investors, including authorizing lawsuits in the Czech courts.

While continuing to negotiate with Weiss Capital over a purchase price for the Kotva shares and, later, shares in Trend as well, the Forminster Group was also secretly moving to gain leverage over Weiss as a representative of the minority shareholders. Thinking that increased pressure on Weiss would eliminate him as an obstacle to its unlawful acts, the Forminster Group—through Kotva—initiated sham criminal charges against Weiss in the Czech Republic and then filed this lawsuit against Weiss and Weiss Asset Management ("WAM") in Boston.[1] True to its word, the Forminster Group also followed through on its threat to strip Kotva of the Department Store. It moved the Department Store through a series of shell companies and then sold it for approximately $70 million. Rather than distribute the sale proceeds proportionally among Kotva's shareholders, the Forminster Group keeps the money for itself in an offshore company in Cyprus.

The counterclaim consists of three groups of claims, which are summarized in a chart attached to the First Amended Answer and Counterclaim. First, Weiss and WAM have asserted

---

[1] Weiss is also the President and Chief Investment Officer of Weiss Asset Management. It is Weiss Capital, however, that has formal responsibility for CVF's investments.

claims arising out of the Forminster Group's efforts to use the Czech and United States legal systems to intimidate Weiss and coerce him into abandoning his investor's claims in the Czech litigation and capitulating to the Forminster Group's freeze-out of Kotva's minority shareholders. These efforts constitute an abuse of process (Count I), civil conspiracy (Count II) and unfair and deceptive trade practices (Count VII).

Second, K T and CVF have asserted claims arising out of the same series of events—the Forminster Group's efforts to purchase their shares in Kotva and freeze out the minority shareholders by converting the Department Store for its own benefit. The Forminster Group's freeze-out has directly injured K T and CVF, entitling K T and CVF to damages for civil conspiracy (Count II), conversion of the proceeds of the sale of the Department Store (Count III), unjust enrichment (Count IV), abuse of control of Kotva and breach of fiduciary duty to Kotva's shareholders (Count V) and unfair and deceptive trade practices (Count VII). K T and CVF also seek a constructive trust (Count VI) and declaratory relief (Count VIII) to protect their rights.

Third, K T and CVF seek declaratory relief arising out of the Trend Tunneling (Count VIII). More specifically, K T and CVF contend that Forminster is not the rightful owner of the Kotva shares that it currently controls because, as explained in the Counterclaim, those shares are stolen property to which Forminster has no good legal title.

## V.     TRIAL BY MAGISTRATE JUDGE

The parties decline at this time to consent to a trial by a magistrate judge.

## VI.  CERTIFICATIONS

The parties' Local Rule 16.1 certifications are attached hereto.

| | |
|---|---|
| KOTVA a.s. | ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS LTD. |
| By its attorneys, | By their attorneys, |
| /s/ Joel G. Beckman (BAG) | /s/ Benjamin A. Goldberger |
| Joel G. Beckman BBO# 553086 | Edward P. Leibensperger (BBO# 292620) |
| William C. Nystrom BBO# 559656 | Benjamin A. Goldberger (BBO# 654357) |
| Dana A. Zakarian BBO# 641058 | McDermott Will & Emery LLP |
| Nystrom Beckman & Paris LLP | 28 State Street |
| 10 St. James Ave., 16th Floor | Boston, Massachusetts  02109-1775 |
| Boston, Massachusetts 02116 | (617) 535-4000 |
| (617) 778-9100 | |
| (617) 778-9110 (fax) | |

Dated: July 28, 2005

BST99 1467121-1.072198.0012

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KOTVA a.s.,<br><br>        Plaintiff,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC<br><br>        Defendants. | Case No. 05-10679-RCL |

## CERTIFICATION PURSUANT TO LOCAL RULE 16.1

Pursuant to Local Rule 16.1, plaintiff, Kotva a.s., and counsel for plaintiff hereby certify that they have conferred (a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation, and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Plaintiff

_____
Kotva a.s.
By its authorized agent
Name HARAZIM RICHARD
Title CEO

Counsel for Plaintiff

_____
Joel G. Beckman (BBO No. 553086)
NYSTROM BECKMAN & PARIS
10 St. James Avenue, 16th Floor
Boston, MA 02116
(617) 778-9100

