UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br>        Plaintiff, <br><br>    v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br>        Defendants. <br><br> ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., <br><br>        Counterclaim-plaintiffs, <br><br>    v. <br><br> KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5, <br><br>        Counterclaim-defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    C.A. No. 05-10679-RCL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM IN SUPPORT OF MOTION FOR ORDER FOR CIVIL RICO CASE STATEMENT, OR IN THE ALTERNATIVE TO COMPEL RESPONSE TO INTERROGATORY, OR IN THE ALTERNATIVE FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES *NUNC PRO TUNC*

Kotva a.s. is the plaintiff in this case. It chose to bring, among other claims, civil RICO claims against Andrew Weiss and Weiss Asset Management LLC (collectively, the "Defendants"). By bringing civil RICO claims, Kotva has—to borrow a phrase from the Court—sent the Defendants and the Court to work in a coal mine. The least Kotva could do is provide a lantern and a map. One such map is the civil RICO case statement attached as Exhibit

1 to this Motion. Many courts have adopted civil RICO case statements as an effective method of managing civil RICO claims and this Court should as well.

*Motion for Civil RICO Case Statement*

"RICO has been called "arcane," "tormented," "complicated," and "agonizingly difficult." MANUAL FOR COMPLEX LITIGATION, FOURTH § 35.1. Thus, the Manual for Complex Litigation suggests that one "helpful strateg[y]" is for the Court to

> Require the plaintiff to file a RICO case statement, amplifying and clarifying the allegations in the complaint prior to receipt of responsive motions or pleadings. This case statement can require the plaintiff to detail the factual basis for each allegation with specificity, as well as the legal basis supporting the plaintiff's theory on various elements of the RICO claim.

*Id.* § 35.32.

Many federal courts have followed this advise and require civil RICO case statements as a matter of course. *See, e.g.*, *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 n.3 (1st Cir. 1991) (noting District of Puerto Rico standing order); GREGORY P. JOSEPH, CIVIL RICO: A DEFINITIVE GUIDE 166 & n.6 (2d ed. 2000) (noting four other courts with standing orders). Other courts have ordered plaintiffs to file civil RICO case statements in particular cases. JOSEPH at 166 & n.7 (citing, as examples, *Glessner v. Kenny*, 952 F.2d 702 (3d Cir. 1991) (case arising out of District of New Jersey); *Homico Constr. & Dev. Co. v. Ti-Bert Sys., Inc.*, 939 F.2d 392 (6th Cir. 1991) (Northern District of Ohio); *Old Time Enters., v. International Coffee Corp.*, 862 F.2d 1213 (5th Cir. 1989) (E. D. La.); *Hunt v. Gouverneur Townhouse Partners-1988 L.P.*, No. 90 Civ. 4900 (MGC), 1991 U.S. Dist. LEXIS 16749 (S.D.N.Y. Nov. 18, 1991); *VSA v. Von Weise Gear Co.*, 769 F. Supp. 1080 (E.D. Mo. 1991); *Bennett v. Centerpoint Bank*, 761 F. Supp. 908 (D.N.H. 1991); *Silverman v. Niswonger*, 761 F. Supp. 464 (E.D. Mich. 1991); *In re Pioneer Lumber Treating, Inc.*, 127 B.R. 248 (Bankr. D. Haw. 1991)). The Court's authority to order a civil RICO case statement derives from Rules 11, 12(e), 16 and 83. JOSEPH, at 167.

