UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>   Plaintiff,<br><br> v.<br><br>ANDREW WEISS and WEISS ASSET<br>MANAGEMENT, LLC,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-10679-RCL |
| ANDREW WEISS, WEISS ASSET<br>MANAGEMENT LLC, K T, INC. and CVF<br>INVESTMENTS, LTD.,<br><br>   Counterclaim-plaintiffs,<br><br> v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD<br>HARAZIM, FORMINSTER ENTERPRISES,<br>LTD., SPV CO and JOHN DOES 1–5,<br><br>   Counterclaim-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS, AND FOR EXPENSES AND SANCTIONS</u>

## I. <u>INTRODUCTION</u>

Kotva a.s., the plaintiff in this case, has refused to produce a single piece of paper as part of its initial disclosure requirements or in response to document requests. Flouting the unambiguous language of Federal Rule of Civil Procedure 34, Kotva is withholding documents it acknowledges are discoverable as leverage in its attempt to convince Andrew Weiss ("Weiss"), Weiss Asset Management LLC ("WAM"), K T, Inc. ("K T") and CVF Investments Ltd. ("CVF")

(collectively, the "Discovering Parties") to agree to unfair and unnecessary limits on the use of discovery.

Kotva claims that nearly every one of the Discovering Parties' document requests—including requests for **published press reports** and documents **authored by the Discovering Parties**—calls for documents that contain confidential business information that should be the subject of a protective order. Kotva proposed a Confidentiality Stipulation and Order that is unworkable and unfair. When the Discovering Parties refused to agree, Kotva did not seek a protective order from the Court. Instead, Kotva informed the Discovering Parties that it would produce **no documents at all** unless the Discovering Parties agreed to Kotva's proposed Confidentiality Stipulation and Order. Kotva's course of conduct is entirely improper and has no justification under the Rules. The Court should send Kotva a strong message that obstructive discovery tactics are unacceptable by: (1) ordering Kotva to produce all documents; (2) sanctioning Kotva for its past refusal to make that production; and (3) requiring Kotva to meet its burden of establishing that a protective order is appropriate for each and every document it contends contains confidential commercial information. Additionally, the Court should compel production of documents responsive to Request Nos. 21, 23, 25, 28, 35–41, 44 and 45 because Kotva's objections to producing these documents are without merit.

## II.    CASE BACKGROUND AND DISCOVERY CONFERENCES

In April 2005, Kotva filed a complaint against Weiss and WAM alleging violations of the federal securities laws, RICO, Chapter 93A and several common law causes of action. At its most basic level, Kotva's allegation is that Weiss and WAM caused multiple lawsuits to be commenced in the Czech Republic and that the pendency of these lawsuits delayed Kotva's sale of real estate (the "Department Store"), depriving Kotva of the use of $65 million—the sale price—and "[l]oss of $24.3 million, which was held back from the sale of" the Department Store

by the buyer. Kotva's Initial Disclosures at 4. According to Kotva's Complaint, Weiss and WAM pursued these lawsuits while negotiating with representatives of Kotva over the sale of shares in Kotva and a Czech investment fund, Trend. Kotva claims that Weiss and WAM demanded an exorbitant price for these shares and threatened litigation if Kotva would not pay the elevated price. According to Kotva, such alleged conduct amounted to blackmail.

The Discovering Parties filed counterclaims against Kotva and several other counterclaim-defendants who control Kotva, including John Doe defendants. One of the counterclaim-defendants is Kotva's controlling shareholder, Forminster Enterprises, Ltd., a Cyprus company whose owners are hidden through a web of off-shore companies, with nominee shareholders and directors. The counterclaims seek damages for abuse of process relating to Kotva's initiation of criminal proceedings against Weiss in the Czech Republic and filing of this lawsuit; as well as damages and injunctive relief relating to the counterclaim-defendants' sale of the Department Store and efforts to keep the proceeds for themselves rather than Kotva's shareholders.

The parties exchanged initial disclosures on August 3, 2005. Later that day, from approximately 5:00 p.m. to approximately 5:10 p.m., Benjamin A. Goldberger, representing the Discovering Parties, spoke by telephone to Dana A. Zakarian, representing Kotva, to discuss Kotva's initial disclosures. Mr. Goldberger told Mr. Zakarian that Kotva's disclosures were insufficient because they did not include the documents on which Kotva based its computation of damages. *See* FED. R. CIV. P. 26(a)(1)(C) (requiring inspection and copying of documents underlying damages calculations). Mr. Goldberger stated that these documents would include at least the purchase and sale agreement for the Department Store (the "Purchase & Sale Agreement") and the escrow agreement under which the buyer withheld $24.3 million (the

"Escrow Agreement").   On August 9, 2005, Mr. Goldberger spoke with Joel G. Beckman, representing Kotva, for less than ten minutes.  Mr. Beckman offered to produce the Escrow Agreement—but not the Purchase & Sale Agreement—providing that it was kept "Attorneys Eyes Only" until the Court entered a protective order.  None of Kotva's lawyers had raised the issue of a protective order at the Rule 26(f) conference or the Initial Scheduling Conference.  Mr. Goldberger responded that there did not appear to be any basis for "Attorneys Eyes Only" treatment for a contract central to Kotva's claims.

