UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>   Plaintiff,<br><br>  v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>   Defendants.<br><br>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD.,<br><br>   Counterclaim-plaintiffs,<br><br>  v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5,<br><br>   Counterclaim-defendants. | C.A. No. 05-10679-RCL |

**MEMORANDUM IN SUPPORT OF MOTION TO APPOINT DISCOVERY MASTER**

  Andrew Weiss ("Weiss"), Weiss Asset Management LLC ("WAM"), K T, Inc. ("K T") and CVF Investments Ltd. ("CVF") (collectively, the "Discovering Parties") move for the appointment of a discovery master. The Court's initial impression of this case at the time of the Initial Scheduling Conference has proved prescient with regard to potential disputes regarding discovery. The Discovering Parties now believe that appointing a discovery master is the most appropriate way to expedite discovery in this case. At the initial scheduling conference, the Court suggested the possibility of a discovery master for this complex commercial dispute

involving allegations of securities fraud, civil RICO violations, 93A violations and a variety of common-law claims. Counsel for Kotva stated that no discovery master was needed because the case was relatively simple. Counsel for the Discovering Parties stated they were hopeful that, notwithstanding the complexity of this case, the lawyers would be able to cooperate so as to minimize any issues relating to discovery.

Experience has destroyed undersigned counsel's hopes. Kotva has refused to cooperate in discovery and meet even its most basic obligations under the Federal Rules.

Kotva has yet to produce a single document—even those documents it acknowledges are properly discoverable and which could not conceivably be confidential—because the Discovering Parties will not agree to an unfairly restrictive Confidentiality Stipulation and Order. In a clear violation of Rule 34, Kotva is withholding documents that it has no objection to producing as leverage in its attempt to convince the Discovering Parties to agree to unfair and unnecessary limits on the use of discovery.

Kotva has asked the Discovering Parties to sign a Confidentiality Stipulation and Order affording special treatment for nearly every document the Discovering Parties have requested— even published press reports and documents authored by the Discovering Parties. Kotva demands that the Discovering Parties forget nearly everything they will learn through discovery in this case and not use that information in parallel proceedings in the Czech Republic. The Discovering Parties address these issues in more detail in their Motion to Compel Production of Documents and for Sanctions. For purposes of this Motion, it is enough to note that it is entirely improper to withhold discovery as to which all agree there is no proper objection as leverage in a discovery dispute. *See* FED. R. CIV. P. 34(b) ("If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."); *id.* adv. comm.

notes on 1993 Amendments ("Also, like a change made in Rule 33, the rule is modified **to make clear** that, if a request for production is objectionable only in part, production should be afforded with respect to the unobjectionable portions.") (emphasis added).

The disputes over (i) whether Kotva's discovery materials are entitled to special treatment; (ii) whether the Court should limit use of discovery materials; and (iii) whether Kotva is entitled to withhold response to those parts of requests to which it has no objection are not the only discovery issues that have arisen. The parties also have disputes as to: (1) what materials are relevant to the parties' claims and the proper scope of discovery; (2) to what extent documents held by Kotva's directors, employees and controlling shareholder, Forminster Enterprises Ltd., are within Kotva's "possession, custody or control;" (3) the number of interrogatories that each party must answer and the number of interrogatories already served; and (5) this Motion. These disputes are all based on the Discovering Parties' initial discovery requests. Kotva has yet to serve any discovery requests of its own.

During an hour-long telephone conference that began at 2:30 p.m. on September 8, 2005, among Edward P. Leibensperger and Benjamin A. Goldberger for the Discovering Parties and Joel G. Beckman for Kotva, counsel discussed the issue of whether a discovery master is appropriate, among other discovery issues. Mr. Beckman asked for more time to consider the question of a discovery master.

On September 14, 2005, the same lawyers spoke again by telephone, for approximately five minutes at around 4:00 p.m. During this conversation, Mr. Beckman stated that he would agree to a discovery master only if the Discovering Parties would agree to his proposed Confidentiality Stipulation and Order. Counsel for the Discovering Parties rejected this

proposal. The request for a discovery master has merit: Kotva's proposed Confidentiality Stipulation and Order does not.

