UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><br> ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5, <br><br> Counterclaim-defendants. | C.A. No. 05-10679-RCL |

## MOTION FOR EXTENSION OF TIME TO SERVE FOREIGN DEFENDANT

Pursuant to Federal Rules of Civil Procedure 4(m) and 6(a), Andrew Weiss, Weiss Asset Management LLC, K T, Inc., and CVF Investments, Ltd. (collectively, the "Movants"), by and through their attorneys, hereby move for an extension of time in which to serve a Summons and copy of the First Amended Answer and Counterclaim on SPV CO. In support thereof, the Movants state:

1. On June 15, 2005, the Movants filed the First Amended Answer and Counterclaim against several counterclaim-defendants including SPV CO, a Cypriot corporation.

2. Federal Rule of Civil Procedure Rule 4(h)(2) provides, in pertinent part, that service upon a corporation "in a place not within any judicial district of the United States [shall be effected] in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof." In accordance with Rule 4(f)(1), service outside the United States on individuals and corporations is subject to the provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention").

3. Federal Rule of Civil Procedure 4(m) provides a 120 day time limit for service. This time limit "does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1)." Nearly every court to consider the question—including this one—has held that service on foreign corporations pursuant to the Hague Service Convention is also exempt from the 120 day time limit because service on a corporation under Rule 4(h)(2) incorporates service "pursuant to subdivision (f)." *E.g., Turpin v. Mori Seiki Co., Ltd.*, 56 F. Supp. 2d 121, 129 (D. Mass 1999). Thus, although the Movants do not believe that the 120 day time limit applies to service on foreign defendants, the Movants are seeking an extension of time in an abundance of caution.

4. As described below, the Movants have diligently initiated the process of serving SPV CO. However, service under the Hague Service Convention takes a long time.

5. Cyprus has designated the Ministry of Justice in Cyprus (the "Cyprus Central Authority") as the entity authorized to receive and effect service of judicial documents in accordance with the Hague Service Convention. As evidenced by the attached Affidavit (Exhibit 1), the Movants have employed Crowe Foreign Services to serve SPV CO. The Affidavit indicates that on July 28, 2005, a Summons and a copy of the First Amended Answer and

Counterclaim were forwarded to the Cyprus Central Authority, with Greek translations thereof, to be served upon SPV CO in accordance with the Hague Service Convention.

6. The Hague Service Convention does not impose an obligatory time frame in which a signatory nation must serve the Summons and copy of the First Amended Answer and Counterclaim and it has been the experience of Crowe Foreign Services that the turnaround time for effected service in Cyprus under the Hague Service Convention is approximately three months, but has occasionally exceeded five months.

7. For these reasons, the Movants request that the Court grant an extension of 120 days in order to serve SPV CO.

> Respectfully Submitted,
>
> ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T INC. and CVF INVESTMENTS LTD.
>
> By their attorneys,
>
> /s/ Edward P. Leibensperger
> Edward P. Leibensperger (BBO# 292620)
> Benjamin A. Goldberger (BBO# 654357)
> McDermott Will & Emery LLP
> 28 State Street
> Boston, Massachusetts 02109-1775
> (617) 535-4000

Dated: October 13, 2005

## LOCAL RULE 7.1 CERTIFICATE OF CONSULTATION

I, Edward P. Leibensperger, hereby certify that counsel for the Movants conferred with counsel for Kotva, a.s., and counsel for Forminster Enterprises, Ltd., and attempted in good faith to resolve or narrow the issues presented by this motion.

/s/Edward P. Leibensperger
Edward P. Leibensperger

BST99 1475900-2 072198 0012

4

# AFFIDAVIT OF CELESTE INGALLS

**COURT:** UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CAPTION:** KOTVA a.s., Plaintiff
v.
ANDREW WEISS, et al., Defendants

ANDREW WEISS, et al., Counterclaim Plaintiffs
v.
KOTVA a.s., et al., Counterclaim Defendants

**CASE NO.:** 05 10679 RCL

**OREGON**               )
                         ) ss.
**County of Multnomah**  )

    I declare that I, Celeste Ingalls, am a citizen of Oregon, over the age of twenty-one, not a party nor an attorney for any party in this action, and state the following:

1. I am employed by Alan H. Crowe & Associates, Inc. dba Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, and I specialize in the service of civil process in foreign countries; and

2. The United States and Cyprus are both signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Done at the Hague, November 15, 1965, (Hague Service Convention); and

3. In accordance with Rule 4 (f)(1), of the Federal Rules of Civil Procedure, service outside the United States shall be subject to the provisions of the Hague Service Convention; and

4. The Ministry of Justice in Cyprus has been designated the Central Authority by the Cyprus government and is the entity authorized to receive and effect service of foreign process under the provisions of the Hague Service Convention; and

5. On July 28, 2005, I forwarded to the Central Authority in Cyprus, the Summons and First Amended Answer and Counter-Claim, with exhibits and Greek translations of each to be served upon **SPV Co. Limited**, in accordance with the Hague Service Convention; and

6. No signatory nation is obligated under the Hague Service Convention to provide status with respect to service of documents in its possession; and

7. The Hague Service Convention does not impose an obligatory time frame; and

8. It has been my continuous experience that the turnaround time for effected service in Cyprus under the Hague Service Convention is approximately 3 months, but has occasionally exceeded 5 months.

_____

SUBSCRIBED AND SWORN to before me this 24th day of August, 2005.



_____
Notary Public for Oregon

OFFICIAL SEAL
ABBY NEFF
NOTARY PUBLIC OREGON
COMMISSION NO 394768
MY COMMISSION EXPIRES AUG. 21, 2009