UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KOTVA a.s. ) | |
| ) | |
| Plaintiff, ) | Case No. 05-10679-RCL |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC ) | |
| ) | |
| Defendants. ) | |

**OPPOSITION OF PLAINTIFF TO MOTION FOR CIVIL RICO CASE STATEMENT,
OR IN THE ALTERNATIVE TO COMPEL RESPONSE TO INTERROGATORY,
OR IN THE ALTERNATIVE FOR LEAVE TO SERVE ADDITIONAL
<u>INTERROGATORIES *NUNC PRO TUNC*</u>**

Defendants filed this motion seeking to compel plaintiff Kotva a.s. ("Kotva") to answer a thirty-six part interrogatory concerning its RICO claim. Specifically, defendants' interrogatory asks Kotva to "provide a case statement containing all the information called for by the Civil RICO Case Statement Order found in the Manual for Complex Litigation, Fourth §40.54, in the format called for by said Order." The Civil RICO Case Statement, however, is a three page questionnaire with eighteen separately numbered questions and another eighteen individual subparts. Kotva <u>agreed</u> to answer defendants' interrogatory, provided that it count as thirty-six of defendants' interrogatories propounded under Fed. R. Civ. P. 33. Defendants refused to do so, contending that the thirty-six part questionnaire should only count as one interrogatory, and then filed this motion.

Kotva's position on this issue is simple: defendants can have the discovery, but they must abide by the Rules of Civil Procedure. Rule 33(a) limits each party to 25 interrogatories,

including all discrete subparts.  Discrete subparts, which count as separate interrogatories, are those that seek information concerning separate subjects.  See Advisory Committee Notes to 1993 Amendment to Rule 33(a) ("Advisory Committee Notes").  In contrast, non-discrete subparts are those "which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory."  See Local Rule 26.1(c).

Defendants' RICO Case Statement questionnaire seeks information concerning numerous separate subjects, including: defendants' misconduct; other wrongdoers misconduct; plaintiff's injuries; defendants' pattern of racketeering; the predicate acts involved; the individuals or entities involved in the enterprise; the relationship between defendants and the enterprise; the effect of the activities of the enterprise on interstate commerce; and the injury to business or property.  In short, the questionnaire extends far beyond a "logical extension" of a single interrogatory.  Defendants seek to circumvent Rule 33(a) by claiming that their interrogatory concerns only one subject—plaintiff's RICO claim.  Their interpretation, however, defies the letter, spirit and logic of both Rule 33(a) and Local Rule 26.1(c).  Indeed, taken to its extreme, defendants would have unlimited interrogatories because they would all relate to one subject: "plaintiff's claims and defenses in this lawsuit."

Nevertheless, Kotva is more than willing to answer defendants' Interrogatory No. 2—so long as it counts as thirty-six interrogatories, in accordance with Fed. R. Civ. P. 33(a) and Local Rule 26.1(c).  For these reasons, defendants' motion should be denied.

Respectfully submitted,

Kotva a.s.

By its attorneys,

  /s/ Dana A. Zakarian
Joel G. Beckman BBO#553086
William C. Nystrom BBO#559656
Dana A. Zakarian BBO# 641058
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: October 21, 2005