UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPPOSITION OF PLAINTIFF TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND REQUEST FOR <u>ENTRY OF CONFIDENTIALITY ORDER</u>

## <u>INTRODUCTION</u>

Plaintiff Kotva a.s. ("Kotva") has never refused to produce documents. On the contrary, Kotva proposed a reasonable and organized protocol for exchanging document discovery with the defendants. Specifically, Kotva agreed to produce the bulk of the requested documents, and simply asked that defendants agree to keep Kotva's commercially sensitive information confidential via a stipulated confidentiality order. Indeed, Kotva offered to produce its confidential documents to defendants' counsel, with the understanding that they be kept for "attorneys' eyes only" until the parties could agree upon the terms of a confidentiality stipulation. Defendants, however, rejected this proposal, and instead requested that Kotva forward a proposed confidentiality order. Upon receipt, defendants' counsel stated that the proposed order "looked fine" but that he needed to discuss it with his clients. A few days later, defendants changed their position and asserted that they would not negotiate nor agree to <u>any</u> confidentiality order.

Defendants instead propose that the parties file separate motions for protective orders for each and every confidential document. Such an approach, however, would unduly burden both the Court and the parties, and plague the discovery process with endless motions. Moreover, in view of defendants' scheme to blackmail Kotva as detailed in the Complaint, their repeated efforts to spin their story via press conferences and press reports, and defendant Andrew Weiss' criminal indictment in the Czech Republic, Kotva justifiably is concerned about protecting its confidential information. Defendants, however, have refused to discuss any means of globally addressing confidentiality issues in this case. Kotva, therefore, requests that the Court reject defendants' motion practice approach, and instead enter the proposed confidentiality order attached hereto as Exhibit A.

Additionally, several of defendants' document requests are onerous and seek information unrelated to the claims or defenses in this case. The majority of the Requests (Nos. 35-41, 44 & 45) ask for information concerning other companies that are not parties to this lawsuit, including all documents identifying their legal and beneficial owners and shareholders. Other broad "catch all" requests seek the same documents that Kotva agreed to produce in response to defendants' more narrowly tailored requests.[1] As demonstrated below, defendants' motion to compel should be denied, and the Court should enter the proposed confidentiality order.

## BACKGROUND

Kotva is a public company traded on the Czech securities market. Until March 2005, Kotva, through its wholly owned subsidiaries, owned and operated a well known department store in Prague (the "Department Store"). Defendant Andrew Weiss ("Weiss"), through his

---

[1] Kotva has produced to defendants non-confidential documents responsive to defendants' requests, and will supplement the production as additional documents are gathered and forwarded from Prague. As defendants' counsel is aware, counsel for Kotva began a three week jury trial in another case on September 19, 2005. Due to the trial, Kotva's counsel was not in a position to produce documents or file a motion for a protective order.

Boston-based investment firm Weiss Asset Management, LLC ("WAM"), is the investment manager of the Brookdale Global Opportunity Fund ("Brookdale"), which owns nearly 12% of Kotva's shares. In an audacious stock fraud scheme, Weiss blackmailed Kotva after he learned through the press that Kotva planned to sell its Department Store to an Irish investment group. Sensing an opportunity to "cash-in," Weiss demanded that Kotva "repurchase" Brookdale's 12% ownership interest in Kotva. When Kotva refused, Weiss launched a scheme to interfere with the sale of the Department Store and fraudulently force Kotva to purchase his shares. Specifically, Weiss utilized a shell company based in Cyprus named Gilroy Limited ("Gilroy"), and later a Delaware shell company named KT, Inc. ("KT"), to purchase nominal shares of Kotva's stock and file lawsuits in the Czech Republic solely for the improper purpose of interfering with the Department Store's sale. Weiss thereafter made ever increasing price demands on Kotva to purchase Brookdale's Kotva and Trend shares (eventually seeking almost eight times the publicly traded market value) with the carrot that he would "attempt to influence" Gilroy and KT to drop the suits. As a result of the sham lawsuits, Kotva's sale of the Shopping Centre has been severely impaired, costing the Company millions of dollars. Kotva therefore has brought claims against defendants for violations of the federal securities and racketeering laws, Chapter 93A, and common law claims.

