UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>       Plaintiff,<br><br>v.<br><br>ANDREW WEISS and<br>WEISS ASSET MANAGEMENT, LLC,<br><br>       Defendants.<br><br>ANDREW WEISS;<br>WEISS ASSET MANAGEMENT, LLC;<br>K T, INC.; and<br>CVF INVESTMENTS, LTD.,<br><br>       Counterclaim-Plaintiffs,<br><br>v.<br><br>KOTVA a.s.; MARTIN BENDA;<br>RICHARD HARAZIM;<br>FORMINSTER ENTERPRISES, LTD.;<br>SPV CO and JOHN DOES 1-5,<br><br>       Counterclaim-Defendants. | Civil Action No. 05-10679-RCL |

**FORMINSTER ENTERPRISES, LTD.'S MOTION
TO DISMISS COUNTERCLAIM FOR LACK OF PERSONAL JURISDICTION**

Forminster Enterprises, Ltd ("FEL") moves to dismiss the Counterclaim filed against it by Andrew Weiss; Weiss Asset Management, LLC; K T, Inc.; and CVF Investments, Ltd. (collectively "Counterclaim-Plaintiffs") for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b). FEL is a Cypriot company with a principal place of business in Cyprus, and has no contacts whatsoever in or with the Commonwealth or District of Massachusetts. Both

the Massachusetts long-arm statute, Massachusetts General Laws ch. 223A, § 3 and the Due Process Clause of the Constitution bar the exercise of personal jurisdiction over FEL in this forum.

The Counterclaim-Plaintiffs have not met and cannot meet their burden to set forth sufficient facts to support personal jurisdiction over FEL. The Counterclaim-Plaintiffs seek to remedy this failure in two ways, both of which also are utterly unsupported by facts or even by sufficient allegations. First, they try to create a fictitious "conspiracy" among the Counterclaim-Defendants, including the unnamed and wholly unidentifiable John Does 1-5, without setting forth any detail on when or where this conspiracy was formed, by whom it was formed, or precisely what its object is. Again, the Counterclaim does not set forth sufficient facts or even allegations to support a finding of personal jurisdiction.

Second, the Counterclaim-Defendants attempt an equally unsuccessful claim that Counterclaim-Defendant Kotva a.s. ("Kotva") is a "sham" and that its decision to file suit in Massachusetts ought to be attributed to FEL, which is Kotva's majority shareholder. The Counterclaim does not even come close to alleging the necessary level of control which the law requires before a Court may pierce the veil of a company to reach its shareholders. Instead, as is supported by the accompanying affidavit of Kotva Director Rena David, Kotva and FEL operate as independent companies with independent decision-making authority. Nothing in the Counterclaim supports a finding to the contrary. Accordingly, FEL should be dismissed from this action for lack of personal jurisdiction.

In further support of its motion, FEL submits the accompanying memorandum.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), FEL hereby requests a hearing and an opportunity for oral argument concerning this Motion.

Respectfully submitted,

FORMINSTER ENTERPRISES, LTD.

by its attorneys,

/s/ Jeffrey D. Clements
_____
Jeffrey D. Clements, BBO #632544
Ingrid S. Martin, BBO #653632
Clements & Clements, LLP
50 Federal Street
Boston, MA 02110
617- 451-1800

DATED:  November 14, 2005

## CERTIFICATE OF SERVICE

I, Jeffrey D. Clements, hereby certify that a copy of the foregoing document was served by electronic filing to counsel of record for the Counterclaim-Plaintiffs on November 14, 2004

/s/ Jeffrey D. Clements
_____