UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>       Plaintiff,<br><br>v.<br><br>ANDREW WEISS and<br>WEISS ASSET MANAGEMENT, LLC,<br><br>       Defendants.<br><br>ANDREW WEISS;<br>WEISS ASSET MANAGEMENT, LLC;<br>K T, INC.; and<br>CVF INVESTMENTS, LTD.,<br><br>       Counterclaim-Plaintiffs,<br><br>v.<br><br>KOTVA a.s.; MARTIN BENDA;<br>RICHARD HARAZIM;<br>FORMINSTER ENTERPRISES, LTD.;<br>SPV CO and JOHN DOES 1-5,<br><br>       Counterclaim-Defendants. | Civil Action No. 05-10679-RCL |

**FORMINSTER ENTERPRISES, LTD.'S MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS COUNTERCLAIM FOR LACK OF PERSONAL JURISDICTION**

### I. INTRODUCTION

Forminster Enterprises, Ltd. ("FEL") is a company organized under Cyprus law, with a principal place of business in Cyprus, and has no contacts whatsoever in or with the Commonwealth or District of Massachusetts. Accordingly, FEL moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the counterclaim of Andrew Weiss, Weiss Asset

Management, LLC, K T, Inc., and CVF Investments, Ltd. (collectively, the "Counterclaim-Plaintiffs") for lack of personal jurisdiction. The exercise of personal jurisdiction over FEL would violate both the Massachusetts long-arm statute and the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution.

The Counterclaim Plaintiffs bear the burden of demonstrating that the Massachusetts long-arm statute and the Due Process Clause of the United States Constitution permit the Counterclaim Plaintiffs to bring their claims against FEL in a Massachusetts court. *See Dodora Unified Communications, Inc. v. Direct Information Pvt. Ltd.*, 379 F.Supp.2d 10, 12-13 (D. Mass. 2005). They cannot meet this burden because FEL has never done or solicited any business in United States, has no material contacts with the United States, and has committed no alleged, let alone actual, act in the United States that has any connection whatsoever with this litigation. Even from the face of the Counterclaim it is apparent that the causes of action alleged in the Counterclaim do not arise out of any business or other activity by FEL in or directed toward the Commonwealth of Massachusetts. To the contrary, the Counterclaim outlines events that allegedly occurred in the Czech Republic, that do not constitute acts of FEL, and that have no connection to Massachusetts in any manner that would satisfy the requirements of personal jurisdiction.

Perhaps in implicit recognition of the complete absence of meaningful jurisdictional contacts, the Counterclaim Plaintiffs seek to drag FEL, a 55% shareholder of Plaintiff Kotva, a.s. ("Kotva"), into this dispute by a sleight of hand: Counterclaim Plaintiffs attach a fanciful label of their own making -- "the Forminster Group" -- to an assortment of alleged actions in the Czech Republic of Kotva, its officers and the mysterious "John Does 1-5," and, based on this

misleading characterization, asserts an array of common law claims and a claim under Massachusetts General Laws Chapter 93A.

In effect, the Counterclaim-Plaintiffs rest jurisdiction over FEL solely on the fact that FEL is a majority shareholder in Kotva, a basis which has never been sufficient for asserting jurisdiction. *See Kleinerman v. Morse*, 533 N.E.2d 221, 224 (Mass. App. Ct. 1989) ("ownership alone of the controlling stock of a subsidiary does not confer jurisdiction" in Massachusetts over the controlling stock owner). As demonstrated by the accompanying affidavit, FEL and Kotva are wholly separate and independent entities, each having its own business, governance structure, decision making authority, directors, employees, assets and other components of corporate business organization. The actions and decisions of Kotva, therefore, cannot be imputed to FEL. Accordingly, FEL respectfully requests that it be dismissed from this action for lack of personal jurisdiction.

## II.    BACKGROUND

The utter absence of meaningful contacts between FEL and Massachusetts and the United States, or of evidence or even serious allegation that FEL and Kotva are *alter egos* of each other for purposes of jurisdiction, requires that the Counterclaim against FEL be dismissed.

