UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW WEISS and WEISS ASSET )<br>MANAGEMENT, LLC, )<br>)<br>Defendants. )<br>)<br>────────────────────────────── )<br>)<br>ANDREW WEISS, WEISS ASSET )<br>MANAGEMENT LLC, K T, INC. and CVF )<br>INVESTMENTS, LTD., )<br>)<br>Counterclaim-plaintiffs, )<br>)<br>v. )<br>)<br>KOTVA a.s., MARTIN BENDA, RICHARD )<br>HARAZIM, FORMINSTER ENTERPRISES, )<br>LTD., SPV CO and JOHN DOES 1–5, )<br>)<br>Counterclaim-defendants. )<br>) | C.A. No. 05-10679-RCL |

**MOTION OF ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. AND CVF INVESTMENTS LTD. FOR LEAVE TO FILE REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS, AND FOR EXPENSES AND SANCTIONS**

Pursuant to Local Rule 7.1(b)(3), Andrew Weiss, Weiss Asset Management LLC, K T, Inc. and CVF Investments Ltd., hereby move for leave to file a short Reply Memorandum in Support of Their Motion to Compel Production of Documents, and for Expenses and Sanctions (the "Reply"), which is attached hereto.  The Reply addresses statements and arguments made by Kotva a.s. in its Opposition and responds to Kotva's "request" for a protective order.

Counsel for Kotva a.s. has stated that he will not oppose this motion.

>Respectfully submitted,
>
>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS LTD.
>
>By their attorneys,
>
>/s/ Benjamin A. Goldberger
>Edward P. Leibensperger (BBO# 292620)
>Benjamin A. Goldberger (BBO# 654257)
>McDermott Will & Emery LLP
>28 State Street
>Boston, Massachusetts 02109-1775
>(617) 535-4000

Dated: November 21, 2005

## LOCAL RULE 7.1 CERTIFICATE OF CONSULTATION

I, Benjamin A. Goldberger, hereby certify that I conferred with counsel for Kotva a.s., and attempted in good faith to resolve or narrow the issues presented by this motion. Counsel for Kotva a.s. has stated that he will not oppose this motion.

>/s/ Benjamin A. Goldberger
>Benjamin A. Goldberger

BST99 1482078-1.072198.0012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, | ) ) ) | C.A. No. 05-10679-RCL |
| Defendants. | ) ) ) | |
| ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., | ) ) ) ) ) | |
| Counterclaim-plaintiffs, | ) ) | |
| v. | ) ) | |
| KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5, | ) ) ) ) | |
| Counterclaim-defendants. | ) ) | |

**REPLY MEMORANDUM OF ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. AND CVF INVESTMENTS LTD. IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS, AND FOR EXPENSES AND SANCTIONS AND OPPOSITION TO REQUEST OF KOTVA A.S. FOR CONFIDENTIALITY ORDER**

Andrew Weiss ("Weiss"), Weiss Asset Management LLC ("WAM"), K T, Inc. ("K T") and CVF Investments Ltd. ("CVF") (collectively, the "Discovering Parties"), hereby submit this Reply Memorandum in Support of their Motion to Compel Production of Documents, and for Expenses and Sanctions. This Memorandum makes 5 brief points in response to Kotva's Opposition and "Request" for a Confidentiality Order.

1. Rather than even attempting to meet its burden of justifying a protective order, Kotva instead asks the Court to enter a blanket confidentiality order shifting Kotva's burden to the Discovering Parties. *See* Proposed Confidentiality Order ¶ 6. This request is without any basis in law and turns the discovery process on its head. "The plain meaning of Rule 26(c) and the cases decided thereunder clearly provide that the party seeking to withhold information must bear the burden of justifying the 'confidential' designation." *Pharmachemie, B.V. v. Pharmacia, Inc.*, C.A. No. 95-40085-NMG, 1998 U.S. Dist. LEXIS 2192, at *8–*9 (D. Mass. Jan. 30, 1998). Kotva must either file a meritorious motion for a protective order or produce all requested documents within the scope of Rule 26(b). To justify a protective order, Kotva must submit affidavits setting forth "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gen. Dynamics Corp. v. Selb Mf'g Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting 8 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2035); s*ee* Local Rule 7.1(b)(1)–(2) ("Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."). These affidavits must demonstrate that each and every one of the documents Kotva refuses to produce contains "a trade secret or other confidential research, development, or commercial information" and show why the lack of a protective order would cause Kotva a clearly defined, severe injury. FED. R. CIV. P. 26(c)(7). Kotva has not met these requirements. Additionally, Kotva's "request" is improper because it fails to comply with Local Rule 37.1, which places detailed requirements on "any discovery motion, including any motion for . . . a protective order." Accordingly, the Court should deny Kotva's request.

2.   The authority cited by Kotva in its Opposition, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) is directly on point and illustrates why there is no merit to Kotva's position. The Third Circuit wrote:

> Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing. The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order.

*Id.* at 786–87 & n.17 (internal quotation marks and citations omitted).

3.   Kotva claims that the "defendants—not their attorneys—insisted that there be no protection for Kotva's confidential documents." This claim is untrue and, in any event, irrelevant. There is no distance between the Discovering Parties and their attorneys on this issue and counsel for the Discovering Parties never stated that Kotva's proposed confidentiality order was acceptable.

4.   Kotva mischaracterizes the Discovering Parties' contention that any confidentiality order must permit the Discovering Parties to use documents and information obtained in this case in parallel proceedings in the Czech Republic. Comity, judicial economy and common sense mandate that this Court not enter an order requiring that the Discovering Parties or Kotva hide documents or information they both know to exist from the Czech courts.

5.   Finally, Kotva began its Opposition by stating that it "has never refused to produce documents." This is untrue. *See* Mem. in Support of Mot. to Compel at 5. Kotva did not produce a single piece of paper until the day its response to the Discovering Parties' Motion to Compel was due—over 80 days after receiving the Discovering Parties' document requests. Even then, Kotva produced only 28 pages of documents that were not press articles or documents

3

written by or sent to a Discovering Party or a Discovering Parties' employee or attorney.[1]

Having failed to produce indisputably discoverable documents, and having failed to move for a protective order, Kotva is subject to sanctions and costs for its conduct.

                      Respectfully submitted,

                      ANDREW WEISS, WEISS ASSET
                      MANAGEMENT LLC, K T, INC. and CVF
                      INVESTMENTS LTD.

                      By their attorneys,

                      /s/ Benjamin A. Goldberger
                      Edward P. Leibensperger (BBO# 292620)
                      Benjamin A. Goldberger (BBO# 654257)
                      McDermott Will & Emery LLP
                      28 State Street
                      Boston, Massachusetts 02109-1775
                      (617) 535-4000

Dated: November 21, 2005

BST99 1481236-1.072198.0012

---

[1] On November 10, 2005, Kotva produced around 100 pages of additional documents in Czech that relate to a single document request focusing on the transfer of the Department Store from Kotva to one of its subsidiaries. No other documents have been forthcoming.