UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION OF COUNTERCLAIM DEFENDANTS RICHARD HARAZIM AND MARTIN BENDA TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**INTRODUCTION**

Defendants have named in their "counterclaim"[1] an officer and a director of plaintiff Kotva, a.s. ("Kotva"), a publicly traded company located in Prague, Czech Republic. As detailed below, neither Richard Harazim ("Harazim") nor Martin Benda ("Benda") have any contacts with Massachusetts, let alone the sufficient nexus with the Commonwealth required to satisfy the constitutional minimum contacts test. Rather, the indisputable facts are that both individuals are Czech nationals who reside in the Czech Republic, and do not:

---

[1] The "counterclaims" purports to add K.T., Inc. ("KT") and CVF Investments Ltd. ("CVF") as counterclaim plaintiffs. On June 29, 2005, Kotva filed a motion to dismiss the counterclaims against it and/or to strike the appearance of KT and CVF as counterclaim plaintiffs. As explained in that motion, which is pending before the Court, Rule 13(h) does not give non-parties the right to simply add themselves into the case. 4 MOORE'S FEDERAL PRACTICE §20.02[2][C] (3d ed. 2005); Thompson v. Boggs, 33 F.3d 847, 858 n.10 (7th Cir. 1994). Rather, Rule 13 merely permits joining parties to a counterclaim or cross-claims pursuant to Rules 19 or 20. It is well established that joinder pursuant to Rules 19 and 20 may only occur with leave of Court. Indeed, Fed. R. Civ. P. 24 (which governs intervention) is the appropriate avenue for a non-party to intervene as a counterclaim plaintiff. 4 MOORE'S FEDERAL PRACTICE §20.02[2][C]; Thompson, 33 F.3d at 858 n.10.

1

- transact or solicited business in Massachusetts;

- engage in a persistent course of conduct, or derive substantial revenues from goods used or consumed, or services rendered in Massachusetts;

- own or rent property in Massachusetts; or

- maintain telephone numbers, mailing addresses, or bank accounts in Massachusetts.

(Affidavit of Richard Harazim ("Harazim Aff.") ¶¶ 1-4; Affidavit of Martin Benda ("Benda Aff.") ¶¶ 1-4).

Virtually all of Harazim and Benda's alleged actions alleged in the counterclaims occurred in Prague. Indeed, their only alleged "contacts" with Massachusetts are that: (1) Harazim replied (from Prague) to several emails from defendants offering to sell BGO's Kotva shares; and (2) Benda is on the Supervisory Board and Harazim is the CEO of Kotva, the plaintiff in this lawsuit. Counterclaim ¶¶ 27, 29, 35, 38-39.[2] As a matter of law, such "contacts" are insufficient to create personal jurisdiction over Benda and Harazim because: (1) they are not the "but for" or legal cause of the counterclaims; and (2) jurisdiction over a company does not create jurisdiction over its officers and directors. Champion Exposition Services, Inc. v. Hi-Tech Electric, LLC, 273 F.Supp.2d 172, 177 (D.Mass. 2003) (to confer jurisdiction in-state activities must be the actual and legal cause of the claim); Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 906 (1st Cir. 1980) (jurisdiction over company does not create jurisdiction over its officers and directors). Thus, as a matter of law, the Court lacks personal jurisdiction over Benda and Harazim and the "counterclaims" against them must be dismissed. Champion, 273

---

[2] As set forth below, contrary to defendants' claims, neither Benda nor Harazim even voted to authorize this action, as neither man served on the Board of Directors at that time.

2

F.Supp.2d at 175 (amenability to personal jurisdiction is an issue of law) citing United States v. Swiss American Bank, Ltd., 274 F.3d 610, 619 (1st Cir. 2001).

