UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | C.A. No. 05-10679-RCL |
| | ) | |
| ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., | ) | |
| | ) | |
| Counterclaim-plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5, | ) | |
| | ) | |
| Counterclaim-defendants. | ) | |
| | ) | |

## COUNTERCLAIM-PLAINTIFFS' MOTION TO TAKE JURISDICTIONAL DISCOVERY

Counterclaim-plaintiffs Andrew Weiss, Weiss Asset Management LLC, K T, Inc. and CVF Investments, Ltd. (collectively, the "Weiss Parties"), by and through their attorneys, hereby move to take jurisdictional discovery from counterclaim-defendants Forminster Enterprises Ltd., Martin Benda and Richard Harazim (collectively, the "Counterclaim-Defendants"). Attached hereto as Exhibits A–F are proposed requests for the production of documents and interrogatories for each of the Counterclaim-Defendants, focusing on facts relevant to the

question of personal jurisdiction. The Weiss Parties further move for an Order shortening the

Counterclaim-Defendants' time to respond to these requests to fourteen days after resolution of

this Motion.

The basis for this Motion is set forth in the accompanying Memorandum.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K T, INC. and CVF
INVESTMENTS, LTD.

By their attorneys,

/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109-1775
(617) 535-4000

Dated: December 20, 2005

## LOCAL RULE 7.1 CERTIFICATE OF CONSULTATION

I, Benjamin A. Goldberger, hereby certify that counsel for the counterclaim-plaintiffs conferred with counsel for the counterclaim-defendants, and attempted in good faith to resolve or narrow the issues presented by this motion.

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

## LOCAL RULE 37.1 CERTIFICATE OF COMPLIANCE

I, Benjamin A. Goldberger, hereby certify that counsel for the Defendants have complied with the provisions of Local Rule 37.1. Details are contained in the memorandum submitted with this motion.

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | C.A. No. 05-10679-RCL |
| ) | |
| ANDREW WEISS, WEISS ASSET ) | |
| MANAGEMENT LLC, K T, INC. and CVF ) | |
| INVESTMENTS, LTD., ) | |
| ) | |
| Counterclaim-plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KOTVA a.s., MARTIN BENDA, RICHARD ) | |
| HARAZIM, FORMINSTER ENTERPRISES, ) | |
| LTD., SPV CO and JOHN DOES 1–5, ) | |
| ) | |
| Counterclaim-defendants. ) | |
| ) | |

## ANDREW WEISS'S, WEISS ASSET MANAGEMENT LLC'S, K T INC.'S AND CVF INVESTMENTS LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO FORMINSTER ENTERPRISES, LTD.

Pursuant to Federal Rule of Civil Procedure 34, Andrew Weiss ("Weiss"), Weiss Asset

Management LLC ("WAM"), K T, Inc. ("K T") and CVF Investments Ltd. ("CVF") hereby

request that Forminster Enterprises, Ltd. produce for inspection and copying the documents

listed below at the offices of McDermott Will & Emery LLP, 28 State Street, Boston, MA 02109

within fourteen days of the date of service of this request or at such other time and place as may

be mutually agreed upon by the parties.

## DEFINITIONS

For purposes of this request, the following definitions shall apply:

1.      "And" shall mean and/or.

2.      "Or" shall mean and/or.

3.      "Including" shall mean "including without limitation."

4.      "Concerning", "Person", "Communication" shall have the meanings ascribed to them in Local Rule 26.5.

5.      Any entity defined or referenced herein, including Forminster Enterprises Ltd and Kotva a.s., shall mean the entity itself and its present and former officers, directors, agents, partners, employees, attorneys, accountants, consultants and representatives of any kind, and all parent companies, subsidiaries, divisions, affiliates, predecessors, successors and all other persons acting or purporting to act on behalf of any of the foregoing.

6.      The term "document" is used herein in its customary and broadest sense under Federal Rule of Civil Procedure 34(a)(1) and Local Rule 26.5(c)(2), and includes any form of information, be it written, recorded, photographed, or otherwise, however stored, be it on paper, disk, tape, film, electronically, analog recording medium, digital recording medium or otherwise, in your actual or constructive possession, custody, care, or control, that relates or refers, directly or indirectly, in whole or in part, to any of the subjects listed in this request or to any other matter relevant to the issues in this request.  The term "document" or "documents" also includes all drafts that are not identical with the final version, and all copies that are not identical with the original.

7.      The term "date," as well as any date specifically set forth herein, means and refers to the date, month and year, if ascertainable, or if not, the best approximation of the date (based upon relationship with other events).

2

8.      As used herein, the singular shall always include the plural and vice versa; and the present tense shall always include the past tense and vice versa.

