UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-10679-RCL |
| ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD.,<br><br>Counterclaim-plaintiffs,<br><br>v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5,<br><br>Counterclaim-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COUNTERCLAIM-PLAINTIFFS' MOTION TO POSTPONE HEARING AND EXTEND TIME FOR ACTIVITY RELATING TO THE MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION OF MARTIN BENDA, RICHARD HARAZIM AND FORMINSTER ENTERPRISES LTD. PENDING RESOLUTION OF DISCOVERY DISPUTES**

Counterclaim-plaintiffs Andrew Weiss, Weiss Asset Management LLC, K T, Inc. and CVF Investments, Ltd. (collectively, the "Weiss Parties")), by and through their attorneys, hereby move to postpone the hearing and extend time for activity relating to the motions to dismiss filed by Martin Benda, Richard Harazim and Forminster Enterprises Ltd. (the "Jurisdiction Motions"), including suspending the January 6, 2006 and January 9, 2006 deadlines

to oppose the Jurisdiction Motions and postponing the January 23, 2006 hearing on the Jurisdiction Motions, pending the resolution of the parties' discovery disputes.

  1. Over *four months ago*, plaintiff Kotva a.s. received requests to produce documents that relate directly to the issues raised by Benda, Harazim and Forminster Enterprises Ltd. in the Jurisdiction Motions.[1]  Kotva has, without any justification, failed to produce responsive documents—even those to which it has no stated objection.  In late September 2005, the Weiss Parties moved to compel production of the documents Kotva is withholding.  This motion has been referred to the discovery master, appointed by the Court on December 13, 2005.

  2. On November 10, 2005, the Weiss Parties noticed a 30(b)(6) deposition of Kotva for December 16, 2005.  The subject matter for the deposition identified in the notice includes topics that relate directly to the issues raised by the Jurisdiction Motions.[2]  Despite receiving over thirty days notice of the deposition, counsel for Kotva has stated that his client will not attend the deposition due to counsel's schedule and, despite multiple requests, has yet to propose a single alternative date.

  3. Kotva's failure to respond to discovery requests is chargeable to Richard Harazim, Kotva's Chief Executive Officer; Martin Benda, the Chairman of Kotva's Supervisory Board; and Forminster Enterprises Ltd., Kotva's controlling shareholder.  *Cf. Wilson v. United*

---

[1] A number of the document requests call for the discovery of evidence that the counterclaim-plaintiffs expect will require the Court to impute Kotva's contacts with Massachusetts, including the filing of this lawsuit, to Benda, Harazim and Forminster Enterprises Ltd.  Such evidence is sufficient to warrant denial of Benda's and Harazim's Motion to Dismiss because there is specific jurisdiction over a defendant in an action for abuse of process when the defendant caused the underlying process to be issued in the state in question.  *See, e.g.*, *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42 (1st Cir. 2002)

[2] The notice calls for Kotva to produce a person willing to testify on its behalf about, among other things, "Kotva's decision to file [] this lawsuit;" "Kotva's management structure;" and "Kotva's relationship with Forminster Enterprises, Ltd."

*States*, 221 U.S. 361, 376 (1911) ("[A] command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs.  If they . . . fail to take appropriate action . . . [they] are guilty of disobedience and may be punished for contempt.").

4. By failing to produce the requested documents, Kotva has interfered with the Weiss Parties' access to documents in the possession of Benda, Harazim and Forminster relevant to the initiation of this lawsuit.  When documents and records of a corporation are requested in discovery, the corporate officers and directors with control over the documents must produce them as well.  *Riddel Sports Inc. v. Brooks*, 158 F.R.D. 555, 558–59 (S.D.N.Y. 1994) (holding that when a corporation is a party to a lawsuit, its officers must produce documents in their possession "[w]here [documents] were created in connection with the officer's function as a corporation employee, the corporation has a proprietary interest in them.").  Moreover, a subsidiary corporation can be required to produce documents held by its parent corporation when the two "acted as one."  *Addamax Corp. v. Open Software Foundation, Inc.,* 148 F.R.D. 462, 467 (D. Mass. 1993) (citing *Gerling Int'l Ins. Co. v. Comm'r of Internal Revenue*, 839 F.2d 131 (3rd Cir. 1988) and holding that pursuant to a subpoena duces tecum, a third party was required to produce documents in the control of its parent corporation).

5. Moreover, the Weiss Parties are entitled to take jurisdictional discovery from Harazim, Benda and Forminster directly.  The Weiss Parties are filing, concurrently with this Motion, a motion for jurisdictional discovery addressing this issue in more detail.  Pursuant to the Court's Order appointing a Discovery Master, this discovery motion is simultaneously being submitted to her.  Counsel for Benda, Harazim and Forminster have stated that they will oppose any attempt to take jurisdictional discovery from their clients.

6. The Court has allowed the Weiss Parties' assented-to motions to extend time to respond to the Jurisdiction Motions up to and including January 9, 2006 for Forminster's motion and January 6, 2006 for Benda's and Harazim's motion. In allowing the assented-to motion to extend time for the response to Benda's and Harazim's motion, the notation was made that "no further extensions will be allowed by the Court."

7. The Court should not force the Weiss Parties to respond to the Jurisdiction Motions when the company that the counterclaim-defendants control has stopped the discovery process in its tracks and improperly denied the Weiss Parties access to evidence relevant to the counterclaim-defendants' contacts with this forum. Forcing the Weiss Parties to respond without discovery will reward Kotva's obstructionist tactics.

8. The Court has scheduled a hearing on all pending motions, including the Jurisdiction Motions, for January 23, 2006. The Weiss Plaintiffs suggest that the Court should still address Kotva's motion to dismiss for failure to state a claim, filed in June 2005, at this hearing. However, significant disputes over discovery remain unresolved that should be resolved before the Weiss Parties respond to the motion to the Jurisdiction Motions.

9.  Accordingly, the Weiss Parties respectfully request that the Court postpone the January 23, 2006 hearing as it relates to the Jurisdiction Motions and extend the time for the Weiss Parties to respond to the Jurisdiction Motions pending the resolution of the related discovery motions.

        Respectfully Submitted,

        ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD.

        By their attorneys,

        /s/ Benjamin A. Goldberger
        Edward P. Leibensperger (BBO# 292620)
        Benjamin A. Goldberger (BBO# 654357)
        McDermott Will & Emery LLP
        28 State Street
        Boston, Massachusetts 02109-1775
        (617) 535-4000

Dated: December 20, 2005

## LOCAL RULE 7.1 CERTIFICATE OF CONSULTATION

I, Benjamin A. Goldberger, hereby certify that counsel for the counterclaim-plaintiffs conferred with counsel for Kotva, Benda and Harazim as well as counsel for Forminster Enterprises Ltd., and attempted in good faith to resolve or narrow the issues presented by this motion. Counsel for Benda and Harazim assent to an extension of time up to and including January 6, 2006 to respond to their motion to dismiss, but oppose any further extension. Counsel for Forminster Enterprises Ltd. assented to an extension of time up to and including January 9, 2006 to respond to its motion to dismiss, but oppose any further extension.

        /s/ Benjamin A. Goldberger
        Benjamin A. Goldberger

BST99 1484405-3.072198.0012