UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><br><br> ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5, <br><br> Counterclaim-defendants. | C.A. No. 05-10679-RCL |

**OPPOSITION OF KOTVA, MARTIN BENDA AND RICHARD HARAZIM TO COUNTERCLAIM PLAINTIFFS' MOTION TO POSTPONE HEARING AND FURTHER EXTEND TIME TO OPPOSE MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MOTION FOR FURTHER JURISDICTIONAL DISCOVERY**

**INTRODUCTION**

Counterclaim Plaintiffs' motions simply repeat their request for relief that the

Court already considered and rejected as part of its Order dated December 15, 2005.

Nothing has changed, and the renewed motions should be denied again. Counterclaim

Plaintiffs, moreover, have no factual or legal bases to assert personal jurisdiction over

1

Messrs. Harazim and Benda. It is time, therefore, for Counterclaim Plaintiffs to either oppose the pending motions to dismiss, or drop these individuals from the lawsuit. No amount of further delay or "jurisdictional discovery," will change the fundamental fact that Messrs. Harazim and Benda not only haze zero contacts with the forum, they were not even on the Kotva Board of Directors when this action was initiated (which is the (faulty) legal basis on which the counterclaim defendants peg personal jurisdiction). In short, Counterclaim Plaintiffs' transparent effort to delay the disposition of the motion to dismiss should be put to an end.

## ARGUMENT

### I. The Court Has Already Denied These Requests

As part of their assented to motion for a three-week extension, "Counterclaim Plaintiffs" stated that they would be filing motions for further jurisdictional discovery and for an additional extension for their opposition to the motion to dismiss (until after that discovery was completed). (Assented to Motion ¶¶ 4, 5) Specifically, their motion stated:

> The Weiss parties believe that they are entitled to take discovery from Benda and Harazim, and Forminster Enterprises Ltd. relating to personal jurisdiction. Counsel for each of these parties have stated that the counterclaim-defendants will object to any jurisdictional discovery. The Weiss Parties are preparing a motion seeking jurisdictional discovery, which they expect will be opposed.
> \* \* \* \*
> Accordingly, the Weiss Parties will file a motion seeking an additional extension of time to respond to the motions to dismiss on personal jurisdiction grounds pending the resolution of these discovery disputes.

Id. (emphasis added).

The Court granted the three-week extension but specifically stated that "NO FURTHER EXTENSIONS WILL BE ALLOWED BY THE COURT." (emphasis in original). For this reason alone, Counterclaim Plaintiffs' motions should be denied.

### II. As A Matter Of Law, There Is No Personal Jurisdiction Over Benda And Harazim

Counterclaim Plaintiffs pin jurisdiction over Benda and Harazim to Kotva's filing of this lawsuit.[1] According to Counterclaim Plaintiffs, "Kotva must have filed this lawsuit by acting through one of its officers, directors or employees. That individual is subject to specific jurisdiction in Massachusetts for a claim of abuse of process." (Memo at 6) This overly simplistic analysis, however, ignores the constitutional underpinnings of personal jurisdiction and the established principle that jurisdiction over the corporation does not confer jurisdiction over its officers. Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 n.2 (1st Cir. 1999) (stating three prong constitutional analysis for specific jurisdiction); Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 906 (1st Cir. 1980) (jurisdiction over the corporation does not confer jurisdiction over its officers).[2]

---

[1] Counterclaim Plaintiffs also argue that the Court has jurisdiction because Benda allegedly directed Harazim to send several emails to Massachusetts. (Memo at 6-7). But as explained in the memorandum in support of the motion to dismiss for lack of personal jurisdiction, these reply emails have nothing to do with the counterclaims, which all sound in tort. To satisfy the "minimum contacts" standard for a **tort** claim, the in-state activities must constitute both the "but for" and the legal cause of the claim. Phillips, 196 F.3d at 289; Champion Exposition Services, Inc. v. Hi-Tech Electric, LLC, 273 F.Supp.2d 172, 177 (D.Mass. 2003). Counterclaim Plaintiffs' citation to **contract** cases like Workgroup Tech. Corp. v. MGM Grand Hotel, 246 F.Supp.2d 102, 112 (D.Mass. 2003) is misleading because in contract claims the in-state activities need only be the "but for" cause. (Memo at 7). Workgroup Tech, moreover, is highly distinguishable. In that case, the Court exercised jurisdiction over a Nevada company—not its officers— because it sent multiple faxes, phone calls and emails to Massachusetts that were "crucial to the formation of the contract in dispute." Id. at 111. Here, Harazim's reply e-mails have nothing to do with the counterclaims.

