UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KOTVA A.S., )
 )
 ) Civil Action No. 05-10679-RCL
v. )
 )
WEISS, ET AL. )

ORDER OF SPECIAL MASTER

After hearing held on this date, and all parties being represented and heard, it is hereby ORDERED:

1. The Counterclaim Plaintiffs' Motion to Compel Production of Documents, and For Expenses and Sanctions, is hereby ALLOWED and production is to be made no later than January 17, 2005, with the following exceptions:

   a. Request no. 28: The time period is limited to January 1, 2000 to date.

   b. Requests no. 44 and 45: DENIED. The requests may be reframed more narrowly so that they target documents relevant to the instant allegations.

   c. Requests nos. 35 through 41: DENIED. By agreement, counterclaim plaintiffs will seek the requested information about the interrelationships and agreements among the Listed Companies by means of interrogatories. Kotva shall respond to such interrogatories within 30 days of receipt. Thereafter, counterclaim plaintiffs may formulate more narrowly focused requests for production of documents.

By agreement between the parties, the answer to Interrogatory no. 5 will be supplemented by January 17, 2006.

The motion for expenses and sanctions is hereby DENIED without prejudice to renewal if

1

production is not made consistent with the terms of this Order.

2. Plaintiff's Request for Entry of Confidentiality Order is hereby DENIED. No good ground for such a blanket order has been demonstrated and the documents specifically identified as confidential (i.e., the purchase and sale agreement for the Department Store, the escrow agreement, documents concerning the negotiations and sale of the Department Store, and documents concerning the receipt and holding of the sale proceeds) have not been shown to warrant protection. The notion that confidentiality orders should be or are "routinely granted in most commercial cases" is rejected as inconsistent with Fed. R. Civ. P. 26(c). Similarly rejected is the proposition that the requesting party must "offer [a] good reason why the Court should not enter a confidentiality order." Moreover, the suggested procedure by which the plaintiff would unilaterally deem documents "confidential" and then place the onus upon the discovering party to move to remove the designation unfairly and improperly shifts the burden of proof.

Any party that withholds production on the ground of privilege or a claim of confidentiality must identify all withheld documents and state the grounds for non-production or protection in a production log. In order to expedite the resolution of issues with respects to claims of business confidentiality, the producing party must submit a copy of documents which are claimed to contain confidential information to the Special Master for *in camera* review, along with a motion for a protective order under Rule 26(c). Privileged documents need not be submitted for *in camera* review.

3. The Counterclaim Plaintiffs' Motion for Civil Rico Statement is hereby ALLOWED by agreement of the parties. The statement shall be filed and served no later than February 6, 2006.

4.  The Counterclaim-Plaintiffs' Motion to Take Jurisdictional Discovery is hereby DENIED.  The motion seeks discovery which is not narrowly tailored to jurisdictional issues.  Moreover, the discovery requested is manifestly unnecessary in light of jurisdictional facts already known to the counterclaim plaintiffs, and discovery which is ordered herein to be produced within ten days.  Finally, the motion is untimely in light of the currently scheduled hearing on the motions to dismiss for lack of jurisdiction and no good cause for the delay has been demonstrated.

So ordered this 6th day of January, 2006.

/s/ Jeanne M. Kempthorne
_____
Special Master