# CLEMENTS & CLEMENTS, LLP
### 50 FEDERAL STREET
### BOSTON, MASSACHUSETTS 02110

**Jeffrey D. Clements**                                                Phone:  (617) 451-1802
jclements@clementsllp.com                                              Fax:    (617) 451-6060

January 25, 2006

**BY ELECTRONIC FILING AND FIRST CLASS MAIL**

Ms. Lisa Hourihan
Courtroom Clerk to the Honorable Judge Lindsay
United States District Court for the
District of Massachusetts
One Courthouse Way
Boston, MA 02210

> Re:   **Kotva v. Andrew Weiss and Weiss Asset Management, LLC;
>        United States District Court, District of Massachusetts No. 05-10679-RCL**

Dear Ms. Hourihan:

      I represent Counterclaim Defendant Forminster Enterprises Ltd. ("FEL") in the above-captioned matter.  I am writing in response to Judge Lindsay's request that the parties communicate our views to you as to whether the Court should refer the pending motions to dismiss the Counterclaim for lack of personal jurisdiction.  With respect to FEL's Motion to Dismiss the Counterclaim for Lack of Personal Jurisdiction, for several reasons, and with great respect for both the Court's docket and the capabilities of the Discovery Master, we do not believe that the Court should refer FEL's motion to the Discovery Master.

      First, FEL's motion to dismiss, which was filed on November 14, 2005, has been fully briefed, and is ripe for decision.  Second, no discovery issues as to FEL are outstanding, and where FEL has no contacts whatsoever with this jurisdiction, no discovery is warranted.  Third, the Discovery Master already has considered and <u>denied</u> the Counterclaim Plaintiffs' motion for jurisdictional discovery, after briefing and argument on the matter.  See Order of Discovery Master, January 7, 2006 (Docket No. 55, ¶ 4).  This Order clearly was well-founded.  *See United States v. Swiss American Bank, Ltd.*, 274 F.3d 610, 625-26 (1st Cir. 2001) (district court properly denied jurisdictional discovery where plaintiff had not adequately demonstrated need); *Sunview Condominium Association v. Flextel International, Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997) (plaintiff seeking jurisdictional discovery had not acted diligently and was not entitled to the discovery sought); *Noonan v. Winston Co.*, 902 F. Supp. 298, 306-09 (D. Mass. 1995) (denying plaintiff's request for jurisdictional discovery because information sought would not aid in resolving jurisdictional issues).

January 25, 2006
Page 2

      Finally, because any report and recommended decision of the Discovery Master as to FEL's Motion to Dismiss for Lack of Personal Jurisdiction would be virtually certain to be brought before the Court for review by one party or the other, reference of FEL's motion to the Discovery Master would not best serve the interests of efficiency or judicial economy. For these reasons, we respectfully suggest that FEL's motion to dismiss should be decided by the Court in the ordinary course.

                                                Sincerely yours,

                                                /s/ Jeffrey D. Clements

                                                Jeffrey D. Clements

cc:      Ingrid S. Martin, Esq.
           Joel G. Beckman, Esq.
           Edward P. Leibensperger, Esq.