UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANDREW WEISS and WEISS ASSET | ) |
| MANAGEMENT, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) C.A. No. 05-10679-RCL |
| | ) |
| ANDREW WEISS, WEISS ASSET | ) |
| MANAGEMENT LLC, K T, INC. and CVF | ) |
| INVESTMENTS, LTD., | ) |
| | ) |
| Counterclaim-plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| KOTVA a.s., MARTIN BENDA, RICHARD | ) |
| HARAZIM, FORMINSTER ENTERPRISES, | ) |
| LTD., SPV CO and JOHN DOES 1–5, | ) |
| | ) |
| Counterclaim-defendants. | ) |
| | ) |

**EMERGENCY MOTION OF ANDREW WEISS AND
WEISS ASSET MANAGEMENT LLC FOR PROTECTIVE ORDER**

Defendants Andrew Weiss ("Weiss") and Weiss Asset Management LLC ("WAM"), by

and through their attorneys, hereby move for a protective order to limit the number and content

of third party subpoenas issued by counsel for the plaintiff. As explained in more detail below,

the plaintiff is abusing its ability to issue subpoenas in an effort to use the subpoena process and

the imprimatur of the United States Courts to spread false allegations about Andrew Weiss. In

support of this Motion, Weiss and WAM state:

1.      Notwithstanding the sixty-three document requests that plaintiff K-T-V Invest[1] ("K-T-V") served on Weiss and WAM, K-T-V has been sending subpoenas to third parties who are or were investors in Brookdale Global Opportunity Fund or its predecessor, the Czech Value Fund.  These subpoenas are unnecessary, calling for the production of documents that K-T-V will obtain directly from Weiss and WAM.  K-T-V's subpoenas also contain repeated references to a purported "criminal indictment" of Andrew Weiss that does not exist.  These scandalous accusations, issued by K-T-V's counsel as an officer of the court and bearing the banner of the United States Courts, are an improper and unjustified misuse of the subpoena power.

2.      Rule 26(c) provides, in pertinent part, that on a showing of "good cause" this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Subpoenas are discovery devices, subject to both Rule 26(c) and 26(g).  *See Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 265, 268–69 (10th Cir. 1995) (affirming award of sanctions for violation of Rule 26(g) when Rule 45 subpoena sought documents previously requested by party and "was interposed for purposes of harassment, unnecessary delay and increase in the cost of litigation").

3.      To date, K-T-V's attorneys have issued three subpoenas to non-parties: QVT Financial, David Waxman[2] and Kochis Fitz Tracy Fitzhugh & Gott, Inc.  The three subpoenas are attached hereto as Exhibits 1–3.  Based on a review of these exhibits, it appears that K-T-V

---

[1] Kotva a.s. has changed its name to K-T-V Invest a.s.  *See* Affidavit of Richard Harazim ¶ 6 n.1 (submitted in connection with Harazim's Motion to Dismiss).

[2] Undersigned counsel understand that the subpoena to David Waxman was served on a Friday evening with a return time of 2:00 p.m. on Monday afternoon.  Although counsel for K-T-V subsequently agreed to permit Dr. Waxman an additional five days to respond, demanding production of documents over a weekend is not in keeping with counsel's obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."  FED. R. CIV. P. 45(c)(1).

may have failed to comply with paragraph 2 of the Court's December 13, 2005 Order Appointing Discovery Master, which requires that "[a]ny party serving a subpoena on a nonparty to this action must also serve the recipient thereof with a copy of this order."

4.      K-T-V's subpoenas seek documents that are largely duplicative of K-T-V's sixty-three document requests served on Weiss and WAM.  Counsel for Weiss and WAM have been diligently gathering documents, reviewing them for responsiveness and privilege and preparing to produce documents to K-T-V within the time period agreed upon by the parties.  K-T-V can show no good reason why third parties, whose sole involvement with this case is that they, at one point, purchased minority interests in an investment fund, should be forced to gather and produce duplicative documents.  There is no realistic prospect for K-T-V to gain any useful information by subpoenaing investors.  Moreover, having subpoenaed three investors already, K-T-V stands to gain even less legitimate discovery through further subpoenas.

