UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW WEISS and WEISS ASSET )<br>MANAGEMENT, LLC, )<br>)<br>Defendants. )<br>)<br>)<br>ANDREW WEISS, WEISS ASSET )<br>MANAGEMENT LLC, K T, INC. and CVF )<br>INVESTMENTS, LTD., )<br>)<br>Counterclaim-plaintiffs, )<br>)<br>v. )<br>)<br>KOTVA a.s., MARTIN BENDA, RICHARD )<br>HARAZIM, FORMINSTER ENTERPRISES, )<br>LTD., SPV CO and JOHN DOES 1-5, )<br>)<br>Counterclaim-defendants )<br>)<br>) | C.A. No. 05-10679-RCL |

**MOTION FOR APPROVAL OF APPLICATION FOR LETTERS ROGATORY**

Andrew Weiss and Weiss Asset Management LLC (the "Defendants") hereby move that the Discovery Master approve the attached application for letters rogatory (the "Application") and refer the Application to the district judge for approval and signature. In support of this Motion, the Defendants state:

1. For the reasons stated in the Application, the Application is meritorious.

2. In order to be in proper form, the Letters Rogatory must be signed by a judicial officer. However, the Application is arguably a discovery motion within the scope of the Court's

December 13, 2005 Order Appointing Discovery Master.  Accordingly, the Defendants seek approval from the Discovery Master and a referral to the Court to approve the Application and execute the Letters Rogatory.

      3.      Once the Court signs the letters rogatory and affixes its seal, the Defendants ask that the Court return the original, signed and sealed copy to the Defendants, who will forward it to the appropriate individuals at the Department of State.

      4.      Pursuant to Local Rule 37.1, on January 31, 2006 at 9:25 a.m., Benjamin Goldberger, on behalf of the Defendants sent an email message to Joel Beckman, who represents the Plaintiff and counterclaim-defendants Richard Harazim and Martin Benda; and Jeffrey Clements, who represents counterclaim-defendant Forminster Enterprises Ltd.  Mr. Clements replied by email at 3:42 p.m. that day, stating that Forminster "takes no position on this request," but will not file an opposition.[1]  Mr. Beckman responded by email on February 1, 2006 at 12:32 p.m. and 12:56 p.m., but did not assent to the motion.  Mr. Goldberger replied to Mr. Beckman at 3:18 p.m. that day, asking for clarification and writing "Do you have any objection to the letters rogatory?  If so, is this a general objection to our seeking third-party discovery from Markland, or is it a narrower area of dispute?"  Mr. Beckman has not yet responded to that email, or to a follow-up email sent by Mr. Goldberger at 6:17 p.m. on February 2, 2006 stating, in part, "If I do not hear back from you by noon on Friday, I will file our application on the understanding that you oppose it in its entirety."

---

[1] To be clear, neither Forminster nor its attorneys requests the discovery sought by this motion.  However, the Defendants have included the names of Forminster's attorneys in the letter itself so that, in the event that the Court denies Forminster's motion to dismiss and Forminster wishes to participate in the examination of Mr. Scully, its attorneys will be able to do so.

                        Respectfully Submitted,

                        ANDREW WEISS and WEISS ASSET
                        MANAGEMENT LLC

                        By their attorneys,

                        /s/ Benjamin A. Goldberger
                        Edward P. Leibensperger (BBO# 292620)
                        Benjamin A. Goldberger (BBO# 654357)
                        McDermott Will & Emery LLP
                        28 State Street
                        Boston, Massachusetts  02109-1775
                        (617) 535-4000

Dated: February 3, 2006

## CERTIFICATE OF CONSULTATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

      I hereby certify that counsel for Weiss and WAM conferred with counsel for Kotva a.s. and counsel for Forminster Enterprises Ltd. as described above and have attempted in good faith to resolve or narrow the issues presented by this Motion and have complied with the provisions of Local Rule 37.1.

                        /s/ Benjamin A. Goldberger
                        Benjamin A. Goldberger

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 3, 2006.

                        /s/ Benjamin A. Goldberger
                        Benjamin A. Goldberger

BST99 1489525-1.072198.0012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>　　　　Defendants.<br><br>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD.,<br><br>　　　　Counterclaim-plaintiffs,<br><br>　　　　v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1-5,<br><br>　　　　Counterclaim-defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　C.A. No. 05-10679-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## APPLICATION FOR LETTERS ROGATORY

Andrew Weiss and Weiss Asset Management LLC (the "Defendants") hereby apply to the Court pursuant to Rule 28(b) of the Federal Rules of Civil Procedure for the issuance of a Letters Rogatory, in the form attached hereto, directed to the High Court of the Republic of Ireland, requesting the examination of and production of documents from Aidan Scully, Managing Director of Markland Holdings Limited, an Irish registered company of 25 Herbert Place, Dublin, Ireland, that may be used in civil proceedings before this court in the above captioned matter.

