UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 05-10679-RCL |
| v. | )<br>) |
| ANDREW WEISS and WEISS ASSET<br>MANAGEMENT, LLC | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## KOTVA'S REPLY TO COUNTERCLAIM

Plaintiff and Counterclaim-defendant Kotva a.s. ("Kotva") hereby replies to the Counterclaim of Defendants and Counterclaim-plaintiffs Weiss and Weiss Asset Management LLC ("WAM") only. Pursuant to the Court's January 23, 2006 Order, Kotva intends to move to dismiss the claims brought by purported counterclaim-plaintiffs KT, Inc. ("KT") and CVF Investments Ltd. ("CVF"). Further, many of the allegations in the Counterclaim are directed not to Kotva but rather to other counterclaim-defendants over whom the Court lacks personal jurisdiction.

*Summary*

The Summary does not contain averments within the meaning of the Federal Rules of Civil Procedure and requires no response by Kotva. To the extent that the Summary contains any averments directed to Kotva that require a response, said allegations are denied.

*Jurisdiction and Venue*

1. Denied.

2. Kotva admits that the Court has personal jurisdiction over Kotva as the Plaintiff in this matter. Kotva denies the remaining allegations in Paragraph 2.

3. Kotva admits that venue is proper with respect to Kotva as the Plaintiff in this matter for certain counts of the Counterclaim alleged by the Defendants Weiss and WAM. Kotva denies that venue is proper for certain other counts of the Counterclaim alleged by Defendants Weiss and WAM and for all counts asserted by KT and CVF. As raised by the Court at the hearing on January 23, 2006 and pursuant to the Court's Order of that date, Kotva intends to move to dismiss the claims brought by purported counterclaim-plaintiffs KT, Inc. ("KT") and CVF Investments Ltd. ("CVF").

*Parties*

4. Admitted.

5. Admitted.

6. Kotva admits that KT is a Delaware corporation that purportedly owns 1000 shares of Kotva stock. Kotva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7. Kotva admits that CVF is a Cyprus corporation. Kotva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

8. Admitted.

9. Paragraph 9 is not directed to Kotva. To the extent a response is required, upon information and belief, Kotva admits that Forminster is a non-U.S. company.

Kotva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10. Paragraph 10 is not directed to Kotva. To the extent a response is required, admitted.

11. Paragraph 11 is not directed to Kotva. To the extent a response is required, Kotva denies the allegations in Paragraph 11.

12. Paragraph 12 is not directed to Kotva. To the extent a response is required, Kotva denies the allegations in Paragraph 11.

13. Paragraph 13 states a conclusion of law to which no response is required. To the extent a response is required, Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13.

14. Paragraph 14 contains allegations that are not directed to Kotva. To the extent a response is required, Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14.

*Factual Allegations*

15. Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15.

16. Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16.

17. Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17.

18. Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18.

19. Paragraph 19 states conclusions of law to which no response is required.

20. Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20. In further answering, Kotva refers to the allegations in ¶ 22 of the Complaint.

21. Denied.

22. Kotva denies the allegations contained in the first and third sentences of Paragraph 22 and is without knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of Paragraph 22.

23. Paragraph 23 contains allegations that are not directed to Kotva. To the extent a response is required, Kotva denies the allegations in Paragraph 23.

24. Kotva admits that there was a May 12, 2004 meeting in Prague between Weiss, Hoffman, Benda, and Harazim. To the extent that the remaining allegations in Paragraph 24 are directed to Kotva, said allegations are denied.

25. Kotva admits that Balfindor and Gilroy filed lawsuits against it in the Czech Republic to interfere with the sale of the Department Store. Kotva denies the remaining allegations in Paragraph 25.

26. Kotva admits that Weiss made a written offer to sell BGO's Kotva shares for 131,000,000 CZK, and denies the remaining allegations in Paragraph 26.

27. To the extent that the allegations in Paragraph 27 are directed to Kotva, the e-mail referred to in Paragraph 27 speaks for itself.

28. Kotva admits that in response to its August 17, 2004 e-mail Weiss made a revised offer to sell BGO's shares as described in Paragraph 29 of the Complaint and Exhibit B thereto.

29. Denied.

30. Paragraph 30 states legal conclusions to which no response is necessary. To the extent that Paragraph 30 contains allegations directed to Kotva, said allegations are denied.

