UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s. ) | | |
| ) | | |
| Plaintiff, ) | Case No. 05-10679-RCL | |
| ) | | |
| v. ) | | |
| ) | | |
| ANDREW WEISS and WEISS ASSET ) | | |
| MANAGEMENT, LLC ) | | |
| ) | | |
| Defendants. ) | | |

## KOTVA'S CIVIL RICO CASE STATEMENT

Plaintiff Kotva, a.s. ("Kotva") hereby responds to the Civil RICO Case Statement ("Case Statement") as follows:

## GENERAL OBJECTIONS

I.   Kotva objects to each question in the Case Statement to the extent it seeks information that is beyond the scope of Rules 26 or 33 of the Federal Rules of Civil Procedure, is beyond the proper scope of discovery because of the attorney client relationship, prepared in anticipation of litigation or trial or constitutes attorney work product, or is otherwise immune from discovery.

II.  In providing answers to the Case Statement questions, Kotva does not in any way waive or intend to waive but rather intends to preserve the following:

  a.   All objections as to competency, relevancy, materiality and admissibility;

  b. All rights to object on any ground to the use of any of the answers herein, including the trial of this or any other action;

  c. All objections as to vagueness or ambiguity; and

  d. All rights to object on any ground to any further Case Statement questions or other discovery requests involving or related to any of the Case Statement questions.

  III. Privileged information responsive to any Case Statement question below is not being provided. Kotva does not waive, and intends to preserve and is preserving the attorney client privilege, the work product doctrine, and every other privilege with respect to each and every answer, document or other repository of information protected by such a privilege.

  IV. Kotva objects to the Case Statement to the extent it purports to set forth the legal elements of a civil RICO claim. Several of the Case Statement questions involve areas of inquiry that are outdated, inaccurate, and/or irrelevant.

  V. Kotva objects to the Case Statement on the grounds that discovery in this action is ongoing, and certain information requested may be in the exclusive custody or control of the defendants.

  VI. Kotva's answers to the Case Statement are qualified by the foregoing General Objections. By responding to these Case Statement questions, Kotva does not waive any asserted objection.

## CASE STATEMENT RESPONSE

**Question No. 1:**

**State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962 (a), (b), (c), and/or (d). If you allege violations of more than one section 1962 subsection, treat each as a separate RICO claim.**

*§§ 1962(c) and (d).*

**Question No. 2:**

**List each defendant, and state the alleged misconduct and basis of alleged liability of each defendant.**

*Andrew Weiss and Weiss Asset Management. The misconduct is spelled out in the Complaint ¶¶19 through 28 entitled "Weiss' Commercial Extortion of Kotva," ¶¶ 43 through 48 entitled "The Admissions In The Weiss Defendants' Own Documents" and Exhibits A through E therein.*

**Question No. 3:**

**List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.**

*In addition to the Weiss Defendants, the "wrongdoers" known to date include, Howard Golden, Vladimir Hoffman, Ondrej Peterka, and Edita Simkova. The misconduct is spelled out in the Complaint ¶¶ 19 through 28 entitled "Weiss' Commercial Extortion of Kotva," ¶¶ 43 through 48 entitled "The Admissions In The Weiss Defendants' Own Documents" and Exhibits A through E therein. See also answer 5(e) below.*

**Question No. 4:**

**List the alleged victims, and state how each victim allegedly was injured.**

*Kotva. The injury suffered is spelled out in the Complaint ¶¶ 37 through 39 entitled "The Damage Caused by the Weiss Defendants' Stock Scheme."*

**<u>Question No. 5:</u>**

**Describe in detail the pattern of racketeering activity or collection of an unlawful debt alleged for each RICO claim. A description of the pattern of racketeering activity shall:**

**(a) list the alleged predicate acts and the specific statutes allegedly violated by each predicate act;**

*The Weiss Defendants agreed to commit and did commit extortion in violation of 18 U.S.C. §1951. Specifically, they obstructed, delayed and/or affected interstate and foreign commerce by conspiring to threaten and threatening severe economic harm to Kotva's business to compel them to purchase BGO's shares at an unconscionable price.*

*The Weiss Defendants agreed to commit and did commit extortion in violation of M.G.L. c. 265, §25. Specifically, they conspired to threaten and did threaten severe economic harm to Kotva business to extort a pecuniary advantage with the intent of compelling the company to purchase BGO's shares at an unconscionable price against their will.*

*The Weiss Defendants agreed to commit and did commit mail fraud in violation of 18 U.S.C. §1341. Specifically, they used the mails to further their scheme by, among other things, sending letters on August 17 and 23 and November 23, 2004 from Boston, Massachusetts to extort Kotva.*

*The Weiss Defendants agreed to commit and did commit wire fraud in violation of 18 U.S.C. §1343. Specifically, they used the interstate communications, including telephones, cellular telephones, emails and electronic wires from Boston, Massachusetts to extort Kotva.*

