UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## OPPOSITION OF KOTVA A.S. TO THE EMERGENCY MOTION OF
## ANDREW WEISS AND WEISS ASSET MANAGEMENT FOR PROTECTIVE ORDER

Plaintiff Kotva a.s. ("Kotva") hereby opposes the "emergency" motion for a protective

order by Defendants Andrew Weiss ("Weiss") and Weiss Asset Management LLC ("WAM") "to

limit the number and content" of additional non party document subpoenas that Kotva may issue

in the future.[1] Weiss and WAM make unfounded allegations about Kotva's motives in using the

subpoena process thus far, and seek to inhibit Kotva's ability to engage in proper discovery.

Contrary to Defendants' assertions, Kotva has neither abused the subpoena process nor spread

any "false allegations" about Weiss. Rather, it is Defendants who continue to dodge the fact that

criminal charges for extortion have been brought against Weiss in the Czech Republic while

representing to the Court that the Czech criminal case has not moved beyond the complaint and

investigation stage.

Defendants' only other argument for a protective order—that the subpoenas are

"unnecessary" because Kotva will supposedly obtain the same documents directly from

---

[1]  The three subpoenas issued by Kotva to date have already been served.  Dr. Waxman has produced documents in response to the subpoena served upon him and Kotva expects responses to the other two subpoenas in February and March 2006.

Defendants—provides no basis for entry of a protective order. Defendants have not yet produced any documents in response to Kotva's document requests. Defendants also have asserted numerous objections to essentially all of Kotva's document requests, and refused to provide any documents in response to at least seven requests. The "necessity" argument also is contradicted by Defendants' own conduct in seeking letters rogatory to demand the same documents from an outside party that they have already received from Kotva. In short, Defendants have failed to meet their burden for a protective order and the motion should be denied.

## **ARGUMENT**

## I.    **CRIMINAL CHARGES HAVE BEEN BROUGHT AGAINST WEISS.**

In their motion, Defendants assert the following:

> There is no criminal indictment of Andrew Weiss. Instead, K-T-V, apparently through its CEO, Richard Harazim, filed a criminal complaint with the Czech police. Subsequently, the Czech police and a municipal prosecutor initiated a criminal investigation of Andrew Weiss, among others. K-T-V's complaint is groundless and the case has not proceeded beyond the investigation stage, let alone to any so-called indictment.

Motion at 3. Defendants' portrayal of the criminal proceedings in the Czech Republic as not having moved beyond the complaint and investigation stage is inaccurate. Criminal charges for extortion have been brought against Weiss in the Czech Republic. Attached hereto as Exhibit A is a copy of the document by which the criminal charges were brought and criminal prosecution was initiated against Andrew Weiss, Vladimir Hoffmann, and Edita Simkova on February 3, 2005. This document, which Kotva produced to Defendants in October 2005, confirms that criminal charges were brought ***after*** the police conducted an investigation:

> ***Pursuant to Section 160(1) of the Criminal Procedure Code, I
> hereby initiate criminal prosecution of the accused*** . . . Vladimir

> Hoffman . . . Edita Simkova . . . **Andrew Weiss . . . for the criminal offence of extortion** pursuant to Section 235(1) and (3) of the Criminal Code, committed as accomplices pursuant to Section 9(2) of the Criminal Code . . .
>
> *** 
>
> Kotva a.s. filed on 27 August 2004 to the Police of the Czech Republic . . . criminal charges against the accused Weiss and the accused Hoffmann regarding the criminal offence described above. Subsequently, an explanatory interrogation with the injured parties Harazim and Benda was carried out.  The police seized documents evidencing extortion.  Furthermore, having obtained court permission, the police tapped telephone calls in this matter.  The calls and seized documents, the criminal charges and explanatory interrogation sufficiently documented this offence.  It was ascertained that there are sufficient grounds, pursuant to Section 160(1) of the Criminal Procedure Code, to start criminal prosecution of specific persons who committed such offence. Therefore, criminal prosecution of the above accused was started.
>
> ***
>
> Pursuant to Section 36(3) of the Criminal Procedure Code, you, as the accused, must have a legal counsel to defend you at the pre-trial proceeding, because you have committed an offence that is punishable under the law by a prison sentence with the upper limit of more than 5 years.  If you fail to choose a counsel by yourself or if the counsel is not selected by the persons listed in Section 37 of the Criminal Procedure Code within two hours of the service of this Decision, the defence counsel shall be appointed for you in accordance with Section 38(1) of the Criminal Procedure Code.

(Exhibit A 1-2, 5-6, K0041-42, K0045-46) (emphasis added).  Weiss is the only accused who has

not accepted service of the charges.

## II.    WEISS HAS ADMITTED THAT CRIMINAL CHARGES HAVE BEEN BROUGHT AGAINST HIM.

Defendants' recent contention that Kotva's use of the term "indictment" in its document

requests constitutes a "scandalous accusation" against Weiss is curious, particularly in view of

Weiss's own representations about the criminal charges pending against him.  Contradicting their

present "scandalous accusation" position, Defendants admit in their Counterclaim that criminal

3

charges have been brought against Weiss in the Czech Republic.  *See* Counterclaim at p. 2
("Forminster and its affiliates used their influence over Czech law enforcement to instigate a
***criminal prosecution*** of Weiss on sham charges of blackmail"); at ¶ 34 ("The Forminster
Group's motive ***in causing Czech law enforcement to bring the criminal charge*** was to obtain
an unfair advantage over Weiss . . . .") (emphasis added); and at ¶ 62 ("The Forminster Group. . .
exert[ed] its influence over Czech law enforcement to cause or attempt to cause ***charges to be
brought against Weiss***.") (emphasis added).

Furthermore, during a March 15, 2005 video press conference convened by Weiss, before
this case was even filed, Weiss made the following statements about the criminal proceedings
against him and his former associate, Vladimir Hoffman:

> On February 4, 2005, the Czech Press Agency published a story
> saying that my former Czech associate [Hoffman] was charged by
> police with blackmailing KOTVA and that charges against me are
> imminent.  I was in shock.  I'm 58 years old, and have ever [sic.]
> been accused of any form of misconduct – no less charged with a
> serious crime. . . .I still have not received an official notification
> about the inception of a criminal proceeding against me, so I can't
> even find out what I'm being accused of – of course there is the
> hope that charges are not going to be brought.  I even learned from
> the media that all of the shares in KOTVA owned by BGO were
> frozen by the prosecutor in relation to these criminal proceedings.

