UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 05-10679-RCL <br> ) |
| ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1-5, <br><br> Counterclaim-defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY/COMMISSION ROGATOIRE)

To:   High Court of the Republic of Ireland

Dear Honorable Justices:

The United States District Court for the District of Massachusetts presents its compliments to the appropriate judicial authority of Ireland, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above captioned matter.

This court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Ireland, pursuant to the Irish Foreign Tribunals Evidence Act, 1856 and Order 9, rules 39-44 of the Irish Rules of the Superior Court 1986, require the examination of and production of documents for inspection and copying from Mr. Aidan Scully, a resident of the Republic of Ireland and Managing Director of Markland Holdings Limited, 25 Herbert Place, Dublin 2, as an officer or managing agent with personal knowledge of the topics described and give evidence that may be used in civil proceedings before this Court.

## BACKGROUND

Kotva a.s. ("Kotva"), a Czech company, filed suit against Weiss Asset Management, LLC, ("WAM") a Massachusetts-based investment firm, and Andrew Weiss, ("Weiss") its founder, President, and Chief Investment Officer. Weiss and WAM counterclaimed against Kotva and Martin Benda, Chairman of Kotva's supervisory board; Richard Harazim, Kotva's managing director; Forminster Enterprises, Ltd., the controlling shareholding of Kotva; and other defendants. K T, Inc. and CVF Investments, Ltd., companies that own shares in Kotva, were joined as counter-claim plaintiffs in this suit. Markland and Mr. Scully are not parties to the lawsuit.

The facts according to Kotva's Complaint are as follows. Until March 4, 2005, Kotva, through its wholly owned subsidiaries, owned and operated the Kotva Shopping Centre (the "real estate") in Prague, Czech Republic. WAM is owned and controlled by Weiss. WAM is allegedly the investment manager of Brookdale, a company owning nearly 12% of Kotva shares.

In 2004, the real estate was transferred to a wholly owned Kotva subsidiary SPV KN for the purpose of effectuating the sale of the real estate. Kotva alleges that when Weiss learned of

the proposed sale he requested that Kotva repurchase his minority shares and threatened to interfere with the real estate deal when Kotva refused his request. As a result of Weiss' interference, Kotva asserts that the sale of real estate was delayed, causing it damages. In March, 2005, the real estate was sold to Markland through its Czech subsidiary. Kotva claims damages arising from the fact that Markland is withholding a portion of the purchase price until disputes with Weiss are resolved.

In April 2005, Kotva brought suit against Weiss and WAM in the United States District Court for the District of Massachusetts, alleging that, in violation of United States federal statutory law and Massachusetts state law, Weiss interfered with the real estate deal and attempted to force Kotva into purchasing his shares. Weiss and WAM deny all allegations of unlawful activity.

The defendants have represented to this Court that it is necessary for the purposes of justice and for the due determination of matters in dispute between the parties that Mr. Aidan Scully should be examined as a witness under oath. The Court understands that Mr. Scully is the Managing Director of Markland Holdings Limited and that Mr. Scully was involved in the negotiation for and purchase of the real estate. Because Kotva claims that the purchase of the real estate was affected by conduct of defendants, causing harm to Kotva, Mr. Scully's testimony is crucial to the determination of this matter. The subject matter of the questions, and the documents requested for production, examination and copying, are described below.

## QUESTIONS

1. Defendants seek to examine Mr. Scully from Markland under oath because of his personal knowledge of the matters below. The lines of inquiry include the following:

    a. How Markland valued the real estate;

    b. The terms of the purchase of the real estate;

3

    c.    The terms of the escrow;

    d.    The negotiations for the purchase of the real estate;

    e.    The effect, if any, of the lawsuits in the Czech Republic filed by minority shareholders of Kotva, on the purchase by Markland of the real estate.

## DOCUMENTS

2.    Defendants request that Mr. Scully of Markland be compelled to produce documents, notes, memoranda or correspondence (including drafts in his possession, power or procurement) concerning the above-referenced topics, including:

    a.    The contract for the purchase and sale of the real estate;

    b.    Documents evidencing to whom the purchase price was paid;

    c.    The escrow agreement under which a portion of the purchase price of the real estate has been withheld;

    d.    Appraisals performed with respect to the real estate; and

    e.    Documents exchanged in the negotiations for the purchase of the real estate referencing the lawsuits by minority shareholders of Kotva.

## REQUEST

3.    The undersigned Honorable Reginald C. Lindsay, Judge of the United States District Court for the District of Massachusetts, therefore respectfully requests the High Court of the Republic of Ireland to cause Mr. Scully to be summoned to attend, at such place and time as the Court shall appoint, before such person who, according to the procedure of your Honorable Court, is competent to preside over the examination of witnesses under oath, and that you permit such witness to be examined orally by Edward P. Leibensperger or Benjamin A. Goldberger of McDermott, Will & Emery LLP, attorneys for the Defendants; and Joel G. Beckman or William C. Nystrom of Nystrom, Beckman & Paris LLP, attorneys for Kotva, Richard Harazim and

Martin Benda; and Jeffrey D. Clements or Ingrid S. Martin of Clements & Clements LLP, attorneys for Forminster, Enterprises, Ltd. The specific topics of inquiry proposed for the examination of Mr. Scully are outlined above. It is also requested that the Court cause Mr. Scully to have with him at his examination documents in his possession, custody or control evidencing his employment by Markland, including those documents described above, for inspection and/or copying by the Examiner. It is further requested that:

    a.    the testimony of Mr. Scully be recorded on videotape and transcribed by a stenographer in accordance with the rules applicable to the jurisdiction of your Honorable Court and there be authentication of Mr. Scully's testimony by the seal of your Honorable Court or in such other way as is prescribed by the procedure of your Honorable Court;

    b.    any documents produced by Mr. Scully on examination be marked for identification and that there be authentication of any such documents or certified copy of same or any extract therefrom by the seal of your Honorable Court or in such other way as is prescribed by the procedure of your Honorable Court;

    c.    the testimony of Mr. Scully on video, the transcripts of Mr. Scully's testimony as well as any documents, copies or extracts from documents be transmitted to this Court in a sealed envelope addressed to the Clerk of the United States District Court for the United States District of Massachusetts at:

Clerk of Court
United States District Court of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

Attention: Mr. Don Stanhope
CA #05-10679-RCL

d.   your Honorable Court cause to be sent to Edward P. Leibensperger, McDermott Will & Emery LLP, 28 State Street, 34th Floor, Boston, MA 02109, a note of the charges and expenses payable in respect of the execution of this request.

### RECIPROCITY

It is the understanding of this Court that the granting of assistance of the type herein requested is authorized by the laws of the Republic of Ireland. The courts of the United States are authorized by statute, Section 1782, title 28 of the United States Code, to extend similar assistance to the tribunals of Ireland.

### REIMBURSEMENT OF COSTS

Defendants have assured this Court that they are prepared to reimburse your Court for all reasonable costs incurred in executing this request.

_____
Reginald C. Lindsay, U.S. District Judge
United States District Court for the District of Massachusetts
Boston, Massachusetts, United States of America

February ___, 2006

(SEAL OF COURT)

BST99 1484395-2.072198.0012