UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANDREW WEISS and<br>WEISS ASSET MANAGEMENT, LLC,<br><br>　　　　Defendants.<br><br>ANDREW WEISS;<br>WEISS ASSET MANAGEMENT, LLC;<br>K T, INC.; and<br>CVF INVESTMENTS, LTD.,<br><br>　　　　Counterclaim-Plaintiffs,<br><br>v.<br><br>KOTVA a.s.; MARTIN BENDA;<br>RICHARD HARAZIM;<br>FORMINSTER ENTERPRISES, LTD.;<br>SPV CO and JOHN DOES 1-5,<br><br>　　　　Counterclaim-Defendants. | Civil Action No. 05-10679-RCL |

**FORMINSTER ENTERPRISES, LTD.'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIM
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

Forminster Enterprises, Ltd. ("FEL") has moved to dismiss the counterclaims asserted against it because it is a Cypriot company that has no contact with Massachusetts or the United States which would allow this Court to exercise personal jurisdiction over FEL. In their opposition to FEL's motion, the counterclaim plaintiffs – Andrew Weiss; Weiss Asset Management, LLC; K T, Inc.; and CVF Investments, Ltd. (collectively the "Weiss Parties") –

concede that FEL has no meaningful contacts with this forum.  Rather than show any factual basis for asserting jurisdiction over FEL, the Weiss Parties make broad conclusory allegations of three dubious theories by which, the Weiss Parties argue, the Court should go to extraordinary lengths to summon a Cypriot company into this jurisdiction.

First, the Weiss Parties urge the Court to find that Richard Harazim is FEL's "agent" and that his alleged acts are sufficient to render Harazim, and then by some stretching, FEL, subject to the personal jurisdiction of this Court.  Second, they assert – not only without evidence but contrary to the evidence in the record – that Kotva a.s. ("Kotva"), a publicly traded company, is a "shell," and that Kotva's corporate decision to file suit against Andrew Weiss and Weiss Asset Management in Massachusetts can somehow be attributed to FEL, Kotva's majority shareholder.  Finally, the Weiss Parties fall back on a "conspiracy theory" of personal jurisdiction that the First Circuit has expressly declined to recognize, and that at least one District Court has summarized as "frivolous".  *See In re New Motor Vehicles Canadian Export*, 307 F. Supp. 2d 145, 157-58 (D. Me. 2004).

None of these theories create jurisdiction over FEL, and none are supported with evidence.  Instead of providing relevant facts, or even sufficient allegations, to support their various theories of personal jurisdiction, the Weiss Parties resort to mischaracterizations and insults about FEL, none of which support any basis for personal jurisdiction over FEL.  The Weiss Parties' effort to drag FEL into a lawsuit to which it has no connection other than that it is the majority shareholder of Kotva should be rejected, and FEL dismissed for lack of personal jurisdiction.

**A.    The Weiss Parties Have Not Offered Evidence that Harazim
Is An "Agent" of FEL Nor Does the Alleged Agency Create Jurisdiction**

The Weiss Parties' attempt to attribute alleged acts of Harazim to FEL fails because the Counterclaim's allegations do not support the conclusion that Harazim acted as an agent of FEL. *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 55-60 (1st Cir. 2002) (finding that plaintiff had offered sufficient facts to support finding that defendant subjected itself to jurisdiction in Massachusetts through the acts of its agent); *Romak USA, Inc. v. Rich*, 384 F.3d 979, 985 (8th Cir. 2004) (finding that "a party who relies upon the authority of an agent has the burden of proof regarding both the fact of the agency relationship and the scope of the agent's authority"). Under Massachusetts law, an agency relationship "results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control." *Kirkpatrick v. Boston Mut. Life Ins. Co.*, 473 N.E.2d 173, 176 (Mass. 1985). Stated another way, an agency relationship exists only where there is "mutual consent, express or implied, that the agent is to act on behalf and for the benefit of the principal, and subject to the principal's control." *Theos & Sons, Inc. v. Mack Trucks, Inc.*, 729 N.E.2d 1113, 1119 (Mass. 2000). The Weiss Parties' allegations do not show that such an agency relationship existed between FEL and Harazim.

