UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., | ) |
| Plaintiff, | ) Case No. 05-10679-RCL |
| v. | ) |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF SPV CO.'S MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants have named SPV Co., a Cyprus company with no contacts to Massachusetts, as a new counterclaim-defendant.[1] SPV Co. is a wholly-owned subsidiary of KN, which is a wholly-owned subsidiary of K-T-V Invest (formerly Kotva, a.s) ("Kotva"), and a separate corporate entity from Kotva for the purposes of jurisdictional analysis. *See* Declaration of Marek Kolibal ("Kolibal Decl.") at ¶ 4, attached hereto as Exhibit 1. The counterclaim fails to allege any contacts by SPV Co. with Massachusetts, let alone a nexus with the Commonwealth sufficient to satisfy the constitutional minimum contacts test. As a matter of law, the Court lacks personal jurisdiction over SPV Co. and the claims against it must be dismissed. *Champion Exposition Servs., Inc. v. Hi-Tech Electric*, 273 F.Supp.2d 172, 175 (D. Mass. 2003)

---

[1] Two new parties to the action, K.T., Inc. ("KT") and CVF Investments Ltd. ("CVF"), also attempt to assert claims as counterclaim-plaintiffs against SPV Co. For purposes of this motion, Defendants, Weiss and Weiss Asset Management ("WAM"), and new parties KT and CVF will be referred to collectively as the counterclaim-plaintiffs.

1

(amenability to personal jurisdiction is an issue of law) citing *United States v. Swiss American Bank, Ltd.,* 274 F.3d 610, 619 (1st Cir. 2001).

## PROCEDURAL BACKGROUND

In the Complaint, Kotva detailed the black-mailing scheme of Defendant Andrew Weiss ("Weiss"), and his Boston-based investment firm, co-Defendant Weiss Asset Management, LLC ("WAM"), whereby the defendants utilized shell companies to purchase nominal shares of Kotva's stock and file sham lawsuits in the Czech Republic solely to interfere with the announced $65 million sale of Kotva's Prague Shopping Centre ("Czech litigation").  Weiss then demanded that Kotva purchase the shares owned by a fund that Weiss manages called Brookdale Global Opportunity Fund ("BGO"), at eight times the publicly traded market value.  In response to the Complaint, Defendants and two new parties, KT and CVF, asserted counterclaims and new claims against Kotva and a number of new parties:  the Chairman of Kotva's Supervisory Board (Benda); Kotva's CEO (Harazim); Kotva's majority shareholder, Forminster Enterprises LTD ("Forminster"); the wholly-owned subsidiary of Kotva, SPV Co.; and five John Does. SPV Co. hereby moves to dismiss the claims against it for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## ARGUMENT

### I. THERE IS NO PERSONAL JURISDICTION OVER SPV CO.

#### A. The Counterclaim-plaintiffs Cannot Prove That SPV Co. Has Any Contacts With Massachusetts.

The Counterclaim Plaintiffs must prove that the Court has personal jurisdiction over ***each individual defendant***, including SPV Co.  *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir.2002) (party asserting claim must

2

show that jurisdiction exists); *Phillips Exeter Academy v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 n.2 (1st Cir. 1999) ("Jurisdictionally speaking, each defendant must stand or fall based on its own contacts with the forum."). In determining whether jurisdiction exists, the Court need "not credit conclusory allegations or draw farfetched inferences." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 210, 203 (1st Cir. 1994).[2] Rather, it must consider the jurisdictional facts and determine whether SPV Co. has sufficient "minimum contacts" with Massachusetts such that it could reasonably foresee being haled into court here.[3] *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (court can only exercise personal jurisdiction over non-residents who have at least "minimum contacts" with the forum in which they are sued, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.").

