UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW WEISS and WEISS ASSET ) <br> MANAGEMENT, LLC, ) <br> ) <br> Defendants. ) <br>———————————————— ) <br> ) <br> ANDREW WEISS, WEISS ASSET ) <br> MANAGEMENT LLC, K T, INC. and CVF ) <br> INVESTMENTS, LTD., ) <br> ) <br> Counterclaim-plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KOTVA a.s., MARTIN BENDA, RICHARD ) <br> HARAZIM, FORMINSTER ENTERPRISES, ) <br> LTD., SPV CO and JOHN DOES 1–5, ) <br> ) <br> Counterclaim-defendants. ) <br>———————————————— ) | C.A. No. 05-10679-RCL |

## COUNTERCLAIM-PLAINTIFFS' RESPONSE TO
## PLAINTIFF'S OBJECTION TO DISCOVERY MASTER'S ORDER

Counterclaim-plaintiffs Andrew Weiss ("Weiss"), Weiss Asset Management LLC ("WAM"), K T, Inc. ("K T") and CVF Investments Ltd. ("CVF") (collectively, the "Weiss Parties") hereby submit their Response to the Objection of plaintiff Kotva a.s. ("Kotva" or "K-T-V") to the Discovery Master's February 13, 2006 Order on Kotva's Motion for Protective Order.  This Objection marks K-T-V's third effort to place unreasonable and unsupportable

restrictions on the use of clearly discoverable information by the Weiss Parties.  Like K-T-V's earlier efforts, the Objection falls short and the Court should overrule it.

## I.  <u>PROCEDURAL HISTORY</u>

On August 1, 2005, the Weiss Parties served written discovery on Kotva.  In direct contravention of the Federal Rules of Civil Procedure, counsel for Kotva refused to produce any documents—even documents for which there was no good faith claim of confidentiality—unless the Weiss Parties agreed to a confidentiality order.  Kotva failed to move for a protective order as required by the rules.  Instead, the Weiss Parties were forced to move to compel (Docket Nos. 22 and 23) and Kotva filed an opposition, which included a request for a protective order (Docket No. 32).  This was the plaintiff's first opportunity to show good cause for a protective order.  Plaintiff failed.  The Weiss Parties filed a brief reply (Docket No. 37).

According to Richard Harazim, Kotva's CEO, "[e]ffective September 13, 2005, Kotva changed its name to K-T-V Invest, a.s.  This name change was precipitated by the sale of the 'Kotva' trade name along with the department store."  Harazim Aff. ¶ 6 n.1 (attached hereto as Exhibit 1).  Accordingly, the Weiss Parties refer to Kotva as K-T-V Invest or K-T-V in this Response.

After a hearing on January 6, 2006, the Discovery Master granted the Weiss Parties' Motion to Compel in large part (Docket No. 55).  The Discovery Master instructed K-T-V Invest to log all documents for which it still requested special treatment and to move for a protective order as to those documents.

On January 17, 2006, K-T-V submitted a log and filed a motion for a protective order (the "Motion", Docket Nos. 59–60).  This was K-T-V's second opportunity to show good cause for a protective order.  K-T-V failed to meet its burden again.  Attached to K-T-V's Motion is a

proposed protective order ("K-T-V's Proposed Order").  On January 31, 2006, the Weiss Parties

submitted an Opposition (Docket No. 66) arguing, in part, that the Discovery Master should:

> adopt the following rule, which parallels the instructions given by this Court to
> attorneys with respect to filing pleadings and papers by ECF:
>
>> Financial account numbers: Identify the type of account and the
>> financial institution, but use only the last four numbers of the
>> account number
>
> UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS,
> ELECTRONIC CASE FILING ADMINISTRATIVE PROCEDURES 8 (January 1, 2006)

Opp. at 6.

On February 13, 2006, after a hearing, the Discovery Master entered an Order (Docket

No. 73) that generally followed this suggestion: permitting the redaction of account numbers, but

requiring disclosure of "the identity and location of each institution."  K-T-V objects to this

portion of the Discovery Master's Order.  This Objection marks K-T-V's *third* opportunity to

show good cause for a protective order.  Once again, K-T-V has failed to meet its burden.

## II.    <u>GOVERNING LAW</u>

Federal Rule of Civil Procedure 26(c)(7) limits protective orders of the sort K-T-V seeks

to information that is truly "a trade secret or other confidential research, development, or

commercial information."  Protective orders of this nature are the exception, not the rule.  "[T]he

Supreme Court has noted that parties have general first amendment freedoms with regard to

information gained through discovery and that, absent a valid court order to the contrary, they

are entitled to disseminate the information as they see fit."  *Public Citizen v. Liggett Group, Inc.*,

858 F.2d 775, 780 (1st Cir. 1988) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31–36

(1984)).  Forcing litigants to demonstrate "good cause" for a protective order, as  Federal Rule of

Civil Procedure 26(c) requires, protects these First Amendment interests.  *Cf. id.* at 788 ("[F]irst

amendment scrutiny of protective orders must be made within the framework of Rule 26(c)'s

requirement of good cause.") (internal quotation marks omitted).  Thus, the First Circuit requires that "[a] finding of good cause must be based on a <u>particular factual demonstration of potential harm, not on conclusory statements</u>."  *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986) (emphasis added).

