UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | C.A. No. 05-10679-RCL |
| ) | |
| ANDREW WEISS, WEISS ASSET ) | |
| MANAGEMENT LLC, K T, INC. and CVF ) | |
| INVESTMENTS, LTD., ) | |
| ) | |
| Counterclaim-plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KOTVA a.s., MARTIN BENDA, RICHARD ) | |
| HARAZIM, FORMINSTER ENTERPRISES, ) | |
| LTD., SPV CO and JOHN DOES 1–5, ) | |
| ) | |
| Counterclaim-defendants. ) | |
| ) | |

## MEMORANDUM IN OPPOSITION TO KOTVA'S MOTION  TO DISMISS CLAIMS OF COUNTERCLAIM-PLAINTIFFS K T, INC. AND CVF INVESTMENTS LTD.

K-T-V Invest's[1] motion is too little, too late to justify this Court taking the extraordinary

step of refusing to exercise jurisdiction over K T's and CVF Investments Ltd.'s claims.  K-T-V

chose Massachusetts as the forum for the resolution of this dispute.  It is disingenuous for K-T-V

to now raise arguments it has waived, suggesting that this Court is an inadequate forum.  K-T-V

would have this Court focus its attention on only one aspect of this dispute, ignoring the

---

[1] K-T-V Invest a.s. is the new name of the plaintiff, which was called Kotva a.s. at the time it filed this case.

misdeeds of the Forminster Group and providing the parties with incomplete relief. The Court should reject this transparent attempt by the Forminster Group to use the K-T-V corporate shell as a weapon against the Weiss Parties while shielding other members of the Forminster Group from accountability.

## I.    THE TIMING AND PURPOSE OF K-T-V'S MOTION

Before addressing the merits of this motion, the Court should consider the relief K-T-V is seeking, who will benefit from that relief, and the timing of this motion in the context of the procedural history of this case. This Motion is yet another instance in which the Forminster Group is misusing its pervasive control over the K-T-V corporate shell to abuse the Czech and U.S. legal systems to the detriment of the counterclaim-plaintiffs.

The counterclaim-plaintiffs filed their claims on June 15, 2005, against Kotva, Martin Benda, Richard Harazim, Forminster Enterprises Ltd., SPV CO and five John Doe defendants.[2] K T and CVF Investments Ltd. ("CVF") asserted seven counterclaims. Of these claims, the Court dismissed one (Count VII—the 93A claim), three do not name K-T-V and seek damages from other counterclaim-defendants (Counts III–V), and two name K-T-V only for the purpose of binding K-T-V to the Court's judgment rather than for the purpose of obtaining any relief against K-T-V directly (Counts VI and VIII). Only one of K T's and CVF's counterclaims, Count II, which alleges conspiracy, seeks an award of damages against K-T-V.

Thus, although the instant motion is filed in K-T-V's name, it is clear that if the Court were to grant the motion, the true beneficiaries would be the other members of the Forminster Group—Messrs. Benda and Harazim, Forminster and SPV CO. These are the parties who have

---

[2] An earlier version of the counterclaim was filed on May 13, 2005. The amended counterclaim was filed on June 15, 2005 before any counterclaim-defendant had filed a responsive pleading. Thus, no leave to amend was required. *See* FED. R. CIV. P. 15(a).

the most to lose if this Court hears K T's and CVF's claims.  Rather than raise the arguments in

K-T-V's motion themselves, the other members of the Forminster Group continue to use K-T-V

as an intermediary in their efforts to shield their bad acts from the scrutiny that is part and parcel

of litigating in the U.S. courts.[3]  The Court should consider this continued misuse of the K-T-V

corporate shell when ruling on the motions to dismiss for lack of personal jurisdiction filed by

the other counterclaim-defendants.[4]

On June 29, 2005, K-T-V filed a motion styled "Plaintiff's Motion to Dismiss the

Counterclaims and/or to Strike KT Inc. and CVF Investments as 'Counterclaim Plaintiffs.'"  In

this motion, K-T-V challenged the counterclaim-plaintiffs' claims on the merits and also argued

that K T and CVF were not proper parties to this case and should have moved to intervene under

Federal Rule of Civil Procedure 24.  Pl.'s Mot. at 15–16.  On January 23, 2006, "[t]he Court

heard argument on Kotva's motion to strike K T and CVF as counterclaim plaintiffs and denied

this motion, instructing the counterclaim defendants that they may file an appropriate motion for

the same relief under Rule 12 or Rule 21."  Clerk's Notes; *see* January 23, 2006 Order ("The

motion to strike K T and CVF as counterclaim plaintiffs is denied; the counterclaim defendants

may bring an appropriate motion for the same relief under Rule 12 or Rule 21.").  The Court also

dismissed K T's and CVF's Chapter 93A claim against K-T-V under Rule 12(b)(6).  *Id.*  A

month after the January 23, 2006 hearing, K-T-V filed a second motion, reiterating and

expanding on its misjoinder argument.  Pl.'s Second Mot. to Dismiss at 13–17.

---

[3] Throughout this case, K-T-V has improperly refused to provide discovery and attempted to impose unwarranted limitations on the use of information gained through discovery.

[4] At the time the counterclaims were filed, counterclaim-defendant Kotva was already a party to this case. The other counterclaim-defendants did not respond to requests to waive service of process.  Thus, the counterclaim-plaintiffs were forced to incur the expense and delay of service through the Hague Convention.  Service was completed throughout the fall and winter of 2005/2006.  As service was effected, each counterclaim-defendant moved to dismiss for lack of personal jurisdiction.

However, the first twelve pages of K-T-V's Second Motion to Dismiss are dedicated to arguments of abstention and forum non conveniens seeking additional relief that the Court did not authorize in its January 23, 2006 Order.  K-T-V could have and should have raised these arguments in its initial motion to dismiss—before the parties invested time and money in discovery and litigation on the merits.  K-T-V does not explain why it waited until March 2006 to raise these arguments.

By failing to raise these arguments in its initial motion to dismiss under Rule 12(b)(6), K-T-V has waived these defenses.  Federal Rule of Civil Procedure 12(g) provides that:

> If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Abstention and forum non conveniens are not listed among the defenses or objections in Rule 12(h)(2) and are therefore waived.  Although an argument can be made that Rule 12 does not provide for waiver of abstention and forum non conveniens because they are not enumerated defenses under Rule 12(b), motions arguing abstention or forum non conveniens are essentially motions to dismiss for improper venue under Rule 12(b)(3).  Moreover, even if not within the explicit scope of the Rule, the Court should treat these defenses as waived because they relate to the proper forum for this dispute, rather than the merits of the dispute.  Rule 12 recognizes a division between defenses that go to the plaintiffs' choice of forum and defenses that go to the merits of a case.  Objections relating to whether the Court is a proper forum—those based on lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service of process—must be raised at the outset of a lawsuit or not at all.  *Compare* FED. R. CIV. P. 12(h)(1) (listing defenses that are waived) *with* FED. R. CIV. P. 12(h)(2) (listing defenses that are not waived).  Likewise, abstention and forum non conveniens should be raised at the outset

of a lawsuit, or not at all.  This division allows a court to first determine whether it should hear a case at all, and address the merits of a case only if it should.

K-T-V failed to raise objections to this Court as a forum at the outset of this case and instead chose to litigate the counterclaim-plaintiffs' claims on their merits under Rule 12(b)(6). Having made this choice and gained the benefit of a partial dismissal on the merits, K-T-V has forfeited the right to raise any forum-related objections at this stage of the proceedings.

## II.    THERE IS NO BASIS FOR THE COURT TO DISMISS K T'S AND CVF'S CLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 21

### A.    K T and CVF Were Properly Joined As Parties

Having apparently scoured Westlaw, K-T-V has emerged with a single unpublished decision from the Eastern District of Pennsylvania supporting its position that one counterclaim-plaintiff cannot join other counterclaim-plaintiffs under the Rules.  As the Court has noted, it is not bound to follow other district courts on the question of whether Rule 13 permits the Weiss Defendants to join K T and CVF as parties to their counterclaims.  This single opinion is insufficient to overcome the plain text of the Rules.[5]  Rule 13(h) provides that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."  The Rule could have provided that "parties may assert counterclaims or cross-claims against persons other than those made parties to the original action in accordance with the provisions of Rule 19 and 20."  If the Rule had this alternative text, then its scope would be limited to the joinder of counterclaim-defendants and cross-claim-defendants.  But, this is not the text that the drafters chose.  Instead, the drafters

---

[5] The *Hubner* court's suggestion that permitting the joinder of counterclaim-plaintiffs under Rules 13 and 20 "would render superfluous the standards for admission of non-parties as set forth by the intervention provisions of Rule 24" is incorrect.  Rule 24 applies when a non-party who has not been joined by an existing party—plaintiff or defendant—seeks to enter an action uninvited.

incorporated the expansive joinder provisions of Rule 20, which explicitly permit the joinder of parties as either plaintiffs or defendants without leave of court.

By incorporating the broad joinder provisions of Rule 20 into Rule 13, the drafters of the Rules provided that just because a defendant is second to the courthouse does not mean that the defendant has any less right to join parties than the plaintiff who was first to file. Thus, the question the Court must answer is: had Weiss, Weiss Asset Management LLC ("WAM"), K T and CVF filed an independent action against the counterclaim-defendants, would the joinder of the four plaintiffs have been proper? The answer is yes.

"[F]ederal joinder rules tend to be generous as to both parties and claims." *InvesSys, Inc. v. McGraw-Hill Cos.*, 369 F.3d 16, 24 (1st Cir. 2004). As the Supreme Court has stated, "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

All that the counterclaim-plaintiffs need do to satisfy the joinder requirements is "assert any right to relief . . . in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and show that at least one "question of law or fact common to all these persons will arise in the action." FED. R. CIV. P. 20. The counterclaim-plaintiffs meet both criteria.

K T and CVF satisfy the same series of transactions prong. This prong sets a low bar: "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (reversing district court decision denying joinder of ten plaintiffs). The counterclaim lays out in detail how the filing of this lawsuit and the filing of

criminal charges against Andrew Weiss in the Czech Republic are part of a continuing conspiracy by the counterclaim-defendants to use the proceeds of the Trend Tunneling to freeze out the minority shareholders of K-T-V.  K T and CVF are minority shareholders of K-T-V. Weiss and WAM have been targeted by the Forminster Group as a result of the Forminster Group's belief that they have taken actions to prevent the freeze-out.  All of the Forminster Group's actions described in the counterclaim—the filing of this lawsuit; the initiation of Czech criminal proceedings; the sale of the Department Store; the removal of the Department Store from K-T-V, and shuffling of the Department Store through various subsidiaries; and the embezzlement of the Trend fund—constitute a single series of transactions or occurrences in which the Forminster Group is misusing its control over K-T-V to freeze out minority shareholders and initiate civil and criminal proceedings in K-T-V's name to effect that freeze-out.

K T and CVF also satisfy the common question of law or fact prong.  "The rule does not require that all questions of law and fact raised by the dispute be common. On the contrary, Rule 20(a) provides for a joinder of parties if there is *any* question of law or fact common to all." *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1422 (S.D.N.Y. 1989) (internal citation omitted; emphasis in original); *accord Alexander v. Fulton County*, 207 F.3d 1303, 1324 (11th Cir. 2000), *overruled on other grounds*, *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (deciding whether Georgia sheriffs act for counties with respect to particular functions).  Common questions of law and fact permeate this case.[6]  Is there a conspiracy among members of the Forminster Group? What is its scope?  Is the purpose of this lawsuit to effect a freeze-out of K-T-V's minority

---

[6] For this reason, K T and CVF note that if the Court were to apply the standards for intervention set forth in Rule 24 as K-T-V suggests, K T and CVF easily meet the requirements for permissive intervention because K T's and CVF's "claim[s] . . . and the main action have *a* question of law or fact in common." FED. R. CIV. P. 24(b)(2) (emphasis added).

shareholders?  Do Messrs. Benda and Harazim and/or Forminster exercise pervasive control over K-T-V such that K-T-V's actions should be imputed to the other members of the Forminster Group for purposes of personal jurisdiction and liability?  Any one of these common questions is sufficient to permit joinder under Rule 20.[7]  Moreover, the merits of some of K T's and CVF's claims against the Forminster Group asserted in the Czech courts are directly relevant to K-T-V's abuse of process claim against Weiss and WAM.  *See Fishman v. Brooks*, 396 Mass. 643, 652 (1986) (merits of underlying action relevant to showing that process was/was not used for an ulterior purpose).

