UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., | )<br>)<br>) |
| Plaintiff, | )  Case No. 05-10679-RCL<br>) |
| v. | )<br>) |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | )<br>)<br>) |
| Defendants. | )<br>) |

**RESPONSE TO COUNTERCLAIM-PLAINTIFFS'
MOTION FOR LEAVE TO FILE
FURTHER MATERIALS IN OPPOSITION TO JURISDICTIONAL MOTIONS**

Richard Harazim ("Harazim") and Martin Benda ("Benda"), named as individual counterclaim-defendants in this action, have moved to dismiss the claims asserted against them for lack of personal jurisdiction. Despite the fact that their motion to take jurisdictional discovery was denied[1] and the fact that the jurisdictional motions to dismiss by Harazim, Benda, SPV Co., and Forminster have been fully briefed, the counterclaim-plaintiffs seek leave to submit a further brief in opposition based upon the deposition of Harazim as Kotva's Rule 30(b)(6) deposition. As demonstrated below, Weiss both mischaracterizes Harazim's testimony and misses the point of the jurisdictional analysis.

The First Circuit has held that, "jurisdiction over the individual officers of a corporation may not be based merely on jurisdiction over the corporation." Escude Cruz v. Ortho Pharm. Corp., 619 F.2d 902, 906 (1st Cir. 1980). Instead, there must be a showing that the officer was the "guiding spirit behind the wrongful conduct." Id. at 907.

---

[1] See January 6, 2006 Order of the Special Master. (Docket #55)

Weiss ignores this standard and asserts the following:

> Mr. Harazim's testimony reveals that he was fully involved in the decision to file this lawsuit in Boston, agreed with the decision and reviewed multiple drafts of the Complaint before it was filed. Id. 371:1-375:5. These admitted contacts with Massachusetts are sufficient for this Court to exercise personal jurisdiction over Mr. Harazim.

Motion at 3.

Simply put, Harazim's concurrence with the Board's decision does not confer personal jurisdiction. It is undisputed that Kotva—the corporation—authorized and filed this action and is the "guiding spirit" of the lawsuit—not Benda or Harazim. As revealed by the very materials that the counterclaim-plaintiffs seek to submit, Kotva's Board of Directors made the decision to file this lawsuit and the Board directed Harazim to search for suitable counsel. (See Harazim Dep. at 373:10-21; 374:16-17.) Neither Benda nor Harazim were on the Board of Directors when it made that decision and neither personally caused Kotva to file this lawsuit. (See Benda Aff. ¶9; Harazim Aff. ¶18, submitted in support of motion to dismiss.) None of the materials that the counterclaim-plaintiffs seek leave to submit is to the contrary.

                Respectfully submitted,

                RICHARD HARAZIM AND MARTIN BENDA
                By their attorneys,

                /s/Dana A. Zakarian
                Joel G. Beckman (BBO# 553086)
                William C. Nystrom (BBO# 559656)
                Daniel J. Pasquarello (BB0# 647379)
                Dana A. Zakarian (BBO#641058)
                NYSTROM BECKMAN & PARIS LLP
                10 St. James Ave., 16th Floor
                Boston, Massachusetts 02116
                (617) 778-9100
                (617) 778-9110 (fax)

Dated: April 4, 2006

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 4th day of April, 2006.

      /s/ Dana A. Zakarian