UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><br>------------------------------ <br><br> ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5, <br><br> Counterclaim-defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    C.A. No. 05-10679-RCL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ASSENTED-TO MOTION FOR LEAVE TO FILE REPLY
## IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Pursuant to Local Rule 7.1(b)(3), counterclaim-plaintiffs Andrew Weiss, Weiss Asset Management LLC, K T, Inc. and CVF Investments Ltd. (collectively, the "Weiss Parties"), by and through their attorneys, hereby move for leave to file a Reply Memorandum attached hereto as Exhibit 1 that relates to the pending discovery motions. In further support of their Motion, the Weiss Parties state:

1.      On April 7, 2006, Andrew Weiss filed a motion for a protective order seeking to defer his deposition until the resolution of the Czech criminal proceedings that the plaintiff, Kotva, commenced (the "Motion")..

2.      On April 26, 2006,[1] Kotva filed an Opposition to the Motion. Kotva raised new issues in its Opposition, including documents Kotva attached to its Opposition that it did not produce until April 25, 2006.

3.      In order to respond to these documents, and other matters in Kotva's Opposition, the Weiss Parties seek leave to file the attached documents.

4.      Counsel for Kotva a.s. has assented to this Motion.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K T, INC. and CVF
INVESTMENTS LTD.

By their attorneys,

Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: May __, 2006

## CERTIFICATE OF CONSULTATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that counsel for the Weiss Parties conferred with counsel for Kotva a.s. and that counsel for Kotva a.s. assented to the relief sought by this Motion.

Edward P. Leibensperger

---

[1] Kotva filed its Opposition after 6:00 p.m. on April 25, 2006, making its filing effective the next day.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 8, 2006.

Edward P. Leibensperger

BST99 1501102-1 072198 0012

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | C.A. No. 05-10679-RCL |
| | ) | |
| ANDREW WEISS, WEISS ASSET | ) | |
| MANAGEMENT LLC, K T, INC. and CVF | ) | |
| INVESTMENTS, LTD., | ) | |
| | ) | |
| Counterclaim-plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KOTVA a.s., MARTIN BENDA, RICHARD | ) | |
| HARAZIM, FORMINSTER ENTERPRISES, | ) | |
| LTD., SPV CO and JOHN DOES 1–5, | ) | |
| | ) | |
| Counterclaim-defendants. | ) | |
| | ) | |

## REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Kotva's Opposition to Andrew Weiss's Motion for Protective Order goes beyond zealous advocacy to the point of misrepresentation and misleading statements. Sanctions are warranted. Defendants note the following:

1.    Kotva claims that it has "fully responded to Weiss' discovery." Opp. at 5–7. This is patently false. Kotva has: (1) failed to produce secretly recorded videotapes requested on August 3, 2005; (2) refused to answer questions at its 30(b)(6) deposition; (3) ignored for nearly a month its obligation to provide documents relating to financial accounts in violation of the

Discovery Master's February 13, 2006 Order and the Court's April 8, 2006 Order directing Kotva to turn over those documents; and (4) repeatedly refused to provide other discovery as detailed in the Weiss Parties' April 19, 2006 Motion to Compel.

2.     The Weiss Parties requested the production of audio and video recordings of communications between Vladimir Hoffmann and Kotva on August 3, 2005.[1]  In September 2005, Kotva agreed to produce these documents.[2]  For the next six months, Kotva held tapes of such communications in its possession but failed to produce them.  Only by way of Kotva's Opposition (p. 6) was it learned that on February 9, 2006, Kotva voluntarily gave the originals of the tapes to the police.  See Exhibit B to Opposition.  In its Opposition to Weiss' Motion to Compel, Kotva suggests that its failure to produce the tapes is somehow excused by its belated delivery of the originals of the tapes to the Czech Police.  Having voluntarily put the originals in the hands of the police, Kotva then submits an April 3, 2006 letter that it was able to obtain from a Czech police officer directing Kotva not to produce the tapes or the copies that Richard Harazim testified, on February 23, 2006, were still in Kotva's lawyers' office.  *See* Kotva Depo. Ex. A. pp. 310:17–310:21.

