UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA A.S., | ) |
| | ) |
| | ) Civil Action No. 05-10679-RCL |
| v. | ) |
| | ) |
| WEISS, ET AL. | ) |

ORDER OF SPECIAL MASTER

After hearing held on May 11, 2006, and a teleconference held on May 24, 2006, at which counsel for both plaintiff Kotva, a.s. ("Kotva"), and defendants Andrew Weiss and Weiss Asset Management, LLC (collectively ("Weiss") were present, it is hereby ORDERED:

A. With respect to Kotva's Motion to Compel, filed on April 4, 2006:

    1. <u>Redactions</u>  Redactions to responsive documents may not be made without a court order authorizing the redaction or, alternatively, by agreement with the opposing party.[1] Good cause for the proposed redaction must be demonstrated. In general, good cause will be established if the moving party demonstrates that the proposed redaction relates to privileged material or material containing confidential business information or private, embarrassing facts. That responsive documents also contain harmless, irrelevant information will not support a motion for a protective order authorizing redaction. Weiss shall produce unredacted documents within twenty days of this order or shall file a motion for a protective order, submitting the proposed redactions under seal for *in camera* inspection.

    2. <u>Privilege Log</u>  All responsive documents which are withheld on the ground of attorney-client privilege or the work-product doctrine or some other asserted basis of protection,

---

[1] The parties are, of course, free to agree between themselves that certain information, such as legal fees, will be redacted.

must be logged, *except for the following:* (1) work-product material maintained in the attorneys' internal files that was never transmitted outside the law firm unless such material memorializes relevant, nonprivileged communications; and (2) attorney-client communications and work product exchanged between any of the parties' respective counsel of record in the instant case, the parallel Czech litigation, and the Czech criminal proceeding, and their respective clients, clients' representatives and counsel's agents, with respect to this case or the parallel Czech proceedings, civil and criminal, and which were created *after* December 23, 2004. This cut-off date is the date on which the KT, Inc. litigation was commenced, and is warranted by the specific allegations of the complaint which tie the commencement of the Gilroy and KT litigation to the alleged extortion scheme. Communications and documents exchanged between parties or counsel alleged to be within the common interest umbrella must be logged.

The logs must identify the author(s) and recipient(s); the person or entity whom the attorney represents; the date the communication was created or transmitted, as applicable; the nature of the communication, and the basis for the claim of privilege or protection. The log should not contain or reveal privileged communications. To the extent the logs prepared by the parties to date do not comply with this directive, the parties shall amend their respective logs so that they provide all the foregoing information. Both parties shall serve their amended and completed privilege logs within 45 days of this order.

      3. <u>Crime-Fraud Exception</u>   With respect to Kotva's claim that the attorney-client privilege must be pierced on the basis of the crime-fraud exception, the motion to compel the production of privileged documents is DENIED without prejudice because Kotva has not met its burden to establish, on a *prima facie* basis, that Weiss was engaged in or was planning a criminal

or fraudulent activity when the communications took place; and that the communications in question were intended to facilitate or conceal the criminal or fraudulent activity. *See In re Grand Jury Proceedings (Violette)*, 183 F.3d 71, 75 (1st Cir. 1999). With respect to Kotva's request for a preliminary *in camera* review, the Court has the discretion to conduct such review if the party seeking to pierce the privilege makes a factual showing sufficient to warrant a good faith belief in a reasonable person that "*in camera* review may reveal evidence to establish the claim that the crime fraud exception applies." *United States v. Zolin*, 491 U.S. 554, 572 (1989); *In re Grand Jury Proceedings*, 417 F.3d 18, 22-23 (1st Cir. 2005). "The court should make that decision in light of the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through *in camera* review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply." *Zolin*, 491 U.S. at 572.

Where the party seeking to pierce the attorney-client and work-product privileges is a federal grand jury, or as in *Zolin*, the IRS, conducting an investigation into a criminal matter, the inquiring party is not itself the subject of the communications. The grand jury or the investigative agency is disinterested in the content of the communications, apart from whether those communications bear on its investigation. In contrast, Kotva's interest in learning about Weiss's litigation strategy is not disinterested; Kotva is itself the subject of the communications and stands to benefit directly from disclosure of Weiss's litigation strategy, quite apart from whether the communications support the allegations in the instant case. Whereas a federal grand jury is not in a position to use or abuse the content of the attorney-client communications, Kotva is. Piercing

