UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KOTVA A.S.,            )
                       )
                       )   Civil Action No. 05-10679-RCL
      v.               )
                       )
WEISS, ET AL.          )

ORDER OF SPECIAL MASTER

By letter from counsel dated June 2, 2006, Kotva requested "clarification" concerning para. 3 on page 12 of the Order of May 26, 2006. Specifically, Kotva challenges the following language:

> In addition, Kotva shall produce forthwith all documents that concern or evidence the receipt and holding of the proceeds of the sale of the Kotva Department Store, including documents within Kotva's possession or control which describe disbursements by SPV CO of the proceeds.

While Kotva frames its request as seeking clarification, Kotva apparently seeks to have the requirement deleted from the Order. Kotva argues that the Order is beyond the scope of Weiss's motion to compel, was neither briefed nor discussed during the hearings on the outstanding motions, and is the subject of the meet-and-confer process. Finally, Kotva states that the requirement that it divulge documents which describe disbursements of the proceeds from the sale of the department store "would place Kotva in an untenable position under Czech law as many of the documents concerning 'disbursements' would contain confidential insider information that Kotva could not reveal to a single shareholder . . . without providing the same information to all of its shareholders."

The disbursement documents were requested in August 2003. Weiss's First Request for Production of Documents, request no. 8. The documents, which are plainly relevant, indeed

1

central to the allegations in this case, were ordered produced in January 2006, five months ago. At this juncture, it is disingenuous of Kotva to claim it has not had sufficient process with respect to this issue. There was no need for Weiss to file another motion to compel. Kotva had already agreed to make production subject to its objections and upon condition of entry of a confidentiality order. And, the Special Master had ordered Kotva to produce the documents and had established a procedure for handling claims of business confidentiality. Finally, Weiss did indeed raise the issue of the non-production of documents evidencing the disbursement of the sale proceeds in its submissions on the discovery motions which were disposed of in the May 26 Order. Indeed, there has been more than enough process about the production of these documents which were requested ten months ago.

Similarly unavailing is Kotva's claim that it has been "preempted" from seeking a protective order with respect to these documents and has not been heard on the issue. The parties are not entitled to a hearing on each and every discovery issue, but in this case, the parties have been afforded ample opportunity to be heard and to file a motion for a protective order. Indeed, Kotva has already filed, and I have ruled on, a motion for a protective order with respect to confidential business information. *See* Kotva's Motion for Protective Order, dated January 17, 2006; Order of Special Master, February 13, 2006. Accordingly, the notion that Kotva has been "preempted" from filing a motion for a protective order is completely baseless. Finally, Kotva was afforded ample opportunity to address and respond to Weiss's submissions in the hearings held in May. I see no reason for a further hearing or further delay.

Even at this juncture, after months and months of delay, Kotva does not articulate a good reason why it should not produce plainly relevant documents forthwith. If compliance with its

discovery obligations would place Kotva in an "untenable position under Czech law" – a proposition which is far from obvious – then Kotva may have difficult choices to make. But, this argument sounds particularly hollow given that there is already a procedure in place to protect confidential business information, which appears to be the basis of Kotva's non-production of the disbursement documents. Kotva has chosen not to avail itself of this procedure.

    Accordingly, Kotva's request for clarification or further hearing is DENIED. So ordered this 12th day of June, 2006.

/s/ Jeanne M. Kempthorne
_____
Special Master