UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KOTVA A.S.,            )
                       )
                       )   Civil Action No. 05-10679-RCL
       v.              )
                       )
WEISS, ET AL.          )

ORDER OF SPECIAL MASTER

Weiss has submitted for *in camera* review certain Weiss-Woolf correspondence which Weiss contends come within the common interest doctrine.

Upon review of the documents, it is apparent that Weiss and Woolf for a period of time considered working together on litigation and, broadly speaking, most of the documents submitted for review memorialize the discussions between them about whether and how to work together. They also contain assessments of litigation and business strategy, lawyers, etc.

**General principles**. In order to facilitate the parties' objections and, ultimately, review by the District Court, I state the principles that have guided my review, without citation to authority which has already been discussed in the parties' memoranda on the discovery motions and the Order of the Special Master, dated May 26, 2006, requiring that the Weiss-Woolf documents be submitted for *in camera* review.

Documents or portions of documents that reflect the negotiations between Weiss and Woolf about whether and under what terms to cooperate in their efforts are discoverable. The fact of an agreement and negotiations toward agreement between the principals are not protected, no more than is the fee agreement between attorney and client, or any other business negotiation or deal. That the negotiations relate to potential litigation does not alter this principle. Weiss and

Woolf were not pursuing their common interests against Kotva when they were negotiating the terms of their own deal. As to those negotiations, they were at arm's length – not on the same side of the table. In this case, the negotiations between Weiss and Woolf are reasonably relevant to Weiss's intent and motive in bringing litigation, issues which are squarely within the scope of the complaint.

Also not protected are communications concerning business strategy as opposed to attorney-client communications or litigation work product. Thus, quite apart from whether Weiss and Woolf were or were not pursuing common interests, many of the submitted email communications are simply not privileged. Business discussions between principals are not transformed into protected work product just because the business strategy may have involved bringing litigation. I do not consider, for example, PL 116, 118, 181, 283-287 to be protected. Documents memorializing business discussions about *whether* to bring litigation in order to recover value from the Kotva and Trend shares (and not including any legal advice or work product) fall within this category; these, too, are not protected. *See, e.g.*, PL 197. Even though the documents contain some discussion of attorneys and how they might gain access to information, the discussion does not reflect legal advice or information gathered in the course of litigation or in anticipation of litigation nor do they reveal the mental processes of counsel. Rather, these documents relate to how best to achieve Weiss's and Woolf's respective (and possibly mutual) business objectives.

Distinguishable, at least in theory, are documents and other communications which reflect litigation strategy, anticipated costs, assessments of litigation risks and benefits, assessments of lawyers and firms (e.g., PL 231), and research related to the litigation (e.g., PL 33). I do

consider this very narrow category of communications to be privileged or protected. Even though Woolf and Weiss ultimately decided not to cooperate in pursuing their respective claims, they shared that information with an eye toward a joint effort and with the evident intent that it remain confidential as to third parties. These discussions should not lose the protection of the common interest doctrine because the parties ultimately decided to go their own ways.

In practice, distinguishing between these categories of information requires parsing the documents line by line. Accordingly, the production ordered herein requires Weiss to redact certain documents.[1]

It is ORDERED that Weiss shall produce the following documents or portions of documents within 7 days of this order.

| Document No. | Description |
| --- | --- |
| PL 28, 29 [duplicate] | Produce header, ¶¶ 3, 4, 6 |
| PL 31, 32 | Produce [without attachment PL 33] |
| PL 34 | Produce header, 3rd ¶ ("Please. . ."), 5th ¶ ("If we . . ."), Original Message header, salutation, Three lines beginning "I'm still interested . . .". Redact balance of document. |
| PL 37 | Produce first page, up to phrase "any ideas?" The balance may be redacted as privileged or duplicative. |
| PL 38 | Produce first page and first two lines of second page. Balance may be redacted as privileged or duplicative. |

---

[1] In general, emails that are part of a communication history are not ordered produced in every iteration, unless necessary to make the communication clear. Where the response is to be redacted, the original message need not be produced again.

| PL 49 | Produce header minus subject line, sentence beginning "I wait to hear . . ." Balance to be redacted. |
| --- | --- |
| PL 113, 115, 116, 118, 181, 192, 197, 212, 283, 284, 285, 286, 287 | Produce. |

Documents and portions of documents not ordered produced herein may be withheld from production.

So ordered this 19th day of June, 2006.

/s/ Jeanne M. Kempthorne

_____

Special Master