UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KOTVA a.s.,<br><br>        Plaintiff,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC<br><br>        Defendants. | Case No. 05-10679-RCL |

**MOTION FOR LEAVE TO FILE SUPPLEMENT IN SUPPORT OF KOTVA'S OBJECTION TO THE SPECIAL MASTER'S DISCOVERY ORDER IN VIEW OF THE COURT'S ORDER GRANTING MOTIONS TO DISMISS**

On June 14, 2006, the Court dismissed purported counterclaim-defendants Forminster [Docket 34], SPV CO [Docket 78], and Martin Benda and Richard Harazim[1] [Docket 39] ("Order"). In doing so, the Court eliminated nearly all of the counterclaims asserted against Kotva, including the count for which Defendants claimed to require documents from 2006 concerning disbursements of the $65 million in proceeds from the March 2005 sale of the Kotva Department Store. Thus, these documents are irrelevant, and Kotva respectfully requests that the Discovery Master's May 26, 2006 Order should be so modified.

Documents relating to disbursements of the sale proceeds were only relevant to the Defendants' allegation that the "Forminster Group—which does not include Kotva—had conspired to loot Kotva of its assets. The dismissal of all counterclaim-defendants alleged to be part of the so-called "Forminster Group" and the consequent elimination of

---

[1] Mr. Harazim has been dismissed from the case with the exception of the Count I claim for abuse of process.

nearly all counterclaims against Kotva supports Kotva's request that it not be ordered to produce all documents regarding all disbursements on a going forward basis.

Additionally, there has been substantial distortion of Kotva's document production to date by opposing counsel and Kotva requests an opportunity to respond to those allegations.

In view of the Order and in accordance with Local Rule 7.1(b)(3), Kotva respectfully moves for leave to file the enclosed supplement to its Objection to the Discovery Master's May 26, 2006 Order. Kotva respectfully submits that the supplement provided herewith as Exhibit A will assist the Court in determination of this issue and requests that this motion for leave be granted.

        Respectfully submitted,

        KOTVA A.S.

        By its attorneys,

/s/ Daniel J. Pasquarello
Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)
jbeckman@nbparis.com
wnystrom@nbparis.com
dpasquarello@nbparis.com

Dated: June 28, 2006

2

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I certify that I conferred with opposing counsel, Edward Leibensperger, Esq., on June 26, 2006 in accordance with Local Rule 7.1(A)(2), and attempted in good faith to resolve or narrow the issue addressed in this motion.

                               /s/ Daniel J. Pasquarello
                               Daniel J. Pasquarello (BB0# 647379)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 28th day of June, 2006.

                               /s/ Daniel Pasquarello

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. | ) ) ) | |
| Plaintiff, | ) ) | Case No. 05-10679-RCL |
| v. | ) ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) ) ) ) | |
| Defendants. | ) ) | |

**KOTVA'S PROPOSED SUPPLEMENT TO ITS OBJECTION
TO THE SPECIAL MASTER'S DISCOVERY ORDER
IN VIEW OF THE COURT'S ORDER GRANTING MOTIONS TO DISMISS**

**INTRODUCTION**

On June 12, 2006, Kotva filed an Objection to two points in the Discovery Master's May 26, 2006 Order, including the scope of Kotva's obligation to supplement its document production regarding the receipt and holding of the Department Store sale proceeds. Two days later, on June 14, 2006, the Court dismissed Forminster, SPV CO, Martin Benda, and all claims but one (Count I - abuse of process) against Richard Harazim ("Order"). Documents relating to "disbursements" of $65 million in sale proceeds were only relevant to the Defendants' allegation that the "Forminster Group"—which does not include Kotva—had conspired to loot Kotva's assets. By dismissing the alleged "Forminster Group," the looting claim has been eliminated. Accordingly, Kotva respectfully submits that it should not be required to produce irrelevant documents and that the Discovery Master's May 26, 2006 Order should be modified. Such modification is necessary because Kotva cannot take Weiss' deposition until it satisfies discovery

obligations pending under the May 26, 2006 Order, and Weiss has an obvious incentive to create a discovery dispute. Since the Discovery Master's order, Weiss' counsel has attempted to portray the disbursement documents issue as an outstanding discovery obligation, contradicting their prior representations that it was a separate matter not included in their motion to compel.[1]

Indeed, the Weiss Defendants still press for <u>all</u> documents concerning <u>all</u> disbursements involving the sale proceeds, and continue to misrepresent the documents they have already received. Without support—and contrary to the documents they have had for months—Weiss has alleged that $10,000,000 was disbursed in 2005 to "unknown parties for unknown reasons." (June 7, 2006 Letter to the Discovery Master). For nearly a month, since mid-May, Weiss refused to identify the basis for the $10,000,000 allegation. Six days before filing their June 26, 2006 opposition, however, Weiss' counsel finally identified the basis for the allegedly "looted" $10,000,000—four March 2005 transactions that (1) were part of the sale of the Department Store; and (2) were identified and explained in the Share Purchase Agreement ("SPA") and other documents previously produced by Kotva.[2]

---

[1] Defendants' argument that Kotva should have moved previously for a protective order is disingenuous. In a May 19 letter to the Discovery Master, Weiss' counsel addressed the issue of disbursement documents and stated "that the Weiss parties may need to file a <u>second</u> motion to compel the production of these documents." (May 19, 2006 letter at 3 (emphasis added).) Previously, in a May 12, 2006 letter, Weiss' counsel had requested the initiation of a Rule 37.1 process about this separate issue.

