UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., | ) |
| Plaintiff, | ) Case No. 05-10679-RCL |
| v. | ) |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) |
| Defendants. | ) |

### REPLY OF RICHARD HARAZIM TO COUNTERCLAIM

Pursuant to the Court's June 14, 2006 Order, counterclaim-defendant Richard Harazim ("Harazim") hereby replies to the Counterclaim of Defendants and Counterclaim-plaintiffs Weiss and Weiss Asset Management LLC ("WAM").

*Summary*

The Summary does not contain averments within the meaning of the Federal Rules of Civil Procedure and requires no response by Harazim. To the extent that the Summary contains any averments directed to Harazim that require a response, said allegations are denied.

*Jurisdiction and Venue*

1. Denied.

2. Denied.

3. Harazim admits that venue is proper with respect to Kotva as the Plaintiff in this matter for certain counts of the Counterclaim alleged by the Defendants Weiss and WAM and otherwise denies the allegations of Paragraph 3.

*Parties*

4. Admitted.

5. Admitted.

6. Harazim admits that KT is a Delaware corporation that purportedly owns 1000 shares of Kotva stock. Harazim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7. Harazim admits that CVF is a Cyprus corporation. Harazim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

8. Admitted.

9. Paragraph 9 is not directed to Harazim. In further answering, Forminster has been dismissed from this action.

10. Paragraph 10 is not directed to Harazim. In further answering, SPV Co. has been dismissed from this action.

11. Paragraph 11 is not directed to Harazim. In further answering, Benda has been dismissed from this action. To the extent a response is required, Harazim denies as stated the allegations in Paragraph 11.

12. Harazim admits that he is an individual residing in the Czech Republic and denies as stated the remaining allegations in Paragraph 12.

13. Paragraph 13 states a conclusion of law to which no response is required. To the extent Paragraph 13 is directed to Harazim and a response is required, denied.

14. To the extent Paragraph 14 is directed to Harazim and a response is required, denied.

*Factual Allegations*

15. Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15.

16. Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16.

17. Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17.

18. Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18.

19. Paragraph 19 states conclusions of law to which no response is required.

20. Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20. In further answering, Harazim refers to the allegations in ¶ 22 of the Complaint.

21. Denied.

22. Harazim denies the allegations contained in the first and third sentences of Paragraph 22 and is without knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of Paragraph 22.

23. Paragraph 23 contains allegations that are not directed to Harazim. To the extent a response is required, Harazim denies the allegations in Paragraph 23.

24. Harazim admits that there was a May 12, 2004 meeting in Prague between Weiss, Hoffmann, Benda, and Harazim. The remaining allegations in Paragraph 24 are denied.

25. Harazim admits that Balfindor and Gilroy filed lawsuits against Kotva in

the Czech Republic to interfere with the sale of the Department Store and denies the remaining allegations in Paragraph 25.

26. Harazim admits that Weiss made a written offer to sell BGO's Kotva shares for 131,000,000 CZK, and denies the remaining allegations in Paragraph 26.

27. To the extent that the allegations in Paragraph 27 are directed to Harazim, the e-mail referred to in Paragraph 27 speaks for itself and any remaining allegations are denied.

28. Harazim admits that in response to the August 17, 2004 e-mail Weiss made another offer to sell BGO's shares as described in Paragraph 29 of the Complaint and Exhibit B thereto.

29. Denied.

30. Paragraph 30 states legal conclusions to which no response is necessary. To the extent that Paragraph 30 contains allegations directed to Harazim, said allegations are denied.

31. Harazim admits that Weiss sent another offer to Kotva on November 23, 2004 in which he offered to sell BGO's Kotva and Trend shares for 295.75 million CZK as described in Paragraph 30 of the Complaint and Exhibit C thereto. Harazim denies the remaining allegations in Paragraph 31 that are directed to him.

32. To the extent that the allegations in Paragraph 32 are directed to him, Harazim admits that Kotva rejected Weiss's November 2004 offer, and denies the remaining allegations.

33. To the extent that the allegations in Paragraph 33 are directed to Harazim, said allegations are denied. In further answering, Harazim states that Czech law

enforcement brought criminal charges against Weiss and others following an investigation into the matter.

34. To the extent that the allegations in Paragraph 34 are directed to Harazim, said allegations are denied.

35. To the extent that the allegations in Paragraph 35 are directed to Harazim, Harazim admits that he sent e-mails in his capacity as a representative of Kotva and that those documents speak for themselves. The remaining allegations are denied.

