UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. ) | |
| ) | |
| Plaintiff, ) | Case No. 05-10679-RCL |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC ) | |
| ) | |
| Defendants. ) | |

**JOINT MOTION TO EXTEND DISCOVERY**

The parties respectfully request an extension until October 2, 2006 to complete fact discovery. During the past six months, the parties have engaged in a number of complex and hard-fought discovery disputes, working diligently with the Discovery Master to resolve these issues. The Weiss Defendants have filed two motions for protective orders and a motion to compel. Kotva has filed a motion for protective order and a motion to compel. Due to complications in scheduling and completing depositions, and the resolution of open matters with the Discovery Master, the parties request a brief extension of time past the July 31st discovery deadline. The parties have not sought any extension before, and such an extension will have minimal effect on the trial schedule.

In support of this motion, the parties state as follows:

1. After exchanging document productions in January and February 2006, the parties spent the better part of March engaged in the meet and confer process to narrow the areas of dispute. On April 3rd, Kotva filed a motion to compel on numerous issues. On April 7th, Weiss moved for a protective order to stay his deposition. On April

19th, the Weiss Defendants filed a motion to compel. These motions were heard on May 10, 2006. Due to the number and complexity of the discovery issues, the Discovery Master continued the hearing and held a conference call with the parties on May 24th. On May 26, 2006, the Discovery Master issued a 15-page order on all three motions and required the parties to make a number of disclosures.

2.      Since the May 26, 2006 Order, the parties have been working diligently to complete their respective obligations and to schedule depositions, but several scheduling complications have arisen.

3.      Richard Harazim, a resident of the Czech Republic, is Kotva's Rule 30(b)(6) designee and principal witness. Mr. Harazim's wife is expecting the birth of her child on July 8, 2006. As a result, Mr. Harazim is unable to travel to the United States for a large part of July. In addition to the remainder of the Rule 30(b)(6) deposition, Weiss has recently noticed the deposition of Mr. Harazim as an individual and proposes to complete that deposition at the same time.

4.      Weiss intends to take the deposition of Martin Benda, a resident of the Czech Republic. Mr. Benda, however, will not be able to obtain a visa in time to travel to the United States to appear for a July deposition in Boston. Furthermore, the parties disagree as to whether Mr. Benda has any obligation to travel to the United States for his deposition. Mr. Benda's motion to dismiss for lack of personal jurisdiction was granted on June 14, 2006. As an accommodation to Defendants, Kotva has offered to have Mr. Benda appear for deposition in Boston, contingent upon a stipulation that such special appearance will not be used as a means to create personal jurisdiction over Mr. Benda.

5.      In addition to the depositions described above, Kotva has noticed seven other depositions, including several non-parties. The parties have been attempting to coordinate scheduling for these depositions. The number of depositions to be completed, the difficulty in scheduling depositions, and open issues from the Discovery Master's Order have made it extremely difficult and, indeed, impractical for the parties to complete all fact discovery by the July 31 deadline.

6.      On June 14, 2006, the Court ruled on several motions to dismiss and narrowed the scope of the case. Additional motions regarding the scope of the case are still pending before the Court, including Kotva's motion to dismiss counterclaim-plaintiffs KT and CVF and Weiss' motion for judgment on the pleadings.

7.      The parties have not previously requested to extend the discovery deadline or case schedule.

8.      WHEREFORE, for the reasons set forth above, and the additional scheduling difficulties imposed by the summer months, the parties request a two-month extension of the fact-discovery deadline, from July 31, 2006 to October 2, 2006, and modification of the remaining deadlines as follows:

| **Discovery Event** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Initial Expert Disclosures | August 31, 2006 | October 31, 2006 |
| Responsive Expert Disclosures | September 29, 2006 | November 30, 2006 |
| Expert Discovery Complete by: | October 31, 2006 | December 22, 2006 |
| Any Motion for Summary Judgment shall be filed by: | August 15, 2006 | October 16, 2006 |

Respectfully submitted,

| | |
|---|---|
| KOTVA A.S. | ANDREW WEISS AND WEISS ASSET MANAGEMENT, LLC |
| By its attorneys, | By their Attorneys, |
| /s/ Daniel J. Pasquarello<br>Joel G. Beckman (BBO# 553086)<br>William C. Nystrom (BBO# 559656)<br>Daniel J. Pasquarello (BB0# 647379)<br>NYSTROM BECKMAN & PARIS LLP<br>10 St. James Ave., 16th Floor<br>Boston, Massachusetts 02116<br>(617) 778-9100<br>(617) 778-9110 (fax)<br>jbeckman@nbparis.com<br>wnystrom@nbparis.com<br>dpasquarello@nbparis.com | /s/ Benjamin A. Goldberger<br>Edward P. Leibensperger (BBO# 292620)<br>Benjamin A. Goldberger (BBO# 654357)<br>McDermott Will & Emery LLP<br>28 State Street<br>Boston, MA  02109<br>(617) 535-4000<br>(617) 535-3800<br>eleibensperger@mwe.com<br>bgoldberger@mwe.com |

Dated:  July 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 6th day of July, 2006.

/s/ Daniel Pasquarello