UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF KOTVA'S MOTION TO COMPEL
REGARDING DEFENDANTS' RESPONSES TO INTERROGATORIES AND
DOCUMENT REQUESTS**

**INTRODUCTION**

In view of the Court's dismissal of nearly all of the Weiss Defendants' counterclaims (except for an abuse of process claim), and with less than two months remaining to complete fact discovery, this case is finally and properly focused upon Kotva's claims arising from defendants' blackmail. Backed into a corner and called upon to provide discovery regarding their extortion, defendants have resorted to stonewalling and asserting baseless irrelevancy and privilege objections. Indeed, defendants have refused to answer interrogatories and produce documents concerning:

- the Czech criminal file and Weiss' access thereto;

- Weiss' attempts to have the criminal charges against him dismissed;

- Weiss' other blackmail schemes;

- Weiss' private investigator who has publicly accused a Kotva representative of "doing in" a Czech police investigator;

- the legal and beneficial owners of BIP;

- fee agreements with defendants' Czech counsel; and

- communications with defendants' investors concerning changes to the Investment Management Agreement of BGO made after the filing of this action.

As demonstrated below, defendants' objections cannot withstand the slightest scrutiny. Accordingly, the Court should order defendants to immediately produce the requested information.

## **DISCOVERY CONFERENCES**

### *Kotva's Document Requests and Interrogatories and Defendants' Response*

Plaintiff served Weiss with its First and Second and Third Sets of Interrogatories on June 16, 2006, June 22, 2006, and June 28, 2006, respectively. Weiss served objections and written responses to the first and second sets on July 24, 2006 (attached as Exhibit A). Plaintiff also served defendants with its Second Set of Document Requests on June 22, 2004. Defendants served objections and written responses on July 24, 2006 (attached as Exhibit B). Weiss also served his answer to plaintiff's third set of interrogatories on July 28, 2006 (attached as Exhibit C).

### *Local Rule 37.1 Conferences*

On August 9, 2006, Joel Beckman and Dana Zakarian, representing plaintiff, and Edward Liebensperger and Benjamin Goldberger, representing the defendants convened a telephone conference call for approximately one hour and fifteen minutes from 10:15 a.m. to 11:30 a.m. During that conference, the parties discussed the deficiencies in Weiss' Answers to Plaintiff's First and Second Set of Interrogatories. The parties were able to agree on several issues and narrow the scope of their dispute. Specifically, Weiss agreed to supplement his Answers to Interrogatories:

2

- No. 3 to identify: (1) who retained Ondrej Peterka to represent Gilroy; and (2) the parties to the engagement letter.

- No. 4 to identify: (1) who retained Ondrej Peterka to represent KT, Inc.; (2) the parties to the engagement letter; and (3) the Czech counsel referenced in paragraph 3 of Weiss' Answer to the interrogatory.

- No. 7 to identify who determined the price of the "ring fenced" Kotva, if known, and explain whether Weiss will personally benefit (by receiving a success fee or other bonus) if the Kotva shares are sold at a price above the ring fenced price of 373 Czech crowns.

- No. 10 to identify the documents referenced in Weiss' answer to the interrogatory.

- Nos. 16, 17, 18, and 19.

Weiss, however, refused to supplement his Answers to Interrogatories Nos. 8, 9, 12, 13, 14 of the First Set of Interrogatories or his Answer to Interrogatory No. 1 of the Second Set of Interrogatories. Weiss also refused to provide certain information requested in Interrogatory No. 7 to the First Set of Interrogatories. Finally, Weiss refused to answer Interrogatory No. 1 to the Third Set of Interrogatories, claiming that Kotva had exceeded the number of interrogatories permitted under the rules.

The conference was continued among the same parties by telephone conference call on August 11, 2006 for approximately 1 hour and fifteen minutes from 10:00 a.m. to 11:15. During this conference, the parties discussed the deficiencies in Defendants' Responses to Plaintiff's Second Set of Document Requests. The parties were able to agree on several issues and narrow the scope of their dispute. Specifically, defendants agreed to produce responsive documents (to which they were not objecting) by August 21, 2006. The parties, however, were unable to agree on Request Nos. 5, 15, 16 and 26. The majority of these requests relate to the interrogatories that Weiss also refused to answer.

## ARGUMENT

**I.    Defendants Must Produce Documents From The Czech Criminal Files
(Interrogatory No. 1 (Second Set), Document Request No. 10)**

Defendants have refused to produce documents from the Czech criminal file, or

even state whether they have had access to the file.  According to defendants, that

information is irrelevant and privileged.  Defendants' response to Document Request No.

10 states the following:

> **Request No. 10**
> All documents from the Czech criminal file.
>
> **Response**
> The Defendants object to this Request on the grounds that it is not reasonably
> calculated to lead to the discovery of admissible evidence and is unduly
> burdensome in view of Kotva's access to the Czech criminal file.  The Defendants
> further object to this Request on the grounds that it seeks to discover the work
> product of Weiss's Czech criminal counsel and communications protected by the
> attorney client privilege and the work product doctrine.[1]

Presumably, defendants did not believe that the Czech criminal file was irrelevant and

privileged when they requested it from Kotva.  Indeed, when defendants wanted the

videotaped recordings of Vladimir Hoffman (which are part of the Czech criminal file)

they claimed that they were relevant because the claims in this case are based on same

conduct that is the basis of the criminal matter.  See Weiss' Motion for Protective Order

at 14 ( "Although Mr. Weiss is not under indictment, it is clear that he is a target of a

---

[1] See also Interrogatory No. 1 (Second Set), Exhibit A:
Interrogatory No. 1
State whether or not Weiss has been served with the Czech criminal charges, the date of any such service,
whether Weiss and/or his counsel has access to the Czech criminal file, and identify any documents
concerning service of the Czech criminal charges.
Response
Weiss objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the
discovery of admissible evidence and is overly broad and unduly burdensome, and to the extent that it calls
for materials protected by the work product doctrine or attorney client privilege.  Subject to these
Objections and the General Objections above, Weiss answers as follows:  Weiss has not been served with
any criminal charges by the Czech government.  As such, he is not an "accused" person under Czech law,
and has been denied **complete access** to the Czech criminal file.  (emphasis added).

criminal investigation, orchestrated by the plaintiff, relating to nearly identical allegations as the plaintiff makes in this case."). [2]

Plaintiff agrees that the Czech criminal file is relevant both to its claims as well as Weiss' abuse of process counterclaim[3] and, in fact, produced the criminal file documents in its possession.  Revealingly, defendants also originally agreed to produce documents concerning the criminal investigation of Weiss, which would include the Czech criminal file.[4]  Defendants have now completely reversed their position and now claim that the Czech criminal file is irrelevant and privileged.

Defendants apparently have had some access to the Czech criminal file and possess documents from it that they have not produced (Interrogatory No. 1 (Second Set), Exhibit A)  Defendants, nonetheless, refuse to provide any information concerning their access to the file or what documents they have.  Indeed, when asked to state whether he or his counsel have had access to the Czech criminal file, Weiss responded that he had been denied "complete access" to the file.  (Id.)  During the discovery conference, plaintiff's counsel asked point blank whether Weiss had access to the Czech criminal file and whether he had any documents from those files.  Defense counsel refused to answer, speaking instead of hypothetical privileges that might apply.

As an initial matter, the Czech criminal file is not privileged, nor is it cloaked with a privilege because it was obtained through Weiss' attorney.  The materials in the

---

[2] See also Defendants' Memorandum in Support of Motion to Compel Answers to Interrogatories and Deposition Questions, Production of Documents, and for Expenses and Sanctions at 14-16.

[3] According to Weiss, plaintiff and Richard Harazim abused process by "initiating" criminal charges against him in the Czech Republic.  See First Amended Answer and Counterclaim ¶¶ 62-63.

[4] In response to plaintiff's request for these documents, defendants agreed to produce all "non-privileged documents concerning the criminal investigation of Weiss in the Czech Republic."  See Defendants' Objections and Answers to Plaintiff's First Set of Document Requests No. 49 (attached as Exhibit C).

Czech criminal file, moreover, are not work product because neither Weiss nor his attorneys prepared them in anticipation of litigation.[5]

Finally, Weiss' new theory that the materials are not relevant is astonishing.[6]  Not only did Weiss request the same information from plaintiff, he moved to compel parts of the criminal file (the Hoffman tapes), and he asked this Court to stay his deposition until he had access to the criminal file.  Simply put, discovery is a two way street: if Weiss has documents from the Czech criminal file (e.g. recordings or transcripts of his taped conversations—which are admissions) then he must produce them.  Similarly, Weiss must supplement his answer to Interrogatory No. 1 and elaborate on his access to the criminal file.

