UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>　　　　Defendants.<br><br>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD.,<br><br>　　　　Counterclaim-plaintiffs,<br><br>v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5,<br><br>　　　　Counterclaim-defendants. | C.A. No. 05-10679-RCL |

**EMERGENCY MOTION TO EXTEND TIME TO RESPOND
TO KOTVA'S MOTION FOR SANCTIONS AND TO COMPEL (DOCUMENT NO. 128)**

Pursuant to Federal Rule of Civil Procedure 6(b), Andrew Weiss, Weiss Asset Management LLC, K T, Inc. and CVF Investments Ltd. (collectively, the "Weiss Parties"), by and through their attorneys, hereby move to extend the time to respond to Kotva's Motion for Sanctions and to Compel (Document No. 128) by one week, up to and including August 24, 2006. In support of this Motion, the Weiss Parties state:

1.	On August 2, 2006 at approximately 8:00 p.m., Kotva filed a Motion for Sanctions and to Compel. As Kotva's motion was filed after the 6:00 p.m. cut-off time established by the Court for ECF filings, the Weiss Parties' response was due on August 17, 2006.

2.	During the week of August 7, 2006, the parties engaged in a number of discovery conferences. During a conference on Friday August 11, 2006, counsel for Kotva agreed to a one-week extension for the Weiss Parties' response to Kotva's motion so that counsel for the Weiss Parties could concentrate on document production issues. The parties agreed that the Weiss Parties would produce certain documents by August 21, 2006 and respond to Kotva's motion by August 24, 2006.

3.	Relying on this agreement, counsel for the Weiss Parties did not work on an opposition to Kotva's motion for four and a half days.

4.	Just after 4:30 p.m. on August 15, 2006, counsel for Kotva informed counsel for the Weiss Parties that Kotva was reneging on its agreement and would no longer agree to an extension of time to respond to Kotva's motion. This about face appears to be in retaliation for the Weiss Parties' continuing to press their assertion that Richard Harazim has waived objections to the Weiss Parties' discovery requests by failing to respond in a timely fashion. *See* Exhibit A (correspondence between counsel).

5.	At no time during the discovery conferences held during the week of August 7, 2006 did counsel for Kotva even seek to make the one-week extension of time to respond to Kotva's motion contingent on any agreement with respect to Mr. Harazim's failure to respond to discovery requests.

6. On August 11, 2006, at approximately 7:00 p.m., Kotva filed a second motion to compel. The Weiss Parties' response to this Motion is presently due on August 28, 2006. As judicial economy would be best served by hearing any argument on the two motions together, extending the time for the Weiss Parties to respond to Kotva's Motion for Sanctions and to Compel will not impact the case schedule in any material way.

7. In view of these facts, the Weiss Parties have established the good cause required for a one-week extension of time to respond to Kotva's Motion for Sanctions and to Compel.

> Respectfully Submitted,
>
> ANDREW WEISS and WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD.
>
> By their attorneys,
>
> /s/ Benjamin A. Goldberger
> Edward P. Leibensperger (BBO# 292620)
> Benjamin A. Goldberger (BBO# 654357)
> McDermott Will & Emery LLP
> 28 State Street
> Boston, Massachusetts  02109-1775
> (617) 535-4000

Dated: August 16, 2006

## LOCAL RULE 7.1 CERTIFICATE OF CONSULTATION

I, Benjamin A. Goldberger, hereby certify that I conferred with counsel for Kotva, and attempted in good faith to resolve or narrow the issues presented by this motion. On August 11, 2006, counsel for Kotva agreed to the relief sought. On August 15, 2006, counsel for Kotva withdrew that agreement.

> /s/ Benjamin A. Goldberger
> Benjamin A. Goldberger

- 4 -

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 16, 2006.

                                            /s/ Benjamin A. Goldberger
                                            Benjamin A. Goldberger

BST99 1513272-1.072198.0012

# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington D C

Benjamin A Goldberger
Associate
bgoldberger@mwe com
617 535 4483

August 14, 2006

BY ELECTRONIC MAIL AND REGULAR MAIL

Joel G. Beckman
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, MA 02116

Re: <u>Kotva a.s. v. Andrew Weiss et al.</u>, C.A. No. 05-10679-RCL

Dear Joel:

On June 30, 2006, you were served by hand with document requests and interrogatories for your client, Richard Harazim. Responses and objections were due on July 31, 2006. On July 27, 2006, Dan sent an email requesting an extension of time until August 7, 2006 to respond. Approximately five minutes later, you requested a further extension to August 9, 2006. On July 28, 2006, I responded, writing:

> I have no problem with the 9th (or the 7th), on the understanding that we will be receiving substantive answers from Mr. Harazim in addition to any objections that you may interpose. If the response is to be solely objections, then we would like to know those objections and start the 37.1 process as soon as possible.

