UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., )<br><br>Plaintiff, )<br><br>v. )<br><br>ANDREW WEISS and WEISS ASSET )<br>MANAGEMENT, LLC, )<br><br>Defendants. )<br>————————————————————— )<br>ANDREW WEISS, WEISS ASSET )<br>MANAGEMENT LLC, K T, INC. and CVF )<br>INVESTMENTS, LTD., )<br><br>Counterclaim-plaintiffs, )<br><br>v. )<br><br>KOTVA a.s., MARTIN BENDA, RICHARD )<br>HARAZIM, FORMINSTER ENTERPRISES, )<br>LTD., SPV CO and JOHN DOES 1–5, )<br><br>Counterclaim-defendants. )<br>————————————————————— ) | C.A. No. 05-10679-RCL |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS

In responding to the Weiss Parties' discovery requests, counterclaim-defendant Richard Harazim has flouted his obligations under the Federal Rules of Civil Procedure and the Local Rules. The Court should order Mr. Harazim to produce documents and respond to interrogatories subject to his complete waiver of any objections, as well as sanction Mr. Harazim for his multiple violations of the Rules.

## I.    PROCEDURAL HISTORY

The Weiss Parties named Richard Harazim as a counterclaim defendant and effected

service on him under the Hague Convention.   In response, Mr. Harazim filed a motion to dismiss, arguing that this Court lacked personal jurisdiction over him.   The Weiss Parties sought to serve document requests and interrogatories on Mr. Harazim limited to the subject of his personal jurisdiction defense, but Mr. Harazim would not agree to respond to those requests and the Court denied the Weiss Parties' motion for leave to serve jurisdictional discovery.   On June 14, 2006, the Court denied Mr. Harazim's motion to dismiss in part and granted it in part, deciding that the Court had personal jurisdiction over Mr. Harazim for some, but not all, of the Weiss Parties' claims.

On June 28, 2006, Mr. Harazim filed a reply to the Weiss Parties' counterclaim.   Two days later, on June 30, 2006, the Weiss Parties served interrogatories and document requests on Richard Harazim.   *See* Exhibit A, Exhibit B.   Accordingly, Mr. Harazim's responses were due on Monday July 31, 2006.   On Thursday, July 27, 2006, counsel for Mr. Harazim sent an email requesting an extension of time until August 7, 2006 to respond to the discovery requests. Approximately five minutes later, counsel for Mr. Harazim sent a second email requesting an extension of time until August 9, 2006.   The next day, counsel for the Weiss Parties responded as follows:

> I have no problem with the 9th (or the 7th), on the understanding that we will be receiving substantive answers from Mr. Harazim in addition to any objections that you may interpose.   If the response is to be solely objections, then we would like to know those objections and start the 37.1 process as soon as possible.

Exhibit C.

Counsel for Mr. Harazim did not respond to this email.   August 7, 2006 came and went with no responses from Mr. Harazim to the discovery requests.   On Tuesday, August 8, 2006 counsel for the Weiss Parties noted in an email that the deadline for responses—as extended— had passed.   Counsel for Mr. Harazim responded, stating that he had "misunderstood" when the

discovery was due, noting that one of the attorneys at his firm was presently out of town and offering to provide responses that same week. Counsel for the Weiss Parties did not respond to this offer. The end of the week came and went, and Mr. Harazim still offered no response to the discovery requests.

Counsel for the Weiss Parties described this sequence of events in a letter to counsel for Mr. Harazim sent on Monday, August 14, 2006, concluding:

> Accordingly, Mr. Harazim has waived all objections to the interrogatories and document requests. *See* Local Rule 33.1(c)(1); Local Rule 34.1(c)(1). Moreover, Mr. Harazim's failure to respond to discovery requests subjects him to sanctions, including the "rendering of a judgment by default against the disobedient party." FED. R. CIV. P. 37(b)(2)(C).

Exhibit D.

On Tuesday, August 15, 2006, Mr. Harazim finally responded to the Weiss Parties' discovery requests.

After forty-six days to consider the Wiess Parties' fifteen requests for the production of documents, Mr. Harazim refused to respond to the Weiss Parties' requests individually as required by Local Rule 34.1(a)d, and instead made a single objection and refused to produce any documents. Mr. Harazim's sole objection: "Counterclaim-plaintiffs have already served two sets of Requests for Production of Documents in this action. Accordingly, Local Rule 26.1(c) bars them propounding any further document requests without leave of Court." Exhibit E. Mr. Harazim did not interpose *any other objections* to the Weiss Parties' document requests.

Mr. Harazim also refused to answer the Weiss Parties' first two interrogatories, as in his opinion "the information sought in Interrogatory No[s]. 1 [and 2] is more appropriately obtained at deposition." Exhibit F at 3–4.

The next day, the Weiss Parties requested a 37.1 conference regarding Mr. Harazim's responses, stating in part that "[g]iven Mr. Harazim's waiver of all objections and failure to

object to producing documents based on the attorney-client privilege or work product doctrine, we expect [Mr. Harazim's] production [of documents] to be substantial. I am available at your convenience Thursday after 3:00 p.m. or any time Friday of this week." Exhibit G.

Counsel for Mr. Harazim did not respond to this request. Over the next few days, the parties discussed the possibility of a joint motion to stay the proceedings. However, when those negotiations began to break down, counsel for the Weiss Parties sent an email on August 23, 2006 reiterating the request for a 37.1 conference made seven days earlier, writing:

> I just heard from Ned that there is no agreement yet on a motion to stay. As it appears that we may be continuing to litigate, we need to schedule the 37.1 conference on Harazim's discovery responses that I requested last week. I am available Friday afternoon or Monday morning.

Exhibit H.

Counsel for Mr. Harazim did not respond to this email until after the close of business on Friday August 28, 2006, suggesting that the 37.1 conference take place on August 30, 2006 at the earliest, but also stating that he was available to talk to counsel for the Weiss Parties about other issues on August 28, 2006. Eventually, counsel for Mr. Harazim agreed to a 37.1 conference on August 28, 2006. That conference took place by telephone from approximately 11:30 a.m. to approximately 12:35 p.m. on August 28, 2006. Edward P. Leibensperger and Benjamin A. Goldberger represented the Weiss Parties.[1] Joel G. Beckman and Dana A. Zakarian represented Mr. Harazim.

Despite Mr. Harazim's failure to respond to each of the Weiss Parties' discovery requests individually, as the Rules require, counsel for Mr. Harazim insisted on discussing each document request in turn.

---

[1] Mr. Leibensperger was not present for the last few minutes of the telephone call.

With respect to most of the document requests, counsel for Mr. Harazim maintained their position that there were no additional documents to produce as Mr. Harazim had no responsive documents in his personal capacity that he did not also have in his capacity as an officer of Kotva. However, counsel acknowledged that there might be some additional, as yet not produced documents. These include: cell phone records responsive to requests number 4, 7 and 8; day planners or calendars responsive to request number 7, and business cards responsive to request 13. Counsel for Mr. Harazim agreed to search for these documents.

