UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPPOSITION OF RICHARD HARAZIM TO
DEFENDANTS' MOTION TO COMPEL**

INTRODUCTION

Defendants' motion attempts to avoid the limitation on discovery events imposed by Local Rule 26.1(C). Simply put, defendants are allowed to serve <u>two</u> sets of document requests.[1] The requests to Mr. Harazim were their <u>third</u> requests. Before serving that third set of requests, defendants were obligated to seek leave from the Court.[2]

---

[1] Local Rule 26.1(C) provides in relevant part: "Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to . . . two (2) separate sets of requests for production."

[2] See Advanced Sterilization Products v. Jacob, 190 F.R.D. 284, 286 (D. Mass. 2000) (parties must obtain permission from the Court before exceeding the discovery limits imposed by Local Rule 26.1(c)); Carter v. United States of America, 164 F.R.D. 131, 133 (D. Mass. 1995) (denying motion to compel where plaintiff sought to circumvent discovery rules by serving deposition notices to parties that attached document requests above and beyond the two sets already served); Whittingham v. Amherst College, 163 F.R.D. 170, 171 n.1 (D. Mass. 1995) ("Should a party exhaust the opportunities for any type of discovery events under LR 26.1(C), any requests that such party may make for additional interrogatories, depositions, admissions or the production of documents beyond that allowed pursuant to LR 26.1(C) should be by discovery motion.").

They failed to do so. Accordingly, their requests were improper and unauthorized and no response was required.[3]

## ARGUMENT

A.   Defendants Third Set of Requests For Production of Documents

Through this motion, defendants seek to foist their obligation to obtain leave onto Mr. Harazim—claiming that he should have objected to their violating Rule 26.1(c). Defendants even go so far as to claim that Mr. Harazim has "waived" all objections—including the attorney-client privilege and attorney work product doctrine—by failing to respond to the unauthorized request in a timely fashion. (Motion at 6) Simply put, **because defendants were never authorized to serve the Third Request, Mr. Harazim had no obligation to respond at all.**

Regardless, Mr. Harazim did respond and object to the unauthorized third set of requests. He responded because he had already produced the relevant documents in connection with Kotva's production and did not want to fight over a non-issue.[4] This is the same reason why his counsel sought to discuss each specific request in turn at the Rule 37.1 conference—to figure out what documents defendants were seeking apart from what had already been produced. (Motion at 4) This cooperative approach to discovery

---

[3] Defendants' argument that they should be exempt from Rule 26.1(c) because they have a "Hobson's choice" is too little too late. (Memo at 8) That argument should have been made as part of a motion for leave to serve the Third Request—<u>before</u> the request was served. Defendants are well aware of the proper procedure. Indeed, they previously acknowledged their obligation to seek leave of Court before serving discovery beyond that permitted in the Rules. When Kotva pointed out that their interrogatories exceeded 25 in number (including 42 questions alone on the RICO Case Statement), defendants sought leave of Court. (Revealingly, this Court has permitted defendants extensive discovery on the Kotva's RICO claim. In stark contrast, Kotva's RICO discovery directed to defendants has been met with objections, hurdles, and conditions. Such a double standard should not be permitted).

[4] Indeed, pursuant to the Court's May 26, 2006 Order, Mr. Harazim certified that Kotva had searched the records of its employees, officers, directors, and agents, including attorneys, for all responsive documents given to them in their official capacity as Kotva employees, officers, directors and agents. See Kotva's Supplemental Response to Interrogatory No. 6 of Defendants' Third Set of Interrogatories in Compliance with the Special Master's May 26, 2006 Order.

2

ought to be encouraged—not punished. For these reasons, defendants' motion to compel documents should be denied.

> B.  Defendants Overly Broad Interrogatories

Defendants' motion to compel supplemental answers to interrogatories Nos. 1 and 2 also should be denied. Indeed, defendants seek to compel responses to the following interrogatories:

> **Interrogatory No. 1**
> Please identify each communication between Richard Harazim and another person concerning this lawsuit or the decision to initiate this lawsuit.
>
> **Interrogatory No. 2**
> Please identify each communication between Richard Harazim and another person concerning criminal charges against Andrew Weiss.

It is wholly unreasonable and unnecessary for defendants to ask Mr. Harazim to catalog every single communication he has ever had **with anyone** concerning this lawsuit and the criminal charges against Andrew Weiss. The non-privileged written communications (e.g., emails, and other correspondence) have already been produced. Defendants, moreover, have already questioned Mr. Harazim concerning such communications during his Rule 30(b)(6) deposition, and are certainly free to ask additional questions during his upcoming personal deposition. But to ask him to chart out: the date; the identity and location of the person initiating the communication; the identity and locations of the person who received the communications; and the medium by which the communication was made—for every communication with anybody in the whole world is simply overbroad and unduly burdensome.[5] Especially, since the only

---

[5] Defendants' argument that it conditioned the extension upon receiving "substantive answers" is too cute to play. Indeed, combining that type of conditional extension along with a hypertechnical view of the rules

3

claim against Mr. Harazim is that he personally abused process by directing Kotva to file this lawsuit and to "initiate" criminal charges against Weiss in the Czech Republic.[6]

## CONCLUSION

For these reasons, defendants' motion to compel and for sanctions should be denied in its entirety.

Respectfully submitted,

RICHARD HARAZIM

By his attorneys,

/s/ Dana A. Zakarian_____
Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Dana A. Zakarian (BBO# 641058)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)
jbeckman@nbparis.com
wnystrom@nbparis.com
dzakarian@nbparis.com
dpasquarello@nbparis.com

Dated: September 19, 2006

---

(as clearly possessed by defense counsel) creates the impossible situation where parties (like defendants) can *post facto* argue that a response is untimely and thus all objections are waived.

[6] The myth of the "Forminster Group" has been dismissed by the Court and is no longer part of this case.

4

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 19th day of September, 2006.

                                                  /s/ Dana A. Zakarian