UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. ) | |
| ) | |
| Plaintiff, ) | Case No. 05-10679-RCL |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC ) | |
| ) | |
| Defendants. ) | |

**KOTVA'S RESPONSE TO THE SPECIAL MASTER'S SEPTEMBER 29, 2006
ORDER WITH RESPECT TO THE ISSUE OF SUBJECT MATTER WAIVER**

**INTRODUCTION**

Six months ago, Kotva filed a motion to compel as a result of deficiencies in Weiss's privilege log and various other discovery disputes. After thorough briefing and several hearings, the Special Master issued an order dated May 26, 2006 ("May Order") that required Weiss to amend and supplement his privilege log and to produce numerous documents that had been withheld. The May Order expressly stated that failure to produce "the privilege log already ordered produced will result in the imposition of sanctions." May Order at 15. On July 10, 2006, Weiss produced a revised privilege log with many of the same deficiencies that existed in the original log. In accordance with the May Order, Kotva moved to compel and requested sanctions. In addition, Kotva's review of the documents that Weiss was ordered to produce under the May Order revealed that Weiss had intentionally disclosed privileged materials to third parties. Those disclosures effected subject matter waiver on several fronts. Therefore, also in

accordance with the May Order, Kotva presented the legal question of subject matter waiver to the Special Master in its motion. In response, the Special Master ordered Kotva to show cause why it should not be sanctioned for arguing that subject matter waiver applied to the subjects disclosed in Weiss's multiple and assorted waivers of privilege. September 29, 2006 Order ("Order") at 18.

As discussed herein, the reasons listed in the Order for potential sanctions against Kotva do not warrant any such penalty. Indeed, that part of the Order provides a window into a tendency in this case to apply a double standard of leniency to Weiss, but penalty to Kotva when it comes to discovery obligations.[1] Weiss withheld hundreds of documents as allegedly privileged in this matter, not Kotva. Weiss failed to provide an adequate privilege log on repeated attempts, not Kotva. And Weiss repeatedly and voluntarily destroyed the privilege, not Kotva. No sanctions against Kotva are warranted. If necessary, Kotva requests a hearing on the question of sanctions.

## DISCUSSION

The Order cites four reasons for the Special Master's inclination to impose sanctions against Kotva for arguing that subject matter waiver principles should apply.

---

[1] For example, the Order repeatedly accepts Weiss's version of events as accurate (even when proven otherwise by Kotva and contradicted by the very pleadings in the case), shifts burdens belonging to Weiss onto Kotva, and entertains alleged deficiencies in Kotva's privilege log--raised by Weiss to divert attention from his own failings--that are not the subject of any pending motion. The Order's characterizations of the discovery conferences are particularly problematic. It is Weiss's burden to demonstrate that materials are privileged and that the privilege has not been waived. It is not Kotva's obligation to counter-designate every entry on Weiss's privilege log to bring it up to code. Nevertheless, Kotva engaged in the discovery conference process in good faith to address the deficiencies in Weiss's log. Weiss's counsel stopped Kotva's counsel from itemizing the lengthy list of faulty entries (motion n. 2) during the conference, characterized Kotva's identification of other specific entries as an attempt to "manufacture" a discovery issue, and misrepresented that other categories of documents, such as the Howard Golden documents, for example, had not been identified. Meanwhile, Weiss's counsel attempted to delay the conclusion of the discovery conference for days, stringing Kotva along as the discovery period continued to while away. Moreover, what the Order overlooks is that the allegedly privileged materials should have been adequately described in February, not September.

Order at 18. Kotva will address these points in the following order: (1) Kotva "failed to disclose" in its motion that two of privileged documents disclosed by Weiss also were exhibits to the Complaint; (2) Kotva did not cite in its motion the <u>XYZ Corp</u>. and discussed the decision only in a footnote; (3) subject matter waiver was not discussed as part of the Rule 37.1 conference regarding Weiss's deficient privilege log; and (4) Kotva stated in its general objections to written discovery responses that any inadvertent production of <u>its</u> <u>own</u> privileged documents and does not constitute a waiver.

