UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>　　　　　Defendants.<br><br>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD.,<br><br>　　　　　Counterclaim-plaintiffs,<br><br>　　　v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5,<br><br>　　　　　Counterclaim-defendants. | C.A. No. 05-10679-RCL |

### WEISS PARTIES' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE

In ruling on Kotva's Motion to Compel Regarding Defendants' Responses to Interrogatories and Document Requests, filed on August 11, 2006 (the "Motion"), the Discovery Master wrote:

> Pursuant to Rule 37(a)(4)(A) and (B), the parties are ordered to submit affidavits concerning attorneys' fees and costs and a memorandum showing cause why the Court should not apportion costs and fees between them within fourteen days of receipt of this Order.

September 29, 2006 Order at 26.[1]

In response, the Weiss Parties state:

1. Federal Rule of Civil Procedure 37(a)(4) establishes a presumption in favor of expense shifting that can be overcome only if: (1) the losing party's position was "substantially justified;" or (2) other circumstances make expense shifting unjust. *See* FED. R. CIV. P. 37(a)(4)(A), 37(a)(4)(B). "In a similar context, the Supreme Court has said that 'substantially justified' does not mean 'justified to a high degree,' but only 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 11–12 (1st Cir. 2005); *see also* ("The standard of 'substantially justified' has been said to have been satisfied if there is a 'genuine dispute,' . . . or 'if reasonable people could differ . . . .'") (citations omitted).

2. The Motion raised seven distinct issues. The Discovery Master found in favor of the Weiss Parties with respect to six issues and in favor of Kotva with respect to one issue. The Weiss Parties respectfully suggest that the Discovery Master engage in the following allocation of costs:

> a. <u>Criminal File</u>: Shift expenses to Kotva. The Discovery Master found that "it appears that Kotva is only interested in obtaining Weiss's work product or alternatively, that the request is simply intended to harass and oppress."

---

[1] The September 29, 2006 Order also provides that Kotva and Harazim must show cause why sanctions and/or costs should not be imposed with respect to part of Kotva's Motion for Sanctions and to Compel and Harazim's responses to the Weiss Parties' discovery requests. The Weiss Parties understand that no written response is required from them at this stage other than information regarding attorneys' fees incurred, but do seek the opportunity to be heard on the substance of whether sanctions and/or costs should be imposed.

2

b.  <u>Weiss's Attempts to Have Criminal Charges Against Him Dismissed</u>: Shift expenses to Kotva. The Discovery Master found that the discovery Kotva sought and filed a motion to compel to obtain is "irrelevant to any issue in this lawsuit."

c.  <u>Other Alleged Blackmail Schemes (Interrogatories Nos. 12, 13, and 14)</u>: Each party to bear its own costs. The Weiss Parties' position was substantially justified. As Kotva admits, in the May 26, 2006 Order, the Discovery Master found that "the document requests [corresponding to these interrogatories] were too onerous." Kotva's Mem. in Support of Motion to Compel at 8. Relying on this finding, the Weiss Parties understood that they had no obligation to review the large number of boxes that might contain information responsive to these interrogatories. In view of the September 29, 2006 Order, the Weiss Parties have obtained approximately *thirty-five* boxes from storage and are searching through them for any documents that relate to the information Kotva identified in its interrogatories.

d.  <u>Information Concerning Private Investigator (Interrogatory No. 9, Request No. 15)</u>: Shift expenses to Kotva. The discoverability of information gathered by a non-testifying expert such as a private investigator is clearly not discoverable under Rule 26(b)(4)(B). Kotva never even attempted to explain how this Rule does not apply or how it met the "exceptional circumstances" on which the Rule conditions discovery.

e.  <u>Identification of the Legal and Beneficial Owners of BIP (Interrogatory Nos. 7 (First Set) and 1 (Third Set), Request Nos. 16 and 26)</u>: Shift

3

>
> expenses to Kotva. The Discovery Master found that "the request appears to be nothing more than a fishing expedition," "more [discovery] is overkill and unnecessary," and "[t]he request for the names of Weiss's family members who hold interests in BIP borders on abusive." Kotva's motion to compel discovery of this information is the latest in a series of steps that Kotva has taken to use the discovery process as a weapon to attempt to embarrass Professor Weiss, to upset his relationship with his investors and to inflict additional damage. Sanctions are appropriate.
>
> f. <u>Fee Agreements with Weiss's Czech Counsel</u>: Each party to bear its own costs. There was a genuine dispute about this issue.
>
> g. <u>Communications with Investors Concerning Changes to the Investment Management Agreement of BGO</u>: Shift costs to Kotva. The Discovery Master found that the discovery sought was "completely irrelevant to any issue in this case." The reason that Kotva sought this information was not because it wanted the information to prepare its case, but rather to try to find additional ways it might be able to drive a wedge between Professor Weiss and his investors.

3. In this case, shifting expenses to Kotva is particularly appropriate. Kotva has, throughout this litigation, engaged in discovery misconduct, seeking to use the discovery process as a weapon against the Weiss Parties while flouting its obligations under the Rules. In the fall of 2005, Kotva refused to produce any documents at all unless the Weiss Parties agreed to a confidentiality order. In the winter of 2006, Kotva served investors, including another professor at Boston University, with subpoenas falsely claiming that Professor Weiss had been indicted. Then, after the Court ordered Kotva to respond to the Weiss Parties' discovery requests, Kotva

4

took recordings of some of the events described in its complaint and, rather than give copies to the Weiss Parties, gave them to the Czech police. Kotva now claims to be unable to retrieve those recordings. In February 2006, counsel for Kotva repeatedly disrupted the deposition of Kotva's 30(b)(6) witness, Richard Harazim, with inappropriate speaking objections and allowed the witness to refuse to answer questions on the wholly improper ground that Czech counsel had told him not to answer while the criminal case was ongoing. When Mr. Harazim, who is also a party to this case, finally responded to discovery requests, he did so in a manner that the Discovery Master found "evidences a nonchalance and cavalier attitude that cannot be excused." September 29, 2006 Order at 28.

4. The amendments to Rule 37 were designed to "press[] the court to address itself to abusive practices." Notes of Advisory Committee on 1970 Amendments to Rules. The notes to Rule 37 further explain:

> [T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery.

*Id.* Sanctions in the form of shifting expenses to Kotva are not only appropriate; they are exactly what the drafters of the Rules had in mind for a litigant that has engaged in the course of conduct that Kotva has in this case.

5

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K T INC. and CVF
INVESTMENTS LTD.

By their attorneys,

/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109-1775
(617) 535-4000

Dated: October 18, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 18, 2006.

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

BST99 1519872-1.072198.0012