UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |

_____ )

## RICHARD HARAZIM'S RESPONSE TO THE SPECIAL MASTER'S SEPTEMBER 29, 2006 ORDER WITH RESPECT TO THE ISSUE OF ATTORNEY'S FEES AND COSTS

### INTRODUCTION

Richard Harazim and his counsel should not be ordered to pay Weiss' attorney's fees and costs for his motion to compel because the motion should have never been filed in the first place. Indeed, Local Rule 26.1 expressly prohibited Weiss from serving a third document request without first obtaining leave of Court. Mr. Harazim was entitled to rely on the plain text of the Rule—particularly since Weiss took the **same position** in this case. To sanction Mr. Harazim for following the Local Rules would be both unfair and inconsistent.

It would be equally inappropriate to impose sanctions for serving answers to interrogatories three business days late. As detailed below, Mr. Harazim was out of the office and was unable to finalize his answers, and, not informing Weiss' counsel of the slight delay was simply an oversight. In any event, there were no depositions scheduled or briefs due that necessitated immediate answers to the interrogatories, and there is no

reason why Weiss' counsel could not extend the professional courtesy of waiting a few

extra days to receive them. Accordingly, there is no basis for ordering Mr. Harazim or his

counsel to pay Weiss' attorney's fees and costs in connection with the motion.

## ARGUMENT

1.     **Sanctions Are Not Warranted Because Mr. Harazim Acted In Good Faith In Responding To Weiss's Third Set of Document Requests**

Local Rule 26.1 expressly provides that "[u]nless the judicial officer orders

otherwise, the number of discovery events shall be limited for each side (or group of

parties with a common interest) to . . . two (2) separate sets of requests for production."

Both Mr. Harazim **and Weiss** understood this Local Rule to apply.  Indeed, Weiss

previously attempted to characterize Kotva's letter request for initial disclosures[1] as a

document request and then argued that Kotva's Second Request for Production of

documents was actually a third request in violation of Local Rule 26.1.  Specifically,

Weiss stated his objection that:

> The Defendant's Object to Kotva's characterization of
> these 43 requests as Kotva's "Second Request for
> Production of Documents."  Kotva has already served
> multiple sets of requests for production of documents to the
> defendants, and **this additional set of document requests
> is improper under Local Rule 26.1.**  (emphasis added)

(Objections and Responses of Andrew Weiss and Weiss Asset Management LLC to Set

of Document Request Served on June 22, 2006)  In his cover letter, Weiss's counsel

attempted to use his objection to "wheel and deal" additional requests for himself stating:

"we are prepared to produce documents in response to the 'Second Request' so long as

we reach agreement with respect to **additional requests for documents propounded by**

---

[1] A copy of the letter from Mr. Beckman to Mr. Goldberger, which Weiss claimed was Kotva's First
Request for Production of Documents, is attached hereto as Exhibit A.

**the Weiss Parties**." (July 24, 2006 letter from Benjamin Goldberger to Joel Beckman, attached as Exhibit B) Simply put, Weiss **knew** that he was only afforded two sets of document requests, and he was trying to negotiate for more. In view of the plain text of the Local Rule as well as Weiss' acknowledgment that it applies, it would be wholly unfair and inconsistent to sanction Mr. Harazim for his reply to Weiss' Third Request for Production of Documents.[2]

Sanctions would be particularly inappropriate in light of Mr. Harazim's attempt to cooperatively resolve the issue during the parties' Rule 37.1 conference. Specifically, Mr. Harazim's counsel explained that he had already produced his responsive documents in connection with Kotva's production. Nevertheless, Mr. Harazim's counsel further offered to discuss each request to identify what other documents Weiss was seeking. Weiss's counsel, on the other hand, refused any such discussion and just wanted to file a motion to compel. Weiss's counsel finally gave in and stated that he was looking for Mr. Harazim's business cards, call specific cell phone records, calendars, and other documents evidencing his travels to Massachusetts.

