UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. ) | |
| ) | |
| Plaintiff, ) | Case No. 05-10679-RCL |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC ) | |
| ) | |
| Defendants. ) | |
| ) | |

### **PLANITIFF'S MOTION TO EXTEND TIME TO COMPLETE DISCOVERY**

Plaintiff Kotva, a.s. ("Kotva") hereby requests an extension of the discovery deadline from December 22, 2006 to January 31, 2007. In support of this motion, Kotva states:

Case Status

1. On July 6, 2006, the parties filed a joint motion to extend the discovery deadlines in this case. The extensions were requested due, in large part, to complications in scheduling and completing depositions. (Specifically, Kotva's Rule 30(b)(6) designee and principal witness, Richard Harazim, was unable to travel to the United States due to the impending birth of his child. Martin Benda, another Kotva representative, was also unable to obtain a visa to travel to the United States for his July deposition) On July 26, 2006, the Court extended the discovery deadline to December 22, 2006. This was the first time that the discovery deadline was extended.

Settlement

2. In late early August 2006, the parties began discussing settlement and staying this action for sixty days. Serious settlement discussion lasted until October, but no formal stay was ever filed, although the parties held off on taking depositions and exchanging documents in an effort to minimize litigation costs. While the parties were engaging in settlement discussions, Defendants were willing to extend the discovery period as part of the stay. Unfortunately, settlement discussions broke down in mid October and the parties resumed discovery on all fronts. Defendants, however, now refuse to assent to extending the discovery period.

Scheduling Conflicts

3. In view of the holidays, witness schedules, and counsel's schedules it will be extraordinarily difficult to complete these depositions before December 22, 2006. Indeed, the schedules of counsel and witnesses limit the time to complete discovery to approximately four weeks. Several of the depositions, moreover, will take place in Ireland and the Czech Republic. The depositions occurring in Boston will require Kotva representatives to travel from the Czech Republic.

4. Counsel for plaintiff, Joel Beckman, has a long standing two week family vacation in November after the election (Mr. Beckman's wife is employed by the Patrick campaign and has been working nearly seven days a week for the past nineteen months, and it would be extremely difficult to postpone this vacation).

5. In view of the foregoing, Plaintiff respectfully requests that discovery be extended to January 31, 2007. This brief extension will in not delay this case or prejudice

the Defendants. Indeed, there are two pending motions before the Court that may impact the scope of the case.

WHEREFORE, plaintiff respectfully requests that the Court extend the deadlines for completing fact discovery from December 22, 2006 to January 31, 2007.

> Respectfully submitted,
>
> Kotva, a.s.
>
> By its attorneys,
>
> /s/ Dana A. Zakarian\_\_\_
> Joel G. Beckman (BBO# 553086)
> Dana A. Zakarian (BBO# 641058)
> NYSTROM BECKMAN & PARIS LLP
> 10 St. James Ave., 16th Floor
> Boston, Massachusetts 02116
> (617) 778-9100
> (617) 778-9110 (fax)
> jbeckman@nbparis.com
> dzakarian@nbparis.com

Dated: October 27, 2006

## LOCAL RULE 7.1(A)(2) and 37.1 CERTIFICATION

In accordance with Local Rules 7.1(A)(2) and 37.1, I certify that on October 24, 2006, I conferred with Ned Liebensperger and Benjamin Goldberger and they would not agree to extending the discovery deadline.

> /s/ Dana A. Zakarian

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 27th day of October, 2006.

/s/ Dana A. Zakarian