UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>Defendants.<br><br>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD.,<br><br>Counterclaim-plaintiffs,<br><br>v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5,<br><br>Counterclaim-defendants. | C.A. No. 05-10679-RCL |

**WEISS PARTIES' MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

The plaintiff, Kotva, has had over a year to take discovery in this case that it filed in *April 2005*. However, Kotva waited over three months after discovery opened to serve any document requests, over seven months to notice a single deposition, and over ten months to propound a single interrogatory. Having already extended the discovery period once, the Court should deny Kotva's request to further extend the discovery period so as not to reward Kotva for its pattern of delay and to protect the Weiss Parties from the additional burden and cost of Kotva's abusive discovery practices.

*Background*

Kotva filed this lawsuit on April 6, 2005. Discovery opened in August 2005, and the Weiss Parties promptly served document requests and interrogatories on August 1, 2005. Kotva sent a letter requesting documents in November 2005, but takes the position that this was an informal request, and not a formal set of document requests within the meaning of the Federal and Local Rules. Kotva sent what it regards as its first document request on December 22, 2005, nearly five months after discovery opened. Kotva first served a deposition notice in March 2006—over seven months after discovery began—and first propounded an interrogatory in June 2006—over ten months after discovery began.

At the initial scheduling conference, counsel for Kotva informed the Court that Kotva had nearly all the documents it would need to try its case. Since then, Kotva has requested and the Weiss Parties have produced over 19,000 pages of documents. The Court issued a scheduling order establishing July 31, 2006 as the deadline for completing fact discovery.

On July 6, 2006, the parties filed a joint motion seeking "a two-month extension of the fact-discovery deadline, from July 31, 2006 to October 2, 2006" and modification of the other remaining deadlines, including extending the deadline for expert discovery to December 22, 2006. *See* (Docket No. 124). On July 26, 2006, the Court entered an electronic order reading:

> Judge Reginald C. Lindsay : Electronic ORDER entered granting [124] Motion for Extension of Time to Complete Discovery. Initial Expert Disclosures due by 10/31/06. Responsive Expert Disclosures due by 11/30/06. Discovery to be completed by 12/22/2006. Motions due by 10/16/2006. (Hourihan, Lisa).

The Court's Order indicates both that the motion—which sought a fact discovery cut-off of October 2, 2006—was "grant[ed]" and that "discovery" (without specific reference to "expert" discovery) was "to be completed by 12/22/2006." In discussing this potential ambiguity with counsel for Kotva, counsel for the Weiss Parties stated that, in light of the settlement talks going on, the Weiss Parties felt it was safe to postpone the remaining depositions beyond

2

October 2, given the Court's Order. The parties now have a dispute as to whether additional discovery not propounded before October 2, 2006 and additional depositions not noticed before October 2, 2006 are timely.

During settlement negotiations, the Weiss Parties offered to file a joint motion to stay the case for sixty days. The parties exchanged draft joint motions to stay. However, Kotva never agreed to file any motion to stay, conditioning its assent on altering certain aspects of the settlement discussions.

Presently, there are a number of depositions to schedule in Boston and one deposition to complete in Dublin. Although counsel for Kotva has, for several weeks, been talking about filing a motion for letters rogatory to take a deposition in the Czech Republic, no motion has been filed as of yet and no deposition in the Czech Republic has been noticed.

*Argument*

"A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b); *see also* Local Rule 16.1(g) ("The scheduling order shall specify that [it] can be modified only by order of the judge . . . and only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record."). Kotva has failed to show good cause.

Kotva's months of delay in initiating discovery are fatal to its request for an extension. "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks omitted).

Moreover, there is no reason that depositions of fact witnesses cannot be completed before December 22, 2006. Four attorneys have appeared for Kotva in this case, and either personally signed motions or argued motions or both. Given the number of available lawyers,

3

counsel for the Weiss Parties respectfully disagree that it will be "extraordinarily difficult to complete [] depositions before December 22, 2006." Kotva's Motion at 2. Finally, any difficulties that exist stem from Kotva's decision not to ask the Court for a stay while settlement discussions were ongoing, and instead to allow the time to complete discovery to pass.

Kotva's reluctance to bring discovery to an end and set this case for trial is further evidence that it filed this lawsuit not because it thought it would succeed—indeed, the Complaint is subject to a pending motion for judgment on the pleadings—but rather to harass and defame the Weiss Parties with baseless accusations of securities fraud and RICO extortion. Throughout the discovery process, Kotva has used discovery as a weapon against the Weiss Parties.

For example, in the winter of 2006, Kotva served subpoenas on investors in funds managed by Professor Weiss's company. These investors included another professor at Boston University. The subpoenas included requests for documents that falsely claimed that Professor Weiss had been indicted. The only deposition that Kotva has taken to date is the deposition of an investor.

Most recently, the Discovery Master made the following findings with respect to certain of Kotva's discovery requests and the discovery responses of Richard Harazim, Kotva's CEO:

| Kotva's Interrogatory No. 1 (Second Set), Document Request No. 10 | "[I]t appears that Kotva is only interested in obtaining Weiss's work product or alternatively, that the request is simply intended to harass and oppress." Sept. 29, 2006 Order at 22. |
|---|---|
| Kotva's Interrogatory Nos. 7 (First Set), and 1 (Third Set), Request Nos. 16 and 26 | "[T]he request appears to be nothing more than a fishing expedition;" "more [discovery] is overkill and unnecessary;" and "[t]he request for the names of Weiss's family members who hold interests in BIP borders on abusive." Sept. 29, 2006 Order at 24–25. |

4

| Harazim's Discovery Responses | "Harazim's failure to respond within the time allowed by the Rules, and without seeking either a stipulation extending the time or an order from the court extending the time evidences a nonchalance and cavalier attitude that cannot be excused." Sept. 29, 2006 Order at 28. |
|---|---|

Kotva has also improperly obstructed the Weiss Parties' efforts to take discovery. In the fall of 2005, Kotva refused to produce any documents at all unless the Weiss Parties agreed to a confidentiality order. Then, after the Court ordered Kotva to respond to the Weiss Parties' discovery requests, Kotva took tape recordings of some of the events described in its complaint and, rather than give copies to the Weiss Parties, gave them to the Czech police. *See* May 26, 2006 Order at 11–12. Kotva now claims to be unable to retrieve those recordings. In February 2006, counsel for Kotva repeatedly disrupted the deposition of Kotva's 30(b)(6) witness, Richard Harazim, with inappropriate speaking objections and allowed the witness to refuse to answer questions on the wholly improper ground that Czech counsel had told him not to answer while the criminal case was ongoing. *See id.* at 14 (describing refusal to answer as "baseless").

In sum, Kotva has engaged in a pattern of discovery misconduct that has caused the Weiss Parties to incur unnecessary expense. An extension of the discovery period will allow Kotva to continue in its campaign.

*Conclusion*

Discovery has gone on long enough: it is time to bring this case to trial. A plaintiff who delays taking discovery for months should not be permitted to extend the discovery period in order to make up for its initial delay. As Kotva has not shown the good cause required to modify the scheduling order, the Court should deny Kotva's Motion.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K T INC. and CVF
INVESTMENTS LTD.

By their attorneys,

/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: October 30, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 30, 2006.

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

BST99 1521008-1.072198.0012