UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KOTVA A.S.,              )
                         )
                         )    Civil Action No. 05-10679-RCL
       v.                )
                         )
WEISS, ET AL.            )

SPECIAL MASTER'S ORDER ON *IN CAMERA* REVIEW

Pursuant to the Order dated September 29, 2006, the parties submit allegedly privileged documents for *in camera* review. Upon review of the documents, it is hereby ORDERED:

A.   Documents Submitted by Weiss Defendants

| | |
|---|---|
| 212 | Do not produce. Privileged draft of letter. |
| 224 | Do not produce. Privileged draft of letter. |
| 225 | Do not produce. Privileged draft of letter. |
| 226 | Do not produce. Privileged draft of letter. |
| 250 | Do not produce. Concerns draft of letter. |
| 958-960 (same) | Privileged communication to counsel. Do not produce. |
| 963 | Produce. |
| 966 | Draft of 958-960; Do not produce. |
| 976, 978, 981, 982 | These are just headers, which are not privileged. Produce if responsive. They contain no substantive content so they may not be responsive to any request. |
| 977, 979, 981 | Do not produce. |
| 983 | Message from email system. Not privileged. The log, apparently referring to an attachment, misdescribes this document. |
| 984 | The attachment is clearly privileged, but the cover email is more problematic. I assume Ron Avni is not an attorney, but assisted in the review of the draft letter to counsel. I conclude that discussions among Weiss and management employees about the content, tone, etc. of the letter to counsel are privileged. Do not produce. |

1

| 985 | Do not produce. |
|---|---|
| 986 | Produce first email message in chain (Nikitin to Avni), which is not privileged. Redact the original message, which is the same as 984. |
| 987, 988, 990-994 | Do not produce. |
| 989 | Produce cover email. |
| 996 | Do not produce. |
| 1003, 1004, 1029-1031 | Do not produce. |
| 1200 | Redact second paragraph. Otherwise, produce. |
| 1201-1206, 1213 | Do not produce. |
| 1273-1277 | The first document is a transmittal letter; it contains no privileged communication. The second and third documents relate to fee for translation services. The balance are transmittal emails. Produce. |
| 1278-1279 | Privileged. Do not produce. |
| 1281-1282, 1298 | Produce. Correspondence does not relate to legal advice. |
| 1384 | Produce first (most recent in chain) email. Clearly privileged; contains legal advice. Disclosure is within scope of common interest between Weiss and HSBC. Do not produce. |
| 1389, 1390, 1400, 1401 | Do not produce. |

For purposes of clarification and in order to facilitate review, I note a few issues that were somewhat difficult. Document 963 consists of emails between Georgiy Nikitin and Andrew Weiss and a short email from Hoffman to Weiss, copies to Nikitin and Peterka, concerning "Principles." I do not see how this email is privileged. It appears to relate to the terms and conditions of Hoffman's employment. It neither seeks nor contains legal advice, nor does it appear to relate facts to counsel for the purpose of obtaining legal advice. The terms and conditions of Hoffman's

2

association with Weiss, and any negotiation of a change in those terms and conditions, are business matters, not protected by privilege. Of course, communications to and from counsel seeking legal advice are privileged.

Document 976 is simply a header of an email from Weiss to Nikitin. I see no reason why the header is privileged. I am assuming that Document 977 was transmitted with 976, but it is unclear whether 976 is complete.

Document 984 is not sufficiently described in the log. The email is from Ron Avni to Weiss and Nikitin concerning a draft letter to Peterka. So that Kotva may evaluate the invocation of privilege more clearly, I expand on the description contained in the log. The cover email discusses whether or not the draft may be sent and the concerns raised by the draft. I conclude that this discussion between Weiss employees about a communication to counsel, and which refers to the subjects discussed in the proposed letter to counsel, falls within the privilege.

Document 1200 is a communication from Weiss to Peterka. The first paragraph addresses Weiss's instructions to Peterka, as proxy, to vote Weiss's shares in KIF. It seems to me that this paragraph deals with Peterka acting as Weiss's agent in conducting business, not as a legal adviser. The second paragraph deals with a different matter, one in which Peterka's role is clearly legal. The second paragraph of the letter may therefore be redacted.

Documents 1273-1277 relate to fees for translation services in the context of settlement of share transfers. Documents 1281,1282, and 1298 relate to details concerning the share transfer transaction. I cannot determine from the documents themselves or the log entries why these documents are covered by any privilege. Mr. Goldberger's letter of October 18 is not helpful in explaining how the documents contain, solicit, or even relate to legal advice ("[The documents] which relate to the transfer of shares, place that transfer in the context of the legal representation

3

provided to Weiss by Peterka and, accordingly, the Weiss Parties regard them as privileged."). It bears repeating that not every communication between counsel and client is privileged. The purpose of the communication is key – the communication must be for the purpose of obtaining or giving legal advice. The communication by the client of details and instructions concerning business transactions that lawyers effect on behalf of clients is not privileged. Finally, the privilege is narrowly, albeit respectfully, construed. Accordingly, I order the documents produced.

Documents 1389, 1390, 1400, and 1401 relate to preparation of the power of attorney for HSBC. Georgiy Nikitin acted as a go-between for communications between Weiss's attorneys drafting the power of attorney and Jason LeRoux of HBSC. The documents, which were sent in the period June to August 2005, contain communications from counsel about the requirements for the power of attorney. Some of these requirements appear to be business-related and some appear to be legal. It is quite difficult to separate them out, and on balance, I order that they may be withheld as privileged legal communications, the disclosure of which to LeRoux does not effect a waiver.

B.  Documents submitted by Kotva

Because of the relative brevity of Kotva's privilege log and the invocation of privilege with respect to what appear, on the face of the log, to be drafts of commercial documents, I ordered Kotva to produce a small sample of seven allegedly privileged documents for *in camera* review. Kotva submitted the documents in Czech, without translations, an action I view as bordering on contumacious. Ultimately, Kotva produced the submittal documents with informal translations, not done by a disinterested interpreter. What is clear is that Kotva's counsel in this case has not itself reviewed the content of allegedly privileged documents, but rather has relied on its client to characterize the nature and content of the documents. Obviously, this situation is less than ideal

and hampers both counsel's review and the Court's oversight. Nonetheless, relying on the informal translations, I ORDER the following:

| Document Description | Finding and Order |
|---|---|
| April 30, 2003 cover email from Novak to Skoupa, and attached document | Privileged. Do not produce. |
| May 12, 2003 cover email from Novak to Harazim, and attached document | Privileged. Do not produce. |
| May 14, 2003 cover email from Novak to Harazim | No translation provided. Submit translation within one week or produce. |
| June 9, 2003 cover emails from Mikestik to Harazim, and attached documents | Privileged. Do not produce. The attached documents are evidently still in draft form. |
| June 16, 2003 Mikestik to Harazim and attached document | The transmittal email does not indicate that the attached document is in draft form or otherwise contains legal advice. It appears to relay a completed document. Produce. |
| July 2, 2003 cover email from Novak to Harazim | Privileged. Do not produce. |
| September 8, 2003 cover email and attached document | Cover email is merely a transmittal header and is not privileged. Produce if responsive to any request. Attached document is privileged as it evidently contains comments by counsel. Do not produce. |

So Ordered this 6th day of November, 2006.

                                               /s  Jeanne M. Kempthorne
                                               Special Master