UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>       Plaintiff,<br><br>  v.<br><br>ANDREW WEISS and WEISS ASSET<br>MANAGEMENT, LLC,<br><br>       Defendants.<br><br>ANDREW WEISS, WEISS ASSET<br>MANAGEMENT LLC, K T, INC. and CVF<br>INVESTMENTS, LTD.,<br><br>       Counterclaim-plaintiffs,<br><br>  v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD<br>HARAZIM, FORMINSTER ENTERPRISES,<br>LTD., SPV CO and JOHN DOES 1–5,<br><br>       Counterclaim-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-10679-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**WEISS PARTIES' SUPPLEMENTAL MEMORANDUM
REGARDING SANCTIONS AND APPORTIONMENT OF FEES**

      The Weiss Parties make this submission in response to the Discovery Master's October

24, 2006 email allowing the parties an opportunity to respond to each other's responses to the

September 29, 2006 Order.

**I.     KOTVA IS IMPROPERLY ATTEMPTING TO RE-LITIGATE ISSUES THAT
       THE COURT HAS ALREADY DECIDED**

      Kotva spends the bulk of its effort in its Memorandum Regarding Apportionment of Fees

and Costs in Response to the Special Master's September 29, 2006 Order (pages 1–15) in a

misdirected and unsupported attempt to re-litigate the issues decided by the Discovery Master. Kotva's attempt to re-argue the merits of its motion to compel is blatantly outside the scope of the briefing ordered in the September 29, 2006 Order.  The Court's order was clearly divided into three sections with bold headings marked by roman numerals.  With respect to Kotva's Motion for Sanctions and to Compel, filed on August 2, 2006, the Court ordered "Kotva and its counsel [to] show cause why sanctions should not enter against either or both of them" with respect to the single issue of subject matter waiver.  Sept. 29, 2006 Order at 18.  No other briefing was requested or warranted with respect to this Motion.  Kotva filed a response to this portion of the September 29, 2006 Order.

With respect to Kotva's Motion to Compel, filed August 11, 2006, the Court ordered the parties to "submit . . . a memorandum showing cause why the Court should not apportion costs and fees between them."  This instruction, which appeared in Part II of the September 29, 2006 Order, is clearly limited to the August 11, 2006 Motion to Compel.  Kotva spends fewer than three of the eighteen pages of its submission addressing this Motion, spending the bulk of its submission attempting to re-litigate why its August 2, 2006 motion should have been decided differently.

Kotva's attempt to use the opportunity to submit memoranda in response to the Court's orders to show cause is entirely improper.  In allowing a motion to strike arguments that were outside the scope of the Court's briefing orders, this Court wrote:

> The court finds that although the importance of the issues raised by AAHC for the first time in its Supplemental Memorandum was certainly more clear after the April 23, 2003 hearing, there was no reason that AAHC could not have raised these issues [in one of four briefs or at a hearing.]  *See* Local Rule 7.1(b)(3) (requiring leave of court for filing additional papers in support of or in opposition to motions); *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 97 F.3d 1504, 1526 (1st Cir. 1996) ("Not only can parties not claim error based on arguments which the district court never had a chance to timely consider, but <u>courts are also</u>

> entitled to expect represented parties to incorporate all relevant arguments in the papers that directly address a pending motion."); *McCoy v. Massachusetts Inst. of Technology*, 950 F.2d 13, 23 (1st Cir. 1991) ("The plaintiff has an affirmative responsibility to put his best foot forward in an effort to present some legal theory that will support his claim."); *cf. Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 354 (1st Cir. 1992) ("It is well settled in this court, for good reason which need not be rehearsed here, that a legal argument made for the first time in an appellant's reply brief comes too late and need not be addressed.").

*Official Comm. of Unsecured Creditors for the Bankruptcy Estate of Boston Reg'l Med. Ctr. v. Ricks (In re Boston Reg'l Med. Ctr.)*, 328 F. Supp. 2d 130, 142–43 (D. Mass. 2004) (emphasis added). Besides, there is no basis for the Court to reconsider its September 29, 2006 Order.

