UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | C.A. No. 05-10679-RCL |
| | ) | |
| ANDREW WEISS, WEISS ASSET | ) | |
| MANAGEMENT LLC, K T, INC. and CVF | ) | |
| INVESTMENTS, LTD., | ) | |
| | ) | |
| Counterclaim-plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KOTVA a.s., MARTIN BENDA, RICHARD | ) | |
| HARAZIM, FORMINSTER ENTERPRISES, | ) | |
| LTD., SPV CO and JOHN DOES 1–5, | ) | |
| | ) | |
| Counterclaim-defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF THE WEISS PARTIES' MOTION FOR SANCTIONS AND TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES BY RICHARD HARAZIM

Despite the Court's September 29, 2006 Order requiring him to produce documents and answer interrogatories "forthwith," Richard Harazim has continued to resist his discovery obligations. More specifically, he failed to provide complete, non-evasive answers to interrogatories and produced only four pages of documents. As the Court has already ruled that Harazim has waived all objections to the Weiss Parties' document requests and interrogatories, the Court should sanction Harazim for failing to comply with the September 29, 2006 Order and

once again order Harazim to provide complete responses to the Weiss Parties' discovery requests.

## I.    PROCEDURAL HISTORY AND RULE 37.1 CONFERENCES

Richard Harazim caused Kotva to bring this action against Andrew Weiss and Weiss Asset Management LLC ("WAM") in an effort to improperly exert pressure over Professor Weiss in a business dispute.  By bringing this case in Boston and making baseless allegations of securities fraud and RICO violations, Mr. Harazim hoped to cut Professor Weiss "closer to the bone."  Exhibit A.  Professor Weiss and Weiss Asset Management brought counterclaims against Kotva, Harazim and others.  Harazim unsuccessfully resisted this Court's jurisdiction with respect to Weiss's and WAM's counterclaim for abuse of process.

The Weiss Parties served document requests and interrogatories on Mr. Harazim. Although the Weiss Parties agreed to a limited extension of time to respond to their discovery requests, Mr. Harazim did not file timely responses or objections.  The Weiss Parties filed a motion to compel, and the Court granted the Weiss Parties' motion, writing:

> Harazim's failure to respond within the time allowed by the Rules, and without seeking either a stipulation extending the time or an order from the court extending the time evidences a nonchalance and cavalier attitude that cannot be excused. Accordingly, objections are deemed waived, pursuant to Local Rules 34.1(c)(1) and 33.1(c)(1). *See Tropix, Inc. v. Lyon & Lyon*, 169 F.R.D. 3 (D. Mass. 1996).

September 29, 2006 Order at 28.[1]

The Court further ordered Mr. Harazim to produce documents "forthwith, and in no event later than October 10, 2006."  *Id.* at 28–29.  With respect to interrogatories, the Court wrote that "the objections to the interrogatories are deemed to be waived. Hence, Harazim is ordered to

---

[1] As Mr. Harazim did not object to the September 29, 2006 Order, that Order "constitute[s] an order of the court."  December 13, 2005 Order ¶ 5.

answer interrogatories nos. 1 and 2 forthwith, and in no event later than October 10, 2006." *Id.* at 30.

After receiving Harazim's supplemental responses to their document requests and interrogatories, the Weiss Parties requested a discovery conference. The conference was held by telephone from 3:00 p.m. to 3:40 p.m. on October 24, 2006 and, after the parties had an opportunity to gather additional information and consider the arguments presented on October 24, again on October 27, 2006 from 3:07 p.m. to 3:24 p.m.[2] Mr. Harazim was represented by Joel Beckman and Dana Zakarian. The Weiss Parties were represented by Edward Leibensperger and Benjamin Goldberger.

With respect to Mr. Harazim's interrogatory responses, counsel for the Weiss Parties pointed out several areas in which Mr. Harazim could have provided more complete answers. Counsel for Mr. Harazim repeatedly responded that Mr. Harazim had done the "best he possibly can" to answer the interrogatories and refused to provide any additional supplement.

With respect to document requests 9, 12 and 15, counsel for Mr. Harazim agreed to produce two employment agreements of Mr. Harazim's that Mr. Harazim had not produced by the October 10, 2006 deadline.[3] Counsel for Mr. Harazim further stated that Mr. Harazim had no records of ever being paid by Forminster (for which he served as a director) or Kotva (for which he served as CEO) and that any request for documents about payments of money to Harazim by

---

[2] The telephone calls continued past 3:40 p.m. and 3:24 p.m. respectively. However, these were the times at which the parties stopped discussing issues relating to Mr. Harazim's discovery responses and began discussing other issues.

[3] Request 9 calls for: "All documents concerning agreements between or among any two or more of the following: (a) Kotva a.s.; (b) Forminster Enterprises Ltd.; (c) Martin Benda; and (d) Richard Harazim."

Kotva should be directed to Kotva rather than to Mr. Harazim.[4]

With respect to document requests 1 and 4, which call for "[a]ll documents concerning this lawsuit or the decision to initiate this lawsuit" and certain communications between Mr. Harazim and Nystrom Beckman & Paris, the parties appear to have narrowed their dispute to two legal issues. The Weiss Parties contend that Mr. Harazim has waived any objection based on the attorney-client privilege or the work product doctrine and that, under the terms of the September 29, 2006 Order, Mr. Harazim must produce all documents concerning this lawsuit, including those in the possession of his lawyers. Counsel for Mr. Harazim raised two arguments in response. First, they argued that the Court's ruling that "objections are deemed waived" contains an implicit carve-out for objections based on the attorney-client privilege or work product doctrine. Second, they argued that Mr. Harazim is only one of several clients represented by Nystrom Beckman & Paris. Other clients include Kotva a.s. and Martin Benda. According to counsel for Mr. Harazim, there are no documents among the universe of documents at Nystrom Beckman & Paris that are segregable as relating to the representation of Mr. Harazim alone, as opposed to a joint representation of Mr. Harazim and another client or clients. Accordingly, it is Mr. Harazim's position that since the other clients have not waived the privilege, Mr. Harazim cannot be forced to disclose information relating to the joint representation even if he has waived the privilege. Counsel for Mr. Harazim refused to produce any documents beyond the *four pages* Mr. Harazim produced and the employment agreements referenced above.

With respect to document request number 8, which calls for documents concerning certain phone calls placed by Mr. Harazim, counsel for Mr. Harazim refused to supplement their

---

[4] Request 12 calls for: "All documents concerning financial transactions between or among any two or more of the following: (a) Kotva a.s. or one or more of its subsidiaries; (b) Forminster Enterprises Ltd.; (c) Martin Benda; and (d) Richard Harazim."

production.  After counsel for Mr. Harazim explained that Mr. Harazim's phone bills were not itemized, counsel for all parties focused on Nystrom Beckman & Paris's phone records, which apparently are itemized.  The Weiss Parties contend that these records are discoverable because they relate to Mr. Harazim's defense of lack of personal jurisdiction and because they could serve as prompts for questions concerning what Mr. Harazim said during particular phone calls. In response, counsel for Mr. Harazim stated that Mr. Harazim would waive the right to appeal the Court's decision that it has personal jurisdiction over him with respect to the Weiss Parties' abuse of process claim.  Counsel for Mr. Harazim further stated that since Mr. Harazim's position is that there has been no waiver of the attorney-client privilege, in Mr. Harazim's view the request is not reasonably calculated to lead to the discovery of admissible evidence.

## II.    MR. HARAZIM'S RESPONSES TO INTERROGATORIES 1 AND 2 ARE INADEQUATE

### A.    The Discovery Requests

The Weiss Parties are moving for sanctions and to compel with respect to the following two interrogatory responses:[5]

### Interrogatory No. 1

Please identify each communication between Richard Harazim and another person concerning this lawsuit or the decision to initiate this lawsuit.

_____

[5] Identify was defined as follows:

"Identify" shall have the meanings ascribed to it in Local Rule 26.5(c)(3)–(4) and . . . when referring to a communication, to state the date the communication was made, the identity and location of the person who initiated the communication, the identities and locations of the person or persons who received the communication, and the medium (e.g., voice, electronic mail, letter, facsimile) by which the communication was made.

Exhibit B at 2.

**Answer No. 1**

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unlimited in time, unreasonable, unduly burdensome, and calls for information protected by the attorney client privilege and work product doctrine. Mr. Harazim further states that the information sought in Interrogatory No. 1 is more appropriately obtained at deposition. Indeed, Mr. Harazim has already testified at deposition as a corporate designee (pursuant to Rule 30(b)(6)) and is scheduled to testify at deposition in his personal capacity.

**Supplemental Answer No. 1**

Subject to his General Objections, Mr. Harazim states that he cannot recall each and every communication that he has had with any person concerning this lawsuit or the decision to initiate the lawsuit, which was filed two years ago. Mr. Harazim, however, has discussed both this lawsuit and the decision to initiate this lawsuit with members of Kotva's Board of Directors, Supervisory Board as well as other Kotva officers. The members of the Board of Directors with whom Mr. Harazim had such discussions are:

| Name | Address | Last Known Place of Employment |
|------|---------|-------------------------------|
| Marek Kolíbal | c/o KTV invest, a.s. Náměsti Republiky 8, Praha 1 Prague, Czech Republic | Unknown (Entrepreneur/self-employed) |
| Jiří Kvapil | c/o KTV invest, a.s. Náměsti Republiky 8, Praha 1 Prague, Czech Republic | Unknown (Entrepreneur/self-employed) |
| JUDr. Miloslav Sobola | c/o KTV invest, a.s. Náměsti Republiky 8, Praha 1 Prague, Czech Republic | Unknown (Attorney/self employed) |

The members of Kotva's Supervisory Board and certain of Kotva's officers with whom Mr. Harazim had such discussions are:

| Name | Address | Last Known Employment |
|------|---------|----------------------|
| Martin Benda Chairman of KTV Invest Supervisory Board | c/o KTV invest, a.s. Náměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |
| Mgr. Lucie Simáčková Supervisory Board | c/o KTV invest, a.s. Náměsti Republiky 8, Praha 1 Prague, Czech Republic | Unknown (Attorney/self employed) |
| Pavel Richter | c/o KTV invest, a.s. Náměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |
| Jaromír David | c/o KTV invest, a.s. Náměsti Republiky 8, Praha 1 Prague, | KTV invest, a.s. |

| | Czech Republic | |
|---|---|---|
| Michal Vlach | c/o KTV invest, a.s. Náměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |
| Jiří Brada | Ben&Co Náměsti Republiky 8, Praha 1 Prague, Czech Republic | Ben&Co |
| Bedřich Moulík | c/o KTV invest, a.s. Náměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |

As he testified at the corporate designee deposition, Mr. Harazim generally works closely with the Kotva's boards and officers, and he believes that he had several discussions with them concerning this lawsuit and the decision to initiate it in his capacity as Kotva's agent or representative. See Harazim Dep. Tr. V2 at 372, 374-75. Mr. Harazim, however, cannot recall the specifics of each and every such discussion. Generally, and without waiving Kotva's attorney-client and work product privileges, Mr. Harazim discussed the status of the lawsuit including the parties, pending motions, outstanding discovery, and upcoming events. The January 19, 2005 board meeting minutes (Exhibit 38 to the Corporate Designee deposition) have been produced and are herein referenced pursuant to Fed. R. Civ. P. 33(d).

Mr. Harazim also discussed this lawsuit with Nick Carey and Jennifer Levitz of the Wall Street Journal, Olga Bohmova of Halo Noviny, and Frantisek Bouc of the Prague Post. Communications with those entities have been and will be produced, and are herein referenced pursuant to Fed. R. Civ. P. 33(d).

**Interrogatory No. 2**

Please identify each communication between Richard Harazim and another person concerning criminal charges against Andrew Weiss.

**Answer No. 2**

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unlimited in time, unreasonable, and unduly burdensome. Mr. Harazim further states that the information sought in Interrogatory No. 2 is more appropriately obtained at deposition. Indeed, Mr. Harazim already has testified at deposition as a corporate designee (pursuant to Rule 30(b)(6)) and is scheduled to testify at deposition in his personal capacity.

**Supplemental Answer No. 2**

Subject to his General Objections, Mr. Harazim states that he cannot recall each and every communication that he has had with any person concerning the criminal charges against Andrew Weiss. Mr. Harazim, however, has discussed

the criminal charges against Andrew Weiss with members of Kotva's Board of Directors, Supervisory Board as well as other Kotva officers. The members of the Board of Directors with whom he has had such discussions are:

| Name | Address | Last Known Place of Employment |
|------|---------|-------------------------------|
| Marek Kolíbal | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | Unknown (Entrepreneur/self-employed) |
| Jiří Kvapil | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | Unknown (Entrepreneur/self-employed) |
| JUDr. Miloslav Sobola | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | Unknown (Attorney/self employed) |

The members of Kotva's Supervisory Board and certain of Kotva's officers with whom Mr. Harazim had such discussions are:

| Name | Address | Last Known Place of Employment |
|------|---------|-------------------------------|
| Martin Benda Chairman of KTV Invest Supervisory Board | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |
| Mgr. Lucie Šimáčková Supervisory Board | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | Unknown (Attorney/self employed) |
| Pavel Richter | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |
| Jaromír David | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |
| Michal Vlach | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |
| Jiří Brada | Ben&Co Naměsti Republiky 8, Praha 1 Prague, Czech Republic | Ben&Co |
| Bedřich Moulík | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |

Mr. Harazim recalls that the criminal complaint against Andrew Weiss was discussed at Kotva's Board of Directors meeting on August 18, 2004. Indeed, Mr. Harazim testified at the corporate designee deposition concerning

those discussions.  See Harazim Dep. Tr. V 2 at 294-295.  Additionally, the minutes of that meeting have been produced and were marked as Exhibit 31 at the corporate designee deposition.  The meeting minutes have been produced and are herein referenced pursuant to Fed. R. Civ. P. 33(d).

Mr. Harazim also discussed the criminal charges against Andrew Weiss with Henry Prestage of Markland.  Mr. Harazim does not recall the specifics of those discussions other than that he told Mr. Prestage that Kotva had filed a criminal complaint.  Mr. Harazim testified about these discussions at the corporate designee deposition.  See Harazim Dep. Tr. V2 at 313-315.

Mr. Harazim also discussed this lawsuit with Nick Carey and Jennifer Levitz of the Wall Street Journal, Olga Bohmova of Halo Noviny, and Villu Arak and Frantisek Bouc of the Prague Post.  Communications with those entities have been and will be produced, and are herein referenced pursuant to Fed. R. Civ. P. 33(d).

Finally, Mr. Harazim may have given a statement to the Czech Police concerning the criminal charges, but is not sure if he did so.  See also Harazim Dep. Tr. V2 at 298, 300.

Exhibit C at 3–7.

These interrogatories seek relevant, admissible evidence.  Harazim's communications with others concerning this lawsuit and the Czech criminal investigation are admissions of a party opponent that the Weiss Parties may introduce at trial.

### B.    Argument

"When a court has granted a motion to compel and has ordered a party to provide answers to interrogatories, Rule 37 permits the court to impose sanctions upon the party's failure to comply with the order.  The court may impose such sanctions 'as are just.'"  7 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 33.141, at 33-85 (3d ed. 2006) (quoting FED R. CIV. P. 37(b)); see United States v. One 1987 BMW 325, 985 F.2d 655, 660 (1st Cir. 1993) (describing two stage procedure established by Rule 37).

An evasive or incomplete answer to an interrogatory is no answer at all.  See Truck Treads, Inc. v. Armstrong Rubber Co., 818 F.2d 427 (5th Cir. 1987) (affirming dismissal of

claim with prejudice when plaintiff's interrogatory answers "remained incomplete, evasive and unintelligible" on third attempt to supplement).

In this case, counsel's protestations that Mr. Harazim did the "best he possibly can" to answer these two interrogatories ring false. There are several areas in which Mr. Harazim could have done better:

- Mr. Harazim made no effort to provide any dates of communications, or even to approximate dates or place conversations in sequence with key events, such as whether they took place before or after the lawsuit was initiated or criminal complaint was filed. The definition of "identify" calls for this information.

- Mr. Harazim made no effort to enumerate "each" communication. For example, how many times did he speak with each of the reporters or Markland representatives?

- Mr. Harazim made no effort to describe the medium of the communication, or the location of the participants, with respect to *any* of the communications listed. This is particularly important with respect to communications with reporters. Again, the definition of "identify" calls for this information.

- Mr. Harazim does not list Aidan Scully, the managing director of the Irish company that bought the department store, as someone with whom he communicated. Mr. Scully has testified to the contrary. *See* Exhibit A.

- In his response, Mr. Harazim claims to not recall whether he gave a statement to the police regarding Mr. Weiss. Despite the fact that Kotva never even acknowledged the existence of Mr. Harazim's statement to the police, and have not produced a copy, the Weiss Parties have produced to Kotva a copy of Mr. Harazim's statement to the police. *See* WP0019239. Mr. Harazim's failure to produce this document and conveniently hazy memory calls into question whether Mr. Harazim has provided complete responses to discovery.

- Mr. Harazim does not list any communications with lawyers, either lawyers at Nystrom Beckman & Paris or lawyers at other U.S. law firms that he may have considered engaging. Just as Kotva has sought information about the Weiss Parties' engagement of Czech counsel other than litigation counsel, the Weiss Parties are entitled to comparable information from Mr. Harazim.

- Mr. Harazim does not list any communications with Czech lawyers.

*Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 107 (W.D.N.C. 1993) is directly on point. In *Herdlein*, the defendant propounded an interrogatory seeking the

identities of all of the plaintiff's employees who "are registered Professional Engineers or Registered Architects (including states of such registration and professional registration numbers)." *Id.* The court found that a response that did not include all details requested, including states of registration and professional registration numbers, was improperly evasive. *Id.*

In view of Mr. Harazim's lackluster effort to answer the interrogatories that the Court ordered him to answer, the Court should sanction Mr. Harazim, again order him to provide full answers to the interrogatories, and award the Weiss Parties their costs and expenses associated with filing this motion.

## III. MR. HARAZIM HAS WAIVED ANY OBJECTION BASED ON THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE AND MUST PRODUCE ALL DOCUMENTS RESPONSIVE TO REQUEST NUMBER 1

### A. The Discovery Request

The Weiss Parties are moving for sanctions and to compel with respect to the following document request:

Request No. 1:

All documents concerning this lawsuit or the decision to initiate this lawsuit.

Response:

Harazim already has produced the documents responsive to this Request via Kotva's document production. Harazim does not have any other documents responsive to Request No. 1

Exhibit D at 4.

This request seeks relevant, admissible evidence. Documents concerning this lawsuit are, by definition, relevant. Moreover, this lawsuit, and the decision to initiate it are at the core of the Weiss Parties' abuse of process counterclaim.

### B.    Argument

The parties agree that Mr. Harazim was and is an individual client of Nystrom Beckman & Paris and that Harazim was and is represented jointly with other entities. The Weiss Parties accept Mr. Beckman's representation that there are no documents relating to the representation of Mr. Harazim that are segregable from the representation of at least one other client.

Thus, the parties' dispute appears to be limited to two questions of law: (1) has Mr. Harazim waived objections based on the attorney-client privilege and the work product doctrine; and (2) if so, does the fact that Nystrom Beckman & Paris jointly represent other entities protect Mr. Harazim from having to produce documents?

### C.    Mr. Harazim Has Waived All Objections, Including Those Based on the Attorney-Client Privilege and Work Product Doctrine

The September 29, 2006 Order correctly applied Local Rule 34.1(c)(1) and found that, by failing to make any timely objections, all objections "shall be deemed waived." The Local Rule sweeps broadly, providing that "[a]ny ground not stated in an objection within the time provided . . . shall be deemed waived." There is no exception, either in the Local Rule or the September 29, 2006 Order, for privileged materials. An objection based on privilege—even a constitutional privilege like the Fifth Amendment—is like any other objection; it can be waived if not timely asserted. *See In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).[6]

The September 29, 2006 Order does not explicitly reference objections based on the attorney-client privilege, work product doctrine or any other ground in concluding that "objections are deemed waived." Sept. 29, 2006 Order at 28. The Weiss Parties understand the

---

[6] *Winchester Capital Management Co. v. Manufacturers Hanover Trust Co.*, 144 F.R.D. 170 (D. Mass. 1992) is not on point, because it relied on the text of Rule 45 to find no waiver. In this case, the applicable rules are Rule 34 and Local Rule 34.1.

Court to have found a waiver of any and all objections.  In filing their original motion to compel and in the associated 37.1 process, the Weiss Parties made clear their position that the waiver of objections included the waiver of the attorney-client privilege.

> [On August 16, 2006], the Weiss Parties requested a 37.1 conference regarding Mr. Harazim's responses, stating in part that "[g]iven Mr. Harazim's waiver of all objections and failure to object to producing documents based on the attorney-client privilege or work product doctrine, we expect [Mr. Harazim's] production [of documents] to be substantial. I am available at your convenience Thursday after 3:00 p.m. or any time Friday of this week."

Weiss Parties' Mem. in Support of Motion to Compel and for Sanctions at 3–4 (all alterations except first alteration in original; quoting *id.* Ex. G).

Nevertheless, even after the Court ordered Mr. Harazim to respond to the Weiss Parties' document requests, Mr. Harazim again failed to raise any objection based on privilege.  In his "Supplemental Objections and Responses" served on October 10, 2006, Mr. Harazim responded as follows:

> Harazim already has produced the documents responsive to this Request via Kotva's document production.  Harazim does not have any other documents responsive to Request No. 1

Exhibit D at 4.[7]

Local Rule 34.1(c) does not draw any distinction among various grounds for objections when finding waiver.  Nor does the Rule afford the Court any discretion with respect to finding waiver for some objections as opposed to others.  Accordingly, the Court must find that Mr. Harazim's conduct "evidenc[ing] a nonchalance and cavalier attitude that cannot be excused" resulted in a waiver of any and all objections to the Weiss Parties' document requests, including those based on the attorney-client privilege and work product doctrine.

---

[7] Harazim's general objection as to privilege (Exhibit D at 3) is insufficient.  *See* Local Rule 34.1(a).

### D.  The Fact That Mr. Harazim Was Part of a Joint Representation Does Not Protect Him from Having to Produce Documents

Mr. Harazim argues that since all documents at issue were created in connection with a joint representation of Mr. Harazim and either Kotva or Martin Benda, he need not produce the documents.  This is not the law.  Instead, courts have held that when one party to a joint representation waives the privilege, that party must produce documents, but the waiver does not extend to other joint clients.[8]

The leading case on this issue is *Interfaith Housing Delaware, Inc. v. Town of Georgetown*, 841 F. Supp. 1393 (D. Del. 1994).  In *Interfaith*, several of the defendants were members of the Georgetown Town Council.  *Id.* at 1394.  The Georgetown Town Solicitor jointly represented the defendants and the town.  *Id.* at 1398.  One of the town council members, Leroy Tyndall, waived the attorney-client privilege during discovery.  *Id.* at 1396, 1398–99. Tyndall and the other defendants made the same argument that Harazim and Kotva make here: "when an attorney represents two or more clients on a matter of common interest, all the clients must waive the attorney-client privilege to constitute a valid waiver."  *Id.* at 1400.  The court rejected this argument, and ordered the defendants "to produce any and all documents relating to" the issue for which Tyndall had waived the privilege.  *Id.*  These documents included "correspondence from, and handwritten notes of, Georgetown's Town Solicitor."  *Id.* at 1396. However, the court ruled that "[t]his evidence shall be admissible, . . . only as to defendant

---

[8] In this case, as Mr. Harazim was an agent of Kotva and member of the corporation's control group, there is an argument that Mr. Harazim has waived the privilege for Kotva as well. However, the Weiss Parties do not press this point in this Motion.  As explained in more detail below, Mr. Harazim must produce the documents at issue regardless of whether Kotva has also waived its privilege.

Tyndall, and not as to any other defendant."[9]

The court in *In re CFS-Related Securities Fraud Litigation*, 223 F.R.D. 631, 633–34 (N.D. Okla. 2004) found *Interfaith* persuasive and followed its lead.  In *CFS-Related Securities Litigation*, some of the parties acknowledged that they had waived the privilege with respect to a number of documents, but "express[ed] concern with regard to . . . those documents to which a claim of joint privilege with other Plaintiffs apply."  *Id.* at 634.  Noting that "several cases [] have held that, as between joint clients, one parties' waiver of the attorney-client privilege does not effectuate the waiver of another parties' attorney client privilege," the Court concluded that:

> [B]ased on the facts of this case, the RSKO Plaintiffs have waived their privilege, to the extent discussed below, and [the Court] orders the documents produced. The Court concludes with respect to the joint client waiver issue, that the waiver of the attorney client privilege by the RSKO Plaintiffs does not operate as a blanket waiver with regard to privileges of other joint clients.

*Id.*

This rule makes sense.  Any other rule would allow corporate parties who plan ahead to flout the Federal Rules of Civil Procedure without fear of ever waiving the attorney-client privilege.  So long as a corporate party's lawyers represent some other joint client—perhaps a corporate subsidiary or an employee—who is either not named as a party to the litigation or the subject of a particular discovery response, no waiver could ever take place because one of the parties to the joint representation would not have participated in the waiver.  *Cf. In re Grand Jury Subpoena*, 274 F.3d 563, 572–73 (1st Cir. 2001) ("[T]he existence of a joint defense agreement does not increase the number of parties whose consent is needed to waive the attorney-client privilege; it merely prevents disclosure of a communication made in the course of

---

[9] The Court noted that it "is aware of the difficulty in its ruling may create at trial, but is confident counsel will be able to resolve any potential problems that may arise." <u>Id.</u>

preparing a joint defense by the third party to whom it was made.").

Moreover, Kotva implicitly acknowledged the *Interfaith* rule through its discovery requests and motions to compel.  When Kotva sued Andrew Weiss and Weiss Asset Management, the defendants asserted counterclaims and joined as counterclaim-plaintiffs K T, Inc. and CVF Investments, Ltd.  Kotva has never accepted that K T and CVF Investments are proper parties to this lawsuit, and Kotva's motion to dismiss these two parties based on procedural, forum non conveniens and international abstention grounds is pending before the Court.  In an apparent effort to shield itself from an argument that it had taken discovery from K T, Inc. and CVF Investments, Ltd., Kotva directed its document requests to Andrew Weiss and Weiss Asset Management LLC *only*.  *See* Exhibits E, F, G, H.  Thus, Kotva's repeated arguments that the Weiss Parties have waived the attorney-client privilege are inconsistent with its current position that the existence of another party to a joint representation who was not the subject of a particular discovery request precludes a finding of waiver based on the failure to object to that request.

The First Circuit addressed an analogous issue in the context of a grand jury subpoena in *In re Grand Jury Subpoena*, 274 F.3d 563 (1st Cir. 2001).  In that case, the corporation waived the attorney-client privilege. Two former officers and the corporation's former attorney sought to quash a grand jury subpoena, arguing that "'dual' communications [should] be treated as jointly privileged such that the consent of all parties would be required to waive the privilege."  *Id.* at 572.  However, the First Circuit wrote that the officers and attorney "fail[ed] to cite authority supporting this position, and we ultimately decline to accept it: permitting a joint privilege of this type would unduly broaden the attorney-client privilege by allowing parties outside a given attorney-client relationship to prevent disclosure of statements made by the client."  *Id.*  Thus,

the First Circuit held that "a corporation may unilaterally waive the attorney-client privilege with respect to any communications made by a corporate officer in his corporate capacity, notwithstanding the existence of an individual attorney-client relationship between him and the corporation's counsel." *Id.* at 573. Although the party waiving the privilege was different—the corporation as opposed to the individual—the First Circuit essentially adopted the rationale of *Interfaith* in concluding that either party to a joint representation may waive the privilege. *See id.* at 572–73.

\* \* \* \*

The prospect of a complete waiver of objections based on the attorney-client privilege is not a pleasant one for any litigant. However, Mr. Harazim has no one but himself to blame. The Local Rules are clear with respect to waiver of objections, and do not permit the Court any discretion in the matter. Had Mr. Harazim not adopted an attitude of "nonchalance" with respect to his discovery obligations, he would not now find himself in this situation.

## IV.    CONCLUSION

For the above reasons, the Court should grant the Weiss Parties' Motion, sanction Mr. Harazim for failing to comply with the September 29, 2006 Order, and award the Weiss Parties their costs and expenses.

<div style="margin-left:40%">

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS LTD.

By their attorneys,


/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

</div>

Dated: November 7, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 7, 2006.

<div style="margin-left:40%">

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

</div>

BST99 1521746-6.072198.0012

THE HIGH COURT
Record No. 2006/ 1 FTE

IN THE MATTER OF THE FOREIGN TRIBUNALS EVIDENCE ACT 1856
AND IN THE MATTER OF CIVIL PROCEEDINGS NOW PENDING BEFORE
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS (CIVIL ACTION NO. 05-10679-RCL)

| | |
|---|---|
| BETWEEN/ | )Plaintiff |
| | ) |
| KOTVA a.s. | ) |
| | ) |
| ANDREW WEISS and WEISS ASSET | ) |
| MANAGEMENT | )Defendant |

---

| | |
|---|---|
| ANDREW WEISS, WEISS ASSET | ) |
| MANAGEMENT LLC, KT, INC. AND CVF | ) |
| INVESTMENTS LIMITED | )Counterclaim-plaintiffs |
| | ) |
| KOTVA a.s,  MARTIN BENDA, | ) |
| RICHARD HARAZIM, FORMINSTER | ) |
| ENTERPRISES LTD., SPV CO | ) |
| AND JOHN DOES 1-5 | )Counterclaim-defendants |

---

Deposition under oral examination

OF

AIDAN SCULLY

taken at 10.00 am

on

May 26, 2006

A P P E A R A N C E S

Examiner:                              MR. PHILIPP RAHN BL

Counsel for Weiss & Weiss
Asset Management, LLC:         MR. BENJAMIN A. GOLDBERGER
McDermott Will & Emery LLP     28 State Street, Boston,
                               Massachusetts 02109-1775
                               bgoldberger@mwe.com
                               Tel. 617.535.4483

Mason Hayes+Curran             MS. SUSAN FRISBY
                               South Bank House,
                               Barrow Street, Dublin 4,
                               Ireland
                               sfrisby@mhc.ie
                               +353 1 614 5272

Counsel for Kotva:             MR. JOEL BECKMAN
Nystrom Beckman & Paris LLP    10 St. James Avenue
                               16th Floor, Boston
                               Massachusetts 02116
                               jbeckman@nbparis.com

Counsel for Markland
Holdings Ltd                   MR. MICHAEL KEALEY
Linklaters                     MR. BRYAN WILSON

Court Reporter: Marea J O'Toole

Gwen Malone Stenography Services Ltd

Law Library

PO Box 5939

145-151 Church Street, Dublin 7, Ireland


Videographer:  Dagan O'Donaghue

Pearl Audio Visual

191 Lower Kimmage Road, Dublin 6 West

Ireland

<u>INDEX</u>

DEPOSITION HEARING OF AIDAN SCULLY:

<u>PAGE</u>:

Direct examination by Mr. Goldberger    007-120

Cross-examination by Mr. Beckman        121-151

Re-direct by Mr. Goldberger             151-154

AIDAN SCULLY DEPOSITION EXHIBITS:

| EXHIBIT | DESCRIPTION | PAGE |
|---------|-------------|------|
| 1 | Ministry of Finance of the Czech Republic document | 031 |
| 2 | Furstiches Landgericht document | 033 |
| 3 | Wall Street Journal-July 18, 2005 | 036 |
| 4 | E-mail | 040 |
| 5 | Fax Message | 044 |
| 6 | E-mail-Oct 5, 2004 | 048 |
| 7 | Sunday Business Post article | 060 |
| 8 | Share Purchase Agreement 20/01/04 | 067 |
| 9 | Share Purchase Agreement 20/12/04 | 067 |
| 10 | E-mail-Oct 26, 2004 | 072 |
| 11 | E-mail-Aug 20, 2003 | 098 |
| 12 | E-mail-Oct 7, 2004 | 102 |
| 13 | E-mail-Feb 4, 2003 | 102 |
| 14 | Article | 143 |
| 15 | Letter to Anglo Irish Bank | 148 |
| 16 | E-mail-Mar 1, 2005 | 151 |

1          EXAMINER:                What is the basis of
2                                   the objection, sir?
3          MR. BECKMAN:             Objecting to the form of
4                                   foundation on that.
5      A.  Will you ask me a full question, please?
6  551 Q.  MR. GOLDBERGER:          Sure. Did the efforts to
7                                   resolve the Gilroy
8          situation also involve the filing of these criminal
9          charges?
10     A.  Well that is a matter of fact.
11 552 Q.  Were you aware of any secret -- strike that.  Are you
12         aware of any video taping or audio taping of Mr. Weiss
13         or any of his affiliates in the Czech Republic that was
14         done in secret?
15     A.  I am only aware of what I have heard in relation to
16         blackmail of some sort in relation to shares.
17 553 Q.  What have you heard about the secret video taping?
18     A.  I haven't heard anything about secret video taping.
19 554 Q.  Anything about secret audio taping?
20     A.  I believe there was taping, I don't know if it was
21         secret or not secret.
22 555 Q.  What is the taping that you have been told about?
23     A.  I am not sure about taping, but on record, probably is
24         what I recall, that somebody from Gilroy or the Weiss
25         camp is on record, some representative, as requesting
26         or implicating or implying that the Gilroy case would,
27         could be made go away if certain circumstances were met
28         and that was tantamount to blackmail. That's really as
29         clear and as much as I know.

106

1  556  Q.  And is that something that Mr. Prestage told you or
2          Mr. Harazim?

3      A.  A combination of those three again.

4  557  Q.  Perhaps -- and by "those three" you mean
5          Messrs. Walker, Prestage and Harazim?

6      A.  Yes, now a combination, possibly or one.  I am not
7          saying all three.

8  558  Q.  I understand what you are saying to be that someone
9          told you this, it was at least one with of them, maybe
10         more, but you are not sure who?

11     A.  I am not sure who.

12 559  Q.  Okay. Can you remember anything else that Mr. Harazim
13         told you about the criminal case in your meetings with
14         him?

15         MR. BECKMAN:                  Objection, lack of
16                                       foundation.  You may
17         answer.

18         EXAMINER:                     Mr. Goldberger, just to
19                                       clarify do you wish
20         the witness to answer the question notwithstanding the
21         objection?

22         MR. GOLDBERGER:               Yes.

23     A.  I think only that by taking the case in the
24         United States it is closer to the bone, to a degree, to
25         Weiss and that might exert additional pressure,
26         something along those lines.

