UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
KOTVA a.s.                              )
                                        )
              Plaintiff,                )        Case No. 05-10679-RCL
                                        )
              v.                        )
                                        )
ANDREW WEISS and WEISS ASSET            )
MANAGEMENT, LLC                         )
                                        )
              Defendants.               )
_____)

### PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
### AND MEMORANDUM OF LAW IN SUPPORT THEREOF

### INTRODUCTION

Plaintiff Kotva a.s. ("Kotva") has produced bank account statements, escrow account

statements, investment documents, and several contracts with third parties regarding the holding

and investment of the Department Store sale proceeds up through October 31, 2006.[1]  Pursuant

to Federal Rule of Civil Procedure 26(c) and the Special Master's previous Orders, Kotva hereby

respectfully moves for an order to protect confidential business information, namely the identity

of certain of its business partners in ongoing investments.

In making its supplemental document production, Kotva advised the Weiss Defendants

that two of the investments it made this year with two different parties, an investment in a real

estate venture and an investment in a claim (for a combined total of 280,000,000 czk), are

ongoing.  Specifically, Kotva has invested 220,000,000 czk (in installments of 170,000,000 czk

and 50,000,000 czk) in the real estate investment, and 60,000,000 czk in the claim.  These

---

[1]  In 2006, Kotva moved the majority of the sale proceeds to a different financial institution to obtain better returns
on its holdings.  Kotva has also invested portions of the proceeds as part of its ongoing business.

investments are scheduled to be repaid with interest by the end of December 2006 and the end of March 2007, respectively.  Kotva has already produced the contracts and relevant promissory notes in redacted form to demonstrate these terms to the Weiss Defendants.  *See* K 7916 – K 7924.  Only information that would identify Kotva's business partners has been redacted.  In addition to the documents produced thus far, Kotva also has agreed to provide a year-end audited financial statement for 2006, as it did for 2004 and 2005.

As demonstrated by the Declaration of Richard Harazim submitted herewith, the identity of Kotva's business partners is confidential business information.  The disclosure of this information would result in harm to Kotva's ongoing and future business.  A protective order is warranted because:  (1) the information sought to be protected is not relevant to any claim or defense in this case, which counsel for the Weiss Defendants admitted during the discovery conference;[2] (2) if relevant, the identity of Kotva's current business partners constitutes confidential information; (3) the Weiss Defendants cannot "present a need for the discovery sufficiently compelling to warrant overriding  [Kotva and its business partners'] reasonable expectation of privacy or compromising [Kotva's] business relationship with [its partners]" (see Special Master's September 29, 2006 Order at 24); and (4) the relief sought is extremely narrow in scope.

Revealing the identities of its business partners would jeopardize Kotva's current investments, harm Kotva's business relationships, and threaten future business prospects with these business partners.  For these reasons, Kotva requests the entry of a protective order to the effect that the identity of the business partners at issue is confidential information and protected from disclosure in discovery, whether through document responses, written discovery, or oral

---

[2]  Current transactions concerning the continued holding and investment of the sale proceeds are not relevant to any claim in this case.  Nevertheless, Kotva has produced information about the sale proceeds through October 31, 2006.

examination during deposition.  Kotva is submitting herewith both the redacted and unredacted copies of the relevant documents and translations to the Special Master for *in camera* review.

## PROCEDURAL HISTORY

***Kotva Produced Documents Showing the Holding of the Sale Proceeds throughout 2005***

In response to the Weiss Defendants' discovery responses, Kotva agreed to produce documents concerning the receipt and holding of the proceeds from the sale of Kotva's Department Store.  According to the Weiss Defendants and purported counterclaim-plaintiffs KT and CVF, such documents were relevant to the counterclaim-plaintiffs' theory that the so-called "Forminster Group" had looted the proceeds from the sale of Kotva's Department Store.[3]  In May, Kotva produced bank account statements, escrow account statements, and year-end audited financial statements for 2004 and 2005.  These documents accounted for the Department Store proceeds through the end of 2005, and conclusively demonstrated that there had been no looting.

