UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><br><br> ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5, <br><br> Counterclaim-defendants. | C.A. No. 05-10679-RCL |

### MOTION OF K T INC. AND CVF INVESTMENTS LTD. TO DISMISS THEIR COUNTERCLAIMS WITHOUT PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a)(2) and 41(c), K T, Inc. and CVF Investments Ltd. (collectively, the "Shareholder Parties"), by and through their attorneys, hereby move to dismiss their counterclaims without prejudice. In support of this Motion, the Shareholder Parties state:

1. Kotva a.s. brought this civil action against Andrew Weiss and Weiss Asset Management LLC (collectively, the "Weiss Defendants"). The Weiss Defendants asserted

counterclaims against Kotva and several other counterclaim defendants. Pursuant to Rule 13(h), the Weiss Defendants also joined, as counterclaim-plaintiffs, the Shareholder Parties. The Shareholder Parties own shares in the plaintiff, Kotva a.s. A chart illustrating the various counterclaims is attached to the Amended Counterclaim, and is reproduced as Exhibit A to this Motion. As that chart illustrates, the Shareholder Parties are counterclaim-plaintiffs in Counts II–VIII of the Counterclaim.

2. The counterclaim-defendants named in Counts II–VIII are Kotva, Martin Benda, Richard Harazim, Forminster Enterprises Ltd., SPV CO and five John Doe defendants. Kotva filed a motion to dismiss the counterclaims for failure to state a claim, and the other counterclaim-defendants filed motions to dismiss the counterclaims for lack of personal jurisdiction. On January 23, 2006, the Court issued an Order, providing in pertinent part:

> The motion to dismiss is granted as to Count VII and denied as to Count I. As to Counts II, VI and VIII the motion to dismiss is denied without prejudice at this time, as resolution of these claims relies on Czech law. The motion to strike K T and CVF as counterclaim plaintiffs is denied; the counterclaim defendants may bring an appropriate motion for the same relief under Rule 12 or Rule 21.

3. In response to this Order, on March 3, 2006, Kotva filed a second motion to dismiss. In addition to seeking to strike K T and CVF as counterclaim-plaintiffs under Rule 21, Kotva also raised arguments of international abstention and forum non conveniens. The Weiss Parties filed an Opposition on March 24, 2006. A hearing on Kotva's Second Motion to dismiss is presently scheduled for December 4, 2006. However, as explained below, the landscape of the case has changed since the parties briefed the motion in March 2006.

4. On June 14, 2006—after briefing on Kotva's Second Motion to Dismiss was complete—the Court entered an order finding that it lacked personal jurisdiction over all counterclaim-defendants except Kotva, which had not contested jurisdiction, and Richard

Harazim. With respect to Mr. Harazim, the Court found that it had personal jurisdiction, but only with respect to the Weiss Defendants' counterclaim for abuse of process (Count I).

5. Thus, of the seven counterclaims asserted by the Shareholder Defendants, the Court dismissed one (Count VII—the 93A claim) and found that it lacked personal jurisdiction over all named counterclaim-defendants for three others (Counts III–V). Thus, the only three counterclaims still at issue are Count II, in which the Shareholder Parties seek damages from Kotva and others for an unlawful conspiracy; Count VI, in which the Shareholder Parties seek a constructive trust over assets unlawfully removed from the Kotva corporate shell, and Count VIII, in which the Shareholder Parties seek declaratory judgments with respect to: (a) the proceeds from the sale of assets unlawfully removed from the Kotva corporate shell; and (b) counterclaim-defendant Forminster Enterprises Ltd.'s claim that it owns 55% of Kotva's shares.

6. In view of the Court's June 14, 2006 Order relating to personal jurisdiction, there is a serious question as to whether this Court can afford the Shareholder Parties complete relief with respect to Counts VI or VIII. Forminster—which claims to own the Kotva shares at issue—is no longer a party. The proceeds of the purported sale of Kotva's assets were received by SPV CO, which is no longer a party. Although the Court could award damages against Kotva under Count II of the Counterclaim, the Shareholder Parties do not want to pursue that claim in this Court without the other counterclaim-defendants present. Accordingly, the Shareholder Parties seek to dismiss their counterclaims in this action without prejudice to pursuing those claims in any other forum (some similar claims are pending in the Czech courts) or appealing the Court's decision with respect to personal jurisdiction.

