# Nystrom Beckman & Paris LLP

November 28, 2006

**By Hand Delivery and ECF filing**

The Honorable Reginald C. Lindsay
United States District Court
United State Courthouse, Room 5130
1 Courthouse Way
Boston, Massachusetts 02210

    Re:  Kotva a.s. v. Andrew Weiss and Weiss Asset Management, LLC
           C.A. No. 05-10679-RCL (D. Mass.)

           **Response of Kotva to KT, Inc. and CVF Investment Ltd.'s Motion to Dismiss Counterclaims Without Prejudice Filed on November 27th**

Dear Judge Lindsay:

    As you know, on March 3, 2006 Kotva filed a motion to dismiss purported counterclaim-plaintiffs KT, Inc. ("KT") and CVF Investments Ltd. ("CVF") **and** all Czech-law based counterclaims. *See* Kotva's Motion to Dismiss at 8. Hearing on Kotva's motion was originally scheduled for November 6, 2006. It is currently scheduled for December 4, 2006.

    Last night, counsel for KT and CVF filed a motion to dismiss their claims without prejudice, but with the caveat that those parties be permitted to appeal the Court's June 14, 2006 Order. The KT and CVF motion will dispose of all claims asserted by those purported parties. Kotva, of course, welcomes the dismissal (however untimely), but not the series of conditions that KT and CVF seek to interpose. As detailed below, moreover, there remains a dispute between the parties as to what the dismissal means with respect to the portion of counterclaim Count II asserted by Weiss and Weiss Asset Management (the "Weiss Defendants"), *i.e.*, conspiracy to abuse process. Kotva has moved to dismiss Count II in its entirety, and requests that the hearing proceed on this issue as currently scheduled.

**Dismissal of KT and CVF Without Prejudice**

    During conferences last week and yesterday afternoon, Kotva agreed to a dismissal of KT and CVF from this action **without prejudice**. Yesterday, Kotva forwarded a Rule 41(a)(1)(ii)



stipulation of dismissal to opposing counsel that would accomplish just that. A copy of that stipulation is attached hereto as Exhibit A. Counsel for KT and CVF rejected the stipulation, however, and insisted on including additional language about appellate rights and the effect that a dismissal without prejudice would have. A dismissal without prejudice is a dismissal without prejudice. The additional provisions that KT and CVF require are either inappropriate or superfluous. Kotva submits herewith as Exhibit B a copy of a proposed order that dismisses KT and CVF without prejudice.

**Count II Should Also be Dismissed in its Entirety**

As discussed in Kotva's motion, the Weiss Defendants, who are not Kotva shareholders, have no standing to assert a conspiracy count against Kotva for anything other than abuse of process.[1] Counsel for the Weiss Defendants argued during the Rule 7.1 conference, however, that Weiss and WAM allege a conspiracy that is somehow broader than a conspiracy to abuse process, despite the actual language of the count. In other words, the Weiss Defendants are attempting to preserve allegations of a conspiracy "to loot"--which they have no standing to assert. As discussed below, Count II should either be dismissed in its entirety or limited to conspiracy to abuse process, as determined by U.S. law.

In its pending motion, Kotva moves to dismiss the portion of Count II asserted by the Weiss Defendants on *forum non conveniens* grounds. *See* Kotva's Motion to Dismiss at 8. The Court has already held that resolution of Count II "relies on Czech law." January 23, 2006 Order; *see also* KT and CVF's motion at 2 ¶ 2 (quoting January 23, 2006 Order). Counsel for the Weiss Defendants and KT and CVF conceded the adequacy of the Czech Republic as a forum for this conspiracy claim in the motion they filed last night:

> Although the Court could award damages against Kotva under Count II of the Counterclaim [the conspiracy allegations], the Shareholder Parties do not want to pursue that claim in this Court without the other counterclaim-defendants present. Accordingly, the Shareholder Parties seek to dismiss their counterclaims in this action without prejudice to pursuing those claims in any other forum (**some**

---

[1] "Weiss and WAM asserted only two counts as their counterclaim: abuse of process (count I) and conspiracy to abuse process (count II). Although KT and CVF also allege conspiracy in count II, they necessarily allege different aspects of conspiracy than Weiss and WAM. Because Weiss and WAM are not Kotva shareholders, they lack standing to allege conspiracy to "loot Kotva's assets." Counterclaim at ¶ 69; *see also* Counterclaim Plaintiffs' Opposition to Kotva's Motion to Dismiss at 8. Similarly, KT and CVF lack standing to allege conspiracy to "abuse the Czech criminal process and abuse the United States civil process," demonstrated by the fact that they do not join Count I, because they were not sued or charged criminally. *Id.* Thus, KT and CVF assert entirely different allegations: conspiracy to loot assets (count II); conversion (count III); unjust enrichment (count IV); breach of fiduciary duty (count V); constructive trust (count VI); and declaratory judgment (count VIII). ***These are all new claims***." Kotva's motion to dismiss at 14.



>   **similar claims are pending in the Czech courts**) or appealing the Court's
>   decision with respect to personal jurisdiction.

KT and CVF motion at 3 ¶ 6 (emphasis added). There is no reason why the Weiss Defendants cannot also pursue their "conspiracy" allegations in the Czech Republic.[2] Indeed, the rationale provided for KT and CVF's motion to dismiss applies equally to the Weiss Defendants' claim.

Kotva believes that the hearing currently scheduled for December 4th would still be useful to address the issues regarding Count II.[3] Of course, should the Court decide to dismiss Count II for the reasons articulated in Kotva's motion and herein, hearing will not be necessary.

