UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**KOTVA'S ASSENTED-TO MOTION FOR LEAVE
TO FILE REPLY TO WEISS PARTIES'
<u>OPPOSITION TO KOTVA'S MOTION FOR PROTECTIVE ORDER</u>**

In accordance with Local Rule 7.1(b)(3), Plaintiff Kotva a.s. ("Kotva") hereby moves for leave to file the Reply (attached hereto as Ex. A) to Defendants' Opposition to Kotva's Motion for Protective Order.  In support of this motion, Kotva states that the Reply addresses issues raised by the Defendants in their opposition and respectfully submits that the Reply will aid in resolving the issues pending before the Special Master.

Opposing counsel has assented to the filing of the Reply.

Respectfully submitted,

KOTVA A.S.

By its attorneys,

/s/ Daniel J. Pasquarello
Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Dana A. Zakarian (BBO# 641058)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I certify that I have conferred with opposing counsel in accordance with Local Rule 7.1(A)(2), and have attempted in good faith to resolve or narrow the issue addressed in this motion. Opposing counsel has assented to this motion.

/s/ Daniel J. Pasquarello
Daniel J. Pasquarello (BBO# 647379)

Dated: December 1, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 1st day of December, 2006.

/s/ Daniel J. Pasquarello
Daniel J. Pasquarello (BBO# 647379)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. | )<br>)<br>) |
| Plaintiff, | ) Case No. 05-10679-RCL<br>) |
| v. | )<br>) |
| ANDREW WEISS and WEISS ASSET<br>MANAGEMENT, LLC | )<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Defendants' November 29, 2006 opposition to Kotva's motion for a protective order *fails to make any mention* of the Court's November 28, 2006 Order dismissing KT and CVF--an Order that directly supports Kotva's positions on relevancy issues. (A copy of the November 28, 2006 Order is attached hereto as Ex. 1.) Instead, Defendants still quibble about the meaning of the Court's June 14, 2006 Order.

But there is no longer any room for doubt: KT and CVF have been dismissed from the case along with all counterclaims concerning the alleged "looting" of Kotva's assets. Defendants' attempt to link Kotva's *current* and *ongoing* investments to abuse of process claims *filed a year and a half ago* (in March 2005 and May 2005) is tenuous, post-hoc, and unpersuasive. Investments made in 2006 and going forward have no bearing on Defendants' allegations--asserted in 2005--that Kotva had been looted.[1] Nevertheless, Defendants still pepper their relevancy argument with claims of looting and tunneling. *See* Opposition at 5. Those

---

[1] Defendants alleged in their counterclaim that Kotva's assets *had been looted*--past tense--*i.e*, that the Forminster Group had "unlawfully seized control," had "deprived" Kotva's shareholders, and had "unjustly enriched" themselves. *See e.g*. First Amended Counterclaim at ¶¶ 74, 76.

claims are gone. And a counterclaim for abuse of United States civil process or conspiracy to abuse U.S. process--which is all that remains after the November 28, 2006 Order--cannot be contorted to make irrelevant claims relevant.

Even if Kotva's 2006 investments and the identities of its *current* business partners were relevant, however, Kotva has sufficiently demonstrated that this information is confidential and warrants protection. That confidentiality is the heart of Kotva's motion for a protective order. Defendants, however, barely address Kotva's confidentiality arguments. Other than reciting the good cause standard and distorting Kotva's showing of specific harm, Defendants have no rebuttal. In fact, Defendants do not even address the contractual penalties that Kotva will suffer from disclosure of this confidential information--conceding that Kotva has satisfied the good cause standard of showing specific harm.

Meanwhile, Defendants cannot satisfy their own burden of showing a need for the information that outweighs Kotva's harm. The only argument Defendants advance is that the identity of Kotva's business partners is allegedly *relevant*. That is not enough. Indeed, Defendants even admit that they want this confidential information to use in litigation in the Czech Republic (Opposition at 8)--confirming Kotva's suspicions that Weiss intends to continue to disrupt Kotva's business relationships through litigation. Under these circumstances, the protective order should be granted.

With respect to further arguments in Defendants' opposition, Kotva provides the following bullet-point response:

- The identity of Kotva's *current* business partners and *current* investments is not relevant to the "dueling abuse of process claims." Opposition at 5. Defendants' argument suffers from a fatal temporal flaw. Defendants filed their abuse of process counterclaim in 2005, alleging that the looting had already happened. Kotva similarly filed its abuse of process claim more than a year and half ago. Weiss cannot morph his allegations that Kotva had been strip<u>ped</u> of its assets and

2

looted as of 2005 into allegations that the "Forminster Group is looting" assets in 2006. *Id.* The receipt and holding documents that Kotva has already produced, moreover, demonstrate the falsity of Defendants' allegations. As justification for their relevancy argument, Defendants continue to fall back on looting and tunneling allegations. The Court's June 14, 2006 and November 28, 2006 Orders, however, eliminated both the "Forminster Group" and "looting/tunneling" from this case.

- There are no improper redactions in Kotva's production. Undersigned counsel promptly responded to the concerns raised by Mr. Goldberger's October 25, 2006 letter. After investigation, Kotva quickly cured a mistaken redaction issue in its bank statements (due to confusion about the scope of disbursement information to be produced) and re-produced the documents to Defendants. *See* November 3, 2006 Letter from Pasquarello to Goldberger, attached hereto as Ex. 2. Further, Kotva welcomed the idea of a discovery conference, informed Defendants of its confidentiality concerns with respect to the ongoing investment information, and advised defendants that it would move for a protective order. Assembling the necessary translations and obtaining the declaration from the Czech Republic delayed the filing of the motion until November 14, 2006.

- There is no discovery dispute about the timing of Kotva's supplemental production. In accordance with the Special Master's previous Orders, Kotva produced its 2005 information months ago. The parties subsequently disputed the scope of Kotva's obligation to supplement with respect to 2006 information. The production of 2006 materials by Kotva was delayed as a result of objections and agreed-upon document production extensions. Defendants' insinuation that there is either a dispute or a disregard for the Special Master's Orders is nothing more than another groundless diversion.

- Finally, there is nothing misleading about Mr. Harazim's Declaration. Defendants' attempt to blur the distinction between the corporate entity of FEL and the identity of FEL's beneficial owners is disingenuous at best. Indeed, Mr. Harazim's Declaration expressly states that he does not know the identity of the beneficial owners of FEL, and that he testified to that effect.

## **CONCLUSION**

Wherefore, Kotva requests that its motion for protective order be granted. In light of the Court's November 28, 2006 Order, Kotva also requests that the Special Master find that no additional discovery regarding the receipt and holding of the sale proceeds beyond what has already been provided to the Weiss Defendants need be provided by Kotva.

Respectfully submitted,

KOTVA A.S.

By its attorneys,

/s/ Daniel J. Pasquarello
Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: December 1, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 1st day of December, 2006.

/s/ Daniel J. Pasquarello
Daniel J. Pasquarello (BBO# 647379)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KOTVA a.s.,<br>    Plaintiff,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>    Defendants.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT LLC, KT, INC. and CVF INVESTMENTS, LTD.,<br><br>    Counterclaim-plaintiffs,<br><br>v.<br><br>KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO. and JOHN DOES 1-5,<br><br>    Counterclaim-defendants. | Civil Action No. 05-10679-RCL |

### ORDER ON PLAINTIFF'S MOTION TO DISMISS "COUNTERCLAIM-PLAINTIFFS" KT AND CVF

LINDSAY, DISTRICT JUDGE

Before the court are the plaintiff Kotva's motion to dismiss counterclaim-plaintiffs KT and CVF, and a motion of KT and CVF to dismiss their counterclaims without prejudice pursuant to Fed. R. Civ. Pro. 41(a)(2) and 41(c). This court will rule on Kotva's motion to dismiss only, thereby mooting the motion of KT and CVF under Rule 41.

1

As all relevant parties have acknowledged, KT and CVF have filed a case currently pending in the Czech Republic that concerns issues and parties similar to those present in the case here. The lawsuit in the Czech Republic pre-dates the counterclaims raised in this case; the counterclaims raise difficult issues of Czech law; Massachusetts is not a convenient forum for the disposition of the counterclaims; not all of the counterclaim defendants named in the counterclaims are subject to suit in this district; and the resolution of the Czech lawsuit will be dispositive of the counterclaims. For these reasons, this court GRANTS Kotva's motion to dismiss with respect to the counterclaims brought by KT and CVF (counts III, IV, V, VI and VIII) and so much of count II as relates to the alleged conspiracy to loot Kotva's assets and to abuse Czech criminal process. This motion is granted without prejudice to the prosecution of the dismissed counterclaims in the Czech lawsuit or in such other case or forum as may be appropriate. Count II may proceed in this court insofar as counterclaim-plaintiffs Andrew Weiss and Weiss Asset Management allege, against the counterclaim defendants remaining in this case, a conspiracy to abuse United States civil process.

The parties are directed to appear before the court on Monday, December 4, 2006, for a status conference that will address dates for the scheduling of a final pre-trial conference and trial of this matter.

IT IS SO ORDERED.

/s/ Reginald C. Lindsay
_____
United States District Judge

DATED:

2

# EXHIBIT 2



November 3, 2006

**Via Email and First Class Mail**
Benjamin Goldberger, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109-1775

    Re:   <u>Kotva a.s. v. Andrew Weiss and Weiss Asset Management, LLC</u>
           C.A. No. 05-10679-RCL (D. Mass.)

Dear Ben:

    I write in response to your November 1, 2006 letter. Since you will not agree to a stipulation, we will move for a protective order to protect the confidential business information we described to you during Tuesday's conference. We intend to move promptly, but your arbitrary November 8th deadline is not in accordance with our prior conversation. As you know, we are focusing on providing additional documents to you first. To avoid confusion, not to mention needless motion practice on your part, we will file a motion for protective order as called for by the Special Master's prior orders. With respect to the investment-related documents, we will produce them to you in redacted form as soon as possible. (Please note that your letter mistakenly describes two real estate investments instead of one.)

    We explained to you during the conference that there was some confusion in the Czech Republic about the scope of the disbursement information to be produced. For example, the documents at issue contain information about certain transactions that have nothing to do with the department store proceeds. This information was properly withheld and will not be disclosed since it is neither subject to the Special Master's order nor relevant to any discovery requests. We will also continue to redact bank account numbers from these documents. We did not promise to "produce the documents in unredacted form." Redactions will be made in black ink.

    Finally, the parting pot-shot in your letter is both uncalled for and untrue. Kotva has not evaded any Court orders in this case. In the spirit of what I thought was--finally--a reasonable and productive discovery conference by Weiss on Tuesday, I will not catalogue here the numerous discovery abuses and violations of the Special Master's orders by Weiss in this case.



Benjamin Goldberger, Esq.
November 3, 2006
Page 2

      Despite your admission on Tuesday that the relevance of the disbursement documents is to demonstrate alleged looting--a claim that has been dismissed--we are still cooperating to provide documents that are no longer relevant. Upon demonstrating--again--that there has been no "looting," however, we intend to revisit the Rule 11 issues on these allegations to which we previously notified you.

Very truly yours,

Daniel J. Pasquarello

cc:    Edward Leibensperger, Esq. (email only)
        Joel Beckman, Esq. (email only)

