UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS AND WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><br>___<br><br> ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., <br><br> Counterclaim-plaintiffs, <br> v. <br><br> KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO AND JOHN DOES 1-5 <br><br> Counterclaim-defendants. | C.A. No. 05-10679-RCL |

## AMENDED OPPOSITION TO APPLICATION FOR LETTERS ROGATORY

Sean Mulryan, a non-party to this suit, hereby opposes Andrew Weiss' and Weiss Asset Management LLC's (collectively, the "Defendants") Application for Letters Rogatory (the "Application"). As set forth below, Mr. Mulryan has no evidence relevant to this action. Defendants' proposed examination and request for documents is unnecessary, unduly burdensome and brought primarily for the purpose of harassing Mr. Mulryan.

BOS-1033439 v3

## **PROCEDURAL BACKGROUND**

Mr. Mulryan's counsel received a copy of Defendants' Motion for Approval of an Application for Letters Rogatory to the Special Master on Wednesday, November 22, 2006, the day before Thanksgiving, at 4:30 pm. On Tuesday, November 28, 2006, counsel for Mr. Mulryan sent a letter to the Special Master requesting an opportunity to oppose Defendants' motion, which opposition would have been due no later than December 6, 2006, in accordance with Rule 7.1 of the Local Rules of the U.S. District Court for the District of Massachusetts. Mr. Goldberger (counsel for Andrew Weiss and Weiss Asset Management, LLC) was copied on the letter. See November 28, 2006 letter from John Blessington, Esq. to Jeanne Kempthorne, Esq., attached hereto as Exhibit A.

On Monday, November 27, 2006, before receiving this letter, the Special Master issued an order recommending that Defendants' motion be allowed based in part on Mr. Goldberger's statement that counsel for Kotva did not intend to oppose the motion. See Recommendation of the Special Master on Application for Letters of Request. Because Mr. Mulryan is not a party to this case, his counsel did not receive notification of the Special Master's recommendation.

The Special Master did not respond to the letter from Mr. Mulryan's counsel seeking an opportunity to oppose Defendants' motion. Despite knowing that Mr. Mulryan's counsel intended to file an opposition and was relying on a deadline of December 6, 2006 in accordance with Rule 7.1, Mr. Goldberger never informed Mr. Mulryan's counsel that the Special Master had recommended that Defendants' motion be allowed. In fact, the first that counsel for Mr. Mulryan learned of the Special Master's recommendation was when this Court directed Mr. Goldberger to send a copy to counsel on December 4, 2006. Thus, Mr. Mulryan has not yet had

an opportunity to be heard in opposition to Defendants' Application.

# ARGUMENT

I. **Sean Mulryan Has No Knowledge Relevant to This Case**

Mr. Mulryan's sole connection to this case is as a fifty-percent shareholder of Markland Holdings Limited ("Markland") — the entity which purchased the department store (the "real estate") from Kotva a.s. ("Kotva") that is at issue in this litigation. Sean Mulryan is Chairman of Ballymore Properties Limited ("Ballymore"), a prominent commercial and residential property company based in Ireland which Mr. Mulryan founded in 1982. Ballymore develops properties in Ireland, the United Kingdom and elsewhere in Europe.

Defendants have already deposed Aidan Scully, the Managing Director of Markland, who has knowledge of the transaction between Markland and Kotva. Mr. Mulryan does not possess any further information relevant to Markland's purchase of the real estate. In fact, Mr. Mulryan was only briefly involved in the decision to purchase the real estate, and his involvement was at a strategic, not detail-oriented, level.

Defendants' bare assertion in ¶ 2 of their Application that Mr. Mulryan "plainly" has knowledge relevant to this action is without merit. Defendants incorrectly state that Mr. Scully testified that "Mr. Mulryan was present at meetings at which Markland's purchase of the real estate, as well as the impact of lawsuits that Kotva attributes to the Defendants and others on that purchase, were discussed." See Application, ¶ 2. In fact, Mr. Scully testified that Mr. Mulryan and the other shareholder of Markland, Mr. Kelly, attended one meeting only to determine whether the purchase of the real estate should go forward. See Application, Exhibit A, pg. 9. Also present at that one meeting were Mr. Scully, the managing director of Markland; Frank Walker, an employee of Markland; Henry Prestage, an employee of Ballymore — an entity

affiliated with Markland; and Bryan Wilson of Linklaters LLP, Markland's legal adviser in the Czech Republic. Mr. Walker, Mr. Prestage and Mr. Wilson all have detailed knowledge of the real estate purchase in question. Mr. Mulryan does not. See November 13, 2006, letter from William Fry, Esq. to Benjamin Goldberger, Esq., attached hereto as Exhibit B.

Defendants assert that Mr. Mulryan's testimony is necessary to fill in the gaps left by Mr. Scully, whose memory of the relevant "meetings" was "incomplete." See Application, ¶ 3. This assertion is not credible for three reasons. First, Mr. Mulryan was only present at the one meeting discussed above. Thus, he does not possess knowledge sufficient to fill in all the gaps in Mr. Scully's memory. Second, with respect to the meeting Mr. Mulryan did attend, three other individuals with more complete and detailed knowledge of the relevant transaction were present. Any one of these individuals would be more capable of answering Defendants' questions regarding that meeting and the details of the real estate purchase. In fact, Markland has volunteered the testimony of one of these individuals, Mr. Prestage, whom Plaintiff has since decided to depose, and who will be open to questioning by the Defendants. Third, Mr. Mulryan has no direct knowledge of the details surrounding the purchase of the real estate. Any knowledge Mr. Mulryan possesses concerning the details of that purchase he learned second-hand from Mr. Walker, Mr. Prestage, Mr. Wilson and Mr. Scully.

II. **Defendants' Evidence Concerning Sean Mulryan's Unrelated Real Estate Interests Has No Bearing on This Case or Defendants' Application**

Defendants' assertion that "Mr. Mulryan has been involved in a number of other real estate transactions in Prague" is irrelevant to the case at bar. See Application, ¶ 4. Defendants' evidence that Mr. Mulryan was not merely a passive investor in this case consists of a statement in a British magazine that Mr. Mulryan "is the kind of person that likes to go through snag lists himself," which statement was made by a reporter whom Mr. Mulryan has never met, and who

was not writing about the transaction between Kotva and Markland.  See Application, Exhibit B.  In fact, the article does not mention the real estate purchase at issue in this case.  See id.

The lengthy transcript attached to Defendants' Application as "Exhibit D" contains selected portions of hearings before a Tribunal of Inquiry in Ireland which was investigating property deals made by a politician named Liam Lawlor.  Evidently, Defendants attached this transcript because Mr. Mulryan is mentioned as an investor whom Mr. Lawlor attempted to interest in some real estate deals.  This investigation of Liam Lawlor has no relevance to the transaction between Kotva and Markland or the dispute between Kotva and Defendants.

### III. Defendants' Proposed Examination and Request for Documents is Unnecessary, Unduly Burdensome and Brought Primarily for the Purpose of Harassment

Kotva has submitted hundreds of pages of documents to Defendants' counsel in connection with Mr. Scully's deposition and Defendants' discovery requests.  This extensive documentation makes it clear that Mr. Walker, Mr. Prestage, Mr. Wilson and Mr. Scully had extensive involvement in the relevant real estate purchase, and that Mr. Mulryan did not.  Defendants' decision to seek examination and documents only from Mr. Mulryan, and not from individuals with more complete and detailed information regarding relevant transactions in this case, demonstrates that the purpose of Defendants' Application is not to "fill in the gaps" of Mr. Scully's memory, but rather to burden and harass Mr. Mulryan in the hopes that Mr. Mulryan might be able to pressure Kotva into disposing of this case.

In fact, allowing the Defendants to seek discovery from Mr. Mulryan, a shareholder of a non-party, would run counter to the Special Master's previous rulings on the scope of discovery in this case.  In her September 29, 2006 Order, the Special Master denied Kotva's request for information regarding the identity of investors who held an interest in the Kotva and Trend shares at issue.  Finding that the requested information was too far afield, the Special Master

reasoned: "In fact, the request appears to be nothing more than a fishing expedition . . . . The success of this proposed discovery venture, particularly in light of how attenuated BIP's investors are to the Kotva and Trend shares at issue in this case is speculative at best. The fact of the matter is, the core of this case is what Weiss demanded of Kotva in order to settle the litigation and whether the demands were justified and legitimate and the means used to achieve Weiss's objectives proper — not what Weiss told his investors." September 29, 2006 Order at 24-25. As detailed above, Mr. Mulryan has no relevant information to provide. Thus, Defendants' request to depose him amounts to nothing more than a fishing expedition that is meant to harass. Such harassment is an improper use of the system of discovery under the Federal Rules of Civil Procedure and an affront to the Hague Convention and the principles of international comity. Furthermore, the deposition and production of documents from Mr. Mulryan is unnecessary because he possess no evidence relevant to this case, and because other, more knowledgeable individuals are available to be deposed concerning every issue for which Defendants seek to question Mr. Mulryan.

## CONCLUSION

For the foregoing reasons, Andrew Weiss' and Weiss Asset Management LLC's Application for Letters Rogatory should be denied.

```
```
- 7 -

SEAN MULRYAN

By his attorneys,

/s/ John C. Blessington
John C. Blessington, BBO #549754
William G. Potter, BBO #664302
KIRKPATRICK & LOCKHART
  NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: December 12, 2006

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served on December 12, 2006 as follows:

Benjamin A. Goldberger, Esq.
McDermott Will & Emery
28 State Street
Boston, MA 02109

(by First Class Mail)

Joel Beckman, Esq.
Nystrom, Beckman & Paris, LLP
10 St. James Avenue - 16th Floor
Boston, MA  02116

(by First Class Mail)

      /s/ John C. Blessington
      John C. Blessington, BBO #549754

# EXHIBIT A



**Kirkpatrick & Lockhart Nicholson Graham LLP**

State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
617 261 3100
Fax 617 261 3175
www.klng.com

November 28, 2006

John C. Blessington
617 261 3108
Fax: 617 261.3175
jblessington@klng.com

**By E-mail and Fax**

Jeanne M. Kempthorne, Esq.
7 Bott's Court
Salem, MA 01970

Re:   Kotva v. Andrew Weiss and Weiss Asset Management, LLC
       C.A. No. 05-10679-RCL

Dear Ms. Kempthorne,

We represent Sean Mulryan, a shareholder of Markland Holdings Limited ("Markland"). I am writing in response to Defendants' Motion for Approval of Application for Letters Rogatory, which my office received Wednesday afternoon, November 22, 2006. The application seeks the examination of and production of documents from Mr. Mulryan, a non-party to this suit.

In Paragraph 5 of Defendants' motion, Benjamin Goldberger stated that counsel for Kotva a.s. and Richard Harazim do not intend to file an opposition. Notwithstanding, we respectfully request that you allow us to file an opposition to Defendants' motion on behalf of Mr. Mulryan, which we would file no later than December 6, 2006, in accordance with Rule 7.1 of the Local Rules of the U.S. District Court for the District of Massachusetts.

In an e-mail to counsel on July 17, 2006, you questioned whether the person to be served could oppose an application for letters rogatory. As the Special Master, it is within your authority to deny the Defendants' motion in the first instance if you deem the Application for Letters Rogatory to be unnecessary, unduly burdensome or brought primarily for the purpose of harassment. As our opposition would more fully explain, Mr. Mulryan has no knowledge relevant to this action. His only connection to this case is as a shareholder of Markland -- the entity which purchased the department store from Kotva that is at issue in this litigation. Defendants have already deposed Aidan Scully, the Managing Director of Markland, and Mr. Scully has confirmed that Mr. Mulryan does not possess any further information relevant to that purchase. Notably, Mr. Scully identified other individuals who do have first-hand knowledge of the relevant transaction, but it appears that Defendants have not sought to depose these other witnesses.

Accordingly, we believe that Defendant's Application for Letters Rogatory is unnecessary, unduly burdensome and brought primarily for the purpose of harassing Mr. Mulryan. Furthermore, we submit that a pre-issuance opposition is the most efficient method of resolving this dispute. If you determine that Defendants' Application for Letters Rogatory is an improper

BOS-1029753 v1
BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON



Kirkpatrick & Lockhart Nicholson Graham LLP

Jeanne M. Kempthorne, Esq.

November 28, 2006
Page 2

or unnecessary discovery request, the parties, the District Court and the courts of Ireland will be spared the time and expense of litigating any Motions to Quash. To that end, we respectfully request that you allow us to file an opposition to Defendant's motion no later than December 6, 2006.

Please call me with any questions.

Very truly yours,

John C. Blessington

JCB:dsm

cc:  Benjamin A. Goldberger, Esq.
     Joel G. Beckman, Esq.
     Michael J. Kealey, Esq.
     William G. Potter, Esq.

# EXHIBIT B



# William Fry

Our Ref    016226 0054 MJK                                         13 November 2006

By email fax and post

Attention: Benjamin A. Goldberger

McDermott Will & Emery
28 State Street
Boston
Massachusetts 02109 - 1775

Kotva a.s. v. Andrew Weiss and Weiss Asset Management, LLP

Dear Sirs

Following our letter of 9 November to Mason Hayes & Curran, Michael Kealey of this firm spoke with your Mr Goldberger  We also received an email from Mr Goldberger on 9 November

A number of issues arise from these communications, which we wish to clarify

First, while we have seen the Notice of Deposition of Henry Prestage issued by the attorneys for Kotva a s , Mr Prestage is prepared to be deposed voluntarily  We believe that it would be in ease of all parties if his deposition took place in conjunction with Mr Aidan Scully's under the auspices of, and in the offices of, Mason Hayes & Curran, the solicitors appointed under the Order of the High Court allowing for Mr Scully's deposition. It would also appear sensible that both depositions be heard before the current Examiner, Mr Phillip Rahn, BL , if he was agreeable

As you can see, we are copying this letter to Ms Frisby and to Mr Beckman, Kotva's Attorney

We have taken our clients' instructions on the proposal made in the telephone conversation between Mr Goldberger and Michael Kealey to depose Mr Sean Mulryan of Markland Holdings  This has already been the subject of correspondence between us  Our clients' position has not changed  Mr Mulryan does not agree to give evidence voluntarily and any application to oblige him to be deposed will be resisted  Our clients have instructed attorneys in the United States to resist any such application and any papers in this regard should be served not only upon this firm but on Mr John Blessington of Kirkpatrick & Lockhart

William Fry Solicitors. Fitzwilton House  Wilton Place  Dublin 2. Ireland    DX23 Dublin
T: +353-1-639 5000  F: +353-1-639 5333  E: info@williamfry ie  W: www williamfry ie

Also at 300 Park Avenue - Suite 1700  New York  NY 10022

A list of partners appears on the reverse
In ---------ion with Tughans, Northern Ireland



As we have stressed before, Mr Mulryan does not have any relevant evidence regarding the matters at issue in the above proceedings  He had no involvement in the negotiation of the deal by which the Kotva Department Store was purchased  Mr Mulryan has never met with nor spoken to any of the parties to this litigation or their representatives

As we have previously indicated, the negotiations for the department store were carried out on Markland's behalf by Henry Prestage, Frank Walker and Markland's Czech attorney, Bryan Wilson of Linklaters  Mr Scully, the Chief Executive of Markland Holdings, has already been deposed and will, should you wish, continue to give evidence. Our clients have also volunteered Mr Henry Prestage to give evidence, notwithstanding that he no longer works with the company

In light of our clients' clear instructions, should you nonetheless seek to depose Mr Mulryan, you should detail why your clients believe that he has evidence of relevance to give and the basis for such belief  In the absence of such an assertion, we will take it that no such basis exists

We are in the process of collating and copying documentation held by Markland Holdings relevant to these proceedings, in light of the previous correspondence between us  We hope to have that material couriered to you in the coming days  We propose also to send copies to the attorney for Kotva a s., Mr Beckman

Yours faithfully

William Fry

CC:     Susan Frisby, Mason Hayes & Curran
        Joel Beckman, Nystrom Beckman & Paris


WF-668565-v1