UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KOTVA A.S.,                )
                           )
                           )    Civil Action No. 05-10679-RCL
v.                         )
                           )
WEISS, ET AL.              )

ORDER OF SPECIAL MASTER ON PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER
(January 26, 2007)

On November 14, 2006, Kotva a.s. moved for a protective order (Document 160) to shield the identity of certain of its business partners in ongoing investments. In its motion, Kotva asserts that the identity of these partners is confidential business information and is irrelevant. Weiss opposes the motion.

On December 1, 2006, Kotva moved for leave to file a reply memorandum in further support of its motion for a protective order (Document 177). Leave is hereby granted.

In support of its motion, Kotva submitted a memorandum, the Declaration of Richard Harazim and, for *in camera* review, three exhibits, consisting of contracts related to a claim investment (Exhibit A), a real estate investment (Exhibit B); and a restaurant investment (Exhibit C). In his cover letter, Mr. Pasquarello, counsel to Kotva, represents that Kotva seeks to protect the first two agreements on the grounds of irrelevance and confidentiality, and the third agreement on the ground of irrelevance.

Kotva represents that it has invested 220 million czk in a real estate investment and 60 million czk in a "claim." Kotva represents that it has already produced bank account statements, escrow account statements, and year-end audited financial statements for 2004 and 2005, and that

1

these documents conclusively demonstrate that there has been no looting.

Kotva recites as good cause for a protective order (1) that it has promised its partners not to reveal their identity; and (2) the partners might seek liquidated damages and cease doing business with Kotva if Kotva reveals their identity, thereby depriving Kotva of investment opportunities it might otherwise enjoy in the future.  Mr. Harazim represents that none of the investors are owned by, controlled by, or affiliated with Forminster, although since he does not know who the beneficial owners of Forminster are, it is difficult to see how he can make such a representation under oath.

With respect to its challenge to the relevance of the investment information, Kotva relies on the fact that the counterclaim as it pertains to looting has been dismissed and that because Weiss had alleged that looting occurred in 2005, current investments and investors have no bearing on whether looting occurred in 2005.

Kotva submitted the investment agreements with proposed redactions in Czech and translated to English.  Upon review of Exhibit A and the proposed redactions, it is apparent that Kotva proposes to redact not the name of its business partners as it represents in its motion, but the name and address of the assignor of the "claim" for which Kotva paid 60 million czk, the name and address of the obligor of the receivable which is the subject of the assignment, and the name and address of the company whose shares are the subject of the underlying obligation. None of these parties can conceivably be called a "business partner" of Kotva's.  The assignor is not an investor or business partner of Kotva's but an arm's-length party to a commercial transaction, and the other entities have no apparent relationship whatsoever, much less a fiduciary relationship, to Kotva.  Thus, I do not credit Kotva's representation at page 2 of its Motion that

"<u>Only information that would identify Kotva's business partners has been redacted.</u>" [emphasis in original].

The confidentiality clause in Exhibit A provides that "Each party undertakes to keep confidential all facts relating to this Contract or concerning the other party." Agreement, ¶ 5.5. This clause does not by its terms extend to the obligor or the company which is the subject of the debt. Moreover, I do not see why the parties' agreement to keep confidential "all facts" concerning the agreement or the parties should be construed to extend to the identity of the parties to the contract. Finally, there seems to be no legitimate business reason why an assignment of a debt from one entity to another, a routine business deal, should be kept confidential, nor can I conceive why "[d]isclosure of the identity of the company against which the claim stands may jeopardize Kotva's ability to recover on its current investment." Harazim Declaration, ¶ 3. Indeed, the agreement provides that the assignor would have to inform the obligor of the assignment.

Exhibit B is a contract of collaboration and nondisclosure concerning real estate investment opportunities. Nothing in it suggests that the identity of the parties to the contract is or was intended to be treated as confidential information. The nondisclosure clause relates only to information relating to investment opportunities and trade secrets. It does not extend to the identity of the contractual parties. Nothing in the contract remotely suggests that mere disclosure of the agreement itself or the identity of the parties to it would give rise to a claim pursuant to the liquidated damages provision.

Accordingly, I conclude that Kotva has not sustained its burden to demonstrate the confidentiality of the information contained in Exhibits A and B and therefore has not

3

demonstrated good cause for issuance of a protective order with respect to those documents or the information contained therein.

Exhibit C is a contract for the transfer of securities. Kotva proposes to redact not only the name of the contracting transferor, but also the trustee who is the custodian of the securities and the issuer of the securities, neither of whom is a party to the contract. I do not see how any of these persons or entities can conceivably be construed as a "business partner" of Kotva or an "investor" in Kotva or Kotva's business ventures. The contract appears to be an arm's length business transaction, not one giving rise to fiduciary duties or to the duty to maintain the identity of the transferor or the issuing entity confidential. Finally, the contract definition of the term "confidential information" does not include the names of the parties, the trustee or the issuer of the subject securities.

Mr Pasquarello's letter disavows any claim that Exhibit C contains confidential business information. Instead, it claims that the identity of the parties to the agreement is irrelevant. I disagree. The standard of relevance is very broad indeed, and while the so-called "looting" issue may no longer be the subject of a counterclaim against the co-called Forrminster Group, it is still relevant to Weiss's defenses. So, I do not see how it is that the "looting" issue is no longer n the case. The identity of the recipients of large "investments" as well as the identity of the underlying obligor and issuer of the stock is certainly relevant to the issues raised by the defense. I weigh, of course, the relevance of the requested discovery against the burden to produce it. The balance is weighted toward production because the burden of production is minimal: the documents are already identified and the volume appears to be minimal.

Accordingly, the motion for a protective order is DENIED. I order Kotva to produce the

4

documents without redactions. I do not consider the redactions or the motion to have been supported by good cause and I conclude that the arguments with respect to confidentiality advanced in the memorandum of law are not made in good faith. In particular, I am troubled by the repeated mischaracterization of the persons and entities with whom Kotva did business as "partners" and "investors," when they are neither. Accordingly, pursuant to Fed. R. Civ. P. 37(a)(4)(B), I order Kotva to show cause why I should not award the Weiss defendants their reasonable expenses incurred in opposing the motion. I invite the Weiss defendants to submit an affidavit or affidavits establishing their costs and expenses. Submissions shall be made within two weeks of issuance of this Order.

So ordered this 26th day of January, 2007.

    /s/ Jeanne M. Kempthorne
    Special Master