UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KOTVA A.S.,                )
                           )
                           )   Civil Action No. 05-10679-RCL
       v.                  )
                           )
WEISS, ET AL.              )

ORDER OF SPECIAL MASTER ON MOTION FOR SANCTIONS
AND TO COMPEL PRODUCTION OF DOCUMENTS
AND ANSWERS TO INTERROGATORIES BY RICHARD HARAZIM
(January 27, 2007)

On November 7, 2006, the Weiss defendants moved for sanctions pursuant to Fed. R. Civ. P. 37(b) and to compel production of documents and answers to interrogatories by Richard Harazim.

Weiss seeks sanctions against Mr. Harazim for continuing to resist his discovery obligations, specifically by failing to provide non-evasive answers to interrogatories and producing only four pages of documents in response to the September 29, 2006 Order.

Kotva contends that it would be inappropriate and improper to hold that Kotva's privileges are waived by virtue of Mr. Harazim's failure to respond adequately to discovery requests directed to him personally as a party. Mr. Harazim also asserts that he was not required to log privileged documents that were created after December 23, 2004. Mr. Harazim also notes that he is a party to the litigation only as a counterclaim-defendant with respect to an abuse of process claim. Finally, Mr. Harazim asserts that he has answered the interrogatories to the best of his ability.

Upon review of the parties's respective submissions, it is hereby ORDERED that Richard Harazim shall supplement his answers to Interrogatory nos. 1 and 2. In identifying each

1

communication, he shall provide the information set forth in the definition of the word "communication" contained in the Interrogatories.  That is, he shall indicate to the best of his extant memory, refreshed by review of relevant and available documents, the date each communication was made, the identity and location of the person(s) who initiated the communication, the identity and locations of each person who received the communication, and the medium in which the communication was made.  To the extent that such information is contained in identified documents produced pursuant to Fed. R. Civ. P. 33(d), it need not be reiterated in the supplemental answers to interrogatories.  Mr. Harazim shall submit his supplemental answers by February 12, 2007.

With respect to the Weiss defendants' position that Mr. Harazim must produce all privileged documents in the possession of his attorneys and himself, Weiss's motion is denied.  I do not think that the Rules contemplate that a failure to make a timely objection on the ground of attorney-client privilege warrants the draconian result Weiss seeks.  To order counsel to produce all privileged documents concerning this lawsuit does not strike me as an appropriate sanction or result in the circumstances that pertain here.

That said, I do not agree with Mr. Harazim's characterization of what he must produce with respect to a document request directed to him.  To the extent that Mr. Harazim takes the position that he holds certain documents in a representative capacity and others in an individual capacity, that notion is rejected.  The distinction between individual and representative capacity may be meaningful in the context of a deposition, that is, whether the deponent is designated to speak for the corporation pursuant to Rule 30(b)(6) or whether he appears and testifies without such designation, and it is, generally speaking, meaningful in the context of a custodian who holds

documents for more than one person or party. But, if Mr. Harazim himself holds responsive documents, then he must produce them, whichever hat he claims to wear in doing so. The reference to Mr. Harazim's individual capacity in the September 29 Order is not inconsistent with this directive. The point there is that Mr. Harazim, as a party to this lawsuit, cannot hide behind Kotva's responses in an effort to evade his own discovery obligations. Those obligations extend to all documents which he personally has custody and control over – in whatever capacity. I understand from Mr. Harazim's memorandum that all responsive documents have been produced (Memo, 5, n.5), but I nonetheless wish to take this opportunity to ensure that Mr. Harazim understands his obligations. In particular, I disagree with the assertion at Memo, 6 n.8 that "the September Order allowed defendants to obtain discovery from Mr. Harazim in his individual capacity only, not in his capacity as a Kotva representative." [Emphasis in original]. Nothing in the Order so states. To clarify: if, hypothetically, Mr. Harazim has notes of a conversation with Mr. Weiss, which he maintained in his own files at home or in his own office and which have not been produced by Kotva (say, because they were not maintained in the company's files), then they must be produced. It is of no moment which hat Mr. Harazim wore when he had such hypothetical conversation and took such hypothetical notes. If all such documents have not already been turned over, Mr. Harazim must do so now. If Mr. Harazim has given custody and control of responsive documents to his attorneys or others, then he must ensure that the custodians produce those documents.

While I decline to order Mr. Harazim (or Kotva) to produce privileged documents as a sanction for Mr. Harazim's failure to comply with the deadlines and other requirements for responding to interrogatories and document requests, I do not agree that Mr. Harazim is entitled

to be awarded costs and fees associated with opposing Weiss's request. While I agree that Weiss's motion was overreaching in the circumstances of this case, I believe that the mandatory waiver language of Local Rule 34.1(C)(1) provides a good faith basis for the motion. Conversely, Mr. Harazim's counsel mischaracterizes the authority it cites in support of Mr. Harazim's opposition. For example, the First Circuit in *Marx v. Kelly, Hart & Hallman, PC,* 929 F.2d 8, 12 (1991), did not *hold* that a court has discretion not to deem objections waived. The *holding* of the case was an affirmance of orders dismissing the case and deeming privileges waived as a sanction for discovery abuses. Worse, *Marx* was decided the year before Local Rule 34.1 was promulgated and does not speak to the import of the Local Rule's mandatory language. Similarly, *Krewson v. City of Quincy*, 120 F.R.D. 6 (D.Mass. 1988), was also decided before Local Rule 34.1 was promulgated. And, indeed, the holding of the *Krewson* case is that while objections are indeed waived by the failure to raise them in a timely fashion, the court may nonetheless decline to compel production of documents where the request far exceeds the bounds of fair discovery. Thus, Mr. Harazim's claim that the Weiss defendants "failed to cite these controlling cases to the Discovery Master or lay out the applicable legal standard" must be rejected. The cases Mr. Harazim cites are not controlling and it is Mr. Harazim who fails to lay out the applicable legal standard. Memo, at 10 n.14.

    Notwithstanding the mandatory waiver language of Local Rule 34.1(C), I follow the reasoning of *Krewson* in deciding here that, even if objections are deemed waived, I decline to order production of privileged documents. Such a sanction is out of all proportion to Mr. Harazim's missteps. It does not follow, however, that Mr. Harazim deserves an award of costs and fees for successfully defending the motion.

Having deferred the question of sanctions on the Weiss defendants' motion to compel and for sanctions filed on August 29, 2006, until resolution of the instant motion, it is hereby ordered that Mr. Harazim shall pay the Weiss defendants $5,000 in connection with their efforts to enforce Mr. Harazim's discovery obligations. This figure is based on the Declaration of Mr. Leibensperger dated October 18, 2006, and includes a portion of the costs associated with my resolution of the motion.

So Ordered this 27th day of January 2007.

/s/ Jeanne M. Kempthorne
_____
Special Master