UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><br> ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS, LTD., <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM, FORMINSTER ENTERPRISES, LTD., SPV CO and JOHN DOES 1–5, <br><br> Counterclaim-defendants. | C.A. No. 05-10679-RCL |

### COUNTERCLAIM-PLAINTIFFS' MOTION FOR LEAVE TO FILE FURTHER MATERIALS IN OPPOSITION TO MOTION TO DISMISS OF MARTIN BENDA AND FOR RECONSIDERATION OF ORDER GRANTING SAME IN LIGHT OF NEW EVIDENCE

Pursuant to Local Rule 7.1(b)(3), counterclaim-plaintiffs Andrew Weiss and Weiss Asset Management LLC (collectively, the "Weiss Parties"), by and through their attorneys, hereby move for leave to file a portion of the transcript of the deposition of Martin Benda in opposition to Mr. Benda's motion to dismiss. Mr. Benda's deposition establishes that he authorized the filing of this lawsuit in Massachusetts. Accordingly, just as this Court has found that Richard

Harazim is subject to this Court's jurisdiction based on "Harazim's alleged direct involvement with the claimed tort directed into Massachusetts," the Court should also find that Mr. Benda is subject to the Court's jurisdiction. In further support of their Motion, the Weiss Parties state:

1. On November 30, 2005, Martin Benda and Richard Harazim filed a Motion to Dismiss (Docket No. 39), arguing that this Court lacked personal jurisdiction over them. On January 6, 2006, the Weiss Parties filed an Opposition. On March 3, 2006, the Weiss Parties served a deposition notice for Martin Benda's deposition to take place on March 17, 2006. For a variety of reasons, Mr. Benda's deposition was postponed and did not take place until January 22, 2007. The Weiss Parties received a copy of the transcript of Mr. Benda's deposition on February 6, 2007.

2. On June 14, 2006, the Court entered an electronic order deciding Messrs. Benda's and Harazim's Motion to Dismiss. The Order reads:

> Judge Reginald C. Lindsay : Electronic ORDER entered granting the motions by [34] Forminster and [78] SPV CO to dismiss for lack of personal jurisdiction and granting [39] the motion to dismiss as it relates to Martin Benda and granting in part and denying in part this motion as it relates to Richard Harazim. The counterclaim plaintiffs have not met their burden under the prima facie standard of demonstrating specific personal jurisdiction over Forminster, Benda or SPV CO. The only relevant contact with Massachusetts is the filing of this lawsuit, which is attributable both to Kotva and to Richard Harazim, who is alleged to be the central figure in Kotva's filing of suit. See Escude Cruz v. Ortho Pharm. Corp., 619 F.2d 902, 907 (1st Cir. 1980). Given Harazim's alleged direct involvement with the claimed tort directed into Massachusetts, the exercise of personal jurisdiction over Harazim for the abuse of process claim is constitutional. See Northern Laminate Sales, Inc. ! v. Davis, 403 F.3d 14, 25-26 (1st Cir. 2005). The e-mails sent by Harazim into Massachusetts are not a "but for" cause of any of the complained injuries; rather, they are offers to settle this dispute. As such, they may not confer personal jurisdiction over any of the parties. See Lyle Richards Intern., Ltd. v. Ashworth, Inc., 132 F.3d 111, 114 (1st Cir. 1997). Furthermore, the counterclaim plaintiffs have not provided any evidence supporting their claim that the filing of the instant suit may be attributed to Forminster, Benda or SPV CO. The claims against Forminster, Benda and SPV CO are dismissed. The claim against Harazim for abuse of process remains, but

all other claims against Harazim are dismissed. The hearing scheduled for Monday, June 19, 2006 is cancelled. (RCL, law1)

3.  Thus, the Court decided that Messrs. Benda's and Harazim's motion was governed by the "prima facie" standard. *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618–19 (1st Cir. 2001). "[I]n evaluating whether the prima facie standard has been satisfied, 'the district court is not acting as a factfinder; rather, it accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law.'" *Id.* at 619 (citations omitted). Under this standard, the Court found that the allegation—confirmed by Mr. Harazim during deposition—that Mr. Harazim was directly involved in the filing of this lawsuit in Massachusetts was sufficient to confer personal jurisdiction over Mr. Harazim on the Weiss Parties' counterclaim for abuse of process.

4.  During his deposition, Mr. Benda admitted that he authorized the filing of this lawsuit:

> Q. Did you authorize the commencement of this
> lawsuit in Boston against Andrew Weiss and Weiss
> Asset Management?
>
>   MR. BECKMAN:  Objection.  You may answer.
> A. When you say you, who do you mean?
> Q. I mean you, Mr. Benda.
> A. Yes.

Exhibit A at 12:16–22. Unlike Mr. Harazim, who speaks English, Mr. Benda speaks only Czech and some Russian. *Id.* at 12:23–13:7. Thus, it should be no surprise that Mr. Harazim took the laboring oar in communications with counsel in Massachusetts who signed the Complaint in this case, with Mr. Benda maintaining a supervisory role.

3

5.      "The general rule, and the rule in this circuit, is that an officer of a corporation 'is liable for torts in which he personally participated, whether or not he was acting within the scope of his authority.'" *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 907 (1st Cir. 1980) (quoting *Lahr v. Adell Chem. Co.*, 300 F.2d 256, 260 (1st Cir. 1962)).  Thus, whether Mr. Benda would have had the legal authority to commit Kotva to filing this lawsuit by virtue of his position at the company in April 2005 is irrelevant.  *See* Exhibit A at 170:16–171:13.  What is relevant is that Mr. Benda admits that he personally authorized this lawsuit.

6.      In view of this new evidence, not available for submission to the Court until yesterday, the Court should reconsider its decision that Mr. Benda is not subject to personal jurisdiction in Massachusetts for authorizing the commencement of this lawsuit here.  *See Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case."); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981) ("Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced."); *Nat'l Gypsum Co. v. Continental Brands Corp.*, 895 F. Supp. 328, 342–43 (D. Mass. 1995) (reconsidering dismissal of case on personal jurisdiction grounds based on subsequent deposition, but ultimately reaffirming earlier decision despite new evidence); *cf. Marks 3-Zet-Ernst Marks GMBH v. Presstek, Inc.*, 455 F.3d 7, 15–16 (1st Cir. 2006) (noting that a court may reconsider a judgment under Rule 59(e) if presented with "newly discovered evidence").

7.      As no separate, appealable judgment has entered in favor of Mr. Benda, the Weiss Parties sought to depose Mr. Benda before the Court issued its June 14, 2006 decision, and the Weiss Parties filed this motion as soon as the new evidence was available, this Motion is timely.

8.      As the attached materials make a dispositive difference with respect to Mr. Benda's Motion to Dismiss, the Court should grant the Weiss Parties leave to submit these materials and reconsider its decision on Mr. Benda's Motion to Dismiss.

.

                                            Respectfully Submitted,

                                            ANDREW WEISS and WEISS ASSET MANAGEMENT LLC

                                            By their attorneys,

                                            /s/ Benjamin A. Goldberger
                                            Edward P. Leibensperger (BBO# 292620)
                                            Benjamin A. Goldberger (BBO# 654357)
                                            McDermott Will & Emery LLP
                                            28 State Street
                                            Boston, Massachusetts 02109-1775
                                            (617) 535-4000

Dated: February 7, 2007

## CERTIFICATE OF CONSULTATION PURSUANT TO LOCAL RULE 7.1

     I hereby certify that counsel for the Weiss Parties conferred with counsel for Mr. Benda and attempted in good faith to resolve or narrow the issues presented by this Motion, but was unsuccessful.

                                            /s/ Benjamin A. Goldberger
                                            Benjamin A. Goldberger

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 7, 2007.

                                            /s/ Benjamin A. Goldberger
                                            Benjamin A. Goldberger

BST99 1531166-1.072198.0012

VOLUME 1, PAGES 1 - 174

EXHIBITS: 1 - 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

No. 05-10679-RCL

- - - - - - - - - - - - - - - - - - - - - - -

KOTVA a.s.,

              Plaintiffs

              vs.

ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,

              Defendants

(Full Caption on Page 2)

---

VIDEOTAPED DEPOSITION OF MARTIN BENDA

Monday, January 22, 2007, 9:14 a.m.

McDermott, Will & Emery

28 State Street, 34th Floor

Boston, Massachusetts 02109

Reporter:  Dana Welch, CSR, RPR

          Certified LiveNote Trainer

Martin Benda                                              01/22/2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

No. 05-10679-RCL

- - - - - - - - - - - - - - - - - - - -

KOTVA a.s.,

            Plaintiffs,

vs.

ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,

            Defendants.

---

ANDREW WEISS, WEISS ASSET MANAGEMENT LLC,

KT, INC. and CVF INVESTMENTS, LTD.,

            Counterclaim-Plaintiffs,

v.

KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM,

FORMINSTER ENTERPRISES, LTC., SPV CO. and

JOHN DOEs 1-5,

            Counterclaim-Defendants.

- - - - - - - - - - - - - - - - - - - -

```
 1    APPEARANCES:

 2

 3    For the Defendants/Counterclaim Plaintiffs

 4

 5         McDERMOTT WILL & EMERY

 6         28 State Street

 7         Boston, Massachusetts  02109

 8         617.535.4000  Fax:  617.535.3800

 9         bgoldberger@mwe.com

10         eleibensperger@mwe.com

11         By:  Edward P. Leibensperger, Esq.

12         and Benjamin A. Goldberger, Esq.

13

14    For Plaintiff/Counterclaim Defendant:

15

16         NYSTROM BECKMAN & PARIS LLP

17         10 St. James Avenue

18         Boston, Massachusetts  02116

19         617.778.9100  Fax:  617.778.9110

20         jbeckman@nbparis.com

21         By:  Joel G. Beckman, Esq.

22

23    Also Present:  Joshua Snider, Videographer, Blanka

24    Owensova, Interpreter, Richard Harazim, Georgiy Nikitin
```

| | | |
|---|---|---|
| 09:27:05 | 1 | the supervisory board? |
| 09:27:06 | 2 | A.  I do not remember exactly, but I think it |
| 09:27:22 | 3 | was in 2003. |
| 09:27:24 | 4 | Q.  In 1998 -- strike that. |
| 09:27:44 | 5 | You testified that in 1998, you were |
| 09:27:47 | 6 | elected to the board of directors of Kotva, |
| 09:27:50 | 7 | correct? |
| 09:27:57 | 8 | A.  Yes. |
| 09:27:57 | 9 | Q.  How long did you stay on the board of |
| 09:28:02 | 10 | directors of Kotva? |
| 09:28:17 | 11 | A.  I think it was through 2003.  Then I |
| 09:28:24 | 12 | started to work as a supervisory board member. |
| 09:28:28 | 13 | Q.  Do you have any ownership of stock of |
| 09:28:39 | 14 | Kotva? |
| 09:28:40 | 15 | A.  No. |
| 09:28:43 | 16 | Q.  Did you authorize the commencement of this |
| 09:28:53 | 17 | lawsuit in Boston against Andrew Weiss and Weiss |
| 09:28:56 | 18 | Asset Management? |
| 09:29:08 | 19 | MR. BECKMAN:  Objection.  You may answer. |
| 09:29:12 | 20 | A.  When you say you, who do you mean? |
| 09:29:18 | 21 | Q.  I mean you, Mr. Benda. |
| 09:29:29 | 22 | A.  Yes. |
| 09:29:29 | 23 | Q.  Do you speak any English? |
| 09:29:35 | 24 | A.  No. |

Martin Benda                                                                01/22/2007

Page 13

| Time | # | | |
|---|---|---|---|
| 09:29:36 | 1 | Q. | Do you understand English? |
| 09:29:39 | 2 | A. | No. |
| 09:29:41 | 3 | Q. | Do you speak any languages other than |
| 09:29:45 | 4 | | Czech? |
| 09:29:49 | 5 | A. | I speak Russian. |
| 09:29:51 | 6 | Q. | Are you fluent in Russian? |
| 09:29:58 | 7 | A. | Not -- not -- not completely. |
| 09:30:02 | 8 | Q. | Okay. What is your education, Mr. Benda? |
| 09:30:06 | 9 | A. | I have a graduation certificate from high |
| 09:30:17 | 10 | | school. |
| 09:30:17 | 11 | Q. | Any further education? |
| 09:30:26 | 12 | A. | No. |
| 09:30:30 | 13 | Q. | Did you live in Russia? |
| 09:30:33 | 14 | A. | Yes. |
| 09:30:33 | 15 | Q. | When? |
| 09:30:34 | 16 | A. | Between 1994 and 1997 with breaks. |
| 09:30:59 | 17 | Q. | Were you -- strike that. |
| 09:31:03 | 18 | | In Russia, between 1994 and 1997, were you |
| 09:31:09 | 19 | | attending university? |
| 09:31:16 | 20 | A. | No. |
| 09:31:16 | 21 | Q. | Were you working? |
| 09:31:17 | 22 | A. | Yes. |
| 09:31:19 | 23 | Q. | Where were you working? |
| 09:31:21 | 24 | A. | I worked for two companies. One of them |

| Time | Line | |
|---|---|---|
| 06:13:00 | 1 | we'll list them. |
| 06:13:01 | 2 | MR. BECKMAN: Okay. I think you should |
| 06:13:04 | 3 | probably ask Mr. Harazim about the, quote, |
| 06:13:08 | 4 | unquote, contract with Mr. Hoffmann. With |
| 06:13:10 | 5 | respect to the indemnification agreement, I |
| 06:13:15 | 6 | know we produced an unsigned version. I |
| 06:13:18 | 7 | thought we produced a signed version, and I |
| 06:13:22 | 8 | will double check that after this deposition. |
| 06:13:24 | 9 | And, again, the only question that I |
| 06:13:26 | 10 | instructed the witness not to answer was |
| 06:13:29 | 11 | the -- with respect to our motion to compel |
| 06:13:33 | 12 | was the identity of the business partner, but |
| 06:13:36 | 13 | you were given the contract. |
| 06:13:38 | 14 | I have a few questions if you're done. |
| 06:13:41 | 15 | EXAMINATION |
| 06:13:41 | 16 | BY MR. BECKMAN: |
| 06:13:44 | 17 | Q. Mr. Benda, did you authorize the lawsuit, |
| 06:13:47 | 18 | this lawsuit against Mr. Weiss and Weiss Asset |
| 06:13:50 | 19 | Management, in your individual capacity? |
| 06:14:10 | 20 | A. Excuse me. I do not exactly understand |
| 06:14:15 | 21 | what you mean under the term "authorize." |
| 06:14:18 | 22 | Q. Did you approve of the lawsuit -- let me |
| 06:14:21 | 23 | break that down. Let me rephrase that. |
| 06:14:24 | 24 | Did you authorize that Kotva file this |

Martin Benda                                                01/22/2007

Page 171

```
06:14:31   1    lawsuit against Mr. Weiss and Weiss Asset
06:14:34   2    Management in your individual capacity?
06:14:38   3             MR. LEIBENSPERGER:  Objection.
06:14:52   4         A.  Based on my position as a supervisory
06:15:09   5    board member, I do not have any executive powers.
06:15:14   6    The board of directors has executive powers.  Only
06:15:31   7    a board of directors can adopt a decision and
06:15:35   8    make -- and -- and approve or authorize individual
06:15:39   9    steps, meaning also authorizing a lawsuit.
06:15:42   10        Q.  Did the board of directors of Kotva
06:15:45   11   authorize the filing of this lawsuit against
06:15:47   12   Mr. Weiss and Weiss Asset Management?
06:15:59   13        A.  I suppose so.
06:16:01   14        Q.  Did you decline to testify in the Halek
06:16:06   15   criminal matter because you were concerned you had
06:16:10   16   done something wrong?
06:16:11   17            MR. LEIBENSPERGER:  Objection.
06:16:25   18        A.  Yes.  I have explained that before, so I
06:16:33   19   will repeat it.
06:16:38   20        Q.  Let me ask the question again before you
06:16:40   21   repeat.
06:16:41   22            Did you decline to testify in the Halek
06:16:49   23   criminal matter because you were concerned that you
06:16:51   24   personally had done something wrong?
```