UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. | ) ) ) | |
| Plaintiff, | ) ) | Case No. 05-10679-RCL |
| v. | ) ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) ) ) | |
| Defendants. | ) ) ) | |

**OPPOSITION OF KOTVA TO DEFENDANTS' MOTION FOR LEAVE TO FILE FURTHER MATERIALS AND MOTION FOR RECONSIDERATION REGARDING DISMISSAL OF MARTIN BENDA FOR LACK OF PERSONAL JURISDICTION**

**INTRODUCTION**

At the outset of this case two years ago, the counterclaim-plaintiffs attempted to add a number of parties in this action, including Martin Benda, who lacked any connections whatsoever to Massachusetts. As described in Mr. Benda's motion to dismiss for lack of personal jurisdiction and his affidavit in support thereof filed on November 30, 2005, Benda has no contacts with Massachusetts to confer jurisdiction over him. Accordingly, the Court dismissed Mr. Benda and several other purported counterclaim-defendants in its June 14, 2006 Order. The Weiss Defendants now allege that "new evidence" from Mr. Benda's deposition warrants reconsideration of the Court's Order. There is no "new evidence," however, and no reconsideration is warranted.

Since at least November 2005--for more than a year--the Defendants have known that Kotva's Board of Directors authorized the filing of this lawsuit. Affidavit of Martin Benda at ¶ 9

"Kotva's Board of Directors made the decision to file this lawsuit."). They have also known that Mr. Benda was not a member of Kotva's Board of Directors when it authorized the suit. *Id*. Kotva's Rule 30(b)(6) witness, Kotva's CEO, confirmed that it was Kotva's Board of Directors that gave Richard Harazim the authority to retain U.S. counsel and commence this suit, not Mr. Benda. Harazim Dep. at 373-374 (citing January 19, 2005 Kotva Board Minutes, Dep. Ex. 38). (Kotva's January 17, 2006 supplemental interrogatory response also identified the members of Kotva's Board of Directors who did authorize the suit, and Mr. Benda was not among them).

Defendants now cite a <u>fragment</u> of Mr. Benda's recent deposition testimony, his response to an objectionable question that he "authorized" the commencement of this lawsuit.[1] Mr. Benda's <u>complete</u> deposition testimony about whether he "authorized" the lawsuit, however, is consistent with the information Defendants have had since long before the Court's June 14, 2006 Order:

> Based on my position as a supervisory board member, I do not have any executive powers. The board of directors has executive powers. Only a board of directors can adopt a decision and make -- and -- approve or authorize individual steps, meaning also authorizing a lawsuit.

Benda Dep. at 171. (Defendants fail to mention this testimony in their motion). Although Mr. Benda was the Chairman of Kotva's <u>Supervisory</u> Board, that entity had no power to authorize the lawsuit; indeed, only the Board of Directors had such authority. Id.; Benda Aff. at ¶¶ 4, 9; Mr. Benda, therefore, could not have "authorized" the lawsuit. Defendants, however, simply ignore all of this undisputed evidence.

Unlike their allegations against Mr. Harazim, Defendants have not even alleged any involvement by Mr. Benda in the filing of this lawsuit in Massachusetts. Defendants, therefore,

---

[1] The question calls for a legal conclusion and an objection was asserted. In addition, because Mr. Benda's deposition was conducted through an interpreter, the translation between "authorize" and "approve" was garbled. Mr. Benda's further testimony on the subject confirms that he could not have "authorized" the lawsuit (although he certainly approved of it). Benda Dep. at 171.

cannot support a finding of personal liability against Mr. Benda under the controlling test set forth in Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902 (1st Cir. 1980). Whether Mr. Benda personally approved of the filing of this lawsuit is insufficient to confer jurisdiction over him. There is no evidence to suggest that he was the "guiding spirit" or "central figure" in Kotva's filing of the suit, as required by Escude Cruz. Mr. Benda was properly dismissed from this action and the Court should not reconsider its decision that the Defendants have failed to establish jurisdiction.

## ARGUMENT

**I.     Defendants' Allegations Do Not Support Exercising Personal Jurisdiction over Mr. Benda**

The First Circuit's decision in Escude Cruz provides the relevant test for whether corporate officers may be held personally liable for tortious acts of the corporation:

> The general rule, and the rule in this circuit, is that an officer of a corporation "is liable for torts in which he personally participated, whether or not he was acting within the scope of his authority.". . . Cases which have found personal liability on the part of corporate officers have typically involved instances of <u>direct personal participation, as where the defendant was the "guiding spirit" behind the wrongful conduct, or the "central figure" in the challenged corporate activity</u>.

619 F.2d 902, at 907 (citations omitted) (emphasis added). In its June 14, 2006 Order, the Court applied this test in finding personal jurisdiction over Mr. Harazim--and not Mr. Benda--for his "alleged direct involvement" in the filing of the lawsuit. In particular, the Court stated: "The only relevant contact with Massachusetts is the filing of this lawsuit, which is attributable both to Kotva and to Richard Harazim, who is alleged to be the central figure in Kotva's filing of suit." Id. Mr. Harazim was Kotva's CEO; he searched for counsel in Massachusetts; he communicated with and retained undersigned counsel; and he has served as Kotva's principal contact for U.S. counsel in this case.

3

But there are no allegations about any such direct involvement by Mr. Benda in this case. Indeed, all the Defendants have done is to argue that Mr. Harazim's contacts with the forum should be "imputed" to Mr. Benda. [Opposition to Motion to Dismiss at 13-14] [Docket #54] Defendants cannot bootstrap their way to satisfy jurisdictional requirements. And the Court has already considered and rejected this argument. Despite more than a year of additional discovery, Defendants offer nothing new.

## II.    There Be No Personal Participation Based On Authorization of the Lawsuit if Mr. Benda Could Not Authorize the Lawsuit

To find Mr. Benda subject to personal liability, the Defendants must demonstrate "direct personal participation" by him in the claimed tort. The only alleged personal participation by Mr. Benda, however, is the assertion that he "authorized" the commencement of this lawsuit. But only Kotva's Board of Directors could "authorize" commencing the suit. Benda Dep. at 171. Neither Mr. Benda nor the Supervisory Board could do so. Agreeing that the lawsuit should have been filed, does not make Mr. Benda the "central figure" in Kotva's filing of the suit under the Escude Cruz test. The Defendants have alleged, and the Court has already found, that Mr. Harazim, not Mr. Benda, appears to fit that description.

## III.   There is No Reason to Exert Jurisdiction over Mr. Benda

Finally, as a practical matter, there is no reason to add Mr. Benda as a counterclaim-defendant in this action. The Court has ruled that the "only relevant contact with Massachusetts is the filing of this lawsuit." June 14, 2006 Order. Kotva and Mr. Harazim already stand as defendants to the abuse of process claim. All other claims against Mr. Harazim have been dismissed. Defendants gain nothing by adding another individual defendant to their abuse of process claim.

4

        Respectfully submitted,

        MARTIN BENDA.

        By his attorneys,

        /s/ Joel G. Beckman
        Joel G. Beckman (BBO# 553086)
        William C. Nystrom (BBO# 559656)
        Dana A. Zakarian (BBO# 641058)
        Daniel J. Pasquarello (BB0# 647379)
        NYSTROM BECKMAN & PARIS LLP
        10 St. James Ave., 16th Floor
        Boston, Massachusetts 02116
        (617) 778-9100
        (617) 778-9110 (fax)

Dated: February 21, 2007

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 21st day of February, 2007.

        /s/ Joel G. Beckman