UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT LLC, <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s., MARTIN BENDA and RICHARD HARAZIM, <br><br> Counterclaim-defendants. | C.A. No. 05-10679-RCL |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE REGARDING CZECH LAW CLAIMS**

From the beginning of this case, the Court has questioned why the Czech law portions of this dispute should be heard here in Boston. On November 28, 2006, the Court issued an Order finding that Mr. Weiss's claim for abuse of Czech process, governed by Czech law, should be dismissed without prejudice. This motion requests that the Court apply that decision evenly across the board. The Court should decline to hear Kotva's claim against Mr. Weiss and Weiss Asset Management for abuse of Czech process. That claim, and the related tort claims asserted by Kotva against the Weiss Defendants, are, under established choice of law principles, governed

by Czech law. Moreover, they raise difficult questions of unsettled Czech law. Defendants request that the Court declare the applicability of Czech law to Kotva's claims and, thereafter, exercise its discretion to decline to hear such claims.

I. **ALL OF KOTVA'S CLAIMS STEM FROM THE ALLEGATION THAT THE WEISS DEFENDANTS ABUSED CZECH CIVIL PROCESS**

Kotva a.s. filed the Complaint against Andrew Weiss and Weiss Asset Management, LLC on April 6, 2005. The Complaint asserts seven counts against Defendants. Counts I to IV allege that Defendants are liable under the federal securities and RICO laws, as well as Massachusetts G.L. c. 93A. On April 4, 2006, Defendants moved for judgment on the pleadings with respect to these statutory claims on the ground, among others, that Kotva cannot allege the necessary elements of those statutory claims. Defendants' Motion for Judgment on the Pleading is pending before the Court.[1]

Counts V to VII of the Complaint assert non-statutory torts allegedly committed by Defendants. Kotva's allegations boil down to the following: The Weiss Defendants threatened to file lawsuits against Kotva in the Czech Republic in order to interfere with Kotva's ability to sell its most valuable asset—a Department Store located in Prague—to an Irish company called Markland. After making that threat, the Weiss Defendants caused two lawsuits to be filed in the Czech Republic, causing a delay in the sale of the Department Store and causing Markland to withhold a portion of the purchase price in an escrow account pending the resolution of the two

---

[1] In addition, the Weiss Parties' Motion for Judgment on the Pleadings seeks dismissal of *all* of Kotva's claims because Kotva, itself, is not the allegedly damaged party. Kotva conveniently omits from its Complaint the fact that it was not entitled to receive any proceeds of the sale of the Department Store under the governing contract. Rather, the proceeds were to be paid to SPV CO, a Cypriot company. Kotva, along with other companies, is a partner in a Czech partnership that owns (or owned) SPV CO. Controlling First Circuit precedent holds that Kotva cannot construct a daisy-chain theory of damages as Kotva lacks standing to claim damages suffered by a second company even if that results in a diminution in value of Kotva's partnership interest in a third company. *See Diva's Inc. v. City of Bangor*, 411 F.3d 30, 42 (1st Cir. 2005).

2

lawsuits. All of the damages Kotva alleges relate to it not receiving the proceeds of the sale of the Department Store as quickly as it would have liked. *See* Compl. ¶¶ 37–39 (entitled "The Damage Caused by the Weiss Defendants' Stock Scheme").

At its core, Kotva's complaint is that the Defendants abused Czech civil process, which is alleged as Count V of the complaint. As part of that scheme to abuse process, Kotva also alleges that Defendants somehow defrauded Kotva (Count VI) and that the filing of the lawsuits constituted tortious interference with advantageous relations (Count VII).

On November 28, 2006, this Court issued an Order with respect to, among other claims, Defendants' Counterclaims asserting that Kotva had abused Czech criminal process. The Court determined that "the counterclaims raise difficult issues of Czech law.".[2] The Order dismissed, without prejudice, Defendants' counterclaims based on Czech law. The instant motion seeks equivalent treatment of Kotva's claims asserted in Counts V to VII.

## II.  COUNTS V–VII OF KOTVA'S COMPLAINT ARE GOVERNED BY CZECH LAW

Applicable choice of law principles dictate that Kotva's abuse of process claim, based upon Defendants' allegedly causing the filing of civil actions in the Czech Republic, is governed by the law of the forum where the civil actions were filed. This makes logical sense. It is the Czech Republic that has an interest in whether its legal processes are being abused. Moreover, it is the Czech Republic that can best determine whether an abuse, under its system, has occurred. As described below, the same choice of law principles also apply to Kotva's additional tort claims that are simply a variant of, or derivative of, the abuse of process claim.

---

[2] *See*, page 13, *infra* for the full text of the Order.

### A. The Legal Landscape

Where, as here, this Court is called upon to adjudicate a claim arising under the law of some sovereign other than the federal government (i.e. that of a state or a foreign country), it uses Massachusetts' choice of law principles to determine which sovereign's substantive law supplies the rules of decision for that claim. *See, e.g., Levin v. Dalva Bros., Inc.*, 459 F.3d 68, 73 (1st Cir. 2006) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). This is true regardless of whether the basis for this Court's jurisdiction over the non-federal claim is 28 U.S.C. § 1332 or 28 U.S.C. § 1367. *See Levin*, 459 F.3d at 73 (diversity jurisdiction); *see Bi-Rite Enters., Inc. v. Bruce Miner Co., Inc.*, 757 F.2d 440, 442 (1st Cir. 1985) (supplemental jurisdiction) (both citing, *inter alia*, *Klaxon*, 313 U.S. at 496).

First, the Court must "characterize the claims involved." *Trent Partners and Assocs., Inc. v. Digital Equip. Corp.*, 120 F. Supp. 2d 84, 95 (D. Mass. 1999) (citation omitted). This motion is limited to the claims set forth in Counts V through VII of Plaintiff's Complaint—titled "Abuse of Process," "Common Law Fraud," and "Tortious Interference with Advantageous Relations," respectively (see Compl. ¶¶ 77–87, at pp.19–20)—all of which sound in tort. *See, e.g., Simon v. Navon*, 71 F.3d 9, 13 (1st Cir. 1995) (abuse of process); *see, e.g., Prescott v. Morton Int'l, Inc.*, 769 F. Supp. 404, 406 (D. Mass. 1990) (common law fraud); *see, e.g., Doyle v. Hasbro, Inc.*, 103 F.3d 186, 195 (1st Cir. 1996) (interference with an advantageous relationship).

"Massachusetts applies a 'functional approach to choice of law' . . . [that] 'is explicitly guided by the Restatement (Second) of Conflict of Laws (1971).'" *Levin*, 459 F.3d at 74 (quoting *Bushkin Assocs., Inc. v. Raytheon Co.*, 473 N.E.2d 662, 668 (Mass. 1985) and *Clarendon Nat'l Ins. Co. v. Arbella Mut. Ins. Co.*, 803 N.E.2d 750, 753 (Mass. App. Ct. 2004)).

Drawing on the Restatement, Massachusetts courts consider several general factors in making choice of law determinations:

> (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of results, and (g) ease in the determination and application of the law to be applied."

*Bushkin Assocs.*, 473 N.E.2d at 669 (quoting REST. (SECOND) CONFLICT OF LAWS § 6). For the tort claims at issue here, Massachusetts courts generally apply the substantive law of the jurisdiction that "has the most significant relationship to the occurrence and the parties" under the factors set forth in the previous sentence, focusing particularly on "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Daynard v. MRRM, P.A.*, 335 F. Supp. 2d 156, 163 (D. Mass. 2004) (quoting REST. (SECOND) CONFLICT OF LAWS § 145 and citing *Cosme v. Whitin Mach. Works, Inc.*, 417 Mass. 643, 646 (1994)).

### B.     Czech Law Governs Plaintiff's Claim for Abuse of Czech Civil Process

The Restatement sets forth the following rule for determining which jurisdiction's substantive law governs an abuse of process claim:

> [t]he rights and liabilities of the parties for malicious prosecution or abuse of process *are determined by the local law of the state where the proceeding complained of occurred*, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

REST. (SECOND) CONFLICT OF LAWS § 155 (emphasis added). This Court twice previously has concluded that a Massachusetts court, if confronted with the question, would follow the Restatement's rule. *See Am. Mgmt. Servs., Inc. v. George S. May Int'l Co.*, 933 F. Supp. 64, 69

5

(D. Mass. 1996) (citing, *inter alia*, *Cosme*, 417 Mass. at 645–47; *Cohen v. McDonnell Douglas Corp.*, 389 Mass. 327, 336–37 (1983)); *Continental Cablevision, Inc. v. Storer Broadcasting Co.*, 653 F. Supp. 451, 456 (D. Mass. 1986) (citation omitted).

The Restatement points unequivocally to Czech law.  Kotva claims that the Defendants abused process by causing two civil lawsuits to be filed in the Czech Republic.  *See* Compl,. ¶ 78.  That fact is the dominant factor in determining the applicable law.  It cannot be argued that Massachusetts has a more significant relationship to Kotva's claim for abuse of Czech civil process than the Czech Republic does.  Rather, the Czech Republic's interest is paramount.  "The likelihood that some state other than that where the proceeding complained of occurred is the state of most significant relationship is greater in those relatively rare situations where the state where the proceeding complained of occurred bears little relation to the occurrence and the parties."  REST. (SECOND) CONFLICT OF LAWS § 155, cmt. b.  The Commonwealth of Massachusetts does not have a more significant relationship to Kotva's claim for abuse of Czech civil process than the Czech Republic does.  Here, the lawsuits at issue were filed in Czech courts, and concern the actions a Czech corporation took in the Czech Republic, and the ownership structure of a piece of real property located within the Czech Republic.  Moreover, to the extent that Kotva's alleged injury can be said to have occurred anywhere, it occurred at Kotva's place of incorporation and business, which also are in the Czech Republic.  *See* REST. (SECOND) CONFLICT OF LAWS § 145, cmt f. ("[T]he place of injury is of particular importance . . . in the case . . . of malicious prosecution and abuse of process.").  The Czech Republic's interests in ensuring that its legal processes are not abused, ensuring that liability is not improperly imposed on one who seeks access to its courts, and in redressing injuries suffered by its corporations far outweigh any possible stake that Massachusetts could have in Plaintiff's abuse

6

of process claim. Therefore, this is a case in which the general rule applies and Czech law governs.

> **C. Czech Law Governs Plaintiff's Claim that the Defendants Tortiously Interfered with a Czech Company's Relationship with Other Non-U.S. Companies**

In this case, where the principal means by which Defendants allegedly interfered with an advantageous business relationship was the filing of lawsuits, the Court should apply the same framework for choice of law to the tortious interference claim as it applies to the abuse of process claim. Thus, as explained in Part II.B, *supra*, Czech law governs this claim as well.

In the alternative, in determining which sovereign's substantive law governs Kotva's tortious interference claim, the Court could apply the general rule for torts set forth in section 145 of the Restatement.[3] The Supreme Judicial Court and Appeals Court of Massachusetts have approved of using this section of the Restatement for guidance in making choice of law determinations. *See Daynard*, 335 F. Supp. 2d at 163 (citing, *inter alia*, *Cosme*, 417 Mass. at 646, 632 N.E.2d 832); *accord Schulhof v. Northeast Cellulose, Inc.*, 545 F. Supp. 1200, 1203–04 (D. Mass. 1982) (citations omitted); *Dasha v. Adelman*, 699 N.E.2d 20, 23–24 (Mass. App. Ct. 1998) (citations omitted).

Section 145 of the Restatement calls for the Court to apply the law of the jurisdiction with "the most significant relationship to the occurrence and the parties under the principles stated in [Restatement] § 6," paying particular attention to: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where

---

[3] Neither the Restatement nor any reported Massachusetts decision (state or federal) that undersigned counsel could locate has adopted a choice of law rule specific to tortious interference claims.

the relationship, if any, between the parties is centered." REST. (SECOND) CONFLICT OF LAWS at § 145(1)–(2). Recently, applying New York's analogous choice of law principles to a tortious interference with contractual relations claim, the Second Circuit placed significant emphasis on the location where the alleged harm to the corporate plaintiff occurred: its headquarters and primary place of business. *See White Plains Coat & Apron Co. v. Cintas Corp.*, 460 F.3d 281, 283–85 (2d Cir. 2006); *see also Trent*, 120 F. Supp. 2d at 97 (focusing on the location of the "effect of the injury"—the plaintiff's place of business—in applying Maryland's *lex loci delicti* choice of law rule to a tortious interference claim).

Using the Restatement section 145 factors to evaluate Count VII, the Court should conclude that Czech law governs. Plaintiff's alleged injury took place in the Czech Republic—the location of its incorporation and principal place of business. The conduct that purportedly caused Plaintiff's alleged injury—the filing of lawsuits—also took place in the Czech Republic, where the two lawsuits were filed. The "domicil" factor yields mixed results—the Czech Republic for Plaintiff and Massachusetts for the Weiss Defendants—but the Court should focus its attention on Plaintiff's domicil in light of the analysis in the *White Plains Coat & Apron* and *Trent* courts referenced above. The fourth and final factor in the analysis resoundingly calls for the application of Czech law because there can be no dispute that the relationship between Kotva and the Defendants was centered in the Czech Republic rather than Massachusetts.[4] Two of the

---

[4] The relevant relationship for purposes of the Restatement is the relationship between the parties to the litigation, which is centered in the Czech Republic. The advantageous business relationship allegedly interfered with was a contract between a Czech subsidiary of an Irish company (Markland), that may have been owned through an intermediary in Luxembourg, and a Cypriot subsidiary of a Czech company, that was owned through a number of Czech intermediaries, ultimately related to Kotva. The contract was governed by Czech law, and the closing took place in Vienna, Austria. Thus, it is clear that the focus of this relationship was not Massachusetts.

8

four Restatement § 145 factors unequivocally direct the Court to apply Czech law.  The other two factors either lend further support to that conclusion or are neutral.

Moreover, the foundational choice of law principles set forth in section 6 of the Restatement lend still further support to the application of Czech law as the policy underlying the action of tortious interference is focused on compensating damaged plaintiffs rather than punishing errant defendants.  *See, e.g., Mass Cash Register v. Comtrex Sys. Corp.*, 901 F. Supp. 404, 422 (D. Mass. 1995) ("[A]ctual damage is required to sustain a claim for intentional interference with an advantageous business relationship.") (citing *Morochnick v. Quigley*, 17 Mass. App. Ct. 1035, 1035–36, *rev. denied*, 392 Mass. 1102 (1984)); *see, e.g.,* REST. 2D TORTS at § 766B ("One who intentionally and improperly interferes with another's prospective contractual relation . . . is subject to liability to the other *for the pecuniary harm resulting from loss of the benefits of the relation* . . . .") (emphasis added).  In making choice of law determinations with respect to such tort claims, "the state where the injury occurred, which is often the state where the plaintiff resides, may have a greater interest in the matter."  REST. (SECOND) CONFLICT OF LAWS § 145 cmt. c.

In short, whether the Court applies the Restatement's specific rule governing abuse of process claims or applies the Restatement's general choice of law rule for tort claims, the Court should conclude that Czech law governs count VII of Plaintiff's Complaint.

### D. Czech Law Governs Plaintiff's Claim That the Defendants Defrauded a Czech Company

Kotva's fraud claim, which is not plead with particularity, relates entirely to the two Czech lawsuits and allegedly false statements made about those lawsuits.  In opposing the Weiss Parties' Motion for Judgment on the Pleadings, Kotva described its fraud claim as follows: "defendants' scheme to blackmail Kotva to accede to his improper demands, including the 'act'

9

of filing sham lawsuits, amounts to fraud." Kotva's Opp. at 10. Thus, the Court may find that the Restatement's framework relating to allegations of abuse of process more useful than the framework relating to allegations of fraud. No matter which framework the Court applies, the outcome is the same: Czech law governs.

The Restatement sets forth two alternative rules for determining which sovereign's law governs a fraud claim. *See* REST. (SECOND) CONFLICT OF LAWS § 148. The first applies when the alleged reliance took place in the same jurisdiction in which the purportedly false representations were made and received, while the latter applies when those elements occurred in different jurisdictions. *See id.* Again, it does not appear that any Massachusetts court has expressly adopted (or rejected) these rules, but this Court has determined that, if the situation arose, Massachusetts courts would follow this section of the Restatement. *See In re Pharm. Industry Average Wholesale Price Litig.*, 230 F.R.D. 61, 82–83 (D. Mass. 2005); *Computer Sys. Eng'g, Inc. v. Qantel Corp.*, 571 F. Supp. 1365, 1368 (D. Mass. 1983); *see also Tidemark Bank for Savings, F.S.B. v. Morris*, 1995 U.S. App. LEXIS 15170, at *5–*7 (1st Cir. June 19, 1995) (unpublished opinion) (same); *see also Levin*, 459 F.3d at 74 (applying section 148 of the Restatement as part of Massachusetts choice of law analysis for intentional and negligent misrepresentation claims).

Kotva has alleged that Mr. Weiss made false statements in Boston that were received in the Czech Republic. Kotva does not allege any reliance on those false statements but it is beyond doubt that Kotva received the statements in the Czech Republic. The Restatement directs that "[w]hen the plaintiff's action in reliance took place in whole or in part in a state other than that where the [defendant's] false representations were made" the Court should determine

which jurisdiction "has the most significant relationship to the occurrence and the parties" using the following "contacts":

> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations, (b) the place where the plaintiff received the representations, (c) the place where the defendant made the representations, (d) the domicil, residence, nationality, place of incorporation and place of business of the parties, (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

*Id.* § 148(2). Generally, the Court assigns the "relative importance" of these contacts using the Restatement section 6 factors, listed in Part II.A. above, *id.* at cmt. e., but the reporters stress that a corporate plaintiff's principal place of business is a contact "of substantial significance when the loss is pecuniary in its nature . . . [and are] . . . more important than are similar contacts on the part of the defendant," *id.* at cmt. i.  In sum, the Restatement indicates that, "[i]f any two of the above-mentioned contacts, apart from the defendant's domicil, state of incorporation or place of business, are located wholly in a single state, this will usually be the state [whose law applies]." *Id.* at cmt. j.

Examining the factors enumerated in § 148(2) of the Restatement, this Court should assign the following contacts to the following jurisdictions:

| Factor | Analysis | Jurisdiction |
|---|---|---|
| (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations | Plaintiff has not plead reliance. However, the only place that Kotva could have acted in reliance on any representation made by Mr. Weiss is the Czech Republic | Czech Republic |
| (b) the place where the plaintiff received the representations | Kotva received any communications from Mr. Weiss in the Czech Republic | Czech Republic |
| (c) the place where the defendant made the representations, | Kotva alleges that Mr. Weiss made false representations from Boston | Massachusetts |
| (d) the domicil, residence, nationality, place of incorporation and place of business of the parties, | Kotva is incorporated and does business in the Czech Republic, while Mr. Weiss and WAM are domiciliaries | Czech Republic and Massachusetts |

11

| Factor | Analysis | Jurisdiction |
|---|---|---|
|  | of Massachusetts |  |
| (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time | to the extent that there was a tangible thing that was the subject of the parties' transaction, it was the department store and underlying real estate located in the Czech Republic or the lawsuits relating to the department store that were then pending in the Czech courts | Czech Republic |
| (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant | Not applicable | Not applicable |

Thus, factors (a), (b), and (e) unequivocally point to Czech law and factor (d) does as well when read in light of the Restatement's express focus on the plaintiff's, rather than the defendant's, domicil. Only factor (c) weighs in favor of the application of Massachusetts law. As more than two factors point towards the Czech Republic, applying § 148(2) of the Restatement, the Court should conclude that Czech law governs the Plaintiff's fraud claim.

* * * *

The events at issue in Kotva's Complaint all took place in the Czech Republic. The only face-to-face meeting between Mr. Weiss and Messrs. Benda and Harazim took place in Prague, and the Plaintiff alleges that Weiss's tortious conduct began at that meeting. The allegation that the Defendants directed subsequent events from Massachusetts does not give Massachusetts an interest in this dispute sufficient to justify applying Massachusetts law rather than Czech law. If the facts were to show that some or all of the key events at issue were communications that Mr. Weiss made from hotel rooms in Florida, Colorado or Poland, the Court would surely not apply the law of Florida, Colorado or Poland to this dispute. The alleged direction of events in the Czech Republic from Massachusetts is incidental to the events themselves. The Czech Republic has the strongest interest in this case and its substantive law should govern Kotva's

claims for abuse of Czech civil process, fraud against a Czech company and tortious interference with a Czech company's relationship with an Irish company.

### III. KOTVA HAS ADVOCATED, AND THIS COURT HAS DECIDED, THAT THIS COURT WILL NOT DECIDE CLAIMS GOVERNED BY CZECH LAW

In 2005, the Weiss Defendants filed counterclaims, alleging that Kotva and others abused Czech criminal process by filing a criminal complaint against Andrew Weiss and abused U.S. civil process by filing this lawsuit. The Weiss Defendants also joined as counterclaim-plaintiffs K T, Inc. and CVF Investments, Ltd. (the "Shareholder Parties"). The Shareholder Parties each own shares of Kotva and a Czech investment fund called Trend. It is the Shareholder Parties (along with a company called Gilroy) who commenced the civil actions in the Czech Republic that are the linchpin of Kotva's abuse of process claim. Kotva's asserts its abuse of process claim against Mr. Weiss and Weiss Asset Management because they allegedly directed the actions of the Shareholder Parties.

In March 2006, Kotva filed a motion styled *Kotva's Motion to Dismiss "Counterclaim-Plaintiffs" KT and CVF*. In support of that Motion, Kotva argued that "all Czech-law Counterclaims should be dismissed on grounds of international comity and *forum non conveniens*." Kotva's Mem. at 4; *see also id.* at 2, 7, 17. On November 28, 2006, the Court granted Kotva's Motion in large part, writing:

> As all relevant parties have acknowledged, KT and CVF have filed a case currently pending in the Czech Republic that concerns issues and parties similar to those present in the case here. The lawsuit in the Czech Republic pre-dates the counterclaims raised in this case; the counterclaims raise difficult issues of Czech law; Massachusetts is not a convenient forum for the disposition of the counterclaims; not all of the counterclaim defendants named in the counterclaims are subject to suit in this district; and the resolution of the Czech lawsuit will be dispositive of the counterclaims. For these reasons, this court GRANTS Kotva's motion to dismiss with respect to the counterclaims brought by KT and CVF (counts III, IV, V, VI and VIII) and so much of count II as relates to the alleged conspiracy to loot Kotva's assets and to abuse Czech criminal process. This motion is granted without prejudice to the prosecution of the dismissed

13

> counterclaims in the Czech lawsuit or in such other case or forum as may be appropriate. Count II may proceed in this court insofar as counterclaim-plaintiffs Andrew Weiss and Weiss Asset Management allege, against the counterclaim defendants remaining in this case, a conspiracy to abuse United States civil process.

Nov. 28, 2006 Order on Plaintiff's Motion to Dismiss "Counterclaim-Plaintiffs KT and CVF at 2.

Likewise, as described in Section II, above, there can be no doubt that Kotva's abuse of process and related claims asserted against Defendants in this case are governed by Czech law. Moreover, the civil action by the Shareholder Parties (that is a key element of Kotva's abuse of process claim) pre-dated the filing of this action and is still pending for resolution in the Czech Republic. There are also ongoing criminal proceedings in the Czech Republic, initiated by Kotva's August 2004 complaint, that pre-date the filing of this civil action. Professor Weiss is a named defendant in these proceedings, which are based on the identical facts and circumstances as alleged by Kotva in this civil action. The Court found these factors sufficient to dismiss Mr. Weiss's claim for abuse of Czech criminal process, a claim governed by Czech law. Unlike Kotva's claims, which are the subject of the Czech criminal proceeding and may potentially be raised in the ongoing civil proceeding in the Czech Republic, Mr. Weiss's claim for abuse of Czech criminal process was pending in this Court, and not in any other court, when the Court dismissed it.

Whether most properly characterized as law of the case, judicial estoppel or otherwise, it is simply unfair for Kotva to be permitted to pursue Czech law claims in this Court when Mr. Weiss's attempt to pursue analogous Czech law claims have been, at Kotva's request, rejected by the Court. Moreover, all of the problems and pitfalls that the Court has identified with resolving claims governed by Czech law apply equally to Kotva's claims. Kotva has proposed no method

to establish what the Czech law is with respect to abuse of process, fraud or tortious interference, and has designated no expert on this issue.

## IV. THIS COURT SHOULD ABSTAIN FROM DECIDING UNSETTLED ISSUES OF CZECH LAW

"A federal court, by abstaining, may avoid having to decide a uniquely difficult question of state law of great local impact and uniquely important local concern." *Bath Mem. Hosp. v. Me. Health Care Fin. Comm'n*, 853 F.2d 1007, 1012–13 (1st Cir. 1988) (citing *La. Power & Light Co. v. Thibodaux*, 360 U.S. 25 (1959)). The same is true with respect to uniquely difficult questions of the law of other sovereign nations. Indeed, due to language barriers and the differences between the common law system and the civil law system, federal courts have stronger reasons to abstain from deciding difficult questions of Czech law than they have for abstaining from deciding difficult questions of state law.

The Czech Civil Code, Article 424, establishes liability for causing damage by intentional conduct against good morals. There is no specific provision of the Czech Civil Code referencing the tort of abuse of process. In order for Kotva to prevail on its claim for abuse of Czech civil process, a court would first have to determine whether the Czech civil law system, based on its civil code, would recognize the tort. The court would then have to establish the elements of the tort. A court might take into account that under Czech law, a plaintiff who commences a lawsuit and loses may have to pay the attorneys fees incurred by defendant. These unsettled issues of Czech law should not be decided by a court in the United States.

The legislature and courts of the Czech Republic are better situated to determine when filing lawsuits in a Czech court is tortious and when filing lawsuits is conduct protected by Article 36 of the Charter of Fundamental Rights and Basic Freedoms of the Czech Republic,

which protects access to the Czech courts.[5] *See Currie v. Group Ins. Comm'n*, 290 F.3d 1, 11 (1st Cir. 2002) (discussing policies underlying various abstention doctrines). This complex question of Czech law requires delicate policy judgments that the Czech Republic should make in the first instance.

In *Minot v. Eckardt-Minot*, 13 F.3d 590 (2d Cir. 1994), the Second Circuit affirmed a district court's decision to abstain from deciding a case because the plaintiff alleged what would have been a new tort under New York law. The Second Circuit wrote:

> In essence, [Plaintiff] seeks recovery on theories akin to what has been called a "tort of custodial interference." Although other jurisdictions have developed some law in this area, New York has very few cases dealing with this tort or related torts in this context. <u>The recognition and delineation of such a tort is clearly a difficult matter of great public import for New York law.</u> A tort doctrine that permitted parents to vindicate their custody rights by obtaining money judgments against alleged transgressors would significantly change the landscape of custody disputes.

*Id*. at 594 (emphasis added). Likewise, determining the scope of a tort of abuse of process under Czech law involves policy decisions that could dramatically affect the landscape of Czech civil litigation.

---

[5] Article 36(1) provides that "[e]veryone may assert, through the legally prescribed procedure, his rights before an independent and impartial court or, in specified cases, before another body."

## V.     CONCLUSION

Defendants respectfully request that the Court declare that Kotva's claims asserted in Counts V through VII are governed by Czech law.  Having done so, the Court should decline to permit the trial of such claims and instead dismiss those claims without prejudice.

Respectfully Submitted,

ANDREW WEISS and WEISS ASSET
MANAGEMENT LLC

By their attorneys,

/s/ Edward P. Leibensperger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Dated: February 27, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 27, 2007.

/s/ Edward P. Leibensperger
Edward P. Leibensperger

BST99 1531018-13.072198.0012