UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | C.A. No. 05-10679-RCL |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT LLC, ) | |
| ) | |
| Counterclaim-plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KOTVA a.s. and RICHARD HARAZIM, ) | |
| ) | |
| Counterclaim-defendants. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO ADD EXPERT WITNESS**

Defendants Andrew Weiss and Weiss Asset Management LLC request permission from the Court to add an expert witness, Stephen Ross, Ph.D, to testify regarding issues crucial to the jury's consideration of the case. Defendants seek to introduce testimony from Dr. Ross on the key question of whether the amounts Andrew Weiss requested for the sale of CVF's Kotva and Trend shares were rational in light of the available facts or whether the request was unreasonable or, as plaintiff charges, "extortionate." Defendants also seek to introduce expert testimony from Dr. Ross on the question of what effect the civil charges lodged by plaintiff have had on

- 1 -

defendants' ability to obtain new investment in their funds pendente lite. The first question goes to the heart of the allegations plaintiff has made against defendants; the second goes to the heart of defendants' counterclaims.

### **Procedural Background**

On July 26, 2006, the Court entered an Order granting the parties' motion for extension of time to complete discovery, setting October 31, 2006 as the date by which Initial Expert Disclosures were due and November 30, 2006 for Responsive Expert Disclosures. Discovery was ordered to be competed by December 22, 2006.

Pursuant to the Order, defendants disclosed an expert witness on Czech law (Dr. Zdenek Kuhn) on October 31, 2006. Kotva requested extensions of time to disclose a rebuttal expert witness on Czech law to January 19, 2007, which was assented to by defendants. Key fact discovery, including (a) production of certain documents by Kotva and further answers to interrogatories as ordered by the Discovery Master, (b) depositions of Kotva's principals, Richard Harazim and Martin Benda, (c) depositions of third-party witnesses in Ireland, and (d) the deposition of defendant, Andrew Weiss had not been completed when, in early December, a potential settlement arose.[1]

On December 4, 2006, the parties jointly moved [178] for a temporary stay and an extension of all deadlines by thirty days based upon a reported "agreement in principle on the business terms of a settlement." The Court granted the motion and scheduled the trial of the case for April 23, 2007.

Thereafter, on January 19, 2007, the parties notified the Court [184, 185] of the renewal of pending motions and the failure of settlement negotiations. In retrospect, defendants could

---

[1] A deposition of Kotva, a.s., by its designated witness pursuant to Rule 30(b)(6), Mr. Harazim, was commenced in February 2006, but suspended. It was not resumed until after the resolution of several discovery disputes, the resolution of which ultimately resulted in monetary sanctions imposed upon Kotva by the Discovery Master.

have requested new, more realistic deadlines for expert discovery on January 19, 2007. However, as described below, key fact discovery had not yet been completed and that discovery has made the need for expert testimony even more apparent.

The depositions of Messrs. Harazim, Benda and Weiss took place on January 22–26, 2007. A deposition of Mr. Henry Prestage, an individual formerly employed by Markland, the Irish company that purchased the department store that is the subject of this dispute, was scheduled by Kotva for February 8, 2007, in Dublin, Ireland and then unilaterally cancelled by Kotva a few days in advance. Defendants completed depositions of two current representative of Markland in Dublin, who were less involved in the subject transaction, on February 9 and February 27, 2007, respectively. Even today, deposition discovery is not complete as Kotva has schedule a deposition of one of defendant's employees for March 21, 2007 and the deposition of the Czech lawyer for the Weiss parties is scheduled in Prague in April.

For the last week, defendants have discussed with counsel for Kotva possible agreements with respect to pending motions and this motion to add Dr. Ross as an expert witness. No agreement was reached.

### Grounds for Relief

Defendants are not seeking to derail or delay the scheduled commencement of trial on April 23. While Rule 26(a)(2)(C) provides that expert disclosures are due ninety days before trial, and the Court's scheduling order provided for an even earlier date, that Rule also provides broad discretion for the Court to alter the scheduling of expert discovery where, as here, the interests of justice would be best served by allowing the parties to each add an expert on these issues. *See* FED. R. CIV. P. 26(a)(2)(C) ("These disclosures shall be made at the times and in the sequence directed by the court."). In this case, given the anticipated settlement and the

postponement of completion of fact discovery, the delay in identification and disclosure of expert witnesses is substantially justified.

Both process and justice concerns come into play. Paramount in this case, defendants respectfully suggest, should be concern for whether the jury will be able to fully understand the case without expert testimony on these subjects. Further, the parties can avoid any unfair prejudice from disclosure now of expert witnesses. Over the past week as this motion has been discussed among the parties' counsel, they have disagreed on many things, but not on whether it was possible to take an expert witness deposition or two before the case is tried. Indeed, trial counsel are often put to the test of deposing important witnesses in the evenings before they take the stand and doing a fine job on cross-examination. Defendants, understanding the relatively short notice, are willing to accommodate plaintiff in any way they can, including giving Kotva time to find, prepare and disclose a rebuttal expert witness.

It was not until the depositions of Mr. Harazim, Mr. Benda and Mr. Weiss in January 2007 that it became clear to defendants that Kotva would rely on the trades of very small amounts of Kotva shares on the public markets in the Czech Republic to argue what the fair market price was for the blocks of shares held by CVF. Not only is this completely wrong, *see* Ross Report ¶ 14, such testimony threatens to lead the jury into a labyrinth of complex market factors. The Kotva stock was so thinly traded on the Czech exchange that the average American investor or juror would likely be confused and find it difficult to understand the lack of relationship between the trading price and value without the assistance of expert testimony. At Andrew Weiss's deposition in January, when the subjects of market values and share prices were broached, it became obvious that the area was complex and perhaps misunderstood. For people who do not have a Ph.D. in economics, or experience in the valuation of companies, many of the

issues surrounding the appropriate ways to value CVF's Kotva and Trend shares are opaque. When defendants hired new co-counsel, he found the area incomprehensible and concluded that he did not believe a lay juror had a prayer of getting the evidence in this crucial area. A review of the Chronology of Events relied upon by Professor Ross and provided to him by counsel for defendants, demonstrates just how daunting the task of understanding the relevant transactions is. Likewise, although the impact on an investment fund of charges such as those levied by the plaintiff—including securities fraud and RICO violations—may at first blush seem obvious, the true depth of the wound is visible only with testimony about the specialized requirements of the industry.

The problem crystallized further through the deposition and non-depositions of key personnel at Markland, the Irish property company that purchased the underlying Kotva asset, the department store. It had been believed, particularly, that Henry Prestage, Markland's key operative in Prague, could supply needed testimony regarding valuation. Prestage was the Markland representative most familiar with the actual purchase transaction which justified the offers defendants made. Plaintiff had noticed Mr. Prestage's deposition for December 18, 2006 in Dublin, Ireland, after securing Mr. Prestage's agreement to be deposed. Mr. Prestage's deposition was delayed until February 2007. In fact, defense counsel had purchased tickets and made hotel reservations in Dublin for Mr. Prestage's deposition on the agreed-upon date February 8, 2007. At the last minute—after it was too late for defendants to seek letters rogatory for Mr. Prestage's deposition—Kotva cancelled Mr. Prestage's deposition and notified defendants that Kotva no longer sought Mr. Prestage's testimony. Defendants made every effort to obtain Mr. Prestage's agreement to be deposed, but that was an accommodation that Mr. Prestage was willing to extend only to Kotva, and not to defendants. This left defendants

without the needed independent expertise to explain to the jury why the sales offers defendants made were reasonable. The principals of Markland who were deposed had little personal knowledge of the Kotva sales transaction and they provided little evidence about the negotiation and valuation process which led to the Markland purchase. It was after the cancellation of the Prestage deposition that defendants contacted Professor Ross and asked him to review the documents described in Appendix C of his report.

Professor Ross is a chaired Professor of Financial Economics at the Sloan School of Management of the Massachusetts Institute of Technology. He also has a wealth of practical experience with real estate and investment transactions here and abroad. He managed to learn the transactions and to generate a simple to understand report in record time. He has a knack for boiling matters down to a point where the complicated becomes easy to understand.

It is respectfully suggested that the discretionary power granted the Court by Rule 26 (a)(2)(C) should be used here. Even if the Court were to consider the matter under the framework established by Rule 37(c)(1), which does not directly apply since leave is being sought for late disclosure, the Court should allow defendants to add Professor Ross as an expert witness. The admittedly late disclosure is both substantially justified and not unfairly prejudicial to plaintiff. Undersigned counsel received Professor Ross's report yesterday and hand-delivered a copy of it to counsel for Kotva yesterday. Further, although there is little doubt that Professor Ross will be a witness helpful to the jury, there is ample time to ensure that Kotva will not be harmed by his late inclusion within the meaning of the Rule. There is plenty of time for Professor Ross to be deposed and for the plaintiff to obtain a qualified expert on these subjects.

This case should be decided on the basis of rational decision making, not guesswork. Unless an expert witness who can boil down the transactions and the way the industry which Mr.

Harazim and Mr. Weiss are part of operate—both as to the valuation question and as to the effect of litigation from an independent viewpoint—it leaves the jury to confusion and speculation. There is still time to assist the jury with expert evidence that will bring clarity to the complex financial questions.

Expert discovery usually begins after fact discovery is complete. Here, fact discovery has proceeded through January, February and even in to March and April. To foreclose either side from presenting an expert witness would work an unfair and unwarranted disadvantage to any party that realizes as discovery is proceeding that an expert witness is needed. Defendants request to add Dr. Ross as an expert should be viewed as a timely and reasonable request given the ongoing fact discovery and developments in the case.

## Conclusion

For the foregoing reasons, defendants respectfully request that the motion be allowed.

Respectfully Submitted,

ANDREW WEISS and WEISS ASSET MANAGEMENT LLC

By their attorneys,

/s/ Edward T. Dangel, III
Edward T. Dangel, III (BBO#113580)
Dangel & Mattchen, LLP
10 Derne Street
Boston, MA 02114
(617) 557-4800

/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

- 8 -

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 13, 2007.

                                     /s/ Edward T. Dangel, III
                                     Edward T. Dangel, IIII

BST99 1534501-2.072198.0012