UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KOTVA a.s.

Plaintiff,

v.

ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC

Defendants.

Case No. 05-10679-RCL

**OPPOSITION OF KOTVA**
**TO DEFENDANTS' MOTION IN LIMINE REGARDING COMMON LAW CLAIMS**

## INTRODUCTION

Defendants' latest submission is simply an untimely motion to dismiss masquerading as a motion in limine. Specifically, the Defendants ask the Court to "exercise its discretion to decline to hear" any Kotva claims that may be governed by Czech law. Memo. at 2. The time for filing dispositive motions has long since passed. Indeed, the parties' Final Pretrial Memorandum is due on March 29, 2007, and trial begins on April 23, 2007. Defendants, moreover, are estopped from arguing "abstention" at this late stage.[1]

Kotva's claims are governed by Massachusetts law. Massachusetts has a substantial relationship to this dispute, and Massachusetts law is controlling under a choice of law analysis.[2]

---

[1] *See* March 24, 2006 Memorandum in Opposition to Kotva's Motion to Dismiss KT and CVF [Docket #89] ("March 24, 2006 Opp.").

[2] The Weiss Defendants are Massachusetts domiciliaries, and Andrew Weiss conducts his business operations from Massachusetts. Moreover, Weiss hatched his scheme to interfere with Kotva's business and to blackmail Kotva from Massachusetts, and then directed the implementation of that scheme, which included hiring agents to do his bidding and forming a shell company to sue Kotva, from his Boston offices. See Section I.A, *infra*.

<u>But a choice of law analysis is unnecessary in this case.</u> Defendants have not established that there is any conflict between Czech law and Massachusetts law. They also fail to substantiate the allegation that Kotva's claims "raise difficult questions of Czech law." Memo. at 2. They do not. Kotva's common law claims are garden variety tort claims easily encompassed by the Czech Civil Code. Because there is no conflict of law, the Court can and should apply the law of the forum.

On November 28, 2006, the Court granted Kotva's motion to dismiss the counterclaims of purported counterclaimants KT and CVF under the doctrine of *forum non conveniens* and/or international comity due to prior pending parallel litigation. Defendants now attempt to untie Kotva's motion from its *forum non conveniens* moorings, and wrongly characterize the Court's Order as a determination not to entertain any claims that may be governed by Czech law. First, that is not what the Court ruled in its November 28, 2006 Order. Second, Defendants cannot ignore the difference in the parties' situations and the prerequisite for any *forum non conveniens* relief -- an adequate alternative forum. Defendants, however, have refused to submit themselves to the jurisdiction of a forum in the Czech Republic. During the Rule 7.1 conference, Defendants' counsel confirmed that Defendants were not stipulating to appear in the Czech Republic, despite requesting the extraordinary relief in the instant motion.

Plaintiff's choice of forum is entitled to great deference, and Kotva is entitled to have its claims resolved where it can enforce a judgment against the Defendants. Defendants, on the other hand, offer no support for their amorphous "abstention" theory. There is no adequate alternative forum for Kotva's claims; there is no basis for abstention; there is no conflict of law; and there is no reason to dismiss any of Kotva's claims.

## ARGUMENT

### I. The Motion is Untimely

According to the Court's July 26, 2007 Order extending the discovery schedule, the deadline for the parties to file dispositive motions was October 16, 2006. That deadline was not extended, nor did Defendants seek an extension of that deadline. Defendants cannot disregard the Court's Order and file a motion to dismiss claims over 4 months after the deadline and on the eve of trial. The request to dismiss Kotva's claims, therefore, is untimely and should be disregarded.

### II. There is No Conflict of Law: Massachusetts Law Governs Kotva's Claims

Defendants ignore the First Circuit's actual test for conflicts of law and devote ten pages of their motion to a choice of law analysis that is simply not relevant to this case.[3] "An initial task of a choice-of-law-analysis is to determine whether there is an actual conflict between the substantive law of the interested jurisdictions." Levin v. Dalva Bros., Inc., 459 F.3d 68, 73 (1st Cir. 2006), citing Millipore Corp. v. Travelers Indem. Co., 115 F.3d 21, 29 (1st Cir. 1997). "The usual first step in applying conflict of laws principles is to determine whether there is a conflict among the laws of the various states involved." Am. Mgmt. Servs., Inc. v. George S. May Int'l Co., 933 F. Supp. 64, 68 (D. Mass.1996), quoting Lambert v. Kysar, 983 F. 2d 1110, 1114 (1st Cir. 1993). When the controlling law in the two jurisdictions is the same, there is no conflict and there is no need to pursue the choice of law analysis. Id. There appears to be a good reason why the Defendants failed to cite[4] this crucial component of the choice-of-law analysis: because

[3] Because Defendants have not established any conflict of law, it is not necessary to engage in a choice of law analysis. Even under a choice of law analysis, however, Massachusetts law would govern Kotva's common law claims.

[4] Instead of citing controlling First Circuit precedent, Defendants cite a district court decision, Trent Partners v. Digital Equip. Corp., 120 F. Supp. 2d 84, 95 (D. Mass. 1999), for the proposition that "[f]irst, the Court must 'characterize the claims involved.'" Memo. at 4. Defendants' motion suggests that after the Court "characterizes"

Defendants do not allege there to be any conflict whatsoever between Massachusetts law and Czech law with respect to Kotva's common law claims.

As the party claiming that foreign law applies, it is the Defendants' burden to establish that there is an actual conflict. See RESTATEMENT (SECOND) CONFLICT OF LAWS § 136 cmt. f ("Frequently, the local law of the forum will provide that the party who claims that the foreign law is different from the local law of the forum has the burden of establishing the content of the foreign law."). From the outset of this case, Kotva has asserted that Massachusetts law governs its claims. It is Defendants who have claimed that Czech law governs various claims in the case. See, e.g. July 25, 2005 Opposition to Kotva's Motion to Dismiss [Docket # 18]; March 24, 2006 Opp. at 18-19.

By failing to demonstrate a conflict of law, however, and failing to provide the requisite notice of their intention to rely on foreign law, Defendants have no right to the application of any law but the law of the forum. Carey v. Bahama Cruise Lines, 864 F.2d 201, 205-206 (1st Cir. 1988) (where litigants fail to give proper notice of foreign law, deference to the forum law is appropriate "provided that (a) the forum state bears a reasonable relationship to the dispute, and (b) the litigants are not conspiring to avoid the policies of any other sovereign whose laws might otherwise apply to the dispute."). Thus, the Court does not need to determine any unsettled questions of law because it can apply forum law.

In any event, Defendants have offered no proof of any "unsettled issues" of Czech law that might be relevant to this case. Instead, Defendants acknowledge that § 424 of the Czech Civil Code provides liability for damages caused by intentional conduct against good morals. As described below, this provision alone is broad enough to encompass all of Kotva's common law

---

the claims, it then jumps directly to a choice-of-law analysis without first determining whether there is an actual conflict.

claims. Memo. at 15. The parade of horribles that Defendants present regarding the resolution of "unsettled issues of Czech law" is illusory.[5] Even in cases where foreign law does apply, the Court can choose to apply the law of the forum rather than deal with unsettled issues of foreign law.[6]

**A. Czech Substantive Law Imposes General Liability for Tortious Conduct And is in Concert with the Garden Variety Tort Claims Kotva has Asserted**

Kotva has alleged three torts under Massachusetts common law against the Defendants: tortious interference, abuse of process, and fraud. These are not complicated causes of action. Rather, these garden-variety common law torts are premised upon basic notions of liability. Most importantly, these claims do not conflict with the general standards of liability and damages in the Czech Republic. Under the Czech Civil Code, a person is obliged to behave in such a way that no damage to health, property, nature, and the environment occurs (§ 415); and a person is liable for damage they cause by breaching that legal obligation (§ 420(1)). In addition to this general standard of liability, the Czech Civil Code also imposes liability for anyone who causes damage through the intentional contravention of good morals (§ 424). See relevant sections of Czech Civil Code (translated) attached as Ex. A.

Despite this very broad theory of liability available under Czech law, Kotva has indicated from the outset of the case that it asserted tort claims under the tenets of Massachusetts law. If anything, the elements of Kotva's claims under Massachusetts law are more demanding than the general requirements provided by the Czech Civil Code. In other words, the Massachusetts law

---

[5] Contrary to what Defendants would have the Court believe, federal courts--including this one--certainly can and do interpret and apply the law of civil code jurisdictions when that task is required. E.g. Value Partners S.A. v. Bain & Co., Inc., 245 F. Supp. 2d 269 (D. Mass. 2003) (interpreting and applying the law of Brazil, a civil code jurisdiction).

[6] See Finance One Public Co. Ltd. v. Lehman Bros. Special Fin., 414 F.3d 325, 344 n.6 (2d Cir. 2005) (applying New York law to the question of exercising equitable discretion when neither party had presented evidence of Thai law); Anglo Am. Ins. Group, P.L.C. v. CalFed, Inc., 899 F. Supp. 1070, 1076-1077 ( S.D.N.Y. 1995) (forum state may presume similarity of foreign law in cases where foreign law is unsettled).

at issue may be more difficult to prove, but it is not in conflict with the principles of Czech law. Kotva intends to prove all requisite elements of its claims under Massachusetts law (*i.e.*, causation, damages, liability), which would simultaneously satisfy the requirements of Czech law. Defendants, moreover, have never identified any conflict between Czech law and Massachusetts law with respect to the claims asserted by Kotva.

Defendants' motion also operates under the erroneous assertion that Kotva's tortious interference and fraud claims "are simply a variant of, or derivative of, the abuse of process claim." Memo. at 3. They are not. For example, Weiss's tortious interference with Kotva's business goes far beyond the mere filing of lawsuits against Kotva. After learning of press reports about a potential sale, Weiss launched a scheme from Boston to blackmail Kotva, ultimately demanding that Kotva purchase BGO's Kotva and Trend shares for over $12 million (even though the shares had been valued by Defendants at only $1 million). Weiss threatened to stop the sale of the department store unless he received a "pay-off" for the shares. Weiss also threatened that if Kotva did not pay him what he wanted, the next demand would be higher. Weiss threatened to disparage Kotva, so no one would consider purchasing the department store, including filing criminal complaints against Kotva executives. Thereafter, Weiss followed through on his threats: he arranged for shell companies to purchase token shares of Kotva and challenged the transfer of the department store building to a Kotva subsidiary -- a transfer that had occurred four years earlier; he contacted Markland, the purchaser of the department store and its lender, to stop the sale. He conditioned the withdrawal of his interference with the Kotva sale upon meeting his price demands. (He was even willing to accept as a "pay-off" a percentage of the sale proceeds directly from Markland).

Revealingly, Weiss denied his involvement in the sham lawsuits (though now he admits it); denied that he threatened to stop the sale (though internal e-mails say otherwise); and denied that he made ever increasing blackmail demands (though he now also admits this). The Defendants' conduct interfered with the sale of the department store, including a delay on the closing of six months and causing $24 million in sale proceeds to still be held in escrow. In short, Defendants' conduct amounts to egregious tortious interference, fraud, unfair and deceptive trade practices in violation of Chapter 93A, and abuse of process. Simply put, contrary to Defendants' assertions, Kotva's claims are not derivative of the abuse of process claim. Furthermore, as shown below, these tort claims are governed by Massachusetts law.

**B. Massachusetts Bears More Than a Reasonable Relationship to this Action And the Application of Forum Law Is Appropriate**

In Carey, the First Circuit found that the forum state had a reasonable relationship to the dispute because the plaintiffs were United States citizens and the defendant's principal place of business was in New York. Carey, 864 F.2d at 206. In this case, the connections to the forum run far deeper.

Weiss resides in Brookline, Massachusetts and is the 100% owner, manager, and resident agent of Weiss Asset Management. Answer ¶ 5. Weiss Asset Management is headquartered in Boston. Answer ¶ 6. Weiss was the mastermind of the blackmail plan, and launched and directed his scheme from Massachusetts. In effect, Massachusetts was the nerve center of the Weiss blackmail and tortious interference plan. Weiss' instructions regarding the blackmail emanated from his e-mail address in Boston; his phone calls originated from Boston, and all of his blackmail demands directed to Kotva came from Boston. It is undisputed that Weiss communicated with his agents, Hoffman and Peterka, from Boston, and that Hoffmann sent bills to Weiss in Boston. Id. at ¶ 22. Consistent with these allegations, Weiss admits that he sent

letters from Boston to the Czech Republic with "offers" and "counter offers" for the purchase of the Brookdale shares in Kotva. See Complaint and Answer at ¶¶ 27-35.

Whether in or from Massachusetts, Weiss hired agents and lawyers, authorized and directed and paid for lawsuits, contacted the purchaser of the Kotva Department Store and its lender, and organized a shell company (KT) utilizing Massachusetts lawyers whose sole purpose was to hold nominal shares of Kotva and file lawsuits against it. Weiss hired lawyers to advise him on how to "block the sale" and "discourage potential buyers of Kotva." Indeed, Weiss stood to personally benefit in recovering a 25% success fee if he forced a sale of the shares via his blackmail plan. In short, Weiss controlled and executed his entire scheme from Massachusetts and, as a result, Massachusetts has a substantial connection to the issues in this case. The application of Massachusetts law, therefore, is in harmony with the First Circuit's Carey test.

## III. Defendants Are Not Entitled to Dismissal Under Either *Forum Non Conveniens* or Abstention

The only reason the Defendants suggest for dismissing Kotva's common law claims is that they might be governed by Czech law. Motion for Leave at ¶ 2. Even if Czech law applied, however, Defendants' argument fails. Defendants' counsel has already represented to the Court that, "[t]he need to apply foreign law . . . . alone is not sufficient to warrant dismissal." March 24, 2006 Opp. at 18 quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 260 n.29 (1968).

Indeed, the counterclaim-plaintiffs have previously advocated that the mere application of foreign law is not cause for dismissal under either the doctrine of *forum non conveniens* or abstention. In particular, Defendants' counsel asserted in prior briefing that the federal courts have an "unflagging obligation" to exercise their jurisdiction, that abstention is extraordinary relief which is rarely appropriate, and that abstention is considered in the context of parallel proceedings:

> Although "[f]ederal courts have the inherent power to stay an action based on the pendency of a related proceeding in a foreign jurisdiction," this power "must be balanced against the federal courts' 'strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" [*Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248, 251 (D. Mass. 1999)] (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716)). Thus, only in "exceptional circumstances" will a court "decline jurisdiction in the face of this 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given to them.'" *Id*. (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14-16, 19 (1983)). Thus:
>
> > Courts have been hesitant to abrogate this jurisdictional duty in the international context. Parallel proceedings on the same in personam claim should ordinarily be allowed to proceed simultaneously, at least until a judgment is reached in one which can be pled as res judicata in the other.
>
> *Id*. at 251 (internal quotation marks omitted); *accord Truilo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1265 (11th Cir. 2000) ("Abstention is the exception instead of the rule; and courts regularly permit parallel proceedings in an American court and a foreign court.") (internal citations and quotation marks omitted).

March 24, 2006 Opp. at 9-10 (emphasis added). In granting Kotva's motion to dismiss, the Court found such relief to be appropriate in the face of KT and CVF's previously filed claims and the availability of an adequate alternative forum in the Czech Republic. Now, on top of completely reversing their position--particularly about the federal courts' "unflagging obligation" to exercise jurisdiction--Defendants fail to acknowledge that there are no parallel proceedings pending between the parties.[7]

Similarly, under the doctrine of *forum non conveniens*, Defendants previously represented that "the adequacy of the alternate forum is not one of several considerations[,] …it is a prerequisite to dismissal." March 24, 2006 Opp. at 18 citing Mercier v. Sheraton Int'l, Inc., 981 F.2d 1345, 1349 (1st Cir. 1992). Yet Weiss and WAM have refused to submit themselves to the jurisdiction of the Czech Republic. When asked during the Rule 7.1 conference for this motion (and again after filing this motion) if they were now agreeing to appear in the Czech

---

7 Weiss and WAM are not parties to any of the proceedings filed against Kotva in the Czech Republic. KT and CVF filed civil actions against Kotva regarding the Kotva Department Store.

Republic, Defendants' counsel confirmed that Weiss and WAM were making no such stipulation. In other words, Kotva has no adequate alternative forum and, for that reason alone, dismissal under either *forum non conveniens* or abstention would be inappropriate.

**A. Defendants Have Mischaracterized the November 28, 2006 Order**

In its November 28, 2006 Order, the Court never ruled that it had refused to entertain any claims based on Czech law. The Order was made in the context of granting Kotva's motion to dismiss on grounds of *forum non conveniens* and/or international comity. As noted above, and already conceded by Defendants' counsel, the availability of an adequate alternative forum is a prerequisite to dismissal on *forum non conveniens* grounds. In the context of abstention, "adequacy of relief available in the alternative forum" is also a key factor in determining whether abstention is appropriate. Goldhammer, 59 F. Supp. 2d at 252-253; March 24, 2006 Opp. at 10, 12, 13. Simply put, Defendants cannot satisfy this test.

Contrary to Defendants' protests about fairness, there is no "unfairness" in the Court's November 28, 2006 Order. The position of the parties is not the same. Weiss and WAM have an adequate alternative forum for claims against Kotva, but Kotva does not. Weiss and WAM, moreover, cannot complain about being sued in their home jurisdiction. Defense counsel has already argued that *forum non conveniens* is "designed to ensure 'that the plaintiff may not, by choice of inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." March 24, 2006 Opp. at 15, citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). Here, Plaintiff's decision to come to the Defendants has actually reduced the Defendants' expenses. Finally, Kotva's choice of forum--in this case, predicated upon assuring jurisdiction over the Defendants--is entitled to great deference and should not be disturbed. Id., citing Mercier, 981 F.2d at 1349.

**B. Defendants Are Estopped From Arguing Abstention at this Late Stage**

Trial is scheduled to begin on April 23, 2007--a little more than one month from today. It is far too late in the litigation for the Defendants to raise an abstention argument, especially one that is not supported by any abstention principles. On March 24, 2006, in opposition to Plaintiff's *forum non conveniens*/international comity motion, Defendants' counsel argued that "abstention and forum non conveniens should be raised at the outset of a lawsuit, or not at all." March 24, 2006 Opp. at 4-5 (emphasis added). In that same brief, counsel argued that it was "not at all clear that [Kotva's] common law claims are governed by Massachusetts law as opposed to Czech law." Id. at 18-19. They did not, however, argue that the Court should abstain from hearing Kotva's claims. Under Defendants' own test, how can they be excused for waiting almost a year after insinuating that Czech law might control Kotva's claims--and nearly two years into the litigation--before raising this abstention argument?

Defendants apparently have intended all of these delays to be tactical maneuvers. The Defendants did not move to dismiss Plaintiff's claims. Instead, they improperly added KT and CVF as counterclaim-plaintiffs. They then issued wide-ranging discovery demands against Kotva to gather materials for use in the prior-pending KT and CVF Czech lawsuits. At the end of the discovery period, when they had completed their haul, KT and CVF tried to voluntarily dismiss their claims rather than face Kotva's pending motion to dismiss. Similarly, Defendants waited almost a year before filing a motion for judgment on the pleadings. It is worth noting that the Defendants did not raise any "abstention" arguments in that motion either, which was filed in April 2006. In short, Defendants should be estopped from arguing dismissal under the abstention doctrine. E.g., Patriot Cinemas, Inc. v. Gen. Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987) (application of judicial estoppel warranted when "intentional self-contradiction" is being used to

obtain unfair advantage) (citation omitted); Elfman v. Glaser, 313 Mass. 370, 376-377 ("proposition that a litigant cannot assume inconsistent and contradictory positions is established by our decisions."). Defendants cannot retreat from positions they have taken in this litigation simply because they decide a 180 degree reversal suits their present needs better.

## CONCLUSION

For the foregoing reasons, Defendants' motion in limine should be denied in its entirety and Plaintiff's common law claims should be determined in accordance with Massachusetts law.

Respectfully submitted,

KOTVA A.S.

By its attorneys,

/s/ Joel G. Beckman
Joel G. Beckman (BBO# 553086)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: March 13, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 13th day of March, 2007.

/s/ Daniel J. Pasquarello

# CZECH REPUBLIC



## CIVIL CODE

**"Občanský zákoník"**

**2005 edition**

TradeLinks

the pledge (the thing subject to lien) instead of the lien creditor (sublienee).

(3) The provisions on lien shall apply as appropriate to sublien.

## Division 2
## Right of Retention (Possessory Lien)

### Section 175

(1) A person who is obliged to hand over another person's movable thing held by him may retain it for the purpose of securing a receivable due to him from the person to whom he would otherwise be obliged to hand over the thing.

(2) A right of retention (possessory lien) also arises in the case of a receivable which is not yet due (mature) provided that a bankruptcy petition has been filed against the debtor.

### Section 176

(1) A right to retain a thing shall not arise if the person in whose favour such right might arise holds the thing unlawfully, in particular if the person acquired the thing in an unlawful manner or by means of a trick.

(2) A right to retain a thing shall not pertain to a person who was ordered, when a thing was passed on to him, to handle it in a manner which is incompatible with proper exercise of the right of retention; this shall not apply if a bankruptcy petition has been filed against the debtor.

### Section 177

(1) A right of retention (possessory lien) arises when an entitled person expresses his will (unilateral act) to retain (withhold) a certain thing.

(2) An entitled person is obliged to inform the debtor of his retention of the thing and the reasons for this without delay; if the contract under which such thing is with the person was made in writing, the person must also notify the debtor in writing.





### Section 178

Regarding the care of a retained thing and reimbursement of the related expenses, the person who retains the thing has the same status as a lien creditor has in relation to a thing delivered in pledge.

### Section 179

Based on his right of retention, the creditor is entitled to preferential satisfaction from the proceeds of the retained thing when the judicial ruling is executed, his entitlement being satisfied before the other creditors' claims, even before the claim of the lien creditor.

### Section 180

(1) A right of retention extinguishes when the secured receivable is discharged, or when the retained thing ceases to exist, or when it is handed over to the debtor.

(2) A right of retention also extinguishes if the debtor provides the entitled person, subject to his consent, with another securement.

# PARTS THREE, FOUR AND FIVE
# (Sections 181 to 414)
# Repealed

# PART SIX
# LIABILITY FOR DAMAGE AND UNJUST ENRICHMENT

## CHAPTER I
## PREVENTION OF IMPENDING DAMAGE

### Section 415

Everybody is obliged to behave in such a way that no damage (injury) to health, property, nature and the environment occurs.

*Relating provisions of the Civil Code:*

*– sections 3, to 6, 13, 43, 420, 420a, 421, 441, 451*

*Some relating provisions of other Acts:*

*– sections 170, 171, 175 of the Labour Code;*

*– Act on Railways;*

*– sections 86(2), 88(1) of the Building Code*

*Commentary on section 415:*

*The provision of section 415 contains one of the fundamental principles of the Civil Code. Liability for damage is regulated in sections 420 to 450 and liability for unjust enrichment in sections 451 to 459. Liability for defects is regulated individually (with regard to specific issues) and liability for delay (default) is subject to sections 517 to 523.*

**Section 416**
**Repealed**

**Section 417**

(1) Anyone who is threatened with damage must take measures to avert its occurrence in a manner appropriate to the circumstances of the threat.

(2) If the threat is serious, the person threatened has the right to demand at a court that it order suitable and commensurate precautions to avert the impending damage.

*Relating provisions of the Civil Code:*

*– sections 6, 127, 418, 419, 441*

*Some other relating provisions:*

*– section 384 of the Commercial Code*

*Commentary on section 417:*

*A person who is threatened with damage may be either an individual or a legal entity. Such person is obliged to take measures to avert the impending damage. Non-performance of this duty may be sanctioned under section 441.*





**Section 418**

(1) Anyone who has caused damage in an effort to avert directly impending danger, which he has not himself brought about, shall not be liable for such damage, unless, in the given circumstances, the danger could have been averted in a different manner or unless the consequences of his conduct are obviously equally serious or even more serious than the consequences of the danger which threatened.

(2) Likewise, a person is not liable for damage caused by acts that are necessary to his defence against an impending or persisting attack. However, a defence which is obviously disproportionate to the nature and danger of the attack shall not be deemed as necessary.

*Some relating provisions of other Acts:*

*– sections 13, 14 of the Criminal Code;*

*– section 15 of the Labour Code*

*Commentary on section 418:*

*The regulation in section 418 corresponds to the provisions of the Criminal Code. A person who has caused damage when averting a directly impending danger which he has not brought about, or when acting in necessary defence against an impending or persisting attack, is excluded from liability for such damage.*

**Section 419**

Any person who averted impending damage has the right to reimbursement for expenses which he reasonably incurred, as well as to compensation for damage which he thereby suffered, and he has this right also against the party in whose interests he acted. However, such compensation shall not exceed the total sum of the averted damage.

*Relating provisions of the Civil Code:*

*– sections 417, 418, 443 to 450*

*Some other relating provisions:*

*– sections 192, 205 of the Labour Code*

*Commentary on section 419:*

*Damages and reimbursement of expenses are due to a person who acted in accordance with the provisions of sections 417 and 418. Damages can be provided up to the amount of the damage averted.*

# CHAPTER II
# LIABILITY FOR DAMAGE

## Division 1
## General Liability

### Section 420

(1) Any person is liable for damage which he caused by breaching a legal obligation (duty).

(2) Damage is deemed to have been caused by a legal entity or an individual if it was caused within the scope of performance of activity by persons whom the legal entity or individual assigned to perform such activity (or certain tasks within the framework of such activity). These persons are not themselves liable under this Code for the damage thus caused; their liability under labour provisions is not thereby affected.

(3) A person (an entity or an individual) shall be relieved of his liability if he proves that he did not cause the damage.

***Relating provisions of the Civil Code:***
- *sections 7 to 10, 18 to 21, 420a to 423, 428, 432, 433, 442 to 450*

***Some relating provisions of other Acts:***
- *section 135(2) of the Civil Procedure Code;*
- *sections 172 to 186, 205c(1) of the Labour Code;*
- *sections 4, 5 of the Criminal Code;*
- *sections 43(2), 228 of the Criminal Procedure Code;*
- *section 78(2) and (3) of the Act on People's Health Care;*
- *sections 373 to 386 of the Commercial Code*





*Commentary on section 420:*

*The prerequisites for liability for damage are:*
- *a breach of a legal obligation (duty);*
- *damage caused (detriment);*
- *a connection between a breach of duty and the damage caused:*
- *bringing about such damage, or objective liability for such damage.*

### Section 420a

(1) Any person shall be liable for damage which he causes to another person while operating a business (an enterprise).

(2) Damage is considered to have been caused while operating a business (an enterprise) if it was caused:

(a) by an activity performed in the operation of a business, or by a thing used in such activity;

(b) by the physical, chemical, or biological effects of an operation on its surroundings;

(c) by the lawful performance, or the making of arrangements for such performance, of those kinds of work which cause damage to someone else's real estate, or which substantially impede or make impossible the use of some else's real estate.

(3) A person (entity or individual) shall only be released from liability for damage caused upon proving that such damage was caused either by an unavoidable event not arising from the operation of a certain business (an enterprise), or by own conduct of the person injured.

***Relating provisions of the Civil Code:***
- *sections 420, 421*

***Some relating provisions of other Acts:***
- *sections 28(1)(a), 273 to 386 of the Commercial Code;*
- *sections 187 to 205c of the Labour Code;*
- *Act on Roads*

- *a minor or a person suffering from a mental disorder is liable for damage;*
- *a person exercising supervision over another person is liable for damage (because the duty to supervise has been neglected);*
- *a minor or a person suffering from a mental disease and the supervising person are liable for damage;*
- *nobody is liable.*

**Section 423**

Any person who is guilty of having brought himself into a condition (state) in which he is incapable of controlling his conduct or estimating its consequences must provide compensation for the damage he causes while he is in such condition; persons who have intentionally put him into such condition shall be liable jointly and severally with him.

*Relating provisions of the Civil Code:*
- *sections 420, 420a, 442, 809(2), 820, 826*

*Some relating provisions of other Acts:*
- *section 12(2) of the Criminal Code;*
- *section 186 of the Labour Code*

*Commentary on section 423:*
*This section applies to liability for damage when caused by an intoxicated person.*

**Liability for Damage Caused by an Intentional Contravention of Morality**
**Section 424**

Any person who causes damage by an intentional contravention of morality (good morals) shall be liable for the damage.

*Relating provisions of the Civil Code:*
- *sections 3, 39, 415*

*Some other relating provisions:*
- *section 187(1) of the Labour Code*





*Commentary on section 424:*
*The term "morality" ("good morals") is not defined. Whether damage has been caused by an intentional contravention of morality is determined by the judge.*

**Section 425**
**Repealed**

**Section 426**
**Repealed**

**Liability for Damage Caused by the Operation of Means of Transport**
**Section 427**

(1) Individuals and legal entities operating means of transport as their business shall be liable for any damage caused by the special nature of those operations.

(2) The same liability shall be borne by any other operator of a motor vehicle or a motor vessel, or an aircraft.

*Relating provisions of the Civil Code:*
- *sections 7 to 10, 18 to 21, 420, 420a, 430, 764(1), 769(3), 772*

*Some relating provisions of other Acts:*
- *section 15 of the Act on Private International Law;*
- *Act on Railways;*
- *Act on Civil Aviation;*
- *Inland Water Transport Act;*
- *Act on Ocean Transport (Shipping)*

*Commentary on section 427:*
*Liability under section 427 is general (objective) liability.*

**Section 428**

The operator cannot exonerate himself from liability if the damage was caused by circumstances which originated from his operations.