UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>Defendants.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT LLC,<br><br>Counterclaim-plaintiffs,<br><br>v.<br><br>KOTVA a.s. and RICHARD HARAZIM,<br><br>Counterclaim-defendants. | C.A. No. 05-10679-WGY |

### DEFENDANTS' MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING THEIR MOTION TO ADD EXPERT WITNESS

Defendants seek reconsideration of the Court's electronic order, entered at 2:50 p.m. today, denying their motion to add an expert witness. The defendants filed their motion on March 13, 2007. Plaintiff filed an Opposition yesterday at 5:39 p.m. When undersigned counsel received the Court's Order of today, undersigned counsel was in the process of drafting a motion for leave to file a reply to address a number of misstatements in the plaintiff's Opposition and provide the Court context about the current state of discovery. Based on this additional information, defendants respectfully ask the Court to reconsider its Order.

To term plaintiff's opposition to defendants' motion to include Steven Ross, a professor from MIT as an expert witness on valuation and institutional investment policy, disingenuous is to be polite. From the opening phrase, the plaintiff has not been candid with the Court. Plaintiff claims that discovery has been over for months and it has too much to do to fool with expert discovery in the lead-up to trial. It claims to have just learned of defendants' request on March 14, to be taken by surprise, and, further, that defendant is trying to divert from the more important issues to mere trivialities.

The following justifies reconsideration:

1. Depositions are proceeding apace in this case. Plaintiff has scheduled three days of depositions in the Czech Republic—indeed, obtained a Court order there to take the depositions on the *week before trial*. The depositions are to occur from April 16–18, 2007, and involve the deposition of the defendant's Czech lawyer and Professor Weiss's estranged former brother-in-law, with whom Professor Weiss used to work. This requires the defendants' counsel to be in Prague during the last few business days before trial. Plaintiff has taken another deposition in Boston during March and is apparently still considering more depositions in Boston.

2. Defendants' counsel began Rule 7.1 discussions with plaintiff's counsel to add an expert on valuation more than a week before the motion to add an expert was filed. During the discussions plaintiff's counsel asked the defense to drop its argument that Kotva is not the proper party to claim damages for any delay in receipt of department store sales proceeds (the company that was actually going to receive sale proceeds is a company called SPV CO which successfully argued against this Court's jurisdiction over it for defendants' counterclaims). During the discussion defendants' counsel told plaintiff's that there is no assignment or other indicia to show that Kotva can assert claims on behalf of SPV CO. On the Friday before this motion was

filed, plaintiff's counsel stated that he was not ready to agree about experts and so the motion to add an expert should be filed. Defendants filed the motion to add an expert on Tuesday. Two days after the motion was filed, plaintiff's counsel produced two documents new to the case purporting to show an assignment of SPV CO's claims against defendants to a third company and assignment of that third company's claims against defendants to the plaintiff. (Plaintiff has still not produced the actual original documents). The "assignments" are dated "as of " October, 2004. Yesterday, as part of a new trial exhibit list adding over 100 documents to its list (and interspersing them among previously identified exhibits in a successful effort to obscure which of the documents were the new ones) on the day before objections were due, the plaintiff added the "assignments" as trial exhibits. Plaintiffs claim that discovery is over—so no discovery as to genuineness—but they can admit the documents and claim that Kotva is the party entitled to make claims on behalf of SPV CO.

3. Yesterday, Kotva added new witnesses—never before listed in the case. One of those witnesses is Mr. Prestage's replacement at Markland, Frank Walker. This follows on the heels of Kotva calling off, at the last minute, the deposition of Mr. Prestage, who had valuable testimony concerning the underlying facts and valuation of Kotva. Now Kotva seeks to add Mr. Walker—who lives in Ireland, and for whom, according to the plaintiff, the opportunity for discovery is foreclosed. Kotva added Walker, it is respectfully submitted, to avoid admitting the importance of Prestage to this Court, but to get the valuation and other testimony it wants at trial without an opportunity for defendants to depose a witness clearly disposed to aiding Kotva's cause.

4. Plaintiff claims in its memorandum that valuation is not important and that it is not relying on past public market trades as part of its case. Yet, market trading prices are referenced repeatedly in Kotva's complaint and Kotva indicated in its document lists that it is, seeking to list

documents showing the trades in Kotva as far back as 1996. It is submitted that valuation is critical.

5. If plaintiff wants to claim that valuation is a non-issue, it should withdraw the market trade documents it has submitted, stipulate that public market trades are not a guide to valuation of Kotva shares, and that Markland's valuation of the underlying assets of Kotva which it purchased and the valuation based on the International Arbitration decision are the proper bases for valuing Kotva and Trend shares. Then, and only then, will valuation be a trivial question.

6. Presuming plaintiff will not agree to that and that it continues to maintain that discovery is over, so defendant may not have an expert witness, defendant respectfully asks this Court to preclude the depositions in the Czech Republic scheduled for the week of April 16, strike the newly added assignment documents and enter an Order preventing Frank Walker from appearing as witnesses in this case.

Plaintiff is treating this case as a Zero Sum game, in which it gets to do the work it chooses and the defendants do not, as if the plaintiff can prepare this case the way it wants, with the discovery it chooses, and the defendant may not. The defense's claims are as important and need the same attention as the plaintiff's. Perhaps <u>mea culpas</u> are due for failing to recognize the valuation question's importance and complexity—and the need for experts—before early March, but the defendant believes quite reasonably that the expert testimony is very important to its presentation and that cogent expert testimony will greatly assist the trier of fact.

## CONCLUSION

For the foregoing reasons, the Court should either reconsider its Order of earlier today and allow defendants' motion to add a new expert or, in the alternative, enter an Order

preventing the plaintiff from taking further depositions, and from adding new witnesses and documents to the case.

        Respectfully Submitted,

        ANDREW WEISS and WEISS ASSET MANAGEMENT LLC

        By their attorneys,

        /s/ Edward T. Dangel, III
        Edward T. Dangel, III (BBO# 113580)
        Dangel & Mattchen, LLP
        10 Derne Street
        Boston, MA 02114
        (617) 557-4800

        Edward P. Leibensperger (BBO# 292620)
        Benjamin A. Goldberger (BBO# 654357)
        McDermott Will & Emery LLP
        28 State Street
        Boston, Massachusetts 02109-1775
        (617) 535-4000

Dated:    March 28, 2007

## CERTIFICATE OF CONSULTATION

I hereby certify that counsel for the defendants have conferred with counsel for Kotva a.s. and Richard Harazim and attempted in good faith to narrow or resolve this issue. Kotva a.s. and Richard Harazim oppose this Motion.

        /s/ Edward T. Dangel, III
        Edward T. Dangel, III

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 28, 2007.

        /s/ Edward T. Dangel, III
        Edward T. Dangel, III