UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-WGY |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## KOTVA'S MOTION IN LIMINE TO EXCLUDE CHARACTER EVIDENCE

Defendants have represented that they intend to introduce character evidence regarding Andrew Weiss to establish his reputation in the relevant communities.

> Dr. Ross may testify at trial as a fact witness with respect to his experience with Andrew Weiss and his experience with efforts to raise investment funds, and also as a character witness familiar with Mr. Weiss's reputation in the relevant communities.

See March 19, 2007 Letter attached as Ex. A. Defendants belatedly proposed Stephen Ross, Ph.D., an investor in Defendant's funds, as a potential expert witness. Defendants' counsel have also suggested that they may elicit "character" evidence from Bonnie Weiss, Andrew Weiss's wife, or from other fact witnesses. They apparently seek to introduce this evidence as somehow related to damages.

It is black letter law that the "character evidence" Defendants propose is not admissible. "Evidence of a person's character or a trait of character is not admissible for the purpose of proving an action in conformity therewith on a particular occasion . . . ." Fed. R. Evid. 404(a) (exceptions not applicable); Biggins v. Hazen, 111 F.3d. 205, 211 (1 st Cir. 1997) (character

evidence regarding generosity of company properly excluded); Whitney v. Lynch, 222 Mass. 112, 116 (1915) ("The reputation of the defendant for honesty and fair dealing was inadmissible."). Defendants cannot introduce the character evidence they seek to elicit to prove damages or anything else in this case. For example, Dr. Ross's awareness of Weiss's "reputation" is immaterial to any issue in this case. If Defendants claim they have been damaged through lost business, then they must prove the alleged damages with specific evidence.

WHEREFORE, Plaintiff respectfully requests that the Court preclude the introduction of "character" evidence, through reputation or otherwise, by any witness.

Respectfully submitted,

KOTVA A.S. AND RICHARD HARAZIM

By their attorneys,

/s/ Joel G. Beckman
Joel G. Beckman (BBO# 553086)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: March 28, 2007

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Undersigned counsel and counsel for the defendants/counterclaim plaintiffs, Benjamin Goldberger, conferred by telephone on March 28, 2007 and cannot agree to the issues raised in this motion.

/s/ Daniel J. Pasquarello

2

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 28th day of March, 2007.

                                              /s/ Daniel J. Pasquarello

# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Benjamin A. Goldberger
bgoldberger@mwe.com
617.535.4483

March 19, 2007

VIA E-MAIL AND U.S. MAIL

Joel G. Beckman, Esq.
Nystrom Beckman & Paris LLP
10 St. James Avenue, 16th Floor
Boston, MA 02116

Re: <u>Kotva a.s. v. Andrew Weiss et al.</u>, C.A. No. 05-10679-RCL

Dear Joel:

As Terry wrote in his email yesterday, Dr. Ross may testify at trial as a fact witness with respect to his experience with Andrew Weiss and his experience with efforts to raise investment funds, and also as a character witness familiar with Mr. Weiss's reputation in the relevant communities.

Professor Ross's address is:

Stephen A. Ross
MIT Sloan School of Management
50 Memorial Drive, E52-443
Cambridge, MA 02142
617.258.8371

Truly,

Benjamin A. Goldberger
cc:   Edward T. Dangel, III
      Edward P. Leibensperger

BST99 1535180-1 072198.0012