UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., | ) |
| | ) |
| Plaintiff, | ) Case No. 05-10679-WGY |
| | ) |
| v. | ) |
| | ) |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) |
| | ) |
| Defendants. | ) |

**KOTVA'S MOTION IN LIMINE TO EXCLUDE
TESTIMONY FROM BONNIE WEISS AND STEPHEN ROSS**

Until a few weeks ago, Defendants never identified Bonnie Weiss, Andrew Weiss's wife, or Stephen Ross as either potential witnesses or as individuals likely to have discoverable information that the Defendants may use to support their claims or defenses. See Rule 26(a)(1)(A). The prospect of Mrs. Weiss testifying was only revealed after Defendants' new co-counsel became involved in the case. Defendants, however, successfully resisted any attempts by Kotva to obtain discovery about the involvement of Weiss's family members as investors in the relevant funds. Now, Defendants seek to elicit testimony from these two previously undisclosed witnesses regarding damages.

Specifically, Defendants seek to have Bonnie Weiss, Andrew Weiss's wife, provide fact and/or expert testimony about damages.[1] Defendants' counsel claimed Mrs. Weiss would be called as a "fact" witness, but then left the door open for an expanded role. See March 19, 2007

---

[1] Defendants did not provide an expert disclosure report from Mrs. Weiss or disclose her as an expert before the October 31, 2006 expert disclosure deadline.

Letter attached as Ex. 2 ("…Bonnie Weiss, who may testify at trial, <u>primarily</u> as a fact witness on damages.") (emphasis added).  Defendants also seek to call Dr. Ross on the issue of damages.  <u>See</u> Ross Report at ¶¶ 19-20.  Neither witness was identified as part of Defendants' initial disclosures or discovery responses.

In fact, Defendants identified Andrew Weiss and Georgiy Nikitin (a Weiss employee) as the witnesses who would testify about damages:  "The basis for these damages calculations will be established through the testimony of Andrew Weiss and Georgiy Nikitin."  Andrew Weiss's Second Supplemental Response to Kotva's First Set of Interrogatories, Interrogatory No. 18, dated October 20, 2006.  Defendants never supplemented or changed their interrogatory answer.

Defendants cannot meet their burden to show that their failure to disclose this witness information was substantially justified or harmless.  <u>See</u> <u>Alves v. Mazda Motor of Am., Inc.</u>, 448 F. Supp. 2d 285, 295 (D. Mass. 2006) (under Rule 37(c)(1), party who failed to disclose has the burden to show substantial justification or harmlessness).[2]  With respect to failure to disclose, the First Circuit has stated that the "required sanction in the ordinary case is mandatory preclusion."  <u>Gagnon v. Teledyne Princeton, Inc.</u>, 437 F.3d 188, 191 (1st Cir. 2006) (case involving late expert disclosures).

It is also unclear what exactly Mrs. Weiss (and Dr. Ross) would testify about as a fact witness.  To the extent they seek to offer character evidence about Weiss as an individual or investment manager, that testimony is not admissible.  <u>See</u> Kotva's Motion in Limine to Preclude Character Evidence.  To the extent that Defendants seek to call Mrs. Weiss to engender sympathy for her husband, the prejudicial effect of such testimony outweighs its probative value.  <u>See</u> Fed. R. Evid. 403 analysis.  Due to the lack of discovery and lack of disclosure to date about

---

[2]  Mrs. Weiss cannot be classified as a "potential witness known to all parties."  Advisory Committee Notes to Rule 37, 1993 Amendment.  Indeed, the Defendants successfully resisted discovery by Kotva regarding whether Weiss's family members were investors in the funds at issue.

2

Mrs. Weiss, moreover, Plaintiff is at a loss as to what she would actually testify about. Unless she "played a personal role in the unfolding of the events at issue and the anticipated questioning seeks only to elicit the witness's knowledge of those events," she is not a proper "fact" witness. Gomez v. Rivera Rodriguez, 344 F.3d 103, 114 (1st Cir. 2003). The same applies to Dr. Ross.

WHEREFORE, Plaintiff respectfully requests that the Court preclude testimony from Bonnie Weiss and Stephen Ross as fact witnesses.

Respectfully submitted,

KOTVA A.S. AND RICHARD HARAZIM

By their attorneys,

/s/ Joel G. Beckman
Joel G. Beckman (BBO# 553086)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: March 28, 2007

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Undersigned counsel and counsel for the defendants/counterclaim plaintiffs, Benjamin Goldberger, conferred by telephone on March 28, 2007 and cannot agree to the issues raised in this motion.

/s/ Daniel J. Pasquarello

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 28th day of March, 2007.

/s/ Daniel J. Pasquarello