UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-WGY |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**KOTVA'S MOTION IN LIMINE
TO PRECLUDE "EXPERT" TESTIMONY FROM "FACT" WITNESSES**

Defendants have indicated that they might offer expert testimony from Andrew Weiss and two of his employees, Georgiy Nikitin and Eitan Milgram, assuming they were called as fact witnesses:

> Assuming that one or more of [Andrew Weiss, Georgiy Nikitin and Eitan Milgram] testifies at trial as a fact witness, it is possible that we may use them to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence as well.

October 31, 2006 Letter attached as Ex. 1.  Defendants never provided any expert disclosure reports for these purported experts.  Further, neither Defendant Andrew Weiss nor Defendant Weiss Asset Management ("WAM") (under Fed. R. Civ. P. 30(b)(6)) were prepared to testify concerning damages at their depositions.  The only expert that Defendants disclosed was Zdenek Kuhn, a witness who intends to testify about Czech criminal law.

Several weeks ago Defendants made an untimely expert disclosure and filed a motion to "add" Stephen Ross, Ph.D., as an expert witness to testify about share valuation and damages

issues.  After Plaintiff's counsel objected to the untimely disclosure of Dr. Ross as an expert witness--which happened more than four months after the disclosure deadline and just one month before trial--Defendants' counsel represented that they may call Dr. Ross as a "fact" witness. See March 19, 2007 Letter attached as Ex. 2 ("Dr. Ross may testify at trial as a fact witness with respect to his experience with Andrew Weiss and his experience with efforts to raise investment funds, and also as a character witness[1] familiar with Mr. Weiss's reputation in the relevant communities.")  Dr. Ross can only be called as a fact witness to the extent he "played a personal role in the unfolding of the events at issue and the anticipated questioning seeks only to elicit the witness's knowledge of those events."  Gomez v. Rivera Rodriguez, 344 F.3d 103, 114 (1st Cir. 2003).  Dr. Ross did not play any role in the events at issue.

In conjunction with announcing Dr. Ross as a desired new expert witness, Defendants' counsel also proposed designating Bonnie Weiss, Andrew Weiss's wife, as a damages expert. Defendants' counsel apparently changed their mind, however, and did not provide an expert disclosure report from Mrs. Weiss.  Instead, Defendants' counsel claimed Mrs. Weiss would be called as a "fact" witness, but then left the door open for an expanded role.  See March 19, 2007 Letter attached as Ex. 3 ("…Bonnie Weiss, who may testify at trial, primarily as a fact witness on damages.") (emphasis added).  Unlike the witness at issue in the Gomez case, however, neither Dr. Ross nor Bonnie Weiss were disclosed by the Defendants as potential fact witnesses in this case.

Defendants' counsel have made representations that they believe they can introduce "expert" testimony through Fed. R. Evid. 701.  Indeed, as demonstrated above in the context of

---

[1] It is black letter law that the character evidence Defendants contemplate is not admissible.  See Fed. R. Evid. 404; see also Whitney v. Lynch, 222 Mass. 112, 116 (1915) (in fraud case involving the sale of stock, "reputation of the defendant for honesty and fair dealing was inadmissible.").  Kotva will be filing a motion in limine to exclude such evidence.

Dr. Ross, this appears to be Defendants alternative plan for the admission of "expert" testimony. In fact, Defendants continue to list Andrew Weiss, Georgiy Nikitin, and Eitan Milgram as "expert" witnesses in their pretrial memorandum witness list. The opinion testimony contemplated by Rule 701, however, is not so broad:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 and Fed. R. Civ. P. 16 by simply calling an expert witness in the guise of a layperson.

Advisory Committee's Note to 2000 Amendment to Fed. R. Evid. 701 (citations omitted). In other words, Rule 701 is not a backdoor for the admission of expert testimony that a party fails to disclose, and Defendants cannot elicit Rule 702 "expert" testimony from fact witnesses through Rule 701.

WHEREFORE, to the extent that Defendants intend to use Fed. R. Evid. 701 to admit expert testimony for any of their proposed fact witnesses, including Bonnie Weiss, Dr. Ross, Eitan Milgram, Georgiy Nikitin, and Andrew Weiss, Plaintiff respectfully requests that the Court preclude such testimony.

        Respectfully submitted,

        KOTVA A.S. AND RICHARD HARAZIM

        By their attorneys,

        /s/ Joel G. Beckman
        Joel G. Beckman (BBO# 553086)
        Daniel J. Pasquarello (BB0# 647379)
        NYSTROM BECKMAN & PARIS LLP
        10 St. James Ave., 16th Floor
        Boston, Massachusetts 02116
        (617) 778-9100
        (617) 778-9110 (fax)

Dated: March 28, 2007

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

      Undersigned counsel and counsel for the defendants/counterclaim plaintiffs, Benjamin Goldberger, conferred by telephone on March 28, 2007 and cannot agree to the issues raised in this motion.

        /s/ Daniel J. Pasquarello

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 28th day of March, 2007.

        /s/ Daniel J. Pasquarello