UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT LLC, <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s. and RICHARD HARAZIM, <br><br> Counterclaim-defendants. | C.A. No. 05-10679-WGY |

**<u>DEFENDANTS' MOTION IN LIMINE REGARDING PRIVILEGED DOCUMENTS</u>**

Defendants move in limine to exclude any and all documents containing privileged communications among Andrew Weiss, other Weiss Capital employees, his Czech attorneys, and Vladimir Hoffmann that Kotva has obtained as a result of a search and seizure reportedly conducted by Czech police. In support of this motion, the Defendants state:

1.  Kotva asserts that it has obtained a number of documents from the Czech authorities, including confidential, privileged communications between Andrew Weiss and Czech counsel. Kotva has selected a subset of these documents that it seeks to introduce as exhibits in an effort to paint an inaccurate picture of what information was considered in

- 1 -

pursuing various lawsuits in the Czech Republic.

2.   As a general principle, the privilege is the client's to waive. *In re Grand Jury Subpoena*, 925 F. Supp. 849, 855 (D. Mass. 1995) (citing *United States v. Goldberger & Dunn*, 935 F.2d 501, 504 (2d Cir. 1991)). Here, there is no action on the part of the client. Rather a third party—Czech police officers—acting at Kotva's request—it filed the criminal complaint leading to the seizure—took the privileged materials. First Circuit law is limited and unclear on how involuntary disclosures affect attorney client privilege. However, Justice Sosman has found that "a compelled disclosure of an allegedly privileged item is not a waiver, and a compelled disclosure in one forum does not abrogate the privilege in any other forum." *Commonwealth v. Philip Morris Inc.,* 8 Mass. L. Rep. 547, 1998 Mass. Super. LEXIS 438, at *15 (Mass. Super. Ct. July 30, 1998) (citing *United States v. de la Jara* 973 F.2d 746, 749 (9th Cir. 1992) and *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989)).

3.   In *de la Jara*, the Ninth Circuit concluded in somewhat analogous circumstances that "it is clear that the privilege was not lost through the [U.S.] government's discovery of the [privileged] letter in the course of executing its search warrants." 973 F.2d at 749. However, the Ninth Circuit found that, by not filing a motion to suppress the letter (FED. R. CRIM. P. 12(b)(3)) or for return of property (FED. R. CRIM. P. 41(e)), de la Jara waived any objection to the government introducing the document at trial. This sort of waiver analysis is entirely inapplicable in this case. Mr. Hoffmann, who was reportedly the target of the seizure and the person who held the physical documents seized, did file a complaint regarding the seizure. Mr. Weiss has not had similar opportunities to raise this issue with the Czech government. Until recently, Mr. Weiss has been classified as a "suspect" rather than an "accused." As a "suspect," Mr. Weiss's Czech counsel has not been permitted to file official complaints against the Czech

criminal proceedings.

4.      Surely if Kotva's employees broke into an office and took copies of privileged documents, the Court would find no waiver.  The fact that the seizure was effected by government agents acting at Kotva's request is a distinction without a difference.  There is still no act whatsoever by the client resulting in a waiver.  Kotva has used the Czech criminal proceedings it initiated to gather privileged materials that it would have no right to obtain under the Federal Rules of Civil Procedure creates an uneven playing field.  Allowing Kotva to use those privileged materials at trial will serve only to magnify the unfairness.

5.      In addition, even if the documents were properly admissible, Kotva's attempt to selectively include only certain privileged communications as exhibits tips the balance under Rule 403.  The probative value of this limited peek into the attorney-client relationship would be greatly outweighed by the unfair prejudice to the Defendants and serve only to allow the Plaintiff to mislead the jury about what legal advice was given and received.

        Respectfully Submitted,

        ANDREW WEISS and WEISS ASSET
        MANAGEMENT LLC

        By their attorneys,

        /s/ Benjamin A. Goldberger
        Edward P. Leibensperger (BBO# 292620)
        Benjamin A. Goldberger (BBO# 654357)
        McDermott Will & Emery LLP
        28 State Street
        Boston, Massachusetts 02109-1775
        (617) 535-4000

        Edward T. Dangel, III (BBO#113580)
        Dangel & Mattchen, LLP
        10 Derne Street
        Boston, MA 02114
        (617) 557-4800

Dated:   March 28, 2007

## CERTIFICATE OF CONSULTATION

I hereby certify that I have conferred with counsel for Kotva a.s. and Richard Harazim attempted in good faith to narrow or resolve this issue. Kotva a.s. and Richard Harazim opposes this Motion.

        /s/ Benjamin A. Goldberger
        Benjamin A. Goldberger

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 28, 2007.

        /s/ Benjamin A. Goldberger
        Benjamin A. Goldberger

- 5 -

BST99 1536001-2.072198.0012

Case 1:05-cv-10679-WGY    Document 212    Filed 03/28/2007    Page 5 of 5

- 5 -