UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | C.A. No. 05-10679-WGY |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT LLC, ) | |
| ) | |
| Counterclaim-plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KOTVA a.s. and RICHARD HARAZIM, ) | |
| ) | |
| Counterclaim-defendants. ) | |
| ) | |

**DEFENDANTS' MOTION IN LIMINE
REGARDING CZECH CRIMINAL RESOLUTION**

Defendants move in limine to preclude the Plaintiff from introducing as an exhibit the Czech Police "Resolution on Initiation of Criminal Proceedings" or referring to it at trial. This document is inadmissible hearsay and non-probative.

**I.   INTRODUCTION**

The defendants maintain that Kotva brought this lawsuit as part of a campaign to bully Andrew Weiss into abandoning claims brought in the Czech courts in order to challenge Kotva's controlling shareholder, Forminster, with respect to the past embezzlement of the Trend investment fund and threatened embezzlement of Kotva.

In a parallel offensive, Kotva instigated a criminal prosecution of Professor Weiss and two other individuals by Czech authorities. Kotva representatives have been the driving force behind the criminal investigation—filing the initial complaint, providing "witness" statements, surreptitiously recording meetings, etc. Now, Kotva seeks to introduce a "Resolution on Initiation of Criminal Proceedings" authored by a Czech police officer, who will not be a witness at trial. This Resolution describes Kotva's accusations against Mr. Weiss and the other two individuals Kotva has targeted.

## II.   FACTS

The document at issue was authored in February 2005, apparently based primarily or exclusively, on statements or documents provided to the Czech police by Martin Benda, Richard Harazim and Michael Vlach. All three men are former directors of Forminster, Kotva's controlling shareholder. A copy of Kotva's proposed exhibit is attached hereto as Exhibit A.

Throughout the fall of 2004, Mr. Benda and Mr. Harazim engineered a "sting" operation to try to sucker Professor Weiss into making incriminationg statements—an effort which failed. Mr. Benda and Mr. Harazim gave statements to Czech law enforcement officers, secreted recording devices in meetings with Mr. Hoffmann, a Czech resident working with Mr. Weiss at the time, and others, and used their influence over Czech authorities to orchestrate the criminal proceeding at issue.

In February, 2005, a Czech police officer issued a Resolution notifying Mr. Weiss that he is being charged with extortion. The Czech investigation is apparently ongoing. No trial or hearing has been set. Czech courts have not adjudged Professor Weiss guilty or not guilty of the offense charged. The Resolution is merely akin to a criminal complaint in our system—a charging document to commence prosecution based on allegations. Nonetheless, Kotva seeks to taint the jury's impression of Professor Weiss by introducing it into evidence.

### III. ARGUMENT

The Resolution is hearsay. In view of Kotva's instigation of and involvement with the Czech criminal investigation, the Resolution is untrustworthy as a statement of anything other than a picture of what Kotva says happened and the Czech police would like to prove if the case in Prague proceeds to trial, precluding the application of any hearsay exception. The Resolution is not probative of facts, highly prejudicial, and potentially confusing to the jury. FED. R. EVID. 403.

#### A. The Resolution is Inadmissible Hearsay

Hearsay is not admissible unless it falls within an exception set forth in Federal Rules of Evidence 803, 804, and/or 807. *See* FED. R. EVID. 801(c), 802–804, 807.

Accordingly, its admissibility turns on whether or not it falls within a recognized exception to the hearsay rule. Rule 803 provides that "[t]he following are not excluded by the hearsay rule, even though the declarant is available as a witness:"

…

> (8) **Public records and reports**. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth
>
>> (A) the activities of the office or agency, or
>>
>> (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or
>>
>> (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law,
>
> unless the sources of information or other circumstances indicate lack of trustworthiness.

FED R. EVID. 803(8). This exception relies on the "assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the

record"—it begins, in other words, with an inquiry into whether the information is something the official is charged with knowing as fact, not allegation, and brings into play considerations underlying the more general "business records" exception contained in Rule 803(6). FED. R. EVID. 803(8) Advisory Committee's Note, 56 F.R.D. 183, 311.[1] "A trial judge has the discretion, and indeed the obligation, to exclude an entire [public agency] report or portions thereof— whether narrow 'factual' statements or broader 'conclusions'—that she determines to be untrustworthy." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 167 (1988) (citing *Palmer v. Hoffman*, 318 U.S. 109 (1943)); *accord Cullen v. Mattaliano*, 1991 U.S. App. LEXIS 32852, at *13, 1991 WL _____, at *__ (1st Cir. Dec. 31, 1991) (citing *Smith v. MIT*, 877 F.2d 1106, 1113 (1st Cir. 1989)).

In evaluating trustworthiness, courts also should consider the relationship, if any, between the agency that produced an investigation-based record and any parties interested in the outcome of that investigation (including parties to the case in which that record is offered as evidence). *See City of Bangor v. Citizen Comms. Co.*, 339 F. Supp. 2d 135, 138 (D. Me. 2004) (Singal, C.J.).

A record of an ongoing criminal probe lacks indicia of trustworthiness. In formal terms, At least three of the factors discussed in *Palmer* and *City of Bangor* militate strongly against admission of the Resolution.

---

[1] The court of appeals has explained the rationale for the Rule 803(6) business records exception as follows:

> When a clerk records the receipt of an order over the telephone, the regularity of the procedure, coupled with business incentives to keep accurate records, provide reasonable assurance that the record thus made reflects the clerk's original entry. Thus the business record, although an out-of-court statement and therefore hearsay, is admitted without calling the clerk to prove that the clerk received an order.

First, no hearing was held before the preparation of the Resolution. Indeed, no hearing has *ever* been held with respect to the Czech investigation. *Brennan v. Horsefeathers*, *Inc.*, 2002 U.S. Dist. LEXIS 11438, at *1-5, 2002 WL _____, at *__ (D.N.H. June 12, 2002) (Barbadoro, C.J.) (even where liquor commission order addressing alleged violations of state law was based on settlement between commission and licensee, licensee's hearsay objection to order was sustained because "defendants did not admit liability" in settlement agreement, commission "never held an evidentiary hearing on the matter, and its order [did] not contain factual findings resulting from an investigation") (citing *Beech Aircraft*, 488 U.S. at 162, 167-68 & n.11, 170).

Second, the "motivation problems" discussed in *Palmer* are present here in spades. Not only did the Czech criminal investigation both commence with and rely on the word of Kotva and its affiliates, but the Resolution clearly was prepared with the expectation that it would be used in an adversarial criminal prosecution. The First Circuit has affirmed the exclusion of government reports when "[m]ost of the data contained in the reports is simply a paraphrasing of versions of accidents given by the victims themselves who surely cannot be regarded as disinterested observers." *McKinnon v. Skil Corp.*, 638 F.2d 270, 278 (1st Cir. 1981) (citations omitted). The First Circuit and this Court have also recognized that this sort of problem exists with police reports in particular. *See, e.g., Lubanski v. Coleco Indus., Inc.*, 929 F.2d 42, 45–46 (1st Cir. 1991) (suggesting, but not deciding, that police accident report otherwise within the scope of the public records exception might be untrustworthy because it relied in large part on driver's own version of events); *Durling v. Chairman, Mass. Parole Bd.*, 789 F. Supp. 457, 462–63 (D. Mass. 1992) (Collings, M.J.) ("Police reports are inherently more subjective than

---

*United States v. Vigneau*, 187 F.3d 70, 75–76 (1st Cir. 1999).

laboratory reports … [t]he relationship between police officers and those whom they arrest is much more adversarial in nature … [w]hile police reports may be reliable evidence of the fact that an arrest was made, they are significantly less reliable evidence of whether the allegations of criminal conduct they contain are true.") (citations omitted).[2] *See also United States v. Trenkler*, 61 F.3d 45, 59 (1st Cir. 1995) (recognizing bias inherent when police records are prepared in adversarial setting of criminal investigation).

Third (but related to the second), the close relationship between Kotva and the Czech authorities undermines any remaining hope of trustworthiness. The investigation started when Kotva came to authorities claiming to have been blackmailed by an American investor. It progressed through months of Kotva affiliates and Czech law enforcement officers working hand-in-hand to conduct a sting operation targeting Professor Weiss and Mr. Hoffmann. These are just the sort of red flags that Chief Judge Singal discussed in *City of Bangor*. *See* 339 F. Supp. 2d at 138.

Further, any supposed findings contained in the resolution represent, giving them more weight than they are due, are effectively conclusions of law. The *Beech Aircraft* Court expressly excluded "legal conclusions contained in an official report" from its holding. *See* 488 U.S. at 170 n.13.

Additionally, the summary of facts in the resolution represents hearsay on hearsay, as it is apparently based on, among other things, a statement from Martin Benda that cannot stand up to even the most gentle scrutiny. In January 2005, Mr. Benda—who neither speaks nor understands

---

[2] Magistrate Judge Collings went on to "note that Congress exhibited similar doubts about the reliability of [police] reports when it specifically excluded them from the public records exception to the hearsay rule in criminal cases." 789 F. Supp. at 463 (citing Fed. R. Evid.

English—told the Czech police that during a meeting in Prague on *May 12*, 2004, that Professor Weiss repeatedly explained how he had formulated a plan to file lawsuits against Kotva. Among obvius problems with Mr. Benda's rendition of a conversation in English, is the fact that he claims that Weiss told him that the plan had been formulated with a lawyer named Peterka, who Weiss had never met or spoken with until a month later.

Further, Benda's "recollection" of a conversation in English cannot be his own and must be based on what *someone else told him* Mr. Weiss said. *McKinnon*, 638 F.2d at 278 (1st Cir. 1981) ("The CPSC reports are untrustworthy because they contain double hearsay in many instances the CPSC investigator at one level, and the accident victim interviewee at yet another level removed."); *United States v. Mackey*, 117 F.3d 24, 28–29 (1st Cir. 1997) ("[D]ecisions in this and other circuits squarely hold that hearsay statements by third persons such as [the witness] are not admissible under [Rule 803(8)] merely because they appear within public records.").

### 2. The Contents of the Resolution Are Irrelevant

Even if the Court concludes that the resolution is admissible over a hearsay objection, its contents are still not relevant. See *Beech Aircraft*, 488 U.S. at 167–68 ("Moreover, safeguards built into other portions of the Federal Rules, such as those dealing with relevance and prejudice, provide the court with additional means of scrutinizing and, where appropriate, excluding [materials that fall within hearsay exceptions]."). What preliminary conclusions a Czech police officer may have drawn in response to Kotva's trumped-up allegations against Professor Weiss are not proof of any of the claims or counterclaims being litigated here.

---

803(8)). While this express exclusion does not extend to civil matters such as this, its rationale

### 3.   Finally, the Resolution is Confusing, and Unfairly Prejudicial

In the unlikely event that the Court deems the resolution both relevant and within the public records exception to hearsay, Rule 403 forecloses any lingering question of admissibility. *See Beech Aircraft*, 488 U.S. at 167-68; *see United States v. Patrick*, 248 F.3d __, 21 (1st Cir. ____) (proponent of police records must demonstrate not only hearsay compliance but also that the records are not "so prejudicial as to violate FED. R. EVID. 403") (citations omitted).  As noted by the cases cited in the last section, evidence that a Czech police officer might believe, based solely on evidence available in February 2005, that a crime had been committed is likely to both confuse and prejudice the jury.  The Federal Rules and this Circuit's pattern jury instructions both clearly recognize the prejudice inherent in admitting evidence of purported criminal conduct of a litigant.  *See* Fed. R. Evid. 404; *see, e.g.*, First Circuit Model Criminal Jury Instruction 1.02 ("The indictment is simply the description of the charge against the defendant; *it is not evidence of anything*.") (emphasis added).  To the extent Kotva seeks to admit the Resolution, the intent clearly would be to give the jury a general sense that Professor Weiss is a bad person and, thus, should not prevail on his defenses or counterclaims.  Rules 403 and 404 expressly prevent such attempts.

Moreover, if Kotva introduces the Resolution, the Weiss Parties' counsel will be forced to present testimony and argument about the Resolution's nature and purpose, in order to place it in the proper context and mitigate its prejudicial effect.  This will result in a waste of the Court's and the jury's time as witnesses explore the intricacies of Czech criminal procedure law.

---

remains instructive on the issue of trustworthiness.

## IV.  CONCLUSION

For all of reasons stated above, the Weiss Parties respectfully request that the Court grant their motion and preclude Kotva from admitting the Resolution or referring to it at trial.

Respectfully Submitted,

ANDREW WEISS and WEISS ASSET MANAGEMENT LLC

By their attorneys,

/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Edward T. Dangel, III (BBO#113580)
Dangel & Mattchen, LLP
10 Derne Street
Boston, MA 02114
(617) 557-4800

Dated:    March 28, 2007

## CERTIFICATE OF CONSULTATION

I hereby certify that I have conferred with counsel for Kotva a.s. and Richard Harazim attempted in good faith to narrow or resolve this issue.  Kotva a.s. and Richard Harazim oppose this Motion.

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 28, 2007.

                                                      /s/ Benjamin A. Goldberger
                                                      Benjamin A. Goldberger

BST99 1536040-5.072198.0012

1

Stamp:
POLICE OF THE CZECH REPUBLIC
ADMINISTRATION OF THE CITY OF PRAGUE
*Criminal Police and Investigation Service*
Economic Crime Section
140 21 PRAGUE 4, Kongresová 2

Criminal Prosecution No.: PSP-4035/OHK-3-2004

At Prague on 3 February 2005

DECISION

Pursuant to Section 160(1) of the Criminal Procedure Code, I hereby initiate criminal prosecution of the accused:

1) Ing. Vladimír Hoffmann,
   nationality: Czech Republic
   born on 30 October 1965 in Bratislava I, Slovak Republic
   birth index no. 651030/6990
   permanent resident at Medinská 825,
   Klánovice, Prague 9, 190 14
   owner of the company Balfindor a.s., Company ID No. 27107892
   with its seat at Na Kocourkách 2915, Prague 6
   owner of the company Gilroy Limited, Company ID No. 0090061682
   with its seat at Pikioni, 4, Limassol, Republic of Cyprus

2) Edita Šimková
   nationality: Czech Republic
   born on 27 July 1968 in the Slovak Republic
   birth index no. 685727/6140
   permanent resident at Na Folimance 2153/19,
   Vinohrady, Prague 2, 120 00
   chairperson of the board of directors of Balfindor a.s., Company ID No. 27107892
   with its seat at Na Kocourkách 2915, Prague 6

3) Andrew Weiss,
   nationality: United States of America
   born on 2 January 1947, passport no. Z7528881
   resident at 46 Abbottsford Road, 2 Brookline, Massachusetts, 2446 USA
   owner of the company Weiss Asset Management,
   company address 29 Commonwealth Avenue, Boston, Massachusetts 02116,
   which manages the company Brookdale Global Opportunity Fund,
   company address   P.O. Box 1748, GT 27 Hospital Road, George Town
   Grand Cayman, Cayman Islands
   and controls the company KT, Inc.
   with its seat at 2711 Centerville Road, Suite 400, City of Wilmington, County of Newcastle, Delaware, USA,

K 0041

2

for the criminal offence of

extortion pursuant to Section 235(1) and (3) of the Criminal Code, committed as accomplices pursuant to Section 9(2) of the Criminal Code,

because it has been sufficiently substantiated by the facts ascertained until now that

the accused Andrew Weiss and the accused Ing. Vladimír Hoffmann met on 12 May 2004 at 2:00 p.m. in the French restaurant of Obecní dům (Municipal House) in Prague 1, náměstí Republiky 1090/5, with the management of Kotva a.s., ID No. 60193808, with its seat at Prague 1, náměstí Republiky 8, represented by Richard Harazim, general manager of Kotva a.s., born on 10 March 1965, permanent resident at Přezletice, U bažantnice 305, district of Prague-East, and Martin Benda, chairman of the supervisory board of Kotva a.s., born on 8 September 1971, permanent resident at Borač 46, district of Žďár nad Sázavou, and requested from them redemption of 11.9% shares of the registered capital of Kotva a.s., i.e. 82,782 shares, which are held by Brookdale Global Opportunity Fund, P.O. BOX 1748, GT 27 Hospital Road, George Town, Grand Cayman, Cayman Islands (where these shares are administered by the accused Weiss Andrew through his company Weiss Asset Management, 29 Commonwealth Avenue, Boston, Massachusetts 02116), for an amount of 4,000,000 US dollars, stating that if these shares were not so redeemed, the accused Weiss would arrange for blocking the real estate of Obchodní dům Kotva (Kotva Department Store), located at náměstí Republiky 8, Prague 1, in the real estate cadastre by filing fabricated and self-serving lawsuits against Kotva a.s., by which he would substantially disturb negotiations of Kotva Holding with potential strategic partners and financial institutions about the financing of operations and sales of Obchodní dům Kotva, and would restrict the disposal of this property for several years, because he knew that Kotva a.s. had concluded a contract for sale of the above Obchodní dům Kotva from which it could not withdraw and that Kotva a.s. was under a time pressure and had financial problems, and if Kotva a.s. did not purchase his shares, the next offer would be substantially higher, and if Kotva a.s. refused to purchase these shares from him, he would file criminal charges against the board of directors of Kotva a.s. By this way, the accused blackmailed Kotva a.s. and its board of directors by the threat of causing large-scale damage, physical violence or other major detriment, forcing Kotva a.s. and its board of directors to perform, omit or suffer an act, although the above representatives of

3

Kotva a.s. refused to redeem the above shares, stating that the asked price for the shares of Kotva a.s. is excessively high and that Kotva a.s. is not allowed to redeem its own shares.

Subsequently, the accused Weiss and the accused Hoffmann informed through Gilroy Limited and Balfindor a.s. Mr. Henry Prestige, the strategic partner of Kotva a.s., and financial institutions financing the operations of Kotva a.s. about actions filed against Kotva a.s. (as noted below), by which they hindered business operations of Kotva a.s. Such notification of the strategic partner and the financial institutions was meant to prevent the sale of the real property of Kotva a.s. to the strategic partner.

Subsequently, the accused Hoffmann, being the owner of Balfindor a.s., the accused Šimková as the chairperson of the board of director of Balfindor a.s., and the accused Weiss (who instructed the accused Hoffman and the accused Šimková to file the action referred to below), represented by Mgr. Ondřej Peterka, attorney-a-law, registered in the attorneys register kept by the Czech Bar Association under no. 4245, filed with the Municipal Court in Prague on 8 June 2004 on behalf of Balfindor a.s., Company ID No. 27107892, with its seat at Prague 6, Na Kocourkách 29/5 (which purchased on 8 June 2004, specifically for such purpose, one share of Kotva a.s. from the accused Hoffmann), an action for determination of invalidity of the general meeting of Kotva a.s., Company ID No. 60193808. On the same day, i.e. 8 June 2004, they submitted the statement of claim regarding the above action to the Cadastral Office of the City of Prague to attach in the real estate cadastre a seal to the lands and properties of Kotva a.s.

Subsequently, the accused Hoffmann, being the owner of Gilroy Limited, and the accused Weiss (who instructed the accused Hoffmann to file the action referred to below), represented by Mgr. Ondřej Peterka, attorney-at-law, filed with the Municipal Court in Prague on 30 June 2004 on behalf of Gilroy Limited, Company ID No. 0090061682, with its seat at Pikioni, 4, Limassol, Republic of Cyprus, which holds a part of shares of Kotva a.s., an action for determination of title to real estate of Kotva a.s, Company ID No. 60193808, Kotva nemovitosti k.s. with its seat at Příkopy 4, Brno, Company ID No. 26229048, and SPV KN a.s., with its seat at Příkopy 4, Brno. At the same time (on 2 July 2004), they submitted the statement of claim regarding the above action to the Cadastral Office of the City of Prague to attach in the real estate cadastre a seal to the lands and properties of Kotva a.s., Kotva nemovitosti k.s. and SPV KN a.s.

K 0043

4

Subsequently, the accused Ing. Vladimír Hoffmann, born on 30 October 1965, birth index number 651030/6990, permanent resident at Prague 9, Medinská 825, as the holder of a part of shares of Kotva a.s., acting jointly with JUDr. Petr Streiberg, permanent resident at Prague 6, Na Kuthance 16/1218, born on 18 October 1955, who holds a part of shares of Kotva a.s., and with the accused Weiss, being the owner of Weiss Asset Management, company address 29 Commonwealth Avenue, Boston, Massachusetts 02116, which manages Brookdale Global Opportunity Fund, with its seat at P.O. BOX 1748, GT 27 Hospital Road, George Town, Grand Cayman, Cayman Islands, which owns a part of shares of Kotva, a.s., all of them represented by Mgr. Jiří Černý, attorney-at-law, substituted by Mgr. Ondřej Peterka, filed with the Municipal Court in Prague on 15 July 2004, on behalf of Brookdale Global Opportunity Fund and on behalf of Ing. Vladimír Hoffman and JUDr. Petr Streitberg as individuals, an action for declaration of invalidity of the general meeting of Kotva a.s. At the same time, they submitted the statement of claim regarding the above action to the Cadastral Office of the City of Prague to attach in the real estate cadastre a seal to the lands and properties of Kotva a.s.

Subsequently, the accused Weiss, who controls KT, Inc., with its seat at 2711 Centerville Road, Suite 400, City of Wilmington, County of Newcastle, Delaware, USA, which holds a part of shares of Kotva a.s. through Brookdale Global Opportunity Fund (which also holds a part of shares of Kotva a.s.), represented by Mgr. Ondřej Peterka, attorney-at-law, filed individually with the Municipal Court in Prague on 23 December 2004 on behalf of KT, Inc. an action for determination of title to real estate. At the same time, he submitted the statement of claim regarding the above action to the Cadastral Office of the City of Prague to attach in the real estate cadastre a seal to the lands and properties of Kotva a.s.

Subsequently, the three accused have requested Kotva a.s. repeatedly by extortion, from 12 May 2004 to date, to redeem of 11.9% of shares of Kotva a.s. and to purchase 39.73% (i.e. 11,098,617 shares) of Trend – všeobecný investiční fond a.s., with its seat at Hradec Králové, Škroupova 9/441, Company ID No. 45245177. They increased the requested redemption price up to 295,000,000 CZK, otherwise they would not withdraw their lawsuits against Kotva a.s., Kotva nemovitosti k.s. and SPV KN a.s., thus causing high financial losses to these companies. The extortion itself was represented by filing the above actions, by personal

K 0044

5

contacts of the accused with representatives of Kotva a.s., and by a telephone call, by fax and e-mail messages sent to these representatives.

Subsequently, the accused Hoffmann has demanded individually from Kotva a.s. by extortion, from November 2004 to date, payment of 45,000,000 CZK as compensation for withdrawal of claims against Kotva a.s. filed by his companies, i.e. Gilroy Limited and Balfindor a.s. He forced Kotva a.s. to conclude with him a preliminary agreement on compensation for withdrawal of the above claims filed by his companies. The extortion itself was represented by filing the above actions by the companies owned by Hoffman, and by a telephone call, by fax and e-mail messages sent to the representatives of Kotva a.s.

By the foregoing conduct, the accused committed the above criminal offence to the detriment of the following injured parties:

Kotva a.s.
Kotva nemovitosti k.s.
SPV KN a.s.
Martin Benda, born on 8 September 1971
Richard Harazim, born on 10 March 1965

### Statement of reasons

Kotva a.s. filed on 27 August 2004 to the Police of the Czech Republic, Administration of the Capital City of Prague, Criminal Police and Investigation Service, Kongresová 2, Prague 4, criminal charges against the accused Weiss and the accused Hoffmann regarding the criminal offence described above. Subsequently, an explanatory interrogation with the injured parties Harazim and Benda was carried out. The police seized documents evidencing extortion. Furthermore, having obtained court permission, the police tapped telephone calls in this matter. These calls and seized documents, the criminal charges and explanatory interrogation sufficiently documented this offence. It was ascertained that there are sufficient grounds, pursuant to Section 160(1) of the Criminal Procedure Code, to start criminal prosecution of specific persons who committed such offence. Therefore, the criminal prosecution of the above accused was started.

K 0045

6

**Instruction:**

Pursuant to Section 36(3) of the Criminal Procedure Code, you, as the accused, must have a legal counsel to defend you at the pre-trial proceeding, because you have committed an offence that is punishable under the law by a prison sentence with the upper limit of more than 5 years. If you fail to choose a counsel by yourself or if the counsel is not selected by the persons listed in Section 37 of the Criminal Procedure Code within two hours of the service of this Decision, the defence counsel shall be appointed for you in accordance with Section 38(1) of the Criminal Procedure Code.

I further instruct you that every accused must have his own defence counsel, because the interests of individual accused at this criminal suit are conflicting.

I further instruct you that the following persons will be heard among the witnesses in this criminal matter: Mgr. Ondřej Peterka, Mgr. Jiří Černý and Mgr. Ladislav Chundela of the law offices of Peterka & Partners v.o.s., and JUDr. Ing. Petr Šrámek, listed in the attorneys register of the Czech Bar Association under no. 5076; therefore, you cannot choose these persons as your defence counsels pursuant to Section 37 of the Criminal Procedure Code.

A complaint against this decision may be filed by an accused within three days of the service hereof with the police authority that has prepared this decision. Such complaint has no suspensory effect.

Ing. Pavel Brož

Police Commissioner: *[Signature]*

Accepted by the accused Ing. Vladimír Hoffman on 3 February 2005 at 2:00 p.m. *[Initial]*
Accepted by the accused Andrew Weiss          on
Accepted by the accused Edita Šimková         on 3 February 2005 at 11.20 a.m.
*[Signature]*

K 0046