UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT LLC, <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s. and RICHARD HARAZIM, <br><br> Counterclaim-defendants. | C.A. No. 05-10679-WGY |

## **DEFENDANTS' MOTION IN LIMINE REGARDING OTHER LITIGATION**

Defendants move in limine to preclude the plaintiff from referencing, during its opening statement, other litigation in which the Defendants were allegedly involved. In support of this motion, the Defendants state:

1. Kotva has accused the defendants of engaging in a pattern of filing abusive litigation in connection with managing investments. However it appears that Kotva has no admissible evidence regarding any of these other allegedly abusive lawsuits. Rather, Kotva relies on innuendo, rumor and hearsay to support this allegation.

2. Although prior bad acts involving litigation could qualify as admissible under

- 1 -

- 2 -

Rule 404(b), for earlier litigation to be at all relevant to motive, intent or some other 404(b) issue, certain thresholds must be met. First, the other litigation must be abusive, tortious or unlawful in some respect. Second, one of the defendants in *this* case must have had sufficient control over the prior litigation such that the conduct of the litigation could properly be imputed to that defendant.

3.  It will be hard enough for the jury to determine whether the legal proceedings involving Kotva and the defendants are tortious or not. References to other, unrelated litigation threaten to complicate this trial by spawning a series of mini-trials in which the plaintiff presents other cases to the jury based on limited information and asks the jury to draw conclusions about those other cases and then make inferences based on those conclusions. Even if the plaintiff had sufficient admissible evidence to present these other cases to the jury, the plaintiff simply cannot justify this time consuming, confusing inquiry.

4.  Accordingly, before the plaintiff is permitted to throw mud during its opening with references to other litigation that the defendants allegedly filed, the Court should require the plaintiff to identify the admissible evidence that it intends to introduce about those other cases, and explain why the Court should permit the plaintiff to try any cases other than the one that it brought.

>Respectfully Submitted,
>
>ANDREW WEISS and WEISS ASSET MANAGEMENT LLC
>
>By their attorneys,
>
>/s/ Benjamin A. Goldberger
>Edward P. Leibensperger (BBO# 292620)
>Benjamin A. Goldberger (BBO# 654357)
>McDermott Will & Emery LLP
>28 State Street
>Boston, Massachusetts  02109-1775
>(617) 535-4000
>
>Edward T. Dangel, III (BBO#113580)
>Dangel & Mattchen, LLP
>10 Derne Street
>Boston, MA 02114
>(617) 557-4800

Dated:   March 28, 2007

## CERTIFICATE OF CONSULTATION

I hereby certify that I have conferred with counsel for Kotva a.s. and Richard Harazim attempted in good faith to narrow or resolve this issue.  Kotva a.s. and Richard Harazim oppose this Motion.

>/s/ Benjamin A. Goldberger
>Benjamin A. Goldberger

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 28, 2007.

>/s/ Benjamin A. Goldberger
>Benjamin A. Goldberger

- 4 -

BST99 1536020-1.072198.0012