UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT LLC, <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s. and RICHARD HARAZIM, <br><br> Counterclaim-defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 05-10679-WGY |

### **DEFENDANTS' MOTION IN LIMINE REGARDING CZECH CONSTITUTIONAL COURT COMPLAINT**

Defendants move in limine to: (1) preclude the plaintiff from introducing as evidence the complaint filed by Professor Weiss's Czech counsel with the Czech constitutional court; and (2) preclude Kotva from playing for the jury any portions of depositions relating to an inaccurate translation of that complaint. In support of this Motion, Defendants state:

1. Kotva seeks to convert Professor Weiss's counsel's **assumptions** (for purposes of the complaint only) that certain alleged facts were true into **admissions** by Professor Weiss that they were, in fact, true. Moreover, Kotva's purported English translation of the complaint bends Czech counsel's words still further from their actual, contextual meaning.

- 1 -

2.  On December 21, 2005, Andrew Weiss's Czech attorney filed a complaint with the Constitutional Court of the Czech Republic challenging certain aspects of the criminal proceedings initiated against Professor Weiss by Czech authorities at the behest of Kotva. (Affidavit of JUDr. Petr Topinka, to be filed under separate cover[1] as Exh. A, ("Topinka Aff.") at 1–2.)  This complaint took the form of what this Court would recognize as a motion to dismiss—describing the prosecuting authorities' factual allegations and assuming (without conceding) their truth while arguing that certain decisions relating to the criminal proceedings violated the Czech Constitution.  (*Id.*)  The Constitutional Court found that it was not competent to review Professor Weiss's complaint for two reasons: (1) Professor Weiss had not yet been formally accused in the underlying criminal proceedings; and (2) the Constitutional Court is one of last resort and Professor Weiss's counsel, Dr. Topinka, had failed to use up all procedural means available to him before turning to the Constitutional Court.  In essence, the Court found that there had been a failure to exhaust remedies in lower courts and tribunals and, therefore, did not reach the merits of Professor Weiss's complaint.

3.  Kotva now seeks to use a purported English translation of Dr. Topinka's Czech complaint against Professor Weiss.  (*See* Topinka Aff. at 1-2.)  Apparently, Kotva intends to show its supposed translation of Dr. Topinka's complaint to the Court and the jury, claiming that it reflects Professor Weiss's admission that the facts alleged by Czech authorities are true or that they represent Dr. Topinka's view of the facts.  Kotva also used its "translation" during two depositions—those of Georgiy Nikitin and Andrew Weiss—and elicited testimony about the translated document.

---

[1]  Counsel for the Weiss Parties are still waiting for an executed version of Dr. Topinka's affidavit to arrive from the Czech Republic.  Counsel will provide it to the Court and opposing counsel as soon as it is received.

4.      Kotva has mistranslated the complaint. (Topinka Aff. at 1.) What's more, the nature of the mistranslation, combined with counsel for Kotva's refusal to identify the translator, suggests something more than mere mistake. (*Id.*) For example, in the complaint, Dr. Topinka summarized an allegation—with which he vehemently disagreed—as follows (using a certified Czech to English translation): "In this particular case, **the allegation is that** Professor Weiss, being a statutory body of a legal entity demanded in its name at a meeting with representative of another legal entity, that such entity (Forminster Enterprises) repurchases from the entity represented by him the Shares of Kotva, a.s. and noted that if the shares were not repurchased under the proposed business terms, civil actions would be filed against Kotva, a.s. (i.e. against a legal entity)." (*Id.* at 1; *see* certified English translation of complaint, to be filed under separate cover as Exh. B.[2]) (emphasis added). In its translation of this sentence, Kotva uses the very same words but completely omits the bolded text, changing counsel's **description** of the factual allegations against Professor Weiss into an **admission** of their truth. (*See* Topinka Aff. at 1; *see* Kotva English "translation" of complaint, attached hereto as Exh. C.)

5.      If Kotva is allowed to introduce or make reference to Dr. Topinka's Czech constitutional complaint, it will only serve to confuse, or even worse, to prejudice the jury. This is true for at least three reasons. First, and most obviously, Kotva has mistranslated Dr. Topinka's complaint. It has done so in a manner that turns Dr. Topinka's description of the allegations in the criminal case—the truth of which he denies—into admissions that those statements are true. Even if this mistranslation resulted from mere oversight or carelessness, that does not change the inevitable prejudicial effect this evidence is sure to have on the jury. Second, even using the certified translation, confusion and prejudice will still result. The Court

---

[2]      As is true with respect to Dr. Topinka's affidavit, counsel for the Weiss Parties awaits the arrival of this

(continued…)

and the attorneys are very familiar with the exercise of assuming that an opponent's factual allegations are true for purposes of a motion to dismiss while understanding that, for any purpose other than the motion, that assumption holds no sway.  However, this exercise is not intuitive to jurors at all.  If the Court opts to admit this evidence, counsel for the Weiss Parties will have to try to educate the jury, through witnesses and argument, that Professor Weiss's counsel's assumption of certain facts or description of certain allegations for purposes of a complaint to the Constitutional Court is wholly consistent with Professor Weiss's denial that those facts or allegations are true.  Third, and finally, the Czech court's dismissal of Dr. Topinka's complaint is likely to unfairly influence the jury as well.  Once again, while lawyers and judges readily understand that a dismissal for purely procedural reasons (such as jurisdictional questions of standing and exhaustion) implies no opinion on a party's case on the merits, jury members may think otherwise.  Once again, should the Court allow the evidence, the Weiss Parties' counsel will have to spend significant time and effort explaining the nature and import of the dismissal to the jury, and will quite likely fail in that attempt.

      6.      In short, if the Court allows Kotva to introduce or otherwise to make reference to the constitutional complaint, it will at worst significantly and unfairly prejudice the jury against Professor Weiss and at best lead the parties and the Court into an extended presentation on the collateral issue of what Mr. Weiss's Czech counsel actually wrote, what he meant, and what the Czech Constitutional Court did in response.  Thus, the Court should head off any such danger by precluding Kotva from referring to or otherwise using the Complaint to the Czech Constitutional Court.

---

exhibit from the Czech Republic and will provide it as soon as possible.

        Respectfully Submitted,

        ANDREW WEISS and WEISS ASSET
        MANAGEMENT LLC

        By their attorneys,

        /s/ Benjamin A. Goldberger
        Edward P. Leibensperger (BBO# 292620)
        Benjamin A. Goldberger (BBO# 654357)
        McDermott Will & Emery LLP
        28 State Street
        Boston, Massachusetts  02109-1775
        (617) 535-4000

        Edward T. Dangel, III (BBO#113580)
        Dangel & Mattchen, LLP
        10 Derne Street
        Boston, MA 02114
        (617) 557-4800

Dated:   March 28, 2007

## CERTIFICATE OF CONSULTATION

    I hereby certify that I have conferred with counsel for Kotva a.s. and Richard Harazim attempted in good faith to narrow or resolve this issue.  Kotva a.s. and Richard Harazim oppose this Motion.

        /s/ Benjamin A. Goldberger
        Benjamin A. Goldberger

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 28,  2007.

        /s/ Benjamin A. Goldberger
        Benjamin A. Goldberger

BST99 1536019-2.072198.0012

Constitutional Court of the Czech Republic
Joštova 8
660 83 Brno 2



Prague, December 21st, 2005

| | |
|---|---|
| Plaintiff: | Prof. Andrew Weiss, nationality USA, dob 2.1.1947, address 46 Abbottsford Road, 2 Brookline, Massachussets 02116 USA<br>Represented by Dr. Petr Topinka, attorney, Národní 11, Praha 1 |
| Parties: | 1) Prague Public Prosecutors Office, Nám. 14. října 9, 150 00 Praha 5<br>2) Czech Police Force-Prague City Council, Kongresová 2, 140 21 Praha 4 |

Enjoined parties:
    1) Vladimír Hoffmann, dob 30.10.1965, address Praha 9, Klánovice, Medinská no. 2153/19
    2) Edita Šimková, dob 17.7.1968, address Praha 2, Vinohrady, Na Folimance no. 2153/19

### Appeal to the Constitutional Court against

*the illegitimate* Order issued by the Czech Police Force-Prague City Council,
SKPV-fraud squad, Kongresová 2, 140 21 Praha 4
dated February 3, 2005 ČTS: PSP-4035/OHK-3-2004

Seven copies

Attachments: 1 x documentary evidence
            power of attorney

1. Contested Order, related proceedings and reasons for the appeal pursuant to Article 75, paragraph 2 of the Act on the Constitutional Court

Criminal charges were brought against Vladimir Hoffmann, Edita Šimková and Prof. Andrew Weiss under a police order dated February 3rd, 2005 ČTS:PSP-4035/OHK-3-2004 (hereinunder referred to as the "Order") for the criminal offence of extortion, pursuant to Section 235, paragraphs 1 and 3 of the Penal Code and of complicity pursuant to Article 9, paragraph 2 of the penal code, on the facts consisting of forcing the repurchase of Kotva a.s. shares under threat of lodging civil proceedings against Kotva a.s.; for a detailed description of the facts, we refer you to the attached copy of the Order.

The Order was properly served on the accused Hoffman and Šimková, but was not served on Prof. Andrew Weiss and for this reason **it cannot have acquired any force of law** as it relates to the Plaintiff on the date this appeal is lodged.

The Plaintiff learned of the Order through information published in the press, as well as from his fellow accused and appointed Dr. Petr Topinka, Attorney, to represent him in these criminal proceedings; the defense counsel sent his power of attorney to the police.

The police failed to respect Dr. Topinka's position as the Plaintiff's defense counsel, refused to allow him access to their records and only provided him with a copy of the Order. On September 22nd 2005, the Plaintiff's counsel submitted an appeal against the Order to the Police Commissioner and, when this was not forwarded to the Public Prosecutor for a decision, himself sent it directly to the Prague Public Prosecutor's Office.

In a reply dated October 19th, 2005 ref. 1KZV 38/2005-318, the Public Prosecutor from the Prague Public Prosecutions Office informed the counsel that the submission described as an appeal was not accepted and this submission was filed in the records. **Counsel received no decision on the appeal and it is obvious that no decision was or will be issued.**

On October 24th, 2005, through his counsel, the Plaintiff submitted to the Director of Public Prosecutions a request for a review to be carried out regarding the procedure followed by the Prague Public Prosecutions Office. To this day neither the Plaintiff nor his counsel have been informed of the results of this review.

The Plaintiff's counsel did not receive the police Order of November 8th! 2005 ČTS:PSP-4035/OHK, which removed the proceedings against the Plaintiff from the joint proceedings, until December 16th! 2005.

It clearly follows from the above that the authorities involved in the criminal proceedings **have prevented the Plaintiff from exercising his right to a defense through his defense counsel and that the Public Prosecutor has still not made a decision on the request for legal redress that was duly submitted by the defense counsel four months after its submission and has determined not to make this decision**; concerning the inspection by the Director of Public Prosecutions, this has so far not led to any redress and it is not clear when it will be carried out and whether any remedial measures will be taken or not. The Plaintiff can only see this as constituting **gross illegal delays in making a decision on appropriate legal redress.**

For a period of 9 months, the authorities involved in the criminal proceedings instituted joint proceedings against Vl. Hoffmann and Edita Šimková, who had been duly accused, as well as against Prof. Weiss, despite the fact that he had not yet been accused, and submitted evidence against the Plaintiff, although the legal conditions for this had certainly not been met and although his defense counsel had not been allowed to participate in these criminal proceedings. Apart from this, the Public Prosecutor failed to take the opportunity to investigate the Order on the basis of the arguments set out in the appeal and to verify its legality and reasonableness. The Plaintiff is also under threat of, and has obviously already suffered, **serious and unavoidable injury to his rights**, in part because information concerning these criminal proceedings was made public.

The purpose of this appeal (to resolve the questions set out below under II and III) also greatly exceeds Prof. Andrew Weiss's own interests; for this reason, the Plaintiff is convinced that the legal conditions set out in Article 75, paragraph 2, clauses a and b of the Act on the Constitutional Court are satisfied in order that **the Constitutional Court not reject this appeal despite the fact that it is directed against an illegitimate Order.**

**Evidence:**   contested Order
appeal against the disputed Order
submission letter to the Prague Public Prosecutors Office
response from the PPPO to Dr Topinka dated October 19th, 2005
request for review dated October 24th, 2005
ruling on the lifting of criminal charges against Prof. Weiss

## II Basic Constitutional Objections to the Contested Order

<u>The issue of the object of the crime of extortion pursuant to Article 235 of the Penal Code</u>

Pursuant to Article 235 of the Penal Code, the facts of the case fall under the first section of the eighth head of a separate part of the Penal Code, which provides criminal protection for the freedom of the individual in compliance with the provisions of Article 8, paragraph 1 of the Declaration of Fundamental Rights and Freedoms; the provisions of Article 235 of the Penal Code specifically **protect the individual's right to decide** (meaning a natural person).

In this particular case, Prof. Weiss as the statutory representative of a legal entity, during negotiations with representatives of another legal entity, requested in its name that this company (Forminster Enterprises) repurchase shares in Kotva a.s. from the legal entity he represented, with the condition that should the repurchase not take place under the proposed business conditions, civil proceedings would be lodged against Kotva a.s. (meaning, again, against a legal entity).

It is a fact that legal entities can only act through the intermediary of natural persons, which is also true of the present case, but any requests were exclusively addressed to a legal entity and any **prejudice** that might occur, or even threaten to occur, in this regard **could only occur to a legal entity and not to any natural person.**

For this reason, the Plaintiff is convinced that the actions that were set out in the wording of the contested Order did not affect the provisions of Article 235 of the Penal

Code protecting the interests and the freedom of the individual to decide and, for this reason (the absence of the object of a criminal offence) there can be no suspicion of the given criminal act having been committed and there were therefore no legal reasons for initiating criminal proceedings. Therefore, in the opinion of the Plaintiff, the commencement of legal proceedings was <u>in conflict with the principle of proceedings for purely legal reasons,</u>

### The issue of the capacity of the commencement of civil proceedings against a legal entity to cause severe prejudice to an individual.

As has already been set out above, forcing another to repurchase shares consisted exclusively of threats to bring civil action, its actual administration and the legal consequences of the suit against the Kotva a.s. corporation. No matter how the outcome of this action also affected natural persons representing Kotva a.s., particularly insofar as they were required to resolve the situation that had arisen, there is absolutely no reason to conclude that bringing any action against Kotva a.s., or the content of this action, could in any way cause severe prejudice to any natural person. The standard interpretation of severe prejudice[1] covers material damage, seriously prejudicing someone's honor and good name, causing the breakdown of a marriage or family life, commencing criminal proceedings, etc. In order to judge whether or not severe prejudice has occurred, the personal characteristics of the victim have to be taken into account, his maturity, experience, psychological state, etc.

For this reason, the Plaintiff concludes that bringing a civil action against a legal entity (at least in this particular situation) is not capable of causing severe prejudice to any natural person; in practice this means that even the objective aspect of the criminal act of extortion could not have taken place pursuant to Article 235 of the Penal Code. Any other construction would involve an inadmissible extension of the conditions for criminal liability **in conflict with the principle of criminal proceedings for purely legal reasons.**

### The issue of criminalizing the attempts of a foreign investor to protect his investment in the Czech Republic

The Plaintiff is a respected American citizen, an internationally respected businessman, Professor of Economics at Boston University and is (or the companies he represents are) a foreign investor who has invested a great amount of money in the Czech Republic in order to acquire Kotva a.s. shares; these funds undoubtedly represent an **investment pursuant to Article 1, paragraph 1, clause a) of the convention between the United States of America and the Czech and Slovak Federal Republic on mutual support for and protection of investment** (published under no. 187/1993 Coll.), by which the Czech Republic is bound. It is common knowledge that Kotva a.s. had its assets stripped, resulting in a fundamental fall in the value of the Plaintiff's investment, which had not been protected by the Czech State.

In the opinion of the Plaintiff, Forminster Enterprises is directly liable for this fall in value and because of this the Plaintiff attempted, using what he was convinced were

---

[1] Šámal, Púry, Rizman, Penal Code, commentary, 5th edition C.H Beck 2003 pp. 1271-2

acceptable business methods, to force this company to provide some form of compensation for the damage it had caused.

This attempt cannot be interpreted as any intent to commit the criminal offence of extortion, although it does provide a fundamental reason for considering whether it can conceivably be a action that places society in danger.

The Plaintiff is convinced that his action did not represent a danger to society and that there is therefore no reason to suspect a criminal offence (Art. 3 paragraph 3 Penal Code) but that the attempt to criminalize this type of act and in fact to use one-sided criminal means to forcefully intervene in business dealings is detrimental to society. In this sense the Plaintiff also finds a **conflict with the principle of criminal proceedings for purely legal reasons, as well as a conflict with the international obligations binding on the Czech Republic.**

### III   The issue of the admissibility of the participation of the defendant's defense counsel regarding which the effects of the criminal proceedings to date have not begun

Although the position of the Prague Public Prosecutor has not been explained, we can assume that its legal basis is the opinion that a person who has not yet received a Order on the commencement of criminal proceedings against him has not yet been accused and that a person who has not been accused cannot appoint a defense counsel and that the appeal against the Order to commence criminal proceedings submitted by the appointed counsel is not an appeal but an unspecified motion which does not have to be dealt with in any formal way (although in terms of its content it is definitely an appeal against the contested Order and, in the opinion of the Plaintiff a decision should be made on it, as least under the provisions of Article 148, paragraph 1, clause b) of the Penal Code).

This (assumed) opinion is obvious from the **position of the Director of Public Prosecutions no. 13/20002**, which the Plaintiff has no wish to call into question. **However this position does not have to apply to this particular case.** If we consider that joint proceedings were underway over the long term against individuals who were served the Order to commence criminal proceedings (in their case this probably occurred about 10 months ago) and an individual who was not served the Order, although he duly appointed a defense counsel, we cannot overlook the fact that the latter was also in the position of the accused in a material sense (an Order on the commencement of criminal proceedings against him had been issued) and this individual should be allowed to defend himself through his appointed counsel (insofar as a sufficiently specific legal act is able to achieve this) and this counsel should be allowed to use all the legal rights due to a defense counsel under the terms of the Code of Criminal Procedure. It cannot be denied that, in the case of jointly led criminal proceedings, the rights of the co-accused are fundamentally affected (in a material sense) and the right to a defense is one of the fundamental human rights, which cannot be restricted by holding against the accused. One of the basic elements of the right to a defense is also the right to redress (including the right to a proper decision on it), which should not be disputed with the appointed counsel, as has obviously occurred in this case and as may well occur in other cases of this type.

The Plaintiff abides by his opinion that he duly selected a defense counsel and that by not acknowledging this choice, the authorities involved in the criminal proceedings **grossly violated the Plaintiff's right to a defense and to effective redress.**

### The Plaintiff therefore claims,

that during the criminal proceedings initiated against him, the following rights were violated

a) **the right to a fair trial** under the terms of Art. 6, paras. 1, 2 and 3 clause c) of the Convention for the Protection of Human Rights and Fundamental Freedoms, by which the Czech Republic is bound,

b) the **right to effective legal redress** under the terms of Article 13 of the same Convention,

c) the **right to proceedings based on purely legal reasons and to a fair trial** pursuant to Article 8, paragraph 2, 39 and 40 and paragraph 3 of the Declaration of Fundamental Rights and Freedoms.

### Motion for a decision

For the reasons set out above, the Plaintiff moves for the Constitutional Court to accept

### A FINDING

by which it repeals the illegitimate police Order of February 3rd, 2005 ČTS:PSP-4035/OHK-3-2004.