UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
KOTVA a.s.                                          )
                                                    )
                    Plaintiff,                      )        Case No. 05-10679-WGY
                                                    )
          v.                                        )
                                                    )
ANDREW WEISS and WEISS ASSET                        )
MANAGEMENT, LLC                                     )
                                                    )
                    Defendants.                     )
_____)

## JOINT PRETRIAL MEMORANDUM

Pursuant to the Court's December 5, 2006 Order for Final Pretrial Conference, the parties

hereby submit this Joint Pretrial Memorandum.  The final pretrial conference is scheduled for

April 4, 2007.  Trial is currently scheduled to commence on April 23, 2007.

**(a)**     **Trial Counsel**

        **For Plaintiff**:

        Joel G. Beckman (BBO# 553086)
        William C. Nystrom (BBO# 559656)
        Daniel J. Pasquarello (BBO# 647379)
        NYSTROM BECKMAN & PARIS LLP
        10 St. James Ave., 16th Floor
        Boston, Massachusetts 02116
        (617) 778-9100
        (617) 778-9110 (fax)
        jbeckman@nbparis.com
        wnystrom@nbparis.com
        dpasquarello@nbparis.com

**For Defendants/Counterclaimants**:

Edward T. Dangle, III (BBO# 113580)
DANGLE & MATTCHEN, LLP
10 Derne Street
Boston, MA 02114
(617) 557-4800

Edward P. Liepensberger (BBO# 292620)
Benjamin Goldberger (BBO# 654357)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109
(617) 535-4000

**(b)**  **Summary of the Case**

*Plaintiff's Summary*:

Plaintiff Kotva a.s. is a Czech company that owned and operated a famous department store in downtown Prague, Czech Republic. Defendant Andrew Weiss ("Weiss"), through his Boston-based hedge fund investment firm Weiss Asset Management, LLC ("WAM"), is the investment manager of the Brookdale Global Opportunity Fund ("BGO") which owns approximately 12% of Kotva's shares.

Plaintiff expects the evidence at trial will prove the following: In May 2004, after learning of press reports about a potential sale of the department store, Weiss launched a scheme from Boston to blackmail Kotva, ultimately demanding that Kotva purchase BGO's Kotva shares and shares in another Czech fund called "Trend" for over $12 million (even though the shares had been valued by Defendants at only $1.5 million). Weiss threatened to stop the sale of the department store unless he received a "pay-off" for shares. Weiss threatened that if Kotva did not pay him what he wanted, the next demand would be higher. Weiss threatened to disparage Kotva, so no one would consider purchasing the department store, including filing criminal complaints against Kotva executives. When Kotva refused, Weiss followed through on his

threats: he arranged for shell companies to purchase token shares of Kotva and file sham lawsuits challenging the transfer of the department store building to a Kotva subsidiary - - a transfer that had occurred four years earlier; he contacted Markland, the purchaser of the department store and its lender, to interfere with and stop the sale.  He conditioned the withdrawal of his interference with the department store sale upon meeting his price demands.  (He was even willing to accept as a "pay-off" a percentage of the sale proceeds directly from Markland).

Revealingly, Weiss <u>denied</u> his involvement in the sham lawsuits (though now he admits it); denied that he threatened to stop the sale (though internal e-mails say otherwise); and denied that he made ever increasing blackmail demands (though he now also admits this).  The Defendants' conduct interfered with the sale of the department store, including a delay on the closing of six months and causing $24 million in sale proceeds to still be held in escrow.  In short, Defendants' conduct amounts to egregious tortious interference, unfair and deceptive trade practices in violation of Chapter 93A, abuse of process, and RICO violations.

This is not the first time Weiss and his companies have engaged in such extortionate behavior, and the evidence will show that Weiss and his companies violated RICO.  Indeed, Weiss has engaged in a pattern of similar schemes in the Czech Republic and Kazakhstan, and against Markland.  Weiss and his companies were at the center of the IPB/Domeana blackmail scheme which involved the Czech fund, RIF.  Specifically, Weiss and his partner sought to sell shares of an investments fund (RIF) managed by the Czech bank IPB and its subsidiary PIAS. Acting on behalf of investment entities that he controlled, Weiss and his companies filed a lawsuit to block the merger of two IPB managed funds (known as Potravinarsky) that were completely unrelated to the RIF fund.  To drop the blocking lawsuit, Weiss and his companies demanded that IPB buy back their RIF shares at a premium.  Weiss and his companies then took

the money but never transferred the RIF shares to IPB. Ultimately, IPB's successor in interest filed an arbitration claim against Weiss' funds for failure to transfer the shares. In 2003, an arbitrator awarded reportedly over 400 million CZK against Weiss' funds.

Weiss' extortion schemes are not limited to Kotva and IPB. Indeed, Weiss bragged to Kotva that his last target was a company in Kazakhstan that "begged him to stop." Discovery has revealed that Weiss and his companies were invested in a Kazakhstan Investment Fund that held interests in a company that was selling a cement plant in Kazakhstan. Weiss again demanded a direct payment of the proceeds of the sale of the cement plant. The cement plant— like the Kotva shopping centre—was an asset of the company in which Weiss' investment had an interest. Accordingly, Weiss and his companies had no direct right to proceeds from the sale, but nevertheless sought them through a similar extortionate scheme.

Finally, Weiss' extortionate conduct has continued even after Kotva filed this lawsuit. Indeed, Weiss and his companies have attempted to interfere with Markland's business in order to force Markland to buy their Kotva shares.

Defendants' blackmail scheme and tortious interference with Kotva's plan to sell its Department Store sale delayed the consummation of the transaction by at least six months. As a result, Kotva lost the use of and was deprived the investment opportunity on the $65,000,000 in Department Store sale proceeds. Assuming a 10% rate of return, the resulting damages amount to approximately $3,250,000. In addition, as a result of Defendants' conduct, $24,000,000 of the purchase price has been held back in an escrow account. Kotva also has been damaged in the amount of lost investment opportunity on the $24,000,000 since March 2005. Once again, assuming a 10% rate of return, this lost interest amounts to approximately $4,200,000 for the period from April 1, 2005 through the end of 2006.

Kotva has also incurred substantial legal fees in both the Czech Republic and the United States as a result of Weiss's conduct exceeding $750,000 to date.  Kotva also is entitled to recover costs and multiple and/or treble damages under RICO and M.G.L. ch. 93A, which will be demonstrated post-trial and awarded by the Court pursuant to the applicable statutes.

*Defendants' Summary*:

During the critical period at issue in 2004, Kotva was, according to its published Annual Report, controlled by Forminster Enterprises Ltd. ("Forminster").  Forminster—a shadowy Cyprus company whose true owners remain a closely guarded secret—obtained its controlling block of Kotva shares during the 1990s as a result of the massive embezzlement of a Czech investment fund called Trend.

Since 1997, Forminster's Kotva shares have been frozen by a Czech prosecutor on the suspicion that they represented the proceeds of criminal activity.  This freezing order has been repeatedly upheld by the Czech courts and recently expanded by a Czech court to prevent Forminster from voting its Kotva shares.  However, before Forminster was barred from voting its Kotva shares, Forminster used its control over Kotva to install two Forminster directors, Martin Benda and Richard Harazim, into Kotva's management.

The embezzlement of the Trend Fund—commonly referred to as the "Trend Tunneling"—and Forminster's connections to that embezzlement, are well documented in the press, in governmental reports and in criminal proceedings in the Czech Republic brought against Miroslav Hálek.  Messrs. Benda and Harazim were called to testify in those criminal proceedings, but invoked the Czech equivalent of the Fifth Amendment rather than tell what they knew about the Trend Tunneling.

Andrew Weiss is a professor emeritus of economics at Boston University.  In 2002, his company, Weiss Capital LLC, took over responsibility for managing Brookdale Global Opportunity Fund ("BGO").  BGO's former management had, through its subsidiary, CVF Investments Ltd. ("CVF"), made significant investments in Kotva and Trend.  Before Professor Weiss took over responsibility for BGO, Richard Harazim had, on behalf of Forminster, sought to purchase the Kotva and Trend shares owned by CVF.

In the fall of 2003, Mr. Harazim knew by virtue of his inside position at Kotva that the Kotva Department Store was being sold and knew exactly how much Kotva would receive for it. He again sought to purchase CVF's Kotva shares on behalf of Forminster, at a substantial discount for what they were worth in view of the pending sale of the department store.  Professor Weiss rejected Mr. Harazim's lowball offer.

In 2004, after Mr. Harazim told Mr. Weiss that a minority interest in Kotva was worthless and that Kotva shareholders would never see any money from the company, Mr. Weiss retained litigation counsel in the Czech Republic, Peterka & Partners.  Peterka & Partners filed lawsuits in order to protect the investments in Kotva and Trend on behalf of CVF and a second company holding some of CVF's Kotva and Trend shares, K T, Inc.  These lawsuits are still pending.

In August 2004, Mr. Harazim and Mr. Benda resumed negotiations for Forminster to purchase CVF's Kotva shares.  However, Messrs. Benda and Harazim hedged their bets.  In addition to feeling out Mr. Weiss to see if they could obtain CVF's Kotva shares on the cheap, they began secretly recording meetings with Vladimir Hoffmann, a Czech resident who was working with BGO at the time.  Mr. Harazim also demanded that any purchase of the Kotva shares be tied to the withdrawal of the lawsuits brought to challenge Forminster with respect to the past embezzlement of Trend's assets and threatened embezzlement of Kotva's assets.

In late August 2004, Messrs. Benda and Harazim determined that Mr. Weiss would rather pursue his shareholders' rights in court rather than part with the Kotva shares for less than their true value as measured by the company's assets and liabilities. In response, Messrs. Harazim and Benda took their secret recordings of Mr. Hoffmann and, in an effort to coerce Mr. Weiss to drop these lawsuits, caused Kotva to file a criminal complaint against Mr. Weiss in the Czech Republic. Kotva then conducted months of sham negotiations with Mr. Weiss in an effort to gather additional "evidence" to use against him. Not satisfied with the pressure exerted by the Czech criminal proceeding it instigated, Kotva followed up by filing the complaint in this case, alleging, among other things, securities fraud and racketeering.

Kotva has used the Czech criminal proceeding in this case, obtaining privileged attorney-client communications from the police file and attaching them to its U.S. civil complaint and giving to the Czech authorities what it claims were its only copies of its secret recordings of Mr. Hoffmann *after this Court ordered those recordings produced to the Defendants*, so that it would be unable to produce them as ordered. Kotva has also used this civil proceeding in the criminal case, sending copies of its complaint to members of Congress in an effort to discourage legitimate inquiries by the United States into exactly why the police and a municipal prosecutor in Prague are involved in a business dispute.

As a result of the filing of this case and Kotva's abusive discovery practices, Andrew Weiss and Weiss Asset Management have incurred hundreds of thousands of dollars in attorneys' fees, and suffered tremendous disruption of their business, as well as the loss of reputation that occurs when an investment manager with an unblemished reputation is accused of securities fraud and racketeering.

(c)    **Claims/Defenses that Will Not Be Pursued at Trial**

*Plaintiff*:

Kotva will not pursue at trial its claim premised upon Section 10(b) of the Exchange Act of 1934 (Count I), and its claim for common law fraud (Count VI).

*Defendants*:

On March 22, 2007, the Plaintiff filed a notice with the Court (Document No. 206) stating that it would not be pursuing Count I (Securities Fraud) or Count VI (Fraud) of the Complaint at trial.  Defendants had filed a motion for judgment on the pleadings seeking an entry of judgment on these two counts, and other counts, on April 4, 2006 and press for a ruling from the Court unless the Plaintiff dismisses these two counts, with prejudice.

(d)    **Plaintiff's Statement of Facts**

[The parties are working further to provide a single joint statement of undisputed facts.]

Plaintiff's statement of undisputed facts with citations is attached hereto as Ex. 1.

(e)    **Defendants' Statement of Facts**

[The parties are working further to provide a single joint statement of undisputed facts.]

Defendants' statement of undisputed facts is attached hereto as Ex. 2.

(f)    **Outstanding Issues Raised by Pending Motions**

1.    *Defendants' Motion for Judgment on the Pleadings*:  The Defendants' Motion for Judgment on the Pleadings is pending, and a hearing is scheduled for March 29, 2007 on this Motion.

2.    *Defendants' Motion in Limine Regarding Czech Law Claims*:  The Defendants' Motion for Leave to File Motion in Limine Early (Document No. 199, and

associated documents 200 and 201) is pending.  The Plaintiff has filed an

Opposition (Document No. 204).

3.    *Plaintiff's Motion for Protective Order/Objection to Special Master's Order*: The

Plaintiff has filed an Objection (Document No. 195) to the Special Master's

January 26, 2007 Order (Document No. 189) regarding Plaintiff's Motion for

Protective Order (Document No. 160, 161; Defendants Opposition Document

174).  The Defendants have filed a response (Document No. 197).

4.    *Defendants' Motion for Reconsideration of the Court's March 28, 2007 Order*

*Denying Motion to Add Expert:*  The Defendants have filed a Motion for

Reconsideration (Document No. 208).  Plaintiff has not yet had an opportunity to

review the motion.

**(g)**    <u>**Issues of Law**</u>

*Plaintiff*:

Kotva's claims are governed by Massachusetts law.  Massachusetts has a substantial

relationship to this dispute, and Massachusetts law is controlling under a choice of law analysis.[1]

<u>But a choice of law analysis is unnecessary in this case.</u>  Defendants have not established that

there is any conflict between Czech law and Massachusetts law.  They also failed to substantiate

their allegation that Kotva's claims "raise difficult questions of Czech law."  Kotva's common

law claims are garden variety tort claims easily encompassed by the Czech Civil Code.

As the party seeking to rely on foreign law, moreover, Defendants did not satisfy their

burden to provide timely notice of their intention to rely on foreign law under Fed. R. Civ. P.

---

[1]  The Weiss Defendants are Massachusetts domiciliaries, and Andrew Weiss conducts his business operations from Massachusetts.  Moreover, Weiss hatched his scheme to interfere with Kotva's business and to blackmail Kotva from Massachusetts, and then directed the implementation of that scheme, which included hiring agents to do his bidding and forming a shell company to sue Kotva, from his Boston offices

44.1.  Defendants, therefore, have waived any right to the application of non-forum.  <u>Carey v. Bahama Cruise Lines</u>, 864 F.2d 201, 205-206 (1st Cir. 1988).  The Court can and should apply the law of the forum.  These issues are discussed in more detail in Kotva's opposition to Defendants' Motion in Limine regarding Czech law issues. (Docket No. 204).

Plaintiff is filing separately three motions in limine regarding the exclusion of improper character evidence, previously undisclosed witnesses, and the improper admission of expert testimony.

See section (i) below for additional issues.

***Defendants***:

a.      Before abusing U.S. civil process in its campaign against Mr. Weiss, Kotva first abused Czech criminal process by filing a criminal complaint against Mr. Weiss in order to pressure him to abandon civil cases pending in the Czech courts.  Kotva's abuse of Czech criminal process is a key part of the interaction among the parties and strong evidence of Kotva's motives in filing this case.

Mr. Weiss originally sought, as part of his counterclaim filed in this Court, damages for Kotva's abuse of Czech criminal process.  However, on November 28, 2006, the Court dismissed without prejudice "so much of count II [of the Counterclaim] as relates to the alleged conspiracy to loot Kotva's assets and to abuse Czech criminal process."  Although this ruling does not limit the evidence admissible at trial, it does limit the amount of damages that Mr. Weiss can claim in this case.

If, as the Defendants argue in their Motion in Limine Regarding Czech Law, the Court determines that Czech law applies to claims for abuse of Czech criminal and civil process, but decides not to abstain from hearing those claims, then Mr. Weiss asks that the Court reconsider

this narrow portion of the November 28, 2006 Order relating to his counterclaim for abuse of Czech criminal process and conspiracy to abuse Czech criminal process.  If Kotva is able to pursue a claim against Mr. Weiss for abuse of Czech civil process in this Court, there is no reason that Mr. Weiss should not be able to pursue a claim against Kotva and Richard Harazim for abuse of Czech criminal process in this Court.

b.      If the Court does not enter judgment in favor of the Defendants with respect to the plaintiff's Chapter 93A claim on the grounds stated in Defendants' Motion for Judgment on the Pleadings, the Court must decide whether, in view of the choice of law analysis set forth in Defendants' Motion in Limine Regarding Czech Law, the plaintiff may maintain a Chapter 93A claim based on events that occurred primarily in the Czech Republic that are governed by Czech law rather than Massachusetts law.  *See Reicher v. Berkshire Life Ins. Co.*, 360 F.3d 1 (2004) (affirming dismissal of Chapter 93A claim when Maryland law, rather than Massachusetts law, governed dispute).  Moreover, even if Massachusetts law, including Chapter 93A, applies to Kotva's claims, it is the defendants' position that the center of gravity of the circumstances that give rise to Kotva's Chapter 93A claim is not primarily and substantially within the Commonwealth of Massachusetts.  *See Kenda Corp. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216 (1st Cir. 2003).

c.      If the Court does not enter judgment in favor of the Defendants with respect to the plaintiff's civil RICO claim, there are significant questions as to whether the conduct alleged has sufficient connection to the United States to fall within the scope of a United States criminal statute.  *See N. S. Fin. Corp. v. Al-Turki*, 100 F.3d 1046, 1051–53 (2d Cir. 1996) (finding that RICO lacks extra-territorial application in "controversy involving foreign victims who sold a foreign entity to foreign defrauders in a foreign transaction lacking significant and material

contact with the United States"). Moreover, the only alleged RICO predicate acts that Kotva identifies with any specificity all took place during a period of months in 2004. This is insufficient to prove a pattern. *See Giuliano v. Fulton*, 399 F.3d 381, 387–89 (1st Cir. 2005) (discussing continuity requirement).

     d.     Kotva has, reportedly through the Czech police, obtained access to a number of documents containing privileged attorney-client communications, and now seeks to use those documents at trial. The Defendants are filing a motion in limine on this issue.

     e.     Kotva has, in two depositions, asked witnesses questions about a "translation" of a complaint Andrew Weiss's Czech counsel filed with the Czech Constitutional Court. Even if the contents of the complaint were admissible in this litigation—they are not—the unverified and inaccurate translation should not be accepted as an exhibit at trial and no portions of any deposition referencing this document should be shown to the jury. The Defendants are filing a motion in limine on this issue.

     f.     Kotva seeks to introduce a document prepared by a Czech police officer in February 2005 describing Kotva's allegations against Professor Weiss. This document is not admissible because it is hearsay, does not fall within any hearsay exception, and is not trustworthy, or even probative of the issues in this case. The Defendants are filing a motion in limine on this issue.

     g.     Kotva has, throughout this litigation, referenced other litigation in which it claims that the Defendants have abused process. In view of the lack of admissible evidence about these cases, along with the complexity and potential for confusion inherent with any presentation of unrelated litigation to the jury, counsel against any reference to these other cases in Kotva's opening statement. The Defendants are filing a motion in limine on this issue.

Kotva has listed Martin Benda as a potential trial witness.  Mr. Benda does not speak or understand English and has no personal knowledge about the contents of any English language documents or conversations that were translated for him.  Accordingly, Mr. Benda should not be permitted to testify about those matters.  The Defendants are filing a motion in limine on this issue.

**(h)**    **Requested Amendments to Pleadings**

*Plaintiff*:

n/a

*Defendants*:

It is the defendants' position that the plaintiff and counterclaim-defendant, Kotva a.s., should be removed and substituted with Česká investiční a správcovská a.s. ("CIS").  Kotva a.s. changed its name to K-T-V Invest a.s. and subsequently merged with CIS  Kotva a.s. / K-T-V Invest a.s. has been deleted from the Commercial Register in the Czech Republic.  Article XVIII of Kotva's Articles of Association provides that the company disappears upon its deletion from the Commercial Register.

The merger is being challenged in the Czech courts.  The Defendants are convinced that the Czech courts will declare the merger null and void and it will be apparent that Kotva did not cease to exist.  In such a case it will be necessary to substitute CIS with Kotva a.s. / K-T-V invest a.s. again.  Until the Czech courts invalidate the merger, however, CIS rather than Kotva should be the party in this case.

**(i)**    **Additional Matters To Aid in the Disposition of this Case**

The parties intend to introduce at trial a number of Czech language documents, including translations thereof. The parties are working to establish a protocol regarding the admissibility of Czech documents and the corresponding English translations to move the trial along effectively.

*Plaintiff*:

Plaintiff also intends to introduce at trial certain recordings of telephone conversations and/or meetings among and between Defendant Andrew Weiss and his Czech agents taken by the Czech police with approval of the Czech courts. These recordings were not released by the Czech police to Kotva (as the victim in the Czech criminal case) until March 27, 2007. To the extent that Defendant Weiss intends to dispute the voice on the recordings, Plaintiff will be forced to call a voice recognition rebuttal expert.

*Defendants*:

The plaintiff's suggestion that recordings of telephone conversations might be used as exhibits at trial was raised for the first time late in the day, yesterday, March 27, 2007. Defendants have not had access to these recordings, and the plaintiff has not identified them with any specificity. In addition to serious questions of authenticity and violation of the Court's discovery orders, there are serious questions as to whether the contents of any secret recordings are admissible at all.

Kotva has refused to enter into any stipulations concerning the amount or reasonableness of fees incurred by the Defendants in defending this lawsuit. Kotva has also not agreed to submit this issue to the Court. Accordingly, these issues will be tried to the jury, either as part of the main trial or in a bifurcated proceeding, at the Court's discretion. Defendants expect to call trial counsel for the Defendants as a witness on the reasonableness of fees, and are still awaiting

disclosures from Kotva regarding the amount of time counsel for Kotva has spent litigating this case and the fees and expenses Kotva has incurred.

**(j)**    **Anticipated Length of Trial**

2 weeks

**(k)**    **Witness List**

The parties reserve the right to call any witness identified by the other side.

*Plaintiff's Witnesses*:

1.    Martin Benda:  fact witness
Kotva, a.s., Namesti Republiky 8, Praha 1, Prague, Czech Republic

2.    Howard Golden:  fact witness
Klimentska 46, 110 02 Prajnel, Czech Republic

3.    Richard Harazim:  fact witness
Kotva, a.s., Namesti Republiky 8, Praha 1, Prague, Czech Republic

4.    Sean Mulryan:  fact witness
[see Defendants' list for address]

5.    Georgiy Nikitin:  fact witness
[see Defendants' list for address]

6.    Ondrej Peterka:  fact witness
[see Defendants' list for address]

7.    Aidan Scully:  fact witness
[see Defendants' list for address]

8.    Dr. Tomas Sokol:  plaintiffs' rebuttal expert witness
Sokolska triad 60, Praha 2, Nove Mesto, Czech Republic

9.    Frank Walker:  fact witness
Markland Holdings Limited, 25 Herbert Place, Dublin, Ireland

10.    Andrew Weiss:  fact witness
[see Defendants' list for address]

11.    Any witnesses identified by Defendants

12.    Frantisek Mezaros (Czech lawyer to address custodianship and authenticity of Czech Police recordings, if necessary.)
Namesti Republiky 8, Praha 1, Prague, Czech Republic

13.    Certified Official English Translation Service, if necessary.

*Defendants' Witnesses*:

| NAME AND ADDRESS | NATURE OF TESTIMONY |
|---|---|
| Andrew Weiss<br>Weiss Capital LLC<br>29 Commonwealth Ave.<br>Boston, MA   02116<br>(617) 778-7780 | Fact and expert. |
| Georgiy Nikitin<br>Weiss Capital LLC<br>29 Commonwealth Ave.<br>Boston, MA   02116<br>(617) 778-7780 | Fact and expert. |
| Bonnie Weiss<br>Weiss Capital  LLC<br>29 Commonwealth Ave.<br>Boston, MA   02116<br>(617) 778-7780 | Fact. |
| Eitan Milgram<br>Weiss Capital LLC<br>29 Commonwealth Ave.<br>Boston, MA   02116<br>(617) 778-7714 | Fact and expert. |
| Stephen A. Ross<br>MIT Sloan School of Management<br>50 Memorial Drive, E52-443<br>Cambridge, MA 02142<br>(617) 258-8371 | Fact and expert |
| Ondřej Peterka<br>Peterka & Partners v.o.s.<br>Na Příkopě 15<br>110 00 Prague 1<br>Czech Republic<br>420-246-085-300 | Fact |
| Zdeněk Kühn<br>U Zahradního města 3190/2A<br>CZ 106 00 Praha 10<br>Czech Republic<br>420-221-005-427 | Expert |

| **NAME AND ADDRESS** | **NATURE OF TESTIMONY** |
|---|---|
| Edward P. Leibensperger<br>McDermott Will & Emery LLP<br>28 State Street<br>Boston, MA 02109<br>617-535-4000 | Fact and expert regarding amount and reasonableness of fees |
| Sean Mulryan (by deposition)<br>Markland Holdings Limited<br>25 Herbert Place<br>Dublin, Ireland<br>353-1-676-2023 | Fact |
| Mr. Aidan Scully (by deposition)<br>Markland Holdings Limited<br>25 Herbert Place<br>Dublin, Ireland<br>353-1-676-2023 | Fact |

**(l)**    **Proposed Exhibits**

*Plaintiff*:  See Plaintiff's list of exhibits attached as Ex. 3 hereto.

*Defendants*:  See Defendants' list of exhibits attached as Ex. 4 hereto.

The parties will premark for identification their trial exhibits pursuant to the Court's

lettering instructions.

**(m)**    **Plaintiff's Proposed Jury Instructions**

*Plaintiff*:  See Plaintiff's proposed jury instructions attached as Ex. 5 hereto.

*Defendants*:  See Defendants' proposed jury instructions attached as Ex. 6 hereto.

Depending on the claims that are submitted to the jury, the Defendants may propose a special

verdict form.

**(n)**    **Voir Dire/Special Verdict Form**

In addition to standard questions concerning language ability, familiarity with counsel,

parties or potential witnesses, etc., the parties propose the following additional voir dire

questions:

    ***Plaintiff***:  See Plaintiff's proposed special verdict forms (one with 93A instruction and one without) attached hereto as Ex. 7

    ***Defendants***:  Defendants are presently considering the precise wording of proposed questions relating to potential jurors' experience with and opinion of investment managers, hedge funds, private equity firms and other financial institutions.

Respectfully submitted,

Kotva a.s. & Richard Harazim

By their attorneys,

/s/ Joel G. Beckman
Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)
jbeckman@nbparis.com
wnystrom@nbparis.com
dpasquarello@nbparis.com

Respectfully submitted,

Andrew Weiss and Weiss Asset Management
LLC

By their attorneys,

/s/ Benjamin A. Goldberger
Edward P. Liepensberger (BBO #292620)
Benjamin A. Goldberger (BBO #654357)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
(617) 535-4000


Edward T. Dangle, III (BBO #113580)
DANGLE & MATTCHEN, LLP
10 Derne Street
Boston, Massachusetts  02114
(617) 557-4800

Dated: March 28, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 28th day of March, 2007.

/s/ Daniel J. Pasquarello

**(a)**    **Plaintiffs' Statement of Undisputed Facts**

1.    Kotva, a.s. ("Kotva") is a Czech company that owned and operated a famous department store in downtown Prague, Czech Republic.

2.    Andrew Weiss ("Weiss") is an individual who resides in Brookline, Massachusetts.  Weiss is the manager and resident agent of Weiss Asset Management ("WAM"). Weiss is also the owner of Weiss Capital.  (Answer ¶5; Response to Irog 7).

3.    WAM is a Delaware limited liability company with a principal place of business at 29 Commonwealth Avenue, Boston, MA.  (Answer ¶6).

4.    Vladimir Hoffmann ("Hoffmann") worked as Weiss's agent in the Czech Republic.  Hoffmann's monthly bill for "advisory services on Kotva and Trend" were sent directly to Boston.  Weiss directed Hoffmann's activities from Boston.  (Answer ¶22).

5.    Richard Harazim ("Harazim") is an individual who resides in the Czech Republic. Beginning in the summer of 2000, Harazim served as Chief Executive Officer of Kotva.

6.    In 1997, the predecessor in interest to Brookdale purchased a block of 11.6% of Kotva shares.  (Answer ¶10).

7.    In the beginning of May 2004, reports appeared in the press regarding a pending sale of Kotva's Shopping Center to Irish investors.  (Answer ¶19).

8.    On May 12, 2004, there was a meeting in Prague between Weiss and Hoffmann, and Richard Harazim, Kotva's CEO, and Martin Benda, chairman of Kotva's Supervisory Board. The parties dispute precisely what was said during the meeting but Weiss admits that he told Harazim during the meeting that he thought there must be something he could do to stop what he described as the "looting of the assets" of Kotva and "to restore the stolen assets to the shareholders of Trend and Kotva."  When asked what he was going to do, Weiss replied that "he

did not know but that he would ask a lawyer, and thought that the lawyer would be able to think of something." (Answer ¶20; Response to Irog. 1).

9.      Following the May 12, 2004 meeting, KT and a Cyprus company named Gilroy acquired shares of Kotva. (Answer ¶¶ 23, 32).

10.     On June 23, 2004, Gilroy opened an account at the Securities Centre permitting Gilroy to purchase shares in the Czech Republic. Gilroy purchased one share of Kotva for 430 czk. On June 29, 2004, Gilroy purchased and additional 134 shares of Kotva for 430 czk. (Answer ¶23; Response to Irog. 2, 3).

11.     Weiss retained Ondrej Peterka and Peterka & Partners to provide legal services in the Czech Republic. The Gilroy lawsuit was filed on June 30, 2004 against Kotva and subsidiaries KN, and SPV KN challenging the previous transfers of the Kotva Department Store from Kotva to KN and from KN to SPV KN. The lawsuit was initiated in connection with the retention of Peterka & Partners. Gilroy authorized Peterka to represent it in the lawsuit. (Answer ¶24; Response to Irogs. 3, 4).

12.     On July 2, 2004, Peterka submitted a copy of the lawsuit to the public property registry responsible for the Kotva Department Store with a formal request that the registry note in the public records that a lawsuit disputing SPV KN's ownership of the Department Store had been filed. (Answer ¶25).

13.     On August 17, 2004, Weiss and WAM sent the document attached as Exhibit A to the Complaint. Exhibit A is a letter from Weiss to Martin Benda with an offer to sell the 82,781 shares of Kotva held by BGO for 131 million czk. (Answer ¶27).

14.     In response to Weiss's August 17, 2004 letter, Harazim sent an email of same date stating that no deal to purchase the Brookdale shares could be considered "without resolving [the

Gilroy lawsuit] and any other potential lawsuits against our company raised by BGO or by BGO controlled entities."  (Answer ¶28).

15.    On August 23, 2004, Weiss and WAM sent the document attached as Exhibit B to the Complaint.  Paragraph 2 of that letter provides:

> We will attempt to influence Gilroy to withdraw the complaint questioning ownership of assets by Kotva a.s.  Since we do not exert control over Gilroy and Balfindor or petitions submitted by them, we cannot guarantee a withdrawal of the complaint.  The sale agreement shall be conditional on withdrawal of the existing lawsuit where Gilroy is the plaintiff.

(Answer ¶29).

16.    On November 23, 2004, Weiss and WAM sent the document attached as Exhibit C to the Complaint.  In that letter, Weiss and WAM increase their offer price for the Kotva shares held by BGO from 131 million czk to 167 million czk, and link the offer to the purchase of 1,098,617 shares of Trend for an additional 128.75 million czk.  The total new offer price was 295.75 million czk.  Paragraph 2 of Exhibit C provides:

> We will attempt to influence Gilroy and Balfindor to withdraw the complaint questioning ownership of assets by Kotva, a.s.  Since we do not exert control over Gilroy and Balfindor or petitions submitted by them, we cannot guarantee a withdrawal of the Complaint. The sale agreement shall be conditional on withdrawal of the existing lawsuits where Gilroy and Balfindor are the plaintiffs.

(Answer ¶30).

17.    Weiss terminated his relationship with Hoffmann in November 2004.  In a November 25, 2004 memorandum, Weiss offered a settlement to Hoffmann that included the provision, "BGO shall purchase your company Gilroy from you."  A true copy of this memorandum is attached as Exhibit G to the Complaint.  (Answer ¶47).

18.    On December 21, 2004, KT purchased 1000 shares of Kotva for 425 czk per share.  On December 23, 2004, KT filed a lawsuit against Kotva, with allegations virtually identical to the Gilroy suit. KT was represented by Peterka and Partners.  (Answer ¶32).

19.    In December 2004, Weiss and Nikitin were the sole directors of KT.  Nikitin and

Weiss made the decision to file the KT lawsuit in consultation with Peterka & Partners.

(Response to Irog. 4).

20.    On December 23, 2004, the same day the lawsuit was filed, Peterka sent a letter to

Bryan Wilson of Linklaters in Prague, stating:

> We have been informed that your law firm represents a group of Irish investors
> that intend to buy the Kotva Department Store in Prague, Czech Republic.  Today
> the company KT, Inc. (as a shareholder of the company Kotva, a.s.) has submitted
> a petition for declaration of ownership to real estate.  In this petition, the plaintiff
> requests the court to declare that the company Kotva, a.s. is the real and true
> owner of the real estate – Kotva Department Store, including the land on which
> the department store is located.

(Answer ¶ 33).

21.    On January 4, 2005, Richard Harazim sent an email to Weiss asking if KT's new

lawsuit would be included as part of November 23, 2004 offer.  (Compl. ¶ 34).

22.    In response to the January 4, 2005 email, Weiss sent an email from Boston

claiming:  "KT is not controlled by Weiss Asset Management; however, if a satisfactory

resolution of all matters can be achieved, I would try to persuade KT to settle its lawsuits, and I

am highly confident that I would be successful in that endeavor."  (Answer ¶34).

23.    In February 2005, Weiss, Hoffmann, and Edita Simkova were criminally charged

with extortion in the Czech Republic.  (K0041-K0046).

24.    In March 2005, Kotva sold its Department Store for approximately $65,000,000.

As a result of litigation filed against Kotva and related entities, approximately $24,000,000 of the

purchase price was held back in escrow and continues to be held in escrow.  (Harazim Decl.

(11/14/06) ¶2; First Amended SPA; Escrow Agreement).

25.     On March 15, 2005, Weiss held a press conference from his office in Boston.

Exhibit E to the Complaint is a true and correct copy of the transcript from that press conference.

During the press conference, Weiss stated:

> I have a fiduciary responsibility to protect the interests of BGO [Brookdale] and its investors**.**  Therefore I had no choice but to instruct my lawyers to take appropriate legal actions.  The main goals of the petitions that my lawyers filed in the Czech courts are very simple – to return the assets of KOTVA and TREND that were transferred to other entities, especially to return shares of KOTVA currently held by FORMINSTER back to TREND and to place the department store back under the control of KOTVA a.s. and its shareholders.

(Answer ¶41).

1.      Kotva, a.s. ("Kotva") was a company organized under the laws of the Czech Republic with a principal place of business in Prague, Czech Republic.  Its principal asset was the Kotva Department Store, located in downtown Prague.

2.      Forminster Enterprises Ltd. is a Cyprus company.  During 2004 it was the controlling shareholder of Kotva a.s.

3.      Andrew Weiss ("Weiss") is an individual who resides in Brookline, Massachusetts. Weiss is the manager and resident agent of Weiss Asset Management ("WAM").

4.      WAM is a Delaware limited liability company, formed on August 1, 2002, with a principal place of business in Boston, MA.

5.      Weiss Capital LLC is a Massachusetts limited liability company with a principal place of business in Boston, MA.

6.      Georgiy Nikitin is an individual who resides in Waltham, Massachusetts.  Nikitin is an employee of Weiss Capital LLC.

7.      In the 1990s, the Czech Value Fund purchased around 39.7% of the outstanding shares of a Czech investment fund called Trend.

8.      In 1997, the Czech Value Fund purchased a block of 11.6% of Kotva shares, through its subsidiary, CVF Investments Ltd. These shares were held for CVF Investments Ltd. by a custodian, first by Bank of Bermuda, and later by HSBC.  In 2000, Czech Value Fund changed its name to Brookdale Global Opportunity Fund or "BGO".  The beneficial owners of BGO's shares in Kotva and Trend are the shareholders of BGO as of September 30, 2002.

9.      Vladimir Hoffmann is an individual residing in the Czech Republic who was engaged by BGO in 2003.

10.     Richard Harazim is an individual who resides in the Czech Republic.  Harazim is a former officer of Kotva.

11.     Martin Benda is an individual residing in the Czech Republic.  He is a former member of Kotva's governing board.

12.     In addition, Harazim and Benda are former directors of Forminster.

13.     On May 12, 2004, there was a meeting in Prague among Weiss, Hoffmann, Harazim, and Benda.

14.     During May 2004, the press reported a pending sale of Kotva's Shopping Center to Irish investors.

15.     On June 23, 2004, a company called Gilroy opened an account at the Securities Centre permitting Gilroy to purchase shares in the Czech Republic. Gilroy purchased one share of Kotva for 430 czk. On June 29, 2004, Gilroy purchased and additional 134 shares of Kotva for 430 czk.

16.     Gilroy filed a lawsuit on June 30, 2004 against Kotva and subsidiaries KN, and SPV KN challenging the previous transfers of the Kotva Department Store from Kotva to KN and from KN to SPV KN.

17.     On July 2, 2004, Ondrej Peterka, the lawyer representing Gilroy, submitted a copy of the lawsuit to the public property registry responsible for the Kotva Department Store with a formal request that the registry note in the public records that a lawsuit disputing SPV KN's ownership of the Department Store had been filed.

18.     K T, Inc. is a Delaware corporation formed in 2004.  Its sole shareholder is CVF Investments Ltd.

19.     On August 27, 2004, Kotva filed a criminal complaint with the Czech police against Weiss, Hoffmann and a woman named Edita Simkova.

20.     On December 21, 2004, CVF Investments Ltd. sold to its subsidiary, K T, Inc. 1000 shares of Kotva for 425 czk per share

21.     On December 23, 2004, K T, Inc. filed a lawsuit against Kotva and two of its subsidiaries, challenging the previous transfers of the Kotva Department Store from Kotva to its subsidiary, and then to its subsidiary's subsidiary.  The allegations and relief sought in K T's lawsuit were virtually identical to the allegations and relief sought in the Gilroy lawsuit. K T was represented by Peterka and Partners.

22.     In December 2004, Andrew Weiss and Georgiy Nikitin were the sole directors of K T. Nikitin and Weiss made the decision to file the K T lawsuit in consultation with Peterka & Partners.

# PLAINTIFFS' TRIAL EXHIBIT LIST 3/28/07

| Number | Date | Description | Bates #/Exhibit # |
|---|---|---|---|
| 1 | 7/1/1995 | Advisory Agreement Brookdale/Weiss | WP 0019500; AW-23 |
| 2 | 7/8/1997 | Contract on Transfer of Shares and Share | WP 0019083; AW-25 |
| 3 | 11/23/2000 | Ernst & Young Report 2000 | K0145-151; 3006-18 |
| 4 | 6/8/2001 | Transfer real estate from Konva to KN | K4964-70; Bates #s to be confirmed |
| 5 | 9/1/2001 | Photos of Konva building/neighborhood | Too large; to be sent under separate cover |
| 6 | 9/25/2001 | Jones Lang LaSalle Letter | WP0000633-644; K4805-15 |
| 7 | 11/27/2001 | Letter Weiss & Golden to Hoffmann | W0001506-7 |
| 8 | 2/1/2002 | Retail Investment Opportunity -- Konva Department Store | M0093-110 |
| 9 | 3/18/2002 | Emails Ben Bannatyne to Harazim | K3671-3709 |
| 10 | 6/17/2002 | Minutes of the Board of Directors Meeting of BGO | WP0009089-91 |
| 11 | 12/16/2002 | Email Ben Bannatyne to Harazim | K3639-3651 |
| 12 | 3/24/2003 | Memo from Hoffmann | WP006193 |
| 13 | 4/23/2003 | Legal Due Diligence Questionnaire | K2954-61 |
| 14 | 5/2/2003 | Email Bryan Wilson to Harazim | K2972-80 |
| 15 | 5/12/2003 | Memo Ton Kemp to Prestage | K3671-3709 |
| 16 | 6/18/2003 | Email Briana Dubrow to Bader | QVT 003210-12 |
| 17 | 6/19/2003 | Draft of Markland's Legal Due Diligence Report -- Project Konva | M0121-293 & AS-24 |
| 18 | 7/17/2003 | Email Ben Bannatyne to Harazim | K3652-4 |
| 19 | 7/18/2003 | Email Prestage to James Woolf | WP0003878-80 |
| 20 | 9/2/2003 | Email Hoffman/Milgram/Weiss | WP 0000005; AW-8 |
| 21 | 9/2/2003 | Email Weiss to Veverka | WP0017777-78 |
| 22 | 9/14/2003 | Email Weiss to Hoffman | WP0000011 |
| 23 | 9/15/2003 | Email Hoffman to Weiss | WP0000020-1 |
| 24 | 9/15/2003 | Letter Weiss to Hoffmann | WP00042292-4; GN-2 |
| 25 | 9/19/2003 | Email Hoffmann to Weiss | W0001026; 3006-23 |
| 26 | 9/29/2003 | Email Hoffmann to Weiss | W0001028 |
| 27 | 10/12/2003 | Email Howard Golden to Emily Golden | WP 0020748; AW-24 |
| 28 | 10/16/2003 | Konva and Markland Agreement on a Future Agreement on Share Purchase | KCI-1539-1581; 3006-19; Bates #s to be confirmed |
| 29 | 10/31/2003 | Mandate for Hoffmann | WP 0006204; CN-3 |
| 30 | 11/19/2003 | Facsimile Ton Kemp to Prestage | M0061-65 |
| 31 | 11/20/2003 | Email Hoffman -- Weiss | W 0010600-1; AW-17 |
| 32 | 11/20/2003 | Email Hoffmann -- Weiss | W 001095; AW-26 |
| 33 | 11/20/2003 | Stipulation and Order of Dismissal | WP0020405-6; AW-27 |
| 34 | 12/2/2003 | Letter Michal Semolan to Dave Johnson | W0001863; 3006-17 |
| 35 | 12/24/2003 | Email Weiss -- Hoffman | WP 0000133; AW-9 |

1

## PLAINTIFFS' TRIAL EXHIBIT LIST 3/28/07

| No. | Date | Description | Bates |
|---|---|---|---|
| 36 | 12/23/2003 | Email Sonya Manzor to Ton Kemp | M0035-7 |
| 37 | 12/31/2003 | CVF Financial Statements | WP0012760-76 |
| 38 | 2004 | Koeva 1999-2005 Annual Reports | Too voluminous; bates #s to be confirmed |
| 39 | 2004 | Letter Weiss/CVF LLC Dissolution | WP0003068-9 |
| 40 | 1/9/2004 | Email Weiss – Bader | QVT 003076; AW-28 |
| 41 | 1/13/2004 | Email Hoffmann to Weiss | WP0000172 |
| 42 | 1/20/2004 | Email Hoffmann to James Woolf & Weiss | W0001129-30 |
| 43 | 2/2/2004 | Letter Anna Oxley to WAM | WP0000236 |
| 44 | 2/23/2004 | Email James Dudley to Frank Walkerb | M0030-34 |
| 45 | 2/26/2004 | Email Hoffmann to Weiss | W0010460 |
| 46 | 3/1/2004 | Email Bader – Weiss | QVT 003065-9; AW-29 |
| 47 | 3/1/2004 | Letter Weiss to Hoffmann | WP0000695-6 |
| 48 | 4/1/2004 | Email Dave Johnson to Hoffmann | W0010423-4 |
| 49 | 4/10/2004 | Transfer real estate to SPV KN | K4971-86; Bates #s to be confirmed |
| 50 | 4/29/2004 | Email Hoffmann to Weiss | WP0000326 |
| 51 | 5/14/2004 | Email James Woolf to Weiss | WP0016656 |
| 52 | 5/17/2004 | Email Bryan Wilson to Harazim | K1644-45 |
| 53 | 5/20/2004 | Email Weiss to Milgram | W0010789-90 |
| 54 | 5/21/2004 | Email Liz Lynch to Frank Walker | M0038-60 |
| 55 | 5/27/2004 | SPV Co. Certificate | K6994 |
| 56 | 5/27/2004 | Email Weiss to Hoffmann | WP0000409-10 |
| 57 | 5/30/2004 | Email Weiss to Svejnar | WP 0000411-13; AW-14 |
| 58 | 3/6/2004 | Timetable for Actions Prior to Completion and Completion Checklist | MARK001103-5 & AS-34 |
| 59 | | No Exhibit No. 59 | |
| 60 | | No Exhibit No. 60 | |
| 61 | 6/4/2004 | Email Briana Dubrow to Milgram & Weiss | WP0000452 |
| 62 | 6/8/2004 | Email Peerka to Weiss | K8084-6 |
| 63 | 6/16/2004 | KT, Inc. | WP0002685-6 |
| 64 | 6/16/2004 | KT, Inc. Written Consent in Lieu of the Initial Meeting of the Board of Directors | WP0006099-100 |
| 65 | 6/24/2004 | Email Dubrow to Hoffmann | WP 0008532-41; GN-10 |
| 66 | 6/24/2004 | Email Hoffmann to Weiss & Milgram | WP 0008522-23 |
| 67 | 6/30/2004 | Gilroy Complaint | WP 0005519-33; GN-6 |
| 68 | 6/30/2004 | Gilroy Complaint; Official Translation to be used at trial | K 0249-265; GN - 7 |
| 69 | 6/30/2004 | Peerka's filing with Property Register | WP0005563 |
| 70 | 7/6/2004 | Hoffmann's Notes | K8059-61 |
| 71 | 7/12/2004 | Letter Peterka to Prestage | M0066-81 & AS-31 |
| 72 | 7/7/2004 | Email Bryan Wilson to Harazim | K1822 |

# PLAINTIFFS' TRIAL EXHIBIT LIST 3/28/07

| # | Date | Description | Bates |
|---|---|---|---|
| 73 | 7/8/2004 | Facsimile Weiss to Boston Private Bank and Trust Company | WP0006192-9194 |
| 74 | 7/12/2004 | Email Bryan Wilson to Harazim | K1837-8 |
| 75 | 7/13/2004 | Email Bryan Wilson to Harazim | K1845-8 |
| 76 | 7/19/2004 | Weiss/KT Indemnify Hoffman | W 0002204; AW-7 |
| 77 | 7/19/2004 | Customer receipt & correspondence between Weiss, Milgram and Boston Private Bank & Trust Company | No Bates |
| 78 | 7/30/2004 | Email Henry Prestage to Harazim | K1921-23 |
| 79 | 8/1/2004 | Letter Nikitin/Weiss to Peterka | K8054 |
| 80 | 8/3/2004 | Email Nikitin to Briana Dubrow | WP0017694-5 |
| 81 | 8/4/2004 | Emails Harazim to Hoffman | K5548-5561 |
| 82 | 8/4/2004 | Benda email | K5551: RH-28 |
| 83 | 8/4/2004 | Email Hoffmann – Weiss/Nikitin | W 0012209-10; GN- 11 |
| 84 | 8/4/2004 | Email Harazim – Hoffmann | K 5550, GN- 12 |
| 85 | 8/4/2004 | Email Benda to Weiss | K 5548-9; K 5561; GN-13 |
| 86 | 8/4/2004 | Bank of Bermuda Security Activity Review | WP0002323-5 |
| 87 | 8/4/2004 | Email Annick Langlois to Nikitin | WP 0002299 – 0002327 |
| 88 | 8/5/2004 | KT Board Meeting Minutes | WP 0002335-6; GN- 8 |
| 89 | 8/5/2004 | Email Henry Prestage to Harazim | K 001925 - 26; RH-24 |
| 90 | 8/6/2004 | Letter Benda to Weiss | W0002812; RH-26 |
| 91 | 8/6/2004 | Email Nikitin to Hoffmann | WP 0002337-8; GN- 14 |
| 92 | 8/9/2004 | Email Hoffmann to Weiss/Nikitin | WP 0002341; GN- 15 |
| 93 | 8/9/2004 | Email Weiss to Hoffmann | WP 0016704-5; GN- 16 |
| 94 | 8/11/2004 | Email from Hoffmann | WP 0000626 |
| 95 | 8/11/2004 | Email Scully to Walker | M0091-2 & AS-36 |
| 96 | 8/12/2004 | KT, Inc. Director Action by Written Consent – signed by Weiss | WP 0002356 |
| 97 | 8/16/2004 | Email Nikitin to Hoffmann/Weiss | WP 0002363-4; GN- 17 |
| 98 | 8/16/2004 | Email Nikitin to Weiss | WP 0002365-6; GN- 20 |
| 99 | 8/17/2004 | Weiss – Benda letter/offer | WP 0002368-9; AW-20 |
| 100 | 8/17/2004 | Email Hoffmann to Nikitin | W 0005287-8; GN- 18 |
| 101 | 8/17/2004 | Email Nikitin to Hoffmann/Harazim | WP 0002372-3; GN- 19 |
| 102 | 8/17/2004 | Email Harazim to Nikitin/Hoffmann | WP 0002377-8; GN- 21 |
| 103 | 8/17/2004 | Hoffmann to Nikitin | WP 0000632; GN- 22 |
| 104 | 8/17/2004 | Email Hoffmann to Nikitin | WP0002367 |
| 105 | 8/17/2004 | BLACKMAIL OFFERS | W0004223-4242; 30b6-29 |
| 106 | 8/18/2004 | Email Nikitin to Hoffmann | WP 0002396-98; GN- 23 |
| 107 | 8/18/2004 | Email Nikitin to Harazim & Hoffmann | WP0002399-2400 |
| 108 | 8/18/2004 | Email Nikitin to Hoffmann | WP 0002401-2; GN- 24 |
| 109 | 8/23/2004 | Nikitin – Benda letter/offer | WP 0002440-1; AW-22 |
| 110 | 8/23/2004 | Letter Weiss to Benda & Harazim | WP0002402 |

# PLAINTIFFS' TRIAL EXHIBIT LIST 3/28/07

| | | | |
|---|---|---|---|
| 111 | 8/23/2004 | Draft of Letter Weiss to Benda & Harazim | WP0002424 |
| 112 | 8/23/2004 | Email Nikitin to Hoffmann | WP 0002423-5; GN- 25 |
| 113 | 8/23/2004 | Email Nikitin to Hoffmann | WP 0002426-7; GN- 26 |
| 114 | 8/23/2004 | Email Hoffmann to Harazim | WP 0002440-1; GN- 27 |
| 115 | 8/25/2004 | Email Bryan Wilson to Harazim | K2031 |
| 116 | 8/27/2004 | Email Harazim to Nikitin | WP 0002446-7; GN- 28 |
| 117 | 8/27/2004 | Email Hoffman – Nikitin | W 0003105-6; GN- 30 |
| 118 | 8/30/2004 | Facsimile Ton Kemp to Walker | MARK001072-4 & AS-28 |
| 119 | 8/31/2004 | Email Peterka to Hoffmann | K8051-3 |
| 120 | 9/1/2004 | Email Hoffmann to Nikitin | WP0002451 |
| 121 | 9/2/2004 | Email Weiss to Nikitin | WP0002459-60 |
| 122 | 9/2/2004 | Agreement for Sale of Shares | WP0007770-71 |
| 123 | 9/13/2004 | Email Henry Prestage to Harazim | K2171 |
| 124 | 9/15/2004 | Email Peterka to Weiss | K8082-3 |
| 125 | 9/16/2004 | Memorandum Wilson to Markland | M0018-21 |
| 126 | 9/20/2004 | Email Henry Prestage to Harazim | K2197-2200 |
| 127 | 9/20/2004 | Email Henry Prestage to Harazim | K2201-12 |
| 128 | 9/24/2004 | Email Nikitin to Jason LeRoux | W0005602-4 |
| 129 | 9/24/2004 | Letter Milgrum to Jason | WP0006201 |
| 130 | 9/27/2004 | Email Henry Prestage to Harazim | K2219 |
| 131 | 9/29/2004 | Email Hoffman to Nikitin | K2219 |
| 132 | 10/4/2004 | Email Hoffmann to Weiss | WP 0000664-662; GN- 31 |
| 133 | 10/4/2004 | Record of the Meeting between companies in the Koiva concern/Assignment | K8087-8 |
| 134 | 10/5/2004 | Email Hoffmann to Weiss | WP0000666-8 |
| 135 | 10/7/2004 | Email Henry Prestage to Harazim | K2229 |
| 136 | 10/8/2004 | KT, Inc. Director Action by Written Consent | WP0002687 |
| 137 | 10/11/2004 | Email Prestage to Walker | M0118-19 |
| 138 | 10/12/2004 | Email Peterka to Weiss | K0060-62 |
| 139 | 10/18/2004 | Email Hoffmann to Weiss | K 0071; GN- 32 |
| 140 | 10/18/2004 | Email Peterka to Weiss | WP 0013980-1; GN- 35 |
| 141 | 10/18/2004 | Email Evzen Kocenda to Weiss | WP0000673-4 |
| 142 | 10/20/2004 | Email Wilson to Harazim | K2259; 3066-10 |
| 143 | 10/21/2004 | Email Nikitin to Hoffmann | K 0073:GN- 33 |
| 144 | 10/26/2004 | Email Prestage to Harazim | K2263; 3066-11 |
| 145 | 10/27/2004 | Email Hoffmann to Yossi Bareh, Nikitin & Weiss | WP0000688 |
| 146 | 11/3/2004 | Email Hoffmann to Weiss | K 0093; GN- 36 |
| 147 | 11/4/2004 | Certificate of Organization of CVF Investments, LLC | WP0006114-16 |
| 148 | 11/8/2004 | Email Henry Prestage to Harazim | K2293-4 |
| 149 | 11/9/2004 | Email Weiss to Hoffmann | K 0048; GN-37 |

4

# PLAINTIFFS' TRIAL EXHIBIT LIST 3/28/07

| No. | Date | Description | Bates |
|---|---|---|---|
| 150 | 11/1/2004 | Nikitin to Hoffmann | WP 0002761; GN- 38 |
| 151 | 11/18/2004 | KT, Inc. Director Action by Written Consent – signed by Weiss | W0002205 |
| 152 | 11/18/2004 | Email Scully to Harazim | K2333 |
| 153 | 11/23/2004 | Weiss letter to Harazim | W 0042230-32; GN- 39 |
| 154 | 11/24/2004 | Email Weiss to Benda/Harazim | WP0021928-29 |
| 155 | 11/25/2004 | Email Weiss to Milgram, Nikitin & Yossi Barath | WP0000702-3 |
| 156 | 11/26/2004 | Email Weiss to Hoffmann | K0050 |
| 157 | 12/1/2004 | Letter Hoffmann to Weiss | WP 0000705-6; GN- 40 |
| 158 | 12/23/2004 | Email Harazim to Weiss | M0089-90 |
| 159 | 12/8/2004 | Facsimile Andrew Dixon-Smith to Harazim | K 0026-30;GN- 41 |
| 160 | 12/8/2004 | Email Nikitin to Harazim | WP 0016784-88; GN- 42 |
| 161 | 12/15/2004 | Email Harazim to Nikitin | WP 0003009; GN- 43 |
| 162 | 12/20/2004 | SPV Co and CRQ Czech Share and Purchase Agreement (Czech) | Bates #s to be confirmed; KCI-2063-2148 (Czech) |
| 163 | 12/23/2004 | KT Complaint; (Czech & English) Official Translation to be used at trial | Bates #s to be confirmed; GN-9 |
| 164 | 12/23/2004 | Letter Peterka to Bryan Wilson | WP 0010188; GN- 44 |
| 165 | 12/31/2004 | CVF Report and Financial Statements | WP 0016182 – 0016197 |
| 166 | 2005 | KT, Inc. Tax Return | WP0012634-36 |
| 167 | 1/4/2005 | Email Henry Prestage to Harazim | K3898-9 |
| 168 | 1/4/2005 | Email Walker to Ms. Schweigelova | M0084 |
| 169 | 1/7/2005 | Email Weiss to Harazim | WP0003060-61 |
| 170 | 1/11/2005 | Email Prestage to Walker | M0082-3 |
| 171 | 1/18/2005 | Email Prestage to Harazim (Frank Walker/KT/suit/let's close anyday) | K2578-9 |
| 172 | 1/19/2005 | Letter Jeffrey Karp to Delaware Division of Corporation | WP0003096 |
| 173 | 1/27/2005 | Email Frank Walker to Harazim | K2632 |
| 174 | 1/28/2005 | Letter Christodoulos Vassiliades to Markland | M0022-29 |
| 175 | 2/3/2005 | Czech Criminal Charge (Czech & English) Official Translation to be used at trial | K0041-46; LB-2 |
| 176 | 2/8/2005 | Email Bader to Weiss | W 0011547-53; AW-11 |
| 177 | 2/9/2005 | Letter Nikitin to Steffens | WP 0014840-46; GN-45 |
| 178 | 2/14/2005 | SPV Co and CRQ Czech Amendment No.1 to Share and Purchase Agreement (Czech & English) | Bates #s to be confirmed; KCI-1958-1971; 3096-21 |
| 179 | 2/18/2005 | Anglo Irish Bank Corporation Memorandum | M0001-2 |
| 180 | 2/21/2005 | Email Weiss to Peterka | WP0016972-16981 |
| 181 | 2/21/2005 | Linklaters to Anglo-Irish Bank Corporation | M0010-21 |
| 182 | 2/25/2005 | Email Bader to Weiss | WP0000796-8 |
| 183 | 3/1/2005 | Escrow Agreement/unredacted | Bates #s to be confirmed |
| 184 | 3/4/2005 | Linklaters, KN & CRQ Czech Deposit Agreement | KCI-2018-2062 |
| 185 | 3/4/2005 | Joint Investment Instruction | M0003-4 |

5

# PLAINTIFFS' TRIAL EXHIBIT LIST 3/28/07

| # | Date | Description | Bates |
|---|------|-------------|-------|
| 186 | 3/4/2005 | Letter to SPV KN, a.s. from Walker | M0007-9 |
| 187 | 3/15/2005 | Letter Michael Kendall to David Drumm RE: Markland's Acquisition of Kotva | WP0000838-40 |
| 188 | 3/15/2005 | Weiss video statement at 3/15/05 press conference | WP0000831-2 |
| 189 | 3/15/2005 | Letter Michael Kendall to Dermot Gleeson RE: Markland's Acquisition of Kotva | WP0017852 |
| 190 | 3/17/2005 | Email Weiss to Forbes | WP0014172-3; GN- 48 |
| 191 | 3/21/2005 | Email Nikitin to Heidi Brown | WP0003499 |
| 192 | 3/28/2005 | Email Heidi Brown to Weiss | WP0000995-7 |
| 193 | 4/4/2005 | Memo Walker to Scully RE Current Status of "Kotva" Litigation | M0115-17 |
| 194 | 4/15/2005 | Email Nikitin on behalf of Weiss to Joseph Stiglitz | WP0016820 |
| 195 | 4/15/2005 | KT, Inc. Director Action by Written Consent | Bates #s to be confirmed |
| 196 | 4/28/2005 | Email Weiss to Peter Green | WP0014137-9 |
| 197 | 5/14/2005 | Email Nikitin to Milgram | WP0004412-14; EM-12 |
| 198 | 5/16/2005 | Email Nikitin/Weiss to Jason Thomas RE Kochis Fitz request for information | WP 0004637; GN- 46 |
| 199 | 5/20/2005 | Letter to Investors | Fitz0095; LB-18; Bates #s to be confirmed |
| 200 | 6/2/2005 | Letter Christina Loizou to Nikitin | WP0014950-14957 |
| 201 | 6/10/2005 | Email Weiss to Nick Carey | WP 0014148-9; A W-2 |
| 202 | 6/10/2005 | Email Weiss to Nick Carey | WP0014150 |
| 203 | 6/23/2005 | Email Joseph Stiglitz to Weiss | WP0015517-18 |
| 204 | 7/6/2005 | Letter Weiss to Mr. & Mrs. David Waxman | WAX000202-203; Bates #s to be confirmed |
| 205 | 7/29/2005 | Power of Attorney - signed by Arlene Nahikian | WP0005714 |
| 206 | 8/4/2005 | Email Nikitin to Weiss RE: email to Lenka Zemanova | WP0012130-1 |
| 207 | 8/29/2005 | Email Weiss to Nikitin & Milgram | WP0015475 |
| 208 | 9/5/2005 | Email Weiss to William Green | WP0015469-70 |
| 209 | 9/13/2005 | Email Nikitin/Weiss to Stetson/Kerry | WP 0015459; A W-4 |
| 210 | 9/19/2005 | Email Nikitin to New York Times | WP 0014634-5; GN- 47 |
| 211 | 9/19/2005 | Email Nikitin to New York Times | WP 0014632-33; GN- 49 |
| 212 | 11/7/2005 | Letter from Ambassador Palous to Congressman Barney Frank | WP0012427; LB-11 |
| 213 | 11/24/2005 | Email Nikitin to William Green | WP 0015385 -- 87 |
| 214 | 11/30/2005 | Czech Republic Police Resolution - Official Translation to be used at trial | K7994-8014 |
| 215 | 12/7/2005 | CVF Resolution | W0006114; LB-27 |
| 216 | 12/8/2005 | Letter Bryan Wilson to Markland | M0111-14 |
| 217 | 12/12/2005 | Email Nikitin to Weiss | WP 0016351 -- 53 |
| 218 | 12/21/2005 | Topinka's Appeal to Czech Constitutional Court; Czech & English - Official Translation to be used at trial | WP 0017080-085; GN- 4 & 5 |
| 219 | 12/31/2005 | CVF Financial Statements | WP 0012985-0013001; A W-19 |
| 220 | 12/31/2005 | SPV CO December 31, 2005 Financial Statement | K. 6398-6416; RH- 5 |

## PLAINTIFFS' TRIAL EXHIBIT LIST 3/28/07

| 221 | 12/31/2005 | Financial Statements of BGO Fund | WP0021582-652 |
|-----|------------|----------------------------------|---------------|
| 222 | 1/5/2006 | Email Weiss to Bader | QVT002209-14; Bates #s to be confirmed |
| 223 | 1/12/2006 | Email Frank Lowenstein to Weiss | WP00012217-20 |
| 224 | 1/31/2006 | Letter from High State Prosecutor to Topinka Official Translator | WP0013770-1; LB-9 |
| 225 | 2/1/2006 | Email Nikitin to Steve Ross | WP 0015215-1G; AW-5 |
| 226 | 3/1/2006 | Email Nikitin to Milgram, Weiss & Marta Sliborska | WP0017927-8 |
| 227 | 4/3/2006 | Email Weiss to Bader, Marta Sliborska & Nikitin | WP0015031-32; LB-24 |
| 228 | 5/17/2006 | Email Nikitin to Jennifer Levitz @ WSJ | WP 0018192; GN- 34 |
| 229 | 8/7/2006 | Email Weiss to Bader encl. Loan Agreement | WP0021112 |
| 230 | 8/30/2006 | Email Weiss to Paul Steiger RE: Request for correction of errors in WSJ story | WP0021130-33 |
| 231 | 12/31/2006 | CVF Investments Ltd. Report and Financial Statements | WP0022634-49 |
| 232 | | Email Nikitin – Hoffman | WP 0002398; AW-21 |
| 233 | | Letter Weiss to Senator Biden | WP 0012884- WP 0015406 |
| 234 | | Power of Attorney, KT, Inc. authorizing BH Securities a.s. | WP 0005976 – 77 |
| 235 | | List of ring fenced asset holders | W0004068-69 |
| 236 | | Letters Weiss to Alexandra McKnight | WP 00142274-5 |
| 237 | | Hoffmann Resume | WP 0000034 – 36 |
| 238 | | Trend Settlement Agreement | K 0099-114; 3086-4 |
| 239 | | Votes approving Harazim and Benda to Kolva Board | K5046-5046; K5675-79 Bates #s to be confirmed |
| 240 | 7/8/2005 | SPV Co. Certificate | K5106 |
| 241 | | Power of Attorney, KT, Inc. authorizing BH Securities a.s., signed by Nikitin | WP0002601 |
| 242 | | CVF Settlement Confirmations | WP0008887 |
| 243 | | Schedule for Weiss for the week of May 8- May 14, 2004 | WP0001791-5 |
| 244 | | WAM Chart | W0004260 |
| 245 | | Memo from Criminal File | K8047-50 |
| 246 | | BGO draft press release | K8055-6 |
| 247 | | Svobodova Memorandum | K8062-67 |
| 248 | | Trade Confirmation | WP0020902 |
| 249 | | Investment documents & contracts | K7947-56; K8015-34; K7269-73; K8116-23 |
| 250 | | J&T Bank bills of exchange & related documents | K7513-18; K8124-35 |
| 251 | | J&T Bank statements up to 3/31/06 | K7980-81; K7993; K8112-15 |
| 252 | | UBS Bank statements up to 3/31/06 | K79955A-66A; K7967-77; K8093-8111 |
| 253 | | Legal bills of Koiva | K 8136-74 |
| 254 | 10/2/2004 | Hoffmann memorandum | K 0075-78; RH #15 |
| 255 | 1/15/2007 | Weiss to Nikitin | WP 0022186 |

## PLAINTIFFS' TRIAL EXHIBIT LIST 3/28/07

| | | | |
|---|---|---|---|
| 256 | 11/4/2006 | Vivian to Weiss | WP 0022189-94 |
| 257 | 9/7/2006 | Putka to Weiss | WP 0021056-57 |
| 258 | 8/25/2006 | Nikitin to Weiss | WP 0021479-80 |
| 259 | | Power of Attorney | WP 0021921 |
| 260 | 10/25/2004 | Hoffmann to Barati/Weiss | WP 679-687 |
| 261 | | Letters sent by Weiss | QVT 3852 - 56 |
| 262 | 4/14/2005 | Nikitin to Golden | WP 3937 - 8 |
| 263 | 8/31/2005 | Nikitin to HSBC | WP 0012139 |
| 264 | 3/22/2005 | Braun to Weiss | WP 910-911 |
| 265 | 2/1/2006 | Weiss to Nikitin | WP 0015217 |
| 266 | 3/7/2003 | Memo from Hoffmann | WP 0021925-27 |
| 267 | 12/23/2004 | Peterka to Land Registry | WP 0009529 |
| 268 | 1/12/2006 | Lowenstein to Weiss | WP 001226-30 |
| 269 | | 2000 Transfer of Kotva to KN | Bates #s to be confirmed |
| | | | To voluminous to include; K8175-8476; Bates #s to be confirmed |
| 271 | | IPB Arbitration Decision | |
| 272 | 3/15/2002 | Memo to Kotva/Jones Lang | Bates #s to be confirmed |
| 273 | | All exhibits attached to Kotva's Complaint filed in this case | |
| 274 | | Trend Court decision | K 8477-8478 |
| | | Any documents identified and/or relied upon by defendants expert | |
| | | Czech Police Recordings | Awaiting receipt from Czech Republic |
| | | | Awaiting production from Defendants/and from Czech Republic |
| | | Pleadings from IPB/RIF lawsuits filed in Czech Republic and official translations thereof | |
| | | Any of the documents produced by Defendants on March 23, 2007 (Bates nos. WP22842-WP23619) and official translations thereof, including complaints filed by Weiss parties against Markland | WP 22842-23619 |
| | | Any documents produced by Defendants in response to Plaintiffs counsel's letter dated March 15, 2007 and awaiting response from Defendants | |
| | | Any of the deposition exhibits marked at the depositions of Scully and Mulryan that have yet to be produced to Plaintiffs | |
| | | Any exhibits identified by Defendants and any rebuttal exhibits | |
| | | UBS and J&T bank statements up to the trial date to the extent needed for rebuttal purposes | |

8

Defendants' List of Exhibits

| Trial Ex. | Date | Description | Bates Numbers |
|---|---|---|---|
| 1 | 2003/09/06 | Email from J. Veverka to Weiss | WP0000007 |
| 2 | 2003/11/10 | Email V. Hoffmann to A. Weiss (cc: E. Milgram; D. Johnson) | WP0000096-WP0000097 |
| 3 | 2003/11/28 | Email from V. Hoffmann to D. Johnson (cc: A. Weiss; E. Milgram) | WP0000125 |
| 4 | 2003/12/08 | Email from V. Hoffmann to A. Weiss (cc: E. Milgram, D. Johnson) | WP0000137 |
| 5 | 2003/12/18 | Email from A. Weiss to V. Hoffmann (cc: D. Johnson; E. Milgram) | WP0000153-WP0000155 |
| 6 | 2003/12/19 | Email from V. Hoffmann to A. Weiss (cc: E. Milgram; D. Johnson) | WP0000160 |
| 7 | 2003/12/23 | Email from V. Hoffmann to E. Milgram; A. Weiss | WP0000165 |
| 8 | 2004/03/25 | Email from V. Hoffmann to A. Weiss (cc: R. Woo; E. Milgram; D. Johnson) | WP0000300-WP0000302 |
| 9 | 2004/03/25 | Email from A. Weiss to V. Hoffmann (cc: D. Johnson, E. Milgram, G. Nikitin) | WP0000303 |
| 10 | 2003/07/16 | Letter | WP0000336-WP0000337 |
| 11 | 2004/05/06 | Email from V. Hoffmann to G. Nikitin | WP0001759-WP0001763 |
| 12 | 2003/07/18 | Email from H. Prestage to J. Woolf (cc: B. Wilson) | WP0007772-WP0007774 |
| 13 | 2003/12/22 | Letter in Czech | WP0007786-WP0007787 |
| 14 | 2004/06/03 | Email from V. Hoffmann to A. Weiss (cc: E. Milgram, D. Johnson) | WP0008406 |
| 15 | xxxx/xx/xx | Miscellaneous news articles | WP0008845-WP0008858 |
| 16 | 2005/xx/xx | Annual Report | WP0021539-WP0021569 |
| 17 | 1995/08/04 | News article | WP0001197 - WP0001200 |
| 18 | 1996/xx/xx | Chart | WP022838-WP022841 |
| 19 | 1997/05/13 | Czech document | WP0010834-WP0010836 |
| 20 | 2003/12/31 | Financial Statements | WP0004152-WP0004192 |
| 21 | 2001/06/20 | Benda testimony | WP0022790-WP0022792 |
| 22 | 2001/06/20 | Harazim testimony | WP0022793-WP0022795 |
| 23 | 2003/07/01 | Chart | WP022824-WP022825 |
| 24 | 2003/09/19 | Email from V. Hoffmann to A. Weiss | WP0000049 |
| 25 | 2004/01/01 | Chart | WP022830-WP022832 |
| 26 | 2004/05/02 | News article | WP022837 |
| 27 | 2004/05/12 | Report of Conduct | WP0005911 |
| 28 | 2004/07/01 | Chart | WP022826-WP022827 |
| 29 | 2004/08/20 | Email from V. Hoffmann to G. Nikitin | WP0000662 |
| 30 | 2004/10/15 | Czech document | WP0002022-WP0002036 |
| 31 | 2005/01/01 | Chart | WP022833-WP022834 |

Defendants' List of Exhibits

| Trial Ex. | Date | Description | Bates Numbers |
|---|---|---|---|
| 32 | 2005/05/26 | Letter | WP022820-WP022821 |
| 33 | 2005/05/26 | Letter | WP022822-WP022823 |
| 34 | 2005/06/20 | Letter | WP022819 |
| 35 | 2005/07/01 | Chart | WP022828-WP022829 |
| 36 | 2005/09/12 | Letter | WP022805-WP022811 |
| 37 | 2006/01/01 | Chart | WP022835-WP022836 |
| 38 | 2007/02/13 | Legal & Regulatory Questionaire | WP0022801-WP0022803 |
| 39 | 2007/02/13 | Email from J. Van Vort to G. Nikitin (cc: M. Sluborska) | WP022804 |
| 40 | xxxx/xx/xx | Cambridge Associates Questionaire | WP0022798-WP0022800 |
| 41 | xxxx/xx/xx | Blank form letter | WP022812-WP022818 |
| 42 | 2004/01/05 | Letter | WP0007788 |
| 43 | 2003/08/08 | Czech document | WP0009545-WP0010112 |
| 44 | 1999/09/xx | Memorandum | WP0005923-WP0005937 |
| 45 | 2006/11/17 | Special Master Order 10 | |
| 46 | 2007/01/26 | Special Master Order 11 on Plaintiff's Motion for Protective Order | |
| 47 | 2007/01/27 | Special Master Order 12 on Motion for Sanctions and to Compel Production of Documents and Answers to Interrogatories by Richard Harazim | |
| 48 | 2003/01/10 | Letter | WP0011684 |
| 49 | 2003/09/xx | Resume of V. Hoffmann | WP0005920-WP0005922 |
| 50 | 2004/03/08 | Czech document | WP0010839-WP0010859 |
| 51 | 2004/05/26 | Email from E. Milgram to A. Weiss with attachment | WP0000400-WP0000403 |
| 52 | 2004/05/27 | Email from A. Weiss to E. Milgram (cc: V. Hoffmann) | WP0000408 |
| 53 | 2004/06/07 | Email from A. Weiss to J. Woolf | WP0000464 |
| 54 | 2002/02/27 | UK Arbitration Decision | WP0012241-WP0012285 |
| 55 | 2004/08/17 | Email from R. Harazim to G. Nikitin, V. Hoffmann (cc: A. Weiss) | WP0000630-WP0000631 |
| 56 | 2006/xx/xx | Czech document | WP0022170-WP0022173 |
| 57 | 2006/xx/xx | Czech document | WP0022174-WP0022178 |
| 58 | 2004/05/13 | News article | WP0000624 |
| 59 | 2004/05/16 | News article | WP0000628 |
| 60 | 1996/10/23 | Power of Attorney | WP0010189-WP0010196 |
| 61 | xxxx/xx/xx | News article | WP0010601 |
| 62 | 2004/06/03 | Email from A. Weiss to J. Woolf | WP0016673-WP0016676 |
| 63 | 2004/11/23 | Email from A. Weiss to R. Harazim (cc: A. Weiss) with attachment | WP0000699-WP0000701 |
| 64 | 2004/12/01 | Email from R. Harazim to A. Weiss | WP0000705-WP0000706 |
| 65 | 2004/12/03 | Email from R. Harazim to A. Weiss | WP0000708-WP0000709 |

Defendants' List of Exhibits

| Trial Ex. | Date | Description | Bates Numbers |
|---|---|---|---|
| 66 | 2004/05/10 | Email from G. Nikitin to V. Hoffmann | WP0001798-WP0001799 |
| 67 | 2004/05/17 | Email from V. Hoffmann to A. Weiss (cc: E. Milgram, D. Johnson, B. Dubrow) with attachment | WP0001815-WP0001817 |
| 68 | 2004/08/09 | Email from G. Nikitin to V. Hoffmann | WP0002340 |
| 69 | xxxx/xx/xx | Chart | WP0003942 |
| 70 | xxxx/xx/xx | Chart | WP0003945-WP0003949 |
| 71 | 2004/03/09 | Articles of Kotva | WP0006399-WP0006412 |
| 72 | 2004/03/05 | Email from D. Johnson to R. Brehaut (cc: V. Hoffmann) | WP0008204-WP0008205 |
| 73 | 2004/03/22 | Email from R. Brehaut to D. Jounson (cc: J.LeRoux) | WP0008218-WP0008221 |
| 74 | 2006/02/01 | Email from G. Nikitin to G. Tooke (cc: P. Sherman) | WP0009268-WP0009270 |
| 75 | 2005/08/11 | Email from M. Newallo to R. Avni, E. Milgram (cc: W. Woolston) | WP0016634-WP0016635 |
| 76 | 2004/11/10 | Email from V. Hoffmann to A. Weiss | WP0016764 |
| 77 | 2000/03/14 | Minutes | WP0017040-WP0017053 |
| 79 | 2004/06/30 | Gilroy Petition | K0000250-K0000265 |
| 79 | 2004/10/13 | Email from A. Scully to R. Harazim, H. Prestage, F. Walker, B. Wilson | K002257-K002258 |
| 80 | 2004/12/17 | Email from H. Prestage to A. Scully, F. Walker | MARK000980-MARK000981 |
| 81 | 2005/01/04 | Email from H. Prestage to R. Harazim (cc: B. Wilson, A. Scully, F. Walker) | K3898-K3899 |
| 82 | 2005/01/06 | Email from A. Weiss to R. Harazim | K000037-K000038 |
| 83 | 2004/09/15 | Czech document | WP0019243-WP0019247 |
| 84 | 2005/01/12 | Czech document | WP0019248-WP0019250 |
| 85 | 2004/09/09 | Czech document | WP0019239-WP0019242 |
| 86 | 2004/11/30 | Email from B. Wilson to R. Harazim | K2346 |
| 87 | 2004/10/25 | Email from R. Harazim to Z. Kubica, J. Nekola | K6257 |
| 88 | 2004/11/25 | Letter | K6171 |
| 89 | 2004/12/00 | Czech document | K6248-K6256 |
| 90 | 2005/03/29 | Letter | K6168 |
| 91 | 2005/06/16 | Deed of Indemnity | |
| 92 | 2005/06/16 | Deed of Indemnity | K6172-K6220 |
| 93 | 2006/07/24 | Czech document | |
| 94 | 2003/09/15 | Letter | WP0004292-WP0004294 |
| 95 | 2003/10/31 | Mandate Agreement | WP0006204 |
| 96 | 2004/06/30 | Czech document | WP0000519-WP0000533 |
| 97 | | Intentionally Omitted | |

Defendants' List of Exhibits

| Trial Ex. | Date | Description | Bates Numbers |
|---|---|---|---|
| 98 | | **Intentionally Omitted** | |
| 99 | 2004/06/24 | Email from B. Dubrow to V. Hoffmann (cc: E. Milgram) | WP0008532-WP0008541 |
| 100 | 2004/08/04 | Email from R. Harazim to V. Hoffmann | K5550 |
| 101 | 2004/08/06 | Email from G. Nikitin to V. Hoffmann (cc: A. Weiss) | WP0002337-WP0002338 |
| 102 | 2004/08/09 | Email from V. Hoffmann to G. Nikitin and A. Weiss | WP0002341-WP0002343 |
| 103 | 2004/08/16 | Email from G. Nikitin to V. Hoffmann, A. Weiss | WP0002363-WP0002364 |
| 104 | 2004/08/17 | Email from G. Nikitin to V. Hoffmann, R. Harazim (cc: A. Weiss) with letter attached | WP0002372-WP0002373 |
| 105 | 2004/08/17 | Email from R. Harazim to G. Nikitin, V. Hoffmann (cc: A. Weiss) | WP0002377-WP0002378 |
| 106 | 2004/08/17 | Email from V. Hoffmann | WP0000632 |
| 107 | 2004/08/18 | Email from G. Nikitin to V. Hoffmann with attachment | WP0002396-WP0002398 |
| 108 | 2004/08/23 | Email from G. Nikitin to V. Hoffmann (cc: A. Weiss, E. Milgram) with letter attached | WP0002426-WP0002427 |
| 109 | 2004/08/23 | Email from V. Hoffmann to R. Harazim (cc: G. Nikitin) with letter attached | WP0002440-WP0002441 |
| 110 | 2004/08/27 | Email from R. Harazim to G. Nikitin | WP0002446-WP0002447 |
| 111 | 2004/09/29 | Email from V. Hoffmann to G. Nikitin | WP0002656 |
| 112 | 2004/10/04 | Email from V. Hoffmann to A. Weiss | WP0000664, WP0000662 |
| 113 | | **Intentionally Omitted** | |
| 114 | 2004/11/23 | Email from A. Weiss to R. Harazim (cc: A. Weiss) with letter attached | WP0004125-WP0004127 |
| 115 | 2004/12/01 | Email from R. Harazim to A. Weiss | WP0000705-WP0000706 |
| 116 | 2004/12/15 | Email from R. Harazim to G. Nikitin | WP0000309 |
| 117 | 2004/12/23 | Letter | WP0010188 |
| 118 | 1997/05/13 | Czech document | WP0009530 - WP0009532 |
| 119 | 1999/12/21 | Settlement Agreement | K0099-K0114 |
| 120 | 1999/11/30 | Certificate | WP0001533 |
| 121 | 2002/05/06 | Certificate | WP0001534 |
| 122 | 2004/10/21 | Memorandum | K0075-K0078 |
| 123 | 2003/11/28 | Email from V. Hoffmann to D. Johnson (cc: A. Weiss; E. Milgram) | WP0000125 |
| 124 | 2003/12/02 | Letter | WP0004285 |

Defendants' List of Exhibits

| Trial Ex. | Date | Description | Bates Numbers |
|---|---|---|---|
| 125 | 2000/11/23 | Memorandum | K0145-K0151 |
| 126 | 2003/10/16 | Agreement | KC 1-1539-KC 1-1581 |
| 127 | 2003/09/19 | Email from V. Hoffmann to A. Weiss | WP0001026 |
| 128 | 2004/08/09 | Email from V. Hoffmann to G. Nikitin, A. Weiss | WP0000622 |
| 129 | 2004/08/06 | Letter | WP0002343 |
| 130 | 2004/08/18 | Czech document | K5077-K5078 |
| 131 | 2004/08/20 | Email from B. Wilson to R. Harazim | K2259 |
| 132 | 2005/01/11 | Email from H. Prestage to R. Harazim | K2576 |
| 133 | 2005/12/19 | Certificate | |
| 134 | 2005/03/16 | Czech document | |
| 135 | 2005/01/19 | Czech document | K5079-K5080 |
| 136 | 2005/03/16 | Czech document | K5472-K5547 |
| 137 | 2005/01/26 | Escrow Agreement | KC 1-1937-KC 1-1963 |
| 138 | 2005/01/19 | Email from B. Wilson to R. Harazim (cc: H. Prestage, F. Walker, A. Scully) | K2583 |
| 139 | 2003/07/18 | Email from H. Prestage to R. Harazim | K628-K630 |
| 140 | 2005/07/18 | News article | WP0009297-WP0009298 |
| 141 | 2003/08/20 | Email from H. Prestage to R. Harazim | K557 |
| 142 | 2004/10/26 | Email from R. Harazim to H. Prestage | K2263-K2264 |
| 143 | 2004/12/20 | Share Purchase Agreement | KC 1-2641-KC 1-2689 |
| 144 | xxxx/xx/xx | Kotva Price Tracker | MARK000079 |
| 145 | 1998/01/21 | Report of Ministry of Finance -- in Czech and English | WP0011348-WP0011380 |
| 146 | 1997/11/04 | Liechtenstein Cour Order | WP0000799-WP0000804 |
| 147 | 2003/07/16 | Email from Bannatype to Harazim | K003652-K003654, K003655-K003657 |
| 148 | 2003/08/14 | Fax message to Markland | WP0003868 |
| 149 | 2004/01/20 | Purchase agreement with Markland signed | K1075 to K1124; KC 1-1796-KC 1-1834 |
| 150 | 2003/04/23 | Email from Wilson to Toman@iustitia.cz | MARK000043-MARK000044 |
| 151 | 2003/05/12 | Memorandum from T. Kemp to Prestage and Wilson | MARK000038-MARK000040 |
| 152 | 2004/08/30 | Fax from Ton Kemp to Walker (cc: Wilson) | MARK001072-MARK001074 |
| 153 | 2004/06/03 | Timetable and Checklist | MARK001103-MARK001105 |

Defendants' List of Exhibits

| Trial Ex. | Date | Description | Bates Numbers |
|---|---|---|---|
| 154 | 2005/01/11 | Email chain from Prestage to Walker | MARK000964-MARK000983 |
| 155 | 2005/01/27 | Emai from Harazim to Wilson, Walker, Scully, and Presatge | MARK000492 |
| 156 | 2005/01/17 | Email chain from Prestage to Walker (cc: Scully) | MARK000497-MARK000499 |
| 157 | 2004/07/02 | Letter from Peterka to Prestage | MARK000948-MARK000963 |
| 158 | 2004/11/11 | Email from Prestage to Harazim (cc: Wilson, Scully, Walker) | MARK001233-MARK001238 |
| 159 | 2005/06/16 | Deed of Indemnity with Woolf | K6487-K6500 |
| 160 | 2006/11/21 | Letter from William Fry regarding documents | MARK000002-MARK000003 |
| 161 | 2004/06/03 | Email from Weiss to J. Woolf | WP0016673-WP0016676 |
| 162 | 2002/12/02 | Memorandum | WP0011713-WP0011718 |
| 163 | 2006/07/29 | Economist Article, "Judge or be judged" | WP0023111 |
| 164 | xxxx/xx/xx | Kotva trades from Bloomberg | WP0023112-WP0023115 |
| 165 | xxxx/xx/xx | "Effects of Ownership by Investment Funds on the Performance of Czech Firms" | WP0023116-WP0023143 |
| 166 | 2004/09/22 | Email chain from H. Prestage to R. Harazim re: Indemnity | K2214-K2215 |
| 167 | 2004/08/06 | Email from B. Wilson to R. Harazim (cc: F. Walker, A. Scully) | K1929 |
| 168 | 2004/07/23 | Email from B. Wilson to R. Harazim (cc: F. Walker, A. Scully, H. Prestage) | K1862-K1881 |
| 169 | 2004/08/24 | Email from B. Wilson to R. Harazim (cc: A. Scully, F. Walker, T. Kemp) | K2026-K2027 |
| 170 | 2004/02/05 | Email from T. Kemp to R. Harazim (cc: B. Wilson, H. Prestage) | K1462 |
| 171 | 2004/06/09 | Email from B. Wilson to F. Smeja (cc: R. Harazim) | K1752-K1755 |
| 172 | 2004/07/12 | Email from B. Wilson to R. Harazim (cc: I. Quarles van Uffordova) | K1841-K1843 |
| 173 | 2004/07/13 | Email from B. Wilson to R. Harazim | K1845-K1848 |
| 174 | 2004/10/05 | Email from B. Wilson to R. Harazim (cc: A. Scully, F. Walker) | K2221-K222 |
| 175 | 2004/10/20 | Email from B. Wilson to R. Harazim | K2259-K2260 |
| 176 | 2004/10/27 | Email chain from B. Wilson to R. Harazim | K2265-K2267 |
| 177 | 2004/10/29 | Email from B. Wilson to R. Harazim, F. Walker, A. Scully, H. Prestage | K2274-K2275 |
| 178 | 2005/02/03 | Hoffmann statement | WP0019259-WP0019264 |
| 179 | 2005/02/03 | Simkova statement | WP0019253-WP0019258 |

Defendants' List of Exhibits

| Trial Ex. | Date | Description | Bates Numbers |
|---|---|---|---|
| 180 | 2005/06/15 | Seidl Alexander Testimony | WP0019275-WP0019279 |
| 181 | 2005/07/27 | Woolf statement | WP0019280-WP0019283 |
| 182 | 2005/05/03 | Streitberg statement | WP0022784-WP0022789 |
| 183 | 2004/08/17 | Email from R. Harazim to H. Prestage | K1981 |
| 184 | 2006/03/15 | Letter | K6501-K6504 |
| 185 | 2006/06/09 | Letter | K6505 |
| 186 | 2006/06/09 | Letter | K6506 |
| 187 | 2006/06/09 | Letter | K6507 |
| 188 | 2006/06/09 | Letter | K6508 |
| 189 | 2005/04/06 | Complaint | |
| 190 | 1996/12/05 | Bank document | WP0023620-WP0023632 |
| 191 | 2006/01/26 | Subpoena to Kochis Fitzhugh | |
| 192 | 2006/01/25 | Subpoena to QVT | |
| 193 | 2006/01/11 | Subpoena to Waxman | |
| 194 | 2005/02/17 | Prague Post article -- The Trouble with Kotva | WP0004220-WP0004225 |
| 195 | 2006/02/04 | Mlada Fronta Dnes news article, "Akcie Kotvy neuhlidal ani soud" | WP0009501 |
| 196 | 2004/08/19 | Email from Walker to hbulejkova@markland.ie | MARK001080 |
| 196 | 2004/10/13 | Email from Rozehnal to Walker, Scully (cc: Wilson) | MARK001079 |
| 197 | 2005/10/24 | Czech lititgation documents | K6069-K6081 |
| 198 | 2005/03/16 | Czech lititgation documents | K6082-K6088 |
| 199 | 2004/12/10 | Czech lititgation documents | K6089-K6103 |
| 200 | 2005/04/25 | Czech lititgation documents | K6104-K6106 |
| 201 | 2005/03/29 | Czech lititgation documents | K6107-K6110 |
| 202 | 2005/03/29 | Czech lititgation documents | K6111-K6114 |
| 203 | 2005/02/28 | Czech lititgation documents | K6115-K6121 |
| 204 | 2005/01/10 | Czech lititgation documents | K6122-K6124 |
| 205 | 2004/12/10 | Czech lititgation documents | K6125-K6129 |
| 206 | 2006/xx/xx | Czech lititgation documents | K6130-K6134 |
| 207 | 2006/01/09 | Czech lititgation documents | K6135-K6143 |
| 208 | 2006/xx/xx | Benda and Harazim Testimony, in Czech | WP0023633-WP0023636 |
| 209 | 2004/01/05 | Letter re: Reaction to the request to summon an extraordinary general meeting | WP0023637-WP0023640 |
| 210 | 2001/06/20 | Harazim testimony, in English | WP0023641-WP0023649 |
| 211 | 2001/06/20 | Benda testimony, in English | WP0023650-WP0023658 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-WGY |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## KOTVA'S PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Order dated October 17, 2006, plaintiff Kotva a.s ("Kotva")

respectfully submits the following proposed jury instructions as to Counts II through VII in the

Complaint:

| Count | Claim | Instruction |
|---|---|---|
| Count VII | Tortious Interference with Advantageous Relations | Instructions 1-6 |
| Count IV | Violation of M.G.L. Ch. 93A | Plaintiff will supplement following determination of whether the claim will be presented to the jury (actual or advisory)[1] |
| Count V | Abuse of Process | Instructions 7-10 |
| Count II | Violation of 18 U.S.C. § 1962(c) – RICO | Instructions 11-25, 28-30 |
| Count III | Violation of 18 U.S.C. § 1962(d) – RICO | Instructions 26-30 |

---

[1] Pursuant to Fed. R. Civ. P. 39(c), the jury may decide plaintiff's Chapter 93A claim if all parties consent. Additionally, the Court has discretion to submit the claim to an advisory jury upon motion or its own initiative. Kotva respectfully requests that its Chapter 93A claim be submitted to the jury.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

### Tortious Interference with Advantageous Business Relations--Elements

The plaintiff claims in this case that it had a contemplated a prospective business relationship with the Irish Investors and that the defendants improperly interfered with that prospective business relationship. In order to prevail on this claim of improper interference with a prospective business relationship, the plaintiff must prove by a preponderance of the evidence the following elements of its claim:

1.  that the plaintiff had a prospective business relationship with the Irish Investors with the probability of future economic benefit for the plaintiff;

2.  that the defendants knew about the plaintiff's prospective business relationship with the Irish Investors, and intentionally induced or caused the Irish Investors not to enter into or continue the prospective relationship, or prevented the plaintiff from acquiring or continuing the prospective relationship;

3.  that the defendants' interference with the plaintiff's prospective business relationship with the Irish Investors, in addition to being intentional, was improper in motive or in means; and

4.  that the plaintiff was harmed by the defendants' actions.


Shea v. Emmanuel College, 425 Mass. 761, 764 (1997); United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 815-816 (1990); Comey v. Hill, 387 Mass. 11, 19 (1982); Hon. Patrick F. Brady, Massachusetts Superior Court Civil Practice Jury Instructions, §12.5.1 (MCLE 1998 & Supp. 2001).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**

**Existence of Prospective Business Relationship**

In order to show that it had a prospective business relationship with the Irish Investors, the plaintiff need not establish that it actually had entered into any specific contract or agreement with the Irish Investors. Rather, it is sufficient if you find from the evidence that there were either prior dealings or a prior course of conduct between the plaintiff and the Irish Investors, from which the plaintiff had a reasonable expectation of future economic benefit. The plaintiff must show this expected benefit with some degree of specificity, demonstrating that it was a realistic expectation, but need not show reasonable expectation of future economic benefit with certainty, because prospective things in nature are necessarily uncertain. The law requires more than a mere hope or optimism; what is required is a reasonable likelihood or probability.

Powers v. Leno, 24 Mass. App. Ct. 381, 385 (1987); Owen v. Williams, 322 Mass. 356, 362 (1948); Hon. Patrick F. Brady, Massachusetts Superior Court Civil Practice Jury Instructions, §12.5.2 (MCLE 1998 & Supp. 2001).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

### Requirement of Knowledge

To find for the plaintiff, you must also find that the defendants knew of the existence of the prospective business relationship between the plaintiff and the Irish Investors. The requirement of knowledge may be found if, from the facts and circumstances of which the defendants had knowledge, the defendants should have known of the existence of the prospective business relationship between the plaintiff and the Irish Investors.

Keene Lumber Co. v. Leventhal, 165 F.2d 815, 821-22 (1st Cir. 1948); Hon. Patrick F. Brady, Massachusetts Superior Court Civil Practice Jury Instructions, §12.4.3 (MCLE 1998 & Supp. 2001).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

### Requirement of Intent

A person's intent is his objective or purpose.

Under the law, an actor is presumed to have intended the consequences of his act if the actor either desired to cause those consequences or knew that the consequences were certain, or substantially certain, to result from his act. In the present case, therefore, in determining whether the defendants intended to interfere with plaintiff's prospective business relationship with the Irish Investors, you should consider whether the defendants either desired to achieve that result or knew that such interference was certain, or substantially certain, to result from his actions.

Restatement (Second) of Torts § 8(a) (1979); Hon. Patrick F. Brady, Massachusetts Superior Court Civil Practice Jury Instructions, §12.4.4 (MCLE 1998 & Supp. 2001).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

### Improper Motive or Means

You may find that defendants acted for an improper purpose in interfering with the plaintiff's prospective business relationship with the Irish Investors if you find that it acted for some unlawful purpose, such as to extort the plaintiff.

Also, you may find that the defendant used improper means to interfere with the plaintiff's prospective business relationship with the Irish Investors if you find that the defendant's conduct involved fraud or other unlawful conduct, such as abusing process.

To satisfy this element of the tort, plaintiff must prove that the defendants acted with either improper motive <u>or</u> improper means.  The plaintiff need not prove <u>both</u> improper motive and improper means.  One will suffice.

<u>United Truck Leasing Corp. v. Geltman</u>, 406 Mass. 811, 816-17 (1990); Restatement (Second) of Torts § 767 (1979); Hon. Patrick F. Brady, <u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, §12.4.5 (MCLE 1998 & Supp. 2001).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6

### Damages for Tortious Interference

If you find for the plaintiff on its claim for tortious interference with a prospective business relationship, you may award the plaintiff such a sum as you believe, from the evidence, will fairly and reasonably compensate the plaintiff for the damage, if any, it sustained because of the defendant's acts, and for the anticipated profits of which it was deprived, provided they are of such a nature as have been proved by a preponderance of the evidence and are not speculative in nature.

In the case of business torts, like tortious interference with advantageous business relations, an element of uncertainty in the assessment of damages is not a bar to their recovery.  An award of damages can stand on less than substantial evidence, particularly in the case of business torts, where the critical focus is on the wrongfulness of the defendant's conduct.

Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 777 (1986); National Merchandising Corp. v. Leyden, 370 Mass. 425, 430 (1976); Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc., 14 Mass. App. 396, 426 (1982);  Hon. Patrick F. Brady, Massachusetts Superior Court Civil Practice Jury Instructions, §12.5.3 (MCLE 1998 & Supp. 2001).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

### Abuse of Process - Elements

The elements of the tort of abuse of process in Massachusetts are:  (1) that process is used (2) for an ulterior or illegitimate purpose, (3) resulting in damage to the plaintiff.  The essence of the tort is use of process as a threat or club to coerce or extort some collateral advantage not properly involved in the proceeding.

Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-76 (1986); Refuse & Environmental Sys., Inc. v. Industrial Services of America, Inc., 932 F.2d 37, 41 (1st Cir. 1991); Broadway Mgmt. Services, Ltd. v. Cullinet Software, Inc., 652 F.Supp. 1501, 1503 (1987); Hon. Patrick F. Brady, Massachusetts Superior Court Civil Practice Jury Instructions, §21.1 (MCLE 1998 & Supp. 2001).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

### Process

"Process" refers to papers issued by a court to bring a party or property within the jurisdiction of the court.

Jones v. Brockton Pub. Mkts., Inc., 369 Mass. 387, 390 (1975); Silvia v. Building Inspector of W. Bridgewater, 35 Mass. App. Ct. 451, 454 n.4 (1993); Ferraro v. First Safety Fund Nat'l Bank, 11 Mass. App. Ct. 928 (1981) (rescript); Chemawa Country Gulf, Inc. v. Wnuk, 9 Mass. App. Ct. 506, 508 (1980); Hon. Patrick F. Brady, Massachusetts Superior Court Civil Practice Jury Instructions, §21.2 (MCLE 1998 & Supp. 2001).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

### Ulterior Purpose

The plaintiff must show that the process was used to accomplish some ulterior purpose for which the process was not designed or intended, or that was not a legitimate purpose for the particular process employed.

Ladd v. Polidoro, 424 Mass. 196, 198–00 (1997); Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-76 (1986); Refuse & Environmental Sys., Inc. v. Industrial Services of America, Inc., 932 F.2d 37, 41 (1st Cir. 1991); Broadway Mgmt. Services, Ltd. v. Cullinet Software, Inc., 652 F.Supp. 1501, 1503 (1987); FDIC v. Greenberg, 851 F. Supp. 15, 24 (D. Mass. 1994); Hon. Patrick F. Brady, Massachusetts Superior Court Civil Practice Jury Instructions, §21.2.1 (MCLE 1998 & Supp. 2001)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10

### Damages for Abuse of Process

The plaintiff must show that damage occurred as the natural and probable consequence of the process initiated by the defendants.  You may consider damages to compensate the plaintiff for injury to its business.

Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-76 (1986); Malone v. Belcher, 216 Mass. 209, 212 (1913); Hon. Patrick F. Brady, Massachusetts Superior Court Civil Practice Jury Instructions, §21.3 (MCLE 1998 & Supp. 2001).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11

### RICO—Elements of Section 1962(c) Claim

Plaintiff claims that the Defendants violated 18 U.S.C. § 1962(c) by conducting or participating in the affairs of an enterprise through a pattern of racketeering activity.  To establish that Defendants violated Section 1962(c), Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      The defendant was a person employed by or associated with  an enterprise;

2.      That the enterprise engaged in, or had some effect upon, interstate or foreign commerce;

3.      That the Defendant conducted or participated, directly or indirectly, in the conduct of the affairs of the alleged enterprise; and

4.      The Defendant's conduct, or participation in, the enterprise's affairs was through a pattern of racketeering activity.

In addition, Plaintiff must show injury to its business or property by reason of Defendants' violation of Section 1962(c).  If you find that Plaintiff has met its burden on each of the elements as to any Defendant, you must find in Plaintiff's favor as to that Defendant.  You do not have to find that all of the Defendants are liable for violating Section 1962(c).  You may determine that one or more, but not all, of the Defendants are liable, that all of the Defendants are liable or that none of the Defendants is liable.

18 U.S.C. §§1962(c), 1964(c); Business and Commercial Litigation in Federal Courts, § 69.17 (Robert L. Haig ed.) (West Group & ABA 1998); O'Malley, Federal Jury Practice & Instruction § 161.20 (5th ed.); ABA, Section of Litigation, Model Jury Instructions, Business Torts Litigation, §5.5 (4th ed.) (2005).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12

## No Organized Crime Requirement

Although the RICO statute uses the terms "racketeering" and "corrupt organizations," the statute does not require you to determine whether the defendant is a "racketeer" in the everyday sense of the word, or whether it is associated with "organized crime" in the everyday sense of the word.

ABA, Section of Litigation, Model Jury Instructions, Business Torts Litigation, §5.3 (4th ed.) (2005).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13**

**Preponderance of Evidence Standard Applies**

Although the RICO statute refers to the term "racketeering activity," I instruct you that this is a civil case, not a criminal case, and the plaintiff's RICO allegations do not need to be proved beyond a reasonable doubt, but only by a preponderance of the evidence.

Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 491 (1985); ABA, Section of Litigation, Model Jury Instructions, Business Torts Litigation, §5.4 (4th ed.) (2005).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14

### Person

Before I further explain the elements of a RICO violation, I need to define for you some of the terms used in the RICO statute. The first is the term "person." A person includes any individual or entity capable of holding a legal or beneficial interest in property. I instruct you that the plaintiff and the defendants are all legal entities capable of holding legal or beneficial interest in property and are therefore persons under the RICO statute.

18 U.S.C. §1961(3); ABA, Section of Litigation, <u>Model Jury Instructions, Business Torts Litigation</u>, §5.6 (4th ed.) (2005).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15**

**Enterprise**


The next term I must define for you is "enterprise."  An enterprise is any individual, partnership, corporation, association or any other legal entity, and any union or group of individuals associated in fact although not a legal entity.

I instruct you that for purposes of the RICO statute in this case the "person" and the "enterprise" cannot be the same, but must be separate and legally distinct.


18 U.S.C. §1961(4); <u>Cedrick Kushner Promotions, Ltd. v. King</u>, 533 U.S. 158, 161 (2001); Business and Commercial Litigation in Federal Courts, § 69.17 (Robert L. Haig ed.) (West Group & ABA 1998); O'Malley, <u>Federal Jury Practice & Instruction</u> § 161.20 (5th ed.); ABA, Section of Litigation, <u>Model Jury Instructions, Business Torts Litigation</u>, §5.7 (4th ed.) (2005)**.**

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16

### Interstate or Foreign Commerce

The second element is that the enterprise must have affected interstate or foreign commerce.

Business and Commercial Litigation in Federal Courts, § 69.17 (Robert L. Haig ed.) (West Group & ABA 1998); O'Malley, <u>Federal Jury Practice & Instruction</u> § 161.20 (5th ed.); ABA, Section of Litigation, <u>Model Jury Instructions, Business Torts Litigation</u>, §5.7.3 (4th ed.) (2005).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17

### Conduct Affairs of Enterprise

The other elements the plaintiff must prove to establish RICO liability on the part of the defendants are that the defendants were employed by or associated with the enterprise and conducted or participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity. In this regard, you must find that the defendant participated in the operation or management of the enterprise itself, and was involved in the alleged unlawful activities.

To participate in the operation or management of an enterprise, a defendant must have had some part in directing the enterprise's affairs. This does not require that the defendant hold a formal position in the enterprise. Even an outsider may participate in the operation or management of an enterprise if the outsider is associated with the enterprise and participates in the conduct of its affairs.

Reves v. Ernst & Young, 507 U.S. 170, 177-80 (1993); Business and Commercial Litigation in Federal Courts, § 69.17 (Robert L. Haig ed.) (West Group & ABA 1998); O'Malley, Federal Jury Practice & Instruction § 161.20 (5th ed.); ABA, Section of Litigation, Model Jury Instructions, Business Torts Litigation, §5.8.2 (4th ed.) (2005).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18**

**RICO Definitions:  Racketeering Activity**

The next term I will define for you is "racketeering activity."  Racketeering activity includes any act or threat that is chargeable under certain state criminal laws, or an act that is indictable as a violation of certain federal statutes.  Here the plaintiff contends that defendants engaged in an extortion scheme in violation of both federal and Massachusetts extortion statutes.  Plaintiff further contends that defendants used the mails, telephones, emails and wires to carry out their scheme, and in doing so violated the federal mail fraud stature and the federal wire fraud statute. You will be instructed on the law pertaining to these statutes to guide you in determining whether Plaintiff has proved by a preponderance of the evidence that a Defendant violated one or more of these statutes.

A "racketeering activity" may also be referred to as a "predicate act" or a "predicate offense." Plaintiff can succeed on its RICO claim if it proves as to a Defendant that the Defendant violated any one of the foregoing federal or state statutes.

18 U.S.C. §1961(1); Business and Commercial Litigation in Federal Courts, § 69.17 (Robert L. Haig ed.) (West Group & ABA 1998); O'Malley, Federal Jury Practice & Instruction § 161.20 (5th ed.); ABA, Section of Litigation, Model Jury Instructions, Business Torts Litigation, §5.9 (4th ed.) (2005).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19

### Pattern of Racketeering Activity

Now I will define the term "pattern of racketeering activity."  A "pattern of racketeering activity" requires at least two acts of racketeering activity within 10 years of each other.  Those acts must be related to each other and must also amount to, or pose a threat of, continuing criminal activity.  Here, plaintiff alleges that the pattern of racketeering activity is defendants' interfering in the business of companies in which they are invested or have an investment interest (such as filing lawsuits to block a corporate transaction), and then using that interference  as a lever to force the company (either directly or through an affiliate) to buy their shares at a premium, and to the detriment of the other shareholders.

Proof of two or more predicate acts does not in and of itself establish a "pattern" under RICO. The term "pattern of racketeering" requires that you find the predicate acts were: (1) related to each other, and (2) amounted to or posed a threat of continuing racketeering activity.  A series of wholly separate, isolated of disconnected acts of racketeering activity does not constitute a pattern.

However, the two acts need not be of the same kind.  For example, the predicate acts may be one act of mail fraud and one act of wire fraud.  To find a pattern, you must find by a preponderance of the evidence that the two predicate acts occurred within 10 years and that each was connected with the other by some common scheme, plan or motive so as to constitute a "pattern."

In other words, two or more otherwise unrelated acts of "racketeering activity" constitute a pattern under RICO if the acts all relate to a common scheme by the Defendant to continually conduct the affairs of the alleged enterprise for illicit personal benefit, whether monetary or otherwise, for himself or for another, by committing the predicate offenses.

18 U.S.C. §1961(5); H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 236-39 (1989); Gonzales-Morales v. Hernandez-Arencibia, 221 F.3d 45, 51 (1st Cir. 2000); Feinstein v. Resolution Trust Corp., 942 F.2d 34, 41 (1st Cir.1991); Business and Commercial Litigation in Federal Courts, § 69.17 (Robert L. Haig ed.) (West Group & ABA 1998); O'Malley, Federal Jury Practice & Instruction § 161.20 (5th ed.); ABA, Section of Litigation, Model Jury Instructions, Business Torts Litigation, §5.11 (4th ed.) (2005).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20

## By Reason Of

The plaintiff must also prove an injury to its business or property that occurred "by reason of" the defendants' alleged RICO violation.  This requires three determinations on your part.

First, plaintiff must show, with reasonable certainty, an injury to its business or property.

Second, the defendants conduct actually must have caused the plaintiff's loss.  By actually caused, I mean that you must find that the defendants' RICO violation was a material cause or a substantial factor in bringing about plaintiff's loss.

To satisfy this requirement you need not find that plaintiff was injured by each predicate act or by the pattern of racketeering activity.  It is sufficient if plaintiff proves that the defendants engaged in a pattern of racketeering activity and plaintiff was injured by reason of at least one of the acts constituting the pattern.

Third, you must find that the defendants' RICO violation was a proximate cause of plaintiff's injury.  In other words, you must be satisfied that the injury was reasonably foreseeable.

Lemelson v. Wang Laboratories, Inc., 874 F.Supp. 430, 433 (D. Mass. 1994); Stochastic Decisions, Inc. v. DiDomenico, 995 F.2d 1158, 1167 (2nd Cir.1993); );  Malley-Duff & Associates, Inc. v. Crown Life Insurance Co., 792 F.2d 341, 354-355 (3d Cir.1986); Hall American Center Association v. Dick, 726 F.Supp. 1083, 1097 (E.D.Mich.1989); Business and Commercial Litigation in Federal Courts, § 69.17 (Robert L. Haig ed.) (West Group & ABA 1998); O'Malley, Federal Jury Practice & Instruction § 161.20 (5th ed.); ABA, Section of Litigation, Model Jury Instructions, Business Torts Litigation, §§ 5.13, 5.14 (4th ed.) (2005).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21

### Predicate Acts

I have now instructed you as to what each of the elements of Plaintiff's first RICO claim means. As you will recall, plaintiff's claim requires it to prove that a defendants engaged in predicate acts. Plaintiff has alleged that defendants has committed two or more predicate acts involving violations of the federal and state extortion statutes, the mail fraud statute, and the wire fraud statute. It is your function to decide whether plaintiff has proved by a preponderance of the evidence whether the defendants violated any or all of those statutes on one or more occasions.

Business and Commercial Litigation in Federal Courts, § 69.17 (Robert L. Haig ed.) (West Group & ABA 1998); O'Malley, Federal Jury Practice & Instruction § 161.20 (5th ed.); ABA, Section of Litigation, Model Jury Instructions, Business Torts Litigation, §5.9 (4th ed.) (2005).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22

### Predicate Acts – Extortion under Federal Law

The federal extortion statute, 18 U.S.C. § 1951, prohibits the interference with commerce by threats or violence.  To establish that a Defendant committed extortion, Plaintiff must establish the following by a preponderance of the evidence:

> A Defendant in some way or degree obstructed, delayed, or affected commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempted or conspired so to do, or committed or threatened physical violence to a person or property in furtherance of a plan or purpose.

As used in the federal extortion statute, the term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

18 U.S.C. §1951

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23

## Predicate Acts – Extortion under State Law

The Massachusetts extortion statute, M.G.L. c. 265, § 25, prohibits attempted extortion.  To establish that a Defendant committed attempted extortion, Plaintiff must establish the following by a preponderance of the evidence:

> A Defendant, verbally or by a written or printed communication, . . . maliciously threatened an injury to the person or property of another,  . . . with intent thereby to extort money or any pecuniary advantage, or with intent to compel any person to do any act against his will.

M.G.L. c. 265 § 25

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24

### Predicate Acts – Filing of a Lawsuit as Part of a Scheme to Extort Property

The filing of a lawsuit as part of a scheme to extort property may constitute a predicate act under RICO.

18 U.S.C. § 1951; <u>Gonzales-Morales v. Hernandez-Arencibia</u>, 221 F.3d 45, 51-52 (1st Cir. 2000; <u>Lemelson v. Wang Laboratories, Inc.</u>, 874 F.Supp. 430, 433-34 (D. Mass. 1994); <u>U.S. v. Sturm</u>, 870 F.2d 769, 773-74 (1st Cir. 1989); <u>Hall American Center Association v. Dick</u>, 726 F.Supp. 1083, 1097 (E.D.Mich.1989); D. Abrams, The Law of Civil RICO at 124-127 (1991).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25

### Predicate Acts – Mail or Wire Fraud

To establish that a Defendant committed mail or wire fraud, Plaintiff must prove each of the following by a preponderance of the evidence:

1.    Defendants devised a scheme or artifice to defraud, or a scheme for obtaining money or property by means of false pretenses, representations or promises; and

2.    Defendants used the United States Postal Service by mailing, or by causing to be mailed, some matter or thing for the purpose of executing the scheme to defraud; or

3.    Defendants used telephone lines or wires for the purpose of executing the scheme to defraud.

In this case, plaintiff contends that defendants used the mails, telephones, and wires to carry out their extortion scheme.  I instruct you that in determining whether a pattern of racketeering activity has been proved, you may not consider innocent mailings or uses of telephone lines or wires.

Feinstein v. RTC, 942 F.2d 34 (1st Cir. 1991); Business and Commercial Litigation in Federal Courts, § 69.17 (Robert L. Haig ed.) (West Group & ABA 1998); O'Malley, Federal Jury Practice & Instruction § 161.20 (5th ed.); ABA, Section of Litigation, Model Jury Instructions, Business Torts Litigation, §5.10 (4th ed.) (2005).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26**

**Elements of Section 1962(d) Claim**

The plaintiff also claims that the defendant violated section 1962(d).  Section 1962(d) states that it is unlawful for any person to conspire to violate any of the other subsections of section 1962. The plaintiff alleges that the defendants conspired with others to violate section 1962(c), the section that I have just described to you.

For the plaintiff to prove a violation of section 1962(d), the RICO conspiracy claim, the plaintiff must establish each of the following:

    1.      that the defendants conspired with others to violate section 1962(c);

    2.      that the defendants knowingly agreed with others to become part of the alleged conspiracy;

    3.      that the defendants agreed to commit, or to aid and abet another to commit, overt acts in furtherance of the alleged conspiracy, even if those acts were not unlawful acts under RICO, and knew that those acts were part of a pattern of racketeering activity; and

    4.      that the plaintiff suffered an injury caused by an act that is a "racketeering activity" as I have defined that term.

Reves v. Ernst & Young, 507 U.S. 170, 178 (1993); U.S. v. Winter, 663 F.2d 1120 (1st Cir. 1981) cert. denied 460 U.S. 1101 (1983); Business and Commercial Litigation in Federal Courts, § 69.17 (Robert L. Haig ed.) (West Group & ABA 1998); O'Malley, Federal Jury Practice & Instruction § 161.20 (5th ed.); ABA, Section of Litigation, Model Jury Instructions, Business Torts Litigation, §5.12 (4th ed.) (2005).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27

### Conspiracy, Predicate Acts, Multiple Defendants

As you know, there are two defendants in this lawsuit, each of whom is being charged with conspiring to violate RICO.  I instruct you that to impose liability upon a defendant for conspiring to violate RICO, you need not find that the defendant agreed to commit at least two predicate acts itself.  It is sufficient if a particular defendant agreed that some member of the enterprise would commit the predicate acts.


ABA, Section of Litigation, Model Jury Instructions, Business Torts Litigation, §5.13 (4th ed.) (2005).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28

### Injury

If Plaintiff proves the elements to establish a violation of Section 1962(d), Plaintiff may recover for this violation if it also proves any injury to its business or property that was caused by an overt act committed in furtherance of the conspiracy to violate Section 1962(d).


Business and Commercial Litigation in Federal Courts, § 69.17 (Robert L. Haig ed.) (West Group & ABA 1998); O'Malley, <u>Federal Jury Practice & Instruction</u> § 161.20 (5th ed.); ABA, Section of Litigation, <u>Model Jury Instructions, Business Torts Litigation</u>, §5.14 (4th ed.) (2005).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29

## Causation under RICO

Finally, for plaintiff to prevail under its RICO claims, it must prove by a preponderance of the evidence that the defendants' RICO violations were the "proximate cause" of injury to plaintiff's business or property.  In other words, to find in favor of plaintiff, you must find that plaintiff suffered an injury to its business or property and you must also find that the injury was caused by reason of a defendants' violation of RICO.

An injury is proximately caused when the act played a substantial part in bringing about or actually causing the injury, and that the injury or damage was wither a direct result or a reasonably probably consequence of the act.

A person is injured in his business when he suffers loss of money or profits or a reduction in the value or worth of his business.

A finding that plaintiff was injured in its business or property because of a defendants' violation of RICO requires that you find plaintiff was harmed by the predicate acts.

To find that an injury to plaintiff's business or property was caused by reason of defendants' violation of RICO, you must find that the injury to plaintiff was caused by defendants' violation of Section 1962(c) or Section 1962(d).

Business and Commercial Litigation in Federal Courts, § 69.17 (Robert L. Haig ed.) (West Group & ABA 1998); O'Malley, Federal Jury Practice & Instruction § 161.20 (5th ed.); ABA, Section of Litigation, Model Jury Instructions, Business Torts Litigation, §5.14 (4th ed.) (2005).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30

### Damages under RICO

If plaintiff has met its burden of proving one or more of its claims against the defendants, you must determine the damages to which plaintiff is entitled.

You must asses the amount you find justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages proximately caused by the defendants' wrongful conduct.

You should consider the amount of damages, you have found liable with respect to each RICO claim separately and independently from the amount of damages, with respect to plaintiff's other, non-RICO claims.  For example, if you determine that any damages should be awarded to plaintiff under any of its RICO claims, you should award full, just and reasonable compensation for damages under the RICO claims, without regard to the damage, you might award under any other claim brought by plaintiff.

If you find that an intended consequence of defendants' racketeering activities was for plaintiff to have to expend legal fees, then those fees may constitute RICO damages.

Lemelson v. Wang Laboratories, Inc., 874 F.Supp. 430, 433-34 (D. Mass. 1994); Business and Commercial Litigation in Federal Courts, § 69.17 (Robert L. Haig ed.) (West Group & ABA 1998); O'Malley, Federal Jury Practice & Instruction § 161.20 (5th ed.); ABA, Section of Litigation, Model Jury Instructions, Business Torts Litigation, §5.14 (4th ed.) (2005).

Respectfully submitted,

KOTVA a.s.

By its attorneys,

_____
Joel G. Beckman (BBO #553086)
William C. Nystrom (BBO#559656)
Daniel J. Pasquarello (BBO#647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Floor
Boston, Massachusetts  02116
(617) 778-9100
(617) 778-9110 (fax)

Dated:  March 29, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2007 I caused a copy of the foregoing document to be served by facsimile and First Class Mail upon all defendants.

_____
Joel G. Beckman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KOTVA a.s., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | C.A. No. 05-10679-WGY |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT LLC, | ) | |
| | ) | |
| Counterclaim-plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KOTVA a.s. and RICHARD HARAZIM, | ) | |
| | ) | |
| Counterclaim-defendants. | ) | |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## TABLE OF CONTENTS

1.   Instructions Relating to Kotva's Claim for Violation of the Czech Civil Code ......................3
   1.1   Introduction ...............................................................................................................4
   1.2   Elements .....................................................................................................................5
   1.3   Right to Access the Courts.........................................................................................7
2.   Instructions Relating to Defendants' Abuse of Process Claim ............................................8
   2.1   Abuse of Process ........................................................................................................9
   2.2   Criminal Complaints.................................................................................................10
   2.3   Filing suit to Embarrass and Damage Reputation ....................................................11
   2.4   Legal Fees Incurred But Not Paid ............................................................................12
3.   Instructions Relating to Defendants' Conspiracy Claim ....................................................14
4.   General Instructions ...........................................................................................................15
   4.1   Adverse Inference - Fifth Amendment .....................................................................16

1.      Instructions Relating to Kotva's Claim for Violation of the Czech Civil Code

1.1    Introduction

The Czech Civil Code provides that:

"Any person who causes damage by an intentional contravention of proper morality shall be liable for the damage."

<u>Authority</u>

Czech Civil Code § 424

1.2    Elements

In order to find Andrew Weiss or Weiss Asset Management liable for intentional contravention of proper morality, you must be convinced that Kotva has proven each of the following things:

First, that the defendant committed some act that contravened proper morality;

Second, that the defendant intended to contravene proper morality by committing that act;

Third, that the defendant's act that contravened proper morality damaged Kotva.

In order to find that a defendant has intentionally contravened proper morality, you must find that the defendant acted intentionally—that is not because of ignorance, mistake or accident—and also that the defendant intended to contravene proper morality.

In order to find the defendants liable, it is not enough for you to find that the defendant acted improperly.  Rather, you must find that the act was so outrageous that it shocks the conscience, and a failure to outlaw the act is inconsistent with the need to ensure a relationship between legal norms and the moral code of society.  You must also consider the defendant's alleged actions in context.  What is outrageous in one setting may not be outrageous in another setting.

Authority

Commentary on section 424 ("The term 'proper morality' is not defined.  Whether damage has been caused by an intentional contravention of proper morality is determined by the judge.").

Commentary on the Czech Civil Code (Jehlicka/ Svestka/ Skarova; C H Beck, 8th edition) ("[T]he Civil Code imposes sanctions only on the most serious behaviour against good

morals. It concerns presumably the cases of direct intention (when the person who causes damages intends by its act against good morals to cause damages).")

Czech Supreme Court ruling dated April 26, 2006 (ref. no. 32 Odo 466/2004) ("[T]he circumstances of the case must indicate the existence of exceptional circumstances of the stated case which justify the need of the remedy of morality as a fair balancing measure for the assessment of the relevant circumstances of the relevant case. The application of the good morals has to be considered as an ultimate solution needed to ensure necessary relation between legal norms and the moral code of society . . . .").

1.3     Right to Access the Courts

In the Czech Republic, everyone has the right to assert, through the legally prescribed procedure, his rights before an independent and impartial court.

<u>Authority</u>

Charter of Fundamental Rights and Basic Freedoms of the Czech Republic, Article 36(1)

2.      Instructions Relating to Defendants' Abuse of Process Claim

2.1     Abuse of Process

For you to find either Kotva or Richard Harazim liable for abuse of process, you must be convinced that the defendants have proven each of the following things:

First, that Kotva or Richard Harazim used legal proecss.

Second, that Kotva or Richard Harazim used that process for an ulterior or illegitimate purpose.

Third, that Kotva's or Richard Harazim's use of process resulted in damage to Andrew Weiss or Weiss Asset Management.

"Process" means papers issued by a court to bring a party within the jurisdiction of the court. By filing this lawsuit, Kotva used process.

Process is used for an "ulterior or illegitimate motive" if it is used to accomplish some ulterior purpose for which the process was not designed or intended, or that was not a legitimate purpose for the particular process employed. Proof of groundlessness of an action in not an essential element of a claim for abuse of process. However, if you find that Kotva or Richard Harazim knew or had reason to know that the claims brought were groundless that fact is relevant as tending to show that the process was used for an ulterior purpose.

Andrew Weiss and Weiss Asset Management must show that damage occurred as the natural and probably consequence of the filing of this lawsuit. If there were no damages at all, then you must find Kotva and Richard Harazim not liable.

Authority

Modified Massachusetts Superior Court Civil Practice Jury Instructions

2.2    Criminal Complaints

Filing a criminal complaint to force withdrawal of a civil action is an ulterior or illegtimate purpose

<u>Authority</u>

*Stromberg v. Costello*, 456 F. Supp. 848 (D. Mass. 1978).

2.3    Filing suit to Embarrass and Damage Reputation

Filing suit to embarrass and damage reputation is an ulterior or illegitimate purpose.

<u>Authority</u>

*Poduska v. Ward*, 895 F.2d 854, 856 (1st Cir. 1990).

2.4     Damages

You may consider damages to compensate Andrew Weiss and Weiss Asset Management

for injury to business, reputation and feelings.

<u>Authority</u>

Massachusetts Superior Court Civil Practice Jury Instructions

2.5    Legal Fees as Damages

Ordinarily, each litigant must pay his or her own attorney. However, if you find that Kotva or Richard Harazim abused process in filing this lawsuit, you may award Andrew Weiss and Weiss Asset Management the amount of the legal fees they incurred in defending this lawsuit. If you find that Andrew Weiss or Weiss Asset Management incurred liability for legal fees as a result of this lawsuit, that is sufficient to establish that this lawsuit resulted in damage to Andrew Weiss or Weiss Asset Management even if some other company has been paying the bills to this point.

<u>Authority</u>

*Anastos v. Sable*, No. SJC-09252, 2004 Mass. LEXIS 813 (Mass. Dec. 22, 2004) (affirming award of attorneys' fees when filing of lawsuit violated partnership agreement); *Wheeler v. Hanson*, 161 Mass. 370 (1895) (affirming award of attorneys' fees when filing of complaint was itself a tortious act); *Quest Sys., Inc. v. Zepp*, 28 Mass. App. Ct. 489, 496 (1990) ("The judge indicated that the defendant Zepp could not be awarded his attorney's fees because in fact Wayne State had paid them. We do not see this as a bar to an award of fees to the defendant, if otherwise justified."); *Nelson v. Kellogg*, 123 P. 1115, 1115–16 (Cal. 1912) ("But the rule established both in this state and elsewhere in actions for damages for tortious injuries, is that recovery may include special damages properly pleaded, consisting of a liability, incurred but not paid, for reasonable and necessary expenses caused by the wrongful act complained of, such as the fees of an attorney employed to obtain a discharge from an illegal arrest, physician's bills incurred for a cure of bodily injuries, and the like.").

3.      Instructions Relating to Defendants' Conspiracy Claim

For you to find either Kotva or Richard Harazim liable for conspiracy, you must be convinced that the defendants has proven each of the following things:

First, that there was a common design or an agreement between two or more persons to do a wrongful act; and

Second, that one of the co-conspirators does some wrongful act in furtherance of the agreement.

Third, that Andrew Weiss or Weiss Asset Management was damaged by the conspiracy or an act taken in furtherance of the conspiracy.

The agreement need not be an express one.

<u>Authority</u>

*Aetna Cas. Sur. Co. v. P & B Autobody*, 43 F.3d 1546, 1564 (1st Cir. 1994)

4.      General Instructions

4.1     Adverse Inference - Fifth Amendment

You heard that Richard Harazim and Martin Benda refused to answer certain questions in related criminal proceedings in the Czech Republic on the ground that it might violate their rights not to incriminate themselves. You may draw adverse inferences from this refusal to answer and may take the refusal into account in assessing their respective credibility and motives, but you are not required to draw that inference.

<u>Authority</u>

Modified Criminal Pattern Instruction 2.12

Respectfully Submitted,

ANDREW WEISS and WEISS ASSET
MANAGEMENT LLC


By their attorneys,


/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Edward T. Dangel, III (BBO#113580)
Dangel & Mattchen, LLP
10 Derne Street
Boston, MA 02114
(617) 557-4800

Dated:    March 28, 2007

BST99 1535730-3.072198.0012

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s.       ) <br>       ) <br>    Plaintiff,       ) <br>       ) <br>    v.       ) <br>       ) <br> ANDREW WEISS and WEISS       ) <br> ASSET MANAGEMENT LLC       ) <br>       ) <br>    Defendants.       ) <br>       ) | Case No. 05-10679-WGY |

## PROPOSED SPECIAL VERDICT FORM OF PLAINTIFF KOTVA

### Tortious Interference with Advantageous Relations

1. Did the defendants, knowing of Kotva's business relations with the Irish Investors,

   interfere with that relationship to the detriment of Kotva?

   _____                          _____
   Yes                                 No

**(Continue to Q.2)**

### Abuse of Process

2. Did the defendants use process, by filing or causing to be filed the Gilroy and KT

   lawsuits in the Czech Republic, for an ulterior or illegitimate purpose resulting in damage

   to Kotva?

   _____                          _____
   Yes                                 No

**(Continue to Q.3)**

**Violation of M.G.L. c. 93A**

3.  Did the defendants commit an unfair or deceptive act or practice in its dealings with

    Kotva?

    _____          _____
         Yes                         No

**(If "Yes," continue to Q.4; if "No," go to Q.7)**

4.  Did the unfair or deceptive act or practice occur primarily and substantially in

    Massachusetts?

    _____          _____
         Yes                         No

**(If "Yes," continue to Q.5; if "No," go to Q.7)**

5.  Was the unfair or deceptive act or practice a substantial factor in the damages to Kotva?

    _____          _____
         Yes                         No

**(If "Yes," continue to Q.6; if "No," go to Q.7)**

6.  Was the unfair or deceptive act or practice committed willfully or knowingly?

    _____          _____
         Yes                         No

**(Continue to Q.7)**

**Damages**

7.  If you answered "Yes" to **Q.1, OR Q.2, OR Q.5**, then state, in dollars and cents, the

    damages that would compensate Kotva for injuries caused by the defendants' legal

    wrongdoing.  Otherwise, continue to Q.8.


    _____
    [State answer in words and numbers]

2

**Violation of 18 U.S.C. § 1962(c) (RICO)**

8.  Were the defendants associated with an enterprise?

_____          _____
      Yes                        No

**(If "Yes," continue to Q.9; otherwise, return your verdict)**

9.  Was the enterprise engaged in, or its activities affected, interstate commerce?

_____          _____
      Yes                        No

**(If "Yes," continue to Q.10; otherwise, return your verdict)**

10. Did the defendants conduct or participate, directly or indirectly, in the conduct of the

    enterprise's affairs through a pattern of racketeering activity?

_____          _____
      Yes                        No

**(If "Yes," continue to Q.11; otherwise, return your verdict)**

11. Was Kotva injured in its business or property as a result of the defendants' commission

    of the pattern of racketeering activity?

_____          _____
      Yes                        No

**(If "Yes," continue to Q.12; otherwise, return your verdict)**

12. State, in dollars and cents, the damages that would compensate Kotva for injuries caused

    by the defendants' violation of 18 U.S.C. § 1962(c).

_____

    [State answer in words and numbers]

**(Continue to Q.13)**

**Violation of 18 U.S.C. § 1962(d) (Conspiracy under RICO)**

13. Did the defendants conspire to violate 18 U.S.C. § 1962(c)?

_____               _____
       Yes                                No

**(If "Yes," continue to Q.14; otherwise return your verdict)**

14. State, in dollars and cents, the damages that would compensate Kotva for injuries caused

by the defendants' violation of 18 U.S.C. § 1962(d).


_____

[State answer in words and numbers]


**(Please notify the Court Officer that you have reached your verdict and return this
form to the Court Officer).**

                         Respectfully submitted,

                         KOTVA a.s.

                         By its attorneys,


                         _____
                         Joel G. Beckman (BBO #553086)
                         William C. Nystrom (BBO#559656)
                         Daniel J. Pasquarello (BBO#647379)
                         NYSTROM BECKMAN & PARIS LLP
                         10 St. James Avenue, 16th Floor
                         Boston, Massachusetts  02116
                         (617) 778-9100
                         (617) 778-9110 (fax)

Dated:  March 28, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-WGY |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS | ) | |
| ASSET MANAGEMENT LLC | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED SPECIAL VERDICT FORM OF PLAINTIFF KOTVA

### Tortious Interference with Advantageous Relations

1. Did the defendants, knowing of Kotva's business relations with the Irish Investors, interfere with that relationship to the detriment of Kotva?

　　　　_____                    _____
　　　　　Yes                         No

**(Continue to Q.2)**

### Abuse of Process

2. Did the defendants use process, by filing or causing to be filed the Gilroy and KT lawsuits in the Czech Republic, for an ulterior or illegitimate purpose resulting in damage to Kotva?

　　　　_____                    _____
　　　　　Yes                         No

**(If you answered "Yes" to Q.1 or Q.2, or both, continue to Q.3; otherwise, go to Q.4)**

**Damages**

3.  State, in dollars and cents, the damages that would compensate Kotva for injuries caused by the defendants' legal wrongdoing.

_____  _____

[State answer in words and numbers]

**(Continue to Q.4)**

**Violation of 18 U.S.C. § 1962(c) (RICO)**

4.  Were the defendants associated with an enterprise?

            _____                      _____
            Yes                      No

**(If "Yes," continue to Q.5; otherwise, return your verdict)**

5.  Was the enterprise engaged in, or its activities affected, interstate commerce?

            _____                      _____
            Yes                      No

**(If "Yes," continue to Q.6; otherwise, return your verdict)**

6.  Did the defendants conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity?

            _____                      _____
            Yes                      No

**(If "Yes," continue to Q.7; otherwise, return your verdict)**

7.  Was Kotva injured in its business or property as a result of the defendants' commission of the pattern of racketeering activity?

            _____                      _____
            Yes                      No

**(If "Yes," continue to Q.8; otherwise, return your verdict)**

2

8.  State, in dollars and cents, the damages that would compensate Kotva for injuries caused

    by the defendants' violation of 18 U.S.C. § 1962(c).

_____

[State answer in words and numbers]

**(Continue to Q.9)**

**<u>Violation of 18 U.S.C. § 1962(d) (Conspiracy under RICO)</u>**

9.  Did the defendants conspire to violate 18 U.S.C. § 1962(c)?

          _____                    _____
           Yes                         No

**(If "Yes," continue to Q.10; otherwise return your verdict)**

10. State, in dollars and cents, the damages that would compensate Kotva for injuries caused

    by the defendants' violation of 18 U.S.C. § 1962(d).

_____

[State answer in words and numbers]

**(Please notify the Court Officer that you have reached your verdict and return this
form to the Court Officer).**

Respectfully submitted,

KOTVA a.s.

By its attorneys,

_____

Joel G. Beckman (BBO #553086)
William C. Nystrom (BBO#559656)
Daniel J. Pasquarello (BBO#647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Avenue, 16th Floor
Boston, Massachusetts  02116
(617) 778-9100
(617) 778-9110 (fax)

Dated:  March 28, 2007