UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

Case No. 05-10679-WGY

# CORRECTED[1] JOINT PRETRIAL MEMORANDUM

Pursuant to the Court's December 5, 2006 Order for Final Pretrial Conference, the parties hereby submit this Joint Pretrial Memorandum. The final pretrial conference is scheduled for April 4, 2007. Trial is currently scheduled to commence on April 23, 2007.

**(a)** **Trial Counsel**

**For Plaintiff**:

Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Daniel J. Pasquarello (BBO# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)
jbeckman@nbparis.com
wnystrom@nbparis.com
dpasquarello@nbparis.com

---

[1] Three clerical errors in yesterday's filing have been corrected. The only substantive correction is the inclusion of Lars Bader as a witness to be called by Defendants.

**For Defendants/Counterclaimants**:

Edward T. Dangel, III (BBO# 113580)
DANGEL & MATTCHEN, LLP
10 Derne Street
Boston, MA  02114
(617) 557-4800

Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA  02109
(617) 535-4000

**(b)** <u>**Summary of the Case**</u>

*Plaintiff's Summary*:

Plaintiff Kotva a.s. is a Czech company that owned and operated a famous department store in downtown Prague, Czech Republic.  Defendant Andrew Weiss ("Weiss"), through his Boston-based hedge fund investment firm Weiss Asset Management, LLC ("WAM"), is the investment manager of the Brookdale Global Opportunity Fund ("BGO") which owns approximately 12% of Kotva's shares.

Plaintiff expects the evidence at trial will prove the following:  In May 2004, after learning of press reports about a potential sale of the department store, Weiss launched a scheme from Boston to blackmail Kotva, ultimately demanding that Kotva purchase BGO's Kotva shares and shares in another Czech fund called "Trend" for over $12 million (even though the shares had been valued by Defendants at only $1.5 million).  Weiss threatened to stop the sale of the department store unless he received a "pay-off" for shares.  Weiss threatened that if Kotva did not pay him what he wanted, the next demand would be higher.  Weiss threatened to disparage Kotva, so no one would consider purchasing the department store, including filing criminal complaints against Kotva executives.  When Kotva refused, Weiss followed through on his

2

threats: he arranged for shell companies to purchase token shares of Kotva and file sham lawsuits challenging the transfer of the department store building to a Kotva subsidiary - - a transfer that had occurred four years earlier; he contacted Markland, the purchaser of the department store and its lender, to interfere with and stop the sale. He conditioned the withdrawal of his interference with the department store sale upon meeting his price demands. (He was even willing to accept as a "pay-off" a percentage of the sale proceeds directly from Markland).

Revealingly, Weiss denied his involvement in the sham lawsuits (though now he admits it); denied that he threatened to stop the sale (though internal e-mails say otherwise); and denied that he made ever increasing blackmail demands (though he now also admits this). The Defendants' conduct interfered with the sale of the department store, including a delay on the closing of six months and causing $24 million in sale proceeds to still be held in escrow. In short, Defendants' conduct amounts to egregious tortious interference, unfair and deceptive trade practices in violation of Chapter 93A, abuse of process, and RICO violations.

This is not the first time Weiss and his companies have engaged in such extortionate behavior, and the evidence will show that Weiss and his companies violated RICO. Indeed, Weiss has engaged in a pattern of similar schemes in the Czech Republic and Kazakhstan, and against Markland. Weiss and his companies were at the center of the IPB/Domeana blackmail scheme which involved the Czech fund, RIF. Specifically, Weiss and his partner sought to sell shares of an investments fund (RIF) managed by the Czech bank IPB and its subsidiary PIAS. Acting on behalf of investment entities that he controlled, Weiss and his companies filed a lawsuit to block the merger of two IPB managed funds (known as Potravinarsky) that were completely unrelated to the RIF fund. To drop the blocking lawsuit, Weiss and his companies demanded that IPB buy back their RIF shares at a premium. Weiss and his companies then took

the money but never transferred the RIF shares to IPB. Ultimately, IPB's successor in interest filed an arbitration claim against Weiss' funds for failure to transfer the shares. In 2003, an arbitrator awarded reportedly over 400 million CZK against Weiss' funds.

Weiss' extortion schemes are not limited to Kotva and IPB. Indeed, Weiss bragged to Kotva that his last target was a company in Kazakhstan that "begged him to stop." Discovery has revealed that Weiss and his companies were invested in a Kazakhstan Investment Fund that held interests in a company that was selling a cement plant in Kazakhstan. Weiss again demanded a direct payment of the proceeds of the sale of the cement plant. The cement plant—like the Kotva shopping centre—was an <u>asset</u> of the company in which Weiss' investment had an interest. Accordingly, Weiss and his companies had no direct right to proceeds from the sale, but nevertheless sought them through a similar extortionate scheme.

Finally, Weiss' extortionate conduct has continued even after Kotva filed this lawsuit. Indeed, Weiss and his companies have attempted to interfere with Markland's business in order to force Markland to buy their Kotva shares.

Defendants' blackmail scheme and tortious interference with Kotva's plan to sell its Department Store sale delayed the consummation of the transaction by at least six months. As a result, Kotva lost the use of and was deprived the investment opportunity on the $65,000,000 in Department Store sale proceeds. Assuming a 10% rate of return, the resulting damages amount to approximately $3,250,000. In addition, as a result of Defendants' conduct, $24,000,000 of the purchase price has been held back in an escrow account. Kotva also has been damaged in the amount of lost investment opportunity on the $24,000,000 since March 2005. Once again, assuming a 10% rate of return, this lost interest amounts to approximately $4,200,000 for the period from April 1, 2005 through the end of 2006.

4

Kotva has also incurred substantial legal fees in both the Czech Republic and the United States as a result of Weiss's conduct exceeding $750,000 to date. Kotva also is entitled to recover costs and multiple and/or treble damages under RICO and M.G.L. ch. 93A, which will be demonstrated post-trial and awarded by the Court pursuant to the applicable statutes.

*Defendants' Summary*:

During the critical period at issue in 2004, Kotva was, according to its published Annual Report, controlled by Forminster Enterprises Ltd. ("Forminster"). Forminster—a shadowy Cyprus company whose true owners remain a closely guarded secret—obtained its controlling block of Kotva shares during the 1990s as a result of the massive embezzlement of a Czech investment fund called Trend.

Since 1997, Forminster's Kotva shares have been frozen by a Czech prosecutor on the suspicion that they represented the proceeds of criminal activity. This freezing order has been repeatedly upheld by the Czech courts and recently expanded by a Czech court to prevent Forminster from voting its Kotva shares. However, before Forminster was barred from voting its Kotva shares, Forminster used its control over Kotva to install two Forminster directors, Martin Benda and Richard Harazim, into Kotva's management.

The embezzlement of the Trend Fund—commonly referred to as the "Trend Tunneling"—and Forminster's connections to that embezzlement, are well documented in the press, in governmental reports and in criminal proceedings in the Czech Republic brought against Miroslav Hálek. Messrs. Benda and Harazim were called to testify in those criminal proceedings, but invoked the Czech equivalent of the Fifth Amendment rather than tell what they knew about the Trend Tunneling.

5

Andrew Weiss is a professor emeritus of economics at Boston University. In 2002, his company, Weiss Capital LLC, took over responsibility for managing Brookdale Global Opportunity Fund ("BGO"). BGO's former management had, through its subsidiary, CVF Investments Ltd. ("CVF"), made significant investments in Kotva and Trend. Before Professor Weiss took over responsibility for BGO, Richard Harazim had, on behalf of Forminster, sought to purchase the Kotva and Trend shares owned by CVF.

In the fall of 2003, Mr. Harazim knew by virtue of his inside position at Kotva that the Kotva Department Store was being sold and knew exactly how much Kotva would receive for it. He again sought to purchase CVF's Kotva shares on behalf of Forminster, at a substantial discount for what they were worth in view of the pending sale of the department store. Professor Weiss rejected Mr. Harazim's lowball offer.

In 2004, after Mr. Harazim told Mr. Weiss that a minority interest in Kotva was worthless and that Kotva shareholders would never see any money from the company, Mr. Weiss retained litigation counsel in the Czech Republic, Peterka & Partners. Peterka & Partners filed lawsuits in order to protect the investments in Kotva and Trend on behalf of CVF and a second company holding some of CVF's Kotva and Trend shares, K T, Inc. These lawsuits are still pending.

In August 2004, Mr. Harazim and Mr. Benda resumed negotiations for Forminster to purchase CVF's Kotva shares. However, Messrs. Benda and Harazim hedged their bets. In addition to feeling out Mr. Weiss to see if they could obtain CVF's Kotva shares on the cheap, they began secretly recording meetings with Vladimir Hoffmann, a Czech resident who was working with BGO at the time. Mr. Harazim also demanded that any purchase of the Kotva shares be tied to the withdrawal of the lawsuits brought to challenge Forminster with respect to the past embezzlement of Trend's assets and threatened embezzlement of Kotva's assets.

In late August 2004, Messrs. Benda and Harazim determined that Mr. Weiss would rather pursue his shareholders' rights in court rather than part with the Kotva shares for less than their true value as measured by the company's assets and liabilities. In response, Messrs. Harazim and Benda took their secret recordings of Mr. Hoffmann and, in an effort to coerce Mr. Weiss to drop these lawsuits, caused Kotva to file a criminal complaint against Mr. Weiss in the Czech Republic. Kotva then conducted months of sham negotiations with Mr. Weiss in an effort to gather additional "evidence" to use against him. Not satisfied with the pressure exerted by the Czech criminal proceeding it instigated, Kotva followed up by filing the complaint in this case, alleging, among other things, securities fraud and racketeering.

Kotva has used the Czech criminal proceeding in this case, obtaining privileged attorney-client communications from the police file and attaching them to its U.S. civil complaint and giving to the Czech authorities what it claims were its only copies of its secret recordings of Mr. Hoffmann *after this Court ordered those recordings produced to the Defendants*, so that it would be unable to produce them as ordered. Kotva has also used this civil proceeding in the criminal case, sending copies of its complaint to members of Congress in an effort to discourage legitimate inquiries by the United States into exactly why the police and a municipal prosecutor in Prague are involved in a business dispute.

As a result of the filing of this case and Kotva's abusive discovery practices, Andrew Weiss and Weiss Asset Management have incurred hundreds of thousands of dollars in attorneys' fees, and suffered tremendous disruption of their business, as well as the loss of reputation that occurs when an investment manager with an unblemished reputation is accused of securities fraud and racketeering.

**(c)** <u>**Claims/Defenses that Will Not Be Pursued at Trial**</u>

*Plaintiff*:

Kotva will not pursue at trial its claim premised upon Section 10(b) of the Exchange Act of 1934 (Count I), and its claim for common law fraud (Count VI).

*Defendants*:

On March 22, 2007, the Plaintiff filed a notice with the Court (Document No. 206) stating that it would not be pursuing Count I (Securities Fraud) or Count VI (Fraud) of the Complaint at trial. Defendants had filed a motion for judgment on the pleadings seeking an entry of judgment on these two counts, and other counts, on April 4, 2006 and press for a ruling from the Court unless the Plaintiff dismisses these two counts, with prejudice.

**(d)** <u>**Plaintiff's Statement of Facts**</u>

[The parties are working further to provide a single joint statement of undisputed facts.] Plaintiff's statement of undisputed facts with citations is attached hereto as Ex. 1.

**(e)** <u>**Defendants' Statement of Facts**</u>

[The parties are working further to provide a single joint statement of undisputed facts.] Defendants' statement of undisputed facts is attached hereto as Ex. 2.

**(f)** <u>**Outstanding Issues Raised by Pending Motions**</u>

1. *Defendants' Motion for Judgment on the Pleadings*: The Defendants' Motion for Judgment on the Pleadings is pending, and a hearing is scheduled for March 29, 2007 on this Motion.

2. *Defendants' Motion in Limine Regarding Czech Law Claims*: The Defendants' Motion for Leave to File Motion in Limine Early (Document No. 199, and

associated documents 200 and 201) is pending. The Plaintiff has filed an Opposition (Document No. 204).

3. *Plaintiff's Motion for Protective Order/Objection to Special Master's Order*: The Plaintiff has filed an Objection (Document No. 195) to the Special Master's January 26, 2007 Order (Document No. 189) regarding Plaintiff's Motion for Protective Order (Document No. 160, 161; Defendants Opposition Document 174). The Defendants have filed a response (Document No. 197).

4. *Defendants' Motion for Reconsideration of the Court's March 28, 2007 Order Denying Motion to Add Expert:* The Defendants have filed a Motion for Reconsideration (Document No. 208). Plaintiff has not yet had an opportunity to review the motion.

**(g)    Issues of Law**

*Plaintiff*:

Kotva's claims are governed by Massachusetts law. Massachusetts has a substantial relationship to this dispute, and Massachusetts law is controlling under a choice of law analysis.[2] But a choice of law analysis is unnecessary in this case. Defendants have not established that there is any conflict between Czech law and Massachusetts law. They also failed to substantiate their allegation that Kotva's claims "raise difficult questions of Czech law." Kotva's common law claims are garden variety tort claims easily encompassed by the Czech Civil Code.

As the party seeking to rely on foreign law, moreover, Defendants did not satisfy their burden to provide timely notice of their intention to rely on foreign law under Fed. R. Civ. P.

---

[2] The Weiss Defendants are Massachusetts domiciliaries, and Andrew Weiss conducts his business operations from Massachusetts. Moreover, Weiss hatched his scheme to interfere with Kotva's business and to blackmail Kotva from Massachusetts, and then directed the implementation of that scheme, which included hiring agents to do his bidding and forming a shell company to sue Kotva, from his Boston offices

9

44.1.  Defendants, therefore, have waived any right to the application of non-forum.  <u>Carey v. Bahama Cruise Lines</u>, 864 F.2d 201, 205-206 (1st Cir. 1988).  The Court can and should apply the law of the forum.  These issues are discussed in more detail in Kotva's opposition to Defendants' Motion in Limine regarding Czech law issues. (Docket No. 204).

Plaintiff is filing separately three motions in limine regarding the exclusion of improper character evidence, previously undisclosed witnesses, and the improper admission of expert testimony.

See section (i) below for additional issues.

***Defendants***:

a. Before abusing U.S. civil process in its campaign against Mr. Weiss, Kotva first abused Czech criminal process by filing a criminal complaint against Mr. Weiss in order to pressure him to abandon civil cases pending in the Czech courts.  Kotva's abuse of Czech criminal process is a key part of the interaction among the parties and strong evidence of Kotva's motives in filing this case.

Mr. Weiss originally sought, as part of his counterclaim filed in this Court, damages for Kotva's abuse of Czech criminal process.  However, on November 28, 2006, the Court dismissed without prejudice "so much of count II [of the Counterclaim] as relates to the alleged conspiracy to loot Kotva's assets and to abuse Czech criminal process."  Although this ruling does not limit the evidence admissible at trial, it does limit the amount of damages that Mr. Weiss can claim in this case.

If, as the Defendants argue in their Motion in Limine Regarding Czech Law, the Court determines that Czech law applies to claims for abuse of Czech criminal and civil process, but decides not to abstain from hearing those claims, then Mr. Weiss asks that the Court reconsider

this narrow portion of the November 28, 2006 Order relating to his counterclaim for abuse of Czech criminal process and conspiracy to abuse Czech criminal process. If Kotva is able to pursue a claim against Mr. Weiss for abuse of Czech civil process in this Court, there is no reason that Mr. Weiss should not be able to pursue a claim against Kotva and Richard Harazim for abuse of Czech criminal process in this Court.

      b.      If the Court does not enter judgment in favor of the Defendants with respect to the plaintiff's Chapter 93A claim on the grounds stated in Defendants' Motion for Judgment on the Pleadings, the Court must decide whether, in view of the choice of law analysis set forth in Defendants' Motion in Limine Regarding Czech Law, the plaintiff may maintain a Chapter 93A claim based on events that occurred primarily in the Czech Republic that are governed by Czech law rather than Massachusetts law. *See Reicher v. Berkshire Life Ins. Co.*, 360 F.3d 1 (2004) (affirming dismissal of Chapter 93A claim when Maryland law, rather than Massachusetts law, governed dispute). Moreover, even if Massachusetts law, including Chapter 93A, applies to Kotva's claims, it is the defendants' position that the center of gravity of the circumstances that give rise to Kotva's Chapter 93A claim is not primarily and substantially within the Commonwealth of Massachusetts. *See Kenda Corp. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216 (1st Cir. 2003).

      c.      If the Court does not enter judgment in favor of the Defendants with respect to the plaintiff's civil RICO claim, there are significant questions as to whether the conduct alleged has sufficient connection to the United States to fall within the scope of a United States criminal statute. *See N. S. Fin. Corp. v. Al-Turki*, 100 F.3d 1046, 1051–53 (2d Cir. 1996) (finding that RICO lacks extra-territorial application in "controversy involving foreign victims who sold a foreign entity to foreign defrauders in a foreign transaction lacking significant and material

contact with the United States"). Moreover, the only alleged RICO predicate acts that Kotva identifies with any specificity all took place during a period of months in 2004. This is insufficient to prove a pattern. *See Giuliano v. Fulton*, 399 F.3d 381, 387–89 (1st Cir. 2005) (discussing continuity requirement).

      d.      Kotva has, reportedly through the Czech police, obtained access to a number of documents containing privileged attorney-client communications, and now seeks to use those documents at trial. The Defendants are filing a motion in limine on this issue.

      e.      Kotva has, in two depositions, asked witnesses questions about a "translation" of a complaint Andrew Weiss's Czech counsel filed with the Czech Constitutional Court. Even if the contents of the complaint were admissible in this litigation—they are not—the unverified and inaccurate translation should not be accepted as an exhibit at trial and no portions of any deposition referencing this document should be shown to the jury. The Defendants are filing a motion in limine on this issue.

      f.      Kotva seeks to introduce a document prepared by a Czech police officer in February 2005 describing Kotva's allegations against Professor Weiss. This document is not admissible because it is hearsay, does not fall within any hearsay exception, and is not trustworthy, or even probative of the issues in this case. The Defendants are filing a motion in limine on this issue.

      g.      Kotva has, throughout this litigation, referenced other litigation in which it claims that the Defendants have abused process. In view of the lack of admissible evidence about these cases, along with the complexity and potential for confusion inherent with any presentation of unrelated litigation to the jury, counsel against any reference to these other cases in Kotva's opening statement. The Defendants are filing a motion in limine on this issue.

Kotva has listed Martin Benda as a potential trial witness. Mr. Benda does not speak or understand English and has no personal knowledge about the contents of any English language documents or conversations that were translated for him. Accordingly, Mr. Benda should not be permitted to testify about those matters. The Defendants are filing a motion in limine on this issue.

**(h)    Requested Amendments to Pleadings**

*Plaintiff*:

n/a

*Defendants*:

It is the defendants' position that the plaintiff and counterclaim-defendant, Kotva a.s., should be removed and substituted with Česká investiční a správcovská a.s. ("CIS"). Kotva a.s. changed its name to K-T-V Invest a.s. and subsequently merged with CIS  Kotva a.s. / K-T-V Invest a.s. has been deleted from the Commercial Register in the Czech Republic. Article XVIII of Kotva's Articles of Association provides that the company disappears upon its deletion from the Commercial Register.

The merger is being challenged in the Czech courts. The Defendants are convinced that the Czech courts will declare the merger null and void and it will be apparent that Kotva did not cease to exist. In such a case it will be necessary to substitute CIS with Kotva a.s. / K-T-V invest a.s. again. Until the Czech courts invalidate the merger, however, CIS rather than Kotva should be the party in this case.

**(i)    Additional Matters To Aid in the Disposition of this Case**

The parties intend to introduce at trial a number of Czech language documents, including translations thereof. The parties are working to establish a protocol regarding the admissibility of Czech documents and the corresponding English translations to move the trial along effectively.

*Plaintiff*:

Plaintiff also intends to introduce at trial certain recordings of telephone conversations and/or meetings among and between Defendant Andrew Weiss and his Czech agents taken by the Czech police with approval of the Czech courts. These recordings were not released by the Czech police to Kotva (as the victim in the Czech criminal case) until March 27, 2007. To the extent that Defendant Weiss intends to dispute the voice on the recordings, Plaintiff will be forced to call a voice recognition rebuttal expert.

*Defendants*:

The plaintiff's suggestion that recordings of telephone conversations might be used as exhibits at trial was raised for the first time late in the day, yesterday, March 27, 2007. Defendants have not had access to these recordings, and the plaintiff has not identified them with any specificity. In addition to serious questions of authenticity and violation of the Court's discovery orders, there are serious questions as to whether the contents of any secret recordings are admissible at all.

Kotva has refused to enter into any stipulations concerning the amount or reasonableness of fees incurred by the Defendants in defending this lawsuit. Kotva has also not agreed to submit this issue to the Court. Accordingly, these issues will be tried to the jury, either as part of the main trial or in a bifurcated proceeding, at the Court's discretion. Defendants expect to call trial counsel for the Defendants as a witness on the reasonableness of fees, and are still awaiting

disclosures from Kotva regarding the amount of time counsel for Kotva has spent litigating this case and the fees and expenses Kotva has incurred.

**(j)    Anticipated Length of Trial**

2 weeks

**(k)    Witness List**

The parties reserve the right to call any witness identified by the other side.

*Plaintiff's Witnesses*:

1. Martin Benda:  fact witness
   Kotva, a.s., Namesti Republiky 8, Praha 1, Prague, Czech Republic

2. Howard Golden:  fact witness
   Klimentska 46, 110 02 Prajnel, Czech Republic

3. Richard Harazim:  fact witness
   Kotva, a.s., Namesti Republiky 8, Praha 1, Prague, Czech Republic

4. Sean Mulryan:  fact witness
   [see Defendants' list for address]

5. Georgiy Nikitin:  fact witness
   [see Defendants' list for address]

6. Ondrej Peterka:  fact witness
   [see Defendants' list for address]

7. Aidan Scully:  fact witness
   [see Defendants' list for address]

8. Dr. Tomas Sokol:  plaintiffs' rebuttal expert witness
   Sokolska triad 60, Praha 2, Nove Mesto, Czech Republic

9. Frank Walker:  fact witness
   Markland Holdings Limited, 25 Herbert Place, Dublin, Ireland

10. Andrew Weiss:  fact witness
    [see Defendants' list for address]

11. Any witnesses identified by Defendants

12. Frantisek Mezaros (Czech lawyer to address custodianship and authenticity of Czech Police recordings, if necessary.)
    Namesti Republiky 8, Praha 1, Prague, Czech Republic

13. Certified Official English Translation Service, if necessary.

*Defendants' Witnesses*:

| NAME AND ADDRESS | NATURE OF TESTIMONY |
|---|---|
| Andrew Weiss<br>Weiss Capital LLC<br>29 Commonwealth Ave.<br>Boston, MA   02116<br>(617) 778-7780 | Fact and expert. |
| Georgiy Nikitin<br>Weiss Capital LLC<br>29 Commonwealth Ave.<br>Boston, MA   02116<br>(617) 778-7780 | Fact and expert. |
| Bonnie Weiss<br>Weiss Capital  LLC<br>29 Commonwealth Ave.<br>Boston, MA   02116<br>(617) 778-7780 | Fact. |
| Eitan Milgram<br>Weiss Capital LLC<br>29 Commonwealth Ave.<br>Boston, MA   02116<br>(617) 778-7714 | Fact and expert. |
| Stephen A. Ross<br>MIT Sloan School of Management<br>50 Memorial Drive, E52-443<br>Cambridge, MA 02142<br>(617) 258-8371 | Fact and expert |
| Ondřej Peterka<br>Peterka & Partners v.o.s.<br>Na Příkopě 15<br>110 00 Prague 1<br>Czech Republic<br>420-246-085-300 | Fact |
| Zdeněk Kühn<br>U Zahradního města 3190/2A<br>CZ 106 00 Praha 10<br>Czech Republic<br>420-221-005-427 | Expert |

16

| NAME AND ADDRESS | NATURE OF TESTIMONY |
|---|---|
| Edward P. Leibensperger<br>McDermott Will & Emery LLP<br>28 State Street<br>Boston, MA 02109<br>617-535-4000 | Fact and expert regarding amount and reasonableness of fees |
| Sean Mulryan (by deposition)<br>Markland Holdings Limited<br>25 Herbert Place<br>Dublin, Ireland<br>353-1-676-2023 | Fact |
| Mr. Aidan Scully (by deposition)<br>Markland Holdings Limited<br>25 Herbert Place<br>Dublin, Ireland<br>353-1-676-2023 | Fact |
| Lars Bader<br>QVT Associates<br>527 Madison Avenue, 8th Floor<br>New York, NY 10022<br>(212) 755-2250 | Fact |

**(l)    Proposed Exhibits**

*Plaintiff*: See Plaintiff's list of exhibits attached as Ex. 3 hereto.

*Defendants*: See Defendants' list of exhibits attached as Ex. 4 hereto.

The parties will premark for identification their trial exhibits pursuant to the Court's lettering instructions.

**(m)    Plaintiff's Proposed Jury Instructions**

*Plaintiff*: See Plaintiff's proposed jury instructions attached as Ex. 5 hereto.

*Defendants*: See Defendants' proposed jury instructions attached as Ex. 6 hereto.

Depending on the claims that are submitted to the jury, the Defendants may propose a special verdict form.

**(n)    Voir Dire/Special Verdict Form**

In addition to standard questions concerning language ability, familiarity with counsel, parties or potential witnesses, etc., the parties propose the following additional voir dire questions:

*Plaintiff*: See Plaintiff's proposed special verdict forms (one with 93A instruction and one without) attached hereto as Ex. 7

*Defendants*: Defendants are presently considering the precise wording of proposed questions relating to potential jurors' experience with and opinion of investment managers, hedge funds, private equity firms and other financial institutions.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| Kotva a.s. & Richard Harazim | Andrew Weiss and Weiss Asset Management LLC |
| By their attorneys, | By their attorneys, |
| /s/ Joel G. Beckman<br>Joel G. Beckman (BBO# 553086)<br>William C. Nystrom (BBO# 559656)<br>Daniel J. Pasquarello (BB0# 647379)<br>NYSTROM BECKMAN & PARIS LLP<br>10 St. James Ave., 16th Floor<br>Boston, Massachusetts 02116<br>(617) 778-9100<br>(617) 778-9110 (fax)<br>jbeckman@nbparis.com<br>wnystrom@nbparis.com<br>dpasquarello@nbparis.com | /s/ Benjamin A. Goldberger<br>Edward P. Leibensperger (BBO #292620)<br>Benjamin A. Goldberger (BBO #654357)<br>MCDERMOTT WILL & EMERY LLP<br>28 State Street<br>Boston, Massachusetts 02109<br>(617) 535-4000<br><br>Edward T. Dangel, III (BBO #113580)<br>DANGELE & MATTCHEN, LLP<br>10 Derne Street<br>Boston, Massachusetts 02114<br>(617) 557-4800 |

Dated: March 29, 2007

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 29th day of March, 2007.

/s/ Benjamin A. Goldberger