UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT LLC, <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s. and RICHARD HARAZIM, <br><br> Counterclaim-defendants. | C.A. No. 05-10679-WGY |

### CORRECTED[1] DEFENDANTS' MOTION IN LIMINE REGARDING CZECH CONSTITUTIONAL COURT COMPLAINT

Defendants move in limine to: (1) preclude the plaintiff from introducing as evidence the complaint filed by Professor Weiss's Czech counsel with the Czech constitutional court; and (2) preclude Kotva from playing for the jury any portions of depositions relating to an inaccurate translation of that complaint. In support of this Motion, Defendants state:

1.  Kotva seeks to convert Professor Weiss's counsel's **assumptions** (for purposes of the complaint only) that certain alleged facts were true into **admissions** by Professor Weiss that

---

[1] This corrected version of this motion attaches exhibits that were not yet received from the Czech Republic when the original version of the motion was filed last night and makes associated changes in the text.

- 1 -

they were, in fact, true. Moreover, Kotva's purported English translation of the complaint bends Czech counsel's words still further from their actual, contextual meaning.

2. On December 21, 2005, Andrew Weiss's Czech attorney filed a complaint with the Constitutional Court of the Czech Republic challenging certain aspects of the criminal proceedings initiated against Professor Weiss by Czech authorities at the behest of Kotva. (Affidavit of JUDr. Petr Topinka, attached as Exh. A, ("Topinka Aff.") at 1–2) This complaint took the form of what this Court would recognize as a motion to dismiss—describing the prosecuting authorities' factual allegations and assuming (without conceding) their truth while arguing that certain decisions relating to the criminal proceedings violated the Czech Constitution. (*Id.*) The Constitutional Court found that it was not competent to review Professor Weiss's complaint for two reasons: (1) Professor Weiss had not yet been formally accused in the underlying criminal proceedings; and (2) the Constitutional Court is one of last resort and Professor Weiss's counsel, Dr. Topinka, had failed to use up all procedural means available to him before turning to the Constitutional Court. In essence, the Court found that there had been a failure to exhaust remedies in lower courts and tribunals and, therefore, did not reach the merits of Professor Weiss's complaint.

3. Kotva now seeks to use a purported English translation of Dr. Topinka's Czech complaint against Professor Weiss. (*See* Topinka Aff. at 1-2.) Apparently, Kotva intends to show its supposed translation of Dr. Topinka's complaint to the Court and the jury, claiming that it reflects Professor Weiss's admission that the facts alleged by Czech authorities are true or that they represent Dr. Topinka's view of the facts. Kotva also used its "translation" during two depositions—those of Georgiy Nikitin and Andrew Weiss—and elicited testimony about the translated document.

4. Kotva has mistranslated the complaint. (Topinka Aff. at 1.) What's more, the nature of the mistranslation, combined with counsel for Kotva's refusal to identify the translator, suggests something more than mere mistake. (*Id.*) For example, in the complaint, Dr. Topinka summarized an allegation—with which he vehemently disagreed—as follows (using a certified Czech to English translation): "In this particular case, **the accusation is that** Prof. Weiss, being a statutory body of a legal entity demanded in its name at a meeting with representatives of another legal entity, that such entity (Forminster Enterprises) repurchases from the entity represented by him the shares of Kotva, a.s., and noted that if the shares were not repurchased under the proposed business terms, civil actions would be filed against Kotva, a.s. (i.e. against a legal entity)." (*Id.* at 1; *see* certified English translation of complaint, attached as Exh. B. at 3) (emphasis added). In its translation of this sentence, Kotva uses the very same words but completely omits the bolded text, changing counsel's **description** of the factual allegations against Professor Weiss into an **admission** of their truth. (*See* Topinka Aff. at 1; *see* Kotva English "translation" of complaint, attached hereto as Exh. C.)

5. If Kotva is allowed to introduce or make reference to Dr. Topinka's Czech constitutional complaint, it will only serve to confuse, or even worse, to prejudice the jury. This is true for at least three reasons. First, and most obviously, Kotva has mistranslated Dr. Topinka's complaint. It has done so in a manner that turns Dr. Topinka's description of the allegations in the criminal case—the truth of which he denies—into admissions that those statements are true. Even if this mistranslation resulted from mere oversight or carelessness, that does not change the inevitable prejudicial effect this evidence is sure to have on the jury. Second, even using the certified translation, confusion and prejudice will still result. The Court and the attorneys are very familiar with the exercise of assuming that an opponent's factual

allegations are true for purposes of a motion to dismiss while understanding that, for any purpose other than the motion, that assumption holds no sway. However, this exercise is not intuitive to jurors at all. If the Court opts to admit this evidence, counsel for the Weiss Parties will have to try to educate the jury, through witnesses and argument, that Professor Weiss's counsel's assumption of certain facts or description of certain allegations for purposes of a complaint to the Constitutional Court is wholly consistent with Professor Weiss's denial that those facts or allegations are true. Third, and finally, the Czech court's dismissal of Dr. Topinka's complaint is likely to unfairly influence the jury as well. Once again, while lawyers and judges readily understand that a dismissal for purely procedural reasons (such as jurisdictional questions of standing and exhaustion) implies no opinion on a party's case on the merits, jury members may think otherwise. Once again, should the Court allow the evidence, the Weiss Parties' counsel will have to spend significant time and effort explaining the nature and import of the dismissal to the jury, and will quite likely fail in that attempt.

6.   In short, if the Court allows Kotva to introduce or otherwise to make reference to the constitutional complaint, it will at worst significantly and unfairly prejudice the jury against Professor Weiss and at best lead the parties and the Court into an extended presentation on the collateral issue of what Mr. Weiss's Czech counsel actually wrote, what he meant, and what the Czech Constitutional Court did in response. Thus, the Court should head off any such danger by precluding Kotva from referring to or otherwise using the Complaint to the Czech Constitutional Court.

        Respectfully Submitted,

        ANDREW WEISS and WEISS ASSET
        MANAGEMENT LLC

        By their attorneys,

        /s/ Benjamin A. Goldberger
        Edward P. Leibensperger (BBO# 292620)
        Benjamin A. Goldberger (BBO# 654357)
        McDermott Will & Emery LLP
        28 State Street
        Boston, Massachusetts 02109-1775
        (617) 535-4000

        Edward T. Dangel, III (BBO#113580)
        Dangel & Mattchen, LLP
        10 Derne Street
        Boston, MA 02114
        (617) 557-4800

Dated: March 29, 2007

### CERTIFICATE OF CONSULTATION

I hereby certify that I have conferred with counsel for Kotva a.s. and Richard Harazim attempted in good faith to narrow or resolve this issue. Kotva a.s. and Richard Harazim oppose this Motion.

        /s/ Benjamin A. Goldberger
        Benjamin A. Goldberger

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 29, 2007.

        /s/ Benjamin A. Goldberger
        Benjamin A. Goldberger

BST99 1536019-3.072198.0012

## AFFIDAVIT OF JUDr. PETR TOPINKA, ATTORNEY

I, the undersigned JUDr. Petr Topinka, attorney-at-law registered in the List of Attorneys of the Czech Bar Association and entitled to practise law in the Czech Republic, hereby confirm and attest on behalf of my client, Prof. Andrew Weiss, as follows:

Translation of the constitutional complaint drafted by me on behalf of my client, Prof. Andrew Weiss, on December 21, 2005, presented by Kotva a. s. et al. in the proceedings no. C. A. No. 05-10679-RCL conducted by the United States District Court for the District of Massachusetts, is an inaccurate and imprecise translation of my constitutional complaint of December 21, 2005. A correct translation verified by a registered court interpreter in the Czech Republic is attached to this affidavit.

For instance, if the inaccurate translation presented by Kotva a.s. suggests that the constitutional complaint of December 21, 2005, contains the following sentence: "In this particular case, Professor Weiss, being a statutory body of a legal entity demanded in its name at a meeting with representative of another legal entity, that such entity (Forminster Enterprises) repurchases from the entity represented by him the Shares of Kotva, a.s. and noted that if the shares were not purchased under the proposed business terms, civil actions would be filed against Kotva," then I have to point out that this is an intentionally mistranslation. The correct translation verified by a registered court interpreter is: "In this particular case the accusation is that Prof. Weiss..." Id est, this is a summary of the preliminary police opinion of the case expressed at the beginning of the criminal proceedings. On top of that it has to be emphasized that:

1) the above mentioned sentence is not Professor Weiss's statement; Professor Weiss had the first opportunity to express his opinion as late as on March 9, 2007,
2) the above mentioned sentence is not a statement of the defence of Professor Weiss, neither is it my statement as Professor Weiss's defence counsel; the defence counsel may not substitute for the accused person's testimony,
3) the above mentioned sentence is the opinion of the police and was used in the constitutional complaint as a basis for disputation with the steps taken by the police and especially the legal interpretation adopted by the police,
4) the above mentioned opinion of the police was expressed before any evidence proceedings started, i.e. the police may now have a completely different opinion,
5) Kotva a.s. attempts to extract part of a sentence from a certain context and attach some evidentiary importance thereto, which has to be rejected because:
    a. no part of the constitutional complaint can have any meaning for any other proceedings,
    b. this is a misinterpretation and
    c. the only person that can state the true course of events is a party to the proceedings or a witness; in the given case it is Professor Weiss and other persons procedurally interrogated in both the proceedings in the Czech Republic and the proceedings in the United States.

I need to point out that a constitutional complaint, as the final domestic remedial measure guaranteed by Czech law, is a legal motion intended, *inter alia,* to challenge an unconstitutional decision issued by a public authority, unconstitutional measure adopted by a public authority or another violation of the complainant's constitutional rights and freedoms by an act of a public authority. In order to conform to the requirements stipulated by the law, Act No. 182/1993 Coll., on the Constitutional Court, as subsequently amended, the

consequences necessary for the issuance of an unconstitutional decision or other violation being challenged, must point out the reasons of illegality and unconstitutionality thereof, citing the text of the decision or measure and emphasizing its consequences in case the subject matter of the constitutional complaint is a decision or a measure, or describing the facts of the unconstitutional violation in other cases. No other than legal issues are being discussed in the constitutional complaint proceedings, especially not questions of fact and the factual account of a particular case; in other words, Constitutional Court reviews exclusively compliance of the challenged decision, measure or violation with constitutional law. A constitutional complaint is a highly technical legal document the drafting and interpretation of which requires the skills of an attorney; this is the reason why the Act on the Constitutional Court expressly requires the constitutional complaint to be drafted and the complainant to be represented by a fully qualified and registered attorney.

In this particular case, the constitutional complaint of December 21, 2005, challenged the criminal proceedings conducted by the Police of the Czech Republic – Metropolitan Prague Administration, Criminal Police and Investigation Administration – Department of Economic Crime, against Prof. Weiss et al. under the file no. ČTS: PSP-4035/OHK-3-2004, especially the resolution on initiation of criminal prosecution of Prof. Weiss of February 3, 2005, file no. ČTS: PSP-4035/OHK-3-2004. Necessarily, the constitutional complaint had to cite this resolution and analyze it, as well as describe the unconstitutionality of the entire criminal proceedings; however, not from the point of view of the facts of the case but from the point of view of law and procedural legality and constitutionality of the process. In other words, there was no place in the constitutional complaint proceedings for disputing the facts of the case or the question of guilt of the accused person, Prof. Weiss, and exercise of his material defence; the constitutional complaint at this particular stage of the criminal proceedings was a measure adopted to challenge and emphasize the unconstitutionality of the process and the steps adopted by the respective criminal law authorities, the unconstitutional premises upon which the challenged resolution on initiation of criminal prosecution was based and unconstitutional interpretation of law, irrespective of the question of guilt or innocence of the accused person.

The proper places to dispute and challenge the facts of the case as presented by the criminal law authorities are, with regard to the specifics of this case, the complaint against the resolution on initiation of criminal prosecution and to a certain extent also the motions for review of the state prosecutor's conduct filed with the superior state prosecution department, and complaints against the freezing orders issued in the case. All of these measures have been properly employed in the case and any notion of guilt of Prof. Weiss has been expressly denied and refuted with evidence, to the full extent allowed by law.

Thus, any attempt to isolate the constitutional complaint, to separate it from the complex structure of measures adopted on Prof. Weiss's behalf in the course of his defence, specifically to interpret the facts of the case mentioned in the constitutional complaint as the complainant's statement of fact, instead of their proper meaning as citation of the challenged resolution on initiation of criminal prosecution, is either an unqualified interpretation missing the nature and purpose of this constitutional complaint as such and its place among the measures adopted on Prof. Weiss's behalf in the course of his defence, or an intentional false misconstruction thereof.

JUDr. Petr Topinka
attorney

*[Translation from Czech]*

[Letterhead of MACKRELL INTERNATIONAL]

Constitutional Complaint of Andrew Weiss

276/1
Sent
on December 21, 2005

**Constitutional Court of the Czech Republic**
Joštova 8
<u>660 83 Brno 2</u>

Prague, December 21, 2005

**Complainant:**   **Prof. Andrew Weiss, US national,** born on January 2, 1947,
Permanently residing at 46 Abbotsford Road, 2 Brookline, Massachusetts 02116, USA
Represented by **JUDr. Petr Topinka,** attorney-at-law, Národní 11, Prague 1

**Parties:**
1) **Municipal State Attorney's Office in Prague** with its registered seat at nám. 14. října 9, 150 00 Prague 5
2) **Police of the Czech Republic – Metropolitan Prague Administration, Kongresová 2, 140 21 Prague 4**

**Enjoined Parties:**   1) **Ing. Vladimír Hoffmann,** born on October 30, 1965, permanently residing at Prague 9, Klánovice, Medinská no. 2153/19
2) **Edita Šimková,** born on July 27, 1968, permanently residing at Prague 2, Vinohrady, Na Folimance no. 2153/19

<u>**Constitutional Complaint**</u> against
the *as yet unenforceable* decision of the Metropolitan Prague Administration of the Police of the Czech Republic,
Criminal Police and Investigation Administration – Department of Economic Crime,
Kongresová 2, 140 21 Prague 4
issued on February 3, 2005 under no. ČTS: PSP-4035/OHK-3-2004

**Seven counterparts**

Attachments:   1x – as per evidence motions
power of attorney of the attorney-at-law

I. **The contested decision, the related proceedings and reasons for application of the procedure set forth in Section 75(2) of the Constitutional Court Act**

Based on the decision of the police authority issued on February 3, 2005 under no. ČTS: PSP-4035/OHK-3-2004 (hereinafter the "Decision"), criminal prosecution of Vladimír Hoffmann, Edita Šimková and Prof. Andrew Weiss was initiated for the criminal offence of extortion pursuant to Section 235 paragraph 1, paragraph 3 of the Penal Code, committed in complicity pursuant to Section 9 paragraph 2 of the Penal Code, the factual components of which consisted in forcing repurchase of shares of Kotva a.s. under the threat of initiation of purposeful civil actions against Kotva, a.s. A detailed description of facts of the case is included in the attached copy of the Decision.

The Decision was properly served upon the accused Hoffman and Šimková; however, it has not been served on Prof. Andrew Weiss until the date this constitutional complaint is lodged and **could not therefore come into force until now.**

The Complainant learned about the Decision from information published in the press and from his co-accused and appointed JUDr. Petr Topinka, attorney-at-law, as his defence counsel in such initiated criminal proceedings; JUDr. Topinka sent his power of attorney to the police authority.

The police authority virtually ignored the Complainant's defence counsel, JUDr. Topinka, refused to permit him to inspect the file and only delivered to him a copy of the Decision. The Complainant's defence counsel submitted to the police commissioner a complaint against the Decision on September 22, 2005; however, since the complaint was not submitted to the State Attorney for decision, JUDr. Topinka sent it also directly to the Municipal State Attorney's Office in Prague on October 14, 2005.

By her submission ref. no. 1 KZV 38/2005-318, dated October 19, 2005, the State Attorney of the Municipal State Attorney's Office in Prague informed the defence counsel that she did not accept the motion denominated as "complaint" and that this motion would be included in the investigation file. **The defence counsel has not received any decision on the lodged complaint and no such decision has been and will be presumably issued.**

By a motion dated October 24, 2005, the Complainant filed with the Supreme State Attorney's Office in Prague, through his defence counsel, a motion for supervision of the procedure of the Municipal State Attorney's Office in Prague, which is described above. To date, neither the Complainant nor his defence counsel has been informed about the result of such supervision.

The Complainant's defence counsel was served, as late as on December 16, 2005 (!), only the decision of the police authority no. ČTS: PSP-4035/OHK dated November 8, 2005 (!), by which the criminal proceedings against the Complainant were separated from joint proceedings pursuant to Section 23 paragraph 1 of the Criminal Procedure Code.

It results clearly from the foregoing, *inter alia*, that the bodies involved in criminal proceedings **have failed to enable the Complainant to exercise, through his defence counsel, his right to defence** and that the **State Attorney in charge has failed to decide,**

2

**within four months, on a regular appellatory instrument submitted by the defence counsel and does not intend to make a decision at all.** The supervision of the higher level State Attorney's Office has not resulted in any redress and it is not evident when such supervision will take place and whether it will result in any redress or not. The Complainant cannot consider this situation otherwise than as gross **unlawful procrastination in deciding on a regular appellatory instrument.**

The bodies involved in the criminal proceedings conducted for 9 months joint proceedings against Vl. Hoffman and Edita Šimková, whose accusation was already in force, and also against Prof. Weiss, who has not been accused yet, thus also collected evidence against the Complainant, although the appropriate legal conditions were undoubtedly not met in this respect and his defence counsel was not allowed to participate in such criminal proceedings. In addition to the foregoing, the State Attorney failed to use the opportunity to review the Decision on the basis of arguments contained in the complaint and to verify its legitimacy and justifiability. Thus, the Complainant is endangered by and presumably has already suffered **serious and unavoidable detriment to his rights**, also due to the publication of the information on initiation of criminal prosecution of the Complainant.

Due to its importance (see the analysis of issues specified ad II and III below), this constitutional complaint also exceeds significantly the personal interests of Prof. Andrew Weiss. Therefore, the Complainant is convinced that the legal prerequisites stipulated in Section 75 paragraph 2 letters (a) and (b) of Act on the Constitutional Court have been met and the **Constitutional Court will not reject this constitutional complaint even though it is directed against an Order not yet in force.**

**Evidence:**   the contested Decision
complaint against the contested Decision
cover letter submitted to the Municipal State Attorney's Office in Prague
notice of the Municipal State Attorney's Office in Prague to JUDr. Topinka dated October 19, 2005
motion for supervision dated October 24, 2005
decision on the separation of criminal proceedings against Prof. Weiss

### II. Basic objections against the contested Decision arising under constitutional law

The issue of object of extortion pursuant to Section 235 of the Penal Code

The factual components constituting the crime pursuant to Section 235 of the Penal Code are included in Division One, Chapter Eight of the Special Part of the Penal Code, which provides protection for human freedom under criminal law in accordance with the provision of Article 8 paragraph 1 of the Charter of Fundamental Rights and Freedoms. Section 235 of the Penal Code **protects specifically the human freedom of choice** (i.e. the freedom of choice of an individual).

In this particular case the accusation is that Prof. Weiss, being a statutory body of a legal entity, demanded in its name, at a meeting with representatives of another legal entity, that such entity (Forminster Enterprises) repurchases from the entity represented by him the shares of Kotva, a.s., and noted that if the shares were not repurchased under the proposed business terms, civil actions would be filed against Kotva, a.s. (i.e. against a legal entity).

3

It is a fact that legal entities may act solely through natural persons, which actually happened in the present case; however, all demands were addressed solely to the legal entity and any **harm** that could have arisen or be imminent in this respect **could affect solely the legal entity and not a natural person.**

Therefore, the Complainant is convinced that the conduct that was specified in the verdict of the contested Decision did not affect the interest protected by Section 235 of the Penal Code - freedom of choice of an individual. Therefore (due to the absence of the object of crime), there cannot exist any suspicion of a criminal offence; thus, there existed no legal reasons for initiation of criminal prosecution. Based on the foregoing, the Complainant believes that the commencement of criminal prosecution is **in conflict with the principle stipulating that the prosecution may be conducted exclusively on the basis of legal reasons.**

<u>Ability of filing civil actions against a legal entity
to cause serious harm to an individual</u>

As mentioned above, forcing another person to repurchase shares was to consist exclusively in threats of filing civil actions, their actual submission and legal consequences of such suits against Kotva, a.s. No matter how these actions in their consequences undoubtedly affected also individuals acting in the name of Kotva, a.s., particularly in the form of their duty to solve the situation that had arisen, it cannot be inferred in any case that filing any such action against Kotva, a.s. or the actions in their aggregate could cause serious harm to any individual. According to the standard interpretation[1], serious harm means property damage, serious damage to honour and reputation, breakdown of marriage or family life, commencement of criminal prosecution and the like. While assessing whether other serious harm has been inflicted, it is necessary to consider the personal situation of the attacked person, his maturity, experience, mental state, etc.

Therefore, the Complainant infers that filing civil actions against a legal entity cannot cause (at least under the circumstances given) serious harm to any individual. This means, in practice, that not even the objective elements necessary to constitute the crime of extortion pursuant to Section 235 of the Penal Code could have been fulfilled. Opposite interpretation would constitute inadmissible expansion of conditions of criminal liability **due to a conflict with the principle stipulating that criminal prosecution may be conducted exclusively on the basis of legal reasons.**

<u>Incriminating a foreign investor's effort
to protect his investment in the Czech Republic</u>

The Complainant is a respected citizen of the USA, an internationally renowned trader, a professor of economy at Boston University. At the same time, he (or the companies represented by him) is a foreign investor who has invested significant funds in the Czech Republic in acquiring shares of Kotva, a.s. These funds are undoubtedly **investments pursuant to Article I paragraph 1 letter (a) of the Treaty between the United States of America and the Czech and Slovak Federal Republic on Reciprocal Encouragement and Protection of Investment** (published under no. 187/1993 Coll.), which is binding for the

---

[1] Šámal, Púry, Rizman, Penal Code, Commentary, 5th edition, C.H. Beck 2003, pp. 1271-2

4

Czech Republic. It is sufficiently common knowledge that Kotva, a.s. had its assets stripped in the past, due to which the Complainant's investment lost a significant part of its value which thus had not been protected by the Czech state.

The Complainant believes that Forminster Enterprises is directly responsible for such loss of value and therefore attempted to urge this company, using means of a business nature that were, in his opinion, permissible, to provide a form of compensation for damage caused by it.

Such effort cannot be interpreted as an intention to commit extortion; nevertheless, it is predominantly a fundamental reason for evaluating whether it can conceptually constitute conduct dangerous for the society.

The Complainant is convinced that his conduct is not dangerous to society and therefore, pursuant to Section 3 paragraph 2 of the Penal Code, there exists no question of suspicion of a criminal offence. On the contrary, the danger to society arises from attempts to incriminate such conduct, thus actually interfering unilaterally, from the position of power and with the use of means of criminal law, into business relations. In this respect, the Complainant also sees **a conflict with the principle under which criminal prosecution can be conducted exclusively on the basis of legal reasons and also with an international obligation of the Czech Republic.**

### III. Admissibility of participation of the defence counsel of an accused in relation to whom the commencement of criminal prosecution has not come into effect yet

Although the opinion of the Municipal State Attorney's Office in Prague is not substantiated in any manner, it may be assumed that its legal basis is the opinion that a person on whom an issued Order on the commencement of criminal prosecution against him has not yet been served is not yet an accused, and that a person who is not yet an accused cannot have a defence counsel and that a complaint against the decision on the commencement of criminal prosecution, submitted at this time by the appointed counsel, is not a complaint but an unspecified motion that need not be formally resolved (although the content of the motion clearly indicates that it is a complaint against the contested decision and the Complainant believes that it should have been decided on, at least pursuant to Section 148 paragraph 1 letter (b) of the Criminal Procedure Code).

Such (presumed) opinion is probably based on the **standpoint of the Supreme State Attorney's Office in Prague serial no. 13/2002**, which the Complainant does not wish to dispute in any way. **However, such standpoint may not necessarily be applicable in the given case.** In a case in which joint proceedings have been conducted for a long time against individuals on whom the Order on the commencement of criminal prosecution had been served (probably 10 months ago in the given case) and against an individual on whom the Order had not been served, but such individual had duly appointed a defence counsel, it cannot be ignored that such individual was also accused in the material sense (a decision on the commencement of criminal prosecution against him had been issued) and such individual should be allowed to defend himself through an appointed defence counsel (provided that he/she is capable of performing a sufficiently explicit legal act in this regard). Therefore, this defence counsel should be allowed to exercise all legal rights pertaining to a defence counsel under the Criminal Procedure Code. It cannot be denied that such criminal proceedings

5

conducted jointly on this basis principally affect the rights of this latter accused (in the material sense) and the right to defence is one of the fundamental human rights, which cannot be restricted, not even by interpretation detrimental to the accused. One of the basic components of the right to defence is the right to file an appeal (including the right to have such appeal properly decided), which should not be denied to the appointed defence counsel, as has evidently happened in this case and as it could happen in other cases of this type.

The Complainant is therefore of the opinion that he has properly appointed his defence counsel and, by their refusal to accept such appointment, the bodies involved in criminal proceedings **have been grossly violating the Complainant's right to defence and to an effective appellatory instrument.**

### Therefore, the Complainant insists

that in the criminal proceedings conducted against him **the following rights have been breached**:

a) **right to fair trial** pursuant to Article 6(1), (2) and (3)(c) of the Convention for the Protection of Human Rights and Fundamental Freedoms, which is binding for the Czech Republic;

b) **right to an effective legal remedial measure** pursuant to Article 13 of this Convention;

c) **right to prosecution exclusively on the basis of legal reasons and to fair trial** pursuant to Article 8 paragraph 2, Articles 39 and 40 paragraph 3 of the Charter of Fundamental Rights and Freedoms.

### Proposed decision

Based on the foregoing, the Complainant proposes that the Constitutional Court adopts a

### FINDING

abolishing the as yet unenforceable decision of the police authority no. ČTS: PSP-4035/OHK-3-2004 dated February 3, 2005.

**Prof. Andrew Weiss**

*[Dr. P. Topinka signature]*

## Interpreter's Statement

As an interpreter

**of English language,**

appointed by the decision of the Regional Court in Prague on December 7th 2000, Ref. No. Spr 4056/2000, I certify that the translation corresponds to the text of the attached document word for word.
I implemented the following corrections-----.

The interpreting act is recorded under the consecutive No. 19/2007 of the interpreter's record book.

I am charging in compliance with the enclosed bill.

Mgr. Rita Deanová
Vinice 41
289 03 Městec Králové

Constitutional Court of the Czech Republic
Joštova 8
660 83 Brno 2



Prague, December 21st, 2005

Plaintiff:     Prof. Andrew Weiss, nationality USA, dob 2.1.1947,
             address 46 Abbottsford Road, 2 Brookline, Massachussets 02116 USA
             Represented by Dr. Petr Topinka, attorney, Národní 11, Praha 1

Parties:     1) Prague Public Prosecutors Office, Nám. 14. října 9, 150 00 Praha 5
           2) Czech Police Force-Prague City Council, Kongresová 2, 140 21 Praha 4

Enjoined parties:
             1) Vladimír Hoffmann, dob 30.10.1965, address Praha 9, Klánovice,
             Medinská no. 2153/19
             2) Edita Šimková, dob 17.7.1968, address Praha 2, Vinohrady,
             Na Folimance no. 2153/19

### Appeal to the Constitutional Court against

*the illegitimate* Order issued by the Czech Police Force-Prague City Council,
SKPV-fraud squad, Kongresová 2, 140 21 Praha 4
dated February 3, 2005 ČTS: PSP-4035/OHK-3-2004

Seven copies

Attachments: 1 x documentary evidence
           power of attorney

1.  Contested Order, related proceedings and reasons for the appeal pursuant to Article 75, paragraph 2 of the Act on the Constitutional Court

Criminal charges were brought against Vladimir Hoffmann, Edita Šimková and Prof. Andrew Weiss under a police order dated February 3rd, 2005 ČTS:PSP-4035/OHK-3-2004 (hereinunder referred to as the "Order") for the criminal offence of extortion, pursuant to Section 235, paragraphs 1 and 3 of the Penal Code and of complicity pursuant to Article 9, paragraph 2 of the penal code, on the facts consisting of forcing the repurchase of Kotva a.s. shares under threat of lodging civil proceedings against Kotva a.s.; for a detailed description of the facts, we refer you to the attached copy of the Order.

The Order was properly served on the accused Hoffman and Šimková, but was not served on Prof. Andrew Weiss and for this reason **it cannot have acquired any force of law** as it relates to the Plaintiff on the date this appeal is lodged.

The Plaintiff learned of the Order through information published in the press, as well as from his fellow accused and appointed Dr. Petr Topinka, Attorney, to represent him in these criminal proceedings; the defense counsel sent his power of attorney to the police.

The police failed to respect Dr. Topinka's position as the Plaintiff's defense counsel, refused to allow him access to their records and only provided him with a copy of the Order. On September 22nd 2005, the Plaintiff's counsel submitted an appeal against the Order to the Police Commissioner and, when this was not forwarded to the Public Prosecutor for a decision, himself sent it directly to the Prague Public Prosecutor's Office.

In a reply dated October 19th, 2005 ref. 1KZV 38/2005-318, the Public Prosecutor from the Prague Public Prosecutions Office informed the counsel that the submission described as an appeal was not accepted and this submission was filed in the records. **Counsel received no decision on the appeal and it is obvious that no decision was or will be issued.**

On October 24th, 2005, through his counsel, the Plaintiff submitted to the Director of Public Prosecutions a request for a review to be carried out regarding the procedure followed by the Prague Public Prosecutions Office. To this day neither the Plaintiff nor his counsel have been informed of the results of this review.

The Plaintiff's counsel did not receive the police Order of November 8th! 2005 ČTS:PSP-4035/OHK, which removed the proceedings against the Plaintiff from the joint proceedings, until December 16th! 2005.

It clearly follows from the above that the authorities involved in the criminal proceedings have **prevented the Plaintiff from exercising his right to a defense through his defense counsel and that the Public Prosecutor has still not made a decision on the request for legal redress that was duly submitted by the defense counsel four months after its submission and has determined not to make this decision**; concerning the inspection by the Director of Public Prosecutions, this has so far not led to any redress and it is not clear when it will be carried out and whether any remedial measures will be taken or not. The Plaintiff can only see this as constituting **gross illegal delays in making a decision on appropriate legal redress.**

For a period of 9 months, the authorities involved in the criminal proceedings instituted joint proceedings against Vl. Hoffmann and Edita Šimková, who had been duly accused, as well as against Prof. Weiss, despite the fact that he had not yet been accused, and submitted evidence against the Plaintiff, although the legal conditions for this had certainly not been met and although his defense counsel had not been allowed to participate in these criminal proceedings. Apart from this, the Public Prosecutor failed to take the opportunity to investigate the Order on the basis of the arguments set out in the appeal and to verify its legality and reasonableness. The Plaintiff is also under threat of, and has obviously already suffered, **serious and unavoidable injury to his rights**, in part because information concerning these criminal proceedings was made public.

The purpose of this appeal (to resolve the questions set out below under II and III) also greatly exceeds Prof. Andrew Weiss's own interests; for this reason, the Plaintiff is convinced that the legal conditions set out in Article 75, paragraph 2, clauses a and b of the Act on the Constitutional Court are satisfied in order that **the Constitutional Court not reject this appeal despite the fact that it is directed against an illegitimate Order.**

**Evidence:**   contested Order
appeal against the disputed Order
submission letter to the Prague Public Prosecutors Office
response from the PPPO to Dr Topinka dated October 19th, 2005
request for review dated October 24th, 2005
ruling on the lifting of criminal charges against Prof. Weiss

## II Basic Constitutional Objections to the Contested Order

<u>The issue of the object of the crime of extortion pursuant to Article 235 of the Penal Code</u>

Pursuant to Article 235 of the Penal Code, the facts of the case fall under the first section of the eighth head of a separate part of the Penal Code, which provides criminal protection for the freedom of the individual in compliance with the provisions of Article 8, paragraph 1 of the Declaration of Fundamental Rights and Freedoms; the provisions of Article 235 of the Penal Code specifically **protect the individual's right to decide** (meaning a natural person).

In this particular case, Prof. Weiss as the statutory representative of a legal entity, during negotiations with representatives of another legal entity, requested in its name that this company (Forminster Enterprises) repurchase shares in Kotva a.s. from the legal entity he represented, with the condition that should the repurchase not take place under the proposed business conditions, civil proceedings would be lodged against Kotva a.s. (meaning, again, against a legal entity).

It is a fact that legal entities can only act through the intermediary of natural persons, which is also true of the present case, but any requests were exclusively addressed to a legal entity and any **prejudice** that might occur, or even threaten to occur, in this regard **could only occur to a legal entity and not to any natural person.**

For this reason, the Plaintiff is convinced that the actions that were set out in the wording of the contested Order did not affect the provisions of Article 235 of the Penal

Code protecting the interests and the freedom of the individual to decide and, for this reason (the absence of the object of a criminal offence) there can be no suspicion of the given criminal act having been committed and there were therefore no legal reasons for initiating criminal proceedings. Therefore, in the opinion of the Plaintiff, the commencement of legal proceedings was <u>in conflict with the principle of proceedings for purely legal reasons,</u>

### The issue of the capacity of the commencement of civil proceedings against a legal entity to cause severe prejudice to an individual.

As has already been set out above, forcing another to repurchase shares consisted exclusively of threats to bring civil action, its actual administration and the legal consequences of the suit against the Kotva a.s. corporation. No matter how the outcome of this action also affected natural persons representing Kotva a.s., particularly insofar as they were required to resolve the situation that had arisen, there is absolutely no reason to conclude that bringing any action against Kotva a.s., or the content of this action, could in any way cause severe prejudice to any natural person. The standard interpretation of severe prejudice[1] covers material damage, seriously prejudicing someone's honor and good name, causing the breakdown of a marriage or family life, commencing criminal proceedings, etc. In order to judge whether or not severe prejudice has occurred, the personal characteristics of the victim have to be taken into account, his maturity, experience, psychological state, etc.

For this reason, the Plaintiff concludes that bringing a civil action against a legal entity (at least in this particular situation) is not capable of causing severe prejudice to any natural person; in practice this means that even the objective aspect of the criminal act of extortion could not have taken place pursuant to Article 235 of the Penal Code. Any other construction would involve an inadmissible extension of the conditions for criminal liability **in conflict with the principle of criminal proceedings for purely legal reasons.**

### The issue of criminalizing the attempts of a foreign investor to protect his investment in the Czech Republic

The Plaintiff is a respected American citizen, an internationally respected businessman, Professor of Economics at Boston University and is (or the companies he represents are) a foreign investor who has invested a great amount of money in the Czech Republic in order to acquire Kotva a.s. shares; these funds undoubtedly represent an **investment pursuant to Article 1, paragraph 1, clause a) of the convention between the United States of America and the Czech and Slovak Federal Republic on mutual support for and protection of investment** (published under no. 187/1993 Coll.), by which the Czech Republic is bound. It is common knowledge that Kotva a.s. had its assets stripped, resulting in a fundamental fall in the value of the Plaintiff's investment, which had not been protected by the Czech State.

In the opinion of the Plaintiff, Forminster Enterprises is directly liable for this fall in value and because of this the Plaintiff attempted, using what he was convinced were

---

[1] Šámal, Púry, Rizman, Penal Code, commentary, 5th edition C.H. Beck 2003 pp. 1271-2

acceptable business methods, to force this company to provide some form of compensation for the damage it had caused.

This attempt cannot be interpreted as any intent to commit the criminal offence of extortion, although it does provide a fundamental reason for considering whether it can conceivably be a action that places society in danger.

The Plaintiff is convinced that his action did not represent a danger to society and that there is therefore no reason to suspect a criminal offence (Art. 3 paragraph 3 Penal Code) but that the attempt to criminalize this type of act and in fact to use one-sided criminal means to forcefully intervene in business dealings is detrimental to society. In this sense the Plaintiff also finds a **conflict with the principle of criminal proceedings for purely legal reasons, as well as a conflict with the international obligations binding on the Czech Republic.**

### III   The issue of the admissibility of the participation of the defendant's defense counsel regarding which the effects of the criminal proceedings to date have not begun

Although the position of the Prague Public Prosecutor has not been explained, we can assume that its legal basis is the opinion that a person who has not yet received a Order on the commencement of criminal proceedings against him has not yet been accused and that a person who has not been accused cannot appoint a defense counsel and that the appeal against the Order to commence criminal proceedings submitted by the appointed counsel is not an appeal but an unspecified motion which does not have to be dealt with in any formal way (although in terms of its content it is definitely an appeal against the contested Order and, in the opinion of the Plaintiff a decision should be made on it, as least under the provisions of Article 148, paragraph 1, clause b) of the Penal Code).

This (assumed) opinion is obvious from the **position of the Director of Public Prosecutions no. 13/20002**, which the Plaintiff has no wish to call into question. **However this position does not have to apply to this particular case.** If we consider that joint proceedings were underway over the long term against individuals who were served the Order to commence criminal proceedings (in their case this probably occurred about 10 months ago) and an individual who was not served the Order, although he duly appointed a defense counsel, we cannot overlook the fact that the latter was also in the position of the accused in a material sense (an Order on the commencement of criminal proceedings against him had been issued) and this individual should be allowed to defend himself through his appointed counsel (insofar as a sufficiently specific legal act is able to achieve this) and this counsel should be allowed to use all the legal rights due to a defense counsel under the terms of the Code of Criminal Procedure. It cannot be denied that, in the case of jointly led criminal proceedings, the rights of the co-accused are fundamentally affected (in a material sense) and the right to a defense is one of the fundamental human rights, which cannot be restricted by holding against the accused. One of the basic elements of the right to a defense is also the right to redress (including the right to a proper decision on it), which should not be disputed with the appointed counsel, as has obviously occurred in this case and as may well occur in other cases of this type.

The Plaintiff abides by his opinion that he duly selected a defense counsel and that by not acknowledging this choice, the authorities involved in the criminal proceedings **grossly violated the Plaintiff's right to a defense and to effective redress.**

### The Plaintiff therefore claims,

that during the criminal proceedings initiated against him, the following rights were violated

    a) **the right to a fair trial** under the terms of Art. 6, paras. 1, 2 and 3 clause c) of the Convention for the Protection of Human Rights and Fundamental Freedoms, by which the Czech Republic is bound,

    b) the **right to effective legal redress** under the terms of Article 13 of the same Convention,

    c) the **right to proceedings based on purely legal reasons and to a fair trial** pursuant to Article 8, paragraph 2, 39 and 40 and paragraph 3 of the Declaration of Fundamental Rights and Freedoms.

### Motion for a decision

For the reasons set out above, the Plaintiff moves for the Constitutional Court to accept

### A FINDING

by which it repeals the illegitimate police Order of February 3rd, 2005 ČTS:PSP-4035/OHK-3-2004.