UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-WGY |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**KOTVA'S AMENDED[1] MOTION IN LIMINE
TO PRECLUDE "EXPERT" TESTIMONY FROM "FACT" WITNESSES**

Defendants have indicated that they might offer expert testimony from Andrew Weiss and two of his employees, Georgiy Nikitin and Eitan Milgram, assuming they were called as fact witnesses:

> Assuming that one or more of [Andrew Weiss, Georgiy Nikitin and Eitan Milgram] testifies at trial as a fact witness, it is possible that we may use them to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence as well.

October 31, 2006 Letter attached as Ex. 1. Defendants never provided any expert disclosure reports for these purported experts. Further, neither Defendant Andrew Weiss nor Defendant Weiss Asset Management ("WAM") (under Fed. R. Civ. P. 30(b)(6)) were prepared to testify concerning damages at their depositions. The only expert that Defendants disclosed was Zdenek Kuhn, a witness who intends to testify about Czech criminal law.

---

[1] This amended motion includes exhibits that inadvertently were not attached to the motion filed yesterday.

Several weeks ago Defendants made an untimely expert disclosure and filed a motion to "add" Stephen Ross, Ph.D., as an expert witness to testify about share valuation and damages issues. On March 28, 2007, the Court denied that motion. After Plaintiff's counsel objected to the untimely disclosure of Dr. Ross as an expert witness--which happened more than four months after the disclosure deadline and just one month before trial--Defendants' counsel represented that they may call Dr. Ross as a "fact" witness. See March 19, 2007 Letter attached as Ex. 2 ("Dr. Ross may testify at trial as a fact witness with respect to his experience with Andrew Weiss and his experience with efforts to raise investment funds, and also as a character witness[2] familiar with Mr. Weiss's reputation in the relevant communities.") Dr. Ross can only be called as a fact witness to the extent he "played a personal role in the unfolding of the events at issue and the anticipated questioning seeks only to elicit the witness's knowledge of those events." Gomez v. Rivera Rodriguez, 344 F.3d 103, 114 (1st Cir. 2003). Dr. Ross did not play any role in the events at issue.

In conjunction with announcing Dr. Ross as a desired new expert witness, Defendants' counsel also proposed designating Bonnie Weiss, Andrew Weiss's wife, as a damages expert. Defendants' counsel apparently changed their mind, however, and did not provide an expert disclosure report from Mrs. Weiss. Instead, Defendants' counsel claimed Mrs. Weiss would be called as a "fact" witness, but then left the door open for an expanded role. See March 19, 2007 Letter attached as Ex. 3 ("…Bonnie Weiss, who may testify at trial, primarily as a fact witness on damages.") (emphasis added). Unlike the witness at issue in the Gomez case, however,

---

[2] It is black letter law that the character evidence Defendants contemplate is not admissible. See Fed. R. Evid. 404; see also Whitney v. Lynch, 222 Mass. 112, 116 (1915) (in fraud case involving the sale of stock, "reputation of the defendant for honesty and fair dealing was inadmissible."). Kotva has filed a motion in limine to exclude such evidence.

2

neither Dr. Ross nor Bonnie Weiss were disclosed by the Defendants as potential fact witnesses in this case.

Defendants' counsel have made representations that they believe they can introduce "expert" testimony through Fed. R. Evid. 701. Indeed, as demonstrated above in the context of Dr. Ross, this appears to be Defendants alternative plan for the admission of "expert" testimony. In fact, Defendants continue to list Andrew Weiss, Georgiy Nikitin, and Eitan Milgram as "expert" witnesses in their pretrial memorandum witness list. The opinion testimony contemplated by Rule 701, however, is not so broad:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 and Fed. R. Civ. P. 16 by simply calling an expert witness in the guise of a layperson.

Advisory Committee's Note to 2000 Amendment to Fed. R. Evid. 701 (citations omitted). In other words, Rule 701 is not a backdoor for the admission of expert testimony that a party fails to disclose, and Defendants cannot elicit Rule 702 "expert" testimony from fact witnesses through Rule 701.

WHEREFORE, to the extent that Defendants intend to use Fed. R. Evid. 701 to admit expert testimony for any of their proposed fact witnesses, including Bonnie Weiss, Dr. Ross, Eitan Milgram, Georgiy Nikitin, and Andrew Weiss, Plaintiff respectfully requests that the Court preclude such testimony.

3

Respectfully submitted,

KOTVA A.S. AND RICHARD HARAZIM

By their attorneys,

/s/ Daniel J. Pasquarello
Joel G. Beckman (BBO# 553086)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: March 29, 2007

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Undersigned counsel and counsel for the defendants/counterclaim plaintiffs, Benjamin Goldberger, conferred by telephone on March 28, 2007 and cannot agree to the issues raised in this motion.

/s/ Daniel J. Pasquarello

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 29th day of March, 2007.

/s/ Daniel J. Pasquarello

# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington. D C

Benjamin A Goldberger
bgoldberger@mwe com
617 535 4483

October 31, 2006

BY ELECTRONIC MAIL AND FIRST CLASS MAIL

Joel G. Beckman
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, MA 02116

Re:   Kotva a.s. v. Andrew Weiss et al., C.A. No. 05-10679-RCL

Dear Joel:

Pursuant to Federal Rule of Civil Procedure 26, enclosed please find the expert report of Zdeněk Kühn. Professor Kühn may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Additionally, you have noticed depositions of Andrew Weiss, Georgiy Nikitin and Eitan Milgram. Assuming that one or more of these individuals testifies at trial as a fact witness, it is possible that we may use them to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence as well. Accordingly, we are disclosing their identities to you pursuant to Federal Rule of Civil Procedure 26(a)(2)(A).

Truly,

Benjamin A. Goldberger
cc:   Edward P. Leibensperger (w/out enclosure)

BST99 1521387-1 072198 0012

U.S. practice conducted through McDermott Will & Emery LLP
28 State Street Boston, Massachusetts 02109-1775   Telephone: 617.535 4000   Facsimile: 617.535.3800   www.mwe.com

# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Benjamin A. Goldberger
bgoldberger@mwe.com
617.535.4483

March 19, 2007

VIA E-MAIL AND U.S. MAIL

Joel G. Beckman, Esq.
Nystrom Beckman & Paris LLP
10 St. James Avenue, 16th Floor
Boston, MA 02116

Re: <u>Kotva a.s. v. Andrew Weiss et al.</u>, C.A. No. 05-10679-RCL

Dear Joel:

As Terry wrote in his email yesterday, Dr. Ross may testify at trial as a fact witness with respect to his experience with Andrew Weiss and his experience with efforts to raise investment funds, and also as a character witness familiar with Mr. Weiss's reputation in the relevant communities.

Professor Ross's address is:

Stephen A. Ross
MIT Sloan School of Management
50 Memorial Drive, E52-443
Cambridge, MA 02142
617.258.8371

Truly,

Benjamin A. Goldberger
cc:   Edward T. Dangel, III
      Edward P. Leibensperger

BST99 1535180-1 072198.0012

U.S. practice conducted through McDermott Will & Emery LLP.
28 State Street Boston, Massachusetts 02109-1775 Telephone: 617.535.4000 Facsimile: 617.535.3800 www.mwe.com

# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Benjamin A. Goldberger
bgoldberger@mwe.com
617.535.4483

March 19, 2007

VIA E-MAIL AND U.S. MAIL

Joel G. Beckman, Esq.
Nystrom Beckman & Paris LLP
10 St. James Avenue, 16th Floor
Boston, MA 02116

Re: <u>Kotva a.s. v. Andrew Weiss et al.</u>, C.A. No. 05-10679-RCL

Dear Joel:

I know you have told Terry that you may still want to depose Bonnie Weiss, who may testify at trial, primarily as a fact witness on damages. If that is the case, please propose some dates.

Mrs. Weiss's address is:

Bonnie Weiss
Weiss Capital LLC
29 Commonwealth Avenue
10th Floor
Boston, MA 02116
617.778.7780

Truly,

Benjamin A. Goldberger
cc: Edward T. Dangel, III
    Edward P. Leibensperger

BST99 1534956-1 072198.0012

U.S. practice conducted through McDermott Will & Emery LLP.
28 State Street Boston, Massachusetts 02109-1775 Telephone: 617.535.4000 Facsimile: 617.535.3800 www.mwe.com