UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW WEISS and WEISS ASSET )<br>MANAGEMENT, LLC )<br>)<br>Defendants. )<br>) | Case No. 05-10679-WGY |

### KOTVA'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
### LEAVE TO FILE GRANTED ON APRIL 2, 2007

Defendants seek to dismiss all of plaintiff's claims -- because they claim that SPV Co., Ltd. -- a transactional entity -- is the real party in interest. Plaintiff Kotva, a.s. ("Kotva") is, and has always been, the real party in interest as defined by Fed. R. Civ. P. 17(a).

"The basic purpose of Rule 17(a)'s insistence that every action be prosecuted in the name of the real party in interest is to protect a defendant from facing a subsequent similar action brought by one not a party to the present proceedings and to ensure that any action taken to judgment will have its proper effect as res judicata." Prevor-Mayorsohn Caribbean, Inc. v. Puerto Rico Marine Mgmt., Inc., 620 F.2d 1, 3, 4 (1st Cir. 1980) ("niceties in title alone do not determine whether one is the real party in interest.");[1] see also MHI Shipbuilding LLC v. Nat.'s Fire Ins. Co. of Hartford, 286 B.R. 16, 31 (D. Mass. 2002). The same rationale that applied in Prevor applies here. SPV Co., the subsidiary at issue, is "part of a single operation" within

---

[1] The First Circuit further reasoned that the subsidiary and the parent in the Prevor case were "all part of a single operation" and, therefore, there was no risk double liability for the carrier. Id. at 5. ("Where a carrier is protected against double recovery, it has no concern with any equities between the owner or consignee or others.").

Kotva. SPV, Co, moreover, was created as a transactional entity ("Special Purpose Vehicle Company") at the insistence of Markland, the buyer of the department store. Accordingly, there is zero risk of double liability to defendants.

To further assuage any concerns that Defendants might have, SPV Co. assigned all of its claims against defendants to Kotva on October 24, 2004. A copy of the assignment (in Czech and English) is attached hereto as Exhibit 1. As belt and suspenders, Kotva subsequently made clear that any claims against Defendants belonging to SPV Co. and/or KN, another Kotva subsidiary, had been assigned to Kotva. A copy of the assignment (in Czech and English) is attached hereto as Exhibit 2. As third parties, defendants have no standing to challenge the validity of the assignment.[2] Graustein v. Boston & Me. R.R., 304 Mass. 23, 26 (1939); MHI, 286 BR 16 at 32. The assignment leaves absolutely no doubt that Kotva is the real party in interest under Rule 17(a). See Wright & Miller, Federal Practice & Procedure §1545.

---

[2] Simply put, it is of "no concern" to defendants who brings the claim—Kotva or SPV Co.—"so long as the [defendant] is in no danger of double liability. Prevor, 620 F.2d at 5; Barry v. Duffin, 290 Mass. 398, 402 (1935). Defendants' "shell game" theory, therefore, is without merit. Throughout this action defendants sought and obtained from Kotva all documents concerning the sale proceeds from the sale of the Department Store. Additionally, any claims that defendants purport to have against SPV Co. are identical to those asserted against Kotva. Thus, defendants have not been deprived of any claims or discovery and have not been prejudiced in any way.

For these reasons, and those set forth in its opposition, Kotva respectfully requests that the Court deny defendants' motion for judgment on the pleadings.

Respectfully submitted,

KOTVA, A.S.

By their attorneys,

/s/ Joel G. Beckman_____
Joel G. Beckman (BBO# 553086)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: April 3, 2007

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Undersigned counsel and counsel for the defendants/counterclaim plaintiffs, Benjamin Goldberger, conferred by telephone on March 30, 2007 and cannot agree to the issues raised in this motion.

/s/ Daniel J. Pasquarello

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 3rd day of April, 2007.

/s/ Daniel J. Pasquarello

# EXHIBIT 1

## Record of the meeting between companies in the KOTVA concern

Present:

1)     for KOTVA a.s., Ing. Richard Harazim, CEO
2)     for KOTVA NEMOVITOSTI, k.s., Ing. Richard Harazim
3)     for SPV CO. Limited, Martin Benda, CEO

The reason for today's meeting between the representatives is to tackle the results of the conduct of Andrew Weisse and co. The actual conduct of Andrew Weisse is well known to those present and, according to all current knowledge, appears to be criminal. For this reason, a criminal information was filed against Andrew Weisse and Ing. Vladimir Hoffmann in August on suspicion that they have committed the crimes of breaching the compulsory rules of business transactions, of misusing information obtained from business transactions, and the crime of fraud.

All dealings with Andrew Weisse and Ing. Vladimir Hoffmann have taken place in the presence of the representatives of KOTVA a.s., i.e. Ing. Richard Harazim and Martin Benda. Also, all requests made by Andrew Weisse or his representative have been directed towards KOTVA a.s. For this reason, the criminal information relating to these persons was filed by KOTVA a.s.

From the point of view of criminal law, the injured party in the initiated criminal proceedings is KOTVA a.s. itself, in spite of the fact that the nature of the behaviour of Andrew Weisse and co. also affects the other companies in the KOTVA concern. For example, as a consequence of the action to declare the proprietary rights filed by GILROY LIMITED, KOTVA NEMOVITOSTI, k.s. is a direct participant in the proceedings. However, SPV CO. Limited and KOTVA OBCHODNI, a.s. are also indirectly affected.

The participants have agreed that, in accordance with the criminal proceedings, **the interests of the concern will be represented by the parent company KOTVA a.s.** The same will apply in the event of the exercise of any legal claims against GILROY LIMITED or any other responsible persons.

In the event that in the future, in connection with the above, there will be the need for any acts to be carried out, both SPV CO. Limited and KOTVA NEMOVITOSTI, k.s. agree to carry them out. Both these companies hereby expressly authorise KOTVA a.s. to take all essential steps.

Regarding potential costs, the participants have agreed that they will be borne by that company in the KOTVA concern for which it will be the most advantageous for whatever reason. After the final and conclusive end of the proceedings in question, the costs will be fairly settled between the companies in the concern. The same will apply for the recovery of any damages or their parts.

Prague, 4 October 2004

[illegible signature]
_____

for KOTVA a.s., for KOTVA NEMOVITOSTI, k.s.,

[illegible signature]
_____

for SPV CO. Limited

K8087

## Zápis ze schůzky společností koncernu KOTVA

Přítomni:

1/ za KOTVA a.s., Ing. Richard Harazim, ředitel
2/ za KOTVA NEMOVITOSTI, k.s., Ing. Richard Harazim
3/ za SPV CO. Limited, Martin Benda, ředitel

Důvodem dnešní schůzky zástupců je řešení důsledků jednání Andrew Weisse a spol. Vlastní jednání Andrew Weisse je přítomným podrobně známo s tím, že toto dle všech dosavadních poznatků naplňuje znaky jednání trestního. Z uvedeného důvodu bylo podáno na Andrew Weisse a Ing. Vladimíra Hoffmanna v měsíci srpnu trestní oznámení pro podezření ze spáchání trestných činů Porušování závazných pravidel v hospodářském styku, zneužívání informací v obchodním styku a trestného činu podvodu.

Veškerá jednání s Andrew Weissem, resp. s Ing. Vladimírem Hoffmannem se uskutečnila za přítomnosti zástupců KOTVA a.s., a to Ing. Richarda Harazima, Martina Bendy. Rovněž veškeré požadavky vznesené Andrew Weissem, resp. jeho zástupcem, směřovaly vůči společnosti KOTVA a.s. Z uvedeného důvodu bylo i trestní oznámení na výše uvedené osoby podáváno společností KOTVA a.s.

Z hlediska trestního práva je osobou poškozenou v iniciovaném trestním řízení právě společnost KOTVA a.s., a to přestože podstata jednání Andrew Weisse a spol. se dotýká významně i ostatních společností koncernu KOTVA. Např. v důsledku společností GILROY LIMITED podané žaloby o určení vlastnického práva, je účastníkem řízení přímo i KOTVA NEMOVITOSTI, k.s. Nepřímo jsou pak zasaženy i SPV CO. LIMITED a KOTVA OBCHODNÍ. a.s.

Účastníci se shodli na tom, že nadále, shodně jako v trestním řízení, **bude zájmy koncernu zastupovat mateřská společnost KOTVA a.s**. Stejně bude postupováno i v případě uplatnění jakýchkoli soudních nároků proti společnosti GILROY LMITED, případně dalším odpovědným osobám.

Pro případ, že bude v budoucnu v souvislosti s výše uvedeným zapotřebí jakýchkoli úkonů, zavazují se společnosti SPV CO. Limited i KOTVA NEMOVITOSTI, k.s. tyto učinit. Obě společnosti pak výslovně zmocňují. KOTVA a.s. k podniknutí veškerých nezbytných kroků.

Ohledně případných nákladů se účastníci dohodli tak, že tyto ponese ta ze společností koncernu KOTVA, pro kterou to bude z jakéhokoli důvodu výhodnější. Po pravomocném skončení příslušného řízení bude úhrada nákladů mezi společnostmi koncernu spravedlivě vypořádána. Totéž platí i v případě vymožení vzniklých škod nebo jejich části.

V Praze dne 4/ října 2004

za KOTVA a.s., za KOTVA NEMOVITOSTI, k.s.        za SPV CO. Limited

K8088

# EXHIBIT 2

Prohlášení o postoupení

Společnost KOTVA NEMOVITOSTI, a.s. tímto postupuje společnosti KOTVA a.s. veškeré nároky za odpovídající dohodnutou kompenzaci, které tato společnost má či měla vůči Andrew Weissovi, společnosti Weiss Asset Management, mateřské i dceřiným společnostem, jejich pobočkám, právním nástupcům, pověřeným osobám a / nebo zástupcům, a to bez ohledu na okamžik jejich vzniku. Předmětem postoupení jsou rovněž všechny nároky postoupené společnosti KOTVA NEMOVITOSTI, a.s. společností SPV CO. Limited.

Tato postoupení je účinné od 4. října 2004.

**KOTVA NEMOVITOSTI, a.s.**

Ing. Richard Harazim
generální ředitel

K8091

## ASSIGNMENT

For good and valuable consideration, KOTVA NEMOVITOSTI, a.s. ("KN") hereby assigns to KOTVA a.s. any and all claims that it has or has ever had against Andrew Weiss, Weiss Asset Management and their parents, subsidiaries, affiliates, successors, assigns and/or agents (collectively the "Weiss Parties") from the beginning of the world to the present, and all claims assigned to KN by SPV Co Ltd. This assignment is effective as of October 4, 2004.

KOTVA NEMOVITOSTI, a.s.

_____
By: Richard Harazim
Its: CEO

K8089

## Prohlášení o postoupení

Společnost SPV CO. Limited tímto postupuje společnosti KOTVA NEMOVITOSTI, a.s. za odpovídající dohodnutou kompenzaci veškeré nároky, které tato společnost má či měla vůči Andrew Weissovi, společnosti Weiss Asset Management, mateřské i dceřiným společnostem, jejich pobočkám, právním nástupcům, pověřeným osobám a / nebo zástupcům, a to bez ohledu na okamžik jejich vzniku.

Tato postoupení je účinné od 4. října 2004.

SPV CO. Limited
Martin Benda
ředitel

ASSIGNMENT

For good and valuable consideration, SPV Co. Ltd. hereby assigns to KOTVA NEMOVITOSTI, a.s. any and all claims that it has or has ever had against Andrew Weiss, Weiss Asset Management and their parents, subsidiaries, affiliates, successors, assigns and/or agents (collectively the "Weiss Parties") from the beginning of the world to the present. This assignment is effective as of October 4, 2004.

SPV Co. Ltd.

_____
By: Martin Benda
Its: director

K8090