UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. | ) |
| Plaintiff, | ) Case No. 05-10679-WGY |
| v. | ) |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) |
| Defendants and Counterclaimants, | ) |
| v. | ) |
| KOTVA a.s. and RICHARD HARAZIM | ) |
| Counterclaim-Defendants | ) |

*[Handwritten annotations by the Court:]*

…NG, D.J. / *as modified*
So ordered as the case management scheduling order.
Discovery due *Aug 31, 2007*
Dispositive Motions due *July 27, 2007*

*William G. Young*
District Judge

Plaintiff's view of the Court's order is correct and discovery is limited accordingly. However, now that SPV Co has voluntarily submitted itself to the jurisdiction of this Court, counterclaims of any sort may be asserted or re-asserted against it. Such claims will, however, be tried separately after completion of a separate case management schedule.

**CASE MANAGEMENT PROPOSAL
FOR DISCOVERY AND DISPOSITIVE MOTIONS
IN RESPONSE TO THE COURT'S APRIL 4, 2007 INSTRUCTION**

Pursuant to the Court's April 4, 2007 instruction and Rule 16, the parties have conferred regarding a schedule for remaining discovery and dispositive motions. The parties have agreed upon the following proposed schedule, but they disagree as to the scope of the Court's ruling with respect to which counterclaims have been reinstated and the scope of discovery. The parties' positions regarding the scope of the Court's ruling appear separately after the proposed schedule.

**PROPOSED DISCOVERY SCHEDULE**

| Event | Proposed Deadline |
|---|---|
| Deadline for Plaintiff to Amend Pleadings | May 2, 2007 |
| Expert Disclosures | June 22, 2007 |
| Rebuttal Expert Disclosures | August 10, 2007 |
| Close of Discovery | August 31, 2007 |
| Deadline for Summary Judgment Motions | July 27, 2007 |
| Final Pretrial Conference | ~~September 5, 2007~~ N/A |
| Running Trial List | October 1, 2007 |

**Plaintiff's Position Regarding Scope of the Reinstated Counterclaims:**

Plaintiff agrees to the preceding schedule for additional discovery to the extent that discovery is tailored to the Defendants' reinstated counterclaims against SPV Co. only.[1]

*Introduction*

At the April 4, 2007 Pretrial Conference, the Court addressed Defendants' motion for judgment on the pleadings and allowed Kotva to amend to include its subsidiary, SPV Co., as a plaintiff real party in interest. As a result, the Court ruled (and Kotva agreed) that Defendants could and should be able to reassert their counterclaims against SPV Co.[2] The Electronic Clerk's Notes dated April 5, 2007 state in relevant part: "The Court Allows Kotva to Amend the Complaint to substitute SPV Co. as plaintiff. The Court Allows the Defendant's counterclaims to be reinstated." The Defendants in this case are Andrew Weiss ("Weiss") and Weiss Asset Management ("WAM").

During the case management conferences between counsel, Defendants' counsel informed Kotva that they interpret the Court's comments and the Clerk's Notes as a

---

[1] As discussed below, those counterclaims are limited to counts I and II of the counterclaim (abuse of process and conspiracy to abuse process by Weiss and WAM against SPV Co.). Plaintiff does not agree that the Court intended to re-open discovery completely. For example, as the Court noted during the conference with respect to Defendants' proposed valuation expert witness, Defendants need to renew their motion if they seek to add expert witnesses.

[2] SPV Co. had previously been dismissed from the case for lack of personal jurisdiction.

2

reinstatement of not just the Defendants' counterclaims against SPV Co., counts I and II, but also a reinstatement of <u>five</u> other counterclaims (counts II, III, IV, VI and VIII) that were asserted by two other parties, KT and CVF, not by the Defendants. Those additional parties and claims, however, were dismissed from the case by Judge Lindsay on November 28, 2006. *See* Order dated November 28, 2006.[3] Indeed, KT and CVF were not even parties to this action at the time of the April 4, 2007 Pretrial Conference. Nevertheless, Defendants apparently contend that the Court has overruled the November 28th Order, and reinstated parties and claims that were dismissed on grounds of *forum non conveniens* and international comity. In addition, on June 14, 2006, the Court (Judge Lindsay) previously dismissed claims asserted against purported counterclaim-defendants Martin Benda, Forminster, and Richard Harazim (in part) on personal jurisdiction grounds. Respectfully, Plaintiffs do not believe that the Court abrogated or vacated the November 28, 2006 Order, or the June 14, 2006 Order regarding personal jurisdiction with the exception of its application to SPV Co. These decisions are the law of the case, and the Court's ruling on the motion for judgment on the pleadings did not reverse these prior decisions.

This case has been pending since April 2005, the parties have engaged in extensive discovery for more than two years, and trial was previously scheduled to proceed on April 23, 2007. Despite this history of extensive discovery, Defendants disagree that the additional discovery contemplated by the Court should be limited to the their reinstated counterclaims against SPV Co. To the contrary, Defendants have taken the position that discovery is "wide open" in the wake of the April 4, 2007 conference, and that the Court intended to allow the parties to start discovery anew regarding every issue in the case. Plaintiff, on the other hand, believes that the Court intended to allow Weiss and WAM to reassert their counterclaims against SPV Co. (Counts I and II) and to allow additional *necessary* discovery about only those claims.

---

[3] The relevant portion of Judge Lindsay's Order is block-quoted below in the procedural history section.

3

Any additional discovery, therefore, should be limited to claims Defendants asserted against SPV Co.--which are the same claims that the Defendants asserted against Kotva, *i.e.*, counts I and II.

As demonstrated below, the procedural history in this case confirms Plaintiff's position. The inclusion of SPV Co., moreover, has no effect on the Court's prior ruling on the subject of *forum non conveniens* and international comity. KT and CVF *still* have prior pending parallel lawsuits in the Czech Republic, and dismissal on *forum non conveniens*/international comity grounds is still appropriate. There is no reason to burden the Court again with claims (and parties) that have already been dismissed.

### *Procedural History*

Kotva filed this action against Defendants Weiss and WAM on April 6, 2005. On June 15, 2005, Defendants filed their First Amended Answer and Counterclaim. Weiss and WAM asserted three counts in counterclaim against Kotva and SPV Co. (and several other counterclaim-defendants): count I (abuse of process); count II (conspiracy); and count VII (M.G.L. c. 93A). Defendants also attempted to insert two new parties, KT and CVF, as counterclaim plaintiffs. Indeed, five of the eight counts in the counterclaim were asserted by KT and CVF only (counts III-VI and VIII). At least three of the counts in the counterclaim, moreover, were asserted by the purported new counterclaim-plaintiffs against new (non-Kotva) counterclaim defendants.

The additional counterclaim-defendants included Martin Benda, Richard Harazim, SPV Co., Forminster Enterprises Ltd., and John Does 1-5. Martin Benda and Richard Harazim, SPV Co., and Forminster all filed motions to dismiss for lack of personal jurisdiction. See Docket entries 34, 39, and 78. On June 14, 2006, the Court granted the motions filed by Martin Benda, SPV Co., and Forminster in their entirety, and granted the motion filed by Richard Harazim in

part. (Due to Mr. Harazim's direct involvement in filing the suit in Massachusetts, the Court exercised personal jurisdiction over him with respect to count I only, alleged abuse of process.)

Kotva filed a motion to dismiss the counterclaims and/or to strike KT and CVF as "Counterclaim-Plaintiffs" on June 29, 2005. On January 23, 2006, Judge Lindsay granted Kotva's motion in part (dismissing the c. 93A claim, count VII) and denied it in part (abuse of process, count I). The Court further ruled:

> As to Counts II, VI and VIII the motion to dismiss is denied without prejudice at this time, as resolution of these claims relies on Czech law. The motion to strike K T and CVF as counterclaim plaintiffs is denied; the counterclaim defendants may bring an appropriate motion for the same relief under Rule 12 or Rule 21.

January 23, 2006 Order. Defendants represented they do not contend that Count VII has was reinstated by the Court's April 4, 2007 ruling.

On March 3, 2006, Kotva filed a motion to dismiss "Counterclaim-Plaintiffs" KT and CVF. *See* Docket 81-82. On November 28, 2006, the Court granted Kotva's motion and dismissed KT and CVF and the "counter-claims" that they purported to assert.

> As all relevant parties have acknowledged, KT and CVF have a case currently pending in the Czech Republic that concerns issues and parties similar to those present in the case here. The lawsuit in the Czech Republic pre-dates the counterclaims raised in this case; the counterclaims raise difficult issues of Czech law; Massachusetts is not a convenient forum for the disposition of the counterclaims; not all of the counterclaim defendants are subject to suit in this district; and the resolution of the Czech lawsuit will be dispositive of the counterclaims. For these reasons, this Court GRANTS Kotva's motion to dismiss with respect to the counterclaims brought by KT and CVF (counts II, IV, V, VI and VIII) and so much of count II as relates to the alleged conspiracy to loot Kotva's assets and to abuse Czech criminal process. This motion is granted without prejudice to the prosecution of the dismissed counterclaims in the Czech lawsuit or in such other case or forum as may be appropriate. Count II may proceed in this court insofar as counterclaim-plaintiffs Andrew Weiss and Weiss Asset Management allege, against the counterclaim defendants remaining in this case, a conspiracy to abuse Unites States civil process.

5

November 28, 2006 Order at 2. In short, KT and CVF had previously filed parallel litigation in the Czech Republic against Kotva and other parties, and the Court dismissed those two parties on *forum non conveniens*/international comity grounds.

### *Conclusion*

Throughout the course of discovery in this case, Kotva's responses to the Defendants' discovery requests have encompassed information about SPV Co. Kotva has already produced SPV Co.'s bank account statements, audited financial statements, and documents and contracts relating to any "disbursements" and investments of the proceeds from the sale of the Department Store. Defendants have not been denied discovery about SPV Co. Kotva agrees that some additional discovery from SPV Co. is in order as a result of the Court's ruling on the motion for judgment on the pleadings, including written discovery directed to SPV Co., a 30(b)(6) deposition of SPV Co., and perhaps expert discovery that pertains specifically to Weiss and WAM's reinstated counterclaims against SPV Co. for abuse of process and conspiracy to abuse process. But Kotva does not believe that the Court intended to treat the past two years of discovery in this case merely as an expensive dress rehearsal for another four months of unlimited discovery, and to re-plow old ground.

Kotva requests clarification of the Court's ruling with respect to the scope of the reinstatement of Defendants' counterclaims. To the extent necessary, Kotva requests a short status conference at the Court's convenience to address the issues raised herein.

**Defendants' Position Regarding Counterclaims and Discovery:**

### A.     Procedural History

Kotva a.s. brought this civil action against Andrew Weiss and Weiss Asset Management LLC. The Weiss Parties, including K T, Inc. and CVF Investments Ltd. (collectively, the "Shareholder Parties") asserted counterclaims against Kotva and several other counterclaim defendants, including SPV CO. The Shareholder Parties own shares in the plaintiff, Kotva a.s. and are counterclaim-plaintiffs in Counts II–VIII of the Counterclaim.[4]

On January 23, 2006, the Court denied Kotva's motion to dismiss with respect to Count I (abuse of process), but granted Kotva's motion to dismiss with respect to Count VII (Chapter 93A). On June 14, 2006, the Court granted the motions to dismiss for lack of personal jurisdiction filed by several counterclaim-defendants, including SPV CO. This resulted in the dismissal of the counterclaims contained in Counts III (conversion), IV (unjust enrichment) and V (breach of fiduciary duty / abuse of control). The other counterclaims remained in place.

Thus, after June 2006, the only counterclaims remaining were Counts I, II, VI and VIII. Kotva had, in March 2006, filed a motion to dismiss the Shareholder Parties' counterclaims on a variety of grounds, including international abstention. Before the Court ruled on that motion, the Shareholder Parties acknowledged that, "[i]n view of the Court's June 14, 2006 Order relating to personal jurisdiction, there is a serious question as to whether this Court can afford the Shareholder Parties complete relief with respect to Counts VI or VIII" and sought to voluntarily dismiss their claims without prejudice.[5] Now that SPV CO is a party, however, the Court can

---

[4] Pursuant to Rule 13(h), the Weiss Defendants joined, as counterclaim-plaintiffs, K T, Inc. and CVF Investments Ltd. Kotva has argued that, notwithstanding the plain text of Rule 13(h), defendants cannot join persons other than those made parties to the original action by Kotva. For the reasons set forth on pages 5 to 9 of the Weiss Parties' Memorandum in Opposition to Kotva's Motion to Dismiss Claims of Counterclaim-Plaintiffs K T, Inc. and CVF Investments Ltd. (Document No. 89), Kotva's position is entirely without merit.

afford the Shareholder Parties complete relief, and there is no impediment to the Court adjudicating the Shareholder Parties' claims against SPV CO.

On November 28, 2006, the Court addressed Kotva's motion to dismiss the Shareholder Parties, writing:

> As all relevant parties have acknowledged, KT and CVF have filed a case currently pending in the Czech Republic that concerns issues and parties similar to those present in the case here. The lawsuit in the Czech Republic pre-dates the counterclaims raised in this case; the counterclaims raise difficult issues of Czech law; Massachusetts is not a convenient forum for the disposition of the counterclaims; not all of the counterclaim defendants named in the counterclaims are subject to suit in this district; and the resolution of the Czech lawsuit will be dispositive of the counterclaims.

November 28, 2006 Order at 2.

Thus, in granting Kotva's motion, the Court expressly relied on the fact that SPV CO and other counterclaim defendants were not subject to suit in this district. While it is true that K T filed lawsuits in the Czech Republic, none of the Czech cases claim damages. The Czech lawsuits seek solely to undo shareholder and corporate actions which the Shareholder Parties claim to be illegal. The import of the Court's prior ruling is that SPV CO is a necessary party to the counterclaims and that it was not present in court, making continuation of the counterclaims impractical and inconvenient. Now that SPV CO has submitted to this Court's jurisdiction, and this Court having re-instated the counterclaims, that is no longer the case. Further, the Court has stated that the parties would be entitled to discovery as a result of the new claims.

The Kotva Parties take the position that only Counts I and II of the Counterclaim against SPV CO have been reinstated. However, the November 28, 2006 Order expressly references and relies on the Court's earlier decisions relating to personal jurisdiction. The addition of SPV CO

---

[5] Motion of K T, Inc. and CVF Investments Ltd. to Dismiss Their Counterclaims Without Prejudice at 3

as a party is a significant change in the scope of this case. Now that the Court has jurisdiction over SPV CO, the Kotva Parties simply cannot demonstrate the sort of "exceptional circumstances" that are required to justify courts' "declin[ing] jurisdiction in the face of this 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given to them.'" *Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248, 251 (D. Mass. 1999) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*, 460 U.S. 1, 14–16, 19 (1983)); *accord Trujilo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1265 (11th Cir. 2000) ("Abstention is the exception instead of the rule; and courts regularly permit parallel proceedings in an American court and a foreign court.") (internal citations and quotation marks omitted).[6]

It is SPV CO's choice to bring this dispute to this Court. SPV CO's pursuit of a lawsuit in this Court, claiming to invoke Massachusetts common law and statutory law, are contacts that—perhaps more than any other potential type of contacts—represent a purposeful availment of the privilege of conducting activities in Massachusetts and invocation of the benefits and protections of Massachusetts law. It is only fair that if SPV CO is able to avail itself of this Court with respect to this dispute, that the Weiss Parties, including the Shareholder Parties, be able to pursue their claims against SPV CO here as well.

---

[6] Although it is not explicit, the November 28, 2006 Order must have been based on international abstention rather than forum non conveniens. By any measure, Kotva failed to meet its burden of establishing an adequate alternative forum, a threshold requirement for a forum non conveniens dismissal, as Kotva introduced no affidavits or other evidence establishing that an adequate alternative forum for the Shareholder Parties exists. *See Mercier v. Sheraton International, Inc.*, 935 F. 2d 419, 425 (1st Cir. 1991) (requiring that moving party "establish that an adequate alternative forum exists" and reversing forum non conveniens dismissal because "the affidavit through which Sheraton International attempted to meet its burden contains substantial gaps").

### B.  Scope of Discovery

The Weiss Parties contend that the only limits on new discovery should be that any new discovery relate to SPV CO's claims against the Weiss Parties or the Weiss Parties' counterclaims against SPV CO. There is no basis for the additional, artificial limits proposed by Kotva. Moreover, there is no basis for any suggestion that existing discovery requests already served need not be fully responded to and supplemented, or that new discovery requests based on discovery that the Kotva Parties should have provided earlier cannot be pursued now.

The addition of SPV CO as a party dramatically changes the landscape of the case, but it does not significantly increase the numbers of depositions needed to be taken in the case. The Kotva Parties will not be burdened by the new discovery—they do not want it to occur because they seek to limit the counterclaim-plaintiffs' case unfairly. Further, they seek to bar the Weiss Parties from obtaining any discovery concerning the taped conversations in Czech and English which the Kotva Parties cooperated in and the Czech police so mysteriously released to Kotva recently—apparently on the day before the parties had to designate exhibits for the anticipated trial of the civil case in Boston.

The Weiss Parties made decisions concerning past discovery requests relying on the fact that SPV CO was not a party. Discovery that may not have been worth the effort when the plaintiff could not have prevailed as a matter of law should not be foreclosed because the Kotva Parties have been given a second chance to pursue their claims through a corporation that initially resisted the Court's jurisdiction.

There are, at this point, five specific areas of discovery where the Weiss Parties and the Kotva Parties appear to be unable to agree. They are: (1) the circumstances surrounding the surreptitious taping of conversations in Prague; (2) the Weiss Parties' designation of Stephen Ross, Ph.D. as an expert on valuation and damages; (3) the circumstances under which Martin

Benda and Richard Harazim on behalf of Kotva, Kotva Nemovitosti, and SPV CO, simultaneously assigned and unassigned the rights of the companies against the Weiss Defendants; (4) the circumstances under which Kotva merged into CIS using the ground that Kotva was unable to invest its money properly as a basis for valuation of the Kotva shares; and (5) how Kotva/SPV CO can be claiming damages for loss of the use of money in escrow in light of the extremely broad escrow arrangement it negotiated which give them the right to invest the money as it pleases. Each of these is an entirely legitimate basis for discovery, but Kotva refuses to agree to discovery. It claims that the Court's Order was not sufficiently clear. To the contrary, the Court's Order was clear; it is merely that Kotva/SPV CO want their cake and to eat it too—they wish to keep their case alive, but not to provide needed discovery.

With respect to Professor Stephen Ross, working with a pressing trial date, the Court previously ruled that the defendants and counterclaim-plaintiffs could not add an additional expert on the issues of valuation and loss of business. At the hearing on April 4, 2007, counsel for the Weiss Parties asked the Court to reconsider that ruling in view of the new schedule and allow the parties to present experts on this crucial issue. The Court indicated that there were no papers before it to consider the issue at that time. The Weiss Parties will file a motion to include Professor Stephen Ross as an expert shortly, after receiving transcripts of the recent Prague depositions, at which counsel for Kotva asked many questions of Howard Golden directly related to the very valuation issue described in Dr. Ross's report.

### C. Additional Issue Regarding Outstanding Objection to Special Master's Order

On January 26, 2007, the Special Master issued an Order (Document No. 189) denying the Plaintiff's Motion for a Protective Order, ordering disclosure of certain documents in unredacted form, and ordering the Plaintiff to show cause why the Defendants should not be

awarded reasonable expenses incurred in opposing the motion. Kotva filed an Objection (Document No. 195) and the Defendants filed a response (Document No. 197). The underlying motion papers and opposition are documents 160, 161 and 174.

The Court has not yet ruled on this Objection. The Weiss Parties note that the motion and objection were briefed at a time when SPV CO was not a party to the case and the claims against SPV CO had not been reinstated. For the reasons described in the Weiss Parties' papers, the Court should overrule the Objection regardless of the new scope of the case. However, in view of the reinstatement of the counterclaims relating against SPV CO, the information that the Special Master ordered disclosed is relevant to additional issues. The redacted information is the whereabouts of a portion of the Department Store sale proceeds being held and/or distributed by SPV CO. That information is directly relevant to the newly reinstated claims by and against SPV CO.

Respectfully submitted,

| | |
|---|---|
| KOTVA A.S. AND RICHARD HARAZIM, | ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS LTD. |
| By its attorneys, | By their attorneys, |
| /s/ Daniel J. Pasquarello<br>Joel G. Beckman (BBO# 553086)<br>William C. Nystrom (BBO# 559656)<br>Daniel J. Pasquarello (BB0# 647379)<br>NYSTROM BECKMAN & PARIS LLP<br>10 St. James Ave., 16th Floor<br>Boston, Massachusetts 02116<br>(617) 778-9100<br>(617) 778-9110 (fax)<br>jbeckman@nbparis.com<br>wnystrom@nbparis.com<br>dpasquarello@nbparis.com | /s/ Benjamin A. Goldberger<br>Edward P. Leibensperger (BBO# 292620)<br>Benjamin A. Goldberger (BBO# 654357)<br>McDermott Will & Emery LLP<br>28 State Street<br>Boston, Massachusetts 02109-1775<br>(617) 535-4000<br><br>Edward T. Dangel, III (BBO#113580)<br>Dangel & Mattchen, LLP<br>10 Derne Street<br>Boston, MA 02114<br>(617) 557-4800 |

Dated: April 25, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 25th day of April, 2007.

/s/ Daniel J. Pasquarello