UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>Defendants.<br><br>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC and CVF INVESTMENTS, LTD.,<br><br>Counterclaim-plaintiffs,<br><br>v.<br><br>KOTVA a.s., RICHARD HARAZIM, SPV CO and JOHN DOES 1–5,<br><br>Counterclaim-defendants. | C.A. No. 05-10679-WGY |

## MOTION TO AMEND COUNTERCLAIMS

This lawsuit was initiated by Kotva against Andrew Weiss and Weiss Asset Management LLC. The defendants asserted a number of counterclaims against Kotva and other counterclaim-defendants, joining as counterclaim-plaintiffs two shareholders of Kotva, K T, Inc.. and CVF Investments Ltd. Counterclaim-defendant SPV CO successfully litigated a motion to dismiss in 2006.

In 2007, at the final pretrial conference, the Court stated that the named plaintiff, Kotva, appeared to be unable to assert any claims against the Defendants, as any damages that were

suffered were suffered by SPV CO. The Court permitted Kotva to file an amended Complaint adding SPV CO as a plaintiff, and ruled that "now that SPV Co has voluntarily submitted itself to the jurisdiction of this Court, counterclaims of any sort may be asserted or re-asserted against it." May 1,. 2007 Order. These additional counterclaims will be tried in a second trial, whereas the counterclaims for abuse of U.S. civil process and conspiracy to abuse U.S. civil process will be tried in the first trial. *See* Case Mgmt. Proposal at 2 & n.1 (stating plaintiffs' view of the appropriate scope of the first trial); *id.* at 1 (adopting same).

On May 2, 2007, Kotva and SPV Co. filed their First Amended Complaint. It is indisputable that this Amended Complaint has changed the scope of the case.

> [I]f a plaintiff files an amended complaint changing the theory or scope of the case, some courts hold that the defendant is entitled to plead as though it were responding to the original complaint. This means the defendant may add new counterclaims without requesting leave of court. Other courts have found that a defendant may not add counterclaims as of right, even if the plaintiff's amended complaint expands the scope or theory of the case, and that the defendant's right to add counterclaims must be evaluated under the court's discretionary ability to permit an amended answer, including a consideration of such factors as delay in bringing the counterclaim, surprise, and prejudice to the plaintiff.

3 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 15.17[6], at 15-72 to 15-73 (3d ed. 2007).

Thus, in an abundance of caution, the counterclaim-plaintiffs are filing not only an Amended Counterclaim, but also this Motion to Amend should the Court determine that leave is required to file the Amended Counterclaim.

Rule 15 provides a very liberal standard for allowing amendments, commanding that "leave shall be freely given when justice so requires." "This phrase is usually interpreted as an affirmation of the liberal approach to pleadings taken by the modern rules, *see, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962), and as an encouragement to district judges to decide a plaintiff's claims on the merits whenever possible." *McMillan v. Mass. SPCA*, 168 F.R.D. 94, 97 (D. Mass. 1995). "In the absence of any apparent or declared reason—

such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Counterclaim-plaintiffs seek to re-assert counterclaims they asserted at the onset of the case; add a separate counterclaim for malicious prosecution; and add factual allegations regarding events that took place in 2006, after the original pleadings in this case were filed.

The Court has already directed that counterclaims "of any sort" may be asserted or re-asserted against SPV Co. As explained in detail in the amended counterclaim, all of the counts of the counterclaim arise out of the same efforts by the Forminster Conspiracy to gain sole control of Kotva and its assets through various unlawful means such as the "tunneling" of shares and assets, corporate maneuvering to deny shareholders the benefits of their shares, intimidation, use of meritless litigation, and use of police, governmental, and prosecution contacts to threaten and commence meritless criminal charges. Under Rule 18, joinder of claims is unlimited. *See Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 394 (1st Cir. 1999) ("[M]isjoinder of claims has become an anachronism in federal civil practice.").

The Court should allow the counterclaim-plaintiffs to assert these counterclaims against not only SPV Co., but at the same time also Kotva a.s. and, in the case of malicious prosecution, Richard Harazim. The Federal Rules encourage such joinder of parties to conserve judicial economy and promote consistent judgments. *See* FED. R. CIV. P. 20. The Rule provides a very low bar for joining additional parties: all that is required is an assertion of "any right to relief . . . in respect of or arising out of the same transaction, occurrence, or series of transactions or

occurrences" and show that at least one "question of law or fact common to all these persons will arise in the action." *Id.*

The same series of transactions prong broadly sweeps in "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (reversing district court decision denying joinder of ten plaintiffs). In this case, the underlying events are identical. The only difference in including Kotva and Harazim as parties to the counterclaims is a determination of whether SPV Co. is solely responsible for its tortious activities, or whether Kotva and Harazim share liability with SPV Co.[1]

There has been no delay in asserting the counterclaims at issue, and the counterclaim-defendants will suffer no unfair prejudice of the sort contemplated by the Rules. Rather, the parties will be back in the position that they would have been had SPV Co. been named as a plaintiff at the outset of the litigation, as is required for there to be any recovery from the Defendants at all.

It is true that certain of the counterclaims are being re-asserted after dismissal without prejudice. This conforms with the Court's May 1, 2007 Order, which provides that "counterclaims of any sort may be asserted or re-asserted against [SPV Co.]" Kotva had questioned the scope of the case after SPV Co. joined as a plaintiff. The Court responded by establishing a second trial in which re-asserted counterclaims and new counterclaims would be tried. The Amended Counterclaim carries out the Court's Order by dividing the counts between the first and second trial.

---

[1] For the same reasons, the Defendants have properly joined CVF Investments as a counterclaim-plaintiff. Rule 13(h) provides that the same rules governing joinder apply to plaintiffs, defendants, counterclaim-plaintiffs and counterclaim-defendants.

For the foregoing reasons, should the Court determine that leave to amend is required, the Court should grant this Motion to Amend.

.                                                  Respectfully submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC and CVF
INVESTMENTS LTD.

By their attorneys,


/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654257)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Edward T. Dangel, III (BBO#113580)
Dangel & Mattchen, LLP
10 Derne Street
Boston, MA 02114
(617) 557-4800

Dated: May 14, 2007

## CERTIFICATE OF CONSULTATION

I hereby certify that counsel for the Weiss Parties has conferred with opposing counsel and attempted in good faith to resolve or narrow the issues presented by this motion, but was unable to reach agreement with opposing counsel.

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 14, 2007.

                                            /s/ Benjamin A. Goldberger
                                            Benjamin A. Goldberger

BST99 1541032-1.072198.0012