UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co., ) | |
| ) | |
| Plaintiffs, ) | Case No. 05-10679-WGY |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC ) | |
| ) | |
| Defendants and ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| KOTVA a.s., SPV Co., and RICHARD HARAZIM ) | |
| ) | |
| Counterclaim-Defendants ) | |
| ) | |

**PLAINTIFFS' OPPOSITION
TO WEISS PARTIES' MOTION FOR A CASE
MANAGEMENT ORDER FOR "SECOND TRIAL"**

At the April 4, 2007 pretrial conference, the Court ruled that Defendants may reassert counterclaims against SPV Co. if it was added as a plaintiff. After the conference, however, Defendants insisted that previously dismissed claims raised by previously dismissed parties (KT, Inc. ("KT") and CVF Investments, Ltd. ("CVF")) had been reinstated. Plaintiff, on the other hand, viewed the Court's ruling to allow <u>the Defendants</u> in the case, *i.e.*, Andrew Weiss ("Weiss") and Weiss Asset Management, LLC ("WAM"), to assert and reassert counterclaims against the newly-added plaintiff, SPV Co.

On April 25, 2007, the parties submitted their competing views of the Court's ruling in a case management proposal. Plaintiff's view, in relevant part, was that:

> During the case management conferences between counsel, Defendants' counsel informed Kotva that they interpret the Court's comments and the Clerk's Notes as a reinstatement of not just the Defendants' counterclaims against SPV Co., counts I and II, but also a reinstatement of <u>five</u> other counterclaims (counts II, III, IV, VI and VIII) that were asserted <u>by two other parties, KT and CVF, not by the Defendants</u>. Those additional parties and claims, however, were dismissed from the case by Judge Lindsay on November 28, 2006. *See* Order dated November 28, 2006. [footnote omitted] Indeed, KT and CVF were not even parties to this action at the time of the April 4, 2007 Pretrial Conference. Nevertheless, Defendants apparently contend that the Court has overruled the November 28th Order, and reinstated parties and claims that were dismissed on grounds of *forum non conveniens* and international comity. In addition, on June 14, 2006, the Court (Judge Lindsay) previously dismissed claims asserted against purported counterclaim-defendants Martin Benda, Forminster, and Richard Harazim (in part) on personal jurisdiction grounds. <u>Respectfully, Plaintiffs do not believe that the Court abrogated or vacated the November 28, 2006 Order, or the June 14, 2006 Order regarding personal jurisdiction with the exception of its application to SPV Co. These decisions are the law of the case, and the Court's ruling on the motion for judgment on the pleadings did not reverse these prior decisions</u>.

April 25, 2007 Case Management Proposal at 2-3 (emphasis added).

On May 1, 2007, the Court (Young, J.) ruled that Plaintiff's interpretation was correct:

> <u>Plaintiff's View Of The Court's Order Is Correct and Discovery Is Limited Accordingly</u>. However, Now That SPV Co. Has Voluntarily Submitted Itself to the Jurisdiction of This Court, Counterclaims of Any Sort May Be Asserted or Re-Asserted Against It. Such Claims Will, However, Be Tried Separately After Completion of a Separate Case Management Schedule.

May 1, 2007 (emphasis added).

Plaintiffs concur that Defendants Weiss and WAM are entitled to assert or re-assert counterclaims "of any sort" against SPV Co. Defendants have done so: they have added SPV Co. as a defendant to counts I and II again (abuse of civil process/conspiracy to abuse civil process). To the extent that Weiss and WAM have any *new* counterclaims against SPV Co., the May 1 Order also contemplated that those claims--and only those claims--be tried separately subject to a separate case management schedule. Defendants, however, have not asserted any

2

such new counterclaims. Instead, Defendants have again attempted to revive claims and parties that were previously dismissed, notwithstanding the Court's May 1st Order.

Plaintiffs will be filing a motion to dismiss the improperly asserted counterclaims on or before June 4, 2007. The motion to dismiss will encompass Counts III-VII of the Restated Counterclaim, which comprise the so called "second trial" for which Defendants submitted the case management proposal at issue. The claims in counts III-VII are either asserted by CVF or improperly asserted by the Weiss Defendants because those claims were likewise dismissed by previous Court Order. *See* November 28, 2006 Order. Further, rather than abiding by the May 1 Order and asserting counterclaims <u>against SPV Co.</u>, the Weiss Defendants attempted to assert or reassert claims against Kotva and Mr. Harazim. Plaintiffs respectfully submit that these claims will again be dismissed from the case.

As a result, the only counterclaims that Defendants have asserted against SPV Co. are encompassed in Counts I and II, which are designated as part of the "first trial." Thus, there is no need for the "second trial" that Defendants seek. Consequently, Plaintiffs submit that it is premature to set a case management schedule for a "second trial" before the Court determines that there will be one.

WHEREFORE, Plaintiffs respectfully request that the Court deny the Weiss Parties' Motion for Case Management Order at this time and postpone its decision pending the resolution of Plaintiffs' motion to dismiss.

                                            Respectfully submitted,

                                            KOTVA, A.S., SPV CO.

                                            By their attorneys,

                                            /s/ Joel G. Beckman_____
                                            Joel G. Beckman BBO#553086
                                            William C. Nystrom BBO#559656
                                            Daniel J. Pasquarello BBO# 647379
                                            Nystrom Beckman & Paris LLP
                                            10 St. James Ave., 16th Floor
                                            Boston, Massachusetts 02116
                                            (617) 778-9100
Dated: May 30, 2007                  (617) 778-9110 (fax)

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 30th day of May, 2007.

                                            /s/ Daniel J. Pasquarello_____