UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
KOTVA a.s. and SPV Co.,                 )
                                        )
            Plaintiffs,                 )        Case No. 05-10679-WGY
                                        )
      v.                                )
                                        )
ANDREW WEISS and WEISS ASSET            )
MANAGEMENT, LLC                         )
                                        )
            Defendants and              )
            Counterclaimants,           )
                                        )
      v.                                )
                                        )
KOTVA a.s., SPV Co., and RICHARD HARAZIM )
                                        )
            Counterclaim-Defendants     )
                                        )
                                        )
_____)

**PLAINTIFFS' MOTION TO DISMISS**
**CVF INVESTMENTS, LTD. & RE-STATED COUNTERCLAIM COUNTS III-VII**

**INTRODUCTION**

At the April 4, 2007 pretrial conference, the Court ruled that Defendants may reassert counterclaims against SPV Co. if it was added as a plaintiff. After the conference, however, Defendants insisted that previously dismissed claims raised by previously dismissed parties (KT, Inc. ("KT") and CVF Investments, Ltd. ("CVF")) had been reinstated. Plaintiff, on the other hand, viewed the Court's ruling to allow the Defendants in the case, *i.e.*, Andrew Weiss ("Weiss") and Weiss Asset Management, LLC ("WAM"), to assert and reassert counterclaims against the newly-added plaintiff, SPV Co.

On April 25, 2007, the parties submitted their competing views of the Court's ruling in a

case management proposal.  Plaintiff's view, in relevant part, was that:

> During the case management conferences between counsel, Defendants' counsel informed Kotva that they interpret the Court's comments and the Clerk's Notes as a reinstatement of not just the Defendants' counterclaims against SPV Co., counts I and II, but also a reinstatement of <u>five</u> other counterclaims (counts II, III, IV, VI and VIII) that were asserted <u>by two other parties, KT and CVF, not by the Defendants</u>.  Those additional parties and claims, however, were dismissed from the case by Judge Lindsay on November 28, 2006. *See* Order dated November 28, 2006. [footnote omitted]  Indeed, KT and CVF were not even parties to this action at the time of the April 4, 2007 Pretrial Conference.  Nevertheless, Defendants apparently contend that the Court has overruled the November 28[th] Order, and reinstated parties and claims that were dismissed on grounds of *forum non conveniens* and international comity.  In addition, on June 14, 2006, the Court (Judge Lindsay) previously dismissed claims asserted against purported counterclaim-defendants Martin Benda, Forminster, and Richard Harazim (in part) on personal jurisdiction grounds.  <u>Respectfully, Plaintiffs do not believe that the Court abrogated or vacated the November 28, 2006 Order, or the June 14, 2006 Order regarding personal jurisdiction with the exception of its application to SPV Co.  These decisions are the law of the case, and the Court's ruling on the motion for judgment on the pleadings did not reverse these prior decisions.</u>

April 25, 2007 Case Management Proposal at 2-3 (emphasis added).

On May 1, 2007, the Court (Young, J.) ruled that Plaintiff's interpretation was correct:

> <u>Plaintiff's View Of The Court's Order Is Correct and Discovery Is Limited Accordingly</u>. However, Now That SPV Co. Has Voluntarily Submitted Itself to the Jurisdiction of This Court, Counterclaims of Any Sort May Be Asserted or Re-Asserted Against It. Such Claims Will, However, Be Tried Separately After Completion of a Separate Case Management Schedule.

May 1, 2007 (emphasis added).

Plaintiffs concur that Defendants Weiss and WAM are entitled to assert counterclaims

"of any sort" against SPV Co.  Defendants have done so:  they have added SPV Co. as a

defendant to counts I and II again (abuse of civil process/conspiracy to abuse civil process).  To

the extent that Weiss and WAM have any *new* counterclaims against SPV Co., the May 1 Order

also contemplated that those claims--and only those claims--would be tried separately subject to

a separate case management schedule.  As described below, however, Defendants have not

asserted any such new counterclaims.  Instead, Defendants have attempted to revive claims and

parties that were previously dismissed.  The same stable of previously dismissed claims <u>against</u>

<u>Kotva and Richard Harazim</u> have been reasserted for a full-blown "second trial."  Plaintiffs

submit that this is not what the Court intended in its May 1st Order.

 The following demonstrates that the Defendants' new claims and proposed "second trial"

are actually nothing more than an attempted rehash of claims that were raised almost two years

ago and have already been dismissed:

| First Amended Counterclaim dated June 15, 2005 | First Amended Counterclaim Asserted by: | *Disposition* | "Restated" Counterclaim Asserted by: | "Restated" Counterclaim dated May 14, 2007 |
|---|---|---|---|---|
| Count II (Conspiracy to loot; conspiracy to abuse process--criminal) | KT & CVF; Weiss & WAM | *Dismissed on 11.28.06* | CVF; Weiss & WAM | Count III (Conspiracy to loot; conspiracy to abuse criminal process) |
| Count VI (Constructive Trust) | KT & CVF | *Dismissed on 11.28.06* | CVF | Count IV (Constructive Trust) |
| Count VIII (Declaratory Judgment) | KT & CVF | *Dismissed on 11.28.06* | CVF | Count V (Declaratory Judgment) |
| Count I (Abuse of Process--Criminal) | Weiss & WAM | *Dismissed on 11.28.06* | Weiss & WAM | Count VI (Abuse of Criminal Process) |

Even though the law of the case bars claims by KT and CVF, as confirmed by the May 1 Order,

Defendants again try to insert CVF as a party purportedly under Fed. R. Civ. P. 13(h).  The law

of the case, however, has not changed.  CVF is still not a proper party.

 The Defendants fail to mention, moreover, that the Court lacks subject matter jurisdiction

over any claims between CVF and SPV Co. because they are both Cyprus entities.  28 U.S.C. §

1367(b).  Thus, Defendants cannot add CVF as a "counterclaim" party under any theory of

joinder.[1]  CVF and all claims asserted by it should be dismissed--again.  The remaining "second

trial" claims should be dismissed for lack of jurisdiction, as beyond the scope of the May 1, 2007

Order, and pursuant to the law of the case.

In its <u>original</u> motion to dismiss filed on March 6, 2006, Kotva thoroughly briefed the

arguments supporting the dismissal of the same claims being raised now.  Kotva incorporates by

reference those arguments and attaches a copy of its brief as Exhibit 1 for the Court's

convenience.

## <u>ARGUMENT</u>

## I.    CVF Investments, Ltd. is Not a Proper Party and Cannot Assert Claims in this Case.

### A.    *CVF Has Been Dismissed; The Court has Confirmed that CVF has Been Dismissed; And the Law of the Case Bars CVF from Asserting Claims.*

Kotva filed this action against Defendants Weiss and WAM in April 2005.  In June 2005,

Defendants filed their First Amended Answer and Counterclaim.  Weiss and WAM asserted

three counts in counterclaim against Kotva and SPV Co. (and several other counterclaim-

defendants):  count I (abuse of process); count II (conspiracy); and count VII (M.G.L. c. 93A).

Defendants also attempted to insert two new parties, KT and CVF, as counterclaim plaintiffs.

Indeed, five of the eight counts in the "counterclaim" were asserted by KT and CVF only (counts

III-VI and VIII).  <u>See</u> "Summary of Counterclaims" chart attached as Ex. 1 to the June 2005 First

Amended Counterclaim, attached hereto as Ex. 2.

On March 3, 2006, Kotva filed a motion to dismiss "Counterclaim-Plaintiffs" KT and

CVF on grounds of lack of standing, *forum non conveniens*, and international comity.  *See*

---

[1]  This includes Defendants' misguided interpretation of Rule 13(h) for the unilateral insertion of counterclaim-plaintiffs.  *See* Kotva's March 3, 2006 Memorandum in Support of Motion to Dismiss at 13-15, attached hereto as Ex. 1.

Docket 81-82, Exhibit A hereto.  As set forth in Kotva's original motion to dismiss, KT/CVF

filed lawsuits in the Czech Republic raising the same allegations that they attempted to raise in

this case (*i.e.*, that the Kotva department store or sale proceeds be returned to Kotva and its

shareholders).  In November 2006, the Court dismissed KT and CVF and the "counterclaims"

that they purported to assert from the case on *forum non conveniens* and international comity

grounds.  With respect to Weiss and WAM's alleged abuse of Czech criminal process and/or

conspiracy to abuse Czech criminal process, the Court similarly dismissed those counts on *forum

non conveniens* grounds:

> As all relevant parties have acknowledged, KT and CVF have a case currently
> pending in the Czech Republic that concerns issues and parties similar to those
> present in the case here.  The lawsuit in the Czech Republic pre-dates the
> counterclaims raised in this case; the counterclaims raise difficult issues of Czech
> law; Massachusetts is not a convenient forum for the disposition of the
> counterclaims; not all of the counterclaim defendants are subject to suit in this
> district; and the resolution of the Czech lawsuit will be dispositive of the
> counterclaims.  For these reasons, this Court GRANTS Kotva's motion to dismiss
> with respect to the counterclaims brought by KT and CVF (counts II, IV, V, VI
> and VIII) and so much of count II as relates to the alleged conspiracy to loot
> Kotva's assets and to abuse Czech criminal process.  This motion is granted
> without prejudice to the prosecution of the dismissed counterclaims in the Czech
> lawsuit or in such other case or forum as may be appropriate.  Count II may
> proceed in this court insofar as counterclaim-plaintiffs Andrew Weiss and Weiss
> Asset Management allege, against the counterclaim defendants remaining in this
> case, a conspiracy to abuse Unites States civil process.

November 28, 2006 Order at 2.

The Court has not abrogated or vacated the November 28, 2006 Order.  *See* April 25,

2007 Case Management Proposal at 2-6; May 1, 2007 Order.  Undaunted, Defendants again try

to insert CVF as a party and to assert the same claims that were previously dismissed, namely

Counts III-V (conspiracy to loot; constructive trust; and declaratory judgment).  *Compare* First

Amended Counterclaim Count II (conspiracy to loot); Count VI (constructive trust); and Count

VIII (declaratory judgment).  Defendants lack any good faith basis for such a maneuver; CVF

and the claims it purports to assert should again be dismissed from this case.

Dismissing CVF again eliminates the so-called "shareholder claims":  Counts IV and V

and the portion of Count III regarding an alleged conspiracy to loot the assets of Kotva.  Indeed,

only KT and CVF asserted these claims in the June 2005 counterclaim, which was explained in

Kotva's March 2006 motion to dismiss:

> Weiss and WAM asserted only two counts as their counterclaim:  abuse of
> process (count I) and conspiracy to abuse process (count II).  Although KT and
> CVF also allege conspiracy in count II, they necessarily allege different aspects of
> conspiracy than Weiss and WAM.  Because Weiss and WAM are not Kotva
> shareholders, they lack standing to allege conspiracy to "loot Kotva's assets."
> Counterclaim at ¶ 69; *see also* Counterclaim Plaintiffs' Opposition to Kotva's
> Motion to Dismiss at 8.   Similarly, KT and CVF lack standing to allege
> conspiracy to "abuse the Czech criminal process and abuse the United States civil
> process," demonstrated by the fact that they do not join Count I, because they
> were not sued or charged criminally.  *Id*.

March 3, 2006 Memorandum at 14, attached as Ex.1.  The Court granted Kotva's motion on

November 28, 2006, and this became the law of the case.  Because Weiss and WAM are not

Kotva shareholders, they lack standing to assert the "shareholder claims" asserted by CVF in

Counts III-V.  Nothing has changed with respect to these standing issues.

**B.**     ***The Court Lacks Subject Matter Jurisdiction over
Counterclaims Asserted by CVF.***

Defendants allege that the Court has jurisdiction over the Counterclaim under 28 U.S.C. §

1332, diversity jurisdiction, and 28 U.S.C. §1367, supplemental jurisdiction.  Counterclaim ¶ 1.

This is not correct.  Complete diversity is lacking over any claims involving CVF because both

CVF and SPV Co. are Cyprus entities.  *Id*. at ¶¶ 6, 10.   Because there must be complete diversity

among adverse parties, any counterclaim asserted by CVF (a foreign Cypriot party) against SPV

Co. (a foreign Cypriot party) is barred.  *M&I Heat Transfer Products, Ltd. v. Willke*, 131 F.

Supp. 2d 256, 260 (D. Mass. 2001) (no diversity jurisdiction where plaintiff and defendants were

all citizens of Canada) citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 580 n. 2, 584 (1999) (applying the complete diversity rule to a situation in which both the plaintiff and the defendant were foreign citizens).

Defendants' invocation of supplemental jurisdiction cannot cure this fatal flaw. The statute expressly excludes supplemental jurisdiction "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. §1367(b). Unlike CVF's claims, Plaintiffs' claims are completely diverse and proper pursuant to 28 U.S.C. 1332(a)(2) as claims between subjects of a foreign state and citizens of a State.

## II. Claims Alleging Abuse of and Conspiracy to Abuse Czech Criminal Process Were Previously Alleged by Defendants and Previously Dismissed from the Case.

Once CVF is dismissed, the only "restated" counterclaims that remain are the portion of Count III regarding an alleged conspiracy to abuse criminal process, and Count VI, alleging abuse of Czech criminal process. The Weiss Defendants, however, previously asserted these same counterclaims alleging abuse of Czech criminal process and conspiracy to abuse criminal process in Counts I and II of the First Amended Counterclaim. In its March 3, 2006 memorandum in support of its motion to dismiss, Kotva argued that most of Count II should be dismissed on *forum non conveniens* grounds:

> The Weiss Defendants' conspiracy count of the Counterclaim (Count II) should also be dismissed since the Czech Republic is an available, adequate, and more appropriate forum for such Czech-law based allegations. *See* Order dated January 23, 2006 (noting that resolution of Count II relied on Czech law). The fact that Weiss has been criminally charged in the Czech Republic (*see* Exhibit 4 hereto) does not make the Czech Republic an inadequate forum. *See Mercier*, 981 F.2d at 1350 n.2 (discussing conclusion that female plaintiff's legal difficulties in Turkey, including risk of arrest, did not make Turkish tribunal an inadequate alternative forum).

March 3, 2006 Memorandum at 8.  The Court granted this relief and dismissed the claims related to Czech criminal process on November 28, 2006.[2]  Indeed, Defendants have represented to the Court that these claims were dismissed.  *See* Docket # 199-201.

Defendants have alleged that the Court's dismissal of the Czech criminal process claims is somehow contradictory or unfair because Kotva has asserted similar claims.  This allegation, however, denies the fundamental tenets of *forum non conveniens* analysis.  Because Weiss and WAM refuse to subject themselves to jurisdiction in the Czech Republic, Kotva has no adequate alternative forum for its claims.  Defendants cannot say the same about their claims concerning alleged abuse of and conspiracy to abuse Czech criminal process--they can file suit in the Czech Republic.  In addition, Kotva asserted its abuse of process claim under Massachusetts law, not Czech law.  *See* Docket # 204.

Simply put, because these claims were previously dismissed, and the November 28, 2006 Order remains in full effect, Defendants cannot now reassert these claims under the guise of the Court's May 1, 2007 Order.  Counts III and VI are not new counterclaims in this matter.  And SPV Co.'s status as a non-party or as a plaintiff is irrelevant to the fact that these counts were dismissed on grounds of *forum non conveniens*.[3]  During the Rule 7.1 conferences, moreover, Defendants' counsel confirmed that all of the so-called "second trial" counterclaims except malicious prosecution were previously asserted in the original counterclaim.

---

[2]  "[T]his Court GRANTS Kotva's motion to dismiss with respect to the counterclaims brought by KT and CVF (counts II, IV, V, VI and VIII) <u>and so much of count II as relates to the alleged conspiracy to loot Kotva's assets and to abuse Czech criminal process</u>."  (emphasis added).

[3]  Furthermore, it was Kotva's board and Kotva's board member, on behalf of the company, that filed the criminal complaint with the Czech authorities in August 2004.  As Defendants have confirmed in discovery, SPV Co. played no role in initiating the criminal complaint against Weiss.  *See* Kotva 30(b)(6) Dep. Tr. dated February 23, 2006 at 277-279, relevant pages attached as Ex. 3.

### III.    The Claim for Malicious Prosecution is Not Proper.

After dismissing counts III-VI, only count VII (malicious prosecution) remains. Contrary to the May 1, 2007 Order, this claim is asserted against Kotva and Richard Harazim. To maintain a claim for malicious prosecution, it is well established that a plaintiff must allege and prove that the earlier action complained of has terminated in his favor. *Dangel v. Offset Printing, Inc.*, 342 Mass. 170, 171 (1961); *Jacobs v. Mann*, 300 Mass. 258, 260 (1938). That is not the case here. Plaintiffs' action against the Defendants is alive and well and proceeding toward trial. In fact, Defendants have not even alleged that the previous action has been terminated in their favor.[4] As a matter of law, therefore, Defendants' claim for malicious prosecution should be dismissed.

Defendants' malicious prosecution allegation should also be dismissed as matter of practicality. Defendants have already asserted a counterclaim for abuse of process against the Plaintiffs and Richard Harazim. The claim for malicious prosecution essentially duplicates the claim for abuse of process, but the abuse of process claim imposes a lesser burden of proof. In other words, if Defendants cannot prevail on an abuse of process counterclaim--which they cannot--they cannot prevail on the more rigorous claim for malicious prosecution. Thus, there is simply no reason to add to this case the distraction of a claim that is, at best, both premature and speculative.

### CONCLUSION

For the foregoing reasons, and the Court's prior rulings, Counts III thru VII of the Restated Counterclaims should be dismissed. As a result, there is no need for any "second trial" in this matter.

---

[4]  The fact that Plaintiffs elected not to pursue two of the original counts and that one other count has been dismissed does not mean that the action has been terminated in Defendants' favor.

Respectfully submitted,

KOTVA, A.S., SPV CO., AND RICHARD HARAZIM,

By their attorneys,

/s/ Joel G. Beckman_____
Joel G. Beckman BBO#553086
William C. Nystrom BBO#559656
Daniel J. Pasquarello BBO# 647379
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
Dated: May 31, 2007                    (617) 778-9110 (fax)

## REQUEST FOR ORAL ARGUMENT AND STATUS CONFERENCE

Pursuant to Local Rule 7.1(D), Plaintiffs request oral argument on this motion.  As a result of the overbroad interpretations Defendants have ascribed to the Court's rulings since the April 4th pretrial conference, Plaintiffs also request a brief status conference at the Court's convenience.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Undersigned counsel and counsel for the defendants/counterclaim plaintiffs, Edward Dangel, conferred by telephone and email exchange and could not agree to the issues raised in this motion.

/s/ Daniel J. Pasquarello

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 31st day of May, 2007.

/s/ Daniel J. Pasquarello

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET | ) | |
| MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## KOTVA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS "COUNTERCLAIM-PLAINTIFFS" KT AND CVF

### INTRODUCTION

Kotva filed suit in Massachusetts because this Court has jurisdiction over the Weiss Defendants—who reside in Massachusetts—and because all of Kotva's claims are based on U.S. law. In response, Defendants have put up a smoke-screen by: (1) resurrecting long-settled matters they have no standing to assert (the "Trend tunneling" allegations) and making unwarranted accusations (that Kotva has been "looted"); (2) attempting to add four new foreign parties over whom, respectfully, the Court lacks personal jurisdiction; (3) inserting two new "counterclaim plaintiffs," KT, Inc. ("KT") and CVF Investments, Ltd. ("CVF"), without leave of Court; and (4) introducing a swarm of Czech substantive law claims that are the subject of prior pending litigation filed by KT and CVF in the Czech Republic. At the January 23, 2006 hearing, the Court questioned whether the Czech-law issues raised in the Counterclaim should be decided in the Czech Republic. By Order dated January 23, 2006, the Court ruled that Kotva may file the instant motion to dismiss KT and CVF from this action.

As demonstrated below, international comity and judicial deference provide that

parallel proceedings, like the simultaneous litigation that KT and CVF attempt here,

should not be permitted. The doctrine of *forum non conveniens* likewise counsels against

entertaining the Czech-law based claims advanced by the Weiss Defendants and KT and

CVF. In any event, KT and CVF do not actually "join" any of the claims asserted by the

Weiss Defendants. Instead, KT and CVF assert *new claims* against Kotva and *new*

*foreign parties that are unrelated to the Weiss Defendants' Counterclaim*—which

centers solely on abuse of process. In short, they cannot assert new claims against other

and new defendants.

With the possible exception of Count I (Abuse of Process), which was described

by the Court as the "tail that wags the Czech dog," the Court noted that all of the

remaining counts in the Counterclaim (II-VI and VIII) depend on substantive issues of

Czech law. *See* Order dated January 23, 2006.[1] Dismissing those claims will streamline

this case and render the proposed technical advisor on Czech law unnecessary. For the

reasons set forth below, Kotva respectfully requests the Court to dismiss KT and CVF

from this action, and to dismiss Counts II-VI and VIII for lack of standing, *forum non*

*conveniens,* and international comity.

## BACKGROUND

In April 2005, Kotva brought this action against Andrew Weiss ("Weiss"), who

lives in Brookline, Massachusetts, and Weiss Asset Management ("WAM"), with a

principal place of business in Boston, because the Weiss Defendants are subject to

jurisdiction here. As detailed in the Complaint, Kotva filed suit as a result of the Weiss

---

[1] Though not included as part of the Order, the Court commented during the January 23 hearing that Counts III thru V also rely on issues Czech law.

Defendants' scheme to blackmail Kotva. As part of that scheme, Weiss filed lawsuits to interfere with the sale of Kotva's Department Store. One of those lawsuits was filed by KT against Kotva and two other defendants in the District Court for Prague on December 23, 2004 (the "KT/CVF Czech lawsuit"). A translated copy of the Complaint filed by KT is attached hereto as Exhibit 1.[2]

Styled as a "Petition to determine title to real property," the KT/CVF Czech lawsuit asks the Czech courts to rule that the transfer of Kotva's Department Store is "null and void" and that Kotva remains the owner of the Department Store. *See* Exhibit 1 at K0143. The KT/CVF Czech lawsuit walks through the same historical background and "Trend tunneling" allegations that the Weiss Defendants assert in their Counterclaim. *E.g., compare* Exhibit 1 at K0131-142 and Counterclaim ¶¶ 42-60. Indeed, the specific claims that KT and CVF attempt to assert in this action all turn upon the same allegation that they have asserted in the KT/CVF Czech lawsuit—that Kotva has somehow deprived itself of its Department Store asset, and that the property or proceeds from the sale should be returned to Kotva. *Compare* Exhibit 1 at K0143 (proposing verdict that Kotva "is the sole owner" of the Department Store) *and* Counterclaim at ¶ 100 ("[t]he sale proceeds belong *instead* to Kotva a.s. and its shareholders") (emphasis added). In short, all of the allegations by KT and CVF in counts II through VI and VIII are simple variations of the same basic allegation that KT and CVF have chosen to litigate against Kotva in the Czech Republic.[3]

_____

[2] On July 20, 2005, KT and CVF petitioned for the addition of CVF as a plaintiff in that lawsuit. A translated copy of that petition is attached hereto as Exhibit 2.

[3] Count II: conspiracy to loot Kotva assets (KT and CVF have no standing to assert abuse of process claims—evidenced by the fact that they have not joined in Count I); Count III: conversion of the proceeds from the sale of the Department Store; Count IV: unjust enrichment from proceeds of the sale of the Department Store; Count V: breach of fiduciary duty from alleged stripping of Department Store asset;

# ARGUMENT

## I.    KT'S AND CVF'S "COUNTERCLAIMS" AND ALL CZECH-LAW COUNTERCLAIMS SHOULD BE DISMISSED ON GROUNDS OF INTERNATIONAL COMITY AND *FORUM NON CONVENIENS*

### A.    KT and CVF's Claims Should Be Dismissed on Grounds of International Comity

International comity is "a doctrine that counsels voluntary forbearance when a sovereign which has a legitimate claim to jurisdiction concludes that a second sovereign also has a legitimate claim to jurisdiction under principles of international law." *United States v. Nippon Paper Indus. Co., Ltd.*, 109 F.3d 1, 8 (1st Cir. 1997). Because parallel proceedings between the same parties concerning the same facts and legal issues result in a substantial waste of judicial resources and could lead to inconsistent verdicts, federal courts have the "inherent power to stay an action based on the pendency of a related action in a foreign jurisdiction." *Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248, 251 (D. Mass. 1999) (citations omitted).[4] In determining whether to stay or dismiss an action in deference to parallel foreign litigation, the federal courts look to the following factors as relevant:

> (1)  similarity of parties and issues involved in the foreign litigation;
> (2)  the promotion of judicial efficiency;
> (3)  adequacy of relief available in the alternative forum;
> (4)  issues of fairness to and convenience of the parties, counsel, and witnesses;
> (5)  possibility of prejudice to any of the parties; and
> (6)  the temporal sequence of the filing of the action.

---

Count VI: constructive trust of Department Store; Count VIII: ownership of proceeds from sale of Department Store.

[4]  See also *Johnson v. Continental Airlines Corp.*, 353 F. Supp. 2d 160, 161 (D. Mass. 2005) ("substantial waste of judicial resources to permit conduct of parallel proceedings") and *Boston & Maine Corp. v. United Transportation Union*, 110 F.R.D. 322, 328-329 (noting that parallel proceedings involving the same parties and closely related issues should ordinarily be avoided), with respect to general comity principles outside the international context.

*Goldhammer*, 59 F. Supp. 2d at 252-253. (citing cases staying or dismissing federal actions in favor of pending foreign litigations).  Weighing the relevant factors as a whole, the *Goldhammer* court stayed a diversity suit on international abstention grounds pending the outcome of a first-filed English action where the cases shared overlapping legal and factual issues.  *Id*. at 253.

*United Bank for Africa PLC v. Coker*, No. 94 Civ. 0655(TPG), 2003 WL 22741575 (S.D.N.Y. Nov. 18, 2003), (attached hereto as Exhibit 3), is squarely on point. Coker had sued UBA in Nigeria for libel, wrongful discharge, and other matters relating to an alleged breach of his employment contract.  UBA subsequently sued Coker in federal court in New York, asserting causes of action under RICO, fraud, breach of contract, and breach of fiduciary duty relating to Coker's New York employment for UBA.  *Id*. at *2.  Coker then asserted counterclaims in the New York action for libel, wrongful discharge, and breach of contract issues relating to his employment.  After reviewing the relevant comity and deference factors, the court dismissed Coker's counterclaims and allowed UBA's action to proceed.  *Id*. at *4 ("The relevant factors thus strongly militate in favor of deference to the Nigerian action.  Further, given the identical nature of Coker's Nigerian libel claim and the apparent ability of that forum to accord full relief, it would serve no purpose to stay the instant action rather than simply dismissing it.").

       *1.     All of the Comity/Deference Factors Weigh in Favor of Dismissal*

Like *Coker*, KT and CVF ***first*** filed their claims in a foreign jurisdiction.  *See* Exhibit 1.  The basis for KT and CVF's claims in both actions is the same:  they all turn on the (baseless) allegation that Kotva somehow wrongfully deprived itself of its

Department Store and that the proceeds need to be "returned" to Kotva's shareholders. *Compare* Counterclaim at ¶100 *and* Exhibit 1 at K0143. The parties are also either the same or similar in both actions: KT and CVF on one side and Kotva on the other side are the main parties in both actions. Given the similarity of the parties and issues in the two actions and the fact that all of KT and CVF's claims involve substantive issues of Czech law (Order dated January 23, 2006), dismissing those claims and dropping KT and CVF from this action would promote judicial efficiency and avoid the possibility of inconsistent verdicts.

KT and CVF's attempt to introduce new parties and claims does not turn this factor against dismissal. *See Goldhammer*, 59 F. Supp. 2d at 253, citing *Landis v. North Amer. Co.*, 299 U.S. 248, 254 (1936) ("the parties and claims need not be identical in order for one action to be stayed or dismissed in deference to an earlier action."). KT and CVF's likely objection that their claims here involve more counterclaim-defendants than just Kotva actually further supports dropping KT and CVF from this case. First, this Court lacks personal jurisdiction over all of the counterclaim-defendants with respect to KT and CVF's claims.[5] Second, the Czech Republic is a far more convenient forum than Massachusetts for the counterclaim-defendants to defend against KT and CVF's claims.[6] Considering the historical nature of KT and CVF's Czech-law based claims, sources of

---

[5] Kotva does not dispute that Weiss and WAM may assert appropriate counterclaims against it in this Court. KT and CVF assert new claims against Kotva that are not related to Defendants' counterclaims, however, and those claims go beyond the basis of specific jurisdiction over Kotva as Plaintiff and counterclaim-defendant in this action. All of the other counterclaim-defendants have challenged personal jurisdiction and have filed motions to dismiss. *See* motions to dismiss filed by counterclaim-defendants Forminster (Docket # 34), Benda and Harazim (Docket # 39), and SPV Co. (Docket # 78).

[6] Kotva is a publicly traded Czech company; Forminster Enterprises and SPV Co. are Cypriot business entities that have no contacts with this forum; Messrs. Harazim and Benda are both Czech nationals whose only alleged contacts with this forum derive from their official capacity as representatives of Kotva. John Does 1-5 are alleged to be individuals who purportedly "reside in the Czech Republic and elsewhere outside the United States." Counterclaim at ¶ 14.

proof and witnesses would be more accessible in the Czech Republic.  *See* Counterclaim

at ¶¶ 42-52.  Third, KT has already filed a suit in the Czech Republic against Forminster

seeking the same relief.  *See* Counterclaim Plaintiffs' Opposition to Kotva's Motion to

Dismiss at 11-12.

Finally, KT and CVF can make no serious objection on the grounds of fairness,

prejudice, or that the relief available in the Czech Republic is inadequate.  They chose to

file the KT/CVF Czech lawsuit in the Czech Republic.  *See Coker*, 2003 WL 22741575 at

*4 (taking into consideration party's choice to litigate in foreign forum in weighing

adequacy of relief factor); *Caspian Investments, Ltd. v. Vicom Holdings, Ltd.*, 770 F.

Supp.880, 885 (S.D.N.Y. 1991) (invoking jurisdiction of foreign forum barred complaint

against adequacy of that forum); *see also Goldhammer*, 59 F. Supp. 2d at 255-256

("notions of international comity are at an apex when parties inject themselves into the

economy of another nation for profit . . .and then try to extricate themselves from

jurisdiction").   In sum, all of the relevant comity factors weigh in favor of dismissing the

claims brought by KT and CVF in deference to the prior pending litigation.

**B.      All Czech-Law Based Counterclaims Should Be Dismissed
          on Grounds of *Forum Non Conveniens*_____**

In addition to principles of international comity, the Court should dismiss all of

KT and CVF's claims on *forum non conveniens* grounds because there is (1) an adequate

alternative forum available and (2) the absence of transfer would result in serious

unfairness.  *Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345 (1st Cir. 1992).  An alternative

forum is generally considered available if the party asserting *forum non conveniens* is

amenable to process in the alternative forum.  *Mercier*, 981 F.2d at 1349.  Kotva is

certainly amenable to process in the Czech Republic.  There is also little doubt that the

Czech Republic provides an adequate forum for KT and CVF's claims against Kotva—

KT and CVF have already sued Kotva in the Czech Republic requesting the same basic

relief there that they seek here. *See* Exhibit 1; *see also*, Counterclaim Plaintiffs'

Opposition to Kotva's Motion to Dismiss at 11-12 (describing suit brought by KT in the

Czech Republic against Forminster regarding ownership of Kotva).

The Weiss Defendants' conspiracy count of the Counterclaim (Count II) should

also be dismissed since the Czech Republic is an available, adequate, and more

appropriate forum for such Czech-law based allegations. *See* Order dated January 23,

2006 (noting that resolution of Count II relied on Czech law). The fact that Weiss has

been criminally charged in the Czech Republic (*see* Exhibit 4 hereto) does not make the

Czech Republic an inadequate forum. *See Mercier*, 981 F.2d at 1350 n.2 (discussing

conclusion that female plaintiff's legal difficulties in Turkey, including risk of arrest, did

not make Turkish tribunal an inadequate alternative forum).

### 1.    The Private Interest Factors Weigh in Favor of Dismissal.

The Supreme Court has identified certain private and public interest factors to

determine the second prong of the *forum non conveniens* analysis, whether serious

unfairness will result from non-dismissal. *Olin Corp. v. Fisons PLC*, 47 F. Supp. 2d 151,

158 (D. Mass. 1999). The private interest factors include: relative ease of access to

sources of proof; the availability of compulsory process and the cost of securing the

attendance of witnesses; the possibility of a view of the premises, if appropriate; and an

evaluation of "all other practical problems that make trial of a case easy, expeditious and

inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982) quoting *Gulf*

*Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  All of these factors favor litigating the counterclaims in the Czech Republic rather than in Massachusetts.

Here, KT and CVF's claims do not arise out of the same transaction or series of transactions as Kotva's claim and the Weiss Defendants' Counterclaim.[7]  Rather, KT and CVF base all of their claims on the "Trend tunneling" allegations concerning events that took place in the Czech Republic in the 1990s.  *See* Counterclaim at ¶¶ 42-60, 68-103; *see also* Exhibit 1 at K0131-142.  Since, the allegations underlying KT and CVF's claims involve events that took place in the Czech Republic and have nothing to do with Massachusetts, access to sources of proof and witnesses will be greater in the Czech Republic.  Further, the fact that all counterclaim-defendants and counterclaim-plaintiff CVF are either Czech or European means that proceeding in the Czech Republic would also be more convenient with respect to travel.  *See* Defendants' and Counterclaim Plaintiffs Initial Disclosures at 2-4 (identifying 18 individuals likely to have discoverable information, 17 of whom reside outside the United States and 12 of whom reside in the Czech Republic), attached as Exhibit 5 hereto.  Indeed, counterclaim plaintiffs should be estopped from objecting to dismissing their claims for *forum non conveniens* since they have already sued for the same relief in the Czech Republic.

### 2.    *The Public Interest Factors Weigh in Favor of Dismissal.*

The public interest factors also cut decisively in favor of dismissing KT and CVF and all of the Czech-law based counterclaims.  The public interest factors include:  the administrative difficulties flowing from court congestion in the chosen forum; the "local interest in having localized controversies decided at home;" the interest in trying a diversity case in a forum that is at home with the law governing the action; *the avoidance*

---

[7] *See* Section II below.

*of unnecessary problems in conflict of laws, or in the application of foreign law*; and
the unfairness in burdening citizens in an unrelated forum with jury duty. *Piper Aircraft*,
454 U.S. at 241 n.6. (emphasis added). The most obvious and significant public interest
factor in this case involves the problematic application of Czech law to resolve counts II
thru VIII of the Counterclaim.

     This Court has already noted that the resolution of counts II-VI and VIII of the
Counterclaim depends upon Czech law. *See* Order dated January 23, 2006.[8]
Counterclaim-plaintiffs also have argued that Czech law governs their claims.
Counterclaim Plaintiffs' Opposition to Kotva's Motion to Dismiss at 8-9. Given the
difficulties inherent in researching, interpreting, and applying foreign law, the Court has
proposed the appointment of an expert in Czech law as a technical advisor in this case.
*See* Clerk's Notes for Proceedings Held January 23, 2006. Dismissing KT and CVF and
the Czech-law based counterclaims makes such an appointment unnecessary.

     Count VIII lays bare KT and CVF's real intentions in trying to insert themselves
into this lawsuit, and best demonstrates why the Court should dismiss them and defer to
the courts of the Czech Republic for the resolution of matters of Czech law. In Count
VIII, KT and CVF explicitly ask the Court to sort through events relating to Trend that
occurred in the Czech Republic—many of which occurred more than a decade ago—and
to declare who owns what percentage of Kotva. *See* Counterclaim at ¶¶ 42-60, 97-103.
Leaving aside the fact that Trend is not a party to this action and that the historical
allegations involving Trend have nothing to do with Kotva's underlying action, to resolve
this claim the Court would have to insert itself completely and needlessly into matters of

---
[8] *See* note 1 *supra*.

Czech law that should be decided by Czech authorities.[9]  Moreover, KT admits that it is

already litigating this issue too in separate litigation in the Czech Republic.  Counterclaim

Plaintiffs' Opposition to Kotva's Motion to Dismiss at 11-12.  ("As with the dispute over

title to the Department Store, KT is involved in a parallel case in the Czech Republic

disputing the Forminster Group's title to the Kotva shares it controls and seeking a

declaration that Trend is the true owner of those shares.")

The remaining public interest factors also favor dismissal.  There is no local

interest in having KT and CVF's claims decided in Massachusetts.  Although KT has a

principal place of business in Massachusetts, it chose the Czech Republic as the forum to

litigate its claims before asserting them in this action.  CVF is a Cyprus corporation with

a principal place of business in Cyprus and has no connection to Massachusetts.

Counterclaim at ¶ 7.  Moreover, the Czech Republic has a greater stake in resolving the

counterclaims alleged against Kotva, a publicly traded Czech Company, than

Massachusetts does.  The Czech court also has easier access to and experience with

issues of Czech law.  Furthermore, court congestion and the jury duty burden on

Massachusetts citizens will be eased by the streamlining effect that dismissing KT and

CVF and the Czech-law counterclaims will have.  Other courts have reached similar

---

[9] Even if the allegations in Count VIII and the "Trend Tunneling" claim were proper topics for the Court to consider, which they are not, Trend would be an indispensable party under Fed. R. Civ. P. 19(b) that cannot be joined.  Trend has been in bankruptcy since 2000, as Weiss himself admits.  *See* Complaint Ex. E.  Here, complete relief could not be afforded without Trend, whom the counterclaim-plaintiffs allege to be the "owner" of 55% of Kotva's shares, not the "Forminster Group."  Counterclaim ¶¶ 101-103.  Thus, Rule 19 provides an alternative ground for dismissing count VIII.  *See also Weizmann Institute of Science v. Neschis*, 229 F.Supp.2d 243, 250-51 (S.D.N.Y 2002) (when joinder not feasible, the "Plaintiffs must show why the declaratory judgment claims should *not* be dismissed.") (emphasis added); *National Union Fire Ins. Co. v. Massachusetts Municipal Wholesale Electric Co.*, 117 F.R.D. 321 (D. Mass. 1987) (refusing to drop a defendant from an action because in their absence any decision rendered by the court on the declaratory action judgment would be "hollow or ineffectual").  It is also telling that the Counterclaim makes no mention of the 1999 settlement agreement in which Trend acknowledged Forminster as the owner of 55% of Kotva.  *See* Complaint ¶ 12.

conclusions by dismissing counterclaims or counts of claims on *forum non conveniens* grounds.[10]

Because there is an adequate alternative forum and because all of the public and private interest factors weigh in favor of proceeding in the Czech Republic, all of the Czech-law counterclaims should be dismissed on *forum non conveniens* grounds.

## II.    KT AND CVF ARE NOT PROPER PARTIES TO THIS ACTION AND SHOULD BE DISMISSED UNDER FED. R. CIV. P. 21

Kotva did not sue KT and CVF. Without leave of Court, however, the Weiss Defendants unilaterally inserted KT and CVF as "counterclaim-plaintiffs" in this action. KT and CVF, however, do not actually join in the claims asserted by the Weiss Defendants (Counts I and II). Instead, KT and CVF assert new and unrelated claims mostly against new parties. Counts III thru V, asserted *only* by new parties against *only* new parties, demonstrate this fact in stark relief.[11] Even if KT and CVF had joined in the Weiss Defendants' counterclaims, they could not be added in the manner attempted here without undermining the Federal Rules of Civil Procedure. Thus, in the alternative to comity and *forum non conveniens*, KT and CVF should be dismissed as misjoined parties pursuant to Fed. R. Civ. P. 21.

---

[10]  *See United Bank for Africa PLC v. Coker*, No. 94 Civ. 0655(TPG), 2003 WL 22741575 (S.D.N.Y. Nov. 18, 2003) (dismissing counterclaims on comity and *forum non conveniens* grounds), attached hereto as Exhibit 3; *Sandstrom v. Cultor Food Science, Inc.*, No. 97 C 8216, 1998 WL 321502 (N.D. Ill. June 14, 1998) (dismissing one count of a two count complaint for *forum non conveniens*); *S. Megga Telecommunications, Ltd. v. Lucent Technologies, Inc.*, No. 96-357-SLR, 1997 WL 86413 at *11 (D. Del. Feb. 14, 1997) (dismissing counterclaims on *forum non conveniens* grounds).

[11]  The Counterclaim originally included eight counts. The Court has already dismissed Count VII, asserted by Weiss, WAM, KT, and CVF against all counterclaim-defendants. Order dated January 23, 2006. Of the remaining seven counts, the Weiss Defendants assert only two, Count I (alone) and Count II (ostensibly with KT and CVF). The remaining five counts, III-VI and VIII, are asserted only by KT and CVF. Of the six counts that KT and CVF assert, three involve Kotva and new counterclaim-defendants, Counts II, VI, and VIII, while three involve only new counterclaim-defendants and do not involve Kotva, Counts III-V. *See* Counterclaim ¶¶ 61-103 and Exhibit 1 thereto.

### A.    The Weiss Defendants Cannot Unilaterally Add KT and CVF as Counterclaim-Plaintiffs Under Rules 13 and 20

In support of their contention that they may add parties as counterclaim-plaintiffs under Rule 13(h), the Weiss Defendants rely on only one authority:  a section of Moore's Federal Practice that cites one Alabama federal district court opinion that, in turn, cites back to Moore's.  *See* Counterclaim Plaintiffs Opposition to Kotva's Motion to Dismiss at 4-5, citing 4 MOORE'S FEDERAL PRACTICE § 20.02[2][b][ii] (3d ed. 2005), citing *Northfield Ins. Co. v. Bender Shipbuilding & Repair Co.*, 122 F.R.D. 30 (S.D. Ala. 1988).  The Alabama case only addresses the addition of parties as counterclaim-defendants, however, and does not support the Weiss Defendants' attempt to add new counterclaim-plaintiffs without leave of Court.  In fact, the Weiss Defendants have provided no authority for the proposition that counterclaim-plaintiffs can be added at whim in the manner they attempt here.  There is authority to the contrary, however.  In *Hubner v. Schoonmaker*, No. 89-3400, 1990 WL 149207 (E.D. Pa. Oct. 2 1990) (attached hereto as Exhibit 6), the court ruled that that Rule 13 does not permit the precise procedural maneuver that KT, CVF, and the Weiss Defendants attempt here.

> [Rule 13(h)] generally concerns parties *against* whom counterclaims may be brought, and should not be contorted to operate as a means by which one can seek entrance into an existing action.  Any other holding would render superfluous the standards for admission of non-parties as set forth by the intervention provisions of Rule 24.

*Id.* at * 4 (emphasis in original).  Thus, KT and CVF cannot be unilaterally inserted into this action as the Weiss Defendants have attempted to do here.

#### 1.    KT and CVF Do Not Assert "Counterclaims"

The Weiss Defendants were required to assert as compulsory counterclaims all claims against Kotva arising out of the "transaction or occurrence that is the subject

13

matter" of Kotva's claim. Fed. R. Civ. P. 13(a). Weiss and WAM asserted only two

counts as their counterclaim: abuse of process (count I) and conspiracy to abuse process

(count II). Although KT and CVF also allege conspiracy in count II, they necessarily

allege different aspects of conspiracy than Weiss and WAM. Because Weiss and WAM

are not Kotva shareholders, they lack standing to allege conspiracy to "loot Kotva's

assets." Counterclaim at ¶ 69; *see also* Counterclaim Plaintiffs' Opposition to Kotva's

Motion to Dismiss at 8. Similarly, KT and CVF lack standing to allege conspiracy to

"abuse the Czech criminal process and abuse the United States civil process,"

demonstrated by the fact that they do not join Count I, because they were not sued or

charged criminally. *Id.* Thus, KT and CVF assert entirely different allegations:

conspiracy to loot assets (count II); conversion (count III); unjust enrichment (count IV);

breach of fiduciary duty (count V); constructive trust (count VI); and declaratory

judgment (count VIII). ***These are all new claims***. They are not counterclaims to which

KT and CVF are being made parties. Fed. R. Civ. P. 13(h) (allowing joinder of

additional parties "***to a*** counterclaim or cross-claim" in accordance with Rules 19 and 20)

(emphasis added).

>    2.    *KT and CVF's Claims Fail the Rule 20 Same Transaction or*
>          *Occurrence Test*

Even if (i) the rules did permit parties to add counterclaim-plaintiffs without leave

of Court, and (ii) KT and CVF were being added as parties to actual counterclaims,

joinder would still be inappropriate in this case under Rule 20. Parties may only be

permissively joined as plaintiffs if they assert a right to relief "in respect of or arising out

of the same transaction, occurrence, or series of transactions or occurrences and if any

question of law or fact common to all these persons will arise in the action." Fed. R. Civ.

P. 20(a).  But the claims that KT and CVF try to assert here do not arise out of the same

transaction or same series of transactions as the subject matter of Kotva's claim against

Weiss and WAM.

Kotva's claim arises from the Weiss Defendants' attempt to blackmail Kotva into

"repurchasing" a 12% stake of the company (the "BGO shares").  Complaint ¶¶ 21-48.

That scheme materialized in 2004 as an attempt to interfere with the sale of Kotva's

Department store.  *Id*.  The Weiss Defendants' Counterclaim, meanwhile, alleges abuse

of process from the filing of this lawsuit and the filing of a criminal complaint in the

Czech Republic.  *See* Counterclaim Counts I and II.  The claims asserted by KT and

CVF, however, dredge up irrelevant and historical "Trend tunneling" allegations that

have nothing to do with Kotva's claim or the Weiss Defendants' counterclaim.  The

Weiss Defendants' false coupling of the potential repurchase of the BGO shares with an

alleged "freeze out" of minority shareholders also fails to satisfy the Rule 20 same

transaction requirement.  *See* Counterclaim Plaintiffs' Opposition to Motion to Dismiss at

4.  The repurchase of the BGO shares—which was demanded by the Weiss Defendants—

would not have "frozen out" any shareholders.  In fact, the "freeze out" allegations are

nothing more than the "Trend tunneling" allegations dressed up in new clothes.[12]  As

discussed above in the context of KT and CVF's request for declaratory judgment, those

historical allegations do not arise from the same transactions that are at issue in this suit.

---

[12] The linchpin of the "freeze out" claims is Forminster's majority stake in Kotva, which counterclaim-plaintiffs allege was wrongfully obtained as a result of the "Trend tunneling" allegations.  *See* Counterclaim Plaintiffs' Opposition to Motion to Dismiss at 10, 11 ("The Forminster Group, through its control over a majority of Kotva's shares and by direct contact with Weiss, is engaging in a freeze-out of the minority shareholders including KT and CVF. . . .The Forminster Group is voting its Kotva shares despite the fact that it lacks good legal title to those shares.  Every time that the Forminster Group casts a vote, it overwhelms the voting power of the other Kotva shareholders who purchased their shares legally.")

**B.      Intervention is the Proper Procedure for**
**       Non-Parties to Assert Claims**

The required procedure for non-parties to participate in an action is to file a timely

motion to intervene pursuant to Fed. R. Civ. P. 24, which KT and CVF did not do.  4

MOORE'S FEDERAL PRACTICE §20.02[2][c](3d ed. 2005); *Thompson v. Boggs*, 33 F.3d

847, 858 n. 10 (7th Cir. 1994); *Hubner*, 1990 WL 149207 at *4.  Nevertheless, even if

they had moved to intervene, KT and CVF cannot satisfy the requirements of Rule 24.

The First Circuit has held:

> A party that desires to intervene in a civil action under Rule
> 24(a)(2) must satisfy four conjunctive prerequisites: (1) a timely
> application for intervention; (2) a demonstrated interest relating to
> the property or transaction that forms the basis of the ongoing
> action; (3) *a satisfactory showing that the disposition of the*
> *action threatens to create a practical impairment or impediment*
> *to its ability to protect that interest*; and (4) a satisfactory showing
> that existing parties inadequately will represent its interests.  An
> applicant for intervention as of right must run the table and fulfill
> all of four of these preconditions, the failure to satisfy any one of
> them dooms intervention.

*Public Service Company of New Hampshire v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998)

(emphasis added).  Moreover, intervention is not appropriate where the applicant can

recover on its claim through some other means, including prosecuting a separate lawsuit.

*Deus v. Allstate Insurance Company*, 15 F.3d, 506, 526 (11th Cir. 1994).

KT admits that it has filed lawsuits in the Czech Republic challenging the

transfers of the Department Store, seeking to restore the ownership of the Department

Store to Kotva, and challenging Forminster's ownership of its Kotva shares.  Exhibit 1;

Answer to Complaint ¶¶ 24, 32; Counterclaim Plaintiffs' Opposition to Kotva's Motion

to Dismiss at 11-12.   Indeed, KT's lawsuits in the Czech Republic involve precisely the

same scandalous "Trend tunneling" allegations as raised in this lawsuit.  *Compare*

Exhibit 1 *and* Counterclaim ¶¶42-60.  KT and CVF, therefore, cannot satisfy the

requirements of Rule 24 as their rights will not be impaired because they are prosecuting

separate actions in the Czech Republic (and, according to them, their claims are governed

by Czech law).

## CONCLUSION

KT and CVF were not sued by Kotva in this action.  They were inserted as

"counterclaim-plaintiffs" by the Weiss Defendants without leave of Court in an attempt

to distract from the real issues in this lawsuit and to duplicate litigation that is already

pending in the Czech Republic.  Because the new claims that KT and CVF try to assert

here rely upon substantive issues of Czech law, and because KT and CVF previously

initiated litigation in the Czech Republic for the same claims, principles of comity and

*forum non conveniens* dictate that KT and CVF and all Czech-law based counterclaims

should be dismissed.  In the alternative, KT and CVF should be dismissed as improperly

joined parties under Rules 13, 20 and 21.

Respectfully submitted,

KOTVA, A.S.

By its attorneys,


/s/ Joel G. Beckman
Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)
jbeckman@nbparis.com
wnystrom@nbparis.com
dpasquarello@nbparis.com

Dated: March 3, 2006


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 3rd day of March, 2006.


/s/ Daniel Pasquarello

**2**

EXHIBIT 1
SUMMARY OF COUNTERCLAIMS

| Count / Defendant | I Abuse of Process Weiss and WAM | II Conspiracy Weiss, WAM, K T and CVFI | III Conversion K T and CVFI | IV Unjust Enrichment K T and CVFI | V Breach of Fiduciary Duty / Abuse of Control K T and CVFI | VI Constructive Trust K T and CVFI | VII Unfair Trade Practices Weiss, WAM, K T and CVFI | VIII Declaratory Judgment K T and CVFI |
|---|---|---|---|---|---|---|---|---|
| Kotva a.s. | X | X | | | | X | X | X |
| Forminster | X | X | X | X | X | X | X | X |
| SPV CO | X | X | X | X | | X | X | X |
| Benda | X | X | X | X | X | X | X | X |
| Harazim | X | X | X | X | X | X | X | X |
| John Does 1–5 | X | X | X | X | | X | X | X |

**3**

Page 235

1                    VOLUME 2, PAGES 235 - 403

2                         EXHIBITS 23 - 40

3              IN THE UNITED STATES DISTRICT COURT

4              FOR THE DISTRICT OF MASSACHUSETTS

5                         No. 05-10679-RCL

6    - - - - - - - - - - - - - - - - - - - - - - - -

7    KOTVA a.s.,

8                         Plaintiffs

9              vs.

10   ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,

11                        Defendants

12   _____

13   ANDREW WEISS, WEISS ASSET MANAGEMENT LLC,

14   KT, INC. and CVF INVESTMENTS, LTD.,

15                        Counterclaim-Plaintiffs,

16        v.

17   KOTVA a.s., MARTIN BENDA, RICHARD HARAZIM,

18   FORMINSTER ENTERPRISES, LTC., SPV CO. and

19   JOHN DOES 1-5,

20                        Counterclaim-Defendants.

21   - - - - - - - - - - - - - - - - - - - - - - - -

22        CONTINUED VIDEOTAPED DEPOSITION OF KOTVA a.s.

23              BY AND THROUGH RICHARD HARAZIM

24          Wednesday, February 23, 2006 9:44 a.m

Richard Harazim, Vol. 2                                                    2/23/2006

Page 236

```
1              McDermott, Will & Emery
2          28 State Street, Boston, MA 02109
3       Reporter:  Janet M. Konarski, RMR, CRR
4                 LegaLink Boston
5          320 Congress Street, Boston, MA 02210
6                 (617)542-0039
7
8    APPEARANCES:
9    MCDERMOTT, WILL & EMERY
10   (By Edward P. Leibensperger, Esquire,
11   Benjamin A. Goldberger, Esquire, and
12   Sylvia Kratky, Esquire)
13   28 State Street
14   Boston, Massachusetts 02109
15   (617)535-4000
16   Counsel for the Defendants/Counterclaim-Plaintiffs
17
18   NYSTROM, BECKMAN & PARIS LLP
19   (By Joel G. Beckman, Esquire)
20   10 St. James Avenue
21   Boston, Massachusetts 02116
22   (617)778-9100
23   Counsel for the Plaintiff/Counterclaim-Defendant
24   - Continued -
```

Page 237

```
1    ALSO PRESENT:
2    Wesley Hicks, Videographer
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

Page 238

```
1                 I N D E X
2    WITNESS                    DIRECT
3    Richard Harazim
4    By Mr. Leibensperger        240
5
6              E X H I B I T S
7    Number     Description              Page
8    23    E-mail dated September 19, 2003    242
9    24    E-mail dated August 5, 2004        252
10   25    E-mail dated August 9, 2004        260
11   26    Offer document                    260
12   27    Offer document                    260
13   28    Original offer document           263
14   29    Series of e-mails and letters     272
15   30    E-mail dated August 17, 2004       279
16   31    Minutes of August 18, 2004
17         Board of Directors meeting        293
18   32    Criminal Complaint                300
19   33    Memorandum dated October 18, 2004  314
20   34    E-mail January 11, 2005            332
21   35    Copies of certificates dated
22         December 19, 2005                 343
23   36    Kotva annual report               355
24   37    Complaint                         370
```

Page 239

```
1              E X H I B I T S
2    Number     Description              Page
3
4    38    Minutes of January 19, 2005
5         meeting                           372
6    39    E-mail dated July 18 with
7         attachment                        385
8    40    E-mail dated August 20, 2003       392
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

2 (Pages 236 to 239)

Richard Harazim, Vol. 2                                                    2/23/2006

Page 276

1  was completely out of the question.
2         THE INTERPRETER: Thank you.
3         Q. Look at Page W4227 of Exhibit 29. That's
4  an e-mail from Mr. Hoffmann to you in Czech, correct?
5  I'm going to ask the interpreter to interpret the
6  substance of the e-mail.
7         THE INTERPRETER: Dear Mr. Harazim,
8  according to the instruction of Mr. Nikitin,
9  representative of Professor Weiss, I am resending you
10 the offer to sell the shares Kotva shareholding
11 Company. Sincerely Vladimir Hoffmann. And the last
12 two lines is advertising.
13        Q. Is that a correct interpretation,
14 Mr. Harazim?
15        A. Yes.
16        Q. Page W4228 is a letter in English to you
17 and Mr. Benda from Mr. Nikitin at Weiss Asset
18 Management. Did you receive this letter?
19        A. Yes.
20        Q. In response to the August 23rd, 2004
21 letter, at W4228, were you interested in negotiating a
22 deal?
23        THE INTERPRETER: No.
24        A. Deal in the shares, if that's the

Page 277

1  question.
2         Q. Yes.
3         A. No.
4         Q. You said earlier you went to the police on
5  August 27th?
6         A. Yes.
7         Q. Who went to the police?
8         A. I believe that it was the chairman of the
9  Board of Directors.
10        Q. Is that Mr. Vlach?
11        A. Vlach.
12        Q. Did anyone go with him?
13        A. I don't know.
14        Q. What documents did Mr. Vlach take to the
15 police on August 27?
16        A. I don't know.
17        Q. Did you review the complaint letter from
18 Kotva submitted to the police on August 27th?
19        A. I wasn't participating in the creation of
20 this criminal complaint, and I didn't see it before it
21 was submitted to the police.
22        Q. Why were you not participating?
23        THE INTERPRETER: This wasn't my task,
24 task.

Page 278

1         A. That was not my responsibility.
2         THE INTERPRETER: This was not my
3  responsibility.
4         Q. Why did Kotva go to the police on
5  August 27th?
6         A. Because on August 23rd, we finally had in
7  our hand the paper that in this letter, even if it was
8  vague, Weiss was vaguely admitting having relationships
9  with Gilroy, and when we got it in hand, we were able
10 to go to the police. Okay. So -- because after
11 August 23rd, we finally had something in hand, where
12 Weiss is admitting, albeit not clearly, to have
13 relationship with Gilroy.
14        Q. And that is what you had been waiting for
15 in your correspondence?
16        MR. BECKMAN: Objection.
17        A. Until that time, all the statements were
18 statements of Mr. Hoffmann only, up to that time.
19        Q. All right. Was it your intent going all
20 the way back to August 2, to go to the police at some
21 time?
22        MR. BECKMAN: Objection.
23        A. If the facts would correspond to it, yes.
24        Q. When did you decide to go to the police

Page 279

1  about Hoffmann?
2         A. From the beginning, it was clear to us
3  that Hoffmann is helping somebody only, so Hoffmann
4  said it himself.
5         Q. My question was different. When did you
6  decide that you would make a criminal complaint against
7  Hoffmann?
8         A. It was at the same time when we decided to
9  submit the criminal complaint against Mr. Weiss.
10        Q. Okay. What date was that?
11        A. The criminal complaint was submitted on
12 the 27th of August, so it was a couple of days before
13 that.
14        MR. LEIBENSPERGER: Please mark this as
15 the next exhibit.
16        (E-mail dated August 17, 2004
17 marked Exhibit 30.)
18 BY MR. LEIBENSPERGER:
19        Q. Exhibit 30 includes an e-mail from you to
20 Mr. Prestage, dated August 17, 2004. Is that correct?
21        A. Yes.
22        Q. In your e-mail, you state as to Gilroy,
23 "We should have all the data ready by the end of this
24 week. After that, we have to decide how to proceed.

12 (Pages 276 to 279)