UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. and SPV Co., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 05-10679-WGY |
| v. | ) ) ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) ) ) ) | |
| Defendants and Counterclaimants, | ) ) ) ) | |
| v. | ) ) ) | |
| KOTVA a.s., SPV Co., and RICHARD HARAZIM | ) ) ) | |
| Counterclaim-Defendants | ) ) ) ) | |

**PLAINTIFFS' OPPOSITION
TO MOTION TO AMEND COUNTERCLAIMS**

**INTRODUCTION**

On April 4, 2007, the parties appeared for a final pretrial conference in advance of the then-scheduled April 23, 2007 trial. After nearly two years of litigation, discovery had been completed and the case was ready for trial. During the conference, the Court allowed Plaintiffs to add SPV Co. as a party-plaintiff, ruled that the Defendants Andrew Weiss ("Weiss") and Weiss Asset Management LLC ("WAM") could assert or reassert counterclaims against SPV Co., and rescheduled the trial for October 2007. After the conference, however, Defendants insisted that previously dismissed claims raised by previously dismissed parties had been

reinstated. Plaintiff viewed the Court's ruling as limiting Defendants Weiss and WAM to raising counterclaims against SPV Co. The Court agreed:

> Plaintiff's View of the Court's Order is Correct and Discovery is Limited Accordingly. However, Now That SPV Co. Has Voluntarily Submitted Itself to the Jurisdiction of This Court, Counterclaims of Any Sort May Be Asserted or Re-Asserted Against It. Such Claims Will, However, Be Tried Separately After Completion of a Separate Case Management Schedule.

May 1, 2007 Order. Nevertheless, Defendants ignore the Court's prior Orders (including its recent May 1st Order), and attempt to resurrect claims that were asserted two years ago and have already been dismissed from the case. Defendants' "motion to amend" is more of the same, and should be denied.

## ARGUMENT

On May 1st, the Court took the time to clarify its prior Order for the parties and confirmed that Plaintiffs' interpretation of the Court's previous ruling was correct--that the Court had not abrogated or vacated its previous Orders, and that Defendants Weiss and WAM could assert counterclaims against SPV Co. Notwithstanding the Court's Order, Defendants attempt in their "motion to amend" to reassert almost every counterclaim ever asserted in this matter and have framed them as claims for a "second trial"--regardless of the fact that they are barred from doing so by the law of the case. Indeed, Defendants apparently now seek to conduct two full trials against the same counterclaim-defendants. Plaintiffs respectfully submit that this is not what the Court intended in its May 1st Order.

The May 1st Order only contemplated a separate trial for <u>new counterclaims against SPV Co</u>. But Defendants have not asserted any new counterclaims against SPV Co. Instead, they have reasserted old claims that were previously dismissed against Kotva, Richard Harazim (former CEO of Kotva), and SPV Co. for a second bite at the apple. Revealingly, Defendants

never explain why they should be able to assert new claims or reassert old claims against Kotva and Harazim.[1]  *See* Motion at 3.  They also admit that they are attempting to reassert previously dismissed claims.  "It is true that certain of the counterclaims are being re-asserted after dismissal without prejudice."  Motion at 4.  Consistent with the May 1st Order, the motion to amend should be denied.

Plaintiffs are filing a motion to dismiss the improperly asserted claims in the Restated Counterclaim.  Rather than burden the Court with more briefs and paper, Plaintiffs incorporate that motion in further opposition to the Defendants' motion to amend.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court deny the Weiss Parties' Motion to Amend Counterclaims and grant Plaintiffs' motion to dismiss.

Respectfully submitted,

KOTVA, A.S., SPV CO.

By their attorneys,

/s/ Joel G. Beckman  
Joel G. Beckman BBO#553086  
William C. Nystrom BBO#559656  
Daniel J. Pasquarello BBO# 647379  
Nystrom Beckman & Paris LLP  
10 St. James Ave., 16th Floor  
Boston, Massachusetts 02116  
(617) 778-9100  
Dated: May 31, 2007           (617) 778-9110 (fax)

---

[1] Indeed, per the Court's prior ruling of June 14, 2006, Defendant Richard Harazim is only subject to personal jurisdiction on Count I (abuse of process).  All other claims against Mr. Harazim were dismissed by the Court on June 14, 2006 for lack of personal jurisdiction.

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 31st day of May, 2007.

                                            /s/ Daniel J. Pasquarello