UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. and SPV Co., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 05-10679-WGY |
| v. | ) ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) ) ) ) | |
| Defendants and Counterclaimants, | ) ) ) | |
| v. | ) ) | |
| KOTVA a.s., SPV Co., and Richard Harazim | ) ) | |
| Counterclaim-Defendants | ) ) ) ) | |

**PLAINTIFFS' ANSWER
TO COUNTS I & II OF THE RESTATED COUNTERCLAIM**

Plaintiffs and Counterclaim-defendants Kotva a.s. ("Kotva") and SPV Co. hereby answer Counts I and II of the Counterclaim of Defendants and Counterclaim-plaintiffs Weiss and Weiss Asset Management LLC ("WAM") only. Pursuant to the Court's November 28, 2006 and May 1, 2007 Orders, Plaintiffs have filed a motion to dismiss Counts III-VII of the Restated Counterclaim.

*Summary*

The Summary does not contain averments within the meaning of the Federal Rules of Civil Procedure and requires no response by Plaintiffs. To the extent that the Summary contains any averments directed to Plaintiffs that require a response, said

allegations are denied.

*Jurisdiction and Venue*

1.   Denied.

2.   Plaintiffs admit that the Court has personal jurisdiction over them as the Plaintiffs in this matter. The remaining allegations in Paragraph 2 are denied.

*3.*   Plaintiffs admit that venue is proper with respect to the Plaintiffs in this matter for certain counts of the Counterclaim alleged by the Defendants Weiss and WAM. Plaintiffs deny that venue is proper for certain other counts of the Counterclaim alleged by Defendants Weiss and WAM and for all counts asserted by CVF.

*Parties*

4.   Admitted.

5.   Admitted.

6.   Plaintiffs admit that CVF is a Cyprus corporation. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6. Further answering, CVF was previously dismissed and is not a proper party to this action by reason of the law of the case and the lack of diversity jurisdiction over its alleged claims.

7.   The first sentence of paragraph 7 is admitted. The remainder of paragraph 7 states legal conclusions to which no response is necessary.

8.   Paragraph 8 is not directed to Plaintiffs. To the extent a response is required, upon information and belief, Plaintiffs admit that Forminster is a non-U.S. company. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9. Paragraph 9 is not directed to Plaintiffs. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 9.

10. Admitted.

11. Paragraph 11 is not directed to Plaintiffs. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 11.

12. Denied.

*Factual Allegations*

13. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13.

14. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14.

15. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15.

16. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16.

17. Paragraph 17 states conclusions of law to which no response is required.

18. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18. In further answering, Plaintiffs refer to the allegations in ¶ 22 of the Complaint.

19. Denied.

20. Paragraph 20 contains allegations that are not directed to Plaintiffs. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 20.

21. Plaintiffs admit that there was a May 12, 2004 meeting in Prague between

Weiss, Hoffman, Benda, and Harazim. To the extent that the remaining allegations in Paragraph 24 are directed to Plaintiffs, said allegations are denied.

22. Plaintiffs admit that Balfindor and Gilroy filed lawsuits against Kotva in the Czech Republic to interfere with the sale of the Department Store. Plaintiffs deny the remaining allegations in Paragraph 22.

23. Plaintiffs admit that Weiss made a written offer to sell BGO's Kotva shares for 131,000,000 CZK, and deny the remaining allegations in Paragraph 23.

24. To the extent that the allegations in Paragraph 24 are directed to Plaintiffs, the e-mail referred to in Paragraph 24 speaks for itself.

25. Plaintiffs admit that in response to Kotva's August 17, 2004 e-mail Weiss made a revised offer to sell BGO's shares as described in Paragraph 29 of the Complaint and Exhibit B thereto.

26. Denied.

27. Paragraph 27 states legal conclusions to which no response is necessary. To the extent that Paragraph 27 contains allegations directed to Plaintiffs, said allegations are denied.

28. Plaintiffs admit that Weiss sent another offer to Kotva on November 23, 2004 in which he offered to sell BGO's Kotva and Trend shares for 295.75 million CZK as described in Paragraph 30 of the Complaint and Exhibit C thereto. Plaintiffs deny the remaining allegations in Paragraph 28 that are directed to them.

29. To the extent that the allegations in Paragraph 29 are directed to Plaintiffs, Plaintiffs admit that it rejected Weiss's November 2004 offer, and deny the remaining allegations.

30. To the extent that the allegations in Paragraph 30 are directed to Plaintiffs, said allegations are denied. In further answering, Plaintiffs state that Czech law enforcement brought criminal charges against Weiss and others following an investigation into the matter.

31. To the extent that the allegations in Paragraph 31 are directed to Plaintiffs, said allegations are denied.

32. To the extent that the allegations in Paragraph 32 are directed to Plaintiffs, said allegations are denied.

33. To the extent that the allegations in Paragraph 33 are directed to Plaintiffs, said allegations are denied.

34. To the extent that the allegations in Paragraph 34 are directed to Plaintiffs, said allegations are denied. In further answering, Weiss's own lawyers, McDermott Will & Emery, have characterized Weiss as being indicted by Czech authorities.

35. To the extent that the allegations in Paragraph 35 are directed to Plaintiffs, said allegations are denied.

36. Paragraph 36 contains allegations that are not directed to Plaintiffs. To the extent a response is required, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 36. In further answering, Plaintiffs state that the documents referred to in Paragraph 36 speak for themselves.

37. Paragraph 37 contains allegations that are not directed to Plaintiffs. To the extent a response is required, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 37.

38. Paragraph 38 contains allegations that are not directed to Plaintiffs. To the

extent a response is required, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 38.  In further answering, Plaintiffs state that the documents referred to in Paragraph 38 speak for themselves.

39. Paragraph 39 contains allegations that are not directed to Plaintiffs.  To the extent a response is required, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 39.

40. Paragraph 40 contains allegations that are not directed to Kotva.  To the extent a response is required, Kotva is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 40.

41. Paragraph 41 contains allegations that are not directed to Plaintiffs.  To the extent a response is required, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 41.  In further answering, Plaintiffs state that the documents referred to in Paragraph 41 speak for themselves.

42. Paragraph 42 contains allegations that are not directed to Plaintiffs.  To the extent a response is required, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 42.  In further answering, Plaintiffs state that the documents referred to in Paragraph 42 speak for themselves.

43. Paragraph 43 contains allegations that are not directed to Plaintiffs.  To the extent a response is required, Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 43.

44. Paragraph 44 contains allegations that are not directed to Plaintiffs.  To the extent that the allegations in Paragraph 44 are directed to Plaintiffs, said allegations are denied.

45. Paragraph 45 contains allegations that are not directed to Plaintiffs. To the extent that the allegations in Paragraph 45 are directed to Plaintiffs, said allegations are denied.

46. Paragraph 46 contains allegations that are not directed to Plaintiffs. To the extent that the allegations in Paragraph 46 are directed to Plaintiffs, said allegations are denied.

47. Paragraph 47 contains allegations that are not directed to Plaintiffs. To the extent that the allegations in Paragraph 47 are directed to Plaintiffs, said allegations are denied.

48. Paragraph 48 contains allegations that are not directed to Plaintiffs. To the extent that the allegations in Paragraph 48 are directed to Plaintiffs, said allegations are denied.

49. Paragraph 49 contains allegations that are not directed to Plaintiffs. To the extent that the allegations in Paragraph 49 are directed to Plaintiffs, said allegations are denied.

50. Plaintiffs admit that the address for SPV Co.'s registered office is correct and deny the remaining allegations in paragraph 50.

51. Kotva's 2004 annual report speaks for itself.

52. Denied.

53. Paragraph 53 contains allegations that are not directed to Plaintiffs. To the extent that the allegations in Paragraph 53 are directed to Plaintiffs, said allegations are denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## Count I
(**Abuse of Civil Process**)

58. Plaintiffs restate and incorporate herein their responses to paragraphs 1-57.

59. Denied.

60. Denied.

61. Denied.

## Count II
(**Conspiracy to Abuse of Civil Process**)

62. Plaintiffs restate and incorporate herein their responses to paragraphs 1-61.

63. Paragraph 63 contains allegations that are not directed to Plaintiffs. To the extent that the allegations in Paragraph 63 are directed to Plaintiffs, said allegations are denied.

64. Denied.

## Count III-VII

65-88. The allegations contained in paragraphs 65-88 are subject to a motion to dismiss. Further answering, Counts III-VI, paragraphs 65-79, have previously been dismissed by the Court.

## AFFIRMATIVE DEFENSES

1. The counterclaim fails to state a claim upon which relief may be granted.

2. Defendants have misjoined parties as counterclaim-plaintiffs.

3. The counterclaim fails to join an indispensable party.

4. Certain counterclaim counts are barred by the law of the case.

5. The counterclaim is barred by the doctrine of unclean hands.

6. The counterclaim is barred by the applicable statute(s) of limitations.

7. The counterclaim is barred by *res judicata* and/or collateral estoppel.

8. The counterclaim is barred by reason of the counterclaim plaintiffs' fraud and/or illegality.

9. The counterclaim is barred by the doctrines of waiver, laches, and/or equitable estoppel.

10. The counterclaim is barred by the law of the case and/or lack of subject matter of jurisdiction.

WHEREFORE, Plaintiffs pray this Court to dismiss all remaining counts of the counterclaim with prejudice and award Plaintiffs the relief requested in the First Amended Complaint.

## JURY DEMAND

Plaintiffs request a jury trial on all issues so triable.

>Respectfully submitted,
>
>KOTVA, A.S. AND SPV CO.
>
>By their attorneys,
>
>
>__/s/ Joel G. Beckman_____
>Joel G. Beckman BBO#553086
>William C. Nystrom BBO#559656
>Dana A. Zakarian BBO# 641058
>Daniel J. Pasquarello (BB0# 647379)
>NYSTROM BECKMAN & PARIS LLP
>10 St. James Ave., 16th Floor
>Boston, Massachusetts 02116
>(617) 778-9100
>(617) 778-9110 (fax)

Dated: June 4, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 4th day of June, 2007.

>/s/ Daniel J. Pasquarello