UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co., <br><br>                  Plaintiffs,<br><br>                  v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC<br><br>                  Defendants and Counterclaimants,<br><br>                  v.<br><br>KOTVA a.s., SPV Co., and RICHARD HARAZIM<br><br>                  Counterclaim-Defendants | Case No. 05-10679-WGY |

## HARAZIM'S ANSWER TO COUNT I OF THE RESTATED COUNTERCLAIM

Counterclaim-defendant Richard Harazim ("Harazim") hereby replies to the Restated Counterclaim of Defendants and Counterclaim-plaintiffs Weiss and Weiss Asset Management LLC ("WAM").  Pursuant to the Court's June 14, 2006 Order, Harazim responds only to the allegations in Count I.  All other counterclaims against Harazim were previously dismissed for lack of personal jurisdiction.  Harazim has also joined Plaintiffs in the motion to dismiss Count III-VII of the Restated Counterclaim.

*Summary*

The Summary does not contain averments within the meaning of the Federal Rules of Civil Procedure and requires no response by Harazim.  To the extent that the Summary contains any averments directed to Harazim that require a response, said

allegations are denied.

*Jurisdiction and Venue*

1. Denied.

2. Denied.

3. Harazim admits that venue is proper with respect to the Plaintiffs in this matter for certain counts of the Counterclaim alleged by the Defendants Weiss and WAM and otherwise denies the allegations of Paragraph 3.

*Parties*

4. Admitted.

5. Admitted.

6. Harazim admits that CVF is a Cyprus corporation. Harazim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6. Further answering, CVF was previously dismissed and is not a proper party to this action by reason of the law of the case and the lack of diversity jurisdiction over its alleged claims.

7. The first sentence in Paragraph 7 is admitted. The remainder of Paragraph 7 states legal conclusions to which no response is necessary.

8. Paragraph 8 is not directed to Harazim. In further answering, Forminster has been dismissed from this action.

9. Harazim admits that he is an individual residing in the Czech Republic and denies as stated the remaining allegations in Paragraph 9.

10. Admitted.

11. Paragraph 11 is not directed to Harazim. In further answering, Benda has

been dismissed from this action. To the extent a response is required, Harazim denies as stated the allegations in Paragraph 11.

12. Denied.

*Factual Allegations*

13. Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13.

14. Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14.

15. Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15.

16. Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16.

17. Paragraph 17 states conclusions of law to which no response is required.

18. Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18. In further answering, Harazim refers to the allegations in ¶ 22 of the Complaint.

19. Denied.

20. Paragraph 20 contains allegations that are not directed to Harazim. To the extent a response is required, Harazim denies the allegations in Paragraph 20.

21. Harazim admits that there was a May 12, 2004 meeting in Prague between Weiss, Hoffmann, Benda, and Harazim. The remaining allegations in Paragraph 21 are denied.

22. Harazim admits that Balfindor and Gilroy filed lawsuits against Kotva in

3

the Czech Republic to interfere with the sale of the Department Store and denies the remaining allegations in Paragraph 22.

23. Harazim admits that Weiss made a written offer to sell BGO's Kotva shares for 131,000,000 CZK, and denies the remaining allegations in Paragraph 23.

24. To the extent that the allegations in Paragraph 24 are directed to Harazim, the e-mail referred to in Paragraph 24 speaks for itself and any remaining allegations are denied.

25. Harazim admits that in response to the August 17, 2004 e-mail Weiss made another offer to sell BGO's shares as described in Paragraph 25 of the Complaint and Exhibit B thereto.

26. Denied.

27. Paragraph 27 states legal conclusions to which no response is necessary. To the extent that Paragraph 27 contains allegations directed to Harazim, said allegations are denied.

28. Harazim admits that Weiss sent another offer to Kotva on November 23, 2004 in which he offered to sell BGO's Kotva and Trend shares for 295.75 million CZK as described in Paragraph 30 of the Complaint and Exhibit C thereto. Harazim denies the remaining allegations in Paragraph 28 that are directed to him.

29. To the extent that the allegations in Paragraph 29 are directed to him, Harazim admits that Kotva rejected Weiss's November 2004 offer, and denies the remaining allegations.

30. To the extent that the allegations in Paragraph 30 are directed to Harazim, said allegations are denied. In further answering, Harazim states that Czech police and

prosecutors initiated criminal charges against Weiss and others following an investigation into the matter.

31. To the extent that the allegations in Paragraph 31 are directed to Harazim, said allegations are denied.

32. To the extent that the allegations in Paragraph 32 are directed to Harazim, said allegations are denied.

33. To the extent that the allegations in Paragraph 33 are directed to Harazim, Harazim admits that he sent e-mails in his capacity as a representative of Kotva and that those documents speak for themselves. The remaining allegations are denied.

34. To the extent that the allegations in Paragraph 34 are directed to Harazim, said allegations are denied. In further answering, Weiss's own lawyers, McDermott Will & Emery, have characterized Weiss as being indicted by Czech authorities.

35. To the extent that the allegations in Paragraph 35 are directed to Harazim, said allegations are denied.

36. Paragraph 36 contains allegations that are not directed to Harazim. To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 36. In further answering, Harazim states that the documents referred to in Paragraph 36 speak for themselves.

37. Paragraph 37 contains allegations that are not directed to Harazim. To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 37.

38. Paragraph 38 contains allegations that are not directed to Harazim. To the extent a response is required, Harazim is without knowledge or information sufficient to

form a belief as to the truth of the averments in Paragraph 38. In further answering, Harazim states that the documents referred to in Paragraph 38 speak for themselves.

39. Paragraph 39 contains allegations that are not directed to Harazim. To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 39.

40. Paragraph 40 contains allegations that are not directed to Harazim. To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 40.

41. Paragraph 41 contains allegations that are not directed to Harazim. To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 41. In further answering, Harazim states that the documents referred to in Paragraph 41 speak for themselves.

42. Paragraph 42 contains allegations that are not directed to Harazim. To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 42. In further answering, Harazim states that the documents referred to in Paragraph 42 speak for themselves.

43. Paragraph 43 contains allegations that are not directed to Harazim. To the extent a response is required, Harazim is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 43.

44. Paragraph 44 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 44 are directed to Harazim, said allegations are denied.

45. Paragraph 45 contains allegations that are not directed to Harazim. To the

extent that the allegations in Paragraph 45 are directed to Harazim, said allegations are denied.

46.   Paragraph 46 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 46 are directed to Harazim, said allegations are denied.

47.   Paragraph 47 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 47 are directed to Harazim, said allegations are denied.

48.   Paragraph 48 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 48 are directed to Harazim, said allegations are denied.

49.   Paragraph 49 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 49 are directed to Harazim, said allegations are denied.

50.   Paragraph 50 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 50 are directed to Harazim, said allegations are denied.

51.   Kotva's 2004 annual report speaks for itself. To the extent that allegations in paragraph 51 are directed to Harazim, said allegations are denied.

52.   Paragraph 52 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 52 are directed to Harazim, said allegations are denied.

53.   Paragraph 53 contains allegations that are not directed to Harazim. To the

extent that the allegations in Paragraph 53 are directed to Harazim, said allegations are denied.

54. Paragraph 54 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 54 are directed to Harazim, said allegations are denied.

55. Paragraph 55 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 55 are directed to Harazim, said allegations are denied.

56. Paragraph 56 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 56 are directed to Harazim, said allegations are denied.

57. Paragraph 57 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 57 are directed to Harazim, said allegations are denied.

## Count I
(**Abuse of Process – Counterclaim Plaintiffs Andrew Weiss and Weiss Asset Management LLC v. All Counterclaim-Defendants**)

58. Harazim restates and incorporates herein its responses to paragraphs 1-57.

59. Paragraph 59 contains allegations that are not directed to Harazim. To the extent that the allegations in Paragraph 59 are directed to Harazim, said allegations are denied.

60. Denied.

61. Denied.

### Counts II-VII

62-88.  Pursuant to the Court's June 14, 2006 Order, personal jurisdiction has only been exercised over Mr. Harazim with respect to Count I.  Further answering, Counts II-VII have either already been dismissed or are improperly asserted and no response is necessary.

### AFFIRMATIVE DEFENSES

1. The counterclaim fails to state a claim upon which relief may be granted.

2. The counterclaim is barred by the doctrine of unclean hands.

3. The counterclaim is barred by reason of the counterclaim plaintiffs' fraud and/or illegality.

4. The counterclaim may be barred by the doctrines of waiver, laches, and/or equitable estoppel.

5. The counterclaim is barred by the law of the case and/or lack of subject matter of jurisdiction.

WHEREFORE, Harazim prays this Court to dismiss the counterclaim with prejudice.

### JURY DEMAND

Harazim requests a jury trial on all issues so triable.

Respectfully submitted,

RICHARD HARAZIM

By his attorneys,

\_\_/s/ Joel G. Beckman_____
Joel G. Beckman BBO#553086
William C. Nystrom BBO#559656
Dana A. Zakarian BBO# 641058
Daniel J. Pasquarello (BB0# 647379)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)
jbeckman@nbparis.com
wnystrom@nbparis.com
dpasquarello@nbparis.com

Dated:  June 4, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 4th day of June, 2007.

/s/ Daniel J. Pasquarello