UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. <br><br> ANDREW WEISS, WEISS ASSET MANAGEMENT LLC and CVF INVESTMENTS, LTD., <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s., RICHARD HARAZIM, SPV CO and JOHN DOES 1–5, <br><br> Counterclaim-defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 05-10679-WGY ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

**I.   INTRODUCTION**

This case arose out of a disagreement about what was said by parties at a business meeting in Prague in May, 2004 and concerns litigation filed thereafter in Prague and Boston. Both the Kotva Parties (Kotva and SPV Co) and the Weiss Parties (Andrew Weiss, Weiss Asset Management and CVF Investments, Ltd.) seek to assert claims in this Court and both deserve a fair and equal opportunity to assert those claims. While this case was begun by Kotva, seeking to shield SPV CO—the party with the financial stakes in the case—this Court recently allowed the

plaintiffs to amend to bring in SPV CO and thereby avoid dismissal, but also ruled that the SPV CO would now be subject to all of the Weiss Parties' counterclaims.

As a result of SPV CO's failure to assert its claims in its own name at the outset of this case, the Court initially dismissed the Weiss Parties' claims against SPV CO. Based on that ruling, the Court later dismissed, without prejudice, certain other of the Weiss Parties' claims. This Court ruled, however, on April 4, 2007, that the Weiss Parties would be allowed to bring the case back to its original dimensions, as set forth in their Counterclaim filed in 2005 and, as a result of its May 1, 2007 Order, established two trials. The instant motion and this Opposition arise from a genuine misunderstanding about the scope of the Court's Orders concerning revival of the counterclaims.

Underlying the pleading question is a deeper issue. The Weiss Parties note that the Court had ruled earlier in the case that it would abstain from hearing certain of the Weiss Parties' counterclaims, allowing those claims to proceed in the Czech Republic or elsewhere. The Weiss Parties point out that the Court has not as yet ruled on whether Czech jurisdiction is appropriate for the Kotva Parties' similarly situated causes of action. If this Court rules that there is a basis for granting portions of the Kotva Parties' motion to dismiss based on jurisdictional or abstention grounds, it should likewise abstain and dismiss the Kotva Parties' mirror claims.[1]

## II.   PROCEDURAL HISTORY OF THE COUNTERCLAIMS

Kotva initiated this action against Andrew Weiss and Weiss Asset Management LLC ("WAM"). Weiss and WAM filed counterclaims, joining as a counterclaim-plaintiff CVF Investments Ltd. ("CVF") and K T, Inc. Rule 13(h) provides that defendants that assert

---

[1] This issue is discussed in more detail in Document Nos. 200, 201, and 204, the Weiss Parties' Motion in Limine Regarding Czech Law, the Weiss Parties' memorandum in support of that motion, and Kotva's memorandum in opposition to that motion.

counterclaims have the same extensive rights to join other parties as counterclaim-plaintiffs that original plaintiffs have to join other parties as co-plaintiffs. *E.g.*, Exhibit A at 5–6.

One of the named counterclaim-defendants was SPV CO. SPV CO refused to waive service of process and, after served in Cyprus through the Hague Convention with a copy of the counterclaim translated into Greek, moved to dismiss, arguing lack of personal jurisdiction. The Court granted SPV CO's motion on June 14, 2006.

Meanwhile, Kotva had filed a motion to dismiss claims asserted by K T and CVF. Kotva sought dismissal on grounds of either *forum non conveniens* or international abstention. A copy of Kotva's memorandum of law is attached to its Motion to Dismiss as Exhibit 1, and a copy of the Weiss Parties' opposition is attached hereto as Exhibit A.

On November 28, 2006, the Court entered an Order not only dismissing K T's and CVF's claims without prejudice, but also dismissing without prejudice Andrew Weiss's claim for conspiracy to abuse Czech criminal process. The Court wrote:

> As all relevant parties have acknowledged, KT and CVF have filed a case currently pending in the Czech Republic that concerns issues and parties similar to those present in the case here. The lawsuit in the Czech Republic pre-dates the counterclaims raised in this case; the counterclaims raise difficult issues of Czech law; Massachusetts is not a convenient forum for the disposition of the counterclaims; <u>not all of the counterclaim defendants named in the counterclaims are subject to suit in this district</u>; and the resolution of the Czech lawsuit will be dispositive of the counterclaims.

November 28, 2006 Order at 2 (emphasis added).

In its Motion to Dismiss, Kotva and SPV CO mischaracterize the Court's November 28, 2006 Order as resting on grounds of *forum non conveniens*. The Court's Order does not explicitly state the grounds on which the Court relied in dismissing the counterclaims. The Weiss Parties respectfully suggest, however, that the Court could not have relied on *forum non conveniens* because Kotva presented no foundation on which such a ruling could be based. The

3

law in this Circuit is clear: a party seeking dismissal on *forum non conveniens* grounds must prove that an adequate alternative forum exists by presenting evidence in the form of an affidavit or testimony. Failure to do so results in reversal, as was the case in *Mercier v. Sheraton International, Inc.*, 935 F. 2d 419 (1st Cir. 1991).

> The district court found that Turkey was an adequate alternative forum—a finding based largely on the Sayman affidavit. Noting that Sayman's affidavit was "sparse," Opinion at 44 F. Supp. at 384, the district court nonetheless concluded that the affidavit provided a sufficient showing that Turkey was an adequate forum because (1) it was not substantively refuted by the Merciers, (2) it addressed several important areas such as standing, cross examination and the Turkish court's competence to hear the claims, and (3) there was no specific indication of the presence of any of the traditional grounds for finding a lack of an adequate alternative forum
>
> We believe the district court erred. We are mindful of the Merciers' failure to provide competing evidence on this issue; nevertheless, it remains the moving defendant's burden to establish that an adequate alternative forum exists. *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43–44 (3d Cir. 1988). As we conclude that the affidavit through which Sheraton International attempted to meet its burden contains substantial gaps, we believe the district court acted prematurely in finding that Turkey is an adequate alternative forum.

*Id.* at 425 (reversing dismissal on *forum non conveniens* grounds); *see also Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 247–48 (2d Cir. 2001) (vacating dismissal on *forum non conveniens* grounds and requiring citation to record evidence to support trial court finding that movant has met burden of establishing adequacy of foreign forum).

Kotva did not submit any affidavits about the Czech legal system or even attempt to describe why the Czech Republic is an adequate alternative forum. Since an adequate alternative forum is a prerequisite to a *forum non conveniens* dismissal, the Court could not have relied on *forum non conveniens* grounds in entering the November 28, 2006 Order. *See Mercier*, 981 F.2d at 1349; *Eastman Kodak Co. v. Kavlin*, 978 F. Supp. 1078 (S.D. Fla. 1997) (finding that public and private interest factors favored dismissal, but denying motion to dismiss on forum non

4

conveniens grounds in part because defendant had used Bolivian criminal proceedings as leverage in commercial dispute). Thus, the Court's November 28, 2006 Order must have been based on grounds of international abstention.

At the final pretrial conference on April 4, 2007, the Court stated that it was unlikely that Kotva was able to recover for damages allegedly suffered by SPV CO and that if SPV CO were not added as a party, Kotva's claims would be dismissed. In response, SPV CO submitted itself to this Court's jurisdiction and joined the case as a co-plaintiff with Kotva.

The parties took different views of the impact of adding SPV CO as a party, and raised this conflict in their joint case management proposal, submitted on April 25, 2007. In response, the Court wrote:

> Plaintiff's view of the Court's Order is correct and discovery is limited accordingly. However, now that SPV Co. has voluntarily submitted itself to the jurisdiction of this Court, <u>counterclaims of any sort may be asserted or re-asserted against it.</u> Such claims will, however, be tried separately after completion of a separate case management schedule.

May 1, 2007 Order (emphasis added).

The Weiss Parties took the Court's Order literally to mean that previously dismissed counterclaims that had once been asserted against SPV CO could now be "re-asserted against it," and new counterclaims "of any sort" could be asserted against SPV CO as well. These claims were to be tried in a second trial, separately from the Weiss Parties' counterclaims for abuse of U.S. civil process, which would be part of the first trial, presently scheduled for October 2007.

Accordingly, the Weiss Parties filed a re-stated counterclaim re-asserting all of their original counterclaims against SPV CO and adding a new claim for malicious prosecution. Kotva and SPV CO then filed a motion to dismiss arguing that, notwithstanding the Court's May 1, 2007 Order permitting "counterclaims of any sort [to] be asserted or re-asserted against [SPV CO]," no previously dismissed counterclaims could be asserted against SPV CO and the second

5

trial that the Court ordered was a nullity. On June 4, 2007, the Court established a briefing schedule for that motion and set a hearing on July 18, 2007.

Noting the conflicting authorities regarding whether counterclaim-plaintiffs may amend their counterclaim as of right in response to an amended complaint that changes the scope of the case, the Weiss Parties filed a motion for leave to amend at the same time they filed their re-stated counterclaim. On June 6, 2007, the Court denied that motion in an electronic order.

The counterclaim-plaintiffs are unsure what impact the Court's denial of their motion to amend has on the scope of the Re-Stated Counterclaim. If the Court intended to preclude the Weiss Parties from amending their counterclaim at all, then the motion to dismiss is now moot.[2] If the Court intended to limit any amendments to claims against SPV CO, and not permit any amendments to affect claims against Kotva and Richard Harazim, then all issues in the motion to dismiss still need to be resolved. Finally, if the Court intended to limit any amendments to claims brought by Andrew Weiss and Weiss Asset Management, and not permit any amendments affecting claims by CVF Investments Ltd., then the Court need only address those issues discussed in sections V and VI below, and need not address the issues discussed in sections III and IV.

### III.   THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER CVF'S CLAIMS

The Kotva Parties raise a spurious attack on this Court's subject matter jurisdiction over claims brought by CVF against the Kotva Parties. Nevertheless, the Court must take any suggestion that it lacks subject matter jurisdiction seriously and generally should address it

---

[2] If this is the case, the Weiss Parties request a brief status conference to ensure that the parties have a clear and common understanding with the Court of what the operative pleadings are and whether any claims against SPV CO are still live.

before turning to other matters. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998); FED. R. CIV. P. 12(h)(3).

Apparently conceding that the dismissed RICO and securities fraud claims they brought cannot confer federal question jurisdiction in this case, the Kotva Parties argue that this Court "ha[s] original jurisdiction founded solely on section 1332," bringing the provisions of 28 U.S.C. § 1367(b) into play.

Section 1367(b) provides certain limits on the broad grant of supplemental jurisdiction found in section 1367(a). However, none of section 1367(b)'s limits affect any claims brought by CVF Investments Ltd., a counterclaim-plaintiff. Instead, section 1367(b) limits only those claims brought by the **original plaintiffs** to an action, in this case Kotva and SPV CO. *See State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 580 (5th Cir. 2004) (citing *Grimes v. Mazda N. Am. Ops.*, 355 F.3d 566, 572 (6th Cir. 2004); *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726–27 (2d Cir. 2000); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492 (1998); *Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 160 (3d Cir. 1995)). This is clear based not only on the plain language of the statute, *id.* at 580–81, but also on the legislative history, *id.* at 581 & n.21. *See also* 16 MOORE'S FEDERAL PRACTICE & PROCEDURE § 106.05[3], at 106-26.2 to 106.26.3 (3d ed. 2006) ("By its terms, [the statute] imposes its restrictions solely on *plaintiffs* in diversity cases. Consistent with preexisting practice, under the statute, diversity *defendants* are allowed to take advantage of supplemental jurisdiction in the use of various multiparty devices.").

Thus, this Court has supplemental jurisdiction over CVF's claims against Kotva and SPV Co.

7

## IV. THE COURT SHOULD NOT DISMISS CVF'S "SHAREHOLDER CLAIMS" AGAINST SPV CO

At the core of this dispute are the unlawful methods that SPV Co's and Kotva's controlling shareholders have employed to crush minority shareholders and those, like Mr. Weiss, who would advocate on their behalf. The Weiss Parties' claims arising out of these methods—be they claims by Mr. Weiss or WAM for abuse of process or claims by CVF asserting the rights of Kotva shareholders—are entitled to just as much consideration as Kotva's and SPV CO's claims against Andrew Weiss and WAM. This Court has jurisdiction over CVF's claims, and SPV CO cannot meet the high burden required to justify abstention.

As explained earlier, a *forum non conveniens* dismissal is simply not an option when SPV CO has failed to introduce evidence proving that an adequate alternative forum in the Czech Republic or Cyprus exists. Now that SPV CO has submitted itself to this Court's jurisdiction, the Weiss Parties respectfully suggest that the facts underlying the Court's November 28, 2006 Order have changed. Had SPV CO not hidden in the shadows until this Court brought it into the sunlight in April 2007, the landscape would have looked very different when the Court considered Kotva's Motion to Dismiss K T and CVF and entered the November 28, 2006 Order.

Thus, the Court should look anew on SPV CO's motion to dismiss CVF's claims (Counts III, IV and V). Failure to do so allows the Kotva Parties to engage in a highly prejudicial sleight of hand: using Kotva as a placeholder for claims that belong to SPV CO; securing a dismissal of claims based in part on the Court's lack of personal jurisdiction over SPV CO; and then invoking this Court's jurisdiction on behalf of SPV CO in order to save Kotva's claims from dismissal.

A review of the *Goldhammer* factors in view of the changed circumstances reveals that SPV CO has not met the high burden necessary to justify abstention. Although the factual allegations underlying CVF's claims are similar to those in ongoing litigation in the Czech

courts, the relief sought is not the same. This Court has jurisdiction over all necessary parties. SPV CO and Kotva have chosen this Court to litigate this dispute. They should not be able to selectively choose which claims are litigated in the United States and which claims are litigated in the Czech Republic. Accordingly, for all the reasons set forth in the Weiss Parties' original opposition, attached hereto as Exhibit A, and in view of the changed circumstances a second trial on CVF's re-asserted claims against SPV CO is appropriate. SPV CO simply cannot demonstrate the sort of "exceptional circumstances" that are required to justify courts' "declin[ing] jurisdiction in the face of this 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given to them.'" *Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248, 251 (D. Mass. 1999) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp,* 460 U.S. 1, 14–16, 19 (1983))

## V.  THE COURT SHOULD NOT DISMISS ANDREW WEISS'S CLAIMS FOR ABUSE OF CZECH CRIMINAL PROCESS

Dismissal of Andrew Weiss's claims against SPV CO for abuse of Czech criminal process (Count VI) and conspiracy to abuse Czech criminal process (Count III) is not warranted. There is no parallel proceeding—in the Czech Republic or anywhere else—in which Mr. Weiss claims damages resulting from the abuse of Czech criminal process by SPV CO, Kotva or others. It is clear that this Court now has jurisdiction over SPV CO and Mr. Weiss's claim for abuse of process against it. It is also equally clear that although the criminal complaint was initiated in the name of Kotva a.s., that SPV CO stands behind that action and has full liability for it. *See* Re-Stated Counterclaim Ex. 3 (stating that "the interests of the concern [including SPV CO] will be represented by the parent company KOTVA a.s.").

9

Neither *forum non conveniens* nor international abstention warrant dismissal of this claim. Mr. Weiss's choice of forum is entitled to substantial deference, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)., and SPV CO has failed to prove that there is an adequate alternative forum elsewhere. *See Mercier v. Sheraton International, Inc.*, 935 F. 2d 419 (1st Cir. 1991). Moreover, SPV CO cannot demonstrate the sort of "exceptional circumstances" that are required to justify courts' "declin[ing] jurisdiction in the face of this 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given to them.'" *Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248, 251 (D. Mass. 1999) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp,* 460 U.S. 1, 14–16, 19 (1983)); *accord Trujilo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1265 (11th Cir. 2000) ("Abstention is the exception instead of the rule; and courts regularly permit parallel proceedings in an American court and a foreign court.") (internal citations and quotation marks omitted).

Since the claim for abuse of Czech criminal process is not the subject of any parallel proceedings, and there is jurisdiction over all necessary parties, there are no grounds for dismissal. The only factor relied on by the Court in its November 28, 2006 Order that still supports abstention is that Mr. Weiss's claim for abuse of Czech criminal process, like Kotva's claim for abuse of Czech civil process, raises difficult and novel issues of Czech law. The Weiss Parties submit that this is insufficient to justify abstention.[3]

---

[3] If the Court disagrees, then the Court should apply its reasoning even-handedly and dismiss without prejudice all claims that are based on Czech law.

## VI. IF THERE IS A SECOND TRIAL, THE WEISS PARTIES SHOULD BE ABLE TO ASSERT THEIR CLAIM FOR MALICIOUS PROSECUTION IN THAT TRIAL

Contrary to the plaintiffs' contention, the Weiss Parties' "claim for malicious prosecution" does not "essentially duplicate[] the claim for abuse of process," involving a lesser burden of proof. Motion to Dismiss at 9. Malicious prosecution and abuse of process are distinct torts with distinct elements. Neither one is a subset of the other, and the burdens of proof are *different*: not greater or lesser or more or less rigorous than one another.

The Weiss Parties contend that they are able to maintain a claim for malicious prosecution (Count VII) because some of plaintiffs' claims have been terminated in the Weiss Parties' favor. Kotva and SPV CO have not cited any authority that *every* claim in a complaint must be terminated in the defendants' favor in order for defendants to maintain an action for malicious prosecution.

Even if the Court were inclined to adopt this rule, however, it should not dismiss the claim. If, as the Weiss parties expect, at that point, every one of Kotva's and SPV CO's claims will have been terminated in the defendants' favor, the malicious prosecution claim can proceed in the second trial. In support of dismissal, the plaintiffs have cited a case brought years ago by and on behalf of co-counsel's illustrious, near and dear forebears. While it too late to re-argue the case, and, it is worth noting, it was decided in the era of demurrer pleading when the Commonwealth's Courts saw no reason to dispose of all parties' claims efficiently by favoring joinder, the Court's reasoning in that case favors the counterclaim-plaintiffs' position in this case. Kotva and SPV Co claim that the case stands for the proposition that malicious prosecution and abuse of process are essentially the same claims, but the Court ruled in *Dangel v. Offset Printing, Inc.*, 342 Mass.170 (1961) that they are quite different. The Court's holding, that the plaintiff's claim sounded more in malicious prosecution than abuse of process, does not apply to

11

the claims pleaded here. There is no need for dismissal because the Federal Rules favor joinder, and the viability of the malicious prosecution claim may be judged after the disposal of Kotva and SPV Co's claims in the first trial.

## VII. CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion to dismiss.

.                                                        Respectfully submitted,

ANDREW WEISS, WEISS ASSET
MANAGEMENT LLC and CVF
INVESTMENTS LTD.

By their attorneys,

Dated: June 14, 2007         /s/ Benjamin A. Goldberger
                             Edward P. Leibensperger (BBO# 292620)
                             Benjamin A. Goldberger (BBO# 654257)
                             McDermott Will & Emery LLP
                             28 State Street
                             Boston, Massachusetts  02109-1775
                             (617) 535-4000

                             Edward T. Dangel, III (BBO#113580)
                             Dangel & Mattchen, LLP
                             10 Derne Street
                             Boston, MA 02114
                             (617) 557-4800

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 14, 2007.

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

BST99 1543927-5.072198.0012