UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co., | ) |
| Plaintiffs, | ) Case No. 05-10679-WGY |
| v. | ) |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) |
| Defendants and Counterclaimants, | ) |
| v. | ) |
| KOTVA a.s., SPV Co., and RICHARD HARAZIM | ) |
| Counterclaim-Defendants | ) |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS
CVF INVESTMENTS, LTD. & RE-STATED COUNTERCLAIM COUNTS III-VII**

Pursuant to the Court's June 4, 2007 Notice of Hearing on Motion setting June 22, 2007 as the deadline for Plaintiffs' Reply Brief, Plaintiffs hereby submit this Reply in support of their motion to dismiss re-stated counterclaim counts III-VII.[1]

## INTRODUCTION

According to Defendants, the Court ruled on April 4, 2007 that "the Weiss Parties would be allowed to bring the case back to its original dimensions, as set forth in their counterclaim filed in 2005 and, as a result of its May 1, 2007 Order, established two trials." Opposition at 2.

---

[1] By setting a deadline for a Reply, Plaintiffs infer that the Court has already granted leave for Plaintiffs to file a Reply. If that is not the case, Plaintiffs hereby respectfully move for leave to file this Reply to assist the Court in its consideration of the motion to dismiss.

Where in the May 1st Order does it provide that Defendants can restore the case to its "original dimensions," and conduct a "do over" of the current litigation? The May 1st Order does not so provide, and the Defendants, to be blunt, are overreaching.

Since Plaintiffs filed the motion to dismiss, the Court denied the Defendants' motion to amend counterclaims. June 6, 2007 Electronic Orders. Defendants now seek to convert their opposition to Plaintiffs' motion to dismiss into a motion for reconsideration of the November 28, 2006 Order. Nothing warrants reconsideration. Plaintiffs respectfully request that their motion to dismiss be granted in its entirety.

## ARGUMENT

**I.    Defendants' *Forum Non Conveniens* Interpretation is Frivolous**

Defendants assert that "Kotva and SPV Co. mischaracterize the Court's November 28, 2006 Order as resting on grounds of *forum non conveniens*." Opposition at 3. To the contrary, the Court could not have been more explicit in its November Order: "Massachusetts is not a convenient forum for the disposition of the counterclaims." [2] November 28, 2006 Order at 2. There has been no mischaracterization.

Defendants' contention that Kotva presented no proof that the Czech Republic is an adequate alternative forum is simply not true: Weiss directed lawsuits to be filed by KT and

---

[2] According to Defendants, "the Court's Order does not explicitly state the grounds on which the Court relied in dismissing the counterclaims." Opposition at 2. In fact, the grounds stated by the Court are all consistent with the public and private interest factors under *forum non conveniens* analysis:

> The lawsuit in the Czech Republic pre-dates the counterclaims raised in this case; the counterclaims raise difficult issues of Czech law; Massachusetts is not a convenient forum for the disposition of the counterclaims; not all of the counterclaim defendants named in the counterclaims are subject to suit in this district; and the resolution of the Czech lawsuit will be dispositive of the counterclaims.

November 28, 2006 Order at 2. The dismissal of the Weiss and WAM claim for abuse of criminal process is further proof that the Court did indeed rely on *forum non conveniens* reasoning. Kotva only made this argument in the context of *forum non conveniens*. *See* March 2006 Motion to Dismiss at 8. Since there was no prior pending parallel action regarding the criminal process allegations, the Court must have based its decision on *forum non conveniens* grounds--as Defendants are well aware.

CVF in the Czech Republic, which confirms that the Czech Republic is an adequate alternative forum. *See Caspian Investments, Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp.880, 885 (S.D.N.Y. 1991) (invoking jurisdiction of foreign forum barred complaint against adequacy of that forum). Indeed, Defendants acknowledged that KT and CVF purposefully invoked the jurisdiction of the Czech courts by filing lawsuits against Kotva and its subsidiaries there:

> As all relevant parties have acknowledged, KT and CVF have a case currently pending in the Czech Republic that concerns issues and parties similar to those present in the case here.

November 28, 2006 Order at 2.

Defendants, without any supporting authority, assert that "[t]he law in this Circuit is clear: a party seeking dismissal on *forum non conveniens* grounds must prove that an adequate alternative forum exists by presenting evidence in the form of an affidavit or testimony." Opposition at 3-4. Plaintiffs submit that no such affidavit or testimony is required where, as here, the fact of an adequate forum is undisputed and acknowledged by the filing of suits in the alternative forum.

## II. The Addition of SPV Co. Does Not Change Anything for Purposes of the November 28, 2006 Order

The Weiss Defendants' claims for abuse of criminal process and conspiracy to abuse criminal process were previously asserted and dismissed on *forum non conveniens* grounds. The "shareholder" claims brought by CVF were previously asserted and dismissed on *forum non conveniens* and/or international comity grounds. The addition of SPV Co. as a Plaintiff has no effect on either of these decisions. It does not alter the fact that CVF has a prior pending parallel lawsuit against Kotva and its subsidiaries in the Czech Republic. It also does not alter the fact the Czech Republic is an adequate alternative forum for Weiss and WAM to assert claims for abuse of Czech criminal process.

3

Defendants' only argument seems to be that SPV Co. was the essential party to all of its counterclaims. That allegation is belied by the most cursory review of the First Amended Counterclaim and Re-Stated Counterclaim. SPV Co. was barely mentioned at all in the First Amended Counterclaim. *See e.g.* First Am. Counterclaim at ¶¶ 10, 57. And in the Re-Stated Counterclaim, it is the so-called "Forminster Conspiracy" that again takes center stage. *See* Counts III-V. (Defendants define the Forminster Conspiracy as "a conspiracy among Kotva, a.s., Forminster Enterprises Limited, SPV CO, Benda, Harazim and others." Re-Stated Counterclaim at ¶12.) There is still no jurisdiction over Forminster, Benda, Harazim, and the unnamed others for the "shareholder" claims that Defendants seek to re-assert.[3] Thus, the fact that "not all of the counterclaim defendants named in the counterclaims are subject to suit in this district" is still the case, and dismissal on *forum non conveniens*/international comity remains appropriate. *See* November 28, 2006 Order at 2.

As support for renewing CVF's shareholder claims, Defendants also contend that Plaintiffs "should not be able to selectively choose which claims are litigated in the United States and which claims are litigated in the Czech Republic." Opposition at 9. Ironically, this is exactly what Defendants are attempting to do: CVF filed claims against Kotva and its subsidiaries in the Czech Republic, and CVF now seeks to split its claims by bringing counterclaims in this case. In sharp contrast, Kotva and SPV Co. can only sue Weiss and WAM here, as they will not consent to jurisdiction in the Czech Republic.

---

[3] The May 1, 2007 Order did not grant the Defendants leave to assert new counterclaims against Kotva and Richard Harazim. Perhaps recognizing this, Defendants filed a motion to amend the counterclaims. Since the Court has denied that motion, Plaintiffs respectfully submit that all restated counterclaims against Kotva and Harazim in Counts III-VII have already been dismissed. For the reasons set forth in the motion to dismiss and this reply, the remainder of counts III-VII should likewise be dismissed.

**III.     The Court Can Dismiss CVF on Jurisdictional Grounds**

Because CVF was previously dismissed from the case and the Court has confirmed that Order has not been vacated, the Court need not even reach the jurisdictional issue to dismiss CVF.  Alternatively, the Court can dismiss CVF for lack of subject matter jurisdiction over its claims because both CVF and SPV Co. are Cyprus entities.

Defendants' attempted distinction of 28 U.S.C. § 1367(b) misses the mark.  If there is an applicable limitation to section 1367(b), the policy rationale for that limitation is to prevent parties from gaming the diversity rules.  That is precisely what CVF is doing here, however, by trying to insert itself into the litigation and assert <u>new</u> claims.  CVF is not a "diversity defendant" in this case, and CVF is not a counterclaim-plaintiff since it does not assert any "counterclaims" against the Plaintiffs.  Counts III thru V have nothing to do with the Weiss Defendants' counterclaims (Counts I and II for abuse of process and conspiracy to abuse process).  Thus, rather than joining any "counterclaims," CVF simply asserts <u>different</u> claims than Weiss and WAM.  Defendants have offered no explanation as to why the complete diversity rule should not apply to such claims.

The confusion over CVF stems from the Defendants' erroneous and completely unsupported interpretation of Fed. R. Civ. P. 13(h) as allowing them to add new counterclaim-plaintiffs at will.  At the outset of this case, Judge Lindsay questioned defense counsel as to whether there was any authority to support such an unorthodox procedural maneuver.[4]  Defendants previously argued that the Court should determine whether CVF and KT could be added via Rule 13(h) by asking:

---

[4] Since the 2005 hearing, Defendants have not been able to offer a single case in support of their position.  Plaintiffs, on the other hand, have offered authority to the contrary.  *See* March 2006 Motion to Dismiss at 13-14 and Ex. 6 thereto (citing *Hubner v. Schoonmaker*, No. 89-3400, 1900 WL 149207 at * 4 (E.D. Pa. Oct. 2, 1990) ("[Rule 13(h)] generally concerns parties *against* whom counterclaims may be brought, and should not be contorted to operate as a means by which one can seek entrance into an existing action.") (emphasis in original)).

5

> had Weiss, Weiss Asset Management LLC ("WAM"), KT and CVF filed an independent action against the counterclaim-defendants, would the joinder of the four plaintiffs have been proper?

See Ex. A to Opposition at 6. <u>The answer is no</u>. Without complete diversity, the Weiss Defendants and CVF could not assert any claims against SPV Co. or Kotva. Why should CVF be allowed to avoid the complete diversity rule simply because Plaintiffs sued Weiss and WAM?

Finally, even if section 1367(b) did not exclude supplemental jurisdiction, the Court should exercise its discretion to decline supplemental jurisdiction under section 1367(c). CVF already has been dismissed from this action on *forum non conveniens*/international comity grounds, and the "shareholder" claims raise novel and complex issues of foreign law. 28 U.S.C. § 1367(c)(1),(3).

## **CONCLUSION**

For the foregoing reasons, and the Court's prior rulings, Counts III thru VII of the Restated Counterclaims should be dismissed.

Respectfully submitted,

KOTVA, A.S., SPV CO., AND RICHARD HARAZIM,

By their attorneys,

/s/ Joel G. Beckman_____
Joel G. Beckman BBO#553086
William C. Nystrom BBO#559656
Daniel J. Pasquarello BBO# 647379
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: June 22, 2007

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 22nd day of June, 2007.

                                              /s/ Daniel J. Pasquarello