UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC <br><br> Defendants and Counterclaimants, <br><br> v. <br><br> KOTVA a.s., SPV Co., and RICHARD HARAZIM <br><br> Counterclaim-Defendants | Case No. 05-10679-WGY |

## PLAINTIFFS' NOTICE OF
## WITHDRAWAL OF OBJECTION TO JANUARY 26, 2007 ORDER

On November 14, 2006, pursuant to Fed. R. Civ. P. 26(c) and the Special Master's previous Orders, Plaintiff Kotva a.s. ("Kotva") moved for an extremely narrow protective order to protect the identity of three business partners on the grounds of business confidentiality and relevance. [Docket # 160, 161] The Special Master denied Kotva's request to protect the identity of its business partners on January 26, 2007 ("Order"). On February 9, 2007, Kotva filed an objection to the Order. [Docket # 195] To date, no ruling has been made on Kotva's Objection.

The parties have entered into a stipulation for the confidential treatment of the business information that was the subject of Kotva's motion for protective order, and Plaintiffs have

produced the confidential information to Defendants subject to the stipulation. A copy of the Stipulation is attached hereto as Exhibit 1. As a result, the parties agree that the January 26, 2007 Order has been mooted and Plaintiffs hereby withdraw the pending objection to the Order.

Respectfully submitted,

KOTVA, A.S., AND SPV CO.

By their attorneys,

/s/ Joel G. Beckman
Joel G. Beckman BBO#553086
William C. Nystrom BBO#559656
Daniel J. Pasquarello BBO# 647379
Nystrom Beckman & Paris LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
Dated: June 25, 2007                    (617) 778-9110 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 25th day of June, 2007.

/s/ Daniel J. Pasquarello

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC <br><br> Defendants and Counterclaimants, <br><br> v. <br><br> KOTVA a.s., SPV Co., and RICHARD HARAZIM <br><br> Counterclaim-Defendants | Case No. 05-10679-WGY |

**STIPULATION REGARDING DISCLOSURE AND USE
OF CONFIDENTIAL, PROPRIETARY BUSINESS INFORMATION
CONCERNING PLAINTIFFS' ONGOING BUSINESS ACTIVIITES**

WHEREAS, Defendants[1] have requested the production of information concerning the identity of business partners with whom Plaintiffs are currently engaged in investment opportunities and ongoing business with respect to investment of the proceeds from the sale of Kotva's Department Store;

WHEREAS, Plaintiffs have filed a motion for protective order to protect the names of several business partners as confidential information;

---

[1] For purposes of this Stipulation only, the term "Defendants" shall be interpreted to include counterclaim-plaintiff CVF Investments, Ltd.

WHEREAS, Plaintiffs are amenable to producing the relevant investment contracts in unredacted form provided that the information is treated confidentially and used only for purposes of this litigation;

WHEREAS, Defendants agree that they will not make use of the business partner information in any manner that may interfere with Plaintiffs' ongoing and future business;

The parties HEREBY STIPULATE AND AGREE that:

1. Plaintiffs shall mark as CONFIDENTIAL and produce in unredacted form the investment contracts identified in Kotva's November 14, 2006 motion for protective order, as well as several more recent investment contracts that also identify Plaintiffs' business partners.

2. The identity of Plaintiffs' business partners shall be treated as confidential information and for litigation purposes only.

3. The information is being disclosed for litigation purposes only and may be viewed and used only by the Weiss parties,[2] their counsel, their consultants, advisors and investigators solely for the purposes of legal representation of the Weiss parties in: (1) this case; (2) the defense of the criminal prosecution against Andrew Weiss in the Czech Republic; (3) representation of the Weiss parties in the currently pending civil lawsuits in the Czech Republic with respect to existing claims between the parties; or (4) the defense of any additional litigation commenced by the Kotva parties. The Weiss parties, their counsel, their consultants, advisors and

---

[2] For purposes of this Stipulation, the term "Weiss parties" is defined to include Andrew Weiss, Weiss Asset Management, Weiss Capital LLC, CVF Investments, Ltd., and KT, Inc.

2

    investigators, wherever situated, agree not to use any confidential information to interfere in any manner whatsoever with Plaintiffs' ongoing and future business as it may relate to the entities identified in the confidential documents produced by Plaintiffs, including, but not limited to, the addition of new claims in existing lawsuits or the instigation of new lawsuits, claims, or complaints against Plaintiffs or any of the entities identified in the confidential documents. It is understood that the Weiss parties have not yet seen the unredacted documents and do not know the identities of the entities whose names have been redacted. If any additional use is sought for the confidential information or unredacted documents, the Weiss parties may seek modification of this paragraph from this Court, the United States District Court, Boston, Massachusetts, which, upon review of the confidential information produced by Plaintiffs, may permit its use for litigation purposes only and for good cause shown.

4.   Portions of any transcripts of depositions which contain Confidential information shall be designated as Confidential by counsel for Plaintiffs by serving written notice to Defendants' counsel specifying the page and line numbers of such Confidential information within seven (7) days of Plaintiffs' receipt of the transcript or by stating so on the record during the deposition. Until expiration of the seven (7) day period, all transcripts of depositions in which Confidential information is discussed shall be treated as Confidential.

5. The parties agree that upon production of the confidential materials described herein, the January 26, 2007 Order by the Special Master shall be rendered moot, and Plaintiffs will withdraw their pending objection to the Special Master's January 26, 2007 Order.

6. Within thirty days after the conclusion of the instant litigation, Defendants' counsel shall return all copies of the CONFIDENTIAL materials or certify under oath that the materials have been destroyed.

7. The United States District Court for the District of Massachusetts sitting in Boston, Massachusetts will have jurisdiction to hear, on the merits, any alleged violation of this Stipulation or any modifications either party seeks in the interest of justice.

Respectfully Submitted,

| | |
|---|---|
| KOTVA A.S. and SPV CO. | ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, and CVF INVESTMENTS, LTD. |
| By their attorneys, | By their attorneys, |
| /s/ Joel G. Beckman | /s/ Edward T. Dangel, III |
| Joel G. Beckman (BBO# 553086) | Edward T. Dangel, III (BBO#113580) |
| William C. Nystrom (BBO# 559656) | Dangel & Mattchen, LLP |
| Daniel J. Pasquarello (BB0# 647379) | 10 Derne Street |
| Nystrom Beckman & Paris LLP | Boston, MA 02114 |
| 10 St. James Ave., 16th Floor | 617-557-4800 |
| Boston, Massachusetts 02116 | |
| (617) 778-9100 | Edward P. Leibensperger (BBO# 292620) |
| | Benjamin A. Goldberger (BBO# 654357) |
| | McDermott Will & Emery LLP |
| | 28 State Street |
| | Boston, Massachusetts 02109-1775 |
| | (617) 535-4000 |

June 25, 2007