7UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV CO,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>Defendants.<br><br>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, K T, INC. and CVF INVESTMENTS LTD.,<br><br>Counterclaim-plaintiffs,<br><br>v.<br><br>KOTVA a.s., RICHARD HARAZIM and SPV CO,<br><br>Counterclaim-defendants. | C.A. No. 05-10679-WGY |

## APPLICATION FOR LETTERS ROGATORY

Andrew Weiss and Weiss Asset Management LLC (the "Defendants") hereby apply to the Court pursuant to Rule 28(b) of the Federal Rules of Civil Procedure for the issuance of a Letters Rogatory, in the form attached hereto, directed to the High Court of the Republic of Ireland, requesting the examination of and production of documents from Henry Prestage, a resident of the Republic of Ireland, residing at 11 St Johns Wood Drive, Asbourne, Co. Meath, that may be used in civil proceedings before this court in the above captioned matter.

## GROUNDS FOR APPLICATION

As grounds for this application, Defendants state as follows:

1. Kotva filed this complaint alleging that it had been damaged by the defendants' alleged interference with the sale of the Kotva Department Store to an Irish company called Markland. After the Court stated that it appeared that Kotva lacked standing to claim any such damages, on May 2, 2007, Kotva filed an amended complaint in which SPV CO joined in its claims. The essence of SPV CO's claims for damages remains that the defendants allegedly interfered with the sale of the Kotva Department Store to Markland. *See* Am. Compl. ¶ 37.

2. Upon information and belief, SPV CO was created and funded during the negotiations over the sale of the Department Store.

3. It is beyond dispute that Henry Prestage is a key witness in the Defendants' discovery relating to SPV CO. Mr. Prestage was Markland's principal negotiator in the deal to purchase the Department Store from SPV CO. He is the sender or recipient of a tremendous volume of email correspondence that has been produced in this case. His name has been mentioned during depositions—including the deposition of SPV CO taken in Boston last week—so many times that undersigned counsel stopped counting after reaching approximately 125 mentions.

4. On October 30, 2006, Kotva served a deposition notice for Mr. Prestage, stating that he would be deposed on December 18, 2006. Apparently, the Kotva Parties had secured Mr. Prestage's agreement to testify without the requirement that Kotva seek letters rogatory from this Court and a corresponding Order from the High Court.

5. Approximately three weeks later, relying on the fact that Mr. Prestage had already agreed to testify, the Weiss Parties sought letters rogatory for a different Markland witness, Sean Mulryan. Mr. Mulryan had less direct involvement in the day-to-day negotiations for the purchase of the Department Store than Mr. Prestage did, but the Weiss Parties believed that he

still had valuable testimony to offer. Mr. Mulryan's deposition was ultimately taken in February 2007.

6. The parties were engaged in settlement negotiations in December 2006 and the case was stayed on December 4, 2006 for thirty days. Accordingly, Mr. Prestage's deposition was postponed until February 8, 2007, to take place in Dublin, Ireland.

7. Two days before Mr. Prestage's promised deposition, counsel for the Kotva Parties unilaterally cancelled Mr. Prestage's deposition. In the wake of this late cancellation, counsel for the Weiss Parties repeatedly sought Mr. Prestage's agreement to testify at deposition, even offering to "trade" the right, pursuant to an Order of the High Court, to take the testimony of Mr. Mulryan for the ability to take Mr. Prestage's testimony. Counsel for Markland and Mr. Prestage responded that Mr. Prestage—who had agreed to be voluntarily deposed by the Kotva Parties—would not agree to be deposed by the Weiss Parties.

8. By the time that the Kotva Parties pulled the plug on Mr. Prestage's deposition, discovery had closed, and the Weiss Parties were unable to seek letters rogatory from this Court. Discovery has now re-opened for certain purposes, and does not close until August 31, 2007.

9. It is unclear why the Kotva Parties cancelled Mr. Prestage's deposition on two days' notice. Perhaps in preparing Mr. Prestage, the Kotva Parties discovered that his testimony was not favorable to their side. Perhaps the entire voluntary deposition was a ruse intended to dissuade the Weiss Parties from seeking an Order compelling Mr. Prestage's testimony. Either way, the Weiss Parties were disadvantaged by the Kotva Parties' late cancellation of Mr. Prestage's deposition.

10. Now that there are approximately two months remaining for discovery, there is no reason that the parties should not be able to take Mr. Prestage's deposition given the important role he had in the events underlying SPV CO's sale of the Department Store.

11. On two occasions, Terry Dangel, representing the defendants spoke with Daniel Pasquarello representing the Kotva Parties by telephone regarding this application. The more recent discussion took place on July 28, 2007 at approximately 3:00 p.m. and lasted approximately five minutes. Counsel for the Kotva Parties was still uncertain whether they would oppose the application, but was unwilling to give their assent. In view of the difficulties in scheduling matters during the summer, the Defendants seek a ruling on the Application at the Court's earliest convenience.

WHEREFORE, this Court should grant this Application so that the Defendants may, through Irish counsel, make an application to the High Court of the Republic of Ireland for an order effecting the assistance requested in this Application for letters rogatory/commission rogatoire.

Respectfully submitted,

ANDREW WEISS and WEISS ASSET MANAGEMENT LLC

By their attorneys,

/s/ Benjamin A. Goldberger
Edward P. Leibensperger (BBO# 292620)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109-1775
(617) 535-4000

Edward T. Dangel, III (BBO#113580)
Dangel & Mattchen, LLP
10 Derne Street
Boston, MA 02114
(617) 557-4800

Dated:   July 2, 2007

**CERTIFICATE OF CONSULTATION**

I hereby certify that counsel for the Weiss Parties conferred with counsel for the Kotva Parties and attempted in good faith to resolve or narrow the issues presented by this Motion and have complied with the provisions of Local Rule 37.1 as described above.

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 2, 2007. I hereby further certify that this document and all attachments will be sent, on July 2, 2007, by electronic mail Michael Kealey of William Fry Solicitors, counsel for Mr. Prestage.

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

BST99 1539068-2.072198.0012

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KOTVA a.s. and SPV CO,<br><br>  Plaintiffs,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC,<br><br>  Defendants.<br><br>ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, and CVF INVESTMENTS LTD.,<br><br>  Counterclaim-plaintiffs,<br><br>v.<br><br>KOTVA a.s., RICHARD HARAZIM and SPV CO,<br><br>  Counterclaim-defendants. | C.A. No. 05-10679-WGY |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY/COMMISSION ROGATOIRE)**

To:   High Court of the Republic of Ireland

Dear Honorable Justices:

The United States District Court for the District of Massachusetts presents its compliments to the appropriate judicial authority of Ireland, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above captioned matter.

This court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Ireland, pursuant to the Irish Foreign Tribunals Evidence Act, 1856 and Order 9, rules 39-44 of the Irish Rules of the Superior Court 1986, require the examination of and production of documents for inspection and copying from Mr. Henry Prestage, a resident of the Republic of Ireland, residing at 11 St Johns Wood Drive, Asbourne, Co. Meath, as an individual with personal knowledge of the topics described and give evidence that may be used in civil proceedings before this Court.

## BACKGROUND

Kotva a.s. ("Kotva"), a Czech company, filed suit against Weiss Asset Management, LLC, ("WAM") a Massachusetts-based investment firm, and Andrew Weiss, ("Weiss") its founder, President, and Chief Investment Officer. Subsequently, SPV CO, a Cyprus company, joined the suit against WAM and Weiss. Weiss and WAM counterclaimed against Kotva and Martin Benda, Chairman of Kotva's supervisory board; Richard Harazim, Kotva's managing director; Forminster Enterprises, Ltd., the controlling shareholding of Kotva; and other defendants, including SPV CO. CVF Investments, Ltd., a company that owns shares in Kotva, was joined as a counter-claim plaintiff in this suit. Mr. Prestage is not a party to the lawsuit. This court has since dismissed all claims against Mr. Benda and Forminster Enterprises Ltd. for lack of personal jurisdiction over them. For the same reason, this court dismissed, most, but not all, of the claims against Mr. Harazim.

The facts according to Kotva's and SPV CO's Complaint are as follows. Until March 4, 2005, Kotva, through its wholly owned subsidiaries, owned and operated the Kotva Shopping Centre (the "real estate") in Prague, Czech Republic. WAM is owned and controlled by Weiss.

WAM is allegedly the investment manager of Brookdale, a company owning nearly 12% of Kotva shares.

Kotva claims that, in 2004, the real estate was transferred to a wholly owned Kotva subsidiary SPV KN for the purpose of effectuating the sale of the real estate. Kotva alleges that when Weiss learned of the proposed sale he requested that Kotva repurchase his minority shares and threatened to interfere with the real estate deal when Kotva refused his request. As a result of Weiss' interference, Kotva asserts that the sale of real estate was delayed, causing it damages. In March, 2005, the real estate was sold to an Irish company, Markland through its Czech subsidiary. Kotva claims damages arising from the fact that Markland is withholding a portion of the purchase price until disputes with Weiss are resolved.

In April 2005, Kotva brought suit against Weiss and WAM in the United States District Court for the District of Massachusetts, alleging that, in violation of United States federal statutory law and Massachusetts state law, Weiss interfered with the real estate deal and attempted to force Kotva into purchasing his shares. Weiss and WAM deny all allegations of unlawful activity, and the claims under United States federal law have been dismissed.

The defendants have represented to this Court that it is necessary for the purposes of justice and for the due determination of matters in dispute between the parties that Mr. Henry Prestage should be examined as a witness under oath. The Court understands that Mr. Prestage was the principal representative of Markland during the negotiation for purchase of the real estate. A volume of email correspondence indicates that Mr. Prestage was involved in a number of meetings and other communications regarding the alleged impact on the purchase resulting from lawsuits that Kotva alleges that Weiss and WAM filed. Because Kotva and SPV CO claim that the purchase of the real estate was affected by the conduct of defendants, causing harm to

Kotva and SPV CO, Mr. Prestage's testimony is crucial to the determination of this matter. Moreover, defendants have informed the Court that there is evidence that Mr. Prestage has personal knowledge of information relating to Kotva's initiation of a criminal proceeding in the Czech Republic against Mr. Weiss and the initiation of this lawsuit. Mr. Weiss and WAM have asserted claims against Kotva and others relating to the initiation of these proceedings.

The subject matter of the questions is described below.

## QUESTIONS

1. Defendants seek to examine Mr. Prestage under oath because of his personal knowledge of the matters below. The lines of inquiry include the following:

    a. How Markland chose to purchase the real estate;

    b. How Markland valued the real estate;

    c. The negotiations for the purchase of the real estate, and the role SPV CO played in those negotiations;

    d. The effect, if any, of the lawsuits in the Czech Republic filed by minority shareholders of Kotva, on the purchase by Markland of the real estate and any potential damages SPV CO suffered as a result;

    e. The effect, if any, of other threatened legal actions or claims relating the real estate, on the purchase by Markland of the real estate and any potential damages SPV CO suffered as a result;

    f. Any investigations into the real estate transaction, related legal actions or the assertion of claims related to the real estate transaction; and

    g. Kotva's and/or SPV CO's initiation of legal proceedings against Mr. Weiss.

## DOCUMENTS

2. Defendants request that Mr. Prestage be compelled to produce documents, notes, memoranda or correspondence (including drafts in his possession, power or procurement) concerning the above-referenced topics, including:

> a. any communications between, on the one hand, Mr. Prestage and, on the other hand, Kotva a.s., SPV CO, Richard Harazim, other individuals affiliated with Kotva a.s. or its shareholders, subsidiaries or attorneys; Aidan Scully, Sean Mulryan, Patrick Kelly, Frank Walker or other individuals affiliated with Markland Holdings or Ballymore Properties, or their shareholders, subsidiaries or attorneys.

**REQUEST**

3. The undersigned Honorable William G. Young, Judge of the United States District Court for the District of Massachusetts, therefore respectfully requests the High Court of the Republic of Ireland to cause Mr. Prestage to be summoned to attend, at such place and time as the Court shall appoint, before such person who, according to the procedure of your Honorable Court, is competent to preside over the examination of witnesses under oath, and that you permit such witness to be examined orally by Edward T. Dangel, III of Dangel & Mattchen, LLP or Edward P. Leibensperger or Benjamin A. Goldberger of McDermott, Will & Emery LLP, attorneys for the Defendants; and Joel G. Beckman, William Nystrom or Daniel J. Pasquarello of Nystrom, Beckman & Paris LLP, attorneys for Kotva, Richard Harazim and SPV CO. The specific topics of inquiry proposed for the examination of Mr. Prestage are outlined above. It is also requested that the Court cause Mr. Prestage to have with him at his examination documents in his possession, custody or control evidencing his employment by Markland, including those documents described above, for inspection and/or copying by the Examiner. It is further requested that:

5

a. the testimony of Mr. Prestage be recorded on videotape and transcribed by a stenographer in accordance with the rules applicable to the jurisdiction of your Honorable Court and there be authentication of Mr. Prestage's testimony by the seal of your Honorable Court or in such other way as is prescribed by the procedure of your Honorable Court;

b. any documents produced by Mr. Prestage on examination be marked for identification and that there be authentication of any such documents or certified copy of same or any extract therefrom by the seal of your Honorable Court or in such other way as is prescribed by the procedure of your Honorable Court;

c. the testimony of Mr. Prestage on video, the transcripts of Mr. Prestage's testimony as well as any documents, copies or extracts from documents be transmitted to this Court in a sealed envelope addressed to the Clerk of the United States District Court for the United States District of Massachusetts at:

Clerk of Court
United States District Court of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210
USA
Attention: Mr. Don Stanhope
CA #05-10679-WGY

d. Your Honorable Court cause to be sent to Edward T. Dangel, III, Dangel & Mattchen LLP, 10 Derne Street, Boston, MA 02114, USA, a note of the charges and expenses payable in respect of the execution of this request.

## RECIPROCITY

It is the understanding of this Court that the granting of assistance of the type herein requested is authorized by the laws of the Republic of Ireland. The courts of the United States are authorized by statute, Section 1782, title 28 of the United States Code, to extend similar assistance to the tribunals of Ireland.

## REIMBURSEMENT OF COSTS

Defendants have assured this Court that they are prepared to reimburse your Court for all reasonable costs incurred in executing this request.

_____
William G. Young, U.S. District Judge
United States District Court for the District of Massachusetts
Boston, Massachusetts, United States of America

Dated: _____, 2007

(SEAL OF COURT)

BST99 1539055-1.072198.0012