UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV CO, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 05-10679-WGY |
| ANDREW WEISS, WEISS ASSET MANAGEMENT LLC, and CVF INVESTMENTS LTD., <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s., RICHARD HARAZIM and SPV CO, <br><br> Counterclaim-defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY/COMMISSION ROGATOIRE)

To:   High Court of the Republic of Ireland

Dear Honorable Justices:

The United States District Court for the District of Massachusetts presents its compliments to the appropriate judicial authority of Ireland, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above captioned matter.

This court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Ireland, pursuant to the Irish Foreign Tribunals Evidence Act, 1856 and Order 9, rules 39-44 of the Irish Rules of the Superior Court 1986, require the examination of and production of documents for inspection and copying from Mr. Henry Prestage, a resident of the Republic of Ireland, residing at 11 St Johns Wood Drive, Asbourne, Co. Meath, as an individual with personal knowledge of the topics described and give evidence that may be used in civil proceedings before this Court.

## BACKGROUND

Kotva a.s. ("Kotva"), a Czech company, filed suit against Weiss Asset Management, LLC, ("WAM") a Massachusetts-based investment firm, and Andrew Weiss, ("Weiss") its founder, President, and Chief Investment Officer. Subsequently, SPV CO, a Cyprus company, joined the suit against WAM and Weiss. Weiss and WAM counterclaimed against Kotva and Martin Benda, Chairman of Kotva's supervisory board; Richard Harazim, Kotva's managing director; Forminster Enterprises, Ltd., the controlling shareholding of Kotva; and other defendants, including SPV CO. CVF Investments, Ltd., a company that owns shares in Kotva, was joined as a counter-claim plaintiff in this suit. Mr. Prestage is not a party to the lawsuit. This court has since dismissed all claims against Mr. Benda and Forminster Enterprises Ltd. for lack of personal jurisdiction over them. For the same reason, this court dismissed, most, but not all, of the claims against Mr. Harazim.

The facts according to Kotva's and SPV CO's Complaint are as follows. Until March 4, 2005, Kotva, through its wholly owned subsidiaries, owned and operated the Kotva Shopping Centre (the "real estate") in Prague, Czech Republic. WAM is owned and controlled by Weiss.

2

WAM is allegedly the investment manager of Brookdale, a company owning nearly 12% of Kotva shares.

Kotva claims that, in 2004, the real estate was transferred to a wholly owned Kotva subsidiary SPV KN for the purpose of effectuating the sale of the real estate. Kotva alleges that when Weiss learned of the proposed sale he requested that Kotva repurchase his minority shares and threatened to interfere with the real estate deal when Kotva refused his request. As a result of Weiss' interference, Kotva asserts that the sale of real estate was delayed, causing it damages. In March, 2005, the real estate was sold to an Irish company, Markland through its Czech subsidiary. Kotva claims damages arising from the fact that Markland is withholding a portion of the purchase price until disputes with Weiss are resolved.

In April 2005, Kotva brought suit against Weiss and WAM in the United States District Court for the District of Massachusetts, alleging that, in violation of United States federal statutory law and Massachusetts state law, Weiss interfered with the real estate deal and attempted to force Kotva into purchasing his shares. Weiss and WAM deny all allegations of unlawful activity, and the claims under United States federal law have been dismissed.

The defendants have represented to this Court that it is necessary for the purposes of justice and for the due determination of matters in dispute between the parties that Mr. Henry Prestage should be examined as a witness under oath. The Court understands that Mr. Prestage was the principal representative of Markland during the negotiation for purchase of the real estate. A volume of email correspondence indicates that Mr. Prestage was involved in a number of meetings and other communications regarding the alleged impact on the purchase resulting from lawsuits that Kotva alleges that Weiss and WAM filed. Because Kotva and SPV CO claim that the purchase of the real estate was affected by the conduct of defendants, causing harm to

Kotva and SPV CO, Mr. Prestage's testimony is crucial to the determination of this matter. Moreover, defendants have informed the Court that there is evidence that Mr. Prestage has personal knowledge of information relating to Kotva's initiation of a criminal proceeding in the Czech Republic against Mr. Weiss and the initiation of this lawsuit. Mr. Weiss and WAM have asserted claims against Kotva and others relating to the initiation of these proceedings.

The subject matter of the questions is described below.

## QUESTIONS

1. Defendants seek to examine Mr. Prestage under oath because of his personal knowledge of the matters below. The lines of inquiry include the following:

   a. How Markland chose to purchase the real estate;

   b. How Markland valued the real estate;

   c. The negotiations for the purchase of the real estate, and the role SPV CO played in those negotiations;

   d. The effect, if any, of the lawsuits in the Czech Republic filed by minority shareholders of Kotva, on the purchase by Markland of the real estate and any potential damages SPV CO suffered as a result;

   e. The effect, if any, of other threatened legal actions or claims relating the real estate, on the purchase by Markland of the real estate and any potential damages SPV CO suffered as a result;

   f. Any investigations into the real estate transaction, related legal actions or the assertion of claims related to the real estate transaction; and

   g. Kotva's and/or SPV CO's initiation of legal proceedings against Mr. Weiss.

## DOCUMENTS

4

2.  Defendants request that Mr. Prestage be compelled to produce documents, notes, memoranda or correspondence (including drafts in his possession, power or procurement) concerning the above-referenced topics, including:

> a.  any communications between, on the one hand, Mr. Prestage and, on the other hand, Kotva a.s., SPV CO, Richard Harazim, other individuals affiliated with Kotva a.s. or its shareholders, subsidiaries or attorneys; Aidan Scully, Sean Mulryan, Patrick Kelly, Frank Walker or other individuals affiliated with Markland Holdings or Ballymore Properties, or their shareholders, subsidiaries or attorneys.

### REQUEST

3.  The undersigned Honorable William G. Young, Judge of the United States District Court for the District of Massachusetts, therefore respectfully requests the High Court of the Republic of Ireland to cause Mr. Prestage to be summoned to attend, at such place and time as the Court shall appoint, before such person who, according to the procedure of your Honorable Court, is competent to preside over the examination of witnesses under oath, and that you permit such witness to be examined orally by Edward T. Dangel, III of Dangel & Mattchen, LLP or Edward P. Leibensperger or Benjamin A. Goldberger of McDermott, Will & Emery LLP, attorneys for the Defendants; and Joel G. Beckman, William Nystrom or Daniel J. Pasquarello of Nystrom, Beckman & Paris LLP, attorneys for Kotva, Richard Harazim and SPV CO. The specific topics of inquiry proposed for the examination of Mr. Prestage are outlined above. It is also requested that the Court cause Mr. Prestage to have with him at his examination documents in his possession, custody or control evidencing his employment by Markland, including those documents described above, for inspection and/or copying by the Examiner. It is further requested that:

a. the testimony of Mr. Prestage be recorded on videotape and transcribed by a stenographer in accordance with the rules applicable to the jurisdiction of your Honorable Court and there be authentication of Mr. Prestage's testimony by the seal of your Honorable Court or in such other way as is prescribed by the procedure of your Honorable Court;

b. any documents produced by Mr. Prestage on examination be marked for identification and that there be authentication of any such documents or certified copy of same or any extract therefrom by the seal of your Honorable Court or in such other way as is prescribed by the procedure of your Honorable Court;

c. the testimony of Mr. Prestage on video, the transcripts of Mr. Prestage's testimony as well as any documents, copies or extracts from documents be transmitted to this Court in a sealed envelope addressed to the Clerk of the United States District Court for the United States District of Massachusetts at:

Clerk of Court
United States District Court of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210
USA
Attention: Mr. Matthew Paine
CA #05-10679-WGY

d. Your Honorable Court cause to be sent to Edward T. Dangel, III, Dangel & Mattchen LLP, 10 Derne Street, Boston, MA 02114, USA, a note of the charges and expenses payable in respect of the execution of this request.

## RECIPROCITY

It is the understanding of this Court that the granting of assistance of the type herein requested is authorized by the laws of the Republic of Ireland. The courts of the United States are authorized by statute, Section 1782, title 28 of the United States Code, to extend similar assistance to the tribunals of Ireland.

## REIMBURSEMENT OF COSTS

Defendants have assured this Court that they are prepared to reimburse your Court for all reasonable costs incurred in executing this request.

*William G. Young*
William G. Young, U.S. District Judge
United States District Court for the District of Massachusetts
Boston, Massachusetts, United States of America

Dated: *July 5*, 2007
(SEAL OF COURT)

BST99 1539055-2.072198.0012

7