UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | C.A. No. 05-10679-WGY |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT LLC, ) | |
| ) | |
| Counterclaim-plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KOTVA a.s., RICHARD HARAZIM and ) | |
| SPV Co, ) | |
| ) | |
| Counterclaim-defendants. ) | |
| ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Andrew Weiss and Weiss Asset Management LLC move for summary judgment on all remaining counts of the First Amended Complaint. There are no genuine issues of material fact with respect to any of Kotva's and SPV Co's claims, and the Court should dismiss all remaining claims against the defendants and enter judgment in their favor, for the reasons stated in Defendants' Memorandum for Summary Judgment, the Rule 56.1 Statement, and the exhibits thereto.

Summary Judgment should be granted because:

1.  This Court has previously declined to hear abuse of process claims where the litigation complained of was commenced and is pending in Czech courts, and therefore, Plaintiffs' abuse of process claim, which concerns solely Czech litigation, should be dismissed. See the Order of the Court of November 23, 2006 (Exhibit 1), and the transcript of the hearing before the Court of July 18, 2007 (Exhibit 2), attached hereto;

2.  As this Court has previously ruled on Defendants' Chapter 93A counterclaim, this case involves a private transaction and, is, therefore, not subject to Chapter 93 A. A Copy of the Court's Order of January 23, 2006 (Exhibit 3), is attached hereto.  Further, Chapter 93A does not apply to wrongs suffered in the Czech Republic;

3.  The underlying transaction succeeded and proceeds from the sale of Kotva's property are invested in the Czech Republic.  As such, the Plaintiffs' claim of tortuous interference is subject to difficult questions of Czech law and should be dismissed. Further, there are no compensable damages.

Respectfully submitted,

ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC

By their counsel,

Dated: August 3, 2007

/s/ Edward T. Dangel, III
Edward T. Dangel, III (BBO#113580)
Dangel & Mattchen, LLP
Ten Derne Street
Boston, MA 02114
617-557-4800

## RULE 7.1 CERTIFICATE OF CONSULTATION

I hereby certify that I conferred with counsel for the plaintiffs and attempted in good faith to resolve or narrow the issues presented by this Motion, but was unsuccessful.  The plaintiffs oppose this motion.

/s/ Edward T. Dangel, III
Edward T. Dangel, III

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 3, 2007.

/s/ Edward T. Dangel, III
Edward T. Dangel, III

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
KOTVA a.s.,                             )
                    Plaintiff,          )
                                        )
v.                                      )
                                        )
ANDREW WEISS and WEISS ASSET            )
MANAGEMENT, LLC,                        )
                                        )
                    Defendants.         )
_____)      Civil Action No. 05-10679-RCL
                                        )
ANDREW WEISS and WEISS ASSET            )
MANAGEMENT LLC, KT, INC. and CVF        )
INVESTMENTS, LTD.,                      )
                                        )
              Counterclaim-plaintiffs,  )
                                        )
v.                                      )
                                        )
KOTVA a.s., MARTIN BENDA,               )
RICHARD HARAZIM, FORMINSTER             )
ENTERPRISES, LTD., SPV CO.              )
and JOHN DOES 1-5,                      )
                                        )
              Counterclaim-defendants.  )
_____)

**ORDER ON PLAINTIFF'S MOTION TO
DISMISS "COUNTERCLAIM-PLAINTIFFS" KT AND CVF**

LINDSAY, DISTRICT JUDGE

      Before the court are the plaintiff Kotva's motion to dismiss counterclaim-plaintiffs KT and

CVF, and a motion of KT and CVF to dismiss their counterclaims without prejudice pursuant to

Fed. R. Civ. Pro. 41(a)(2) and 41(c).   This court will rule on Kotva's motion to dismiss only,

thereby mooting the motion of KT and CVF under Rule 41.

1

As all relevant parties have acknowledged, KT and CVF have filed a case currently pending in the Czech Republic that concerns issues and parties similar to those present in the case here. The lawsuit in the Czech Republic pre-dates the counterclaims raised in this case; the counterclaims raise difficult issues of Czech law; Massachusetts is not a convenient forum for the disposition of the counterclaims; not all of the counterclaim defendants named in the counterclaims are subject to suit in this district; and the resolution of the Czech lawsuit will be dispositive of the counterclaims. For these reasons, this court GRANTS Kotva's motion to dismiss with respect to the counterclaims brought by KT and CVF (counts III, IV, V, VI and VIII) and so much of count II as relates to the alleged conspiracy to loot Kotva's assets and to abuse Czech criminal process. This motion is granted without prejudice to the prosecution of the dismissed counterclaims in the Czech lawsuit or in such other case or forum as may be appropriate. Count II may proceed in this court insofar as counterclaim-plaintiffs Andrew Weiss and Weiss Asset Management allege, against the counterclaim defendants remaining in this case, a conspiracy to abuse United States civil process.

The parties are directed to appear before the court on Monday, December 4, 2006, for a status conference that will address dates for the scheduling of a final pre-trial conference and trial of this matter.

IT IS SO ORDERED.

/s/ Reginald C. Lindsay
_____
United States District Judge

DATED:

2

```
                   UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS

                                        Civil Action
                                        No. 05-10679-WGY

* * * * * * * * * * * * * * * * **
KOTVA a.s. and SPV Co,              *
                                    *
          Plaintiffs,               *
                                    *
v.                                  *   MOTION HEARING
                                    *
ANDREW WEISS and WEISS ASSET        *
MANAGEMENT, LLC,                    *
                                    *
          Defendants.               *
                                    *
_____ *
ANDREW WEISS, WEISS ASSET           *
MANAGEMENT, LLC and CVF             *
INVESTMENTS, LTD.,                  *
                                    *
     Counterclaim-plaintiffs,       *
v.                                  *
                                    *
KOTVA a.s. RICHARD HARAZIM, SPV     *
CO and JOHN DOES 1-5,               *
                                    *
     Counterclaim-defendants.       *
                                    *
* * * * * * * * * * * * * * * * **
```

```
          BEFORE:  The Honorable William G. Young,
                   District Judge
```

APPEARANCES:

```
          NYSTROM, BECKMAN & PARIS LLP (By David
     Pasquarello, Esq. and Joel W. Beckman, Esq.)
     10 St. James Ave., 16th Floor, Boston,
     Massachusetts 02116, on behalf of Kotva, A.S., SPV
     CO., and Richard Harazim
```

```
                         1 Courthouse Way
                         Boston, Massachusetts
```

```
                         July 18, 2007
```

1          A P P E A R A N C E S (Cont'd)

2          McDERMOTT, WILL & EMERY LLP (By Benjamin A.
     Goldberger, Esq.), 28 State Street, Boston,
3    Massachusetts 02109-1775
     - and -
4          DANGEL & MATTCHEN, LLP (By Edward T.
     Dangel, III, Esq.), 10 Derne Street, Boston,
5    Massachusetts 02114, on behalf of Andrew Weiss and
     Weiss Asset Management LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1       THE CLERK:  Civil Action 05-10679, Kotva v. Weiss.

2       MR. PASQUARELLO:  Good afternoon, your Honor.

3  David Pasquarello, with me is Joel Beckman, on behalf of the

4  plaintiffs.

5       MR. DANGEL:  Your Honor, Edward Dangel for the

6  defendants.  With him -- with me is Benjamin Goldberger from

7  McDermott, Will and Emory.

8       THE COURT:  Very well.  It's their motion to

9  dismiss, but why ought I not dismiss it?

10      MR. DANGEL:  No, no, it's their motion to dismiss.

11      THE COURT:  I got it backwards then.

12      MR. DANGEL:  Yes.

13      THE COURT:  My question is to you.  Why shouldn't I

14  dismiss what they are asking me to dismiss?

15      MR. DANGEL:  Your Honor, there are two principal

16  reasons not to do it.

17      First, you've allowed SPV CO to enter this case and

18  SPV CO is now pleaded here.

19      THE COURT:  Yes.

20      MR. DANGEL:  That changes --

21      THE COURT:  Well, I allowed it -- as I recall,

22  maybe I have the parties backwards here, but SPV CO really

23  is an appropriate party and they were willing to submit to

24  jurisdiction and it made eminent sense.

25      MR. DANGEL:  But their entry into the case changes

1   everything in terms of prior orders, for this reason, your

2   Honor.  They're a Cyprus company.  They're not amenable to

3   service automatically in the Czech Republic.  So just

4   referring our counterclaims back to the Czech Republic

5   doesn't work anymore.  There's been a substantial change.

6   And under forum non conveniens rules, the standard for

7   dismissal under forum non conveniens is high.

8          In order to have this entire case in front of you,

9   your Honor, we need to have our counterclaims.  We need a

10  fair chance to proceed as well.

11          THE COURT:  You wanted SPV CO in this case, right?

12          MR. DANGEL:  Wrong, your Honor, please.  We

13  moved --

14          THE COURT:  Go ahead.

15          MR. DANGEL:  -- to dismiss because SPV CO was not

16  in the case.

17          THE COURT:  Yes.

18          MR. DANGEL:  They had, one, a motion to dismiss

19  letting them out under personal jurisdiction.  It turns out

20  the party they had didn't own the claim.  So in order to

21  proceed here they had to move to amend.  We would have been

22  happy to have the case dismissed because the wrong party was

23  here.

24          THE COURT:  Oh.

25          MR. DANGEL:  So just assessing it to us and saying

Page 5

1    we wanted it or we moved for it is wrong.

2         THE COURT:  Well, I accept that.  But now I have

3    the right party here.

4         MR. DANGEL:  Right.

5         THE COURT:  All right.  Now, why should I, simply

6    because of these forum selection issues, why should I now

7    expand this case, which is on a trial track.  This was a

8    case virtually ready for trial when it was transferred to

9    this session.

10        Doesn't every ground of judicial administration

11   counsel toward cabining what I'm going to try in.  It

12   doesn't mean you don't have a forum.

13        MR. DANGEL:  We don't have a forum, your Honor,

14   please, because it's a Cyprus company.  See, SPV CO is not a

15   Czech company.  It's a Cyprus company.  We can't just go to

16   the Czech Republic.  We're going to have to go to three

17   places.

18        But to get to your point, I don't think, your

19   Honor, please, that it substantially increases or decreases

20   the case for this reason.  We moved to dismiss on very

21   similar grounds their abuse of process saying that you

22   should abstain from it.  They have opposed that.  You could

23   have a trial, your Honor, or a situation here where you

24   allow their abuse of process, all of their abuse of process

25   claims to go forward here, and we don't have a similar

Page 6

1    opportunity to present all of our abuse of process claims.

2    Because by bringing a motion to dismiss and not hearing our

3    motion for abstention at the same time, it's being parceled

4    out.  In other words, what I'm saying is you should hear,

5    your Honor, please, not only their grounds for abstention or

6    for failing to take jurisdiction, but ours as well in the

7    motion that we've brought so you can decide really what, the

8    shape of the trials and what's fair to all of the parties.

9    What you have is part of it before you today.

10            THE COURT:  And that's true.  That also may be

11   true.

12            All right.  Let --

13            MR. DANGEL:  I need, I need to ask for one thing

14   before my five minutes is up and that's this.

15            The summary judgment motions, both sides, are due

16   on the 27th of July.  I need to ask for one more week.  It

17   turns out that there's a wedding in my family at the end of

18   the week and --

19            THE COURT:  You can --

20            MR. DANGEL:  -- that has to be away.

21            THE COURT:  You can have another week.

22            MR. DANGEL:  Thank you, your Honor.  And with

23   that --

24            THE COURT:  All right.

25            MR. DANGEL:  -- five minutes is up and I'll answer

Page 7

1    any questions you want but --

2            THE COURT:  I appreciate it.  Let me go to the

3    other side.

4            MR. DANGEL:  Okay, thank you, your Honor.

5            THE COURT:  I'm disposed to dismiss their

6    counterclaims III through VII.  What he says resonates with

7    the Court.  You know, you may have to file -- you may have

8    to face a similar motion here.

9            But you're happy to have these dismissed, aren't

10   you?

11           MR. PASQUARELLO:  Yes, your Honor, we moved to

12   dismiss --

13           THE COURT:  Very well.  That's the order of the

14   Court.

15           MR. BECKMAN:  Thank you.

16           THE COURT:  This is not on the merits now.

17           MR. BECKMAN:  We understand.

18           MR. PASQUARELLO:  We understand.

19           THE COURT:  They're dismissed but not on the

20   merits.

21           MR. BECKMAN:  I understand.

22           (Whereupon the matter concluded.)

23

24

25

1                   C E R T I F I C A T E

2

3

4          I, Donald E. Womack, Official Court Reporter for

5     the United States District Court for the District of

6     Massachusetts, do hereby certify that the foregoing pages

7     are a true and accurate transcription of my shorthand notes

8     taken in the aforementioned matter to the best of my skill

9     and ability.

10

11

12

13

14          _____
                 DONALD E. WOMACK
15               Official Court Reporter
                    P.O. Box 51062
16         Boston, Massachusetts 02205-1062
                 womack@megatran.com
17

18

19

20

21

22

23

24

25

1f0bfd1d-4229-44d0-9d98-ab737d9768f9



ECFnotice @mad.uscourts .g
ov

01/23/2006 05:09 PM

To CourtCopy@mad.uscourts.gov

cc

bcc

Subject Activity in Case 1:05-cv-10679-RCL Kotva a.s. v. Weiss et al
"Order on Motion to Dismiss"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from RCL, law1 entered on 1/23/2006 at 5:09 PM EST and filed on 1/23/2006

| | |
|---|---|
| **Case Name:** | Kotva a.s. v. Weiss et al |
| **Case Number:** | 1:05-cv-10679 |
| **Filer:** | |
| **Document Number:** | |

**Docket Text:**
Judge Reginald C. Lindsay : Electronic ORDER entered granting in part and denying in part [14] Kotva's Motion to Dismiss Counterclaims. The motion to dismiss is granted as to Count VII and denied as to Count I. As to Counts II, VI and VIII the motion to dismiss is denied without prejudice at this time, as resolution of these claims relies on Czech law. The motion to strike K T and CVF as counterclaim plaintiffs is denied; the counterclaim defendants may bring an appropriate motion for the same relief under Rule 12 or Rule 21. The reasons for these rulings were stated on the record at the hearing. (RCL, law1)

The following document(s) are associated with this transaction:

**1:05-cv-10679 Notice will be electronically mailed to:**

Joel G. Beckman     jbeckman@nbparis.com

Jeffrey D. Clements     jclements@clementsllp.com

Benjamin A. Goldberger     bgoldberger@mwe.com

Edward P. Leibensperger      eleibensperger@mwe.com

Ingrid S. Martin      imartin@clementsllp.com

William C. Nystrom      wnystrom@nbparis.com

Daniel J. Pasquarello      dpasquarello@nbparis.com

Dana A. Zakarian      dzakarian@nbparis.com

**1:05-cv-10679 Notice will not be electronically mailed to:**