UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| KOTVA a.s. and SPV Co., ) | |
| ) | |
| Plaintiffs, ) | Case No. 05-10679-WGY |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC ) | |
| ) | |
| Defendants and ) | |
| Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| KOTVA a.s., SPV Co., and Richard Harazim ) | |
| ) | |
| Counterclaim-Defendants ) | |
| ) | |
| ) | |

_____)

## JOINT PRETRIAL MEMORANDUM

Pursuant to the Court's Procedural Order for Final Pretrial Conference, the parties hereby

submit this Joint Pretrial Memorandum.

**(a)** **Trial Counsel**

**For Plaintiff**:

Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Dana A. Zakarian (BBO# 641058)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)
jbeckman@nbparis.com
wnystrom@nbparis.com
dzakarian@nbparis.com

**For Defendants/Counterclaimants**:

Edward T. Dangel, III (BBO# 113580)
DANGEL & MATTCHEN, LLP
10 Derne Street
Boston, MA 02114
(617) 557-4800

Keith S. Halpern, BBO# 545282
4 Longfellow Place, Suite# 3703
Boston, MA 02114

**(b)**     <u>**Summary of the Case**</u>

*Plaintiffs' Summary*:

Plaintiff Kotva a.s. is a Czech company that owned and operated a famous department store in downtown Prague, Czech Republic.  Plaintiff, SPV Co. is a wholly owned subsidiary of Kotva Nemovitosti, which at all relevant times was a wholly owned subsidiary of Kotva. Defendant Andrew Weiss ("Weiss"), is a resident of Brookline, Massachusetts, and owns and operates a Boston-based hedge fund investment firm, Weiss Asset Management, LLC ("WAM"). Brookdale Global Opportunity Fund ("BGO"), an investment fund managed by Weiss, owns approximately 12% of Kotva's shares.

Plaintiffs expect the evidence at trial will prove the following:  In May 2004, after learning of press reports about a potential sale of the department store, Weiss launched a scheme from Boston to blackmail Kotva, ultimately demanding that Kotva purchase BGO's Kotva shares and shares in another Czech fund called "Trend" for over $12 million (even though the shares had been valued by Defendants at only $1.5 million).  Weiss threatened to stop the sale of the department store unless he received a "pay-off" for his shares.  Weiss threatened that if Kotva did not pay him what he wanted, the next demand would be higher.  Weiss threatened to disparage Kotva, so no one would consider purchasing the department store, including filing

criminal complaints against Kotva executives.  When Kotva refused, Weiss followed through on

his threats: he arranged for shell companies to purchase token shares of Kotva and file sham

lawsuits challenging the transfer of the department store building to a Kotva subsidiary - - a

transfer that had occurred four years earlier; he contacted Markland, the purchaser of the

department store and its lender, to interfere with and stop the sale.  He conditioned the

withdrawal of his interference with the department store sale upon Kotva meeting his price

demands.  (He was even willing to accept as a "pay-off" a percentage of the sale proceeds

directly from Markland).

Revealingly, Weiss <u>denied</u> his involvement in the sham lawsuits (though now he admits

it); denied that he threatened to stop the sale (though internal e-mails say otherwise); and denied

that he made ever increasing blackmail demands (though he now also admits this).  The

Defendants' conduct interfered with the sale of the department store, including delaying the

closing for six months and causing $24 million in sale proceeds to still be held in escrow.  In

short, Defendants' conduct amounts to egregious tortious interference, unfair and deceptive trade

practices in violation of Chapter 93A, and abuse of process.

Finally, Weiss' extortionate conduct has continued even after Kotva filed this lawsuit.

Indeed, Weiss and his companies have attempted to interfere with Markland's business in order

to force Markland to buy their Kotva shares.

Defendants' blackmail scheme and tortious interference with Kotva's plan to sell its

Department Store sale delayed the consummation of the transaction by at least six months.  As a

result, Kotva lost the use of and was deprived of the investment opportunity on the $65,000,000

in Department Store sale proceeds, and the resulting damages amount to approximately

$3,250,000.  In addition, as a result of Defendants' conduct, $24,000,000 of the purchase price

has been held back in an escrow account. Kotva also has been damaged in the amount of lost investment opportunity on the $24,000,000 since March 2005. This damage amounts to approximately $4,200,000 for the period from April 1, 2005 through the end of 2006, and continues through the current date.

Kotva also is entitled to recover costs and multiple and/or treble damages plus attorney's fees under M.G.L. ch. 93A.

*Defendants' Summary*:

Defendant is unable to agree with the Plaintiff's Summary because of the numerous factual inaccuracies, as well as incorrect statements of law, contained within it. This Court ruled at the hearing of September 27, 2007, "I do decide that Czech law governs. This case is going to be tried in accordance with Czech law." Hearing Tr. p. 11 (13). When Czech law is applied to the plaintiffs' case, as it must be, it is clear that many of the facts and statements of law contained within plaintiffs' summary are irrelevant and incorrect.

The evidence will show that for several years Kotva (by which is meant to include Kotva, its subsidiaries and its principal shareholders, directors and employees) expressed a desire to purchase the company's shares owned by the Czech Value Fund and managed by Weiss Capital, LLC. Howard Golden met with Richard Harazim and Martin Benda in Prague during 2001-2002, when Howard Golden was managing BGO and Benda and Harazim were representatives of Forminster, to discuss a purchase of the shares. Vladimir Hoffman was hired in 2003, originally as an agent and later as a broker to pursue the purchase/sale option with Kotva. The only meeting Andrew Weiss attended occurred in Prague, Czech Republic, on May, 2004. All of the meetings concerned Kotva shares and Kotva's assets, including the department store and real estate located in Prague. Subsequently, Kotva sold its real estate in a transaction centered in

Prague.  The monies flowing from the sale of the property were to be paid to Kotva entities in

Prague.  All of the lawsuits which the plaintiffs wrongfully claim were abusive or interrupted

their transaction were filed in the Czech Republic. Any harm alleged—and defendants dispute

that there was any harm—flowed to Prague.  As such, the Court's ruling that Czech law applies

to the plaintiffs' causes of action was entirely correct, and it is a mystery as to why, throughout

the plaintiffs' statement of the case above and their statement of the legal issues, below, they

continue to argue the sufficiency of their proof under American causes of action.  As stated by

the defendants below and to be argued fully in defendants' trial brief, Czech law and American

law differ greatly on the application of the facts to law in this case.

The relevant facts will show that Kotva/ Forminster made an offer to buy out Czech

Vaule Fund's interests in November, 2003.  Following up on that, Vladimir Hoffman, now in his

role as seller's broker, urged Andrew Weiss to come to Prague to discuss sale of the shares face-

to-face with Kotva's key operatives, Richard Harazim and Martin Benda.  Mr. Weiss was going

to be returning to the U.S. from a trip to Poland and Mr. Harazim suggested May 12, 2004 to

coincide with Mr. Weiss's business trip.

Kotva was, according to its published Annual Report, controlled by Forminster

Enterprises Ltd. ("Forminster").  Forminster—a shadowy Cyprus company whose true owners

remain a closely guarded secret—obtained its controlling block of Kotva shares during the 1990s

as a result of the massive embezzlement of a Czech investment fund called Trend.  Harazim and

Benda had for several years been directors of Forminster. As such, Hoffman had informed

Andrew Weiss that in meeting with Harazim and Benda he was meeting with Forminster.

Since 1997, Forminster's Kotva shares have been frozen by a Czech prosecutor on the

suspicion that they represented the proceeds of criminal activity.  This freezing order has been

repeatedly upheld by the Czech courts and recently was expanded by a Czech court to prevent Forminster from voting its Kotva shares because of the embezzlement of the Trend Fund—commonly referred to as the "Trend Tunneling". Forminster's connections to that embezzlement were well documented in the press, in governmental reports and in criminal proceedings in the Czech Republic brought against Miroslav Hálek. Messrs. Benda and Harazim were called to testify in those criminal proceedings, but invoked the Czech equivalent of the Fifth Amendment rather than tell what they knew about the Trend Tunneling. Copies of their testimony, in which Mr. Harazim admits his connection to Forminster before refusing to answer further questions, have recently been obtained and listed as exhibits.

Andrew Weiss is a professor emeritus of economics at Boston University. In 2002, his company, Weiss Capital LLC, took over responsibility for managing Brookdale Global Opportunity Fund ("BGO"). BGO's former management had, through its subsidiary, CVF Investments Ltd. ("CVF"), made significant investments in Kotva and Trend.

Mr. Harazim knew by virtue of his inside position at Kotva that the Kotva Department Store was being sold and knew exactly how much Kotva would receive for it. At the May 2004 meeting Mr. Weiss asked whether the published rumors of the sale of Kotva's property for 1.5-1.7 billion CZK were true. Mr. Harazim responded that the newspaper reports were false and that no sale was being negotiated. Mr. Harazim told Mr. Weiss that a minority interest in Kotva had no right. Mr. Benda sated that BGO's shares in Kotva had no value. Further, presumably because the property had been moved to a new corporate shell, he stated that Kotva shareholders would never see any money from the property. At one point, Mr. Weiss left the meeting to cool down. When he returned the conversation continued as it had before. The alleged threat on which the plaintiffs heavily rely was not made. At their depositions, Mr. Harazim and Mr. Benda claimed

to have forgotten many of the items allegedly said at the meeting and were unable to recite or recall the alleged threat. Mr. Weiss stated merely that there must be something he could do and that he would try to find a lawyer to find out what he could do.

Throughout May and June Kotva-Forminster did not change its stance. Mr. Weiss had been told that Kotva/Forminster had resorted to extra-legal arm-twisting, some of it physical, to avoid its legal duties, and he had been made fully aware of the prior tunneling schemes. Mr. Weiss was reasonably afraid to have further meetings with the Kotva executives and was legitimately concerned that a sale of the Kotva property might be part of a tunneling scheme. Kotva had already transferred the property through a chain of subsidiaries, and it was unclear what would be the ultimate disposition of funds from a sale. In June, he retained litigation counsel in the Czech Republic and filed a lawsuit, followed by others, to protect investments in Kotva and Trend on behalf of CVF and a second company holding some of CVF's Kotva and Trend shares, K T, Inc. Most of these lawsuits are still pending and are matriculating their way through the Czech court system.

Plaintiffs have made a great deal out of the fact that the lawsuits were not commenced in the name of the Weiss parties. The short answer is that the Czech Republic has similar standing requirements for derivative lawsuits as does the United States; the Weiss parties were never shareholders, nor were entities they manage shareholders of Kotva. The entities they manage are beneficial shareholders of Kotva. The previous managers of BGO had never registered those entities as owners of Kotva and Trend with the share registry in the Czech Republic. Under Czech law only registered owners have standing to sue. When the custodian for CVF, the Bank of Bermuda, dragged its feet on making the necessary registration, Mr. Hoffman volunteered a company he owned, Gilroy, to be the party plaintiff in the suit. Even as Mr. Hoffman did this,

Mr. Hoffman's interests and those of CVF, represented by the Weiss parties, were far less than perfectly aligned.  Finally KT was able to obtain standing, and it filed its own lawsuits. Indeed, Mr. Hoffman sold Gilroy in 2006 to interests friendly with Kotva, and its claim was dismissed without opposition. Gilroy was never under Mr. Weiss's control.

In August 2004, Mr. Harazim and Mr. Benda asked the Weiss parties to make a written offer of sale of CVF's Kotva shares.  The Weiss parties complied, providing a price for the Kotva shares owned by CVF. However, Messrs. Benda and Harazim hedged their bets.  In addition to feeling out Mr. Weiss to see how inexpensively they could obtain CVF's Kotva shares, they began-- privately and secretly--recording meetings with Mr. Hoffmann. Mr. Harazim also demanded of Mr. Hoffman that any purchase of the Kotva shares be tied to the withdrawal of the lawsuits brought to challenge Forminster with respect to the past embezzlement of Trend's asset—a demand not disclosed to the Weiss parties until later.

In late August 2004, afraid that they could not buy out the Weiss parties' interests on the cheap, Messrs. Benda and Harazim determined that Mr. Weiss would rather pursue his shareholders' rights in court than part with the Kotva shares for a small fraction than their true value as measured by the company's proposed conveyance of its Kotva assets. In an effort to force the Weiss parties to drop their lawsuits, Messrs. Harazim and Benda took their secret recordings of Mr. Hoffmann to the police and caused Kotva to file a criminal complaint against Mr. Weiss, Mr. Hoffman, and Mr. Hoffman's secretary in the Czech Republic.  Kotva then conducted months of sham negotiations with Mr. Weiss in an effort to gather additional "evidence" to use against him.  As part of its strategy to coerce the Weiss parties, Kotva followed up by filing the complaint in this case, alleging, among other things, securities fraud

and racketeering.  This "allowed" Kotva to serve subpoenas on the Weiss parties' largest investors.

As a result of the filing of this case and Kotva's abusive discovery practices, Andrew Weiss and Weiss Asset Management have incurred more than a million dollars in attorneys' fees, and suffered tremendous disruption of their business, as well as the loss of reputation that occurs when an investment manager with an unblemished reputation is accused of securities fraud and racketeering.

**(c)** **Statement of Undisputed Facts**

The parties are working toward a stipulation of facts to be filed by October 11, 2007.

**(d)** **Outstanding Issues Raised by Pending Motions**

n/a

**(e)** **Issues of Law**

*Plaintiffs*:

**1. Czech Police Recordings**

With Czech Court approval, the Czech police utilized wire taps to record conversations during their investigation of Weiss and his associates.  Tape recordings of the conversations obtained by the Czech police have been made available to both Mr. Weiss and Kotva as part of the Czech criminal file.  (In the Czech Republic, both the harmed party (Kotva) and the accused (Weiss) are entitled to access the materials in the criminal file.)  Kotva obtained copies of the recorded telephone conversations and produced those materials to the Defendants in March 2007 in response to their discovery requests.

Kotva issued similar discovery demands to the Defendants for the production of tape recordings the Defendants obtained from the criminal file.  On September 29, 2006, the Special

Master ordered Defendants to produce portions of the criminal file if such materials fell within

the purview of other discoverable requests:

> if otherwise unobjectionable requests call for the production of documents which, by happenstance, came from the criminal file (e.g. unprivileged witness statements, **tape recordings of witnesses**, relevant and unprivileged documents that had been in Weiss' possession but were seized by the Czech police), then **they must be produced**.

(Order dated September 29, 2006 at 22) (emphasis added). <u>Despite the Order, Defendants</u>

<u>continue to refuse to produce their copies of the recordings from the criminal file</u>. Moreover,

when Plaintiffs used portions of the recordings at depositions, Defendants' counsel implied that

Plaintiffs had tampered with the recordings. To eliminate such issues, Plaintiffs requested that

Defendants either produce the version of the recordings they have obtained from the Czech

criminal file or stipulate that the recordings they have obtained are the same as the recordings

Kotva produced to them in March 2007. Defendants, however, have refused. Plaintiffs submit

that Defendants' refusal to turn over its recordings – despite an Order compelling them to do so –

waives any argument that Plaintiffs have "tampered" with the recordings.

## 2. **Choice of Law**

As the Court is aware, the first step in a choice of law analysis is to determine whether there

is an <u>actual conflict</u> between the laws of the two jurisdictions (<u>Levin v. Dalva Bros., Inc.</u>, 459

F.3d 68, 73 (1st Cir. 2006)), and it is Defendants' burden to demonstrate a conflict. <u>See</u>

RESTATEMENT (SECOND) CONFLICT OF LAWS § 136 cmt. f. At the recent summary judgment

hearing, the Court indicated that it intends to apply Czech law to Plaintiffs' common law claims.

In this case, Defendants did not attempt to identify any purported conflict of laws until they filed

their Reply Brief in support of their Motion for Summary Judgment.[1]  Given that the purported

conflicts were not raised until the reply stage, Plaintiffs did not brief this issue for the Court.

Therefore, Plaintiffs respectfully request leave to file a trial memorandum to assist the Court in

addressing whether Massachusetts law or Czech law should apply to its contract interference and

abuse of process claims, to formulate appropriate jury instructions, and/or otherwise provide

relevant materials pursuant to Fed.R.Civ.P. 44.1.

### 3.  <u>Attorneys' Fees as an Element of Abuse of Process Damages</u>

Defendants' only remaining counterclaim is for abuse of process.  Specifically, defendants

claim that Kotva (conspiring with its CEO Richard Harazim) abused process by filing this

lawsuit.  As part of their damages, defendants seek to recover attorneys' fees paid in connection

with this action. Abuse of process, however, is a common law tort claim.  Accordingly,

defendants may only recover at trial the damages that they suffered as a result of the alleged

tortious conduct.  <u>Jones v. Brockton Pub. Mkts., Inc.</u>, 369 Mass. 387, 389 (1975) (essential

elements of the tort are "(1) process was used; (2) for an ulterior or illegitimate purpose; (3)

resulting in damage.") (emphasis added).

In this case, Defendants Andrew Weiss and Weiss Asset Management admitted that they

have not paid any attorneys' fees to defend this action - - nor will they ever have to.  (Transcript

of Deposition of Andrew Weiss at 36-38)  Instead, all fees and costs concerning this lawsuit are

being paid by CVF Investments Limited- - a non-party.  Indeed, the Board of Directors of CVF

Investments Ltd. passed a Resolution on December 7, 2005 expressly stating that "CVF

Investments Limited will pay all attorneys' fees and associated costs incurred by Andrew Weiss,

---

[1] Prior to their summary judgment filing, Defendants never argued that there was an actual conflict of law, and with
good reason:  they never did so because they had raised counterclaims under Massachusetts law, which have since
been dismissed.

Weiss Asset Management, LLC, K.T., Inc. and CVF Investments relating to the Civil Litigation and the Criminal Case." (WP0012964)

Because defendants have not paid, nor will they ever have to pay, any attorneys' fees associated with this action, they cannot claim those fees as damages in their abuse of process claim. <u>Jones</u>, 396 Mass. at 389. Accordingly, the Court should exclude any evidence concerning defendants' attorneys' fees in this action.

Assuming, <u>arguendo</u>, that Defendants were permitted to seek attorneys' fees as damages to a common law claim - - any proof at trial would require expert testimony as to the reasonableness of those fees. Defendants, however, have not provided the requisite expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2). Accordingly, they should be precluded from offering such evidence at trial. <u>See</u> March 28, 2007 Order Denying Defendants' Motion To Add Expert; Fed. R. Civ. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a)....is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on any motion any witness or information not so disclosed.")

Plaintiffs will be filing a motion in limine regarding these issues.

**4. <u>Motions in Limine</u>**

Plaintiffs' motions in limine include:

(a)    Kotva's Motion in Limine to Exclude Character Evidence (Docket No. 209);

(b)    Kotva's Motion in Limine to Preclude "Expert" Testimony From "Fact" Witness (Docket Nos. 211 and 221);

(c)    Plaintiffs' Motion in Limine to Preclude Defendants from Offering Evidence of Attorneys' Fees as an Element of Damages; and

(d)     Kotva's Motion in Limine to Exclude Testimony from Bonnie Weiss and Stephen Ross (Docket Nos. 210 and 220).  <u>In view of the Court's March 28, 2007 Order, Kotva withdraws this motion</u>.

***Defendants***:

a. <u>**Czech Law**</u>:  Defendants respectfully maintain that this Court was correct in its September 27, 2007 ruling that Czech law applies—as the defendants have been stating consistently in Court filings for more than two years. The Court's ruling does need to be revisited. Under all applicable choice of law rules, Czech law applies. The parties met in Prague, the lawsuits complained of were filed and are being litigated in Prague, the harm—if any—will be felt in Prague.

The defendants will include in their trial memorandum a long statement of Czech law and detailed jury instructions. Czech law is profoundly different from American law. The threshold question under Czech law is really one of community standards—did the Weiss parties exercise poor morals—and this depends on questions such as: were they unjustified in filing the Czech lawsuits: were the lawsuits a sham; were the defendants seeking personal revenge? Further questions include: did the defendants alone cause the loss complained of: and can the plaintiffs prove lost profits with virtual certainty? In brief, Section 420 of the Civil Code, previously provided to the Court, does not apply at all; potentially, Section 424, "good morals", does depending on the facts proved; case law, while not binding as <u>stare decisis</u>, is relied upon under Czech law, and there are relevant cases; because Czech courts reject law decided during the Communist era, they rely on pre-1948 and post-1989 cases decided in the Czech Republic and upon cases and authorities outside the Czech Republic which state general principles of European law. Czech law does not permit punitive damages. The relevant statutes, case law and

13

authorities will be provided in any form the Court instructs. But, to start off with, the defendants will try to provide everything the court needs, unabridged. Defendants have already provided some Czech law jury instructions, but will provide more comprehensive instructions, including the standards for causation and damages, shortly.

In preparing the Czech law aspects of the case, defendants are consulting with a law professor at Charles University in Prague—the Czech Republic's premier university. Professor Kuhn is an expert in Czech criminal law and torts and holds a master of laws and doctorate from the University of Michigan. His CV has already been provided long ago. However, the questions he will now consult on are not a subject of trial testimony. The issues are matters of law for the Court to decide, not jury issues. Earlier in the case, defendants planned to prove to the jury that nothing Professor Weiss is alleged to have done could be considered blackmail under Czech law. Full disclosure under Rule 26 (a)(2) (B) was provided because this was a jury issue when Civil RICO was part of the case. But, now that Civil RICO is not part of the case, "blackmail" and "extortion" should not even be mentioned to a jury, let alone the subject of proof before it.

**b. Chapter 93A** : In denying the defendants' motion for summary judgment as to the Chapter 93A Count, which Defendants do not seek to revisit, the Court indicated that, while it might well direct a verdict, it would not dismiss the count "today." Defense counsel apologizes to the Court for objecting so stridently. However, plaintiffs' counsel misspoke when he claimed that the record before the Court was susceptible to sufficient proof that the Chapter 93A count was "centered" on Massachusetts conduct. Kotva's Chapter 93A claim is not primarily and substantially within the Commonwealth of Massachusetts. *See Kenda Corp. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216 (1st Cir. 2003). The Reicher case cited to  the Court on summary judgment is dispositive. However, Reicher might be read to leave open a question not

fully briefed to the Court, namely, is Chapter 93A contrary to Czech law and policy? *Reicher v. Berkshire Life Ins. Co.*, 360 F.3d 1 (2004) (affirming dismissal of Chapter 93A claim when Maryland law, rather than Massachusetts law, governed dispute, and Maryland policy differed from Massachsetts'). In their trial memorandum, defendants will demonstrate that Chapter 93A is not consonant with Czech law, in part because punishment by double and treble damages (and attorneys' fees) is contrary to and not permitted under Czech tort and contract law and because Czech law defines the wrongs for which it allows damages differently from 93A.

The pre-trial clarification of this issue is important, in part because it affects the opening statements greatly. But for the Chapter 93A count, terms such as "unfair" and "deceptive", "blackmail" and "extortion" would be out of bounds. The alleged misuse of lawsuits to gain competitive advantage is quite a different set of allegations than efforts to extort money. Out of respect for the Court's summary judgment ruling, defendants are hesitant to file a motion <u>in limine</u> which goes beyond reference to such inflammatory terms, but defendants need to protect the record by seeking preclusion of 93A from the jury trial.

**c**. <u>**Revival of Defendants' Abuse of Criminal Process Counterclaim**</u>: Before abusing U.S. civil process in its campaign against Mr. Weiss, Kotva first abused Czech criminal process by filing a criminal complaint against Mr. Weiss in order to pressure him to abandon civil cases pending in the Czech courts. Kotva's abuse of Czech criminal process is a key part of the interaction among the parties and strong evidence of Kotva's motives in filing this case.

Two of Mr. Weiss's counterclaims filed in this Court sought damages for Kotva's abuse of Czech criminal process. However, on November 28, 2006, the Court dismissed without prejudice "so much of count II [of the Counterclaim] as relates to the alleged conspiracy to loot

Kotva's assets and to abuse Czech criminal process." Later, this Court dismissed the criminal abuse of process count pled in the counterclaims in defendants' amended answer.

Since the Court has determined that Czech law applies to claims for abuse of Czech criminal and civil process and decided not to abstain from hearing those claims, Mr. Weiss respectfully asks that the Court reconsider its order dismissing his counterclaim for abuse of Czech criminal process and conspiracy to abuse Czech criminal process  If Kotva is able to pursue a claim against Mr. Weiss for abuse of Czech civil process in this Court, there is no reason that Mr. Weiss should not be able to pursue a claim against Kotva and Richard Harazim for abuse of Czech criminal process in this Court.

### d. <u>Motions In Limine Already Filed and to be Filed Before Trial</u>

1  Kotva has, reportedly through the Czech police, obtained access to a number of documents containing privileged attorney-client communications, and now seeks to use those documents at trial.  The Defendants have filed a motion in limine on this issue.

2.  Kotva seeks to introduce a document prepared by a Czech police officer in February 2005 describing Kotva's allegations against Professor Weiss.  This document is not admissible because it is hearsay, does not fall within any hearsay exception, and is not trustworthy, or even probative of the issues in this case.  The Defendants have filed a motion in limine on this issue.

3.  Kotva has, throughout this litigation, referenced other litigation in which it claims that the Defendants have abused process.  In view of the lack of admissible evidence about these cases, along with the complexity and potential for confusion inherent with any presentation of unrelated litigation to the jury, counsel against any reference to these other cases in Kotva's opening statement.  The Defendants have filed a motion in limine on this issue.

4.    Kotva has listed Martin Benda as a potential trial witness.  Mr. Benda does not speak or understand English and has no personal knowledge about the contents of any English language documents or conversations that were translated for him.  Accordingly, Mr. Benda should not be permitted to testify about those matters.  The Defendants have filed a motion in limine on this issue.

5.    The plaintiffs suggest that recordings of telephone conversations might be used as exhibits at trial and have made general reference to them in their exhibit list. Some recordings were played over defense counsel's objections at Howard Golden's deposition on April 17 and 18, 2007.  Defense counsel has only copies of what plaintiffs purport to be recordings provided in discovery, and as he heard them during Mr. Golden's deposition. In addition to serious questions of authenticity and chain of custody, there are serious questions as to whether the contents are admissible to prove abuse of process and interference with Kotva's business activities with its purchaser, Markland. Defendants may file a general motion in limine asking the Court to utilize the procedures it applied and the First Circuit approved in <u>United States</u> v. <u>Camuti,</u> 78 F.3d 738 (1st Cir. 1996). However, because defendants do not know how the plaintiffs intend to prove authenticity or chain of title, do not know which portions of which recordings they intend to offer into evidence and for what purpose, and because there has been no discovery as to the manner or means or purposes by which the recordings were obtained, it is impossible to file anything but a generalized motion pursuant to Rules 901 and 403. Defendants call upon the plaintiffs to provide them with the proof they intend to introduce to qualify the recordings, an indication of which recordings they intend to introduce and the portions of those recordings, so that a well-tailored motion in limine can be filed. In the absence of that, defendants simply request that the Court hear the evidence which bears on admissibility,

relevance and prejudice outside of the hearing of the jury before any such tapes are heard by the jury.

6.     At present, Andrew Weiss, Vladimir Hoffman, and Mr. Hoffman's secretary are subject to criminal proceedings commenced after Kotva brought its claim to the police in August, 2004. Mr. Weiss has not been served, and the case as a whole continues to be investigated by the police under the supervision of a municipal prosecutor. It is the height of unfairness for Professor Weiss to be labeled a criminal or even a suspect in an alleged extortion scheme while his civil case is on trial. It is going to be very difficult, however, to avoid mention of it unless there is a clearcut ruling of the Court that the criminal proceedings are out of bounds. If the Court is convinced that there is no way to avoid mention of it, the Court might rule that it cannot be mentioned during opening statements and then, if it must be referred to during trial, the Court could provide the jury with a description of the proceedings, how they occurred, and their status together with an instruction that they are not to consider Professor Weiss to be guilty of any crime or even to assume that any allegations in the criminal proceeding are true. Defendants will file a motion in limine on the subject, including a proposed instruction, soon.

7. Kotva has referenced other litigation which it claims is part of a pattern of filing abusive litigation. This is utter nonsense. The lack of evidence, along with the potential for confusion by mentioning unrelated litigation, creates tremendous potential prejudice. There is no pattern of conduct, and this Court should not allow reference to other litigation in plaintiffs' opening or during the trial. Defendants have filed a motion in limine on this issue.

**(f)**     **Requested Amendments to Pleadings**

   *Plaintiff*:

   n/a

*Defendants*:

n/a

**(g)**    **Additional Matters To Aid in the Disposition of this Case**

The parties intend to introduce at trial a number of Czech language documents, including translations thereof. The parties are working to establish a protocol regarding the admissibility of Czech documents and the corresponding English translations to move the trial along effectively.

*Defendants*:

Kotva has refused to enter into any stipulations concerning the amount or reasonableness of fees incurred by the defendants in this lawsuit.  Kotva has also not agreed to submit this issue to the Court.  Accordingly, these issues will be tried to the jury, either as part of the main trial or in a bifurcated proceeding, at the Court's discretion.  Defendants expect to call Ned Leibensperger as a witness on the reasonableness of fees paid by the defendants and are still awaiting disclosures from Kotva regarding the amount of time counsel for Kotva has spent litigating this case and the fees and expenses Kotva has incurred. In the meantime there has been a skirmish concerning Mr. Leibensperger's testimony.  Defendants have provided the plaintiffs with copies of McDermott, Will's bills without the diary entries, the defendants summary record of its payments on the US civil litigation, the retainer agreement between McDermott, Will and the defendants, and they have agreed three times to deposition dates for Mr. Leibensperger (September 6 and 19, and October 2, 2007).  Each time the plaintiffs' counsel has called off the deposition the day before it was to happen. Plaintiffs say that absent disclosure of the actual diary records—which will waive the defendants' attorney client and work product privileges, a waiver they require—they will move to exclude defendants' proof of counsel fees generally and Mr. Leibensperger's testimony specifically.  Defendants respectfully suggest that the plaintiffs

are being incredibly short-sighted about this.  They should agree that McDermott, Will's

reasonable fees on this case were $1.3 million and be grateful that the defendants have not so far

included present defense counsel's bills.  In the absence of agreement, the defendants are entitled

to receive reciprocal discovery—which is what plaintiffs originally agreed to—in order to

demonstrate the reasonableness of McDermott's services and bills.  Far from what the Plaintiffs

have argued above, Defendants are entitled to the repayment of their attorneys' fees if the jury

finds that the Plaintiffs abused civil process in this case.  A stipulation as to the amount of the

fees would eliminate one complexity from the trial.

**(h)**    **Anticipated Length of Trial**

2 weeks

**(i)**    **Witness List**

The parties reserve the right to call any witness identified by the other side.

***Plaintiff's Witnesses***:

1.    Czech Police representative (by deposition) (awaiting issuance of deposition
       subpoena by Czech Republic Ministry of Justice)


2.    Ben Bannatyne: fact witness
       Jones Lang LaSalle, Myslbek Building, Ovocný trh 8, 117 19 Prague 1

3.    Martin Benda:  fact witness
       Kotva, a.s., Namesti Republiky 8, Praha 1, Prague, Czech Republic

4.    Howard Golden:  fact witness
       Klimentska 46, 110 02 Prajnel, Czech Republic

5.    Richard Harazim:  fact witness
       Kotva, a.s., Namesti Republiky 8, Praha 1, Prague, Czech Republic

6.    Sean Mulryan:  fact witness
       [see Defendants' list for address]

7.    Georgiy Nikitin:  fact witness
       [see Defendants' list for address]

8.      Ondrej Peterka:  fact witness
        [see Defendants' list for address]

9.      Henry Prestage:  fact witness
        Markland Holdings Limited, 25 Herbert Place, Dublin, Ireland

10.     Aidan Scully:  fact witness
        [see Defendants' list for address]

11.     Dr. Tomas Sokol:  plaintiffs' rebuttal expert witness
        Sokolska triad 60, Praha 2, Nove Mesto, Czech Republic

12.     Frank Walker:  fact witness
        Markland Holdings Limited, 25 Herbert Place, Dublin, Ireland

13.     Andrew Weiss:  fact witness
        [see Defendants' list for address]

14.     Frantisek Mezaros (Czech lawyer to address custodianship and authenticity of
        Czech Police recordings, if necessary.)
        Namesti Republiky 8, Praha 1, Prague, Czech Republic

15.     Certified Official English Translation Service, if necessary

16.     Any witnesses identified by Defendants

*Defendants' Witnesses*:

| NAME AND ADDRESS | NATURE OF TESTIMONY |
|---|---|
| Andrew Weiss<br>Weiss Capital LLC<br>29 Commonwealth Ave.<br>Boston, MA   02116<br>(617) 778-7780 | Fact and expert. |
| Georgiy Nikitin<br>Weiss Capital LLC<br>29 Commonwealth Ave.<br>Boston, MA   02116<br>(617) 778-7780 | Fact and expert. |
| Bonnie Weiss<br>Weiss Capital  LLC<br>29 Commonwealth Ave.<br>Boston, MA   02116<br>(617) 778-7780 | Fact. |

| NAME AND ADDRESS | NATURE OF TESTIMONY |
|---|---|
| Eitan Milgram<br>Weiss Capital LLC<br>29 Commonwealth Ave.<br>Boston, MA   02116<br>(617) 778-7714 | Fact and expert. |
| Stephen A. Ross<br>MIT Sloan School of Management<br>50 Memorial Drive, E52-443<br>Cambridge, MA 02142<br>(617) 258-8371 | Fact and expert |
| Ondřej Peterka<br>Peterka & Partners v.o.s.<br>Na Příkopě 15<br>110 00 Prague 1<br>Czech Republic<br>420-246-085-300 | Fact |
| Zdeněk Kühn<br>U Zahradního města 3190/2A<br>CZ 106 00 Praha 10<br>Czech Republic<br>420-221-005-427 | Expert, Probably on issues of law to be presented to the Court, and unnecessary as a witness before the jury because of the dismissal of the Civil RICO and Securities Fraud claims. |
| Edward P. Leibensperger<br>McDermott Will & Emery LLP<br>28 State Street<br>Boston, MA 02109<br>617-535-4000 | Fact and expert regarding amount and reasonableness of fees |
| Sean Mulryan and Aidan Scully(by deposition)<br>Markland Holdings Limited<br>25 Herbert Place<br>Dublin, Ireland<br>353-1-676-2023 | Fact |
| Mr. Henry Prestage (by deposition)<br>c/o Markland Holdings Limited<br>25 Herbert Place<br>Dublin, Ireland<br>353-1-676-2023 | Fact |

| NAME AND ADDRESS | NATURE OF TESTIMONY |
|---|---|
| Lars Bader<br>QVT Associates<br>527 Madison Avenue, 8th Floor<br>New York, NY 10022<br>(212) 755-2250 | Fact |

**(j)**      **Proposed Exhibits**

*Plaintiff*:  See Plaintiff's list of exhibits and Defendants' objections thereto attached as

Ex. 1.

*Defendants*:  See Defendants' list of exhibits and Plaintiffs' objections thereto attached

as Ex. 2.

The parties will exchange written objections as to trial exhibits identified today and mark

agreed upon exhibits in accordance with the Court's Procedural Order by October 11, 2007.

Respectfully submitted,

Kotva a.s. & Richard Harazim

By their attorneys,

/s/ Joel G. Beckman
Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Dana A. Zakarian (BBO# 63652)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)
jbeckman@nbparis.com
wnystrom@nbparis.com
dzakarian@nbparis.com

Respectfully submitted,

Andrew Weiss and Weiss Asset Management LLC

By their attorneys,

/s/ Edward T. Dangel
Edward T. Dangel, III (BBO #113580)
DANGELE& MATTCHEN, LLP
10 Derne Street
Boston, Massachusetts  02114
(617) 557-4800

Dated: October 9, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/Joel G. Beckman

# PLAINTIFFS' TRIAL EXHIBIT LIST

| Number | Date | Description | Bates #/Exhibit # |
|---|---|---|---|
| 1 | | REMOVED | |
| 2 | | REMOVED | |
| 3 | 11/23/2000 | Ernst & Young Report 2000 | K0145-151; 30b6-18 |
| 4 | 6/8/2001 | Transfer real estate from Kotva to KN | K4964-70; Bates #s to be confirmed |
| 5 | 9/1/2001 | Photos of Kotva building/neighborhood | K8479-8490 & K8797-8800 |
| 6 | 9/25/2001 | Jones Lang LaSalle Letter | WP0000633-644; K4805-15 |
| 7 | | REMOVED | |
| 8 | 2/1/2002 | Retail Investment Opportunity -- Kotva Department Store | M0093-110 |
| 9 | 3/18/2002 | Emails Ben Bannayne to Harazim | K3671-3709 |
| 10 | 6/17/2002 | Minutes of the Board of Directors Meeting of BGO | WP0009089-91 |
| 11 | 12/16/2002 | Email Ben Bannayne to Harazim | K3639; 3766; 3649-3651 |
| 12 | | REMOVED | |
| 13 | 4/23/2003 | Legal Due Diligence Questionnaire | K2954-61 |
| 14 | 5/2/2003 | Email Bryan Wilson to Harazim | K2972-80 |
| 15 | | REMOVED | |
| 16 | | REMOVED | |
| 17 | 6/19/2003 | Draft of Markland's Legal Due Diligence Report -- Project Kotva | M0121-293 & AS-24 |
| 18 | | REMOVED | |
| 19 | 7/18/2003 | Email Prestage to James Woolf | WP0003878-80; HP-3 |
| 20 | 9/2/2003 | Email Hoffman/Milgram/Weiss | WP 0000005; AW-8 |
| 21 | 9/2/2003 | Email Weiss to Veverka | WP0017777-78 |
| 22 | 9/14/2003 | Email Weiss to Hoffman | WP0000011 |
| 23 | 9/15/2003 | Email Hoffmann to Weiss | WP0000020-1 |
| 24 | 9/15/2003 | Letter Weiss to Hoffmann | WP0004292-4; GN-2 |
| 25 | | REMOVED | |
| 26 | 9/29/2003 | Email Hoffmann to Weiss | W0001028 |
| 27 | | REMOVED | |
| 28 | 10/16/2003 | Kotva and Markland Agreement on a Future Agreement on Share Purchase | KC1-1539-1581; 30b6-19; Bates #s to be confirmed |
| 29 | 10/31/2003 | Mandate for Hoffmann | WP 0006204; GN- 3 |
| 30 | 11/19/2003 | Facsimile Ton Kemp to Prestage | M0061-65 |
| 31 | 11/20/2003 | Email Hoffman -- Weiss | W 0010600-1; AW-17 |
| 32 | | REMOVED | |
| 33 | | REMOVED | |
| 34 | 12/2/2003 | Letter Michal Semotan to Dave Johnson | W0001863; 30b6-17 |
| 35 | 12/4/2003 | Email Weiss -- Hoffman | WP 0000133; AW-9 |

# PLAINTIFFS' TRIAL EXHIBIT LIST

| Number | Date | Description | Bates #/Exhibit # |
|---|---|---|---|
| 36 | 12/23/2003 | Email Sonya Manzor to Ton Kemp | M0035-7 |
| 37 | 12/31/2003 | CVF Financial Statements | WP0012760-76 |
| 38 | 2004 | Kotva 1999-2005 Annual Reports | Too voluminous; bates #s to be confirmed |
| 39 | 2004 | Letter Weiss/CVF LLC Dissolution | WP0003068-9 |
| 40 | | REMOVED | |
| 41 | | REMOVED | |
| 42 | 1/20/2004 | Email Hoffmann to James Woolf & Weiss | W0001129-30 |
| 43 | 2/2/2004 | Letter Anna Oxley to WAM | WP0000236 |
| 44 | 2/23/2004 | Email James Dudley to Frank Walker | M0030-34 |
| 45 | | REMOVED | |
| 46 | | REMOVED | |
| 47 | 3/1/2004 | Letter Weiss to Hoffmann | WP0000695-6 |
| 48 | | REMOVED | |
| 49 | 4/10/2004 | Transfer real estate to SPV KN | K4971-86; Bates #/s to be confirmed |
| 50 | 4/29/2004 | Email Hoffmann to Weiss | WP0000326 |
| 51 | 5/14/2004 | Email James Woolf to Weiss | WP0016656 |
| 52 | 5/17/2004 | Email Bryan Wilson to Harazim | K1644-45 |
| 53 | 5/20/2004 | Email Weiss to Milgram | W0010789-90 |
| 54 | 5/21/2004 | Email Liz Lynch to Frank Walker | M0038-60 |
| 55 | 5/27/2004 | SPV Co. Certificate | K6994 |
| 56 | 5/27/2004 | Email Weiss to Hoffmann | WP0000409-10 |
| 57 | 5/30/2004 | Email Weiss to Svojnar | WP 0000411-13; AW-14 |
| 58 | 3/6/2004 | Timetable for Actions Prior to Completion and Completion Checklist | MARK001103-5 & AS-34 |
| 59 | | No Exhibit No. 59 | |
| 60 | | No Exhibit No. 60 | |
| 61 | 6/4/2004 | Email Briana Dubrow to Milgram & Weiss | WP0000452 |
| 62 | 6/8/2004 | Email Peterka to Weiss | K8084-6 |
| 63 | 6/16/2004 | KT, Inc. | WP0002685-6 |
| 64 | 6/16/2004 | KT, Inc. Written Consent in Lieu of the Initial Meeting of the Board of Directors | WP0006099-100 |
| 65 | 6/24/2004 | Email Dubrow to Hoffmann | WP 0008532-41; GN-10 |
| 66 | 6/24/2004 | Email Hoffmann to Weiss & Milgram | WP0008522-23 |
| 67 | 6/30/2004 | Gilroy Complaint | WP 0000519-33; GN- 6 |
| 68 | 6/30/2004 | Gilroy Complaint; Official Translation to be used at trial | K 0249-265; GN - 7 |
| 69 | 6/30/2004 | Peterka's filing with Property Register | WP0000563 |
| 70 | 7/6/2004 | Hoffmann's Notes | K8059-61 |

## PLAINTIFFS' TRIAL EXHIBIT LIST

| Number | Date | Description | Bates #/Exhibit # |
|---|---|---|---|
| 71 | 7/2/2004 | Letter Peterka to Prestage | M0066-81, AS-31 & HP-11 |
| 72 | 7/7/2004 | Email Bryan Wilson to Harazim | K1822 |
| 73 | 7/8/2004 | Facsimile Weiss to Boston Private Bank and Trust Company | WP00069192-9194 |
| 74 | 7/12/2004 | Email Bryan Wilson to Harazim | K1837-8 |
| 75 | 7/13/2004 | Email Bryan Wilson to Harazim | K1845-8 |
| 76 | 7/19/2004 | Weiss/KT indemnify Hoffmann | W 0002204; AW-7 |
| 77 | 7/19/2004 | Customer receipt & correspondence between Weiss, Milgram and Boston Private Bank & Trust Company | No Bates |
| 78 | 7/30/2004 | Email Henry Prestage to Harazim | K1921-23 |
| 79 | 8/1/2004 | Letter Nikitin/Weiss to Peterka | K8054 |
| 80 | 8/3/2004 | Email Nikitin to Briana Dubrow | WP0017694-5 |
| 81 | 8/4/2004 | Emails Harazim to Hoffmann | K3548-5561 |
| 82 | 8/4/2004 | Benda email | K5551; RH-28 |
| 83 | 8/4/2004 | Email Hoffmann – Weiss/Nikitin | W 0001209-10; GN- 11 |
| 84 | 8/4/2004 | Email Harazim – Hoffmann | K 5550; GN- 12 |
| 85 | 8/4/2004 | Email Benda to Weiss | K 5548-9; K 5561; GN-13 |
| 86 | 8/4/2004 | Bank of Bermuda Security Activity Review | WP0002323-5 |
| 87 | 8/4/2004 | Email Annick Langlois to Nikitin | WP 0002299 – 0002327 |
| 88 | 8/5/2004 | KT Board Meeting Minutes | WP 0002335-6; GN- 8 |
| 89 | 8/5/2004 | Email Henry Prestage to Harazim | K 001925 - 26; RH-24 |
| 90 | 8/6/2004 | Letter Benda to Weiss | W0002812; RH-26 |
| 91 | 8/6/2004 | Email Nikitin to Hoffmann | WP 0002337-8; GN- 14 |
| 92 | 8/9/2004 | Email Hoffmann to Weiss/Nikitin | WP 0002341; GN- 15 |
| 93 | 8/9/2004 | Email Weiss to Hoffmann | WP 0016704-5; GN- 16 |
| 94 | 8/11/2004 | Email from Hoffmann | WP 0000626 |
| 95 | | REMOVED | |
| 96 | 8/12/2004 | KT, Inc. Director Action by Written Consent – signed by Weiss | WP 0002356 |
| 97 | 8/16/2004 | Email Nikitin to Hoffmann/Weiss | WP 0002363-4; GN- 17 |
| 98 | 8/16/2004 | Email Nikitin to Weiss | WP 0002365-6; GN- 20 |
| 99 | 8/17/2004 | Weiss – Benda letter/offer | WP 0002368-9; AW-20 |
| 100 | 8/17/2004 | Email Hoffmann to Nikitin | W 0005287-8; GN- 18 |
| 101 | 8/17/2004 | Email Nikitin to Hoffmann/Harazim | WP 0002372-3; GN- 19 |
| 102 | 8/17/2004 | Email Harazim to Nikitin/Hoffmann | WP 0002377-8; GN- 21 |
| 103 | 8/17/2004 | Hoffmann to Nikitin | WP 0000632; GN- 22 |
| 104 | 8/17/2004 | Email Hoffmann to Nikitin | WP0002367 |
| 105 | 8/17/2004 | BLACKMAIL OFFERS | W0004223-4242; 30b6-29 |
| 106 | 8/18/2004 | Email Nikitin to Hoffmann | WP 0002396-98; GN- 23 |

# PLAINTIFFS' TRIAL EXHIBIT LIST

| Number | Date | Description | Bates #/Exhibit # |
|---|---|---|---|
| 107 | 8/18/2004 | Email Nikitin to Harazim & Hoffmann | WP0002399-2400 |
| 108 | 8/18/2004 | Email Nikitin to Hoffmann | WP 0002401-2; GN- 24 |
| 109 | 8/23/2004 | Nikitin – Benda letter/offer | WP 0002440-1; AW-22 |
| 110 | 8/23/2004 | Letter Weiss to Benda & Harazim | WP0002402 |
| 111 | 8/23/2004 | Draft of Letter Weiss to Benda & Harazim | WP0002424 |
| 112 | 8/23/2004 | Email Nikitin to Hoffman | WP 0002423-5; GN- 25 |
| 113 | 8/23/2004 | Email Nikitin to Hoffmann | WP 0002426-7; GN- 26 |
| 114 | 8/23/2004 | Email Hoffmann to Harazim | WP 0002440-1; GN- 27 |
| 115 | 8/25/2004 | Email Bryan Wilson to Harazim | K2031 |
| 116 | 8/27/2004 | Email Harazim to Nikitin | WP 0002446-7; GN- 28 |
| 117 | 8/27/2004 | Email Hoffman – Nikitin | W 0005305-6; GN- 30 |
| 118 | 8/30/2004 | Facsimile Tom Kemp to Walker | MARK001072-4; AS-28 |
| 119 | 8/31/2004 | Email Peterka to Hoffmann | K8051-3 |
| 120 | 9/1/2004 | Email Hoffmann to Nikitin | WP0002451 |
| 121 | 9/2/2004 | Email Weiss to Nikitin | WP0002459-60 |
| 122 | 9/2/2004 | Agreement for Sale of Shares | WP0007770-71 |
| 123 | 9/13/2004 | Email Henry Prestage to Harazim | K2171 |
| 124 | 9/15/2004 | Email Peterka to Weiss | K8082-3 |
| 125 | 9/16/2004 | Memorandum Wilson to Markland Holdings, Ltd. | M0018-21 |
| 126 | 9/20/2004 | Email Henry Prestage to Harazim | K2197-2200 |
| 127 | 9/20/2004 | Email Henry Prestage to Harazim | K2201-12; HP-16 |
| 128 | 9/24/2004 | Email Nikitin to Jason LeRoux | W0005602-4 |
| 129 | 9/24/2004 | Letter Milgram to Jason | WP0006201 |
| 130 | 9/27/2004 | Email Henry Prestage to Harazim | K2219 |
| 131 | 9/29/2004 | Email Hoffman to Nikitin | WP 0002656; GN- 29 |
| 132 | 10/4/2004 | Email Hoffmann to Weiss | WP 0000664-662; GN- 31 |
| 133 | 10/4/2004 | Record of the Meeting between companies in the Kolva concern/Assignment | K8087-92 |
| 134 | 10/5/2004 | Email Hoffmann to Weiss | WP0000666-8 |
| 135 | 10/7/2004 | Email Henry Prestage to Harazim | K2229; HP-17 |
| 136 | 10/8/2004 | KT, Inc. Director Action by Written Consent | WP0002687 |
| 137 | 10/11/2004 | Email Prestage to Walker | M0118-19 |
| 138 | 10/12/2004 | Email Peterka to Weiss | K0060-62 |
| 139 | 10/18/2004 | Email Hoffmann to Weiss | K 0071; GN- 32 |
| 140 | 10/18/2004 | Email Peterka to Weiss | WP 0013980-1; GN- 35 |
| 141 | 10/18/2004 | Email Evzen Kocenda to Weiss | WP0000673-4 |
| 142 | 10/20/2004 | Email Wilson to Harazim | K2259; 3066-10 |
| 143 | 10/21/2004 | Email Nikitin to Hoffmann | K 0073;GN- 33 |

# PLAINTIFFS' TRIAL EXHIBIT LIST

| Number | Date | Description | Bates #/Exhibit # |
|---|---|---|---|
| 144 | 10/26/2004 | Email Prestage to Harazim | K2263; 3066-11 |
| 145 | 10/27/2004 | Email Hoffmann to Yossi Barah, Nikitin & Weiss | WP0000688 |
| 146 | 11/3/2004 | Email Hoffmann to Weiss | K 0093; GN- 36 |
| 147 | 11/4/2004 | Certificate of Organization of CVF Investments, LLC | WP0006114-16 |
| 148 | 11/8/2004 | Email Henry Prestage to Harazim | K2293-4 |
| 149 | 11/9/2004 | Email Weiss to Hoffmann | K 0048; GN-37 |
| 150 | 11/11/2004 | Nikitin to Hoffmann | WP 0002761; GN- 38 |
| 151 | 11/18/2004 | KT, Inc. Director Action by Written Consent – signed by Weiss | W0002205 |
| 152 | | REMOVED | |
| 153 | 11/23/2004 | Weiss letter to Benda/Harazim | W 0004230-32; GN- 39 |
| 154 | | REMOVED | |
| 155 | 11/25/2004 | Email Weiss to Hoffmann | WP0000702-3 |
| 156 | 11/26/2004 | Letter Hoffmann to Weiss | K0050 |
| 157 | 12/1/2004 | Email Harazim to Weiss | WP 0000705-6; GN- 40 |
| 158 | 12/5/2004 | Facsimile Andrew Dixon-Smith to Harazim | M0089-90 |
| 159 | 12/8/2004 | Email Nikitin to Harazim | K 0026-30;GN- 41 |
| 160 | 12/8/2004 | Email Nikitin to Weiss | WP 0016784-88; GN- 42 |
| 161 | 12/15/2004 | Email Harazim to Nikitin | WP 000309; GN-43 |
| 162 | 12/20/2004 | SPV Co and CRQ Czech Share Purchase Agreement | Bates #s to be confirmed (English) KC1-2063-2148 (Czech) |
| 163 | 12/23/2004 | KT Complaint; (Czech & English) Official Translation to be used at trial | Bates #s to be confirmed; GN-9 |
| 164 | 12/23/2004 | Letter Peterka to Bryan Wilson | WP 0010188; GN- 44 |
| 165 | 12/31/2004 | CVF Report and Financial Statements | WP 0016182 – 0016197 |
| 166 | 2005 | KT, Inc. Tax Return | WP0012654-36 |
| 167 | 1/4/2005 | Email Henry Prestage to Harazim | K3898-9 |
| 168 | 1/4/2005 | Email Walker to Ms. Schweigelova | M0084 |
| 169 | 1/7/2005 | Email Weiss to Harazim | WP0003060-61 |
| 170 | 1/11/2005 | Email Prestage to Walker | M0082-3 |
| 171 | 1/18/2005 | Email Prestage to Harazim (Frank Walker/KT/suit/let's close any day) | K2578-9 |
| 172 | 1/19/2005 | Letter Jeffrey Karp to Delaware Division of Corporation | WP0003096 |
| 173 | 1/27/2005 | Email Frank Walker to Harazim | K2632 |
| 174 | 1/28/2005 | Letter Christodoulos Vassiliades to Markland | M0022-29 |
| 175 | 2/3/2005 | Czech Criminal Charge (Czech & English) Official Translation to be used at trial | K0041-46; LB-2 |
| 176 | 2/8/2005 | Email Bader to Weiss | W 0011547-53; AW-11 |
| 177 | 2/9/2005 | Letter Nikitin to Steffens | WP 0014840-46; GN-45 |

# PLAINTIFFS' TRIAL EXHIBIT LIST

| Number | Date | Description | Bates #/Exhibit # |
|---|---|---|---|
| 178 | 2/14/2005 | SPV Co and CRQ Czech Amendment No.1 to Share and Purchase Agreement (Czech & English) | Bates #s to be confirmed; KC1-1958-1971; 30b6-21 |
| 179 | 2/18/2005 | Anglo Irish Bank Corporation Memorandum | M0001-2 |
| 180 | 2/21/2005 | Email Weiss to Peterka | WP0016972-16981 |
| 181 | 2/25/2005 | Linklaters to Anglo-Irish Bank Corporation | M0010-21 |
| 182 | 3/1/2005 | Email Bader to Weiss | WP0000796-8 |
| 183 | 3/4/2005 | Escrow Agreement/unredacted | Bates #s to be confirmed |
| 184 | 3/4/2005 | Linklaters, KN & CRQ Czech Deposit Agreement | KC1-2018-2062 |
| 185 |  | Joint Investment Instruction | M0003-4 |
| 186 | 3/4/2005 | Letter to SPV KN, a.s. from Walker | M0007-9 |
| 187 | 3/15/2005 | Letter Michael Kendall to David Drumm RE: Markland's Acquisition of Kotva | WP0000838-40 |
| 188 | 3/15/2005 | Weiss' video statement at 3/15/05 press conference | WP0000831-2 |
| 189 | 3/15/2005 | Letter Michael Kendall to Dermot Gleeson RE: Markland's Acquisition of Kotva | WP0017852 |
| 190 | 3/17/2005 | Email Weiss to Forbes | WP 0014172-3; GN- 48 |
| 191 | 3/21/2005 | Email Nikitin to Heidi Brown | WP0003499 |
| 192 | 3/28/2005 | Email Heidi Brown to Weiss | WP0000995-7 |
| 193 | 4/4/2005 | Memo Walker to Scully RE Current Status of "Kotva" Litigation | M0115-17 |
| 194 | 4/15/2005 | Email Nikitin on behalf of Weiss to Joseph Stiglitz | WP0016820 |
| 195 | 4/15/2005 | KT, Inc. Director Action by Written Consent | Bates #s to be confirmed |
| 196 | 4/28/2005 | Email Weiss to Peter Green | WP0014137-9 |
| 197 | 5/14/2005 | Email Nikitin to Milgram | WP0004412-14; EM-12 |
| 198 | 5/16/2005 | Email Nikitin/Weiss to Jason Thomas RE Kochis Fiuz request for information | WP 0004637; GN- 46 |
| 199 |  | Letter to Investors | Fiiz0095; LB-18; Bates #s to be confirmed |
| 200 | 5/20/2005 | Letter Christina Loizou to Nikitin | WP0014950-14957 |
| 201 | 6/2/2005 | Email Weiss to Nick Carey | WP 0014148-9; AW-2 |
| 202 | 6/10/2005 | Email Weiss to Nick Carey | WP0014150 |
| 203 | 6/10/2005 | Email Joseph Stiglitz to Weiss | WP0015517-18 |
| 204 | 6/23/2005 | Letter Weiss to Mr. & Mrs. David Waxman | WAX000202-203; Bates #s to be confirmed |
| 205 | 7/6/2005 | Power of Attorney - signed by Arlene Nahikian | WP0005714 |
| 206 | 7/29/2005 | Email Nikitin to Weiss RE: email to Lenka Zemanova | WP0012130-1 |
| 207 | 8/4/2005 | Email Weiss to Nikitin & Milgram | WP0015475 |
| 208 | 8/29/2005 | Email Weiss to William Green | WP0015469-70 |
| 209 | 9/5/2005 | Email Nikitin/Weiss to Stetson/Kerry | WP 0015459; AW-4 |
| 210 | 9/13/2005 | Email Nikitin to New York Times | WP 0014634-5; GN- 47 |
| 211 | 9/19/2005 | Email Nikitin to New York Times | WP 0014632-33; GN- 49 |

## PLAINTIFFS' TRIAL EXHIBIT LIST

| Number | Date | Description | Bates #/Exhibit # |
|---|---|---|---|
| 212 | 11/7/2005 | Letter from Ambassador Benda to Congressman Barney Frank | WP0012427; LB-11 |
| 213 | 11/24/2005 | Email Weiss to William Green | WP 0015385 -- 87 |
| 214 | 11/30/2005 | Czech Republic Police Resolution - Official Translation to be used at trial | K7994-8014 |
| 215 | 12/7/2005 | CVF Resolution | W0006114; LB-27 |
| 216 | 12/8/2005 | Letter Bryan Wilson to Markland | M0111-14 |
| 217 | 12/12/2005 | Email Nikitin to Weiss | WP 0016351 -- 53 |
| 218 | 12/21/2005 | Topinka's Appeal to Czech Constitutional Court; Czech & English - Official Translation to be used at trial | WP 0017080-085; GN- 4 & 5 |
| 219 | 12/31/2005 | CVF Financial Statements | WP 0012985-0013001; AW-19 |
| 220 | 12/31/2005 | SPV CO December 31, 2005 Financial Statement | K 6398-6416; RH- 5 |
| 221 | 12/31/2005 | Financial Statements of BGO Fund | WP0021582-652 |
| 222 | 1/5/2006 | Email Weiss to Bader | QVT002209-14; Bates #s to be confirmed |
| 223 | 1/12/2006 | Email Frank Lowenstein to Weiss | WP0012217-20 |
| 224 | 1/31/2006 | Letter from High State Prosecutor to Topinka Official Translator | WP0013770-1; LB-9 |
| 225 | 2/1/2006 | Email Nikitin to Steve Ross | WP 0015215-16; AW-5 |
| 226 | 3/1/2006 | Email Nikitin to Milgram, Weiss & Marta Sluborska | WP0017927-8 |
| 227 | 4/3/2006 | Email Weiss to Bader, Marta Sluborska & Nikitin | WP0015031-32; LB-24 |
| 228 | 5/17/2006 | Email Nikitin to Jennifer Levitz @ WSJ | WP 0018192; GN- 34 |
| 229 | 8/7/2006 | Email Weiss to Bader encl. Loan Agreement | WP0021112 |
| 230 | 8/30/2006 | Email Weiss to Paul Steiger RE: Request for correction of errors in WSJ story | WP0021130-33 |
| 231 | 12/31/2006 | CVF Investments Ltd. Report and Financial Statements | WP0022634-49 |
| 232 | | Email Nikitin – Hoffman | WP 0002398; AW-21 |
| 233 | | Letter Weiss to Senator Biden | WP 0012884 & WP 0015406 |
| 234 | | Power of Attorney, KT, Inc. authorizing BH Securities a.s. | WP 0005976 – 77 |
| 235 | | List of ring fenced asset holders | W0004068-69 |
| 236 | | Letters Weiss to Alexandra McKnight | WP 0014274-5 |
| 237 | | REMOVED | |
| 238 | | Trend Settlement Agreement | K 0099-114; 3066-4 |
| 239 | | Votes approving Harazim and Benda to Kolva Board with official English translation | K5040-5046; K5675-79 Bates #s to be confirmed |
| 240 | 7/8/2005 | SPV Co. Certificate | K5106 |
| 241 | | Power of Attorney, KT, Inc. authorizing BH Securities a.s.; signed by Nikitin | WP0002601 |
| 242 | | CVF Settlement Confirmations | WP0008887 |
| 243 | | Schedule for Weiss for the week of May 8- May 14, 2004 | WP0001791-5 |
| 244 | | WAM Chart | W0004260 |

## PLAINTIFFS' TRIAL EXHIBIT LIST

| Number | Date | Description | Bates #/Exhibit # |
|---|---|---|---|
| 245 | | Memo from Criminal File | K8047-50 |
| 246 | | BGO draft press release | K8055-6 |
| 247 | | Svobodova Memorandum | K8062-67 |
| 248 | | Trade Confirmation | WP0020902 |
| 249 | | Investment documents & contracts | K7947-56; K8015-34; K7269-73; K8116-23 |
| 250 | | J&T Bank bills of exchange & related documents | K7513-18; K8124-35 |
| 251 | | J&T Bank statements up to 3/31/06 | K7980-81; K7993; K8112-15 |
| 252 | | UBS Bank statements up to 3/31/06 | K7995SA-66A; K7967-77; K8093-8111 |
| 253 | | Czech legal bills and loan documents | K 8136-74 |
| 254 | 10/2/2004 | Hoffmann memorandum | K 0075-78; RH #15 |
| 255 | 1/15/2007 | Weiss to Nikitin | WP 0022186 |
| 256 | 11/4/2006 | Vivian to Weiss | WP 0022189-94 |
| 257 | 9/7/2006 | Putka to Weiss | WP 0021056-57 |
| 258 | 8/25/2006 | Nikitin to Weiss | WP 0021479-80 |
| 259 | | Power of Attorney | WP 0021921 |
| 260 | 10/25/2004 | Hoffmann to Barath/Weiss | WP 679-687 |
| 261 | | Letters sent by Weiss | QVT 3852 - 56 |
| 262 | 4/14/2005 | Nikitin to Golden | WP 3937 - 8 |
| 263 | 8/31/2005 | Nikitin to HSBC | WP 0012139 |
| 264 | 3/22/2005 | Brown to Weiss | WP 910-911 |
| 265 | 2/1/2006 | Weiss to Nikitin | WP 0015217 |
| 266 | 3/7/2003 | Memo from Hoffmann | WP 0021925-27 |
| 267 | 12/23/2004 | Peterka to Land Registry | WP 0009529 |
| 268 | 1/12/2006 | Lowenstein to Weiss | WP 0012226-30 |
| 269 | | 2000 Transfer of Koiva to KN | Bates #s to be confirmed |
| 270 | | REMOVED | |
| 271 | 3/15/2002 | Memo to Koiva/Jones Lang | Bates #s to be confirmed |
| 272 | | REMOVED | |
| 273 | | Trend Court decision | K 8477-8478 |
| 274 | | Czech Police Recordings | 23.12.2004, 30.11.2004, 2.12.2004, 10.12.2004, 15.12.2004, 27.9.2004, 18.10.2004, Hovory Ay, Cy-hovory |

## PLAINTIFFS' TRIAL EXHIBIT LIST

| Number | Date | Description | Bates #/Exhibit # |
|---|---|---|---|
| 275 | 1/31/2006 | Letter to Mr. Topinka Heading: High State Prosecution Department in Prague, Criminal Division | Unbatesed from Defendants' 9/10/2007 production |
| 276 | 3/15/2007 | Email from Weiss to Dangel, Goldberger & Leibensperger RE Damages | Unbatesed from Defendants' 9/10/2007 production |
| 277 | 6/30/2004 | Gilroy, Ltd. v. Kotva, Petition for declaration of ownership of real estates | Unbatesed from Defendants' 9/10/2007 production |
| 278 | 12/23/2004 | KT, Inc. v. Kotva, Petition for declaration of ownership of real estates (Czech & English version) | Unbatesed from Defendants' 9/10/2007 production |
| 279 | 6/8/2004 | Balfindor, a.s. v. Kotva, Action of annul the decision of the general meeting | Unbatesed from Defendants' 9/10/2007 production |
| 280 | 12/9/2005 | KT, Inc. & CVF Investments v. Kotva, Markland, et.al., Petition for Declaration | Unbatesed from Defendants' 9/10/2007 production |
| 281 | 10/26/2004 | Email from Prestage to Walker RE Legal Letter | Henry Prestage-20 |
| 282 | 11/15/2004 | Email from Prestage to Scully, Walker & Brian Wilson RE Kotva | Henry Prestage-21 |
| 283 | 9/20/2005 | Gilroy Limited Judgment | Exhibit W to Plaintiffs' Transmittal Declaration in Support of Opposition to Def.'s Summary Judgment Motion |
| 284 | | SPV Co. Real Estate deal and associated documents | K8698-8719 |
| 285 | | SPV Co. Investment Documents | K8720-8726 |
| 286 | | SPV Co. Investment Documents | K8727-8732 |
| 287 | | SPV Co. Investment Documents | K8733-8748 |
| 288 | 8/19/2004 | SPV Co. Expenses | K8655-8690 |
| 289 | | J&T Bank/UBS Account Statements to the extent necessary | |
| | | Plaintiffs reserve the right to introduce at trial any exhibits identified by Defendants and any rebuttal exhibits | |

# Objections to Plaintiff's Trial Exhibits

| Number | Date | Description | Bates#/Exhibit# | Objection |
|---|---|---|---|---|
| 1 | | REMOVED | | |
| 2 | | REMOVED | | |
| 3 | 11/23/2000 | Ernst&Young Report 2000 | K0145-151:30b6-18 | No |
| 4 | 6/8/2001 | Transfer real estate from Kotva to KN | K4964-70; Bates #s to be confirmed | Yes: Pending Certified Translation |
| 5 | 9/1/2001 | Photos of Kotva building/neighborhood | Too large; to be sent under separate cover | No, if representative |
| 6 | 9/25/2001 | Jones Land LaSalle Letter | WP0000633-644; K4805 | Yes: Rule 801 |
| 7 | 11/27/2001 | Letter Weiss @ Golden to Hoffman | W0001506-7 | Yes, New Exhibit, TBD |
| 8 | 2/1/2001 | Retail Investment Opportunity-Kotva Department Store | M0093-110 | Yes, New Exhibit, TBD |
| 9 | 3/18/2001 | Emails Ben Bannatyne to Harazim | K3671-3709 | Relevance and hearsay/ 802 |
| 10 | 6/17/2001 | Minutes if the Board of Directors Meeting of BGO | WP0009089-91 | Relevance and 403 |
| 11 | 12/16/2002 | Email Ben Bannatyne to Harazim | K3639;3766;3649-3651 | Yes, Hearsay |
| 12 | 3/24/2003 | Memo from Hoffman | EP0006193 | Yes, New Exhibit, TBD |
| 13 | 4/23/2003 | Legal Due Diligence Questionaire | K2954-61 | Yes, New Exhibit, TBD |
| 14 | 5/2/2003 | Email Bryan Wilson to Harazim | K2972-80 | Yes, Hearsay |
| 15 | 5/12/2003 | Memo Ton Kemp to Prestage | MARK000038-40 & AS-27 | Yes, New Exhibit, TBD |
| 16 | | REMOVED | | Yes, New Exhibit, TBD |
| 17 | 6/19/2003 | Draft of Markland's Legal Due Diligence Report -- Project Kotva | M0121-293 & AS - 24 | Yes, New Exhibit, TBD |
| 18 | 7/17/2003 | Email Ben Bannatyne to Harazim | K3652-4 | No |
| 19 | 7/18/2003 | Email Prestage to James Woolf | WP0003878-80 | Yes, New Exhibit, TBD |
| 20 | 9/2/2003 | Email Hoffman/Milgram/Weiss | WP 0000005; AW-8 | No |
| 21 | 9/2/2003 | Email Weiss to Veverka | WP0017777-78 | Top email: attorney/client privilege. Bottom email: no objection |
| 22 | 9/14/2003 | Email Weiss to Hoffman | WP0000011 | No |
| 23 | 9/15/2003 | Email Hoffman to Weis | WP0000020-1 | No |
| 24 | 9/15/2003 | Letter Weiss to Hoffman | WP0004292-4; GN-2 | No |
| 25 | 9/19/2003 | Email Hoffman to Weiss | W0001026; 30b6-23 | No |
| 26 | 9/29/2003 | Email Hoffman to Weiss | W0001028 | Yes, New Exhibit, TBD |
| 27 | | REMOVED | | Yes, New Exhibit, TBD |
| 28 | 10/16/2003 | Kotva and Markland Agreement on a Future Agreement on Share Purchase | KC1-1539-1581; 30b6-19; Bates #s to be | No |
| 29 | 10/31/2003 | Mandate for Hoffmann | WP 0006204;GN-3 | No |
| 30 | 11/19/2003 | Facsimile Ton Kemp to Prestage | M0061-65 | Yes, New Exhibit, TBD |

## Objections to Plaintiff's Trial Exhibits

| | | | | |
|---|---|---|---|---|
| 31 | | REMOVED | | Yes, New Exhibit, TBD |
| 32 | | REMOVED | | Yes, New Exhibit, TBD |
| 33 | 11/20/2003 | Stipulation and Order of Dismissal | WP0020405-6; AW-27 | Yes, New Exhibit, TBD |
| 34 | 12/2/2003 | Letter Michal Semotan to Dave Johnson | W0001863; 30b6-17 | Yes, New Exhibit, TBD |
| 35 | 12/4/2003 | Email Weiss - Hoffman | WP0000133;AW-9 | No |
| 36 | 12/23/2003 | Email Sonya to Ton Kemp | M0035-7 | Yes, New Exhibit, TBD |
| 37 | 12/31/2003 | CVF Financial Statements | WP0012760-76 | Relevance and 403 |
| 38 | 6/26/1905 | Kotva 1999-2005 Annual Reports | Too voluminous; bates #s to be confirmed | Obj. to Portions: Relevance and 403 |
| 39 | 6/26/1905 | Letter Weiss/CVF LLC Dissolution | WP0003068-9 | Relvance and 403 |
| 40 | | REMOVED | | Yes, New Exhibit, TBD |
| 41 | 1/13/2004 | Email Hoffman to Weiss | WP0000172 | No |
| 42 | 1/20/2004 | Email Hoffman to James Woolf & Weiss | W0001129-30 | Yes, New Exhibit, TBD |
| 43 | 2/2/2004 | Leter Anna Oxley to WAM | WP0000236 | No |
| 44 | 2/23/2004 | Email James Dudley to Frank Walker | M0030-34 | Yes, New Exhibit, TBD |
| 45 | 2/26/2004 | Email Hoffman to Weiss | W0010460 | Yes, New Exhibit, TBD |
| 46 | | REMOVED | | Yes, New Exhibit, TBD |
| 47 | 3/1/2004 | Letter Weiss to Hoffman | WP0000695-6 | No |
| 48 | 4/1/2004 | Email Dave Johnson to Hoffman | W0010423-4 | Yes, New Exhibit, TBD |
| 49 | 4/10/2004 | Transfer real estate to SPV KN | K4971-86; Bates #s to be confirmed | Objection Pending Official Translation |
| 50 | 4/29/2004 | Email Hoffman to Weiss | WP0000326 | No |
| 51 | 5/14/2004 | Email James Woolf to Weiss | WP0016656 | Yes, New Exhibit, TBD |
| 52 | 5/17/2004 | Email Bryan Wilson to Harazim | K1644-45 | Hearsay/802, relevance and 403 |
| 53 | 5/20/2004 | Email Weiss to Milgram | W0010789-90 | Yes, New Exhibit, TBD |
| 54 | 5/21/2004 | Email Liz Lynch to Frank Walker | M0038-60 | Yes, New Exhibit, TBD |
| 55 | 5/27/2004 | SPV Co. Certificate | K6994 | Yes, New Exhibit, TBD |
| 56 | 5/27/2004 | Email Weiss to Hoffman | WP0000409-10 | Yes, New Exhibit, TBD |
| 57 | 5/30/2004 | Email Weiss to Svejnar | WP0000411-13; AW-14 | No |
| 58 | 3/6/2004 | Timetable for Actions Prior to Completion Checklist | MARK001103-5 & AS-34 | Yes, New Exhibit, TBD |
| 59 | | No Exhibit No. 59 | | Yes, New Exhibit, TBD |
| 60 | | No Exhibit No. 60 | | Yes, New Exhibit, TBD |
| 61 | 6/4/2004 | Email Briana Dubrow to Milgram & Weiss | WP0000452 | Yes, New Exhibit, TBD |
| 62 | 6/8/2004 | Email Peterka to Weiss | K8084-6 | Yes, New Exhibit, TBD |
| 63 | 6/16/2004 | KT, Inc. | WP0002685-6 | Yes, New Exhibit, TBD |
| 64 | 6/16/2004 | KT, Inc. Written Consent in Lieu of the Initial Meeting of the Board of Directors | WP0006099-100 | Yes, New Exhibit, TBD |

## Objections to Plaintiff's Trial Exhibits

| 65 | 6/24/2004 | Email Dubrow to Hoffman | WP0008532-41; GN-10 | No |
|----|-----------|-------------------------|---------------------|-----|
| 66 | 6/24/2004 | Email Hoffman to Weiss & Milgram | WP0008522-23 | Yes, New Exhibit, TBD |
| 67 | 6/30/2004 | Gilroy Complaint | WP0000519-33; GN -6 | No |
| 68 | 6/30/2004 | Gilroy Complaint; Official Translation to be used at trial | K 0249-265; GN - 7 | No |
| 69 | 6/30/2004 | Peterka's filing with Property Register | WP0000563 | Yes, New Exhibit, TBD |
| 70 | 7/6/2004 | Hoffman's Notes | K8059-61 | Yes, New Exhibit, TBD |
| 71 | 7/2/2004 | Letter Peterka to Prestage | M0066-81 & AS-31 | Yes, New Exhibit, TBD |
| 72 | 7/7/2004 | Email Bryan Wilson to Harazim | K1822 | No |
| 73 | 7/8/2004 | Facsimile Weiss to Boston Privte Bank and Trust Company | WP00069192-9194 | Yes, New Exhibit, TBD |
| 74 | 7/12/2004 | Email Bryan Wilson to Harazim | K1837-8 | No |
| 75 | 7/13/2004 | Email Bryan Wilson to Harazim | K1845-8 | No |
| 76 | 7/19/2004 | Weiss/KT indemnify Hoffman | W 0002204; AW-7 | Yes, New Exhibit, TBD |
| 77 | 7/19/2004 | Customer reciept & correspondence between Weiss, Milgram and Boston Private Bank and Trust Company | No Bates | Yes, New Exhibit, TBD |
| 78 | 7/30/2004 | Email Henry Prestage to Harazim | K1921-23 | Hearsay/802, relevance and 403 |
| 79 | 8/1/2004 | Letter Nikitin/Weiss to Peterka | K8054 | Yes, New Exhibit, TBD |
| 80 | 8/3/2004 | Email Nikitin to Briana Dubrow | WP0017694-5 | Yes, New Exhibit, TBD |
| 81 | 8/4/2004 | Emails Harazim to Hoffman | K5548-5561 | Objection Pending Official Translation |
| 82 | 8/4/2004 | Benda email | K5551;RH-28 | Objection Pending Official Translation |
| 83 | 8/4/2004 | Email Hoffman-Weiss/Nikitin | W001209-10; GN - 11 | Yes, New Exhibit, TBD |
| 84 | 8/4/2004 | Email Harazim - Hoffman | K5550;GN-12 | No |
| 85 | 8/4/2004 | Email Benda to Weiss | K5548-9; K 5561; GN - 13 | Objection Pending Official Translation |
| 86 | 8/4/2004 | Bank of Bermuda Security Activity Review | WP0002323-5 | Relevance 401 and 403 |
| 87 | 8/4/2004 | Email Annick Langolis to Nikitin | WP0002299-0002327 | No |
| 88 | 8/5/2004 | KT Board Meeting Minutes | WP0002335-6;GN-8 | No |
| 89 | 8/5/2004 | Email Henry Prestage to Harazim | K001925-26; RH-24 | No |
| 90 | 8/6/2004 | Letter Benda to Weiss | W0002812;RH26 | Yes, New Exhibit, TBD |
| 91 | 8/6/2004 | Email Nikitin to Hoffman | WP0002337-8; GN-14 | No |
| 92 | 8/9/2004 | Email Hoffman to Weiss/Nikitin | WP0002341;GN-15 | No |
| 93 | 8/9/2004 | Email Weiss to Hoffman | WP0016704-5;GN-16 | No |
| 94 | 8/11/2004 | Email from Hoffman | WP0000626 | No |
| 95 | 8/11/2004 | Email Scully to Walker | M0091-2 & AS-36 | Yes, New Exhibit, TBD |
| 96 | 8/12/2004 | KT, Inc. Director Action by Written Consent-signed by Weiss | WP0002356 | No |
| 97 | 8/16/2004 | Email Nikitin to Hoffman/Weiss | WP 0002363-4;GN-17 | No |

## Objections to Plaintiff's Trial Exhibits

| 98 | 8/16/2004 | Email Nikitin to Weiss | WP0002365-6;GN-20 | No |
|---|---|---|---|---|
| 99 | 8/17/2004 | Weiss-Benda letter/offer | WP0002368-9; AW-20 | No |
| 100 | 8/17/2004 | Email Hoffman to Nikitin | W0005287-8; GN-18 | No |
| 101 | 8/17/2004 | Email Nikitin to Hoffmann/Harazim | Wp0002372-3;GN-19 | No |
| 102 | 8/12/2004 | Email Harazim to Nikitin/Hoffmann | WP0002377-8;GN-21 | No |
| 103 | 8/17/2004 | Hoffmann to Nikitin | WP0000632;GN-22 | No |
| 104 | 8/17/2004 | Email Hoffmann to Nikitin | WP0002367 | No |
| 105 | 8/17/2004 | BLACKMAIL OFFERS | W0004223-4242; 30b6-29 | Yes, New Exhibit, TBD use of inflammatory language not appreciated, and not descriptive |
| 106 | 8/18/2004 | Email Nikitin to Hoffmann | WP0002396-98;GN-23 | No |
| 107 | 8/18/2004 | Email Nikitin to Harazim & Hoffmann | WP0002399-2400 | No |
| 108 | 8/18/2004 | Email Nikitin to Hoffmann | WP0002401-2;GN-24 | No |
| 109 | 8/23/2004 | Nikitin-Benda letter/offer | WP0002440-1;AW-22 | Objection Pending Official Translation |
| 110 | 8/23/2004 | Letter Weiss to Benda & Harazim | WP0002402 | No |
| 111 | 8/23/2004 | Draft of Letter Weiss to Benda & Harazim | WP0002424 | No |
| 112 | 8/23/2004 | Email Nikikin to Hoffmann | WP0002423-5; GN-25 | No |
| 112 | 8/23/2004 | Email Nikitin to Hoffmann | WP0002426-7;GN26 | No |
| 114 | 8/23/2004 | Email Hoffmann to Harazim | WP0002440-1;GN-27 | No |
| 115 | 8/25/2004 | Email Bryan Wilson to Harazim | K2031 | No |
| 116 | 8/27/2004 | Email Harazim to Nikitin | WP0002446-7; GN -28 | No |
| 117 | 8/27/2004 | Email Hoffmann-Nikitin | W0005305-6:GN-28 | No |
| 118 | 8/30/2004 | Facsimile Ton Kemp to Walker | MARK0010722-4;AS-28 | Yes, New Exhibit, TBD |
| 119 | 8/31/2004 | Email Peterka to Hoffmann | K8051-3 | Yes, New Exhibit, TBD |
| 120 | 9/1/2004 | Email Hoffmann to Nikitin | WP0002451 | No |
| 121 | 9/2/2004 | Email Weiss to Nikitin | WP0002459-60 | Yes, New Exhibit, TBD |
| 122 | 9/2/2004 | Agreement for Sale of Shares | WP0007770-71 | Yes, New Exhibit, TBD |
| 123 | 9/13/2004 | Email Henry Prestage to Harazim | K2171 | Hearsay/802, relevance and 403 |
| 124 | 9/15/2004 | Email Peterka to Weiss | K8082-3 | Yes, New Exhibit, TBD |
| 125 | 9/16/2004 | Memorandum Wilson to Markland | M0018-21 | Yes, New Exhibit, TBD |
| 126 | 9/20/2004 | Email Henry Prestage to Harazim | K2197-2200 | Hearsay/802, relevance and 403 |
| 127 | 9/20/2004 | Email Henry Prestage to Harazim | K2201-12 | Hearsay/802, relevance and 403 |

# Objections to Plaintiff's Trial Exhibits

| | | | | |
|---|---|---|---|---|
| 128 | 9/24/2004 | Email Nikitin to Jason LeRoux | W0005602-4 | Hearsay/802, relevance and 403 |
| 129 | 9/24/2004 | Letter Milgram to Jason | WP0006201 | Yes, New Exhibit, TBD |
| 130 | 9/27/2004 | Email Henry Prestage to Harazim | K2219 | Hearsay/802 |
| 131 | 9/29/2004 | Email Hoffmann to Nikitin | WP0002656;GN-29 | No |
| 132 | 10/4/2004 | Email Hoffmann to Weiss | WP0000664-662;GN-31 | No |
| 133 | 10/4/2004 | Record of Meeting between companies in the Kotva concern/Assignment | K8087-92 | Yes, New Exhibit, TBD |
| 134 | 10/5/2004 | Email Hoffmann to Weiss | WP0000666-8 | No |
| 135 | 10/7/2004 | Email Henry Prestage to Harazim | K2229 | Hearsay/802 |
| 136 | 10/8/2004 | Kt, Inc. Director action by Written Consent | WP0002687 | No |
| 137 | 10/11/2004 | Email Prestage to Walker | M0118-19 | Yes, New Exhibit, TBD |
| 138 | 10/12/2004 | Email Peterka to Weiss | K0060-62 | Attorney-client |
| 139 | 10/18/2004 | Email Hoffman to Weiss | K0071;GN-32 | No |
| 140 | 10/18/2004 | Email Peterka to Weiss | WP0013980-1;GN-35 | Attorney-client |
| 141 | 10/18/2004 | Email Evzen Kocenda to Weiss | WP0000673-4 | Yes, New Exhibit, TBD |
| 142 | 10/20/2004 | Email Wilson to Harazim | K2259; 30b6-10 | No |
| 143 | 10/21/2004 | Email Nikitin to Hoffmann | K0073;GN-33 | No |
| 144 | 10/26/2004 | Email Prestage to Harazim | K2263:30b6-11 | No |
| 145 | 10/27/2004 | Email Hoffmann to Yosi Barath, Nikitin & Weiss | WP0000688 | No |
| 146 | 11/3/2004 | Email Hoffmann to Weiss | K0093;GN-36 | No |
| 147 | 11/4/2004 | Certofocate of Organization of CVF Investments, LLC | WP0006114-16 | No |
| 148 | 11/8/2004 | Email Henry Prestage to Harazim | K2293-4 | Hearsay/802 |
| 149 | 11/9/2004 | Email Weiss to Hoffman | K0048;GN-37 | No |
| 150 | 11/11/2004 | Nikitin to Hoffmann | WP0002761;GN-38 | No |
| 151 | 11/18/2004 | KT, Inc. Director Action by Written Consent - signed by Weiss | W0002205 | Yes, New Exhibit, TBD |
| 152 | 11/18/2004 | Email Scully to Harazim | K2333 | Yes, New Exhibit, TBD |
| 153 | 11/23/2004 | Weiss letter to Benda/Harazim | W0004230-32;GN-39 | Yes, New Exhibit, TBD |
| 154 | 11/24/2004 | Email Weiss to Milgram, Nikitin & Yossi Barath | WP0021928-29 | Yes, New Exhibit, TBD |
| 155 | 11/25/2004 | Email Weiss to Hoffman | WP0000702-3 | Yes, New Exhibit, TBD |
| 156 | 11/26/2004 | Letter Hoffmann to Weiss | K0050 | Yes, New Exhibit, TBD |
| 157 | 12/1/2004 | Email Harazim to Weiss | WP0000705-6;GB-40 | No |
| 158 | 12/3/2004 | Facsimile Andrew Dixon-Smith to Harazim | M0089-90 | Yes, New Exhibit, TBD |
| 159 | 12/8/2004 | Email Nikitin to Harazim | K0026-30;GN-41 | No |
| 160 | 12/8/2004 | Email Nikitin to Weiss | WP0016784-88;GN-40 | No |
| 161 | 12/15/2004 | Email Harazim to Nikitin | WP000309;GN-43 | No |
| 162 | 12/20/2004 | SPV Co and CRQ Czech Share and Purchase Agreement | Bates #s to be confirmed (English) KC1-2063-2148 (Czech) | No |

## Objections to Plaintiff's Trial Exhibits

| | | | Bates #s to be | |
|---|---|---|---|---|
| 163 | 12/23/2004 | KT Complaint; (Czech & English) Official Translation to be used at trial | confirmed; GN-9 | No |
| 164 | 12/13/2004 | Letter Peterka to Bryan Wilson | WP0010188;GN-44 | No |
| 165 | 12/31/2004 | CVF Report and Financial Statements | WP0016182-0016197 | Relevance and 403 |
| 166 | 2005 | KT, Inc. Tax Return | WP0012634-36 | Relevance and 403 |
| 167 | 1/4/2005 | Email Henry Prestage to Harazim | K3898-9 | No |
| 168 | 1/4/2005 | Email Walker to Ms. Schweigelova | M0084 | Yes, New Exhibit, TBD |
| 169 | 1/7/2005 | Email Weiss to Harazim | WP0003060-61 | Yes, New Exhibit, TBD |
| 170 | 1/11/2005 | Email Prestage to Walker | M0082-3 | Yes, New Exhibit, TBD |
| 171 | 1/18/2005 | Email Prestage to Harazim (Frank Walker/KT/suit/let's close any day | K2578-9 | Hearsay/802 |
| 172 | 1/19/2005 | Letter Jeffrey Karp to Deleware District Corporation | WP0003096 | No |
| 173 | 1/27/2005 | Email Frank Walker to Harazim | K2632 | Hearsay/802 |
| 174 | 1/28/2005 | Letter Christodoulos Vassiliades to Markland | M0022-29 | Yes, New Exhibit, TBD |
| 175 | 2/3/2005 | Czech Criminal Charge (Czech & English) Official Translation to be used at trial | K0041-46; LB -2 | Hearsay/802, 403, 401 |
| 176 | 2/8/2005 | Email Baer to Weiss | W0011547-53; AW-11 | No |
| 177 | 2/9/2005 | Letter Nikitin to Steffens | WP0014840-46; GN-45 | Relevance and 403 |
| 178 | 2/14/2005 | SPV Co and CRQ Czech Amendment No. 1 to Share and Purchase Agreement (Czech and English) | Bates #s to be confirmed; KC1-1958- | No |
| 179 | 2/18/2005 | Anglo Irish Bank Corporation Memorandum | M0001-2 | Yes, New Exhibit, TBD |
| 180 | 2/21/2005 | Email Weiss to Peterka | WP0016972-16981 | Yes, New Exhibit, TBD |
| 181 | 2/25/2005 | Linklaters to Anglo-Irish Bank Corporation | M0010-21 | Yes, New Exhibit, TBD |
| 182 | 3/1/2005 | Email Bader to Weiss | WP0000796-8 | Yes, New Exhibit, TBD |
| 183 | 3/4/2005 | Escrow Agreement/unredacted | Bates #s to be confirmed | Yes, New Exhibit, TBD |
| 184 | 3/4/2005 | Linklaters, KN & CRQ Czech Deposit Agreement | KC1-2018-2062 | Yes, New Exhibit, TBD |
| 185 | | Joint Investment Instruction | M0003-4 | Yes, New Exhibit, TBD |
| 186 | 3/4/2005 | Letter to SPV KN, a.s. from Walker | M0007-9 | Yes, New Exhibit, TBD |
| 187 | 3/15/2005 | Letter Michael Kendall to David Drumm RE: Markland's Acquisition of Kotva | WP0000838-40 | Yes, New Exhibit, TBD |
| 188 | 3/15/2005 | Weiss' video statement at 3/15/05 press conference | WP0000831-2 | Yes, New Exhibit, TBD |
| 189 | 3/15/2005 | Letter Michael Kendall to Dermott Gleeson RE: Marklands Acquisition of Kotva | WP0017852 | Yes, New Exhibit, TBD |
| 190 | 3/17/2005 | Email Weiss to Forbes | WP0014172-3;GN-48 | No |
| 191 | 3/21/2005 | Email Nikitin to Heidi Brown | WP0003499 | Yes, New Exhibit, TBD |
| 192 | 3/28/2005 | Email Heidi Brown to Weiss | WP0000995-7 | 403 |
| 193 | 4/4/2005 | Memo Walker to Scully RE Current Status of Kotva Litigation | M0115-17 | Yes, New Exhibit, TBD |
| 194 | 4/14/2005 | Email Nikitin on behalf of Weiss to Joseph Stiglitz | WP0016820 | No |

## Objections to Plaintiff's Trial Exhibits

| | | | | |
|---|---|---|---|---|
| 195 | 4/15/2005 | KT, Inc. Director Action by Written Consent | Bates #s to be confirmed | Yes, New Exhibit, TBD |
| 196 | 4/15/2005 | Email Weiss to Peter Green | WP0014137-9 | Yes, New Exhibit, TBD |
| 197 | 4/28/2005 | Email Nikitin to Milgram | WP0004412014;EM-12 | Yes, New Exhibit, TBD |
| 198 | 5/14/2005 | Email Nikitin/Weiss to Jason Thoman RE Kochis Fitz request | WP0004637;GN-46 | No |
| 199 | 5/16/2005 | Letter to Investors | Fitz0095; LB-18; Bates #s to be confirmed | No |
| 200 | 6/2/2005 | Letter Christina Loizou to Nikitin | WP0014950-14957 | Yes, New Exhibit, TBD |
| 201 | 6/10/2005 | Email Weiss to Nick Carey | WP 0014148-9; AW-2 | No |
| 202 | 6/10/2005 | Email Weiss to Nick Carey | WP0014150 | No |
| 203 | 6/23/2005 | Email Joseph Stiglitz to Weiss | WP0015517-18 | Yes, New Exhibit, TBD |
| 204 | 7/6/2005 | Letter Weiss to Mr. & Mrs. David Waxman | WAX000202-203; Bates #s to be confirmed | Yes, New Exhibit, TBD |
| 205 | 7/29/2005 | Power of Attorney -- signed by Arlene Nahikian | WP0005714 | Yes, New Exhibit, TBD |
| 206 | 8/4/2005 | Email Nikitin to Weiss RE: email to Lenka Zemanova | WP0012130-1 | Yes, New Exhibit, TBD |
| 207 | 8/29/2005 | Email Weiss to Nikitin and Milgram | WP0015475 | Yes, New Exhibit, TBD |
| 208 | 9/5/2005 | Email Weiss to William Green | WP0015469-70 | Yes, New Exhibit, TBD |
| 209 | 9/13/2005 | Email Nikitin/Weiss to Stetson/Kerry | WP 0015459; AW-4 | Relevance and 403 |
| 210 | 9/19/2005 | Email Nikitin to New York Times | WP 0014634-5; GN-47 | Relevance and 403 |
| 211 | 9/19/2005 | Email Nikitin to New York Times | WP 0014632-33; GN-49 | No |
| 212 | 11/7/2005 | Letter from Ambassador Palous to Congressman Barney Frank | WP0012427; LB-11 | Relevance and 403 |
| 213 | 11/24/2005 | Email Weiss to William Green | WP 0015385-87 | Relevance and 403 |
| 214 | 11/30/2005 | Czech Republic Police Resolution - Official Translation to be used at trial | K7994-8014 | Yes, New Exhibit, TBD |
| 215 | 12/7/2005 | CVF Resolution | W0006114; LB-27 | Yes, New Exhibit, TBD |
| 216 | 12/8/2005 | Letter Bryan Wilson to Markland | M0111-14 | Yes, New Exhibit, TBD |
| 217 | 12/12/2005 | Email Nikitin to Weiss | WP0016351-53 | Relevance and 403 |
| 218 | 12/21/2005 | Topinka's Appeal to Czech Constitutional Court; Czech & English - Offical Translation to be used at trial | WP 0017080-085; GN-4 & 5 | Objection Pending Official Translation |
| 219 | 12/31/2005 | CVF Financial Statements | WP 0012985-0013001; AW-19 | Relevance and 403 |
| 220 | 12/31/2005 | SPV CO December 31, 2005 Financial Statement | K 6398-6416; RH-5 | No |
| 221 | 12/31/2005 | Financial Statements of BGO Fund | WP0021582-652 | Yes, New Exhibit, TBD |
| 222 | 1/5/2006 | Email Weiss to Bader | QVT002209-14; Bates #s to be confirmed | Yes, New Exhibit, TBD |
| 223 | 1/12/2006 | Email Frank Lowenstein to Weiss | WP0012217-20 | Yes, New Exhibit, TBD |
| 224 | 1/31/2006 | Letter from High State Prosecutor to Topinka Official Translator | WP0013770-1; LB-9 | 802, 403, and pending official translation |

## Objections to Plaintiff's Trial Exhibits

| | | | | |
|---|---|---|---|---|
| 225 | 2/1/2006 | Email Nikitin to Steve Ross | WP 0015215-16; AW-5 | Relevance and 403 |
| 226 | 3/1/2006 | Email Nikitin to Milgram, Weiss & Marta Sluborska | WP0017927-8 | Yes, New Exhibit, TBD |
| 227 | 4/3/2006 | Email Weiss to Bader encl. Loan Agreement | WP00211112 | Yes, New Exhibit, TBD |
| 228 | 5/17/2006 | Email Nikitin to Jennifer Levits @ WSJ | WP 0018192; GN - 34 | No |
| 229 | 8/7/2006 | Email Weiss to Bader, Marta Sluborska & Nikitin | WP0015031-32; LB-24 | Yes, New Exhibit, TBD |
| 230 | 8/30/2006 | Email Weiss to Paul Steiger RE: Request for correction of errors in WSJ story | WP0021130-33 | Yes, New Exhibit, TBD |
| 231 | 12/31/2006 | CVF Investments Ltd. Report and Financial Statements | WP0022634-49 | Yes, New Exhibit, TBD |
| 232 | | Email Nikitin - Hoffman | WP 0002398; AW-21 | Object to the reference to his summer house as relevance, and 403 |
| 233 | | Letter Weiss to Senator Biden | WP 0012884 & WP | Relevance and 403 |
| 234 | | Power of Attorney, KT, Inc. authorizing BH Securities a.s. | WP 0005976-77 | Yes, New Exhibit, TBD |
| 235 | | List of ring fenced asset holders | W0004068-69 | Yes, New Exhibit, TBD |
| 236 | | Letters Weiss to Alexandra McKnight | WP 0014274-5 | Yes, New Exhibit, TBD |
| 237 | | Hoffman Resume | WP 0000034-36 | No |
| 238 | | Trend Settlement Agreement | K 0099-114; 30b6-4 | No |
| 239 | | Votes approving Harazim and Benda to Kotva Board | K5040-5046; K5675-79 Bates #s to be | Objection Pending Official Translation |
| 240 | 7/8/2005 | SPV Co. Certificate | K5106 | Yes, New Exhibit, TBD |
| 241 | | Power of Attorney, KT, Inc. authorizing BH Securities a.s.; signed by | WP0002601 | No |
| 242 | | CVF Settlement Confirmations | WP0008887 | No |
| 243 | | Schedule for Weiss for the week of May 8-May 14, 2004 | WP0001791-5 | No |
| 244 | | WAM Chart | W0004260 | Yes, New Exhibit, TBD |
| 245 | | Memo from Criminal File | K8047-50 | Yes, New Exhibit, TBD |
| 246 | | BGO draft press release | K8055-56 | Yes, New Exhibit, TBD |
| 247 | | Svobodova Memorandum | K8062-67 | Yes, New Exhibit, TBD |
| 248 | | Trade Confirmation | WP0020902 | Yes, New Exhibit, TBD |
| 249 | | Investment documents & contracts | K7947-56; K8015-34; K7269-73; K8116-23 | Yes, New Exhibit, TBD |
| 250 | | J&T Bank bills of exchange & related documents | K7513-18; K8124-35 | Yes, New Exhibit, TBD |
| 251 | | J&T Bank statements up to 3/31/06 | K7980-81; K7993;K8112-15 | Yes, New Exhibit, TBD |
| 252 | | UBS Bank statements up to 3/31/06 | K79955A-66A; K7967-77; K8093 8111 | Yes, New Exhibit, TBD |
| 253 | | Czech legal bills and loan documents | K 8136-74 | Yes, New Exhibit, TBD |
| 254 | 10/2/2004 | Hoffman memorandum | K 0075-78; RH #15 | Yes, New Exhibit, TBD |
| 255 | 1/15/2007 | Weiss to Nikitin | WP 0022186 | Yes, New Exhibit, TBD |

# Objections to Plaintiff's Trial Exhibits

| | | | | |
|---|---|---|---|---|
| 256 | 11/4/2006 | Vivian to Weiss | WP 0022189-94 | Yes, New Exhibit, TBD |
| 257 | 9/7/2006 | Putka to Weiss | WP 0021056-57 | Yes, New Exhibit, TBD |
| 258 | 8/25/2006 | Nikitin to Weiss | WP 0021479-80 | Yes, New Exhibit, TBD |
| 259 | | Power of Attorney | WP 0021921 | Yes, New Exhibit, TBD |
| 260 | 10/25/2004 | Hoffman to Barath/Weiss | WP 679-687 | Yes, New Exhibit, TBD |
| 261 | | Letters sent by Weiss | QVT 3852-56 | Yes, New Exhibit, TBD |
| 262 | 4/14/2005 | Nikitin to Golden | WP 3937-8 | Yes, New Exhibit, TBD |
| 263 | 8/31/2005 | Nikitin to HSBC | WP 0012139 | Yes, New Exhibit, TBD |
| 264 | 3/22/2005 | Brown to Weiss | WP 910-911 | Yes, New Exhibit, TBD |
| 265 | 2/1/2006 | Weiss to Nikitin | WP 0015217 | Yes, New Exhibit, TBD |
| 266 | 3/7/2003 | Memo from Hoffman | WP 0021925-27 | Yes, New Exhibit, TBD |
| 267 | 12/23/2004 | Peterka to Land Registry | WP 0009529 | Yes, New Exhibit, TBD |
| 268 | 1/12/2006 | Lowenstein to Weiss | WP 0012226-30 | Yes, New Exhibit, TBD |
| 269 | | 2000 Transfer of Kotva to KN | Bates #s to be confirmed | Yes, New Exhibit, TBD |
| 270 | | IPB Arbitration Decision | Too voluminous to include; K8175 8476; Bates #s to be confirmed | Yes, New Exhibit, TBD |
| 271 | 3/15/2002 | Memo to Kotva/Jones Lang | Bates #s to be confirmed | Yes, New Exhibit, TBD |
| 272 | | All exhibits attached to Kotva's Complaint filed in this case | | Yes, New Exhibit, TBD |
| 273 | | Trend Court Decision | K 8477-8478 | Yes, New Exhibit, TBD |
| 274 | | | | Yes, New Exhibit, TBD |
| | | Any documents identified and/or relied upon by defendants expert | | Yes, New Exhibit, TBD |
| | | Czech Police Recordings | Awaiting production from Defendants/and from Czech Republic | Yes, New Exhibit, TBD |
| | | Pleadings from IPB/RIF lawsuits filed in Czech Rupublic and official translations thereof | Awaiting receipt from Czech Republic | Yes, New Exhibit, TBD |
| | | Any of the documents produced by Defendants on March 23, 2007 (Bates nos. WP22842-WP23619) and official translations thereof, including complaints filed by Weiss parties against Markland | WP 22842-23619 | Yes, New Exhibit, TBD |
| | | Any documents produced by Defendants in response to Plaintiffs counsel's letter dated March 15, 2007 and awaiting response from Defendants | | Yes, New Exhibit, TBD |
| | | Any of the deposition exhibits marked at the depositions of Scully and Mulryan that have yet to be produced to Plaintiffs | | Yes, New Exhibit, TBD |
| | | Any exhibits identified by Defendants and any rebuttal exhibits | | Yes, New Exhibit, TBD |

## Objections to Plaintiff's Trial Exhibits

|  |  | UBS and J&T bank statements up to the trial date to the extent needed |  |  |
|---|---|---|---|---|

Printed 10/09/2007 1:20 PM

# Defendants' Trial Exhibit List

| Date | Description | Bates Numbers | Trial Ex. |
|------|-------------|---------------|-----------|
| 2003/09/06 | Email from J. Veverka to Weiss re: nformation | WP0000007 | 1 |
| 2003/11/10 | Email sting from V. Hoffmann to Weiss (cc: E. Milgram; D. Johnson) re: Trend | WP0000096-WP0000097 | 2 |
| 2003/11/28 | Email from V. Hoffmann to D. Johnson (cc: A. Weiss; E. Milgram) re: Kotva | WP0000125 | 3 |
| 2003/12/08 | Email from V. Hoffmann to A. Weiss (cc: E. Milgram, D. Johnson) re: Kotva | WP0000137 | 4 |
| 2003/12/18 | Email from A. Weiss to V. Hoffmann (cc: D. Johnson; E. Milgram) re: Kotva-important I; With letter regarding general meeting attached | WP0000153-WP0000155 | 5 |
| 2003/12/19 | Email sting from V. Hoffmann to Weiss (cc: E. Milgram; D. Johnson) re: Kotva-important I | WP0000160 | 6 |
| 2003/12/23 | Email from V. Hoffmann to E. Milgram; A. Weiss re: Kotva | WP0000165 | 7 |
| 2004/03/25 | Email from V. Hoffmann to A. Weiss (cc: R. Woo; E. Milgram; D. Johnson) re: Minutes from the Kotva meeting with attached minutes | WP0000300-WP0000302 | 8 |
| 2004/03/25 | Email sting from A. Weiss to V. Hoffmann (cc: D. Johnson, E. Milgram, G. Nikitin) re: Minutes from the Kotva meeting | WP0000303 | 9 |
| 2003/07/16 | Letter from J. Woolf to H. Prestage re: Kotva building | WP0000336-WP0000337 | 10 |
| 2004/05/06 | Email from V. Hoffmann to G. Nikitin re: Offer from PR agency ExMise | WP0001759-WP0001763 | 11 |
| 2003/07/18 | Email sting from H. Prestage to J. Woolf (cc: B. Wilson) re: Kotva | WP0007772-WP0007774 | 12 |
| 2003/12/22 | Letter from BGO Fund in Czech | WP0007786-WP0007787 | 13 |
| 2004/06/03 | Email from V. Hoffmann to A. Weiss (cc: E. Milgram, D. Johnson) re: Kotva/Trend | WP0008406 | 14 |
| xxxx/xx/xx | Miscellaneous news articles | WP0008845-WP0008858 | 15 |
| 2005/xx/xx | Annual Report of the Security Information Service (BIS) for 2005 | WP0021539-WP0021569 | 16 |
| 1995/08/04 | KHB buys management contract of Trend | WP0001197 – WP0001200 | 17 |
| 1996/xx/xx | Trades in Kotva shares in 1996 | WP022838-WP022841 | 18 |

Trial Ex.Lisis B - Trial Exhibit Index

1

Defendants' Trial Exhibit List

| Date | Description | Bates Numbers | Trial Ex. |
|---|---|---|---|
| 1997/05/13 | Forminster's Trend Shares Frozen | WP0010834-WP0010836 | 19 |
| 1999/06/00 | Brookdale Group Ltd. ("BGL") takes over mangement of investments of CVF | WP0004152-WP0004192 | 20 |
| 2001/06/20 | Benda testimony | WP0022790-WP0022792 | 21 |
| 2001/06/20 | Harazim testimony | WP0022793-WP0022795 | 22 |
| 2003/07/01 | Chart in Czech | WP022824-WP022825 | 23 |
| 2003/09/19 | Harazim approaches Hoffmann and suggests that he might purchase BGO's Kolva shares | WP0000049 | 24 |
| 2004/01/01 | Chart in Czech | WP022830-WP022832 | 25 |
| 2004/05/02 | Sunday Times article, "Kelly and Mulryan in Prague Store Deal" | WP022837 | 26 |
| 2004/05/12 | Report of conduct signed by A. Weiss, R. Harazim | WP0005911 | 27 |
| 2004/07/01 | Chart in Czech | WP022826-WP022827 | 28 |
| 2004/08/20 | Benda tells Hoffmann that all lawsuits must be withdrawn for a purchase to take place | WP0000662 | 29 |
| 2004/10/15 | Gilroy files petition seeking declaration that Trend, not Forminster, owns 32% of Kolva | WP0002022-WP0002036 | 30 |
| 2005/01/01 | Chart in Czech | WP022833-WP022834 | 31 |
| 2005/05/26 | Letter from E. Leibensperger to KPMG re: Brookdale International Partners | WP022820-WP022821 | 32 |
| 2005/05/26 | Letter from E. Leibensperger to KPMG re: BGO Fund | WP022822-WP022823 | 33 |
| 2005/06/20 | Letter from E. Leibensperger to W. Mellaneo re: BGO Fund | WP022819 | 34 |
| 2005/07/01 | Chart in Czech | WP022828-WP022829 | 35 |
| 2005/09/12 | Maxam EH Term Letter (with track changes) | WP022805-WP022811 | 36 |
| 2006/01/01 | Chart in Czech | WP022835-WP022836 | 37 |
| 2007/02/13 | Event Capital Markets: Legal & Regulatory Questionaire | WP022801-WP0022803 | 38 |
| 2007/02/13 | Email from J. Van Vort to G. Nikilin (cc: M. Sluborska) re: Legal Questionaire | WP022804 | 39 |
| xxx/xx/xx | Cambridge Associates Questionaire | WP0022798-WP0022800 | 40 |
| xxx/xx/xx | Maxam EH Term Letter (blank form) | WP022812-WP022818 | 41 |
| 2004/01/05 | Letter from Harazim | WP0007788 | 42 |

Defendants' Trial Exhibit List

| Date | Description | Bates Numbers | Trial Ex. |
|---|---|---|---|
| 2003/08/08 | Report of High Public Prosecutor, Fila, Report on prosecution of Halek. -- Document in Czech | WP0009545-WP0010112 | 43 |
| 1999/09/xx | Report of the Board of Directors to Shareholders Concerning the Investment of Czech Value Fund into the shares of Trend IF and Kotva | WP0005923-WP0005937 | 44 |
| 2006/11/17 | Special Master Order 10 | | 45 |
| 2007/01/26 | Special Master Order 11 on Plaintiff's Motion for Protective Order | | 46 |
| 2007/01/27 | Special Master Order 12 on Motion for Sanctions and to Compel Production of Documents and Answers to Interrogatories by Richard Harazim | | 47 |
| 2003/01/10 | letter from Benda on behalf of Forminster after he was no longer officially director, dated 10 January 2003 | WP0011684 | 48 |
| 2003/09/xx | Hoffmann Resume Sept. 03 | WP0005920-WP0005922 | 49 |
| 2004/03/08 | minutes of 8 March 2004 Kotva meeting in Czech | WP0010839-WP0010859 | 50 |
| 2004/05/26 | engagement letter for Salans, 26 May 2004 | WP0000400-WP0000403 | 51 |
| 2004/05/27 | email from Andy regarding engagement letter for Salans, 27 May 2004 | WP0000408 | 52 |
| 2004/06/07 | I have hired Peterka 7 June 2004 | WP0000464 | 53 |
| 2002/02/27 | U.K. arbitrator issues award | WP0012241-WP0012285 | 54 |
| 2004/08/17 | Harazim rejects offer; email in which Harazim asks to link sale to lawsuits | WP0000630-WP0000631 | 55 |
| 2006/xx/xx | High Court Forminster Freezing Order 2006 | WP0022170-WP0022173 | 56 |
| 2006/xx/xx | Regional Court Freezing Order 2006 | WP0022174-WP0022178 | 57 |
| 2004/05/13 | Prague Post newspaper article with Woolf threats, "Kotva sold but details murky" | WP0000624 | 58 |
| 2004/05/16 | Sunday Times newspaper article with Woolf threats, "Legal threat to Irish deal in Prague" | WP0000628 | 59 |
| 1996/10/23 | Power of attorney from Forminster to Halek | WP0010189-WP0010196 | 60 |
| xxxx/xx/xx | Tyden Article -- Document in Czech | WP0010601 | 61 |
| 2004/06/03 | Email forwarding to Woolf email to Svenjar | WP0016673-WP0016676 | 62 |
| 2004/11/23 | November Offer for Trend/Kotva shares | WP0000699-WP0000701 | 63 |
| 2004/12/01 | Email--Harazim invites Weiss to Prague | WP0000705-WP0000706 | 64 |

Printed 10/09/2007 1:20 PM

# Defendants' Trial Exhibit List

| Date | Description | Bates Numbers | Trial Ex. |
|------|-------------|---------------|-----------|
| 2004/12/03 | Email from Harazim to Weiss, "It is a pity you will not be able to come." | WP0000708-WP0000709 | 65 |
| 2004/05/10 | Email -- Lunch with Forminster from Hoffmann | WP0001799-WP0001799 | 66 |
| 2004/05/17 | Email from Hoffmann --> Weiss Prestage contact information and Woolf letter | WP0001815-WP0001817 | 67 |
| 2004/08/09 | Email from Nikilin-->Hoffmann please forward offer from Benda | WP0002340 | 68 |
| xxx/xx/xx | Trend Tunneling Chart | WP0003942 | 69 |
| xxx/xx/xx | Kotva Structure Chart | WP0003945-WP0003949 | 70 |
| 2004/03/09 | Articles of Kotva English | WP0006399-WP0006412 | 71 |
| 2004/03/05 | Email from Johnson re emergency general meeting | WP0008204-WP0008205 | 72 |
| 2004/03/22 | Email from BoB re registered owner of shares | WP0008218-WP0008221 | 73 |
| 2006/02/01 | Email from Nikilin to DRKW saying that lawsuit is being fought and purpose appears to be to force WAM to have these sorts of conversations with investors and counterparties | WP0009268-WP0009270 | 74 |
| 2005/08/11 | Email from M. Newallo regarding CIBC problem | WP0016634-WP0016635 | 75 |
| 2004/11/10 | Email from Hoffmann about which lawsuits Benda was demanding withdrawal of | WP0016764 | 76 |
| 2000/03/14 | CVF/BGO minutes in which Golden says (in Weiss's presence) in March 2000 that although Kotva valued at 373 C2K, Kotva may be sold at 2000 C2K | WP0017040-WP0017053 | 77 |
| 2004/06/30 | Gilroy files petition seeking declaration of ownership of real property | K0000250-K0000265 | 78 |
| 2004/10/13 | Harazim sends email to Markland representatives suggesting possible criminal libel action against newspaper reporter | K002257-K002258 | 79 |
| 2004/12/17 | Email from R. Harazim to R. Harding (DB) and D. Schweigelova (Flow) accusing Woolf of unethical, illegal conduct | MARK000980-MARK000981 | 80 |
| 2005/01/04 | Email from R. Harazim to H. Prestage confirming that he knows that K T lawsuit's "authors are the same - by Weiss paid Peterka." | K3898-K3899 | 81 |

Trial Ex.Lists B - Trial Exhibit Index

4

Defendants' Trial Exhibit List

Printed 10/9/2007 1:20 PM

| Date | Description | Bates Numbers | Trial Ex. |
|------|-------------|---------------|-----------|
| 2005/01/06 | Weiss sends email to Harazim denying WAM controls KT | K000037-K000038 | 82 |
| 2004/09/15 | Benda 15 September 2004 Witness Statement | WP0019243-WP0019247 | 83 |
| 2005/01/12 | Benda 12 January 2005 Witness Statement | WP0019248-WP0019250 | 84 |
| 2004/09/09 | R. Harazim Police States 9 September 2004 | WP0019239-WP0019242 | 85 |
| 2004/11/30 | Email from R. Harazim to B. Wilson regarding Gilroy having a new lawyer, P. Sramek | K2346 | 86 |
| 2004/10/25 | Email from B. Wilson to R. Harazim, forwarded to Czech attorneys regarding D. Redfern, DB | K6257 | 87 |
| 2004/11/25 | Letter to A. Dixon-Smith from R. Harazim | K6171 | 88 |
| 2004/12/00 | Draft lawsuit against Woolf. Damages calculation | K6248-K6256 | 89 |
| 2005/03/29 | Letter to A. Dixon-Smith from Harazim (consulted JT Bank about their attitude, etc.) | K6168 | 90 |
| 2005/06/16 | Indemnity Deed - Kotva Settlement, references contracts | | 91 |
| 2005/06/16 | Deed of Indemnity SEL / FEL | K6172-K6220 | 92 |
| 2006/07/24 | Court order preventing FEL from voting shares | | 93 |
| 2003/09/15 | Signed contract letter with Hoffmann | WP0004292-WP0004294 | 94 |
| 2003/10/31 | Signed mandate agreement: Hoffmann - BGO | WP0006204 | 95 |
| 2004/06/30 | Gilroy Lawsuit | WP0000519-WP0000533 | 96 |
| 2004/06/24 | Email to V. Hoffmann from B. Dubrow with K T corporate documents and POAs attached | WP0008532-WP0008541 | 99 |
| 2004/08/04 | Email from R. Harazim to V. Hoffmann regarding attaching summary of meeting with M. Benda | K5550 | 100 |
| 2004/08/06 | Email chain between G. Nikilin and V. Hoffmann regarding requesting written offer from Benda, media monitoring. Trend trading history | WP0002337-WP0002338 | 101 |
| 2004/08/09 | Email to G. Nikilin and A. Weiss from V. Hoffmann forwarding offer from M. Benda sent through R. Harazim | WP0002341-WP0002343 | 102 |
| 2004/08/16 | Email from V. Hoffmann to A. Weiss regarding M. Benda reaction to 131M CZK deal with no conditions relating to lawsuits | WP0002363-WP0002364 | 103 |

## Defendants' Trial Exhibit List

| Date | Description | Bates Numbers | Trial Ex. |
|---|---|---|---|
| 2004/08/17 | Offer to sell shares for 131M CZK, no additional obligations or restrictions | WP0002372-WP0002373 | 104 |
| 2004/08/17 | R. Harazim response asking for link to lawsuits in next offer. | WP0002377-WP0002378 | 105 |
| 2004/08/17 | Email from V. Hoffmann reagrding discussions with M. Benda: no insistance on dropping Balfindor, only Gilroy or other title-related lawsuits | WP0000632 | 106 |
| 2004/08/18 | Email to V. Hoffmann from G. Nikitin indicating A. Weiss ready to sell for 131M CZK so long as no drop lawsuits relating to Kotva shares | WP0002396-WP0002398 | 107 |
| 2004/08/23 | Signed 23 August 2004 offer in PDF file for delivery to Harazim | WP0002426-WP0002427 | 108 |
| 2004/08/23 | Delivery of 23 August 2004 offer to Harazim by email | WP0002440-WP0002441 | 109 |
| 2004/08/27 | Email to G. Nikitin from R. Harazim requiring offer to address Gilroy and Balfindor, raising 10% of shares / Kotva as purchaser issue, Benda is in charge of this particular deal, price is too high | WP0002446-WP0002447 | 110 |
| 2004/09/29 | Email from V. Hoffmann to G. Nikitin regarding communication from M. Benda regarding price at which Kotva could buy its own shares | WP0002656 | 111 |
| 2004/10/04 | Email to Nikitin from V. Hoffmann regarding Prestage participation in negotiations, K T share transfers, pay part of purchase price directly to us | WP0000664, WP0000662 | 112 |
| 2004/11/23 | Offer to sell Kotva and Trend shares, combined | WOOO4230-32 | 114 |
| 2004/12/01 | Email from R. Harazim inviting A. Weiss to Prague | WP0000705-WP0000706 | 115 |
| 2004/12/15 | Email from R. Harazim refusing to provide details on valuation and asking again for meeting in person | WP0000309 | 116 |
| 2004/12/23 | Letter to Linklaters (B. Wilson) from O. Peterka announcing K T lawsuit | WP0010188 | 117 |
| 1997/05/13 | Freezing Order freezing Forminster's Shares in Kotva (Czech) | WOOO6430-32 | 118 |
| 1999/12/21 | Settlement Agreement Between Trend and Forminster | Settlement Agreement, K0099-K0114 | 119 |

## Defendants' Trial Exhibit List

| Date | Description | Bates Numbers | Trial Ex. |
|------|-------------|---------------|-----------|
| 2005/6/30 | FEL Directors as of 30 June 2005 (includes Harazim and Benda) | W0000224 | 120 |
| 2005/6/30 | FEL Directors as of 30 June 2002 (includes Harazim, Benda and Vlach) | W0000225 | 121 |
| 2004/10/21 | Memorandum prepared by Mr. Hoffman with valuations, references to violence, history of negotiations | K0075-K0078 | 122 |
| 2003/11/28 | Email from V. Hoffmann regarding upcoming offer from Kotva shares from R. Harazim to be made on "Monday" which was 1 December 2003 | W0001097 | 123 |
| 2003/12/02 | Offer from J&T Securities to BGO to buy all Kotva shares for $1 million | W0001863 | 124 |
| 2000/11/23 | Report from Ernst & Young | K0145-K0151 | 125 |
| 2003/10/16 | Deal to make a deal between Kotva Nemovitosti and Markland with attached SPA; contemplates the SPV KN/SPV Co. structure | KC 1-1539-KC 1-1581 | 126 |
| 2003/09/19 | Email from V. Hoffmann to A. Weiss regarding meeting with R. Harazim in restaurant, "crazy professor," "they (=Forminster) would consider buying our shares of Kotva | W0001026 | 127 |
| 2004/08/09 | Email from V. Hoffmann forwarding offer from M. Benda relayed by R. Harazim | W0001211 | 128 |
| 2004/08/06 | Offer from M. Benda - English | W0002812 | 129 |
| 2004/08/18 | Minutes of board of directors meeting - file criminal complaint | K5077-K5078 | 130 |
| 2004/08/20 | Confirmation of deal terms by B. Wilson to R. Harazim including references to escrow including DB, Woolf, Gilroy, Ballindor | K2259 | 131 |
| 2005/01/11 | Email from R. Harazim to H. Prestage regarding meeting with V. Hoffmann that morning and split between A. Weiss and V. Hoffmann | K2576 | 132 |
| 2005/12/19 | Gilroy shareholder certificates indicating same address as Forminster | | 133 |
| 2005/03/16 | Kotva annual report 2004 -- Czech | | 134 |

Defendants' Trial Exhibit List

| Date | Description | Bates Numbers | Trial Ex. |
|---|---|---|---|
| 2005/01/19 | Minutes of board of directors meeting - file U.S. civil case | K5079-K5080 | 135 |
| 2005/03/16 | Kotva 2004 annual report (Czech) | K5472-K5547 | 136 |
| 2005/01/26 | Escrow Agreement | KC 1-1937-KC 1-1963 | 137 |
| 2005/01/19 | B. Wilson email to R. Harazim requesting updates on a number of topics, including PI cover, Gilroy, escrow, DB, Woolf, and SPV CO contribution | K2583 | 138 |
| 2003/07/18 | H. Prestage email to R. Harazim relaying Woolf claims of fraud, money laundering; "shot in the head," "all criminals and will be dealt with by the police." | K628, K629-K630 | 139 |
| 2005/07/18 | WSJ article entitled Prague's Free Market Pain: ("not entirely legal" "merely the assets" "ownership is defined by posssions" | W0011178-79 | 140 |
| 2003/08/20 | Email from H. Prestage rejecting J&T Bank as escrow agent | K557 | 141 |
| 2004/10/26 | Email exchange between R. Harazim, H. Prestage regarding a lot of lawsuits, potential lawsuits, James Woolf, DB, etc. | K2263-K2264 | 142 |
| 2004/12/20 | SPA II, the final share purchase agreement between SPV CO and CRQ Czech; this exhibit is unsigned | KC 1-2641-KC 1-2689 | 143 |
| xxxx/xx/xx | Kotva -- Price Tracker starting at 80M EURO | MARK000079 | 144 |
| 1998/01/21 | Report of Ministry of Finance -- in Czech and English (is this official translation) | WP0011348-WP0011380 | 145 |
| 1997/11/04 | Liechtenstein court freezes Forminster's funds | WP0000799-WP0000804 | 146 |
| 2003/07/16 | Email: Bannatype to Harazim re: National Crime Intelligence | K003652-K003654, K003655-K003657 | 147 |
| 2003/08/14 | Fax message from Woolf and company to Markland setting forth history of Kotva, Trend, FEL, etc. | WP0003868 | 148 |
| 2004/01/20 | Purchase agreement with Markland signed | K1075 to K1124 [see K1478]; KC 1-1796-KC 1-1834 | 149 |
| 2003/04/23 | Email from Wilson to Toman@justitia.cz re: Kotva | MARK000043-MARK000044 | 150 |

# Defendants' Trial Exhibit List

| Date | Description | Bates Numbers | Trial Ex. |
|---|---|---|---|
| 2003/05/12 | Memorandum from T. Kemp to Prestage and Wilson re: Kotva Purchase in which Kotva proposes an offshore vehicle, in the British Virgin Islands | MARK000038-MARK000040 | 151 |
| 2004/08/30 | Fax from Ton Kemp to Walker (cc: Wilson) re: Kotva trademark (not ready yet) | MARK00122 | 152 |
| 2004/06/03 | Timetable and Checklist (things still to be done as of 3 June 2004) | MARK001103-MARK001105 | 153 |
| 2005/01/11 | Email chain from Prestage to Walker re: communication with Harding from DB "ransom enforcing (or racketeering)" | MARK000964-MARK000983 | 154 |
| 2005/01/27 | Email chain from Harazim to Wilson, Walker, Scully, and Presatge re: Kotva- DB and JW musings regarding potential lawsuit | MARK000492 | 155 |
| 2005/01/17 | Email chain from Prestage to Walker (cc: Scully) re: progress, DB ("split in blackmailers camp") | MARK000497-MARK000499 | 156 |
| 2004/07/02 | Letter from Pelerka to Prestage re: Announcement about initiation of an lawsuit | MARK000948-MARK000963 | 157 |
| 2004/11/11 | Email from Prestage to Harazim (cc: Wilson, Scully, Walker) re: Kotva following meeting with shareholders | MARK001233-MARK001238 | 158 |
| 2005/06/16 | Deed of Indemnity with Woolf | K6487-K6500 | 159 |
| 2006/11/21 | Letter from William Fry regarding documents | MARK000002-MARK000003 | 160 |
| 2004/06/03 | Email from Weiss to J. Woolf forwarding document sent to J. Svejar | WP0016673-WP0016676 | 161 |
| 2002/12/02 | Confidential Memorandum to the Directors of BGO Fund from H. Golden | WP0011713-WP0011718 | 162 |
| 2006/07/29 | Economist Article, "Judge or be judged" | WP0023111 | 163 |
| xxxx/xx/xx | Kotva trades from Bloomberg | WP0023112-WP0023115 | 164 |
| xxxx/xx/xx | "Effects of Ownership by Investment Funds on the Performance of Czech Firms" | WP0023116-WP0023143 | 165 |
| 2004/09/22 | Email chain from H. Prestage to R. Harazim re: Indemnity | K2214-K2215 | 166 |
| 2004/08/06 | Email from B. Wilson to R. Harazim (cc: F. Walker, A. Scully) re: SPA | K1929 | 167 |

# Defendants' Trial Exhibit List

| Date | Description | Bates Numbers | Trial Ex. |
|---|---|---|---|
| 2004/07/23 | Email from B. Wilson to R. Harazim (cc: F. Walker, A. Scully, H. Prestage) re: PMA | K1862-K1881 | 168 |
| 2004/08/24 | Email chain from B. Wilson to R. Harazim (cc: A. Scully, F. Walker, T. Kemp) re: SPA | K2026-K2027 | 169 |
| 2004/02/05 | Email from T. Kemp to R. Harazim (cc: B. Wilson, H. Prestage) re: trademark | K1462 | 170 |
| 2004/06/09 | Email chain from B. Wilson to F. Smeja (cc: R. Harazim) re: Amendment to SPA | K1752-K1755 | 171 |
| 2004/07/12 | Email chain from B. Wilson to R. Harazim (cc: I. Quarles van Ufford ova) re: Notification of adverse consequence | K1841-K1843 | 172 |
| 2004/07/13 | Email chain from B. Wilson to R. Harazim re: meeting | K1845-K1848 | 173 |
| 2004/10/05 | Email from B. Wilson to R. Harazim (cc: A. Scully, F. Walker) discussing impact of Gilroy lawsuit, potential walking away from deal, etc. | K2221-K222 | 174 |
| 2004/10/20 | Email from B. Wilson to R. Harazim re: Kotva | K2259-K2260 | 175 |
| 2004/10/27 | Email chain from B. Wilson to R. Harazim re: DB | K2265-K2267 | 176 |
| 2004/10/29 | Email chain from B. Wilson to R. Harazim, F. Walker, A. Scully, H. Prestage re: general | K2274-K2275 | 177 |
| 2005/02/03 | Hofimann statement | WP0019259-WP0019264 | 178 |
| 2005/02/03 | Simkova statement | WP0019253-WP0019258 | 179 |
| 2005/06/15 | Seidl Alexander Testimony | WP0019275-WP0019279 | 180 |
| 2005/07/27 | Woolf statement | WP0019280-WP0019283 | 181 |
| 2005/05/03 | Strielberg statement | WP0022784-WP0022789 | 182 |
| 2004/08/17 | Email exchange between R. Harazim, H. Prestage including reference to involving Markland in Gilroy process, travel to Cyprus and other issues | K1981 | 183 |
| 2006/03/15 | Letter | K6501-K6504 | 184 |
| 2006/06/09 | Letter | K6505 | 185 |
| 2006/06/09 | Letter | K6506 | 186 |
| 2005/06/09 | Letter | K6507 | 187 |
| 2006/06/09 | Letter | K6508 | 188 |
| 2005/04/06 | Complaint | | 189 |

# Defendants' Trial Exhibit List

| Date | Description | Bates Numbers | Trial Ex. |
|---|---|---|---|
| 1996/12/05 | Bank document | WP0023620-WP0023632 | 190 |
| 2006/01/26 | Subpoena to Kochis Fitzhugh | | 191 |
| 2006/01/25 | Subpoena to QVT | | 192 |
| 2006/01/11 | Subpoena to Waxman | | 193 |
| 2005/02/17 | Prague Post article -- The Trouble with Kotva | W0002312 | 194 |
| 2006/02/04 | Mlada Fronta Dnes news article, "Akcie Kotvy neuhlídal ani soud" | WP0009501 | 195 |
| 2004/08/19 | Email from Walker to hbulejkova@markland.ie re: CMG/CRQ (need to get Irish registered as company directors) | MARK001080 | 196 |
| 2004/10/13 | Email from Rozehnal to Walker, Scully (cc: Wilson) re: CRQ and CMQ registrations (need to get Irish registerd as company directors) | MARK001079 | 196 |
| 2005/10/24 | Document in Czech | K6069-K6081 | 197 |
| 2005/03/16 | Document in Czech | K6082-K6088 | 198 |
| 2004/12/10 | Document in Czech | K6089-K6103 | 199 |
| 2005/04/25 | Document in Czech | K6104-K6106 | 200 |
| 2005/03/29 | Document in Czech | K6107-K6110 | 201 |
| 2005/03/29 | Document in Czech | K6111-K6114 | 202 |
| 2005/02/28 | Document in Czech | K6115-K6121 | 203 |
| 2005/01/10 | Document in Czech | K6122-K6124 | 204 |
| 2004/12/10 | Document in Czech | K6125-K6129 | 205 |
| 2006/xx/xx | Document in Czech | K6130-K6134 | 206 |
| 2006/01/09 | Document in Czech | K6135-K6143 | 207 |
| 2006/xx/xx | Benda and Harazim Testimony, in Czech | WP0023633-WP0023636 | 208 |
| 2004/01/05 | Letter re: Reaction to the request to summon an extraordinary general meeting | WP0023637-WP0023640 | 209 |
| 2001/06/20 | Harazim testimony, in English | WP023641-WP023649 | 210 |
| 2001/06/20 | Benda testimony, in English | WP023650-WP023658 | 211 |
| 2007/03/29 | AIMA's Series of Illustrative Due Diligence Questionnaires | WP023659-WP023786 | 212 |
| 19-Feb-04 | email from B.Wilson to P. Roels | KC10008 | 213 |
|  | Escrow Agreement | KC10020 | 214 |
| 28-Jan-04 | email from H. Prestage to R. Harazim | KC10046 | 215 |
| 27-Feb-04 | email from H. Prestage to R. Harazim | KC10078 | 216 |
| 1-Mar-04 | email from B. Wilson to R. Harazim | KC10081 | 217 |

Trial Ex.Lists B - Trial Exhibit Index

11

Printed 10/09/2007 1:20 PM

# Defendants' Trial Exhibit List

| Date | Description | Bates Numbers | Trial Ex. |
|---|---|---|---|
| 1-Mar-04 | email from H. Prestage to R. Harazim | KC10082 | 218 |
| 1-Mar-04 | email from B. Wilson to R. Harazim | KC10084 | 219 |
| 5-Mar-04 | email from H. Prestage to R. Harazim | KC10090 | 220 |
| 5-Apr-04 | email from H. Prestage to R. Harazim | KC10107 | 221 |
| 6-Apr-04 | email from B. Wilson to F. Smeja | KC10114 | 222 |
| 6-Jan-05 | email from B. Wilson to F. Smeja | KC10154 | 223 |
| 1-Feb-05 | email from B. Wilson to R. Harazim | KC10181 | 224 |
| 1-Mar-05 | email from F. Walker to R. Harazim | KC10250 | 225 |
| 1-Mar-05 | email from B. Wilson to R. Harazim | KC10253 | 226 |
| 1-Mar-05 | kolva transaction | KC10255 | 227 |
| 12-Jul-04 | email from B. Wilson to F. Smija | KC10390 | 228 |
| | Share Purchase Agreement | KC10391 | 229 |
| 27-May-04 | Share Purchase Agreement | KC10501 | 230 |
| 9-Nov-04 | email from F. Smija to B. Wilson | KC10521 | 231 |
| | Share Purchase Agreement | KC10522 | 232 |
| 27-Nov-04 | email from F. Smija to B. Wilson | KC10564 | 233 |
| 28-Nov-04 | email from B. Wilson to F. Smija | KC10586 | 234 |
| | Share Purchase Agreement | KC10588 | 235 |
| | Contract on lease on Non-Residential Premises | KC10634 | 236 |
| | Agreement on the Transfer of Trademarks | KC10648 | 237 |
| | Share Purchase Agreement | KC10654 | 238 |
| 20-Oct-04 | Equipment List | KC10680 | 239 |
| 30-Apr-04 | List of building technologies | KC10694 | 240 |
| 4-Dec-04 | email from F. Smija to B. Wilson | KC10704 | 241 |
| | Share Purchase Agreement | KC10705 | 242 |
| | Ammendment to the Escrow Agreement | KC10674 | 243 |
| 1-Apr-04 | List of office equipment | KC10697 | 244 |
| 20-Dec-04 | email from H. Prestage to B. Wilson | KC1117 | 245 |
| 20-Dec-04 | email from B. Wilson to R. Harazim | KC11093 | 246 |
| | Share Purchase Agreement | KC11095 | 247 |
| 21-Dec-04 | email from F. Smija to B. Wilson | KC11216 | 248 |
| | Share Purchase Agreement | KC11217 | 249 |
| 22-Dec-04 | email from I. Zothova to F. Smija | KC11239 | 250 |
| | Share Purchase Agreement | KC11242 | 251 |
| 4-Mar-05 | Share Purchase Agreement | KC11972 | 252 |
| | Ammendment No1 to SPA | KC11958 | 253 |

# Defendants' Trial Exhibit List

| Date | Description | Bates Numbers | Trial Ex. |
|---|---|---|---|
| 4-Mar-05 | Agreement on the Transfer of Trademarks | KC12010 | 254 |
|  | Contract on lease on Non-Residential Premises | KC12105 | 255 |
| 20-Dec-04 | Share Purchase Agreement | KC12641 | 256 |
| 5-Jan-06 | email from L. Bader | QVT002234 | 257 |
|  | kolva transaction | MARK00079 | 258 |
| 20-Jan-04 | Share Purchase Agreement | KC11796 | 259 |
| 18-Jul-03 | email from H. Prestage to J. Woolf | WP0003878 | 260 |
|  | Fax to H. Prestage from A. Scully |  | 261 |
| 18-Jul-03 | email from H. Prestage to R. Harazim | K628 | 262 |
| 14-Aug-03 | letter to Prestage, Scully, Sheehan, Bannalyne, Wilson |  | 263 |
| 8-Mar-05 | email from J. Woolf to E. O'Coinean | WP000389 | 264 |
| 6-May-04 | email from A. Scully to F. Walker |  | 265 |
| 11-May-04 | email from F. Walker to H. Prestage |  | 266 |
| 19-May-04 | email from F. Walker to B. Wilson |  | 267 |
| 30-Jul-04 | email from H. Prestage to R. Harazim | K1921 | 268 |
|  | Escrow Agreement |  | 269 |
| 11-Aug-04 | email from A. Scully to F. Walker | Mark001019 | 270 |
| 17-Aug-04 | email from G. Nikilin to V. Hoffman | W0004223 | 271 |
| 20-Sep-04 | email from H. Prestage to R. Harazim | K2201 | 272 |
| 7-Oct-04 | email from H. Prestage to R. Harazim | K2229 | 273 |
| 11-Oct-04 | email from H. Prestage to F. Walker |  | 274 |
| 13-Oct-04 | email from P. Rozenhal to F. Walker | Mark001079 | 275 |
| 26-Oct-04 | email from H. Prestage to F. Walker |  | 276 |
| 15-Nov-04 | email from H. Prestage to A. Scully, Walker, Wilson |  | 277 |
|  | Escrow Agreement |  | 278 |
| 2-May-03 | email from B. Wilson to R. Harazim | K2972 | 279 |
| 8-Nov-04 | email from H. Prestage to R. Harazim | K2293 | 280 |
| 16-Sep-04 | memorandum from B. Wilson to Markland Holdings | M0018 | 281 |
| 2004 | Valuation Report | K4867-4980 | 282 |
| 2004 | Valuation Report | K4816-4866 | 283 |
|  | Translation of Vlach, Mofittii, w./ Benda testimony, Hallek file |  | 284 |
|  | Testimony of M. Benda (in Czech), Hallek file |  | 285 |
|  | Testimony of Richard Harazim (in Czech), Hallek file |  | 286 |

13

PLAINTIFFS' OBJECTIONS
TO DEFENDANTS'
TRIAL EXHIBITS

| DEFENDANTS' TRIAL EXHIBIT | PLAINTIFFS' OBJECTION |
|---|---|
| 1 | Relevance, Prejudicial, Character evidence |
| 2 | Relevance, Prejudicial, Opinion |
| 3 | No objection |
| 4 | No objection |
| 5 | No objection |
| 6 | No objection |
| 7 | No objection |
| 8 | Improper foundation, Lack of authentication, Incomplete document |
| 9 | No objection |
| 10 | Relevance, Prejudicial |
| 11 | No objection |
| 12 | Relevance, Prejudicial |
| 13 | Improper foundation, Lack of authentication, Relevance, Prejudicial, Document in Czech |
| 14 | No objection |
| 15 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 16 | Relevance, Prejudicial, Hearsay |
| 17 | Relevance, Prejudicial, Hearsay |
| 18 | Relevance, Prejudicial, Hearsay |
| 19 | Improper foundation, Relevance, Prejudicial, Hearsay, Document in Czech |
| 20 | No objection |
| 21 | No objection |
| 22 | No objection |
| 23 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 24 | Relevance, Prejudicial, Hearsay |
| 25 | Relevance, Prejudicial, Hearsay |
| 26 | Relevance, Prejudical, Hearsay |
| 27 | Relevance, Prejudicial, Hearsay |
| 28 | Relevance, Hearsay, Prejudicial |
| 29 | No objection |
| 30 | No objection, but description is incorrect |
| 31 | Relevance, Prejudicial, Document in Czech |
| 32 | Relevance, Prejudicial, Hearsay, Opinion, Improper expert opinion |
| 33 | Relevance, Prejudicial, Hearsay, Opinion, Improper expert opinion |
| 34 | Relevance, Prejudicial, Hearsay, Opinion, Improper expert opinion |

1

PLAINTIFFS' OBJECTIONS
TO DEFENDANTS'
TRIAL EXHIBITS

| | |
|---|---|
| 35 | Relevance, Prejudicial, Document in Czech |
| 36 | Relevance, Prejudicial, Hearsay, Best evidence |
| 37 | Relevance, Prejudicial, Document in Czech |
| 38 | Relevance, Prejudicial, Hearsay, Best evidence |
| 39 | Relevance, Prejudicial |
| 40 | Relevance, Prejudicial, Hearsay, Best evidence |
| 41 | Relevance, Prejudicial, Hearsay, Best evidence |
| 42 | Relevance, Document in Czech |
| 43 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 44 | Relevance, Prejudicial, Hearsay |
| 45 | Relevance, Prejudicial |
| 46 | Relevance, Prejudicial |
| 47 | Relevance, Prejudicial |
| 48 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 49 | Relevance |
| 50 | Document in Czech |
| 51 | Relevance, Prejudicial |
| 52 | Relevance Prejudicial |
| 53 | No objection |
| 54 | Relevance, Prejudicial, Hearsay |
| 55 | No objection |
| 56 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 57 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 58 | Relevance, Prejudicial, Hearsay |
| 59 | Relevance, Prejudicial, Hearsay |
| 60 | Relevance, Prejudicial, Hearsay |
| 61 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 62 | Relevance, Prejudicial, Hearsay |
| 63 | No objection |
| 64 | No objection |
| 65 | No objection |
| 66 | No objection |
| 67 | Relevance, Prejudicial, Hearsay |
| 68 | No objection |
| 69 | Relevance, Prejudicial, Hearsay, Improper foundation |
| 70 | Relevance, Prejudicial, Hearsay, Improper foundation |
| 71 | Relevance, Lack of authentication |

2

PLAINTIFFS' OBJECTIONS
TO DEFENDANTS'
TRIAL EXHIBITS

| | |
|---|---|
| 72 | Relevance, Prejudicial, Hearsay |
| 73 | Relevance, Prejudicial, Hearsay |
| 74 | Relevance, Prejudicial, Hearsay, Incomplete document |
| 75 | Relevance, Prejudicial, Hearsay |
| 76 | Hearsay, Improper foundation |
| 77 | Relevance, Hearsay, Improper foundation |
| 78 | No objeclion (incorrectly listed in Defendants' Exhibit List as Exhibit 79) |
| 79 | Relevance, Prejudicial, Hearsay |
| 80 | Relevance, Prejudicial, Hearsay |
| 81 | Relevance, Prejudicial, Hearsay |
| 82 | No objection |
| 83 | No objection |
| 84 | No objection |
| 85 | No objection |
| 86 | Relevance, Prejudicial, Hearsay |
| 87 | Relevance, Prejudicial, Hearsay |
| 88 | Relevance, Prejudicial, Hearsay |
| 89 | Relevance, Prejudicial, Hearsay |
| 90 | Relevance, Prejudicial, Hearsay |
| 91 | Relevance, Prejudicial, Hearsay |
| 92 | Relevance, Prejudicial, Hearsay |
| 93 | Relevance, Prejudicial, Hearsay |
| 94 | No objection |
| 95 | No objection |
| 96 | No objection |
| 97 | document missing |
| 98 | document missing |
| 99 | No objection |
| 100 | No objection, subject to including complete document |
| 101 | No objection |
| 102 | No objection, subject to including complete document |
| 103 | No objection, subject to including complete document |
| 104 | No objection |
| 105 | No objection |
| 106 | No objection |
| 107 | No objection |
| 108 | No objection |

PLAINTIFFS' OBJECTIONS
TO DEFENDANTS'
TRIAL EXHIBITS

| | |
|---|---|
| 109 | No objection |
| 110 | No objection |
| 111 | No objection |
| 112 | No objection |
| 113 | document missing |
| 114 | No objection |
| 115 | No objection |
| 116 | No objection |
| 117 | No objection |
| 118 | Relevance, Hearsay, Prejudicial |
| 119 | No objection |
| 120 | Improper foundation, Lack of authentication, Relevance, Prejudicial, Hearsay |
| 121 | Improper foundation, Lack of authentication, Relevance, Prejudicial, Hearsay |
| 122 | No objection |
| 123 | Relevance, Prejudicial, Hearsay |
| 124 | Relevance Prejudicial, Hearsay |
| 125 | No objection, subject to including complete document |
| 126 | No objection, subject to including complete document |
| 127 | Relevance, Prejudicial, Hearsay |
| 128 | No objection, subject to including complete document |
| 129 | No objection, subject to including complete document |
| 130 | No objection |
| 131 | Relevance, Prejudical, Hearsay |
| 132 | No objection |
| 133 | Relevance, Prejudicial |
| 134 | Lack of authentication, Use Exhibit 136 |
| 135 | No objection |
| 136 | No objection |
| 137 | No objection |
| 138 | No objection |
| 139 | Relevance, Prejudicial, Hearsay |
| 140 | Relevance, Prejudicial, Hearsay |
| 141 | Relevance, Prejudicial, Hearsay, Opinion |
| 142 | No objection |
| 143 | No objection, subject to including complete document |
| 144 | Relevance, Prejudical, Hearsay, Opinion |
| 145 | Relevance, Prejudical, Hearsay, Lack of authentication, Opinion |

4

PLAINTIFFS' OBJECTIONS
TO DEFENDANTS'
TRIAL EXHIBITS

| | |
|---|---|
| 146 | Relevance, Prejudicial, Hearsay |
| 147 | Relevance, Prejudicial, Hearsay, Opinion |
| 148 | Relevance, Prejudicial, Hearsay, Opinion |
| 149 | No objection |
| 150 | Relevance, Prejudicial, Hearsay |
| 151 | No objection |
| 152 | Exhibit in Binder does not match description |
| 153 | Relevance, Prejudicial, Hearsay, Opinion, Improper foundation |
| 154 | Relevance, Prejudicial, Hearsay |
| 155 | Relevance, Prejudicial, Hearsay |
| 156 | Relevance, Prejudicial, Hearsay |
| 157 | No objection |
| 158 | Relevance, Prejudicial, Hearsay |
| 159 | No objection |
| 160 | Relevance, Prejudicial, Hearsay |
| 161 | Relevance, Prejudicial, Hearsay |
| 162 | Relevance, Prejudicial, Hearsay, Opinion, Draft document |
| 163 | Relevance, Prejudicial, Hearsay |
| 164 | Relevance, Prejudicial, Hearsay, Improper foundation, Lack of authentication |
| 165 | Relevance, Prejudicial, Hearsay, Opinion |
| 166 | Relevance, Prejudicial, Hearsay |
| 167 | Relevance, Prejudicial, Hearsay |
| 168 | Relevance, Prejudicial, Hearsay, Draft document |
| 169 | Relevance, Prejudicial, Hearsay |
| 170 | Relevance, Prejudicial, Hearsay |
| 171 | Relevance, Prejudicial, Hearsay |
| 172 | Relevance, Prejudicial, Hearsay |
| 173 | Relevance, Prejudicial, Hearsay |
| 174 | Relevance, Prejudicial, Hearsay |
| 175 | Relevance, Prejudicial, Hearsay |
| 176 | Relevance, Prejudicial, Hearsay |
| 177 | Relevance, Prejudicial, Hearsay |
| 178 | Hearsay, Lack of authentication, Czech document |
| 179 | Hearsay, Lack of authentication, Czech document |
| 180 | Relevance, Hearsay, Lack of authentication, Czech document |
| 181 | Relevance, Hearsay, Lack of authentication, Czech document |
| 182 | Relevance, Prejudicial, Hearsay |

PLAINTIFFS' OBJECTIONS
TO DEFENDANTS'
TRIAL EXHIBITS

| | |
|---|---|
| 183 | No objection |
| 184 | Relevance, Prejudicial, Hearsay |
| 185 | Relevance, Prejudicial, Hearsay |
| 186 | Relevance, Prejudicial, Hearsay |
| 187 | Relevance, Prejudicial, Hearsay |
| 188 | Relevance, Prejudicial, Hearsay |
| 189 | No objection, subject to including complete document |
| 190 | Relevance, Hearsay, Improper foundation |
| 191 | Relevance, Prejudicial, Incomplete document |
| 192 | Relevance, Prejudicial, Incomplete document |
| 193 | Relevance, Prejudicial, Incomplete document |
| 194 | Relevance, Prejudicial, Hearsay |
| 195 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 196 | Relevance, Prejudicial, Incomplete document |
| 197 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 198 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 199 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 200 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 201 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 202 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 203 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 204 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 205 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 206 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 207 | Relevance, Prejudicial, Hearsay Document in Czech |
| 208 | Relevance, Prejudicial, Hearsay, Document in Czech |
| 209 | Relevance, Prejudicial, Hearsay |
| 210 | Relevance, Prejudicial, Hearsay, Lack of authentication |
| 211 | Relevance, Prejudicial, Hearsay, Lack of authentication |
| 212-286 | Plaintiffs did not receive these exhibits until 3:00 p.m. on Tuesday October 9, 2007. Accordingly, plaintiffs will state their objections to these exhibits in a supplemental filing. |

6