UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-10679-WGY |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ATTORNEYS' FEES NOT SUFFERED OR PAID BY DEFENDANTS**

Defendants' only remaining counterclaim is for abuse of process. Specifically, defendants claim that Kotva (conspiring with its CEO Richard Harazim) abused process by filing this lawsuit. As part of their damages, defendants seek to recover attorneys' fees paid to defend this action. Abuse of process, however, is a common law tort claim. Accordingly, defendants may only recover at trial the damages that they suffered as a result of the alleged tortious conduct. Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-76 (1986) (essential elements of the tort are "(1) process was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage.") (emphasis added); Gutierrez v. Mass. Bay Transportation Authority, 437 Mass. 396, 407 (2002); Jones v. Brockton Pub. Mkts., Inc., 369 Mass. 387, 389 (1975).

In this case, Defendants Andrew Weiss and Weiss Asset Management admitted that they have not paid any attorneys' fees to defend this action - - nor will they ever have to. (Transcript

of Deposition of Weiss Asset Management by Andrew Weiss at 36-37, attached as Exhibit A) (objections omitted):

>   Q.   Have you personally paid for any legal fees in the defense of the criminal case or this case?
>
>   A.   I don't believe so.
>
>   Q.   So, you personally have raised an abuse of process claim against the plaintiff in this case, correct?
>
>   A.   Yes.
>
>   Q.   But you haven't paid any legal fees personally in the defense of this case, have you?
>
>   A.   No.
>
>   Q.   Is that correct?
>
>   A.   I have not paid any legal fees personally?  No I don't believe so.
>
>   Q.   Has Weiss Asset Management paid any legal fees for the defense of this case or the criminal action?
>
>   A.   I don't believe so.

Instead, all fees and costs concerning this lawsuit are being paid by CVF Investments Limited ("CVF") - - a non-party.  Indeed, the Board of Directors of CVF passed a Resolution on December 7, 2005 expressly stating that "CVF Investments Limited will pay all attorneys' fees and associated costs incurred by Andrew Weiss, Weiss Asset Management, LLC, K.T., Inc. and CVF Investments relating to the Civil Litigation and the Criminal Case." (December 7, 2005 Resolution (WP0012964), attached as Exhibit B)  CVF also is a party to the McDermott Will & Emery, LLP retention agreement with defense counsel - - and is the only one paying their fees. (Retention Agreement with McDermott Will & Emery, LLP dated August 15, 2005; CVF Wire transfer forms).

Because defendants have not paid, nor will they ever have to pay, any attorneys' fees associated with this action, they cannot claim those fees as damages in their abuse of process claim. Gutierrez, 437 Mass. at 407; Datacomm, 396 Mass. at 775-76; Jones, 396 Mass. at 389. Accordingly, evidence of the $1.3 million that CVF has paid in attorneys' fees is not relevant to defendants' counterclaim for abuse of process and should be excluded pursuant to Fed. R. Evid. 401.

The evidence also should be excluded pursuant to F. R. Evid. 403 because it has no probative worth and is highly prejudicial. First, presenting the jury with this irrelevant evidence will confuse them and improperly entice them to "split the baby." Defendants, however, should not be permitted to minimize their exposure in this case by throwing large irrelevant numbers at the jury. Second, creating a min-trial over whether CVF's attorneys' fees are reasonable and whether defendants should be able to recover them will add unnecessary confusion and delay to this case.

In any event, the jury would need to have the guidance of expert who, based on his review of the billing records, could opine as to the reasonableness of those fees. American Velodur Metal, Inc. v. Schinabeck, 20 Mass. App. Ct. 460, 467 (1985) (testimony regarding the reasonableness of attorneys' fees is expert testimony). Defendants, however, have not provided the requisite disclosure for any such expert pursuant to Fed. R. Civ. P. 26(a)(2).[1] And this Court has already ruled that it is too late for defendants to add new experts. See March 28, 2007 Order Denying Defendants' Motion To Add Expert. Simply put, plaintiffs would be unfairly prejudiced if defendants were permitted to start adding experts on the eve of trial. See Fed. R. Civ. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a)….is not, unless such failure is harmless, permitted to use as evidence at a

---

[1] Defendants also have refused to produce the billing records upon which any proposed expert would rely.

3

trial, at a hearing, or on any motion any witness or information not so disclosed.") (emphasis added).

For these reasons, the Court should exclude any evidence concerning defendants' alleged attorneys' fees in this action.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court exclude all such evidence at trial.

>Respectfully submitted,
>
>KOTVA A.S. and SPV CO.,
>
>By their attorneys,
>
>/s/ Joel G. Beckman
>Joel G. Beckman (BBO# 553086)
>Dana A. Zakarian (BB0# 641058)
>NYSTROM BECKMAN & PARIS LLP
>10 St. James Ave., 16th Floor
>Boston, Massachusetts 02116
>(617) 778-9100
>(617) 778-9110 (fax)

Dated: October 9, 2007

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Undersigned counsel and counsel for the defendants/counterclaim plaintiffs, Terry Dangel, conferred by telephone on October 9, 2007 and cannot agree to the issues raised in this motion.

>/s/ Joel G. Beckman

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 9th day of October, 2007.

                                              /s/ Joel G. Beckman