UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
KOTVA a.s. and SPV Co.,                 )
                                        )
            Plaintiffs                  )   Case No. 05-10679-WGY
                                        )
        v.                              )
                                        )
ANDREW WEISS and WEISS ASSET            )
MANAGEMENT, LLC                         )
                                        )
            Defendants and              )
            Counterclaimants,           )
                                        )
        v.                              )
                                        )
KOTVA a.s., SPV Co., and RICHARD HARAZIM )
                                        )
            Counterclaim-Defendants     )
                                        )
_____)

### DEFENDANTS' MOTION *IN LIMINE* CONCERNING ALLEGATIONS OF "EXTORTION", "BLACKMAIL", "DECEPTIVE ACTS" AND A "PATTERN OF BAD CONDUCT"

Civil RICO is no longer part of this case, the count having been dismissed by the Court last April. The securities fraud and common law count for fraud were voluntarily dismissed as well long ago. Chapter 93A remains in the case, although the Court stated, "I think it's very weak on the grounds argued. I think that when you come to rest, I will probably direct a verdict." When defendants objected because it would allow the plaintiffs to refer to extortion, blackmail and deceptive acts in their opening, the Court stated, "I expect the opening statement will have to do with abuse of process, interference with advantageous relations." Tr. 9/27/07, pp. 11-14.

At the final pre-trial conference the Court stated that it was comfortable with its rulings concerning Chapter 93A.

Another motion seeks to eliminate reference in the opening (and during the trial) to the word "vydirani," allegedly spoken on tape by Vladimir Hoffman to Howard Golden in reference to Mr. Hoffman's concern that Henry Prestage would misunderstand negotiations as "vydirani." The motion also seeks to exclude Howard Golden's alleged comment that Andrew Weiss is crazy or nuts. That motion, like this one, seeks to avoid the specter of mistrial from opening remarks.

This motion seeks to eliminate terms – derogatory labels – which are inflammatory and not part of the elements of abuse of process or intentional interference with advantageous economic relations.  The terms sought to be eliminated, like the words "liar", "thief", and "thug in a business suit", which the defendants could easily label Richard Harazim (plaintiffs' key witness), have no place in any counsel's opening – which is supposed to concern the facts to be proven at trial.  If, however, the Court denies the instant motion, the defendants will use the same level of latitude and discretion which the Court leaves to opposing counsel.  When, after plaintiffs have opened, it is the defendants' turn, defendants will take their cues from what they have heard.  Rather than a spectacle of name calling, it is preferred by the defendants that inflammatory labels be simply ruled out of play, as foul balls.

Defendants recognize that fifteen minutes is not much time to state the important facts of the case, particularly because so much of the facts require understanding of shareholder rights, corporate transactions and nuances of Czech business practices.  Some shortcuts are inevitable.

But those that seek to prejudice the jury against the defendants by derogatory labeling should not be countenanced.

It is true that Chapter 93A uses "unfair acts" as a ground and defendants do not object to plaintiffs referring to what plaintiffs claim they did as "unfair", although the defendants disagree and say that what they did was both fair and justified.  However, to put fraud, extortion and so forth back into the case at this late date after they were eliminated from it last April, is unwarranted, unsupported and misleading to the jury, all to the plaintiffs' great prejudice.

This problem arises, too, from the plaintiffs' allegation that the defendants have engaged in similar "bad" litigation in Khazikstan and who knows where else.  Not only is the predicate act requirement of RICO no longer present, the plaintiffs have no honest claim that Rule 404(b)'s exception applies. As the defendants' prior motion *in limine* (not as yet ruled upon by the Court) lays out in detail, the defendants never litigated the Kazikstan situation.  They complained that they had gotten a raw deal, but they did not litigate it and accepted a settlement of far less than market value. No other litigation in which they have been involved is anything like this case. Nor are the positions they have taken similar. There is no legitimate claim that the defendants are litigious and to label them as such in an opening would be irresponsible.

                Respectfully submitted,

                ANDREW WEISS and WEISS ASSET
                MANAGEMENT, LLC

                By their counsel,

                ___/s/Edward T. Dangel, III___
                Edward T. Dangel, III (BBO#113580)
                Dangel & Mattchen, LLP
                Ten Derne Street
                Boston, MA 02114
                617-557-4800

## RULE 7.1 CERTIFICATE OF CONSULTATION

  I hereby certify that I conferred with counsel for the plaintiffs and attempted in good faith to resolve or narrow the issues presented by this Motion, but was unsuccessful.  The plaintiffs oppose this motion.

                /s/ Edward T. Dangel, III
                Edward T. Dangel, III


## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 3, 2007.

                /s/ Edward T. Dangel, III
                Edward T. Dangel, III