UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUESTTS

| | |
|---|---|
| KOTVA a.s. and SPV Co. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants ) | C.A. No. 05-10679-WGY |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Counterclaim-plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KOTVA a.s., RICHARD HARAZIM and ) | |
| SPV Co. ) | |
| ) | |
| Counterclaim defendants. ) | |

**DEFENDANTS' OPPOSITION TO KOTVA'S MOTION TO EXCLUDE EVIDENCE OF ATTORNEY'S FEES**

None of the cases relied upon by Kotva for the proposition that attorney's fees must be paid personally by a party in order to be compensable even address this issue. Gutierrez, 437 Mass. 396 (2002), Jones, 369 Mass. 378 (1975) and Datacomm, 396 Mass. 760 (1986), merely state the basic proposition that the victim of abuse of process is entitled to compensation for economic losses thereby caused. None of the cases address the issue of whether damages may include compensation for debt inflicted upon the party, but paid for by another.

The issue of whether attorney's fees may be recovered where they were paid by a third party is directly addressed in Quest Systems, Inc v. Zepp, 28 Mass.App.Ct. 489 (1990). The case involved a licensing dispute between a researcher, Zepp, and his former company over various inventions. Zepp had entered into a subsequent licensing agreement with Wayne State University. The trial court ruled that Zepp could not recover attorney's fees upon the voluntary dismissal of the action because his fees had been paid by a third party, Wayne State University. The Appeals Court reversed:

> The judge indicated that the defendant Zepp could not be awarded his attorney's fees because in fact Wayne State had paid them. We do not see this as a bar to an award of fees to the defendant, if it was otherwise justified.

Id. at 496. See also, Tucker v. Kenner, 85 Fed.Appx. 610, 612, 2004 WL 68659 (9th Cir. 2004) (unpublished decision) (Under California law, plaintiffs did not have to prove that they actually paid attorneys fees in order to state claim for malicious prosecution, merely that they incurred those debts) (citing Bertero v. Nat'l Gen. Corp., 13 Cal.3d 43, 118 Cal.Rpter. 184, 529 P.2d 608, 620 (1974) and Sagonowsky v. More, 64 Cal.App.4th 122, 75 Cal.Rptr.2d 118, 123 (1998).

A comparable issue has been addressed in the context of the payment of medical bills. A claim for expenses paid or incurred in treating a plaintiff for bodily injuries is a proper element of the plaintiff's claim whether the plaintiff personally paid the expenses, or whether they were paid by someone else, such as a family member or an insurer. Moreover, it is irrelevant whether the party that paid the expenses requires reimbursement. Evidence of payment by the third party on the plaintiff's behalf is inadmissible. Saltzman v. Lumbermans Mut. Cas. Co., 326 Mass. 351, 355 (1950); Goldstein v. Gontarz, 364 Mass. 800, 808-09 (1974) (the "collateral source rule" bars evidence of benefits from an insurer, or employer or others).

Kotva also provides phantom authority for its assertion that proof of attorney's fees requires an expert witness. American Velodur Metal, 20 Mass.App.Ct. 460 (1985), says absolutely nothing about expert testimony being required. Rather, the court simply noted that in this particular case the plaintiff elected to use an "expert" to explain the nature and amount of the fees. The "expert" was a partner in the very law firm that had worked on the case for the plaintiff. His testimony consisted of explaining and itemizing the billings for himself and those working at the firm under his supervision. Despite the court's use of the term "expert," in fact the attorney testified as a fact witness, explaining his own billings. This is precisely what the Weiss parties anticipate Attorney Edward Leibensperger will do with respect to the billings of McDermott Will & Emery LLP. Indeed, the Weiss parties have turned over extensive discovery as to McDermott's bills rendered in connection with the defense of the plaintiffs' claims and agreed to plaintiffs request to depose on three occasions (September 6, September 19, and October 6, 2007). On each occasion the plaintiffs called off the deposition shortly before it was to begin. In the last instance they took the absurd position that Mr. Leibensperger had to be treated as a specially retained expert and Rule 26 (a)(2)(b) discovery provided.

It is particularly unfair that Kotva should be seeking to exclude evidence of attorneys fees paid by CVF on behalf of the Weiss parties, where CVF was dismissed as a party as a result of Kotva's motion asserting that CVF had no direct dealings with Kotva and therefore no reason to be a counterclaim plaintiff.

Lastly, it is respectfully submitted that the amount of fees to be awarded be left for the Court to decide, instead of the jury, as it has ruled it will do on plaintiffs' 93A claim.

CONCLUSION

For all of the above-stated reasons, the plaintiffs' motion should be denied.

ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC

By their counsel,

/s/ Edward T. Dangel, III
_____
Edward T. Dangel, III, BBO#113580
Dangel & Mattchen, LLP
Ten Derne Street
Boston, MA 02114
(617)557-4800


/s/ Keith Halpern_____
Keith Halpern, BBO #545282
4 Longfellow Place, 37th Floor
Boston, MA 02114
(617)722-9952


**RULE 7.1 CERTIFICATE OF CONSULTATION**

I hereby certify that I conferred with counsel for the plaintiffs and attempted in good faith to resolve or narrow the issues presented by this Motion, but was unsuccessful. The plaintiffs oppose this motion.

 /s/ Edward T. Dangel, III__
Edward T. Dangel, III


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 3, 2007.

__/s/Edward T. Dangel, III__
Edward T. Dangel, III