UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUESTTS

|  |  |
|---|---|
| KOTVA a.s. and SPV Co., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Defendants <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC, <br><br> Counterclaim-plaintiffs, <br><br> v. <br><br> KOTVA a.s., RICHARD HARAZIM and SPV Co. <br><br> Counterclaim defendants. | C.A. No. 05-10679-WGY |

## DEFENDANTS' OPPOSITION TO KOTVA'S MOTION IN LIMINE TO EXCLUDE CHARACTER EVIDENCE

Evidence of Andrew Weiss' good character is admissible both to establish damages on his abuse of process claim and in defense of Kotva's allegations of intentional misconduct.  Further, the plaintiffs have made Professor Weiss's character and reputation for truthfulness an issue throughout this case.

Under Massachusetts law, damages for abuse of process may include lost income, Kelly v. Stop & Shop Cos., 26 Mass.App.Ct. 557, 563 (1988), and injury to business and reputation.

Titcomb v. Bay State Grocery Co., 254 Mass. 599, 601 (1926); Malone v. Belcher, 216 Mass. 209, 212 (1913) ("It is settled that in an action for malicious prosecution damages may be received for injury to business, reputation and feelings.").

Evidence of good character is admissible to establish that one's character has been damaged. Liacos, Handbook of Massachusetts Evidence §4.45, 153 (6th ed. 1994) ("In actions for defamation, evidence of the plaintiff's good character is admissible on the issue of damages …"); Stearns v. Long, 215 Mass. 152 (1926).

In addition to damage to reputation, the defendants' counterclaim for abuse of process alleges that Kotva's lawsuit resulted in the loss of investment monies. In order to prove these losses, the defendants must be permitted to establish the amount of investment funds they likely would have received but for the improper lawsuit and the manner in which the lawsuit impacted potential investors. Andrew Weiss' character is central to this issue. Dr. Ross is anticipated to testify, based on his personal knowledge, regarding the manner in which the Kotva lawsuit damaged Mr. Weiss' reputation in the community of potential investors. Dr. Ross was involved in efforts to raise investment funds. In this capacity, he became familiar with Mr. Weiss' reputation both before and after news of Kotva's lawsuit became known by potential investors. He is in a position to testify regarding how Mr. Weiss' reputation was damaged and how this impaired the ability to attract investment funds.

In addition, evidence of good character is admissible under Fed.R.Evid. 405(b) where character is an essential element of the charge. Schroeder v. deBertolo, 942 F.Supp. 72, 79 (D. Puerto Rico 1990) (evidence of good character admissible where president of condominium board was alleged to have engaged in intentional race discrimination).

Under Czech law, whether Mr. Weiss harbored malicious intent is an element of Kotva's

allegations of abuse of process and interference with advantageous relations. Kotva must establish that Mr. Weiss acted in violation of "good morals." One cannot commit an immoral act in the absence of deliberate intent. As in Schroder, Mr. Weiss' character is relevant to an evaluation of the alleged malicious intent of his actions. The application of Czech law that explicitly weighs liability based upon an evaluation of morality plainly puts Mr. Weiss' character at issue.

                ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC

                By their counsel,

                /s/ Edward T. Dangel, III
                Edward T. Dangel, III BO#113580
                Dangel & Mattchen, LLP
                Ten Derne Street
                Boston, MA 02114
                (617)557-4800

                /s/ Keith Halpern
                Keith Halpern, BBO #545282
                4 Longfellow Place, 37th Floor
                Boston, MA 02114
                (617)722-9952

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 3, 2007.

                /s/Edward T. Dangel, III
                Edward T. Dangel, III