UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
KOTVA a.s. and SPV Co.,                     )
                                            )
            Plaintiffs                      )   Case No. 05-10679-WGY
                                            )
      v.                                    )
                                            )
ANDREW WEISS and WEISS ASSET                )
MANAGEMENT, LLC                             )
                                            )
            Defendants and                  )
            Counterclaimants,               )
                                            )
      v.                                    )
                                            )
KOTVA a.s., SPV Co., and RICHARD HARAZIM    )
                                            )
            Counterclaim-Defendants         )
                                            )
_____)

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE "EXPERT" TESTIMONY FROM "FACT" WITNESSES

Through no fault of the defendants, the plaintiffs appear to be mistaken about the nature of the opinion testimony the defendants will adduce from Andrew Weiss and Eitan Milgram at trial. The issue is not the calculation of damages—which is pure addition and has been fully explained in answers to SPV Co.'s interrogatories. The issue is whether Dr. Weiss and Mr. Milgram may testify about the value of CVF's shareholdings in Kotva and Trend as of the Fall of 2004. Although neither Dr. Weiss nor Mr. Milgram are specially retained experts, defendants provided full discovery concerning their opinions as to valuation long ago. The question of

whether the Weiss parties' counter-offers to Kotva's offers to purchase CVF's holdings were reasonable in a negotiation context is crucial to the defense of this case.

The stock holdings are sometimes referred to as the ring-fenced or segregated assets. CVF, "Czech Value Fund", was the owner of 11.92% of Kotva's common stock and the owner of approximately 40% of the shares of Trend, another fund which the Weiss parties claim owned 30-50% of Kotva's stock. Stripping away intervening entities, a Weiss parties' company, Weiss Capital, is the manager of CVF in charge of its portfolio. Dr. Weiss, Mr. Milgram and Dr. Nikitin control Weiss Capital (and Weiss Asset Management). Their business is the buying and selling of privately and publicly held shares in companies in the US and abroad. They became the managers of CVF in the late 1990's.

On November 23, 2004, the Weiss parties sent a counter-offer to Martin Benda, as a representative of the prospective buyers, which contained a detailed valuation of CVF's Kotva and Trend shares. The document, attached hereto as Exhibit 1, is Exhibit 108 of the agreed-to Trial Exhibit List. The plaintiffs know from their extensive deposition examinations of Andrew Weiss, Georgiy Nikitin and Eitan Milgram that the counter-offer and valuation were put together by them in the Fall of 2004, and that they were intimately familiar with the value of Kotva shares and of the workings of the Czech markets.

Plaintiffs do not argue that they are surprised that Dr. Weiss and Eitan Milgram will appear as fact and expert witnesses, nor do plaintiffs question their expertise. Plaintiffs could not do so with a straight-face. As they acknowledge in their motion, plaintiffs were informed that Dr. Weiss and Mr. Milgram might appear as both fact and expert witnesses by letter on October 30, 2006. Dr. Weiss and Eitan Milgram were listed as fact and expert witnesses in the joint pre-trial memorandum of March 28, 2007; they were listed again in the joint pre-trial filed on

October 9. The November 23, 2004 letter containing the valuation and supporting documents was produced in discovery years ago. Dr. Weiss's CV and Eitan Milgram's qualifications were produced long ago and, as plaintiffs noted during the depositions, are available through various websites. Neither of them is being paid to provide testimony; nor have they been retained as experts in other cases over the last several years, if ever. Not only have the defendants met the general requirements of Rule 26, the plaintiffs have received the functional equivalent of the retained experts' requirements of section (a)(2)(b) of Rule 26.

This Court has ruled that defendants may not present a specially retained expert on the issue of valuation. Whatever the reason for that, a ruling that Dr. Weiss and Eitan Milgram are not allowed to testify in support of their valuation may be tantamount to handing the plaintiffs a judgment. This Court has discretion to exclude evidence, of course, but it is hard to put into a few words the prejudice such a ruling will cause the defendants in this case. The Weiss parties are accused of attempting to use litigation to coerce a sale at an inflated price; it is impossible to rebut this accusation if denied the opportunity to explain why Weiss's valuation was reasonable.

Plaintiffs plan to use Richard Harazim, Kotva's CEO and a member of Forminster's board, to discredit Dr. Weiss's November 23rd valuation. Indeed, he responded to the November 23rd letter by writing back that he disagreed with almost every item included in the valuation. His critical assertion was that the shares were traded on the stock exchange for far less—but this point was disingenuous. Far fewer than 1000 Kotva shares had been traded over the counter since at least 1998, the six years prior to November, 2004. As Eitan Milgram testified at deposition, in such a situation (and given the vagaries of the Czech markets), a valuation based on trading price is exceedingly unreliable. Given that Kotva's central assets were being sold and

turned into cash, a valuation based on the sale is far more prudent, as Dr. Weiss and Mr. Milgram testified. Plaintiffs dispute the rather obvious conclusion that the value of CVF's holdings should be based on the value of the sale of the assets—the method the Weiss parties used in November, 2004—but the fact that it is disputed is no reason to prevent the testimony from being adduced at trial.

It is axiomatic that a knowledgeable owner can testify to the value of his property. Young, et al, Massachusetts Evidence, 19 Mass. Practice § 701.8, p. 468; Shane v. Shane, 891 F.2d 976, 982 (1st Cir. 1989); Capens Co., Inc. v. American Trading and Production Corp., 12 F. Supp.2d 222 (D. P.R. 1998). The Weiss parties, as fund managers charged with the buying and selling of the ring-fenced assets, are sufficiently like owners to warrant their testifying about the value of the assets. South Central Livestock Dealers,Inc. v. Security State Bank of Hedley, Texas, 614 F.2d 1056 (5th Cir. 1980); Spitzer v. Stichman, 278 F.2d 402 (2d Cir. 1960) (Bankruptcy trustee permitted to testify as to value of property to be sold). Defendants have been unable to find a case where the requirements of Rule 26(a)(2)(b) have been applied to unretained experts in a position to know the value of assets, but who have not been specially retained to provide such testimony. In the First Circuit, a Rule 26 (a)(2)(b) report is not required. Gomez v. Rivera Rodriquez, 344 F. 3d 103, 113-114 (1st Cir. 2003).

The issue which plaintiffs have raised as to proposed testimony of Dr. Weiss, Georgiy Nikitin and others concerning Weiss Asset Management's loss of business income raises some interesting problems for the plaintiffs themselves. The defendants have provided notice by letter and by listing in filings that their lost business witnesses are both fact and expert witnesses. The only witness the plaintiffs have identified who could conceivably qualify to testify about their

4

claim of lost profits through lost "use of the money" is Richard Harazim. While witnesses are permitted to testify as unretained experts where they own or run a business or division, discovery about their testimony, including the calculations, methods, and a showing of expertise is required. The Weiss parties provided all of that material, including detailed answers to interrogatories propounded this summer concerning defendants' damages. The plaintiffs, however, never listed Mr. Harazim (or anyone else) as an expert witness in this area. They have not provided discovery to support a calculation of damages, let alone an actual calculation.

Andrew Weiss, Eitan Milgram and Georgiy Nikitin "played a personal role in the unfolding of events at issue" and should be allowed to testify as to those events, what they were thinking about, enduring, and concluding about them. Gomez v. Rivera Rodriquez, 344 F. 3d 103, 113-114 (1st Cir. 2003). Likewise, to the extent that Bonnie Weiss and Steven Ross were personally involved with and witnessed the extreme difficulties in marketing the Weiss funds in light of required disclosure of plaintiffs' RICO charges and Securities Fraud claims, they may testify to their personal knowledge. *Id.*

## CONCLUSION

The plaintiffs' motion to exclude the opinion testimony of defendants' witnesses as to valuation and loss of business income should be denied.

            Respectfully submitted,

            ANDREW WEISS and WEISS ASSET
            MANAGEMENT, LLC

            By their counsel,

            ___/s/Edward T. Dangel, III___
            Edward T. Dangel, III (BBO#113580)
            Dangel & Mattchen, LLP
            Ten Derne Street

Boston, MA 02114
617-557-4800

**RULE 7.1 CERTIFICATE OF CONSULTATION**

      I hereby certify that I conferred with counsel for the plaintiffs and attempted in good faith to resolve or narrow the issues presented by this Motion, but was unsuccessful.

                        /s/ Edward T. Dangel, III
                        Edward T. Dangel, III

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 17, 2007.

                        /s/ Edward T. Dangel, III
                        Edward T. Dangel, III

## Lucy Chen

| | |
|---|---|
| **From:** | Andrew Weiss |
| **Sent:** | Tuesday, November 23, 2004 12:24 PM |
| **To:** | 'Richard Harazim' |
| **Cc:** | Andrew Weiss |
| **Subject:** | RE: Kotva |



Counter-offer
11-23-04.pdf (10...

Dear Mr. Harazim,

Attached please find our counter offer to sell shares in Kotva and Trend.

Andrew Weiss

1

WP0000699

# WEISS ASSET MANAGEMENT

**PRIVATE AND CONFIDENTIAL**
Without Prejudice

November 23, 2004

To: Martin Benda, Richard Harazim
From: Andrew Weiss, Weiss Asset Management

Dear Mr. Benda and Mr. Harazim,

Based on our previous correspondence and based on your request we herewith submit our counter-offer to sell you all our holdings in Kotva, a.s. (82,782 shares or 11.92%) and Trend VIF (1,098,617 shares or 39.73%)

Conditions of the offer:

1. We offer to sell you 82,782 shares of Kotva and 1,098,617 shares of Trend for a total consideration of 295.75 million CZK (our computations are detailed in Appendix A).
2. We will attempt to influence Gilroy and Balfindor to withdraw the complaint questioning ownership of assets by Kotva, a.s. Since we do not exert control over Gilroy and Balfindor or petitions submitted by them, we cannot guarantee a withdrawal of the complaint. The sale agreement shall be conditional on withdrawal of the existing lawsuits where Gilroy and Balfindor are the plaintiffs.
3. We provide a guarantee that no legal or physical entities controlled by us will initiate litigation against the ownership or transfer of Kotva, a.s. shares, KOTVA Department Store, or Kotva subsidiaries.
4. This offer expires on December 10, 2004.

Please, note that this is a non-binding offer, which will be subject to contract.
I am looking forward to your reply. Please contact me directly.

Sincerely yours,

*[signature]*

Andrew Weiss

29 Commonwealth Avenue • Boston • Massachusetts • 02116
Phone: (617) 778-7780 • Fax: (617) 778-7781 • E-mail: info@weissasset.com

WP0000700

# Appendix A. Valuation of BGO holdings of Kotva and Trend

BGO holdings: 1,098,617 shares of Trend (39.73%) and 82,782 shares of Kotva (11.92%).

### Estimated value of Kotva:
Assets = CZK 1.7 billion (value of the Kotva Department Store building)
Estimated Liabilities = CZK 0.3 billion
Net Asset Value of Kotva = CZK 1.4 billion
**BGO's share of Kotva's NAV = CZK 167 million**

### Estimated value of Trend:
**Scenario 1:**
Assets:
Kotva shares held in Forminster and Melodia to be sold to Mr. Woolf: 277,036 shares (as per Paragraph 101 of London Court of International Arbitration Case No. 0250 decision that those shares legally belong to Trend) at CZK 1,350 per share (the option strike price from the agreement with Mr. Woolf) = CZK 373,998,600; receivable with 80% probability: CZK 283,198,880.
Other assets, including undisputed shares of Kotva and claim for 327 237 shares in Sokolovska Uhelna = CZK 35 million
Estimated Liabilities = CZK 45 million
Net Asset Value of Trend = CZK 273,198,880
**BGO's share of Trend's NAV = CZK 108.5 million**

**Scenario 2:**
Assets:
Penalty payable under Moffitt-Forminster agreement = CZK 350 million plus interest (10% per annum) = CZK 559 million.
Other assets, including undisputed shares of Kotva and claim for 327 237 shares in Sokolovska Uhelna = CZK 35 million
Total Assets = CZK 594 million
Estimated Liabilities = CZK 110 million (CZK 45 million as above plus CZK 65 million for Moffitt's claim) plus the CZK 109 million awarded by the London Court of International Arbitration Case No. 0250 decision.
Total Estimated Liabilities = CZK 219 million.
Net Asset Value of Trend = CZK 375 million
**BGO's share of Trend's NAV = CZK 149 million**

The total price for the assets is the value of Kotva shares plus the average of the Trend value under the two valuation scenarios = CZK 295.75 million

---

29 Commonwealth Avenue • Boston • Massachusetts • 02116
Phone: (617) 778-7780 • Fax: (617) 778-7781 • E-mail: info@weissasset.com