UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| KOTVA a.s. | ) | |
|  | ) | |
| Plaintiff, | ) | Case No. 05-10679-WGY |
|  | ) | |
| v. | ) | |
|  | ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) ) | |
|  | ) | |
| Defendants. | ) | |
|  | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' VARIOUS MOTIONS IN LIMINE**

Defendants have filed several motions in limine that do not necessitate lengthy responses. Rather than burden the Court with multiple opposition filings, plaintiffs will succinctly address those motions in this consolidated opposition.

**1. Defendants' Motion In Limine Concerning Allegations of "Extortion", "Blackmail", "Deceptive Acts" and "Pattern of Bad Conduct" (Docket No. 273)**

Plaintiffs are unable to comprehend what relief this motion seeks.  Accordingly, plaintiffs cannot respond, other than to say that it is defense counsel's prerogative to refer to Mr. Harazim as a "liar", "thief", or "thug in a business suit" during his opening statement - - **so long as defendants have evidence to prove these accusations.**

**2. Defendants' Motion in Limine Regarding Privileged Documents (Docket No. 212)**

By this motion, defendants seek to exclude unspecified documents under a blanket objection that they are "privileged."  As the party asserting a privilege, defendants bear the burden of proving that each document is, in fact, subject to a privilege that has not already been

waived. In re Raytheon Sec. Litig., 218 F.R.D. 354, 357 (D. Mass. 2003) citing United States v. Wilson, 798 F.2d 509, 512-513 (1st Cir. 1986); In re Lernout & Hauspie Sec. Litig., 222 F.R.D. 29, 36 (D. Mass. 2004). Defendants, however, have not even identified the documents that they claim are privileged, let alone establish that they are, in fact, privileged. Thus, it is impossible for plaintiffs to even address the purported assertions of privilege. Indeed, defendants have already waived the attorney-client privilege with respect to many documents that they voluntarily produced in this action. See, e.g., October 18, 2004 email from Peterka to Weiss bates labeled WP 0013980-1. Accordingly, defendants' motion should be denied.

**3.    Defendants' Motion in Limine Regarding Czech Criminal Resolution (Docket No. 213)**

Defendants argue that the Czech Criminal Resolution (the "Resolution") should be excluded because: (1) it is hearsay; (2) it is irrelevant; and (3) it is unfairly prejudicial. (Motion at 3) As demonstrated below, however, each of these arguments is without merit.

### A.    The Resolution Is Relevant

Throughout this litigation, defendants have repeatedly accused the Czech police and prosecutors of being corrupt and manipulated by Kotva to "bully" Weiss "to abandon his investors' claims."[1] Defendants have not produced a shred of evidence to support any of these wild accusations. The Resolution, however, details the procedures followed by the police in conducting its investigation, including obtaining Court approval to monitor meetings, telephone calls and emails. See Resolution at K0045 ("An explanatory interrogation of the injured parties Harazim and Benda was carried out. The police seized documents evidencing extortion. Furthermore, having obtained court permission, the police tapped telephone calls in this matter. These calls and seized documents, the criminal charges and explanatory interrogation sufficiently

---

[1] See, e.g., Defendants' Restated Counterclaims for the First and Second Trials ¶¶ 12, 31-33, 66-68; Joint Pretrial Memorandum at 8; Motion in Limine to Exclude Privileged Documents at 3.

documented this offense. It was ascertained that there are sufficient grounds, pursuant to Section 160(1) of the Criminal Procedure Code, to start criminal prosecution of specific persons who committed such offence."). In short, the Resolution demonstrates that the Czech government is prosecuting Andrew Weiss for extortion because the evidence supports the charge. It further dispels defendants' wild notions that there is no due process or fair criminal procedure in the Czech Republic. Simply put, the Resolution directly rebuts defendants' so called "corruption" defense. Moreover, the Resolution directly rebuts the defense that Weiss "did nothing wrong" and that this is simply "the way business is conducted in the Czech Republic." Indeed, the Resolution shows that what defendants did (if proven) is extortion in the Czech Republic- - not an ordinary acceptable business practice.

Finally, the Resolution is relevant to rebutting Weiss' evidence of "good character", should it be permitted by the Court. Defendants have claimed that evidence of Weiss' good character is essential to their defenses and counterclaim. (Defendants' Opposition to Motion in Limine to Exclude Character Evidence at 2-3) By introducing evidence of Weiss' "good character," however, defendants open the door to evidence of his bad character on cross-examination. See Fed. R. Evid. 405(a) and advisory committee notes thereto; Michelson v. U.S., 335 U.S. 469, 478-79 (1948). Under those circumstances, the fact that the Czech government is prosecuting Weiss for extortion is relevant.

### B. The Resolution is Public Record Admissible Under Rule 803(8)

Defendants concede that the Resolution is within the Public Records exception to the hearsay rule as set forth in Fed. R. Evid. 803(8). (Motion at 3) Nevertheless, they argue that the Resolution is not "trustworthy" because the Czech government is corrupt, takes bribes, and generally takes it cues from Kotva.

As detailed in the Resolution, the decision to charge defendants with extortion was based on <u>defendants' own words and actions,</u> including: (1) defendants' own emails and faxes; (2) defendants' statements in <u>recorded</u> meetings and telephone conversations; and (3) defendants' filing blocking lawsuits and criminal actions against members of Kotva's board of directors.  <u>See</u> Resolution (attached as Ex. 1 to defendants' motion) at K0044-45 ("The extortion itself was represented by filing the above actions, by personal contacts of the accused with representatives of Kotva a.s., and by a telephone call, by fax, and e-mail messages sent to these representatives.")  In short, the Czech authorities relied upon defendants' words - - not Kotva's - - to substantiate the criminal charges.  For these reasons, defendants have failed to show that the Resolution is not trustworthy and, therefore, not admissible pursuant to Rule 803(8).

**C.     The Resolution is Not Barred by Rule 403**

Defendants have made the criminal charges against Weiss an issue in this case.  Indeed, both parties have identified exhibits concerning the criminal charges against Weiss (many of which are Agreed Upon Exhibits).  For example, defendants identified statements given by both Harazim and Benda to the Czech police (Agreed Upon Exhibits 88 and 89).  Accordingly, the jury is going to hear that Weiss has been charged with a crime in the Czech Republic.  Simply put, the jury will be confused if they are presented with evidence about the charges but not the charge itself.  Indeed, excluding the Resolution will cause more confusion and prejudice than admitting it.

Any prejudice to the defendants, moreover, can be cured with an appropriate instruction.  In fact, defendants have identified a model jury instruction from the First Circuit that addresses their concerns.  (Motion at 8 <u>citing</u> First Circuit Model Criminal Jury Instruction 1.02)  If that

4

instruction is sufficient to address the potential prejudice caused by an indictment in a criminal matter for the crime charged in that indictment, surely it is sufficient in this case.

For these reasons, the Court should deny defendants' motion.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court deny defendants' motions in limine.

    Respectfully submitted,

    KOTVA A.S. and SPV CO.,

    By their attorneys,

    /s/ Dana A. Zakarian
    Joel G. Beckman (BBO# 553086)
    William C. Nystrom (BBO#559656)
    Dana A. Zakarian (BB0# 641058)
    NYSTROM BECKMAN & PARIS LLP
    10 St. James Ave., 16th Floor
    Boston, Massachusetts 02116
    (617) 778-9100
    (617) 778-9110 (fax)

Dated: October 19, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 19th day of October, 2007.

    /s/ Dana A. Zakarian