Dated: July 28, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><hr> ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5, <br><br> Counterclaim-defendants. | C.A. No. 05-10679-RCL |

## ANDREW WEISS'S CERTIFICATE PURSUANT TO LOCAL RULE 16.1(D)(3)

Pursuant to Local Rule 16.1(d)(3), Andrew Weiss and his counsel certify and affirm that they have conferred: (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

BST99 1466874-1.072198.0012

Respectfully Submitted,

ANDREW WEISS

*[signature]*

MCDERMOTT WILL & EMERY LLP

By: *[signature]*

Edward P. Leibensperger (BBO#292620)
Benjamin A. Goldberger (BBO#654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109-1775
(617) 535-4000

Dated: July 27, 2005

BST99 1466874-1 072198 0012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>      Plaintiff,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>      Defendants.<br><br>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD.,<br><br>      Counterclaim-plaintiffs,<br><br>v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5,<br><br>      Counterclaim-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-10679-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## WEISS ASSET MANAGEMENT LLC'S CERTIFICATE PURSUANT TO LOCAL RULE 16.1(D)(3)

Pursuant to Local Rule 16.1(d)(3), Weiss Asset Management LLC and its counsel certify and affirm that they have conferred: (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

BST99 1466876-1 072198.0012

Respectfully Submitted,

| WEISS ASSET MANAGEMENT LLC | MCDERMOTT WILL & EMERY LLP |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Andrew Weiss | Edward P. Leibensperger (BBO#292620)<br>Benjamin A. Goldberger (BBO#654357)<br>McDermott Will & Emery LLP<br>28 State Street<br>Boston, Massachusetts 02109-1775<br>(617) 535-4000 |

Dated: July 27, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>Defendants.<br><br>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD.,<br><br>Counterclaim-plaintiffs,<br><br>v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5,<br><br>Counterclaim-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-10679-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## K T INC.'S CERTIFICATE PURSUANT TO LOCAL RULE 16.1(D)(3)

Pursuant to Local Rule 16.1(d)(3), K T Inc. and its counsel certify and affirm that they have conferred: (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

Respectfully Submitted,

K T, INC.                                          MCDERMOTT WILL & EMERY LLP

By:                                                By:

_____                    _____
Georgiy Nikitin                                    Edward P. Leibensperger (BBO#292620)
                                                   Benjamin A. Goldberger (BBO#654357)
                                                   McDermott Will & Emery LLP
                                                   28 State Street
                                                   Boston, Massachusetts 02109-1775
                                                   (617) 535-4000

Dated: July 27, 2005

BST99 1466882-1 072198 0012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KOTVA a.s., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW WEISS and WEISS ASSET )<br>MANAGEMENT, LLC, )<br>)<br>Defendants. )<br>_____ )<br>)<br>ANDREW WEISS, WEISS ASSET )<br>MANAGEMENT LLC, K T, INC. and CVF )<br>INVESTMENTS, LTD., )<br>)<br>Counterclaim-plaintiffs, )<br>)<br>v. )<br>)<br>KOTVA a.s., MARTIN BENDA, RICHARD )<br>HARAZIM, FORMINSTER ENTERPRISES, )<br>LTD., SPV CO and JOHN DOES 1–5, )<br>)<br>Counterclaim-defendants. )<br>_____ ) | C.A. No. 05-10679-RCL |

## **CVF INVESTMENTS, LTD'S CERTIFICATE PURSUANT TO LOCAL RULE 16.1(D)(3)**

Pursuant to Local Rule 16.1(d)(3), CVF Investments, LTD and its counsel certify and affirm that they have conferred: (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

Respectfully Submitted,

| CVF INVESTMENTS LTD. | MCDERMOTT WILL & EMERY LLP |
|---|---|
| By: | By: |
| */s/ Andrew Weiss*  <br>Andrew Weiss | */s/ Edward P. Leibensperger*  <br>Edward P. Leibensperger (BBO#292620)  <br>Benjamin A. Goldberger (BBO#654357)  <br>McDermott Will & Emery LLP  <br>28 State Street  <br>Boston, Massachusetts 02109-1775  <br>(617) 535-4000 |

Dated: July 27, 2005