A civil RICO case statement is particularly appropriate in this case in view of the skeletal, ambiguous nature of Kotva's RICO claim as plead. For example, Kotva alleged that the Defendants "each agreed to the commission of two or more of the following acts: extortion as proscribed by 18 U.S.C. § 1951; extortion as proscribed by M.G.L. c. 265, § 25; mail fraud as proscribed by 18 U.S.C. § 1341; and wire fraud as proscribed by 18 U.S.C. § 1343." Compl. ¶ 62. However, Kotva has not informed the Defendants or the Court who the participants in these alleged RICO predicate acts were, when these alleged acts occurred, what relationship the alleged acts have to each other and whether and to what extent the alleged acts pose a threat of continued criminal activity. *See* Ex. 1, ¶¶ 5(b), 5(d), 5(e). Nor has Kotva complied with Rule 9(b)'s requirement that the "circumstances constituting [mail or wire] fraud . . . shall be stated with particularity." *See* Ex. 1, ¶ 5(c). Additionally, Kotva listed several possible members of the alleged RICO enterprise in an "and/or" format, but failed to describe the structure, purpose, roles, functions and courses of conduct of the enterprise and its members. *See* Compl. ¶ 57; Ex. 1, ¶ 6.

Civil RICO law is complicated. The plaintiff chose to bring a claim under the RICO statute. Requiring the plaintiff to explain that claim in a standard, well-accepted format is not an imposition: it is a matter of fairness and the Court should exercise its discretion to order the plaintiff to file a civil RICO case statement as described in Exhibit 1.

*Motion to Compel Response to Interrogatory*

Alternatively, the Court should order Kotva to provide a civil RICO case statement because the Defendants properly requested one in their First Set of Interrogatories. Rather than seek a civil RICO case statement through costly and time-consuming motion practice, the

Defendants first incorporated a civil RICO case statement in the following interrogatory (the "Civil RICO Interrogatory"), served on August 1, 2005:

> 2.    Please provide a case statement containing all information called for by the Civil RICO Case-Statement Order found in the MANUAL FOR COMPLEX LITIGATION, FOURTH § 40.54 in the format called for by said Order.  A copy of the Order is attached for your convenience.[1]

On August 29, 2005—virtually the eve of the deadline for Kotva's response to the Defendants' First Set of Interrogatories—counsel for Kotva sent counsel for the Defendants a letter asserting that the Defendants had propounded too many interrogatories.  Counsel for the Defendants responded by letter, disagreeing with this assertion, but suggesting that they would withdraw, for the time being, the Civil RICO Interrogatory so that Kotva would answer the other interrogatories and the parties could meet and confer in anticipation of this motion.

In accordance with the Defendants' suggestion, Kotva answered the Civil RICO Interrogatory as follows:

> Pursuant to defense counsel's letter of August 30, 2005, Interrogatory No. 2 has been withdrawn.[2]

On September 8, 2005, at 2:30 p.m., Edward P. Leibensperger and Benjamin A. Goldberger for the Defendants and Joel G. Beckman for Kotva spoke by telephone about discovery for just over one hour.  Counsel discussed, among other issues, the Civil RICO Interrogatory and other deficiencies in Kotva's interrogatory responses.  Mr. Beckman asked for more time to consider whether Kotva would agree to answer the Civil RICO Interrogatory by stipulating to an increased number of interrogatories.  On September 14, 2005, the same lawyers spoke again by telephone for approximately five minutes around 4:00 p.m.  Mr. Beckman

---

[1] A copy of the Defendants' First Set of Interrogatories is attached hereto as Exhibit 2.
[2] A copy of Kotva's Response to the Defendants' First Set of Interrogatories is attached hereto as Exhibit 3.

reported no change in Kotva's position.  The parties were able to agree, however, that Kotva would supplement its interrogatory responses so as to identify witnesses with more particularity. The Defendants are awaiting further responses from Kotva.

Thus, the parties have reached an impasse as to their disagreement as to whether the Defendants have served too many interrogatories.  There are two areas of disagreement.

First, Kotva contends that the Civil RICO Interrogatory counts as more than thirty-six interrogatories while the Defendants contend that it counts as only one.  Defendants acknowledge the well-settled rule that interrogatories with "discrete subparts" count as multiple interrogatories and that the civil RICO case statement contains subparts.  FED. R. CIV. P. 33. However, the key word is *discrete* not *subparts*.  "Parties cannot evade th[e] presumptive limitation through the device of joining as 'subparts' questions that seek information about **discrete separate subjects**."  *Id.* adv. comm. notes on 1993 Amendments (emphasis added). The Civil RICO Interrogatory does not seek information about discrete separate subject.  It seeks information about one subject: Kotva's civil RICO claim.  The complex form of the civil RICO case statement is a function of the complexity of civil RICO law.  However, the form does not change the fact that the Civil RICO Interrogatory seeks information about one distinct subject and therefore counts as a single interrogatory.

Second, Kotva contends that the Defendants, as well as counterclaim-plaintiffs K T, Inc. and CVF Investments, Ltd., constitute a single "side" that is entitled to only twenty-five interrogatories pursuant to Local Rule 26.1(c), which limits interrogatories to twenty-five per side.  Unlike the Local Rule, Federal Rule of Civil Procedure 33 provides that each *party* may serve up to twenty-five interrogatories on each other *party*.  Magistrate Judge Collings has ruled that in view of the conflict between the Federal Rule and the Local Rule, the Federal Rule

controls and each party may serve up to twenty-five interrogatories on each other party. *See St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch LLP*, 217 F.R.D. 288, 289 (D. Mass. 2003) (Collings, M.J.). Thus, even accepting Kotva's count, the two Defendants served fewer than fifty interrogatories and the Court should compel Kotva to answer all of them, including the Civil RICO Interrogatory.

*Motion for Leave to Serve Additional Interrogatories* Nunc Pro Tunc

Defendants continue to believe that their reading of the Rules is correct and urge the Court to compel a response to the Civil RICO Interrogatory. However, should the Court disagree and conclude that the Defendants have served too many interrogatories, Defendants respectfully request that the Court enter an Order permitting the Defendants to serve however many interrogatories are necessary to provide them with answers to the questions posed by the Civil RICO Case Statement Order. The Defendants ask that the Court enter this Order *nunc pro tunc* and give Kotva a reasonable time to respond to the Civil RICO Interrogatory rather than have the Defendants go through the formality of serving the Civil RICO Interrogatory a second time.

* * * *

Although as a procedural matter, this Motion seeks three alternate forms of relief, the Defendants really seek only one thing: to understand the basis of the civil RICO claims that Kotva has asserted against them. The civil RICO case statement provided by the Manual for Complex Litigation will be of significant assistance, not only to the Defendants but also to the Court, in reaching a clear and common understanding of Kotva's claims.

Respectfully Submitted,

ANDREW WEISS and WEISS ASSET
MANAGEMENT LLC

By their attorneys,


/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: September 23, 2005

BST99 1472852-2.072198.0012

## 40.54 Civil RICO Case-Statement Order[1]

[caption]

Order No _____

It is ORDERED:

The proponent of the civil RICO claim shall file and serve [within _____ days of _____] a case statement that shall include the facts relied on to initiate the RICO claim  In particular, the statement shall use the numbers and letters set forth below, unless filed as part of an amended and restated pleading (in which latter case, the allegations of the amended and restated pleading shall reasonably follow the organization set out below), and shall state in detail and with specificity the following information:

1.  State whether the alleged unlawful conduct is in violation of 18 U S C §§ 1962(a), (b), (c), and/or (d)  If you allege violations of more than one section 1962 subsection, treat each as a separate RICO claim

2.  List each defendant, and state the alleged misconduct and basis of alleged liability of each defendant

3.  List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer

4.  List the alleged victims, and state how each victim allegedly was injured

5.  Describe in detail the pattern of racketeering activity or collection of an unlawful debt alleged for each RICO claim  A description of the pattern of racketeering activity shall:

    (a) list the alleged predicate acts and the specific statutes allegedly violated by each predicate act;

    (b) state the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding each predicate act;

    (c) if the RICO claim is based on the predicate offenses of wire fraud, mail fraud, fraud in the sale of securities, or fraud in connection with a case under Title 11 of the U S Code, the "circumstances constituting fraud or mistake shall be stated with particularity," Fed R Civ P 9(b) (identify the time, place, and contents of the alleged misrepresentation or omissions, and the identity of persons to whom and by whom the alleged misrepresentations or omissions were made);

    (d) describe in detail the perceived relationship that the predicate acts bear to each other or to some external organizing principle that renders them "ordered" or "arranged" or "part of a common plan"; and

*Manual for Complex Litigation, Fourth*

   (e) explain how the predicate acts amount to or pose a threat of continued crimi-
       nal activity

6  Describe in detail the alleged enterprise for each RICO claim  A description of the
   enterprise shall

   (a) state the names of the individuals, partnerships, corporations, associations, or
       other entities allegedly constituting the enterprise;

   (b) describe the structure, purpose, roles, function, and course of conduct of the
       enterprise;

   (c) state whether any defendants are employees, officers, or directors of the al-
       leged enterprise;

   (d) state whether any defendants are associated with the alleged enterprise, and, if
       so, how;

   (e) explain how each defendant participated in the direction of the affairs of the
       enterprise;

   (f) state whether you allege [(i) that the defendants are individuals or entities
       separate from the alleged enterprise, or (ii) that the defendants are the enter-
       prise itself, or (iii) that the defendants are members of the enterprise]; and

   (g) explain, if you allege any defendants to be the enterprise itself or members of
       the enterprise, whether such defendants are perpetrators, passive instruments,
       or victims of the alleged racketeering activity.

7  State whether you allege, and describe in detail, how the pattern of racketeering
   activity and the enterprise are separate or have merged into one entity

8  Describe the alleged relationship between the activities and the pattern of racket-
   eering activity  Discuss how the racketeering activity differs from the usual and
   daily activities of the enterprise, if at all

9  Describe what benefits, if any, the alleged enterprise and each defendant received
   from the alleged pattern of racketeering activity

10 Describe the effect of the activities of the enterprise on interstate or foreign com-
   merce.

11 If the complaint alleges a violation of 18 U S C  § 1962(a), provide the following
   information:

   (a) state who received the income derived from the pattern of racketeering activ-
       ity or through the collection of an unlawful debt; and

   (b) describe the use or investment of such income

12 If the complaint alleges a violation of 18 U S C  § 1962(b), provide the following
   information:

   (a) describe in detail the acquisition or maintenance of any interest in or control
       of the alleged enterprise; and

   (b) state whether the same entity is both the liable "person" and the "enterprise"
       under section 1962(b)

*Sample Orders* § 40 54

13  If the complaint alleges a violation of 18 U S C § 1962(c), provide the following information:

(a)  state who is employed by or associated with the enterprise; and

(b)  state whether the same entity is both the liable "person" and the "enterprise" under section 1962(c)

14  If the complaint alleges a violation of 18 U S C § 1962(d), describe in detail the alleged conspiracy

15  Describe the alleged injury to business or property

16  Describe the relationship between the alleged injury and violation of the RICO statute

17  List the damages sustained by reason of the violation of section 1962, indicating the amount for which each defendant allegedly is liable

18  Provide any additional information you feel would be helpful to the court in processing your RICO claim

Dated: _____       _____
                                                United States District Judge

Note:

1  This order has been designed to establish a uniform and efficient procedure for deciding civil actions containing claims made pursuant to 18 U S C §§ 1961–1968 ("civil RICO")

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | C.A. No. 05-10679-RCL |
| | ) | |
| ANDREW WEISS, WEISS ASSET | ) | |
| MANAGEMENT LLC, K T, INC. and CVF | ) | |
| INVESTMENTS, LTD., | ) | |
| | ) | |
| Counterclaim-plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KOTVA a.s., MARTIN BENDA, RICHARD | ) | |
| HARAZIM, FORMINSTER ENTERPRISES, | ) | |
| LTD., SPV CO and JOHN DOES 1–5, | ) | |
| | ) | |
| Counterclaim-defendants. | ) | |
| | ) | |

## ANDREW WEISS'S AND WEISS ASSET MANAGEMENT LLC'S
## FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Andrew Weiss ("Weiss") and Weiss

Asset Management LLC ("WAM") hereby submit the following interrogatories to Kotva a.s.

## DEFINITIONS

Except as otherwise provided herein, Weiss and WAM hereby incorporate by reference

all definitions in their First Set of Requests for Production of Documents to Kotva as though

fully set forth herein.

1.    "Identify" shall have the meanings ascribed to it in Local Rule 26.5(c)(3)–(4) and; (a) when referring to a meeting, to state the date of the meeting, the location of the meeting, the attendees, and the subject matter addressed; and (b) when referring to a statement, to state the date the statement was made, the identity and location of the person who made the statement, the identities and locations of the person or persons who heard or otherwise received the statement, the medium (e.g., voice, electronic mail, letter, facsimile) by which the statement was transmitted, and the content of the statement.

2.    "State the basis" shall have the meaning ascribed to it in Local Rule 26.5(c)(8).

## INSTRUCTIONS

1.    These interrogatories are continuing in nature and require automatic supplemental or amended responses to the extent specified in Fed. R. Civ. P. 26(e) should you or your counsel obtain further supplemental information.

2.    If any of these interrogatories cannot be answered in full, answer the interrogatory to the extent possible, specifying each reason for the inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

3.    In answering the interrogatories, furnish all information available to you, regardless of whether or not it is based on personal knowledge or records of you, your agents or representatives of others.

4.    State which answers or parts thereof are based upon personal knowledge, and which answers or parts thereof are based upon information and belief. For each answer or part thereof based upon information and/or belief, describe in detail and with particularity the basis for the information and/or belief.

2

5.    With respect to any information which you withhold, does not disclose, or asserts a claim of privilege of non-disclosure, your counsel shall provide a statement which:

(a)    states the nature of the claim of non-disclosure or privilege and sets forth the statute, rule, decision or other basis which is claimed to give rise to the privilege or other justification for the non-disclosure of the requested information; and

(b)    a summary statement of the subject matter of the information requested or the document withheld in sufficient detail to permit the Court to rule on the propriety of the objection.

6.    Where anything has been deleted or redacted from a document produced in response to an interrogatory, specify:

(a)    the nature of the material deleted or redacted; and

(b)    the reason for the deletion or redaction.

7.    Where any copy or copies of any document which you produce in response to an interrogatory is/are not identical to any other copy thereof, by reason of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

8.    In producing documents in response to an interrogatory, all documents which are physically attached to each other in files, shall be left so attached. Documents which are segregated or separated from other documents whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they were maintained.

3

9.    If any information requested by this discovery was at one time in existence but is no longer in existence, or has been made unavailable in any manner, you must state the following:

(a)    identify the nature of the information and state the date on which it ceased to exist;

(b)    identify the circumstances under which it ceased to exist and the identity of all persons having knowledge of the contents thereof.

## INTERROGATORIES

1.    Please identify the purchaser, seller, date, security name, security issuer, price and quantity of security bought and sold for each and every purchase or sale of securities that forms the basis for Count I of the Complaint.

2.    Please provide a case statement containing all information called for by the Civil RICO Case-Statement Order found in the MANUAL FOR COMPLEX LITIGATION, FOURTH § 40.54 in the format called for by said Order. A copy of the Order is attached for your convenience.

3.    Please identify each and every one of the statements made by Weiss or WAM that Kotva contends was false and on which Kotva relied and, for each such statement, describe the action or actions Kotva took in reliance on that statement.

4.    For each count in the Complaint, state the basis for Kotva's claim.

5.    Identify all persons with knowledge concerning the initiation of this lawsuit or the initiation of criminal charges against Andrew Weiss in the Czech Republic.

4

Respectfully Submitted,

ANDREW WEISS and WEISS ASSET
MANAGEMENT LLC

By their attorneys,

Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: August 1, 2005

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the 1st day of August, 2005, a true and
correct copy of the foregoing document was served by hand on counsel for Kotva a.s.

Benjamin A. Goldberger

5

**EXHIBIT 1**

## 40.54 Civil RICO Case-Statement Order[1]

[caption]

Order No. _____

It is ORDERED:

The proponent of the civil RICO claim shall file and serve [within _____ days of _____] a case statement that shall include the facts relied on to initiate the RICO claim. In particular, the statement shall use the numbers and letters set forth below, unless filed as part of an amended and restated pleading (in which latter case, the allegations of the amended and restated pleading shall reasonably follow the organization set out below), and shall state in detail and with specificity the following information:

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d). If you allege violations of more than one section 1962 subsection, treat each as a separate RICO claim.

2. List each defendant, and state the alleged misconduct and basis of alleged liability of each defendant.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer

4. List the alleged victims, and state how each victim allegedly was injured.

5. Describe in detail the pattern of racketeering activity or collection of an unlawful debt alleged for each RICO claim. A description of the pattern of racketeering activity shall:

   (a) list the alleged predicate acts and the specific statutes allegedly violated by each predicate act;

   (b) state the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding each predicate act;

   (c) if the RICO claim is based on the predicate offenses of wire fraud, mail fraud, fraud in the sale of securities, or fraud in connection with a case under Title 11 of the U.S. Code, the "circumstances constituting fraud or mistake shall be stated with particularity," Fed. R. Civ. P. 9(b) (identify the time, place, and contents of the alleged misrepresentation or omissions, and the identity of persons to whom and by whom the alleged misrepresentations or omissions were made);

   (d) describe in detail the perceived relationship that the predicate acts bear to each other or to some external organizing principle that renders them "ordered" or "arranged" or "part of a common plan"; and

     (e) explain how the predicate acts amount to or pose a threat of continued criminal activity.

6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall

     (a) state the names of the individuals, partnerships, corporations, associations, or other entities allegedly constituting the enterprise;

     (b) describe the structure, purpose, roles, function, and course of conduct of the enterprise;

     (c) state whether any defendants are employees, officers, or directors of the alleged enterprise;

     (d) state whether any defendants are associated with the alleged enterprise, and, if so, how;

     (e) explain how each defendant participated in the direction of the affairs of the enterprise;

     (f) state whether you allege [(i) that the defendants are individuals or entities separate from the alleged enterprise, or (ii) that the defendants are the enterprise itself, or (iii) that the defendants are members of the enterprise]; and

     (g) explain, if you allege any defendants to be the enterprise itself or members of the enterprise, whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State whether you allege, and describe in detail, how the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise and each defendant received from the alleged pattern of racketeering activity.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

     (a) state who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

     (b) describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information:

     (a) describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and

     (b) state whether the same entity is both the liable "person" and the "enterprise" under section 1962(b).

*Sample Orders* § 40 54

13. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    (a) state who is employed by or associated with the enterprise; and

    (b) state whether the same entity is both the liable "person" and the "enterprise" under section 1962(c).

14. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the relationship between the alleged injury and violation of the RICO statute.

17. List the damages sustained by reason of the violation of section 1962, indicating the amount for which each defendant allegedly is liable.

18. Provide any additional information you feel would be helpful to the court in processing your RICO claim.


Dated: _____        _____
                                              United States District Judge

*Note:*

    1. This order has been designed to establish a uniform and efficient procedure for deciding civil actions containing claims made pursuant to 18 U.S.C. §§ 1961–1968 ("civil RICO").

785

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>        Plaintiff,<br><br>     v.<br><br>ANDREW WEISS and WEISS ASSET<br>MANAGEMENT, LLC,<br><br>        Defendants.<br><hr>ANDREW WEISS, WEISS ASSET<br>MANAGEMENT LLC, K T, INC. and CVF<br>INVESTMENTS, LTD.,<br><br>        Counterclaim-plaintiffs,<br><br>     v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD<br>HARAZIM, FORMINSTER ENTERPRISES,<br>LTD., SPV CO and JOHN DOES 1–5,<br><br>        Counterclaim-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-10679-RCL |

## OBJECTIONS AND RESPONSES OF PLAINTIFF TO DEFENDANTS ANDREW WEISS AND WEISS ASSET MANAGEMENT, LLC'S FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

Pursuant to Fed. R. Civ. P. 33 and Local Rule 33.1, plaintiff, Kotva, a.s.

("Kotva") hereby responds to the First Set of Interrogatories of defendants, Andrew

Weiss and Weiss Asset Management, LLC (collectively "Weiss").

## GENERAL OBJECTIONS

I.      Kotva objects to each interrogatory to the extent it seeks information that

is beyond the scope of Rules 26 or 33 of the Federal Rules of Civil Procedure, is beyond

the proper scope of discovery because of the attorney client relationship, prepared in anticipation of litigation or trial or constitutes attorney work product, or is otherwise immune from discovery.

II.    In providing answers to these interrogatories, Kotva does not in any way waive or intend to waive but rather intends to preserve the following:

a.    All objections as to competency, relevancy, materiality and admissibility;

b.    All rights to object on any ground to the use of any of the Answers herein, including the trial of this or any other action;

c.    All objections as to vagueness or ambiguity; and

d.    All rights to object on any ground to any further interrogatories or other discovery requests involving or related to any of the interrogatories in Weiss' First Set of Interrogatories.

III.    Privileged information responsive to any interrogatory below is not being provided. Kotva does not waive, and intends to preserve and is preserving the attorney client privilege, the work product doctrine, and every other privilege with respect to each and every answer, document or other repository of information protected by such a privilege.

IV.    Kotva objects to the Instructions and/or Definitions contained in the Interrogatories to the extent that they attempt to impose obligations on Kotva that are inconsistent with and/or in addition to those required under the Federal Rules of Civil Procedure and the Local Rules.

V.    Kotva objects to the Interrogatories to the extent each interrogatory

contains several subparts and therefore exceeds the number of interrogatories permitted

under Fed. R. Civ. P. 33(a).

VI.    Kotva objects to the Interrogatories to the extent that they demand

production of any information containing any confidential, proprietary and/or trade secret

information.

VII.    Kotva's answers to the Interrogatories are qualified by the General

Objections. Failure to restate any General Objection in response to a particular

interrogatory does not constitute a waiver of such General Objection. By responding to

these Interrogatories, Kotva does not waive any asserted objection.

INTERROGATORY NO. 1:

Please identify the purchaser, seller, date, security name, security issuer, price and
quantity of security bought and sold for each and every purchase or sale of securities that
forms the basis for Count I of the Complaint.

Response:

Subject to the foregoing General Objections, Kotva responds as follows: (1) On

June 23 or 24, 2004 Gilroy Ltd. ("Gilroy") purchased 1 share of Kotva from Vladimír

Hoffman. Kotva lacks knowledge or information as to the price, but assumes

approximately 430 CZK. Gilroy also purchased 1 share of Trend. Kotva lacks

knowledge or information as to the price or the seller; (2) on June 29, 2004, Gilroy

purchased 130 shares of Kotva at 430 CZK per share from Petr Ševčík, an employee of

BH Securities, who opened the securities account for Gilroy. Vladimír Hoffman used to

work for BH Securities. On the same day, Gilroy bought 4 shares from Petr Streitberg at

430 CZK. Petr Streitberg is a friend of Vladimír Hoffman; (3) on December 22, 2004,

KT Inc. ("KT") purchased 1,000 shares of Kotva at a price of 425 CZK per share from

CSOB, as.; (4) on January 15, 2005, KT purchased 1,000 shares of Trend at a price of

1.50 CZK per share from CSOB, as.

Discovery is ongoing and Kotva reserves the right to supplement its answers to

this interrogatory.

INTERROGATORY NO. 2:

Please provide a case statement containing all information called for by the Civil RICO
Case-Statement Order found in the MANUAL FOR COMPLEX LITIGATION, FOURTH § 40.54
in the format called for by said Order. A copy of the Order is attached for your
convenience.

Response:

Pursuant to defense counsel's letter of August 30, 2005, Interrogatory No. 2 has

been withdrawn.

INTERROGATORY NO. 3:

Please identify each and every one of the statements made by Weiss or WAM that Kotva
contends was false and on which Kotva relied and, for each such statement, describe the
action or actions Kotva took in reliance on that statement.

Response:

Kotva objects to this interrogatory on the grounds that it constitutes a contention

interrogatory that may not be properly and completely answered until completion of

discovery. Weiss and WAM's blackmail scheme, moreover, was not carried out solely

on the basis of false statements, but also fraud by conduct, and fraud by omission, and

Kotva objects to this interrogatory to the extent it wrongfully presumes the legal and

factual foundation of Kotva's claims. As set forth in the complaint, for example, the

blackmail scheme entailed "an act, practice or course of business that operated as a fraud

or deceit upon Kotva." [Complaint ¶ 50]. Neither "false statements" nor "reliance",

4

therefore, are essential elements of Kotva's violations of securities laws claims at this time. Furthermore, Weiss honestly and no doubt sincerely threatened Kotva in the May 12, 2004 meeting referenced in ¶20 of the Complaint, so while not a false statement, was fraudulent conduct.

Notwithstanding these objections and subject to the foregoing General Objections, Kotva responds as follows: Written "false statements" made by Weiss and/or WAM to Kotva include Weiss' August 23, 2004 Letter to Kotva, attached as Exhibit B to the Complaint, wherein Weiss falsely claims that "we do not exercise control over Gilroy and Balfindor or petitions submitted by them . . ." Weiss repeats the same false statement in his November 23, 2004 letter to Kotva, attached to the Complaint as Exhibit C. In an email dated January 6, 2005, Weiss also stated "KT is not controlled by Weiss Asset Management; however, if a satisfactory resolution of all other matters can be achieved, I would try to persuade KT to settle its lawsuits and I am highly confident that I would be successful in that endeavor." The false statements ultimately caused the following actions and reactions: the delay of the Shopping Center's sale, the holdback by the buyer of US $24.3 million, payment of legal fees and lost business opportunities.

After fact discovery is completed, including the depositions of all witnesses and parties, Kotva will supplement its answers, if necessary, as provided in Fed. R. Civ. P. 26(e) and 33(c).

INTERROGATORY NO. 4:

For each count in the Complaint, state the basis for Kotva's claim.

Response:

Kotva objects to this interrogatory on the grounds that it constitutes a contention interrogatory that may not be properly and completely answered until completion of discovery. Kotva further objects on the grounds that Defendants seek, in a single interrogatory, to have Kotva "state the basis" for seven distinct counts and for 87 separate paragraphs of the Complaint. Notwithstanding these objections and subject to the foregoing General Objections, Kotva responds as follows: Kotva's 20-page complaint explains in detail the basis for each of its claims, known to date. After fact discovery is completed, including the depositions of all witnesses and parties, Kotva will supplement its answers, if necessary, as provided in Fed. R. Civ. P. 26(e) and 33(c).

INTERROGATORY NO. 5:

Identify all persons with knowledge concerning the initiation of this lawsuit or the initiation of criminal charges against Andrew Weiss in the Czech Republic.

Response:

Kotva objects to this interrogatory to the extent it is overly broad, unreasonable, unduly burdensome, seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is protected by the attorney/client privilege. Notwithstanding these objections and subject to the foregoing General Objections, Kotva responds as follows: This lawsuit was authorized by Kotva's Board of Directors and upon consultation with legal counsel, the substance of which is privileged. In further answering, Kotva lacks knowledge or information sufficient to form a belief as to the identity of the "persons" who "initiated" the indictment against Andrew Weiss in the Czech Republic, other than to believe the indictment was filed

6

following an investigation by the Czech prosecutor. Kotva reported to Czech authorities

Weiss' blackmail scheme which was registered by the police on August 27, 2004.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS __5__ DAY

OF SEPTEMBER, 2005.

_____
Richard Harazim

As to objections:

_____
Joel G. Beckman (BBO #553086)
William C. Nystrom (BBO#559656)
Dana A. Zakarian (BBO#641058)
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: September 6, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2005 I caused a copy of the foregoing document to be served by Facsimile and First Class Mail upon all defendants.

_____
Joel G. Beckman