On August 15, 2005 Mssrs. Beckman and Goldberger spoke again by telephone from around 2:05 p.m. to around 2:15 p.m. regarding a potential protective order and, later that day, Mr. Beckman sent Mr. Goldberger a proposed "Confidentiality Stipulation and Order."  During the week of August 22, Mssrs. Goldberger and Zakarian exchanged voicemails and spoke briefly by telephone on August 25, 2005 from approximately 9:45 a.m. to approximately 9:55 a.m.  Mr. Zakarian stated that although he agreed that the Purchase & Sale Agreement and the Escrow Agreement fell within Kotva's initial disclosure obligations, he would not produce them unless the Discovering Parties agreed to Kotva's proposed Confidentiality Stipulation and Order.  Mr. Zakarian stated that while the documents did not contain trade secrets, they did contain proprietary business information.  Goldberger responded that the Discovering Parties would not agree to Kotva's proposed Confidentiality Stipulation and Order.

After requesting an extension from the Discovering Parties and receiving one, Kotva served its responses to the Discovering Parties' requests for production on September 6, 2005.[1] This response included no documents: only objections and statements that documents would

---

[1] A copy of Kotva's response is attached hereto as Exhibit 1.

eventually be produced, but only "upon entry of a Confidentiality Order."[2]  Kotva did not move for a protective order.

From 2:30 p.m. to 3:31 p.m. on September 8, 2005, Mssrs. Beckman, Goldberger, and Edward P. Leibensperger, representing the Discovering Parties, spoke by telephone about a variety of discovery issues.  Most of the discussion focused on the Discovering Parties' document requests and Kotva's objections and refusal to produce any documents.  Mr. Leibensperger asked Mr. Beckman whether it was Mr. Beckman's position that the Discovering Parties would "get nothing" until there was a protective order.  Mr. Beckman responded: "Absolutely."

Counsel then discussed specific discovery requests. Counsel were able to reach agreements with respect to Request Nos. 26 and 29 and discussions are ongoing with respect to Request Nos. 30, 31, 33 and 34.  However, counsel have reached an impasse with respect to Request Nos. 21, 23, 25, 28, 35–41, 44 and 45.

Following the September 8, 2005 discovery conference, Kotva still did not move for a protective order.  On September 14, 2005, Mssrs. Beckman, Leibensperger and Goldberger spoke again by telephone, for approximately five minutes at around 4:00 p.m.  Mr. Beckman

---

[2] A sample of a document request and Kotva's response follows.  Kotva provided analogous responses to Requests Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 18, 19, 20, 22, 27, 34 and 43.

    Request No. 11:

    The press reports referenced in paragraph 19 of the Complaint.

    Response:

    Subject to the General Objections and upon entry of a Confidentiality Order, Kotva will make available for inspection and copying documents responsive to Request No. 11 to the extent they exist.

again stated that Kotva would produce nothing until a protective order was entered.  To this date, Kotva has still not filed a motion for a protective order.

## III.    ARGUMENT

### A.    Kotva's Refusal to Produce Documents to Which It Has No Objection Pending the Entry of a Protective Order is Clearly Impermissible and the Court Should Sanction Kotva for this Action

Federal Rule of Civil Procedure 34 provides, in pertinent part, that "[i]f objection is made to part of an item or category, the part shall be specified and **inspection permitted of the remaining parts**." (emphasis added).  This sentence was inserted into the Rule in 1993 "to make clear that, if a request for production is objectionable only in part, production should be afforded with respect to the unobjectionable portions."  *Id.* adv. comm. note on 1993 Amendments.

The 1993 Amendment could not be more clear.  Kotva's refusal to produce any documents at all is impermissible and entirely without justification.  Accordingly, the Court should not only order Kotva to produce, at once, all documents to which it has no objection, but also award the Discovering Parties their expenses associated with this Motion and sanction Kotva pursuant to Federal Rule of Civil Procedure 37(a).

### B.    Kotva is Not Entitled to the Confidentiality Stipulation and Order It Proposed

1.    Kotva's Has Failed to Meet Its Burden of Establishing that Any of the Requested Documents Contain Confidential Business Information

**Upon motion by a party** or by the person from whom discovery is sought . . . and **for good cause shown**, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way.

FED. R. CIV. P. 26(c)(7) (emphasis added).

Thus, under the text of the Rule, Kotva's failure to move for a protective order is itself improper.  *See* 6 MOORE'S FEDERAL PRACTICE § 26.102[2] ("A party may not simply note its objection to a request for written discovery and wait for the requesting party to move to compel discovery.").  However, in view of Kotva's refusal to produce any documents at all to the Discovering Parties, the Discovering Parties are filing their motion to compel to prevent further delay by Kotva.

More importantly, Kotva has not demonstrated good cause, a prerequisite to any protective order.  "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986).  Good cause is required not only by the Rule, but also by the Constitution.  "[T]he Supreme Court has noted that parties have general first amendment freedoms with regard to information gained through discovery and that, absent a valid court order to the contrary, they are entitled to disseminate the information as they see fit." *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 780 (1st Cir. 1988).  "[F]irst amendment scrutiny of protective orders must be made within the framework of Rule 26(c)'s requirement of good cause." *Id.* at 788 (internal quotation marks omitted).

Counsel for Kotva have repeatedly claimed that various documents, including the Purchase & Sale Agreement and the Escrow Agreement, contain confidential commercial information.  Beyond this conclusory statement, counsel for Kotva have provided the Discovering Parties with no facts, save one.  Counsel for Kotva has stated that the Purchase & Sale Agreement and Escrow Agreement each include non-disclosure obligations or other language indicating that the parties to those agreements intended to treat the agreements as confidential.  However, Kotva cannot resist discovery by claiming that it promised a third party

that it would not disclose information. "Parties cannot create a privilege against civil discovery by mere written agreement." *Sonnino v. Univ. of Kansas Hosp. Auth.*, C.A. No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 6220, at *11–*12 (D. Kan. Apr. 8, 2004). Thus, the sole fact on which Kotva relies to justify a protective order is no justification at all.

Kotva's conclusory allegations of confidentiality are particularly inappropriate in view of the nature of the documents they seek to withhold. The Purchase & Sale Agreement, Escrow Agreement and many other documents requested by the Discovering Parties are referenced in Kotva's complaint and are at the core of Kotva's allegations against Weiss and WAM. They must be disclosed. *See Atchison Casting Corp. v. Marsh, Inc.*, 216 F.R.D. 225, 227–28 (D. Mass. 2003) (ordering disclosure of "confidential" settlement agreement that plaintiff entered into with third party when agreement "concerns the very facts underlying the parties' dispute [and] bears directly on the damages Plaintiff seeks"). Kotva further contends that it is entitled to limit the disclosure of **published press reports** and documents authored by the Discovering Parties. *See* Responses to Request Nos. 11 and 12. Press reports are, by their very nature, not confidential and Kotva has no basis for bringing them within the scope of a protective order. Nor does Kotva have any interest in preventing the Discovering Parties from disseminating documents they created.

The documents at issue do not contain trade secrets. They do not contain secret formulas, or business plans or customer lists. Kotva has not and cannot demonstrate any competitive harm that would result from disclosure. Kotva claims that it has sold its department store. It is unclear what continuing business—if any—Kotva is engaged in and who its competitors are. There are no grounds for a protective order.

2.     Kotva's Proposed Confidentiality Stipulation and Order is Unjust and Unworkable

Even if Kotva were entitled to some special treatment for its documents, the Confidentiality Stipulation and Order it proposed is unjust and unworkable because it does not contain an exception for using discovery in this case in parallel proceedings in the Czech Republic. Undersigned counsel are in close contact with Czech counsel for the Discovering Parties, who are operating under a joint defense agreement. Permitting the lawyers and the parties to share discovery is in the interests of judicial economy and comity because it eliminates the need to engage in duplicative discovery in the Czech proceedings.

More importantly, an order forbidding the parties from using information they learn in this case in the parallel Czech proceedings is unworkable and unjust. The Discovering Parties cannot simply forget what they learn in this case and conduct the Czech litigation as if they are ignorant of things that they in fact know. Were they to attempt these mental gymnastics, this Court's protective order would turn the Czech proceedings—including a potential criminal proceeding—into kangaroo courts in which the parties have information that they are unable to share with the prosecutors and judges.

Thus, any protective order should, at a minimum, allow the parties to use discovery in the parallel Czech litigation. Judges in this District have allowed use of confidential discovery in parallel proceedings, including parallel proceedings in other countries. *See Baker v. Liggett Group, Inc.*, 132 F.R.D. 123 (D. Mass. 1990) (allowing use of confidential discovery in parallel suits by other plaintiffs against cigarette manufacturers); *Pharmachemie, B.V. v. Pharmacia, Inc.*, C.A. No. 95-40085-NMG, 1998 U.S. Dist. LEXIS 2192, at *4–*6 (D. Mass. Jan. 30, 1998) (allowing use of confidential discovery in a related foreign patent proceeding).

The United States Department of State has also taken an interest in the potential Czech criminal proceedings against Weiss and is monitoring the situation. Weiss should be able to have full and frank discussions with the United States government about this matter. Kotva's proposed protective order could unfairly impede Weiss's abilities in this regard.

A second basic problem with Kotva's proposed Confidentiality Stipulation and Order is that it improperly attempts to shift the burden of proving whether a document should be subject to a protective order from the party producing the document to the party requesting the document. It is well established that the party seeking a protective order has the burden of proving "good cause." *E.g.*, *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986). Thus, Kotva's proposal that this burden shift to the party seeking discovery simply because counsel for the producing party has designated information "confidential" is improper. *See Pharmachemie, B.V. v. Pharmacia, Inc.*, C.A. No. 95-40085-NMG, 1998 U.S. Dist. LEXIS 2192, at *8–*9 (D. Mass. Jan. 30, 1998) ("The plain meaning of Rule 26(c) and the cases decided thereunder clearly provide that the party seeking to withhold information must bear the burden of justifying the 'confidential' designation.").

In view of the fundamental dispute as to the relationship between any protective order in this case and the parallel litigation in the Czech Republic, counsel for the Discovering Parties and counsel for Kotva have not yet discussed other technical details of Kotva's proposed protective order. In sum, the Discovering Parties have suggested to counsel for Kotva that there is no need for a blanket protective order. Instead, any party who can meet the burden required by Federal Rule of Civil Procedure 26(c)(7) should move for protection as to the particular documents.

## C.    Disputes Regarding Specific Document Requests

Several of Kotva's objections to specific document requests are also ripe for resolution

by the Court.[3]  The Court should compel production of documents responsive to the following requests because Kotva's objections are without merit in view of the broad scope of permissible discovery.  The Rules provide for wide-ranging discovery, permitting "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  FED. R. CIV. P. 26(b).  Thus, "discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have **no possible bearing** upon the [claim or defense of any party]."  *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D. Mass. 1984) (emphasis added).[4]

For each area of dispute, the request(s) and response(s) are listed, followed by an explanation of the Discovering Parties' position as to why the request is proper.

    1.    <u>Information Regarding the Decision to Sell the Department Store is Discoverable</u>

<u>Request No. 21:</u>

All documents concerning Kotva's decision to seek a buyer for the Department Store, including but not limited to all documents Kotva relied on to make that decision.

<u>Response:</u>

Kotva objects to this request on the basis that it overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

---

[3]  With respect to other document requests, only after Kotva produces some documents will the Discovering Parties be in a position to know whether Kotva's response is adequate.

[4]  The Court in *Gagne* applied the "no possible bearing" test for relevancy to "the subject matter of the action."  Rule 26(b) has since been amended to place a presumptive limit on discovery by replacing the phrase "the subject matter involved in the pending action" with "the claim or defense of any party."  The "no possible bearing" standard, as modified, is still the correct standard.  *See, e.g.*, *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) ("Unless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed.").

These documents are relevant to nearly every claim in this case. Kotva's sale of the Department Store is at the core of Kotva's allegations against Weiss and WAM and the Discovering Parties allegations against the counterclaim-defendants. The Discovering Parties are entitled to access to documents concerning Kotva's decision to sell the Department Store, including documents on which Kotva relied, because they are likely to contain information relevant to: (a) who makes decisions on behalf of Kotva; (b) whether Kotva's decision was in the best interests of all shareholders; (c) whether the price at which Weiss offered to sell stock was, as Kotva alleges, exorbitant in view of the value of Kotva's main asset, the Department Store; and (d) the timetable for the sale, a key component of Kotva's damages calculation.

2.    Information Regarding Kotva's Decision to Inititiate Criminal Charges Against Weiss is Discoverable

Request No. 23:

All documents concerning the decision to initiate criminal charges against Andrew Weiss in the Czech Republic.

Response:

Kotva objects to Interrogatory No. 23. Kotva did not "initiate" criminal charges against Andrew Weiss; the Czech prosecutors did.

These documents are relevant to Weiss's abuse of process claim. Weiss claims that Kotva and the other counterclaim-defendants "used Czech criminal process by filing a criminal complaint and by exerting [their] influence over Czech law enforcement to cause or attempt to cause criminal charges to be brought against Weiss." Counterclaim ¶ 62. The documents called for by this request are directly relevant to this allegation, and the alleged bad faith motive for Kotva's decision. Therefore, they are properly discoverable.

Moreover, Kotva's general director, Richard Harazim, has effectively admitted that he and Kotva are responsible for any criminal charges, telling the Prague Post in a published

interview that "we filed a criminal complaint against [Weiss]."  Villu Arak, *The Trouble with Kotva*, PRAGUE POST, Feb. 17, 2005, *available at* http://www.praguepost.com/P03/2005/RE/ 0217/print_template.php (last visited Mar. 3, 2005).  After acknowledging this fact to the world, it is inappropriate for Kotva to refuse to produce documents by claiming that it did not "initiate" any criminal charges.

                3.      <u>Information Regarding the Value of Kotva and the Department Store is Discoverable</u>

Request No. 28:

All documents concerning the value of the Department Store or the value of Kotva a.s.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 25:

All documents concerning Case No. 0250 in the London Court of International Arbitration.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 44:

All documents concerning the settlement of any claim or lawsuit brought by one or more of the Woolf Companies against one or more of the Listed Companies.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence

Request No. 45:

All documents concerning the sale by the Woolf Companies to the Listed Companies of shares in Kotva or options to purchase shares in Kotva.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

These documents are relevant to Kotva's RICO claims, 93A claims and common law claims. Each of these requests seek documents that will disprove Kotva's repeated allegations that Weiss sought too high a price for shares in Kotva and shares in Trend. *See* Compl. ¶¶ 27, 30, 31. The arbitration case referenced in Request No. 25 relates directly to the value of shares of Trend, was the subject of discussions between the parties, and is referenced in Exhibit C to Kotva's complaint. The Discovering Parties have reason to believe that the counterclaim-defendants entered into a settlement of claims and/or purchase of shares with one or more companies controlled by James Woolf under circumstances similar to the interaction between the parties to this dispute. Thus, Request Nos. 44 and 45 are proper. The terms of any deal with one of Woolf's companies and the facts surrounding that deal are relevant to show: (a) the value of Kotva and the Department Store; (b) that negotiating over the price of shares is a standard business practice and not, as Kotva alleges as part of its RICO claim, blackmail; and (c) Kotva's bad faith in initiating criminal charges and this lawsuit, an element of Weiss and WAM's abuse of process claim.

4.  <u>Information Regarding Kotva, Its Subsidiaries and Its Owners is Discoverable</u>

<u>Request No. 35:</u>

All documents concerning the legal and beneficial owners of an interest, including shares of stock or a partnership interest, in each of the Listed Companies,[5] for the period from January 1996 until the present.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 36:

All documents concerning the identities and addresses of the directors, officers and managers of the Listed Companies, for the period from January 1996 until the present.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, this information can be obtained from public documents.

Request No. 37:

All documents concerning the minutes of any meetings of shareholders, directors or supervisory board members of the Listed Companies, from January 1996 to the present.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 38:

All documents concerning the relationships between or among two or more of the Listed Companies, for the period from January 1996 to the present.

---

[5] The Listed Companies are defined as "one or more of the following: (a) Forminster Enterprises, Ltd.; (b) Kotva a.s.; (c) Kotva Nemovitosti; (d) SPV KN; (e) SPV CO; (f) Bonalbo Fiduciaries Ltd.; (g) Bonalbo Group Ltd.; (h) Bonalbo Management Ltd.; (i) Bonalbo Group U.K. Ltd.; (j) Bonalbo Group Cyprus Ltd.; (k) Kotva správcovská a.s.; (l) Kotva obchodní a.s.; (m) Kotva parking s.r.o.; and (n) KOTVA INTERNATIONAL LTD."

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 39:

All documents concerning any agreements between or among two or more of the Listed Companies, for the period from January 1996 to the present.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 40:

All documents concerning any power of attorney issued by one or more of the Listed Companies, including but not limited to powers of attorney naming Miroslav Halek, for the period from January 1996 to the present.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 41:

All documents concerning the formation of one or more of the Listed Companies.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

This series of requests seek basic information regarding Kotva, its subsidiaries, its controlling shareholder, Forminster, and various companies that the counterclaim-defendants use to hide the true owners of Forminster and Kotva. The Discovering Parties are entitled to learn about the companies' directors, officers, managers and owners; the relationships among the

companies; agreements among the companies; the activities of the companies, including their respective formations; and the minutes of board and shareholder meetings.

With respect to Kotva and its subsidiaries, the movement of the Department Store from Kotva to its subsidiaries is at the core of Kotva's complaint and the Discovering Parties counterclaim. Thus, nformation about these companies is either directly relevant to nearly every claim in this case or likely to lead to admissible evidence about the parties' claims. Documents relating to the corporate structure of a party and its subsidiaries—many of which are directly involved in the events at issue—are standard fare for discovery requests, as are minutes of board meetings. Even those documents not directly relevant and admissible are likely to lead to the discovery of other relevant, admissible evidence.

With respect to the web of companies that hide the identities of the individuals controlling Forminster, and through Forminster, Kotva, learning the identities of the true beneficial owners is well within the scope of permissible discovery. Rule 26(b) specifically provides for discovery of "the identity and location of persons having knowledge of any discoverable matter." Put simply, the Discovering Parties are entitled to know who is calling the shots for Kotva. The Discovering Parties have reason to believe that Forminster and Kotva are controlled by an individual or small group of individuals who have made the decisions at issue in this case. Those individuals are not entitled to bring this case through Kotva, and then hide behind shell companies in multiple jurisdictions, run and owned by nominee directors and shareholders. The Discovering Parties are entitled to seek discovery from these individuals and, to that end, discovery of their identities and relationships with Kotva is proper.

Additionally, the Discovering Parties seek to name as counterclaim-defendants the individuals ultimately responsible for Kotva's abuse of process and the corporate malfeasance

associated with the sale of the Department Store.  The identity of joint tortfeasors is clearly a discoverable matter.

## IV.   <u>CONCLUSION</u>

For the above reasons, the Court should: (1) order Kotva to produce all documents; (2) sanction Kotva for its past refusal to make that production; (3) require Kotva to meet its burden of establishing that a protective order is appropriate for each and every document it contends contains confidential business information; and (4) compel responses to Request Nos. 21, 23, 25, 28, 35–41, 44 and 45.

<div style="margin-left:50%">

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K T INC. and CVF
INVESTMENTS LTD.

By their attorneys,


/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

</div>

Dated: September 23, 2005

BST99 1473212-2.072198.0012

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANDREW WEISS and WEISS ASSET | ) |
| MANAGEMENT, LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |

Case No. 05-10679-RCL

## OBJECTIONS AND RESPONSES OF PLAINTIFF TO COUNTERCLAIM-PLAINTIFFS ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T INC., AND CVF INVESTMENTS, LTD.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

The plaintiff, Kotva a.s. ("Kotva"), hereby responds to Counterclaim-plaintiffs

Andrew Weiss, Weiss Asset Management LLC, K T Inc., and CVF Investments, Ltd.'s

(collectively "Counterclaim-plaintiffs") First Request for Production of Documents

("First Request") as follows:

## GENERAL OBJECTIONS

The following general objections apply to and are incorporated by reference into

each of Kotva's specific responses to the document production requests contained herein.

I.       Kotva is providing this response to the First Request, and is producing

documents pursuant thereto, without waiver of or prejudice to their rights, at any later

time, to raise objections to:

(a)     the relevance, materiality or admissibility of:

A.     the First Request or any part thereof;

1

        B.      statements made in this response to the First Request or any part
                    thereof; or

        C.      any document produced pursuant to this response; or

(b)     any further demand for discovery involving or relating to the matters
raised in the First Request.

II.     The specific responses set forth below and Kotva's production pursuant

thereto are based upon information currently available after diligently searching within

the time available of the documents in Kotva's possession, custody or control. Kotva

may, in the future, obtain or locate additional documents responsive to the First Request

and may identify or determine additional information relevant to its specific responses to

the First Request. Kotva objects to the First Request to the extent it purports to demand

production of documents not in Kotva's possession, custody or control or to require a

search of files that do no reasonably relate to one or more of the specific document

production requests contained in the First Request. Kotva reserves the right at any time

to revise, correct, add to, supplement, modify or clarify the specific responses set forth

below or the production made pursuant thereto.

III.    Kotva objects to the First Request to the extent it demands production of

any document covered by the attorney-client privilege, the work product doctrine or any

other applicable privilege. In the event Kotva produces any privileged document, its

production is inadvertent and does not constitute a waiver of privilege.

IV.    Kotva objects to producing any requested documents to the extent that the

production of said documents will be oppressive, unduly burdensome, unreasonably

expensive or will require an unreasonable investigation.

V.     Kotva objects to the Instructions and/or Definitions contained in the First

Request to the extent that they attempt to impose obligations upon Kotva that are

2

inconsistent with and/or in addition to those required under the Federal Rules of Civil Procedure.

VI.    Kotva objects to the First Request to the extent it demands production of any document containing any confidential, proprietary and/or trade secret information.

VII.    Kotva objects to the production of any document falling within one of the General Objections set forth above or the specific objections set forth below. In the event any document falling within such an objection is or may be produced by Kotva, its production is inadvertent and does not constitute a waiver of the objection with respect to the produced document or any other document. Moreover, a statement by Kotva that it will produce documents responsive to a particular request or falling within a particular description means that Kotva will produce all documents within its possession, custody or control that: (a) are responsive to the particular request or fall within the particular description in question; (b) have been located by Kotva after a diligent search; and (c) do not fall within one of the General Objections set forth above or within any of the objections contained in the specific responses set forth below. Furthermore, such a statement is not an acknowledgement or an admission that any document responsive to the particular request or falling within the particular description in question currently exists or has ever existed.

<h3 align="center">SPECIFIC OBJECTIONS AND RESPONSES</h3>

<u>Request No. 1:</u>

The purchase and sale agreement for the purchase of the Department Store by the Irish Investors, including any side letters or side agreements.

3

Response:

Subject to the General Objections, upon entry of a Confidentiality Order, and consent of the buyer, Kotva will make available for inspection and copying documents responsive to Request No. 1.

Request No. 2:

The agreement setting forth the terms by which the buyer is holding back $24.3 million, as described in paragraph 37 of the Complaint.

Response:

Subject to the General Objections, upon entry of a Confidentiality Order, and consent of the buyer, Kotva will make available for inspection and copying documents responsive to Request No. 2.

Request No. 3:

All documents concerning the negotiations for the sale of the Department Store referenced in paragraph 17 of the Complaint.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, the foregoing General Objections, the consent of the buyer and upon entry of a Confidentiality Order, Kotva will make available for inspection and copying documents responsive to Request No. 3

Request No. 4:

All communications between Kotva and Jones Lang LaSalle concerning the Department Store.

4

Response:

Subject to the General Objections and upon entry of a Confidentiality Order, Kotva will make available for inspection and copying documents responsive to Request No. 4 to the extent they exist.

Request No. 5:

The October 2003 future purchase contract referenced in paragraph 17 of the Complaint.

Response:

Subject to the General Objections, upon entry of a Confidentiality Order, and consent of the buyer, Kotva will make available for inspection and copying documents responsive to Request No. 5.

Request No. 6:

The January 2004 purchase agreement referenced in paragraph 17 of the Complaint.

Response:

Subject to the General Objections, upon entry of a Confidentiality Order, and consent of the buyer, Kotva will make available for inspection and copying documents responsive to Request No. 6.

Request No. 7:

All documents concerning the sale of the Department Store to the Irish Investors.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections and the foregoing General Objections, upon entry of a Confidentiality Order,

5

and consent of the buyer, Kotva will make available for inspection and copying

documents responsive to Request No. 7.

Request No. 8:

All documents concerning the disposition of the proceeds of the sale of the Department
Store.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Subject to these objections and the foregoing General Objections, and upon the

entry of a Confidentiality Order, Kotva will produce documents concerning the receipt

and holding of the proceeds of the sale of the Department Store.

Request No. 9:

The settlement agreement referenced in paragraph 12 of the Complaint.

Response:

Subject to the General Objections and upon entry of a Confidentiality Order,

Kotva will make available for inspection and copying documents responsive to Request

No. 9.

Request No. 10:

Ernst & Young's recommendation referenced in paragraph 14 of the Complaint.

Response:

Subject to the General Objections and upon entry of a Confidentiality Order,

Kotva will make available for inspection and copying documents responsive to Request

No. 10.

6

Request No. 11:

The press reports referenced in paragraph 19 of the Complaint.

Response:

    Subject to the General Objections and upon entry of a Confidentiality Order,

Kotva will make available for inspection and copying documents responsive to Request

No. 11 to the extent they exist.

Request No. 12:

All documents, including any audio or video recordings, concerning the May 12, 2005
meeting among Benda, Harazim, Weiss and Hoffmann.

Response:

    Kotva does not have any documents responsive to this request.

Request No. 13:

All refusals of one or more banks to refinance Kotva's loans as described in paragraph 13
of the Complaint.

Response:

    Subject to the General Objections and upon entry of a Confidentiality Order,

Kotva will make available for inspection and copying documents responsive to Request

No. 13 to the extent they exist.

Request No. 14:

All documents concerning the efforts to sell Kotva referenced in paragraph 13 of the
Complaint.

Response:

    Subject to the General Objections and upon entry of a Confidentiality Order,

Kotva will make available for inspection and copying documents responsive to Request

No. 14 to the extent they exist.

Request No. 15:

All documents concerning communications between or among the counterclaim-plaintiffs and/or their attorneys.

Response:

Subject to the General Objections and upon entry of a Confidentiality Order,

Kotva will make available for inspection and copying documents responsive to Request

No. 15 to the extent they exist.

Request No. 16:

The documents referred to as "multiple internal documents" in paragraph 43 of the Complaint.

Response:

Subject to the General Objections and upon entry of a Confidentiality Order,

Kotva will make available for inspection and copying documents responsive to Request

No. 16.

Request No. 17:

All documents concerning the methods Kotva used to gain access to the documents described in Request Nos. 15 and 16.

Response:

Kotva has no documents responsive to this request.

Request No. 18:

All documents concerning the transfer of the Department Store from Kotva a.s. to Kotva Nemovitosti.

8

Response:

Subject to the General Objections and upon entry of a Confidentiality Order,

Kotva will make available for inspection and copying documents responsive to Request

No. 18.

Request No. 19:

All documents concerning the transfer of the Department Store from Kotva Nemovitosti
to SPV KN.

Response:

Subject to the General Objections and upon entry of a Confidentiality Order,

Kotva will make available for inspection and copying documents responsive to Request

No. 19.

Request No. 20:

All documents concerning the transfer or sale of shares in SPV KN.

Response:

Subject to the General Objections and upon entry of a Confidentiality Order,

Kotva will make available for inspection and copying documents responsive to Request

No. 20.

Request No. 21:

All documents concerning Kotva's decision to seek a buyer for the Department Store,
including but not limited to all documents Kotva relied on to make that decision.

Response:

Kotva objects to this request on the basis that it overly broad, unduly burdensome,

seeks information irrelevant to this litigation, and is not reasonably calculated to lead to

the discovery of admissible evidence.

Request No. 22:

All communications between Kotva and Czech law enforcement concerning Andrew Weiss.

Response:

Subject to the General Objections and upon entry of a Confidentiality Order,

Kotva will make available for inspection and copying documents responsive to Request

No. 22.

Request No. 23:

All documents concerning the decision to initiate criminal charges against Andrew Weiss in the Czech Republic.

Response:

Kotva objects to Interrogatory No. 23. Kotva did not "initiate" criminal charges

against Andrew Weiss; the Czech prosecutors did.

Request No. 24:

All documents concerning the decision to initiate this lawsuit.

Response:

Kotva objects to Interrogatory No. 24 because it seeks the production of

documents protected by the attorney-client privilege and the work product doctrine.

Request No. 25:

All documents concerning Case No. 0250 in the London Court of International Arbitration.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

10

Request No. 26:

All documents concerning the legal fees referenced in Kotva's Concise Statement of the Case submitted to the Court as part of the parties' Joint Statement (page 5).

Response:

Kotva objects to this request to the extent it calls for documents protected by the attorney-client and attorney work product privileges.

Subject to these objections and the foregoing General Objections, Kotva will produce copies of legal bills at the appropriate time when the Court is considering Kotva's application for legal fees.

Request No. 27:

All documents concerning the lost business opportunities referenced in Kotva's Concise Statement of the Case submitted to the Court as part of the parties' Joint Statement (page 5).

Response:

Subject to the General Objections and upon entry of a Confidentiality Order, Kotva will make available for inspection and copying documents responsive to Request No. 27 to the extent they exist.

Request No. 28:

All documents concerning the value of the Department Store or the value of Kotva a.s.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

11

Request No. 29:

Such documents as are sufficient to identify the membership of Kotva's board of directors and Supervisory Board at all points in time since Kotva was founded.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence. In addition, the requested

information can be obtained from public documents.

Request No. 30:

Such documents as are sufficient to determine how each shareholder of Kotva voted in elections for members of the board of directors and supervisory board.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Request No. 31:

Such documents as are sufficient to determine how each member of the supervisory board voted in elections for members of the board of directors.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Request No. 32:

All documents concerning the decision to change Kotva's corporate governance from a single board system to a dual-board system.

12

Response:

    Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Request No. 33:

All documents concerning communications between the Listed Companies and any
government, including the United Kingdom, Czech Republic, Cyprus, France, the United
States and any of their political subdivisions, concerning: ownership of the Department
Store, one or more of the counterclaim-plaintiffs, or any allegations of criminal activity
by: (a) the Listed Companies; (b) Miroslav Hálek; (c) Vladimir Hoffmann; or (d) Andrew
Weiss.

Response:

    Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Request No. 34:

All documents concerning communications between or among the Kotva and/or
Forminster Enterprises Ltd. and/or Richard Harazim and/or Martin Benda and/or SPV
CO and/or Andrew Weiss and/or Georgiy Nikitin and/or Weiss Asset Management LLC
and/or K T, Inc. and/or CVF Investments Ltd. and/or Weiss Capital LLC and/or Ondrej
Peterka and/or Vladimir Hoffmann and/or Edita Simkova and/or James Woolf, including
but not limited to audio and video recordings of those communications.

Response:

    Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence. Subject to these objections

and the General Objections and upon entry of a Confidentiality Order, Kotva will make

documents concerning communications between or among Kotva, Richard Harazim,

13

Martin Benda, Andrew Weiss and Weiss Asset Management LLC, Ondrej Peterka,

Vladimir Hoffman, Georgiy Nikitin available for inspection and copying.

Request No. 35:

All documents concerning the legal and beneficial owners of an interest, including shares
of stock or a partnership interest, in each of the Listed Companies, for the period from
January 1996 until the present.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Request No. 36:

All documents concerning the identities and addresses of the directors, officers and
managers of the Listed Companies, for the period from January 1996 until the present.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.  In addition, this information

can be obtained from public documents.

Request No. 37:

All documents concerning the minutes of any meetings of shareholders, directors or
supervisory board members of the Listed Companies, from January 1996 to the present.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

14

Request No. 38:

All documents concerning the relationships between or among two or more of the Listed Companies, for the period from January 1996 to the present.

Response:

    Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Request No. 39:

All documents concerning any agreements between or among two or more of the Listed Companies, for the period from January 1996 to the present.

Response:

    Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Request No. 40:

All documents concerning any power of attorney issued by one or more of the Listed Companies, including but not limited to powers of attorney naming Miroslav Hálek, for the period from January 1996 to the present.

Response:

    Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Request No. 41:

All documents concerning the formation of one or more of the Listed Companies.

15

Response:

Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Request No. 42:

All documents concerning communications between J&T Securities or J&T Banka and
any other entity concerning the purchase of shares in Kotva or the purchase of options to
purchase shares in Kotva.

Response:

Kotva does not have any documents responsive to this request.

Request No. 43:

All documents concerning communications between Kotva and a person or persons in
Massachusetts, including but not limited to phone logs and phone bills.

Response:

Subject to the General Objections, and upon entry of a Confidentiality Order,

Kotva will make available for inspection and copying documents responsive to Request

No. 43 to the extent they exist, excluding all communications with counsel.

Request No. 44:

All documents concerning the settlement of any claim or lawsuit brought by one or more
of the Woolf Companies against one or more of the Listed Companies.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly

burdensome, seeks information irrelevant to this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Request No. 45:

All documents concerning the sale by the Woolf Companies to the Listed Companies of shares in Kotva or options to purchase shares in Kotva.

Response:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 46:

Any interim or final report authored by Deloitte Touche Tohmatsu or one of its predecessor companies concerning its investigation into allegations of tunneling of assets from a large Czech Republic Department Store.

Response:

Kotva does not have any documents responsive to this request.

Respectfully submitted,

KOTVA a.s.

By its attorneys,

Joel G. Beckman (BBO #553086)
William C. Nystrom (BBO#559656)
Dana A. Zakarian (BBO#641058)
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated:  September 6, 2005

17

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2005 I caused a copy of the foregoing document to be served by facsimile and First Class Mail upon all defendants.

_____
Joel G. Beckman