The Court has the authority to appoint a special master to resolve discovery disputes. *See* FED. R. CIV. P. 53; *In re Bituminous Coal Operators Ass'n*, 949 F.2d 1165, 1168–69 (D.C. Cir. 1991). Because Kotva has not agreed to the appointment of a discovery master, in order to make this appointment, the Court must first find that the pre-trial matters that the Court will refer to the discovery master "cannot be addressed effectively and timely by an available district judge or magistrate judge of the district." FED. R. CIV. P. 53(a)(1)(C).[1] Based on the Court's statements at the Initial Scheduling Conference, the Discovering Parties have reason to believe that this is the case.

Assuming that this threshold requirement has been met, "the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." FED. R. CIV. P. 53(a)(3). In view of the number of areas of dispute, the likelihood that the parties will disagree as to whether a significant number of documents should receive special treatment, and Kotva's obstructionist tactics, the Discovering Parties believe that a discovery master will provide significant benefits to the management of this case. *See Eggleston v. Chicago Journeymen Plumbers*, 657 F.2d 890, 904 (7th Cir. 1981) (recommending that trial court appoint a discovery master in view of past "obstructive tactics" of counsel); *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, C.A. No. 00-10783-RCL (D. Mass. Dec.

---

[1] Before Rule 53 was amended in 2003, the Rule required that the Court find some "exceptional condition" before appointing a discovery master over the objection of a party. This requirement no longer applies to a master whose authority is limited to discovery disputes.

22, 2000) (appointing discovery master, with the consent of the parties, in a patent case involving significant disputes as to the discoverability of particular documents).[2]

The Discovering Parties respectfully submit that the Court should order that the costs be split evenly between the Discovering Parties on one hand and Kotva on the other hand, with discretion for the Discovery Master to shift, in whole or in part, the costs associated with any particular dispute to the party based on the merits of the dispute.

        Respectfully Submitted,

        ANDREW WEISS, WEISS ASSET
        MANAGEMENT LLC, K T INC. and CVF
        INVESTMENTS LTD.

        By their attorneys,

        /s/ Benjamin A. Goldberger
        Edward P. Leibensperger (BBO# 292620)
        Benjamin A. Goldberger (BBO# 654357)
        McDermott Will & Emery LLP
        28 State Street
        Boston, Massachusetts  02109-1775
        (617) 535-4000

Dated: September 23, 2005

BST99 1472846-2.072198.0012

---

[2] A copy of this unpublished order is attached hereto as Exhibit 1.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS EYE AND EAR INFIRMARY,<br><br>Plaintiff,<br><br>v.<br><br>QLT PHOTOTHERAPEUTICS, INC.<br><br>Defendant, | |
| QLT, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>MASSACHUSETTS EYE AND EAR INFIRMARY,<br>EVANGELOS S. GRAGOUDAS, M.D., and<br>JOAN W. MILLER, M.D.,<br><br>Counterdefendants. | Civil Action No.<br>00-CV10783-RCL |

[~~PROPOSED~~] ORDER APPOINTING DISCOVERY MASTER

Pursuant to Rule 53 of the Federal Rules of Civil Procedure, the Court hereby appoints Lee Carl Bromberg, Esq. as Discovery Master in this litigation. The court further orders that:

1.  Mr. Bromberg's authority as Discovery Master is limited to resolving non-dispositive, discovery disputes that arise between the parties;

2.  Mr. Bromberg may exercise his discretion in determining the extent of written briefing required for each dispute put before him;

3.  Mr. Bromberg's decisions on such discovery matters are binding on the parties and are reviewable by the Court for clear error.



4.  Discovery Master's fees:

   A.  [Plaintiff's Proposal] For each discovery dispute decided by the Discovery Master, the Discovery Master shall attempt to determine which party was the prevailing party and which was the non-prevailing party. For each discovery dispute in which the Discovery Master is able to determine which party prevailed, the Discovery Master shall order the non-prevailing party to pay 75% of the Discovery Master's fee in deciding such dispute, and shall order the prevailing party to pay the remaining 25%. In the event the Discovery Master is unable to determine which party prevailed on a discovery dispute or the matter is not ultimately resolved by the Discovery Master, the Discovery Master shall order each party to pay 50% of the Discovery Master's fee for such dispute. Each Discovery Master's written statement to the parties containing a decision on a discovery dispute shall designate the prevailing and non-prevailing party on such dispute, or shall state that the Discovery Master was unable to determine which party prevailed on such dispute.

   B.  [Defendant's Proposal] The Discovery Master's fees shall be shared equally between the parties.

So Ordered:

_____
(/S/)

Dated: December 22, 2000

- 2 -