In response to the Complaint, defendants have asserted "counterclaims" against Kotva, the Chairman of its Supervisory Board, its CEO and its majority shareholder, Forminster Enterprises Ltd. According to defendants, "[t]he counterclaims seek damages for abuse of process relating to Kotva's initiation of criminal proceedings against Weiss in the Czech Republic and filing of this lawsuit; as well as damages and injunctive relief relating to the counterclaim-defendants' sale of the Department Store and efforts to keep the proceeds for

themselves rather than Kotva's shareholders." See Memorandum in Support of Motion to Compel Production of Documents, and for Expenses and Sanctions ("Memo") at 3. According to defendants, Kotva's officers and its majority shareholder have somehow run off with the Department Store proceeds. Such scurrilous allegations have no basis in law or in fact. In any event, Kotva has filed a motion to dismiss the counterclaims on the basis that the purported counterclaim plaintiffs lack standing and their claims are barred by the statute of limitations.

## ARGUMENT

### I.    THE COURT SHOULD ENTER A CONFIDENTIALITY ORDER.

This Court has inherent equitable power to grant confidentiality orders. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 (1984) ("Whether or not [Fed. R. Civ. P. 26] itself authorizes a particular protective order we have no question as to the court's jurisdiction to do this under the inherent equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices."); Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994). In addition to that equitable power, the Court is expressly authorized by Fed. R. Civ. P. 26(c)(7), upon a showing of good cause, to order that "commercial information not be revealed or be revealed only in a designated way." In determining whether to issue such an order, the Court must balance the harm to the party seeking the protection and the importance of disclosure to the public. Pansy, 23 F.3d at 787; citing Arthur R. Miller Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L. Rev. 427, 433-35 (1991). Confidentiality orders are routinely granted when the confidential information concerns private matters and not matters of legitimate public concern. See Pansy, 23 F.3d at 787.

In this case, there certainly is "good cause" for a confidentiality order protecting Kotva's confidential and proprietary commercial information. This is a private dispute involving

confidential business records.  See Pansy, 23 F.3d at 778 ("if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").[2]

Furthermore, in response to defendants' document requests, Kotva agreed to produce a number of confidential, proprietary and commercially sensitive documents, including the following:

- The purchase and sale agreement for the Department Store by the Irish Investors, including any side letters or side agreements (Request No. 1);

- The agreement setting forth the terms by which the buyer is holding back $24.3 million (Request No. 2);

- Documents concerning the negotiations for the sale of the Department Store (Request No. 3);

- Documents concerning the sale of the Department Store to the Irish Investors (Request No. 7);

- Documents concerning the receipt and holding of the proceeds of the sale of the Department Store, including bank account statements (Request No. 8).

Kotva is legitimately concerned that, without the protection of a confidentiality order, defendants will misuse its confidential information to cause additional harm to Kotva.  This concern arises from defendants' history of blackmail, and is heightened by the fact that defendants—not their attorneys—insisted that there be no protection for Kotva's confidential documents.  Further, defendants have a propensity to spin their story in the press.  If defendants utilize this sensitive commercial information for improper purposes outside of this litigation, or leak it to the press, it could further disrupt the sale of the Department Store, undermine Kotva's

---

[2] For this reason, defendants' reliance on Public Citizen v. Liggett Group, Inc. is misplaced.  See 858 F.2d 775, 787 (1st Cir. 1988) (tobacco case where the Court found "there is a strong public interest in the documents at issue, which concern an important public health issue.").

financial position, or otherwise harm Kotva. Simply put, a confidentiality order is necessary to protect Kotva, and such orders are routinely granted in most commercial cases.

Additionally, several of the documents that defendants have requested are subject to a confidentiality agreement with the buyer of the Department Store. The most prudent means for Kotva to comply with both its confidentiality obligations to the buyer and its discovery obligations in this action is to produce the documents subject to a confidentiality order.[3] Finally, as a practical matter, forcing the parties to file separate motions for protective orders for each and every confidential document would unduly burden both the Court and the parties.

Defendants, moreover, have failed to offer any good reason why the Court should not enter a confidentiality order. Instead, defendants' bald assertion that Kotva's confidential information is needed for so-called parallel proceedings in the Czech Republic rings hollow. Indeed, defendants are not even parties to those lawsuits[4] and have repeatedly denied any involvement therein.[5] Furthermore, defendant Weiss has refused to accept in hand service of the Czech criminal indictment in an effort to stall the criminal proceedings. Therefore, defendants'

---

[3] Because Kotva has agreed to produce the documents, defendants' reliance on Sonnino v. Univ. of Kansas Hosp. Auth. and Atchinson Casting Corp. v. Marsh, Inc. is misplaced. See Memo at 8. In those cases, the plaintiff claimed that the materials at issue were immune from discovery because they were subject to confidentiality agreements with third parties. In stark contrast, Kotva has agreed to produce the requested information subject to a confidentiality order. Thus, the issue here is not whether defendants should be permitted to discover the documents, but whether permitting Kotva to comply with its legal obligations to third parties constitutes "good cause" for a protective order. Kotva submits that it does.

[4] KT has filed a lawsuit against Kotva in the Czech Republic to block the sale of the Department Store. Defendants have attempted to add KT as a party to this lawsuit. Given that Czech law does not afford pre-trial discovery, KT seeks to interject itself into this action and use discovery from this case to circumvent the procedural rules of the Czech proceeding. This is improper and should not be tolerated by the Court.

[5] See, e.g., August 23, 2004 letter from defendants to Kotva (Exhibit B to the Complaint) ("Since we do not exert control over Gilroy and Balfindor or petitions submitted by them, we cannot guarantee a withdrawal of the complaint."); November 23, 2004 letter from the Weiss Parties to Kotva (Exhibit C to the Complaint) (same); Amended Answer ¶34 (admitting the Weiss sent an email to Kotva stating "KT is not controlled by Weiss Asset Management; however, if a satisfactory resolution of all matters can be achieved, I would try to persuade KT to settle its lawsuits, and I am highly confident that I would be successful in that endeavor.").

assertion that they should be permitted to share information with Czech "prosecutors and judges" is certainly suspect, and provides no basis for denying entry of a confidentiality order.

## II.    DEFENDANTS' MOTION TO COMPEL ON SPECIFIC DOCUMENT REQUESTS SHOULD BE DENIED

### A.    Documents Concerning Kotva's Decision to Seek a Buyer for the Department Store (Request No. 21).

Request No. 21, which seeks all documents concerning "Kotva's decision to seek a buyer for the Department Store," is a prime example of defendants' overly broad "catch all" requests. Kotva has agreed to produce documents concerning its efforts to sell the Department Store, negotiations with the buyer, the sale of the Department Store, the purchase and sale agreement, and the receipt and holding of the proceeds of the sale.  (See Kotva's Response to Request Nos.1, 2, 3, 7 & 8).  In contrast, Request No. 21 is overly broad and unlimited in time.  For these reasons, the Court should deny defendants' motion to compel all documents responsive to Request No. 21.

### B.    Documents Concerning Kotva's Decision To Initiate Criminal Charges Against Weiss (Request No. 23).

Request No. 23, which asks for "[a]ll documents concerning the decision to initiate criminal charges against Andrew Weiss in the Czech Republic," is another example of a duplicative request.  Kotva objected to the request because it did not "initiate" criminal charges against Andrew Weiss—the Czech prosecutors indicted Weiss.  Kotva, however, agreed to produce its "communications with Czech law enforcement concerning Andrew Weiss" in response to Request No. 22.  In short, Kotva already has agreed to produce all of its documents on this subject, and only objected to the phrasing of Request No. 23.  For these reasons, defendants' motion to compel documents responsive to Request No. 23 should be denied.

C.    **Documents Concerning the Value of Kotva and the Department Store (Request No 28).**

Defendants' claim that documents concerning the value of Kotva and the Department Store are relevant "to disprove Kotva's repeated allegations that Weiss sought too high a price for shares in Kotva." See Memo at 14. On the contrary, the value of Kotva's publicly traded shares is set by the Czech securities market, not by the value of the Department Store. Moreover, the market value of the Department Store is set by the recent sale, and Kotva has agreed to produce such relevant documents. Therefore, Kotva properly objected to Request No. 28 as it is overly broad, unlimited in time, and unduly burdensome. In short, the motion to compel on Request No. 28 should be denied because documents concerning the historical value of the Department Store have nothing to do with the claims or defenses in this case.

D.    **Documents Concerning Case No. 0250 in the London Court of International Arbitration (Request No. 25).**

According to defendants "[t]he arbitration referenced in Request No. 25 relates directly to the value of shares of Trend." See Memo at 14. Because it concerns the value of defendants' shares in Trend—not Kotva—it is irrelevant. Regardless, Kotva was not a party to that arbitration and does not have documents responsive to this Request No 25.

E.    **Documents Concerning the "Listed Companies" from 1996 to Present (Request Nos. 35 – 41, 44 & 45).**

By these requests, defendants seek information concerning fourteen companies, including the names and addresses of their directors, officers, and managers for the past ten years, as well as purported claims and lawsuits with third parties. Defendants claim that they need this information to uncover the "web of companies" responsible for alleged "corporate malfeasance associated with the sale of the Department Store." See Memo at 17-18. Specifically, they claim

that "the movement of the Department Store from Kotva to its subsidiaries is at the core of

Kotva's complaint and the Discovering Parties counterclaim." Id.

Defendants, however, failed to advise the Court that Kotva has agreed to produce the

documents chronicling the transfer of ownership in its Department Store from Kotva to its

wholly owned subsidiaries, and ultimately to the Irish investors. These documents include:

- documents concerning the transfer of the Department Store from Kotva to its wholly owned subsidiary Kotva Nemovitosti ("KN")—a real estate holding company set up in 2000 for tax purposes upon the advice of Ernst & Young (Request No. 18);

- documents concerning the transfer of the Department Store from KN to another wholly owned subsidiary SPV KN—a transactional entity established for the purposes of the sale to the Irish Investors (Request No. 19);

- documents concerning the transfer or sale of shares in SPV KN to the Irish investors (Request No. 20);

- documents concerning the receipt and holding of the proceeds of the sale of the Department Store to the Irish investors (Request No. 8).

Indeed, these documents explain the entire transaction (including the present location of

the sale proceeds) and disprove the outlandish conspiracy theory underlying defendants'

counterclaims that some other entities have run off with the Department Store sale proceeds. In

short, there is no basis for defendants' fishing expedition into ten years worth of records of other

companies. Accordingly, the Court should deny defendants' motion to compel Request Nos. 35-

41, 44, and 45.

## CONCLUSION

For these reasons Kotva respectfully requests that the Court deny defendants' motion to compel, and enter the attached proposed confidentiality order.

Respectfully submitted,

Kotva a.s.

By its attorneys,

  /s/ Joel G. Beckman
Joel G. Beckman BBO#553086
William C. Nystrom BBO#559656
Dana A. Zakarian BBO# 641058
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: October 21, 2005

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## (PROPOSED) CONFIDENTIALITY ORDER

It appearing that discovery in the above-entitled action may involve the disclosure of confidential information, and good cause appearing:

IT IS HEREBY ORDERED as follows:

1.    Confidential Information.  For purposes of this Order, the term "Confidential Information" shall include any information produced or furnished by any party (the "Producing Party")  which the Producing Party believes in good faith constitutes or reveals trade secret or other confidential research, development, commercial or other proprietary information.  The restrictions contained in this Confidentiality Order shall not apply to copies of those documents already in the possession of another party to the action (the "Receiving Parties"), or which may come into the possession of the Receiving Parties through other sources.

2.    Access.  Confidential Information shall not be used or disclosed by the Receiving Parties for any purpose other than in connection with the prosecution or defense of claims in this litigation.  Confidential Information may not be disclosed except to (a) the Court (in the manner

- 1 –

provided by paragraph 7 hereof); (b) lawyers and staff acting as legal counsel for the Receiving Parties; (c) the Receiving Parties; (d) the natural person who is the author or addressee of any particular designated document; (e) the reporter and deponent at a deposition taken in connection with this action; (f) the representative of any insurer of a party who is or may be liable for any damages assessed in the action; and (g) any person, including outside consultants or experts, employed by any of the Receiving Parties, provided that any such person has executed the Confidentiality Acknowledgment in the form of Exhibit A.

        3.    <u>Confidential Documents and Other Things</u>.  A designation as to documents shall be made by placing a CONFIDENTIAL legend on each page of the document prior to production or filing of the document with the Court.  Other items shall be designated by affixing a tag or label conspicuously bearing the appropriate term.

        4.    <u>Custody of Confidential Information</u>.  Documents marked CONFIDENTIAL shall be maintained in the custody of the attorneys to whom the information has been disclosed.  Said attorneys may provide copies of said documents to any person or persons to whom disclosure is permitted by paragraph 2 of this Order.  Any attorney providing copies of said documents to such an authorized person shall inform that authorized person of the CONFIDENTIAL designation.  Any person to whom copies of documents designated as CONFIDENTIAL are disclosed shall take reasonable steps to maintain the secrecy of those documents and to ensure that said documents are not viewed, accessed or acquired by any person to whom disclosure is not authorized.

        5.    <u>Deposition Exhibits</u>.  The Receiving Parties may mark Confidential Information as a deposition exhibit and examine any witness thereon.  The Receiving Parties will request that

any non-party witness return each and every exhibit designated as CONFIDENTIAL with his or her signed deposition transcript and not retain copies of any Confidential Exhibits.

   6. <u>Objections</u>.  The Receiving Parties may challenge the propriety of any designation of Confidential Information that may be made pursuant to this Order.  A challenge may be made orally at any time during a deposition, and otherwise by serving on the producing party, through its counsel, a captioned notice of objection, which shall identify with particularity the items as to which the designation is challenged, state the basis for each challenge, and propose a new designation for each item.  Upon receipt of the written notice, the parties shall confer in good faith to resolve the dispute.  If they cannot resolve the dispute, then the objecting party shall file a motion for removal of the designation, and shall bear the burden of proof on such motion.  The challenged information shall maintain its CONFIDENTIAL designation until the Court decides the motion.

   7. <u>Filing Procedures</u>.  If Confidential Material is disclosed in any way in a pleading, motion, deposition, transcript, or other paper filed with the Court, it shall be the responsibility of the party filing such Confidential Material to obtain the necessary order of impoundment, and all other parties will cooperate in obtaining such an order.  All copies of such documents served on counsel for other parties shall be marked "CONFIDENTIAL."

   8. <u>Final Disposition</u>.  Upon final termination of this action, after time has been exhausted for all relevant proceedings including appeals, all Confidential Information and all copies thereof shall be returned to the Producing Party.   However, counsel of record may retain copies of pleadings and attorney and consultant work product, provided that the materials are maintained in confidence.

ENTERED AS AN ORDER OF THIS COURT THIS ___ DAY OF _____, 2005.


_____
Lindsay, J.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KOTVA a.s.                                    )
                                              )
                                              )
              Plaintiff,                      )        Case No. 05-10679-RCL
                                              )
              v.                              )
                                              )
ANDREW WEISS and WEISS ASSET                  )
MANAGEMENT, LLC                               )
                                              )
              Defendants.                     )
                                              )

**EXHIBIT A TO CONFIDENTIALITY ORDER**

I, _____, have been advised and fully understand that the documents

being shown to me in the above-captioned matter are deemed Confidential Materials pursuant to

Court Order, and I agree to be bound by the requirements of that Order that I may not disclose

any information from these Confidential Materials to any person except in accordance with such

order.

Signed: _____

Dated: _____

5