### A.    Forminster Enterprises, Ltd. has no contacts with Massachusetts or the United States of America.

FEL is a company located in Nicosia, Cyprus and is incorporated under Cypriot Companies Law as a limited liability company. *See Exhibit 1* (David Aff.) ¶¶ 3, 5. FEL is primarily an investment company, and it is overseen by four directors. *Id*. ¶ 4, 6. All four directors are Cypriot nationals who have no business reasons to travel to the Massachusetts or to the United States. *Id*. ¶ 6-11. FEL has no address, telephone number, offices, or agents anywhere in the United States. *Id*. ¶ 7, 10. It does not own, rent, or use any property anywhere

in the United States. Id. It is not registered with any agency of the Commonwealth of Massachusetts or with any agency of the United States to conduct any business anywhere in the Commonwealth or elsewhere in the United States. Id. FEL has never solicited any business anywhere in the United States, nor has it been a party to any lawsuit in the United States. Id. ¶¶ 8, 9, 11, 12. In sum, FEL's activities have never purposefully reached the United States or the Commonwealth of Massachusetts in any way.

### B.  FEL and Kotva Are Separate Companies

Even reading the Counterclaim generously in a light most favorable to the conspiracy-theory of the Counterclaim-Plaintiffs, the suggestion "on information and belief" that some unspecified assortment of John Does and Kotva employees had some form of unspecified communication by which FEL caused Kotva to bring this action in Massachusetts, cannot create personal jurisdiction over FEL. See Counterclaim ¶¶ 38, 39. As set forth in the accompanying affidavit and summarized below, FEL may be a shareholder of Kotva but it did not cause or instruct that Czech company to bring this action, nor is Kotva in any way an *alter ego* of FEL.

As part of its investment portfolio, FEL holds 55% of the shares of Kotva, a Czech corporation. *See Exhibit 1* (David Aff.) ¶ 13. Kotva is a public company whose shares are traded on the Czech stock exchange. Id. ¶ 14. Kotva's decision-making processes are separate and independent of FEL. Id. ¶¶ 18-19, 23-25. Kotva and FEL have separate boards of directors, and no one who sits on FEL's board also sits on Kotva's board.[1] Id. ¶ 15. Similarly, FEL and Kotva do not have any common officers or employees. Id. ¶ 19. Kotva and FEL have separate bookkeeping and make separate tax filings. Id. ¶¶ 17, 18.

---

[1] Richard Harazim and Martin Benda were previously members of the four person FEL board from November 1999 to October 2002. Id. at ¶¶ 20-21. This fact is of no import for purposes of the question of jurisdiction.

4

FEL did not instruct Kotva to file its suit against Weiss, nor did FEL instruct Kotva to file a civil or criminal complaint against Weiss. *Exhibit 1* (David Aff.) ¶ 22. FEL was not involved in or even aware of the negotiations that the Counterclaim-Plaintiffs allege took place between Mr. Harazim, Mr. Benda, and Weiss for the transfer of Kotva's shares. *Id.* at ¶¶ 22-24. Kotva's decisions in connection with this lawsuit have been independently made and are not attributable to FEL.

### C. None of the Allegations in The Counterclaim Involve FEL's Conduct in or Contacts With Massachusetts.

The Counterclaim's allegations of any specific activity by FEL, as opposed to counterclaim plaintiff's fanciful creation, "the Forminster Group," are sparse. The assertions in the counterclaim outline two sets of events: 1) the sale of a department store located in Prague by Kotva to an Irish company; and 2) the transfer of Kotva's shares to various entities in the mid-1990s. As for FEL in particular, the Counterclaim alleges few specifics: FEL allegedly acquired a majority of Kotva shares in 1995 and 1996, *Counterclaim* ¶¶ 18, 44; FEL allegedly nominated Martin Benda and Richard Harazim to Kotva's board, *Counterclaim* ¶¶ 11, 12; and "on information and belief," FEL allegedly instructed Mr. Benda and Mr. Harazim to cause Kotva to file suit against Andrew Weiss and Weiss Asset Management, *Counterclaim* ¶ 38. Even if true, these allegations about a majority shareholder would not support jurisdiction. Moreover, these allegations are made without any factual support, and the attached affidavit demonstrates that FEL did <u>not</u> instruct Kotva to file a lawsuit against Weiss in Massachusetts. *Exhibit 1* (David Aff.) ¶ 25.

Following the Counterclaim Plaintiffs' half-hearted effort to tie FEL to the filing of this action in Massachusetts, they lurch to allegations that are described as occurring almost a decade ago concerning how FEL allegedly acquired shares in Kotva. *Counterclaim* ¶¶ 42-49. The

counterclaim sketches out alleged actions taken by management of a Czech investment fund called "Trend" in which Counterclaim-Plaintiff CVF Investments, Ltd. owned shares. *Counterclaim* ¶ 16. Apparently relying on a translation of 1997 and 1998 articles from Czech tabloids, the Counterclaim sets forth a series of allegations ominously entitled "the Tunneling of the Assets of the Trend Fund." *Counterclaim* ¶¶ 42-48. The general assertion of this section in the Counterclaim appears to be that FEL's acquisition of a majority of Kotva's shares did not comply with Czech law. *Counterclaim* ¶¶ 42, 45. Again, these allegations are false, but for purposes of jurisdiction over FEL in Massachusetts, they are irrelevant.

### III.    ARGUMENT

**A.    The Counterclaim-Plaintiffs Fail to Make a Prima Facie Showing of Personal Jurisdiction Over FEL.**

    **1.    The Counterclaim-Plaintiffs' Allegations Do Not Establish Any Connection Between FEL and Massachusetts**

This Court has personal jurisdiction over FEL only if the counterclaim-plaintiffs can show that FEL is within the reach of the Massachusetts long-arm statute, Mass. Gen. Laws. ch. 223A, § 3, and if the exercise of personal jurisdiction complies with the due process requirements of the Fifth and Fourteenth Amendments. *See Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 204 (1st Cir. 1994). The Counterclaim-Plaintiffs bear the burden to demonstrate jurisdictional prerequisites with <u>evidence</u>, not mere allegations. *See Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 674-75 (1st Cir. 1992); *Moldflow Corp. v. Simcon, Inc.*, 296 F.Supp.2d 34, 38 (D.Mass. 2003). "It has long been the rule of [the First Circuit] that plaintiffs may not rely on unsupported allegations in their pleadings to make a *prima facie* showing of personal jurisdiction." *Boit*, 967 F.2d at 675. Here, the counterclaim-plaintiffs' allegations fail to assert a sufficient connection between Massachusetts and FEL to satisfy either the long-arm

statute or the Due Process Clause. Moreover, the few allegations about FEL are incorrect and unsupported.

        a.    *FEL's Alleged Acts Are Not Within the Massachusetts Long-Arm Statute's Reach*

The provisions of the Massachusetts long-arm statute relevant here permit jurisdiction over a defendant if the cause of action arises from the defendant or its agent: "(a) transacting any business" in Massachusetts, or "(c) causing tortious injury by an act or omission" in Massachusetts. Mass. Gen. Laws ch. 223A, § 3. In order for a party to "transact[] any business" in Massachusetts, it must "purposefully" avail itself of the privilege of doing business in Massachusetts. *See "Automatic" Sprinkler Corp. of America v. Seneca Foods Corp.*, 280 N.E.2d 423, 426 (Mass. 1972). If the cause of action asserted against the defendant arises out of acts which the defendant or its agent committed wholly outside of Massachusetts, the long-arm statute grants jurisdiction over the defendant only if the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth." *Id.* § 3(d).

FEL has neither transacted any business in Massachusetts, nor has it caused tortious injury by an act or omission in Massachusetts. As noted, the Counterclaim contains only four allegations of specific acts by FEL:

1. In the 1990s, Forminster acquired a majority of Kotva shares from various individuals and/or entities. *Counterclaim* ¶¶ 18, 44.

2. "Forminster nominated Benda to Kotva's board and used its control over a majority of Kotva's shares to secure his election." *Counterclaim* ¶ 11.

3. "Forminster nominated Harazim to Kotva's board and used its control over a majority of Kotva's shares to secure his election." *Counterclaim* ¶ 12.

       4.       "On information and belief, Benda and Harazim personally caused Kotva a.s. to bring this lawsuit, after receiving instructions to do so from Forminster and John Does 1-5." *Counterclaim* ¶ 38.

Only the fourth of these alleged acts has any relationship whatsoever to Massachusetts. However, not only is this allegation baseless – and the accompanying affidavit shows it to be untrue – but even if it were true that FEL urged Kotva to sue Weiss and Weiss Asset Management, that is not an act through which FEL purposefully availed itself of this forum. Kotva's suit against Weiss and Weiss Asset Management seeks to vindicate rights of Kotva, not FEL. The suit is an act that Kotva carried out on its own behalf, not as an "agent" of FEL.

FEL, therefore, does not "transact business" nor has it tortiously caused injury in Massachusetts as required by subsections 3(a) and 3(c) of the Massachusetts long-arm statute. FEL has not availed itself of this forum, does not do business in Massachusetts, and does not derive profit from Massachusetts. Under no provisions of the long-arm statute can FEL demonstrate a basis for jurisdiction over FEL.

       b.       *The Due Process Clause of the Constitution Also Prohibits the Exercise of Personal Jurisdiction Over FEL*

Even if the allegations contained in the Counterclaim somehow fall within an expansive reading of the Massachusetts long-arm statute, the Due Process Clause of the Constitution bars a finding of personal jurisdiction on the facts here. Under the Constitution, the Massachusetts District Court may exercise personal jurisdiction over a party only if: (1) the claims asserted against it arise out of or relate to the party's activities in Massachusetts; (2) the party purposefully availed itself of the privilege of conducting activities in Massachusetts; and (3) the exercise of jurisdiction is consonant with "fair play" and "substantial justice" in light of five "gestalt factors." *See Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994). The five gestalt factors are: "(1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the

8

dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies." *Id.* at 63-64.

The counterclaim fails to satisfy the due process clause's requirements of in-state activity and purposeful availment. As discussed above, the counterclaim does not assert, nor could it, that FEL has engaged in any activity inside Massachusetts. Similarly, the counterclaim advances no claim that FEL has purposefully availed itself of the privilege of conducting business in Massachusetts. The standards for showing activity or purposeful availment of conducting business in Massachusetts largely track those demanded as part of the Massachusetts long-arm statute analysis, and for the reasons discussed above, the Counterclaim-Plaintiffs fail to satisfy these standards. *See Good Hope Industries, Inc. v. Ryder Scott Co.*, 389 N.E.2d 76, 79-80 (Mass. 1979) (explaining that the analysis under the long-arm statute and that under the due process clause "tend to converge").

The gestalt factors further confirm that the exercise of personal jurisdiction over FEL would fall short of the Constitutional requirements of due process. The First Circuit has held that the gestalt factors function to ensure that, "A distant court cannot constitutionally exercise *in personam* jurisdiction over a non-resident defendant at the behest of a plaintiff who can muster only the most tenuous showings of relatedness and purposefulness if … forcing the defendant to defend in the forum would be plainly unreasonable." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 212 (1st Cir. 1994). This holding is directly applicable here. FEL is a small, privately held entity based in Cyprus. None of FEL's employees or principals have a residence in Massachusetts nor do they have any business reason to travel here. The Counterclaim-Plaintiffs show no reason why courts in the Czech Republic or Cyprus would not be available to adjudicate

9

issues arising from alleged activities in the Czech Republic. While there is some indication that Weiss may be reluctant to travel to the Czech Republic because of a pending criminal matter against him there, that reluctance would not be fair grounds to compel FEL to defend against Weiss's tenuous conspiracy theories in this forum.

        c.      *The Counterclaim Plaintiffs' Effort to Compensate for the Absence of Relevant Allegations About FEL By Blurring the Alleged Actions of Other Counterclaim Defendants Into A Fictional "Forminster Group" Fails to Show Jurisdiction Over FEL.*

The Counterclaim employs an acknowledged fiction to try to impute the actions of the other Counterclaim-Defendants, particularly those of Kotva executives Martin Benda and Richard Harazim, to FEL. The Counterclaim makes the completely unsupported assertion that the Counterclaim-Defendants Martin Benda, Richard Harazim, FEL, SPV Co., and John Does 1-5 were engaged in a "conspiracy." *Counterclaim* ¶¶ 13-14. The Counterclaim offers no evidence or allegations about when, where, or how this conspiracy sprung into existence. Instead, it seeks to create the illusion that these individuals and entities all acted in concert by referring to the counterclaim defendants as the "Forminster Group" although no such group or entity actually exists. The counterclaim then uses this fictional "Forminster Group" to make it appear as though the actions of any one of the counterclaim defendants can be attributed to all of them. For example, the counterclaim asserts that "the Forminster Group [used] its influence over Czech law enforcement to cause a contrived criminal charge of blackmail to be brought against Weiss." *Counterclaim* at ¶ 33. In support of this claim that the so-called "Forminster Group" had engaged in this conduct, the Counterclaim states that "Harazim is quoted in the Czech press as having 'filed a criminal complaint.'" *Counterclaim* at ¶ 18. Even if Mr. Harazim filed such a complaint, there is no evidence or allegation to support the conclusion that FEL (or even any of the other Counterclaim-Defendants) was involved in any way in his decision to do so. To the

10

contrary, in the affidavit by FEL director Rena David, she states that FEL played no role in any decisions Mr. Harazim may have made about filing a criminal complaint. *See Exhibit 1* (David Aff.) ¶¶ 22, 25. This deceptive strategy of including all of the Counterclaim-Defendants in the acts of one by attributing the acts to the "Forminster Group" is used repeatedly throughout the counterclaim. *See e.g., Counterclaim* ¶¶ 23, 26, 35, 38, 40, 45, 50, 52, 53-58.

Since the Counterclaim-Plaintiffs cannot offer any evidence to support their claim that the Counterclaim-Defendants were engaged in a deliberate, unitary effort, none of their allegations relating to the acts of Mr. Harazim, Mr. Benda, or John Does 1-5 can be attributed to FEL. The counterclaim advances no allegations to support its underlying assumption that Mr. Benda, Mr. Harazim, FEL, SPV Co., and John Does 1-5 came together, decided on a common purpose, or otherwise acted in a manner which would allow the actions of one to be imputed to the others. Indeed, only two allegations relate FEL to the other counterclaim defendants in any way:

> 11.   Forminster nominated Benda to Kotva's board and used its control over a majority of Kotva's shares to secure his election. Benda also is or was a member of the board of Forminster and an agent of Forminster.
>
> 12.   Forminster nominated Harazim to Kotva's board and used its control over a majority of Kotva's shares to secure his election. Harazim also is or was a member of the board of Forminster and an agent of Forminster.

*Counterclaim* ¶¶ 11-12. Even assuming that these allegations were true, the fact that a majority shareholder would use its majority position to vote for board members it preferred, by itself, merely is evidence of normal and acceptable business practice, not of any conspiracy. The counterclaim does not explain why it asserts that Mr. Benda and Mr. Harazim were "agents" of FEL, it does not offer any evidence or allegations establishing when and how they acted as agents of FEL, nor does it explain what it means by that broad assertion. In sum, actions taken

11

by Mr. Harazim, Mr. Benda, or John Does 1-5 cannot serve as a basis for personal jurisdiction over FEL.

B.   **FEL's Status as a Majority Shareholder in Kotva Is an Insufficient Basis for Personal Jurisdiction.**

The counterclaim-plaintiffs' effort to cure the insufficiency of FEL's contact with Massachusetts by suggesting that Kotva is a "shell" corporation and a mere *alter ego* of FEL is both inadequately pled and false. While FEL is Kotva's largest shareholder, FEL's status as majority shareholder is insufficient to assert personal jurisdiction over FEL simply because the company in which it holds a 55% share has submitted to jurisdiction in Massachusetts. *See Kleinerman v. Morse*, 533 N.E.2d 221, 224 (Mass. App. Ct. 1989). A majority shareholder, or even an outright parent company, is not subject to the jurisdiction of a court merely because the company in which it holds a controlling share is subject to jurisdiction in the forum. *See Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 616 (1st Cir. 1988). Even if a plaintiff can show that a defendant company has "overall financial and policy control" over a subsidiary, this does not render the defendant company subject to personal jurisdiction wherever its subsidiary is subject to jurisdiction. *See Andersen v. Diorio*, 349 F.3d 8, 12 (1st Cir. 2003). Instead, the fact of the parent company's influence over the subsidiary "is inherent in the relationship" and, by itself, is an insufficient basis for extending personal jurisdiction from the subsidiary to the parent. *Id.*

FEL's relationship with Kotva does not fall into that rare and narrow set of circumstances which would allow the Counterclaim-Plaintiffs to assert that Kotva is a "sham" or functions as an *alter ego* of FEL. *Andersen*, 349 F.3d at 12 (such circumstances require an improper control so pervasive as to destroy the subsidiary's status as a separate entity). If the Counterclaim-Plaintiffs seek to make such a showing, they would need to meet the high standard associated

12

with "piercing the corporate veil" to reach a parent or controlling shareholder. *See e.g., Alvarado-Morales*, 843 F.3d at 616-17; *Northern Laminate Sales, Inc. v. Matthews*, 249 F.Supp.2d 130, 139 (D.N.H. 2003); *Giuliano v. Nations Title, Inc.*, 938 F.Supp. 78, 81 (D. Mass. 1996). However, "Massachusetts permits disregard of the corporate form only in rare situations." *Giuliano*, 938 F.Supp. 78 (D. Mass. 1996). *See also United Electric Radio and Machine Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1091-92 (1st Cir. 1992) (finding plaintiffs' evidence insufficient to pierce veil to assert personal jurisdiction).

The Supreme Judicial Court has allowed courts to disregard the corporate form and separateness of a subsidiary in only two circumstances:

> (a) when there is active and direct participation by the representatives of one corporation, apparently exercising some form of pervasive control, in the activities and there is some fraudulent or injurious consequence of the intercorporate relationship, or (b) when there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting.

*My Bread Baking Co. v. Cumberland Farms, Inc.*, 233 N.E.2d 748, 752 (Mass. 1968). Since neither the counterclaim's allegations nor evidence begin to support a finding that FEL's relationship to Kotva is marked by either pervasive and fraudulent control or by a "confused intermingling of activity", the Counterclaim-Plaintiffs cannot base jurisdiction over FEL on Kotva's decision to file this lawsuit in Massachusetts. Indeed, the evidence is to the contrary.

In the affidavit submitted with this memorandum, FEL offers numerous facts demonstrating that Kotva is an independent entity, including: 1) Kotva's shares are publicly traded on the Czech stock exchange, 2) Kotva and FEL have separate boards of directors, 3) no one who sits on FEL's board of directors also sits on Kotva's board, 4) Kotva and FEL do not share bookkeeping, 5) Kotva and FEL make separate tax filings, 6) Kotva and FEL have separate

13

decision-making authority, an 6) Kotva currently does not have officers or employees who are also employed with FEL. *Exhibit 1* (David Aff.) ¶¶ 14-19.

## CONCLUSION

FEL's contacts with Massachusetts are insufficient to support a finding of personal jurisdiction. The fact that FEL is the majority shareholder in Kotva does not cure this lack of connection between FEL and this forum. Accordingly, the counterclaims against FEL should be dismissed.

> Respectfully submitted,
>
> FORMINSTER ENTERPRISES, LTD.
>
> by its attorneys,
>
> /s/ Jeffrey D. Clements
> _____
> Jeffrey D. Clements, BBO #632544
> Ingrid S. Martin, BBO #653632
> Clements & Clements, LLP
> 50 Federal Street
> Boston, MA 02110
> 617- 451-1800

DATED:  November 14, 2005

## CERTIFICATE OF SERVICE

I, Jeffrey D. Clements, hereby certify that a copy of the foregoing document was served by electronic filing to counsel of record for the Counterclaim-Plaintiffs on November 14, 2004

> /s/ Jeffrey D. Clements
> _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| |
|---|
| KOTVA a.s.,<br><br>      Plaintiff,<br><br>v.<br><br>ANDREW WEISS and<br>WEISS ASSET MANAGEMENT, LLC,<br><br>      Defendants. |
| ANDREW WEISS;<br>WEISS ASSET MANAGEMENT, LLC;<br>K T, INC.; and<br>CV INVESTEMENTS, LTD.,<br><br>      Counterclaim-plaintiffs,<br><br>v.<br><br>KOTVA a.s.; MARTIN BENDA;<br>RICHARD HARAZIM;<br>FORMINSTER ENTERPRISES, LTD.;<br>SPV CO and JOHN DOES 1-5,<br><br>      Counterclaim-defendants. |

Civil Action No. 05-10679-RCL

### AFFIDAVIT OF RENA DAVID

I, Rena David, being duly sworn, state as follows:

1.    I am a national of Cyprus currently residing at Diagorou 4, Kermia Building, 6th floor, Office 601, Nicosia, P.C. 1097, Cyprus.

2. I am a Director of Forminster Enterprises, Limited ("FEL"). I have been Director since October 30th 2002.

3. FEL is incorporated under Cyprus Companies Law, Chapter 113, as a limited liability company.

4. FEL is primarily an investment company.

5. FEL's offices are located at 4 Biagorou Street, Kermia Building, Office 601, Nicosia, Cyprus. FEL has no other offices or places of business.

6. In addition to myself, FEL's current directors are Doxa Pericleous, Anthony Indianos, and Andreas Papsiantis, all of whom are Cypriots.

7. FEL has no business in Massachusetts. It has no clients, partners, or shareholders in Massachusetts. It does not have an office or agent in Massachusetts, it does not have a telephone number or mailing address in Massachusetts, and it does not own, rent, or use any property in Massachusetts. FEL also is not registered with any Massachusetts agency to conduct any business in the Commonwealth.

8. FEL has never solicited any business in the Commonwealth of Massachusetts.

9. FEL has never initiated a lawsuit in any Massachusetts court nor been a party to any lawsuit in Massachusetts, except as named above as a Counterclaim defendant in this case.

10. FEL has no business in the United States of America. It has no clients, partners, or shareholders in the United States. It does not have an office or agent in the United States, it does not have a telephone number or mailing address in the United States, and it does not own, rent, or use any property in the United States. FEL also is not registered with any agency of the United States to conduct any business in the United States.

11. FEL has never solicited any business in the United States of America. It has not had any communications or transactions with any person or entity residing in the United States.

12. FEL has never initiated a lawsuit in any Court of the United States of America, nor been a party to any lawsuit in the United States of America, except as named above as a Counterclaim defendant in this case.

13. FEL holds shares in Kotva a.s. ("Kotva"). Currently, FEL holds 55.74% of Kotva's shares.

14. Kotva's shares are publicly traded on the Czech stock exchange.

15. Kotva and FEL have separate boards of directors, and no one who sits on FEL's board of directors also sits on Kotva's board.

16. Kotva and FEL do not share bookkeeping.

17. Kotva and FEL make separate tax filings.

18. Kotva and FEL have separate decision-making authority.

19. Kotva does not have officers or employees who are also employed with FEL.

20. Richard Harazim was one of FEL's directors from 30/11/1999 to 30/10/2002.

21. Martin Benda was one of FEL's directors from 30/11/1999 to 30/10/2002.

22. FEL has never given instructions to Richard Harazim or Martin Benda regarding their dealings with Andrew Weiss or Weiss Asset Management.

23. FEL has no knowledge of or any involvement in any negotiations that Richard Harazim or Martin Benda may have had with Andrew Weiss or Weiss Asset Management regarding the purchase of shares of Kotva.

24. FEL has never been contacted by Weiss Asset Management, LLC, or Andrew Weiss regarding an offer to buy Weiss Asset Management's Kotva shares.

25. FEL did not instruct Kotva, Richard Harazim, or Martin Benda to file a lawsuit or criminal complaints against Weiss Asset Management, LLC, or against Andrew Weiss.

Signed under the pains and penalties of perjury.

Dated: 26/10/2005

_____
Rena David