**PROCEDURAL BACKGROUND**

In the Complaint, Kotva detailed the black-mailing scheme of Defendant Andrew Weiss ("Weiss"), and his Boston-based investment firm, co-Defendant Weiss Asset Management, LLC ("WAM") whereby the defendants utilized shell companies to purchase nominal shares of Kotva's stock and file lawsuits in the Czech Republic solely to interfere with the announced $65 million sale of Kotva's Prague Shopping Centre ("Czech litigation"). Weiss then demanded that Kotva purchase the 12% of Kotva shares owned by a fund he manages called Brookdale Opportunity Fund ("BGO") (seeking eight times the publicly traded market value) with the carrot that he would get the suits dropped. As a result of the sham lawsuits, Kotva's sale of the Shopping Centre has been severely impaired, costing the Company millions of dollars. Kotva therefore brought claims against the Weiss Defendants for violations of the federal securities and racketeering laws, Chapter 93A, and common law claims.

In response to the Complaint, defendants filed "counterclaims" against Kotva, the Chairman of its Supervisory Board (Benda), its CEO (Harazim), its majority shareholder, Forminster Enterprises LTD ("Forminster"), and its subsidiary SPV Co.[3] The "counterclaims" allege that Benda and Harazim: (1) abused process (and conspired to abuse process) by serving on Kotva's Supervisory Board; (2) looted Kotva's assets (and conspired to loot Kotva's assets) by allowing the company to sell the Shopping Centre; (3) breached their fiduciary duties by following the financial and tax advice of their

---

[3] For purposes of this motion, Weiss, WAM, KT and CVF will be referred to collectively as the "Counterclaim Plaintiffs."

3

accountants and establishing a wholly owned subsidiary to hold the Shopping Centre; and (4) violated Massachusetts General Laws Chapter 93A through their corporate activities in Prague. Virtually all of Harazim and Benda's alleged actions alleged in the counterclaims occurred in Prague—not Massachusetts.[4]

Counterclaim defendants Benda and Harazim now move to dismiss the claims against them for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## ARGUMENT

### I. There Is No Personal Jurisdiction Over Benda And Harazim

#### A. The Counterclaim Plaintiffs Cannot Prove That Both Benda and Harazim Have "Minimum Contacts" With Massachusetts

The Counterclaim Plaintiffs must prove that the Court has personal jurisdiction over each individual defendant, including Benda and Harazim. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir.2002) (party asserting claim must show that jurisdiction exists)[5]; Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 n.2 (1st Cir. 1999) ("Jurisdictionally speaking, each

---

[4] See, e.g., Counterclaim ¶ 21 (Harazim met with Hoffman in Prague and suggested that Forminster might be interested in purchasing BGO's shares in Kotva); ¶24 (Weiss, Hoffman, Benda, and Harazim met in Prague, and Harazim allegedly said that CVF Investments' shares in Kotva were worth nothing); ¶26 (Benda and Harazim approached Hoffman in Prague and offered to purchase BGO's Kotva shares); ¶33 (Harazim and Benda, as members of the "Forminster Group" exercised influence over Czech law enforcement to have them charge Weiss); ¶52 (Benda and Harazim serve as "front men" for the "Forminster Group" and exert "full control over Kotva" in Prague); ¶53 (Kotva transferred its department store through a series of "shell companies" in Prague); ¶54 (Kotva sold its department store to a Czech company controlled by Markland); ¶74 (Benda and Harazim, along with others, "unlawfully seized control of Kotva's interest in the proceeds from the sale of the Department Store," which are in Prague); ¶¶ 84-87 (Benda and Harazim breached their fiduciary duties in Prague).

[5] See also Boit v. Gar-Tec, 967 F.2d 671, 675 (1st Cir. 1992) ("It has long been the rule that plaintiffs may not rely on unsupported allegations in their pleadings to make a *prima facie* showing of personal jurisdiction."); Champion, 273 F.Supp.2d at 175 (plaintiff "must go beyond the pleadings and make affirmative proof" of all facts essential to establishing personal jurisdiction).

4

defendant must stand or fall based on its own contacts with the forum.").[6]  In determining whether jurisdiction exists, the Court need "not credit conclusory allegations or draw farfetched inferences."  Tickemaster-New York, Inc. v. Alioto, 26 F.3d 210, 203 (1st Cir. 1994).  Rather, it must consider the jurisdictional facts and determine whether Benda and Harazim have sufficient "minimum contacts" with Massachusetts such that they could reasonably forsee being haled into court here.[7]  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (court can only exercise personal jurisdiction over non-residents who have at least "minimum contacts" with the forum in which they are sued, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.").

In this case, the jurisdictional facts are set forth in the accompanying affidavits of Richard Harazim and Martin Benda.  Because these indisputable facts prove that the Court lacks personal jurisdiction, the counterclaims should be summarily dismissed without further jurisdictional discovery.

> **B.     Neither Benda Nor Harazim Have Constitutionally Sufficient "Minimum Contacts" With Massachusetts**

The Due Process Clause of the Fourteenth Amendment prohibits courts from imposing jurisdiction over persons whose actions do not place them in a position where

---

[6] The Counterclaim Plaintiffs cannot circumvent this requirement by claiming that all defendants are part of a secret organization called the "Forminster Group," and then use their collective contacts to argue jurisdiction.  Such bootstrapping tactics would permit personal jurisdiction over virtually any person and would eviscerate the purpose and intent of due process.  In any event, there is no such thing as the "Forminster Group."  (Benda Aff. ¶7; Harazim Aff. ¶14).

[7] Typically, courts use a two prong analysis to test personal jurisdiction: (1) does the forum state's long-arm statute confer jurisdiction over the defendant; and (2) does the exercise of jurisdiction comport with the strictures of constitutional due process.  Phillips, 196 F.3d at 288 n.2.  Here, the Court need only consider the constitutional analysis because the scope of the Massachusetts long-arm statute is coextensive with federal due process requirements.  Moldflow Corporation v. Simon, Inc., 296 F.Supp.2d 34, 39 (D.Mass. 2003) citing Daynard, 290 F.3d at 52.

they can reasonably forsee being haled into court there. Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).[8] The personal jurisdiction analysis, therefore, examines the quality and quantity of the potential defendant's contacts with the forum. International Shoe, 326 U.S. at 316. A defendant who has "continuous and systemic business contacts" with the forum is subject to its general jurisdiction, and may be brought into court for any matter—including claims arising from their activities outside of Massachusetts. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.9 (1984).[9] Conversely, a defendant with only limited contacts with the forum is subject to its specific jurisdiction, and may be haled into court only for matters arising out of those limited contacts. Id. at 414 n.8.

In this case, the Counterclaim Plaintiffs allege that Benda and Harazim are subject to both the general and specific personal jurisdiction of the Court. Counterclaim ¶2. Specifically, they allege:

> The Court has personal jurisdiction over the counterclaim-defendants because they have committed tortious acts in Massachusetts, including filing this lawsuit; transacted business in Massachusetts by sending correspondence into Massachusetts, including e-mails, soliciting business from Massachusetts residents; caused injury in Massachusetts by their actions outside of Massachusetts; and availed themselves of the jurisdiction of this Court.

Id. As detailed below, however, the Court lacks general and specific jurisdiction over Benda and Harazim because neither have any contacts with Massachusetts—let alone the

---

[8] See also, Hanson v. Denkla, 357 U.S. 235, 253 (1958) ("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privileges of conducting activities within the forum state, thus invoking the benefits and protections of its laws."); United Electrical, Radio and Machine Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1088 (1st Cir. 1992).

[9] See also, M.G.L. ch. 223A §3(d) (conferring personal jurisdiction over a person's "causing tortious injury in this commonwealth by an act or omission outside the commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenues from goods used or consumed or services rendered, in this commonwealth.").

6

constitutionally required "minimum contacts" for personal jurisdiction. Benda Aff. ¶¶ 1-5; Harazim Aff. ¶¶ 1-5.

### 1. Benda and Harazim Are Not Subject to General Jurisdiction

To be subject to general jurisdiction, a defendant must have "continuous and systemic business contacts" with the forum state. Helicopteros, 406 U.S. at 406; Moldflow, 296 F.Supp.2d at 40. Neither Benda nor Harazim have any contacts with Massachusetts—let alone "continuous and systemic business contacts." Indeed, they do not:

- transact or solicited business in Massachusetts;

- engage in a persistent course of conduct, or derive substantial revenues from goods used or consumed, or services rendered in Massachusetts;

- own or rent property in Massachusetts; or

- maintain telephone numbers, mailing addresses, or bank accounts in Massachusetts.

Benda Aff. ¶¶ 1-4; Harazim Aff. ¶¶ 1-4.[10] Because they do not have "systemic and continuous business activities" in Massachusetts, they are not subject to the general personal jurisdiction of its courts. Helicopteros, 406 U.S. at 406; Moldflow, 296 F.Supp.2d at 40. Accordingly, personal jurisdiction cannot be based on their alleged actions in Prague that supposedly caused injury in Massachusetts. See Helicopteros, 466 U.S. at 414 n.9; United Electrical, 960 F.2d at 1089; M.G.L. ch. 223A §3(d). Rather, the

---

[10] Kotva also does not conduct business in Massachusetts. Kotva has no clients, partners, offices or agents, telephone numbers, or mailing addresses in Massachusetts. Kotva does not own, rent, or use any property or maintain any bank accounts in Massachusetts, and is not registered with any Massachusetts agency to conduct any business in the Commonwealth. Kotva does not solicit any business in Massachusetts, engage in any persistent course of conduct in Massachusetts, or derive substantial revenues from goods used or consumed, or services rendered in Massachusetts. (Harazim Aff. ¶11).

7

Court's jurisdiction extends only to claims that arise out of their activities in Massachusetts.  United Electrical, 960 F.2d at 1089.

### 2. Benda and Harazim Are Not Subject to Specific Jurisdiction

The First Circuit applies a three-prong test for establishing specific jurisdiction. See Phillips, 196 F.3d at 288; Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 35 (1st Cir.1998); Champion, 273 F.Supp.2d at 177.  First, the claims asserted must directly arise out of, or relate to, the defendant's forum state contacts.  Second, the defendant's in state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable.  Third, if the proponent's case clears the first two hurdles, the Court then must analyze the overall reasonableness of an exercise of jurisdiction in light of the Gestalt factors.[11]  See United Electrical, 960 F.2d at 1088; Champion, 273 F.Supp.2d at 177.  An affirmative finding on each of the three elements required to support a finding of specific jurisdiction.  Phillips, 196 F.3d at 288.  Here, the Counterclaim Plaintiffs cannot prove any of the required elements and, therefore, their claims against Benda and Harazim must be dismissed.

### (i) Counterclaim Plaintiffs' Claims Do Not Arise Out of Benda and/or Harazim's Contacts with Massachusetts

Courts in the First Circuit must "steadfastly reject" the exercise of personal jurisdiction where, as here, "the cause of action and the defendant's forum-state contacts

---

[11] These Gestalt factors are: (1) the defendant's burden of appearing; (2) the forum state's interests in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985).

seems attenuated and indirect." United Electrical, 960 F.2d at 1089; Ticketmaster, 26 F.3d at 206 (causation is at the forefront of the due process analysis). Instead, "the defendant's in-state conduct must form an important or at least material element of proof in the plaintiff's case." Id. Where those claims sound in tort, the plaintiff must show that the defendant's contacts with the forum were both the actual ("but for") and legal (proximate) cause of the plaintiff's injury. Phillips, 196 F.3d at 289; Champion, 273 F.Supp.2d at 177.

The "counterclaims" against Benda and Harazim all sound in tort, and fall into two general categories of allegations: (1) unlawfully controlling Kotva to misappropriate the proceeds from the sale of the Shopping Centre; and (2) abuse of process.[12] None of these claims, however, arise from or relate to Benda and/or Harazim's alleged "contacts" with Massachusetts—i.e., replying to defendants' offers to sell their BGO Kotva shares, or Kotva's filing this lawsuit.

### (a)  Harazim's E-Mails Are Not The Actual Or Legal Cause Of The Counterclaims

The Counterclaim Plaintiffs argue that the Court has personal jurisdiction because Benda "directed" Harazim to reply (from Prague) to emails sent by WAM employees (in Massachusetts) offering to sell BGO's Kotva shares. Counterclaim ¶¶ 27, 29, 35, 36. While Harazim's emails may have smoked out defendants' blackmail scheme, they are not the actual or proximate cause of any supposed misappropriation of Kotva's assets (alleged in Counts III-VII) or abuse of process (alleged in Counts I, II, VII). Indeed, they are not even relevant to the "counterclaims." Accordingly, as a matter of law, they are

---

[12] The counterclaims are for abuse of process (Count I), conspiracy (Count II), conversion (Count III), unjust enrichment (Count IV), breach of fiduciary duty/abuse of control (Count V), constructive trust (Count VI), violation of Chapter 93A (Count VII), and declaratory judgment (Count VIII).

9

insufficient to establish personal jurisdiction over Harazim or Benda.  Phillips, 196 F.3d at 289 (in state activities must be actual and legal cause of tort).

### (b) Benda And Harazim Did Not File This Lawsuit

The Counterclaim Plaintiffs also argue that the Benda and Harazim somehow personally "availed themselves to the jurisdiction of this Court" because Kotva filed its complaint in Massachusetts.  Counterclaim ¶2.  It is black letter law, however, that "jurisdiction over the individual officers of a corporation may not be based merely on jurisdiction over the corporation."  Escude Cruz, 619 F.2d at 906.  Instead, there must be a showing of direct and personal involvement in the tort giving rise to plaintiff's injury—i.e, that the officer was the "guiding spirit behind the wrongful conduct."  Id. at 907; Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 10 (1st Cir. 1990).

As explained in the affidavit of Richard Harazim, Benda and Harazim did not "personally cause" Kotva to file this lawsuit.  Benda Aff. ¶9; Harazim Aff. ¶18.  Rather, Kotva's Board of Directors made the decision to seek redress for the damage caused to the company by defendants' blackmail scheme.  Id.  Neither Benda nor Harazim were on the Board of Directors when it made that decision.  Id.

The Counterclaim Plaintiffs would have this Court believe, moreover, that Benda's status as Chairman of the Supervisory Board and Harazim's status as CEO confers personal jurisdiction for an abuse of process claim in Massachusetts.  If that were true, however, then the filing of any action by a foreign corporation would automatically create personal jurisdiction over its officers and directors.  Such a result would eviscerate the established principle that jurisdiction over a corporation does not confer jurisdiction over its officers.  Escude Cruz, 619 F.2d at 906.  For these reasons, Kotva's filing this

10

lawsuit does not create personal jurisdiction over Benda and Harazim.

### (ii) Neither Benda Nor Harazim Have Purposefully Availed Themselves To The Privilege Of Conducting Business In Massachusetts

The purposeful availment requirement ensures that jurisdiction is not based on "random, isolated, or fortuitous" contacts with the forum state. Champion, 273 F.Supp.2d at 178 citing Nowak v. Tak How Investments, LTD., 94 F.3d 708, 716 (1st Cir. 1996). Thus, to be subject to personal jurisdiction, both Benda and Harazim must have purposefully availed themselves to the privilege of conducting activities in Massachusetts, thereby invoking the benefits and protections of Massachusetts laws and making the possibility of being haled into court in Massachusetts foreseeable. Id. Specifically, they must have engaged in voluntary contacts with Massachusetts (i.e., contacts not based on the unilateral action of another person or a third party) that gave them reasonable notice of being haled into court here. Nowak, 94 F.3d at 718.[13]

As explained above, the indisputable facts are that neither Benda nor Harazim took any actions in Massachusetts. Benda Aff. ¶¶ 1-5; Harazim Aff. ¶¶ 1-5. Instead, Harazim (acting on behalf of Kotva) replied to emails from WAM employees. Harazim Aff. ¶19. This activity occurred in Prague—not Massachusetts—and cannot constitute "voluntary action" in Massachusetts. Contrast Nowak, 94 F.3d at 718 (proactively soliciting business in Massachusetts is voluntary contact). In sum, neither Benda nor Harazim purposefully availed themselves to the benefits of conducting activities in Massachusetts and, therefore, they are not subject to the Court's specific personal

---

[13] In Nowak, a Massachusetts businessman sued a Hong Kong hotel after his wife drowned in its pool. The court found purposeful availment because the hotel actively solicited Massachusetts residents, and specifically extended a corporate discount rate to the businessman's company, which in turn, lead to his staying at the hotel.

11

jurisdiction.

### (iii) The Gestalt Factors Weigh Against Personal Jurisdiction.

The Court need not consider the Gestalt factors because the Counterclaim Plaintiffs cannot satisfy the first two prongs of the test (i.e., relatedness and purposeful availment). United Electrical, 960 F.2d at 1091 n.11. Regardless, even the Gestalt factors weigh against the exercise of personal jurisdiction over Benda and Harazim because they have no contacts with Massachusetts. Indeed, they have been sued solely because of their actions as officers and directors of Kotva. Benda Aff. ¶10; Harazim Aff. ¶18. Forcing them to appear in a foreign country (where they have no contacts) to defend individual claims would be onerous, unfair, and unjust. Champion, 273 F.Supp.2d at 179 (important purpose of Gestalt factors is to protect remote defendants from harassing litigation). In sum, exercising jurisdiction over Benda and Harazim would not comport with notions of fair play and substantial justice. For these reasons, the counterclaims should be dismissed for lack of personal jurisdiction.

## II. Counterclaim Plaintiffs Cannot Manufacture Personal Jurisdiction Over Benda and Harazim Through An Alter Ego Theory

In an attempt to patch the jurisdictional defects, the Counterclaim Plaintiffs invent an alter ego theory—claiming that Kotva is a "shell company" "controlled by" a secret organization of officers, directors, shareholders and John Does. Counterclaim ¶¶ 8-14. Any application of the alter ego doctrine in this case, however, falls short.

The alter ego doctrine allows the corporate form to be disregarded only if there is (1) "active or direct participation by the representatives of one corporation, apparently exercising some form of pervasive control, in the activities of another and there is some fraudulent or injurious consequence of the intercorporate relationship;" (2) a "confused

12

intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner in which the various corporations and their respective representatives are acting." My Bread Baking Co. v. Cumberland Farms, Inc., 233 N.E. 2d at 748, 752 (Mass. 1968); United Electrical, 960 F.2d at 1095. The doctrine is typically used to pierce the veil of a thinly capitalized private company to reach its parent. It is not applicable to public companies because "[t]he shareholders of a public corporation can hardly be said, as a practical matter, to exercise control over the corporation." McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc., 339 F.3d 1087, 1094-95 (9th Cir. 2003) (noting that no court has ever pierced the veil of a public company to reach its shareholders).

Kotva is a public company with approximately 694,209 issued shares. Harazim Aff. ¶ 9. It makes annual filings, issues shareholder notices, and abides by the corporate formalities imposed by Czech law. Harazim Aff. ¶10. It is not under the control of any subset of shareholders, or some fictitious "Forminster Group." Benda Aff. ¶8; Harazim Aff. ¶14. Rather, it is run by its officers and directors in accordance with Czech law. In view of these indisputable facts, the alter ego doctrine simply is inapplicable.[14]

## CONCLUSION

For the reasons stated above, the counterclaims against Benda and Harazim fail for lack of personal jurisdiction and, therefore, must be dismissed. The counterclaims

---

[14] Controlling precedent from the First Circuit belies the notion that a corporate veil may be pierced to reach an officer or director because they "control" the company. See Andreson v. Diorio, 349 F.3d 8, 12 (1st Cir. 2003). In Andreson, the court held that the fact that the parent has "overall financial and policy control" over its subsidiary is not enough to pierce the veil. Id. The court noted that "such control is inherent in ownership and, if overall control were sufficient, every parent would be present wherever a wholly owned subsidiary was present in a state." The same rationale applies to directors and officers.

also should be dismissed because (as detailed in Kotva's pending motion to dismiss) they fail to state claims for which relief should be granted.

        Respectfully submitted,

        Richard Harazim and Martin Benda

        By their attorneys,

        __/s/ Joel G. Beckman_____
        Joel G. Beckman BBO#553086
        William C. Nystrom BBO#559656
        Dana A. Zakarian BBO# 641058
        Nystrom Beckman & Paris LLP
        10 St. James Ave., 16th Floor
        Boston, Massachusetts 02116
        (617) 778-9100
        (617) 778-9110 (fax)

Dated: November 30, 2005