9.      "Department Store" as used herein shall mean one or more of the following parcels of real estate: (a) the real estate referred to as the "Shopping Centre" in the Complaint; (b) building No. 656 (commercial facility), city district Stare Mesto, situated on lot No. 680; (c) building without any allocated number (civic facility), city district Stare Mesto, situated on lot No. 1018/2; (d plot No. 680 (built-up area and court) with an area of 4385 sq.m.; (e) plot No. 683/1 (other area) with an area of 851 sq.m.; (f) plot No. 683/2 (other area) with an area of 2963 sq.m.; (g) plot No. 683/3 (other area) with an area of 2 sq.m.; (h) plot No. 690/2 (other area) with an area of 25 sq.m.; (i) plot No. 690/3 (other area) with an area of 49 sq.m.; (j) plot No. 690/4 (other area) with an area of 9 sq.m.; (k) plot No. 1018/2 (built-up area and court) with an area of 1 sq.m.

10.      "Czech law enforcement" shall mean the police or prosecutors of the Czech Republic and any political subdivision or local authorities thereof.

11.      "Irish Investors" shall have the same meaning as that term is used in the Complaint.

## **INSTRUCTIONS**

1.      Documents include those which are in your actual or constructive possession, custody, care, or control, whether or not such documents were received from or disseminated to any other person or entity, including but not limited to attorneys, accountants, or employees.

2.      The obligation to produce the documents sought by this Document Request is of a continuing nature pursuant to Federal Rule of Civil Procedure 26(e).  If at any time after responding to this Request, you should acquire actual or constructive possession, custody, care,

or control of any additional documents within the scope of a particular Document Request, you must identify such documents to the attorneys for the requesting parties within ten (10) days of their receipt.

3.      In the event that any responsive document was, but is no longer, in your actual or constructive possession, custody, care, or control, state what disposition was made of it, when, and the reason for such disposition.

4.      In the event that the document whose production has been requested has been destroyed, state the reason for the document's destruction and the date on which the document was destroyed; identify fully the person in whose possession, custody, care, or control the document was when it was destroyed; and identify fully the person who destroyed the document or who ordered its destruction.

5.      The final version and each draft of each document should be produced separately. Each original and each non-identical copy (bearing marks or notations not found on the original) of each final version and draft of each document should be produced separately.

6.      If you claim that any document requested is privileged or constitutes attorney-client work product, submit on the time and date of production a written statement for each document withheld sufficient to evaluate the claim of privilege or work product, including information that:

(a)      identifies the person who prepared or authored the documents and all recipients or addressees, including recipients of copies;

(b)      specifies the date on which the document was prepared or transmitted;

(c)      describes the nature of the document (*e.g.*, letter, memorandum notice, *etc.*);

4

    (d)     identifies the subject matter of the document;

    (e)     if the document refers or relates to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describes who those persons are; and

    (f)     sets forth the nature of and basis for the privilege asserted.

## DOCUMENTS TO BE PRODUCED

1. Such documents as are sufficient to identify all directors, officers, employees and agents of Forminster Enterprises, Ltd. from January 1, 2003 to present.

2. Organizational charts for Forminster Enterprises, Ltd. from January 1, 2003 to present.

3. All documents concerning communications between or among Forminster Enterprises Ltd., including any of its directors, officers, employees or agents; Martin Benda; Richard Harazim; or Kotva a.s., including telephone records, for the period January 1, 2003 to present.

4. All documents concerning the decision to initiate criminal charges against Andrew Weiss in the Czech Republic.

5. All documents concerning this lawsuit or the decision to initiate this lawsuit.

6. All documents concerning board meetings of Forminster Enterprises Ltd., including minutes and agendas, for the period from January 1, 2003 to present.

7. All documents concerning communications between Forminster Enterprises Ltd. and a person or persons in Massachusetts, including but not limited to phone logs and phone bills.

BST99 1483903-2.072198.0012

8.    All documents concerning agreements between or among any two or more of the following: (a) Kotva a.s.; (b) Forminster Enterprises Ltd.; (c) Martin Benda; and (d) Richard Harazim.

9.    All documents concerning financial transactions between or among any two or more of the following: (a) Kotva a.s.; (b) Forminster Enterprises Ltd.; (c) Martin Benda; and (d) Richard Harazim.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K T, INC. and CVF
INVESTMENTS LTD.

By their attorneys,

_____
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: December ___, 2005

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the ___day of December, 2005, a true and correct copy of the foregoing document was served by hand on counsel for each other party.

_____
Benjamin A. Goldberger

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>           Plaintiff,<br><br>    v.<br><br>ANDREW WEISS and WEISS ASSET<br>MANAGEMENT, LLC,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-10679-RCL |
| ANDREW WEISS, WEISS ASSET<br>MANAGEMENT LLC, K T, INC. and CVF<br>INVESTMENTS, LTD.,<br><br>        Counterclaim-plaintiffs,<br><br>    v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD<br>HARAZIM, FORMINSTER ENTERPRISES,<br>LTD., SPV CO and JOHN DOES 1–5,<br><br>        Counterclaim-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANDREW WEISS'S, WEISS ASSET MANAGEMENT LLC'S, K T, INC.'S AND CVF INVESTMENTS LTD.'S FIRST SET OF INTERROGATORIES TO FORMINSTER ENTERPRISES, LTD.

Pursuant to Federal Rule of Civil Procedure 33, Andrew Weiss ("Weiss"), Weiss Asset Management LLC ("WAM"), K T, Inc. ("K T") and CVF Investments Ltd. ("CVF") (collectively, the "Discovering Parties") hereby submit the following interrogatories to Forminster Enterprises, Ltd.

## DEFINITIONS

Except as otherwise provided herein, the Discovering Parties hereby incorporate by reference all definitions in their First Set of Requests for Production of Documents to Forminster Enterprises, Ltd. as though fully set forth herein.

1.        "Identify" shall have the meanings ascribed to it in Local Rule 26.5(c)(3)–(4) and;  (a) when referring to a meeting, to state the date of the meeting, the location of the meeting, the attendees, and the subject matter addressed; and (b) when referring to a communication, to state the date the communication was made, the identity and location of the person who initiated the communication, the identities and locations of the person or persons who received the communication, and the medium (e.g., voice, electronic mail, letter, facsimile) by which the communication was made.

2.        "Persons involved in the decision making process" means any person, whether a director, officer, employee or agent of Forminster Enterprises Ltd. or a third party, consulted by Forminster Enterprises Ltd. prior to the making of a decision for the purpose of communicating about the subject matter of the decision, whether that communication was ultimately relied on or not.

## INSTRUCTIONS

1.        These interrogatories are continuing in nature and require automatic supplemental or amended responses to the extent specified in Fed. R. Civ. P. 26(e) should you or your counsel obtain further supplemental information.

2.        If any of these interrogatories cannot be answered in full, answer the interrogatory to the extent possible, specifying each reason for the inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

BST99 1483894-1.072198.0012

3.      In answering the interrogatories, furnish all information available to you, regardless of whether or not it is based on personal knowledge or records of you, your agents or representatives of others.

4.      State which answers or parts thereof are based upon personal knowledge, and which answers or parts thereof are based upon information and belief.  For each answer or part thereof based upon information and/or belief, describe in detail and with particularity the basis for the information and/or belief.

5.      With respect to any information which you withhold, do not disclose, or assert a claim of privilege of non-disclosure, your counsel shall provide a statement which:

(a)     states the nature of the claim of non-disclosure or privilege and sets forth the statute, rule, decision or other basis which is claimed to give rise to the privilege or other justification for the non-disclosure of the requested information; and

(b)     a summary statement of the subject matter of the information requested or the document withheld in sufficient detail to permit the Court to rule on the propriety of the objection.

6.      Where anything has been deleted or redacted from a document produced in response to an interrogatory, specify:

(a)     the nature of the material deleted or redacted; and

(b)     the reason for the deletion or redaction.

7.      Where any copy or copies of any document which you produce in response to an interrogatory is/are not identical to any other copy thereof, by reason of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

8.      In producing documents in response to an interrogatory, all documents which are physically attached to each other in files, shall be left so attached.  Documents which are segregated or separated from other documents whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated.  Documents shall be produced in the order in which they were maintained.

9.      If any information requested by this discovery was at one time in existence but is no longer in existence, or has been made unavailable in any manner, you must state the following:

(a)      identify the nature of the information and state the date on which it ceased to exist;

(b)      identify the circumstances under which it ceased to exist and the identity of all persons having knowledge of the contents thereof.

## INTERROGATORIES

1.      For each officer and director of Forminster Enterprises Ltd., please identify all other companies of which that individual is a director or officer.

2.      Please list all companies that share the mailing address Diagorou 4, Kermia Building, 6th floor, Office 601, Nicosia, P.C. 1097, Cyprus.

3.      For each past or present director of Forminster Enterprises Ltd., please state the number of hours that the director spent working on company business during each year from 2000 to 2005.

4.      Please identify each person who, directly or indirectly, owns or controls more than 10% of the shares of Forminster Enterprises Ltd., and, if that person is not a natural person, each person who, directly or indirectly, owns or controls more than 10% of the shares or interest

of that person, and if that person is not a natural person, each person who, directly or indirectly, owns or controls more than 10% of the shares or interest of that person.

5.     Please identify each communication between a director or officer of Forminster Enterprises Ltd. and another person concerning this lawsuit.

6.     Please identify each communication between a director or officer of Forminster Enterprises Ltd. and another person concerning Andrew Weiss.

7.     Please identify each communication between a director or officer of Forminster Enterprises Ltd. and another person concerning criminal charges against Andrew Weiss.

8.     Please describe in detail the relationship among Kotva a.s., Forminster Enterprises Ltd., Bonalbo Fiduciaries Ltd.; Bonalbo Group Ltd.; Bonalbo Management Ltd.; Bonalbo Group U.K. Ltd.; and Bonalbo Group Cyprus Ltd.

9.     Please describe in detail how Forminster Enterprises Ltd. makes decisions relating to its interest in Kotva a.s., identifying all persons involved in the decision making process.

10.     Please describe in detail the past and present relationship between Forminster Enterprises Ltd. and  each member of Kotva's Supervisory Board, including Martin Benda.

11.     Please describe in detail the past and present relationship between Forminster Enterprises Ltd. and each member of Kotva's board of directors.

12.     Please describe in detail the past and present relationship between Forminster Enterprises Ltd. and Richard Harazim.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K T, INC. and CVF
INVESTMENTS LTD.

By their attorneys,

_____
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109-1775
(617) 535-4000

Dated: December ___, 2005

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the _____ day of December, 2005, a true
and correct copy of the foregoing document was served by hand on counsel for all other parties.

_____
Benjamin A. Goldberger

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | C.A. No. 05-10679-RCL |
| ) | |
| ANDREW WEISS, WEISS ASSET ) | |
| MANAGEMENT LLC, K T, INC. and CVF ) | |
| INVESTMENTS, LTD., ) | |
| ) | |
| Counterclaim-plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KOTVA a.s., MARTIN BENDA, RICHARD ) | |
| HARAZIM, FORMINSTER ENTERPRISES, ) | |
| LTD., SPV CO and JOHN DOES 1–5, ) | |
| ) | |
| Counterclaim-defendants. ) | |
| ) | |

## ANDREW WEISS'S, WEISS ASSET MANAGEMENT LLC'S, K T INC.'S AND CVF INVESTMENTS LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO MARTIN BENDA

Pursuant to Federal Rule of Civil Procedure 34, Andrew Weiss ("Weiss"), Weiss Asset

Management LLC ("WAM"), K T, Inc. ("K T") and CVF Investments Ltd. ("CVF") hereby

request that Martin Benda produce for inspection and copying the documents listed below at the

offices of McDermott Will & Emery LLP, 28 State Street, Boston, MA 02109 within fourteen

days of the date of service of this request or at such other time and place as may be mutually

agreed upon by the parties.

## DEFINITIONS

For purposes of this request, the following definitions shall apply:

1.      "And" shall mean and/or.

2.      "Or" shall mean and/or.

3.      "Including" shall mean "including without limitation."

4.      "Concerning", "Person", "Communication" shall have the meanings ascribed to them in Local Rule 26.5.

5.      Any entity defined or referenced herein, including Kotva a.s., shall mean the entity itself and its present and former officers, directors, agents, partners, employees, attorneys, accountants, consultants and representatives of any kind, and all parent companies, subsidiaries, divisions, affiliates, predecessors, successors and all other persons acting or purporting to act on behalf of any of the foregoing, including, but not limited to, Kotva Nemovitosti, Martin Benda, Richard Harazim, Forminster Enterprises Ltd., and SPV CO.

6.      The term "document" is used herein in its customary and broadest sense under Federal Rule of Civil Procedure 34(a)(1) and Local Rule 26.5(c)(2), and includes any form of information, be it written, recorded, photographed, or otherwise, however stored, be it on paper, disk, tape, film, electronically, analog recording medium, digital recording medium or otherwise, in your actual or constructive possession, custody, care, or control, that relates or refers, directly or indirectly, in whole or in part, to any of the subjects listed in this request or to any other matter relevant to the issues in this request.  The term "document" or "documents" also includes all drafts that are not identical with the final version, and all copies that are not identical with the original.

7.      The term "date," as well as any date specifically set forth herein, means and refers to the day, month and year, if ascertainable, or if not, the best approximation of the date (based upon relationship with other events).

8.      As used herein, the singular shall always include the plural and vice versa; and the present tense shall always include the past tense and vice versa.

9.      "Department Store" as used herein shall mean one or more of the following parcels of real estate: (a) the real estate referred to as the "Shopping Centre" in the Complaint; (b) building No. 656 (commercial facility), city district Stare Mesto, situated on lot No. 680; (c) building without any allocated number (civic facility), city district Stare Mesto, situated on lot No. 1018/2; (d plot No. 680 (built-up area and court) with an area of 4385 sq.m.; (e) plot No. 683/1 (other area) with an area of 851 sq.m.; (f) plot No. 683/2 (other area) with an area of 2963 sq.m.; (g) plot No. 683/3 (other area) with an area of 2 sq.m.; (h) plot No. 690/2 (other area) with an area of 25 sq.m.; (i) plot No. 690/3 (other area) with an area of 49 sq.m.; (j) plot No. 690/4 (other area) with an area of 9 sq.m.; (k) plot No. 1018/2 (built-up area and court) with an area of 1 sq.m.

10.      "Czech law enforcement" shall mean the police or prosecutors of the Czech Republic and any political subdivision or local authorities thereof.

11.       "Irish Investors" shall have the same meaning as that term is used in the Complaint.

## INSTRUCTIONS

1.      Documents include those which are in your actual or constructive possession, custody, care, or control, whether or not such documents were received from or disseminated to any other person or entity, including but not limited to attorneys, accountants, or employees.

2.      The obligation to produce the documents sought by this Document Request is of a continuing nature pursuant to Federal Rule of Civil Procedure 26(e).  If at any time after responding to this Request, you should acquire actual or constructive possession, custody, care, or control of any additional documents within the scope of a particular Document Request, you must identify such documents to the attorneys for the requesting parties within ten (10) days of their receipt.

3.      In the event that any responsive document was, but is no longer, in your actual or constructive possession, custody, care, or control, state what disposition was made of it, when, and the reason for such disposition.

4.      In the event that the document whose production has been requested has been destroyed, state the reason for the document's destruction and the date on which the document was destroyed; identify fully the person in whose possession, custody, care, or control the document was when it was destroyed; and identify fully the person who destroyed the document or who ordered its destruction.

5.      The final version and each draft of each document should be produced separately. Each original and each non-identical copy (bearing marks or notations not found on the original) of each final version and draft of each document should be produced separately.

6.      If you claim that any document requested is privileged or constitutes attorney-client work product, submit on the time and date of production a written statement for each document withheld sufficient to evaluate the claim of privilege or work product, including information that:

       (a)      identifies the person who prepared or authored the documents and all recipients or addressees, including recipients of copies;

(b)    specifies the date on which the document was prepared or transmitted;

(c)    describes the nature of the document (*e.g.*, letter, memorandum notice, *etc.*);

(d)    identifies the subject matter of the document;

(e)    if the document refers or relates to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describes who those persons are; and

(f)    sets forth the nature of and basis for the privilege asserted.

## DOCUMENTS TO BE PRODUCED

1.    All documents concerning this lawsuit or the decision to initiate this lawsuit.

2.    All documents concerning communications between Martin Benda and Czech law enforcement concerning Andrew Weiss.

3.    All documents concerning the criminal charges against Andrew Weiss in the Czech Republic or the decision to initiate those charges.

4.    All documents concerning communications between Martin Benda and a person or persons in Massachusetts, including but not limited to phone logs and phone bills, for those communications concerning this lawsuit or its subject matter or Andrew Weiss or Weiss Asset Management LLC.

5.    All documents concerning communications between or among Forminster Enterprises Ltd., including any of its directors, officers, employees or agents; Martin Benda; Richard Harazim; or Kotva a.s., including telephone records, day planners and calendars, for the period January 1, 2003 to present.

5

6.      All documents concerning telephone calls placed or received by Martin Benda for the period January 1, 2003 to present during which one or more participants in the telephone call discussed Andrew Weiss, Weiss Asset Management LLC, this lawsuit, or the subject matter of this lawsuit.

7.      All documents concerning agreements between or among any two or more of the following: (a) Kotva a.s.; (b) Forminster Enterprises Ltd.; (c) Martin Benda; and (d) Richard Harazim.

8.      All documents concerning financial transactions between or among any two or more of the following: (a) Kotva a.s.; (b) Forminster Enterprises Ltd.; (c) Martin Benda; and (d) Richard Harazim.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K T, INC. and CVF
INVESTMENTS LTD.

By their attorneys,

_____
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: December ___, 2005

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the ___day of December, 2005, a true and correct copy of the foregoing document was served by hand on counsel for all other parties.

_____
Benjamin A. Goldberger

BST99 1485228-1.072198.0012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | C.A. No. 05-10679-RCL |
| ) | |
| ANDREW WEISS, WEISS ASSET ) | |
| MANAGEMENT LLC, K T, INC. and CVF ) | |
| INVESTMENTS, LTD., ) | |
| ) | |
| Counterclaim-plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KOTVA a.s., MARTIN BENDA, RICHARD ) | |
| HARAZIM, FORMINSTER ENTERPRISES, ) | |
| LTD., SPV CO and JOHN DOES 1–5, ) | |
| ) | |
| Counterclaim-defendants. ) | |
| ) | |

**ANDREW WEISS'S, WEISS ASSET MANAGEMENT LLC'S, K T, INC.'S AND CVF
INVESTMENTS LTD.'S FIRST SET OF INTERROGATORIES TO MARTIN BENDA**

Pursuant to Federal Rule of Civil Procedure 33, Andrew Weiss ("Weiss"), Weiss Asset

Management LLC ("WAM"), K T, Inc. ("K T") and CVF Investments Ltd. ("CVF")

(collectively, the "Discovering Parties") hereby submit the following interrogatories to Martin

Benda.

## DEFINITIONS

Except as otherwise provided herein, the Discovering Parties hereby incorporate by reference all definitions in their First Set of Requests for Production of Documents to Martin Benda as though fully set forth herein.

1.      "Identify" shall have the meanings ascribed to it in Local Rule 26.5(c)(3)–(4) and; (a) when referring to a meeting, to state the date of the meeting, the location of the meeting, the attendees, and the subject matter addressed; and (b) when referring to a communication, to state the date the communication was made, the identity and location of the person who initiated the communication, the identities and locations of the person or persons who received the communication, and the medium (e.g., voice, electronic mail, letter, facsimile) by which the communication was made.

2.      "Persons involved in the decision making process" means any person, whether a director, officer, employee or agent of Kotva a.s. or a third party, consulted by Martin Benda prior to the making of a decision for the purpose of communicating about the subject matter of the decision, regardless of whether that communication was ultimately relied on.

## INSTRUCTIONS

1.      These interrogatories are continuing in nature and require automatic supplemental or amended responses to the extent specified in Fed. R. Civ. P. 26(e) should you or your counsel obtain further supplemental information.

2.      If any of these interrogatories cannot be answered in full, answer the interrogatory to the extent possible, specifying each reason for the inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

2

3.      In answering the interrogatories, furnish all information available to you, regardless of whether or not it is based on personal knowledge or records of you, your agents or representatives of others.

4.      State which answers or parts thereof are based upon personal knowledge, and which answers or parts thereof are based upon information and belief.  For each answer or part thereof based upon information and/or belief, describe in detail and with particularity the basis for the information and/or belief.

5.      With respect to any information which you withhold, do not disclose, or assert a claim of privilege of non-disclosure, your counsel shall provide a statement which:

(a)      states the nature of the claim of non-disclosure or privilege and sets forth the statute, rule, decision or other basis which is claimed to give rise to the privilege or other justification for the non-disclosure of the requested information; and

(b)      a summary statement of the subject matter of the information requested or the document withheld in sufficient detail to permit the Court to rule on the propriety of the objection.

6.      Where anything has been deleted or redacted from a document produced in response to an interrogatory, specify:

(a)      the nature of the material deleted or redacted; and

(b)      the reason for the deletion or redaction.

7.      Where any copy or copies of any document which you produce in response to an interrogatory is/are not identical to any other copy thereof, by reason of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

8.      In producing documents in response to an interrogatory, all documents which are physically attached to each other in files, shall be left so attached.  Documents which are segregated or separated from other documents whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they were maintained.

9.      If any information requested by this discovery was at one time in existence but is no longer in existence, or has been made unavailable in any manner, you must state the following:

(a)      identify the nature of the information and state the date on which it ceased to exist;

(b)      identify the circumstances under which it ceased to exist and the identity of all persons having knowledge of the contents thereof.

## **INTERROGATORIES**

1.      Please identify each communication between Martin Benda and another person concerning this lawsuit or the decision to initiate this lawsuit.

2.      Please identify each communication between Martin Benda and another person concerning criminal charges against Andrew Weiss.

3.      Please describe in detail the relationship among Kotva a.s., Forminster Enterprises Ltd., Bonalbo Fiduciaries Ltd.; Bonalbo Group Ltd.; Bonalbo Management Ltd.; Bonalbo Group U.K. Ltd.; and Bonalbo Group Cyprus Ltd.

4.      Please describe in detail the relationship between Forminster Enterprises, Ltd. and Martin Benda from January 1, 1999 to present.

4

5.      Please describe in detail how Martin Benda makes decisions relating to his service as Chairman of the Supervisory Board of Kotva a.s., identifying all persons involved in the decision making process.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K T, INC. and CVF
INVESTMENTS LTD.

By their attorneys,

_____
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: December ___, 2005

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the _____ day of December, 2005, a true and correct copy of the foregoing document was served by hand on counsel for each other party.

_____
Benjamin A. Goldberger

BST99 1485227-1.072198.0012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | C.A. No. 05-10679-RCL |
| ) | |
| ANDREW WEISS, WEISS ASSET ) | |
| MANAGEMENT LLC, K T, INC. and CVF ) | |
| INVESTMENTS, LTD., ) | |
| ) | |
| Counterclaim-plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KOTVA a.s., MARTIN BENDA, RICHARD ) | |
| HARAZIM, FORMINSTER ENTERPRISES, ) | |
| LTD., SPV CO and JOHN DOES 1–5, ) | |
| ) | |
| Counterclaim-defendants. ) | |
| _____ ) | |

## ANDREW WEISS'S, WEISS ASSET MANAGEMENT LLC'S, K T INC.'S AND CVF INVESTMENTS LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO RICHARD HARAZIM

Pursuant to Federal Rule of Civil Procedure 34, Andrew Weiss ("Weiss"), Weiss Asset

Management LLC ("WAM"), K T, Inc. ("K T") and CVF Investments Ltd. ("CVF") hereby

request that Richard Harazim produce for inspection and copying the documents listed below at

the offices of McDermott Will & Emery LLP, 28 State Street, Boston, MA 02109 within

fourteen days of the date of service of this request or at such other time and place as may be

mutually agreed upon by the parties.

**DEFINITIONS**

For purposes of this request, the following definitions shall apply:

1.      "And" shall mean and/or.

2.      "Or" shall mean and/or.

3.      "Including" shall mean "including without limitation."

4.      "Concerning", "Person", "Communication" shall have the meanings ascribed to them in Local Rule 26.5.

5.      Any entity defined or referenced herein, including Kotva a.s., shall mean the entity itself and its present and former officers, directors, agents, partners, employees, attorneys, accountants, consultants and representatives of any kind, and all parent companies, subsidiaries, divisions, affiliates, predecessors, successors and all other persons acting or purporting to act on behalf of any of the foregoing, including, but not limited to, Kotva Nemovitosti, Martin Benda, Richard Harazim, Forminster Enterprises Ltd., and SPV CO.

6.      The term "document" is used herein in its customary and broadest sense under Federal Rule of Civil Procedure 34(a)(1) and Local Rule 26.5(c)(2), and includes any form of information, be it written, recorded, photographed, or otherwise, however stored, be it on paper, disk, tape, film, electronically, analog recording medium, digital recording medium or otherwise, in your actual or constructive possession, custody, care, or control, that relates or refers, directly or indirectly, in whole or in part, to any of the subjects listed in this request or to any other matter relevant to the issues in this request.  The term "document" or "documents" also includes all drafts that are not identical with the final version, and all copies that are not identical with the original.

2

7.      The term "date," as well as any date specifically set forth herein, means and refers to the day, month and year, if ascertainable, or if not, the best approximation of the date (based upon relationship with other events).

8.      As used herein, the singular shall always include the plural and vice versa; and the present tense shall always include the past tense and vice versa.

9.      "Department Store" as used herein shall mean one or more of the following parcels of real estate: (a) the real estate referred to as the "Shopping Centre" in the Complaint; (b) building No. 656 (commercial facility), city district Stare Mesto, situated on lot No. 680; (c) building without any allocated number (civic facility), city district Stare Mesto, situated on lot No. 1018/2; (d plot No. 680 (built-up area and court) with an area of 4385 sq.m.; (e) plot No. 683/1 (other area) with an area of 851 sq.m.; (f) plot No. 683/2 (other area) with an area of 2963 sq.m.; (g) plot No. 683/3 (other area) with an area of 2 sq.m.; (h) plot No. 690/2 (other area) with an area of 25 sq.m.; (i) plot No. 690/3 (other area) with an area of 49 sq.m.; (j) plot No. 690/4 (other area) with an area of 9 sq.m.; (k) plot No. 1018/2 (built-up area and court) with an area of 1 sq.m.

10.     "Czech law enforcement" shall mean the police or prosecutors of the Czech Republic and any political subdivision or local authorities thereof.

11.      "Irish Investors" shall have the same meaning as that term is used in the Complaint.

## INSTRUCTIONS

1.      Documents include those which are in your actual or constructive possession, custody, care, or control, whether or not such documents were received from or disseminated to any other person or entity, including but not limited to attorneys, accountants, or employees.

2.      The obligation to produce the documents sought by this Document Request is of a continuing nature pursuant to Federal Rule of Civil Procedure 26(e).  If at any time after responding to this Request, you should acquire actual or constructive possession, custody, care, or control of any additional documents within the scope of a particular Document Request, you must identify such documents to the attorneys for the requesting parties within ten (10) days of their receipt.

3.      In the event that any responsive document was, but is no longer, in your actual or constructive possession, custody, care, or control, state what disposition was made of it, when, and the reason for such disposition.

4.      In the event that the document whose production has been requested has been destroyed, state the reason for the document's destruction and the date on which the document was destroyed; identify fully the person in whose possession, custody, care, or control the document was when it was destroyed; and identify fully the person who destroyed the document or who ordered its destruction.

5.      The final version and each draft of each document should be produced separately. Each original and each non-identical copy (bearing marks or notations not found on the original) of each final version and draft of each document should be produced separately.

6.      If you claim that any document requested is privileged or constitutes attorney-client work product, submit on the time and date of production a written statement for each document withheld sufficient to evaluate the claim of privilege or work product, including information that:

(a)      identifies the person who prepared or authored the documents and all recipients or addressees, including recipients of copies;

(b)     specifies the date on which the document was prepared or transmitted;

(c)     describes the nature of the document (*e.g.*, letter, memorandum notice, *etc.*);

(d)     identifies the subject matter of the document;

(e)     if the document refers or relates to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describes who those persons are; and

(f)     sets forth the nature of and basis for the privilege asserted.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.     All documents concerning this lawsuit or the decision to initiate this lawsuit.

2.     All documents concerning communications between Richard Harazim and Czech law enforcement concerning Andrew Weiss.

3.     All documents concerning the criminal charges against Andrew Weiss in the Czech Republic or the decision to initiate those charges.

4.     All documents concerning communications between Richard Harazim and a person or persons in Massachusetts, including but not limited to phone logs and phone bills, for those communications concerning this lawsuit or its subject matter or Andrew Weiss or Weiss Asset Management LLC.

5.     All documents concerning communications between or among Forminster Enterprises Ltd., including any of its directors, officers, employees or agents; Martin Benda; Richard Harazim; or Kotva a.s., including telephone records, day planners and calendars, for the period January 1, 2003 to present.

6.      All documents concerning telephone calls placed or received by Richard Harazim for the period January 1, 2003 to present during which one or more participants in the telephone call discussed Andrew Weiss, Weiss Asset Management LLC, this lawsuit, or the subject matter of this lawsuit.

7.      All documents concerning agreements between or among any two or more of the following: (a) Kotva a.s.; (b) Forminster Enterprises Ltd.; (c) Martin Benda; and (d) Richard Harazim.

8.      All documents concerning financial transactions between or among any two or more of the following: (a) Kotva a.s.; (b) Forminster Enterprises Ltd.; (c) Martin Benda; and (d) Richard Harazim.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS LTD.

By their attorneys,

_____
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: December ___, 2005

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the ___day of December, 2005, a true and correct copy of the foregoing document was served by hand on counsel for all other parties.

_____
Benjamin A. Goldberger

BST99 1483904-1.072198.0012

BST99 1483904-1.072198.0012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>   Plaintiff,<br><br> v.<br><br>ANDREW WEISS and WEISS ASSET<br>MANAGEMENT, LLC,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-10679-RCL |
| ANDREW WEISS, WEISS ASSET<br>MANAGEMENT LLC, K T, INC. and CVF<br>INVESTMENTS, LTD.,<br><br>   Counterclaim-plaintiffs,<br><br> v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD<br>HARAZIM, FORMINSTER ENTERPRISES,<br>LTD., SPV CO and JOHN DOES 1–5,<br><br>   Counterclaim-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANDREW WEISS'S, WEISS ASSET MANAGEMENT LLC'S, K T, INC.'S AND CVF INVESTMENTS LTD.'S FIRST SET OF INTERROGATORIES TO RICHARD HARAZIM

   Pursuant to Federal Rule of Civil Procedure 33, Andrew Weiss ("Weiss"), Weiss Asset

Management LLC ("WAM"), K T, Inc. ("K T") and CVF Investments Ltd. ("CVF")

(collectively, the "Discovering Parties") hereby submit the following interrogatories to Richard

Harazim.

## DEFINITIONS

Except as otherwise provided herein, the Discovering Parties hereby incorporate by reference all definitions in their First Set of Requests for Production of Documents to Richard Harazim as though fully set forth herein.

1.      "Identify" shall have the meanings ascribed to it in Local Rule 26.5(c)(3)–(4) and; (a) when referring to a meeting, to state the date of the meeting, the location of the meeting, the attendees, and the subject matter addressed; and (b) when referring to a communication, to state the date the communication was made, the identity and location of the person who initiated the communication, the identities and locations of the person or persons who received the communication, and the medium (e.g., voice, electronic mail, letter, facsimile) by which the communication was made.

2.      "Persons involved in the decision making process" means any person, whether a director, officer, employee or agent of Kotva a.s. or a third party, consulted by Richard Harazim prior to the making of a decision for the purpose of communicating about the subject matter of the decision, regardless of whether that communication was ultimately relied on.

## INSTRUCTIONS

1.      These interrogatories are continuing in nature and require automatic supplemental or amended responses to the extent specified in Fed. R. Civ. P. 26(e) should you or your counsel obtain further supplemental information.

2.      If any of these interrogatories cannot be answered in full, answer the interrogatory to the extent possible, specifying each reason for the inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

BST99 1483899-1.072198.0012

3.    In answering the interrogatories, furnish all information available to you, regardless of whether or not it is based on personal knowledge or records of you, your agents or representatives of others.

4.    State which answers or parts thereof are based upon personal knowledge, and which answers or parts thereof are based upon information and belief.  For each answer or part thereof based upon information and/or belief, describe in detail and with particularity the basis for the information and/or belief.

5.    With respect to any information which you withhold, do not disclose, or assert a claim of privilege of non-disclosure, your counsel shall provide a statement which:

(a)    states the nature of the claim of non-disclosure or privilege and sets forth the statute, rule, decision or other basis which is claimed to give rise to the privilege or other justification for the non-disclosure of the requested information; and

(b)    a summary statement of the subject matter of the information requested or the document withheld in sufficient detail to permit the Court to rule on the propriety of the objection.

6.    Where anything has been deleted or redacted from a document produced in response to an interrogatory, specify:

(a)    the nature of the material deleted or redacted; and

(b)    the reason for the deletion or redaction.

7.    Where any copy or copies of any document which you produce in response to an interrogatory is/are not identical to any other copy thereof, by reason of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

8.     In producing documents in response to an interrogatory, all documents which are physically attached to each other in files, shall be left so attached.  Documents which are segregated or separated from other documents whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they were maintained.

9.     If any information requested by this discovery was at one time in existence but is no longer in existence, or has been made unavailable in any manner, you must state the following:

(a)     identify the nature of the information and state the date on which it ceased to exist;

(b)     identify the circumstances under which it ceased to exist and the identity of all persons having knowledge of the contents thereof.

## INTERROGATORIES

1.     Please identify each communication between Richard Harazim and another person concerning this lawsuit or the decision to initiate this lawsuit.

2.     Please identify each communication between Richard Harazim and another person concerning criminal charges against Andrew Weiss.

3.     Please describe in detail the relationship among Kotva a.s., Forminster Enterprises Ltd., Bonalbo Fiduciaries Ltd.; Bonalbo Group Ltd.; Bonalbo Management Ltd.; Bonalbo Group U.K. Ltd.; and Bonalbo Group Cyprus Ltd.

4.     Please describe in detail the relationship between Forminster Enterprises, Ltd. and Richard Harazim from January 1, 1999 to present.

4

5.    Please describe in detail how Richard Harazim makes decisions relating to his employment at Kotva a.s., identifying all persons involved in the decision making process.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS LTD.

By their attorneys,

_____
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: December ___, 2005

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the _____ day of December, 2005, a true and correct copy of the foregoing document was served by hand on counsel for Richard Harazim.

_____
Benjamin A. Goldberger