[2] Counterclaim Plaintiffs' reliance on Trans National Travel, Inc. v. Sun Pacific International, Inc., 10 F.Supp.2d 79, 83 (D.Mass. 1998) is misplaced. That case did not even involve an abuse of process claim. Rather, it was a breach of contract action where the Court exercised jurisdiction over a corporate officer

3

But even applying Counterclaim Plaintiffs' misguided view of the law to this case, there is still no basis for personal jurisdiction over Benda and Harazim. The indisputable facts are that Kotva's Board of Directors made the decision to file this lawsuit. <u>Neither Benda nor Harazim were on the Board of Directors when it made that decision</u>. (Affidavit of Richard Harazim ¶17; Affidavit of Martin Benda ¶9; Kotva's Answers to Interrogatory No. 5). Thus, even under Counterclaim Plaintiffs' warped legal theory, there is no personal jurisdiction over Benda and Harazim.

### III. <u>Counterclaim Defendants Already Have Produced The Jurisdictional Information Sought And There Is No Need For Further Jurisdictional Discovery</u>

Counterclaim Plaintiffs argue that they are being prejudiced because they do not have information relating to the decision to file this lawsuit, and the relationship among Kotva, Forminster Enterprises Ltd ("FEL"), Benda and Harazim. (Memo at 7). That information, however, has been produced and is contained in Kotva's document production, answers to interrogatories, and the affidavits of Martin Benda, Richard Harazim, and Rena David.[3]

Indeed, Kotva has answered interrogatories and produced its non-confidential documents. It also has repeatedly offered to produce its confidential documents subject to a confidentiality order. Counterclaim Plaintiffs—not Kotva—prevented the production

---

who conceded that his contacts with Massachusetts were sufficient to invoke personal jurisdiction. <u>Id.</u> In stark contrast, the indisputable jurisdictional facts here show that Benda and Harazim have no contacts whatsoever with Massachusetts.

[3] Simply stated, Kotva's Board of Directors decided to initiate this lawsuit. (Kotva's Answers to Interrogatory No. 5; Harazim Aff. ¶17; Benda Aff. ¶9) Neither Benda nor Harazim were on the board at the time that decision was made. (Harazim Aff. ¶17; Benda Aff. ¶9) There is no such thing as the "Forminster Group," and FEL had nothing to do with the filing of this lawsuit. (Harazim Aff. ¶¶ 13-17; Benda Aff. ¶¶ 7-9; David Aff. ¶¶ 18, 22, 25) Finally, FEL's relationship with Kotva is that of a shareholder in a public company. (Harazim Aff. ¶¶ 9; David Aff. ¶¶13-25).

of these documents by refusing to agree to <u>any</u> confidentiality and instead filing a motion to compel.[4]

Moreover, Counterclaim Plaintiffs' statement that "Kotva has improperly failed to produce documents relevant to the question of personal jurisdiction—such as '[a]ll documents concerning the decision to initiate this lawsuit'—despite stating no objection to producing those documents" is false. (Memo at 9) Indeed, Kotva objected to Document Request No. 24, which sought "[a]ll documents concerning the decision to initiate this lawsuit," because those documents are privileged. Although Counterclaim Plaintiffs moved to compel documents responsive to twelve (12) other requests, they did <u>not</u> move to compel production of these documents. Their inaction with respect to these documents belies the notion that the documents are critical to their counterclaims. Regardless, Benda and Harazim have both submitted affidavits providing this requested information—namely, the decision to initiate this lawsuit was made by Kotva's Board of Directors, and that they were not on the board at the time the decision was made. (Benda Aff. ¶18; Harazim Aff. ¶9).

## CONCLUSION

For these reasons, the Court should deny Counterclaim Plaintiffs' request for the second and final time.

---

[4] Kotva offered to produce its confidential documents provided that they were treated as "for attorneys' eyes" only pending the resolution of the motion to compel. Counterclaim Plaintiffs summarily rejected that proposal without giving any reason. In discussing the 30(b)(6) deposition, Kotva renewed its proposal concerning the confidential documents. Kotva did this so that Counterclaim Plaintiffs would have the documents for the deposition and the Kotva representative would not have come back from Prague after the confidentiality issue was resolved. Counterclaim Plaintiffs again rejected this practical suggestion—without offering any justification or counterproposal. In short, Counterclaim Plaintiffs are in no position to complain about not having documents—they have refused to accept them.

        Respectfully submitted,

        Richard Harazim and Martin Benda

        By their attorneys,

        /s/ Joel G. Beckman_____
        Joel G. Beckman BBO#553086
        William C. Nystrom BBO#559656
        Dana A. Zakarian BBO# 641058
        Nystrom Beckman & Paris LLP
        10 St. James Ave., 16th Floor
        Boston, Massachusetts 02116
        (617) 778-9100
        (617) 778-9110 (fax)

Dated: January 3, 2006