5.      In view of the minimal value K-T-V's subpoenas could possibly have as a discovery tool, their primary purpose appears to be a vehicle for sending notices that start with the words "Issued by the United States District Court" and contain the words "criminal indictment against Weiss."  This is not a proper purpose for discovery.  Indeed, the subpoenas are an abuse of the discovery process and, it is submitted, intended to harm Weiss with his investors.  The Court should enter an order placing limits on K-T-V's use of the subpoena power. *See* FED. R. CIV. P. 26(c), 26(g).

6.      There is no criminal indictment of Andrew Weiss.  Instead, K-T-V, apparently through its CEO, Richard Harazim, filed a criminal complaint with the Czech police.  Subsequently, the Czech police and a municipal prosecutor initiated a criminal investigation of

Andrew Weiss, among others.  K-T-V's complaint is groundless and the case has not proceeded beyond the investigation stage, let alone to any so-called indictment.

7.      K-T-V, as one of the alleged victims in the criminal investigation, has access to the Czech criminal investigation file.  It knows full well that no "indictment" exists.  Counsel for K-T-V persist in ignoring that fact and argue that merely because the Czech Police have begun an investigation of Weiss, Weiss has been indicted.

8.      On January 30, 2006, Benjamin Goldberger representing the Defendants and Daniel Pasquarello representing Kotva spoke by telephone for approximately ten minutes at 5:05 p.m.  Messrs. Pasquarello and Goldberger spoke again by telephone for approximately fifteen minutes at 2:35 p.m. and five minutes at 3:40 p.m. on January 31, 2005.   During these conversations, counsel were unable to come to an agreement with respect to future subpoenas of third-party investors.  Mr. Pasquarello would not confirm that the subpoenas served to date were accompanied by copies of the Court's December 13, 2005 Order Appointing Discovery Master, but stated that counsel for Kotva did not violate that Order.

9.      For the above reasons, the Court should enter a protective order preventing K-T-V from issuing additional subpoenas to third party investors or, in the alternative, order K-T-V not to issue any additional subpoenas that refer to a non-existent indictment.

10.     Counsel submit this Motion on an emergency basis as, given fourteen days to respond, K-T-V will be able to issue further subpoenas during that time.  Counsel for K-T-V refused to agree to stop issuing subpoenas to third party investors pending the resolution of this Motion.

## REQUEST FOR ORAL ARGUMENT

Weiss and WAM believe that oral argument may assist the Discovery Master and wish to be heard. Accordingly, pursuant to Local Rule 7.1(d), Weiss and WAM hereby request oral argument on an expedited basis.

.                                      Respectfully Submitted,

                                       ANDREW WEISS, WEISS ASSET
                                       MANAGEMENT LLC, K T, INC. and CVF
                                       INVESTMENTS LTD.

                                       By their attorneys,


                                       /s/ Benjamin A. Goldberger
                                       Edward P. Leibensperger (BBO# 292620)
                                       Benjamin A. Goldberger (BBO# 654357)
                                       McDermott Will & Emery LLP
                                       28 State Street
                                       Boston, Massachusetts  02109-1775
                                       (617) 535-4000

Dated: January 31, 2006


## CERTIFICATE OF CONSULTATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

I hereby certify that counsel for Weiss and WAM conferred with counsel for Kotva a.s. as described above and have attempted in good faith to resolve or narrow the issues presented by this Motion and have complied with the provisions of Local Rule 37.1.

                            /s/ Benjamin A. Goldberger
                            Benjamin A. Goldberger


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 31, 2006.

                            /s/ Benjamin A. Goldberger
                            Benjamin A. Goldberger

BST99 1489493-1.072198.0012

Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

KOTVA A S ,

SUBPOENA *duces tecum* IN A CIVIL CASE

                    Plaintiff,

Case Number: 05-10679-RCL

United States District Court for the
District of Massachusetts

            v.

WEISS, et al ,

                Defendants

TO:    DAVID WAXMAN
       30 Clements Road
       Newton, Massachusetts 02458

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to
testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of
the following documents or objects at the
place, date and time specified below:  SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| NYSTROM BECKMAN & PARIS LLP | January 23, 2006, |
| 10 St. James Avenue, 16th Floor | 2:00 p m |
| Boston, MA 02116 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Defendant | DATE January 11, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Daniel J. Pasquarello, Esq.
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Floor
Boston, MA 02116
617-778-9100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

## PROOF OF SERVICE

|  | Date | Place |
|---|---|---|
| SERVED | | |

---

SERVED ON (PRINT NAME)                    MANNER OF SERVICE

---

SERVED BY (PRINT NAME)                    TITLE

---

### DECLARATION OF SERVER

---

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____                    _____
            Date                               SIGNATURE OF SERVER

                                               _____
                                               ADDRESS OF SERVER

                                               _____

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated material or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or
(iv) subjects a person to undue burden

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research. development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial. the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or. if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions

### (d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications. or things not produced that is sufficient to enable the demanding party to contest the claim

## EXHIBIT A

## INSTRUCTIONS AND DEFINITIONS

The meaning of all non-defined terms shall be in accordance with their ordinary and accepted usage. Plaintiff adopts and incorporates by reference the definitions and instructions for discovery contained in the Federal Rules of Civil Procedure and Local Rule 26.5, and in addition, supplements them with the following definitions and instructions:

1.    "WAXMAN" "you" and "your" shall refer to David Waxman, as well as nominees, agents, attorneys, independent contractors, experts or any person or entity acting for or on behalf of Waxman

2.    "WEISS" shall refer to defendant Andrew Weiss, as well as nominees, agents, attorneys, independent contractors, experts or any person or entity acting for or on behalf of Weiss

3.    "WAM" shall refer to defendant Weiss Asset Management, LLC and each of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, and employees

4.    "WEISS CAPITAL" refers to Weiss Capital, LLC and each of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, and employees.

5.    "PLAINTIFF" and "KOTVA" refer to Kotva a.s.

6.    "ACTION" refers to the above-captioned action filed by Kotva in the United States District Court for the District of Massachusetts.

7.    "COMPLAINT" means the complaint Kotva filed in the Action.

8. "CVF Ltd" refers to CVF Investments, Ltd. and any of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of CVF.

9. "BGO" refers to the Brookdale Global Opportunity Fund, its predecessor, the Czech Value Fund, and any of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of BGO.

10. "BGO SHARES" means the 11 8% block of Kotva shares originally purchased by or on behalf of BGO's predecessor.

11. "BROOKDALE GROUP" refers to the Brookdale Group, Ltd , owned in part by Weiss, which at one time was the investment manager of BGO.

12. "CZECH LAWSUITS" means the legal actions filed in the Czech Republic by Gilroy, KT and Balindor against Kotva a.s. and others.

13. "IRISH INVESTORS" has the same meaning as that term is used in the Complaint.

14. "TREND" refers to the Czech investment fund known by that name.

15. "FORMINSTER" refers to Forminster Enterprises Limited.

16. "KT" refers to the "counterclaim plaintiff" KT, Inc. and any of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of KT.

17.    "DOCUMENT" is used in accordance with Fed. R. Civ. P. 34(a) and Local Rule 26.5, and shall include, but is not limited to, all writings of any nature whatsoever within the possession, custody or control of Weiss and/or WAM or any agent, employee, representative (including, without limitation, attorneys, subcontractors and accountants) or any other person acting or purporting to act for or on behalf of Weiss and/or WAM including, but not limited to, contracts, agreements, communications, correspondence, telegrams, memoranda, records, reports, books, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, forecasts, statistical statements, work papers, drafts, copies, graphs, charts, accounts, analytical records, minutes or records of meetings or conferences, consultants' reports, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, drafts, notes, marginal notations, bills, invoices, checks, photographs, lists, journals, diaries, advertising, computer tapes and cards and all other written, printed, recorded or photographic matter or sound reproduction, however produced or reproduced. "DOCUMENT" shall also include all electronic data files, including word processing documents, spreadsheets, database files, charts, drafts, outlines, e-mail, PDF files, batch files, deleted files, and all other electronic data stored on computer memories, hard disks, floppy disks, cd-rom, or any other method.

18.    The term "DOCUMENT" includes without limitation: (a) the original and/or any non-identical original or copy, including those with any marginal note or comment or showing additions, deletions or substitutions; (b) drafts; (c) attachment to or enclosure with any document; and (d) every document referred to in any other documents

19.    The words "AND," as well as "OR," shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all documents that

3

might otherwise be construed to be outside its scope.

20.    "ALL" includes "any."

21.    "DATE" and "WHEN" mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

22.    All references to the singular include the plural, all references to the plural include the singular; and all references to the masculine gender include the feminine and neuter genders.

23.    The past tense of a verb used herein includes the present and vice versa.

24.    The obligation to produce the documents sought by this Document Request is of a continuing nature pursuant to Federal Rule of Civil Procedure 26(e). If at any time after responding to this Request, you should acquire actual or constructive possession, custody, care or control of any additional documents within the scope of a particular Document Request, you must identify such documents to the attorneys for the requesting parties within ten (10) days of their receipt.

25.    In the event that the document whose production has been requested has been destroyed, state the reason for the document's destruction and the date on which the document was destroyed; identify fully the person in whose possession, custody, care, or control the document was when it was destroyed; and identify fully the person who destroyed the document or who ordered its destruction.

26.    If you claim that any document requested is privileged or constitutes work product, submit on the time and date of production a written statement for each document withheld sufficient to evaluate the claim of privilege or work product, including information that:

        a.    identifies the person who prepared or authored the document and all
               recipients or addressees, including recipients of copies;

        b.    specifies the date on which the document was prepared or transmitted;

4

    c.    describes the nature of the document (*e g* , letter, memorandum, notice, *etc* )

    d.    identifies the subject matter of the document;

    e.    if the document refers or relates to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describes who those persons are; and,

    f.    sets forth the nature and basis for the privilege asserted.

## DOCUMENT REQUESTS

1. All documents concerning your purchase, holding, and/or sale of any investment in BGO.

2. All communications with BGO, Weiss, WAM, and/or Weiss Capital.

3. All communications with or documents concerning current or former investors of BGO.

4. All account statements concerning BGO, Weiss, WAM, and/or Weiss Capital.

5. All marketing information, prospectuses, literature, or other materials in your possession concerning BGO, Weiss, WAM, and/or Weiss Capital.

6. All documents concerning BGO's investments, holding, and/or sale of any interest in Kotva.

7. All documents concerning BGO's investment, holding, and/or sale of any interest in Trend.

8. All communications concerning Trend, Kotva, this action, the Czech Lawsuits, and/or the criminal indictment against Weiss.

9. All documents concerning the management of BGO, including all management contracts or other agreements with Weiss, WAM, Weiss Capital, Brookdale Group, and/or

Howard Golden

10.    All documents concerning: (a) the formation of CVF Ltd; (b) communications with CVF Ltd; and/or (c) the transfer/sale of Kotva or Trend shares to CVF Ltd.

11.    All documents concerning any valuation of Kotva and/or Kotva's shares, Trend shares, and/or BGO's shares, including any valuations performed for the benefit of BGO's investors.

12.    All documents concerning Kotva shareholder votes and proxies, including but not limited to BGO's vote in favor of electing Martin Benda and Richard Harazim to the Kotva board.

13.    All documents concerning the Trend settlement with Forminster, including without limitation all communications with BGO's investors concerning the Trend settlement.

14    All documents concerning a potential or contemplated transfer of BGO's shares in Trend and/or Kotva to KT, Inc

15.    All documents concerning any effort to sell or market for sale the Kotva shares

16.    All documents concerning the criminal indictment against Weiss in the Czech Republic.

17    All documents concerning Czech criminal investigations of Howard Golden, Weiss and/or Brookdale Group, including but not limited to investigations concerning the transfer/sale of RIF shares or other shares of funds managed by PIAS, CEPF, and/or MCF.

18.    All other documents, of whatever nature, relating to BGO, Weiss, WAM, Weiss Capital, Kotva, Trend, or any other investment held by you with interests in the Czech Republic.

6

Issued by the
# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

KOTVA A S.,

SUBPOENA *duces tecum* IN A CIVIL CASE

Plaintiff,

Case Number: 05-10679-RCL

United States District Court for the
District of Massachusetts

v.

WEISS, et al ,

Defendants.

TO:    QVT FINANCIAL, L P., 527 Madison Avenue, 8th Floor, New York, New York 10022

C/O:    Evan T Barr, Esq
Steptoe & Johnson, LLP
750 Seventh Avenue, Suite 1900
New York, NY 10019

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to
testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of
the following documents or objects at the
place, date and time specified below: SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Law Offices of Thomas M. Mullaney | February 15, 2006 |
| 708 Third Avenue, Suite 2500 | 2:00 p m. |
| New York, New York 10017 | |
| Tel. (212) 223-0800 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiff | DATE January 25, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Daniel J. Pasquarello, Esq
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Floor
Boston, MA 02116
617-778-9100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| Date | Place |
|------|-------|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
    Date

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person to the place of production or inspection unless commanded to appear for deposition hearing or trial

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated material or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated the court may order appearance or production only upon specified conditions

### (d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim

## EXHIBIT A

## INSTRUCTIONS AND DEFINITIONS

The meaning of all non-defined terms shall be in accordance with their ordinary and accepted usage. Plaintiff adopts and incorporates by reference the definitions and instructions for discovery contained in the Federal Rules of Civil Procedure and Local Rule 26.5, and in addition, supplements them with the following definitions and instructions:

1.    "QVT" "you" and "your" shall refer to QVT Financial L.P., as well as nominees, agents, attorneys, independent contractors, experts or any person or entity acting for or on behalf of QVT.

2    "WEISS" shall refer to defendant Andrew Weiss, as well as nominees, agents, attorneys, independent contractors, experts or any person or entity acting for or on behalf of Weiss

3.    "WAM" shall refer to defendant Weiss Asset Management, LLC and each of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, and employees

4.    "WEISS CAPITAL" refers to Weiss Capital, LLC and each of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, and employees.

5.    "PLAINTIFF" and "KOTVA" refer to Kotva a.s.

6.    "ACTION" refers to the above-captioned action filed by Kotva in the United States District Court for the District of Massachusetts.

7.    "COMPLAINT" means the complaint Kotva filed in the Action.

8.     "CVF Ltd" refers to CVF Investments, Ltd. and any of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of CVF.

9.     "BGO" refers to the Brookdale Global Opportunity Fund, its predecessor, the Czech Value Fund, and any of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of BGO.

10.     "BGO SHARES" means the 11.8% block of Kotva shares originally purchased by or on behalf of BGO's predecessor.

11     "BROOKDALE GROUP" refers to the Brookdale Group, Ltd., owned in part by Weiss, which at one time was the investment manager of BGO.

12.     "CZECH LAWSUITS" means the legal actions filed in the Czech Republic by Gilroy, KT and Balindor against Kotva a.s. and others.

13.     "IRISH INVESTORS" has the same meaning as that term is used in the Complaint.

14.     "TREND" refers to the Czech investment fund known by that name.

15.     "FORMINSTER" refers to Forminster Enterprises Limited.

16,     "KT" refers to the "counterclaim plaintiff" KT, Inc. and any of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of KT.

2

17.    "DOCUMENT" is used in accordance with Fed. R. Civ. P. 34(a) and Local Rule 26.5, and shall include, but is not limited to, all writings of any nature whatsoever within the possession, custody or control of Weiss and/or WAM or any agent, employee, representative (including, without limitation, attorneys, subcontractors and accountants) or any other person acting or purporting to act for or on behalf of Weiss and/or WAM including, but not limited to, contracts, agreements, communications, correspondence, telegrams, memoranda, records, reports, books, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, forecasts, statistical statements, work papers, drafts, copies, graphs, charts, accounts, analytical records, minutes or records of meetings or conferences, consultants' reports, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, drafts, notes, marginal notations, bills, invoices, checks, photographs, lists, journals, diaries, advertising, computer tapes and cards and all other written, printed, recorded or photographic matter or sound reproduction, however produced or reproduced. "DOCUMENT" shall also include all electronic data files, including word processing documents, spreadsheets, database files, charts, drafts, outlines, e-mail, PDF files, batch files, deleted files, and all other electronic data stored on computer memories, hard disks, floppy disks, cd-rom, or any other method.

18.    The term "DOCUMENT" includes without limitation: (a) the original and/or any non-identical original or copy, including those with any marginal note or comment or showing additions, deletions or substitutions; (b) drafts; (c) attachment to or enclosure with any document; and (d) every document referred to in any other documents.

19.    The words "AND," as well as "OR," shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all documents that

3

might otherwise be construed to be outside its scope.

20.    "ALL" includes "any."

21.    "DATE" and "WHEN" mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

22.    All references to the singular include the plural, all references to the plural include the singular; and all references to the masculine gender include the feminine and neuter genders

23.    The past tense of a verb used herein includes the present and vice versa.

24    The obligation to produce the documents sought by this Document Request is of a continuing nature pursuant to Federal Rule of Civil Procedure 26(e)  If at any time after responding to this Request, you should acquire actual or constructive possession, custody, care or control of any additional documents within the scope of a particular Document Request, you must identify such documents to the attorneys for the requesting parties within ten (10) days of their receipt

25.    In the event that the document whose production has been requested has been destroyed, state the reason for the document's destruction and the date on which the document was destroyed; identify fully the person in whose possession, custody, care, or control the document was when it was destroyed; and identify fully the person who destroyed the document or who ordered its destruction.

26.    If you claim that any document requested is privileged or constitutes work product, submit on the time and date of production a written statement for each document withheld sufficient to evaluate the claim of privilege or work product, including information that:

        a.    identifies the person who prepared or authored the document and all
               recipients or addressees, including recipients of copies;

        b.    specifies the date on which the document was prepared or transmitted;

4

    c.    describes the nature of the document (*e g* , letter, memorandum, notice, *etc* )

    d.    identifies the subject matter of the document;

    e.    if the document refers or relates to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describes who those persons are; and,

    f.    sets forth the nature and basis for the privilege asserted.

## DOCUMENT REQUESTS

1.    All documents concerning your purchase, holding, and/or sale of any investment in BGO.

2.    All communications with BGO, Weiss, WAM, and/or Weiss Capital.

3.    All communications with or documents concerning current or former investors of BGO.

4.    All account statements concerning BGO, Weiss, WAM, and/or Weiss Capital

5.    All marketing information, prospectuses, literature, or other materials in your possession concerning BGO, Weiss, WAM, and/or Weiss Capital.

6.    All documents concerning BGO's investments, holding, and/or sale of any interest in Kotva.

7.    All documents concerning BGO's investment, holding, and/or sale of any interest in Trend.

8.    All communications concerning Trend, Kotva, this action, the Czech Lawsuits, and/or the criminal indictment against Weiss.

9.    All documents concerning the management of BGO, including all management contracts or other agreements with Weiss, WAM, Weiss Capital, Brookdale Group, and/or

Howard Golden.

10. All documents concerning: (a) the formation of CVF Ltd; (b) communications with CVF Ltd; and/or (c) the transfer/sale of Kotva or Trend shares to CVF Ltd.

11 All documents concerning any valuation of Kotva and/or Kotva's shares, Trend shares, and/or BGO's shares, including any valuations performed for the benefit of BGO's investors

12. All documents concerning Kotva shareholder votes and proxies, including but not limited to BGO's vote in favor of electing Martin Benda and Richard Harazim to the Kotva board

13 All documents concerning the Trend settlement with Forminster, including without limitation all communications with BGO's investors concerning the Trend settlement.

14 All documents concerning a potential or contemplated transfer of BGO's shares in Trend and/or Kotva to KT, Inc.

15. All documents concerning any effort to sell or market for sale the Kotva shares.

16. All documents concerning the criminal indictment against Weiss in the Czech Republic.

17. All documents concerning Czech criminal investigations of Howard Golden, Weiss and/or Brookdale Group, including but not limited to investigations concerning the transfer/sale of RIF shares or other shares of funds managed by PIAS, CEPF, and/or MCF.

18. All other documents, of whatever nature, relating to BGO, Weiss, WAM, Weiss Capital, Kotva, Trend, or any other investment held by you with interests in the Czech Republic.

6

Issued by the
## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

KOIVA A S ,

             Plaintiff,

               v

WEISS, et al ,

             Defendants

<u>SUBPOENA *duces tecum* IN A CIVIL CASE</u>

Case Number: 05-10679-RCL
United States District Court for the
District of Massachusetts

TO: KOCHIS FITZ TRACY FITZHUGH & GOTT, INC
ATTN  TIM KOCHIS, C.E.O
60 Spear Street, Suite 1000
San Francisco, California 94105

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to
testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of
the following documents or objects at the
place, date and time specified below: **SEE EXHIBIT A**

| PLACE | DATE AND TIME |
|---|---|
| Chapman & Intrieri LLP<br>Attn. Mark Intrieri, Esq<br>2236 Mariner Square Drive<br>Alameda, CA 94501<br>(510) 864-3600 | February 17, 2006<br>2:00 p m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or
other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil
Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>January 26, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Daniel J. Pasquarello, Esq.
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Floor
Boston, MA 02116
617-778-9100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)



## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
          Date

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include. but is not limited to. lost earnings and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person to the place of production or inspection unless commanded to appear for deposition  hearing or trial

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service  serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated material or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion  the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development  or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party  or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena  quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated  the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications. or things not produced that is sufficient to enable the demanding party to contest the claim

## EXHIBIT A

### INSTRUCTIONS AND DEFINITIONS

The meaning of all non-defined terms shall be in accordance with their ordinary and accepted usage. Plaintiff adopts and incorporates by reference the definitions and instructions for discovery contained in the Federal Rules of Civil Procedure and Local Rule 26.5, and in addition, supplements them with the following definitions and instructions:

1.    "KOCHIS FITZ" "you" and "your" shall refer to Kochis Fitz Tracy Fitzhugh & Gott, Inc., as well as nominees, agents, attorneys, independent contractors, experts or any person or entity acting for or on behalf of KOCHIS FITZ.

2.    "WEISS" shall refer to defendant Andrew Weiss, as well as nominees, agents, attorneys, independent contractors, experts or any person or entity acting for or on behalf of Weiss

3.    "WAM" shall refer to defendant Weiss Asset Management, LLC and each of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, and employees

4.    "WEISS CAPITAL" refers to Weiss Capital, LLC and each of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, and employees.

5    "PLAINTIFF" and "KOTVA" refer to Kotva a.s.

6.    "ACTION" refers to the above-captioned action filed by Kotva in the United States District Court for the District of Massachusetts.

7.    "COMPLAINT" means the complaint Kotva filed in the Action.

8. "CVF Ltd" refers to CVF Investments, Ltd and any of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of CVF.

9 "BGO" refers to the Brookdale Global Opportunity Fund, its predecessor, the Czech Value Fund, and any of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of BGO

10. "BGO SHARES" means the 11.8% block of Kotva shares originally purchased by or on behalf of BGO's predecessor.

11. "BROOKDALE GROUP" refers to the Brookdale Group, Ltd., owned in part by Weiss, which at one time was the investment manager of BGO.

12. "CZECH LAWSUITS" means the legal actions filed in the Czech Republic by Gilroy, KT and Balindor against Kotva a.s. and others.

13. "IRISH INVESTORS" has the same meaning as that term is used in the Complaint.

14. "TREND" refers to the Czech investment fund known by that name.

15. "FORMINSTER" refers to Forminster Enterprises Limited

16. "KT" refers to the "counterclaim plaintiff" KT, Inc. and any of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of KT.

2

17.    "DOCUMENT" is used in accordance with Fed. R. Civ. P. 34(a) and Local Rule
26.5, and shall include, but is not limited to, all writings of any nature whatsoever within the
possession, custody or control of Weiss and/or WAM or any agent, employee, representative
(including, without limitation, attorneys, subcontractors and accountants) or any other person
acting or purporting to act for or on behalf of Weiss and/or WAM including, but not limited to,
contracts, agreements, communications, correspondence, telegrams, memoranda, records,
reports, books, summaries or records of telephone conversations, summaries or records of
personal conversations or interviews, diaries, forecasts, statistical statements, work papers,
drafts, copies, graphs, charts, accounts, analytical records, minutes or records of meetings or
conferences, consultants' reports, appraisals, records, reports or summaries of negotiations,
brochures, pamphlets, circulars, trade letters, press releases, drafts, notes, marginal notations,
bills, invoices, checks, photographs, lists, journals, diaries, advertising, computer tapes and cards
and all other written, printed, recorded or photographic matter or sound reproduction, however
produced or reproduced. "DOCUMENT" shall also include all electronic data files, including
word processing documents, spreadsheets, database files, charts, drafts, outlines, e-mail, PDF
files, batch files, deleted files, and all other electronic data stored on computer memories, hard
disks, floppy disks, cd-rom, or any other method.

18.    The term "DOCUMENT" includes without limitation: (a) the original and/or any
non-identical original or copy, including those with any marginal note or comment or showing
additions, deletions or substitutions; (b) drafts; (c) attachment to or enclosure with any
document; and (d) every document referred to in any other documents.

19.    The words "AND," as well as "OR," shall be construed disjunctively or
conjunctively as necessary in order to bring within the scope of the request all documents that

might otherwise be construed to be outside its scope.

20.   "ALL" includes "any."

21.   "DATE" and "WHEN" mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

22.   All references to the singular include the plural, all references to the plural include the singular; and all references to the masculine gender include the feminine and neuter genders.

23.   The past tense of a verb used herein includes the present and vice versa.

24.   The obligation to produce the documents sought by this Document Request is of a continuing nature pursuant to Federal Rule of Civil Procedure 26(e). If at any time after responding to this Request, you should acquire actual or constructive possession, custody, care or control of any additional documents within the scope of a particular Document Request, you must identify such documents to the attorneys for the requesting parties within ten (10) days of their receipt.

25.   In the event that the document whose production has been requested has been destroyed, state the reason for the document's destruction and the date on which the document was destroyed; identify fully the person in whose possession, custody, care, or control the document was when it was destroyed; and identify fully the person who destroyed the document or who ordered its destruction.

26.   If you claim that any document requested is privileged or constitutes work product, submit on the time and date of production a written statement for each document withheld sufficient to evaluate the claim of privilege or work product, including information that:

    a    identifies the person who prepared or authored the document and all
         recipients or addressees, including recipients of copies;

    b.   specifies the date on which the document was prepared or transmitted;

4

    c.    describes the nature of the document (*e.g.*, letter, memorandum, notice, *etc.*)

    d    identifies the subject matter of the document;

    e.    if the document refers or relates to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describes who those persons are; and,

    f.    sets forth the nature and basis for the privilege asserted.

## DOCUMENT REQUESTS

1.    All documents concerning your purchase, holding, and/or sale of any investment in BGO.

2.    All communications with BGO, Weiss, WAM, and/or Weiss Capital.

3.    All communications with or documents concerning current or former investors of BGO.

4.    All account statements concerning BGO, Weiss, WAM, and/or Weiss Capital.

5.    All marketing information, prospectuses, literature, or other materials in your possession concerning BGO, Weiss, WAM, and/or Weiss Capital.

6    All documents concerning BGO's investments, holding, and/or sale of any interest in Kotva.

7.    All documents concerning BGO's investment, holding, and/or sale of any interest in Trend.

8.    All communications concerning Trend, Kotva, this action, the Czech Lawsuits, and/or the criminal indictment against Weiss.

9.    All documents concerning the management of BGO, including all management contracts or other agreements with Weiss, WAM, Weiss Capital, Brookdale Group, and/or

5

Howard Golden.

10.    All documents concerning: (a) the formation of CVF Ltd; (b) communications with CVF Ltd; and/or (c) the transfer/sale of Kotva or Trend shares to CVF Ltd.

11.    All documents concerning any valuation of Kotva and/or Kotva's shares, Trend shares, and/or BGO's shares, including any valuations performed for the benefit of BGO's investors.

12.    All documents concerning Kotva shareholder votes and proxies, including but not limited to BGO's vote in favor of electing Martin Benda and Richard Harazim to the Kotva board

13.    All documents concerning the Trend settlement with Forminster, including without limitation all communications with BGO's investors concerning the Trend settlement

14.    All documents concerning a potential or contemplated transfer of BGO's shares in Trend and/or Kotva to KT, Inc.

15.    All documents concerning any effort to sell or market for sale the Kotva shares.

16.    All documents concerning the criminal indictment against Weiss in the Czech Republic.

17.    All documents concerning Czech criminal investigations of Howard Golden, Weiss and/or Brookdale Group, including but not limited to investigations concerning the transfer/sale of RIF shares or other shares of funds managed by PIAS, CEPF, and/or MCF.

18.    All other documents, of whatever nature, relating to BGO, Weiss, WAM, Weiss Capital, Kotva, Trend, or any other investment held by you with interests in the Czech Republic

6