BST99 1480152-4.072198.0012

2

**GROUNDS FOR APPLICATION**

As grounds for this application, Defendants state as follows:

1. Kotva a.s., ("Kotva") filed this action against Weiss and Weiss Asset Management alleging violations of the Securities and Exchange Act of 1934, RICO, M.G.L. c. 93A and common law claims of abuse of process, fraud, and tortious interference with advantageous business relations. In its Complaint, Kotva alleges that Defendants interfered with the sale by Kotva of its major asset, a department store building in Prague (the "real estate"), and caused damage to Kotva arising out of the ultimate sale of the real estate to "an Irish investment group." Complaint, ¶¶ 17, 37-39. The Irish investment group is Markland Holdings Limited ("Markland"). Kotva alleges further that when the sale of the real estate finally closed, Markland held back $24.3 million from the purchase price (the "escrow") until lawsuits allegedly instituted by Defendants in the Czech courts are resolved. Complaint, ¶ 37.

2. Accordingly, Mr. Scully, as Managing Director of Markland, has knowledge relevant to this action because he was involved in the negotiation of the purchase of the real estate, the closing of the sale of the real estate and the terms of the escrow.

BST99 1480152-4.072198.0012

3.  The Defendants have retained Mason Hayes + Curran Solicitors of 6 Fitzwilliam Square, Dublin 2, to make an application to the High Court of the Republic of Ireland for an order effecting the assistance requested in this application for letters rogatory/commission rogatoire.

 

ANDREW WEISS and WEISS ASSET MANAGEMENT LLC

By their attorneys,

/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: February 3, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><br> ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1-5, <br><br> Counterclaim-defendants | C.A. No. 05-10679-RCL |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY/COMMISSION ROGATOIRE)

To:   High Court of the Republic of Ireland

Dear Honorable Justices:

The United States District Court for the District of Massachusetts presents its compliments to the appropriate judicial authority of Ireland, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above captioned matter.

This court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Ireland, pursuant to the Irish Foreign Tribunals Evidence Act, 1856 and Order 9, rules 39-44 of the Irish Rules of the Superior Court 1986, require the examination of and production of documents for inspection and copying from Mr. Aidan Scully, a resident of the Republic of Ireland and Managing Director of Markland Holdings Limited, 25 Herbert Place, Dublin 2, as an officer or managing agent with personal knowledge of the topics described and give evidence that may be used in civil proceedings before this Court.

## BACKGROUND

Kotva a.s. ("Kotva"), a Czech company, filed suit against Weiss Asset Management, LLC, ("WAM") a Massachusetts-based investment firm, and Andrew Weiss, ("Weiss") its founder, President, and Chief Investment Officer. Weiss and WAM counterclaimed against Kotva and Martin Benda, Chairman of Kotva's supervisory board; Richard Harazim, Kotva's managing director; Forminster Enterprises, Ltd., the controlling shareholding of Kotva; and other defendants. K T, Inc. and CVF Investments, Ltd., companies that own shares in Kotva, were joined as counter-claim plaintiffs in this suit. Markland and Mr. Scully are not parties to the lawsuit.

The facts according to Kotva's Complaint are as follows. Until March 4, 2005, Kotva, through its wholly owned subsidiaries, owned and operated the Kotva Shopping Centre (the "real estate") in Prague, Czech Republic. WAM is owned and controlled by Weiss. WAM is allegedly the investment manager of Brookdale, a company owning nearly 12% of Kotva shares.

In 2004, the real estate was transferred to a wholly owned Kotva subsidiary SPV KN for the purpose of effectuating the sale of the real estate. Kotva alleges that when Weiss learned of

the proposed sale he requested that Kotva repurchase his minority shares and threatened to interfere with the real estate deal when Kotva refused his request. As a result of Weiss' interference, Kotva asserts that the sale of real estate was delayed, causing it damages. In March, 2005, the real estate was sold to Markland through its Czech subsidiary. Kotva claims damages arising from the fact that Markland is withholding a portion of the purchase price until disputes with Weiss are resolved.

In April 2005, Kotva brought suit against Weiss and WAM in the United States District Court for the District of Massachusetts, alleging that, in violation of United States federal statutory law and Massachusetts state law, Weiss interfered with the real estate deal and attempted to force Kotva into purchasing his shares. Weiss and WAM deny all allegations of unlawful activity.

The defendants have represented to this Court that it is necessary for the purposes of justice and for the due determination of matters in dispute between the parties that Mr. Aidan Scully should be examined as a witness under oath. The Court understands that Mr. Scully is the Managing Director of Markland Holdings Limited and that Mr. Scully was involved in the negotiation for and purchase of the real estate. Because Kotva claims that the purchase of the real estate was affected by conduct of defendants, causing harm to Kotva, Mr. Scully's testimony is crucial to the determination of this matter. The subject matter of the questions, and the documents requested for production, examination and copying, are described below.

## QUESTIONS

1. Defendants seek to examine Mr. Scully from Markland under oath because of his personal knowledge of the matters below. The lines of inquiry include the following:

   a. How Markland valued the real estate;

   b. The terms of the purchase of the real estate;

    c.    The terms of the escrow;

    d.    The negotiations for the purchase of the real estate;

    e.    The effect, if any, of the lawsuits in the Czech Republic filed by minority shareholders of Kotva, on the purchase by Markland of the real estate.

## DOCUMENTS

2.     Defendants request that Mr. Scully of Markland be compelled to produce documents, notes, memoranda or correspondence (including drafts in his possession, power or procurement) concerning the above-referenced topics, including:

    a.    The contract for the purchase and sale of the real estate;

    b.    Documents evidencing to whom the purchase price was paid;

    c.    The escrow agreement under which a portion of the purchase price of the real estate has been withheld;

    d.    Appraisals performed with respect to the real estate; and

    e.    Documents exchanged in the negotiations for the purchase of the real estate referencing the lawsuits by minority shareholders of Kotva.

## REQUEST

3.     The undersigned Honorable Reginald C. Lindsay, Judge of the United States District Court for the District of Massachusetts, therefore respectfully requests the High Court of the Republic of Ireland to cause Mr. Scully to be summoned to attend, at such place and time as the Court shall appoint, before such person who, according to the procedure of your Honorable Court, is competent to preside over the examination of witnesses under oath, and that you permit such witness to be examined orally by Edward P. Leibensperger or Benjamin A. Goldberger of McDermott, Will & Emery LLP, attorneys for the Defendants; and Joel G. Beckman or William C. Nystrom of Nystrom, Beckman & Paris LLP, attorneys for Kotva, Richard Harazim and

4

Martin Benda; and Jeffrey D. Clements or Ingrid S. Martin of Clements & Clements LLP, attorneys for Forminster, Enterprises, Ltd. The specific topics of inquiry proposed for the examination of Mr. Scully are outlined above. It is also requested that the Court cause Mr. Scully to have with him at his examination documents in his possession, custody or control evidencing his employment by Markland, including those documents described above, for inspection and/or copying by the Examiner. It is further requested that:

    a.    the testimony of Mr. Scully be recorded on videotape and transcribed by a stenographer in accordance with the rules applicable to the jurisdiction of your Honorable Court and there be authentication of Mr. Scully's testimony by the seal of your Honorable Court or in such other way as is prescribed by the procedure of your Honorable Court;

    b.    any documents produced by Mr. Scully on examination be marked for identification and that there be authentication of any such documents or certified copy of same or any extract therefrom by the seal of your Honorable Court or in such other way as is prescribed by the procedure of your Honorable Court;

    c.    the testimony of Mr. Scully on video, the transcripts of Mr. Scully's testimony as well as any documents, copies or extracts from documents be transmitted to this Court in a sealed envelope addressed to the Clerk of the United States District Court for the United States District of Massachusetts at:

Clerk of Court  
United States District Court of Massachusetts  
1 Courthouse Way  
Boston, Massachusetts 02210

5

      Attention: Mr. Don Stanhope
      CA #05-10679-RCL

d.     your Honorable Court cause to be sent to Edward P. Leibensperger, McDermott Will & Emery LLP, 28 State Street, 34th Floor, Boston, MA 02109, a note of the charges and expenses payable in respect of the execution of this request.

## RECIPROCITY

It is the understanding of this Court that the granting of assistance of the type herein requested is authorized by the laws of the Republic of Ireland. The courts of the United States are authorized by statute, Section 1782, title 28 of the United States Code, to extend similar assistance to the tribunals of Ireland.

## REIMBURSEMENT OF COSTS

Defendants have assured this Court that they are prepared to reimburse your Court for all reasonable costs incurred in executing this request.

_____
Reginald C. Lindsay, U.S. District Judge
United States District Court for the District of Massachusetts
Boston, Massachusetts, United States of America

February __, 2006

(SEAL OF COURT)

BST99 1484395-2.072198.0012