31. Kotva admits that Weiss sent another offer to Kotva on November 23, 2004 in which he offered to sell BGO's Kotva and Trend shares for 295.75 million CZK as described in Paragraph 30 of the Complaint and Exhibit C thereto. Kotva denies the remaining allegations in Paragraph 31 that are directed to Kotva.

32. To the extent that the allegations in Paragraph 32 are directed to it, Kotva admits that it rejected Weiss's November 2004 offer, and denies the remaining allegations.

33. To the extent that the allegations in Paragraph 33 are directed to Kotva, said allegations are denied. In further answering, Kotva states that Czech law enforcement brought criminal charges against Weiss and others following an investigation into the matter.

34. To the extent that the allegations in Paragraph 34 are directed to Kotva, said allegations are denied.

35. To the extent that the allegations in Paragraph 35 are directed to Kotva, said allegations are denied.

36. To the extent that the allegations in Paragraph 36 are directed to Kotva, said allegations are denied.

37. To the extent that the allegations in Paragraph 37 are directed to Kotva, said allegations are denied.

38. To the extent that the allegations in Paragraph 38 are directed to Kotva, said allegations are denied.

39. To the extent that the allegations in Paragraph 39 are directed to Kotva, said allegations are denied.

40. To the extent that the allegations in Paragraph 40 are directed to Kotva, said allegations are denied.

41. To the extent that the allegations in Paragraph 41 are directed to it, Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 41.

42. Paragraph 42 contains allegations that are not directed to Kotva. To the extent a response is required, Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 42. In further answering, Kotva states that the documents referred to in Paragraph 42 speak for themselves.

43. Paragraph 43 contains allegations that are not directed to Kotva. To the extent a response is required, Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 43.

44. Paragraph 44 contains allegations that are not directed to Kotva. To the extent a response is required, Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 44. In further answering, Kotva states that the documents referred to in Paragraph 44 speak for themselves.

45. Paragraph 45 contains allegations that are not directed to Kotva. To the extent a response is required, Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 45.

46. Paragraph 46 contains allegations that are not directed to Kotva. To the extent a response is required, Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 46.

47. Paragraph 47 contains allegations that are not directed to Kotva. To the extent a response is required, Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 47. In further answering, Kotva states that the documents referred to in Paragraph 47 speak for themselves.

48. Paragraph 48 contains allegations that are not directed to Kotva. To the extent a response is required, Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 48. In further answering, Kotva states that the documents referred to in Paragraph 48 speak for themselves.

49. Paragraph 49 contains allegations that are not directed to Kotva. To the extent a response is required, Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 49.

50. Paragraph 50 contains allegations that are not directed to Kotva. To the extent that the allegations in Paragraph 50 are directed to Kotva, said allegations are denied.

51. Paragraph 51 contains allegations that are not directed to Kotva. To the extent that the allegations in Paragraph 51 are directed to Kotva, said allegations are denied.

52. Paragraph 52 contains allegations that are not directed to Kotva. To the extent that the allegations in Paragraph 52 are directed to Kotva, said allegations are denied.

53. Paragraph 53 contains allegations that are not directed to Kotva. To the extent that the allegations in Paragraph 53 are directed to Kotva, said allegations are denied.

54. Denied.

55. Paragraph 55 contains allegations that are not directed to Kotva. To the extent that the allegations in Paragraph 55 are directed to Kotva, said allegations are denied.

56. Paragraph 56 contains allegations that are not directed to Kotva. To the extent that the allegations in Paragraph 56 are directed to Kotva, said allegations are denied.

57. Paragraph 57 contains allegations that are not directed to Kotva. To the extent that the allegations in Paragraph 57 are directed to Kotva, said allegations are denied.

58. Kotva's 2004 annual report speaks for itself.

59. Denied.

60. Paragraph 60 contains allegations that are not directed to Kotva. To the extent that the allegations in Paragraph 60 are directed to Kotva, said allegations are denied.

## Count I
(**Abuse of Process – Counterclaim Plaintiffs Andrew Weiss and Weiss Asset Management LLC v. All Counterclaim-Defendants**)

61. Kotva restates and incorporates herein its responses to paragraphs 1-60.

62. Paragraph 62 contains allegations that are not directed to Kotva. To the extent that the allegations in Paragraph 62 are directed to Kotva, said allegations are

denied.

63. Denied.

64. Denied.

65. Paragraph 65 contains allegations that are not directed to Kotva. To the extent that the allegations in Paragraph 65 are directed to Kotva, said allegations are denied.

66. Denied.

67. Denied.

### Count II
**(Consipiracy – Counterclaim-Plaintiffs Andrew Weiss, Weiss Asset Management and KT, Inc. v. All Counterclaim-Defendants)**

68. Kotva restates and incorporates herein its responses to paragraphs 1-67.

69. Paragraph 69 contains allegations that are not directed to Kotva. To the extent that the allegations in Paragraph 69 are directed to Kotva, said allegations are denied.

70. Paragraph 70 contains allegations that are not directed to Kotva. To the extent that the allegations in Paragraph 39 are directed to Kotva, said allegations are denied.

71. Denied.

### Count III
**(Conversion – Counterclaim-Plaintiff KT, Inc. v. Benda, Harazim, Forminster and John Does 1-5)**

72-74. Count III is not brought against Kotva and no response by Kotva to Paragraphs 72-74 is required.

### Count IV
### (Unjust Enrichment – Counterclaim Plaintiff KT, Inc. v. Benda, Harazim, Forminster and John Does 1-5)

75-76.  Count IV is not brought against Kotva and no response by Kotva to Paragraphs 75-76 is required.

### Count V
### (Breach of Fiduciary Duty/Abuse of Control – Counterclaim-Plaintiff KT, Inc. v. Benda, Haraziim and Forminster)

77-88.  Count V is not brought against Kotva and no response by Kotva to Paragraphs 77-88 is required.

### Count VI
### (Constructive Trust – Counterclaim-Plaintiff KT, Inc. v. All Counterclaim Defendants)

89.  Kotva restates and incorporates herein its responses to paragraphs 1-67. Paragraphs 72 to 88 comprise counts that are not asserted against Kotva, and therefore no response from Kotva to those paragraphs is necessary.

90.  Paragraph 90 states a conclusion of law to which no response is required. To the extent a response is required, Kotva denies said allegations.  In further answering, Kotva states that constructive trust is a type of remedy, not a cause of action.

### Count VII
### (Unfair Competition and Unfair and Deceptive Trade Practices – Andrew Weiss, Weiss Asset Management and KT, Inc. v. All Counterclaim-Defendants)

91-96.  Count VII has been dismissed.

### COUNT VIII
### (Declaratory Judgment - - KT, Inc. v. All Counterclaim Defendants)

97-108.  Despite the parenthetical reference to all counterclaim-defendants in the Counterclaim's description of Count VIII, paragraphs 97 to 108, the count is not asserted against Kotva, and therefore no response by Kotva to Count VIII is necessary.  To the

extent that Count VIII is alleged against it, Kotva denies the allegations in Paragraphs 97 to 108.

## AFFIRMATIVE DEFENSES

1. The counterclaim fails to state a claim upon which relief may be granted.

2. Defendants have misjoined parties as counterclaim-plaintiffs.

3. The counterclaim fails to join an indispensable party.

4. Defendants lack standing to assert Count II of the counterclaim.

5. The counterclaim should be dismissed on the grounds of international comity.

6. The Czech-law based claims in the Counterclaim should be dismissed on the grounds of *forum non conveniens*.

7. The counterclaim is barred by the doctrine of unclean hands.

8. The counterclaim is barred by the applicable statute(s) of limitations.

9. The counterclaim is barred by *res judicata* and/or collateral estoppel.

10. The counterclaim is barred by reason of the counterclaim plaintiffs' fraud and/or illegality.

11. The counterclaim is barred by the doctrines of waiver, laches, and/or equitable estoppel.

WHEREFORE, Kotva prays this Court to dismiss all remaining counts of the counterclaim with prejudice and award Kotva the relief requested in its Complaint.

## JURY DEMAND

Kotva requests a jury trial on all issues so triable.

Respectfully submitted,

KOTVA, A.S.

By its attorneys,

  /s/ Joel G. Beckman
Joel G. Beckman BBO#553086
William C. Nystrom BBO#559656
Dana A. Zakarian BBO# 641058
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: February 6, 2006