*Andrew Weiss, Vladimir Hoffman, and Edita Simkova have been charged by prosecutors in the Czech Republic with extortion.*

(b) **state the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding each predicate act;**

*Andrew Weiss and Weiss Asset Management. The misconduct is spelled out in the Complaint ¶¶ 19 through 28 entitled "Weiss' Commercial Extortion of Kotva," ¶¶ 43 through 48 entitled "The Admissions In The Weiss Defendants' Own Documents" and Exhibits A through E therein. See also Answer 5(e) below.*

(c) **if the RICO claim is based on the predicate offenses of wire fraud, mail fraud, fraud in the sale of securities, or fraud in connection with a case under Title 11 of the U.S. Code, the "circumstances constituting fraud or mistake shall be stated with particularly," Fed. R. Civ. P. 9 (b) (identify the time, place, and contents of the alleged misrepresentation or omissions, and the identify of persons to whom and by whom the alleged misrepresentations or omissions were made);**

*Andrew Weiss and Weiss Asset Management. The misconduct is spelled out in the Complaint ¶¶ 19 through 28 entitled "Weiss' Commercial Extortion of Kotva," ¶¶ 43 through 48 entitled "The Admissions In The Weiss Defendants' Own Documents" and Exhibits A through E therein.*

(d) **describe in detail the perceived relationship that the predicate acts bear to each other or to some external organizing principle that renders them "ordered" or "arranged" or "part of a common plan"; and**

*All the predicate acts relate to a common, broad, and far reaching scheme to blackmail and extort Kotva.*

(e) **explain how the predicate acts amount to or pose a threat of continued criminal activity.**

*Since at least 1996, iterations of the Enterprise have engaged in the blackmail of several Eastern European funds and/or companies, wherein they threatened to sue and/or*

*obstruct the fund's/company's business, unless their shares are re-purchased at a premium, to the detriment of the fund's/company's other shareholders.*

*For example, the Weiss Defendants were at the center of the IPB/Domeana blackmail scheme which involved the Czech fund, RIF. Specifically, on information and belief, Weiss and Golden sought to sell shares of investments funds managed by the Czech bank IPB. The New York funds Central European Privatization Fund "CEPF" and Manhattan Czech Fund "MCF" owned shares in several funds managed by IPB. The Brookdale Group Ltd., believed to be controlled by Weiss and Golden, was the general partner of CEPF and MCF. Brookdale Group was the investment manager of BGO until Weiss Capital took over in 2003. Weiss has referred to himself as the chief investment officer of the Brookdale Group.*

*Acting on behalf of CEPF, Brookdale Group Ltd. filed a lawsuit which sought to block the merger of two IPB Funds. To drop the merger lawsuit, Brookdale Group sold to an IPB affiliate shares of several IPB funds not affected by the merger and at prices significantly higher than the market price.*

*Brookdale Group agreed to sell shares in RIF and received more than $10 million. The money was paid in 1997 but Brookdale Group never delivered the shares.*

*The bank filed an arbitration claim against CEPF and CEMF believing it had been defrauded. In 2003, an arbitrator awarded reportedly over 400 million CZK against CEPF and CMF. After the arbitration award, CEPF and CMF reportedly moved their money out of the Czech Republic to obstruct enforcement of the award.*

*Similar blackmailing schemes were undertaken by the Enterprise with respect to Podnikatelske Fondy and OB Invest.*

**Question No. 6:**

**Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall:**

    **(a) state the names if the individuals, partnerships, corporations, associations, or other entities alleged constituting the enterprise;**

*The association or group of the individuals listed above are an "enterprise" as defined by 18 U.S.C. §1961(4).*

    **(b) describe the structure, purpose, roles, function, and course of conduct of the enterprise;**

*The Enterprise is an association in fact. The Enterprise is structured through a series of contracts, and corporate relationships. Weiss is the 100% owner of Weiss Asset Management ("WAM"). WAM or its affiliate Weiss Capital ("WAC") is the manager of the BGO fund, which holds 11.6% of Kotva's shares. On information and belief, the Weiss Defendants have "ring-fenced" the Kotva shares at a strike price of 373 CZK per share, and are entitled to a large percentage of the profits in the event the Kotva shares are sold above that price. The Weiss Defendants also carved off a percentage of the profits to Hoffman, whom the Weiss Defendants hired through written contracts to attempt to "liquidate" the Kotva shares. The Weiss Defendants have so far not produced the contract in discovery, although they admit the contract exists. The Weiss Defendants own and/or control KT, which was used to purchase nominal shares in Kotva and file strike suits against the company in the Czech Republic, in furtherance of the blackmailing scheme.*

*The purpose and function of the Enterprise is to extort funds from Kotva and share in the proceeds.*

*The roles of the Enterprise are defined, in part, by the series of contracts and corporate relationships described above.*

*The Enterprise's course of conduct is spelled out in the Complaint ¶¶19 through 28 entitled "Weiss' Commercial Extortion of Kotva," ¶¶ 43 through 48 entitled "The Admissions In The Weiss Defendants' Own Documents" and Exhibits A through E therein.*

(c) **state whether any defendants are employers, officers, or directors of the alleged enterprise;**

*Unknown at this time.*

(d) **state whether any defendants are associated with the alleged enterprise, and, if so, how;**

*See Answer b, above.*

(e) **explain how each defendant participated in the direction of the affairs of the enterprise;**

*See Answer b, above.*

(f) **state whether you allege [(i) that the defendants are individuals or entities separate from the alleged enterprise, or (ii) that the defendants are the enterprise itself, or (iii) that the defendants are member of the enterprise]; and**

*From the information now known, without the benefit of discovery, the defendants are members of the Enterprise.*

(g) **explain, if you allege any defendants to be the enterprise itself or members of the enterprise, whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.**

*As detailed in the Complaint, the defendants are perpetrators of the alleged racketeering activity.*

**Question No. 7:**

**State whether you allege, and describe in detail, how the pattern of racketeering activity and the enterprise are separate or have merged into one entity.**

*As an association in fact formed for an illegitimate purpose, the pattern of racketeering activity and the Enterprise may have merged into one entity. At this stage of the litigation, it is not known if the Enterprise engages in any legitimate business activity and therefore Plaintiff does not know whether the Enterprise has an existence separate from its pattern of racketeering activity.*

**Question No. 8:**

**Describe the alleged relationship between the activities and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.**

*It is unknown at this time whether the Enterprise engages in any legitimate business activities.*

**Question No. 9:**

**Describe what benefits, if any, the alleged enterprise and each defendant received from the alleged pattern of racketeering activity.**

*If successful, the Enterprise stood to reap millions of dollars from the scheme to extort money from Kotva.*

**Question No. 10:**

**Describe the effect of the activities of the enterprise on interstate or foreign commerce.**

*As detailed in the Complaint, the activities of the Enterprise have affected the business of Kotva, a Czech company operating in Prague, as well as the rights of thousands of Kotva shareholders.*

**Question No. 11:**

If the complaint alleges a violation of 18 U.S.C. § 1962 (a), provide the following information:

    (a) state who received the income derived from the pattern of racketeering activity or thought the collection of an unlawful debt; and

    (b) describe the use or investment of such income.

    *N/A*

**Question No. 12:**

If the complaint alleges a violation of 18 U.S.C. §1962 (b), provide the following information:

    (a) describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and

    (b) state whether the same entity is both the liable "person" and the "enterprise" under section 1962(b).

    *N/A*

**Question No. 13:**

If the complaint alleges a violation of 18 U.S.C § 1962 (c), provide the following information:

    (a) state who is employed by or associated with the enterprise; and

    *See Answer No. 3*

    (b) state whether the same entity is both the liable "person" and the "enterprise" under section 1962(c).

    *Unknown at this time.*

**Question No. 14:**

If the complaint alleges a violation of 18 U.S.C. § 1962 (d), describe in detail the alleged conspiracy.

10

*The conspiracy is spelled out in the Complaint ¶¶19 through 28 entitled "Weiss' Commercial Extortion of Kotva," ¶¶ 43 through 48 entitled "The Admissions In The Weiss Defendants' Own Documents" and Exhibits A through E therein*

**Question No. 15:**

**Describe the alleged injury to business or property.**

*The injury suffered is spelled out in the Complaint ¶¶ 37 through 39 entitled "The Damage Caused by the Weiss Defendants' Stock Scheme."*

**Question No. 16:**

**Describe the relationship between the alleged injury and violation of the RICO statute.**

*The activity underlying the RICO violations are the cause of the injuries alleged.*

**Question No. 17:**

**List the damages sustained by reason of the violation of section 1962, indicating the amount for which each defendant allegedly is liable.**

*The injury suffered is spelled out in the Complaint ¶¶ 37 through 39 entitled "The Damage Caused by the Weiss Defendants' Stock Scheme."*

**Question No. 18:**

**Provide any additional information you feel would be helpful to the court in processing you RICO claim.**

*Discovery has not yet completed, and defendants have yet to produce the documents requested.*

By its attorneys,

*(signature)*

Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Dana A. Zakarian (BBO# 641058)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: February 6, 2006

## CERTIFICATE OF SERVICE

I, Joel G. Beckman hereby certify that on the 6th day of February, 2006, I served the above document to all counsel of record by Email and First Class mail.

*(signature)*

Joel G. Beckman

12