(Transcript of Weiss's statement at video press conference scheduled for Tuesday, March 15,
2005, attached as Exhibit E to the Complaint).  These admissions are telling.[2]  Weiss admits his
awareness of prosecutorial actions "in relation to these criminal proceedings," namely, that the
Czech prosecutor had frozen BGO's shares in KOTVA.  Simply put, Weiss's own prior

---

[2]  The February 4, 2005 date of the Czech press account coincides, of course, with the February 3, 2005 charges that
were brought against Weiss, Hoffman, and Simkova.  Although Weiss attempts to distinguish between the charges
brought against his former Czech associate and the "imminent" charges against him, Exhibit A demonstrates that
they were charged simultaneously in the same document.

admissions contradict his present assertion that the Czech case has not moved beyond the

complaint and investigation stage.

### III.    DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN TO DEMONSTRATE "GOOD CAUSE" FOR A PROTECTIVE ORDER.

Defendants baldly assert that the subpoenas issued by Kotva "are unnecessary, calling for

production of documents that [Kotva] will obtain directly from Weiss and WAM."  Motion at 2.

Defendants' argument fails because it attempts to invert the Rule 26(c) standard for protective

orders by leaping to the "need" analysis before satisfying Defendants' burden of demonstrating

good cause.[3]  Here, Defendants have failed to show any particular factual demonstration of

potential harm.  *See Anderson v. Cryovac, Inc.,* 805 F.2d 1, 7 (1st Cir. 1986).  Indeed,

Defendants cannot show any harm resulting from subpoena requests for documents addressing

criminal charges that Weiss himself has broadly publicized.  Following his March 15, 2005 press

conference, Weiss made almost identical admissions about the Czech criminal charges in

correspondence to his own investors.  (*See* March 16, 2005 Letter from WAM, attached as

Exhibit B hereto, produced by David Waxman in response to the Waxman subpoena).  Even if

Defendants could demonstrate good cause, however, Kotva's subpoenas seek relevant

information and are limited in scope.  Among other things, the subpoenas seek valuation

information provided by Weiss to BGO's investors concerning Kotva and potential admissions

from Weiss that may no longer be in Defendants' custody or control.  Moreover, Defendants

allege in their Counterclaim that the "Forminster Group" has kept the proceeds from the sale of

the department store for themselves.  (Counterclaim ¶ 76).  Kotva is entitled to discover whether

---

[3]  For a discussion of the relevant standard, Kotva refers the Court to its own Motion for a Protective Order at 5-6.

Weiss has so informed his investors.  In any event, it is Kotva's prerogative under the Federal Rules to pursue relevant discovery through proper channels.[4]

Defendants have not yet produced any documents in response to Kotva's discovery requests.  They have, however, stated numerous objections to essentially all of Kotva's document requests and refused to provide any documents in response to at least seven requests.  Moreover, Defendants' "necessity" argument crumbles in the face of their own discovery actions in this case.  Despite already receiving documents from Kotva, Defendants have applied to the Court for letters rogatory to demand from an outside party, the Irish purchasers of the Department Store, the same documents that they requested from Kotva.[5]

With respect to this motion, undersigned counsel, Mr. Pasquarello, and counsel for the Defendants, Mr. Goldberger, engaged in telephone conversations on January 30 and January 31, 2006.  Defendants' counsel requested Kotva to "commit" to not issuing *any* additional subpoenas, not simply subpoenas to BGO investors, until the Court could resolve this matter.  Undersigned counsel responded that Kotva could not agree unilaterally to handicap itself in discovery for an indefinite period of time—especially in the absence of any document production from Defendants.  After learning of Defendants' terminology objection to "indictment," undersigned counsel raised the alternative of simply providing the charging document (Exhibit A

---

[4]   The lone case that Defendants cite to support their argument that Kotva's subpoenas are improper, *Resolution Trust Corp. v. Dabney*, 73 F.3d 262 (10th Cir. 1995), is inapposite.  *Dabney* involved a subpoena issued against the opposing party just two weeks before trial—and well after the close of discovery imposed by the court's scheduling order—seeking documents that had been the subject of a previous request by the issuing party during discovery.

[5]   Kotva does not oppose the letters rogatory, but it has expressed to counsel for the Defendants that the application is premature while Kotva's motion for a protective order is pending.  The documents that Defendants seek from Markland contain some of the same narrow categories of confidential information for which Kotva has requested protection.

hereto) to clarify any potential confusion about the stage of the criminal proceedings against

Weiss in the Czech Republic. Defendants' counsel rejected this proposal.[6]

    For the foregoing reasons, Kotva requests that the Court deny Defendants' Emergency

Motion for a Protective Order.

                            Respectfully submitted,

                            KOTVA A.S.

                            By its attorneys,

                            /s/ Joel G. Beckman
                            Joel G. Beckman (BBO# 553086)
                            William C. Nystrom (BBO# 559656)
                            Dana A. Zakarian (BBO# 641058)
                            Daniel J. Pasquarello (BB0# 647379)
                            NYSTROM BECKMAN & PARIS LLP
                            10 St. James Ave., 16th Floor
                            Boston, Massachusetts 02116
                            (617) 778-9100
                            (617) 778-9110 (fax)

Dated: February 9, 2006

---

[6] Defendants' counsel also has mischaracterized undersigned counsel's reasonable discovery conduct in this matter by alleging that Kotva demanded production of documents from Dr. Waxman over a weekend. On the contrary, although the subpoena was issued on January 11, 2006, repeated efforts to serve the subpoena on Dr. Waxman were unsuccessful until January 20, 2006. During the week of January 16, 2006, Mr. Liebensperger, counsel for Defendants, called Mr. Pasquarello to inquire if the subpoena had been served on Dr. Waxman. Mr. Pasquarello informed Mr. Liebensperger that the subpoena had not yet been served, and that, due to the delay in service, the production date would obviously have to be extended. After service was effected on January 20, 2006, Mr. Liebensperger subsequently called Mr. Pasquarello to request an extension until January 27, 2006 for Dr. Waxman's response, which Mr. Pasquarello immediately granted. (*See* January 23, 2006 reply e-mail from Mr. Pasquarello to Mr. Liebensperger attached hereto as Exhibit C). Indeed, undersigned counsel was prepared to provide an even longer extension if requested, as provided to one of the other subpoena recipients. Additional time was not requested. Although Defendants' counsel has stated that they do not represent Dr. Waxman, Defendants' counsel produced the documents on Dr. Waxman's behalf on January 27, 2006. (*See* January 27, 2006 cover letter to Waxman document production from McDermott Will & Emery attached as Exhibit D hereto). Providing Defendants' counsel with the benefit of the doubt, undersigned counsel will ascribe the unwarranted accusation of unreasonable conduct to a lack of consultation between Defendants' counsel before filing the emergency motion.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 9th day of February, 2006.

/s/ Joel G. Beckman

1

Stamp:
POLICE OF THE CZECH REPUBLIC
ADMINISTRATION OF THE CITY OF PRAGUE
*Criminal Police and Investigation Service*
Economic Crime Section
140 21 PRAGUE 4, Kongresová 2

Criminal Prosecution No.: PSP-4035/OHK-3-2004

At Prague on 3 February 2005

DECISION

Pursuant to Section 160(1) of the Criminal Procedure Code, I hereby initiate criminal prosecution of the accused:

1) Ing. Vladimír Hoffmann,
nationality: Czech Republic
born on 30 October 1965 in Bratislava I, Slovak Republic
birth index no. 651030/6990
permanent resident at Medinská 825,
Klánovice, Prague 9, 190 14
owner of the company Balfindor a.s., Company ID No. 27107892
with its seat at Na Kocourkách 2915, Prague 6
owner of the company Gilroy Limited, Company ID No. 0090061682
with its seat at Pikioni, 4, Limassol, Republic of Cyprus

2) Edita Šimková
nationality: Czech Republic
born on 27 July 1968 in the Slovak Republic
birth index no. 685727/6140
permanent resident at Na Folimance 2153/19,
Vinohrady, Prague 2, 120 00
chairperson of the board of directors of Balfindor a.s., Company ID No. 27107892
with its seat at Na Kocourkách 2915, Prague 6

3) Andrew Weiss,
nationality: United States of America
born on 2 January 1947, passport no. Z7528881
resident at 46 Abbottsford Road, 2 Brookline, Massachusetts, 2446 USA
owner of the company Weiss Asset Management,
company address 29 Commonwealth Avenue, Boston, Massachusetts 02116,
which manages the company Brookdale Global Opportunity Fund,
company address        P.O. Box 1748, GT 27 Hospital Road, George Town
Grand Cayman, Cayman Islands
and controls the company KT, Inc.
with its seat at 2711 Centerville Road, Suite 400, City of Wilmington, County of Newcastle, Delaware, USA,

K 0041

2

for the criminal offence of

extortion pursuant to Section 235(1) and (3) of the Criminal Code, committed as accomplices pursuant to Section 9(2) of the Criminal Code,

because it has been sufficiently substantiated by the facts ascertained until now that

the accused Andrew Weiss and the accused Ing. Vladimír Hoffmann met on 12 May 2004 at 2:00 p.m. in the French restaurant of Obecní dům (Municipal House) in Prague 1, náměstí Republiky 1090/5, with the management of Kotva a.s., ID No. 60193808, with its seat at Prague 1, náměstí Republiky 8, represented by Richard Harazim, general manager of Kotva a.s., born on 10 March 1965, permanent resident at Přezletice, U bažantnice 305, district of Prague-East, and Martin Benda, chairman of the supervisory board of Kotva a.s., born on 8 September 1971, permanent resident at Borač 46, district of Žďár nad Sázavou, and requested from them redemption of 11.9% shares of the registered capital of Kotva a.s., i.e. 82,782 shares, which are held by Brookdale Global Opportunity Fund, P.O. BOX 1748, GT 27 Hospital Road, George Town, Grand Cayman, Cayman Islands (where these shares are administered by the accused Weiss Andrew through his company Weiss Asset Management, 29 Commonwealth Avenue, Boston, Massachusetts 02116), for an amount of 4,000,000 US dollars, stating that if these shares were not so redeemed, the accused Weiss would arrange for blocking the real estate of Obchodní dům Kotva (Kotva Department Store), located at náměstí Republiky 8, Prague 1, in the real estate cadastre by filing fabricated and self-serving lawsuits against Kotva a.s., by which he would substantially disturb negotiations of Kotva Holding with potential strategic partners and financial institutions about the financing of operations and sales of Obchodní dům Kotva, and would restrict the disposal of this property for several years, because he knew that Kotva a.s. had concluded a contract for sale of the above Obchodní dům Kotva from which it could not withdraw and that Kotva a.s. was under a time pressure and had financial problems, and if Kotva a.s. did not purchase his shares, the next offer would be substantially higher, and if Kotva a.s. refused to purchase these shares from him, he would file criminal charges against the board of directors of Kotva a.s. By this way, the accused blackmailed Kotva a.s. and its board of directors by the threat of causing large-scale damage, physical violence or other major detriment, forcing Kotva a.s. and its board of directors to perform, omit or suffer an act, although the above representatives of

**K 0042**

Kotva a.s. refused to redeem the above shares, stating that the asked price for the shares of Kotva a.s. is excessively high and that Kotva a.s. is not allowed to redeem its own shares.

Subsequently, the accused Weiss and the accused Hoffmann informed through Gilroy Limited and Balfindor a.s. Mr. Henry Prestige, the strategic partner of Kotva a.s., and financial institutions financing the operations of Kotva a.s. about actions filed against Kotva a.s. (as noted below), by which they hindered business operations of Kotva a.s. Such notification of the strategic partner and the financial institutions was meant to prevent the sale of the real property of Kotva a.s. to the strategic partner.

Subsequently, the accused Hoffmann, being the owner of Balfindor a.s., the accused Šimková as the chairperson of the board of director of Balfindor a.s., and the accused Weiss (who instructed the accused Hoffman and the accused Šimková to file the action referred to below), represented by Mgr. Ondřej Peterka, attorney-a-law, registered in the attorneys register kept by the Czech Bar Association under no, 4245, filed with the Municipal Court in Prague on 8 June 2004 on behalf of Balfindor a.s., Company ID No. 27107892, with its seat at Prague 6, Na Kocourkách 29/5 (which purchased on 8 June 2004, specifically for such purpose, one share of Kotva a.s. from the accused Hoffmann), an action for determination of invalidity of the general meeting of Kotva a.s., Company ID No. 60193808. On the same day, i.e. 8 June 2004, they submitted the statement of claim regarding the above action to the Cadastral Office of the City of Prague to attach in the real estate cadastre a seal to the lands and properties of Kotva a.s.

Subsequently, the accused Hoffmann, being the owner of Gilroy Limited, and the accused Weiss (who instructed the accused Hoffmann to file the action referred to below), represented by Mgr. Ondřej Peterka, attorney-at-law, filed with the Municipal Court in Prague on 30 June 2004 on behalf of Gilroy Limited, Company ID No. 0090061682, with its seat at Pikioni, 4, Limassol, Republic of Cyprus, which holds a part of shares of Kotva a.s., an action for determination of title to real estate of Kotva a.s., Company ID No. 60193808, Kotva nemovitosti k.s. with its seat at Příkopy 4, Brno, Company ID No. 26229048, and SPV KN a.s., with its seat at Příkopy 4, Brmo. At the same time (on 2 July 2004), they submitted the statement of claim regarding the above action to the Cadastral Office of the City of Prague to attach in the real estate cadastre a seal to the lands and properties of Kotva a.s., Kotva nemovitosti k.s. and SPV KN a.s.

**K 0043**

4

Subsequently, the accused Ing. Vladimír Hoffmann, born on 30 October 1965, birth index number 651030/6990, permanent resident at Prague 9, Medinská 825, as the holder of a part of shares of Kotva a.s., acting jointly with JUDr. Petr Streiberg, permanent resident at Prague 6, Na Kuthance 16/1218, born on 18 October 1955, who holds a part of shares of Kotva a.s., and with the accused Weiss, being the owner of Weiss Asset Management, company address 29 Commonwealth Avenue, Boston, Massachusetts 02116, which manages Brookdale Global Opportunity Fund, with its seat at P.O. BOX 1748, GT 27 Hospital Road, George Town, Grand Cayman, Cayman Islands, which owns a part of shares of Kotva, a.s., all of them represented by Mgr. Jiří Černý, attorney-at-law, substituted by Mgr. Ondřej Peterka, filed with the Municipal Court in Prague on 15 July 2004, on behalf of Brookdale Global Opportunity Fund and on behalf of Ing. Vladimír Hoffman and JUDr. Petr Streitberg as individuals, an action for declaration of invalidity of the general meeting of Kotva a.s. At the same time, they submitted the statement of claim regarding the above action to the Cadastral Office of the City of Prague to attach in the real estate cadastre a seal to the lands and properties of Kotva a.s.

Subsequently, the accused Weiss, who controls KT, Inc., with its seat at 2711 Centerville Road, Suite 400, City of Wilmington, County of Newcastle, Delaware, USA, which holds a part of shares of Kotva a.s. through Brookdale Global Opportunity Fund (which also holds a part of shares of Kotva a.s.), represented by Mgr. Ondřej Peterka, attorney-at-law, filed individually with the Municipal Court in Prague on 23 December 2004 on behalf of KT, Inc. an action for determination of title to real estate. At the same time, he submitted the statement of claim regarding the above action to the Cadastral Office of the City of Prague to attach in the real estate cadastre a seal to the lands and properties of Kotva a.s.

Subsequently, the three accused have requested Kotva a.s. repeatedly by extortion, from 12 May 2004 to date, to redeem of 11.9% of shares of Kotva a.s. and to purchase 39.73% (i.e. 11,098,617 shares) of Trend – všeobecný investiční fond a.s., with its seat at Hradec Králové, Škroupova 9/441, Company ID No. 45245177. They increased the requested redemption price up to 295,000,000 CZK, otherwise they would not withdraw their lawsuits against Kotva a.s., Kotva nemovitosti k.s. and SPV KN a.s., thus causing high financial losses to these companies. The extortion itself was represented by filing the above actions, by personal

**K 0044**

5

contacts of the accused with representatives of Kotva a.s., and by a telephone call, by fax and e-mail messages sent to these representatives.

Subsequently, the accused Hoffmann has demanded individually from Kotva a.s. by extortion, from November 2004 to date, payment of 45,000,000 CZK as compensation for withdrawal of claims against Kotva a.s. filed by his companies, i.e. Gilroy Limited and Balfindor a.s. He forced Kotva a.s. to conclude with him a preliminary agreement on compensation for withdrawal of the above claims filed by his companies. The extortion itself was represented by filing the above actions by the companies owned by Hoffman, and by a telephone call, by fax and e-mail messages sent to the representatives of Kotva a.s.

By the foregoing conduct, the accused committed the above criminal offence to the detriment of the following injured parties:

Kotva a.s.

Kotva nemovitosti k.s.

SPV KN a.s.

Martin Benda, born on 8 September 1971

Richard Harazim, born on 10 March 1965.

### Statement of reasons

Kotva a.s. filed on 27 August 2004 to the Police of the Czech Republic, Administration of the Capital City of Prague, Criminal Police and Investigation Service, Kongresová 2, Prague 4, criminal charges against the accused Weiss and the accused Hoffmann regarding the criminal offence described above. Subsequently, an explanatory interrogation with the injured parties Harazim and Benda was carried out. The police seized documents evidencing extortion. Furthermore, having obtained court permission, the police tapped telephone calls in this matter. These calls and seized documents, the criminal charges and explanatory interrogation sufficiently documented this offence. It was ascertained that there are sufficient grounds, pursuant to Section 160(1) of the Criminal Procedure Code, to start criminal prosecution of specific persons who committed such offence. Therefore, the criminal prosecution of the above accused was started.

**K 0045**

6

**Instruction:**

Pursuant to Section 36(3) of the Criminal Procedure Code, you, as the accused, must have a legal counsel to defend you at the pre-trial proceeding, because you have committed an offence that is punishable under the law by a prison sentence with the upper limit of more than 5 years. If you fail to choose a counsel by yourself or if the counsel is not selected by the persons listed in Section 37 of the Criminal Procedure Code within two hours of the service of this Decision, the defence counsel shall be appointed for you in accordance with Section 38(1) of the Criminal Procedure Code.

I further instruct you that every accused must have his own defence counsel, because the interests of individual accused at this criminal suit are conflicting.

I further instruct you that the following persons will be heard among the witnesses in this criminal matter: Mgr. Ondřej Peterka, Mgr. Jiří Černý and Mgr. Ladislav Chundela of the law offices of Peterka & Partners v.o.s., and JUDr. Ing. Petr Šrámek, listed in the attorneys register of the Czech Bar Association under no. 5076; therefore, you cannot choose these persons as your defence counsels pursuant to Section 37 of the Criminal Procedure Code.

A complaint against this decision may be filed by an accused within three days of the service hereof with the police authority that has prepared this decision. Such complaint has no suspensory effect.

Ing. Pavel Brož

Police Commissioner: *[Signature]*

Accepted by the accused Ing. Vladimír Hoffman on 3 February 2005 at 2:00 p.m. *[Initial]*

Accepted by the accused Andrew Weiss            on

Accepted by the accused Edita Šimková          on 3 February 2005 at 11.20 a.m.

*[Signature]*

**K 0046**

**POLICIE ČESKÉ REPUBLIKY**
SPRÁVA HLAVNÍHO MĚSTA PRAHY
*služba kriminální policie a vyšetřování*
odbor hospodářské kriminality
**140 21 PRAHA 4, Kongresová 2**                    -1-

ČTS:PSP-4035/OHK-3-2004

Praha dne 3. února 2005

U S N E S E N Í

Podle ustanovení § 160 odstavce 1 trestního řádu zahajuji trestní stíhání obviněných:

1)      ing. Vladimír Hoffmann,
        státní příslušník České republiky,
        narozen 30.10.1965 v Bratislavě I, Slovenská republika,
        rodné číslo 651030/6990,
        trvale bytem Medinská 825,
                    Klánovice, Praha 9, 190 14,
        majitel firmy Balfindor a. s., IČO 27107892,
        sídlo firmy Na Kocourkách 2915, Praha 6,
        majitel firmy Gilroy Limited, IČO 0090061682,
        sídlo firmy Pikioni, 4, Limassol, Kyperská republika,

2)      Edita Šimková,
        státní příslušník České republiky,
        narozená 27.7.1968 v Slovenské republice,
        rodné číslo 685727/6140
        trvale bytem Na Folimance 2153/19,
                    Vinohrady, Praha 2, 120 00,
        předseda představenstva firmy Balfindor a. s., IČO 27107892,
        sídlo firmy Na Kocourkách 2915, Praha 6,

3)      Andrew Weiss,
        státní příslušník Spojených států amerických,
        narozen 2.1.1947, pas č. Z7528881,
        bytem 46 Abbottsford Road, 2 Brookline, Massachusetts, 2446 USA,
        majitel firmy Weiss Asset Management,
        adresa firmy 29 Commonwealth Avenue, Boston, Massachusetts 02116,
        která spravuje firmu Brookdale Global Opportunity Fund,
        adresa firmy        P. O. BOX 1748, GT 27 Hospital Road, George Town,

-2-

Grand Cayman, Cayman Islands,

ovládá firmu KT,Inc.,

se sídlem 2711 Centerville Road, Suite 400, City of Wilmington, County of Newcastle, Delaware, USA,

pro trestný čin

"Vydírání" podle § 235 odstavce 1, odstavce 3 trestného zákona ve spolupachatelství podle § 9 odstavce 2 trestního zákona,

neboť na základě doposud zjištěných skutečností je dostatečně odůvodněn závěr,

že obviněný Andrew Weiss a obviněný ing. Vladimír Hoffmann, dne 12.5.2004 v 14.00 hod, v francouzské restauraci v Obecním domě v Praze 1, náměstí Republiky 1090/5, požadovali po managementu společnosti Kotva a. s., IČ 60193808, se sídlem Praha 1, náměstí Republiky 8, zastupovanou ředitelem společnosti Kotva a. s., Richardem Harazimem, narozeným 10.3.1965, trvale bytem Přezletice, U bažantnice 305, okres Praha - východ, a předsedou dozorčí rady společnosti Kotva a. s., Martinem Bendou, narozeným 8.9.1971, trvale bytem Borač 46, okres Žďár nad Sázavou, odkoupení 11,9% akcií základního jmění společnosti Kotva a. s., což je 82.782,-ks akcií, které jsou v majetku společnosti Brookdale Global Opportunity Fund, P. O. BOX 1748, GT 27 Hospital Road, George Town, Grand Cayman, Cayman Islands, které tyto akcie spravuje obviněný Weiss Andrew, prostřednictvím jeho společnosti Weiss Asset Management, 29 Commonwealt Avenue, Boston, Massachusetts 02116, za částku 4.000.000,- amerických dolarů s tím, že pokud nedojde k uvedenému odkoupení akcií, tak obviněný Weiss zajistí zablokování nemovitosti Obchodního domu Kotva, nacházející se na adrese náměstí Republiky 8, Praha 1, prostřednictvím katastru nemovitostí, podáním vykonstruovaných účelových žalob k soudu proti společnosti Kotva a. s., a tím zásadním způsobem naruší Holdingu Kotva jednání s možnými strategickými partnery a finančními institucemi ohledně financování provozu a prodeje Obchodního domu Kotva a omezí tak dispozici s tímto majetkem na několik let, protože je mu známo, že společnost Kotva a. s. má uzavřenou smlouvu na prodej uvedeného Obchodního domu Kotva, od které nemůže odstoupit, a je v časové a finanční tísni, a když hned společnost Kotva a. s. nekoupí jeho akcie, tak příští nabídka bude podstatně vyšší, a v případě, že společnost Kotva a. s. odmítne od něj nakoupit uvedené akcie, tak ještě na představenstvo společnosti Kotva a. s. podá trestní oznámení, tímto způsobem obvinění vydírali uvedenou společnost Kotva a. s. a samotné představenstvo společnosti Kotva a. s. způsobením škody velkého rozsahu, pohrůžkou násilí nebo jiné těžké újmy nucením, aby společnost Kotva a. s. a její představenstvo něco konali, opominuli nebo strpěli, přestože uvedení zástupci společnosti Kotva odmítali provést uvedený nákup akcií s poukazováním na skutečnost, že požadovaná cena za akcie společnosti Kotva je

-3-

nepřiměřené předražená a navíc společnost Kotva nesmí nakupovat své vlastní akcie,

následně společně obviněný Weiss a obviněný Hoffmann, prostřednictvím společnosti Gilroy Limited a společnosti Balfindor a. s., informovali strategického partnera společnosti Kotva a. s, pana Henryho Prestige, a peněžní ústavy, financující provoz společnosti Kotva a. s., že byly podány žaloby na společnost Kotva a. s., jak je níže uvedeno, čímž zkomplikovali podnikání společnosti Kotva a. s., přičemž vyrozumění strategického partnera a peněžních ústavů bylo za cílem znemožnění prodeje nemovitosti společnosti Kotva a. s., strategickému partnerovi,

následně společně obviněný Hoffmann, jako majitel společnosti Balfindor a. s., obviněná Šimková, jako předseda představenstva společnosti Balfindor a. s., a obviněný Weiss, který obviněnému Hoffmannovi a obviněné Šimkové dal pokyn podat níže uvedenou žalobu, podali v zastoupení advokáta Mgr. Ondřeje Peterky, vedený v seznamu advokátů u České advokátní kanceláře pod číslem 4245, za společnost Balfindor a. s., IČO 27107892, se sídlem Praha 6 Na Kocourkách 29/5, která účelově nakoupila dne 8.6.2004 od obviněného Hoffmanna 1 ks akcií společnosti Kotva a. s., žalobu na určení neplatnosti valné hromady, proti společnosti Kotva a. s., IČO 60193808, k Městskému soudu v Praze, téhož dne 8.6.2004, a současně podali k Katastrálnímu úřadu Praha - město, uvedenou žalobu s návrhem na vyznačení plomby do katastru nemovitostí na pozemky a nemovitosti společnosti Kotva a. s.,

následně společně obviněný Hoffmann, jako majitel společnosti Gilroy Limited, a obviněný Weiss, který dal pokyn obviněnému Hoffmannovi podat níže uvedenou žalobu, podali v zastoupení advokáta Mgr Ondřeje Peterky, za společnost Gilroy Limited, IČO 0090061682, se sídlem Pikioni, 4, Limassol, Kyperská republika, která vlastní část akcií společnosti Kotva a. s, žalobu na určení vlastnického práva k nemovitostem, proti společnosti Kotva a. s., IČO 60193808, proti společnosti Kotva nemovitosti k.s., se sídlem Příkopy 4 Brno, IČO 26229048, proti společnosti SPV KN a. s., se sídlem Příkopy 4 Brno, k Městskému soudu v Praze, dne 30.6.2004, a současně, dne 2.7.2004, podali k Katastrálnímu úřadu Praha - město, uvedenou žalobu s návrhem na vyznačení plomby do katastru nemovitostí na pozemky a nemovitosti společnosti Kotva a. s., společnosti Kotva nemovitosti k.s. a společnosti SPV KN a. s.,

následně společně obviněný ing. Vladimír Hoffmann, narozen 30.10.1965, rodné číslo 651030/6990, trvale bytem Praha 9 Medínská 825, jako majitel části akcií společnosti Kotva a. s., s MUDr. Petrem Streibergem trvale bytem Praha 6 Na Kuthance 16/1218, narozen 18.10.1955, jako majitelem části akcií společnosti Kotva a. s., a s obviněným Weissem, jako majitelem společnosti Weiss Asset Management, adresa společnosti 29 Commonwealth Avenue, Boston, Massachusetts 02116, která spravuje společnost Brookdale Global Opportunity Fund, se sídlem P. O. BOX 1748, GT 27 Hospital Road, George Town, Grand Cayman, Cayman Islands, která vlastní část akcií společnosti Kotva a. s., podali v zastoupení advokáta Mgr. Jiřího Černého v instituci Mgr. Ondřeje Peterky, za společnost Brookdale

-4-

Global Opportunity Fund a osobně za obviněného ing. Vladimíra Hoffmanna a osobně za MUDr. Petr Streitberga, žalobu na vyslovení neplatnosti valné hromady, konané dne 20.6.2002, proti společnosti Kotva a. s., k Městskému soudu v Praze, dne 15.7.2004, a současně podali k Katastrálnímu úřadu Praha - město, uvedenou žalobu s návrhem na vyznačení plomby do katastru nemovitostí na pozemky a nemovitosti společnosti Kotva a. s.,

následně samostatně obviněný Weiss, který ovládá společnost KT, Inc., se sídlem 2711 Centerville Road, Suite 400, City of Wilmington, County of Newcastle, Delaware, USA, která vlastní část akcií společnosti Kotva a. s., prostřednictvím společnosti Brookdale Global Opportunity Fund, která rovněž vlastní část akcií společnosti Kotva a. s., podal v zastoupení advokáta Mgr. Ondřeje Peterky, za společnost KT, Inc., žalobu na určení vlastnického práva k, nemovitostem, k Městskému soudu v Praze, dne 23.12.2004, a současně podal k Katastrálnímu úřadu Praha - město, uvedenou žalobu s návrhem na vyznačení plomby do katastru nemovitostí na pozemky a nemovitosti společnosti Kotva a. s.,

následně všichni tři obvinění, opakovaně, od 12.5.2004 až do současnosti, vydíráním požadovali odkoupení 11,9 % akcií společnosti Kotva a. s. a 39,73 % akcií, (což je 11098617 akcií) společnosti Trend - všeobecný investiční fond a. s., se sídlem Hradec Králové, Škroupova 9/441, IČO 45245177, od samotné společnosti Kotva a. s., a zvyšovali svůj požadavek až na částku 295 000 000,-Kč, že jinak nestáhnou podané žaloby na společnost Kotva a. s., na společnost Kotva Nemovitosti k.s. a na společnost SPV KN a. s., a způsobí tím uvedeným společnostem vysoké finanční ztráty, přičemž samotné vydírání probíhalo podáváním žalob, jak je výše uvedeno, dále prostřednictvím osobního kontaktu obviněných s zástupci společnosti Kotva a. s., dále prostřednictvím telefonního hovoru, dále prostřednictvím zasílání faxů a dále prostřednictvím zasílání emailů prostřednictvím počítače zástupcům společnosti Kotva a. s.,

následně samostatně obviněný Hoffmann, od listopadu 2004 do současnosti, vydíráním požadoval po společnosti Kotva a. s. zaplacení 45 000 000,-Kč, jako odstupné za stažení žalob na společnost Kotva a. s. od jeho společností a to od společnosti Gilroy Limited a od společnosti Balfindor a. s., přičemž donutil společnost Kotva a. s., sepsat s ním předběžnou smlouvu na uvedené odstupné za stažení výše uvedených žalob od jeho firem, přičemž samotné vydírání bylo provedeno způsobem podání výše uvedených žalob od firem, které byly v majetku obviněného Hoffmanna, dále prostřednictvím osobního kontaktu s zástupci společnosti Kotva a. s., dále prostřednictvím telefonního hovoru, dále prostřednictvím zasíláním faxů a dále prostřednictvím zasílání emailů prostřednictvím počítače zástupcům společnosti Kotva a. s.,

tímto svým jednáním se dopustili obvinění, shora uvedeného trestného činu ke škodě těmto poškozeným :

-5-

pošk. společnost Kotva a. s.,
pošk. společnost Kotva Nemovitosti k.s.,
pošk. společnost SPV KN a. s.,
pošk. Martin Benda narozen 8.9.1971,
pošk. Richard Harazim narozen 10.3.1965.

## O d ů v o d n ě n í

Dne 27.8.2004 bylo podáno trestní oznámení k Policii České republiky, Správě hlavního města Prahy, službě kriminální policie a vyšetřování, Kongresová 2 Praha 4, od společnosti Kotva a. s., na obviněného Weisse a obviněného Hoffmanna pro shora uvedený trestný čin. Dále bylo provedeno podání vysvětlení od poškozeného Harazima a od poškozeného Bendy. Policie zajistila doklady, které dokladují trestný čin vydírání. Dále policie na základě soudního povolení, prováděla odposlechy telefonních hovorů v této věci. Na základě těchto odposlechů a zajištěných dokladů a trestního oznámení a podání vysvětlení byl dostatečně zadokumentován tento trestný čin. Bylo zjištěno, že je dostatečný důvod k zahájení trestního stíhání podle § 160 odstavce 1 trestného řádu, pro výše uvedený trestný čin a to konkrétním osobám. Proto bylo zahájeno trestní stíhání uvedených obviněných.

## Poučení:

Jako obviněný musíte mít podle ustanovení §36 odstavce 3 trestního řádu obhájce již v přípravném řízení z důvodu nutné obhajoby, neboť se jedná o trestný čin, na který zákon stanoví trest odnětí svobody, jehož horní hranice převyšuje 5 let. Pokud si sám obhájce nezvolíte a nezvolí Vám jej osoby uvedené v ustanovení § 37 trestního řádu do dvou hodin od doručení tohoto usnesení, bude Vám ustanoven obhájce podle ustanovení § 38 odstavce 1 trestního řádu.

Dále Vás poučuji o tom, že každý obviněný musí mít vlastního obhájce, neboť zájmy jednotlivých obviněných si v tomto trestním řízení odporují.

Dále Vás poučuji o tom, že v této trestní věci budou mimo jiné vyslechnuti jako svědci Mgr. Ondřej Peterka, Mgr. Jiří Černý a Mgr Ladislav Chundela, z advokátní kanceláře Peterka & Partners v.o.s., a dále JUDr. ing. Petr Šrámek, vedený v seznamu advokátů u České advokátní kanceláře pod číslem 5076, a proto si jako obhájce výše uvedené osoby nemůžete zvolit za své obhájce podle ustanovení § 37 trestního řádu.

-6-

Proti tomuto usnesení je přípustná stížnost, kterou může podat obviněný do tří dnů od doručení tohoto usnesení u policejního orgánu, který toto usnesení vyhotovil. Stížnost nemá odkladný účinek.



kpt. ing. Pavel Brož

Policejní komisař :

Obviněný ing. Vladimír Hoffmann   převzal dne          v hod
Obviněný Andrew Weiss             převzal dne          v hod
Obviněná Edita Šimková           převzala dne          v hod

# WEISS ASSET MANAGEMENT

16 March 2005

Dear Investors,

In the course of aggressively protecting the interests of the investors in BGO I have been targeted by people in the Czech Republic who will make enormous profits if they are allowed to trample over the rights of minority shareholders. They are trying to have me charged with extortion in order to get me to drop my legal petitions in the Czech courts. As explained in detail below, these charges would be completely baseless and were instigated by individuals who we believe are attempting to embezzle investment assets.

I am enclosing the transcript of a statement I made to the Czech news agency, a chronology of events and some diagrams and tables that may help you understand what is going on. I will first give a brief summary.

Before we took over the management of BGO, it was called Czech Value Fund (CVF) and was managed by Regent Kingpin. Under the previous management, the fund, through its Cyprus subsidiary CVF Investments Ltd., made large investments in Trend Investment Fund and KOTVA a.s.; CVF Investments owned 39.7% of Trend and 11.9% of KOTVA. The previous managers of CVF held those assets in a separate entity called CVF Investments Ltd. that was domiciled in Cyprus. I believe Regent Kingpin did this in order to minimize the tax liability by utilizing Cyprus tax treaties. The Trend and KOTVA shares are still held by CVF Investment.

By the time we replaced the management of CVF, all of Trend's assets had been stolen and 55.6% of the KOTVA shares were held by people who had stolen the money from Trend. The funds were tunneled through a series of transactions involving dummy companies controlled by the managers of Trend; 55.6% of the shares of KOTVA ended up in a Cyprus company called Forminster. A Czech court froze those shares and a Lichtenstein court froze Forminster's bank account on suspicions of money laundering. However, Forminster was allowed to vote its shares and put its people in control of KOTVA.

Because there was no market for Trend shares, and the market price of KOTVA bore no relationship to the value of its assets, we "ring fenced" all the Trend and Kotva shares along with Russian bonds and some other particularly hard to value and highly illiquid investments that were in the portfolio of CVF when we replaced the management. We have not taken a management or performance fee for those assets. They belong to the persons who were investors in CVF when we replaced the management of that fund. All expenses associated with those investments are charged to those investors – not to people who invested in BGO or BIP. The revenue from the Russian bonds and the income from the sale of other investments have been sufficient to pay those expenses.

---

29 Commonwealth Avenue • Boston • Massachusetts • 02116
Phone: (617) 778-7780 • Fax: (617) 778-7781 • E-mail: info@weissasset.com

WAX000328

KOTVA a.s. had only one asset, the property of the Kotva department store. We were aware that that property was worth around $70 million. In a related matter, a U.K. arbitration court ruled that with 80% probability a Czech court would award 32% of KOTVA's shares to Trend. We think Trend may get all of Forminster's KOTVA shares.

During 2002, 2003 and 2004, the Forminster people who were "managing" KOTVA moved its assets through a series of increasingly intricate and bizarre transfers involving multiple dummy companies and subsidiaries. Since KOTVA a.s. only had a single asset, it would seem that the only reason for setting up all those dummy companies was to prevent the shareholders of KOTVA a.s. from benefiting from the eventual sale of the property. The final result is that all the assets of KOTVA are now owned by a dummy company called SPV. That company has bearer shares so it is now impossible to know who actually owns the property. A company owned by Vladimir Hoffmann, an independent contractor we had hired, petitioned the courts to invalidate these transfers.

In November 2003, Forminster offered to buy the 11.9% interest in KOTVA a.s. for $1 million. We refused. They requested a meeting with us in which they told me and Vladimir Hoffmann (who they had asked to arrange the meeting) that a minority interest in KOTVA was worthless, and that there was nothing anyone could do about the embezzlement of the assets of Trend – that Trend shares were worthless. After this meeting, additional lawsuits were brought to invalidate the dummy transactions so that the shareholders of KOTVA a.s. would control its assets, and to restore the stolen KOTVA's shares to Trend.

Now is when things get completely bizarre.

The response of Forminster was to get a prosecutor to charge Hoffmann and his assistant with extortion. According to the newspapers, the prosecutor also intends to charge me with extortion. Apparently the basis of the charge (which my lawyer has not been allowed to see) is that we were asking for more than the market price of KOTVA: the market price was depressed because minority shareholders were being disenfranchised. The price I asked for is a little less than 11.9% of the price that the newspapers have recently reported as the price the property sold for. The logic seems to be that since the lawsuits would stop them from completing their theft of the assets of KOTVA, those lawsuits would cause them serious damage, and the threat to cause serious damage is part of the Czech definition of extortion. The same prosecutor has also frozen the shares of KOTVA that had been bought by the previous managers of CVF. I have read the "reasoning" behind that decision and there is nothing in the reasoning that explains why the shares were seized. The issue is never addressed. There are some baseless accusations against me and against Hoffmann and several easily refuted factual errors, but no explanation for why the shares should be seized.

One effect of these accusations is that I will not be able to travel to the countries of the European Union until this matter is resolved. You may want to ask your Senators or Congressman to make sure that the US government enforces the provisions of the Czech-US Bilateral Treaty on Investments (enclosed), which are being violated in this case. My lawyers can see no legal basis for the charges being made against me. This is a political, not legal matter, so it can only be resolved through political means.

---

29 Commonwealth Avenue • Boston • Massachusetts • 02116
Phone: (617) 778-7780 • Fax: (617) 778-7781 • E-mail: info@weissasset.com

WAX000329

I am proud of the actions that I have taken to defend the interests of our investors in this and other matters. If people like us do not stand up for shareholder rights, who will? My lawyers have said that it is unprecedented for anyone to be charged with extortion for bringing a lawsuit. One of the reasons we have been able to achieve high returns is that I have always fought for the rights of our investors. I must admit I never expected that fighting for our investors to be treated fairly would cause me such grief. However, I have no intention of changing our policy of always acting in the most ethical manner and vigorously protecting the interests of our investors.

Sincerely yours,

Andrew Weiss
President and CIO
Weiss Asset Management

WAX000330

## Daniel J. Pasquarello

**From:**    Daniel J. Pasquarello
**Sent:**    Monday, January 23, 2006 9:32 AM
**To:**    'ELeibensperger@mwe.com'
**Cc:**    djw@bu.edu; BGoldberger@mwe.com
**Subject:** RE: Kotva v. Weiss

Ned,

That is correct.  I understand from our conversation that you are not officially representing Dr. Waxman but that he has contacted you about the subpoena.  As I mentioned, Dr. Waxman should also feel free to contact me if he has any questions about the process or needs any clarifications about the requests.

Regards,
Dan

Daniel J. Pasquarello
Nystrom Beckman & Paris, LLP
10 St. James Avenue, 16th Floor
Boston, MA 02116
617-778-9104 *(direct)*
617-778-9100 *(main)*
617-778-9110 *(fax)*
dpasquarello@nbparis.com

---

**From:** ELeibensperger@mwe.com [mailto:ELeibensperger@mwe.com]
**Sent:** Monday, January 23, 2006 9:11 AM
**To:** Daniel J. Pasquarello
**Cc:** djw@bu.edu; BGoldberger@mwe.com
**Subject:** Kotva v. Weiss

Dear Dan:

This will confirm our telephone conversation that Dr. Waxman will have until Friday, January 27, 2006 to respond to the subpoena duces tecum served upon him on Friday, January 20. Thank you.

Ned

---

Edward P. ("Ned") Leibensperger
**McDermott Will & Emery LLP** | 28 State Street, Boston, MA 02109
Office: 617-535-4046 | Fax: 617-535-3800 | Cell: 617-216-1146 | mailto:eleibensperger@mwe.com | www.mwe.com

---

**************************************************************************************************************
IRS Circular 230 Disclosure:  To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

2/8/2006

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.
*********************************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

2/8/2006

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

David L. Jaffe
Paralegal
djaffe@mwe.com
617.535.3989

January 27, 2006

BY HAND DELIVERY

Daniel Pasquarello, Esq.
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, MA  02116

Re:   <u>Kotva a.s. v. Andrew Weiss et al.</u>, C.A. No. 05-10679-RCL

Dear Dan:

Enclosed please find documents in connection with the above referenced matter, bates-stamped WAX000001 through WAX000362.

Truly,

David L. Jaffe

DLJ

Enclosures
cc:    Edward P. Leibensperger, Esq.  (w/o Enclosures)
       Benjamin A. Goldberger, Esq.  (w/o Enclosures)
       David Waxman, M.D.  (w/o Enclosures)