The Weiss Parties' agency claim rests on three alleged facts. First, the Weiss parties offer records from the Cypriot Ministry of Commerce which show that Harazim was a Director of FEL in 1999 and in 2002. *See Memorandum in Opposition to FEL's Motion to Dismiss*, Ex. B. This information is irrelevant since the Weiss Parties' counterclaims rest on transactions that began well after Harazim ceased to be one of FEL's directors. Similarly, the two acts that the Weiss Parties seek to impute to FEL – Harazim's emails to Weiss and Harazim's alleged act of filing suit against the Weiss Parties in the District of Massachusetts – also both occurred well

3

after Harazim ceased to be one FEL's directors.  *See Counterclaim* ¶ 35 (Harazim emails sent in 2004 and 2005).  Instead, the records offered by the Weiss Parties show that some time in 2002, Harazim ceased to be a director of FEL, and since then has never returned to FEL's board.  *See Memorandum in Opposition to FEL's Motion to Dismiss*, Ex. B.

      Second, the Weiss Parties allege that FEL "nominated Harazim to Kotva's board and used its control over a majority of Kotva's shares to secure his election." *Counterclaim* ¶ 12.  Even if this unsupported allegation were true, the mere fact that FEL backed Harazim's election to Kotva's board does not render him FEL's agent for all acts that he then carried out in his capacity as a Kotva director.  It also does not support a conclusion that FEL gave Harazim authority to act as its agent in any matters affecting FEL.  Instead, in his own affidavit, Harazim states that all of his dealings with the Weiss Parties "have been in my capacity as an officer of Kotva" and that neither he nor Kotva are "controlled by" FEL.  *See Affidavit of Richard Harazim* ¶¶ 18, 14.

      Third, the Weiss Parties try to shore up their agency claim by offering emails in which Andrew Weiss and Vladimir Hoffman, "the Czech resident with whom Weiss was working," refer to an offer by "Forminster" to purchase shares of Kotva.  *See Memorandum in Opposition to FEL's Motion to Dismiss* at 6, Exs. G, H.  It is not clear how self-serving or careless phrasing by the Weiss Parties in their own e-mails would create a relevant jurisdictional fact.  At best, these emails suggest that Weiss and Hoffman suspected that FEL, as Kotva's majority shareholder, was behind the offers to purchase Kotva shares.  But such suspicions by the Weiss Parties and their affiliates are not evidence that an agency relationship actually existed between FEL and Harazim.  Tellingly, they do not offer any email or other correspondence by Harazim to the Weiss Parties in which he states that he is offering to purchase the Weiss Parties' shares on

FEL's behalf. Without any evidence that Harazim was authorized to act as FEL's agent purposes of any conduct relevant to the claims in this case, the Weiss Parties' agency theory of jurisdiction fails. *See Romak v. Rich*, 384 F.3d 979, 985 (8th Cir. 2004) (dismissing defendant for lack of personal jurisdiction because plaintiff failed to present evidence that persons acting within forum were "acting in the scope of their authority as personal agents" for defendant); *Wright v. City of Las Vegas*, 395 F. Supp. 2d 789, 804 (S.D. Iowa 2005) (dismissing defendant for lack of personal jurisdiction because plaintiff's "pleadings contain no manifestations by [the defendant] that [the alleged agent] could act on his behalf"); *South Alabama Pigs, LLC v. Farmer Feeders, Inc.*, 305 F. Supp. 2d 1252, 1259 (M.D. Ala. 2004) (dismissing defendant for lack of personal jurisdiction because plaintiff's "conclusory allegations that the bank acted as [defendant's] agent" were insufficient to establish necessary agency relationship with in-forum actor); *Piper v. Kassel*, 817 F. Supp. 802, 804 (E.D. Mon. 1993) (dismissing defendant for lack of personal jurisdiction because plaintiff's allegations did not establish agency relationship with in-forum actor).

Even if the Weiss Parties could establish that Harazim was acting as FEL's agent when he negotiated the possible sale of the Weiss Parties' Kotva shares, Harazim's contacts with Massachusetts during those negotiations do not support a finding of personal jurisdiction over Harazim or, by extension, over FEL. These negotiations concerned the sale of stock in a Czech company traded on the Czech stock exchange whose major asset is a department store in downtown Prague. The Counterclaim alleges that Harazim was seeking to purchase "BGO's shares", *see Counterclaim* ¶¶ 26-32, which are the Kotva shares held by counterclaim-plaintiff CVF Investments Ltd., a Cyprus corporation with its principal place of business in Nicosia, Cyprus, *see Counterclaim* ¶ 7. The Weiss Parties assert that reason that these negotiations failed

5

is that Harazim allegedly insisted that as part of the deal, two other Kotva shareholders would have to drop their Czech lawsuits. *Counterclaim* at ¶ 27. Alleged negotiations in Prague about a Prague company and possible dismissal of lawsuits pending in Prague have no connection to Massachusetts, and it is difficult to discern what connection they have to the counterclaims. Even as to Harazim, let alone stretching to reach FEL, the handful of emails that the Weiss Parties claim to have read in Massachusetts is at most a "fortuitous" contact with this forum, and is not the kind of purposeful contact which would support personal jurisdiction. *See Lyle Richards Intern., Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 113 (1st Cir. 1997) (defendant's correspondence and telephone calls with Massachusetts plaintiff was "incidental" contact with forum and would not support personal jurisdiction); *LaForest v. Ameriquest Mortg. Co.*, 383 F. Supp. 2d 278 (D. Mass 2005) (defendant's correspondence with Massachusetts plaintiff did not give rise to personal jurisdiction because they were not "purposeful" contacts with this forum).

**B.    The Weiss Parties Cannot Demonstrate That Kotva Is a Sham Corporation**

The Weiss Parties also cannot impute Kotva's action of bringing this lawsuit in Massachusetts to FEL because they have offered no evidence which would support a finding that Kotva is a shell company acting as FEL's alter ego. As outlined in FEL's motion to dismiss, the required showing for such an "alter ego" or "piercing-the-veil" theory can be met only in rare circumstances, none of which are present here. *See Giuliano v. Nations Title, Inc.*, 938 F. Supp. 78, 81 (D. Mass. 1996). "Ordinarily, courts respect the legal independence of a corporation" and so long as "the corporate veil remains intact," the acts of a corporation such as Kotva cannot be the basis for personal jurisdiction over a majority shareholder such as FEL. *Id.* at 79, *quoting United Electrical, Radio and Machine Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1091 (1st Cir. 1992). Here, it is undisputed that Kotva is a publicly traded

corporation with its own assets and bookkeeping as well as separate tax and corporate filings. Furthermore, while FEL holds approximately 55% of Kotva's shares, there are at least two other large stock holders – Ardmore Risk Management Limited owns approximately 14 % of Kotva's stock, and HSBC Bank, plc. owns approximately 11 % of the stock. *See Affidavit of Richard Harazim* ¶ 9.[1]  It is also undisputed that FEL and Kotva do not share any employees or executives, and that Benda and Harazim have not been directors of FEL since sometime in 2002. There is no basis for finding that Kotva is FEL's alter ego. *See also McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc.*, 339 F.3d 1087, 1094-95 (9th Cir. 2003) (finding that it would be "unprecedented" and inappropriate to pierce the veil of a publicly traded company).

      The Weiss Parties' reliance on *Kleinerman v. Morse*, 533 N.E.2d 221 (Mass. App. Ct. 1989) for their alter ego theory is misplaced.  In *Kleinerman*, a New York corporation called North American Instrument Corporation ("NAMIC") established an operation called North American Fiber Optics Corporations ("NAMFO") which operated out of Worcester, Massachusetts.  *Id.* at 223.  NAMIC owned eighty percent of NAMFO's stock and the two companies shared a single president.  *Id.*  Additionally, NAMIC's vice president for research and product development was in charge of NAMFO's operations.  *Id.*  The Massachusetts Appeals Court found that it was appropriate to attribute NAMFO's Massachusetts operations to NAMIC because "NAMIC executives made decisions about budgets, staffing, and the scope of activities" at NAMFO.  *Id.* at 224.  NAMFO was functionally "a division" of NAMIC.  *Id.*  The Weiss Parties point to no evidence that anything about Kotva's budgeting, staffing, or day-to-day

---

[1] The Weiss Parties urge the Court to ignore the affidavits offered by the counterclaim-defendants.  However, when evaluating a motion to dismiss for lack or personal jurisdiction under the *prima facie* standard, it considers "facts put forward by the defendants to the extent that they are uncontradicted."  *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998).

operations would suggest that Kotva operates as such a division of FEL.  On the contrary, the evidence shows that FEL ownership of 55% of the shares of Kotva, a public company, reflect a typical relationship between a majority shareholder and a company in which it holds stock.  In *Kleinerman*, the Massachusetts Appeals Court expressly remarked that such an "ownership" relationship alone could not support personal jurisdiction over the majority shareholder.  *Id.*

C.      **The Conspiracy Theory of Personal Jurisdiction is Not Viable as a Matter of Law and Cannot Support the Weiss Parties' Claims of Jurisdiction**

The Weiss Parties' argument that this Court should apply some kind of "conspiracy theory" of personal jurisdiction to FEL and the other counterclaim-plaintiffs fails as a matter of law and fact.  Under this theory, this Court would have personal jurisdiction over FEL if the Weiss Parties could show that FEL was part of a conspiracy and that substantial acts in furtherance of that conspiracy occurred in Massachusetts.  *See Davis v. A & J Electronics*, 792 F.2d 74, 75 (7th Cir. 1986) (finding theory did not apply where it was not expressly included in long-arm statute).  In *Glaros v. Perse*, 628 F.2d 679, 682 (1st Cir. 1980), the First Circuit expressly declined to adopt such a theory of personal jurisdiction.  In *Glaros*, the First Circuit noted that "some courts have recognized a 'conspiracy theory of personal jurisdiction," but it found that the requirements for this theory were not met by the plaintiff in *Glaros*.  *Glaros*, 628 F.2d at 682.  The First Circuit then went on to stress that by discussing cases that had accepted such a "conspiracy theory of personal jurisdiction" it did not "mean to imply that we would adopt [this] rather liberal approach to conspiracy pleading, or to decide that we would recognize a conspiracy theory of personal jurisdiction at all."  *Id.* at 682, n. 4.

The conspiracy theory of personal jurisdiction has been rejected by other courts as well.  When Judge Hornby of the Federal District Court of Maine was recently confronted by this

8

theory, he reiterated that "the First Circuit has never recognized the conspiracy doctrine" and then found as follows:

> The Supreme Court has labeled the conspiracy doctrine in the venue context as having "all the earmarks of a frivolous albeit ingenious attempt to expand the statute." *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 384 (1953). As one court has said, using conspiracy as a basis for personal jurisdiction is "[t]hat much more frivolous." Another has said that "[t]he conspiracy theory of personal jurisdiction is being rejected by a growing number of courts." *Group Health Plan v. Philip Morris, Inc.,* 1999 U.S. Dist. LEXIS 9640, *16 (D.Minn.). Additionally, scholars have been skeptical of the doctrine's conformance to notions of constitutional due process. *See, e.g.,* Ann Althouse, *The Use of Conspiracy Theory to Establish in Personam Jurisdiction: A Due Process Analysis,* 52 Fordham L.Rev. 234 (1983). *See also* Stuart M. Riback, Note, *The Long Arm and Multiple Defendants: The Conspiracy Theory of In Personam Jurisdiction,* 84 Colum. L.Rev. 506, 533 (1984) (noting that courts have rejected the conspiracy theory of venue virtually unanimously). For these reasons, I do not believe that the First Circuit would recognize a conspiracy theory of personal jurisdiction, whereby jurisdiction can be obtained over nonresident defendants based upon the jurisdictional contacts of co-conspirators.

*In re New Motor Vehicles Canadian Export*, 307 F. Supp. 2d 145, 157-58 (D. Me. 2004). The problem with the conspiracy theory of personal jurisdiction identified by Judge Hornby and by the courts and scholars he cites is illustrated by this dispute between the Weiss Parties and Kotva. As has been demonstrated above, courts will not impute the in-forum acts of one party to a second party in the absence of evidence demonstrating some sort of agency or alter ego relationship between the two parties. If the Court were to accept the conspiracy theory of personal jurisdiction, the need for such preliminary demonstrations by a plaintiff would be eliminated. For example, whenever a plaintiff sought to include a parent company in a suit against a subsidiary, the plaintiff could simply allege that the parent and the subsidiary had "conspired" to harm the plaintiff, and the need to show that the subsidiary was a mere shell would fall away. This approach would undo the well-established constitutional requirement that a party must make knowing and deliberate contact with a forum before it may be subject to

personal jurisdiction there. *See Insolia v. Philip Morris, Inc.*, 31 F. Supp. 2d 660, 672-73 (W.D. Wis. 1998) (refusing to apply conspiracy theory of personal jurisdiction because it would subject defendant to jurisdiction in a forum which it did not make purposeful contacts); *Karsten Mfg. Corp. v. U.S. Golf Ass'n.* 728 F. Supp. 1429, 1434 (D. Ariz. 1990) (finding that conspiracy theory of personal jurisdiction violated rule of *Calder v. Jones*, 465 U.S. 783 (1984) that each defendant's contacts with the forum must individually meet the purposeful availment test).

However, even if the Court were to entertain a conspiracy theory of personal jurisdiction, the Weiss Parties have not presented evidence that would allow that theory to create personal jurisdiction over FEL in Massachusetts. First, the Weiss Parties have offered no evidence that FEL engaged in an illicit conspiratorial agreement with Benda, Harazim, Kotva, SPV Co., or the unidentifiable "John Does 1-5." Again, the only evidence of coordination between FEL and the other counterclaim-defendants is that FEL is the majority shareholder of Kotva. Second, there is no evidence that FEL directed or otherwise conspired with Kotva to file an "abusive" lawsuit here against the Weiss Parties, which is the sole substantive act that the alleged conspiracy supposedly carried out in Massachusetts.

**D.     The Weiss Parties' Efforts to Provoke Controversy and the Illusion of Impropriety Do Not Create Jurisdiction Over FEL**

In the absence of any genuine factual support for their claim that FEL is subject to personal jurisdiction in Massachusetts, the Weiss Parties attempt to create distractions through lengthy discussions of irrelevant matters. First, in the Counterclaim and in their memorandum in opposition to FEL's motion to dismiss, the Weiss Parties discuss in great detail their allegation that FEL became the majority shareholder of Kotva through something they call, based on a purported article in a Czech tabloid, "tunneling". Quite apart from the lack of any foundation for this charge, the allegations are wholly irrelevant. The Weiss Parties' counterclaims against FEL

10

have no relationship to the "tunneling" allegation, which allegedly occurred entirely in the Czech Republic and Cyprus approximately ten years ago.

The Weiss Parties also imply that FEL was set up to hide assets for tax reasons and that FEL's directors are merely "nominee directors." *See, e.g., Weiss Parties' Opposition to FEL's Motion to Dismiss* at 4-8. Again, putting aside the gross mischaracterization of FEL, this allegation has no relevance to the issue of whether this Court has personal jurisdiction over FEL. Regardless of how the Weiss Parties choose to characterize FEL or its directors, the issue is whether the Weiss Parties have demonstrated that FEL has had jurisdictional contacts with Massachusetts. They clearly have not.

### E.   No Jurisdictional Discovery Is Warranted or Needed

Finally, the Weiss Parties attempt to sidestep the absence of jurisdiction, and make a demand for "jurisdictional discovery" that has already been rejected by the Discovery Master. See Order of Discovery Master, January 7, 2006. This Order denying the Weiss Parties motion for discovery from FEL was well-founded. *See United States v. Swiss American Bank, Ltd.*, 274 F.3d 610, 625-26 (1st Cir. 2001) (district court properly denied jurisdictional discovery where plaintiff had not adequately demonstrated need); *Sunview Condominium Association v. Flextel International, Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997) (plaintiff seeking jurisdictional discovery had not acted diligently and was not entitled to the discovery sought); *Kelly v. Syria Shell Petroleum Development B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (where lack of personal jurisdiction was clear from a review of the complaint, "discovery would serve no purpose and should not be permitted"); *Donatelli v. UnumProvident Corp.*, 324 F. Supp. 2d 153, 163-64 (D. Me. 2004) (denying plaintiff's request for discovery because the requested information was not "not reasonably calculated to resolve any of the analytical problems" presented by the motion to

11

dismiss for lack of personal jurisdiction); *Noonan v. Winston Co.*, 902 F. Supp. 298, 306-09 (D. Mass. 1995) (denying plaintiff's request for jurisdictional discovery because information sought would not aid in resolving jurisdictional issues).

## CONCLUSION

Neither the Counterclaim nor any of the additional allegations in the Weiss Parties' opposition to FEL's motion to dismiss can support a finding of personal jurisdiction over FEL. FEL has never had any purposeful, deliberate contacts with this forum either directly or through an agent or an alleged co-conspirator. There is no evidence to support a finding that Kotva is a sham or that Harazim acted as FEL's agent in negotiating the possible sale of BGO's Kotva shares. FEL is a Cypriot company with no contacts with this forum and with no role in Kotva's suit against Andrew Weiss or Weiss Asset Management. FEL respectfully requests that the Court grant its motion to dismiss for lack of personal jurisdiction.

Respectfully submitted,

FORMINSTER ENTERPRISES, LTD.

by its attorneys,

/s/ Ingrid S. Martin
_____
Jeffrey D. Clements, BBO #632544
Ingrid S. Martin, BBO #653632
Clements & Clements, LLP
50 Federal Street
Boston, MA 02110
617- 451-1800

DATED:   January 23, 2006

## CERTIFICATE OF SERVICE

I, Ingrid S. Martin, hereby certify that a copy of the foregoing document was served by electronic filing to all counsel of record on January 23, 2006.

/s/ Ingrid S. Martin
_____