The counterclaim is conspicuously silent as to why SPV Co. is a party to this suit. Only two paragraphs are actually directed to SPV Co.: ¶ 10—noting that SPV Co. is a Cyprus company with a principal place of business outside the United States; and ¶57—alleging that SPV Co. is a part of the nebulous "Forminster Group," which, without evidence, is alleged to be engaged in a conspiracy to strip Kotva of its real estate (¶¶ 13-14). Neither these allegations nor the passing reference to SPV Co. as the entity that received the proceeds from the sale of the Department Store (¶¶ 58-59) are sufficient to

---

[2] *See also Boit v. Gar-Tec*, 967 F.2d 671, 675 (1st Cir. 1992) ("The *prima facie* showing of personal jurisdiction must be based on evidence of specific facts set forth in the record. . . . It has long been the rule that plaintiffs may not rely on unsupported allegations in their pleadings to make a *prima facie* showing of personal jurisdiction."); *Champion*, 273 F.Supp.2d at 175 (plaintiff "must go beyond the pleadings and make affirmative proof" of all facts essential to establishing personal jurisdiction).

[3] Typically, courts use a two-step analysis to test personal jurisdiction: (1) does the forum state's long-arm statute confer jurisdiction over the defendant; and (2) does the exercise of jurisdiction comport with the strictures of constitutional due process. *Phillips*, 196 F.3d at 288 n.2. Here, the Court need only consider the constitutional analysis because the scope of the Massachusetts long-arm statute is coextensive with federal due process requirements. *Moldflow Corporation v. Simon, Inc.*, 296 F.Supp.2d 34, 39 (D.Mass. 2003) *citing Daynard*, 290 F.3d at 52.

3

establish jurisdiction. Indeed, counterclaim-plaintiffs do not even mention SPV Co. in the context of jurisdictional contacts with this forum. *See* Counterclaim ¶¶ 38-39 (not including SPV Co. as participating in the filing of this lawsuit or directing correspondence into the forum.)

In this case, the jurisdictional facts are set forth in the accompanying Declaration of Marek Kolibal, a director of SPV Co. In short, SPV Co. has no contacts with Massachusetts (or with the United States for that matter). Kolibal Decl. at ¶¶ 7-12. SPV Co. has had no dealings with Weiss or WAM regarding the sale or purchase of Kotva shares and has not been involved in any such negotiations. *Id.* at ¶¶ 13-15. Nor has SPV Co. been involved in the criminal complaint or civil litigation against Weiss and Weiss and WAM, respectively. *Id.* at ¶ 16. Finally, SPV Co. "is not a part of the 'Forminster Group' and is not aware of the existence of any such entity." *Id.* at ¶ 17. Because the indisputable facts prove that the Court lacks personal jurisdiction over SPV Co., under any jurisdictional theory that counterclaim-plaintiffs might try to assert,[4] all claims against SPV Co. should be summarily dismissed.

**B.    SPV Co. Does Not Have Constitutionally Sufficient "Minimum Contacts" With Massachusetts and Is Not Subject to the Jurisdiction of this Court.**

The Due Process Clause of the Fourteenth Amendment prohibits courts from imposing jurisdiction over persons whose actions do not place them in a position where they can reasonably foresee being haled into court. *Worldwide Volkswagen Corp. v.*

---

[4]  *See* Section II below.

4

*Woodson*, 444 U.S. 286, 297 (1980).[5]  The personal jurisdiction analysis, therefore, examines the quality and quantity of the potential defendant's contacts with the forum. *International Shoe*, 326 U.S. at 316.  A defendant who has "continuous and systemic business contacts" with the forum is subject to its general jurisdiction, and may be brought into court for any matter—including claims arising from their activities outside of Massachusetts.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984).[6]  Conversely, a defendant with only limited contacts with the forum is subject to its specific jurisdiction, and may be haled into court only for matters arising out of those limited contacts.  *Id.* at 414 n.8.

In this case, the counterclaim-plaintiffs do not specifically allege any contacts by SPV Co. with this forum.  Rather, counterclaim-plaintiffs indiscriminately allege against all counterclaim-defendants that:

> The Court has personal jurisdiction over the counterclaim-defendants because they have committed tortious acts in Massachusetts, including filing this lawsuit; transacted business in Massachusetts by sending correspondence into Massachusetts, including e-mails, soliciting business from Massachusetts residents; caused injury in Massachusetts by their actions outside of Massachusetts; and availed themselves of the jurisdiction of this Court.

Counterclaim ¶2.  Because the counterclaim-plaintiffs apparently have backed away from claims of general jurisdiction over the new counterclaim-defendants (*see* Opposition to Benda & Harazim Motion to Dismiss at 7 n.5 and Opposition to Forminster Motion to

---

[5] *See also, Hanson v. Denkla*, 357 U.S. 235, 253 (1958) ("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privileges of conducting activities within the forum state, thus invoking the benefits and protections of its laws."); *United Electrical, Radio and Machine Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992).

[6] *See also*, M.G.L. ch. 223A §3(d) (conferring personal jurisdiction over a person's "causing tortious injury in this commonwealth by an act or omission outside the commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenues from goods used or consumed or services rendered, in this commonwealth.").

5

Dismiss at 9 n.8), SPV Co. confines its analysis in this motion to claims based on specific jurisdiction.[7]

The First Circuit applies a three-prong test for establishing specific jurisdiction. *See Phillips*, 196 F.3d at 288; *Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 35 (1st Cir.1998); *Champion*, 273 F.Supp.2d at 177. First, the claims asserted must directly arise out of, or relate to, the defendant's forum state contacts. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, if the proponent's case clears the first two hurdles, the Court then must analyze the overall reasonableness of an exercise of jurisdiction in light of the Gestalt factors. *See United Electrical*, 960 F.2d at 1088; *Champion*, 273 F.Supp.2d at 177.

The counterclaim-plaintiffs bear the burden of proving the jurisdictional elements with ***evidence***. *Boit,* 967 F.2d at 674-675; *Moldflow*, 296 F.Supp.2d at 38. Unsupported and conclusory allegations, like those asserted here, fail to satisfy the required *prima facie* showing of personal jurisdiction, and the claims against SPV Co. must be dismissed.

### (i) Counterclaim-plaintiffs' Claims Do Not Arise Out of Any SPV Co. Contacts with Massachusetts

Courts in the First Circuit must "steadfastly reject" the exercise of personal

---

[7] In any event, there could be no general jurisdiction over SPV Co. here. To be subject to general jurisdiction, a defendant must have "continuous and systemic business contacts" with the forum state. *Helicopteros*, 406 U.S. at 406; *Moldflow*, 296 F.Supp.2d at 40. Since SPV Co. has no contacts with Massachusetts, let alone "continuous and systemic business contacts," it cannot be subject to general jurisdiction. *See generally* Kolibal Decl.

6

jurisdiction where, "the cause of action and the defendant's forum-state contacts seems attenuated and indirect." *United Electrical*, 960 F.2d at 1089; *Ticketmaster*, 26 F.3d at 206 (causation is at the forefront of the due process analysis). Instead, "the defendant's in-state conduct must form an important or at least material element of proof in the plaintiff's case." *Id.* Where those claims sound in tort, the plaintiff must show that the defendant's contacts with the forum were both the actual ("but for") and legal (proximate) cause of the plaintiff's injury. *Phillips*, 196 F.3d at 289; *Champion*, 273 F.Supp.2d at 177.[8]

Since there are no contacts between SPV Co. and the forum, counterclaim-plaintiffs obviously cannot satisfy the causation requirement for specific jurisdiction. Contrary to counterclaim-plaintiffs' blanket jurisdictional allegation, SPV Co. did not file this suit—Kotva did. *See* Counterclaim ¶ 2. And SPV Co. has not transacted business in Massachusetts or sent any correspondence into the Commonwealth. Kolibal Decl. at ¶¶ 7-12; Counterclaim at ¶¶ 38-39.

    **(ii)**     **SPV Co. Did Not Purposefully Avail Itself of The Privilege to Conduct Business In Massachusetts.**

The purposeful availment requirement ensures that jurisdiction is not based on "random, isolated, or fortuitous" contacts with the forum state. *Champion*, 273 F.Supp.2d at 178 citing *Nowak v. Tak How Investments, LTD.*, 94 F.3d 708, 716 (1st Cir. 1996). Thus, to be subject to personal jurisdiction, SPV Co. must have purposefully availed itself of the privilege of conducting activities in Massachusetts, thereby invoking the benefits and protections of Massachusetts laws and making the possibility of being

---

[8] The claims against SPV Co. all sound in tort: abuse of process (Count I), conspiracy (Count II), conversion (Count III), unjust enrichment (Count IV), constructive trust (Count VI), and declaratory judgment (Count VIII).

7

haled into court in Massachusetts foreseeable. *Id.* Specifically, it must have engaged in voluntary contacts with Massachusetts (*i.e.*, contacts not based on the unilateral action of another person or a third party) that gave it reasonable notice of being haled into court here. *Nowak*, 94 F.3d at 718.

As explained above, the indisputable facts show that SPV Co. did not take ***any*** actions in Massachusetts and could not have purposely availed itself of the privilege of conducting business or being haled into court here. *See generally* Kolibal Decl.

### (iii)    The Gestalt Factors Weigh Against Personal Jurisdiction.

The Court need not consider the Gestalt factors because the counterclaim-plaintiffs cannot satisfy the relatedness and purposeful availment prongs of the test. *United Electrical*, 960 F.2d at 1091 n.11. Nevertheless, the Gestalt factors also weigh against the exercise of personal jurisdiction over SPV Co.[9] Forcing SPV Co. to appear in a foreign country where it has no contacts simply because it is the corporate subsidiary of the Plaintiff would be onerous and would not comport with notions of fair play and substantial justice. *Champion*, 273 F.Supp.2d at 179 (important purpose of Gestalt factors is to protect remote defendants from harassing litigation).

## II.    COUNTERCLAIM PLAINTIFFS CANNOT MANUFACTURE PERSONAL JURISDICTION OVER SPV CO. UNDER AN ALTER EGO/AGENCY OR CONSPIRACY THEORY.

Counterclaim-plaintiffs have attempted to glide over the mandatory jurisdictional analysis by asserting that Kotva somehow acted as an agent or alter ego or co-conspirator

---

[9] These Gestalt factors are: (1) the defendant's burden of appearing; (2) the forum state's interests in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

of various counterclaim-defendants.  In essence, counterclaim-plaintiffs have invented the conspiracy-theory that Kotva is a "shell company" "controlled by" a secret organization of officers, directors, shareholders and John Does in an attempt to assert claims against three parties.  Counterclaim ¶¶ 8-14.

The counterclaim-plaintiffs, however, cannot circumvent the requirement to demonstrate jurisdiction over each party by claiming that all counterclaim-defendants are part of a secret organization called the "Forminster Group," and that the group *collectively* has contacts with the jurisdiction.  *Phillips*, 196 F.3d at 288 n.2 ("Jurisdictionally speaking, each defendant must stand or fall based on its own contacts with the forum.").  In the first place, there is no such thing as the "Forminster Group." Kolibal Decl. at ¶ 17.  The First Circuit, moreover, does not recognize the conspiracy-theory of jurisdiction on which the counterclaim-plaintiffs appear to have pinned their hopes.  *Glaros v. Perse*, 628 F.2d 679, 682 (1st Cir. 1980); *In re New Motor Vehicles Canadian Export*, 307 F. Supp. 2d 145, 157-58 (D. Me. 2004).

SPV Co. is a wholly-owned subsidiary of a wholly-owned subsidiary of Kotva. Kolibal Decl. at ¶4.  The mere fact that SPV Co is ultimately owned by Kotva does not subject it to jurisdiction in this Court.  The parent-subsidiary relationship alone does not destroy the principle of corporate separateness and the requirement that jurisdiction over SPV Co. must be demonstrated.  *Wilson v. Holiday Inn Curacao N.V.*, 322 F.Supp. 1052, 1054 (D. Mass. 1971) (jurisdiction over parent corporation that advertised and accepted reservations in Massachusetts on behalf of wholly-owned subsidiary did not confer jurisdiction over subsidiary); *Lechoslaw v. Fleet Bank*, No. 031923A, 2004 WL 3091637 at *6 (Mass. Super. Ct. Dec. 9, 2004) (refusing to disregard corporate separateness of

9

foreign subsidiary where court had jurisdiction over indirect majority shareholder); *see also Andresen v. Diorio*, 349 F.3d 8, 12 (1st Cir. 2003) (addressing the more common converse situation where parties attempt to assert jurisdiction over a parent corporation through a subsidiary and noting that a parent's controlling stock interest in its subsidiary does not create jurisdiction over the parent). The notion that SPV Co. could twist the parent-subsidiary relationship in such a way that Kotva served as SPV Co.'s agent and/or alter ego as alleged in this case is also unsupported.[10] Counterclaim-plaintiffs have provided no evidence to demonstrate that SPV Co. is subject to the jurisdiction of this Court under any theory.

---

[10] The alter ego doctrine allows the corporate form to be disregarded in very limited situations that do not apply here. The doctrine also does not apply to public companies like Kotva because "[t]he shareholders of a public corporation can hardly be said, as a practical matter, to exercise control over the corporation." *McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc.*, 339 F.3d 1087, 1094-95 (9th Cir. 2003) (noting that no court has ever pierced the veil of a public company to reach its shareholders). As with shareholders, wholly-owned subsidiaries can hardly be said to exert control over their parent corporations.

**CONCLUSION**

For the foregoing reasons, the claims against SPV Co. should be dismissed for lack of personal jurisdiction.

        Respectfully submitted,

        SPV Co.,

        By its attorneys,

        /s/ Joel G. Beckman
        Joel G. Beckman (BBO# 553086)
        William C. Nystrom (BBO# 559656)
        Daniel J. Pasquarello (BBO# 647379)
        NYSTROM BECKMAN & PARIS LLP
        10 St. James Ave., 16th Floor
        Boston, Massachusetts 02116
        (617) 778-9100
        (617) 778-9110 (fax)
        jbeckman@nbparis.com
        wnystrom@nbparis.com
        dpasquarello@nbparis.com

Dated: February 21, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 21st day of February, 2006.

        /s/ Daniel Pasquarello

UNITED STATES DISTRICT URT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.<br><br>Plaintiff,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC<br><br>Defendants. | Case No. 05-10679-RCL |

### DECLARATION OF MAREK KOLÍBAL

I, Marek Kolíbal, being duly sworn, state as follows:

1. I am a national of Czech Republic, currently residing at Veveří 61, Brno 602 00, Czech Republic

2. I am a director of SPV CO. I have been a director since March 7th, 2005

3. SPV CO is incorporated under Cyprus Companies Law, Chapter 113, as a Limited Liability Company

4. SPV CO is a wholly-owned subsidiary of KN, which is a wholly-owned subsidiary of K-T-V Invest, a.s., formerly Kotva, a.s.

5. SPV CO's offices are located at Pavlou 15, Ledra House, Agios Andreas, P.C. 1105, Nicosia, Cyprus. SPV CO has no other offices or places of business.

6. In addition to myself, SPV CO 's current directors are Paraskevas Zacharoullis and Elena Makrigiorgi both of whom are nationals of Cyprus.

7. SPV CO has no business in Massachusetts. It has no clients, partners, or shareholders in Massachusetts. It does not have an office or agent in Massachusetts, it does not have a telephone number or mailing address in Massachusetts, and it does not own, rent, or use any property in Massachusetts. SPV CO is not registered with any Massachusetts agency to conduct any business in the Commonwealth.

8. SPV CO has never solicited any business in the Commonwealth of Massachusetts.

9. SPV CO has never initiated a lawsuit in any Massachusetts court nor been a party to any lawsuit in Massachusetts, except as named above as a counterclaim-defendant in this case.

10. SPV CO has no business in the United States of America. It has no clients, partners, or shareholders in the United States. It does not have an office or agent in the United States, it does not have a telephone number or mailing address in the United States, and it does not own, rent, or use any property in the United States. SPV CO is not registered with any agency of the United States to conduct any business in the United States.

11. SPV CO has never solicited any business in the United States of America. It has not had any communications or transactions with any person or entity residing in the United States.

12. SPV CO has never initiated a lawsuit in any court of the United States of America, nor been a party to any lawsuit in the United States of America, except as named above as a counterclaim defendant in this case.

13. SPV CO has never given instructions to Richard Harazim or Martin Benda regarding their dealings with Andrew Weiss or Weiss Asset Management.

14. SPV CO has no knowledge of or any involvement in any negotiations that Richard Harazim or Martin Benda may have had with Andrew Weiss or Weiss Asset Management regarding the purchase of shares of Kotva.

15. SPV CO has never been contacted by Weiss Asset Management, LLC, or Andrew Weiss regarding an offer to buy Kotva shares.

16. SPV CO did not instruct Kotva, Richard Harazim, or Martin Brenda to file a lawsuit or criminal complaint against Weiss Asset Management, LLC or against Andrew Weiss.

17. SPV CO is not a part of the "Forminster Group" and is not aware of the existence of any such entity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 17th, 2006.