In *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786–87 (3d Cir. 1994), the Third Circuit explained the showing a party must make to establish good cause:

> Good cause is established on a showing that disclosure will work <u>a clearly defined and serious injury</u> to the party seeking closure.  <u>The injury must be shown with specificity.</u>  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing.  <u>The burden</u> of justifying the confidentiality of each and every document sought to be covered by a protective order <u>remains on the party seeking the order</u>.

*Id.* at 786–87 & n.17 (internal quotation marks and citations omitted; emphasis added).

## III.  THE IDENTITY OF FINANCIAL INSTITUTIONS IS NOT CONFIDENTIAL INFORMATION

The information at issue relates to accounts that hold (or at one time held) the proceeds of the sale of the Department Store.  K-T-V accuses Weiss of interfering with that sale and denying K-T-V the proceeds to which it is entitled.   The Weiss Parties accuse the counterclaim-defendants of engaging in a conspiracy to loot the proceeds of the sale and freeze out minority shareholders.  K-T-V seeks to withhold not only the account numbers of escrow accounts and other accounts that are at the heart of this litigation, but also the identities of the financial institutions holding those accounts.

The Discovery Master properly rejected this overly broad effort to conceal information from the Weiss Parties and instead took guidance from the Court's instructions to attorneys with respect to filing pleadings and other papers by ECF:

> Financial account numbers: Identify the type of account and the financial institution, but use only the last four numbers of the account number

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, ELECTRONIC CASE FILING ADMINISTRATIVE PROCEDURES 8 (January 1, 2006) (attached hereto as Exhibit 2).

As the ECF Administrative Procedures Manual recognizes, the identities of financial institutions are not confidential information. K-T-V has cited no case that has held to the contrary. The cases K-T-V cites either deal with account numbers (*In re Gitto*) or with financial information rather than the identities of financial institutions (other cases). Tellingly, in two of the cases K-T-V cites, the published opinions name the banks at issue. *See Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003) (Kansas State Bank and First National Bank of Wamego); *Dean v. Anderson*, No. 01-2599-JAR, 2002 U.S. Dist. LEXIS 11536, at *3 (D. Kan. June 6, 2002) (Security Bank of Kansas City).[1]

The fate of the proceeds of the sale of the Department Store is a central question in this litigation. Although the exact account numbers in which those proceeds are held is of relatively little importance, the identities of the financial institutions are a significant issue. The Weiss Parties are not alone in this view. In negotiating the purchase of the Department Store, the purchaser's representatives refused to accept Kotva's proposal that J&T Banka act as escrow agent. In an August 20, 2003 email to Richard Harazim, Kotva's CEO, Henry Prestage of Markland wrote:

> I am afraid that we cannot consent to J&T Banka acting as Escrow agent.
>
> There are two main reasons for this:
>
> - our Bank is not comfortable using a small Czech Bank

---

[1] Contrary to K-T-V's suggestion in a footnote to its Objection, the Weiss Parties have not intentionally withheld any comparable information. The redactions in document W0005370 were inadvertent. Around noon on the day after receiving a copy of K-T-V's Objection, counsel for the Weiss Parties notified counsel for K-T-V that the same email string, in unredacted form, had been produced and identified it by Bates number so that counsel for K-T-V could quickly locate it.

- the name of the J&T Banka appears regularly in the information we have been given regarding past transactions that are allegedly suspect and fraudulent. This Bank has had a part to play in the past dealings of the Kotva / Trend / FEL / Suringham issues so we do not want them involved going forward.

Exhibit 3 (emphasis added).

## IV.    K-T-V HAS FAILED TO MAKE A PARTICULARIZED FACTUAL DEMONSTRATION OF POTENTIAL HARM

Since K-T-V has failed to demonstrate that the identities and locations of financial institutions are confidential commercial information, the Court need go no further.  If information is not "a trade secret or other confidential research, development, or commercial information," it does not matter what amount of harm might be caused by disclosure.  That information is outside the scope of a permissible protective order.  FED. R. CIV. P. 26(c)(7).

However, even if the Court were to find that the identities of financial institutions were somehow confidential commercial information, K-T-V has failed to make "a particular factual demonstration of potential harm" resulting from disclosure and instead impermissibly attempts to rely on "conclusory statements."  *Anderson*, 805 F.2d at 7.

Local Rule 7.1(b) requires that "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."  The sole affidavit K-T-V submitted is an affidavit of counsel that merely identifies documents, but presents no facts on which the Court can find a showing of good cause.

Thus, K-T-V has not and cannot demonstrate any potential harm from revealing the identities of the financial institutions involved in the transactions that are the subject of this litigation.  K-T-V's suggestion that "[t]he publication of Kotva's private bank information would make Kotva's accounts more susceptible to unlawful access" is cured by redaction of all but the last four digits of any account number.  K-T-V's desperate, unsupported allegation that the Weiss Parties could or would somehow harm K-T-V if permitted to learn the identities of the financial

institutions involved in this case is confused at best.  K-T-V argues that the Weiss Parties would use this information to initiate litigation or "further interfere"  with the sale of the Department Store.  However, K-T-V never explains how knowing the identities of financial institutions involved in the sale of the Department Store will enable the Weiss Parties to do these things.[2]  In its Objection, K-T-V hypothesizes that perhaps the Weiss Parties will publicly disseminate the identities of the banks K-T-V uses, causing creditors and shareholders to "question the security of Kotva's assets and proprietary information, ultimately leading to the disruption of its business."  Obj. at 3.  K-T-V fails, however, to explain why a creditor or shareholder would question the security of Kotva's assets upon learning which bank or banks K-T-V uses.

## V.    THE APPROPRIATE SCOPE OF ANY PROTECTIVE ORDER

Lastly, even if the Court were to enter a protective order governing the identities and location of financial institutions, K-T-V's Proposed Order suffers from two serious deficiencies.

First, K-T-V proposes to limit the use of any confidential information to this litigation alone.  However, the parties are involved in parallel litigation in the Czech Republic.  Comity, judicial economy and common sense mandate that this Court not enter an order requiring that the Weiss Parties or K-T-V Invest hide documents or information they both know to exist from the Czech courts.  The Weiss Parties cannot simply forget what they learn in this case and conduct the Czech litigation as if they are ignorant of things that they in fact know.  Were they to attempt these mental gymnastics, this Court's protective order would turn the Czech proceedings— including potential criminal proceedings—into kangaroo courts in which the parties have information that they are unable to share with the prosecutors and judges.  Nor should the Court

---

[2] Moreover, as the Discovery Master noted during the hearing, if K-T-V's fear is additional litigation, the appropriate remedy is not a protective order.  It is an injunction preventing the Weiss Parties from initiating additional litigation.  K-T-V has not met the standard for such an injunction.

enter an order preventing any of the parties from having full and frank discussions with the Czech and U.S. governments.

Thus, any protective order should, at a minimum, allow the parties to use discovery in any parallel Czech litigation and disclose that information to both U.S. and Czech governmental authorities. Judges in this District have allowed use of confidential discovery in parallel proceedings, including parallel proceedings in other countries. *See Baker v. Liggett Group, Inc.*, 132 F.R.D. 123 (D. Mass. 1990) (allowing use of confidential discovery in parallel suits by other plaintiffs against cigarette manufacturers); *Pharmachemie, B.V. v. Pharmacia, Inc.*, C.A. No. 95-40085-NMG, 1998 U.S. Dist. LEXIS 2192, at *4–*6 (D. Mass. Jan. 30, 1998) (allowing use of confidential discovery in a related foreign patent proceeding).

Second, K-T-V's Proposed Order seeks attorney's eyes only treatment for certain information that K-T-V inadvertently fails to redact. If K-T-V produces documents, the Weiss Parties have every right to review those documents along with their attorneys. Should K-T-V later seek to retract information it has provided the Weiss Parties on justified and sustainable grounds, counsel and the Weiss Parties can certainly gather and, if need be, destroy, all copies of the inadvertently disclosed information and limit any further disclosure. However, if the Weiss Parties have already viewed the inadvertently disclosed information, there is no way to retroactively make that information "attorney's eyes only."

Moreover, K-T-V has failed to demonstrate good cause for "attorney's eyes only" treatment for any information. This designation is used in cases where the discovering parties could gain an unfair competitive advantage from viewing the materials. Exemplary cases include those that involve technology that is either: (a) a trade secret; or (b) potentially the target

of a pending patent application.[3]   The two cases K-T-V cites in support of its request for attorney's eyes only treatment both stress the fact that the discovering parties were in competition with the party whose confidential information was at issue.  *See Bailey v. Dart Container Corp.*, 980 F. Supp. 560, 582–83 (D. Mass. 1997) ("The risk of competitive injury is particularly high when the opposing party is a business competitor."); *GTE Prods Corp. v. Gee*, 112 F.R.D. 169, 170–72 (D. Mass. 1986) (ruling on motion in view of fact the "documents at issue contain sensitive business information about companies that are in direct competition with the defendant GM Audio Visual") .  K-T-V Invest is not a competitor of Weiss, WAM, K T or CVF Investments Ltd.  In fact, now that K-T-V Invest is no longer in the department store business, it cannot claim that it competes with anyone

---

[3] Courts sometimes enter protective orders limiting disclosure of technical information to individuals who are not involved in the prosecution of patents in order to ensure that a patent applicant is not able to tailor the claims of his or her patent application to cover a competitor's products as a result of civil discovery.

**VI.    CONCLUSION**

For the above reasons, the Court should overrule K-T-V's Objection to the Discovery Master's Order.

.                                            Respectfully Submitted,

                                             ANDREW WEISS, WEISS ASSET
                                             MANAGEMENT LLC, K T, INC. and CVF
                                             INVESTMENTS LTD.

                                             By their attorneys,


                                             /s/ Benjamin A. Goldberger
                                             Edward P. Leibensperger (BBO# 292620)
                                             Benjamin A. Goldberger (BBO# 654357)
                                             McDermott Will & Emery LLP
                                             28 State Street
                                             Boston, Massachusetts  02109-1775
                                             (617) 535-4000

Dated: March 9, 2006



**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 9th, 2006.

                                             /s/ Benjamin A. Goldberger
                                             Benjamin A. Goldberger


BST99 1493858-2.072198.0012

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AFFIDAVIT OF RICHARD HARAZIM

I, Richard Harazim, being duly sworn, state as follows:

1.     I am a national of the Czech Republic, and live in the Czech Republic.

2.     I have never transacted business, solicited business, engaged in a persistent course of conduct, or derived substantial revenues from goods used or consumed, or services rendered in Massachusetts.

3.     I do not own or rent any property, or maintain any bank accounts in Massachusetts.

4.     I do not have a telephone number or mailing address in Massachusetts.

5.     I have never personally initiated a lawsuit in Massachusetts.

6.     I am the Chief Executive Officer of Kotva, a.s. ("Kotva") and have served in that position since the summer of 2000.[1]

---

[1] Effective September 13, 2005, Kotva changed its name to K-T-V Invest, a.s. This name change was precipitated by the sale of the "Kotva" trade name along with the department store. Kotva, a.s. and K-T-V Invest, a.s. are collectively referred to as "Kotva."

7.     Kotva is public company incorporated in the Czech Republic.  Kotva's offices are located at Prague, Czech Republic.  Kotva, through its wholly owned subsidiaries, owned and operated the Kotva Shopping Centre in Prague, Czech Republic ("Shopping Centre"), until March 2005.  The Shopping Centre opened in 1975 and is the largest department store in the Czech Republic.

8.     In or about 1995, Kotva became a publicly traded company on the Czech Securities Market.

9.     There are approximately 694,209 outstanding shares of Kotva stock.  Kotva's three largest shareholders are: (1) Forminster Enterprises, Limited ("FEL"), with approximately 55.46% of the outstanding stock (385,038 shares); (2) Ardmore Risk Management Limited ("Ardmore"), with approximately 14.08% of the outstanding stock (97,753 shares); and (3) HSBC Bank, plc. ("HSBC"), with approximately 11.68% of the outstanding stock (81,082 shares).

10.     Information about Kotva, including its General Meeting announcements, semiannual reports, annual reports, and the identities of the members its Board of Directors and Supervisory Board are publicly available on-line at Kotva's website (www.od-kotva.cz) as well as the Czech Securities Exchange website (www.sec.cz).

11.     Kotva has no business in Massachusetts.  Kotva has no clients, partners, offices or agents, telephone numbers, or mailing addresses in Massachusetts.  Kotva does not own, rent, or use any property or maintain any bank accounts in Massachusetts, and is not registered with any Massachusetts agency to conduct any business in the Commonwealth.  Kotva does not solicit any business in Massachusetts, engage in any persistent course of conduct in

Massachusetts, or derive substantial revenues from goods used or consumed, or services rendered in Massachusetts.

12.     Kotva has no business in the United States.  Kotva has no clients, partners, offices, agents, telephone numbers, or mailing addresses in the United States.  Kotva does not own, rent, or use any property or maintain any bank accounts in United States, and is not registered with any state or federal agency to conduct any business in the United States. Kotva does not solicit any business in the United States, engage in any persistent course of conduct in the United States, or derive substantial revenues from goods used or consumed, or services rendered in the United States.

13.     Contrary to defendants' assertions, there is no such thing as the "Forminster Group."

14.     Neither Kotva nor I are "controlled by" the "Forminster Group," FEL, or any other individual or entity.

15.     Kotva and FEL are separate and distinct companies.  Indeed, Kotva and FEL do not share bookkeeping, make separate tax filings, and have separate decision-making authority.  The companies have separate boards of directors, and no one who sits on FEL's board of directors also sits on Kotva's board.  Additionally, Kotva does not have any officers or employees who are also employed with FEL.

16.     In the past, from approximately November 1999 until October 2002, Martin Benda and I served on the Board of Directors of FEL.

17.     Contrary to defendants' assertions, no person or entity instructed me to cause Kotva to file this lawsuit in 2005.  Rather, the Kotva's Board of Directors made the decision to file this lawsuit in order to seek redress for the damages caused by defendants' blackmail

scheme.  Neither Martin Benda nor I were on the Board of the Directors when that decision was made.

18.    All of my dealings with defendants have been in my capacity as an officer of Kotva—not in my individual capacity.  Indeed, defendants have sued me in my individual capacity to harass me.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 30th DAY OF NOVEMBER, 2005.

_____
Richard Harazim

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS



# ELECTRONIC CASE FILING
# ADMINISTRATIVE PROCEDURES

**January 1, 2006**

TABLE OF CONTENTS

A.    General Information ................................................................ Page 2

B.    Registration ...................................................................... Page 3

C.    Filing and Service of Civil Case Opening Documents ............................ Page 4

D.    Electronic Filing ................................................................ Page 4

E.    Service of Electronically Filed Documents ....................................... Page 4

F.    Subsequent Documents with Fee Requirement ................................... Page 5

G.    Deadlines ......................................................................... Page 6

H.    Special Filing Requirements and Exceptions ..................................... Page 6

I.     Documents Not Filed Electronically ............................................. Page 7

J.     Signature .......................................................................... Page 7

K.    Privacy ........................................................................... Page 8

L.    Attachments to Filings and Exhibits ............................................. Page 9

M.    File Size Limitations and Conventional Filing of Documents ..................... Page 9

N.    Orders and Judgments .......................................................... Page 10

O.    Motions for Leave to File ....................................................... Page 10

P.    Submitting Redacted Documents ............................................... Page 10

Q.    Submitting Proposed Order ..................................................... Page 11

R.    Transcripts ...................................................................... Page 11

S.    Correcting Docket Entries ...................................................... Page 11

T.    Technical Failures .............................................................. Page 12

U.    Pro Se Litigation ............................................................... Page 12

V.    Access to Electronically Stored Documents .................................... Page 12

W.    Retention ........................................................................ Page 12

APPENDIX A .......................................................................... Page 13

CM/ECF Administrative Procedures

---

## ELECTRONIC FILING and PDF

Electronic Filing is the process of uploading a document from the registered user's computer, using the court's Internet-based Electronic Case Files (ECF) system, to file the document in the court's case file. The ECF system only accepts documents in a portable document format (PDF).  Although there are two types of PDF documents, electronically converted PDF's and scanned PDF's, **electronically converted PDF's are preferable for filing with the court using the ECF System**.

Electronically converted PDF's are created from word processing documents (MS Word, WordPerfect, etc) using Adobe Acrobat or similar software.  They are text searchable and their file size is small.

Scanned PDF's are created from paper documents run through an optical scanner. Scanned PDF's are generally not searchable and have a larger file size.

--------------

## ADMINISTRATIVE PROCEDURES

**A.    General Information**

1.    The court began accepting filings electronically through the ECF system on October 1, 2003.  Effective **January 1, 2006**, documents submitted for filing in all pending civil and criminal cases, except those documents specifically exempted in subsection (H) of these procedures, must be filed electronically using the ECF system.  Any variation of these requirements will be by a standing order issued by individual judges.

2.    The clerk's office will not maintain a paper court file in any civil or criminal case commenced after October 1, 2003, except as otherwise provided herein or as ordered by the Judge in a particular session. (The case files in actions commenced prior to October 1, 2003 may contain paper versions of those documents filed prior to October 1, 2003 and electronic files of the documents filed on or after October 1, 2003).  The official court record in ECF cases shall be the electronic file maintained on the court's servers together with any paper documents, attachments and exhibits filed in accordance with these procedures.

3.    The clerk's office may discard the PDF disk after it has been uploaded to ECF or the original document after it has been scanned and uploaded to ECF.

4.    All documents filed by electronic means must comply with technical standards, if any, established by the Judicial Conference of the United States or by this court.

---

**CM/ECF Administrative Procedures**

---

**B.     Registration**

1.      Attorneys admitted to the bar of this court, including attorneys admitted *pro hac vice*, must register as filing users of the court's ECF system prior to filing any pleadings electronically. Registration can be accomplished by filling in the on-line ECF registration or by completing an ECF Registration Form, a copy of which is on the court's web page (www.mad.uscourts.gov). If not submitted on-line, completed ECF Registration Forms should be mailed or hand delivered to:

    Clerk, United States District Court
    Attn: CM/ECF Registration
    John Joseph Moakley United States Courthouse
    1 Courthouse Way, Suite 2300
    Boston, MA 02210

2.      Any one who is a party to a civil action, and not a prisoner,  and who is not represented by an attorney may register as a filing user in the ECF system.  The party must attend a training session offered by the clerk's office on the ECF system and have the approval of the judicial officer assigned to the case before an ECF log-in is issued. If during the course of the action the person retains an attorney who appears on the person's behalf, the Clerk shall terminate the person's registration upon the attorney's appearance.

3.      A registered user shall not allow another person to file a document using the user's log-in and password, except for an authorized agent of the filing user.  Use of a user's log-in and password by a staff member shall be deemed to be the act of the registered user.

4.      Registration constitutes consent to service of all documents by electronic means as provided in these procedures and Federal Rule of Civil Procedure (Fed.R.Civ.P) 5(b) and 77(d), and Federal Rule of Criminal Procedure (Fed.R.Crim.P.) 49(b).

5.      Once an account has been established by the court, the ECF log-in and password will be sent to the registered user by the clerk's office via e-mail.

---

**C.    Filing and Service of Civil Case Opening Documents**

1.    Civil case opening documents, such as a complaint, petition, or notice of removal, together with a summons and civil cover sheet and category sheet, shall be filed in the traditional manner by United States mail or delivered in person to the clerk's office accompanied by the required filing fee.  Case opening documents must also be provided in PDF format on a properly labeled 3.5" floppy or compact disk, so that the documents can be added to ECF.

2.    New cases are deemed filed the day the clerk's office receives the complaint and any required filing fee.

3.    Via mail, the clerk's office will return a signed and sealed summons for service of process to plaintiff's counsel.  A party may not electronically serve a civil complaint but shall effect service in the manner required by  Fed.R.Civ.P.4.

**D.    Electronic Filing**

1.    Electronic transmission of a document to the ECF system, together with the transmission of a Notice of Electronic Filing (NEF) from the court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure and constitutes entry of the document on the docket maintained by the Clerk pursuant to Fed.R.Civ.P.58, Fed.R.Civ.P.79 and Fed.R.Crim.P.55.

2.    A document filed electronically shall be deemed filed at the time and date stated on the Notice of Electronic Filing received from the court.

3.    All pleadings filed electronically shall be titled in accordance with the approved dictionary of civil or criminal events of the ECF system of this court.

4.    E-mailing or faxing a document to the clerk's office or to the assigned judge does not constitute "filing" of the document.  A document shall not be considered filed until the System generates an NEF.

**E.    Service of Electronically Filed Documents**

1.    Whenever a pleading or other document is filed electronically, the ECF system will automatically generate and send an NEF to the filing user and ECF registered users of record in the case by e-mail.  The user filing the document shall retain a paper or digital copy of the NEF, which shall serve as the court's date-stamp and proof of filing.

CM/ECF Administrative Procedures

2.  Unless exempt or otherwise ordered by the court, all pleadings and other papers must be served on other parties by electronic means. Any pleading or other paper served by electronic means must bear a certificate of service in accordance with Local Rule 5.2(b) stating that the document has been filed electronically and that it will be served electronically to registered ECF participants and by sending paper copies to non-registered participants as indicated on the NEF.

Example:

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on _(date)_.

3.  Transmission of the NEF through the court's transmission facilities will constitute service of the filed document upon a registered ECF user and shall be deemed to satisfy the requirements of Fed.R.Civ.P.5(b)(2)(D), Fed.R.Civ.P.77(d) and Fed.R.Crim.P.49(b).   The attorney filing the document electronically is responsible for serving a paper copy of the document by mail in accordance with Fed.R.Civ.P.5(b) to those case participants who have not been identified on the NEF as electronic recipients.

4.  Service by electronic means shall be treated the same as service by mail for the purpose of adding three (3) days to the prescribed period to respond. In accordance with Local Rule 7.1, a party opposing a motion, shall file an opposition to the motion within fourteen (14) days after service of the motion, unless another period is fixed by rule or statute, or by order of the court.  The fourteen day period is intended to include the period specified by the civil rules for mailing time and provide for a uniform period regardless of the use of the mails.

## F.  Subsequent Documents with Fee Requirement

Subsequent documents filed in a case which require a fee, such as a notice of appeal, motion for leave to appear pro hac vice, etc. must be electronically filed .  However, until the court implements a credit card payment option through ECF, the required fee must be paid within 24 hours after the document is submitted electronically.  A copy of the Notice of Electronic Filing should be submitted with the fee to the clerk's office so that it can be properly reconciled with the case.

G.      **Deadlines**

Filing documents electronically does not in any way alter any filing deadlines. All electronic transmissions of documents must be completed **prior to 6:00 PM, Eastern Standard Time, in order to be considered timely filed that day**.  Where a specific time of day deadline is set by court order or stipulation, the electronic filing must be completed by that time.

H.      **Special Filing Requirements and Exceptions**

1.      The following documents **shall be filed only on paper**:

   a.      Sealed documents;
   b.      Administrative records in social security cases and in other administrative review proceedings;
   c.      The state court record and other Rule 5 materials in habeas corpus cases filed in 28 U.S.C. §2254 proceedings;
   d.      *Ex parte* motions and applications;
   e.      Pretrial hearing and trial exhibits; and
   f.      Medical Records.

2.      The following types of documents may be filed on paper and need not be filed electronically.  However, they may be scanned and filed into the ECF system by a filing party or the clerk's office:

   a.      The state court record filed in 28 U.S.C. §1446 removal proceedings;
   b.      All handwritten pleadings;
   c.      All pleadings and documents filed by pro se litigants who are incarcerated or who are not registered filing users in ECF;
   d.      The charging document in a criminal case, such as the complaint, indictment, and information, as well as the criminal JS45 form for the District of Massachusetts;
   e.      Affidavits for search and arrest warrants and related papers;
   f.      Fed.R.Crim.P.20 and Fed.R.Crim.P.40 papers received from another court;
   g.      Appearance bonds;
   h.      Any pleading or document in a criminal case containing the signature of a defendant, such as a waiver of indictment or plea agreement;
   i.      Petitions for violations of supervised release;
   j.      Executed service of process documents under rule 4; and
   k.      Attachments to filings (See subsections L and M).

3.      The following documents may be received by the clerk's office in criminal cases, but are not filed, electronically or otherwise, unless ordered by the court:

a.      Pretrial service reports;

b.      Psychiatric and psychological reports;

c.      Pre-sentencing reports and other papers submitted prior to sentencing; and

## I.      Documents Not Filed Electronically

1.      Sealed Documents/Cases.  At this time, the court will not permit the electronic filing of sealed documents.  These documents should be filed as always, clearly labeled as a sealed document, with the appropriate accompanying motion to seal pursuant to Local Rule 7.2.

a.      A party may electronically file a motion to file a document under seal.  If the motion is granted, the assigned judge will electronically file an order authorizing the filing of the document under seal.  The filing party shall then deliver the document to the clerk's office for conventional filing under seal.  A paper copy of the order must be attached to the documents filed under seal and delivered to the clerk.

2.      *Ex Parte* Motions, Motions by CJA Attorneys for Funds, etc. These motions should be filed as hard copies.   These will be handled in the same fashion as sealed documents (except for the requirement to file a separate motion to seal for each document).

3.      Alternative Dispute Resolution (ADR) Documents.   Other than the Order of Reference to ADR and subsequent reports from the ADR Provider, all documents generated by the parties in the ADR process should be sent or delivered to the ADR Provider directly as a hard copy, clearly identified as a document for the ADR Provider.  ADR documents are not part of the public case file.

## J.      Signature

1.      Attorneys.  The user log-in and password required to submit documents to the ECF system shall serve as that user's signature for purposes of Fed.R.Civ.P.11 and for all other purposes under the Federal Rules of Civil Procedure and the Local Rules of this court.   All electronically filed documents must include a signature block and must set forth the attorney's name, Bar number, address, telephone number and e-mail address.  The name of the ECF user under whose log-in and password the document is submitted must be preceded by a "/s/" and typed in the space where the signature would otherwise appear.  For example:

**CM/ECF Administrative Procedures**

/s/ *John A. Smith*
John A. Smith BBO#123456
123 Main Street
Boston, MA 02210
617-987-6543
jasmith@internetprovider.com

2.    <u>Multiple Signatures.</u>  The filer of any document requiring more than one signature (e.g, stipulations, joint motions, joint status reports, Magistrate Judge consent forms, etc.)  must list thereon all the names of other signatories by means of a <u>"/s/ name of signatory"</u>  block for each. By submitting such a document, the filing attorney certifies that each of the other signatories has expressly agreed to the form and substance of the document and that the filing attorney has their actual authority to submit the document electronically. The filing attorney shall retain any records evidencing this concurrence for future production, if necessary, until two (2) years after the expiration of the time for filing a timely appeal.  A non-filing signatory or party who disputes the authenticity of an electronically filed document containing multiple signatures must file an objection to the document within fourteen (14) days of the date on the NEF.

3.    <u>Affidavits.</u>   Except as provided in subsection H(2)(e), affidavits shall be filed electronically; however, the electronically filed version must contain a <u>"/s/ name of signatory"</u> block indicating that the paper document bears an original signature. The filing attorney shall retain the original for future production, if necessary, for two (2) years after the expiration of the time for filing a timely appeal.

**K.    Privacy**

To address the privacy concerns created by Internet access to court documents, unless otherwise ordered by the court, the filing attorney shall modify certain personal data identifiers in pleadings and other papers as follows:

1.    Minors' names: Use of the minors' initials only;
2.    Social security numbers: Use of the last four numbers only;
3.    Dates of birth: Use of the year of birth only;
4.    Financial account numbers: Identify the type of account and the financial institution, but use only the last four numbers of the account number;
5.    Home addresses: Use of the city and state only.

It is not the responsibility of the clerk's office to review each document to determine if pleadings have been modified and are in the proper form.

**SPECIAL NOTICE TO ATTORNEYS INVOLVED IN SOCIAL SECURITY CASES - It is your responsibility to provide the U.S. Attorney's Office with the social security number of the plaintiff upon the filing of a new social security case.**

**L.    Attachments to Filings and Exhibits (other than hearing and trial exhibits)**

1.    Attachments to filings and exhibits must be filed in accordance with the court's ECF User Manual, unless otherwise ordered by the court.

2.    A filing user must submit as attachments only those excerpts of the referenced documents that are directly germane to the matter under consideration by the court. Excerpted material must be clearly and prominently identified as such. Users who file excerpts of documents do so without prejudice to their right to timely file additional excerpts or the complete document, as may be allowed by the court. Responding parties may timely file additional excerpts or the complete document that they believe are directly germane.

3.    Filers shall not attach as an exhibit any pleading or other paper already on file with the court in that case, but shall merely refer to that document.

**M.    File Size Limitations and Conventional Filing of Documents**

1.    Whether documents are submitted electronically or on paper, they are still subject to page limitations set by LR 7.1(B)(4) or by order of the court.

2.    A filing party must limit the size of the PDF file to no more than 2 megabytes. Documents significantly larger than 2 megabytes will be rejected by the ECF system. Filing parties should take into consideration that scanned images take up considerably more space on the system than PDF files containing electronically generated documents converted to PDF. However, larger documents or exhibits may be submitted electronically if they are broken up into separate two megabyte segments and attached to the main document.

3.    Because documents scanned in color or containing a graphic take much longer to upload, filing parties must configure their scanners to scan documents at 200 dpi and in black and white rather than in color. Documents appearing in color in their original form, such as color photographs, may be scanned in color and then uploaded to the System.

4.    The filing party is required to verify the readability of scanned documents before filing them electronically with the court.

5.   Documents or exhibits submitted conventionally shall be served on other parties as if not subject to these procedures.

6.   When documents or exhibits are submitted conventionally, a Notice of Filing with clerk's office shall be filed electronically and attached to the main document. A paper copy of the Notice of Filing with the clerk's office must accompany the documents submitted to the court. The Notice of Filing with clerk's office (see Appendix A) shall describe each of the documents that will be retained as paper copies in the clerk's office files, or include an index of the documents if they are voluminous.

## N.   Orders and Judgments

1.   The assigned judge, chambers staff or deputy clerk shall electronically file all signed orders. Any order signed electronically has the same force and effect as if the judge had affixed his/her signature to a paper copy of the order and it had been entered on the docket conventionally.

2.   When mailing paper copies of an electronically filed order to a party who is not a registered participant in ECF, the clerk's office will include the NEF to provide the non-participant with proof of the filing.

3.   A judge, or deputy clerk, if appropriate, may grant routine orders by a text-only entry upon the docket entitled "Electronic Order". In such cases, no PDF document will issue; the text-only entry shall constitute the court's only order on the matter and counsel will receive a system generated NEF.

## O.   Motions for Leave to File

In any case of an electronic filing in which a party seeks leave of court to file a document or to amend a document previously filed, the party must attach electronically to the motion seeking leave a copy of the document which the party proposes to file. That document must be marked "Proposed [document designation]." If leave to file the document is granted, the party proposing the document must then file the original of that document, indicating in the caption of the document that leave has been granted.

## P.   Submitting Redacted Documents

The parties may request or the court may require the submission of redacted documents which have sensitive or confidential information removed from them. When filing the original document electronically, the actual document should not be attached to the entry. In its place attach a PDF file which includes the caption of the document and the notation " Document Sealed". If the court requires the filing of a redacted version of the

document, under the Other Filings/Other Documents menu option select Redacted Document and link it back to the original entry but attach the redacted version to this entry.

**Q.    Submitting Proposed Order**

Proposed orders may be submitted electronically in PDF. All proposed orders, other than those filed by the Government pursuant to 18 U.S.C.§3161(h)(8)(A), must be either attached as an exhibit to a motion or stipulation or contained within the body of a stipulation. The court may request proposed orders in word processing format by submission to the court on a disk or by e-mail.

**R.    Transcripts**

1.    <u>Proceedings of this Court</u>. A transcript of a proceeding of this court shall be filed in the traditional manner by the court reporter. The transcript will be maintained in the case file in the clerk's office.

2.    <u>Transcripts from other Courts</u>. A transcript of a proceeding of another court shall be filed electronically in PDF, if so available, otherwise on paper.

3.    <u>Depositions</u>. Transcripts of depositions, when required to be filed, shall be filed electronically using ECF or on either a 3.5" floppy disk or compact disk in PDF, if so available, otherwise on paper.

**S.    Correcting Docket Entries**

1.    Once a document is submitted and becomes part of the case docket, corrections to the docket are made only by the clerk's office. The ECF system will not permit the filing party to make changes to the document(s) or docket entry filed in error once the transaction has been accepted.

2.    A document incorrectly filed in a case may be the result of posting the wrong PDF file to a docket entry, or selecting the wrong document type from the menu, or entering the wrong case number and not catching the error before the transaction is completed. **<u>The filing party should not attempt to refile the document unless instructed to do so by clerk's office staff.</u>**

3.    As soon as possible after an error is discovered, the filing party should contact the clerk's office with the case number and document number for which the correction is being requested. If appropriate, the court will make an entry indicating that the document was filed in error. The filing party will be advised *if* the document needs to be refiled.

**CM/ECF Administrative Procedures**

T.     **Technical Failures**

1.     Known systems outages will be posted on the web site, if possible.  A filing user whose filing is made untimely as the result of a technical failure of the court's ECF system may seek appropriate relief from the court.

2.     Problems on the filer's end, such as phone line problems, problems with the filer's Internet Service Provider (ISP), or hardware or software problems, will not constitute a technical failure under these procedures nor excuse an untimely filing.  A filer who cannot file a document electronically because of a problem on the filer's end must file the document conventionally with the document in PDF format on a 3.5" floppy or compact disk or contact the clerk's office for permission to submit the PDF document via e-mail.   Since help desk support will only be available during normal business hours, filers are strongly urged to electronically file any documents due on a given day during normal business hours.

U.     **Pro Se Litigation**

Non-prisoner pro se litigants in civil actions may register with ECF or may file (and serve) all pleadings and other documents on paper. The clerk's office will scan into ECF any pleadings and documents filed on paper in accordance with section H of these procedures.

V.     **Access to Electronically Stored Documents**

The public may review at the clerk's office all filings that have not been sealed.  The public may access civil and criminal files in ECF through the court's Internet site (www.mad.uscourts.gov) by obtaining a PACER log-in and password.

W.     **Retention**

Unless otherwise ordered by the court, documents that are filed on paper and subsequently uploaded to the ECF system may be destroyed and need not be maintained in its paper form by the clerk's office.  Any document requiring an original signature shall be maintained by the attorney until two (2) years after the expiration of the time for filing a timely appeal. (See subsection J(2) and (3))

administrativeproceduresfor1-1-06.wpd

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**APPENDIX A**

_____

V.                        CASE NO. _____

_____


<u>NOTICE OF FILING WITH CLERK'S OFFICE</u>


Notice is hereby given that the documents, exhibits or attachments listed below

have been manually filed with the Court and are available in paper form only:




The original documents are maintained in the case file in the Clerk's Office.


_____          _____
        Date                        Attorney for

                              _____

                              _____

                              _____

                              _____

**From:** Henry Prestage [hprestage@markland.ie]
**Sent:** Wednesday, August 20, 2003 4:01 AM
**To:** richard.harazim@od-kotva.cz
**Subject:** Escrow

Good morning Richard

I am afraid that we cannot consent to J&T Banka acting as Escrow agent.

There are two main reasons for this:

- our Bank is not comfortable using a small Czech Bank
- the name of the J&T Banka appears regularly in the information we have been given regarding past transactions that are allegedly suspect and fraudulent. This Bank has had a part ot play in the past dealings of the Kotva / Trend / FEL / Suringham issues so we do not want them involved going forward.

From your point of view I cannot see how having the Escrow account with J&T would do you any good as these funds cannot be used and must only be paid out upon certain events. You will have a very large cash deposit with them which should provide all of the credibility you need.

In my opinion Linlakers are the safest (and cheapest) option. Their Escrow accounts are run from their London office and are vigorously policed to ensure funds are only released in accordance with the Escrow agreement - any breach of this and they can be sued. I would rather sue Linklaters than any Czech Bank.

If you still cannot accept Linklaters then we will need to agree upon another large Bank, or possibly we could use an Irish Bank (as we are using Euros) if this meets with you approval.

Regards

Henry

--
This message has been screened for all known viruses by IE Internet.com
and is believed to be free of infection.
--

**K557**