### B.    Rule 21 Does Not Permit Dismissal of K T's and CVF's Claims

K-T-V argues that "K T and CVF are not proper parties to this action and should be dismissed under Fed. R. Civ. P. 21."  K-T-V's Mem. at 12.  Even if K T and CVF were not properly joined under Rule 20, Rule 21 does not permit dismissal of their claims.  Rule 21 could not be more clear.  "Misjoinder of parties is not ground for dismissal of an action."  FED. R. CIV. P. 21; *see also Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 267 (6th Cir. 2003) ("Courts cannot dismiss actions where there has been misjoinder of parties.").  Thus, even if K-T-V were correct that K T and CVF are not proper parties to this dispute, the remedy is to drop them as parties *without prejudice* to their asserting their claims in a separate action or sever their claims into a separate action.  *E.g.*, 4 MOORE'S FEDERAL PRACTICE § 21.03 (3d ed.) (citing cases).  "Of these two options, courts appear to prefer to sever claims, rather than dismiss."  *Id.*

In this case, severance is far preferable.  The only practical difference between the two remedies is that dismissal without prejudice would introduce significant delay and undue cost for

---

[7] Once joined as counterclaim-plaintiffs, K T and CVF are permitted to assert any and all claims they have against the counterclaim-defendants.  *See* FED. R. CIV. P. 18(a) (providing for unlimited joinder of claims).

K T and CVF.  If K T's and CVF's claims were dismissed without prejudice, they would file a new, related civil matter in this Court.  The counterclaim-defendants would likely again dodge service of process, resulting in unnecessary cost and several month's delay before the second case could commence as K T and CVF again make use of the Hague Convention to serve the counterclaim-defendants.

III.    **K-T-V HAS NOT DEMONSTRATED THE SORT OF EXTRAORDINARY CIRCUMSTANCES THAT JUSTIFY INTERNATIONAL ABSTENTION**

As described above, K-T-V has waived any argument that this Court should abstain from exercising its jurisdiction over the counterclaims asserted by K T and CVF.  However, even were this argument not waived, it is without merit as K-T-V has failed to demonstrate the sort of extraordinary circumstances that justify international abstention.

A.    **The Legal Standard**

K-T-V cites the leading District of Massachusetts case setting forth the legal standard for abstention in favor of foreign proceedings, *Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248 (D. Mass. 1999).[8]  However, K-T-V fails to quote the key language.  Although "[f]ederal courts have the inherent power to stay an action based on the pendency of a related proceeding in a foreign jurisdiction," this power "must be balanced against the federal courts' 'strict duty to exercise the jurisdiction that is conferred upon them by Congress.'"  *Id.* at 251 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)).  Thus, only in "exceptional circumstances" will a court "decline jurisdiction in the face of this 'virtually unflagging

---

[8] Kotva also cites *United States v. Nippon Paper Indus. Co.*, 109 F.3d 1, 8 (1st Cir. 1997).  *Nippon Paper* has nothing to do with motions to dismiss or stay civil proceedings.  Rather, it relates to whether it is a defense to criminal antitrust charges that a foreign sovereign required the defendant to violate U.S. antitrust laws.  Likewise, *Johnson v. Continental Airlines Corp.*, 353 F. Supp. 2d 160, 161 (D. Mass. 2005) dealt with an abusive *pro se* litigant rather than abstention in favor of proceedings in another tribunal.

obligation of the federal courts to exercise the jurisdiction given to them.'"  *Id.* (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*, 460 U.S. 1, 14–16, 19 (1983)).  Thus:

> Courts have been hesitant to abrogate this jurisdictional duty in the international context. Parallel proceedings on the same in personam claim should ordinarily be allowed to proceed simultaneously, at least until a judgment is reached in one which can be pled as res judicata in the other.

*Id.* at 251 (internal quotation marks omitted); *accord Trujilo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1265 (11th Cir. 2000) ("Abstention is the exception instead of the rule; and courts regularly permit parallel proceedings in an American court and a foreign court.") (internal citations and quotation marks omitted).

However, the obligation to exercise jurisdiction is not absolute, and in certain extreme cases, federal courts have stayed cases pending the outcome of parallel foreign litigation.  "Still open is the question of whether the federal courts have the power to *dismiss* an action for damages because of parallel foreign litigation." *Goldhammer*, 59 F. Supp. 2d at 252.  In determining whether such exceptional circumstances exist,

> [t]he federal trial courts have developed a roster of relevant factors in determining whether to grant a stay because of parallel litigation in a foreign forum: (1) similarity of parties and issues involved in the foreign litigation; (2) the promotion of judicial efficiency; (3) adequacy of relief available in the alternative forum; (4) issues of fairness to and convenience of the parties, counsel, and witnesses; (5) the possibility of prejudice to any of the parties; and (6) the temporal sequence of the filing of the actions.

*Id.* at 252–53.

The single, unpublished decision K-T-V cites in support of abstention as "squarely on point," *United Bank for Africa PLC v. Coker*, No. 94 Civ. 0655 (TPG), 2003 WL 22741575 (S.D.N.Y. Nov. 18, 2003), fails to apply the proper standard.  At no point did the *Coker* court acknowledge its "strict duty" and "virtually unflagging obligation" to exercise the jurisdiction

Congress conferred upon it or the movant's burden of demonstrating the sort of "extraordinary circumstances" necessary to justify abstention.[9]  This Court should not follow *Coker*.

**B.    <u>Argument</u>**

Each of the six *Goldhammer* factors either favors the exercise of jurisdiction in this care or is neutral.   Accordingly, K-T-V has not met its burden of demonstrating the exceptional circumstances necessary to justify abstention.

1.    Similarity of Parties and Issues

None of the claims asserted by K-T-V, Weiss or WAM have any analog in any litigation pending in the Czech Republic.  The same is true for the overwhelming majority of the claims asserted by K T and CVF in this case.  First, K T and CVF seek damages from all counterclaim-defendants, including K-T-V, for conspiracy (Count II).  Second, K T and CVF seek damages from Messrs. Benda and Harazim, Forminster and SPV CO for conversion and unjust enrichment (Counts III and IV).  Third, K T and CVF seek damages from Messrs. Benda and Harazim and Forminster for breach of fiduciary duty and abuse of control (Count V).  Fourth, K T and CVF ask the court to impose a constructive trust on the proceeds of the sale of the Department Store (Count VI).  None of these claims for relief has any analog in any Czech litigation.  Czech courts are strictly bound by the relief sought by the plaintiffs and are not allowed to order any other relief.  This alone precludes a stay.  As the Supreme Court explained in *Moses H. Cone*, with respect to abstention in favor of parallel state proceedings:

---

[9] It is possible that the defendant in *Coker* did not inform the court of the proper standard, as the docket indicates that the defendant had been appearing *pro se* for approximately one year before the decision in *Coker* was issued.  *See* Docket Report (Nos. 88, 95).  K T and CVF suggest that an unpublished decision that fails to cite the appropriate legal standard in a case in which the defendant was unrepresented, repeatedly threatened with a default judgment (Ex. A: Docket Nos. 98, 99, 117) and had his appeal dismissed because he failed to comply with the Second Circuit's scheduling order (Ex. A: Appeal Docket 4/19/05) is not persuasive authority on which this Court should rely.  *Coker* is not the product of the adversary process that is typical of litigation in the U.S. courts.

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. *If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.*

*Moses H. Cone*, 460 U.S. at 28 (emphasis added).

The sole claim in this case that parallels a claim in a Czech case is Count VIII, which seeks a declaration that Forminster is not the rightful owner of the shares of K-T-V to which it claims ownership. This is insufficient to justify abstention, even as to Count VIII. *See Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines*, 925 F.2d 1193, 1194–95 (9th Cir.1991) (reversing stay despite parallel litigation as no exceptional circumstances demonstrated).

Finally, Messrs. Benda and Harazim are not parties to any Czech litigation involving K T or CVF. Given the different parties and different issues in the Czech litigation, this factor strongly counsels against abstention.

2.      Judicial Efficiency

K T and CVF are presently involved in multiple lawsuits in the Czech Republic in multiple courts relating to the Forminster Group's abuse of their control over K-T-V. Unlike the United States courts, the Czech courts have very complex rules governing which court has jurisdiction over a particular subject matter. The liberal joinder rules of the U.S. courts allow for the consolidation of multiple claims and parties in a single proceeding before a single tribunal, allowing the U.S. court to deal with a whole dispute in a more efficient manner. Moreover, this dispute will not be fully and finally resolved until all claims of all parties have been litigated or settled. Thus, this Court is in a better position to bring this dispute to an efficient resolution than any Czech court. Indeed, K-T-V does not suggest that this Court abstain from hearing this entire dispute, eliminating any potential efficiency that abstention would ordinarily bring.

The sole alternative for K T and CVF should this Court abstain from hearing the counterclaims would be to file additional cases in the Czech Republic, further fracturing this dispute among multiple tribunals. Additionally, the Czech courts lack the flexibility that this Court has to exercise its equitable discretion in crafting a remedy for the Forminster Group's wrongdoing. Thus, this factor militates in favor of exercising jurisdiction.

### 3. Adequacy of Relief

The Czech Republic is not an adequate forum for K T and CVF to obtain relief. The Forminster Group has already demonstrated its ability to use its influence over Czech law enforcement to initiate criminal proceedings based on the filing of civil lawsuits in the Czech Republic. By threatening to criminalize efforts to seek relief from the Czech courts, the Czech government has eliminated any possibility that this Court could find that the Czech Republic provides an adequate forum. If this Court turns away K T and CVF, refusing to exercise its jurisdiction and, in effect, instructing K T and CVF to file additional cases in the Czech Republic, the Court will place K T and CVF in an untenable position: forfeit your claims or risk further criminal prosecution. In the unique circumstances of this case, the Forminster Group's political power in the Czech Republic, combined with its undisputed ability to initiated criminal proceedings based on the filing of lawsuits, effect the arrest of individuals who initiate lawsuits against their interests, and use the police to gain access to confidential, privileged information defeats any suggestion that the Czech Republic can provide an adequate forum for this particular dispute. Thus, this factor weighs strongly in favor of this Court exercising jurisdiction.

### 4. Fairness to and Convenience of Parties, Witnesses and Counsel

This factor does not favor either side. K T and CVF would be inconvenienced by litigating in the Czech Republic. Any inconvenience K-T-V or its employee-witnesses suffer by litigating in Massachusetts is a result of its decision to file suit here. With respect to witnesses

who live in the Czech Republic who are not affiliated with either party, there will be no unfairness as this Court lacks power to compel their attendance at trial. Documentary evidence is equally available in either forum.

5.    Possibility of Prejudice

If this Court refuses to exercise jurisdiction over the counterclaims while maintaining jurisdiction over K-T-V's claims, the counterclaim-plaintiffs will suffer three forms of prejudice. First, the Forminster Group would be able to continue to use this Court to obtain pretrial discovery on their claims while the counterclaim-plaintiffs would not have comparable procedures available in the Czech Republic. Second, the Court would not be able to afford complete relief to the parties. Third, by dismissing this case in favor of Czech proceedings, K T and CVF would be effectively denied their right to a jury trial on their claims for damages. *See* U.S. CONST., am. VII; *see also Santiago-Negron v. Castro-Davila*, 865 F.2d 431, 437–47 (1st Cir. 1989) (discussing scope and importance of Seventh Amendment right). Thus, this factor counsels against abstention.

6.    Temporal Sequence of Actions

K-T-V mischaracterizes the temporal sequence of the relevant U.S. and Czech cases. K T filed a lawsuit in the Czech Republic on February 1, 2005 seeking a declaration of the ownership of shares in Kotva claimed by Forminster. K T filed its first counterclaim in this Court on May 13, 2005. CVF filed its first counterclaim in this lawsuit on June 15, 2005. K T first applied to add CVF as an additional plaintiff to the Czech lawsuit on July 20, 2005. Thus, the temporal sequence of this litigation and the only arguably parallel litigation in the Czech Republic is that the cases were filed contemporaneously, with overlapping dates. Moreover, none of the Czech litigation has advanced very far whereas the parties have engaged in significant discovery in this case to date. Accordingly, this factor neither favors nor counsels

against abstention.

**IV.    K-T-V HAS FAILED TO  DEMONSTRATE THAT THE CZECH REPUBLIC IS AN ADEQUATE FORUM OR A LIKELIHOOD OF SERIOUS UNFAIRNESS TO THE PARTIES IN THE ABSENCE OF DISMISSAL OF THE COUNTERCLAIMS**

K-T-V is the plaintiff in this case.  It chose this forum.  Its last argument—that this forum is so inconvenient that the Court should take the drastic step of dismissing the counterclaims—turns the doctrine of forum non conveniens on its head.  Indeed, K-T-V cites no First Circuit authority in which a *plaintiff* has successfully invoked the doctrine of forum non conveniens. Rather, as K-T-V argues in its papers, at least one court has held that "invoking [the] jurisdiction of [a] foreign forum bar[s] [any] complaint against [the] adequacy of that forum."  K-T-V's Mem. at 7 (citing *Caspian Investments, Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880, 885 (S.D.N.Y. 1991)).   Having chosen to file suit here with full knowledge of the potential consequences, K-T-V should be barred from complaining about the adequacy of Massachusetts as a forum and attempting to demonstrate a "likelihood of serious unfairness" if the Court adjudicates this entire dispute.  Furthermore, by failing to raise this objection at the outset of the litigation, K-T-V has waived it.

The doctrine of forum non conveniens is designed to ensure "that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy."  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  In this case, K T and CVF did not choose this forum.  The Forminster Group did by using K-T-V to file this case.  Thus, applying the doctrine of forum non conveniens to benefit the Forminster Group would not serve the purpose of the doctrine.

**A.    The Legal Standard**

"[T]here is a strong presumption in favor of the plaintiff's forum choice."  *Mercier v.*

*Sheraton Int'l, Inc.*, 981 F.2d 1345, 1349 (1st Cir. 1992). Accordingly, in order to overcome this strong presumption and obtain a dismissal on grounds of forum non conveniens, K-T-V "must bear the burden of proving both the availability of an adequate alternative forum and the likelihood of serious unfairness to the parties in the absence of a transfer to the alternative forum." *Id.* (internal citations omitted). Deference in favor of the plaintiff's chosen forum is elevated where, as here, one of the plaintiffs—K T—is an American company with its principal place of business in Massachusetts. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).

Availability and adequacy of an alternative forum are separate inquiries. *Id.* at 1350. Assuming that K-T-V is able to meet its burden of establishing both the availability and adequacy of the Czech Republic as an alternate forum, the Court must then decide whether K-T-V has made so great a showing of "likelihood of serious unfairness" that the Court should disturb the counterclaim-plaintiffs' decision to pursue claims in Massachusetts. *Mercier*, 981 F.2d at 1349. "Well-established 'public interest' and 'private interest' criteria guide the trial court determination" of this question. *Id.* at 1354. The Court applies these criteria to determine if this is one of those "rather rare cases" where "the balance is strongly in favor of the defendant" such that the Court may disturb the plaintiff's choice of forum. *Gulf Oil*, 330 U.S. at 508–09.

**B.    Argument**

     1.    K-T-V Has Not Met Its Burden of Demonstrating That the Czech Republic is an Adequate Forum

The Czech Republic is not an adequate forum for K T and CVF to obtain relief.[10] As described above in section III.B.3, K-T-V has failed to demonstrate that the Czech Republic is an

---

[10] K T and CVF do not contest that the Czech Republic is an "available" forum as to K-T-V in that K-T-V is subject to service of process there. However, K-T-V's motion also seeks dismissal of claims against other parties who may contest service of process. The burden is on K-T-V to demonstrate that the Czech Republic is an available forum as to those parties as well.

adequate forum.   K-T-V submits no affidavits establishing the adequacy of the Czech legal

system in support of its motion.   *See* Local Rule 7.1(b)(1) ("Affidavits and other documents

setting forth or evidencing facts on which the motion is based shall be filed with the motion.").

*Mercier v. Sheraton International, Inc.*, 935 F. 2d 419 (1st Cir. 1991) is instructive on the burden

of the movant to establish that a foreign forum is "adequate" through affidavits or other

evidence:

> The district court found that Turkey was an adequate alternative forum—a
> finding based largely on the Sayman affidavit. Noting that Sayman's affidavit was
> "sparse," Opinion at 44 F. Supp. at 384, the district court nonetheless concluded
> that the affidavit provided a sufficient showing that Turkey was an adequate
> forum because (1) it was not substantively refuted by the Merciers, (2) it
> addressed several important areas such as standing, cross examination and the
> Turkish court's competence to hear the claims, and (3) there was no specific
> indication of the presence of any of the traditional grounds for finding a lack of an
> adequate alternative forum
>
> We believe the district court erred. We are mindful of the Merciers' failure
> to provide competing evidence on this issue; nevertheless, it remains the moving
> defendant's burden to establish that an adequate alternative forum exists. *Lacey v.
> Cessna Aircraft Co.*, 862 F.2d 38, 43–44 (3d Cir. 1988). As we conclude that the
> affidavit through which Sheraton International attempted to meet its burden
> contains substantial gaps, we believe the district court acted prematurely in
> finding that Turkey is an adequate alternative forum.

*Id.* at 425 (reversing dismissal on forum non conveniens grounds); *see also Bank of Credit &

Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 247–48 (2d Cir. 2001)

(vacating dismissal on forum non conveniens grounds and requiring citation to record evidence

to support trial court finding that movant has met burden of establishing adequacy of foreign

forum).[11]

---

[11] K T and CVF do not now submit any affidavits regarding the Czech legal system in opposition to this
motion.  First, they should not have to incur this expense when K-T-V has failed to even attempt to meet
its burden under *Mercier* and the Local Rules.  Second, it is undisputed that the Czech government—at
K-T-V's request—has already pursued criminal charges in response to the filing of a lawsuit by K T in
the Czech Republic.

Unlike international abstention, with respect to forum non conveniens, the adequacy of the alternate forum is not one of several considerations. Rather, it is a prerequisite to dismissal. *See Mercier*, 981 F.2d at 1349. Since K-T-V has failed to meet its burden of demonstrating, with evidence, that the Czech Republic is an adequate forum, the Court's inquiry should end here. *See Eastman Kodak Co. v. Kavlin*, 978 F. Supp. 1078 (S.D. Fla. 1997) (finding that public and private interest factors favored dismissal, but denying motion to dismiss on forum non conveniens grounds in part because defendant had used Bolivian criminal proceedings as leverage in commercial dispute).

K T and CVF are not barred from raising the issue of the adequacy of the Czech Republic as a forum. First, the burden is on K-T-V to prove that the Czech Republic is an adequate forum: there is no burden on K T or CVF to demonstrate the contrary. Second, the most significant problem with the Czech Republic as a forum is its efforts on behalf of the Forminster Group to criminalize the filing of lawsuits. There was no way to anticipate the Forminster Group's successful perversion of the Czech legal system at the time the first Czech lawsuit was filed.

2.    Private Interest and Public Interest Factors

Even were K-T-V's failure to prove that the Czech Republic is an adequate forum for each of the claims asserted by K T and CVF excusable—it is not—a weighing of the private interest and public interest factors does not reveal the "likelihood of serious unfairness" required for dismissal.

The main benefit that K-T-V claims will inure to the Court if the counterclaims are dismissed is that the Court will no longer have to address questions of Czech law or appoint a technical advisor. However, "[t]he need to apply foreign law . . . . alone is not sufficient to warrant dismissal." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 n.29 (1968). Moreover, this alleged benefit is illusory for two reasons. First, it is not at all clear that K-T-V's common law

claims are governed by Massachusetts law as opposed to Czech law. Second, in order to evaluate whether the Czech Republic provides an adequate forum for K T and CVF, the Court will need to address questions of Czech law and procedure through a technical advisor or otherwise. *See Mercier*, 935 F.2d at 425. Since the counterclaims relate, in part, to the Forminster Group's abuse of the Czech legal system, this is one of those cases where the forum non conveniens inquiry may be nearly as time-consuming as a trial on the merits. *See* Note, Jacqueline Duval-Major, "One-Way Ticket Home: The Federal Doctrine of *Forum Non Conveniens* and the International Plaintiff," 77 CORNELL L. REV. 650, 676 (1992).[12]

Nor will dismissal of K T's and CVF's counterclaims reduce crowding on this Court's docket or eliminate jury duty burdens on Massachusetts citizens. Rather, any of K-T-V's claims that survive pre-trial motions and the Weiss Defendants' counterclaims—including the claim for conspiracy brought by the Weiss Defendants, K T and CVF—will remain. Eliminating K T and CVF as parties will not significantly alter the evidence introduced at trial. The Trend Tunneling and the Forminster Group's continued abuse of control over the K-T-V corporate shell are at the heart of both the Weiss Defendants' defense against K-T-V's claim of abuse of process and the Weiss Defendants' counterclaim for abuse of process. *See Fishman v. Brooks*, 396 Mass. 643, 652 (1986) (merits of underlying action relevant to showing that process was/was not used for an ulterior purpose). These unlawful actions by the Forminster Group are the moving force behind all of the subject litigation—Czech and American. The only difference at trial that would result from dropping K T and CVF as counterclaim-plaintiffs would be in the instructions the Court gives to the jury and what relief the jury will be able to reward.

---

[12] The Weiss Parties continue to believe that the Court should appoint a technical advisor in connection with any motions for summary judgment, as the advisor would be most effective when dealing with a full factual record rather than the bare allegations of pleadings.

With respect to the availability of evidence, American discovery rules will result in additional evidence coming to the fore that would not be available under the Czech system. K-T-V notes that there are witnesses with knowledge relating to the counterclaims who cannot be compelled to testify in the United States. However, the unavailability of these witnesses does not prejudice K-T-V as the counterclaim-plaintiffs have the burden of proof. Thus, K-T-V cannot use witness unavailability to establish a "likelihood of serious unfairness."

## V.    CONCLUSION

There is no basis for dismissal under Rule 21. K-T-V has waived any defenses based on the adequacy of  Massachusetts as a venue and, in any event, it has not made the sort of extraordinary showing to justify international abstention or dismissal for forum non conveniens. Accordingly, the Court should deny K-T-V's Second Motion to Dismiss.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), the counterclaim-plaintiffs hereby request oral argument.

.                                         Respectfully Submitted,

                                          K T, INC. and CVF INVESTMENTS LTD.

                                          By their attorneys,

March 24, 2006                            /s/ Benjamin A. Goldberger
                                          Edward P. Leibensperger (BBO# 292620)
                                          Benjamin A. Goldberger (BBO# 654357)
                                          McDermott Will & Emery LLP
                                          28 State Street
                                          Boston, Massachusetts  02109-1775
                                          (617) 535-4000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 24, 2006.

                                          /s/ Benjamin A. Goldberger
                                          Benjamin A. Goldberger

CLOSED

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:94-cv-00655-TPG-DFE

United Bank Africa v. Coker, et al
Assigned to: Judge Thomas P. Griesa
Referred to: Magistrate Judge Douglas F. Eaton
Demand: $9,999,000
Cause: 18:1964 Racketeering (RICO) Act

Date Filed: 02/02/1994
Jury Demand: Plaintiff
Nature of Suit: 470
Racketeer/Corrupt Organization
Jurisdiction: Federal Question

**Plaintiff**

**United Bank for Africa PLC**        represented by    **Eric M. Nelson**
Whitman Breed Abbott & Morgan

200 Park Avenue
New York, NY 10166
(212)351-3000
Email: emnelson@winston.com
*TERMINATED: 12/06/2000*
*LEAD ATTORNEY*

**Kevin F. Kostyn**
83 East Second Street
Suite 1
New York, NY 10003
(212) 254-2677
*TERMINATED: 12/06/2000*
*LEAD ATTORNEY*

**Michael Lee Levine**
Law Firm of Michael Levine, P.C.

15 Barclay Road
Scarsdale, NY 10583
914-725-1525
Fax: 914-725-4778
Email: Levlaw1@mmimags.com
*TERMINATED: 07/02/1998*
*LEAD ATTORNEY*

**Scott J. Steiner**
2 William St. Ste 302
White Plains, NY 10601
(516) 328-4734
*LEAD ATTORNEY*

**Kevin F. Kostyn**
647 East 9th Street
Suite 3
New York, NY 10009
(212) 254-2677
*TERMINATED: 12/06/2000*

V.

**Defendant**

**Adegboyega A. Coker**          represented by   **Adegboyega A. Coker**
                                                  270, Ozumba Mbadiwe Road
                                                  Victoria Island
                                                  Lagos, Nigeria
                                                  PRO SE

                                                  **Kweku Joseph Hanson**
                                                  Law Offices of Kweku J. Hanson
                                                  487 Main Street
                                                  Suite 2
                                                  Hartford, CT 06106-1622
                                                  (860) 728-5454
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Adegboyega A. Coker**          represented by   **Adegboyega A. Coker**
*TERMINATED: 11/18/2003*                          (See above for address)
                                                  PRO SE

V.

**Counter Defendant**

**United Bank for Africa PLC**    represented by   **Kevin F. Kostyn**
*TERMINATED: 11/18/2003*                          (See above for address)
                                                  *TERMINATED: 12/06/2000*

*LEAD ATTORNEY*

**Michael Lee Levine**
(See above for address)
*TERMINATED: 07/02/1998*
*LEAD ATTORNEY*

**Eric M. Nelson**
(See above for address)
*TERMINATED: 11/18/2003*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/02/1994 | 1 | COMPLAINT filed; Issued Notice pursuant to 28 U.S.C. 636 (c); FILING FEE $ 120.00 RECEIPT # 208660 (jl) (Entered: 02/04/1994) |
| 02/02/1994 | 2 | Rule 9 certificate filed by United Bank Africa (jl) (Entered: 02/04/1994) |
| 02/02/1994 | 3 | Case Information Statement Addendum and Case Designation to a Magistrate Judge filed. Purs. to statement, it is suggested that the case be classified as Standard. Case is designated to Magistrate Judge Lee. (jl) (Entered: 02/04/1994) |
| 04/08/1994 | 4 | ORDER, that plaintiff serve the defendant by each of the following methods: 1) Mailing a copy of the same to the dfendant at 2 Kathy Lane, Scarsdale, New York, 10583; and 2) mailing a copy of the same to the defendant at 63 Hunting Ridge Road, Greenwich, Connecticut 06836; and 3) Mailing a copy of the same to the defendant, care of his attorneys, Akinola Oladen, Esq., Babalakin & Co., Solicitors, The Rooftop (8th-10th Floors), 24A Campbell Street, Lagos; and 4) Mailing a copy of the same to defendant, care of his real estate brokers, Hoolihan Lawrence, at 862 Scarsdale Avenue, Scarsdale, NY 10583; and 5) Mailing a copy of the same to the defendant, care of Hanover Financial Services, Hanover Trading and Hanover Funding, all at 342 Madison Avenue, New York, NY 10017; and 6) Mailing a copy of the same to the defendant, care of hanover Nambia (PTY) Ltd., P.O. Box 11709, Windhock 9000, Nambia; and it is further ordered that, upon filing proof of service in compliance with the above, service shall be deemed to have been lawfully and properly made on the defendant as of the date of filing of such proof of |

| | | |
|---|---|---|
| | | service ( signed by Judge Whitman Knapp ); Copies mailed (jr) (Entered: 04/11/1994) |
| 04/08/1994 | 5 | NOTICE OF MOTION by United Bank Africa PLC to direct manner of service of the summons and complaint in the matter at bar upon the defendant in the manner requested by plaintiff , Return date 4/22/94. (ae) (Entered: 04/12/1994) |
| 04/08/1994 | 6 | MEMORANDUM OF LAW by United Bank Africa PLC in support of [5-1] motion to direct manner of service of the summons and complaint in the matter at bar upon the defendant in the manner by plaintiff. (ae) (Entered: 04/12/1994) |
| 04/11/1994 | 7 | Affidavit of service as to Adegboyega A. Coker by mail on 4/8/94 Answer due on 4/28/94 for Adegboyega A. Coker (jr) (Entered: 04/12/1994) |
| 07/11/1995 | 8 | ORDER TO SHOW CAUSE, pltff is ordered to show cause why this action should not be dismissed for lack of prosecution. If pltff fails to file on or before 7/31/95 either a moiton for default judgment or an affidavit demonstrating good cause for pltff's failure to prosecute this action, the action will be dismissed ( signed by Judge Whitman Knapp ); Copies mailed (emil) (Entered: 07/11/1995) |
| 07/26/1995 | 9 | AFFIDAVIT of Michael L. Levine by United Bank Africa Re: submitted purs. to the 7/10/95 direction of the Court that pltff show cause why this action should not be dismissed for lack of prosecution. (emil) (Entered: 07/27/1995) |
| 09/11/1995 | | Pre-trial conference held (emil) (Entered: 09/12/1995) |
| 09/11/1995 | | Pre-trial conference set for 12/11/95 (emil) (Entered: 09/12/1995) |
| 09/14/1995 | 10 | AFFIDAVIT in opposition of Jonathan P. Whitcomb by Adegboyega A. Coker Re: pltff's motion to permit certain non-party deposition (emil) (Entered: 09/14/1995) |
| 12/06/1995 | 11 | NOTICE OF CROSS MOTION by United Bank Africa purs. to FRCP Rule 37(a) to compel the deft to produce documents demanded purs. to the 9/21/95 stip between counsel , Return date 12/8/95. Affidavit in opposition to deft's motion and in support of cross-motion attached. (emil) (Entered: 12/07/1995) |
| 12/06/1995 | 12 | MEMORANDUM by United Bank Africa in opposition to |

| | | deft's motion for a protective order purs. to FRCP 26(c) (emil) (Entered: 12/07/1995) |
|---|---|---|
| 01/03/1996 | 13 | ORDER, deft's application for a protective order regarding the nonparty depositions is denied in all respects. The parties are directed to commence and complete the subject nonparty depositions. Deft's application for an order sealing the transcripts of the nonparty depositions is granted only to the extent that the parties are directed not to give any copies of the transcripts of the same, or any documents received in connection therewith, or any documents received as a result of the exchange of documents between the parties as hereinafter provided, or to otherwise disclose the content of the same to any agent of the U.S. Grand Jury for the SDNY; provided however, that counsel for pltff shall advise the said Grand Jury of the existence of this Order and the Court's direction herein granting in part, denying in part [11-1] cross motion purs. to FRCP Rule 37(a) to compel the deft to produce documents demanded purs. to the 9/21/95 stip between counsel ( signed by Judge Whitman Knapp ); Copies mailed (emil) (Entered: 01/04/1996) |
| 01/18/1996 | 14 | MEMORANDUM & ORDER, accepting the attached 1/16 letter of Gary S. Mayerson as a motion for a limited protective order, the same is denied ( signed by Judge Whitman Knapp ); Copies mailed (emil) (Entered: 01/19/1996) |
| 01/31/1996 | 15 | Affidavit of Service of subpoena upon the following: Chase Manhattan Bank by Rosa A. Chabran, managing agent, on 1/10/96; Chemical Bank by Dalia M. Perez, managing agent, on 1/10/96; Bank of America by Mark F. Borowski, managing agent, on 1/10/96; Bank Leumi by Mari E. Sacco, managing agent, on 1/10/96; VPLS Mgmt. by Victor Politis, managing agent (for Helene Freid), on 1/8/96; VPLS Mgmt. by Victor Politis, managing agent, on 1/8/96; Glauber by Bahia Mehmet-Chambri, managing agent, on 12/29/95; Richard Knight by personal service on 1/20/96; Natalie Smith by personal service on 1/20/96; Linda Susan Mcosker by personal service on 1/21/96; A. Oluse Adebayo by personal service on 1/16/96; Adebayo Segun by personal service on 1/16/96. (emil) (Entered: 02/05/1996) |
| 02/02/1996 | 16 | Proof of Service of subpoena upon Jane Gamble by hand on 1/24/96. (emil) (Entered: 02/06/1996) |
| | | |

| 02/06/1996 | 17 | NOTICE OF REDESIGNATION OF A CIVIL CASE TO ANOTHER MAGISTRATE JUDGE. The above entitled action has been redesignated to Magistrate Judge Eaton. Please note that this is the reassignment of the designation only. Copy of notice mailed to Attorney(s) of record: Michael L. Levine . (ba) (Entered: 02/09/1996) |
| --- | --- | --- |
| 02/14/1996 | 18 | Affidavit of Service of subpoena upon Bank Leumi by Teri Hagan on 2/6/96 (emil) (Entered: 02/15/1996) |
| 05/10/1996 | 19 | ORDER, for Jonathan P. Whitcomb to withdraw as attorney for deft Adegboyega A. Coker , this case is to be continued to permit said deft 60 days to employ other counsel. The time for deft to file a responsive pleading to pltff's complaint is extended for 60 days to permit deft to employ other counsel and to afford other counsel an opportunity to prepare and file a responsive pleading thereto ( signed by Judge Whitman Knapp ); Copies mailed (emil) (Entered: 05/13/1996) |
| 08/02/1996 | 20 | NOTICE OF MOTION by United Bank Africa purs. to FRCP 55(b)(2), for default judgment against Adegboyega A. Coker , Return date 8/7/96. Affirmation in support attached. (emil) (Entered: 08/05/1996) |
| 09/11/1996 | 21 | MEMORANDUM AND ORDER, Clerk of the Court is to enter judgment in favor of the plaintiff and against defendant in the amount of $156,893,733.03.....No atty fees are awarded on the ground that the likelihood of plaintiffs actual recovery on this judgment does not warrant the expenditure of judicial resources in determining what a "reasonable attorney's fee would be ...So Ordered...( signed by Judge Whitman Knapp ) (to J.C. on 9/12/96) (pl) Modified on 09/12/1996 (Entered: 09/12/1996) |
| 09/12/1996 | 22 | JUDGMENT # 96,1966,.....ORDERED, ADJUDGED AND DECREED: that, for the reasons set forth in the Court's said Opinion and Order of 9/10/96, pltff's motion for the entry of judgment is granted, and pltff United Bank for Africa PLC is hereby awarded judgment against deft Adegboyega A. Coker in the amount of $47,068,119.00, for an aggregate Judgment of $203,961,852.03. EOD:9/13/96 (SO ORDERED CLERK, JAMES M. PARKISON); Mailed copies and notice of right to appeal. (kg) (Entered: 09/13/1996) |
| 09/12/1996 | | Case closed (kg) (Entered: 09/13/1996) |

| 05/13/1997 | 23 | NOTICE OF MOTION & MOTION by Adegboyega A. Coker purs. to FRCP Rule 60(b), to set aside judgment: [22-1] judgment order , Return date 6/13/97. Memorandum of Law in support attached. (emil) (Entered: 05/14/1997) |
|---|---|---|
| 05/30/1997 | 24 | MEMORANDUM & ORDER, pltff is directed to respond within 20 days of the receipt of this Order to deft's Motion to Set Aside Judgment by default. ( signed by Judge Whitman Knapp); Copies mailed (lam) (Entered: 05/30/1997) |
| 06/27/1997 | 25 | MEMORANDUM OF LAW by United Bank Africa in opposition to [23-1] motion purs. to FRCP Rule 60(b), to set aside judgment: [22-1] judgment order. (kg) (Entered: 06/30/1997) |
| 06/27/1997 | 26 | AFFIRMATION of Michael L. Levine by United Bank Africa Re: in opposition to [23-1] motion purs. to FRCP Rule 60(b), to set aside judgment: [22-1] judgment order. (kg) (Entered: 06/30/1997) |
| 07/14/1997 | 27 | ORDER tentatively granting [23-1] motion purs. to FRCP Rule 60(b), to set aside judgment: [22-1] judgment order: on the condition that deft file an answer within 30 days of the filing of this Order. Within 10 days of the filing of the answer, pltff may assert any grounds upon which it believes deft's motion should ultimately be denied. (signed by Judge Whitman Knapp ); Copies mailed (lam) (Entered: 07/14/1997) |
| 07/15/1997 | 28 | MEMORANDUM AND ORDER, the Memorandum & Order dated 7/11/97 and filed on 7/14/97 is hereby amended as follows: The first sentence of the 2nd paragraph which reads "The motion to set aside the default judgment is tentatively granted on the condition that deft file an answer within 30 days of the filing of this Order," shall now read "The motion to set aside the default judgment shall be held in abeyance. Deft shall file an answer within 30 days of the filing of this Order, the failure to do which will in and of itself result in denial of the motion with prejudice." ( signed by Judge Whitman Knapp ); Copies mailed (lam) (Entered: 07/16/1997) |
| 08/11/1997 | 29 | ANSWER to Complaint and COUNTERCLAIM by Adegboyega A. Coker (Attorney Nitor V. Egbarin) against United Bank Africa (lam) (Entered: 08/12/1997) |
| 09/02/1997 | 30 | MEMORANDUM & ORDER granting [23-1] motion purs. to FRCP Rule 60(b), to set aside judgment: [22-1] judgment |

| | | |
|---|---|---|
| | | order (signed by Judge Whitman Knapp ); Copies mailed (lam) (Entered: 09/03/1997) |
| 09/02/1997 | | Case reopened (lam) (Entered: 09/24/1997) |
| 01/23/1998 | 31 | NOTICE OF MOTION by deft Adegboyega A. Coker for default judgment for the relief demanded in the counterclaim . With affidavit and Clerk's Certificate attached. Return date 3/6/98 @2:00. (lam) (Entered: 01/28/1998) |
| 02/04/1998 | 32 | Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Inquest (after Default) ( signed by Judge Whitman Knapp ) Referred to Magistrate Judge Douglas F. Eaton (lam) Modified on 02/09/1998 (Entered: 02/05/1998) |
| 02/19/1998 | 34 | NOTICE OF SUPPLEMENTAL MOTION by Adegboyega A. Coker for Judgement by default dismissing the pltff's complaint . Return date not indicated. (lam) (Entered: 02/24/1998) |
| 02/20/1998 | 33 | ORDER granting [31-1] motion for default judgment for the relief demanded in the counterclaim; a hearing on damages shall be held before Magistrate Judge Douglas F. Eaton, at a date and time to be determined by Judge Eaton ( signed by Judge Whitman Knapp ); Copies mailed (lam) (Entered: 02/26/1998) |
| 03/10/1998 | 35 | SCHEDULING ORDER: I direct Mr. Coker to send me an inquest memorandum, accompanied by supporting affidavits and exhibits, setting forth his proof of damages by 3/20/98; I direct United Bank for Africa PLC to send me any opposing memoranda, affidavits and exhibits within 2 wks after receipt of the inquest memorandum, not later than 4/6/98; if a hearing is requested by either party, then it will be at 10:00am, on 4/17/98; if neither party requests a hearing by 4/10/98, then I will make my decision solely on the basis of the memoranda and affidavits without oral argument ( signed by Magistrate Judge Douglas F. Eaton ) ; Copies mailed by Chambers. (lam) Modified on 06/12/1998 (Entered: 03/11/1998) |
| 03/23/1998 | 36 | AMENDED ANSWER to Complaint by Adegboyega A. Coker: amends [29-1] answer (ls) (Entered: 03/25/1998) |
| 03/23/1998 | 36 | AMENDED COUNTERCLAIM by Adegboyega A. Coker: amending [29-2] counter claim (ls) (Entered: 03/25/1998) |
| | | |

| 03/23/1998 | 37 | NOTICE OF MOTION by Adegboyega A. Coker; for leave to file an amended answer and counterclaim ; no return date entered on document (ls) (Entered: 03/25/1998) |
|---|---|---|
| 03/23/1998 | 38 | MEMORANDUM by Adegboyega A. Coker in respect of inquest before Magistrate Judge Eaton; w/ affdvts. and doc's. marked as Coker's Exhibits A through L, for the purpose of determining damages following the default jdgmt. ordered by Hon. Senior Judge Knapp on 2/17/98 attached (ls) (Entered: 04/10/1998) |
| 03/23/1998 | 38 | AFFIDAVIT of Nitor V. Egbarin by Adegboyega A. Coker Re: that purs. to penalties of perjury, the affdvts. and documents attached to the deft's memorandum in respect of inquest dtd. 3/19/98, are true and accurate copies of the original affdvts. and doc's. (ls) (Entered: 04/10/1998) |
| 06/10/1998 | 39 | Opposition by Adegboyega A. Coker to Motion for Relief from Default filed by the pltff on 6/5/98 (motion not filed). With affirmation attached. (lam) Modified on 06/12/1998 (Entered: 06/12/1998) |
| 06/11/1998 | 40 | Reply affirmation of Michael L. Levine, atty for United Bank Africa in support of Motion for relief from default in responding to the deft's counterclaims (motion not filed) (lam) (Entered: 06/15/1998) |
| 06/16/1998 | 41 | SURREPLY AFFIRMATION by Adegboyega A. Coker Re: in reply to Mr. Levine's [40-1] affirmation (lam) (Entered: 06/18/1998) |
| 06/16/1998 | 42 | ANSWER by United Bank Africa to [36-1] amended counter-claim by attorney Michael L. Levine for counter-defendant United Bank Africa (lam) (Entered: 06/18/1998) |
| 06/17/1998 | 43 | Filed Memo-Endorsement on letter from Nitor V. Egbarin dated 6/10/98; "Mr. Levine, counsel for UBA and I have agreed that your Honor should decide based on the parties' submissions, UBA's motion for relief from default" (signed by Judge Whitman Knapp ) (lam) (Entered: 06/19/1998) |
| 06/22/1998 | 44 | AFFIRMATION in opposition of Nitor v. Egbarin, atty for Adegboyega A. Coker Re: Motion by pltff for rearguement and modification of order dated 6/16/98 (lam) (Entered: 06/24/1998) |
| 06/24/1998 | 45 | REPORT AND RECOMMENDATIONS of Magistrate Judge |

| | | |
|---|---|---|
| | | Douglas F. Eaton. Re: This matter is before me for an inquest on damages. I recommend that the Court award damages against UBA as follows: On the First counterclaim (libel) -- $2,125,000 with 9 percent per annum simple interest from 12/31/96; On the Second Counterclaim (wrongful discharge) -- zero; On the Third counterclaim (breach of employment contract) -- $316,464.32, with 9 percent per annum simple interest from 3/31/92; On the Fourth Counterclaim (false imprisonment)--zero. I also recommend that the Court dismiss all of the claims in UBA's complaint because they are no longer viable in view of the judgments against UBA for breach of contract and libel (the libel being essentially congruent with UBA's claims of racketeering). If the Court is not prepared to dismiss UBA's claims, then I recommend that the Court utilize FRCP Rule 54(b) to enter judgment against UBA with all practicable speed. Objections to R and R due by 7/8/98. (orig doc. sent to Judge Knapp on 6/25/98) (lam) Modified on 06/26/1998 (Entered: 06/25/1998) |
| 07/01/1998 | 46 | MEMORANDUM & ORDER, granting pltff's motion, brought by Order to Show Cause on Motion for Reargument, to vacate the default entered against it on 2/17 ; Magistrate Judge Eaton's Report and Recommendation is made moot by the vacature of the underlying default; pltff's answer to deft's counterclaims is deemed timely served and filed nunc pro tunc; we do not impose any form of sanctions upon pltff's counsel for his excusable neglect of duty in this matter ( signed by Judge Whitman Knapp ); Copies mailed (lam) (Entered: 07/06/1998) |
| 07/02/1998 | 47 | STIPULATION to substitute counsel; Whitman Breed Abbott & Morgan LLP for United Bank of Africa, in place and stead of the Law Firm of Michael Levine, PC ( signed by Judge Whitman Knapp ). (lam) (Entered: 07/06/1998) |
| 07/06/1998 | 48 | AFFIRMATION AND MOTION by Adegboyega A. Coker for reconsideration and modification of [46-1] order granting pltff's motion, brought by Order to Show Cause on Motion for Reargument, to vacate the default entered against it on 2/17 . Return date not indicated. (lam) (Entered: 07/08/1998) |
| 07/07/1998 | 49 | AFFIRMATION AND APPLICATION by Adegboyega A. Coker for modification of Magistrate's Recommendation . Return date not indicated. (lam) (Entered: 07/09/1998) |
| | | |

| 07/16/1998 | 50 | AFFIDAVIT in opposition of G.H. Denniston, Jr., General Mgr of United Bank Africa Re: [48-1] motion for reconsideration and modification of [46-1] order granting pltff's motion, brought by Order to Show Cause on Motion for Reargument, to vacate the default entered against it on 2/17 (filed in night deposit on 7/16/98 @5:10) (lam) (Entered: 07/20/1998) |
|---|---|---|
| 07/16/1998 | 51 | AFFIDAVIT in opposition of Kevin F. Kostyn, atty for by United Bank Africa Re: [48-1] motion for reconsideration and modification of [46-1] order granting pltff's motion, brought by Order to Show Cause on Motion for Reargument, to vacate the default entered against it on 2/17 (lam) (Entered: 07/20/1998) |
| 07/27/1998 | 52 | ORDER denying deft Coker's [48-1] motion for reconsideration and modification of [46-1] order granting pltff's motion, brought by Order to Show Cause on Motion for Reargument, to vacate the default entered against it on 2/17 ( signed by Judge Whitman Knapp ); Copies mailed (lam) (Entered: 07/28/1998) |
| 08/20/1998 | 53 | NOTICE OF MOTION by Adegboyega A. Coker for judgment on the pleadings . With Memorandum of Law attached. Return date 9/10/98 @3:00pm. (lam) (Entered: 08/21/1998) |
| 09/03/1998 | 54 | Filed Memo-Endorsement on letter from Kevin f. Kostyn, atty for pltff dated 8/28/98, pltff's Response to deft's motion reset to 9/8/98 for [53-1] motion for judgment on the pleadings ( signed by Judge Whitman Knapp ) (lam) (Entered: 09/04/1998) |
| 09/08/1998 | 55 | MEMORANDUM by United Bank Africa in opposition to [53-1] motion for judgment on the pleadings (lam) (Entered: 09/09/1998) |
| 09/08/1998 | 56 | AFFIDAVIT in opposition of Kevin F. Kostyn, atty for by United Bank Africa Re: [53-1] motion for judgment on the pleadings (filed night deposit on 9/8/98 @8:43 with memorandum in opposition) (lam) (Entered: 09/09/1998) |
| 11/03/1998 | 57 | MEMORANDUM & ORDER denying [53-1] motion for judgment on the pleadings (signed by Judge Whitman Knapp); Copies mailed by Chambers. (lam) Modified on 11/05/1998 (Entered: 11/04/1998) |

| 03/30/1999 | 58 | NOTICE OF MOTION by United Bank Africa for leave to file an amended Answer to Counterclaims . With affidavit in support by Kevin F. Kostyn attached. Return date not indicated. (lam) (Entered: 04/05/1999) |
|---|---|---|
| 03/30/1999 | 59 | MEMORANDUM by United Bank Africa in support of [58-1] motion for leave to file an amended Answer to Counterclaims (lam) (Entered: 04/05/1999) |
| 04/05/1999 | 60 | MEMORANDUM & ORDER, that deft Coker is directed immediately to comply with this Court's order of December 1995 and to produce all of the documents in his custody, control or possession regarding each of the document requests enumerated therein ; UBA's time to respond to deft Coker's discovery requests regarding issues of liability is suspended until such time as Coker: (1) obtains and turns over all responsive documents from Oceanic Bank Int'l, Ltd. and Chartered Bank Ltd.; (2) verifies in responses to interrogatories to be served by UBA that said banks do not have any responsive documents; or (3) verifies in response to interrogatories to be served by UBA that, despite his best efforts, he is unable to retrieve responsive documents; all discovery relating to the issue of damages shall await the completion of discovery relating to issues of liability ( signed by Judge Whitman Knapp ); Copies mailed by Chambers. (lam) (Entered: 04/08/1999) |
| 06/27/2000 | 61 | ORDER, granting pltff's unopposed [58-1] motion for leave to file an amended Answer to Counterclaims; we direct that Robert Simpson, as trustee on behalf of the former clients of Nitor Egbarin, report to this Court by 9/5/00 on the efforts that have been made by deft to obtain substitute counsel ( signed by Judge Whitman Knapp ); Copies mailed by Chambers. (lam) (Entered: 06/30/2000) |
| 09/29/2000 | | Terminated document 49-1 pursuant to instructions of Judge Knapp. (rag) (Entered: 10/12/2000) |
| 12/06/2000 | 62 | STIPULATION and ORDER, substituting the Law Office of Kevin F. Kostyn in place of Whitman Breed Abbott & Morgan LLP . ( signed by Judge Whitman Knapp ) (kw) (Entered: 12/06/2000) |
| 12/06/2000 | 63 | STIPULATION and ORDER; that The Law Office of Kevin F. Kostyn shall be substituted as counsel for United Bank for |

| | | |
|---|---|---|
| | | Africa PLC, in place and stead of Whitman, Breed, Abbott & Morgan LLP on behalf of plaintiff . ( signed by Judge Whitman Knapp ) (pl) Modified on 12/08/2000 (Entered: 12/07/2000) |
| 12/07/2000 | 64 | AFFIDAVIT of Kevin F. Kostyn in support of [62-1] order substituting the Law Office of Kevin F. Kostyn in place of Whitman Breed Abbott & Morgan LLP . (jp) (Entered: 12/08/2000) |
| 08/21/2001 | 65 | NOTICE of change of address by United Bank Africa; Counsel of record for pltff has changed its address; Law Office of Kevin Kostyn, 647 East 9th Street, Suite 3, New York, NY 10009. (sn) (Entered: 08/22/2001) |
| 08/21/2001 | 66 | NOTICE OF MOTION by United Bank Africa for an order purs. to Rule 56 of the F.R.C.P., granting UBA's motion for summary judgment dismissing the counterclaims of Adegboyega A. Coker . No return date indicated. Affidavit of Femi Lijadu attached. (sn) (Entered: 08/22/2001) |
| 08/21/2001 | 67 | CERTIFICATION of Kevin F. Kostyn by United Bank Africa Re: [66-1] motion for an order purs. to Rule 56 of the F.R.C.P., granting UBA's motion for summary judgment dismissing the counterclaims of Adegboyega A. Coker. (sn) (Entered: 08/22/2001) |
| 08/21/2001 | 68 | MEMORANDUM OF LAW by United Bank Africa in support of [66-1] motion for an order purs. to Rule 56 of the F.R.C.P., granting UBA's motion for summary judgment dismissing the counterclaims of Adegboyega A. Coker. (sn) (Entered: 08/22/2001) |
| 10/03/2001 | 69 | RESPONSE by Adegboyega A. Coker to [66-1] motion for an order purs. to Rule 56 of the F.R.C.P., granting UBA's motion for summary judgment dismissing the counterclaims of Adegboyega A. Coker. (kw) (Entered: 10/15/2001) |
| 10/03/2001 | 70 | NOTICE OF CROSS MOTION by Adegboyega A. Coker, for summary judgment on three of the four counts in UBA's complaint . No return date. (kw) (Entered: 10/15/2001) |
| 10/03/2001 | 71 | RULE 56.1 STATEMENT filed by Adegboyega A. Coker. (kw) (Entered: 10/15/2001) |
| 10/16/2001 | 72 | ORDER, defendant's motion for enlargement of time in which to file an opposition to plaintiff's motion for summary |

| | | judgment and to file a cross-motion for summary judgment is moot. Plaintiff's request for an extension of time in which to file briefs responsive to both Defendant's untimely opposition papers and cross-motion for summary judgment is granted ; plaintiff is directed to submit such briefs by 11/2/01 . ( signed by Judge Whitman Knapp ); Copies mailed. (kw) (Entered: 10/17/2001) |
|---|---|---|
| 11/06/2001 | 73 | Memo-Endorsement on letter addressed to Judge Knapp from Kevin F. Kostyn, dated 10/29/01. Plaintiff's response to motion reset to 11/12/01 for [70-1] cross motion for summary judgment on three of the four counts in UBA's complaint . ( signed by Judge Whitman Knapp ); Copies mailed. (kw) (Entered: 11/07/2001) |
| 11/09/2001 | 74 | ORDER; we hereby transfer this case to Judge Griesa purs to the Rules for the Division of Business Among District Judges in th SDNY, Rulel 16 ; We direct the Clerk of Court to reassign the case accordingly ; (signed by Judge Whitman Knapp ); Copies mailed. (djc) (Entered: 11/09/2001) |
| 11/14/2001 | 75 | Notice of Case Reassignment to Judge Thomas P. Griesa . Copy of notice and judge's rules mailed to Attorney(s) of record: Eric M. Nelson, Kevin F. Kostyn, Michael L. Levine, Nitor V. Egbarin, Kevin F. Kostyn . (jol) (Entered: 11/16/2001) |
| 11/16/2001 | 76 | RULE 56.1 STATEMENT filed by United Bank Africa. (jco) (Entered: 11/19/2001) |
| 11/16/2001 | 77 | REPLY MEMORANDUM by United Bank Africa in further support of [66-1] motion for an order purs. to Rule 56 of the F.R.C.P., granting UBA's motion for summary judgment dismissing the counterclaims of Adegboyega A. Coker. (jco) (Entered: 11/19/2001) |
| 11/16/2001 | 78 | MEMORANDUM OF LAW by United Bank Africa in opposition to [70-1] cross motion for summary judgment on three of the four counts in UBA's complaint. (jco) (Entered: 11/19/2001) |
| 11/16/2001 | 79 | Supplemental Certification of Kevin F. Kostyn. (jco) (Entered: 11/19/2001) |
| 11/27/2001 | 80 | NOTICE of attorney appearance for United Bank Africa by Scott J. Steiner. (cd) (Entered: 11/29/2001) |

| 12/06/2001 | 81 | SURREPLY TO PLNTF'S REPLY by Adegboyega A. Coker Re: [66-1] motion for an order purs. to Rule 56 of the F.R.C.P., granting UBA's motion for summary judgment dismissing the counterclaims of Adegboyega A. Coker (cd) (Entered: 12/10/2001) |
| 12/06/2001 | 82 | REPLY by Adegboyega A. Coker to response to [70-1] cross motion for summary judgment on three of the four counts in UBA's complaint (cd) (Entered: 12/10/2001) |
| 08/07/2002 | 83 | Objection(s) by Adegboyega A. Coker to Pltff's request for documents. (sac) (Entered: 08/13/2002) |
| 09/03/2002 | 84 | MEMORANDUM OF LAW by United Bank Africa in opposition to motion for withdrawl of appearance. (gf) (Entered: 09/06/2002) |
| 09/03/2002 | 85 | DECLARATION of Kevin F. Kostyn by United Bank Africa in support Re: [84-1] opposition memorandum. (gf) (Entered: 09/06/2002) |
| 09/09/2002 | 86 | NOTICE OF MOTION by Adegboyega A. Coker for an order, for leave to withdraw Wendella Ault Battey as attorney ; Return Date not indicated. (sac) (Entered: 09/23/2002) |
| 09/09/2002 | 87 | AFFIRMATION of Wendella Ault Battey by Adegboyega A. Coker in support of [86-1] motion for an order, for leave to withdraw Wendella Ault Battey as attorney. (sac) (Entered: 09/23/2002) |
| 09/23/2002 | 88 | OPINION #87462, the Court is granting the [86-1] motion for an order, for leave to withdraw Wendella Ault Battey as attorney; Since defendant has had considerable opportunity to obtain new counsel, defendant is directed to have such new counsel file a notice of appearance no later than 10/15/02 or else defendant will be deemed to appear pro se henceforth ; The deposition of defendant is adjourned to commence on 11/18/02 and continue day to day until completed ; The Court will confer with plaintiff's attorney and with defendant's new attorney or defendant pro se regarding the schedule for other pending discovery and possible oral argument of the motions . ( signed by Judge Thomas P. Griesa ); Copies mailed. (tp) (Entered: 09/24/2002) |
| 11/08/2002 | 89 | ORDER; Plaintiff may makek service upon defendant by electronic means ; (signed by Judge Thomas P. Griesa ); (djc) |

| | | |
|---|---|---|
| | | (Entered: 11/12/2002) |
| 11/25/2002 | 90 | ORDER TO SHOW CAUSE by United Bank Africa; Show Cause Hearing set for 10:00 12/18/02; for an order pursuant to F.R.C.P. 55(b)(2) directing entry of a default judgment against Adegboyega A. Coker : w/attch. Certification in support of Kevin F. Kostyn; ( signed by Judge Thomas P. Griesa) (pl) (Entered: 11/26/2002) |
| 12/19/2002 | 91 | ORDER, deft to appear for videotaped deposition on 1/27/03 at 9:30 am at the law offices of Cadwalader Wickersham and Taft; deft to fully comply with plntf's Request for Production of Documents dated 7/1/02 and produce to plntf's counsel no later than 1/15/03 all responsive documents, as further set forth in this document ( signed by Judge Thomas P. Griesa ); (cd) (Entered: 12/23/2002) |
| 12/19/2002 | 92 | REPLY CERTIFICATION of Kevin F. Kostyn by United Bank Africa in further support of [90-1] motion for an order pursuant to F.R.C.P. 55(b)(2) directing entry of a default judgment against Adegboyega A. Coker (db) (Entered: 12/26/2002) |
| 12/20/2002 | 93 | NOTICE OF MOTION by Adegboyega A. Coker; for an order for summary judgment . No Return Date; w/ Affidavit in support attached. (ae) (Entered: 12/30/2002) |
| 12/20/2002 | 94 | REPLY by Adegboyega A. Coker to [90-1] motion for an order pursuant to F.R.C.P. 55(b)(2) directing entry of a default judgment against Adegboyega A. Coker. (ae) (Entered: 12/30/2002) |
| 12/20/2002 | 95 | MEMORANDUM of Appearance by Abegboyega A. Coker, Pro Se. (ae) (Entered: 12/30/2002) |
| 01/23/2003 | 96 | NOTICE OF MOTION by Adegboyega A. Coker for an Order allowing the deposition ordered by this Court on 12/18/02 to be held or conducted in Lagos, Nigeria . Return Date not indicated. Certification of Adegboyega A. Coker in support attached. (yv) (Entered: 01/28/2003) |
| 01/24/2003 | 97 | OPINION and ORDER #87983; denying [96-1] motion for an Order allowing the deposition ordered by this Court on 12/18/02 to be held or conducted in Lagos, Nigeria; the Court's Order of December 18, 2002 remains in full force and effect ; ( signed by Judge Thomas P. Griesa); (djc) (Entered: |

| | | |
|---|---|---|
| | | 01/28/2003) |
| 03/03/2003 | 99 | CERTIFICATION of Kevin Kostyn by United Bank Africa in support of [98-1] order that dft appear for videotaped deposition on 4/7/03 at 9:30 a.m. at the law office of Cadwaladar, Wickersham & Taft, 100 Maiden Lane, New York, New York, and that dft continue to appear for said deposition from day to day thereafter until completed until completed asfurther set forth in said order; in the event that dft fails to appear for videotaped deposition, he is order to appear in person before Judge Thomas P. Griesa, in Courtroom 26B of the U.S. Courthouse, 500 Pearl Street, New York, New York on 4/14/03 at 10:00 a.m., to show cause why this Court should not enter an Order directing the Clerk of the Court to enter a default judgment against dft as further set forth in said order . (cd) (Entered: 03/05/2003) |
| 03/03/2003 | 98 | ORDER: that dft appear for videotaped deposition on 4/7/03 at 9:30 a.m. at the law office of Cadwaladar, Wickersham & Taft, 100 Maiden Lane, New York, New York, and that dft continue to appear for said deposition from day to day thereafter until completed until completed as further set forth in said order , in the event that dft fails to appear for videotaped deposition, he is order to appear in person before Judge Thomas P. Griesa, in Courtroom 26B of the U.S. Courthouse, 500 Pearl Street, New York, New York on 4/14/03 at 10:00 a.m., to show cause why this Court should not enter an Order directing the Clerk of the Court to enter a default judgment against dft as further set forth in said order . ( signed by Judge Thomas P. Griesa ) (db) (Entered: 03/05/2003) |
| 03/25/2003 | 100 | OPINION #88242, that for the reason set forth, the Court is denying [93-1] motion for an order for summary judgment. ( signed by Judge Thomas P. Griesa ). (tp) (Entered: 03/27/2003) |
| 08/28/2003 | 101 | NOTICE OF MOTION by United Bank Africa for a protective order pursuant to Rule 26(c) of the FRCP . Certification of Kevin F. Kostyn in support attached. Return Date 9/4/03 at 10:00 a.m. (db) (Entered: 09/04/2003) |
| 08/28/2003 | 102 | Letter filed by United Bank Africa addressed to Judge Griesa from Kevin F. Kostyn, dated 8/22/03, re: 9/4/03 telephone conference. (db) (Entered: 09/04/2003) |
| | | |

| 09/08/2003 | 103 | Memo endorsed on motion; that the [101-1] motion is granted in part and denied in part in telephone conference this date. Plaintiff's counsel is to submit order. ( signed by Judge Thomas P. Griesa ). (tp) (Entered: 09/09/2003) |
| 09/09/2003 | 104 | ORDER; deft is to prepare and sign a sworn affidavit which will include, with respect to each witness sought to be deposed in Lagos, Nigeria, detail regarding every item of testimony that he propose to obtain from each witness. Deft's affidavit must be delivered to the Court and counsel for United Bank for Africa PLC no later than 9/26/03; Deft is granted until 9/19/03 to file a response to UBA's letter dated 8/4/03 in connection with UBA's motion for summary judgment dismissing deft's counterclaims; trial is scheduled to commence 2/9/03. There will be no adjournments. ( signed by Judge Thomas P. Griesa ); (sac) (Entered: 09/10/2003) |
| 09/26/2003 | | Memo endorsed on motion; that the Court is denying as moot, the [90-1] motion for an order pursuant to F.R.C.P. 55(b)(2) directing entry of a default judgment against Adegboyega A. Coker. ( signed by Judge Thomas P. Griesa ). (tp) (Entered: 09/29/2003) |
| 10/03/2003 | 105 | AFFIDAVIT of Ugochukwu by United Bank Africa in opposition to Motion to Disqualify and to respond to certain statements contained in the affidavit of Alhaji Fatai A. Doherty dated 09/18/03 (djc) (Entered: 10/07/2003) |
| 10/03/2003 | 106 | AFFIDAVIT of Kevin F. Kostyn by United Bank Africa in opposition to Motion to disqualify; (djc) (Entered: 10/07/2003) |
| 11/10/2003 | 107 | AFFIDAVIT of Kevin Kostyn by United Bank Africa in support of Application For Letters of Request (cd) (Entered: 11/13/2003) |
| 11/12/2003 | 108 | Memo endorsed on motion; for reasons listed as (a) through (e) on said document, Pro Se Litigant Adegboyega Coker moves that Attorney Kevin Kostyn be disqualified from representing United Bank for Africa Plc in this action. Motion Denied . ( signed by Judge Thomas P. Griesa ) (db) (Entered: 11/17/2003) |
| 11/18/2003 | 109 | OPINION #89340, granting (for the reasons stated in this Opinion) [66-1] motion for an order purs. to Rule 56 of the F.R.C.P., granting UBA's motion for summary judgment dismissing the counterclaims of Adegboyega A. Coker. |

| | | ( signed by Judge Thomas P. Griesa ); (djc) (Entered: 11/19/2003) |
|---|---|---|
| 11/21/2003 | 110 | Memo-Endorsement on letter addressed to Judge Griesa from Adegboyega Coker, dated 9/17/03, this leter is to be docketed (response to plntf's motion for summary jgmnt) ( signed by Judge Thomas P. Griesa ); (cd) (Entered: 11/22/2003) |
| 11/21/2003 | 111 | Memo-Endorsement on letter addressed to Judge Griesa from Kevin F. Kostyn, dated 8/4/03. counsel for plaintiff requests that the Court render a decision regarding their pending motion for summary judgment dismissing the counterclaims of defendant. This letter is to be docketed . ( signed by Judge Thomas P. Griesa ); (yv) (Entered: 11/22/2003) |
| 12/17/2003 | 117 | ORDER: the trial in this matter will commence on 2/17/04; there will be no adjournments of the trial date; if defendant fails to appear on 2/17/04, the Court will enter a default and immediately proceed to an inquest on damages without further notice. (Signed by Judge Thomas P. Griesa on 12/16/03) (db, ) (Entered: 01/03/2004) |
| 12/17/2003 | | Set Deadlines/Hearings: Ready for Trial by 2/17/2004. (db, ) (Entered: 01/03/2004) |
| 12/17/2003 | 118 | AFFIDAVIT of Kevin F. Kostyn in Support re: [113] MOTION for Protective Order. Document filed by United Bank for Africa PLC. (jco, ) (Entered: 01/06/2004) |
| 12/18/2003 | 112 | MOTION for Reconsideration of the decision dated 11/17/03 (doc. #109). Document filed by Adegboyega A. Coker. (tp, ) (Entered: 12/19/2003) |
| 12/18/2003 | 113 | MOTION for Protective Order pursuant to Rule 26(c) of the FRCP. Document filed by United Bank for Africa PLC. Return Date set for 12/30/2003 before Judge Thomas P. Griesa. (tp, ) (Entered: 12/19/2003) |
| 12/18/2003 | 114 | AFFIDAVIT of Ugochukwu Okwesili in Opposition re: [112] MOTION for Reconsideration re; [109] Memorandum & Opinion,. Document filed by United Bank for Africa PLC. (tp, ) (Entered: 12/19/2003) |
| 12/18/2003 | 115 | Letter addressed to Judge Griesa from Kevin F. Kostyn dated 12/16/03. Document filed by United Bank for Africa PLC re: that UBA respectfully submits herewith, in opposition to defendant Adegboyega Coker's Motion for Reconsideration |

| | | |
|---|---|---|
| | | dated dated 12/5/03, two copies of the Affidfavit of Ugochukwu Okwesili, a solicitor for UBA resident in Lagos, Nigeria.(tp, ) (Entered: 12/19/2003) |
| 12/18/2003 | 116 | Letter addressed to Judge Griesa from Kevin F. Kostyn dated 12/15/03 re: that UBA respectfully submits an orginal and one copy each of this letter brief and the Certification of kevin F. Kostyn dated 12/15/03, in support of UBA's renewed motion for a protective order as further set forth herein. Document filed by United Bank for Africa PLC.(tp, ) (Entered: 12/19/2003) |
| 01/06/2004 | | ORDER denying [112] Motion for Reconsideration. Motion denied. So Ordered. (Signed by Judge Thomas P. Griesa on 12/30/03) (jco, ) (Entered: 01/15/2004) |
| 01/16/2004 | 119 | DECISION AND ORDER, that defendant is now precluded from taking depositions in Lagos, nigeria of the proposed witnesses to whom he mailed notices of deposition without obtaining legal process; Defendant will not be precluded as further described herein. (Signed by Judge Thomas P. Griesa on 1/14/04) (tp, ) (Entered: 01/28/2004) |
| 02/03/2004 | 120 | MOTION to Compel production of document. Document filed by Adegboyega A. Coker. (kw, ) (Entered: 02/10/2004) |
| 02/03/2004 | 121 | MOTION for Reconsideration of the Court decision dated 1/14/04. Document filed by Adegboyega A. Coker. (kw, ) (Entered: 02/10/2004) |
| 02/03/2004 | | MEMO ENDORSEMENT denying re: [120] MOTION to Compel. filed by Adegboyega A. Coker. (Signed by Judge Thomas P. Griesa on 1/30/04) (kw, ) (Entered: 02/10/2004) |
| 02/03/2004 | | MEMO ENDORSEMENT denying re: [121] MOTION for Reconsideration. filed by Adegboyega A. Coker. (Signed by Judge Thomas P. Griesa on 1/30/04) (kw, ) (Entered: 02/10/2004) |
| 02/13/2004 | 122 | EMERGENCY MOTION FOR POSTPONEMENT OF SCHEDULED TRIAL.Document filed by Adegboyega A. Coker. (sb, ) (Entered: 02/18/2004) |
| 02/17/2004 | 123 | ORDER denying [122] Motion for Extension of Time of date for trial.. (Signed by Judge Thomas P. Griesa on 2/13/2004) (jsa, ) (Entered: 02/19/2004) |

| | | |
|---|---|---|
| 02/17/2004 | | Minute Entry for proceedings held before Judge Thomas P. Griesa: Bench Trial begun on 2/17/2004. (ph, ) (Entered: 04/16/2004) |
| 02/17/2004 | | Minute Entry for proceedings held before Judge Thomas P. Griesa: Bench Trial held on 2/17/2004. (ph, ) (Entered: 04/16/2004) |
| 03/25/2004 | 124 | TRANSCRIPT of proceedings held on 2/17,18,19,23,25,26,27/04 before Judge Thomas P. Griesa. (tr, ) (Entered: 03/25/2004) |
| 04/14/2004 | | Minute Entry for proceedings held before Judge Thomas P. Griesa: Bench Trial held on 4/14/2004. (ph, ) (Entered: 04/16/2004) |
| 04/14/2004 | | Minute Entry for proceedings held before Judge Thomas P. Griesa: Bench Trial completed on 4/14/2004. (ph, ) (Entered: 04/16/2004) |
| 05/07/2004 | 125 | JUDGMENT #04,0869 in favor of plaintiff against defendant in the amount of $ 192,583,772.87. (Signed by Judge Thomas P. Griesa on 4/30/04) (ml, ) (Entered: 05/07/2004) |
| 05/07/2004 | 126 | ORDER; this order will memorialize the admission into evidence of plaintiff's revised Exhibit 921 which sets forth the totality of legal fees and expenses incurred by UBA in connection with the prosecution of this action, and the affidavit of Kenneth Dundon dated February 2004. (Signed by Judge Thomas P. Griesa on 4/30/04) (dle, ) (Entered: 05/07/2004) |
| 05/07/2004 | 127 | FINDINGS OF FACT AND CONCLUSIONS OF LAW (Signed by Judge Thomas P. Griesa on 4/30/04) (dle, ) (Entered: 05/07/2004) |
| 05/10/2004 | 128 | TRANSCRIPT of proceedings held on 4/14/2004 before Judge Thomas P. Griesa.(jmi, ) (Entered: 05/10/2004) |
| 05/13/2004 | | Mailed notice of Right to Appeal to Attorney(s) of Record: Kweku Joseph Hanson, Scott J. Steiner. (snu) (Entered: 05/13/2004) |
| 05/28/2004 | 129 | NOTICE OF APPEAL from [100] Memorandum & Opinion, [123] Order on Motion for Extension of Time, [109] Memorandum & Opinion,, [104] Order,,,,,, [125] Judgment. Document filed by Adegboyega A. Coker. Filing fee $ 255.00, receipt number E 510149. Copies of Notice of Appeal mailed |

| | | to Attorney(s) of Record: KEVIN F. KOSTYN, SCOTT J. STEINER. (pr, ) (Entered: 06/01/2004) |
|---|---|---|
| 05/28/2004 | | Transmission of Notice of Appeal to the District Judge re: [129] Notice of Appeal,. (pr, ) (Entered: 06/01/2004) |
| 05/28/2004 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: [129] Notice of Appeal,. (pr, ) (Entered: 06/01/2004) |
| 01/12/2005 | 130 | TRUE COPY ORDER of USCA as to [129] Notice of Appeal, filed by Adegboyega A. Coker, USCA Case Number 04-3132-cv. IT IS HEREBY ORDERED that the motion to vacate dismissal is GRANTED conditioned on appellant (Coker) filing the required forms within 10 days of this order. Roseann B. MacKechnie, Clerk USCA. Certified: 12/16/04. (dt, ) (Entered: 01/14/2005) |
| 02/24/2005 | 131 | USCA SCHEDULING ORDER as to [129] Notice of Appeal, filed by Adegboyega A. Coker, USCA Case Number 04-3132-cv. Roseann B. MacKechnie, Clerk USCA. Certified: 2/14/05. Appeal Record due by 3/14/2005. Appellant Brief due by 3/21/2005. Appellee Brief due by 4/20/2005. (tp, ) (Entered: 02/24/2005) |
| 02/24/2005 | | USCA Case Number 04-3132-cv from the U.S.C.A. 2nd Cir. assigned to [129] Notice of Appeal, filed by Adegboyega A. Coker. (tp, ) (Entered: 02/24/2005) |
| 04/25/2005 | 132 | MANDATE of USCA (Certified Copy) as to [129] Notice of Appeal, filed by Adegboyega A. Coker, USCA Case Number 04-3132-cv. It is Ordered that the appeal is DISMISSED. Roseann B. MacKechnie, Clerk USCA. Certified: 4/19/05. (tp, ) (Entered: 04/25/2005) |
| 04/25/2005 | | Transmission of USCA Mandate/Order to the District Judge re: [132] USCA Mandate. (tp, ) (Entered: 04/25/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/21/2006 21:02:44 | | | |
| PACER | mw0011 | Client | 072198- |

| Login: | | Code: | 0012-06378 |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:94-cv-00655-TPG-DFE |
| Billable Pages: | 11 | Cost: | 0.88 |



Home    PACER    Opinions                                    Help

# General Docket
## US Court of Appeals for the Second Circuit

Second  Circuit Court of Appeals

Court of Appeals Docket #:04-3132-cv

Nsuit:      3470    STATUTES
United Bank Africa v. Coker

Appeal from: SDNY (NEW YORK CITY)

Case type information:
     Civil
     Private

     None

Lower court information:
     District:     94-cv-655

     Trial Judge   Thomas P. Griesa
     MagJudge:     Douglas  F. Eaton
     Date Filed:   02/02/94

     Date                   5/7/2004
     order/judgement:
     Date NOA filed:        5/28/2004

Fee status:Paid
Panel Assignment:

Panel:
Date of decision       4/19/05

Prior cases:     NONE

Current cases:   NONE

 Docket as of July 19, 2005        7:13 pm

□

Official Caption 1/

---------------------------------------

Docket No.: 04-3132 -cv

UNITED BANK FOR AFRICA, PLC.,

      Plaintiff-Counter-Defendant-Appellee,

v.

ADEGBOYEGA A. COKER,

      Defendant-Appellant.

---------------------------------------

 Docket as of July 19, 2005       7:13 pm

☐


United Bank for Africa PLC.     Kevin F. Kostyn Esq.
Plaintiff-Counter-Defenda      [ LD ret ]
                                Law Office of Kevin F. Kostyn, Es
                                647 E. 9th St.
                                New York , NY , 10009
                                212-254-2677

Adegboyega A. Coker          Kweku Joseph Hanson Esq.
Defendant-Appellant          [ LD ret ]
                                Hanson & Associates
                                487 Main St.
                                Hartford , CT , 06103
                                860-728-5454

 Docket as of July 19, 2005       7:13 pm

☐


       6/3/04 Copy of notice of appeal and district court
            docket entries on behalf of  APPELLANT
            Adegboyega Coker,  filed. Forms C and D are
            due on June 14, 2004.  [TM]

       6/3/04 Copy of receipt re: payment of docketing fee
            filed on behalf of  APPELLANT   Adegboyega
            Coker, Receipt #:  E 510149.

[TM]

6/3/04 Copy of district court Judgment dated 4-30-04
, RECEIVED. [TM]

6/3/04 Copy of district court Order dated 2-13-04,
RECEIVED. [TM]

6/3/04 Copy of district court Opinion dated 11-17-03
, RECEIVED. [TM]

6/3/04 Copy of district court Order dated 9-05-03,
RECEIVED. [TM]

8/6/04 Notice of appeal acknowledgment letter from
Kweku Hanson, Esq. for the Appellant
Adegboyega A. Coker, received. [TM]

8/6/04 APPELLANT  Adegboyega Coker,  defective
Forms C and D, filed. Notice sent to party to
correct by 8-19-04. Problem: Counsel is
missing signature and date on Form C as well
as other important information and service on
Form C. [TM]

8/6/04 APPELLANT  Adegboyega Coker,  Form C filed,
with proof of service. [TM]

Docket as of July 19, 2005        7:13 pm

☐

8/6/04 APPELLANT  Adegboyega Coker,  Form D filed,
with proof of service. [TM]

8/10/04 Letter dated 8-09-04, endorsed by Scott J.
Steiner, received. RE: Counsel writes to
confirm he represents Appellee United Bank
for Africa, PLC. The lead counsel, Kevin
Kostyn, Esq. is out of the country in August,
upon his return he will be designated as
counsel of record. [TM]

9/13/04 Order dismissing the appeal for failure to
file Forms C and D pursuant to CAMP, filed.
(TM) [TM]

9/13/04 Certified copy of order filed on 9-13-04,
disposing of the appeal issued to district

court.   [TM]

9/13/04 Notice to counsel re: C & D Default Order
        filed on 9-13-04, MANDATE ISSUED.   [TM]

9/14/04 Acco received in records room from team.
        [DR]

11/4/04 APPELLANT   Adegboyega Coker,   defective
        Forms C and D, cured.   [TM]

11/4/04 Appellant   Adegboyega Coker motion vacate
        judgment of dismissal, filed with proof of
        service.   [TM]

11/15/04 Affidavit of Kevin F. Kostyn, in opposition
         to motion vacate judgment filed with proof of
         service.   [TM]

11/22/04 Notice to counsel re: Motion Order filed on
         11-22-04.   [TM]

Docket as of July 19, 2005          7:13 pm

☐

11/22/04 Order FILED GRANTING motion vacate judgment
         of dismissal, absent filing of any opposition
         . Counsel for appellant is hereby put on
         notice that any further defaults will result
         in dismissal of the appeal, without leave to
         reinstate, by Appellant   Adegboyega Coker,
         endorsed on motion dated 11/4/2004. (SB)
         [TM]

11/29/04 Order filed stating; It is hereby ordered
         that the Order entered Nov. 22, 2004,
         reinstating this appeal, is vacated as
         improvidently granted, because appellee did
         file an opposition to the motion, and the
         motion was filed more than 30 days after the
         dismissal order, Thus, under the Standing
         Orders of this Court, the motion cannot be
         decided by Staff Counsel, but rather, must be
         referred to a Judge of this Court for
         disposition. (SB)   [TM]

12/1/04 Notice to counsel re: Order filed on 11-29-04
        .   [TM]

12/15/04 IT IS HEREBY ORDERED that the motion to
         vacate dismissal is granted conditioned on
         the appellant (Coker) filing the required
         forms within 10 days of this order. Before:
         Hon. Richard C. Wesley, Circuit Judge. (AH)
         [TM]

12/15/04 Order vacating dismissal order, filed. (SEE
         MOTION ORDER FILED ON 12-15-04)   [TM]

12/15/04 Certified copy of the order, filed on
         12-15-04, issued to the district court.   [TM]

12/16/04 Notice to counsel re: Motion Order filed on
         12-15-04. (REINSTATED)   [TM]

 1/18/05 Certified copy of the order filed on 12-15-04
Docket as of July 19, 2005         7:13 pm

☐

         , receipt returned from the district court.
         [TM]

 1/27/05 Duplicate Acco.   [TM]

 2/14/05 Pre-Argument Notice and Order from Stanley A.
         Bass,  Filed.  Scheduled For: 2/28/05@ 10:30a
         .m.   [AM]

 2/14/05 Scheduling order #1 filed. Record on appeal
         due  3/14/2005. Appellants brief due
         3/21/2005. Appellees brief due  4/20/2005.
         Ready week  5/30/2005. (SB)   [AM]

 3/15/05 APPELLANT   Adegboyega Coker,  defective
         Motion for leave to withdraw as counsel,
         filed. Notice sent to party to correct by
         March 23, 2005. {Counsel is missing the Form
         T-1080}.   [TM]

 3/15/05 Appellant  Adegboyega Coker motion to
         withdraw as counsel for the appellant, filed
         with proof of service.   [TM]

 3/23/05 APPELLANT   Adegboyega Coker,  defective
         Motion for leave to withdraw as appellants
         counsel, cured.   [TM]

3/28/05 Appellee  United Bank for Africa PLC. motion
        to dismiss the appeal, filed with proof of
        service.  [TM]

4/19/05 Order dismissing appeal pursuant to CAMP for
        failure to comply with the scheduling order,
        filed. (TM)  [TM]

4/19/05 Certified copy of order filed on 04-19-05,
        disposing of the appeal issued to district
        court.  [TM]

 Docket as of July 19, 2005        7:13 pm

☐

4/19/05 Notice to counsel re: Scheduling Default
        Order filed on 04-19-05.  [TM]

4/19/05 Acco received in records room from team.
        [JB]

4/21/05 Acco received in records room from team
        .number of volumes:1  [DR]

4/26/05 Order FILED MOOTING motion dismiss the appeal
        by Appellee  United Bank for Africa PLC.,
        endorsed on motion dated 3/28/2005. Moot,
        since the Clerk has automatically dismissed
        the appeal for scheduling order default. (SB)
        [TM]

4/27/05 Notice to counsel re: Motion Order filed on
        04-26-05.  [TM]

4/27/05 Mandate receipt returned from the district
        court.  [NS]

7/19/05 Order filed stating; IT IS HEREBY ORDERED
        that the motion to withdraw as counsel is
        moot in light of the dismissal of the appeal
        (AH)  [TM]

7/19/05 Notice to counsel re: Order filed on 7-19-05.
        [TM]

 Docket as of July 19, 2005        7:13 pm

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/21/2006 21:22:28 | | | |
| PACER Login: | mw0011 | Client Code: | 072198-0012-06378 |
| Description: | dkt report | Case Number: | 04-3132 |
| Billable Pages: | 7 | Cost: | 0.56 |