---

[1] **Request No. 34:**

All documents concerning communications between or among the Kotva and/or Forminster Enterprises Ltd. and/or Richard Harazim and/or Martin Benda and/or SPV CO and/or Andrew Weiss and/or Georgiy Nikitin and/or Weiss Asset Management LLC and/or K T, Inc. and/or CVF Investments Ltd. and/or Weiss Capital LLC and/or Ondrej Peterka and/or Vladimir Hoffmann and/or Edita Simkova and/or James Woolf, **including but not limited to audio and video recordings of those communications.** (emphasis added).

[2] Kotva response was:

Kotva objects to this request on the basis that it is overly broad, unduly burdensome, seeks information irrelevant to this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections and the General Objections and upon entry of a Confidentiality Order, Kotva will make documents concerning communications between or among Kotva, Richard Harazim, Martin Benda, Andrew Weiss and Weiss Asset Management LLC, Ondrej Peterka, Vladimir Hoffman, [and] Georgiy Nikitin available for inspection and copying.

2

3.    The police officer's letter provides Kotva no cover for three reasons. First, it is simply not a valid objection to discovery under U.S. law. Kotva cites no case for the proposition that a party to a U.S. civil proceeding may refuse discovery because a police officer in a foreign country asks it to do so. Second, Kotva failed to raise this objection when it responded to the Weiss Parties' discovery requests in September 2005 and, over seven months later, *has still not moved for a protective order* on this issue. Had it moved for a protective order, Kotva would have had the burden to show that it was entitled to relief under Fed. R. Civ. P. 26 (c). That rule provides no basis for a protective order based on a mere request from a police officer. Third, the unsworn letters and translations attached as Exhibit B to the Opposition fail in substance. There is no assertion of any legal basis whatsoever for the direction to Kotva to not provide copies in discovery. There is no statement of any penalty to Kotva if it declines to accede to the police officer's request. Certainly, it must be Kotva's burden to substantiate a legal ground for its refusal to comply with discovery obligations beyond the submission of an unsworn letter from a police official citing no authority.

4.    The Court should sanction Kotva for its failure to produce these videotapes, its attempts to obscure their existence from the Weiss Parties and its spoliation of the originals by apparently voluntarily giving them to the police six months after the Weiss Parties requested them. Kotva's behavior with respect to these tapes is the latest indication that Kotva is willing to flout its discovery obligations while using the patently bogus criminal complaint and its pleadings and other papers in this case as a way to defame Mr. Weiss. This suit began in April 2005 with sham allegations of securities fraud and RICO violations that are so facially defective that their sole purpose could only be to tarnish the reputation of Mr. Weiss and Weiss Asset

Management.[3]    On September 8, 2005, counsel for Kotva refused to produce any documents at all unless the Weiss Parties agreed to an unworkable and unfair confidentiality order.    On September 23, 2005, the Weiss Parties filed a motion to compel.    On October 21, 2005, Kotva filed an opposition to this motion and made its first production of a scant 152 pages.    A few weeks later, Kotva produced another 113 pages.    On January 6, 2006, the Discovery Master allowed the Weiss Parties' Motion to Compel and ordered Kotva to produce documents "forthwith." The Discovery Master denied the Weiss Parties' motion for expenses and sanctions "without prejudice to renewal if production is not made consistent with the terms of [the January 6, 2006] Order." As described above, production has not been made consistent with the terms of that Order.    Later in January 2005, Kotva issued subpoenas to Mr. Weiss's investors and a Boston University colleague referencing Mr. Weiss's alleged "indictment" in the Czech Republic.    Kotva later acknowledged that Mr. Weiss has not been indicted.    Kotva's subpoenas also apparently failed to include a copy of the Court's December 13, 2005 Order, as required by that Order.    Kotva's subpoenas, which its counsel may issue only as officers of the Court, bear the imprimatur of the U.S. Courts and were used as a vehicle to make defamatory statements.    In February 2006, the Discovery Master denied Kotva's Motion for a Protective Order with respect to certain documents reflecting the escrow arrangement.    Kotva objected to this decision, and, on April 8, 2006, the Court overruled that Objection, adopting the Order of the Discovery Master as an Order of the Court.    Nearly a month has gone by, but Kotva has *still* not produced the documents at issue.

---

[3] Mr. Weiss and Weiss Asset Management LLC filed a motion for judgment on the pleadings on April 4, 2006.  Kotva has yet to respond to this motion, having requested a total of six weeks to respond.

5.      At some point, the Court must put a stop to this behavior.  The Weiss Parties believe that Kotva's actions have reached that point.  *See Morgan v. Mass. Gen. Hosp*, 901 F.2d 186, 195 & n.6 (1st Cir. 1990) (approving dismissal of case because of failure to "timely and properly answer written interrogatories . . . [and] comply with discovery" among other misconduct reflected "a persistent pattern of disregarding or disobeying the requirements of the Federal Rules of Civil Procedure, the Local Rules of the . . . District Court and explicit court orders"); *Legault v. Zambarano*, 105 F.3d 24 (1st Cir. 1997) (affirming the district court's order of sanctions after numerous false statements to the court and failure to produce responsive documents); *Big Top USA Inc. v. Witten Group*, 183 F.R.D. 331, 340 (D. Mass 1998) (dismissing the case after failure to comply with court orders on discovery because "this was not a one-time indiscretion.  At every turn, Big Top and its attorney fought the court process, making it difficult to proceed to the merits of the case."); *McGuire v. Acufex Microsurgical Inc.*, 175 F.R.D. 149, 153 (D. Mass 1997) (recognizing that the district court "may impose sanctions against a litigant 'who is on notice that documents and information in its possession are relevant to litigation or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information.'") (quoting *ABC Health Svcs. v. Int'l Bus. Mach. Corp.*, 158 F.R.D. 180, 182 (S.D. Ga. 1994)).  The Weiss Parties respectfully request that the Discovery Master enter an order recommending sanctions to be imposed upon Kotva.

6.      Kotva next challenges Mr. Weiss's narrow motion for a protective order by first mischaracterizing the Motion, then mischaracterizing the law, and, finally, attacking counsel for Mr. Weiss based on misstatements and half-truths.

7.      It is not the case, as Kotva argues, that "Weiss asks that he be excused from giving a deposition." Opp. at 8.  Rather, he asks that the Court defer his deposition.  Kotva has

noticed six other depositions which it is free to take and the Weiss Parties have produced over 11,000 pages of documents. The narrow relief sought in the protective order is the deferral of a single deposition until Kotva's audacious misuse of the Czech criminal process to both exert leverage over Mr. Weiss and provide an excuse for its refusal to comply with its obligations to the Weiss Parties and this Court ceases. Kotva's use of criminal process is clearly a sham: the conduct at issue is not criminal.[4]    Kotva has the audacity to utilize the pendency of the very criminal investigation *it* orchestrated to withhold discovery, without complying with its obligation to file a motion for a protective order or otherwise to seek leave of Court.

8.    Mr. Weiss has not, as Kotva repeatedly alleges with no evidentiary support, "refused to accept service" (Opp. at p. 2) of anything, nor has he "interfere[d] with service of the criminal charges." Opp. at p.5.  Again, these statements in the Opposition are flatly untrue. Since news of the investigation broke in February 2005, Mr. Weiss has lived at the same address listed in the Czech Police's resolution, but the Czech authorities have never contacted him. Only recently did the U.S. Attorney's Office serve him with a subpoena to testify in response to a request by the Czech Government under the Mutual Legal Assistance Treaty. That subpoena is

---

[4] That the conduct is not criminal under U.S. law is well settled. *E.g.*, *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088 & n.2 (11th Cir. 2004) (holding that neither threats to litigate nor actual litigation can constitute extortion under federal law); *Deck v. Eng'd Laminates*, 349 F.3d 1253, 1257–58 (10th Cir. 2003) ("[W]e join a multitude of other courts in holding that meritless litigation is not extortion under § 1951."); *I.S. Joseph Co. v. J. Lauritzen A/S*, 751 F.2d 265, 267 (8th Cir. 1984) ("We cannot agree that the threat [to bring a civil action] alleged here constituted the infliction of 'fear' for purposes of the extortion statute."); *Dias v. Bogins*, No. 97-1612, 1998 U.S. App. LEXIS 536, at *2 (1st Cir. Jan. 13, 1998) (unpublished) ("[A] threat to sue . . . is not extortion under federal law."); *Di Giambattista v. McGovern*, No. 92-1168, 1992 U.S. App. LEXIS 23569, at *10 (1st Cir. Sept. 4, 1992) (unpublished) (same).  With respect to the law of the Czech Republic, undersigned counsel are not aware of a single case in which someone was convicted of extortion for threatening to bring a lawsuit or actually bringing a lawsuit.  The only reason that the U.S. courts have caselaw on this subject appears to be that private plaintiffs— rather than the Department of Justice—have (unsuccessfully) sought to stretch the barriers of Hobbs Act extortion in order to bring civil RICO claims.

presently the subject of separate proceedings in this Court that are under seal, as initiated by the

U.S. Attorney's Office.

      9.      Throughout its Opposition, Kotva relies heavily on three cases that are not on

point.

> •   *United States v. Balsys*, 524 U.S. 666 (1998) relates to the circumstance in which
> the U.S. constitutional right against self-incrimination can be invoked due to fear
> of prosecution in a foreign country. The citation to this case is Kotva's attempt to
> erect a straw man that it can knock down. Mr. Weiss never suggested that the
> protective order he seeks is mandated by the U.S. Constitution. *See* Weiss Mem.
> at 7 (noting that "[i]t is not inherently unconstitutional . . . to proceed with parallel
> civil and criminal proceedings"). Rather the protective order is justified by the
> inherent unfairness of Kotva's coordinated abuse of the Czech and U.S. legal
> systems and refusal to provide discovery. At a minimum, before Kotva takes *any*
> depositions, Kotva must first provide the discovery the Weiss Parties have sought,
> including a deposition of Martin Benda that was noticed before Kotva noticed any
> depositions.[5]

---

[5] In any event, *Balsys* is distinguishable from this case. In *Balsys*, Justice Souter concluded the Court's opinion by writing: "This is not to say that cooperative conduct between the United States and foreign nations could not develop to a point at which a claim could be made for recognizing fear of foreign prosecution under the Self-Incrimination Clause as traditionally understood. . . . . Whether such an argument should be sustained may be left at the least for another day, since its premises do not fit this case." *Balsys*, 524 U.S. at 698–99. The premises Justice Souter spoke of fit the case before this Court. Mr. Balsys was the subject of a subpoena from the Department of Justice. He claimed fear of prosecution by one of three foreign nations, but no foreign proceedings were ongoing and the DOJ was not acting in concert with any foreign government. In contrast, the civil plaintiff in this case is the moving force behind ongoing foreign criminal proceedings. Should Mr. Weiss be formally accused of a crime in the Czech Republic, he would have a right against self-incrimination recognized by the Czech constitution.

- Similarly, *Lugo v. Alvarado*, 819 F.2d 5 (1st Cir. 1987) misses the mark. In *Lugo*, the defendants sought "a stay of *all* discovery," pending the outcome of a motion for summary judgment on the issue of qualified immunity to damages. *Id.* at 5 (emphasis in original). Since the plaintiffs sought injunctive relief as well, the District Court found the total stay to be unjustified, but "left the door open" to a more narrowly tailored protective order. *Id.* at 6.

- Finally, in *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494 (S.D.N.Y. 1987), the defendant in the parallel criminal case *had already plead guilty* and was awaiting sentencing. Such is not the case here.

10.     Kotva next resorts to attacking counsel for the Weiss Parties for what Kotva characterizes as "questionable tactics with respect to the deposition of Kotva's Rule 30(b)(6) witness." These attacks are wholly without merit.

11.     Kotva claims that counsel for the Weiss Parties "provid[ed] an interpreter that did not speak Czech." Opp. at 18. This is a false statement. At Kotva's request, counsel for the Weiss Parties arranged for a Czech interpreter through a professional translating service. Counsel for the Weiss Parties gave Kotva over two week's notice so they would have the opportunity to satisfy themselves that the interpreter was adequate. *See* Exhibit B. The interpreter's resume is attached as Exhibit C. When, to everyone's disappointment, the interpreter was not performing

---

*See* Charter of Fundamental Rights and Basic Freedoms Art. 37. The strong link between the criminal and civil proceedings takes this case outside of the scope of *Balsys*. If U.S. courts fail to recognize a privilege against self-incrimination—either under the U.S. Constitution, treaties or customary international law—when another country's constitution recognizes a privilege against self-incrimination, then any foreign government who wishes to compel testimony from a U.S. citizen need only find a willing "victim" of a "crime" to bring suit in a U.S. court and notice a deposition. U.S. law should not permit such an end run around the fundamental rights of Americans accused of crimes elsewhere in the world.

BST99 1501253-3 072198 0012

at a satisfactory level, counsel for the Weiss Parties undertook extraordinary efforts to secure a second interpreter who flew to Boston from Philadelphia for the second day of the deposition.[6] In gratitude, Kotva now argues that undersigned counsel knowingly engaged in the "tactic" of supplying a counterfeit interpreter.

        12.    Counsel for the Weiss Parties arranged for real time transmission of the rough transcript prepared by the stenographer.    The rough transcript was available to defendants' counsel at counsel table during the deposition.  The rough transcript was also to be sent over the internet to Mr. Weiss' counsel in the Czech Republic.  *See* Exhibit A (deposition transcript, pp. 3-8).  There are no restrictions whatsoever as to whom a party may send a copy of the deposition transcript.  Nor is a party under any obligation to inform its adversaries as to the who, when, where, why or how of the distribution of a deposition transcript.    Kotva's complaint is completely baseless.  Finally, it is simply not true that "[o]nly when Kotva insisted on contacting the Court did Weiss relent and terminate the live feed to the Czech Republic."  The truth is that only when Mr. Beckman complained to the point of not starting the deposition that Mr. Leibensperger agreed to terminate the internet connection, noting that the rough transcript was immediately available for distribution to Mr. Peterka and others even if not transmitted "live."

---

[6] Mr. Harazim testified in English for most of the first day.

9

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K T, INC. and CVF
INVESTMENTS LTD.

By their attorneys,

Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: May __, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and all attachments
will be sent electronically to the registered participants as identified on the Notice of Electronic
Filing (NEF) and paper copies will be sent to those indicated as non registered participants on
May __, 2006.

Edward P. Leibensperger

# EXHIBIT A

Richard Harazim

02/22/2006

Page 1

1    VOLUME 1, PAGES 1 - 234

2    EXHIBITS 1 - 22

3    IN THE UNITED STATES DISTRICT COURT

4    FOR THE DISTRICT OF MASSACHUSETTS

5    No. 05-10679-RCL

6    - - - - - - - - - - - - - - - - - - - - - - -

7    KOTVA a.s.,

8    Plaintiffs

9    vs.

10   ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,

11   Defendants

12   _____

13   ANDREW WEISS, WEISS ASSET MANAGEMENT LLC,

14   KT, INC. and CVF INVESTMENTS, LTD.,

15   Counterclaim-Plaintiffs,

16   v.

17   KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM,

18   FORMINSTER ENTERPRISES, LTC., SPV CO. and

19   JOHN DOES 1-5,

20   Counterclaim-Defendants.

21   - - - - - - - - - - - - - - - - - - - - - - -

22   VIDEOTAPED RULE 30(b)(6) DEPOSITION OF KOTVA a.s.

23   BY AND THROUGH RICHARD HARAZIM

24   Tuesday, February 22, 2006 10:02 a.m

Page 6

```
1              P R O C E E D I N G S
2        THE VIDEOGRAPHER: Here begins Videotape
3   No. 1 in the deposition of Richard Harazim in the
4   matter of Kotva v. Andrew Weiss, Et Al, in the United
5   States District Court for the District of
6   Massachusetts, Case No. 05-10679(RCL). Today's date is
7   February 22nd, 2006. The time on the video monitor is
8   10:02 a.m.
9        The video operator today is Wesley Hicks,
10  contracted by LegaLink Boston. This video deposition
11  is taking place at 28 State Street, Boston,
12  Massachusetts, and was noticed by Edward P.
13  Leibensperger of McDermott, Will & Emery.
14       Counsel, please voice identify yourselves
15  and state whom you represent.
16       MR. LEIBENSPERGER: My name is Edward
17  Leibensperger. I represent the defendants. With me is
18  Benjamin Goldberger and Sylvia Kratky of McDermott,
19  Will & Emery.
20       MR. BECKMAN: Joel Beckman, representing
21  the plaintiff, Kotva. And before we begin, I just want
22  to state on the record before we started the
23  deposition, I learned for the first time that
24  defendants intended to have a live feed of the
```

Page 7

```
1   deposition transmitted to the Czech Republic to
2   Attorney Peterka. We objected to this on the basis of
3   the Mr. Peterka being a witness to the criminal
4   prosecution of Mr. Weiss, and because he has not
5   entered an appearance in this case.
6        Furthermore, Mr. Leibensperger has
7   represented to me that they've agreed not to, because
8   of our objection, not to transmit a live feed to the
9   Czech Republic. And will you confirm,
10  Mr. Leibensperger, there is no live feed to the Czech
11  Republic?
12       MR. LEIBENSPERGER: There is no live
13  transmission of the transcript to Mr. Peterka in the
14  Czech Republic.
15       THE WITNESS: Who else is going to have it
16  in Czech Republic?
17       MR. LEIBENSPERGER: There is no live feed
18  to anyone in the Czech Republic. Furthermore, the
19  transmission of the transcript was merely for
20  transmission of the transcript. There was no -- there
21  was no intent for Mr. Peterka to participate in the
22  deposition.
23       THE VIDEOGRAPHER: The court reporter
24  today is Janet Konarski of LegaLink Boston. Would all
```

Page 8

```
1   others present please state your name for the record.
2        THE INTERPRETER: Interpreter, Mark
3   Komlosi.
4        THE VIDEOGRAPHER: Would the reporter
5   please swear in the witness.
6        MARK KOMLOSI, the interpreter,
7   was duly sworn.
8            RICHARD HARAZIM,
9   having been duly sworn, through the interpreter,
10  after presenting identification in the form of a
11  passport, deposes and says as follows:
12           DIRECT EXAMINATION
13       THE VIDEOGRAPHER: Please begin.
14       MR. LEIBENSPERGER: Can we go off the
15  record just for a moment.
16       THE VIDEOGRAPHER: Going off the record.
17  The time is 10:06 a.m.
18       (Discussion off the record.)
19       THE VIDEOGRAPHER: Going back on the
20  record. The time is 10:07 a.m.
21  BY MR. LEIBENSPERGER:
22       Q.  Please state your full name.
23       A.  Richard Harazim.
24       MR. BECKMAN: There is one other issue
```

Page 9

```
1   that we need to raise. Pursuant to Rule 30(b)(6),
2   Mr. Harazim is designated to give testimony on behalf
3   of Kotva with respect to the subject matters in the
4   defendant's deposition notice.
5        Mr. Harazim, as the corporate designee, is
6   only prepared to testify with respect to those subject
7   matters. Mr. Harazim is not testifying today in his
8   individual capacity.
9        MR. LEIBENSPERGER: I'm not going to fill
10  the record with objections, but I believe Mr. Harazim's
11  testimony is in both an individual capacity and as the
12  corporate representative.
13       MR. BECKMAN: There is no individual
14  deposition notice, only a 30(b)(6) deposition notice.
15       THE WITNESS: I am here as -- I understood
16  what you said. I'm here to represent a company called
17  Kotva.
18  BY MR. LEIBENSPERGER:
19       Q.  What is your address, sir?
20       A.  I spell. U, next word, B-A-Z-A-T-N-I-C-E,
21  No. 305. The zip code is 25073. The city is called
22  P-R-E-Z-L-E-T-I-C-E, Czech Republic.
23       Q.  Did you ask for an interpreter today?
24       A.  Yes.
```

Richard Harazim, Vol. 2                                              2/23/2006

Page 308

1    A.   The spirit of the sentence is correct.
2  After the long period of time, I am not able to confirm
3  that those particular, those words were used, and this
4  is what I mean by saying that the document is more
5  specific than I would specify.
6    Q.   Yesterday when you testified about the
7  May 12, 2004 meeting, you did not say that you told
8  Mr. Weiss that his activity was criminal. Correct?
9        MR. BECKMAN:   Objection.
10        THE INTERPRETER:   But, I didn't eliminate
11  it.
12    A.   Exclude it.
13        THE INTERPRETER:   I didn't exclude it.
14    Q.   Well, you recall you testified about a
15  conversation you had with Mr. Hoffmann leaving the
16  meeting, and I believe you testified that in that
17  conversation you referenced that the activity might be
18  criminal?
19    A.   Yes.
20    Q.   All right. But, you did not testify you
21  told Mr. Weiss that?
22        MR. BECKMAN:   Objection.
23    A.   If I remember correctly, I also did not
24  exclude that possibility.

Page 309

1    Q.   Do you recall whether you told Mr. Weiss
2  that his activity was criminal?
3    A.   This is, we are talking about a meeting
4  two years ago, and that meeting was heated, and I of
5  course don't recall every individual sentence said.
6  Even if I am trying to be as accurate or as exact as
7  possible, it is not humanly possible to remember
8  everything after two years.
9    Q.   So, your answer is you don't recall?
10        MR. BECKMAN:   Objection.
11    A.   My answer is that I think that we were
12  talking about this topic, but I cannot repeat the
13  sentence. But, the situation with Mr. Hoffmann, I can
14  repeat very exactly, because I remember that situation.
15    Q.   Please go to Page K5088, and the second
16  heading of "Dulkazy." Would you read what the first
17  bullet point is under that?
18    A.   "Video recordings from the negotiations
19  between Mr. Benda and Mr. Hoffmann."
20    Q.   What video recordings are there between
21  Mr. Benda and Mr. Hoffmann?
22    A.   Those are the recordings from the meetings
23  which took place during August, between Mr. Benda and
24  Mr. Hoffmann.

Page 310

1    Q.   I asked you before whether there were
2  video recordings of the August meetings. Do you now
3  recall that there are?
4    A.   I thought that we were talking only about
5  the meeting from August 2nd.
6    Q.   All right. Between August 2nd and
7  August 27, were there meetings between Mr. Hoffmann and
8  Mr. Benda?
9    A.   Yes.
10    Q.   How many?
11    A.   I can only read it, but I don't remember
12  it. There were four meetings.
13    Q.   And how many were videotaped?
14    A.   Kotva tried to record all of them.
15    Q.   By video?
16    A.   Yes. Video recording.
17    Q.   Do you have the video recordings?
18    A.   The video recordings are not usable
19  because of their technical quality. We didn't use them
20  during that court -- during this case. And they are
21  stored in our law office.
22    Q.   Okay. They're listed as evidence in this
23  letter, correct?
24        THE INTERPRETER:   It was, we were thinking

Page 311

1  about it. We were considering it.
2    A.   They were meant to be evidence, yes.
3        MR. LEIBENSPERGER:   Again, we demand the
4  production of that, those videotapes. We've requested
5  them. They were not produced, and I think this has
6  really hampered our ability to take discovery from
7  Mr. Harazim.
8        MR. BECKMAN:   Well, you can create your
9  record, but we'll consider your request.
10        MR. LEIBENSPERGER:   You already responded
11  to the request that you would produce all audiotapes
12  and videotapes, and you haven't done it.
13  BY MR. LEIBENSPERGER:
14    Q.   After the police -- well, strike that.
15  Start over. Before August 27, 2004, were you
16  consulting with the police in any way?
17    A.   No.
18    Q.   And so is it correct that the police had
19  no idea about any of this until August 27, 2004?
20    A.   Correct.
21    Q.   After August 27, 2004, you continued to
22  have communications with Mr. Weiss and his associates?
23    A.   Yes.
24    Q.   Do you recall that there was a meeting on

20 (Pages 308 to 311)

# EXHIBIT B

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington D C

Benjamin A Goldberger
Associate
bgoldberger@mwe com
617 535 4483

February 2, 2006

VIA ELECTRONIC MAIL AND FIRST CLASS MAIL

William C. Nystrom
Joel G. Beckman
Daniel J. Pasquarello
Nystrom Beckman & Paris LLP
10 St. James Ave , 16th Floor
Boston, MA  02116

Re:   Kotva a.s. v. Andrew Weiss et al., C A  No  05-10679-RCL

Dear Gentlemen:

I write regarding Kotva's upcoming 30(b)(6) deposition.

You told us that Richard Harazim would testify on behalf of Kotva. You also requested that the deposition questions be translated into Czech and Mr. Harazim's answers be translated into English. Accordingly, we have arranged for e Czech / English interpreter through an independent agency, Transperfect Translations. For reference, the company's website is at http://www.transperfect.com/

Videographic and stenographic recording of Mr. Harazim's testimony will be provided by Legalink. The stenographer will take down only the English questions, objections and translated answers and will not record anything said in Czech by either the interpreter or Mr. Harazim. The videographer will record everything.

If you have any questions about the deposition, please do not hesitate to contact me

Truly,

Benjamin A. Goldberger

cc:     Edward P  Leibensperger, Esq

# EXHIBIT C

**R E S U M E**                 **CZECH / SLOVAK > < ENGLISH**
                                **INTERPRETING & TRANSLATIONS**


**Mark KOMLOSI,**

155 East 96th Street, Suite 5 B
New York, NY. 10128


**BACKGROUND:**

Native of Czechoslovakia,  Graduate School, Dpt of Psychology, Comenius  University,  Bratislava,
Slovakia.
Resident in London for two years, Psychology Department, University College London, Great Britain.
Resident  in  New York City since 1970.  US citizen.  Graduate  training at Teachers College, Columbia
University and  other US Graduate Schools.
Practiced  as a  psychologist, later worked in training, marketing.  Experience in the legal  field.

**EXPERIENCE:**
**Translations  and  interpreting   from and to  Czech, Slovak  and English language  since  1995.**

Currently  employed  by the US Department of Justice,  I.N.S, Per Diem and in  the NYS Court System.
Worked also for the United States Agency for International Development (USAID), Transit-Europe
(Out of state, extended  time travel / interpretations with government and business officials.)

**Certified and sworn** as an  interpreter in  the Civil, Criminal and other  New York State and City Courts.
Registered with the State of  New Jersey, listed on the Web.

**Associated with and worked  for numerous  metropolitan  area  agencies :**
Corps Diplomatique,  Star Interpreting,    Legal Interpreting Services, Inc,  TranZ-lations Inc. N.J.
and several others.

**Primary  focus, assignments and experience :**  Law firms, attorneys, ( EBT's, interviews, consultations),
Municipal. State, Federal courts.  Individual and group tours.  Consultations for physicians and  hospitals.
Voice over.
Translations of documents, publications. Proofreading.  **Interpretations  on  the telephone.**
Available  also for out of state  assignments. .Service  provided in  New York, New Jersey, Connecticut..


**Service  by appointment.**   Please, leave a detailed, specific message - with time, date, location.

**SLOVAK  and CZECH  <  >  ENGLISH   - INTERPRETING  and  TRANSLATIONS**

Service in the  Tri-State   Area


Areas  of  focus:       Legal (EBT, Trials,Depositions ),  Medical,  General
                        Interpretation on the telephone