the privilege in order for a grand jury to determine, for example, whether an attorney facilitated the client's obstruction of justice or concocted a money-laundering scheme – subjects outside the proper scope of an attorney-client relationship, and of no intrinsic interest to the grand jury apart from its evidentiary value –  is quite different from opening up to one party the entire litigation file of its adversary on the ground that the litigation between the parties was initiated for an improper purpose.  I note, too, that privileged communications pierced by the grand jury remain secret pursuant to Fed. R. Crim. P. 6.  There is no such protection in the civil arena, and even a protective order would not and could not prevent the harm of disclosure of one party's privileged communications to the opposing party.  In short, these considerations counsel the exercise of great caution in piercing the privilege in the context of this case.

    I conclude that Kotva has not demonstrated a basis to believe that the privileged communications were for the purpose of fostering or concealing the allegedly criminal activity, as opposed to ordinary strategic and tactical considerations inherent in bringing litigation.  Kotva's showing falls short of demonstrating a good faith basis upon which a reasonable person may believe that *in camera* inspection may reveal documents that should lose their status as privileged or protected documents.  While the documents Kotva seeks to discover will undoubtedly reveal Weiss's litigation strategy, business strategy, and so forth, this material does not lose its privileged status simply because Kotva alleges that the litigation had an improper purpose.  Rather, Kotva must demonstrate on a *prima facie* basis that the communications are likely to reveal evidence of a plan to extort *as opposed to* litigation strategy.  This threshold has not been met.

    Even if Kotva's showing meets *Zolin*'s lesser threshold for *in camera* review, I decline, in the exercise of my discretion, to conduct such review at this time.  For one thing, Kotva has not

4

proposed which among the thousands of privileged or protected documents it contends warrant preliminary *in camera* review. For another, the fact of the litigation speaks for itself. If extortion was intended, one would expect that there would be non-privileged communications, *e.g.*, extortionate demands made to Kotva, demonstrating such intent. And, indeed, the complaint alleges such demands. It is difficult to see what the attorney-client communications and work product would materially add to this evidence that is not piling on. And, finally and most critically, Kotva offers no guidance on how I should distinguish between perfectly usual attorney-client communications weighing litigation strategy, pros and cons, risks and benefits, from what Kotva alleges is improper facilitation of an extortion scheme. Even Exhibit I to Kotva's Motion to Compel, consisting of email correspondence between Dave Johnson and Vladimir Hoffmann begs the question: I interpret the communication to concern an evaluation of litigation and business strategy designed to maintain the value of the Kotva shares rather than "damning" evidence of extortion. In sum, balancing the likelihood of discovering material, admissible evidence warranting piercing the privilege against the burden of wholesale *in camera* review, I decline, in the exercise of my discretion, to conduct such review.

    If the amended privilege log or other discovery, such as communications with investors, gives rise to a reasonable inference that particular, identifiable communications or categories of communications between Weiss and Hoffmann or others were intended to foster and promote an extortionate scheme as opposed to advantageous business litigation, the issue of *in camera* inspection will be revisited.

    4. <u>Documents Disclosed to the Press and to the State Department</u>   Documents

which Weiss has voluntarily disclosed to the press or to government agencies are no longer within the attorney-client privilege nor are they protected by the work-product doctrine. If the documents were originally privileged or protected from disclosure, the privilege or protection has been waived by voluntary disclosure to persons and entities who are under no obligation not to disclose the information to Kotva. *See United States v. MIT*, 129 F.3d 681 (1st Cir. 1997). Disclosure to the press is tantamount to full public disclosure and inconsistent with an intention to maintain confidentiality. While Weiss contends that the State Department undertook to maintain confidentiality with respect to certain documents, Weiss has not supported that assertion with affidavits or other factual support, nor has it identified which documents were to be treated confidentially. But, more to the point, Weiss does not establish that it was compelled to turn over the documents to the State Department, nor that it did so on the condition that the State Department would maintain confidentiality. Finally, Weiss has no ability to prevent either the press or the State Department from disclosing information received from Weiss to Kotva. Accordingly, all such documents shall be produced forthwith.

      5. <u>Scope of the Privilege: Weiss-Hoffmann Communications</u>   Communications between Weiss and its Czech representative, Vladimir Hoffmann, for the purpose of seeking legal advice in the Czech Republic on Weiss's behalf, are within the scope of the attorney-client privilege. Business communications between Weiss and Hoffmann, e.g., for the purpose of selling Weiss's holdings in Kotva and Trend, however, are not privileged. To the extent that Weiss retained Hoffmann as its representative for the additional purpose of obtaining legal advice in the Czech Republic, communications between Weiss and Hoffmann for that purpose are protected by the privilege. *MIT*, 129 F.3d at 684. Similarly, communications among Weiss

decision-making employees related to legal advice are within the scope of the privilege. On the other hand, directives from management to employees that are based upon legal advice, but that do not refer specifically to attorney-client communications, are not privileged. To the extent that the parties dispute specific claims of privilege notwithstanding this general directive, a motion describing the specific document or documents and the claim of privilege or waiver may be filed.

6. <u>Woolf Documents</u>   Kotva complains that Weiss has improperly invoked the work-product doctrine with respect to documents it received from James Woolf, who is not a party to this litigation, and with respect to documents exchanged between Weiss and Vladimir Hoffmann or Gilroy. Since Weiss is asserting the protection of the work-product doctrine as to documents in its possession, standing is not an issue. Rather, the issue is whether the work-product doctrine extends to documents in Weiss's possession that were not prepared by Weiss, its attorneys or its representatives. Protection for work product extends to materials prepared by the party, the party's attorneys, and their representatives with respect to other anticipated litigation. *In re Grand Jury Subpoena*, 220 F.R.D. 130, 150 (D. Mass. 2004); 8 Wright, Miller, & Marcus, Federal Practice and Procedure, § 2024 (2d ed. 1994). Disclosure between persons who share a common interest against a common adversary does not effect a waiver of the work-product protection. *See, e.g.*, *Loustalet v. Refco, Inc.*, 154 F.R.D. 243 (C.D. Cal. 1993). In order for the common interest exception to apply, "the party asserting the privilege must show that (1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived." *United States v. Bay State Ambulance and Hosp. Rental Serv. Inc.*, 874 F.2d 20, 28 (1st Cir. 1989). Weiss represents, without benefit of affidavit or specificity, that Woolf and Hoffmann were involved in advancing

analogous claims against Kotva, their common adversary. If this claim is substantiated, material prepared by Woolf or Hoffmann in anticipation of other litigation against Kotva and disclosed to Weiss at a time when Weiss had a common interest with them falls within the protections of the privilege. Weiss has not demonstrated, however, when the common interest between Woolf and Weiss was established, its scope, and when it ended. Accordingly, it is ORDERED that, if Weiss chooses to invoke any privilege or protection with respect to Woolf-Weiss communications, Weiss shall (1) state when the common interest between Weiss and Woolf arose, its scope; and its termination date; and (2) submit the Weiss-Woolf documents for *in camera* review to determine whether the documents withheld from production were made in the course of the common interest and whether they were designed to further that interest. Kotva may challenge Weiss's showing and establish sufficient need to override the privilege if it applies.

      7. <u>Document request nos. 55 - 61 </u>(Documents concerning IPB/Domeana, RIF, etc.). Denied without prejudice. The requests all concern Kotva's allegations that Weiss engaged in what it characterizes as blackmail and extortion in connection with entities unrelated to Kotva. While this general subject may have tangential relevance to prove a pattern of racketeering, as well as intent, the discovery requested is extremely far-ranging, as well as vague and overbroad. The discovery request greatly enlarges the already enormous scope of discovery in this case. Mindful that the District Court has imposed a July 2006 discovery deadline and has not authorized a stay of discovery while motions to dismiss or for judgment on the pleadings are pending, and mindful as well of the cost and burden of such far-reaching discovery as Kotva has propounded, it is ORDERED that Kotva may inquire into these subjects during depositions and through interrogatories and other non-document discovery. At this time, Kotva shall not

propound document requests with respect to these transactions. If Kotva identifies specific and limited categories of documents which are clearly connected to the alleged scheme and can establish a substantial need for the documents, it may move for leave to serve such requests.

8. <u>Document request nos. 4, 6</u>. (Communications with BGO investors concerning Trend, etc.) The requested documents may reveal, along with litigation strategy, admissible admissions. Accordingly, the documents come within the broad scope of discovery. No privilege is asserted. To the extent it has not already done so, Weiss shall produce the text of all communications with BGO investors that concern or refer to Kotva, Trend, the Czech lawsuits, and the criminal proceedings against Weiss in the Czech Republic. Weiss has agreed to produce such documents and will make a supplemental production.

Weiss represents that it has disclosed the "segregated shareholders" who hold the beneficial interest in its holdings in Kotva and Trend shares, i.e., BGO investors as of September 30, 2000. The identity of current BGO investors, which is confidential business information (*see* Declaration of Georgiy Nikitin), shall be redacted from documents produced by Weiss in response to Kotva's document requests. Such identifying information is likely to injure Weiss's business relationships with the current BGO investors with little, if any, concomitant benefit to Kotva. Although the communications are discoverable for their content as possible admissions by Weiss, disclosure of the identity of the BGO investor recipients is more likely to harm Weiss's business interests than it is likely to lead to the discovery of admissible evidence.

9. <u>Document request nos. 35, 38</u> (Shareholder votes and meeting minutes). Kotva seeks production of shareholder votes and meeting minutes which it says Weiss agreed to

but has failed to produce. Weiss represents that it has produced all such documents in its possession. Weiss is directed to certify that it has exhaustively searched for the missing documents.

        10. <u>Veverka correspondence</u>   Weiss represents that it cannot locate Veverka correspondence with Weiss regarding a "proposal" with respect to Kotva. Weiss is directed to certify that it has exhaustively searched for responsive documents and has produced everything in its possession.

    B.   Andrew Weiss's Motion for Protective Order, filed on April 7, 2006, to preclude Kotva from taking Mr. Weiss's deposition pending the resolution of parallel criminal proceedings is hereby DENIED. Where the entire case has not been stayed pending resolution of the criminal case in the Czech Republic, and the parties have conducted extensive discovery, including the deposition of Kotva's CEO Richard Harazim, where it is premature to determine whether and to what extent any of Mr. Weiss's constitutional guarantees may be implicated by any questions posed to him, and where Weiss maintains that his conduct was not conceivably criminal in any respect under either United States or Czech law, Kotva may take his deposition. If Weiss, notwithstanding his position that the Czech criminal proceedings against him are baseless, nonetheless believes in good faith that any particular question or series of questions may subject him to risk of criminal sanctions in the United States, he may, of course, refuse to answer by invoking his Fifth Amendment right not to incriminate himself. The deposition of Mr. Weiss shall not take place unless and until Kotva complies with its outstanding discovery obligations, including those ordered herein as well as depositions that were noticed by Weiss before Kotva noticed Mr.Weiss's deposition .

10

C. With respect to Weiss's Motion to Compel Answers to Interrogatories and Deposition Questions, Production of Documents and for Expenses and Sanctions, filed on April 19, 2006, it is hereby ORDERED:

1. Kotva must answer questions which its Rule 30(b)(6) witness Mr. Richard Herazim refused to answer on the advice of Czech counsel. In the absence of a motion by Kotva for a protective order or a motion to intervene by Czech authorities for the purpose of seeking a protective order, it was improper for Kotva to refuse to answer questions concerning relevant subjects, including the tape recordings of conversations involving Mr. Hoffmann. Moreover, based upon a review of the deposition transcript, it is apparent that counsel repeatedly interposed objections to relevant questions the form of which was unobjectionable and which did not raise issues of privilege, the only proper bases for objections under the stipulation of the parties. Counsel is admonished not to object for reasons other than to preserve privileges or to the form of the question.

2. Kotva shall produce forthwith videotapes requested on August 3, 2005 (*see* request no. 34). Although Kotva agreed to produce responsive documents, notwithstanding its objection to the scope, etc., it did not produce the audio and videotapes that were specifically requested. Kotva asserts that the tapes are no longer in its possession because it turned the tapes over to the Czech police on February 9, 2006. If Kotva has not retained copies of the tapes, then Kotva shall take all steps necessary to retrieve the tapes from Czech police and any other third parties who were given custody or are in possession of the tapes. If, as Kotva represents, the tapes are useless, the Czech police can have no objection to returning them or providing copies of them. If the tapes are not turned over as required herein, Kotva shall account to the Court and

opposing counsel in writing and under oath for the whereabouts of the tapes, the circumstances of its failure to produce the tapes when originally requested and when ordered to produce all responsive documents forthwith, and its efforts to retrieve and produce the tapes pursuant to this Order.

    3. Kotva shall produce all requested documents reflecting the escrow arrangement forthwith, and shall certify to the Court the date upon which discovery has been completed as ordered herein. In addition, Kotva shall produce forthwith all documents that concern or evidence the receipt and holding of the proceeds of the sale of the Kotva Department Store, including documents within Kotva's possession or control which describe disbursements by SPV CO of the proceeds.

    4. Kotva shall produce all documents reflecting powers of attorney (*see* request no. 17) and the J&T Banka documents (*see* request no. 42) in the possession, custody, or control of its employees, officers, directors, or agents, including its attorneys, to the extent that they acquired the requested documents in their official capacity as Kotva employees, officers, directors, or agents. Unless and until the District Court determines that it has jurisdiction over Forminster, Forminster is not required to produce discovery as a party to this proceeding. That said, however, Kotva is required to produce all documents that are within its power to produce. Kotva's principal shareholder may not cause Kotva not to produce documents or discovery otherwise discoverable and Kotva may not collude with its principal shareholder in order to evade its discovery obligations. If documents and things that were once within the possession, custody, or control of Kotva have been transferred to the possession of Forminster, Michal Vlach, attorney Petr Toman or any other person or entity since the commencement of this lawsuit, then such

documents and things must be produced or accounted for.

        5. With respect to the motion to compel Kotva to identify the beneficial owners of Forminster, Kotva has answered under oath that it does not know who the beneficial owners are. Similarly, Mr. Harazim, a director of Forminster from November 30, 1999, to October 30, 2002, has testified under oath that he does not know who the beneficial owners are. The corporate veil between Forminster and Kotva has not been pierced, and Forminster's motion to dismiss for want of jurisdiction is still pending. Arguments asserting the incredibility of Kotva's and Mr. Harazim's responses to date are more properly directed to the Court in connection with the motion to dismiss Forminster. That said, Kotva is obligated to exercise due diligence to ascertain whether its employees, officers, directors, or agents know the requested information or possess the requested documents. Kotva is hereby ordered to describe the steps it took to respond to interrogatory no. 1 with respect to Forminster, and the individuals whose knowledge is reflected in the response. If the response does not reflect the knowledge of all Kotva employees, officers, directors, and agents, Kotva shall supplement the response forthwith. If someone who happens to be a Kotva agent came by the requested information in some other capacity, and if divulging that information would violate fiduciary or contractual obligations to such other principal, then the information need not be disclosed.

        6  Certain of Weiss's document requests to Kotva concern transactions between Messrs. Harazim and/or Benda and/or others on the one hand, and Forminster on the other. *See* request nos. 18, 19. It is difficult to see why Kotva would have copies of such documents reflecting transactions that do not concern Kotva. A document in the hands of a corporate officer or director or a shareholder is not automatically also in the possession of the corporation.

If the document is in the possession of the officer, director, or shareholder because of the officer's, director's, or shareholder's personal business, even if that business concerns the corporation, and not the corporation's business, then the document is not in the possession of the corporation merely because it is in the hands of the officer or shareholder.  Put another way, the officer's, director's, or shareholder's possession must be as the agent of the corporation, not in his or her individual capacity.  Similarly, an outside attorney need only produce those documents and provide that information which he or she acquired as a result of the attorney's representation of the corporation and not by virtue of his or her representation of other clients.  Both request nos. 18 and 19 appear to be seek documents which concern transactions between Forminster and others – not Kotva.  Possession of responsive documents in the hands of Forminster, Benda, Harazim and others may not be imputed to Kotva unless and until the veil between them and Kotva is pierced, or unless the possession occurred in the entity or person's official capacity as an agent of Kotva.  Applying the principles set forth herein, Kotva shall supplement its responses to request nos. 5, 9, 12, 18, 19, 8, 3, 20, 21, 23, and 27.

       7.  <u>Sanctions</u>   At this time, the parties' respective motions for sanctions are DENIED.  While I am particularly concerned about Kotva's failure to produce the audio/videotapes and escrow documents in the face of an order to do so, as well as Mr. Harazim's baseless refusal to answer deposition questions related to the tape recordings of Mr. Hoffmann, I credit Mr. Beckman's explanation that Kotva's failure to produce the audiotapes, in particular, was inadvertent and not, as it appeared, a deliberate flouting of the production order.  I also am persuaded that neither party has been wholly in the right with respect to discovery.  I am also mindful that some of the issues, particularly with respect to the scope of the attorney-client

14

privilege and constructive possession, are complex and that the parties' positions have been generally advanced in good faith. That said, continued failure to produce documents, witnesses, and the privilege log already ordered produced will result in the imposition of sanctions.

So ordered this 26th day of May, 2006.

/s/ Jeanne M. Kempthorne
_____
Special Master