[2] Subject to its objections, Kotva agreed to produce documents about the "receipt and holding" of the sale proceeds. Kotva has already produced such documents for 2005, including: documents concerning the Department Store transaction; deal-related bank confirmation documents that itemize and identify the recipients of the transactions that Defendants have questioned; bank account and escrow account statements through December 2005; and year-end audited financial statements of SPV Co. for 2004 and 2005. The Discovery Master's June 12, 2006 Order misinterpreted Kotva's request as one to produce no documents at all when, in fact, Kotva had already produced documents in response to the original document request. The documents provided to the Defendants demonstrate that their repeated allegation that $10,000,000 of sale proceeds was disbursed in 2005 to "unknown parties for unknown reasons" is false.

2

These inconvenient facts have not deterred Weiss from misrepresenting to the Court that the documents they received "do not explain the purposes or recipients of these disbursements," or from misrepresenting that Kotva has refused to produce documents "requested over ten months ago." (Opp. at 5). Thus, the only question is the proper scope of Kotva's obligation to supplement its production for 2006 activity. In the wake of the Court's recent Order, Defendants can no longer articulate any need for such documents.

## I. THE JUNE 14, 2006 ORDER RENDERS THE REQUEST FOR DISBURSEMENT DOCUMENTS IRRELEVANT.

Documents concerning the receipt and holding of the proceeds from the sale of the Department Store were only relevant to the allegation in the counterclaim that the proceeds had been looted. See Counterclaim Count II (Conspiracy). The basis for the looting allegation was the assertion that the "Forminster Group's conspiracy is to strip Kotva a.s. of its real estate, sell the real estate and distribute the proceeds among the members of the Forminster Group." Counterclaim ¶ 14. According to the Counterclaim, however, the "Forminster Group" does not include Kotva:

> Kotva is presently a corporate shell and alter ego to Forminster and its affiliates: counterclaim-defendants **Forminster, Martin Benda ("Benda"), Richard Harazim ("Harazim"), SPV CO and John Does 1-5 (collectively, the "Forminster Group").** The Forminster Group has conspired against Weiss and the shareholders of Kotva to convert the assets of Kotva for their own benefit.

Id. at p. 2 (Summary) (emphasis added). And further:

> John Does 1-5 are individuals residing in the Czech Republic and elsewhere outside the United States who are members of a conspiracy among **Forminster, SPV CO, Benda, Harazim and others (collectively, the "Forminster Group")**.

3

Id. at ¶ 13 (emphasis added). The *alter ego* theory was rejected by the Court, and the alleged members of the so-called "Forminster Group" have been dismissed from this case.[3]

Following the Court's Order, only Kotva remains as a defendant to Count II, which includes both abuse of process and looting allegations. Despite the inclusion of Kotva as a defendant, the only rational interpretation of Count II is that Kotva is named with respect to the abuse of process allegations, not the looting allegations. Kotva cannot loot itself. Indeed, it would be impossible for Kotva "to convert the assets of Kotva for [its] own benefit." Any attempt to claim that Kotva was conspiring to loot itself is nonsensical, contradicts the Counterclaim, and should be rejected. In short, the documents are not relevant to any surviving claim.

## II. KOTVA COMPLIED WITH THE COURT'S ORDER AND LOCAL RULE 37.1.

The fact that the Weiss Defendants lead their opposition to Kotva's objection with a complaint about the meet and confer process is telling. Kotva objected to two minor points from the Discovery Master's 15 page May 26, 2006 Order: one involves a purely legal interpretation about the standard applied for *in camera* review of documents; the other involves a document production issue that had been decided in Defendants' favor. The likelihood of any movement by Defendants on either issue was extremely remote. As documented in the Rule 37.1 certification—and the Supplemental Rule 37.1 Certification—undersigned counsel placed repeated calls to both of Weiss' counsel on June 12th. These calls were placed both before and after leaving a voicemail message for Mr. Goldberger, and undersigned counsel waited until the deadline to file. On June 13th,

---

[3] With respect to Mr. Harazim, all counts but Count I have been dismissed.

4

undersigned counsel offered to withdraw the submission if Weiss were to change his entrenched position on the issues. Not surprisingly, Weiss' counsel conceded that no progress could be made on one issue during the June 13th call and then provided a terse confirmation of no-change-in-position on June 14th for the remaining issue. In any event, Kotva complied with its obligations and included the requisite certification.

Weiss' attempt to blame Kotva for not providing "focus" in its request for *in camera* review is misplaced. The Weiss Defendants refused to log the communications at issue, forcing Kotva to move to compel that information. The Discovery Master has ordered Weiss to provide the wrongfully withheld information by July 10, 2006; Weiss has not yet complied. Nevertheless, Kotva did attempt to provide guidance for an *in camera* review without yet having the benefit of the information to which it is entitled.

Weiss' request for sanctions is beyond the pale.

    Respectfully submitted,
    KOTVA A.S.

    By its attorneys,

    /s/ Daniel J. Pasquarello
    Joel G. Beckman (BBO# 553086)
    William C. Nystrom (BBO# 559656)
    Daniel J. Pasquarello (BB0# 647379)
    NYSTROM BECKMAN & PARIS LLP
    10 St. James Ave., 16th Floor
    Boston, Massachusetts 02116
    (617) 778-9100
    (617) 778-9110 (fax)
    jbeckman@nbparis.com
    wnystrom@nbparis.com
    dpasquarello@nbparis.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 28th day of June, 2006.

/s/ Daniel Pasquarello

Dated: June 28, 2006