36. Denied.

37. Denied.

38. To the extent that the allegations in Paragraph 38 are directed to Harazim, said allegations are denied.

39. To the extent that the allegations in Paragraph 39 are directed to Harazim, Harazim admits that he communicated with Massachusetts counsel on behalf of Kotva with respect to the instant litigation.

40. To the extent that the allegations in Paragraph 40 are directed to Harazim, said allegations are denied.

41. To the extent that the allegations in Paragraph 41 are directed to him, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 41.

42. Paragraph 42 contains allegations that are not directed to Harazim. To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 42. In further answering, Harazim states that the documents referred to in Paragraph 42 speak for themselves.

5

43. Paragraph 43 contains allegations that are not directed to Harazim.  To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 43.

44. Paragraph 44 contains allegations that are not directed to Harazim.  To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 44.  In further answering, Harazim states that the documents referred to in Paragraph 44 speak for themselves.

45. Paragraph 45 contains allegations that are not directed to Harazim.  To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 45.

46. Paragraph 46 contains allegations that are not directed to Harazim.  To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 46.

47. Paragraph 47 contains allegations that are not directed to Harazim.  To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 47.  In further answering, Harazim states that the documents referred to in Paragraph 47 speak for themselves.

48. Paragraph 48 contains allegations that are not directed to Harazim.  To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 48.  In further answering, Harazim states that the documents referred to in Paragraph 48 speak for themselves.

49. Paragraph 49 contains allegations that are not directed to Harazim.  To the extent a response is required, Harazim is without knowledge or information sufficient to

form a belief as to the truth of the averments in Paragraph 49.

50. Paragraph 50 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 50 are directed to Harazim, said allegations are denied.

51. Paragraph 51 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 51 are directed to Harazim, said allegations are denied.

52. Paragraph 52 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 52 are directed to Harazim, said allegations are denied.

53. Paragraph 53 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 53 are directed to Harazim, said allegations are denied.

54. Paragraph 54 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 54 are directed to Harazim, said allegations are denied.

55. Paragraph 55 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 55 are directed to Harazim, said allegations are denied.

56. Paragraph 56 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 56 are directed to Harazim, said allegations are denied.

57. Paragraph 57 contains allegations that are not directed to Harazim. To the

extent that the allegations in Paragraph 57 are directed to Harazim, said allegations are denied.

58. Kotva's 2004 annual report speaks for itself. To the extent that allegations in paragraph 58 are directed to Harazim, said allegations are denied.

59. Paragraph 59 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 59 are directed to Harazim, said allegations are denied.

60. Paragraph 60 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 60 are directed to Harazim, said allegations are denied.

## Count I
(**Abuse of Process – Counterclaim Plaintiffs Andrew Weiss and Weiss Asset Management LLC v. All Counterclaim-Defendants**)

61. Harazim restates and incorporates herein its responses to paragraphs 1-60.

62. Paragraph 62 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 62 are directed to Harazim, said allegations are denied.

63. Denied.

64. Denied.

65. Paragraph 65 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 65 are directed to Harazim, said allegations are denied.

66. Denied.

67. Denied.

### Counts II-VIII

68-108. Counts II through VIII have been dismissed and no response is necessary.

### AFFIRMATIVE DEFENSES

1. The counterclaim fails to state a claim upon which relief may be granted.

2. The counterclaim is barred by the doctrine of unclean hands.

3. The counterclaim is barred by reason of the counterclaim plaintiffs' fraud and/or illegality.

4. The counterclaim may be barred by the doctrines of waiver, laches, and/or equitable estoppel.

WHEREFORE, Harazim prays this Court to dismiss the counterclaim with prejudice.

### JURY DEMAND

Harazim requests a jury trial on all issues so triable.

        Respectfully submitted,

        KOTVA, A.S.

        By its attorneys,

        __/s/ Joel G. Beckman_____
        Joel G. Beckman BBO#553086
        William C. Nystrom BBO#559656
        Dana A. Zakarian BBO# 641058
        Daniel J. Pasquarello (BB0# 647379)
        NYSTROM BECKMAN & PARIS LLP
        10 St. James Ave., 16th Floor
        Boston, Massachusetts 02116
        (617) 778-9100
        (617) 778-9110 (fax)
        jbeckman@nbparis.com
        wnystrom@nbparis.com
        dpasquarello@nbparis.com

Dated: June 28, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 28th day of June, 2006.

        /s/ Daniel J. Pasquarello