## II.    Plaintiff Is Entitled To Discovery Concerning Weiss' Attempts To Have The Criminal Charges Against Him Dismissed (Interrogatory No. 8, Document Request Nos. 4, 7, 8 and 9)

Plaintiff has sought discovery concerning Weiss' attempts to have the criminal charges against him dismissed.  Such information would include actions taken on his behalf by third parties (e.g., Madeline Albright and The Albright Group) and his challenge to the U.S. Attorney's Subpoena served under the Mutual Legal Assistance Treaty.  (Interrogatory No. 8, Exhibit A; Document Requests Nos. 4, 7-9, Exhibit B)

---

[5] Weiss may try to argue that his counsel's "selection" of documents from the file would somehow reveal his work product.  But this argument fails because Weiss has already stated that he was denied complete access to the file.  Accordingly, there would be no way for plaintiff to know if these documents were "selected" or whether they were everything that was made available to Weiss.  Indeed, given the severity of the charges against him, it is difficult to imagine that Weiss would not take copies of everything that was made available to him.

[6] As Weiss previously stated: "[t]he Rules provide for wide-ranging discovery, permitting 'discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'  Fed. R. Civ. P. 26(b).  Thus, 'discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have **no possible bearing** upon the [claim or defense of any party].'  Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984)."  Defendants' Motion to Compel at 11 (emphasis original)

Defendants objected to this discovery claiming that it is privileged, irrelevant, and that they are prohibited from revealing the information because the proceedings concerning his challenge to the U.S. Attorney's subpoena are under seal.  But during the discovery conference on August 11, 2006, defendants retreated from their privilege claim, acknowledging that any communications with third parties (e.g., Madeline Albright writing to a government official) are not privileged.

It is difficult to imagine how Weiss' efforts to get the criminal charges against him dismissed are not relevant to this lawsuit.  Weiss repeatedly admitted that the criminal charges against him are "nearly identical" to plaintiff's claims in this action.[7] Accordingly, Weiss' representations and admissions made in an effort to have the criminal charges dismissed are relevant, and should be produced.

Finally, the notion that Weiss is excused from his discovery obligations because the requested information has been sealed by a government has already been rejected by this Court.  Indeed, this Court rejected the same argument when it was made by Kotva— i.e., Kotva was prohibited by law from producing information that would compromise the Czech criminal investigation.  According to Weiss, Kotva had to turn over the information unless the Czech government intervened and stayed the case.  See Motion to Compel at 13-14:

> If the Czech government truly has concerns about Mr.
> Harazim's providing complete testimony, it can move to
> intervene and stay this case pending the outcome of the
> Czech criminal proceedings.  **This is the same remedy
> available to the U.S. government**.  While discovery is
> ongoing, a private plaintiff has no right to respond to

---

[7] See Weiss' Motion for Protective Order at 14 ( "Although Mr. Weiss is not under indictment, it is clear that he is a target of a criminal investigation, orchestrated by the plaintiff, relating to **nearly identical allegations as the plaintiff makes in this case**.") (emphasis added).

> questions based on claim that a foreign government does
> not want the questions answered.

Id. (emphasis added).

The same rationale must apply here. If the United States Government does not want defendants to produce documents in their possession, custody or control, then the U.S. Attorney can intervene in this case and seek a protective order. Alternatively, Weiss should be compelled to disclose the Court and docket number of the ongoing proceedings so that plaintiff may seek to intervene there and unseal the record. Either way, plaintiff must be afforded an opportunity to obtain these relevant documents.

### III.    Weiss Must Respond to Discovery Concerning His Other Blackmail Schemes (Interrogatory Nos. 12, 13, and 14)

Plaintiff initially sought information concerning Weiss' other blackmail schemes (IBP/Domeana, RIF, etc.) through document requests. In denying plaintiff's motion to compel without prejudice, this Court acknowledged that the information was relevant to prove a pattern of racketeering, as well as intent. (May 26, 2006 Order at 8) The Court, however, believed that the document requests were too onerous and, therefore, instructed plaintiff to seek the information through interrogatories and deposition.

Pursuant this Court's ruling, plaintiff propounded interrogatories concerning other instances or pattern of Weiss' extortion.[8] Instead of answering the interrogatories, however, Weiss claimed that he had no personal knowledge of the information requested.[9] During the Rule 37.1 conference, defense counsel stated that Weiss has the documents containing the requested information but he would have to review them in

---

[8] Weiss' Answers to Interrogatories Nos. 12, 13 and 14 are attached as Exhibit A.

[9] Weiss' statement that he has no personal knowledge is simply not credible. Weiss was a 50% owner of and an investment manager for the Brookdale Group, the entity involved in the prior blackmail.

order to answer the interrogatory, and that would be too burdensome. Weiss cannot have it both ways. Either he must produce the documents in lieu of answering the interrogatories (pursuant to Fed. R. Civ. P. 33(c)) or he must answer the interrogatory. Indeed, it is wholly inequitable for Weiss to press his motion for judgment on the pleadings on this very issue while at the same time refusing to produce information in his possession that undermines his argument. Alternatively, Weiss should be precluded from arguing that he did not engage in a pattern or practice of racketeering.

### IV. Weiss Must Produce Information Concerning His Private Investigator (Interrogatory No. 9, Document Request No. 15)

Throughout this litigation, Weiss has made outrageous accusations to the press, this Court, and members of the United States Congress concerning Kotva, the Czech police, the Czech prosecutors, and Kotva's representatives. These accusations all play into Weiss' claim that he is the victim of a corrupt Czech government, and are meant to divert attention away from his illegal conduct. Indeed, Weiss has gone so far as to accuse Martin Benda of "doing in" a Czech police investigator who sadly committed suicide. Weiss has also intimated that the "Russian mafia" is involved.

When speaking with the press or politicians, Weiss has identified a private investigator, Ladislav Pavek, as the source of his information on Benda. In fact, Weiss has arranged meetings between the press and Mr. Pavek. Since Weiss has placed these scandalous allegations and the investigative work for Mr. Pavek at issue, plaintiff is entitled to this discovery. To this end, plaintiff propounded discovery requests

concerning Weiss' private investigators. (Interrogatory No. 9[10], Exhibits A; Document Request No. 15).

Defendants, however, have refused to provide the requested information, claiming that it is privileged and otherwise protected by the work product doctrine. But to the extent that Mr. Pavek's work was ever privileged (a point which plaintiff contests), defendants waived that privilege when they broadcasted his alleged findings. For these reasons, plaintiff is entitled to discovery concerning Mr. Pavek, his "investigation," his communications with defendants, and his credibility.

**V.    Defendants Must Identify The Legal and Beneficial Owners Of BIP (Interrogatory Nos. 7 (First Set) and 1 (Third Set), Document Request Nos. 16 and 26)**

Plaintiff asked defendants to identify the legal and beneficial owners of BGO and BIP that have interests in the "ring fenced assets." (Interrogatory No. 7, Exhibit A; Document Request No. 16 and 26 Exhibit B) (Kotva is not asking defendants to identify all current BGO and BIP investors) Defendants have answered with respect to BGO but refuse to answer with respect to BIP on relevancy grounds. The identity of these individuals, however, is reasonably calculated to lead to the discovery admissions or representations by defendants concerning their scheme to blackmail Kotva. Defendants

---

[10] Interrogatory No. 9
Identify all communications with the "private investigator" hired by Weiss who allegedly said that Martin Benda has bragged that he 'did in' the previous investigator of the Forminster fraud as referenced in documents Bates No. WP0012214. Please include in your answer the identity of the private investigator, when Weiss hired the investigator, identify all documents exchanged between Weiss and the private investigator, and describe in detail precisely what the private investigator reported to Weiss with respect to Mr. Benda.
Response
Weiss objects to this interrogatory on the grounds that it assumes facts that are in dispute, calls for information protected by the attorney-client privilege or work product doctrine, and is propounded for the improper purpose of undermine [sic] the future effectiveness of the private investigator by revealing his identity and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, Weiss answers as follows: Peterka & Partners hired a private investigator to assist it in the Czech litigation. The investigator was retained on 11 February 2005. Weiss has not communicated with the investigator directly.

have already produced letters they sent to the owners of BIP concerning their dealings

with Kota. Those letters, however, do not identify the individuals by name. Plaintiff

seeks to discover the names of the individual owners so that it may question them

concerning any other verbal communications with defendants or internal documents in

their possession. In short, plaintiff wants to know what else defendants were telling their

investors about Kotva and this lawsuit. Finally, plaintiff is entitled to discover whether

Weiss is an owner of BIP—i.e., the extent of his personal stake in the purchase price of

BGO's Trend and Kotva shares. This information is relevant to his bias, motive, and

defense that he is being persecuted for trying to protect "his investors." (Interrogatory

No. 1 (Third Set), Exhibit C).

### VI.    Plaintiff Is Entitled To Discover Fee Agreements With Defendants' Czech Counsel (Document Request No. 5)

Plaintiff requested copies of all contracts, engagement letters and fee agreements

with Ondrej Peterka or any other Czech counsel involving the Czech lawsuits, Kotva,

and/or the Czech criminal charges against Weiss. Such agreements relate directly to the

issues in this case—particularly, defendants' involvement in the Czech lawsuits filed to

block the sale of the department store, and who, if anyone, is properly asserting any

privilege. (See Kotva's Motion to Compel and Request for Sanctions Pursuant to the

Special Master's Prior Order) Defendants have refused to produce this information

claiming that it is privileged. A fee agreement with an attorney, however, is not

privileged because it does not relate to the provision of legal advice. And to the extent

that they do contain legal advice or other privileged materials, then they can be produced

in redacted form.

## VII.    Defendants' Must Produce Communications With Their Investors Concerning Changes To The Investment Management Agreement Of BGO And BIP Made After The Filing Of This Action (Document Request No. 26)

Plaintiff requested information concerning communications with BGO and BIP investors concerning any changes to the Investment Management Agreement of BGO and BIP after the filing of this action.  (Document Request No. 26, Exhibit B)  Defendants have refused to produce this information on relevancy grounds.  Specifically, defendants claim that the only relevant communications with these investors are those that relate to this lawsuit, the Czech litigation and the criminal charges against Weiss.

But plaintiff is entitled to discover what, if anything, defendants told the investors of BGO and BIP as to why certain changes were made to the Investment Management Agreement of BGO and BIP after the filing of this lawsuit.  These changes relate directly to the defense and prosecution of this lawsuit, the Czech litigation, and the criminal charges against Weiss.  For instance, one change deletes a cap on soft expenses for the funds, which include legal fees and charge to their investors.  In other words, the change removes any limits on what defendants can spend in legal fees.  Another change provides that the investors will be responsible for any judgment against Weiss or WAM, and provides indemnification for defendants.  In short, the changes relate directly to this lawsuit and plaintiff is entitled to discover what, if anything, defendants told their investors before they made these changes.

## CONCLUSION

For the foregoing reasons, Kotva respectfully requests that the Motion to Compel be granted, and that it be awarded its attorneys' fees and costs in connection with this motion.

Respectfully submitted,

Kotva, a.s.

By its attorneys,


/s/ Dana A. Zakarian
Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Dana A. Zakarian (BB0# 641058)
Nystrom Beckman & Paris llp
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)
jbeckman@nbparis.com
wnystrom@nbparis.com
dzakarian@nbparis.com

Dated: August 11, 2006


## REQUEST FOR HEARING

Kotva believes that an oral argument may assist the Court and requests a hearing on this motion pursuant to Local Rule 7.1(D)

/s/ Dana Zakarian

## LOCAL RULE 7.1(A)(2) and 37.1(B) CERTIFICATION

In accordance with Local Rule 7.1(A)(2), I certify that I have conferred with opposing counsel and have attempted in good faith to resolve or narrow the issue addressed in this motion and complied with the provisions of Local Rule 37.1.

On August 9, 2006, Joel Beckman and I spoke over the telephone with Edward Liebensperger Benjamin Goldberger for approximately one hour and fifteen minutes. On August 11, 2006, the telephone conference was continued for another one hour and fifteen minutes.

/s/ Dana Zakarian

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 11th day of August, 2006.

/s/ Dana Zakarian

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br>          Plaintiff, <br><br>    v. <br><br>ANDREW WEISS and WEISS ASSET <br>MANAGEMENT, LLC, <br><br>          Defendants. <br><hr> ANDREW WEISS, WEISS ASSET <br>MANAGEMENT LLC, K T, INC. and CVF <br>INVESTMENTS, LTD., <br><br>          Counterclaim-plaintiffs, <br><br>    v. <br><br>KOTVA a.s., MARTIN BENDA, RICHARD <br>HARAZIM, FORMINSTER ENTERPRISES, <br>LTD., SPV CO and JOHN DOES 1–5, <br><br>          Counterclaim-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-10679-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANDREW WEISS'S RESPONSE
## TO KOTVA'S FIRST AND SECOND SET OF INTERROGATORIES

## GENERAL OBJECTIONS

1.      Weiss objects to the definitions and Interrogatories to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure.

2.      Weiss objects to the Interrogatories to the extent that they call for information which is protected by the attorney-client privilege, the work product doctrine, or any other privilege provided by law.

3.      Weiss objects to the Interrogatories to the extent that they call for Weiss to provide information that he does not know and is not available to him.

4.      Weiss objects to the phrase "complete detail" as vague and improper in form.

5.      Weiss objects to the numbering of the Interrogatories to the extent that multiple interrogatories are included under a single numeric heading and does not, by answering any of these interrogatories, waive any argument that Kotva has propounded more interrogatories than it is permitted by Rule 33.

6.      No response or objection set forth herein may be deemed an admission that the information the Defendant requests:  (a) is relevant to the subject matter of this lawsuit or is reasonably calculated to lead to the discovery of admissible evidence; and/or (b) is admissible in evidence in this case.

## RESPONSES TO FIRST SET OF INTERROGATORIES

### Interrogatory No. 1

Describe in complete detail the May 12, 2004 meeting (as referenced in Paragraph 24 of the Counterclaim) in Prague between Weiss, Hoffmann, Harazim and Benda, including all statements made by each person and identifying each participant who made each statement and the sequence in which the statements were made during the meeting.  Please include in your answer how long the meeting lasted, who called the meeting, the purpose of the meeting, and identify any documents concerning the meeting.

### Response to Interrogatory No. 1:

Subject to the General Objections above, Weiss answers as follows:

Vladimir Hoffmann suggested that while Weiss was on a business trip in Europe, he should stop by Prague for a day on his way home and meet with the representatives of Forminster. Document WP0001759 is an e-mail message sent by Vladimir Hoffmann to Georgiy Nikitin on May 6, 2004 giving the details of the meeting.  Weiss went to the meeting to obtain

first-hand information about how the negotiations with Forminster conducted by Hoffmann were proceeding.

Weiss does not know if the idea of having the meeting was suggested by Hoffmann to Forminster, or by Forminster to Hoffmann. It was communicated to Weiss that he would be meeting with Richard Harazim and Martin Benda in their capacity as representatives of Forminster.

The meeting began with a long speech by Martin Benda that was translated by Richard Harazim. In the speech he said that the tunneling of the assets of Trend was done a long time ago and there was nothing anyone could do about it, and that he would not even discuss the looting of Trend. Benda said that Forminster did not have money to buy the KOTVA shares, and that there was no point in discussing the purchase of shares in KOTVA. This monologue lasted for around 20 minutes—Benda spoke for around 10 minutes and the translation took around the same time. After Benda's speech was over, Weiss asked about media reports that the sale of the KOTVA store was being negotiated and a price had been agreed upon. Benda denied that there were any ongoing negotiations and asserted that the newspaper accounts were completely false. At that point, Weiss excused himself, stating that he was going to get a drink and went to the bar. Weiss returned approximately 10 minutes later. Food was then served and there were some exchanges between Weiss and Harazim/Benda, in which the Forminster representatives said that there was nothing Weiss could do about the theft of the assets of Trend and Kotva a.s. Weiss then said to Harazim that he thought that there must be something he could do to stop the looting of the assets and to restore the stolen assets to the shareholders of Trend and Kotva. Harazim then asked what Weiss was going to do, and Weiss said he did not know but that he would ask a lawyer, and thought that the lawyer would be able to think of something. At around that point

everyone had finished lunch and Benda excused himself. Towards the end of the meeting Harazim said that he would not pay $5,000,000; and Weiss said that that was fine because he would not take $5,000,000. Harazim then said that a minority shareholding of KOTVA had zero value and no money will ever be distributed to the shareholders. The meeting lasted about 1.5 hours. Benda was present for around half the meeting. Hoffmann, Harazim and Weiss were present for the entire meeting.

After the meeting, Hoffmann and Weiss prepared and signed document WP0005911.

**Interrogatory No. 2**

Describe precisely how, why, and from whom K T and Gilroy acquired shares of Kotva prior to the filing of their respective lawsuits against Kotva, KN and SPV Co. in the Czech Republic. Please include the purchase price or other consideration, if any, paid or given for the shares, describe how the purchase price was determined, and identify the person who made the decision to acquire the Kotva shares by Gilroy and K T.

**Response to Interrogatory No. 2:**

Subject to the General Objections above, Weiss answers as follows:

The reason for K T's and Gilroy's acquisition of Kotva shares was to enable these companies to own shares of Kotva in accounts in their respective names at the Czech Security Center. This would, among other things, permit Gilroy and K T to participate in general meetings and file lawsuits as shareholders. Georgiy Nikitin made the decision for K T to purchase shares in Kotva. Andrew Weiss approved this decision. Vladimir Hoffmann made the decision for Gilroy to purchase shares in Kotva.

K T, Inc. acquired 1,000 shares of Kotva, a.s. from CVF Investments Ltd. on September 2, 2004. The price of CZK 425 per share was close to the last reported price on Bloomberg. The settlement date was December 22, 2004.

Gilroy appears to have acquired five shares of Kotva from Petr Streiberg, as evidenced by the June 24, 2004, e-mail from Vladimir Hoffmann, WP0008522. The purchase price and how the purchase price was determined are unknown.

## Interrogatory No. 3

Identify who owned or controlled Gilroy in June 2004 when Gilroy filed its lawsuit against Kotva, KN and SPV Co. in the Czech Republic, state whether Weiss owned or controlled Gilroy at the time the Gilroy lawsuit was filed, identify who retained Ondrej Peterka to represent Gilroy in the lawsuit, identify the parties to any engagement letter to contract with Mr. Peterka, identify who made the decision to file the Gilroy lawsuit, identify who paid Mr. Peterka's legal bills, and the amount of such legal bills.

## Response to Interrogatory No. 3:

Weiss objects to this interrogatory to the extent that it calls for information protected by the attorney client privilege or work product doctrine, to the extent that it calls for information not reasonably calculated to lead to the discovery of admissible evidence and to the extent that it calls for information that the parties agreed would not be the subject of discovery at this phase of the litigation. Subject to these Objections and the General Objections above, Weiss answers as follows:

Weiss does not have direct knowledge of who owned Gilroy in June 2004. Georgiy Nikitin told Weiss that Nikitin had a conversation with Vladimir Hoffmann in the fall of 2004, when Hoffmann told Nikitin that Gilroy was owned by a nominee shareholder or shareholders and formally controlled by a nominee director or directors, but that Hoffmann provided orders to that nominee director or directors and controlled Gilroy *de facto*.

Neither Weiss nor Weiss Asset Management owned or controlled Gilroy at the time that the Gilroy lawsuit was filed.

The decision to file the Gilroy lawsuit was made collectively in a conference call among Andrew Weiss, Ondrej Peterka, and Vladimir Hoffmann.

Bills from Peterka & Partners were paid by K T and then later by CVF Investments Ltd. The total amount paid up to 30 April 2006 has been EUR 781,138.15.

**Interrogatory No. 4**

Identify who owned or controlled K T in December 2004 when K T filed its lawsuit against Kotva, KN and SPV Co. in the Czech Republic, state whether Weiss owned or controlled K T at the time the K T lawsuit was filed, identify who retained Ondrej Peterka to represent K T in the lawsuit, identify the parties to any engagement letter or contract with Mr. Peterka, identify who made the decision to file the K T lawsuit, identify who paid Mr. Peterka's legal bills, and the amount of such legal bills.

**Response to Interrogatory No. 4:**

Weiss objects to this interrogatory to the extent that it calls for information protected by the attorney client privilege or work product doctrine and to the extent that it calls for information that the parties agreed would not be the subject of discovery at this phase of the litigation. Subject to these Objections and the General Objections above, Weiss answers as follows:

In December 2004, K T was owned by CVF Investments Ltd. Weiss Asset Management did not own or control K T. Georgiy Nikitin and Andrew Weiss were the sole directors of K T at the time; Georgiy Nikitin and Andrew Weiss made the decision to file the K T lawsuit in consultation with Czech counsel.

K T retained Peterka & Partners to represent K T in the lawsuits. Peterka & Partners' bills were paid by K T and then later by CVF Investments Ltd. The total amount of Peterka & Partners' bills up to 30 April 2006 has been EUR 781,138.15..

**Interrogatory No. 5**

Identify all offers and counteroffers exchanged between Kotva and Weiss, BGO and/or WAM during the time period between May 1, 2004 and January 31, 2005 concerning the purchase or sale of Kotva shares and/or Trend shares. Please identify in your answer all documents concerning the offers and counteroffers, the sequence of the exchange of the offers and counteroffers, and the person with the most knowledge concerning the exchange of offers and counteroffers.

**Response to Interrogatory No. 5:**

Weiss objects to this interrogatory on the grounds that it assumes facts that are in dispute, is vague and is unduly burdensome in that Kotva is in as good a position as Weiss to identify all offers and counteroffers exchanged with counter-parties and related documents. Weiss further objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege or work-product doctrine. Subject to these Objections and the General Objections above, Weiss answers as follows:

Weiss is not aware of any offers or counter-offers between Kotva and Weiss, BGO or WAM during the referenced time period. Instead, Weiss is aware of offers from Forminster, as described below.

At the end of 2003 Hoffmann told Weiss that Forminster had offered CZK 20 million for the shares in Kotva owned by CVF Investments Ltd. Weiss turned down that offer. A few weeks later, Mr. Hoffmann told Weiss that Forminster increased its offer to USD 1 million. This offer arrived in the form of a letter from J&T Securities. *See* WP0004297. Mr. Hoffmann reported by email that he made a counter-offer of USD 4 million. *See* WP0000137. In early August 2004, Mr. Hoffmann reported that Martin Benda, on behalf of Forminster, offered CZK 75 million for 82,781 shares of Kotva. The remainder of any offers or counter-offers of which Weiss is presently aware are as described in documents WP0004251–WP0004271.

**Interrogatory No. 6**

Identify all purchases of Kotva shares by BGO, including the date, purchase price, the number of shares purchased, and state whether or not any purchase was made based on confidential insider information.

**Response to Interrogatory No. 6:**

Weiss objects to this interrogatory on the grounds that it is vague and assumes facts that are in dispute. Subject to these Objections and the General Objections above, Weiss answers as follows:

The records available to Weiss reflect the following purchases of Kotva shares by BGO's predecessor, Czech Value Fund:

| Trade Date | Settlement Date | Shares | Price, CZK | CZKUSD | USD Cost |
|---|---|---|---|---|---|
| 28-Aug-97 | 3-Sep-97 | 74000 | 1000 | 33.4850 | $2,209,944.75 |
| 17-Sep-97 | 19-Sep-97 | 408 | 1000 | 33.3570 | $   12,231.32 |
| 17-Sep-97 | 19-Sep-97 | 6300 | 1000 | 33.3570 | $  188,865.91 |
| 10-Aug-00 | 15-Aug-00 | 1315 | 1000 | 38.8850 | $   33,817.67 |
| 20-Sep-00 | 22-Sep-00 | 402 | 1000 | 41.7450 | $    9,629.90 |
| 14-Dec-00 | 19-Dec-00 | 357 | 1000 | 39.0650 | $    9,138.62 |

Weiss did not make these purchases. Weiss has no evidence to suggest that any of them were made based on confidential insider information.

## Interrogatory No. 7

Identify all legal or beneficial owners of BGO and BIP that have interests in the "ring fenced assets," and describe in detail why the Kotva shares were "ring fenced" for 373 Czech crowns per share, how such a price was determined and by whom, and explain whether Weiss and/or BGO will personally benefit (by receiving a success fee or other bonus) if the Kotva shares are sold at a price above the ring fenced price of 373 Czech crowns.

## Response to Interrogatory No. 7:

Weiss objects to this interrogatory on the grounds that it is vague, seeks confidential business information, and assumes facts that are in dispute. Subject to these Objections and the General Objections above, Weiss answers as follows:

The shareholders of the BGO ring-fenced assets are identified in document WP0004930–WP0004931.

The shares of Kotva and Trend (as well as some of the other assets of Czech Value Fund) were ring-fenced because they could not be valued with the precision required under the Fund's new structure. While Czech Value Fund was a closed-end fund and, as such, a precise valuation

was not material, BGO was accepting and redeeming shares at NAV which required a precise valuation to be able to treat all the investors fairly. A more complete explanation of the reasons for segregating the assets was provided in WP0008893.

Paragraph (g) of Schedule A of the BGO Investment Management Agreement (WP004150), describes the success fee Weiss Capital LLC, as the manager of the ring-fenced assets, might earn depending on the ultimate realized value of the ring-fenced assets.

## Interrogatory No. 8

Identify all actions that Weiss (or those acting on behalf of Weiss, including without limitation, Madeline Albright, The Albright Group, politicians, lawyers, and investors) has taken to have the Czech criminal charges against Weiss dismissed, state whether Weiss has filed a petition or complaint under the Bilateral Investment Treaty, and identify all actions that Weiss has taken in challenging the subpoena served under the Mutual Legal Assistance Treaty to testify at the U.S. Attorney's Office, as referenced on page 5 of the Memorandum in Support of Andrew Weiss's Motion for Protective Order. Your answer should identify any documents that Weiss filed with the United States District Court for the District of Massachusetts challenging the subpoena, or any filings in any other court, and a description of the status of any such proceedings.

## Response to Interrogatory No. 8:

Weiss objects to this interrogatory on the grounds that it calls for information protected by the attorney-client privilege or work product doctrine, is not reasonably calculated to lead to the discovery of admissible evidence and calls for information sealed by an Order of this Court. Subject to these Objections and the General Objections above, Weiss answers as follows:

Weiss hired lawyers in the Czech Republic and the United States. These attorneys engaged various experts to assist them, including The Albright Group. Weiss's Czech attorney flied a petition in the Czech Constitutional Court. The filings and Court's decision are produced herewith as documents WP0017080–WP0017089.

Weiss also personally contacted various U.S. government officials and elected representatives in an effort to ensure that the Czech legal process is conducted fairly. Weiss encouraged friends and investors to do the same.

Weiss also encouraged various media outlets to report on this case as it is his belief that public scrutiny of the Czech criminal investigation will result in its termination.

As of today, Weiss has not filed a petition or complaint under the Bilateral Investment Treaty.

**Interrogatory No. 9**

Identify all communications with the "private investigator" hired by Weiss who allegedly said that Martin Benda has bragged that he "did in" the previous investigator of the Forminster fraud as referenced in document Bates No. WP0012214. Please include in your answer the identity of the private investigator, when Weiss hired the investigator, identify all documents exchanged between Weiss and the private investigator, and describe in detail precisely what the private investigator reported to Weiss with respect to Mr. Benda.

**Response to Interrogatory No. 9:**

Weiss objects to this interrogatory on the grounds that it assumes facts that are in dispute, calls for information protected by the attorney-client privilege or work product doctrine, and is propounded for the improper purpose of undermine the future effectiveness of the private investigator by revealing his identity and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, Weiss answers as follows:

Peterka & Partners hired a private investigator to assist it in the Czech litigation. The investigator was retained on 11 February 2005. Weiss has not communicated with the investigator directly.

**Interrogatory No. 10**

State the basis for your contention in Paragraph 53 of the Counterclaim that the "Forminster Group caused Kotva to transfer the Department Store through a series of shell

companies. These transfers have no legitimate business purpose but are instead designed to allow the Forminster Group to take more easily the proceeds of the sale of the Department Store. Ultimately, the Department Store was sold to an Irish company called Markland for approximately $65 million." Please identify in your answer the person with the most knowledge of the facts concerning your answer to this interrogatory and identify any documents concerning your answer to this interrogatory.

**Response to Interrogatory No. 10:**

Weiss objects to this interrogatory on the grounds that Kotva has claimed that paragraph 53 of the counterclaim "contains allegations that are not directed to Kotva" and, therefore, has waived any right it may have had to seek discovery on this topic. Subject to this Objection and the General Objections above, Weiss answers as follows:

Kotva admits that it has transferred the Department Store through a series of shell companies. Kotva also admits that one of those shell companies sold another shell company to a subsidiary of Markland.

Weiss contends that the transfers have no legitimate business purpose but are instead designed to allow Forminster and/or persons and companies associated with Forminster to take more easily the proceeds of the sale of the Department Store because: (1) Mr. Harazim told Weiss that a minority shareholding in Kotva was worthless; (2) Kotva has never explained what legitimate purpose the structuring of the shell companies and transfer of the Department Store achieved; and (3) the transfers and structure do not correspond to the recommendation of Ernst & Young (K0145). In addition, in view of Forminster's history and reputation, the fact that the Department Store was moved to a Cypriot company that is not directly owned by Kotva's shareholders—or even Kotva a.s. itself—appears to be a step in tunneling Kotva's assets. Moreover, documents produced in this case reveal that portions of the sales proceeds have been distributed to other companies related to Kotva and other unknown entities.

Weiss does not know who has the most knowledge of the facts concerning this interrogatory.

## Interrogatory No. 11

State the basis for your allegation in Paragraph 99 of the Counterclaim that "Benda, Harazim, Forminster, SPV Co and John Does 1-5 have obtained possession of the sale proceeds through unlawful means. Accordingly, they have no rights to these proceeds." Please identify in your answer the person with the most knowledge of the facts concerning your answer to this interrogatory and any documents concerning your answer.

## Response to Interrogatory No. 11:

Weiss objects to this interrogatory on the grounds that Kotva has claimed that it is not required to respond to paragraph 99 of the counterclaim and, therefore, has waived any right it may have had to seek discovery on this topic. Weiss further objects to this interrogatory on the grounds that the Court has decided that a necessary party to Count VIII, Forminster Enterprises Ltd., is not subject to this Court's jurisdiction. Accordingly, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, Weiss answers as follows:

Forminster and persons associated with it are able to exercise control over Kotva only because it controls Kotva shares that were unlawfully removed from the Trend fund as part of the Trend Tunneling. As Forminster used its control over Kotva to gain possession of the sales proceeds, it gained possession of those proceeds by unlawful means.

## Interrogatory No. 12

Identify all litigation and/or arbitration concerning CEPF, MCF, and IPB/Domeana. Please include in your answer:

a)   the nature of the objection to the merger of Potravinarsky investicni fund ("Potravinarsky merger");

b)   the damages allegedly cased to CEPF and MCF by the Potravinarsky merger;

c)   Weiss' involvement in the litigation and arbitration and/or the settlement thereof;

  d)  offers made by CEPF and MCF to settle the litigation and arbitration offers made by TBG, BGO, Weiss and/or Golden; and

  e)  the terms of the settlement reached to resolve the litigation and arbitration.

**Response to Interrogatory No. 12:**

  Weiss objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this Objection and the General Objections above, Weiss answers as follows:

  Weiss was not involved in the litigation and has no personal knowledge of the information requested.

**Interrogatory No. 13**

  Describe in detail CEPF's and MCF's August 7, 1997 sale of their shares in RIF and other funds managed by P.I.A.S. Your answer should include without limitation:

  a)  the buyer of the shares;

  b)  the number of RIF shares sold;

  c)  the names and numbers of non RIF shares sold;

  d)  the price the buyer paid for the shares;

  e)  the public trading price of the shares that were sold;

  f)  whether the purchase price per share was above the public trading price, and if so, why;

  g)  Weiss' involvement in the sale;

  h)  when the shares were delivered to IBP/Domeana;

  i)  whether the sale of the RIF shares resolved the litigation filed against the Potravinarsky merger; and

  j)  what CEPF and MCF did with the proceeds from the sale of shares including a detailed description of how CEPF and MCF accounted for the money received from IPB/Domeana, the reasoning given to auditors and/or accountants to justify that accounting, and whether that accounted ever changed.

**Response to Interrogatory No. 13:**

Weiss objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this Objection and the General Objections above, Weiss answers as follows:

Weiss was not involved in the sale and has no personal knowledge of the information requested.

**Interrogatory No. 14**

Describe in detail the August 7, 1997 Option agreement with BH securities ("BH") for shares of RIF. Your answer should include without limitation:

a)      the persons who negotiated and signed the Option agreement;

b)      the price paid for the option;

c)      when that price was paid to BH;

d)      whether that option agreement related to or resolved the litigation and arbitration referenced on page 15 of your Memorandum in Opposition to Kotva's Motion to Compel;

e)      the expiration date for the option;

f)      whether the option was ever exercised, and if not, why;

g)      the strike price in the option; and

h)      state whether CEPF and/or MCF bought more shares in RIF after 1997, including the date, number of shares, and price paid in connection with each such purchase.

**Response to Interrogatory No. 14:**

Weiss objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this Objection and the General Objections above, Weiss answers as follows:

Weiss was not involved in the agreement and has no personal knowledge of the information requested. The litigation referenced on page 15 of the Memorandum was referenced

in Kotva's second set of document requests. Weiss does not know what link, if any, there is between the option agreement and the litigation.

**Interrogatory No. 15**

Describe in detail any actions that Weiss, WAM, BGO, Golden, TBG or any entity controlled by any of them (collectively the "Weiss Kazakhstan Group") took to liquidate the holdings of the Kazakhstan Investment Fund ("KIF"). Your answer should specify each holding that was liquidated and/or threatened to be liquidated, the means used to liquidate it, why it was liquidated, and whether anyone ever asked the Weiss Kazakhstan Group to cease their efforts to liquidate KIF's holdings.

**Response to Interrogatory No. 15:**

Weiss objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and assumes facts in dispute. Subject to this Objection and the General Objections above, Weiss answers as follows:

Howard Golden was the chairman of the Board of KIF, as well as the President of TBG when some of the assets were liquidated. To the best of Weiss's recollection, prior to Howard Golden becoming the chairman of the Board of KIF the management of KIF liquidated shareholdings in Kaztelecom, Hurricane Hydrocarbon, bonds of Kazkommerz Bank, and an interest in the Shemkent Refinery. After he became chairman of KIF the holdings that were liquidated included an interest in Almaty Power, an interest in a company that owned two hotels, an interest in a holding company (Weiss believes it was called Golden Eagle), and an interest in a cement plant in Karaganda. Weiss did not have control over KIF during liquidation or before it.

Weiss asked Howard Golden and John Chapman to not sell the interest in the Cement Plant at the price they had negotiated.

**Interrogatory No. 16**

Identify any litigation, threatened litigation, arbitration, mediation, or other judicial proceeding concerning the Weiss Funds and any of their investments. Your answer should include without limitation:

a)    the parties to the dispute;

b)    the nature of the dispute, and whether it involved litigation or arbitration;

c)    Weiss' involvement in the dispute and/or settlement thereof;

d)    settlement demands made by the Weiss Funds to settle the dispute;

e)    the terms of the settlement reached to resolve the dispute.

**Response to Interrogatory No. 16:**

Weiss objects to this interrogatory as vague, unduly burdensome, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The Weiss Funds have investments in hundreds of companies. Many of these companies are undoubtedly involved in litigation or arbitration of which Weiss is not aware. Weiss has previously answered that he has no personal knowledge of the arbitration referred to in interrogatory number 12.

**Interrogatory No. 17**

State the basis of Weiss' representations in his letter to investors of May 2005 (attached hereto as Bates No. Fitz 0095) that "Investors in the segregated assets could be awarded damages of as much as $25 million," and "[t]here is nominal risk to BIP investors from these legal problems, and an opportunity for significant gains."

**Response to Interrogatory No. 17:**

Weiss objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this Objection and the General Objections above, Weiss answers as follows:

At the time Weiss sent the May 2005 communication, he believed, based on the valuations of Kotva, that investors in the segregated assets could be awarded damages of as much as $25 million. Weiss regarded this figure as a significant gain. The only risk for BIP investors of which Weiss was aware at the time was that it might cost the ring-fenced assets more in legal fees than what would ultimately be realized from liquidating the assets. Weiss regarded this risk as nominal from the perspective of a BIP investor.

**Interrogatory No. 18**

Identify any and all damages that Defendants and Counterclaim Plaintiffs are claiming in this action and state the basis for each category of damages. If your claimed damages include recovery of legal fees paid to McDermott Will & Emery LLP, legal fees paid to Czech counsel, and/or fees paid to Madeline Albright and/or The Albright Group, state whether those fees have been paid or funded by BGO investors or BIP investors, and whether Weiss has informed BGO investors or BIP investors that they are paying or funding such fees.

**Response to Interrogator No. 18:**

Weiss objects to this interrogatory on the grounds that it is vague, seeks information that the parties agreed would not be the subject of discovery at this phase in the litigation, is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it calls for information protected by the attorney-client privilege or work product doctrine. Subject to these Objections and the General Objections above, Weiss answers as follows:

Weiss's damages include the following categories: legal fees and other fees incurred defending against this case; legal fees and other fees incurred in connection with the Czech criminal investigation, lost business opportunities, damage to reputation, and lost time.

After legal proceedings had already commenced, BIP and QVT have advanced loans to CVF Investments. CVF Investments has paid legal fees on behalf of the Counterclaim-Plaintiffs. The amount of BIP's loan is, in the opinion of its auditor, not material and has not been disclosed.

**Interrogatory No. 19**

With respect to the August 23, 2004 letter to Martin Benda and Richard Harazim (attached thereto) please state in complete detail (1) why you are willing to "attempt to influence Gilroy" to withdraw its complaint in exchange for sale of Kotva shares for 131 million CZK; and (2) state the basis of the representation that "we do not exert control over Gilroy (and Balfindor) or petitions submitted by them."

**Response to Interrogatory No. 19:**

Weiss objects to this interrogatory on the grounds that it is vague and assumes facts that are in dispute. Weiss further objects to this interrogatory in that it takes individual parts of a communication out of context. Subject to these Objections and the General Objections above, Weiss answers as follows:

Weiss believed that CZK 131 million was a fair (albeit low) price for the 82,781 shares of Kotva (at approximately CZK 1582.5 per share). If the shares were sold, then there was no economic justification for continuing to fund a lawsuit brought to protect the minority shareholders.

The basis for the statement that "we do not exert control over Gilroy (and Balfindor) or petitions submitted by them" is that it is true. Weiss is not a shareholder or director or officer of either company.

**Interrogatory No. 20**

Please explain in complete detail why BGO has not sold or offered to sell its Kotva shares on the publicly traded securities market in Prague and explain why BGO believes it should receive a premium for its shares above the publicly traded market price.

**Response to Interrogatory No. 20:**

Weiss objects to this interrogatory on the grounds that it is vague and assumes facts that are in dispute. Subject to this Objection and the General Objections above, Weiss answers as follows:

Due to lack of trading, the reputation of Forminster, and the questions about whether Forminster will be successful in looting Kotva's assets, the market price for Kotva shares is irrelevant. Weiss understands that, according to Bloomberg, a total of 48 shares of Kotva have traded over the course of the last three-and-one-half years for a total of less than $1000. Independent valuations of the Kotva and Trend shares guided Weiss's decision.

## RESPONSES TO SECOND SET OF INTERROGATORIES

**Interrogatory No. 1**

State whether or not Weiss has been served with the Czech criminal charges, the date of any such service, whether Weiss and/or his counsel has access to the Czech criminal file, and identify any documents concerning service of the Czech criminal charges.

**Response to Interrogatory No. 1:**

Weiss objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is overly broad and unduly burdensome, and to the extent that it calls for material protected by the work product doctrine or attorney client privilege. Subject to these Objections and the General Objections above, Weiss answers as follows:

Weiss has not been served with any criminal charges by the Czech government. As such, he is not an "accused" person under Czech law, and has been denied complete access to the Czech criminal file.

**Interrogatory No. 2**

State the basis for your representation to Richard Harazim in January 2005 that "KT is not controlled by Weiss Asset Management" as set forth in the email attached hereto (Bates No. K0037), and identify the person(s) who did control K T in July 2005. Please identify in your answer the person with the most knowledge of the facts concerning your answer to this interrogatory and identify any documents concerning your answer to this interrogatory.

**Response to Interrogatory No. 2:**

Weiss objects to this Interrogatory on the grounds that it is vague, takes part of a communication out of context, and to the extent it assumes facts that are in dispute or calls for material protected by the work product doctrine or attorney client privilege. Subject to these Objections and the General Objections above, Weiss answers as follows:

The basis for this representation is that it was and is true. Weiss Asset Management did not and does not control K T, Inc. Moreover, K T was acting on behalf of CVF Investments

Ltd., which did not have its own account at the Czech Securities Center in January 2005. Once CVF Investments Ltd. was able to move its Kotva shares into its own account at the Czech Securities Center, it sought to join K T's lawsuits. Finally, Weiss would not have caused the K T lawsuit to be withdrawn without first consulting the investors who held the largest beneficial interests in the assets owned by CVF Investments Ltd.

In July 2005, Andrew Weiss and Georgiy Nikitin were the directors of K T.

Andrew Weiss has the most knowledge of the facts concerning this interrogatory.

I declare under penalty of perjury that the foregoing is true and correct.

ANDREW WEISS

Dated: July 24, 2006

As to objections,

Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109-1775
(617) 535-4000

Date: July 24, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document is being served by ~~regular mail and electronic~~ on counsel for Kotva a.s. and Richard Harazim on July 24, 2006.

Benjamin A. Goldberger

BST99 1507884-7.072198.0012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>       Plaintiff,<br><br>  v.<br><br>ANDREW WEISS and WEISS ASSET<br>MANAGEMENT, LLC,<br><br>       Defendants.<br><hr>ANDREW WEISS, WEISS ASSET<br>MANAGEMENT LLC, K T, INC. and CVF<br>INVESTMENTS, LTD.,<br><br>       Counterclaim-plaintiffs,<br><br>  v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD<br>HARAZIM, FORMINSTER ENTERPRISES,<br>LTD., SPV CO and JOHN DOES 1–5,<br><br>       Counterclaim-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-10679-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OBJECTIONS AND RESPONSES OF
ANDREW WEISS AND WEISS ASSET MANAGEMENT LLC TO
SET OF DOCUMENT REQUESTS SERVED ON JUNE 22, 2004**

**GENERAL OBJECTIONS**

1.      The Defendants object to Kotva's failure to describe each item or category of documents requested with "reasonable particularity." FED. R. CIV. P. 34(b).

2.      The Defendants object to Kotva's failure to "specify a reasonable time, place, and manner of making the inspection and performing the related acts." FED. R. CIV. P. 34(b).

3.     The Defendants object to Kotva's characterization of these forty-three requests as Kotva's "Second Request for Production of Documents." Kotva has already served multiple sets of requests for production of documents to the defendants, and this additional set of document requests is improper under Local Rule 26.1(c).

4.     The Defendants object to the Definitions and Requests to the extent that they assume facts that may be in dispute and do not, by responding to any request, admit that the assumed facts are true.

5.     The Defendants object to these requests and the incorporated instructions and definitions to the extent they seek the disclosure of documents or other information not required under the Federal Rules of Civil Procedure and the Local Rules.

6.     The Defendants object to these requests to the extent they seek documents not in Defendants' possession, custody or control.

7.     The Defendants object to each Request where, and to the extent that, such Request calls for information that is protected by the attorney-client privilege, the work product doctrine, or any other privilege provided by law.

8.     Defendants object to each Request to the extent that it encompasses work product that was created after the filing of this case or any related Czech civil or criminal case.

9.     Defendants object to each Request to the extent that it calls for the inspection of documents in their custody in which third parties may have an interest.

10.     Defendants object to each Request to the extent that it calls for the production of documents created after April 17, 2006 to the extent that it purports to place the burden on the Weiss Parties to conduct multiple additional document pulls.

11.     For any inspection and production that occurs in this case, the Defendants specifically reserve the right to assert and maintain privilege objections as to any privileged documents that may be inadvertently produced in response to these Requests.  The Defendants expect that Kotva's counsel will return any inadvertently produced document containing attorney-client privileged, work product or any other privileged and/or protected communication or information.

12.     Any response by the Defendants inconsistent with its objections shall not be deemed a waiver of such objections.

13.     No response or objection set forth herein may be deemed an admission that the information that Kotva a.s. requests:  (a) is relevant to the subject matter of this lawsuit or is reasonably calculated to lead to the discovery of admissible evidence; and/or (b) is admissible in evidence in this case.

14.     Subject to and without waiving any of their objections, Defendants reserve the right to supplement these responses, as needed, should they later obtain or locate additional, responsive documents.

## RESPONSES TO SPECIFIC REQUESTS

1.     All documents concerning business negotiations between Weiss and Hoffmann from January 2000 to the present date.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  The Defendants further object to this Request to the extent that seeks documents protected by the attorney-client privilege and work product doctrine.  Subject to these Objections

and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

2.     All documents concerning Weiss' purpose, motive and intent in filing the Gilroy and/or KT lawsuits in the Czech Republic.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, and overly broad.  The Defendants further object to this Request to the extent that it assumes facts that are in dispute and to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.  Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

3.     All documents concerning business discussions between Weiss and anyone else about whether to bring litigation in order to recover the value of the Kotva or Trend shares.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, and overly broad.  The Defendants further object to this Request to the extent that it assumes facts that are in dispute and to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.  Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

4.      All documents concerning communications with Madeline Albright and/or The Albright Group, including, without limitation, any bills from either of them for services rendered.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents that the parties have agreed are not discoverable at this stage of the litigation. The Defendants further object to this Request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

5.      All documents concerning any contracts, engagement letters, or fee agreements with Ondrej Peterka, and/or any other Czech counsel, involving the Czech Lawsuits, Kotva, and/or the Czech criminal charges against Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents that the parties have agreed are not discoverable at this stage of the litigation. The Defendants further object to this Request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine.

6.      All communications concerning the Czech criminal charges against Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine. The Defendants further object to this request to the extent that it seeks documents ordered sealed by this Court. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

7.     All documents concerning Weiss' challenge to the subpoena to testify at the U.S. Attorneys' Office served under the Mutual Legal Assistance Treaty, as referenced on page 5 of the Memorandum in Support of Andrew Weiss' Motion for a Protective Order, including any documents or filings submitted to the United States District Court for the District of Massachusetts.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents that the parties have agreed are not discoverable at this stage of the litigation. The Defendants further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. The Defendants further object to this request to the extent that it seeks documents ordered sealed by this Court. Subject to these Objections and the General Objections above, Defendants will produce non-sealed, non-privileged responsive documents to the extent that they have not produced such documents already.

8.    All documents concerning the service of the Czech criminal charges upon Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, not

reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome.

The Defendants further object to this Request on the grounds that it seeks documents protected

by the attorney-client privilege and work product doctrine.  The Defendants further object to this

Request to the extent it assumes that criminal charges have been served on Weiss.  The

Defendants further object to this request to the extent that it seeks documents ordered sealed by

this Court.  Subject to these Objections and the General Objections above, Defendants will

produce non-sealed, non-privileged responsive documents to the extent that they have not

produced such documents already.

9.    All communications concerning the Czech criminal charges against Weiss.

**RESPONSE:**

The Defendants object to this Request as duplicative of Request No. 6.  The Defendants

further object to this Request on the grounds that it is overly broad, not reasonably calculated to

lead to the discovery of admissible evidence and is unduly burdensome.  The Defendants further

object to this Request on the grounds that it seeks documents protected by the attorney-client

privilege and work product doctrine.  The Defendants further object to this request to the extent

that it seeks documents ordered sealed by this Court.  Subject to these Objections and the

General Objections above, Defendants will produce non-privileged responsive documents to the

extent that they have not produced such documents already.

10.    All documents from the Czech criminal file.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome in view of Kotva's access to the Czech criminal file. The Defendants further object to this Request on the grounds that it seeks to discover the work product of Weiss's Czech criminal counsel and communications protected by the attorney-client privilege and work product doctrine.

11.    All documents concerning communications with Hoffmann and Edita Simkova involving the Czech criminal charges.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, seeks to discover the work product of Weiss's Czech criminal counsel and documents protected by the attorney-client privilege and work product doctrine, including, if applicable, the joint-defense privilege. The Defendants further object to this Request to the extent it assumes that any such communications took place. In further responding, Defendants state that they have no non-privileged responsive documents.

12.    All documents concerning any filing of a petition or complaint under the Bilateral Investment Treaty.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, seeks to discover the work product of Weiss's Czech and American counsel and documents protected by the attorney-client privilege and work product doctrine. The Defendants further object to this Request to the extent it assumes that any such petition has been filed. Subject to these Objections and the General Objections above, the

Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

13.    All documents concerning any effort by Weiss (or anyone acting on his behalf, including, without limitation, lawyers, politicians, consultants or investors) to have the Czech criminal charges against him dismissed.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  The Defendants further object to this Request to the extent that it seeks documents that Kotva can obtain from the Czech criminal file.  The Defendants further object to the extent that this Request seeks to discover the work product of Weiss's Czech and American counsel and those working on their behalf and documents protected by the attorney-client privilege and work product doctrine.  Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

14.    All documents concerning communications with the Bank of Bermuda, HSBC, and/or CSOB concerning Kotva and/or Kotva's shares held by TBG, CVF, CVF Ltd, BGO, KT and/or Gilroy, including, without limitation, all custodian agreements, emails, letters and/or invoices for custody or other services.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce non-

privileged responsive documents to the extent that the Defendants have not produced such documents already and to the extent that Defendants have such documents in their possession, custody or control.

15.    All documents concerning communications with Ladislav Pavek, SIAS s.r.o., or any other private investigator concerning Kotva, Richard Harazim, Martin Benda, the Czech Lawsuits, Forminster, Trend, and/or the Czech criminal charges against Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to the extent that this Request seeks to discover the work product of Weiss's Czech and American counsel and those working on their behalf and documents protected by the attorney-client privilege and work product doctrine.

16.    All documents identifying the legal or beneficial owners of BIP and BGO that hold interests in the segregated assets.

**RESPONSE:**

The Defendants object to this Request as they have already produced documents identifying the legal and beneficial owners of the segregated assets and on the grounds that it is vague, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that it seeks confidential business information. The Defendants further object to this Request to the extent that it seeks documents outside the possession, custody or control of the Defendants.

17.    All documents concerning Golden's appointment to and service on the Board of Kotva.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that they have any such documents in their possession, custody or control.

18.    All communications with BGO investors and/or BIP investors concerning the ring fencing of Kotva's shares at 373 CZK per share, and BGO's (or their custodians or brokers) subsequent purchase of Kotva's shares at a price in excess of 1400 CZK per share,

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request on the grounds that it assumes facts that are in dispute. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

19.    All documents concerning TBG's and/or BGO's purchase of Kotva's shares in 2000, including any communications involving confidential insider information utilized in the purchase of such shares.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request on the grounds that it assumes facts that may be in dispute. The Defendants further object to the reference to "confidential insider information" as they are not aware of any basis to suggest that CVF or any entity or person associated with it used such information in purchasing Kotva shares. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

20.    All documents concerning the factual allegations in the Answer and Counterclaim.

**RESPONSE:**

Defendants object to this Request as it is vague, overbroad and unduly burdensome. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

21.    All documents concerning BGO's and efforts to sell its Kotva and/or Trend.

**RESPONSE:**

The Defendants object to this Request as unintelligible. The Defendants reserve all other Objections pending clarification of this Request.

22.    All documents supporting Weiss' representation in his August 23, 2004 letter (attached hereto) that "we do not exert control over Gilroy (and Ballfindor) or petitions submitted by them."

**RESPONSE:**

The Defendants object to this Request as vague and to the extent it takes a portion of a communication out of context. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

23.    All documents supporting Weiss' representation in his email to Richard Harazim dated January 6, 2006 (attached hereto) that "KT is not controlled by Weiss Asset Management."

**RESPONSE:**

The Defendants object to this Request as vague and to the extent it takes a portion of a communication out of context. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

24.    All documents concerning communications with BGO investors and BIP investors concerning Kotva, this Action, the Czech criminal charges against Weiss and/or the Czech Lawsuits, since the filing of this Action to the present date.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome. The Defendants further object to this Request to the extent that it seeks documents protected by the

attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

25.    All documents concerning communications with BGO investors and/or BIP investors concerning the dismissal of Weiss' claims in this Action.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have such documents in their possession, custody or control.

26.    All documents concerning communications with BGO investors and/or BIP investors concerning any changes to the Investment Management Agreement of BGO and of BIP after the filing of this Action, and all documents concerning the reasons for such changes.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.

27.    All documents concerning communications with BGO investors and/or BIP investors concerning their liability to pay legal fees incurred in this Action and/or pay any judgments entered in this Action against Weiss or WAM.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to the extent that this Request assumes that BGO investors and/or BIP investors have any liability to pay legal fees or judgments or that any such communications took place. The Defendants further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.

28.     All documents concerning communications with BGO investors and/or BIP investors concerning the transfer of the segregated assets (including Kotva shares) from BGO to entities owned or controlled by Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to the extent that this Request assumes that any such communications took place. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have any such documents in their possession, custody or control.

29.     All documents concerning communications with BIP investors and/or BGO investors concerning loans to CVF Ltd.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General

Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

30.    All documents concerning communications supporting Weiss' allegations that Richard Harazim, Martin Benda, and/or Kotva agents are members of Russian organized crime as Weiss has reported to the press.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague and to the extent that it seeks documents protected by the attorney client privilege and work product doctrine and to the extent that it assumes facts that are in dispute. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that Defendants have any such documents in their possession, custody or control..

31.    All documents concerning communications with the Federal Bureau of Investigation.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad and seeks documents protected by the attorney client privilege and work product doctrine. In further responding, the Defendants state that they have no non-privileged responsive documents.

32.    All documents concerning any criminal complaints filed against Richard Harazim, Martin Benda or any other representatives of Kotva.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, assumes facts that are in dispute and seeks documents protected by the attorney client privilege and work product

doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have any such documents in their possession, custody or control.

33.    All documents concerning communications with Markland, Markland's bank and/or Markland's attorneys.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that it seeks documents protected by the attorney client privilege and work product doctrine. The Defendants further object to this Request to the extent it seeks documents concerning communications made after the initiation of this lawsuit as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

34.    All documents concerning the proposed sale of CVF's Kotva shares in 2000 though Erste Bank, Ceska Sporitlena, and Zivnostenska Bank.

**RESPONSE:**

The Defendants object to this Request to the extent that it assumes facts that may be in dispute. Subject to this Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents

already and to the extent Defendants have such documents in their possession, custody or control.

35.     All documents concerning the use of the segregated assets to purchase shares in KT, including, without limitation, any disclosures or notifications to BGO investors or to BIP investors.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.  The Defendants further object to the extent that this Request assumes that any such communications took place.  Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

36.     All documents concerning the use of segregated assets to fund the Czech Lawsuits, and/or this Action, including, without limitation, any disclosures or notifications to BOO investors or BIP investors.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine and seeks documents that the parties agreed would not be subject to discovery at this stage in the proceedings.  Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

37.    All documents supporting Weiss' contention in his motion for a protective order seeking to postpone his deposition that "[T]he collusion between K-T-V and the Czech police creates an unfair situation in which the investigative power of the Czech police is enlarged through K-T-V's use of this Court's discovery rules and leverage is increased through the criminal investigation... This is exactly the sort of unfair advantage K-T-V seeks to secure through the influence over Czech law enforcement."

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague. Subject to this Objection and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

38.    All documents supporting Weiss' contention in paragraph 76 of his counterclaim that "[b]y selling the Department Store and keeping the proceeds for themselves, counterclaim defendants Benda, Harazim, Forminster, SPV CO and John Does 1-5 have unjustly enriched themselves at the expense of counterclaim plaintiffs KT, Inc. and CVF Investments Ltd."

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague and mischaracterizes the Counterclaim.  Subject to this Objection and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

39.    All documents concerning donations made by Weiss or Bonnie Weiss to Senator John Kerry, Senator Joseph Biden, Senator Edward Kennedy and/or Congressman Barney Frank.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague and not reasonably calculated to lead to the discovery of admissible evidence.

40.    All documents concerning communications with Danielle Weiss involving the press, Kotva, this Action, the Czech criminal charges against Weiss and/or the Czech Lawsuits.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this Objection and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

41.    All documents concerning the prospective deal with "an international investment banking firm to sell all of the Kotva shares" as referenced in the September 30, 2000 report to BGO investors.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this Objection and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

42.    All documents concerning the 2003 uncontested mandatory cash offer by Red Apple Investments, LLC of shares in Investec European Growth & Income Trust Ltd.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent it seeks confidential business information.

43.    All communications and agreements with Starlight Investments Limited concerning the company Investec European Growth & Income Trust Ltd. "IEO" including, without limitation, communications and agreements concerning IEO shares, the voting rights to IEO shares and the proceeds from the winding up of IEO.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent it seeks confidential business information.

Respectfully Submitted,

ANDREW WEISS and WEISS ASSET
MANAGEMENT LLC

By their attorneys,

Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654257)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: July 24, 2006

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the 24th day of July, 2006, a true and correct copy of the foregoing document was served by ~~first class mail and electronic mail~~ on counsel for each other party.

_____
Benjamin A. Goldberger

BST99 1510365-2.072198.0012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | C.A. No. 05-10679-RCL |
| —————————————————— ) | |
| ) | |
| ANDREW WEISS, WEISS ASSET ) | |
| MANAGEMENT LLC, K T, INC. and CVF ) | |
| INVESTMENTS, LTD., ) | |
| ) | |
| Counterclaim-plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KOTVA a.s., MARTIN BENDA, RICHARD ) | |
| HARAZIM, FORMINSTER ENTERPRISES, ) | |
| LTD., SPV CO and JOHN DOES 1–5, ) | |
| ) | |
| Counterclaim-defendants. ) | |
| —————————————————— ) | |

## ANDREW WEISS'S RESPONSE
## TO KOTVA'S THIRD SET OF INTERROGATORIES

## GENERAL OBJECTIONS

1.     Weiss objects to the definitions and Interrogatories to the extent that they purport

to impose obligations beyond those required by the Federal Rules of Civil Procedure.

2.     Weiss objects to the Interrogatories to the extent that they call for information

which is protected by the attorney-client privilege, the work product doctrine, or any other

privilege provided by law.

3.      Weiss objects to the Interrogatories to the extent that they call for Weiss to provide information that he does not know and is not available to him.

4.      Weiss objects to the numbering of the Interrogatories to the extent that multiple interrogatories are included under a single numeric heading.

5.      No response or objection set forth herein may be deemed an admission that the information the Defendant requests:  (a) is relevant to the subject matter of this lawsuit or is reasonably calculated to lead to the discovery of admissible evidence; and/or (b) is admissible in evidence in this case.

## RESPONSES TO THIRD SET OF INTERROGATORIES

**Interrogatory No. 1**

Identify the dollar value and percentage of the total amount of segregated assets (which include the Kotva shares) that Weiss and his family members hold either through BGO's or BIP's holdings in the segregated assets.  (The term "segregated assets" as used in this interrogatory and in any other prior interrogatory of Kotva refers to the investments that "were segregated in September, 2000 when conversion of Czech Value Fund to an open ended fund was completed." See BGO Annual Report, page 34 attached hereto and Bates Labeled WP 0013430).  Identify each such Weiss family member in your answer and identify documents sufficient to identify the dollar value and percentage amount of such holdings in the segregated assets, including account statements..

**Response to Interrogatory No. 1:**

Weiss incorporates the General Objections above, and further objects to this Interrogatory on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence and seeks confidential business information and personal financial information of parties and non-parties.  Weiss further objects to this Interrogatory on the grounds that Kotva is not permitted, without leave of court or written stipulation, to serve more than 25 interrogatories on Weiss.

As to objections,

Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

*Attorneys for Andrew Weiss*
Date:  July 28, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document is being served by regular mail and electronic mail on counsel for Kotva a.s. and Richard Harazim on July 28, 2006.

Benjamin A. Goldberger

BST99 1511245-1.072198.0012

3