I received no response to this email. When August 7 came and went with no responses to the discovery requests, I noted in an August 8, 2006 email that the deadline for responses—as extended—had passed. You wrote back, stating that you "misunderstood" when the discovery was due and offered to provide us with responses by the end of the week. We still have not received any responses.

Joel G. Beckman
August 14, 2006
Page 2

Accordingly, Mr. Harazim has waived all objections to the interrogatories and document requests. *See* Local Rule 33.1(c)(1); Local Rule 34.1(c)(1). Moreover, Mr. Harazim's failure to respond to discovery requests subjects him to sanctions, including the "rendering of a judgment by default against the disobedient party." FED. R. CIV. P. 37(b)(2)(C).

Truly,

*[signature]*

Benjamin A. Goldberger

cc:   Edward P. Leibensperger
      Daniel J. Pasquarello

BST99 1513073-1 072198 0012

# ◆ Nystrom Beckman & Paris LLP

August 15, 2006

**By Email and First Class Mail**

Benjamin Goldberger, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109-1775

Re: Kotva a.s. v. Andrew Weiss and Weiss Asset Management, LLC
C.A. No. 05-10679-PBS (D. Mass.)

Dear Ben:

Please find enclosed the following documents:

1. Response of Richard Harazim to Third Set of Requests for Production of Documents of Andrew Weiss, Weiss Asset Management LLC, KT Inc., and CVF Investments Ltd.; and

2. Objections and Responses of Richard Harazim to Counterclaim Plaintiffs' First Set of Interrogatories.

In your August 14, 2006 letter to me you claim that Mr. Harazim has waived all objections and may be sanctioned for failing to provide these responses on Friday—as opposed to today (Tuesday). I would remind you, however, that defendants' document production was due three weeks ago. As a professional courtesy, we extended that deadline to August 21, 2006. We also gave you an extension until August 24, 2006 to file your opposition to the motion to compel. If you intend to press the issues raised in your letter, then we expect you to honor the original deadlines for your document production and opposition to the motion to compel.

Sincerely,



Joel G. Beckman

cc: Edward P. Leibensperger, Esq.

◆ nbp

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington. D C

Benjamin A Goldberger
Associate
bgoldberger@mwe com
617 535 4483

August 16, 2006

BY ELECTRONIC MAIL AND REGULAR MAIL

Joel G. Beckman
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, MA  02116

Re:   Kotva a.s. v. Andrew Weiss et al., C.A. No. 05-10679-RCL

Dear Joel:

This is in response to your August 15, 2006 letter. In addition to coming after the deadline, Mr. Harazim's document responses and interrogatories reveal that he is not serious about participating in the discovery process. I offered you an extension to August 7 or August 9 based on the condition that Mr. Harazim provide substantive answers. Mr. Harazim did not provide substantive answers to interrogatories or document requests. In any event, by failing to respond by the deadline as extended, Mr. Harazim's waiver of objections is complete and irrevocable.

Your suggestion that the Defendants' document production was due three weeks ago is disingenuous at best. *Written responses* were due on July 24, 2006 and served on that date. In violation of Rule 34, your most recent set of document requests failed to specify a reasonable time or place for *production*. We objected on this ground, among others. It was not until last Friday that the Weiss Parties agreed to withdraw certain objections and all parties agreed on a date for production: August 21, 2006. During Friday's teleconference, you also agreed to a one week extension, until August 24, 2006, for our opposition to Kotva's Motion to Compel. I relied on your agreement, and did not work on that opposition from Friday afternoon through today. Your attempt to renege on your agreement, and to demand an opposition to Kotva's motion to compel on two day's notice is outrageous.

U.S. practice conducted through McDermott Will & Emery LLP
28 State Street Boston, Massachusetts 02109-1775  Telephone: 617.535.4000  Facsimile: 617.535 3800  www mwe com

Joel G. Beckman
August 16, 2006
Page 2


We will file an emergency motion for an extension of time to respond to Kotva's motion to compel and note your agreement to that extension on Friday, and withdrawal of that agreement on Tuesday. With respect to Mr. Harazim's discovery responses, we request a 37.1 conference to discuss Mr. Harazim's interrogatory responses and the scope of documents Mr. Harazim will agree to produce. Given Mr. Harazim's waiver of all objections and failure to object to producing documents based on the attorney-client privilege or work product doctrine, we expect that production to be substantial. I am available at your convenience Thursday after 3:00 p.m. or any time Friday of this week.

Truly,

/Benjamin A. Goldberger

cc: Edward P. Leibensperger
    Dana Zakarian

BST99 1513289-1 072198 0012