With respect to request number 1, counsel for Mr. Harazim refused to produce any additional documents on the grounds of attorney client privilege, despite not making this objection in writing at any time and being placed on notice on August 16, 2006 of the failure to make that objection in his response to the Weiss Parties' document requests.

With respect to requests 9–11, counsel for Mr. Harazim refused to produce any documents on the grounds of relevance. The Rule 37.1 conference was the first time that Mr. Harazim raised this ground as an objection; his written response does not reference this objection at all.

With respect to requests 14 and 15, counsel for Mr. Harazim refused to produce any documents on the grounds that the requests were too broad. The Rule 37.1 conference was the first time that Mr. Harazim raised this ground as an objection; his written response does not reference this objection at all.

With respect to Interrogatory Nos. 1 and 2, counsel for Mr. Harazim and counsel for the Weiss Parties were unable to narrow or resolve their dispute and counsel for Mr. Harazim did not agree to supplement Mr. Harazim's response.

With respect to Interrogatory Nos. 4–7, counsel for Mr. Harazim first took the position

that Mr. Harazim, as an individual, was not obligated to inquire of anyone else in responding to any interrogatory.  Apparently realizing that this conflicted with the position counsel had taken with respect to Mr. Weiss, counsel eventually abandoned that position and agreed to supplement the responses by having Mr. Harazim inquire of other people within the Kotva enterprise that might have knowledge about the subject matter of those interrogatories.  Counsel for Mr. Harazim further agreed to supplement the responses to these interrogatories by stating the date, parties and subject matter of all recordings and the type of recording when not already stated.

II.  **THE COURT SHOULD ORDER MR. HARAZIM TO RESPOND TO ALL OF THE WEISS PARTIES' DOCUMENT REQUESTS AND INTERROGATORIES 1 AND 2 WITHOUT REFERENCE TO ANY OBJECTIONS**

A.  **Mr. Harazim Has Waived All Objections, Including as to Attorney-Client Privilege and Work Product**

The Rules could not be more clear.  With respect to document requests, Local Rule 34.1(c)(1) states:

> When an objection is made to any document request, or subpart thereof, it shall state with specificity all grounds upon which the objecting party relies. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived.

Similarly, Local Rule 33.1(c)(1) provides with respect to interrogatories:

> When an objection is made to any interrogatory, or subpart thereof, it shall state with specificity all grounds upon which the objecting party relies. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived.

The Court has no discretion.  If the Court finds that Mr. Harazim's objections were not timely, all objections "shall be deemed waived."  As the First Circuit explained in analyzing certain provisions of the Federal Death Penalty Act:

> All of these provisions employ mandatory language directing that particular rules of procedure "shall" be followed. This refutes any notion that Congress intended the district courts to retain discretion to disregard any or all of the prescribed rules. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26,

35, 140 L. Ed. 2d 62, 118 S. Ct. 956 (1998) (explaining that statutory procedural rules couched "in terms of the mandatory 'shall' . . . normally create[] an obligation impervious to judicial discretion").

*United States v. Green*, 407 F.3d 434, 443 (1st Cir. 2005) (ellipses and alteration in original); *see Kristian v. Comcast Corp.*, 446 F.3d 25, 47 (1st Cir. 2006) ("Congress's use of the word 'shall' makes the treble damages remedy a mandatory result if a plaintiff successfully sues an antitrust violator.").

There can be no doubt that Mr. Harazim failed to make objections within the allotted time. Mr. Harazim made his objections on August 15, 2006. Any extension beyond July 31, 2006 was conditional on Mr. Harazim providing substantive responses. He failed to do so entirely with respect to the Weiss Parties' document requests and partially with respect to the Weiss Parties' interrogatories. Thus, the condition failed and no extension was operative. Even were there an agreed-upon extension to August 7, 2006 or August 9, 2006—or even August 11, 2006—there is no question that Mr. Harazim failed to state any ground of objection "within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof." Local Rules 33.1(c)(1); 34.1(c)(1). Accordingly, all objections "shall be deemed waived." *Id.*

Magistrate Judge Collings confirmed that this is the correct result in *Tropix, Inc. v. Lyon & Lyon*, 169 F.R.D. 3 (D. Mass. 1996). In *Tropix*, this Court ruled that the failure to enter into a written stipulation enlarging the time to respond to discovery requests resulted in a waiver of all objections; ordered the defendant to "serve full and complete answers to the plaintiff's interrogatories and full and complete responses to plaintiff's document requests and to produce all requested documents;" and awarded the plaintiff costs.

Even if the Court had discretion with respect to finding a waiver, counsel's "misunderstanding" of when responses were due is no excuse for failing to respond in a timely fashion. *See Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 496–97 (D. Kan.1998) (finding that

counsel's mistake as to deadline was no excuse as it constituted "nothing beyond carelessness, inadvertence, or mistake by counsel").

Mr. Harazim's waiver is complete and extends to objections based on attorney-client privilege or work product. *See* FED. R. CIV. P. 26(b)(5); *id.* 1993 adv. comm. note ("A party must notify other parties if it is withholding materials . . . because it is asserting a claim of privilege or work product production. To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."). In any event, Mr. Harazim has *still* not asserted any objection to producing documents on grounds of privilege in writing, over sixty days after receiving the Weiss Parties' discovery requests.

### B.    Mr. Harazim's Sole Objection to Producing Documents Has No Merit

Even if he had not waived his sole objection to producing documents, Mr. Harazim's objection that the Weiss Parties served two earlier sets of production of documents on Kotva is misplaced. The Weiss Parties served those sets of requests on August 1, 2005 and March 3, 2006. At both of those times, Mr. Harazim was refusing to participate in discovery—even on the limited issue of personal jurisdiction—on the grounds that his motion to dismiss was still pending. Although Mr. Harazim was within his rights to take that position at the time, having initially refused to participate in discovery he cannot now be heard to complain that the Weiss Parties have served requests for documents on him after the Court denied his motion to dismiss.

If Mr. Harazim's interpretation of Local Rule 26.1(c)(2) were correct, the plaintiff in a multi-defendant case where some, but not all, defendants resisted the court's jurisdiction would be presented with a Hobson's choice of delaying discovery for however long a motion to dismiss was pending or taking no discovery at all from some defendants. In this case, the Court did not rule on Mr. Harazim's motion to dismiss until nearly a year after the Weiss Parties filed their

amended counterclaim and ten months after discovery opened.  It is unfair to expect that the Weiss Parties hold discovery requests in reserve for that long a period of time.

If the Court finds that it is permitted to consider the oral objections raised by Mr. Harazim during the 37.1 conference, the Weiss Parties seek an opportunity to address those objections at a hearing, as the Weiss Parties' document requests seek relevant, admissible information.[2]

### C.  Mr. Harazim's Opinion That "information . . . is more appropriately obtained at deposition" Is Not a Proper Objection to an Interrogatory

Mr. Harazim's responses to the first two interrogatories propounded by the Weiss Parties are as follows:

#### Interrogatory No. 1

Please identify each communication between Richard Harazim and another person concerning this lawsuit or the decision to initiate this lawsuit.

#### Response to Interrogatory No. 1

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unlimited in time, unreasonable, unduly burdensome, and calls for information protected by the attorney client privilege and work product doctrine.  Mr. Harazim further states that the information sought in Interrogatory No.1 is more appropriately obtained at deposition.  Indeed, Mr. Harazim has already testified at deposition as a corporate designee (pursuant to Rule 30(b)(6)) and is scheduled to testify at deposition in his personal capacity.

#### Interrogatory No. 2

Please identify each communication between Richard Harazim and another person concerning criminal charges against Andrew Weiss.

---

[2] For example, request 9–11 and 14–15 are directly relevant to the events at the core of the cross-claims for abuse of process.  The question of who Mr. Harazim was representing during his negotiations with Professor Weiss and Mr. Hoffmann is a key factual dispute between the parties.  Mr. Harazim's involvement in Forminster and Suringham is also relevant to the Weiss Parties' counterclaim seeking a constructive trust, relevant to Mr. Harazim's credibility, and relevant to whether he and other members of Kotva's management were participating in a scheme to freeze out minority shareholders.

**Answer No. 2**

       Mr. Harazim objects to this interrogatory to the extent it is overly broad, unlimited in time, unreasonable, and unduly burdensome. Mr. Harazim further states that the information sought in Interrogatory No. 2 is more appropriately obtained at deposition. Indeed, Mr. Harazim already testified at deposition as a corporate designee (pursuant to Rule 30(b)(6)) and is scheduled to testify at deposition in his personal capacity.

Exhibit F at 3–4.

Even had Mr. Harazim not waived all objections, this objection is wholly improper. Simply put, as the requesting parties, the Weiss Parties have the choice of what discovery mechanism to use and Mr. Harazim's belief that another mechanism might be more appropriate is no objection at all. Mr. Harazim has asked for a Czech-English interpreter for his deposition. As a result, deposing Mr. Harazim is a time-consuming, difficult process. The Weiss Parties are entitled to gather information from Mr. Harazim in advance of the resumption of his deposition in order to save time and better prepare for that deposition.

Even if Mr. Harazim's objection based on scope were meritorious—it is not—Mr. Harazim was obligated to answer the interrogatories to some extent. *See* Fed. R. Civ. P. 33(b)(1) ("[T]he objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."); Local Rule 33.1(c)(20 ("No part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory."). Mr. Harazim's failure to even attempt to answer reflects a disdain for his discovery obligations and an attempt to run out the discovery clock, which is rapidly expiring.

* * * *

As Mr. Harazim has waived all objections and, in any event, his objections are without merit, the Court should order Mr. Harazim to respond to all of the Weiss Parties' document requests and interrogatories 1 and 2 without reference to any objections.

### III.   THE COURT SHOULD SANCTION MR. HARAZIM FOR HIS DILATORY BEHAVIOR AND IMPROPER OBJECTIONS

Taken together, Mr. Harazim's delay in responding to discovery and refusal to comply with even the most basic of rules with respect to the Weiss Parties' document requests are clear evidence that Mr. Harazim is not participating in the discovery process in good faith.  There is no reason that a two paragraph, half-page response to document requests requires over forty-five days to prepare.  Nor is there any excuse for refusing to answer interrogatories at all simply because the person to whom the interrogatories were propounded has been or will be deposed. These responses violate Federal Rule of Civil Procedure 26(g)(2), which requires that responses and objections be "consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law" and not be "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

The Court should not let Mr. Harazim's contempt for the discovery process go unanswered.  Sanctions are warranted.

### IV.   CONCLUSION

For the above reasons, the Court should grant the Weiss Parties' Motion to Compel and for Sanctions.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K T, INC. and CVF
INVESTMENTS, LTD.

By their attorneys,


/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: August 29, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 29, 2006.

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

BST99 1514396-1.072198.0012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>       Plaintiff,<br><br>       v.<br><br>ANDREW WEISS and WEISS ASSET<br>MANAGEMENT, LLC,<br><br>       Defendants.<br><br>ANDREW WEISS, WEISS ASSET<br>MANAGEMENT LLC, K T, INC. and CVF<br>INVESTMENTS, LTD.,<br><br>       Counterclaim-plaintiffs,<br><br>       v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD<br>HARAZIM, FORMINSTER ENTERPRISES,<br>LTD., SPV CO and JOHN DOES 1–5,<br><br>       Counterclaim-defendants. | C.A. No. 05-10679-RCL |

## ANDREW WEISS'S, WEISS ASSET MANAGEMENT LLC'S, K T INC.'S AND CVF INVESTMENTS LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO RICHARD HARAZIM

Pursuant to Federal Rule of Civil Procedure 34, Andrew Weiss ("Weiss"), Weiss Asset Management LLC ("WAM"), K T, Inc. ("K T") and CVF Investments Ltd. ("CVF") hereby request that Richard Harazim produce for inspection and copying the documents listed below at the offices of McDermott Will & Emery LLP, 28 State Street, Boston, MA 02109 within thirty days of the date of service of this request or at such other time and place as may be mutually agreed upon by the parties.

## DEFINITIONS

For purposes of this request, the following definitions shall apply:

1.      "And" shall mean and/or.

2.      "Or" shall mean and/or.

3.      "Including" shall mean "including without limitation."

4.      "Concerning", "Person", "Communication" shall have the meanings ascribed to them in Local Rule 26.5.

5.      Any entity defined or referenced herein, including Kotva a.s., shall mean the entity itself and its present and former officers, directors, agents, partners, employees, attorneys, accountants, consultants and representatives of any kind, and all parent companies, subsidiaries, divisions, affiliates, predecessors, successors and all other persons acting or purporting to act on behalf of any of the foregoing, including, but not limited to, Kotva Nemovitosti, Martin Benda, Richard Harazim, Forminster Enterprises Ltd., and SPV CO.

6.      The term "document" is used herein in its customary and broadest sense under Federal Rule of Civil Procedure 34(a)(1) and Local Rule 26.5(c)(2), and includes any form of information, be it written, recorded, photographed, or otherwise, however stored, be it on paper, disk, tape, film, electronically, analog recording medium, digital recording medium or otherwise, in your actual or constructive possession, custody, care, or control, that relates or refers, directly or indirectly, in whole or in part, to any of the subjects listed in this request or to any other matter relevant to the issues in this request. The term "document" or "documents" also includes all drafts that are not identical with the final version, and all copies that are not identical with the original.

7.    The term "date," as well as any date specifically set forth herein, means and refers to the day, month and year, if ascertainable, or if not, the best approximation of the date (based upon relationship with other events).

8.    As used herein, the singular shall always include the plural and vice versa; and the present tense shall always include the past tense and vice versa.

9.    "Department Store" as used herein shall mean one or more of the following parcels of real estate: (a) the real estate referred to as the "Shopping Centre" in the Complaint; (b) building No. 656 (commercial facility), city district Stare Mesto, situated on lot No. 680; (c) building without any allocated number (civic facility), city district Stare Mesto, situated on lot No. 1018/2; (d plot No. 680 (built-up area and court) with an area of 4385 sq.m.; (e) plot No. 683/1 (other area) with an area of 851 sq.m.; (f) plot No. 683/2 (other area) with an area of 2963 sq.m ; (g) plot No. 683/3 (other area) with an area of 2 sq.m.; (h) plot No. 690/2 (other area) with an area of 25 sq.m.; (i) plot No 690/3 (other area) with an area of 49 sq.m.; (j) plot No. 690/4 (other area) with an area of 9 sq.m.; (k) plot No. 1018/2 (built-up area and court) with an area of 1 sq.m.

10.    "Czech law enforcement" shall mean the police or prosecutors of the Czech Republic and any political subdivision or local authorities thereof.

11.    "Irish Investors" shall have the same meaning as that term is used in the Complaint.

## INSTRUCTIONS

1.    Documents include those which are in your actual or constructive possession, custody, care, or control, whether or not such documents were received from or disseminated to any other person or entity, including but not limited to attorneys, accountants, or employees.

3

2.    The obligation to produce the documents sought by this Document Request is of a continuing nature pursuant to Federal Rule of Civil Procedure 26(e). If at any time after responding to this Request, you should acquire actual or constructive possession, custody, care, or control of any additional documents within the scope of a particular Document Request, you must identify such documents to the attorneys for the requesting parties within ten (10) days of their receipt.

3.    In the event that any responsive document was, but is no longer, in your actual or constructive possession, custody, care, or control, state what disposition was made of it, when, and the reason for such disposition.

4.    In the event that the document whose production has been requested has been destroyed, state the reason for the document's destruction and the date on which the document was destroyed; identify fully the person in whose possession, custody, care, or control the document was when it was destroyed; and identify fully the person who destroyed the document or who ordered its destruction.

5.    The final version and each draft of each document should be produced separately. Each original and each non-identical copy (bearing marks or notations not found on the original) of each final version and draft of each document should be produced separately.

6.    If you claim that any document requested is privileged or constitutes attorney-client work product, submit on the time and date of production a written statement for each document withheld sufficient to evaluate the claim of privilege or work product, including information that:

(a)    identifies the person who prepared or authored the documents and all recipients or addressees, including recipients of copies;

BST99 1508469-1 072198 0012

(b)     specifies the date on which the document was prepared or transmitted;

(c)     describes the nature of the document (*e.g.*, letter, memorandum notice, *etc.*);

(d)     identifies the subject matter of the document;

(e)     if the document refers or relates to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describes who those persons are; and

(f)     sets forth the nature of and basis for the privilege asserted.

## DOCUMENTS TO BE PRODUCED

1.     All documents concerning this lawsuit or the decision to initiate this lawsuit.

2.     All documents concerning communications between Richard Harazim and any other person or company, including any media organizations or reporters, concerning Andrew Weiss, Vladimir Hoffmann, Ondrej Peterka, James Woolf, this lawsuit, or any lawsuit filed by Gilroy or K.T.

3.     All documents concerning the criminal charges against Andrew Weiss in the Czech Republic or the decision to initiate those charges.

4.     All documents concerning communications between Richard Harazim and a person or persons in Massachusetts, including but not limited to phone logs and phone bills, for those communications concerning this lawsuit or its subject matter or Andrew Weiss or Weiss Asset Management LLC.

5.     All documents concerning Richard Harazim's travel to Massachusetts.

6.     All documents concerning communications or meetings between or among Forminster Enterprises Ltd., including any of its directors, officers, employees or agents; Martin

5

Benda; Richard Harazim; or Kotva a.s., including emails, letters, notes, memoranda, telephone records, day planners and calendars, for the period January 1, 2003 to present.

7.    All documents concerning communications between or among Richard Harazim; Vladimir Hoffmann, Andrew Weiss, Frank Walker, Aidan Scully, Henry Prestage, Sean Mulryan, Patrick Kelly or Ondrej Peterka, including telephone records, day planners and calendars, for the period January 1, 2003 to present.

8.    All documents concerning telephone calls placed or received by Richard Harazim for the period January 1, 2003 to present during which one or more participants in the telephone call discussed Andrew Weiss, Weiss Asset Management LLC, this lawsuit, or the subject matter of this lawsuit.

9.    All documents concerning agreements between or among any two or more of the following: (a) Kotva a.s.; (b) Forminster Enterprises Ltd.; (c) Martin Benda; and (d) Richard Harazim.

10.    All documents concerning Harazim's service as a director or agent of Forminster, including any employment contracts, resignation letters, or requests for resignation.

11.    All documents concerning Harazim's service as a director or agent of Suringham, including any employment contracts, resignation letters, or requests for resignation.

12.    All documents concerning financial transactions between or among any two or more of the following: (a) Kotva a.s. or one or more of its subsidiaries; (b) Forminster Enterprises Ltd.; (c) Martin Benda; and (d) Richard Harazim.

13.    One copy of each and every business card bearing Mr. Harazim's name, including any business cards from Kotva a.s., K-T-V Invest a.s. or Forminster Enterprises Ltd.

14.    All documents concerning J&T Bank or J&T Securities.

15.    All documents concerning Forminster Enterprises Ltd.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K.T, INC. and CVF
INVESTMENTS LTD.

By their attorneys,

Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109-1775
(617) 535-4000

Dated: June 30, 2006

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the 30th day of June, 2006, a true and correct copy of the foregoing document was served by hand on counsel for all other parties.

Benjamin A. Goldberger

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>Defendants.<br><br>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD.,<br><br>Counterclaim-plaintiffs,<br><br>v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5,<br><br>Counterclaim-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     C.A. No. 05-10679-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANDREW WEISS'S, WEISS ASSET MANAGEMENT LLC'S, K T, INC.'S AND CVF INVESTMENTS LTD.'S FIRST SET OF INTERROGATORIES TO RICHARD HARAZIM

Pursuant to Federal Rule of Civil Procedure 33, Andrew Weiss ("Weiss"), Weiss Asset Management LLC ("WAM"), K T, Inc. ("K T") and CVF Investments Ltd. ("CVF") (collectively, the "Discovering Parties") hereby submit the following interrogatories to Richard Harazim.

## DEFINITIONS

Except as otherwise provided herein, the Discovering Parties hereby incorporate by reference all definitions in their First Set of Requests for Production of Documents to Richard Harazim as though fully set forth herein.

1.      "Identify" shall have the meanings ascribed to it in Local Rule 26.5(c)(3)–(4) and; (a) when referring to a meeting, to state the date of the meeting, the location of the meeting, the attendees, and the subject matter addressed; and (b) when referring to a communication, to state the date the communication was made, the identity and location of the person who initiated the communication, the identities and locations of the person or persons who received the communication, and the medium (e.g., voice, electronic mail, letter, facsimile) by which the communication was made.

2.      "Persons involved in the decision making process" means any person, whether a director, officer, employee or agent of Kotva a.s. or a third party, consulted by Richard Harazim prior to the making of a decision for the purpose of communicating about the subject matter of the decision, regardless of whether that communication was ultimately relied on.

3.      "Possession" means actual or constructive possession and sole or joint possession.

## INSTRUCTIONS

1.      Unless otherwise specified, these interrogatories seek information for the period from May 11, 2004 to the present.

2.      These interrogatories are continuing in nature and require automatic supplemental or amended responses to the extent specified in Fed. R. Civ. P. 26(e) should you or your counsel obtain further supplemental information.

2

3.    If any of these interrogatories cannot be answered in full, answer the interrogatory to the extent possible, specifying each reason for the inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

4.    In answering the interrogatories, furnish all information available to you, regardless of whether or not it is based on personal knowledge or records of you, your agents or representatives of others.

5.    State which answers or parts thereof are based upon personal knowledge, and which answers or parts thereof are based upon information and belief.  For each answer or part thereof based upon information and/or belief, describe in detail and with particularity the basis for the information and/or belief.

6.    With respect to any information which you withhold, do not disclose, or assert a claim of privilege of non-disclosure, your counsel shall provide a statement which:

(a)    states the nature of the claim of non-disclosure or privilege and sets forth the statute, rule, decision or other basis which is claimed to give rise to the privilege or other justification for the non-disclosure of the requested information; and

(b)    a summary statement of the subject matter of the information requested or the document withheld in sufficient detail to permit the Court to rule on the propriety of the objection.

7.    Where anything has been deleted or redacted from a document produced in response to an interrogatory, specify:

(a)    the nature of the material deleted or redacted; and

(b)    the reason for the deletion or redaction.

3

8.    Where any copy or copies of any document which you produce in response to an interrogatory is/are not identical to any other copy thereof, by reason of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

9.    In producing documents in response to an interrogatory, all documents which are physically attached to each other in files, shall be left so attached. Documents which are segregated or separated from other documents whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they were maintained.

10.    If any information requested by this discovery was at one time in existence but is no longer in existence, or has been made unavailable in any manner, you must state the following:

(a)    identify the nature of the information and state the date on which it ceased to exist;

(b)    identify the circumstances under which it ceased to exist and the identity of all persons having knowledge of the contents thereof.

## INTERROGATORIES

1.    Please identify each communication between Richard Harazim and another person concerning this lawsuit or the decision to initiate this lawsuit.

2.    Please identify each communication between Richard Harazim and another person concerning criminal charges against Andrew Weiss.

3.    Please describe in detail how Richard Harazim makes or made decisions relating to his management of Kotva a.s., identifying all persons involved in the decision making process.

4

4.    Please identify every audio or video recording, including wiretaps, that is or was in the possession of Mr. Harazim or Kotva a.s. containing the voice or image of one or more of the following or concerning one or more of the following: (a) Andrew Weiss; (b) Vladimir Hoffmann; (c) Ondrej Peterka; or (d) Petr Topinka.

5.    Please identify every audio or video recording, including wiretaps, of which you are aware containing the voice or image of one or more of the following or concerning one or more of the following: (a) Andrew Weiss; (b) Vladimir Hoffmann; (c) Ondrej Peterka; or (d) Petr Topinka.

6.    Separately for each recording identified in response to interrogatories number 4 and 5, please identify all persons present during the recording and all persons whose voice or image is reflected on the recording.

7.    Separately for each person identified in response to interrogatory 6 and recording identified in response to interrogatories 4 and 5, state whether that person was informed that the recording was going to be made, identifying the communication by which that person was so informed.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K T, INC. and CVF
INVESTMENTS LTD.

By their attorneys,

Dated: June 30, 2006

Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

5

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the 30th day of June, 2006, a true and correct copy of the foregoing document was served by hand on counsel for all other parties.

Benjamin A. Goldberger

BST99 1508789-1 072198 0012



**Benjamin
Goldberger /BST/MWE**
07/28/2006 01:08 PM

To   "Joel Beckman" <jbeckman@nbparis.com>
cc   "Daniel J. Pasquarello" <dpasquarello@nbparis.com>,
     Edward Leibensperger/BST/MWE@MWE
bcc
Subject   RE: Kotva extension request

Joel, Dan--

I have no problem with the 9th (or the 7th), on the understanding that we will be receiving substantive answers from Mr. Harazim in addition to any objections that you may interpose. If the response is to be solely objections, then we would like to know those objections and start the 37.1 process as soon as possible.

Also, Dan, I got your voicemail. Let's plan to talk at 3:45 if that is convenient for you. With respect to my letter of Tuesday regarding Kotva's deficiencies, I am now also available on Monday for a 37.1 (should one be necessary) in view of the cancellation of Professor Kotlikoff's deposition.

Benjamin A. Goldberger
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109
t.  +1 617 535 4483
f.  +1 617 535 3800
e.  bgoldberger@mwe.com
"Joel Beckman" <jbeckman@nbparis.com>



**"Joel Beckman "
<jbeckman @nbparis .com>**
07/27/2006 03:47 PM

To   "Daniel J. Pasquarello" <dpasquarello@nbparis.com>,
     <BGoldberger@mwe.com>
cc
Subject   RE: Kotva extension request

How about the 9th? (August 7th is my birthday and I am out of town). Sorry for the confusion.


Nystrom Beckman & Paris LLP
Counselors at Law

Joel G. Beckman
10 St. James Avenue, 16th Floor
Boston, MA  02116
Direct: (617) 778-9126
Fax:  (617) 778-9110

**From:** Daniel J. Pasquarello

**Sent:** Thursday, July 27, 2006 3:41 PM
**To:** BGoldberger@mwe.com
**Cc:** Joel Beckman
**Subject:** Kotva extension request

Ben,
We would like a one-week extension to the response deadline for the discovery requests Weiss issued to Richard Harazim.  We calculate the current deadline as July 31 and request the extension until August 7.
Dan

Daniel J. Pasquarello

Nystrom Beckman & Paris LLP

10 St. James Avenue, 16th Floor

Boston, MA  02116

Direct: (617) 778-9104

Main: (617) 778-9100

Fax:  (617) 778-9110

dpasquarello@nbparis.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure:  To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

_____

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please visit http://www.mwe.com/ for more information about our Firm.

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington D C

Benjamin A Goldberger
Associate
bgoldberger@mwe com
617 535 4483

August 14, 2006

BY ELECTRONIC MAIL AND REGULAR MAIL

Joel G. Beckman
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, MA  02116

Re:  Kotva a.s. v. Andrew Weiss et al., C.A. No. 05-10679-RCL

Dear Joel:

On June 30, 2006, you were served by hand with document requests and interrogatories for your client, Richard Harazim.  Responses and objections were due on July 31, 2006.  On July 27, 2006, Dan sent an email requesting an extension of time until August 7, 2006 to respond.  Approximately five minutes later, you requested a further extension to August 9, 2006.  On July 28, 2006, I responded, writing:

> I have no problem with the 9th (or the 7th), on the understanding that we will be receiving substantive answers from Mr. Harazim in addition to any objections that you may interpose.  If the response is to be solely objections, then we would like to know those objections and start the 37.1 process as soon as possible.

I received no response to this email.  When August 7 came and went with no responses to the discovery requests, I noted in an August 8, 2006 email that the deadline for responses—as extended—had passed.  You wrote back, stating that you "misunderstood" when the discovery was due and offered to provide us with responses by the end of the week.  We still have not received any responses.

Joel G. Beckman
August 14, 2006
Page 2

Accordingly, Mr. Harazim has waived all objections to the interrogatories and document requests. *See* Local Rule 33.1(c)(1); Local Rule 34.1(c)(1). Moreover, Mr. Harazim's failure to respond to discovery requests subjects him to sanctions, including the "rendering of a judgment by default against the disobedient party." FED. R. CIV. P. 37(b)(2)(C).

Truly,

Benjamin A. Goldberger

cc:    Edward P. Leibensperger
       Daniel J. Pasquarello

BST99 1513073-1 072198 0012

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE OF RICHARD HARAZIM TO THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS OF ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, KT INC., AND CVF INVESTMENTS LTD.**

Richard Harazim hereby objects to Andrew Weiss, Weiss Asset Management

LLC, K T Inc., and CVF Investments, Ltd.'s (collectively "Counterclaim-plaintiffs") so-

called "First Set of Request for Production of Documents" (the "Third Request").

Counterclaim-plaintiffs have already served two sets of Requests for Production of

Documents in this action. Accordingly, Local Rule 26.1(c) bars them from propounding

any further document requests without leave of Court.

Further responding, Mr. Harazim states that he does not possess responsive

documents. Kotva, moreover, has already produced the responsive documents at issue in

this case in response to Counterclaim-plaintiffs' First and Second Sets of Documents

Requests.

Respectfully submitted,

RICHARD HARAZIM,

By his attorneys,

_____
Joel G. Beckman (BBO #553086)
William C. Nystrom (BBO#559656)
Dana A. Zakarian (BBO#641058)
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Floor
Boston, Massachusetts  02116
(617) 778-9100
(617) 778-9110 (fax)

Dated:  August 15, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2006 I caused a copy of the foregoing document to be served by Email and First Class Mail upon all defendants.

_____
Dana A. Zakarian

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTIONS AND RESPONSES OF RICHARD HARAZIM TO
COUNTERCLAIM PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33 and Local Rule 33.1, Richard Harazim hereby responds to

the First Set of Interrogatories of Andrew Weiss, Weiss Asset Management, LLC, KT, Inc., and

CVF Investments LTD (collectively "Counterclaim-plaintiffs").

**GENERAL OBJECTIONS**

I.      Mr. Harazim objects to each interrogatory to the extent it seeks information that is

beyond the scope of Rules 26 or 33 of the Federal Rules of Civil Procedure, is beyond the proper

scope of discovery because of the attorney client relationship, prepared in anticipation of

litigation or trial or constitutes attorney work product, or is otherwise immune from discovery.

II.     Mr. Harazim objects to each interrogatory to the extent it seeks information that is

not reasonably calculated to lead to the discovery of admissible evidence and/or concerns only

claims that have already been dismissed.  Mr. Harazim further objects to the discovery

propounded by KT, Inc. and CVF Investments LTD because neither of those parties have any

claims against him in this action.

    III.    In providing answers to these interrogatories, Mr. Harazim does not in any way waive or intend to waive but rather intends to preserve the following:

        a.    All objections as to competency, relevancy, materiality and admissibility;

        b.    All rights to object on any ground to the use of any of the Answers herein, including the trial of this or any other action;

        c.    All objections as to vagueness or ambiguity; and

        d.    All rights to object on any ground to any further interrogatories or other discovery requests involving or related to any of the interrogatories in Counterclaim Plaintiffs' First Set of Interrogatories.

    IV.    Privileged information responsive to any interrogatory below is not being provided. Mr. Harazim does not waive, and intends to preserve and is preserving the attorney client privilege, the work product doctrine, and every other privilege with respect to each and every answer, document or other repository of information protected by such a privilege.

    V.    Mr. Harazim objects to the Instructions and/or Definitions contained in the Interrogatories to the extent that they attempt to impose obligations on him that are inconsistent with and/or in addition to those required under the Federal Rules of Civil Procedure and the Local Rules.

    VI.    Mr. Harazim objects to the Interrogatories to the extent each interrogatory contains several subparts and therefore exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33(a).

VII.    Mr. Harazim objects to the Interrogatories to the extent that they demand

production of any information containing any confidential, proprietary and/or trade secret

information.

VIII.    Mr. Harazim's answers to the Interrogatories are qualified by the General

Objections.  Failure to restate any General Objection in response to a particular interrogatory

does not constitute a waiver of such General Objection.  By responding to these Interrogatories,

Mr. Harazim does not waive any asserted objection.

**Interrogatory No. 1**

Please identify each communication between Richard Harazim and another person concerning
this lawsuit or the decision to initiate this lawsuit.

**Response to Interrogatory No. 1**

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unlimited in

time, unreasonable, unduly burdensome, and calls for information protected by the attorney

client privilege and work product doctrine.  Mr. Harazim further states that the information

sought in Interrogatory No. 1 is more appropriately obtained at deposition.  Indeed, Mr. Harazim

has already testified at deposition as a corporate designee (pursuant to Rule 30(b)(6)) and is

scheduled to testify at deposition in his personal capacity.

**Interrogatory No. 2**

Please identify each communication between Richard Harazim and another person concerning
criminal charges against Andrew Weiss.

**Answer No. 2**

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unlimited in

time, unreasonable, and unduly burdensome.  Mr. Harazim further states that the information

sought in Interrogatory No. 2 is more appropriately obtained at deposition.  Indeed, Mr. Harazim

already has testified at deposition as a corporate designee (pursuant to Rule 30(b)(6)) and is

scheduled to testify at deposition in his personal capacity.

**Interrogatory No. 3**

Please describe in detail how Richard Harazim makes or made decisions relating to his
management of Kotva, a.s., identifying all persons in the decision making process.

**Answer No. 3**

      Mr. Harazim objects to this interrogatory to the extent it is overly broad, unreasonable,

unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  Notwithstanding the foregoing General and Specific

Objections, Mr. Harazim states that he, like any other corporate executive, is faced with a myriad

of corporate management decisions.  There is no one set process or mechanism by which Mr.

Harazim makes a management decision.  Nor is there one set group of individuals with whom he

consults.  These factors vary with respect to the decision to be made.  Mr. Harazim, however,

employs his business judgment, experience, and common sense in making decision relating to

the management of Kotva.

**Interrogatory No. 4**

Please identify every audio or video recording, including wiretaps, that is or was in the
possession of Mr. Harazim or Kotva, a.s. containing the voice or image of one or more of the
following or concerning one or more of the following: (a) Andrew Weiss; (b) Vladimir
Hoffmann; (c) Ondrej Peterka; or (d) Petr Topinka.

**Answer No. 4**

      Mr. Harazim objects to this interrogatory to the extent it is overly broad, unreasonable,

unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  Notwithstanding the foregoing General and Specific

Objections, Mr. Harazim states that he does not have, nor has he ever had, such audio or video

recordings in his personal possession.  Mr. Harazim further states that at one time, Kotva's

4

Czech lawyers were in possession of three videotaped recordings of conversations between

Martin Benda and Vladimir Hoffman (the "Hoffman tapes"). That possession is described in the

Certification of Kotva Regarding Hoffman Tapes Pursuant to Special Master's May 26, 2006

Order, attached hereto as Exhibit A.

**Interrogatory No. 5**

Please identify every audio or video recording, including wiretaps, of which you are aware
containing the voice image of one or more of the following or concerning one or more of the
following: (a) Andrew Weiss; (b) Vladimir Hoffman; (c) Ondrej Peterka; or (d) Petr Topinka.

**Answer No. 5**

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unreasonable,

unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence. Notwithstanding the foregoing General and Specific

Objections, Mr. Harazim states that he is aware of the Hoffman tapes. Mr. Harazim further

states that he is aware of the existence of recordings of conversations between Andrew Weiss

and Vladimir Hoffman and possibly Ondrej Peterka that are in the possession of the Czech

police. Neither Mr. Harazim nor Kotva have ever had possession of these tapes. Mr. Harazim

further states that he believes these tapes are part of the Czech criminal file, which has been

sealed.

**Interrogatory No. 6**

Separately for each recording identified in response to interrogatories number 4 and 5, please
identify all persons present during the recording and all persons whose voice or image is
reflected on the recording.

**Answer No. 6**

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unreasonable,

unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence. Notwithstanding the foregoing General and Specific

Objections, see Answers to Interrogatory Nos. 4 and 5.

**Interrogatory No. 7**

Separately for each person identified in response to interrogatory 6 and recording identified in response to interrogatories 4 and 5, state whether that person was informed that the recording was going to be made, identifying the communication by which that person was so informed.

**Answer No. 7**

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unreasonable,

unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence. Notwithstanding the foregoing General and Specific

Objections, Mr. Harazim states that he does not believe that the person recorded in the Hoffman

tapes was informed that the recording was going to be made. Mr. Harazim further states that he

does not know whether the persons recorded in the police tapes were informed that the recording

was going to be made, but he suspects that they were not.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 15th DAY OF
AUGUST, 2006.

_____
Richard Harazim

As to objections:

_____
Joel G. Beckman (BBO #553086)
William C. Nystrom (BBO#559656)
Daniel J. Pasquarello (BBO# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: August 15, 2006

6

## <u>CERTIFICATE OF SERVICE</u>

I, Dana Zakarian, hereby certify that on August 15th, 2006 I caused and a true copy of the foregoing document to be served by Email and First Class mail postage pre-paid upon all counsel of record.

_____
Dana Zakarian

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATION OF KOTVA REGARDING HOFFMANN TAPES PURSUANT TO SPECIAL MASTER'S MAY 26, 2006 ORDER

In compliance with paragraph 2 on pages 11-12 of the May 26, 2006 Order of the Special

Master ("Order"), Kotva provides the following certification regarding the three videotaped

recordings of conversations with Vladimir Hoffmann ("Hoffmann Tapes"), as described in

Kotva's Rule 30(b)(6) testimony.

**Whereabouts of the Hoffmann Tapes**

The Hoffmann Tapes are in the custody of the Czech Republic Police ("Czech police") in

Prague.

**Efforts to Retrieve the Tapes**

Following its Rule 30(b)(6) deposition on February 22-23, 2006, Kotva requested by

letter dated February 28, 2006 that the Czech police provide the tapes so that Kotva could

produce them in this lawsuit. By letter dated April 3, 2006, the Czech police refused that request

"in order to prevent the frustration of investigation procedures and the possible influence of those

who have not been interrogated yet." A copy of this correspondence is attached hereto as

Exhibit A. Kotva has made another request to the Czech police to allow Kotva to have a copy of

the tapes for this litigation by letter dated June 9, 2006. Kotva delivered this letter in person to

the Czech police. The police have not yet responded to Kotva's requests. Kotva will notify

Weiss as soon as the police respond.

**Reason Why the Hoffmann Tapes were Not Previously Produced**

The Hoffmann Tapes were previously held in the custody of Kotva's Czech lawyers, the

Kubica Vladyka firm. At the time of Kotva's document production, Kotva did not produce these

recordings as the result of an oversight: Kotva simply forgot about the existence of the tapes.

Indeed, due to the poor quality of the recordings, Kotva does not believe that the tapes are usable

or of any value. (The quality of the tapes is discussed in Kotva's deposition testimony at pages

254-255.) The Czech police also had demanded that the Hoffmann tapes be turned to them, and

Kotva turned over the tapes to the police on February 9, 2006. At the time of the Kotva Rule

30(b)(6) deposition, Mr. Harazim was not aware that Kotva had turned over the tapes to the

police and, as described in the preceding paragraph, agreed to produce the Hoffmann Tapes to

Defendants.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY OF THE LAWS OF THE
UNITED STATES OF AMERICA ON THIS 16 DAY OF JUNE, 2006.

_____

Richard Harazim

2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2006, I caused a copy of the foregoing document to be served by hand delivery upon all defendants.

_____
Joel G. Beckman

3

# EXHIBIT A

Vladyka & Kubica
Law Office

Czech Republic Police
Administration of the Capital City of Prague
Criminal Police and Investigation Service
Economic Crime Department
Kongresová 2
Prague 4
140 21
------------------------------------------------------------

Re: ČTS: PSP-4035/OHK-3-2004

In person

In Prague on February 28, 2006

Subject matter:    **Application for the delivery of an item – record of communication with the accused Hoffman**

To whom it may concern:

Acting on behalf of the injured party, the company K-T-V invest, a.s., business ID No.: 601 93 808, registered office Náměstí republiky 8, Prague 1, incorporated in the Commercial Register kept by the Municipal Court in Prague, Section B, Insert 2370 (hereinafter ' the injured party'), I hereby apply to you to deliver the video recording taken by my client of the communication between the injured party and the accused Ing. Vladimír Hoffman.

This recording, i.e. its original copy, is required by the injured party in connection with the civil proceedings conducted in the state of Massachusetts, USA, between the injured party and the accused Andrew Weiss and the company Weiss Asset Management, LLC.

Please let me when this recording can be picked up in person.

Yours faithfully,

**Mgr. Robert Vladyka**

Attorney at Law

Two copies of the application were taken over in person on March 1, 2006.
Czech Republic Police
Administration of the Capital City of Prague
Criminal Police and Investigation Service
Economic Crime Department
Kongresová 2
Prague 4
140 21
Re: ČTS: PSP-4150/OHK-3-2004

K 6378

**Vladyka & Kubica**
**A D V O K Á T N Í   K A N C E L Á Ř**

Policie České republiky
Správa hlavního města Prahy
služba kriminální policie a vyšetřování
odbor hospodářské kriminality
Kongresová 2
Praha 4
140 21
------------------------------------------------

k ČTS: PSP-4035/OHK-3-2004

osobně

V Praze dne 28. února 2006

Věc:    Žádost o vrácení věci – záznamu komunikace s obv. Hoffmannem

Vážení,

v zastoupení poškozeného, společnosti K-T-V invest a.s., IČ: 601 93 808, se sídlem: Praha 1, Náměstí republiky 8, zapsané v obchodním rejstříku vedeném Městským soudem v Praze, oddíl B, vložka 2370 (dále jen „poškozený") se na Vás obracím s žádostí o vydání videozáznamu komunikace mezi poškozeným a obviněným Ing. Vladimírem Hoffmannem, pořízeného mým klientem.

Uvedený záznam, tj. jeho originál, je po poškozeném vyžadován v souvislosti s civilním soudním řízením vedeným ve státě Messatchuses v USA mezi poškozeným na straně jedné a obviněným Andrew Weissem a společností Weiss Asset Management, LLC na straně druhé.

Dovoluji si Vás požádat o sdělení termínu možného osobního vyzvednutí záznamu.

V úctě

Mgr. Robert Vladyka

advokát

*Žádost ve dvojím vyhotovení písemně převzal dne 1.3. 2006*

**POLICIE ČESKÉ REPUBLIKY**
SPRÁVA HLAVNÍHO MĚSTA PRAHY
služba kriminální policie a vyšetřování
odbor hospodářské kriminality
140 21 PRAHA 4, Kongresová 2

---
Revoluční 3, 110 00 Praha 1          e-mail: office@akvladyka.cz
tel.:    +420 242 487 525            IČ: 66251249
fax:    +420 242 487 526             DIČ: CZ7311230058

K 6379

In Prague on April 3, 2006

Vladyka & Kubica                                    Number of pages: 1
Law Office
Revoluční 3
110 00 Prague 1

The accused Ing. Hoffmann, the accused Edita Šimková, the suspect Andrew Weiss –
notification

With reference to your application for the delivery of audio recordings, this is to inform you
that until the investigation is over we cannot give an affirmative reply to your application in
order to prevent the frustration of investigation procedures and the possible influence of those
who have not been interrogated yet.

If the informant has any reproductions or copies of these recordings, this is to make him
explicitly aware that these recordings must not used in any manner whatsoever for the above
reasons.

Tel. No.: 974 826 759

                                    kpt. Ing. Pavel Nevtípil

                                    Police Commissioner

K 6380

POLICIE ČESKÉ REPUBLIKY
SPRÁVA HLAVNÍHO MĚSTA PRAHY
služba ... kriminální policie a vyšetřování
Odbor hospodářské kriminality
140 21 PRAHA 4, Kongresová 2

ČTS : PSP-4150/OHK-3-2005

Praha dne 3. dubna 2006

Vladyka & Kubica
advokátní kancelář
Revoluční 3
110 00 Praha 1

Počet listů : 1

Obv. Ing. Vladimír Hoffmann, obv. Edita Šimková, pod. Andrew Weiss - sdělení
--------------------------------------------------------------------------------------------------

　　　　Na základě Vaší žádosti, týkající se vydání zvukových záznamů Vám sděluji, že do doby skončení vyšetřování nelze Vaší žádosti vyhovět, a to z důvodu, aby nedošlo k maření postupu vyšetřování a možnému ovlivnění dosud nevyslechnutých osob.

　　　　Pokud má oznamovatel k dispozici jakékoliv rozmnoženiny či kopie uvedených záznamů, výslovně jej upozorňuji, že je z důvodu shora uvedených nesmí jakkoliv použít.

tel.: 974 826 759

kpt. Ing. Névtlpil Pavel
policejní komisař

K 6381

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D C

Benjamin A Goldberger
Associate
bgoldberger@mwe com
617 535 4483

August 16, 2006

BY ELECTRONIC MAIL AND REGULAR MAIL

Joel G. Beckman
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, MA  02116

Re:    Kotva a.s. v. Andrew Weiss et al., C.A. No. 05-10679-RCL

Dear Joel:

This is in response to your August 15, 2006 letter. In addition to coming after the deadline, Mr.
Harazim's document responses and interrogatories reveal that he is not serious about
participating in the discovery process. I offered you an extension to August 7 or August 9 based
on the condition that Mr. Harazim provide substantive answers. Mr. Harazim did not provide
substantive answers to interrogatories or document requests. In any event, by failing to respond
by the deadline as extended, Mr. Harazim's waiver of objections is complete and irrevocable.

Your suggestion that the Defendants' document production was due three weeks ago is
disingenuous at best. *Written responses* were due on July 24, 2006 and served on that date. In
violation of Rule 34, your most recent set of document requests failed to specify a reasonable
time or place for *production.* We objected on this ground, among others. It was not until last
Friday that the Weiss Parties agreed to withdraw certain objections and all parties agreed on a
date for production: August 21, 2006. During Friday's teleconference, you also agreed to a one
week extension, until August 24, 2006, for our opposition to Kotva's Motion to Compel. I relied
on your agreement, and did not work on that opposition from Friday afternoon through today.
Your attempt to renege on your agreement, and to demand an opposition to Kotva's motion to
compel on two day's notice is outrageous.

Joel G. Beckman
August 16, 2006
Page 2


We will file an emergency motion for an extension of time to respond to Kotva's motion to
compel and note your agreement to that extension on Friday, and withdrawal of that agreement
on Tuesday. With respect to Mr. Harazim's discovery responses, we request a 37.1 conference
to discuss Mr. Harazim's interrogatory responses and the scope of documents Mr. Harazim will
agree to produce. Given Mr. Harazim's waiver of all objections and failure to object to
producing documents based on the attorney-client privilege or work product doctrine, we expect
that production to be substantial. I am available at your convenience Thursday after 3:00 p.m. or
any time Friday of this week.

Truly,

/Benjamin A. Goldberger

cc:     Edward P. Leibensperger
        Dana Zakarian

BST99 1513289-1 072198 0012



**Benjamin**
**Goldberger /BST/MWE**

08/23/2006 02:15 PM

To   jbeckman@nbparis.com

cc

bcc

Subject   Kotva v. Weiss

Joel--

I just heard from Ned that there is no agreement yet on a motion to stay.  As it appears that we may be continuing to litigate, we need to schedule the 37.1 conference on Harazim's discovery responses that I requested last week.  I am available Friday afternoon or Monday morning.

Benjamin A. Goldberger
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109
t.  +1 617 535 4483
f.  +1 617 535 3800
e.  bgoldberger@mwe.com

*********************************************************************************************************************************
IRS Circular 230 Disclosure:  To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.
_____

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.  Thank you.
*********************************************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.