### I. Weiss's Voluntary Disclosure of Exhibits I and J Long After the Complaint was Filed, <u>While He Continued to Claim Privilege for the Documents</u>, Makes Subject Matter Waiver Appropriate

There was no intention to conceal the fact that Exhibits I and J to the motion (documents that effect a subject matter waiver) had been attached as Exhibits D and F to the Complaint. Simply put, the reason why Exhibits I and J effect a subject matter waiver is that long after the Complaint was filed, Weiss continued to assert privilege for Exhibits I and J, but thereafter voluntarily disseminated the documents, and many others, to third parties--despite his continued assertion of privilege. Thus, the fact that Exhibits I and J were previously attached as exhibits to the Complaint is irrelevant. <u>It is the subsequent disclosure by Weiss--while he continued to assert privilege for the documents--that destroys the privilege in a way that triggers subject matter waiver</u>.[2] Indeed, Kotva did not raise the issue of subject matter waiver until after it discovered that Weiss had widely distributed the documents to third parties. Moreover, Weiss's pleadings and correspondence leave no doubt that he continued to assert privilege for Exhibits I and J.

---

[2] Kotva did not make this discovery until after the Special Master directed Weiss in the May Order to produce documents that he had wrongfully withheld as privileged.

3

Kotva filed the Complaint in April 2005, attaching copies of the documents now in question (as Exhibits D and F). In June 2005, in response to allegations in the Complaint concerning these documents, Weiss stated, "Defendants neither admit nor deny the allegations in paragraph 44, but instead state that <u>they reference material protected by the attorney-client privilege</u> and which the plaintiff has obtained improperly." First Amended Answer & Counterclaim at 8 ¶ 44 (emphasis added); see also ¶ 38. Seven months after the Complaint was filed (and five months after Weiss filed his Answer), Weiss's counsel wrote to Kotva's counsel about Exhibits D and F to the Complaint:

> I write regarding certain documents in your possession that are protected by the attorney-client privilege and work product doctrine. <u>Two of the exhibits attached to Kotva's complaint in this case--exhibits D and F</u>--as well as some of the documents you produced to us on October 21, 2005, reflect communications between some of the counterclaim-plaintiffs and their attorney, Ondrej Peterka. <u>These communications are protected by the attorney-client privilege. They are also protected by the work product doctrine.</u> As far as we know, no one has authorized the release of these memoranda or any similar documents that Kotva may possess. <u>Accordingly, there has been no waiver of the privilege.</u>

November 3, 2005 Letter from Mr. Leibensperger to Mr. Beckman, attached hereto as Ex. A (emphasis added). There can be no doubt that Weiss and Weiss's counsel took the position that the privilege was not waived because the documents had been attached as exhibits to the Complaint. Just four months later, however, by March 2006, Weiss's counsel disseminated these and other documents to third parties, contradicting Weiss professed position that the documents retained privileged status. See Ex. K to Weiss's

4

Opposition.³ At that point, Weiss destroyed any privilege he alleged for the documents.

In short, Weiss intentionally omitted crucial facts about his position with respect to Exhibits I and J, and then wrongfully accused Kotva of making intentional omissions. The issue is not, as Weiss would have it, "a defendant producing documents provided to it by the plaintiff." The issue here is a defendant producing documents to third parties that he vehemently maintains are privileged. That type of voluntary production of privileged material effects a subject matter waiver, and the Order should be adjusted accordingly.

II.  **XYZ Corp. is Inapposite Because the Disclosures at Issue in this Case Were Not Extrajudicial**

As Kotva explained during the August 30, 2006 hearing, XYZ Corp. v. United States (In re Keeper of the Records), 348 F.3d 16 (1st Cir. 2003) is not controlling authority in this case. The applicability of XYZ Corp. hinges upon whether the disclosures in question are "extrajudicial." The First Circuit in XYZ Corp. itself acknowledged that what constitutes a "judicial" versus an "extrajudicial" disclosure is an uncertain and murky area:

> Although plotting the precise line that separates judicial disclosures from extrajudicial disclosures sometimes can be difficult, no such difficulties are presented here. The call took place entirely outside the judicial context. The parties to it were co-venturers bent on ironing out wrinkles and reaching a joint business decision.

Id. at 25. In XYZ Corp., there was no litigation or judicial proceeding at the time of the disclosure. Nevertheless, without providing explanation or support, the Order provides a one-sentence conclusory finding that Weiss's disclosures to the State Department during

---

³ Weiss produced Exs. I and J and many other documents he deemed privileged to the State Department and press, many of which Weiss conveniently omits from the excerpted version of Exhibit K that he submitted with his Opposition.

5

this litigation were "extrajudicial." Order at 18. Those disclosures, however, were made by Weiss while litigation was pending against him, *i.e.*, during the course of a judicial proceeding (both the criminal and the civil proceedings), in an effort to improve his position in the litigation.[4]

The facts of XYZ Corp.--as Kotva pointed out during the hearing and in its supplemental filing--demonstrate that the holding does not apply to this case. In XYZ, the government alleged that XYZ had waived the attorney-client privilege and work product protection as the result of a telephone call between XYZ and its business partner in which XYZ's outside counsel participated. Id. at 21. At the time of the call--and unlike the disclosures by Weiss--<u>no litigation was pending or anticipated</u>. Several years later, after XYZ had refused to agree to repeated requests for a voluntary waiver of privilege, the government alleged waiver on the ground that XYZ's counsel had provided legal advice in the presence of third parties and had disclosed previously provided legal advice during the call. Id. at 21. In reversing the District Court's finding of waiver, the First Circuit noted that XYZ's counsel did not provide confidential advice during the call, but rather played a business role in helping to advocate the company's position. Id. at 23. In fact, XYZ did not claim that the call was privileged and never listed it on its privilege log. Id. Thus, there could be no subject matter waiver.

In refusing to endorse the District Court's broad finding of subject matter waiver (which was unlimited in time and exceeded even the government's request), the First Circuit stressed the business nature of the call and the lack of any judicial proceedings at

---

[4] In particular, Weiss made the disclosures in an attempt to have the United States Government pressure the Czech prosecutors to drop the criminal case against Weiss, which would enhance Weiss's leverage for his abuse of process counterclaim filed in this lawsuit. This is fundamentally not "extrajudicial."

6

the time of the alleged waiver. Citing Weinstein's <u>Federal Evidence</u>, the First Circuit explained that a common denominator in implied waiver cases is that "the party asserting the privilege placed protected information in issue for personal benefit through some affirmative act." <u>Id.</u> at 24. Unlike the facts in <u>XYZ</u>, that is exactly what Weiss did. Weiss took affirmative action to send protected information to the State Department in an effort to influence both this litigation and the criminal proceedings to his benefit. Moreover, Weiss made those disclosures at a time when his counsel knew--or should have known--that any such disclosures were subject to Plaintiff's <u>pending</u> discovery demands.[5] In other words, Weiss cannot seek shelter in an overly narrow definition of "judicial disclosure" because the knowing waiver of privileged material in the face of pending document requests satisfies the narrowest of definitions.

Because Weiss's disclosures to the State Department occurred during the course of and in the context of pending litigation, those disclosures were not "extrajudicial." Kotva explained its position on this subject during the hearing and further addressed and distinguished the case in its Supplement.[6] In any event, the fact that sanctions are being entertained because Kotva did not cite <u>XYZ Corp</u>. in its motion raises serious questions of fairness. The Special Master did not consider sanctions to be appropriate when Weiss's counsel failed to cite <u>United States v. Balsys</u>, 524 U.S. 666 (1998), controlling

---

[5] "62. All documents concerning and communications with the State Department of the United States as referenced on page 10 of the Memorandum in Support of Motion to Compel Production of Documents dated September 23, 2005." Kotva's First Request for Production of Documents served on December 21, 2005.

[6] The fact that Kotva's discussion of <u>XYZ</u> was placed in a footnote is of no consequence. Why this fact is recited in the Order as support for possible sanctions is puzzling. Kotva made its position clear that <u>XYZ</u> did not apply to this case. In the alternative, Kotva noted that if <u>XYZ</u> did apply and the Weiss disclosures were deemed to be "extrajudicial," subject matter waiver still applied because the Weiss defendants "attempted to gain adversarial advantage by affecting the litigation and by attempting to shield their disclosures from Plaintiff." Supplement at n. 13.

United States Supreme Court precedent, in a motion for a protective order to put off Weiss's deposition so he could avoid invoking the Fifth Amendment.[7] Is Weiss entitled to lenient treatment for failing to cite plainly controlling precedent from the United States Supreme Court, while Kotva is subject to penalty for not citing a First Circuit decision of questionable--at best--applicability?

### III. Rule 37.1 Did Not Apply to the Questions of Waiver Addressed in Kotva's Motion

As a result of the Special Master's May Order addressing similar discovery issues, Kotva presented the claim of subject matter waiver for review as part of its motion to compel and for sanctions. In relevant part, the May Order provided:

> To the extent that the parties dispute specific claims of privilege notwithstanding this general directive, <u>a motion describing the specific document or documents and the claim of privilege or waiver may be filed</u>.

May Order at 7 (emphasis added). The May Order invited the parties to present motions alleging claims of waiver for review. Since waiver and the scope of waiver are purely questions of law, and not discovery issues that can be narrowed, this makes sense. Kotva's request for subject matter waiver, therefore, is a question of law that should be viewed in the context of the continuing dispute between the parties that began in April. The fact that Kotva did not include the topic of subject matter waiver in the Rule 37.1 discovery conferences does not warrant the imposition of sanctions. Once again, there appears to be a troubling double standard. While Kotva is chastised for not discussing waiver issues during the discovery conference, Weiss is rewarded for blindsiding Kotva

---

[7] Weiss argued that: "If the Court does not enter a protective order, Mr. Weiss will be unfairly forced to choose whether to exercise his constitutional rights in a criminal case [in the Czech Republic] and suffering the consequences in a civil case." Memorandum in Support of Weiss Motion for Protective Order at 14. The Supreme Court expressly held in <u>Balsys</u> that the Fifth Amendment privilege against self-incrimination does not extend to foreign criminal proceedings.

with irrelevant issues about Kotva's own privilege log--<u>issues that were never discussed during any discovery conference</u>.  Even more troubling is the Special Master's willingness to go after Kotva on issues that are not the subject of any motion and not pending before her.  If Weiss had legitimate concerns about Kotva's privilege log, he could have initiated a discovery conference pursuant to Rule 37.1 and filed a motion to compel.  He did not.  Instead, Weiss presented baseless complaints about Kotva's log as a diversion.  Unfortunately, the bait was taken without providing Kotva any notice that the issue was being considered.[8]

The Special Master's *sua sponte* decision to call for the *in camera* review of various documents listed on Kotva's privilege log--despite Weiss's failure to raise the issue in a discovery conference and the absence of any pending motion--is apparently based on another Weiss misrepresentation.  Weiss made the following allegations in his opposition to Kotva's motion:

> Subsequent research by the Weiss Parties reveals that Kotva has *not logged the documents that the Court ordered it to log.*  Exhibit F reveals that, on August 17, 2004 counsel for Kotva, Jan Nekola, sent an email to Richard Harazim that apparently had an attachment.  <u>Kotva did not produce this email or log it</u>.  Exhibit G reveals that, on September 10, 2004, Nekola sent *another* email to Richard Harazim that apparently had an attachment.  <u>Kotva did not produce this email or log it.</u>  It is unclear how many other communications with counsel exist that Kotva has failed to log or whether Kotva even searched the email files of employees other than Richard Harazim for privileged communications.

Opposition at 6-7 (italics in original; underlined emphasis added).  In the first place, Exhibits F and G bear Kotva bates labels, which indicates that Kotva obviously produced those documents to Weiss.  With respect to attachments, Weiss knows that there were no

---

[8] Since the topic was not raised during the August 30th hearing, Kotva presumed that the Special Master was correctly looking beyond the issue as irrelevant and/or not properly presented.

attachments to the e-mails attached as Exhibits F and G. Unlike Weiss, Kotva produced the attachments to e-mails, when there were attachments, behind the relevant e-mails. These particular e-mails do not contain icons or images that indicate an attachment. Finally, to the extent Weiss is complaining that the documents referenced in the emails were not produced, the claim is simply false. The emails refer to Kotva's response to the Gilroy complaint, which Kotva filed in the Czech court, and produced to Weiss in April 2006 (see K6147-6152 attached hereto as Exhibit B). Thus, contrary to Weiss's representation, Kotva did produce the documents and there is nothing missing from its privilege log.

### IV. Kotva's Own General Objections Do Not Support an Estoppel Argument--The Objection Presumes Reasonable Precautions Pursuant to Amgen

Finally, Kotva's own position regarding the inadvertent production of privileged material (included as a general objection in its written responses to Weiss's document requests) does not estop Kotva from arguing waiver by Weiss nor justify the imposition of sanctions against Kotva. Simply speaking, Kotva's position about its _own_ document production is irrelevant. But even if Kotva's position about its own document production were relevant, Kotva could not divorce itself from the requirements of the Amgen test-- and neither can Weiss. Moreover, there was no agreement between the parties on this point that would entitle either to deviate from controlling First Circuit precedent. In other words, Kotva's general objections presume the application of the Amgen test--namely, that inadvertent production by Kotva would not work a waiver provided that Kotva took reasonable precautions to prevent such disclosures.[9]

---

[9] Amgen Inc., v. Hoechst Marion Roussel, Inc., 190 F.R.D. 287, 292 (D. Mass. 2000). Under the Amgen test, the Court examines five factors: (1) the reasonableness of the precautions taken to prevent inadvertent

10

While the Order acknowledges <u>how</u> the disclosures were made by Weiss's counsel, it provides no support for the conclusion that Weiss's counsel took reasonable precautions to prevent inadvertent disclosure. The Goldberger Declaration describes a process in which a single attorney makes a <u>single</u> review and then encodes the document as privileged or subject to production. There is no subsequent review or senior level attorney review. On these facts, the Order amounts to an endorsement that <u>any document review</u> is sufficient to satisfy the <u>Amgen</u> test. That is not the law of the First Circuit. Moreover, the review process described by Weiss's counsel begs the question: how many other documents were miscoded and improperly withheld?[10] With respect to Weiss's inadvertent production of privileged materials, Weiss did not take reasonable precautions and subject matter waiver is appropriate.

## CONCLUSION

For the foregoing reasons, no sanctions against Kotva are warranted. To the extent that any inclination to impose any sanctions against Kotva on this issue remains, Kotva requests a hearing.

In light of the additional information provided herein and Kotva's clarification of certain mischaracterizations and omissions by Weiss in his opposition, Kotva also requests that the Special Master find that there has indeed been a subject matter waiver and adjust the Order accordingly. Due to the open status of this issue, Kotva reserves its

---

disclosure; (2) the amount of time it took the producing party to recognize its error; (3) the scope of the production; (4) the extent of the inadvertent disclosure; and (5) the overriding interest of fairness and justice. <u>Id.</u>

[10] Knowing that Weiss withheld nearly a quarter of the entries on the original privilege log, that Weiss withheld numerous third-party communications with Woolf and others and that Weiss's counsel admits to having "miscoded" documents when those documents work against his interest, how can there be any confidence in the decisions made to withhold 17,500 pages of potentially responsive but non-produced materials?

right to object, if necessary, once the Special Master provides a final ruling on the issue of sanctions and subject matter waiver.

                      Respectfully submitted,

                      KOTVA, A.S.

                      By its attorneys,

                      /s/ Joel G. Beckman
                      Joel G. Beckman (BBO# 553086)
                      William C. Nystrom (BBO# 559656)
                      Daniel J. Pasquarello (BB0# 647379)
                      NYSTROM BECKMAN & PARIS LLP
                      10 St. James Ave., 16th Floor
                      Boston, Massachusetts 02116
                      (617) 778-9100
                      (617) 778-9110 (fax)
                      jbeckman@nbparis.com
                      wnystrom@nbparis.com
                      dpasquarello@nbparis.com

Dated: October 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 13th day of October, 2006.

                      /s/ Joel G. Beckman

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Milan
Munich New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Edward P. Leibensperger
Attorney at Law
eleibensperger@mwe.com
617.535.4046

November 3, 2005

Joel G. Beckman
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, MA 02116

Re:   <u>Kotva a.s. v. Andrew Weiss et al.</u>, C.A. No. 05-10679-RCL

Dear Joel:

I write regarding certain documents in your possession that are protected by the attorney-client privilege and work product doctrine. Two of the exhibits attached to Kotva's complaint in this case—exhibits D and F—as well as some of the documents you produced to us on October 21, 2005, reflect communications between some of the counterclaim-plaintiffs and their attorney, Ondrej Peterka. These communications are protected by the attorney-client privilege. They are also protected by the work product doctrine. As far as we know, no one has authorized the release of these memoranda or any similar documents that Kotva may possess. Accordingly, there has been no waiver of the privilege.

Kotva's Responses to Discovery Requests Nos. 15–16 indicate that Kotva may have additional similar documents. Are there any documents that are responsive to these requests that Kotva has not yet produced?

Please provide us with a copy of all privileged communications in your or your client's possession and destroy all other copies.

Very truly yours,

Edward P. Leibensperger

EPL/pmf

cc:   JUDr. Ondrej Peterka

BST99 1475285-2.072198.0012