Despite Mr. Harazim's agreement to search for these records, Weiss immediately moved to compel. Mr. Harazim has since located and produced these records, which consist of: (1) two Kotva business cards; (2) a newspaper article; and (3) plane tickets.[3]

---

[2] Page 27 of the Order states "Harazim does not indicate in his Opposition which requests he considers the first and second requests." To clarify, the first requests are contained in Andrew Weiss's, Weiss Asset Management LLC's, KT, Inc.'s and CVF Investment LTD's First Set of Requests For Production of Documents to Kotva A.S., served on August 1, 2005. The second requests are contained in Second Set of Requests for Production of Documents of Andrew Weiss, Weiss Asset Management LLC, KT, Inc., and CVF Investments LTD to Kotva A.S., served on March 3, 2006.

[3] Mr. Harazim's cell phone records do not itemize calls but rather merely state a total fee. Weiss' counsel stated that they were not interested in phone records that do not itemize calls.

Needless to say, these documents have little or no relevance to this case, and Mr. Harazim's alleged "withholding" of them does not warrant sanctions.

     **2.**     **<u>Sanctions Are Not Warranted Because Mr. Harazim Was Three Business Days Late In Answering Weiss's Interrogatories</u>**

Throughout this case, the parties have extended each other the professional courtesy of extensions. Many of these extensions have been granted to accommodate the schedules of counsel and the parties. Mr. Harazim, who resides in the Czech Republic, was unable to finalize his answers to Weiss' interrogatories because he was out of the office. Indeed, Mr. Beckman, advised Mr. Goldberger that he would need until the end of the week to get the answers to him. As it turns out, Mr. Harazim was unable to access the finalized answers until late Monday. He then promptly served them next day.

This is not indicative of a "nonchalance and cavalier attitude that cannot be excused." (Order at 28) Both the Rules and the Court encourage counsel to be courteous to each other and work together to resolve discovery disputes before filing motions to compel. <u>See</u>, <u>e.g.</u>, Local Rules 7.1 and 37.1. Here, there was no reason why Weiss could not extend the professional courtesy of waiting a few extra days to accommodate Mr. Harazim and his counsel. Indeed, there were no depositions scheduled or briefs to be filed during those three business days. Under the circumstances, it would be wholly inappropriate to order Mr. Harazim or his counsel to pay attorney's fees and costs to Weiss for what amounted to a "no harm no foul" situation. Indeed, imposing such a sanction would only encourage further discourteous behavior among counsel in contravention of the spirit of the Federal Rules of Civil Procedure.

## CONCLUSION

For these reasons, the Special Master should not award Weiss attorney's fees and costs in connection with his motion to compel against Mr. Harazim.

Respectfully submitted,

KOTVA, A.S.

By its attorneys,


/s/ Dana A. Zakarian
Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Dana A. Zakarian (BB0# 641058)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)
jbeckman@nbparis.com
wnystrom@nbparis.com
dzakarian@nbparis.com

Dated: October 18, 2006


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 18th day of October, 2006.


/s/ Dana A. Zakarian

# Nystrom Beckman & Paris LLP
Counselors at Law

November 10, 2005

**Via Hand Delivery and Email**
Benjamin Goldberger, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109-1775

Re:  Kotva a.s. v. Andrew Weiss and Weiss Asset Management, LLC
C.A. No. 05-10679-PBS (D. Mass.)

Dear Ben:

This is in response to your letter of November 2, 2005.

You state in your letter that "[i]n Kotva's initial disclosure, Kotva identified several categories of documents that Kotva may use to support its claims or defenses. Our request for production of documents included requests for all such documents." Although your specific document requests do not include a request for documents identified in Kotva's initial disclosure, we are happy to accommodate you. Indeed, Kotva already has produced: (a) the translated Czech criminal indictments; (b) all documents in Kotva's possession from the Czech criminal investigation file (the criminal file has since been sealed, apparently because Mr. Weiss has refused to accept service of the criminal complaint); (c) emails and other written communications concerning Weiss' offers to sell shares in Kotva and Trend; (d) documents concerning Gilroy's purchase of shares in Kotva; (e) documents concerning KT's purchase of shares in Kotva; (f) Kotva's annual reports are written in Czech, but we will request them and forward them to you if you are so interested; (g) documents concerning the lawsuit filed by KT; (h) documents concerning the lawsuit filed by Gilroy (we also include herewith a translated copy of the complaint (Bates Nos. K0249-K0265)); and (i) documents concerning the contract between Hoffman and Weiss (see e.g. Bates No. K0056, which refers to the contract, but Kotva does not have a copy of the contract itself).

In view of Kotva's production of documents identified in its initial disclosure, and in the spirit of cooperation, we ask that the Defendants similarly produce all documents identified in their initial disclosure. Furthermore, Fed. R. Civ. P. 26(a)(1)(C) requires Defendants to produce to Kotva, without awaiting a discovery request, the following documents:

Benjamin Goldberger, Esq.
November 10, 2005
Page 2

> a computation of any category of damages claimed by the disclosing party, <u>making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based.</u>

(emphasis added).

Defendants have produced only seven pages of documents with their initial disclosure.[1] These documents pertain to the purchase of token shares of Kotva and Trend by <u>CVF Investments LLC</u> in December 2004 and January 2005. The allegations in the Counterclaim, however, involve <u>CVF Investments Ltd.</u>, a Cyprus corporation. Specifically, the Counterclaim alleges that "CVF Investment Ltd. has owned shares in Trend since 1996 and Kotva a.s. since 1997." Defendants further assert in their initial disclosure that "CVF Investments Ltd. has been damaged in an amount equal to a share of the value of the real estate proportional to its direct and indirect interest in Kotva a.s." Defendants have failed to produce <u>any</u> documents concerning CVF Investments Ltd.'s Kotva shares. Please do so immediately or confirm in writing that Defendants are limiting their damages to the token shares held by CVF Investments LLC.

As you know, Rule 26 also requires Defendants to disclose "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Defendants have failed to do so. Indeed, the Counterclaim specifically refers to the following documents:

- KT and CVF Investments Ltd's "direct and indirect" interests in Kotva (CC ¶ 19);
- Agreement with Vladimir Hoffmann (CC ¶ 20);
- J&T Securities offer to purchase BGO's Kotva's shares (CC ¶ 22);
- Balfindor and Gilroy lawsuits (CC ¶ 25);
- Weiss and WAM's damage to reputation, disruption of their business, lost time, and attorneys' fees (CC ¶ 41); and
- Kotva's 2004 Annual Report (CC ¶ 56).

Defendants failed to even identify these documents in their initial disclosure. We ask that all such documents be identified and produced immediately.

---

[1] Indeed, you have produced a redacted version of (Bates No. W000007). Given your position that there is no need for a confidentiality order, please produce an unredacted version of this document.

Benjamin Goldberger, Esq.
November 10, 2005
Page 3

Per your request, I also enclose a copy of K0058 from Kotva's prior production. I also enclose documents (Bates Nos. K0153-K0248) in response to Defendants' Document Request No. 18.

Finally, I do not understand the "second" point of your letter - - please clarify. Please also confirm what you are asking that we "supplement" with respect to Interrogatory No. 5.

Sincerely,

Joel G. Beckman

Enclosures

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Benjamin A. Goldberger
Associate
bgoldberger@mwe.com
617.535.4483

July 24, 2006

VIA HAND DELIVERY

Joel G. Beckman
Daniel J. Pasquarello
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, MA 02116

Re:    Kotva a.s. v. Andrew Weiss et al., C.A. No. 05-10679-RCL

Dear Gentlemen:

Enclosed please find Andrew Weiss's Responses to the First and Second Set of Interrogatories, as well as the defendants' response to Kotva's latest set of document requests.

Please note General Objection No. 3 to the Request for Documents. Because Kotva has previously requested documents, in addition to its "First Request", this "Second Request" is beyond what is allowed by the Local Rule. Nevertheless, we are prepared to produce documents in response to the "Second Request" so long as we reach agreement with respect to additional requests for documents propounded by the Weiss Parties. Please call to discuss.

Finally, also enclosed are some additional documents, bates-stamped WP0016992 - WP0017158.

Truly,

Benjamin A. Goldberger

BAG/pmf
Enclosures

cc:    Edward P. Leibensperger, Esq.
       David Jaffe

BST99 1510744-1.072198.0012

U.S. practice conducted through McDermott Will & Emery LLP.

28 State Street Boston, Massachusetts 02109-1775 Telephone: 617.535.4000 Facsimile: 617.535.3800 www.mwe.com