## II.    THE COURT SHOULD NOT RECONSIDER ITS RULING WITH RESPECT TO KOTVA'S MOTION FOR SANCTIONS AND TO COMPEL, FILED ON AUGUST 2, 2006

### A.    The Weiss Parties' Privilege Log Complied With the Court's Orders

The Court has now had the opportunity to review a number of documents from the Weiss Parties' privilege log. Although the Court has disagreed with a small number of judgment calls counsel for the Weiss Parties made with respect to privilege, the Court generally found the Weiss Parties' invocations of privilege to be appropriate.[1] Moreover, as illustrated in its Opposition, the Weiss Parties' log provides *more information* than Kotva's log. Kotva's efforts to apply a double-standard to the Weiss Parties' log should be rejected.

The Weiss Parties have, throughout this process, attempted to work with Kotva to provide it with detailed information about documents withheld on the grounds of the attorney-

---

[1] This is also the case for entries 1039 and 1100—privileged documents provided to Kotva by the Czech police that Kotva attached to its submission. These documents are, respectively, a communication regarding ongoing litigation and a communication regarding negotiations and pending lawsuits. Both were sent to attorneys, among others. Both are documents prepared as a result of ongoing litigation that discuss the interaction between negotiations and litigation strategy, including information either provided by counsel (e.g., length, expense and potential outcome of lawsuits) or to be delivered to counsel (e.g., thoughts regarding potential settlement of lawsuits).

client privilege and work product doctrine. Kotva now claims that it was ready to discuss individual documents during the Rule 37.1 process, but counsel for Weiss "stopped" counsel for Kotva from doing so. However, even the attachments to Kotva's submission include one of the many requests counsel for the Weiss Parties made to focus on individual entries. *See* Kotva's Response Ex. 3 at 2 ("I again invite you to provide specific references to privilege log entries that you claim are deficient in some way other than that an attorney is not identified by name or a proceeding is not identified by party."). Counsel for Kotva now acknowledges that it had available during the 37.1 process a list of entries for which it had particular concerns, but failed to provide that list to counsel for the Weiss Parties.[2] *See* Kotva's Response at 7 ("Kotva's counsel . . . had the specific list of deficient entries at hand.").

### B.    The Court Should, for the Third Time, Reject Kotva's Crime-Fraud Argument

Kotva's "timeline" (pages 10–12) is nothing more than an effort to argue its case on the merits, based on the assertions of counsel rather than any evidence or testimony. The timeline contains a number of material omissions and inaccuracies. For example:

- In 2005, when it was able to open an account at the Czech Securities Center, CVF Investments Ltd. successfully joined the key lawsuit at issue.

- This lawsuit, which seeks a declaration that Kotva is the owner of the Department Store, is still pending today. Unlike the Gilroy lawsuit, it has not been dismissed by the Czech courts.

---

[2] Although Kotva is correct that entries 17–26 were discussed at a discovery conference, Kotva conflates the two footnotes in the Weiss Parties' Opposition. *See* Kotva's Response at 6 n.7. Entries 17–25 are copies of the same document. Entry 26 is a different document. In footnote four, the Weiss Parties identify entries 17–<u>26</u> as entries for which "Kotva complained that no attorney was specified." In footnote eight, the Weiss Parties identified entries 17–<u>25</u> as entries that could have been redacted had the parties discussed that issue during the 37.1 process. The only context in which counsel for the Weiss Parties recall discussing entries 17–25 (and 26) was as examples of entries for which Kotva wanted to know which attorney was at issue.

- The price Professor Weiss allegedly demanded was lower than the value of CVF Investments' shares if Kotva were liquidated.

- Kotva would have the Court believe that Professor Weiss was negotiating with Kotva—a company that all parties acknowledge could not have purchased Professor Weiss's shares; rather than Forminster—a company that could have purchased the shares. Thus, according to Kotva, Professor Weiss's efforts to sell his shares could never have born fruit. The truth is that Professor Weiss believed he was negotiating with Mr. Harazim, a representative of Forminster. On two prior occasions, Mr. Harazim had made offers to buy the shares at issue.

- Professor Weiss did not make any offer to sell Trend shares until Messrs. Harazim and Benda demanded that litigation relating to the Trend Tunneling be dismissed in connection with Forminster's purchase of CVF Investments' Kotva shares.

In any event, Kotva's argument boils down to the idea that any effort by a minority shareholder to sell its shares while shareholder litigation is pending is a crime. Kotva offers nothing to distinguish this case from any other shareholder dispute, except that the Czech police have, at Kotva's bidding, interjected themselves into this commercial dispute. As this Court has repeatedly held, this is simply not sufficient to justify *in camera* review. Kotva offers no good reason to depart from these holdings.

## III.    THE COURT SHOULD SANCTION KOTVA AND/OR ITS COUNSEL FOR RAISING THE ISSUE OF SUBJECT MATTER WAIVER IN THE MANNER THAT IT DID FOR THE FOUR REASONS THAT THE COURT IDENTIFIED

The Court identified four reasons that it was considering sanctions for the portion of Kotva's motion relating to subject matter waiver:

> Kotva (1) failed to disclose in its motion that it had taken the position in its responses to discovery requests in this litigation that inadvertent disclosure would not constitute subject matter waiver of privileged communications; (2) failed to disclose in its Motion that Exhibits I and J had been attached to the Complaint; (3) failed to cite, much less distinguish, *XYZ Corp.*, which is controlling authority on the question of the scope of an implied waiver of attorney-client privileged documents in its Motion and relegated the case to a footnote in its supplemental submission; (4) failed to comply with Rule 37.1 with respect to the issue of subject matter waiver,

September 29, 2006 Order at 18. The Weiss Parties address these issues in turn:

5

1.    With respect to Kotva's failure to disclose its reservation of rights, Kotva attempts to re-cast its position as merely stating the truism that so long as Kotva took reasonable precautions, any inadvertent production by Kotva would not effect a waiver.  Kotva's reservation of rights is not mere surplusage:  it flatly asserts that *any* privileged document produced was produced inadvertently and there is no waiver.[3]

2.    With respect to Kotva's failure to disclose that Exhibits I and J had been attached to its Complaint, the Weiss Parties refer the Court to Exhibit K to the Weiss Parties' Opposition. The following table illustrates the pages Kotva selected from the Weiss Parties' production to attach to its motion (shaded) and the pages Kotva chose to omit (not shaded).

| WP0013978 | First Page of Kotva's Complaint |
|-----------|----------------------------------|
| WP0013979 | Exhibit D cover page attached to Kotva's Complaint |
| WP0013980 | Exhibit D to Kotva's Complaint, Page 1 |
| WP0013981 | Exhibit D to Kotva's Complaint, Page 2 |
| WP0013982 | Exhibit F cover page attached to Kotva's Complaint |
| WP0013983 | Exhibit F to Kotva's Complaint, Page 1 |
| WP0013984 | Exhibit F to Kotva's Complaint, Page 2 |

The Weiss Parties suggest that this selection of pages is entirely consistent with an "intent[] to conceal the fact that Exhibits I and J to the motion . . . had been attached as Exhibits D and F to the Complaint," an intent that Kotva denies.  Kotva's Response at 3.

3.    With respect to Kotva's failure to cite or distinguish *XYZ Corp.*, there is no question that the case is controlling.  As the Court wrote:

> [T]he issue is whether Weiss's voluntary and intentional disclosure to the State Department effected a waiver of the privilege as it pertains to the subject matter of the disclosed documents, not whether the subsequent disclosure in discovery pursuant to this Court's Order was or was not inadvertent. The fact that I ordered Weiss to produce certain documents that had been disclosed to the State Department is irrelevant to the question before me now.

---

[3] The exact text is: "In the event that Kotva produces any privileged document, its production is inadvertent and does not constitute a waiver of privilege."

September 29, 2006 Order at 16–17 (emphasis added).

Disclosure to the State Department is indisputably extrajudicial. Moreover, as Exhibit K to the Weiss Parties' Opposition makes clear, the Weiss Parties were not asking the State Department to examine or rely on the contents of the documents, but rather to note that the Czech government had provided Weiss's attorney-client privileged material to Kotva. Thus, there is no reason that Kotva should not have addressed *XYZ Corp.*[4]

4.    Kotva admits that it did not raise this issue in the 37.1 process, and seeks to rely on the following language from the May 26, 2006 Order:

> To the extent that the parties dispute specific claims of privilege notwithstanding this general directive, a motion describing the specific document or documents and the claim of privilege or waiver may be filed.

May 26, 2006 Order at 7 (emphasis added).

This language comes from a section of the Order, labeled: "5. Scope of the Privilege: Weiss-Hoffmann Communications." It is preceded by a "general directive" outlining the difference between communications made for business reasons and communications made for the purpose of obtaining legal advice. This language is clearly focused on disputes relating to particular entries on the Weiss Parties' log and is not a blanket invitation to ignore Local Rule 37.1 with respect to any issue relating to privilege.

## IV.    KOTVA FAILED TO RESPOND TO THE COURT'S ORDER REGARDING DOCUMENTS MISSING FROM ITS PRIVILEGE LOG

On September 29, 2006 Order provides that "Kotva is further ordered to explain why the attachments to the emails submitted as Exhibits F and G to Weiss's Memorandum in Opposition

---

[4] Kotva's suggestion that Balsys somehow "controll[ed]" Weiss's Motion for a Protective Order is belied by the Court's decision on that motion. In any event, Weiss specifically disavowed any argument that his motion for a protective order was based on constitutional grounds and instead appealed to the Court's discretion. *See* Mem. in Support of Mot. for Protective Order at 7. The two cases, and how they relate to the two motions, are not comparable.

were neither logged nor produced." September 29, 2006 Order at 13. Kotva failed to provide an explanation to the Court and instead pretends that there were no attachments to the emails at issue. Counsel for the Weiss Parties followed up with a letter, writing:

> In your October 13, 2006 submission to the Discovery Master, you claim that there was no attachment to the September 10, 2004 e-mail from Jan Nekola to Richard Harazim or the August 17, 2004 e-mail from Mr. Nekola to Mr. Harazim. Kotva's production clearly establishes that there were attachments to these two e-mails that were neither logged nor produced. Mr. Harazim forwarded these e-mails to Bryan Wilson. Mr. Wilson responded by either thanking Mr. Harazim for forwarding the e-mail or commenting on the substance of the attachment. Regardless of whether Mr. Wilson chose to include the attachment in his response to Mr. Harazim, the original e-mails from Mr. Nekola to Mr. Harazim and from Mr. Harazim to Mr. Wilson with the documents attached should have been produced pursuant the Court's January 2006 Order instructing Kotva to produce documents forthwith.

Exhibit A. Counsel for Kotva did not respond.

The Court should enforce its Order and make Kotva explain why these attachments were neither produced nor logged.

## V.     THE COURT SHOULD ORDER RICHARD HARAZIM TO PAY THE WEISS PARTIES' FEES AND COSTS ASSOCIATED WITH THE FILING OF THEIR MOTION TO COMPEL

Mr. Harazim argues that "Weiss took the **same position**" as Mr. Harazim with respect to extra sets of document requests in this case. Harazim's Response at 1 (emphasis in original). Nothing could be further from the truth. Professor Weiss served responses to document requests on time. Notwithstanding his objection based on Kotva's exceeding the Local Rule's limits on discovery, Professor Weiss addressed each of Kotva's forty-three document requests individually. *See* Exhibit B. Subsequently, Professor Weiss withdrew this objection and produced responsive documents. Thus, Professor Weiss's responses to discovery stand in stark contrast to Richard Harazim's.

Mr. Harazim's suggestion that he should not be sanctioned because counsel for the Weiss Parties did not extend Mr. Harazim the "courtesy" of granting Mr. Harazim a second, retroactive extension rings false.  As the Court wrote:

> In sum, forty-six days after receiving the document request, Harazim responded that Local Rule 26.1(C) bars the document request because Weiss has already served two sets of requests and did not seek leave to serve a third set.

September 29, 2006 Order at 27.

Mr. Harazim's lengthy delay in providing a response that consisted of a caption, signature block and half page of text clearly evidences, if not a "nonchalance and cavalier attitude that cannot be excused," then certainly a calculated effort to delay and obstruct the Weiss Parties' ability to take discovery and, if necessary, seek relief from the Court.  Moreover, the fact that Mr. Harazim was out of the office around the time that his discovery responses were due had no impact on the ability of counsel to respond to document requests or serve objections to interrogatories.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T INC. and CVF INVESTMENTS LTD.

By their attorneys,


/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: November 7, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 7, 2006.

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

BST99 1521917-1.072198.0012

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington D C

Benjamin A Goldberger
bgoldberger@mwe com
617 535 4483

October 20, 2006

BY ELECTRONIC MAIL AND FIRST CLASS MAIL

Joel G. Beckman
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, MA  02116

Re:    <u>Kotva a.s. v. Andrew Weiss et al.</u>, C.A. No. 05-10679-RCL

Dear Joel:

In your October 13, 2006 submission to the Discovery Master, you claim that there was no attachment to the September 10, 2004 e-mail from Jan Nekola to Richard Harazim or the August 17, 2004 e-mail from Mr. Nekola to Mr. Harazim. Kotva's production clearly establishes that there were attachments to these two e-mails that were neither logged nor produced. Mr. Harazim forwarded these e-mails to Bryan Wilson. Mr. Wilson responded by either thanking Mr. Harazim for forwarding the e-mail or commenting on the substance of the attachment. Regardless of whether Mr. Wilson chose to include the attachment in his response to Mr. Harazim, the original e-mails from Mr. Nekola to Mr. Harazim and from Mr. Harazim to Mr. Wilson with the documents attached should have been produced pursuant the Court's January 2006 Order instructing Kotva to produce documents forthwith.

Please produce these e-mails with attachments, immediately.

Moreover, your representation to the Discovery Master that "Weiss knows that there were no attachments to the e-mails attached as Exhibits F and G," is contradicted by the very documents that Kotva produced. I request that you correct your submission at once.

Truly,

Benjamin A. Goldberger
BAG/kgj
cc:    Edward P. Leibensperger
BST99 1514592-2 072198 0012

U S practice conducted through McDermott Will & Emery LLP

28 State Street  Boston, Massachusetts  02109-1775  Telephone: 617.535 4000  Facsimile: 617.535 3800  www.mwe com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANDREW WEISS and WEISS ASSET | ) |
| MANAGEMENT, LLC, | )    C.A. No. 05-10679-RCL |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| ANDREW WEISS, WEISS ASSET | ) |
| MANAGEMENT LLC, K T, INC. and CVF | ) |
| INVESTMENTS, LTD., | ) |
| | ) |
| Counterclaim-plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| KOTVA a.s., MARTIN BENDA, RICHARD | ) |
| HARAZIM, FORMINSTER ENTERPRISES, | ) |
| LTD., SPV CO and JOHN DOES 1–5, | ) |
| | ) |
| Counterclaim-defendants. | ) |
| | ) |

**OBJECTIONS AND RESPONSES OF
ANDREW WEISS AND WEISS ASSET MANAGEMENT LLC TO
SET OF DOCUMENT REQUESTS SERVED ON JUNE 22, 2004**

**GENERAL OBJECTIONS**

1.    The Defendants object to Kotva's failure to describe each item or category of

documents requested with "reasonable particularity." FED. R. CIV. P. 34(b).

2.    The Defendants object to Kotva's failure to "specify a reasonable time, place, and

manner of making the inspection and performing the related acts." FED. R. CIV. P. 34(b).

3.      The Defendants object to Kotva's characterization of these forty-three requests as Kotva's "Second Request for Production of Documents." Kotva has already served multiple sets of requests for production of documents to the defendants, and this additional set of document requests is improper under Local Rule 26.1(c).

4.      The Defendants object to the Definitions and Requests to the extent that they assume facts that may be in dispute and do not, by responding to any request, admit that the assumed facts are true.

5.      The Defendants object to these requests and the incorporated instructions and definitions to the extent they seek the disclosure of documents or other information not required under the Federal Rules of Civil Procedure and the Local Rules.

6.      The Defendants object to these requests to the extent they seek documents not in Defendants' possession, custody or control.

7.      The Defendants object to each Request where, and to the extent that, such Request calls for information that is protected by the attorney-client privilege, the work product doctrine, or any other privilege provided by law.

8.      Defendants object to each Request to the extent that it encompasses work product that was created after the filing of this case or any related Czech civil or criminal case.

9.      Defendants object to each Request to the extent that it calls for the inspection of documents in their custody in which third parties may have an interest.

10.     Defendants object to each Request to the extent that it calls for the production of documents created after April 17, 2006 to the extent that it purports to place the burden on the Weiss Parties to conduct multiple additional document pulls.

11.    For any inspection and production that occurs in this case, the Defendants specifically reserve the right to assert and maintain privilege objections as to any privileged documents that may be inadvertently produced in response to these Requests. The Defendants expect that Kotva's counsel will return any inadvertently produced document containing attorney-client privileged, work product or any other privileged and/or protected communication or information.

12.    Any response by the Defendants inconsistent with its objections shall not be deemed a waiver of such objections.

13.    No response or objection set forth herein may be deemed an admission that the information that Kotva a.s. requests: (a) is relevant to the subject matter of this lawsuit or is reasonably calculated to lead to the discovery of admissible evidence; and/or (b) is admissible in evidence in this case.

14.    Subject to and without waiving any of their objections, Defendants reserve the right to supplement these responses, as needed, should they later obtain or locate additional, responsive documents.

## RESPONSES TO SPECIFIC REQUESTS

1.    All documents concerning business negotiations between Weiss and Hoffmann from January 2000 to the present date.

### RESPONSE:

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that seeks documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections

and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

2.    All documents concerning Weiss' purpose, motive and intent in filing the Gilroy and/or KT lawsuits in the Czech Republic.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, and overly broad. The Defendants further object to this Request to the extent that it assumes facts that are in dispute and to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

3.    All documents concerning business discussions between Weiss and anyone else about whether to bring litigation in order to recover the value of the Kotva or Trend shares.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, and overly broad. The Defendants further object to this Request to the extent that it assumes facts that are in dispute and to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

4

4.    All documents concerning communications with Madeline Albright and/or The Albright Group, including, without limitation, any bills from either of them for services rendered.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents that the parties have agreed are not discoverable at this stage of the litigation. The Defendants further object to this Request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

5.    All documents concerning any contracts, engagement letters, or fee agreements with Ondrej Peterka, and/or any other Czech counsel, involving the Czech Lawsuits, Kotva, and/or the Czech criminal charges against Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents that the parties have agreed are not discoverable at this stage of the litigation. The Defendants further object to this Request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine.

6.    All communications concerning the Czech criminal charges against Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine. The Defendants further object to this request to the extent that it seeks documents ordered sealed by this Court. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

7.      All documents concerning Weiss' challenge to the subpoena to testify at the U.S. Attorneys' Office served under the Mutual Legal Assistance Treaty, as referenced on page 5 of the Memorandum in Support of Andrew Weiss' Motion for a Protective Order, including any documents or filings submitted to the United States District Court for the District of Massachusetts.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents that the parties have agreed are not discoverable at this stage of the litigation. The Defendants further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. The Defendants further object to this request to the extent that it seeks documents ordered sealed by this Court. Subject to these Objections and the General Objections above, Defendants will produce non-sealed, non-privileged responsive documents to the extent that they have not produced such documents already.

8.      All documents concerning the service of the Czech criminal charges upon Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine. The Defendants further object to this Request to the extent it assumes that criminal charges have been served on Weiss. The Defendants further object to this request to the extent that it seeks documents ordered sealed by this Court. Subject to these Objections and the General Objections above, Defendants will produce non-sealed, non-privileged responsive documents to the extent that they have not produced such documents already.

9.      All communications concerning the Czech criminal charges against Weiss

**RESPONSE:**

The Defendants object to this Request as duplicative of Request No. 6. The Defendants further object to this Request on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine. The Defendants further object to this request to the extent that it seeks documents ordered sealed by this Court. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

10.     All documents from the Czech criminal file.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome in view of Kotva's access to the Czech criminal file. The Defendants further object to this Request on the grounds that it seeks to discover the work product of Weiss's Czech criminal counsel and communications protected by the attorney-client privilege and work product doctrine.

11.    All documents concerning communications with Hoffmann and Edita Simkova involving the Czech criminal charges.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, seeks to discover the work product of Weiss's Czech criminal counsel and documents protected by the attorney-client privilege and work product doctrine, including, if applicable, the joint-defense privilege. The Defendants further object to this Request to the extent it assumes that any such communications took place. In further responding, Defendants state that they have no non-privileged responsive documents.

12.    All documents concerning any filing of a petition or complaint under the Bilateral Investment Treaty.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, seeks to discover the work product of Weiss's Czech and American counsel and documents protected by the attorney-client privilege and work product doctrine. The Defendants further object to this Request to the extent it assumes that any such petition has been filed. Subject to these Objections and the General Objections above, the

8

Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

13.    All documents concerning any effort by Weiss (or anyone acting on his behalf, including, without limitation, lawyers, politicians, consultants or investors) to have the Czech criminal charges against him dismissed.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that it seeks documents that Kotva can obtain from the Czech criminal file. The Defendants further object to the extent that this Request seeks to discover the work product of Weiss's Czech and American counsel and those working on their behalf and documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

14.    All documents concerning communications with the Bank of Bermuda, HSBC, and/or CSOB concerning Kotva and/or Kotva's shares held by TBG, CVF, CVF Ltd, BGO, KT and/or Gilroy, including, without limitation, all custodian agreements, emails, letters and/or invoices for custody or other services.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce non-

privileged responsive documents to the extent that the Defendants have not produced such documents already and to the extent that Defendants have such documents in their possession, custody or control.

15.    All documents concerning communications with Ladislav Pavek, SIAS s.r.o., or any other private investigator concerning Kotva, Richard Harazim, Martin Benda, the Czech Lawsuits, Forminster, Trend, and/or the Czech criminal charges against Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to the extent that this Request seeks to discover the work product of Weiss's Czech and American counsel and those working on their behalf and documents protected by the attorney-client privilege and work product doctrine.

16.    All documents identifying the legal or beneficial owners of BIP and BGO that hold interests in the segregated assets.

**RESPONSE:**

The Defendants object to this Request as they have already produced documents identifying the legal and beneficial owners of the segregated assets and on the grounds that it is vague, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that it seeks confidential business information. The Defendants further object to this Request to the extent that it seeks documents outside the possession, custody or control of the Defendants.

17.    All documents concerning Golden's appointment to and service on the Board of Kotva.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that they have any such documents in their possession, custody or control.

18.    All communications with BGO investors and/or BIP investors concerning the ring fencing of Kotva's shares at 373 CZK per share, and BGO's (or their custodians or brokers) subsequent purchase of Kotva's shares at a price in excess of 1400 CZK per share,

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request on the grounds that it assumes facts that are in dispute. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

19.    All documents concerning TBG's and/or BGO's purchase of Kotva's shares in 2000, including any communications involving confidential insider information utilized in the purchase of such shares.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request on the grounds that it assumes facts that may be in dispute. The Defendants further object to the reference to "confidential insider information" as they are not aware of any basis to suggest that CVF or any entity or person associated with it used such information in purchasing Kotva shares. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

20.    All documents concerning the factual allegations in the Answer and Counterclaim.

**RESPONSE:**

Defendants object to this Request as it is vague, overbroad and unduly burdensome. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

21.    All documents concerning BGO's and efforts to sell its Kotva and/or Trend.

**RESPONSE:**

The Defendants object to this Request as unintelligible. The Defendants reserve all other Objections pending clarification of this Request.

22.    All documents supporting Weiss' representation in his August 23, 2004 letter (attached hereto) that "we do not exert control over Gilroy (and Ballfindor) or petitions submitted by them."

**RESPONSE:**

The Defendants object to this Request as vague and to the extent it takes a portion of a communication out of context. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

23.    All documents supporting Weiss' representation in his email to Richard Harazim dated January 6, 2006 (attached hereto) that "KT is not controlled by Weiss Asset Management."

**RESPONSE:**

The Defendants object to this Request as vague and to the extent it takes a portion of a communication out of context. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

24.    All documents concerning communications with BGO investors and BIP investors concerning Kotva, this Action, the Czech criminal charges against Weiss and/or the Czech Lawsuits, since the filing of this Action to the present date.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome. The Defendants further object to this Request to the extent that it seeks documents protected by the

attorney-client privilege and work product doctrine. Subject to these Objections and the General

Objections above, Defendants will produce non-privileged responsive documents to the extent

that they have not produced such documents already.

     25.    All documents concerning communications with BGO investors and/or BIP

investors concerning the dismissal of Weiss' claims in this Action.

**RESPONSE:**

    The Defendants object to this Request on the grounds that it is not reasonably calculated

to lead to the discovery of admissible evidence. The Defendants further object to this Request to

the extent that it seeks documents protected by the attorney-client privilege and work product

doctrine. Subject to these Objections and the General Objections above, Defendants will

produce non-privileged responsive documents to the extent that they have such documents in

their possession, custody or control.

     26.    All documents concerning communications with BGO investors and/or BIP

investors concerning any changes to the Investment Management Agreement of BGO and of BIP

after the filing of this Action, and all documents concerning the reasons for such changes.

**RESPONSE:**

    The Defendants object to this Request on the grounds that it is unduly burdensome,

overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The

Defendants further object to this Request to the extent that it seeks documents protected by the

attorney-client privilege and work product doctrine.

     27.    All documents concerning communications with BGO investors and/or BIP

investors concerning their liability to pay legal fees incurred in this Action and/or pay any

judgments entered in this Action against Weiss or WAM.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to the extent that this Request assumes that BGO investors and/or BIP investors have any liability to pay legal fees or judgments or that any such communications took place. The Defendants further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.

28.    All documents concerning communications with BGO investors and/or BIP investors concerning the transfer of the segregated assets (including Kotva shares) from BGO to entities owned or controlled by Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to the extent that this Request assumes that any such communications took place. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have any such documents in their possession, custody or control.

29.    All documents concerning communications with BIP investors and/or BGO investors concerning loans to CVF Ltd.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General

Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

30.    All documents concerning communications supporting Weiss' allegations that Richard Harazim, Martin Benda, and/or Kotva agents are members of Russian organized crime as Weiss has reported to the press.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague and to the extent that it seeks documents protected by the attorney client privilege and work product doctrine and to the extent that it assumes facts that are in dispute. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that Defendants have any such documents in their possession, custody or control.

31.    All documents concerning communications with the Federal Bureau of Investigation.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad and seeks documents protected by the attorney client privilege and work product doctrine. In further responding, the Defendants state that they have no non-privileged responsive documents.

32.    All documents concerning any criminal complaints filed against Richard Harazim, Martin Benda or any other representatives of Kotva.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, assumes facts that are in dispute and seeks documents protected by the attorney client privilege and work product

doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have any such documents in their possession, custody or control.

33.    All documents concerning communications with Markland, Markland's bank and/or Markland's attorneys.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that it seeks documents protected by the attorney client privilege and work product doctrine. The Defendants further object to this Request to the extent it seeks documents concerning communications made after the initiation of this lawsuit as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

34.    All documents concerning the proposed sale of CVF's Kotva shares in 2000 though Erste Bank, Ceska Sporitlena, and Zivnostenska Bank.

**RESPONSE:**

The Defendants object to this Request to the extent that it assumes facts that may be in dispute. Subject to this Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents

already and to the extent Defendants have such documents in their possession, custody or control.

35.    All documents concerning the use of the segregated assets to purchase shares in KT, including, without limitation, any disclosures or notifications to BGO investors or to BIP investors.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to the extent that this Request assumes that any such communications took place. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

36.    All documents concerning the use of segregated assets to fund the Czech Lawsuits, and/or this Action, including, without limitation, any disclosures or notifications to BOO investors or BIP investors.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine and seeks documents that the parties agreed would not be subject to discovery at this stage in the proceedings. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

37.    All documents supporting Weiss' contention in his motion for a protective order

seeking to postpone his deposition that "[T]he collusion between K-T-V and the Czech police

creates an unfair situation in which the investigative power of the Czech police is enlarged

through K-T-V's use of this Court's discovery rules and leverage is increased through the

criminal investigation... This is exactly the sort of unfair advantage K-T-V seeks to secure

through the influence over Czech law enforcement."

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague. Subject to this

Objection and the General Objections above, Defendants will produce non-privileged responsive

documents to the extent that they have not produced such documents already.

38.    All documents supporting Weiss' contention in paragraph 76 of his counterclaim

that "[b]y selling the Department Store and keeping the proceeds for themselves, counterclaim

defendants Benda, Harazim, Forminster, SPV CO and John Does 1-5 have unjustly enriched

themselves at the expense of counterclaim plaintiffs KT, Inc. and CVF Investments Ltd."

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague and

mischaracterizes the Counterclaim. Subject to this Objection and the General Objections above,

Defendants will produce non-privileged responsive documents to the extent that they have not

produced such documents already.

39.    All documents concerning donations made by Weiss or Bonnie Weiss to Senator

John Kerry, Senator Joseph Biden, Senator Edward Kennedy and/or Congressman Barney Frank.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague and not reasonably calculated to lead to the discovery of admissible evidence.

40.    All documents concerning communications with Danielle Weiss involving the press, Kotva, this Action, the Czech criminal charges against Weiss and/or the Czech Lawsuits.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this Objection and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

41.    All documents concerning the prospective deal with "an international investment banking firm to sell all of the Kotva shares" as referenced in the September 30, 2000 report to BGO investors.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this Objection and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

42.    All documents concerning the 2003 uncontested mandatory cash offer by Red Apple Investments, LLC of shares in Investec European Growth & Income Trust Ltd.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent it seeks confidential business information.

43.    All communications and agreements with Starlight Investments Limited concerning the company Investec European Growth & Income Trust Ltd. "IEO" including, without limitation, communications and agreements concerning IEO shares, the voting rights to IEO shares and the proceeds from the winding up of IEO.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent it seeks confidential business information.

Respectfully Submitted,

ANDREW WEISS and WEISS ASSET
MANAGEMENT LLC

By their attorneys,

Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654257)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: July 24, 2006

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the 24th day of July, 2006, a true and correct copy of the foregoing document was served by ~~first class mail and electronic mail~~ on counsel for each other party.

Benjamin A. Goldberger

BST99 1510365-2 072198 0012