27 560  Q.  Do you recall Mr. Harazim saying anything else about
28         bringing a case in the United States?

29     A.  That they were filing this case, is what I said a

107

```
 1              minute ago.  Nothing further really springs to mind.
 2  561  Q.  Do you recall Mr. Harazim saying anything else about
 3              the Czech criminal proceedings beyond what you have
 4              described so far?
 5       A.  Czech criminal proceedings in relation to?
 6  562  Q.  Mr. Weiss.
 7       A.  Well, I think the idea may have been that if pressure
 8              was exerted in the States that the criminal proceedings
 9              in the Czech Republic, there is a stronger chance that
10              they could be dropped if the correct pressures were
11              applied, but along those lines.
12  563  Q.  MR. BECKMAN:                Let me just for the
13                                       record, I am moving to
14              strike that answer as non-responsive. I think the
15              witness is confused by Czech criminal proceedings and
16              the Gilroy lawsuit.
17              EXAMINER:                  Do you wish to
18                                         just...(INTERJECTION).
19              MR. GOLDBERGER:            I mean that is something
20                                         that I think is now on the
21              record so should it come to that the Judge can rule on
22              that objection, or that motion rather.
23              EXAMINER:                  Very good. Again I
24                                         am loathe to intervene at
25              all, but just for my opinion, which I am entitled to
26              give for what it's worth, I must say I'm a little
27              confused in relation to that as well. But it is really
28              a matter for yourself, Mr. Goldberger, if you are happy
29              to leave the record as is or if you want to re-visit
```

108

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br>       Plaintiff, <br><br>     v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., <br><br>       Counterclaim-plaintiffs, <br><br>     v. <br><br> KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5, <br><br>       Counterclaim-defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

C.A. No. 05-10679-RCL

### ANDREW WEISS'S, WEISS ASSET MANAGEMENT LLC'S, K T, INC.'S AND CVF INVESTMENTS LTD.'S FIRST SET OF INTERROGATORIES TO RICHARD HARAZIM

Pursuant to Federal Rule of Civil Procedure 33, Andrew Weiss ("Weiss"), Weiss Asset Management LLC ("WAM"), K T, Inc. ("K T") and CVF Investments Ltd. ("CVF") (collectively, the "Discovering Parties") hereby submit the following interrogatories to Richard Harazim.

## DEFINITIONS

Except as otherwise provided herein, the Discovering Parties hereby incorporate by reference all definitions in their First Set of Requests for Production of Documents to Richard Harazim as though fully set forth herein.

1.    "Identify" shall have the meanings ascribed to it in Local Rule 26.5(c)(3)–(4) and; (a) when referring to a meeting, to state the date of the meeting, the location of the meeting, the attendees, and the subject matter addressed; and (b) when referring to a communication, to state the date the communication was made, the identity and location of the person who initiated the communication, the identities and locations of the person or persons who received the communication, and the medium (e.g., voice, electronic mail, letter, facsimile) by which the communication was made.

2.    "Persons involved in the decision making process" means any person, whether a director, officer, employee or agent of Kotva a.s. or a third party, consulted by Richard Harazim prior to the making of a decision for the purpose of communicating about the subject matter of the decision, regardless of whether that communication was ultimately relied on.

3.    "Possession" means actual or constructive possession and sole or joint possession.

## INSTRUCTIONS

1.    Unless otherwise specified, these interrogatories seek information for the period from May 11, 2004 to the present.

2.    These interrogatories are continuing in nature and require automatic supplemental or amended responses to the extent specified in Fed. R. Civ. P. 26(e) should you or your counsel obtain further supplemental information.

3.    If any of these interrogatories cannot be answered in full, answer the interrogatory to the extent possible, specifying each reason for the inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

4.    In answering the interrogatories, furnish all information available to you, regardless of whether or not it is based on personal knowledge or records of you, your agents or representatives of others.

5.    State which answers or parts thereof are based upon personal knowledge, and which answers or parts thereof are based upon information and belief. For each answer or part thereof based upon information and/or belief, describe in detail and with particularity the basis for the information and/or belief.

6.    With respect to any information which you withhold, do not disclose, or assert a claim of privilege of non-disclosure, your counsel shall provide a statement which:

(a)    states the nature of the claim of non-disclosure or privilege and sets forth the statute, rule, decision or other basis which is claimed to give rise to the privilege or other justification for the non-disclosure of the requested information; and

(b)    a summary statement of the subject matter of the information requested or the document withheld in sufficient detail to permit the Court to rule on the propriety of the objection.

7.    Where anything has been deleted or redacted from a document produced in response to an interrogatory, specify:

(a)    the nature of the material deleted or redacted; and

(b)    the reason for the deletion or redaction.

3

8.     Where any copy or copies of any document which you produce in response to an interrogatory is/are not identical to any other copy thereof, by reason of any alterations, notes, comments, or other material contained thereon or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

9.     In producing documents in response to an interrogatory, all documents which are physically attached to each other in files, shall be left so attached.  Documents which are segregated or separated from other documents whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they were maintained.

10.     If any information requested by this discovery was at one time in existence but is no longer in existence, or has been made unavailable in any manner, you must state the following:

(a)     identify the nature of the information and state the date on which it ceased to exist;

(b)     identify the circumstances under which it ceased to exist and the identity of all persons having knowledge of the contents thereof.

## INTERROGATORIES

1.     Please identify each communication between Richard Harazim and another person concerning this lawsuit or the decision to initiate this lawsuit.

2.     Please identify each communication between Richard Harazim and another person concerning criminal charges against Andrew Weiss.

3.     Please describe in detail how Richard Harazim makes or made decisions relating to his management of Kotva a.s., identifying all persons involved in the decision making process.

4

4.    Please identify every audio or video recording, including wiretaps, that is or was in the possession of Mr. Harazim or Kotva a.s. containing the voice or image of one or more of the following or concerning one or more of the following: (a) Andrew Weiss; (b) Vladimir Hoffmann; (c) Ondrej Peterka; or (d) Petr Topinka.

5.    Please identify every audio or video recording, including wiretaps, of which you are aware containing the voice or image of one or more of the following or concerning one or more of the following: (a) Andrew Weiss; (b) Vladimir Hoffmann; (c) Ondrej Peterka; or (d) Petr Topinka.

6.    Separately for each recording identified in response to interrogatories number 4 and 5, please identify all persons present during the recording and all persons whose voice or image is reflected on the recording.

7.    Separately for each person identified in response to interrogatory 6 and recording identified in response to interrogatories 4 and 5, state whether that person was informed that the recording was going to be made, identifying the communication by which that person was so informed.

Respectfully Submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC, K T, INC. and CVF
INVESTMENTS LTD.

By their attorneys,

Dated: June 30, 2006

Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

5

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the 30th day of June, 2006, a true and correct copy of the foregoing document was served by hand on counsel for all other parties.

_____
Benjamin A. Goldberger

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. )<br><br>Plaintiff, )<br><br>v. )<br><br>ANDREW WEISS and WEISS ASSET )<br>MANAGEMENT, LLC )<br><br>Defendants. ) | Case No. 05-10679-RCL |

## SUPPLEMENTAL OBJECTIONS AND RESPONSES OF RICHARD HARAZIM TO COUNTERCLAIM PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Local Rule 33.1 and the Order of the Special Master dated September 29, 2006, Richard Harazim hereby supplements his response to the First Set of Interrogatories of Andrew Weiss, Weiss Asset Management, LLC, KT, Inc., and CVF Investments LTD (collectively "Counterclaim-plaintiffs").

## GENERAL OBJECTIONS

I.      Mr. Harazim objects to each interrogatory to the extent it seeks information that is beyond the scope of Rules 26 or 33 of the Federal Rules of Civil Procedure, is beyond the proper scope of discovery because of the attorney client relationship, prepared in anticipation of litigation or trial or constitutes attorney work product, or is otherwise immune from discovery.

II.     Mr. Harazim objects to each interrogatory to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and/or concerns only claims that have already been dismissed. Mr. Harazim further objects to the discovery

propounded by KT, Inc. and CVF Investments LTD because neither of those parties have any claims against him in this action.

III.    In providing answers to these interrogatories, Mr. Harazim does not in any way waive or intend to waive but rather intends to preserve the following:

a.    All objections as to competency, relevancy, materiality and admissibility;

b.    All rights to object on any ground to the use of any of the Answers herein, including the trial of this or any other action;

c.    All objections as to vagueness or ambiguity; and

d.    All rights to object on any ground to any further interrogatories or other discovery requests involving or related to any of the interrogatories in Counterclaim Plaintiffs' First Set of Interrogatories.

IV.    Privileged information responsive to any interrogatory below is not being provided. Mr. Harazim does not waive, and intends to preserve and is preserving the attorney client privilege, the work product doctrine, and every other privilege with respect to each and every answer, document or other repository of information protected by such a privilege.

V.    Mr. Harazim objects to the Instructions and/or Definitions contained in the Interrogatories to the extent that they attempt to impose obligations on him that are inconsistent with and/or in addition to those required under the Federal Rules of Civil Procedure and the Local Rules.

VI.    Mr. Harazim objects to the Interrogatories to the extent each interrogatory contains several subparts and therefore exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33(a).

VII.   Mr. Harazim objects to the Interrogatories to the extent that they demand production of any information containing any confidential, proprietary and/or trade secret information.

VIII.   Mr. Harazim's answers to the Interrogatories are qualified by the General Objections. Failure to restate any General Objection in response to a particular interrogatory does not constitute a waiver of such General Objection. By responding to these Interrogatories, Mr. Harazim does not waive any asserted objection.

**Interrogatory No. 1**

Please identify each communication between Richard Harazim and another person concerning this lawsuit or the decision to initiate this lawsuit.

**Answer No. 1**

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unlimited in time, unreasonable, unduly burdensome, and calls for information protected by the attorney client privilege and work product doctrine. Mr. Harazim further states that the information sought in Interrogatory No. 1 is more appropriately obtained at deposition. Indeed, Mr. Harazim has already testified at deposition as a corporate designee (pursuant to Rule 30(b)(6)) and is scheduled to testify at deposition in his personal capacity.

**Supplemental Answer No. 1**

Subject to his General Objections, Mr. Harazim states that he cannot recall each and every communication that he has had with any person concerning this lawsuit or the decision to initiate this lawsuit, which was filed two years ago. Mr. Harazim, however, has discussed both this lawsuit and the decision to initiate this lawsuit with members of Kotva's Board of Directors, Supervisory Board as well as other Kotva officers. The members of the Board of Directors with whom Mr. Harazim had such discussions are:

| Name | Address | Last Known Place of Employment |
|------|---------|-------------------------------|
| Marek Kolíbal | c/o KTV invest, a.s.<br>Náměsti Republiky 8, Praha 1<br>Prague, Czech Republic | Unknown<br>(Entrepreneur/self-employed) |
| Jiří Kvapil | c/o KTV invest, a.s.<br>Náměsti Republiky 8, Praha 1<br>Prague, Czech Republic | Unknown<br>(Entrepreneur/self-employed) |
| JUDr. Miloslav Sobola | c/o KTV invest, a.s.<br>Náměsti Republiky 8, Praha 1<br>Prague, Czech Republic | Unknown<br>(Attorney/self-employed) |

The members of Kotva's Supervisory Board and certain of Kotva's officers with whom Mr.

Harazim had such discussions are:

| Name | Address | Last Known Place of Employment |
|------|---------|-------------------------------|
| Martin Benda<br>Chairman of KTV invest<br>Supervisory Board | c/o KTV invest, a.s.<br>Náměsti Republiky 8, Praha 1<br>Prague, Czech Republic | KTV invest, a.s. |
| Mgr. Lucie Šimáčková<br>Supervisory Board | c/o KTV invest, a.s.<br>Náměsti Republiky 8, Praha 1<br>Prague, Czech Republic | Unknown<br>(Attorney/self-employed) |
| Pavel Richter | c/o KTV invest, a.s.<br>Náměsti Republiky 8, Praha 1<br>Prague, Czech Republic | KTV invest, a.s. |
| Jaromír David | c/o KTV invest, a.s.<br>Náměsti Republiky 8, Praha 1<br>Prague, Czech Republic | KTV invest, a.s. |
| Michal Vlach | c/o KTV invest, a.s.<br>Náměsti Republiky 8, Praha 1<br>Prague, Czech Republic | KTV invest, a.s. |
| Jiří Brada | Ben&Co<br>Náměsti Republiky 8, Praha 1<br>Prague, Czech Republic | Ben&Co |
| Bedřich Moulík | c/o KTV invest, a.s.<br>Náměsti Republiky 8, Praha 1<br>Prague, Czech Republic | KTV invest, a.s. |

As he testified at the corporate designee deposition, Mr. Harazim generally works closely with

the Kotva's boards and officers, and he believes that he had several discussions with them

concerning this lawsuit and the decision to initiate it in his capacity as Kotva's agent or representative. See Harazim Dep. Tr. V2 at 372, 374-75. Mr. Harazim, however, cannot recall the specifics of each and every such discussion. Generally, and without waiving Kotva's attorney-client and work product privileges, Mr. Harazim discussed the status of the lawsuit including the parties, pending motions, outstanding discovery, and upcoming events. The January 19, 2005 board meeting minutes (Exhibit 38 to the Corporate Designee deposition) have been produced and are herein referenced pursuant to Fed. R. Civ. P. 33(d).

Mr. Harazim also discussed this lawsuit with Nick Carey and Jennifer Levitz of the Wall Street Journal, Olga Bohmova of Halo Noviny, and Frantisek Bouc of the Prague Post. Communications with those entities have been and will be produced, and are herein referenced pursuant to Fed. R. Civ. P. 33(d).

## Interrogatory No. 2

Please identify each communication between Richard Harazim and another person concerning criminal charges against Andrew Weiss.

## Answer No. 2

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unlimited in time, unreasonable, and unduly burdensome. Mr. Harazim further states that the information sought in Interrogatory No. 2 is more appropriately obtained at deposition. Indeed, Mr. Harazim already has testified at deposition as a corporate designee (pursuant to Rule 30(b)(6)) and is scheduled to testify at deposition in his personal capacity.

## Supplemental Answer No. 2

Subject to his General Objections, Mr. Harazim states that he cannot recall each and every communication that he has had with any person concerning the criminal charges against Andrew Weiss. Mr. Harazim, however, has discussed the criminal charges against Andrew

Weiss with members of Kotva's Board of Directors, Supervisory Board as well as other Kotva

officers. The members of the Board of Directors with whom he has had such discussions are:

| Name | Address | Last Known Place of Employment |
|------|---------|--------------------------------|
| Marek Kolíbal | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | Unknown (Entrepreneur/self-employed) |
| Jiří Kvapil | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | Unknown (Entrepreneur/self-employed) |
| JUDr. Miloslav Sobola | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | Unknown (Attorney/self-employed) |

The members of Kotva's Supervisory Board and certain of Kotva's officers with whom Mr.

Harazim had such discussion are:

| Name | Address | Last Known Place of Employment |
|------|---------|--------------------------------|
| Martin Benda Chairman of KTV invest Supervisory Board | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |
| Mgr. Lucie Šimáčková Supervisory Board | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | Unknown (Attorney/self-employed) |
| Pavel Richter | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |
| Jaromír David | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |
| Michal Vlach | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |
| Jiří Brada | Ben&Co Naměsti Republiky 8, Praha 1 Prague, Czech Republic | Ben&Co |
| Bedřich Moulík | c/o KTV invest, a.s. Naměsti Republiky 8, Praha 1 Prague, Czech Republic | KTV invest, a.s. |

Mr. Harazim recalls that the criminal complaint against Andrew Weiss was discussed at Kotva's

Board of Directors meeting on August 18, 2004.  Indeed, Mr. Harazim testified at the corporate

designee deposition concerning those discussions.  See Harazim Dep. Tr. V 2 at 294-295.

Additionally, the minutes of that meeting have been produced and were marked as Exhibit 31 at

the corporate designee deposition.  The meeting minutes have been produced and are herein

referenced pursuant to Fed. R. Civ. P. 33(d).

Mr. Harazim also discussed the criminal charges against Andrew Weiss with Henry

Prestage of Markland.  Mr. Harazim does not recall the specifics of those discussions other than

that he told Mr. Prestage that Kotva had filed a criminal complaint.  Mr. Harazim testified about

these discussion at the corporate designee deposition.  See Harazim Dep. Tr. V2 at 313-315.

Mr. Harazim also discussed this lawsuit with Nick Carey and Jennifer Levitz of the Wall

Street Journal, Olga Bohmova of Halo Noviny, and Villu Arak and Frantisek Bouc of the Prague

Post.  Communications with those entities have been and will be produced, and are herein

referenced pursuant to Fed. R. Civ. P. 33(d).

Finally, Mr. Harazim may have given a statement to the Czech Police concerning the

criminal charges, but is not sure if he did so.  See also Harazim Dep. Tr. V2 at 298, 300

**Interrogatory No. 3**

Please describe in detail how Richard Harazim makes or made decisions relating to his
management of Kotva, a.s., identifying all persons in the decision making process.

**Answer No. 3**

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unreasonable,

unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  Notwithstanding the foregoing General and Specific

Objections, Mr. Harazim states that he, like any other corporate executive, is faced with a myriad

of corporate management decisions. There is no one set process or mechanism by which Mr.

Harazim makes a management decision. Nor is there one set group of individuals with whom he

consults. These factors vary with respect to the decision to be made. Mr. Harazim, however,

employs his business judgment, experience, and common sense in making decision relating to

the management of Kotva.

**Interrogatory No. 4**

Please identify every audio or video recording, including wiretaps, that is or was in the
possession of Mr. Harazim or Kotva, a.s. containing the voice or image of one or more of the
following or concerning one or more of the following: (a) Andrew Weiss; (b) Vladimir
Hoffmann; (c) Ondrej Peterka; or (d) Petr Topinka.

**Answer No. 4**

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unreasonable,

unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence. Notwithstanding the foregoing General and Specific

Objections, Mr. Harazim states that he does not have, nor has he ever had, such audio or video

recordings in his personal possession. Mr. Harazim further states that at one time, Kotva's

Czech lawyers were in possession of three videotaped recordings of conversations between

Martin Benda and Vladimir Hoffman (the "Hoffman tapes"). That possession is described in the

Certification of Kotva Regarding Hoffman Tapes Pursuant to Special Master's May 26, 2006

Order, attached hereto as Exhibit A.

**Interrogatory No. 5**

Please identify every audio or video recording, including wiretaps, of which you are aware
containing the voice image of one or more of the following or concerning one or more of the
following: (a) Andrew Weiss; (b) Vladimir Hoffman; (c) Ondrej Peterka; or (d) Petr Topinka.

**Answer No. 5**

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unreasonable,

unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence. Notwithstanding the foregoing General and Specific

Objections, Mr. Harazim states that he is aware of the Hoffman tapes. Mr. Harazim further

states that he is aware of the existence of recordings of conversations between Andrew Weiss

and Vladimir Hoffman and possibly Ondrej Peterka that are in the possession of the Czech

police. Neither Mr. Harazim nor Kotva have ever had possession of these tapes. Mr. Harazim

further states that he believes these tapes are part of the Czech criminal file, which has been

sealed.

**Interrogatory No. 6**

Separately for each recording identified in response to interrogatories number 4 and 5, please
identify all persons present during the recording and all persons whose voice or image is
reflected on the recording.

**Answer No. 6**

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unreasonable,

unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence. Notwithstanding the foregoing General and Specific

Objections, see Answers to Interrogatory Nos. 4 and 5.

**Interrogatory No. 7**

Separately for each person identified in response to interrogatory 6 and recording identified in
response to interrogatories 4 and 5, state whether that person was informed that the recording
was going to be made, identifying the communication by which that person was so informed.

**Answer No. 7**

Mr. Harazim objects to this interrogatory to the extent it is overly broad, unreasonable,

unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence. Notwithstanding the foregoing General and Specific

Objections, Mr. Harazim states that he does not believe that the person recorded in the Hoffman tapes was informed that the recording was going to be made. Mr. Harazim further states that he does not know whether the persons recorded in the police tapes were informed that the recording was going to be made, but he suspects that they were not.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 10th DAY OF
OCTOBER, 2006

_____
Richard Harazim

As to objections:

_____
Joel G. Beckman (BBO #553086)
William C. Nystrom (BBO#559656)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: October 10, 2006

## CERTIFICATE OF SERVICE

I, Dana Zakarian, hereby certify that on October 10th, 2006 I caused and a true copy of the foregoing document to be served by Email and First Class mail postage pre-paid upon all counsel of record.

Dana Zakarian

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SUPPLEMETNAL OBJECTIONS AND RESPONSE OF RICHARD HARAZIM
TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS OF
ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, KT INC., AND
CVF INVESTMENTS LTD.**

## Original Response

Richard Harazim hereby objects to Andrew Weiss, Weiss Asset Management

LLC, K T Inc., and CVF Investments, Ltd.'s (collectively "Counterclaim-plaintiffs") so-

called "First Set of Request for Production of Documents" (the "Third Request").

Counterclaim-plaintiffs have already served two sets of Requests for Production of

Documents in this action. Accordingly, Local Rule 26.1(c) bars them from propounding

any further document requests without leave of Court.

Further responding, Mr. Harazim states that he does not possess responsive

documents. Kotva, moreover, has already produced the responsive documents at issue in

this case in response to Counterclaim-plaintiffs' First and Second Sets of Documents

Requests.

**Supplemental Response**

Pursuant to the Order of the Special Master dated September 29, 2006, Richard Harazim ("Harazim") hereby supplements his response to Counterclaim-plaintiffs Andrew Weiss, Weiss Asset Management LLC, K T Inc., and CVF Investments, Ltd.'s (collectively "Counterclaim-plaintiffs") Third Request for Production of Documents ("Third Request") as follows:

## GENERAL OBJECTIONS

The following general objections apply to and are incorporated by reference into each of Harazim's specific responses to the document production requests contained herein.

I.      Harazim is providing this response to the Third Request, and is producing documents pursuant thereto, without waiver of or prejudice to his rights, at any later time, to raise objections to:

    (a)      the relevance, materiality or admissibility of:

        A.      the Third Request or any part thereof;

        B.      statements made in this response to the Third Request or any part thereof; or

        C.      any document produced pursuant to this response; or

    (b)      any further demand for discovery involving or relating to the matters raised in the Third Request.

II.      The specific responses set forth below and Harazim's production pursuant thereto are based upon information currently available after diligently searching within the time available of the documents in Harazim's possession, custody or control.  Harazim may, in the future, obtain or locate additional documents responsive to the Third Request and may

identify or determine additional information relevant to its specific responses to the Third Request. Harazim objects to the Third Request to the extent it purports to demand production of documents not in Harazim's possession, custody or control or to require a search of files that do not reasonably relate to one or more of the specific document production requests contained in the Third Request. Harazim reserves the right at any time to revise, correct, add to, supplement, modify or clarify the specific responses set forth below or the production made pursuant thereto.

III.    Harazim objects to the Third Request to the extent it demands production of any document covered by the attorney-client privilege, the work product doctrine or any other applicable privilege. In the event Harazim produces any privileged document, its production is inadvertent and does not constitute a waiver of privilege.

IV.    Harazim objects to producing any requested documents to the extent that the production of said documents will be oppressive, unduly burdensome, unreasonably expensive or will require an unreasonable investigation.

V.    Harazim objects to the Instructions and/or Definitions contained in the Third Request to the extent that they attempt to impose obligations upon Harazim that are inconsistent with and/or in addition to those required under the Federal Rules of Civil Procedure.

VI.    Harazim objects to the Third Request to the extent it demands production of any document containing any confidential, proprietary and/or trade secret information.

VII.    Harazim objects to the production of any document falling within one of the General Objections set forth above or the specific objections set forth below. In the

event any document falling within such an objection is or may be produced by Harazim,

its production is inadvertent and does not constitute a waiver of the objection with respect

to the produced document or any other document. Moreover, a statement by Harazim

that it will produce documents responsive to a particular request or falling within a

particular description means that Harazim will produce all documents within its

possession, custody or control that: (a) are responsive to the particular request or fall

within the particular description in question; (b) have been located by Harazim after a

diligent search; and (c) do not fall within one of the General Objections set forth above or

within any of the objections contained in the specific responses set forth below.

Furthermore, such a statement is not an acknowledgement or an admission that any

document responsive to the particular request or falling within the particular description

in question currently exists or has ever existed.

## SPECIFIC OBJECTIONS AND RESPONSES

Request No. 1:

All documents concerning this lawsuit or the decision to initiate this lawsuit.

Response:

Harazim already has produced the documents responsive to this Request via

Kotva's document production. Harazim does not have any other documents responsive

to Request No. 1.

Request No. 2:

All documents concerning communications between Richard Harazim and any other
person or company, including any media organization or reporters, concerning Andrew
Weiss, Vladimir Hoffman, Ondrej Peterka, James Woolf, this lawsuit, orany lawsuit filed
by Gilroy or KT.

Response:

     Harazim already has produced the documents responsive to this Request via

Kotva's document production.  Harazim does not have any other documents responsive

to Request No. 2.

Request No. 3:

All documents concerning the criminal charges against Andrew Weiss in the Czech
Republic or the decision to initiate those charges.

Response:

     Harazim already has produced the documents responsive to this Request via

Kotva's document production.  Harazim does not have any other documents responsive

to Request No. 3.

Request No. 4:

All documents concerning communications between Richard Harazim and a person or
persons in Massachusetts, including but not limited to phone logs and phone bills, for
those communications concerning this lawsuit or its subject matter or Andrew Weiss or
Weiss Asset Management.

Response:

     Harazim's only communications with persons in Massachusetts has been with

counsel in his capacity as an agent of Kotva.  Communications between Kotva and its

counsel are privileged.

Request No. 5:

     All documents concerning Richard Harazim's travel to Massachusetts.

Response:

     Harazim will make documents responsive to Request No. 5 available for

inspection and copying.

Request No. 6:

All documents concerning communications or meetings between or among Forminster
Enterprises Ltd., including any of its directors, officers, employees, or agents; Martin
Benda; Richard Harazim; or Kotva a.s., including emails, letters, notes, memoranda,
telephone records, day planners and calendars, for the period of January 1, 2003 to
present.

Response:

   Harazim does not have any documents responsive to Request No. 6.

Request No. 7:

All documents concerning communications between or among Richard Harazim,
Vladimir Hoffman, Andrew Weiss, Frank Walker, Aidan Scully, Henry Prestage, Sean
Mulryan, Partrick Kelly or Onrej Peterka, including telephone records, day planners and
calendars, for the period January 1, 2003 to present.

Response:

   Harazim already has produced the documents responsive to this Request via

Kotva's document production. Harazim does not have any other documents responsive

to Request No. 7. Further responding, Harazim's phone bills (both land line and cell

phone) do not itemize calls. Rather, they state one lump sum charge for the month.

Thus, these bills are not responsive to Request No. 7. Additionally, counsel for

counterclaim plaintiffs stated during the Rule 37.1 conference that they did not want the

phone bills if they did not itemize the calls. Accordingly, the phone bills will not be

produced. Additionally, Harazim's personal calendar does not reference any such

communications, and therefore, is not responsive.

Request No. 8:

All documents concerning telephone calls placed or received by Richard Harazim for the
period January 1, 2003 to present during which one or more participants in the telephone
call discussed Andrew Weiss, Weiss Asset Management LLC, this lawsuit, or the subject
matter of this lawsuit.

6

Response:

Harazim already has produced the documents responsive to this Request via Kotva's document production. Harazim does not have any other documents responsive to Request No. 8. Further responding, Harazim's phone bills (both land line and cell phone) do not itemize calls. Rather, they state one lump sum charge for the month. Thus, these bills are not responsive to Request No. 7. Additionally, counsel for counterclaim plaintiffs stated during the Rule 37.1 conference that they did not want the phone bills if they did not itemize the calls. Accordingly, the phone bills will not be produced.

Request No. 9:

All documents concerning agreements between or among any two or more of the following: (a) Kotva a.s.; (b) Forminster Enterprises Ltd.; (c) Martin Benda; and (d) Richard Harazim.

Response:

Harazim does not have any documents responsive to Request No. 9.

Request No. 10:

All documents concerning Harazim's services as a director or agent of Forminster, including any employment contracts, resignation letters, or requests for resignation.

Response:

Harazim does not have any documents responsive to Request No. 10.

Request No. 11:

All documents concerning Harazim's services as a director or agent of Suringham, including any employment contracts, resignation letters, or requests for resignation.

Response:

Harazim does not have any documents responsive to Request No. 11.

Request No. 12:

All documents concerning financial transactions between or among any two or more of the following: (a) Kotva a.s. or one or more of its subsidiaries; (b) Forminster Enterprises Ltd; (c) Martin Benda; and (d) Richard Harazim.

Response:

Harazim does not have any documents responsive to Request No. 12.

Request No. 13:

One copy of each and every business card bearing Mr. Harazim's name, including any business cards from Kotva a.s., K-T-V Invest a.s. or Forminster Enterprises Ltd.

Response

Mr. Harazim will make documents responsive to Request No. 13 available for

inspection and copying.

Request No. 14:

All documents concerning J&T Bank or J&T Securities.

Response:

Harazim has already produced the documents responsive to this Request via

Kotva's document production. Harazim does not have any other documents responsive

to Request No. 14.

Request No. 15:

All documents concerning Forminster Enterprises Ltd.

Response:

Harazim does not have any documents responsive to Request No. 15.

Respectfully submitted,

RICHARD HARAZIM,

By his attorneys,

Joel G. Beckman (BBO #553086)
William C. Nystrom (BBO#559656)
Dana A. Zakarian (BBO#641058)
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Floor
Boston, Massachusetts  02116
(617) 778-9100
(617) 778-9110 (fax)

Dated:  October 10, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2006 I caused a copy of the foregoing document to be served by Email and First Class Mail upon all defendants.

Dana A. Zakarian

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF KOTVA A.S.' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS ANDREW WEISS AND WEISS ASSET MANAGEMENT, LLC

Pursuant to Rule 34 of the Federal Rules of Civil Procedure plaintiff Kotva a.s. hereby requests that defendants Andrew Weiss ("Weiss") and Weiss Asset Management ("WAM") individually and separately respond to the following document requests within the applicable time period prescribed by the Federal Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

The meaning of all non-defined terms shall be in accordance with their ordinary and accepted usage. Plaintiff adopts and incorporates by reference the definitions and instructions for discovery contained in the Federal Rules of Civil Procedure and Local Rule 26.5, and in addition, supplements them with the following definitions and instructions:

1.     "WEISS" shall refer to defendant Andrew Weiss, as well as agents, attorneys, independent contractors, experts or any person or entity acting for or on behalf of Weiss.

2.     "WAM" shall refer to defendant Weiss Asset Management, LLC and each of its

present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, and employees.

3.      "PLAINTIFF" and "KOTVA" refer to Kotva a.s.

4.      "ACTION" refers to the above-captioned action filed by Kotva in the United States District Court for the District of Massachusetts.

5.      "COMPLAINT" means the complaint Kotva filed in the Action.

6.      "ANSWER" and "COUNTERCLAIM" mean the First Amended Answer and Counterclaim Weiss and WAM filed in the Action.

7.      "DISCLOSURE" means the Initial Disclosure filed by defendants in this Action.

8.      "KT" refers to the "counterclaim defendant" KT, Inc. and any of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of KT.

9.      "CVF Ltd" refers to the "counterclaim defendant" CVF Investments, Ltd. and any of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of CVF.

10.     "CVF LLC" refers to CVF Investments LLC and any of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of CVF LLC.

11.    "BGO" refers to the Brookdale Global Opportunity Fund, its predecessor, the Czech Value Fund, and any of its present and former affiliated companies, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of BGO.

12.    "BGO SHARES" means the 11.8% block of Kotva shares originally purchased by or on behalf of BGO's predecessor.

13.    "CZECH LAWSUITS" means the legal action filed in the Czech Republic by Gilroy, KT and Balindor against Kotva a.s. and others.

14.    "IRISH INVESTORS" has the same meaning as that term is used in the Complaint.

15.    "DOCUMENT" is used in accordance with Fed. R. Civ. P. 34(a) and Local Rule 26.5, and shall include, but is not limited to, all writings of any nature whatsoever within the possession, custody or control of Weiss and/or WAM or any agent, employee, representative (including, without limitation, attorneys, subcontractors and accountants) or any other person acting or purporting to act for or on behalf of Weiss and/or WAM including, but not limited to, contracts, agreements, communications, correspondence, telegrams, memoranda, records, reports, books, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, forecasts, statistical statements, work papers, drafts, copies, graphs, charts, accounts, analytical records, minutes or records of meetings or conferences, consultants' reports, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, drafts, notes, marginal notations, bills, invoices, checks, photographs, lists, journals, diaries, advertising, computer tapes and cards

3

and all other written, printed, recorded or photographic matter or sound reproduction, however produced or reproduced. "DOCUMENT" shall also include all electronic data files, including word processing documents, spreadsheets, database files, charts, drafts, outlines, e-mail, PDF files, batch files, deleted files, and all other electronic data stored on computer memories, hard disks, floppy disks, cd-rom, or any other method.

16.    The term "DOCUMENT" includes without limitation: (a) the original and/or any non-identical original or copy, including those with any marginal note or comment or showing additions, deletions or substitutions; (b) drafts; (c) attachment to or enclosure with any document; and (d) every document referred to in any other documents.

17.    The words "AND," as well as "OR," shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

18.    "ALL" includes "any."

19.    "DATE" and "WHEN" mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

20.    All references to the singular include the plural, all references to the plural include the singular; and all references to the masculine gender include the feminine and neuter genders.

21.    The past tense of a verb used herein includes the present and vice versa.

22.    The obligation to produce the documents sought by this Document Request is of a continuing nature pursuant to Federal Rule of Civil Procedure 26(e). If at any time after responding to this Request, you should acquire actual or constructive possession, custody, care or control of any additional documents within the scope of a particular Document Request, you must identify such documents to the attorneys for the requesting parties within ten (10) days of

their receipt.

23.    In the event that the document whose production has been requested has been destroyed, state the reason for the document's destruction and the date on which the document was destroyed; identify fully the person in whose possession, custody, care, or control the document was when it was destroyed; and identify fully the person who destroyed the document or who ordered its destruction.

24.    If you claim that any document requested is privileged or constitutes work product, submit on the time and date of production a written statement for each document withheld sufficient to evaluate the claim of privilege or work product, including information that:

> a.    identifies the person who prepared or authored the document and all recipients or addressees, including recipients of copies;
>
> b.    specifies the date on which the document was prepared or transmitted;
>
> c.    describes the nature of the document (*e.g.*, letter, memorandum, notice, *etc.*)
>
> d.    identifies the subject matter of the document;
>
> e.    if the document refers or relates to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describes who those persons are; and,
>
> f.    sets forth the nature and basis for the privilege asserted.

## DOCUMENT REQUESTS

1.    All documents concerning WAM's filing system (including indices of all retained documents and files concerning Kotva) and WAM's document retention and/or destruction policy.

2.    All documents referenced and/or identified in the Answer, Counterclaim, and/or the Initial Disclosures.

3.     All documents concerning the ownership, transfer, custody, purchase or sale of any or all of the BGO Shares from 1996 to the present, including but not limited to the transfer of such shares to CVF Ltd, CVF LLC, Gilroy, and/or KT.

4.     Such documents as are sufficient to identify BGO's investors from 1996 to the present.

5.     Such documents as are sufficient to identify each and every entity in which Weiss, WAM and/or Weiss Capital has or had any ownership or other interest, including but not limited to KT, Gilroy, CVF Ltd, CVF LLC, Weiss Capital, Brookdale Group, BGO, CEPF and MCF.

6.     All communications with BGO's investors concerning Trend, Kotva, this action, the Czech Lawsuits, and/or the criminal indictment against Weiss.

7.     All documents concerning the management of BGO, including all management contracts or other agreements with Weiss, WAM, Weiss Capital, Brookdale Group, and/or Howard Golden.

8.     All documents concerning: (a) the formation of CVF LLC; (b) communications with CVF LLC; (c) the transfer/sale of Kotva or Trend shares to CVF LLC; and (d) the Czech Lawsuits.

9.     All documents concerning: (a) the formation of KT; (b) communications with KT; (c) the transfer/sale of Kotva or Trend shares to KT; and (d) the Czech Lawsuits.

10.     All documents concerning: (a) the formation of CVF Ltd; (b) communications with CVF Ltd; (c) the transfer/sale of Kotva or Trend shares to CVF Ltd; and (d) the Czech Lawsuits.

11.    All documents concerning: (a) the formation of Gilroy; (b) communications with Gilroy; (c) the transfer/sale of Kotva or Trend shares to Gilroy; and (d) the Czech Lawsuits.

12.    All documents concerning: (a) the formation of Balfindor; (b) communications with Balfindor; (c) the transfer/sale of Kotva or Trend shares to Balfindor; and (d) the Czech Lawsuits.

13.    Such documents as are sufficient to identify each current and former employee, member, officer, director, and/or shareholder of: (1) Weiss; (2) WAM; (3) Weiss Capital; (4) KT; (5) CVF Ltd; (6) CVF LLC; (7) Balfindor; and (8) Gilroy.

14.    All documents concerning and communications with the Bank of Bermuda and/or HSBC, including but not limited to any custodian agreements.

15.    All documents concerning any valuation of Kotva and/or Kotva's shares, Trend shares, and/or BGO's shares, including any valuations performed for the benefit of BGO's investors.

16.    All documents concerning any notifications or disclosures of this lawsuit or the Czech Lawsuits and/or Weiss' criminal indictment to BGO, BGO's investors and/or any governmental authority.

17.    All documents concerning the alleged threat in May 2004 "to take Kotva's only valuable asset for itself and give the minority shareholders nothing" as set forth in the "summary" to the Counterclaim.

18.    All documents concerning the authorization given to "lawyers in the Czech Republic to file lawsuits to protect the rights of the minority shareholders" of Kotva as set forth in the "summary" to the Counterclaim.

19.    All documents concerning communications between or among Weiss, Hoffmann, and Ondrej Peterka, including those communications referenced in Paragraph 22 of the Answer.

20.    All documents concerning and communications with Hoffmann, including but not limited to all contracts with Hoffmann and all bills and invoices from Hoffmann.

21.    The agreement with Hoffmann referenced in Paragraph 20 of the Counterclaim.

22.    All documents concerning Gilroy's lawsuit filed against Kotva, KN, and SPV KV referenced in Paragraph 24 of the Complaint.

23.    All documents concerning Balfindor's lawsuit against Kotva referenced in Paragraph 25 of the Complaint.

24.    All documents concerning expenses and fees billed, incurred and/or paid in connection with the Czech Lawsuits.

25.    All documents concerning communications between Gilroy's lawyers and the Czech Republic Property Registry as referenced in Paragraph 25 of the Complaint.

26.    All documents identifying the directors, officers, members, shareholders and/or employees of (1) KT; (2) Gilroy; (3) CVF Ltd; and (4) CVF LLC.

27.    All documents concerning and communications with the Irish Investors.

28.    All documents concerning Weiss' video press conference in Boston on March 15, 2005 referenced in Paragraph 41 of the Complaint, including, without limitation, all documents concerning Weiss' instructions to lawyers in the Czech Republic referred to in the press conference.

29.    All documents concerning any communications with the press involving Kotva.

30.    All documents concerning CVF LLC's ownership of shares in Kotva and Trend as referenced in Paragraphs 16 and 17 of the Counterclaim.

31.    All documents concerning the alleged meeting between Harazim and Hoffmann referenced in Paragraph 21 of the Counterclaim.

32.    All documents concerning the damages allegedly suffered by Weiss and/or WAM referenced in Paragraph 41 of the Counterclaim.

33.    All documents concerning KT's lawsuit filed against Kotva, KN, and SPV KN and all documents concerning any other lawsuits filed by KT relating to Kotva or shares in Kotva and/or Trend shares.

34.    All documents concerning the persons or entities empowered from 1996 to the present to vote the BGO Shares.

35.    All documents concerning Kotva shareholder votes and proxies, including but not limited to BGO's vote in favor of electing Benda and Harazim to the Kotva board.

36.    All documents concerning the Trend settlement with Forminster, including without limitation all communications with BGO's investors concerning the Trend settlement.

37.    All documents concerning the corporate structure of (1) WAM; (2) Weiss Capital; (3) Brookdale Group; and (4) BGO, including without limitation, the operating agreement, certificate of organization, annual reports, form SS4s, and all documents and charts showing its parents, subsidiaries and related entities.

38.    All meeting minutes of the managers and/or members of WAM, Weiss Capital, Brookdale Group, BGO, CVF Ltd, CVF LLC, KT, Gilroy, and Balfindor concerning Kotva, Trend, the Czech Lawsuits and/or Weiss' criminal indictment.

39.    All documents concerning and communications with Kotva.

40.    All documents concerning and communications with (1) Ondrej Peterka; (2) Branston Haggerty; (3) Etian Milgram; and (4) Georgiy Nitikin, relating to Trend, Kotva, this

Action, the Czech Lawsuits, and/or the BGO Shares.

41.    All documents concerning and communications with David Paul Wilson.

42.    All documents concerning a potential or contemplated transfer of BGO's shares in Trend and/or Kotva to KT.

43.    All documents concerning the lawsuit filed by Balfindor as referenced in Paragraph 25 of the Counterclaim.

44.    All documents concerning your allegation that Kotva participated in a plan to loot its own assets, abuse Czech criminal process and abuse the United States civil process, as referenced in Paragraph 69 of the Counterclaim.

45.    All documents concerning KT's ownership of shares in Kotva and Trend, as referenced in Paragraph 6 of the Counterclaim.

46.    All documents concerning Weiss's counteroffer to sell BGO's Kotva shares for 131,000,000 CZK, as referenced in Paragraph 26 of the Counterclaim.

47.    All documents concerning any effort to sell or market for sale the Kotva shares.

48.    All emails identified in Paragraph 35 of the Counterclaim.

49.    All documents concerning the criminal indictment against Weiss in the Czech Republic.

50.    All documents concerning Weiss' "advise[][to] the World Bank on the Czech Republic's capital markets" as referenced in the "summary" of the Counterclaim, and his status as a Boston University professor.

51.    All documents concerning Weiss Capital's "take-over" of BGO, alleged in Paragraph 16 of the Counterclaim.

52.    All documents concerning the registration of BGO, Weiss, WAM, and Weiss Capital with the United States Securities and Exchange Commission or any state agency.

53.    All agreements from 1996 to the present between Weiss and/or WAM with BGO, Weiss Capital, Brookdale Group, Central European Privatization Fund ("CEPF") and/or Czech Manhattan Fund ("MCF") including but not limited to management and/or advisory agreements.

54.    All documents concerning and communications with Howard Golden ("Golden") including but not limited to all agreements with Golden relating to Kotva and/or Trend, and all agreements relating to the termination of the relationship between Weiss and Golden.

55.    All documents concerning legal actions commenced by CEPF, MCF, and/or Brookdale Group in the Czech Republic, including litigation commenced against Potravinářský investiční fond, a.s."PIF" and/or První Investiční a.s. P.I.A.S. and/or IPB and/or other funds managed by PIAS.

56.    All documents concerning the EC Group v. CEPF and MCF arbitration, and/or the settlement between BGO and EG Group.

57.    All documents concerning the management of CEPF and MCF, auditor reports, the purchase of RIF shares, and all documents concerning and communications with IPB and/or Domeana.

58.    All documents concerning communications with Terra Partners.

59.    All documents concerning and communications with Domeana spol. s.r.o. and/or Investiční Poštovní banka, a.s., IPB" and/or PIAS including but not limited to all agreements entered into by Brookdale Group on behalf of CEPF and/or MCF concerning the transfer/sale of shares in PIF, Restituční investiční fond České republiky, a.s. ("RIF") and/or other funds managed by PIAS.

11

60.    All such documents concerning the accounting and use of 364.5 million CZK that CEPF and MCF received from Domeana spol. s.r.o., from the time of the receipt of such funds to the award in the CEPF and MCF Arbitration in 2003, including but not limited to documents concerning any financial benefit Brookdale Group and/or Weiss received from the 364.5 million CZK during this period.

61.    All documents concerning Czech criminal investigations of Howard Golden, Weiss and/or Brookdale Group, including but not limited to investigations related to the transfer/sale of RIF shares or other shares of funds managed by PIAS , CEPF and/or MCF.

62.    All documents concerning and communications with the State Department of the United States as referenced on page 10 of the Memorandum in Support of Motion to Compel Production of Documents dated September 23, 2005.

63.    All documents concerning the allegation in Paragraph 29 of the Counterclaim that "Benda told Hoffmann that any purchase of Kotva shares was conditioned on the relase of all claims that BGO had against the forminster Group, including claims that Forminster's shares in Kotva really belong to Trend."

Kotva a.s.

By its attorneys,

Joel G. Beckman BBO#553086
William C. Nystrom BBO#559656
Dana A. Zakarian BBO# 641058
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: December 21, 2005

## CERTIFICATE OF SERVICE

I, Joel G. Beckman hereby certify that on the 21st day of December, 2005, I served the above document to all counsel of record by hand delivery.

_Joel G. Beckman_
Joel G. Beckman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | C.A. No. 05-10679-RCL |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ANDREW WEISS, WEISS ASSET ) | |
| MANAGEMENT LLC, K T, INC. and CVF ) | |
| INVESTMENTS, LTD , ) | |
| ) | |
| Counterclaim-plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KOTVA a.s., MARTIN BENDA, RICHARD ) | |
| HARAZIM, FORMINSTER ENTERPRISES, ) | |
| LTD., SPV CO and JOHN DOES 1–5, ) | |
| ) | |
| Counterclaim-defendants. ) | |
| ) | |

## OBJECTIONS AND RESPONSES OF ANDREW WEISS AND WEISS ASSET MANAGEMENT LLC TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS OF KOTVA A.S.

## GENERAL OBJECTIONS

1. The Defendants object to Kotva's failure to describe each item or category of documents requested with "reasonable particularity." FED. R. CIV. P. 34(b).

2. The Defendants object to Kotva's failure to "specify a reasonable time, place, and manner of making the inspection and performing the related acts." FED. R. CIV. P. 34(b).

3.    The Defendants object to Kotva's characterization of these sixty-three requests as Kotva's "First Request for Production of Documents." These requests are Kotva's second set of document requests to the defendants.

4.    The Defendants object to the Definitions and Requests, including but not limited to the definition of "BGO Shares," to the extent that they assume facts that may be in dispute and do not, by responding to any request, admit that the assumed facts are true.

5.    The Defendants object to the definition of "Irish Investors" as vague in that the Defendants did not author the Complaint.

6.    The Defendants object to the use of the phrase "Weiss' criminal indictment." This phrase refers to the inaccurate, scurrilous allegation in the Complaint that there has been an "indictment" of Weiss in the Czech Republic where, to Defendants' knowledge, there has been an investigation as a result of an abusive criminal complaint filed by the counterclaim-defendants. No indictment has occurred.  Plaintiff's continued use of the phrase is further evidence of its abuse of process.

7.    The Defendants object to these requests to the extent that they have the purpose or effect of interfering with or prejudicing the ongoing defense of a pending criminal investigation.

8.    The Defendants object to these requests and the incorporated instructions and definitions to the extent they seek the disclosure of documents or other information not required under the Federal Rules of Civil Procedure and the Local Rules.

9.    The Defendants object to these requests to the extent they seek documents not in Defendants' possession, custody or control.

10.    The Defendants object to each Request where, and to the extent that, such Request calls for information that is protected by the attorney-client privilege, the work product doctrine, or any other privilege provided by law.

11.    Defendants object to each Request to the extent that it encompasses work product that was created after the filing of this case or any related Czech civil or criminal case.

12.    Defendants object to each Request to the extent that it calls for the inspection of documents in their custody in which third parties may have an interest.

13.    For any inspection and production that occurs in this case, the Defendants specifically reserve the right to assert and maintain privilege objections as to any privileged documents that may be inadvertently produced in response to these Requests. The Defendants expect that Kotva's counsel will return any inadvertently produced document containing attorney-client privileged, work product or any other privileged and/or protected communication or information.

14.    Any response by the Defendants inconsistent with its objections shall not be deemed a waiver of such objections.

15.    No response or objection set forth herein may be deemed an admission that the information that Kotva a.s. requests: (a) is relevant to the subject matter of this lawsuit or is reasonably calculated to lead to the discovery of admissible evidence; and/or (b) is admissible in evidence in this case.

16.    Subject to and without waiving any of their objections, Defendants reserve the right to supplement these responses, as needed, should they later obtain or locate additional, responsive documents.

## RESPONSES TO SPECIFIC REQUESTS

1.    All documents concerning WAM's filing system (including indices of all retained documents and files concerning Kotva) and WAM's document retention and/or destruction policy.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

2.    All documents referenced and/or identified in the Answer, Counterclaim, and/or the Initial Disclosures.

**RESPONSE:**

Subject to the General Objections above, the Defendants will produce non-privileged responsive documents.

3.    All documents concerning the ownership, transfer, custody, purchase or sale of any or all of the BGO Shares from 1996 to the present, including but not limited to the transfer of such shares to CVF Ltd, CVF LLC, Gilroy, and/or KT.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome. Subject to the General Objections above, the Defendants will produce such documents as are sufficient to identify all transfers, including purchases and sales, and changes in custody, of the BGO Shares from 1996 to the present for which the Defendants have one or more documents evidencing such a transfer or change in custody.

4.    Such documents as are sufficient to identify BGO's investors from 1996 to the

present.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce such documents as are sufficient to identify the shareholders of the Czech Value Fund as of September 30, 2000.

5.    Such documents as are sufficient to identify each and every entity in which Weiss, WAM and/or Weiss Capital has or had any ownership or other interest, including but not limited to KT, Gilroy, CVF Ltd, CVF LLC, Weiss Capital, Brookdale Group, BGO, CEPF and MCF.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce such documents as are sufficient to identify any ownership interest Weiss, WAM or Weiss Capital has or had in K T, Inc., Gilroy, CVF Investments Ltd., CVF Investments LLC, Weiss Capital LLC, Weiss Asset Management LLC, Brookdale Group, BGO, CEPF and MCF to the extent that the Defendants have documents reflecting any such ownership interests.

6.    All communications with BGO's investors concerning Trend, Kotva, this action, the Czech Lawsuits, and/or the criminal indictment against Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible

evidence. Defendants further object to the use of the phrase "criminal indictment against Weiss" This phrase refers to the inaccurate, scurrilous allegation in the Complaint that there has been an "indictment" of Weiss in the Czech Republic where, to Defendants' knowledge, there has been an investigation as a result of an abusive criminal complaint filed by the counterclaim-defendants. No indictment has occurred. Plaintiff's continued use of the phrase is further evidence of its abuse of process. The Defendants further object to this request to the extent that it has the purpose or effect of interfering with or prejudicing the ongoing defense of a pending criminal investigation. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

7.    All documents concerning the management of BGO, including all management contracts or other agreements with Weiss, WAM, Weiss Capital, Brookdale Group, and/or Howard Golden.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce, for the time period beginning when Weiss Capital LLC took over as BGO's investment manager to the present, documents concerning the management of the BGO Shares.

8.    All documents concerning: (a) the formation of CVF LLC; (b) communications with CVF LLC; (c) the transfer/sale of Kotva or Trend shares to CVF LLC; and (d) the Czech Lawsuits.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome,

overly broad, not reasonably calculated to lead to the discovery of admissible evidence and calls for the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

      9.     All documents concerning: (a) the formation of KT; (b) communications with KT; (c) the transfer/sale of Kotva or Trend shares to KT; and (d) the Czech Lawsuits.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is repetitive, unduly burdensome, overly broad, not reasonably calculated to lead to the discovery of admissible evidence and calls for the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

      10.    All documents concerning: (a) the formation of CVF Ltd; (b) communications with CVF Ltd; (c) the transfer/sale of Kotva or Trend shares to CVF Ltd; and (d) the Czech Lawsuits.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is repetitive, unduly burdensome, overly broad, not reasonably calculated to lead to the discovery of admissible evidence and calls for the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

      11.    All documents concerning: (a) the formation of Gilroy; (b) communications with Gilroy; (c) the transfer/sale of Kotva or Trend shares to Gilroy; and (d) the Czech Lawsuits.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is repetitive, unduly burdensome, overly broad, not reasonably calculated to lead to the discovery of admissible evidence and calls for the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

12. All documents concerning: (a) the formation of Balfindor; (b) communications with Balfindor; (c) the transfer/sale of Kotva or Trend shares to Balfindor; and (d) the Czech Lawsuits.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is repetitive, unduly burdensome, overly broad, not reasonably calculated to lead to the discovery of admissible evidence and calls for the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

13. Such documents as are sufficient to identify each current and former employee, member, officer, director, and/or shareholder of: (1) Weiss; (2) WAM; (3) Weiss Capital; (4) KT; (5) CVF Ltd; (6) CVF LLC; (7) Balfindor; and (8) Gilroy.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence Subject to these Objections and the General Objections above, the Defendants will produce such documents as are sufficient to identify the requested individuals to the extent that the Defendants

8

have such documents in their possession, custody or control.

14.    All documents concerning and communications with the Bank of Bermuda and/or HSBC, including but not limited to any custodian agreements.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. In view of Kotva's other Requests and the Defendants' Responses thereto, there are no documents responsive to this Request that are properly discoverable that are not being produced in response to another Request. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged, responsive documents concerning the BGO Shares from 1996 to the present.

15.    All documents concerning any valuation of Kotva and/or Kotva's shares, Trend shares, and/or BGO's shares, including any valuations performed for the benefit of BGO's investors.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence and to the extent that it calls for the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents concerning any valuation of Kotva and/or Kotva's shares, Trend shares, and/or the BGO Shares. The Defendants will not produce documents concerning valuations of shares in any company other than Kotva or Trend.

16.   All documents concerning any notifications or disclosures of this lawsuit or the Czech Lawsuits and/or Weiss' criminal indictment to BGO, BGO's investors and/or any governmental authority.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the use of the phrase "Weiss' criminal indictment." This phrase refers to the inaccurate, scurrilous allegation in the Complaint that there has been an "indictment" of Weiss in the Czech Republic where, to Defendants' knowledge, there has been an investigation as a result of an abusive criminal complaint filed by the counterclaim-defendants. No indictment has occurred. Plaintiff's continued use of the phrase is further evidence of its abuse of process. The Defendants further object to this request to the extent that it has the purpose or effect of interfering with or prejudicing the ongoing defense of a pending criminal investigation. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

17.   All documents concerning the alleged threat in May 2004 "to take Kotva's only valuable asset for itself and give the minority shareholders nothing" as set forth in the "summary" to the Counterclaim.

**RESPONSE:**

The Defendants object to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

18.    All documents concerning the authorization given to "lawyers in the Czech Republic to file lawsuits to protect the rights of the minority shareholders" of Kotva as set forth in the "summary" to the Counterclaim.

**RESPONSE:**

The Defendants object to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

19.    All documents concerning communications between or among Weiss, Hoffmann, and Ondrej Peterka, including those communications referenced in Paragraph 22 of the Answer.

**RESPONSE:**

The Defendants object to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

20.    All documents concerning and communications with Hoffmann, including but not limited to all contracts with Hoffmann and all bills and invoices from Hoffmann.

**RESPONSE:**

The Defendants object to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

21.    The agreement with Hoffmann referenced in Paragraph 20 of the Counterclaim.

**RESPONSE:**

The Defendants will produce the agreement with Hoffmann referenced in Paragraph 20 of the Counterclaim

22.    All documents concerning Gilroy's lawsuit filed against Kotva, KN, and SPV KV referenced in Paragraph 24 of the Complaint.

**RESPONSE:**

The Defendants object to this Request to the extent that it calls for the production of documents not within the possession, custody or control of the Defendants and the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents

23.    All documents concerning Balfindor's lawsuit against Kotva referenced in Paragraph 25 of the Complaint.

**RESPONSE:**

The Defendants object to this Request to the extent that it calls for the production of documents not within the possession, custody or control of the Defendants and the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

24.    All documents concerning expenses and fees billed, incurred and/or paid in connection with the Czech Lawsuits.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly

burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent that it calls for the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce such documents as are sufficient to identify the entity or entities who have submitted and paid bills for expenses and fees in connection with the Czech Lawsuits.

25.     All documents concerning communications between Gilroy's lawyers and the Czech Republic Property Registry as referenced in Paragraph 25 of the Complaint.

**RESPONSE:**

The Defendants object to this Request to the extent that it calls for the production of documents outside their possession, custody or control and calls for the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants do not believe that they have any non-privileged responsive documents, but will conduct a further search and produce any non-privileged responsive documents that they locate.

26.     All documents identifying the directors, officers, members, shareholders and/or employees of (1) KT; (2) Gilroy; (3) CVF Ltd; and (4) CVF LLC.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is repetitive, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. In view of Kotva's Request No. 13 and the Defendants' response thereto, the Defendants will not produce any additional documents in response to this Request.

27.     All documents concerning and communications with the Irish Investors

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

28.    All documents concerning Weiss' video press conference in Boston on March 15, 2005 referenced in Paragraph 41 of the Complaint, including, without limitation, all documents concerning Weiss' instructions to lawyers in the Czech Republic referred to in the press conference.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent it calls for the production of documents that are protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

29.    All documents concerning any communications with the press involving Kotva.

**RESPONSE:**

The Defendants object to this Request the extent it calls for the production of documents that are protected by the attorney-client privilege and work product doctrine. Subject to the General Objections above, the Defendants will produce non-privileged responsive documents.

30.    All documents concerning CVF LLC's ownership of shares in Kotva and Trend as referenced in Paragraphs 16 and 17 of the Counterclaim.

**RESPONSE:**

The Defendants object to this Request on the grounds that it misrepresents the allegations in the Counterclaim, is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent it calls for the production of documents that are protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce such documents as are sufficient to establish CVF Investments Ltd.'s ownership of shares in Kotva and Trend.

31.    All documents concerning the alleged meeting between Harazim and Hoffmann referenced in Paragraph 21 of the Counterclaim.

**RESPONSE:**

The Defendants object to this Request on the grounds to the extent it calls for the production of documents that are protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

32.    All documents concerning the damages allegedly suffered by Weiss and/or WAM referenced in Paragraph 41 of the Counterclaim.

**RESPONSE:**

The Defendants object to this Request to the extent it calls for the production of documents that are protected by the attorney-client privilege and work product doctrine or documents that are within the scope of the parties' agreement not to produce bills for legal services until such time as the court is considering attorneys' fees as an element of damages. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents. Weiss and WAM continue to suffer damages on an ongoing basis, and additional documents may be created concerning those damages. The Defendants will

make supplemental productions as new documents come to their attention.

33.    All documents concerning KT's lawsuit filed against Kotva, KN, and SPV KN and all documents concerning any other lawsuits filed by KT relating to Kotva or shares in Kotva and/or Trend shares.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is repetitive, unduly burdensome, overly broad, not reasonably calculated to lead to the discovery of admissible evidence and calls for the production of documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

34.    All documents concerning the persons or entities empowered from 1996 to the present to vote the BGO Shares.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad, not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

35.    All documents concerning Kotva shareholder votes and proxies, including but not limited to BGO's vote in favor of electing Benda and Harazim to the Kotva board.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object on the grounds that, to the Defendants' knowledge, BGO did not

authorize any vote in favor of electing Benda or Harazim to Kotva's board. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

36.    All documents concerning the Trend settlement with Forminster, including without limitation all communications with BGO's investors concerning the Trend settlement.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad, not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

37.    All documents concerning the corporate structure of (1) WAM; (2) Weiss Capital; (3) Brookdale Group; and (4) BGO, including without limitation, the operating agreement, certificate of organization, annual reports, form SS4s, and all documents and charts showing its parents, subsidiaries and related entities.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad, not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce such operating agreements, certificates of organization and annual reports as are in their possession, custody or control for WAM, Weiss Capital, Brookdale Group and BGO

38.    All meeting minutes of the managers and/or members of WAM, Weiss Capital, Brookdale Group, BGO, CVF Ltd, CVF LLC, KT, Gilroy, and Balfindor concerning Kotva, Trend, the Czech Lawsuits and/or Weiss' criminal indictment.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent that it calls for documents protected by the attorney-client privilege and work product doctrine. Defendants further object to the use of the phrase "Weiss' criminal indictment." This phrase refers to the inaccurate, scurrilous allegation in the Complaint that there has been an "indictment" of Weiss in the Czech Republic where, to Defendants' knowledge, there has been an investigation as a result of an abusive criminal complaint filed by the counterclaim-defendants. No indictment has occurred. Plaintiff's continued use of the phrase is further evidence of its abuse of process. The Defendants further object to this request to the extent that it has the purpose or effect of interfering with or prejudicing the ongoing defense of a pending criminal investigation. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

39.    All documents concerning and communications with Kotva.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome and overly broad and to the extent that it calls for documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

40.    All documents concerning and communications with (1) Ondrej Peterka; (2) Branston Haggerty; (3) Etian Milgram; and (4) Georgiy Nitikin, relating to Trend, Kotva, this Action, the Czech Lawsuits, and/or the BGO Shares.

**RESPONSE:**

18

The Defendants object to this Request on the grounds that it is vague, unduly burdensome and overly broad and to the extent that it calls for documents not within the Defendants' custody, possession or control and documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

41.    All documents concerning and communications with David Paul Wilson.

**RESPONSE:**

Subject to the General Objections above, the Defendants will produce non-privileged responsive documents.

42.    All documents concerning a potential or contemplated transfer of BGO's shares in Trend and/or Kotva to KT.

**RESPONSE:**

The Defendants object to this request on the grounds that it is vague and assumes that BGO has shares in Trend and/or Kotva. Subject to this Objection and the General Objections above, the Defendants will produce non-privileged responsive documents.

43.    All documents concerning the lawsuit filed by Balfindor as referenced in Paragraph 25 of the Counterclaim.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is repetitive, unduly burdensome, overly broad, not reasonably calculated to lead to the discovery of admissible evidence and to the extent it calls for the production of documents outside of the Defendants' possession, custody or control or protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will

produce non-privileged responsive documents.

44.    All documents concerning your allegation that Kotva participated in a plan to loot its own assets, abuse Czech criminal process and abuse the United States civil process, as referenced in Paragraph 69 of the Counterclaim.

**RESPONSE:**

The Defendants object to this Request to the extent it calls for the production of documents that are protected by the attorney-client privilege and work product doctrine. The Defendants further object to this request to the extent that it has the purpose or effect of interfering with or prejudicing the ongoing defense of a pending criminal investigation. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

45.    All documents concerning KT's ownership of shares in Kotva and Trend, as referenced in Paragraph 6 of the Counterclaim.

**RESPONSE:**

The Defendants object to this Request to the extent it calls for the production of documents that are protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

46.    All documents concerning Weiss's counteroffer to sell BGO's Kotva shares for 131,000,000 CZK, as referenced in Paragraph 26 of the Counterclaim.

**RESPONSE:**

The Defendants object to this Request to the extent it calls for the production of documents that are protected by the attorney-client privilege and work product doctrine. Subject

to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

47.    All documents concerning any effort to sell or market for sale the Kotva shares.

**RESPONSE:**

The Defendants object to this Request on the grounds that it vague.  Subject to this Objection and the General Objections above, the Defendants will produce non-privileged documents concerning any effort to sell or market for sale the BGO shares.

48.    All emails identified in Paragraph 35 of the Counterclaim.

**RESPONSE:**

The Defendants will produce the emails identified in Paragraph 35 of the Counterclaim

49.    All documents concerning the criminal indictment against Weiss in the Czech Republic.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent that it calls for documents protected by the attorney-client privilege and work product doctrine.  Defendants further object to the use of the phrase "criminal indictment against Weiss."  This phrase refers to the inaccurate, scurrilous allegation in the Complaint that there has been an "indictment" of Weiss in the Czech Republic where, to Defendants' knowledge, there has been an investigation as a result of an abusive criminal complaint filed by the counterclaim-defendants. No indictment has occurred.  Plaintiff's continued use of the phrase is further evidence of its abuse of process.  The Defendants further object to this request to the extent that it has the purpose or effect of interfering with or

prejudicing the ongoing defense of a pending criminal investigation. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged documents concerning the criminal investigation of Weiss in the Czech Republic.

50.    All documents concerning Weiss' "advise[][to] the World Bank on the Czech Republic's capital markets" as referenced in the "summary" of the Counterclaim, and his status as a Boston University professor.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents.

51.    All documents concerning Weiss Capital's "take-over" of BGO, alleged in Paragraph 16 of the Counterclaim.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent that it calls for documents protected by the attorney-client privilege and work product doctrine. Defendants further object to Kotva's mischaracterization of the counterclaim, which states in pertinent part, that "[i]n 2002, Weiss Capital took over the management of Brookdale Global Opportunity Fund ('BGO')." Subject to these Objections and the General Objections above, the Defendants will produce such documents as are sufficient to establish the fact and timing of BGO's decision to select Weiss Capital as its manager.

52.    All documents concerning the registration of BGO, Weiss, WAM, and Weiss

Capital with the United States Securities and Exchange Commission or any state agency.

**RESPONSE:**

The Defendants object to this Request as vague. The Defendants reserve all other objections. The Defendants do not believe that they have any responsive documents, but, upon clarification of the request, may be able to locate non-privileged responsive documents.

53.    All agreements from 1996 to the present between Weiss and/or WAM with BGO, Weiss Capital, Brookdale Group, Central European Privatization Fund ("CEPF") and/or Czech Manhattan Fund ("MCF") including but not limited to management and/or advisory agreements.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce, for the period September 2002 to present, copies of any agreements between Weiss and BGO, Weiss Capital and Brookdale Group. The Defendants have no documents containing agreements between WAM and any listed entity and no documents containing agreements between Weiss and CEPF or MCF.

54.    All documents concerning and communications with Howard Golden ("Golden") including but not limited to all agreements with Golden relating to Kotva and/or Trend, and all agreements relating to the termination of the relationship between Weiss and Golden.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants state that they

have no agreements with Howard Golden relating to Kotva and/or Trend, but that they will produce all non-privileged communications with Howard Golden relating to Kotva and/or Trend.

55.    All documents concerning legal actions commenced by CEPF, MCF, and/or Brookdale Group in the Czech Republic, including litigation commenced against Potravinářský investiční fond, a.s."PIF" and/or První Investiční a.s. P.I.A.S. and/or IPB and/or other funds managed by PIAS.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

56.    All documents concerning the <u>EC Group v. CEPF and MCF</u> arbitration, and/or the settlement between BGO and EG Group.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

57.    All documents concerning the management of CEPF and MCF, auditor reports, the purchase of RIF shares, and all documents concerning and communications with IPB and/or Domeana.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

58.    All documents concerning communications with Terra Partners.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome,

overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

59.    All documents concerning and communications with Domeana spol. s.r.o. and/or Investiční Poštovní banka, a.s., IPB" and/or PIAS including but not limited to all agreements entered into by Brookdale Group on behalf of CEPF and/or MCF concerning the transfer/sale of shares in PIF, Restituční investiční fond České republiky, a.s. ("RIF") and/or other funds managed by PIAS.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

60.    All such documents concerning the accounting and use of 364.5 million CZK that CEPF and MCF received from Domeana spol. s.r.o., from the time of the receipt of such funds to the award in the CEPF and MCF Arbitration in 2003, including but not limited to documents concerning any financial benefit Brookdale Group and/or Weiss received from the 364.5 million CZK during this period.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

61.    All documents concerning Czech criminal investigations of Howard Golden, Weiss and/or Brookdale Group, including but not limited to investigations related to the transfer/sale of RIF shares or other shares of funds managed by PIAS , CEPF and/or MCF.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome,

overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request on the grounds that there are, to the Defendants' knowledge no Czech criminal investigations of Howard Golden or Brookdale Group. The Defendants further object to this request to the extent that it has the purpose or effect of interfering with or prejudicing the ongoing defense of a pending criminal investigation. In view of Kotva's other Requests and the Defendants' Responses thereto, there are no documents responsive to this Request that are properly discoverable that are not being produced in response to another Request. Accordingly, the Defendants will produce no additional documents in response to this Request.

62.    All documents concerning and communications with the State Department of the United States as referenced on page 10 of the Memorandum in Support of Motion to Compel Production of Documents dated September 23, 2005.

**RESPONSE:**

The Defendants object to this request to the extent that it has the purpose or effect of interfering with or prejudicing the ongoing defense of a pending criminal investigation. Subject this Objection and the General Objections above, the Defendants will produce non-privileged responsive documents.

63.    All documents concerning the allegation in Paragraph 29 of the Counterclaim that "Benda told Hoffmann that any purchase of Kotva shares was conditioned on the relase of all claims that BGO had against the forminster Group, including claims that Forminster's shares in Kotva really belong to Trend."

**RESPONSE:**

Subject to the General Objections above, the Defendants will produce non-privileged

responsive documents.

ANDREW WEISS and WEISS ASSET
MANAGEMENT LLC

By their attorneys,

Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654257)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: January 27, 2006

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the 27th day of January, 2006, a true and correct copy of the foregoing document was served by first class mail and electronic mail on counsel for each other party.

Benjamin A. Goldberger

BST99 1486458-2 072198 0012

27

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. | ) | |
|  | ) | |
|  | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
|  | ) | |
| v. | ) | |
|  | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC | ) | |
|  | ) | |
| Defendants. | ) | |
|  | ) | |

## SECOND REQUEST FOR PRODUCTION OF
## DOCUMENTS OF PLAINTIFF KOTVA A.S.' DIRECTED TO
## DEFENDANTS ANDREW WEISS AND WEISS ASSET MANAGEMENT, LLC

Pursuant to Rule 34 of the Federal Rules of Civil Procedure plaintiff Kotva a.s. hereby requests that defendants Andrew Weiss ("Weiss") and Weiss Asset Management ("WAM") individually and separately respond to the following document requests within the applicable time period prescribed by the Federal Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

The meaning of all non-defined terms shall be in accordance with their ordinary and accepted usage. Plaintiff adopts and incorporates by reference the definitions and instructions for discovery contained in the Federal Rules of Civil Procedure and Local Rule 26.5, and in addition, supplements them with the following definitions and instructions:

1.    "WEISS" shall refer to defendant Andrew Weiss and any of his agents, attorneys, employees, or companies, including without limitation, Weiss Asset Management LLC and Weiss Capital LLC.

2.  "WAM" shall refer to Weiss Asset Management LLC and each of its present and former affiliated companies, predecessors, successors, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, as well as agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of Weiss, and all other persons acting or purporting to act on their behalf.

3.  "PLAINTIFFS" and "KOTVA" refer to Kotva a.s.

4.  "ACTION" refers to the above-captioned action filed by Kotva in the United States District Court for the District of Massachusetts.

5.  "COMPLAINT" means the complaint Kotva filed in the Action.

6.  "ANSWER" or "COUNTERCLAIM" means the First Amended Answer and Counterclaim Weiss filed in the Action.

7.  "DISCLOSURE" means the Initial Disclosure Weiss filed in this Action.

8.  "GOLDEN" shall refer to Howard Golden and any of his agents, attorneys, employees, or companies.

9.  "BGO" refers to the Brookdale Global Opportunity Fund.

10.  "TBG" refers to the Brookdale Group, Ltd. and each of its present and former affiliated companies, predecessors or successors, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, as well as agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of TBG, and all other persons acting or purporting to act on their behalf.

11.  "ECG" refers to the EC Group a.s. and each of its present and former affiliated companies, predecessors or successors, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, as well as agents, attorneys, independent

2

contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of ECG, and all other persons acting or purporting to act on their behalf.

12.    "BIP" refers to Brookdale International Partners, LP and each of its present and former affiliated companies, predecessors or successors, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, as well as agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of ECG, and all other persons acting or purporting to act on their behalf.

13.    "CVF" refers to the Czech Value Fund.

14.    "MA" refers to Managed Accounts.

15.    "CEPF" refers to Central European Privatization Fund, L.P.

16.    "MCF" refers to Manhattan Czech Fund, L.P.

17.    "RIF" refers to Restitution Investment Fund.

18.    "MIP" refers to Manhattan International Partners, L.P. and each of its present and former affiliated companies, predecessors or successors, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, as well as agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of MIP, and all other persons acting or purporting to act on their behalf.

19.    "Weiss Funds" refers to TBG, CEPF, MIP, MCF, CVF, MA, Weiss, WAM, BGO, and any other investment funds that are controlled or managed by Weiss, WAM, or Weiss Capital.

20.    "KT" refers to KT, Inc. and each of its present and former affiliated companies, predecessors or successors, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, as well as agents, attorneys, independent contractors,

subcontractors, experts or any person or entity owned by or acting for or on behalf of KT, and all other persons acting or purporting to act on their behalf.

21.    "Gilroy" refers to Gilroy Limited and each of its present and former affiliated companies, predecessors or successors, partnerships, divisions, subdivisions, representatives, directors, officers, shareholders, employees, as well as agents, attorneys, independent contractors, subcontractors, experts or any person or entity owned by or acting for or on behalf of Gilroy, and all other persons acting or purporting to act on their behalf.

22.    "Czech Lawsuits" refers to the lawsuits filed by Gilroy and KT against Kotva in the Czech Republic.

23    "Hoffmann" refers to Vladimir Hoffmann and any of his agents, attorneys, employees, or companies.

24.    "Harazim" refers to Richard Harazim.

25.    "Benda" refers to Martin Benda.

26    "DOCUMENTS" is defined as set forth in Local Rule 25.6 and is further defined to include, without limitation, whether typed, printed, recorded, microfilmed, microfiched or reproduced by any other mechanical or electronic process, or written or produced by hand, namely: agreements; communications, including intracompany communications; correspondence; telegrams; memoranda; agenda; records; books; summaries of records of personal or telephone conversations or interviews; telephone logs; personal telephone directors; diaries; forecasts; statistical statements; accountants' work papers; graphs; charts; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; records; reports and/or summaries of negotiations; brochures; pamphlets; circulars;

trade letters; press releases; contracts; notes; projections; drafts of any documents; working papers; business cards; checks, front and back; check stubs or receipts; purchase orders; invoices; credit memoranda; any other documents or writings or mockups, paste-ups or any other graphic design format of whatever description including, but not limited to, any information contained in any computer within your possession, custody or control or in the possession, custody or control of any agent, employee (including without limitations, accountants and investment bankers and/or advisors), or other persons acting or purporting to act on your behalf.

27.     The term "document" also means:  (a) the original and/or any non-identical original or copy, including those with any marginal note or comment or showing additions, deletions or substitutions; (b) drafts; (c) attachment to or enclosure with any document; and (d) every document referred to in any other document.

28.     "COMMUNICATION" is defined as set forth in Local Rule 25.6 and is further defined to include, without limitation, any manner or form of information or message transmission, however produced or reproduced, whether by document, computer, orally or otherwise, that is made, distributed or circulated between or among persons or computer storage, and any and all documents containing, consisting of or in any way relating or referring to a communication.

29.     "CONCERNING" is defined as set forth in Local Rule 26.5 and is further defined to include, without limitation, consist of, comment upon, refer to, relate to, pertain to or in any way be logically or factually connected with the matter discussed.

30.     "PERSON" is defined as set forth in Local Rule 26.5 and is further defined to include, without limitation, any natural person, corporation, partnership, unincorporated association, government, government agency or any other entity.

5

31.    The terms "YOU" or "YOUR" or "YOURS" mean the defendants and any of its past or present agents, representatives or other persons acting for or on their behalf.

32.    "IDENTIFY" or "IDENTITY" when used to refer to any entity other than a natural person, is defined as set forth in Local Rule 26.5 and is further defined to mean to state its full name, the present or last known address of its principal office or place of doing business, and the type of entity (e.g., corporation, partnership, unincorporated association).

33.    "IDENTIFY" or "IDENTITY" when used to refer to a natural person is defined as set forth in Local rule 26.5 and is further defined to mean to state the following:

        (i)    the person's full name and present or last known home address, home telephone number, business address and business telephone number;

        (ii)    the person's present title and employer or other business affiliation;

34.    "IDENTIFY" or 'IDENTITY" when used to refer to a document is defined as set forth in Local Rule 26.5 and is further defined to mean to state the following:

        (i)    the subject matter of the document;

        (ii)    the title of the document;

        (iii)    the type of document (e.g., letter, memorandum, telegram, chart);

        (iv)    the date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such date;

        (v)    the identity of the person or persons who wrote, contributed to, prepared or originated such document;

        (vi)    the identity of the person(s) to whom the document was addressed; and

        (vii)    the present or last known location and custodian of the document.

35.    "IDENTIFY" or "IDENTITY" when used to refer to a litigation or arbitration means to state:

        (i)    the parties;

    (ii)    the venue;

    (iii)   the nature of the dispute

    (iv)   all claims asserted therein;

    (v)    the current status;

    (vi)   any resolution;

    (vii)   any settlement; and

    (viii)  any satisfaction of judgment

36.    The term "state the basis" of or for a particular claim, assertion, allegation, or contention, is defined as set forth in Local Rule 26.5 and is further defined to mean to:

    (i)    identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of a source of a party's information regarding the alleged facts or legal conclusions referred to by the Interrogatories;

    (ii)   identify each and every communication that forms any part of a source of a party's information regarding the alleged facts or legal conclusions referred to by the Interrogatories;

    (iii)   state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating a nature, time, and place in identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the Interrogatories; and

    (iv)   state separately and other facts which forms the basis of a party's information regarding the alleged facts or conclusions referred to in the Interrogatories.

## DOCUMENT REQUESTS

1.    All documents concerning business negotiations between Weiss and Hoffmann from January 2000 to the present date.

2.    All documents concerning Weiss' purpose, motive and intent in filing the Gilroy and/or KT lawsuits in the Czech Republic.

3.    All documents concerning business discussions between Weiss and anyone else about whether to bring litigation in order to recover the value of the Kotva or Trend shares.

4.    All documents concerning communications with Madeline Albright and/or The Albright Group, including, without limitation, any bills from either of them for services rendered.

5.    All documents concerning any contracts, engagement letters, or fee agreements with Ondrej Peterka, and/or any other Czech counsel, involving the Czech Lawsuits, Kotva, and/or the Czech criminal charges against Weiss.

6.    All communications concerning the Czech criminal charges against Weiss.

7.    All documents concerning Weiss' challenge to the subpoena to testify at the U.S. Attorneys' Office served under the Mutual Legal Assistance Treaty, as referenced on page 5 of the Memorandum in Support of Andrew Weiss' Motion for a Protective Order, including any documents or filings submitted to the United States District Court for the District of Massachusetts

8.    All documents concerning the service of the Czech criminal charges upon Weiss.

9.    All communications concerning the Czech criminal charges against Weiss.

10.    All documents from the Czech criminal file.

11.    All documents concerning communications with Hoffmann and Edita Simkova involving the Czech criminal charges.

12.    All documents concerning any filing of a petition or complaint under the Bilateral Investment Treaty.

13.    All documents concerning any effort by Weiss (or anyone acting on his behalf, including, without limitation, lawyers, politicians, consultants or investors) to have the Czech

criminal charges against him dismissed.

14.    All documents concerning communications with the Bank of Bermuda, HSBC, and/or CSOB concerning Kotva and/or Kotva's shares held by TBG, CVF, CVF Ltd, BGO, KT and/or Gilroy, including, without limitation, all custodian agreements, emails, letters and/or invoices for custody or other services.

15.    All documents concerning communications with Ladislav Pavek, SIAS s.r.o., or any other private investigator concerning Kotva, Richard Harazim, Martin Benda, the Czech Lawsuits, Forminster, Trend, and/or the Czech criminal charges against Weiss.

16.    All documents identifying the legal or beneficial owners of BIP and BGO that hold interests in the segregated assets.

17.    All documents concerning Golden's appointment to and service on the Board of Kotva

18.    All communications with BGO investors and/or BIP investors concerning the ring fencing of Kotva's shares at 373 CZK per share, and BGO's (or their custodians or brokers) subsequent purchase of Kotva's shares at a price in excess of 1400 CZK per share.

19.    All documents concerning TBG's and/or BGO's purchase of Kotva's shares in 2000, including any communications involving confidential insider information utilized in the purchase of such shares.

20.    All documents concerning the factual allegations in the Answer and Counterclaim.

21.    All documents concerning BGO's and efforts to sell its Kotva and/or Trend.

22.    All documents supporting Weiss' representation in his August 23, 2004 letter (attached hereto) that "we do not exert control over Gilroy (and Ballfindor) or petitions

9

submitted by them."

     23.     All documents supporting Weiss' representation in his email to Richard Harazim dated January 6, 2006 (attached hereto) that "KT is not controlled by Weiss Asset Management."

     24.     All documents concerning communications with BGO investors and BIP investors concerning Kotva, this Action, the Czech criminal charges against Weiss and/or the Czech Lawsuits, since the filing of this Action to the present date.

     25.     All documents concerning communications with BGO investors and/or BIP investors concerning the dismissal of Weiss' claims in this Action.

     26.     All documents concerning communications with BGO investors and/or BIP investors concerning any changes to the Investment Management Agreement of BGO and of BIP after the filing of this Action, and all documents concerning the reasons for such changes.

     27.     All documents concerning communications with BGO investors and/or BIP investors concerning their liability to pay legal fees incurred in this Action and/or pay any judgments entered in this Action against Weiss or WAM.

     28.     All documents concerning communications with BGO investors and/or BIP investors concerning the transfer of the segregated assets (including Kotva shares) from BGO to entities owned or controlled by Weiss.

     29.     All documents concerning communications with BIP investors and/or BGO investors concerning loans to CVF Ltd.

     30.     All documents concerning communications supporting Weiss' allegations that Richard Harazim, Martin Benda, and/or Kotva agents are members of Russian organized crime as Weiss has reported to the press.

     31.     All documents concerning communications with the Federal Bureau of

Investigation.

32.    All documents concerning any criminal complaints filed against Richard Harazim, Martin Benda or any other representatives of Kotva.

33.    All documents concerning communications with Markland, Markland's bank and/or Markland's attorneys.

34    All documents concerning the proposed sale of CVF's Kotva shares in 2000 though Erste Bank, Ceska Sporitlena, and Zivnostenska Bank.

35.    All documents concerning the use of the segregated assets to purchase shares in KT, including, without limitation, any disclosures or notifications to BGO investors or to BIP investors.

36.    All documents concerning the use of segregated assets to fund the Czech Lawsuits, and/or this Action, including, without limitation, any disclosures or notifications to BGO investors or BIP investors.

37.    All documents supporting Weiss' contention in his motion for a protective order seeking to postpone his deposition that "[T]he collusion between K-T-V and the Czech police creates an unfair situation in which the investigative power of the Czech police is enlarged through K-T-V's use of this Court's discovery rules and leverage is increased through the criminal investigation. . . . This is exactly the sort of unfair advantage K-T-V seeks to secure through the influence over Czech law enforcement."

38.    All documents supporting Weiss' contention in paragraph 76 of his counterclaim that "[b]y selling the Department Store and keeping the proceeds for themselves, counterclaim defendants Benda, Harazim Forminster, SPV CO and John Does 1-5 have unjustly enriched themselves at the expense of counterclaim plaintiffs KT, Inc. and CVF Investments Ltd."

39.    All documents concerning donations made by Weiss or Bonnie Weiss to Senator John Kerry, Senator Joseph Biden, Senator Edward Kennedy and/or Congressman Barney Frank.

40.    All documents concerning communications with Danielle Weiss involving the press, Kotva, this Action, the Czech criminal charges against Weiss and/or the Czech Lawsuits.

41.    All documents concerning the prospective deal with "an international investment banking firm to sell all of the Kotva shares" as referenced in the September 30, 2000 report to BGO investors.

42.    All documents concerning the 2003 uncontested mandatory cash offer by Red Apple Investments, LLC of shares in Investec European Growth & Income Trust Ltd.

43.    All communications and agreements with Starlight Investments Limited concerning the company Investec European Growth & Income Trust Ltd. "IEO" including, without limitation, communications and agreements concerning IEO shares, the voting rights to IEO shares and the proceeds from the winding up of IEO.

Kotva a.s.

By its attorneys,

_____

Joel G. Beckman BBO#553086
William C. Nystrom BBO#559656
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: June 22, 2006

## CERTIFICATE OF SERVICE

I, Joel G Beckman hereby certify that on the 22nd day of June, 2006, I served the above document to all counsel of record by email and hand delivery.

_____

Joel G. Beckman



# WEISS ASSET MANAGEMENT

**PRIVATE AND CONFIDENTIAL**
Without Prejudice

August 23rd, 2004

To:  Martin Benda, Richard Harazim
From: Andrew Weiss, Weiss Asset Management


Dear Mr. Benda and Mr. Harazim,

Based on our previous correspondence and based on your request we herewith submit our counter-offer to sell you 82,771 shares of Kotva, a.s.

Conditions of the offer:

1. We offer to sell you 82,771 shares of Kotva for a total consideration of 131 million CZK.
2. We will attempt to influence Gilroy to withdraw the complaint questioning ownership of assets by Kotva, a.s. Since we do not exert control over Gilroy and Balfindor or petitions submitted by them, we cannot guarantee a withdrawal of the complaint. The sale agreement shall be conditional on withdrawal of the existing lawsuit where Gilroy is the plaintiff.
3. We provide a guarantee that no legal or physical entities controlled by us will initiate attacks against the ownership or transfer of KOTVA Department Store.
4. This offer expires on August 31st.

Please, note that this is a non-binding offer, which will be subject to contract.
We will be looking forward to your reply.

Sincerely yours,
Andrew Weiss


Signed by Georgiy Nikitin on behalf of Andrew Weiss:

Georgiy Nikitin

---

29 Commonwealth Avenue • Boston • Massachusetts • 02116
Phone: (617) 778-7780 • Fax: (617) 778-7781 • E-mail: info@weissasset.com

**From:**    Andrew Weiss [AWeiss@WeissAsset com]
**Sent:**    Thursday, January 06, 2005 11:12 AM
**To:**      Richard Harazim
**Subject:** RE: KT

Dear Mr. Harazim,

KT is not controlled by Weiss Asset Management; however, if a satisfactory resolution of all other matters can be achieved, I would try to persuade KT to settle its lawsuits and I am highly confident that I would be successful in that endeavor. Thus, I do not expect that the KT lawsuit will impair the ability of the parties to achieve a successful agreement

Andrew Weiss

---

**From:** Richard Harazim [mailto:richard.harazim@od-kotva.cz]
**Sent:** Tuesday, January 04, 2005 8:08 AM
**To:** Andrew Weiss
**Cc:** Georgiy Nikitin
**Subject:** KT

Dear Mr Weiss

I was informed by Linklaters Prague today that they received a letter from Mr Peterka putting them on notice that a new lawsuit was filed  As it uses exactly the same format, phrases and logic in general as the previous lawsuit filed on behalf of Gilroy we assume that KT belongs to your group, as well

Please confirm whether or not KT's lawsuit is part of the deal offered by you on November 23, 04  As this is a completely new issue we would like to know what exactly each of the various factors represent

Best regards

Richard Harazim

---

This email is confidential and is intended solely for the addressee(s). If you are not an addressee, you must not disclose, copy, circulate or in any other way use or rely on the information contained in this email. If received in error, please notify the sender immediately and then delete this email. Any disclosure, copying, distribution or use of this communication is prohibited and may be unlawful.

Any views or opinions expressed do not necessarily represent those of Weiss Asset Management or any affiliated companies. Please note that the content of this e-mail may be intercepted, monitored or recorded for compliance purposes. Sensitive personal data should not normally be transmitted by e-mail.

Weiss Asset Management or any affiliated companies shall not be liable to the recipient or any third party for any

K 0037

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>       Plaintiff,<br><br>    v.<br><br>ANDREW WEISS and WEISS ASSET<br>MANAGEMENT, LLC,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-10679-RCL |
| ANDREW WEISS, WEISS ASSET<br>MANAGEMENT LLC, K T, INC. and CVF<br>INVESTMENTS, LTD.,<br><br>       Counterclaim-plaintiffs,<br><br>    v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD<br>HARAZIM, FORMINSTER ENTERPRISES,<br>LTD., SPV CO and JOHN DOES 1–5,<br><br>       Counterclaim-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OBJECTIONS AND RESPONSES OF
## ANDREW WEISS AND WEISS ASSET MANAGEMENT LLC TO
## SET OF DOCUMENT REQUESTS SERVED ON JUNE 22, 2004

## GENERAL OBJECTIONS

1.    The Defendants object to Kotva's failure to describe each item or category of documents requested with "reasonable particularity." FED. R. CIV. P. 34(b).

2.    The Defendants object to Kotva's failure to "specify a reasonable time, place, and manner of making the inspection and performing the related acts." FED. R. CIV. P. 34(b).

3.     The Defendants object to Kotva's characterization of these forty-three requests as Kotva's "Second Request for Production of Documents." Kotva has already served multiple sets of requests for production of documents to the defendants, and this additional set of document requests is improper under Local Rule 26.1(c).

4.     The Defendants object to the Definitions and Requests to the extent that they assume facts that may be in dispute and do not, by responding to any request, admit that the assumed facts are true.

5.     The Defendants object to these requests and the incorporated instructions and definitions to the extent they seek the disclosure of documents or other information not required under the Federal Rules of Civil Procedure and the Local Rules.

6.     The Defendants object to these requests to the extent they seek documents not in Defendants' possession, custody or control.

7.     The Defendants object to each Request where, and to the extent that, such Request calls for information that is protected by the attorney-client privilege, the work product doctrine, or any other privilege provided by law.

8.     Defendants object to each Request to the extent that it encompasses work product that was created after the filing of this case or any related Czech civil or criminal case.

9.     Defendants object to each Request to the extent that it calls for the inspection of documents in their custody in which third parties may have an interest.

10.     Defendants object to each Request to the extent that it calls for the production of documents created after April 17, 2006 to the extent that it purports to place the burden on the Weiss Parties to conduct multiple additional document pulls.

11.     For any inspection and production that occurs in this case, the Defendants specifically reserve the right to assert and maintain privilege objections as to any privileged documents that may be inadvertently produced in response to these Requests. The Defendants expect that Kotva's counsel will return any inadvertently produced document containing attorney-client privileged, work product or any other privileged and/or protected communication or information.

12.     Any response by the Defendants inconsistent with its objections shall not be deemed a waiver of such objections.

13.     No response or objection set forth herein may be deemed an admission that the information that Kotva a.s. requests: (a) is relevant to the subject matter of this lawsuit or is reasonably calculated to lead to the discovery of admissible evidence; and/or (b) is admissible in evidence in this case.

14.     Subject to and without waiving any of their objections, Defendants reserve the right to supplement these responses, as needed, should they later obtain or locate additional, responsive documents.

## RESPONSES TO SPECIFIC REQUESTS

1.     All documents concerning business negotiations between Weiss and Hoffmann from January 2000 to the present date.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that seeks documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections

and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

2.    All documents concerning Weiss' purpose, motive and intent in filing the Gilroy and/or KT lawsuits in the Czech Republic.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, and overly broad. The Defendants further object to this Request to the extent that it assumes facts that are in dispute and to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

3.    All documents concerning business discussions between Weiss and anyone else about whether to bring litigation in order to recover the value of the Kotva or Trend shares.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, and overly broad. The Defendants further object to this Request to the extent that it assumes facts that are in dispute and to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

4

4.    All documents concerning communications with Madeline Albright and/or The Albright Group, including, without limitation, any bills from either of them for services rendered.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents that the parties have agreed are not discoverable at this stage of the litigation. The Defendants further object to this Request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

5.    All documents concerning any contracts, engagement letters, or fee agreements with Ondrej Peterka, and/or any other Czech counsel, involving the Czech Lawsuits, Kotva, and/or the Czech criminal charges against Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents that the parties have agreed are not discoverable at this stage of the litigation. The Defendants further object to this Request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine.

6.    All communications concerning the Czech criminal charges against Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine. The Defendants further object to this request to the extent that it seeks documents ordered sealed by this Court. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

7. All documents concerning Weiss' challenge to the subpoena to testify at the U.S. Attorneys' Office served under the Mutual Legal Assistance Treaty, as referenced on page 5 of the Memorandum in Support of Andrew Weiss' Motion for a Protective Order, including any documents or filings submitted to the United States District Court for the District of Massachusetts.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents that the parties have agreed are not discoverable at this stage of the litigation. The Defendants further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. The Defendants further object to this request to the extent that it seeks documents ordered sealed by this Court. Subject to these Objections and the General Objections above, Defendants will produce non-sealed, non-privileged responsive documents to the extent that they have not produced such documents already.

8.    All documents concerning the service of the Czech criminal charges upon Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine. The Defendants further object to this Request to the extent it assumes that criminal charges have been served on Weiss. The Defendants further object to this request to the extent that it seeks documents ordered sealed by this Court. Subject to these Objections and the General Objections above, Defendants will produce non-sealed, non-privileged responsive documents to the extent that they have not produced such documents already.

9.    All communications concerning the Czech criminal charges against Weiss

**RESPONSE:**

The Defendants object to this Request as duplicative of Request No. 6. The Defendants further object to this Request on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome. The Defendants further object to this Request on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine. The Defendants further object to this request to the extent that it seeks documents ordered sealed by this Court. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

10.    All documents from the Czech criminal file.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome in view of Kotva's access to the Czech criminal file. The Defendants further object to this Request on the grounds that it seeks to discover the work product of Weiss's Czech criminal counsel and communications protected by the attorney-client privilege and work product doctrine.

11.    All documents concerning communications with Hoffmann and Edita Simkova involving the Czech criminal charges.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, seeks to discover the work product of Weiss's Czech criminal counsel and documents protected by the attorney-client privilege and work product doctrine, including, if applicable, the joint-defense privilege. The Defendants further object to this Request to the extent it assumes that any such communications took place. In further responding, Defendants state that they have no non-privileged responsive documents.

12.    All documents concerning any filing of a petition or complaint under the Bilateral Investment Treaty.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, seeks to discover the work product of Weiss's Czech and American counsel and documents protected by the attorney-client privilege and work product doctrine. The Defendants further object to this Request to the extent it assumes that any such petition has been filed. Subject to these Objections and the General Objections above, the

8

Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

13.    All documents concerning any effort by Weiss (or anyone acting on his behalf, including, without limitation, lawyers, politicians, consultants or investors) to have the Czech criminal charges against him dismissed.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that it seeks documents that Kotva can obtain from the Czech criminal file. The Defendants further object to the extent that this Request seeks to discover the work product of Weiss's Czech and American counsel and those working on their behalf and documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

14.    All documents concerning communications with the Bank of Bermuda, HSBC, and/or CSOB concerning Kotva and/or Kotva's shares held by TBG, CVF, CVF Ltd, BGO, KT and/or Gilroy, including, without limitation, all custodian agreements, emails, letters and/or invoices for custody or other services.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce non-

privileged responsive documents to the extent that the Defendants have not produced such documents already and to the extent that Defendants have such documents in their possession, custody or control.

15.    All documents concerning communications with Ladislav Pavek, SIAS s.r.o., or any other private investigator concerning Kotva, Richard Harazim, Martin Benda, the Czech Lawsuits, Forminster, Trend, and/or the Czech criminal charges against Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to the extent that this Request seeks to discover the work product of Weiss's Czech and American counsel and those working on their behalf and documents protected by the attorney-client privilege and work product doctrine.

16.    All documents identifying the legal or beneficial owners of BIP and BGO that hold interests in the segregated assets.

**RESPONSE:**

The Defendants object to this Request as they have already produced documents identifying the legal and beneficial owners of the segregated assets and on the grounds that it is vague, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that it seeks confidential business information. The Defendants further object to this Request to the extent that it seeks documents outside the possession, custody or control of the Defendants.

17.    All documents concerning Golden's appointment to and service on the Board of Kotva.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that they have any such documents in their possession, custody or control.

18.    All communications with BGO investors and/or BIP investors concerning the ring fencing of Kotva's shares at 373 CZK per share, and BGO's (or their custodians or brokers) subsequent purchase of Kotva's shares at a price in excess of 1400 CZK per share,

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request on the grounds that it assumes facts that are in dispute. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

19.    All documents concerning TBG's and/or BGO's purchase of Kotva's shares in 2000, including any communications involving confidential insider information utilized in the purchase of such shares.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request on the grounds that it assumes facts that may be in dispute. The Defendants further object to the reference to "confidential insider information" as they are not aware of any basis to suggest that CVF or any entity or person associated with it used such information in purchasing Kotva shares. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

20.    All documents concerning the factual allegations in the Answer and Counterclaim.

**RESPONSE:**

Defendants object to this Request as it is vague, overbroad and unduly burdensome. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

21.    All documents concerning BGO's and efforts to sell its Kotva and/or Trend.

**RESPONSE:**

The Defendants object to this Request as unintelligible. The Defendants reserve all other Objections pending clarification of this Request.

22.    All documents supporting Weiss' representation in his August 23, 2004 letter (attached hereto) that "we do not exert control over Gilroy (and Ballfindor) or petitions submitted by them."

**RESPONSE:**

The Defendants object to this Request as vague and to the extent it takes a portion of a communication out of context. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

23.    All documents supporting Weiss' representation in his email to Richard Harazim dated January 6, 2006 (attached hereto) that "KT is not controlled by Weiss Asset Management."

**RESPONSE:**

The Defendants object to this Request as vague and to the extent it takes a portion of a communication out of context. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

24.    All documents concerning communications with BGO investors and BIP investors concerning Kotva, this Action, the Czech criminal charges against Weiss and/or the Czech Lawsuits, since the filing of this Action to the present date.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome. The Defendants further object to this Request to the extent that it seeks documents protected by the

attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

25.    All documents concerning communications with BGO investors and/or BIP investors concerning the dismissal of Weiss' claims in this Action.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have such documents in their possession, custody or control.

26.    All documents concerning communications with BGO investors and/or BIP investors concerning any changes to the Investment Management Agreement of BGO and of BIP after the filing of this Action, and all documents concerning the reasons for such changes.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.

27.    All documents concerning communications with BGO investors and/or BIP investors concerning their liability to pay legal fees incurred in this Action and/or pay any judgments entered in this Action against Weiss or WAM.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to the extent that this Request assumes that BGO investors and/or BIP investors have any liability to pay legal fees or judgments or that any such communications took place. The Defendants further object to this Request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine.

28.    All documents concerning communications with BGO investors and/or BIP investors concerning the transfer of the segregated assets (including Kotva shares) from BGO to entities owned or controlled by Weiss.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to the extent that this Request assumes that any such communications took place. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have any such documents in their possession, custody or control.

29.    All documents concerning communications with BIP investors and/or BGO investors concerning loans to CVF Ltd.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General

Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

30.    All documents concerning communications supporting Weiss' allegations that Richard Harazim, Martin Benda, and/or Kotva agents are members of Russian organized crime as Weiss has reported to the press.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague and to the extent that it seeks documents protected by the attorney client privilege and work product doctrine and to the extent that it assumes facts that are in dispute. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that Defendants have any such documents in their possession, custody or control.

31.    All documents concerning communications with the Federal Bureau of Investigation.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad and seeks documents protected by the attorney client privilege and work product doctrine. In further responding, the Defendants state that they have no non-privileged responsive documents.

32.    All documents concerning any criminal complaints filed against Richard Harazim, Martin Benda or any other representatives of Kotva.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, assumes facts that are in dispute and seeks documents protected by the attorney client privilege and work product

doctrine. Subject to these Objections and the General Objections above, the Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have any such documents in their possession, custody or control.

33.     All documents concerning communications with Markland, Markland's bank and/or Markland's attorneys.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to this Request to the extent that it seeks documents protected by the attorney client privilege and work product doctrine. The Defendants further object to this Request to the extent it seeks documents concerning communications made after the initiation of this lawsuit as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

34.     All documents concerning the proposed sale of CVF's Kotva shares in 2000 though Erste Bank, Ceska Sporitlena, and Zivnostenska Bank.

**RESPONSE:**

The Defendants object to this Request to the extent that it assumes facts that may be in dispute. Subject to this Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents

already and to the extent Defendants have such documents in their possession, custody or control.

35.    All documents concerning the use of the segregated assets to purchase shares in KT, including, without limitation, any disclosures or notifications to BGO investors or to BIP investors.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further object to the extent that this Request assumes that any such communications took place. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

36.    All documents concerning the use of segregated assets to fund the Czech Lawsuits, and/or this Action, including, without limitation, any disclosures or notifications to BOO investors or BIP investors.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it seeks documents protected by the attorney-client privilege and work product doctrine and seeks documents that the parties agreed would not be subject to discovery at this stage in the proceedings. Subject to these Objections and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

37.    All documents supporting Weiss' contention in his motion for a protective order seeking to postpone his deposition that "[T]he collusion between K-T-V and the Czech police creates an unfair situation in which the investigative power of the Czech police is enlarged through K-T-V's use of this Court's discovery rules and leverage is increased through the criminal investigation... This is exactly the sort of unfair advantage K-T-V seeks to secure through the influence over Czech law enforcement."

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague. Subject to this Objection and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

38.    All documents supporting Weiss' contention in paragraph 76 of his counterclaim that "[b]y selling the Department Store and keeping the proceeds for themselves, counterclaim defendants Benda, Harazim, Forminster, SPV CO and John Does 1-5 have unjustly enriched themselves at the expense of counterclaim plaintiffs KT, Inc. and CVF Investments Ltd."

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague and mischaracterizes the Counterclaim. Subject to this Objection and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

39.    All documents concerning donations made by Weiss or Bonnie Weiss to Senator John Kerry, Senator Joseph Biden, Senator Edward Kennedy and/or Congressman Barney Frank.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague and not reasonably calculated to lead to the discovery of admissible evidence.

40.    All documents concerning communications with Danielle Weiss involving the press, Kotva, this Action, the Czech criminal charges against Weiss and/or the Czech Lawsuits.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this Objection and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already.

41.    All documents concerning the prospective deal with "an international investment banking firm to sell all of the Kotva shares" as referenced in the September 30, 2000 report to BGO investors.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this Objection and the General Objections above, Defendants will produce non-privileged responsive documents to the extent that they have not produced such documents already and to the extent that the Defendants have such documents in their possession, custody or control.

42.    All documents concerning the 2003 uncontested mandatory cash offer by Red Apple Investments, LLC of shares in Investec European Growth & Income Trust Ltd.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent it seeks confidential business information.

43.    All communications and agreements with Starlight Investments Limited concerning the company Investec European Growth & Income Trust Ltd. "IEO" including, without limitation, communications and agreements concerning IEO shares, the voting rights to IEO shares and the proceeds from the winding up of IEO.

**RESPONSE:**

The Defendants object to this Request on the grounds that it is vague, unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent it seeks confidential business information.

Respectfully Submitted,

ANDREW WEISS and WEISS ASSET MANAGEMENT LLC

By their attorneys,

Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654257)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: July 24, 2006

## CERTIFICATE OF SERVICE

I, Benjamin A. Goldberger, hereby certify that on the 24th day of July, 2006, a true and correct copy of the foregoing document was served by ~~first-class mail and electronic mail~~ on counsel for each other party.

_hand    SAG_

Benjamin A. Goldberger

BST99 1510365-2 072198 0012