***Weiss Made Unsupported Allegations of Disbursements in 2005***

After receiving Kotva's document production, however, the Weiss Defendants argued to the Special Master that $10,000,000 of the sale proceeds had been disbursed "by the end of 2005."  The Weiss Defendants further alleged that the disbursements were made to "unknown parties for unknown reasons."  *See* June 7, 2006 Letter from Edward Leibensperger, Esq. to the Special Master.  Despite Kotva's repeated requests that the Weiss Defendants identify the alleged disbursements (so Kotva could clear up the apparent misunderstanding), the Weiss Defendants refused to reveal the basis for these accusations until June 20th.

---

[3]  To support their theory, the counterclaim-plaintiffs attempted to insert a number of additional parties as counterclaim-defendants.  As discussed below, the Court dismissed these parties from the case in June, eliminating the "looting" claims.

By reply letter dated June 26th, Kotva demonstrated that all of the alleged disbursements were part of the Department Store transaction itself--explained in the documents that had already been produced to the Weiss Defendants.[4]  Moreover, Kotva demonstrated that the audited financial statements did indeed account for all of the Department Store proceeds.  In short, Kotva proved that there had been no looting.  Kotva further requested a prompt response from the Weiss Defendants if they still alleged there were disbursements to "unknown parties for unknown reasons" in 2005.  Retreating from the representation that there was "incontrovertible evidence" to support their position (*see* June 7, 2006 Letter), the Weiss Defendants did not respond.

**The May 26, 2006 Order and Kotva's Subsequent Document Production**

Based in part on the representations made by the Weiss Defendants about purported disbursements in 2005, the Special Master incorporated the disbursement documents issue into the May 26, 2006 Order.[5]  In accordance with the May Order, Kotva has since produced to the Defendants documents regarding the sale proceeds through October 31, 2006.

**The Court's June 14, 2006 Order**

On June 14, 2006, the landscape of this litigation dramatically changed.  On that date, the Court granted motions to dismiss filed by Martin Benda and Richard Harazim, SPV Co., and

---

[4]  Indeed, the Weiss Defendants previously had represented to the Court that they knew $7,000,000 of the $10,000,000 was a mortgage payoff that was part of the sale transaction.  *See* Weiss Motion to Compel dated April 19, 2006 at 18 n.20.

[5]  On June 2, 2006, Kotva requested clarification about this part of the Order with respect to the scope of its obligation to supplement.  On June 12, 2006, the Special Master denied Kotva's request for clarification or further hearing. On June 12, 2006, Kotva filed an objection to two aspects of the May Order:  the standard employed for *in camera* review under the crime-fraud exception to the attorney-client privilege; and the scope of its obligation to supplement disbursement information for 2006.  On June 28, 2006, the Court found Kotva's motion to be moot.  On July 26, 2006, the Court overruled Kotva's objections.

Forminster Enterprises Ltd., which left only Kotva and Mr. Harazim (count I)[6] as counterclaim-defendants.  In other words, the "looting" counterclaims that had been asserted against the "Forminster Group" were dismissed from the case.  "Looting" or "tunneling" of the Department Store proceeds, however, is the only reason the Weiss Defendants' have provided as to why disbursement documents might be relevant.

## ARGUMENT

### Legal Standard

Rule 26(c) specifically authorizes this Court to protect confidential commercial information by ordering that it not be revealed at all or that it be revealed only in a designated way.  Fed. R. Civ. P. 26(c)(7) (Court may issue order that confidential "commercial information not be revealed or be revealed only in a designated way"); Poliquin v. Garden Way, Inc., 989 f.2d 527, 532 (1st Cir. 1993).  Kotva satisfies the Rule 26 good cause requirement because the identities of its business partners in the investments at issue is confidential information.  The disclosure of that confidential information will potentially harm Kotva's ongoing investments, Kotva's business relationships with these parties, and Kotva's prospects for beneficial future investment opportunities.  *See* Declaration of Richard Harazim submitted herewith;  *see also*, Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) (finding of good cause must be based on a particular factual demonstration of potential harm); Gill v. Gulfstream Park Racing Association, 399 F.3d 391, 402 (1st Cir. 2005) ("good cause" standard in Rule 26(c) is "a flexible one that requires an individualized balancing of the many interests that may be present in a particular case.") quoting United States v. Microsoft Corp., 165 F.3d 952, 959-60 (D.C. Cir. 1999).

---

[6]  Mr. Harazim remains in the case as a defendant to the Weiss Defendants' abuse of process claim only.

I.    **The Identity of Kotva's  Current Business Partners Is Not Relevant To Any Claims in This Case.**

Because the looting claims have been dismissed, documents relating to the continued holding and investment of the sale proceeds to demonstrate looting are no longer relevant.  When asked to explain the relevance of disbursement documents in the wake of the Court's June 14, 2006 decision, however, counsel for the Weiss Defendants could only connect the documents back to the looting allegations.[7]  But even if the looting claims had not been dismissed, documents concerning Kotva's <u>ongoing</u> business and <u>current</u> investment strategy are simply not relevant.  The counterclaims alleged in June 2005 that Kotva <u>had</u> <u>been</u> <u>looted</u>--past tense--*i.e*, that the Forminster Group had "unlawfully seized control," had "deprived" Kotva's shareholders, and had "unjustly enriched" themselves.  *See e.g.* First Amended Counterclaim at ¶¶ 74, 76.  Kotva's earlier document productions accounted for the sale proceeds through December 31, 2005, however, and therefore demonstrated the falsity of the looting allegations.

Regardless, Kotva produced its 2006 bank statements, escrow statements, and certain investment related documents that account for the sale proceeds <u>through October 31, 2006</u>.  During the discovery conference, counsel for the Weiss Defendants conceded that the reason for this discovery is to account for the sale proceeds.  The identity of two business partners on investments that will be repaid is neither relevant to any issue in this case nor relevant to the Weiss Defendants' stated reason for the discovery.  Because Kotva has already accounted for the sale proceeds without disclosing the identities of its business partners, the identities are irrelevant.  Moreover, the contracts and promissory notes show that the investments will be paid back.

---

[7]  Weiss's counsel also suggested that the documents may somehow be relevant to *Kotva's* abuse of process claim, though it was not made clear how.

Since the discovery conference, Kotva has identified an additional investment that it made during 2006 in the amount of 10,000,000 czk (approximately $500,000). Kotva invested this amount to purchase an interest in a restaurant chain, in which it now holds a 50% interest. For the reasons stated above, the identities of the restaurant and the selling entity are not relevant. Kotva is producing the contract in redacted form to the Defendants and requests the Special Master's approval for the redactions. (A copy of the unredacted contract and a translation with the proposed redactions is being submitted for *in camera* review.) Kotva is identifying the transactions on its bank statements relevant to this investment to the Defendants.

## II.    The Identity of Kotva's Current Business Partners Is Confidential Commercial Information.

Even if relevant, the identity of Kotva's business partners constitutes confidential commercial information. *See* Declaration of Richard Harazim. Kotva treats the information as confidential and takes appropriate measures to safeguard its secrecy. The contracts with both business partners also contain confidentiality provisions. Indeed, Kotva could be subject to contractual penalties of 10,000,000 czk or 1,000,000 czk for disclosing the name of its partners. *See* K-7918 and K-7921.

In addition to potential contractual penalties, disclosing the identities of Kotva's business partners could potentially harm the ongoing investments themselves. Harazim Decl. at ¶ 8. Moreover, Kotva values these business relationships and is concerned that disclosure of its partners in these investments will damage its relationships with them and harm Kotva's future business as a result of lost investment opportunities. *Id.* at ¶¶ 6-8. In protecting the identity of Weiss's investors, the Special Master has already found such information to be confidential and acknowledged the harm that can result from compromised business relationships.

> The identity of investors is confidential business information and Kotva does not present a need for the discovery sufficiently compelling to warrant overriding the

investors' reasonable expectation of privacy or compromising Weiss's business relationship with the investors.

September 29, 2006 Order at 24. Thus, if disclosure is ordered, Kotva will suffer a serious harm.

Since Kotva has demonstrated "good cause" to keep its business partner information confidential, Weiss bears the burden to prove that the confidential information is relevant and that the need for the information outweighs the harm that will result from disclosure.[8] Weiss cannot make that showing. As discussed above, the information is not relevant. And Weiss has already conceded that he only wants the information to confirm the funds have not been looted. Simply put, Kotva can make such an accounting without revealing the identities of its business partners.

### III. Information Concerning Business Transactions Unrelated to the Department Store Proceeds is also Irrelevant and Confidential.

Kotva's ongoing business has included transactions that have nothing to do with the proceeds from the sale of the Department Store. For example, Kotva engaged in a contract with a third party this year that was unrelated to the sale proceeds. Such transactions are not relevant to any claims or defenses in this case and fall beyond the scope of the May Order pertaining to disbursement documents. Kotva redacted the identity of one such contractual entity from a bank statement it produced to the Weiss Defendants. For clarity, Kotva requests that the protective order prevent inquiry into such subjects during the upcoming depositions of Kotva, Richard Harazim, and/or Martin Benda.

---

[8] Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994) (determining whether to issue a protective order involves a balancing process that weighs the need for the information against the harm that might result from disclosure), citing Arthur R. Miller CONFIDENTIALITY, PROTECTIVE ORDERS, AND PUBLIC ACCESS TO THE COURTS, 105 Harv. L. Rev. 427, 433-35 (1991); *see also,* Duracell Inc. v. SW Consultants, Inc., 126 F.R.D. 576, 578 (N.D. Ga. 1989) (discussing three part balancing test); 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2043 (West 2005).

## CONCLUSION

For the foregoing reasons, Kotva requests a protective order specifying that the Weiss Defendants should not have discovery regarding (1) the identity of Kotva's business partners in the investments identified herein, nor of (2) the identity of business partners for transactions unrelated to the holding and investment of the proceeds from the sale of the Department Store. Kotva further requests that this Order shall apply to all discovery methods, including examination by deposition.

Respectfully submitted,

KOTVA A.S.

By its attorneys,

/s/ Daniel J. Pasquarello
Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: November 14, 2006

## LOCAL RULE 7.1(A)(2) and 37.1(B) CERTIFICATION

In accordance with Local Rule 7.1(A)(2), I certify that I have conferred with opposing counsel and have attempted in good faith to resolve or narrow the issue addressed in this motion.

Undersigned counsel has also complied with the provisions of Local Rule 37.1. On October 31, 2006 at 1:30 p.m. for approximately 30 minutes, on the afternoon of Friday November 10, 2006 for approximately five minutes, and during a brief conversation on the afternoon of November 14, 2006, I conferred by telephone with Benjamin Goldberger, Esq., counsel for Defendants, to ask if Defendants would agree to the relief requested herein. Opposing counsel did not agree to any of the relief requested herein.

/s/ Daniel J. Pasquarello
Daniel J. Pasquarello (BBO# 647379)

## RULE 26(c) CERTIFICATION

I certify that I have conferred in good faith with opposing counsel in an effort to resolve the issues addressed in this motion without Court action.

/s/ Daniel J. Pasquarello
Daniel J. Pasquarello (BBO# 647379)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 14th day of November, 2006.

/s/ Daniel J. Pasquarello
Daniel J. Pasquarello (BBO# 647379)