7. Even if Kotva's Second Motion to Dismiss were meritorious—it is not—the appropriate remedy would be dismissal of the Shareholder Parties' claims without prejudice, or a

stay pending resolution of similar claims brought in the Czech courts. Thus, allowing the Shareholder Parties' motion to voluntarily dismiss their claims without prejudice will conserve judicial resources. The sole remaining claims in this case would be those in Kotva's Complaint—as to which the Weiss Defendants have filed a motion for judgment on the pleadings—and the Weiss Defendants' counterclaims for abuse of process against Kotva and Richard Harazim and conspiracy against Kotva.

8. The Weiss Parties believe that, if the Court grants this Motion, then the December 4, 2006 hearing is no longer necessary. Kotva has taken the position that a hearing would still be necessary to determine whether the Weiss Defendants should be able to maintain Count II (conspiracy) of their counterclaim against Kotva and, if so, what the scope of Count II is. The Weiss Defendants respectfully suggest that disputes over whether the Weiss Defendants should be permitted to assert a common law claim for conspiracy in addition to their common law claim for abuse of process; the scope of the conspiracy count; and what evidence is admissible to prove the conspiracy count are best dealt with through a pre-trial conference or motions in limine.

    Respectfully Submitted,

    K T, INC. and CVF INVESTMENTS, LTD.

    By their attorneys,

    /s/ Benjamin A. Goldberger
    Edward P. Leibensperger (BBO# 292620)
    Benjamin A. Goldberger (BBO# 654357)
    McDermott Will & Emery LLP
    28 State Street
    Boston, Massachusetts 02109-1775
    (617) 535-4000

Dated: November 27, 2006

- 5 -

## LOCAL RULE 7.1 CERTIFICATE OF CONSULTATION

I, Benjamin A. Goldberger, hereby certify that I conferred with counsel for Kotva and Richard Harazim, and attempted in good faith to resolve or narrow the issues presented by this motion. Counsel for Kotva and Richard Harazim agree to the dismissal of K T's and CVF Investments Ltd.'s counterclaims without prejudice. Counsel for Kotva and Richard Harazim do not assent to this motion or agree that the Court should enter the proposed order..

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and any attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 27, 2006.

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

BST99 1523123-2.072198.0012

**EXHIBIT 1**
**SUMMARY OF COUNTERCLAIMS**

| Defendant \ Count | I Abuse of Process Weiss and WAM | II Conspiracy Weiss, WAM, K T and CVFI | III Conversion K T and CVFI | IV Unjust Enrichment K T and CVFI | V Breach of Fiduciary Duty / Abuse of Control K T and CVFI | VI Constructive Trust K T and CVFI | VII Unfair Trade Practices Weiss, WAM. K T and CVFI | VIII Declaratory Judgment K T and CVFI |
|---|---|---|---|---|---|---|---|---|
| Kotva a.s. | X | X | | | | X | X | X |
| Forminster | X | X | X | X | X | X | X | X |
| SPV CO | X | X | X | X | | X | X | X |
| Benda | X | X | X | X | X | X | X | X |
| Harazim | X | X | X | X | X | X | X | X |
| John Does 1–5 | X | X | X | X | | X | X | X |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>　　　　Defendants.<br><br>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD.,<br><br>　　　　Counterclaim-plaintiffs,<br><br>　　v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5,<br><br>　　　　Counterclaim-defendants. | C.A. No. 05-10679-RCL |

## **[PROPOSED] ORDER DISMISSING CLAIMS WITHOUT PREJUDICE**

Pursuant to Federal Rule of Civil Procedure 41(a)(2) and 41(c), it is hereby ORDERED that:

1.　Counterclaim-plaintiff K T Inc.'s and CVF Investments Ltd.'s Motion to Dismiss Their Counterclaims Without Prejudice (Docket No. ____) is hereby GRANTED.

2.　All counterclaims brought by K T and CVF Investments Ltd. are hereby DISMISSED WITHOUT PREJUDICE to K T or CVF Investments Ltd. pursuing those claims in any other forum, including the courts of the Czech Republic and WITHOUT PREJUDICE to

- 2 -

K T or CVF Investments Ltd. appealing this Court's June 14, 2006 Order dismissing certain of their claims for lack of personal jurisdiction.

_____<br>
REGINALD C. LINDSAY<br>
U.S. DISTRICT JUDGE

BST99 1523130-2.072198.0012