**The Timing of KT and CVF's Motion is Suspect**

KT and CVF knew the terms of the Court's June 14, 2006 Order **for more than five months** before filing last night's motion. But it is no coincidence that KT and CVF waited until the eve of the close of discovery to file this motion.[4] By doing so, they received the benefit of discovery in this case for essentially the entire discovery period (allowing them to use the discovery from this case in duplicate proceedings they had previously filed in the Czech Republic). As a result, this case has involved an extraordinarily contentious and expensive discovery process for claims that have now been voluntarily dismissed. Kotva reserves the right to seek recourse for this unnecessary activity.

---

[2] Moreover, the Weiss Defendants will not be able to prove any conspiracy claim based on Czech law in this action since they have failed to designate a Czech-law expert on the subject.

[3] Kotva would like an opportunity to address some of the arguments against *forum non conveniens* raised in the opposition to Kotva's motion to dismiss, to the extent that the Court might consider them. For example, a *forum non conveniens* argument is not subject to Rule 12 restrictions and was not waived. *See e.g., Snam Progetti S.P.A. v. Lauro Lines*, 387 F. Supp. 322 (S.D.N.Y. 1974).

[4] Counsel for KT and CVF did not broach the subject of voluntarily dismissing KT and CVF with Kotva's counsel until November 20, 2006.



10 St. James Avenue   16th Floor   Boston   Massachusetts 02116   Tel 617.778.9100   Fax 617.778.9110   www.nbparis.com

WHEREFORE, Kotva respectfully requests that the Court enter the proposed order attached as Exhibit B hereto, and dismiss Count II in its entirety. Kotva submits that proceeding with the hearing on December 4th would still be useful to address whether counterclaim Count II remains in the case, if necessary, and, if so, its scope.

Respectfully submitted,

KOTVA A.S.

By its attorneys,

Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Dana A. Zakarian (BBO# 641058)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)
jbeckman@nbparis.com
wnystrom@nbparis.com
dzakarian@nbparis.com
dpasquarello@nbparis.com

cc:  Edward Leibensperger, Esq.
     Benjamin Goldberger, Esq.



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET<br>MANAGEMENT, LLC<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 05-10679-RCL |
| ANDREW WEISS, WEISS ASSET<br>MANAGEMENT LLC, K T, INC.<br>and CVF INVESTMENTS, LTD.,<br><br>Counterclaim-plaintiffs,<br><br>v.<br><br>KOTVA a.s., and RICHARD HARAZIM<br>MANAGEMENT, LLC<br><br>Counterclaim-defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |  |

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE
OF COUNTERCLAIM-PLAINTIFFS KT, INC. & CVF INVESTMENTS, LTD.**

Pursuant to Fed. R. Civ. P. 41(a)(1)(ii) and Fed. R. Civ. P. 41(c), the parties to the above-captioned action hereby stipulate to the dismissal without prejudice of counterclaim-plaintiffs KT, Inc. and CVF Investments, Ltd.[1] As a result of this dismissal, the only counterclaim-plaintiffs in this action are Andrew Weiss and Weiss Asset Management, LLC ("Weiss parties"). The only counterclaim counts that the Weiss

---

[1] The status of KT, Inc. and CVF Investments, Ltd. as counterclaim-plaintiffs has been disputed by the parties, as discussed in Kotva's March 3, 2006 motion to dismiss and the Weiss parties' opposition thereto.

parties assert are: Count I (abuse of process) against Kotva and Richard Harazim; and Count II (conspiracy to abuse process) against Kotva.

As a result of this stipulation, the scope of Kotva's pending motion to dismiss scheduled for hearing on December 4, 2006 has been narrowed. The only disputed issue that remains for hearing is whether Count II remains in the case (and, if so, the scope of Count II).

Respectfully submitted,

| KOTVA A.S., and RICHARD HARAZIM | ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS LTD. |
|---|---|
| By their attorneys, | By their attorneys, |
| /s/ Daniel J. Pasquarello<br>Joel G. Beckman (BBO# 553086)<br>William C. Nystrom (BBO# 559656)<br>Daniel J. Pasquarello (BB0# 647379)<br>NYSTROM BECKMAN & PARIS LLP<br>10 St. James Ave., 16th Floor<br>Boston, Massachusetts 02116<br>(617) 778-9100<br>(617) 778-9110 (fax)<br>jbeckman@nbparis.com<br>wnystrom@nbparis.com<br>dpasquarello@nbparis.com | /s/<br>Edward P. Leibensperger (BBO# 292620)<br>Benjamin A. Goldberger (BBO# 654357)<br>MCDERMOTT WILL & EMERY LLP<br>28 State Street<br>Boston, MA  02109<br>(617) 535-4000<br>(617) 535-3800<br>eleibensperger@mwe.com<br>bgoldberger@mwe.com |

Dated: November 27, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., | ) | |
| | ) | |
| Counterclaim-plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KOTVA a.s., and RICHARD HARAZIM MANAGEMENT, LLC | ) | |
| | ) | |
| Counterclaim-defendants. | ) | |

**[PROPOSED] ORDER OF DISMISSAL WITHOUT PREJUDICE
OF COUNTERCLAIM-PLAINTIFFS KT, INC. & CVF INVESTMENTS, LTD.**

Pursuant to Fed. R. Civ. P. 41(a)(2) and Fed. R. Civ. P. 41(c), it is hereby

ORDERED that:

Counterclaim-plaintiffs KT, Inc. and CVF Investments, Ltd.[1] are hereby

dismissed without prejudice.

---

[1] The status of KT, Inc. and CVF Investments, Ltd. as counterclaim-plaintiffs has been disputed by the parties, as discussed in Kotva's March 3, 2006 motion to dismiss and the Weiss parties' opposition thereto.

2

        SO ORDERED

        _____
        Reginald C. Lindsay
        United States District Judge

Dated: