UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co. ) | |
| ) | |
| Plaintiffs, ) | Case No. 05-10679-RCL |
| ) | |
| v. ) | |
| ) | |
| ANDREW WEISS and WEISS ASSET ) | |
| MANAGEMENT, LLC ) | |
| ) | |
| Defendants and Counterclaimants. ) | |

**PLAINTIFFS' TRIAL MEMORANDUM REGARDING
CHOICE OF LAW WITH RESPECT TO COMMON LAW CLAIMS**

**INTRODUCTION**

The Court should reject Defendants' attempt on the eve of trial to concoct a conflict between Massachusetts and Czech law.[1] Indeed, the timing of defendants' decision to raise a conflicts issue is revealing: it was not until <u>after defendants' **Massachusetts** counterclaims were dismissed</u> that suddenly defendants asserted that Czech law conflicts with Massachusetts law. It does not.

As demonstrated below, there is no conflict between plaintiffs' claims for tortious interference and abuse of process and the relevant Czech law and, therefore, a choice of law analysis is not even required. See <u>Lambert v. Kysar</u>, 983 F. 2d 1110, 1114 (1st Cir. 1993). As set forth in the accompanying Affidavit of Daniel Malis ("Malis Aff.") -- a Czech attorney who

---

[1] Defendants also ignore this Court's prior rulings by arguing that M.G.L. ch. 93A conflicts with Czech law. Defendants' argument, however, ignores the jurisdictional element of Chapter 93A. Simply put, if plaintiffs satisfy the elements of Chapter 93A, including that the unfair and deceptive conduct occurred "primarily and substantially" in Massachusetts, the statute applies. In any event, the Court already ruled (in denying defendants' summary judgment motion, and again at the final pretrial conference) that plaintiffs' Chapter 93A claim is in the case and will be decided by the jury.

is also admitted in New York -- the applicable Czech Civil Code provisions share the same legal framework as plaintiffs' common law claims. The <u>only</u> difference is that the Czech Civil Code is broader than the specific torts of tortious interference and abuse of process, but there is no conflict between the substantive law. Defendants' own Czech expert admits as much. <u>See</u> p. 4, <u>infra</u>.

Even assuming <u>arguendo</u> that a conflict exists, Massachusetts law governs under a choice of law analysis because Massachusetts has the most significant relationship to this case and the choice of law factors weigh heavily in favor of applying Massachusetts law. Massachusetts' significant relationship to this action is demonstrated by the factual record replete with examples of how Weiss orchestrated his blackmail scheme from Massachusetts. Simply put, in this case, the dispositive factor is where the conduct causing the injury occurred -- Massachusetts. <u>See</u> Restatement (Second) of Conflicts of Laws § 145 (1971) (enumerating choice of law factors for tort claims as where the injury occurred, **where the conduct causing the injury occurred**, the parties' residence, and where the parties' relationship is centered).

Applying Massachusetts law, moreover, promotes the interests sought to be served in any choice of law analysis. <u>See</u> Restatement (Second) of Conflicts of Law § 6 (1971). These include:

- <u>Protecting the justified expectations of the parties</u> – by filing in Massachusetts, Kotva certainly expected that Massachusetts law would be applied to its claims and defendants, until their recent change of heart, also litigated this action as if Massachusetts law would apply;

- <u>Simplifying the task for the jury and the Court</u> – of course, it will be much easier for the jury and the Court to apply the familiar principles of Massachusetts law at trial. For example, there are model jury instructions on the tortious interference and abuse of process claims readily available to the Court and written in English so that the jury will easily understand the instructions. Conversely, there are no jury instructions in the Czech legal system because there is no jury system.

- <u>Providing certainty, predictability, and uniformity of result</u> – the result of this case will be more uncertain and unpredictable if Czech law is applied because Czech law is unfamiliar and Czech court decisions have no precedential value and are not binding.

- <u>Applying the better legal rule</u> – The facts of this case epitomize a claim for tortious interference and abuse of process, <u>i.e.</u> Weiss' filing lawsuits to interfere with Kotva's deal with Markland. It makes more sense to apply the legal rules that more specifically fit the facts of a case than the broader, more general principles provided under Czech law.

As described below, defendants cannot sustain their burden to show a conflict between Massachusetts and Czech law – because there is none – and their eleventh hour tactics to complicate the trial should not be allowed. In any event, to the extent the Court engages in a choice of law analysis (which it is not required to do because there is no conflict), Massachusetts law should be applied to Plaintiffs' common law claims at trial because of its significant relationship to this action and the underlying choice of law policy reasons favor application of Massachusetts law. Revealingly, Defendants do not even attempt to engage in the complete choice of law analysis. Accordingly, the Court should deny defendants' motion to apply Czech law to plaintiff's common law claims at trial.

## **CZECH LAW**

**Overview of the Czech Legal System**

The Czech legal system is a civil law system. Liability for damages is primarily regulated in Act No. 40/1964 Coll., the Civil Code, as amended (the "Civil Code"). (Malis Aff. ¶ 3 & Ex. A). The Civil Code regulates liability for damage caused by violation of a legal or contractual obligation. (<u>Id.</u>). Notably, cases are decided by the courts in the Czech Republic and there is no jury system.[2] (<u>Id.</u>).

---

[2] In interpreting the law, Czech courts are guided by provisions of written laws, commentaries on the laws and court decisions issued by higher courts (in particular, the Supreme Court of the Czech Republic and the Constitutional

Unlike the American legal system, Czech court decisions have no precedential value and are not binding. As a result, the outcome of cases interpreted under Czech law is not as predictable and is more uncertain than under the common law system. In short, the American common law system provides a more uniform body of case law than the Czech court decisions. (Malis Aff. ¶ 5). Defendants' expert, Zdenek Kuhn, agrees: "It is thus not surprising that unifying numerous decisions within the various senates of the Supreme Court represents a key problem in practice." (Declaration of Zdenek Kuhn ("Kuhn. Decl.") ¶ 11).

The body of law under civil law systems, moreover, is not as detailed as common law systems. (Malis Aff. ¶ 6) This is because the legislators (usually parliaments) cannot possibly think of all contingencies that may happen in real life. Therefore, written laws in civil law countries (including Czech Republic) usually contain <u>more broadly defined rules</u> that aim to encompass all possible specific circumstances, in particular when it comes to private-law relations. (Malis Aff. ¶ 6). Significantly, Defendants' own expert, Prof. Kuhn, agrees:

> Unlike the U.S. tort law, Czech law deals . . . with the problem of torts in few general clauses on torts; . . .That is <u>why there is no need to construct an independent tort of abuse of process, tortious interference, unfair practices or like in Czech law; rather, abuse of process and all sort of other unfair behavior is covered under the general prohibition of abuse of rights and actions contrary to good morals (S. 3 para. 1 of the Czech Civil Code); damages caused by abuse of process or any other type of unfair actions are covered under the general provision of the Civil Code which deals with damages caused by abuse of rights.</u>  (S. 424 of the Czech Civil Code).

(Kuhn Decl. ¶ 6) (emphasis added).

**The Relevant Provisions of the Czech Civil Code**

The provisions of the Czech Civil Code that would be implicated by the facts of this case are Sections 3(1), 415, 420, and 424. (Malis Aff. ¶ 7). Sections 415 and 420 are sources of

---

Court of the Czech Republic).  The most authoritative commentary on the law is the <u>Civil Code, Commentary</u>, 10th ed., 2006, Švestka Jehlička, Škárová, Spáčil and others (the "<u>Civil Code, Commentary</u>, 10th ed.") and is regularly cited by Czech courts and practitioners. (Malis Aff. ¶ 5).

general liability whereas Sections 424 and 3(1) address slightly more specific conduct, involving acts against "good morals" and "abuse of a right."

*General Liability Under Sections 415 and 420*

Sections 415 and 420 are broad, catch-all provisions imposing general liability for violation of the law. More specifically, Section 415 provides that "Everybody is obliged to behave in such a way that no damage (injury) to health, property, nature, and environment occurs." Section 420(1) provides: "Everyone shall be liable for damage caused by violating a legal duty." The elements for a claim under Section 420 are (i) violation of a legal obligation; (ii) origination of damages; (iii) a causal nexus between the violation and damages; and (iv) fault, either intentional or negligent. (Malis Aff. ¶¶ 8-9 & Ex. A).[3]

*Liability for Conduct Against Good Morals Under Section 424*

In addition to general liability imposed by sections 415 and 420, the Civil Code provides for special types of liability, including liability for acting against good morals (*contra bonos mores*).[4] In particular, Section 424 provides: "Any person who causes damage by an intentional contravention of morality (good morals) shall be liable for the damage." (Malis Aff. ¶ 13). The elements of a claim under Section 424 are: (i) acting against good morals; (ii) origination of damage; (iii) causal nexus; and (iv) fault in the form of intent. (Malis Aff. ¶ 14). <u>Section 424 is the section of the Civil Code that is most applicable to the facts of this case</u>. (Id.). Prof. Kuhn takes this one step further, stating, "<u>only</u> the special clause of S. 424 of the Civil Code applies to

---

[3] These elements are explained in detail in paragraphs 9–12 of Mr. Malis' affidavit.

[4] Czech commentators have summarized case law addressing the meaning of good morals as follows: "Good morals constitute a measure of evaluation of specific situations, corresponding to the generally recognized rules of decency in accordance with the general moral principles of democratic society; they have primarily interpretive function." (Malis Aff. ¶ 16). The concept of "good morals" is explained in further detail in paragraphs 15-17 of Mr. Malis' affidavit.

5

this case". (Kuhn Decl. ¶ 7) (emphasis added). Regardless, the critical point is that Prof. Kuhn fails to identify any conflict between Section 424 and Plaintiffs' common law claims.

### *Liability for Abuse of a Right Under Section 3(1)*

Section 3(1) of the Civil Code deals with abuse (or misuse) of a right and provides as follows: "Exercise of rights and duties following from civil legal relationships must not groundlessly infringe upon rights and lawful interests of others and must not be at variance with good morals."[5] (Malis Aff. ¶ 20). In essence, Section 3(1) forbids two types of conduct: (a) use of a right that unlawfully infringes upon the rights of another and/or (b) use of a right in breach of good morals. Any person who violates Section 3(1) is subject to liability for damages pursuant to Section 424. (Malis Aff. ¶ 21). Accordingly, Sections 3(1) and 424 are closely intertwined. (Id.). Prof. Kuhn also agrees with this conclusion. (Kuhn Decl. ¶ 17).

As set forth below, the applicable Civil Code provisions encompass the specific common law claims in this case and there is no conflict. (Malis Aff. ¶ 27-29).

## ARGUMENT

### I. There is No Actual Conflict Between Massachusetts and Czech Law

As the Court highlighted at the final pretrial conference on October 12th, the Court presumes that Massachusetts law applies unless defendants demonstrate an actual conflict with the law of the forum. As the party claiming that Czech law applies to Kotva's common law claims, it is defendants' burden to establish that there is an actual conflict between Massachusetts and Czech law. See RESTATEMENT (SECOND) CONFLICT OF LAWS § 136 cmt. f ("Frequently, the local law of the forum will provide that the party who claims that the foreign law is different

---

[5] The concept of "abuse of a right" is explained in detail in paragraphs 22-24 of Mr. Malis' affidavit.

from the local law of the forum has the burden of establishing the content of the foreign law."). Simply put, defendants cannot sustain their burden.

"An initial task of a choice-of-law-analysis is to determine whether there is an actual conflict between the substantive law of the interested jurisdictions." Levin v. Dalva Bros., Inc., 459 F.3d 68, 73 (1st Cir. 2006), citing Millipore Corp. v. Travelers Indem. Co., 115 F.3d 21, 29 (1st Cir. 1997). Said another way, "[t]he usual first step in applying conflict of laws principles is to determine whether there is a conflict among the laws of the various states involved." Am. Mgmt. Servs., Inc. v. George S. May Int'l Co., 933 F. Supp. 64, 68 (D. Mass.1996), quoting Lambert v. Kysar, 983 F. 2d 1110, 1114 (1st Cir. 1993). When the controlling law in the two jurisdictions is the same, there is no conflict and there is no need to pursue the choice of law analysis. Id.

Moreover, "[u]nder modern conflicts-of-law theory, where there is a 'false conflict' such that the laws of both states relevant to the set of facts are the same, or would produce the same decision in the lawsuit, there is no real conflict between them." Boston Hides & Furs, Ltd. v. Sumitomo Bank Limited, 870 F. Supp. 1153, 1159 (D. Mass. 1994), quoting R.A. LEFLAR, AMERICAN CONFLICTS OF LAW § 92 (4th ed. 1986). In such cases, "the appropriate legal analysis is essentially equivalent under both" and the law of the forum will be applied. Boston Hides & Furs, Ltd., 870 F. Supp. at 1159. See Miller v. Harding, 1998 WL 892702 *6 (D. Mass.), (Young, J.) ("The question of which law to apply does not arise, however, when a 'false conflict' exists between the laws of different jurisdictions. A false conflict is one in which the application of different states' laws does not alter the outcome of the case."), citing Boston Hides & Furs, Ltd., 870 F. Supp. at 1159. The Court should by-pass the choice of law issue "where the case's resolution would be identical under either [jurisdiction's] law." Fratus v. Republic

Western Ins. Co., 147 F.3d 25, 28 (1st Cir. 1998) (noting Court's discretion to refrain from choice of law analysis) (citations omitted).

      A.    **The Analysis of Plaintiffs' Common Law Claims Is the Same Under Massachusetts and Czech Law and There is No Conflict**

The comparison between the legal elements of Plaintiffs' common law claims with the legal elements of the applicable Czech Civil Code provisions reveals that there is no conflict. The elements of the tortious interference claim are: (a) existence of a prospective business relationship with the probability of future economic benefit for the plaintiff; (b) defendants' knowledge of this relationship; (c) defendants' interference with the relationship by improper motive or means; and (d) resulting damage to the plaintiff. Shea v. Emmanuel College, 425 Mass. 761, 764 (1997); United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 815-816 (1990); Comey v. Hill, 387 Mass. 11, 19 (1982). The elements for the abuse of process claim are (1) process used (2) for an ulterior or illegitimate purpose (3) resulting in damage to the plaintiff. See Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-76 (1986); Refuse & Environmental Sys., Inc. v. Industrial Services of America, Inc., 932 F.2d 37, 41 (1st Cir. 1991); Broadway Mgmt. Services, Ltd. v. Cullinet Software, Inc., 652 F. Supp. 1501, 1503 (D. Mass. 1987). The crux of these two claims is an _intentional act_ performed for an _improper purpose_ that _causes damage_ to the plaintiff.

In this case, there is no difference between the general principles of liability and damages embodied in Sections 3(1), 415, 420, and 424 of the Czech Civil Code and plaintiffs' common law claims. As Mr. Malis confirms, the elements of the _tortious interference claim_ overlap with the requirements for liability and damage under Czech law as follows:

    (i)    the business relationship and loss of advantage elements are, in principle, covered by the Czech law requirement for origination of damage (also covering lost profit);

8

    (ii)    the knowledge and improper interference elements correspond to the Czech law requirements of fault and violation of plaintiff's obligation under Section 415 of the Civil Code; and,

    (iii)    the damages/loss element correspond to the Czech law requirement of causal nexus.

(Malis. Aff. ¶ 27).

Likewise, the elements of the <u>abuse of process claim</u> correspond to the requirements for liability and damages under Czech law in this way:

    (i)    use of process for an ulterior or illegitimate purpose elements are covered by the Czech law requirements of acting against good morals and fault in the form of intent; and

    (ii)    the element of damage to the defendant resulting from the process used for an ulterior or illegitimate purpose would correspond to the Czech law requirements of origination of damage and causal nexus.

(Malis Aff. ¶ 28). In short, there is no conflict between Massachusetts and Czech law.

Indeed, the only difference between Massachusetts and Czech law is that the <u>Massachusetts elements are more specific</u>; the tortious interference claim specifically relates the immoral act to a prospective <u>contract or relationship with a third party</u>, and the abuse of process claim specifically relates the immoral act to <u>use of the court system</u>. A comparison of the elements of Section 424 of the Civil Code[6] with the common law elements effectively demonstrates this point:

---

[6] Again, Section 424 is the provision of the Civil Code that is most applicable to the facts of this case (Malis Aff. ¶ 14) and Defendants' expert agrees. (Kuhn Decl. ¶ 7).

| **Tortious Interference** | **Section 424 (Czech)** | **Abuse of Process** |
|---|---|---|
| Existence of relationship with third party and defendants' knowledge of relationship | | Process used |
| Interference with that relationship by improper motive or means | Acting against good morals with fault (intentionally) | Using that process for an improper purpose |
| Causing damages | Causing damages | Causing damages |

Thus, each of these claims shares the same basic elements – a "bad" act, damage, causation, and intent.[7]

The Miller case is instructive. Miller, 1998 WL 892702 at *6. In Miller, this Court analyzed whether there was a conflict between the Massachusetts Fraudulent Conveyances Act and the Florida Fraudulent Transfer Act. Id. at *6. The Court compared several provisions of the Acts and concluded there was no conflict between them, despite the different language used under each statute. The Court summarized its conclusions as follows:

- Both statutes provide that a conveyance or transfer is fraudulent with respect to a creditor if the debtor acted with intent. In Florida, the requisite intent must be "to hinder, delay, or defraud any creditor of the debtor."Fla. Stat. ch. 726.105(1)(a). In Massachusetts, the debtor must intend "to hinder, delay or defraud present or future creditors."Mass. Gen. Laws ch. 109A, § 7 (1995). The two provisions are materially identical.

- Florida defines a creditor as a "person who has a claim." Fla. Stat. ch. 726.102(4). Massachusetts defines a creditor as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent."Mass. Gen. Laws ch. 109A, § 1. Again the provisions pose no conflict.

- Florida allows a creditor to recover from a transferee in the case of intentional fraud unless the transferee took the asset "in good faith and for a reasonably equivalent value."Fla. Stat. ch.726.109(1). Massachusetts allows recovery

---

[7] It follows that proof of the Massachusetts claims necessarily would satisfy the elements of Section 424.

> unless the transferee was a "purchaser for fair consideration." Mass. Gen. Laws ch. 109A, § 9(1). Fair consideration is given for property when, among other things, "in exchange for such property ... as a fair equivalent therefor[e], and in good faith, property is conveyed or an antecedent debt is satisfied."*Id.* at § 3(a). It is not immediately clear on the face of the statutes whether "fair consideration" is equivalent to "reasonably equivalent value." Whatever differences in meaning may be attributed to the two phrases, however, there is no conflict in this case.

Miller, 1998 WL 892702 at *6. As in Miller, the legal analysis of plaintiffs' common law claims is the same under both Massachusetts and Czech law. Accordingly, the Court may dispense with a choice of law analysis and apply the forum law. Boston Hides & Furs, Ltd., 870 F. Supp. at 1159; Miller, 1998 WL 892702 at *6; Fratus, 147 F.3d at 28. See Am. Mgmt. Servs., Inc., 933 F. Supp. at 68.

### B. Even Assuming a Conflict, Massachusetts Law Applies

#### 1. The "Functional Choice of Law" Factors

Even assuming there was a conflict between Massachusetts and Czech law, Massachusetts law should be applied under the "functional choice of law approach" followed by Massachusetts courts. Reicher, D.P.M v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 5 (1st Cir. 2004), citing Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. 622 (1985), Cosme v. Whitin Mach. Works, Inc., 417 Mass. 643 (1994), and Millipore Corp., 115 F.3d at 30. Under this "flexible interest-based approach," courts consider several factors, including those enumerated in § 6 of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS (1971) (hereinafter, "RESTATEMENT §6") which are:

> (1) the needs of the interstate and international system, (2) the policies of the forum, (3) the policies of other interested jurisdictions, (4) the protection of justified expectations, (5) the basic policies underlying the particular field of law, (6) certainty, predictability and uniformity of result, and (7) ease of applicability.

Millipore Corp., 115 F.3d at 30 (citation omitted). In addition, courts consider other factors including: "(1) predictability, (2) maintaining interstate and international order, (3) simplifying

11

the judicial task, (4) advancing the interests of the forum, and (5) applying the better legal rule." Bushkin Assoc., Inc., 393 Mass. at 634 n.7, citing Leflar, *American Conflicts Law* § 109, at 195 (3d ed. 1977) (hereinafter, "Leflar factors").

Further, in tort cases, the law of the forum with "the most significant relationship to the occurrence and the parties" should be applied. RESTATEMENT (SECOND) OF CONFLICT OF LAWS §145 (1971). The factors to consider in determining which law has the most significant relationship include: (a) where the injury occurred, **(b) where the conduct causing the injury occurred**, (c), the parties' residence or place of business, and (d) where the parties' relationship, if any, is centered. RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 145 (1971) (emphasis added).[8] "When the primary purpose of the tort rule involved is to deter or punish misconduct, **the place where the conduct occurred has peculiar significance**." Grupo Televisa, S.A. v. Telemundo Comm. Group, Inc., 485 F.3d 1233, 1241 (11th Cir. 2007) (reversing application of Mexican law over Florida law for tortious interference claim because the trial court failed "to recognize that Florida's tortious interference rule is intended to regulate conduct . . . [and] undervalued the importance of the contacts relating to the place where the conduct causing the injury occurred."), quoting RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 145(2) cmt. e (1971). See also M'Baye v. New Jersey Sports Production, Inc., 2007 WL 431881 *10 (S.D.N.Y. 2007) ("the two tortious interference claims are governed by New York law because the majority of the alleged tortious conduct occurred in New York").

---

[8] RESTATEMENT § 155 specifically addresses abuse of process and provides that the law of the state where the proceeding was filed applies "unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied." RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 155 (1971) (emphasis added). As demonstrated below, the general rule regarding application of the law of the state where the proceeding was filed – here, the Czech Republic – is inapplicable because Massachusetts has the most significant relationship to this action.

12

In this case, three of the four factors under Restatement § 145 are neutral. First, the place where the injury occurred (as opposed to where the conduct giving rise to the injury occurred) arguably could be several locations, including Cyprus, Ireland, and the Czech Republic and this dilutes any weight given to this factor. In addition, defendants are Massachusetts residents and Plaintiffs reside in the Czech Republic and Cyprus and, therefore, the parties' residence is not determinative. Lastly, there is no relationship between the parties (other than the blackmail scheme perpetrated by defendants). Thus, it is the second factor – **where the conduct causing the injury occurred** – which demonstrates Massachusetts' significant relationship to the facts of this case. The weight of this factor dictates that Massachusetts law should be applied. Grupo Televisa, S.A., 485 F.3d at 1241; M'Baye v. New Jersey Sports Production, Inc., 2007 WL 431881 at *10.

    **2.    Massachusetts' Significant Relationship to this Action**

Weiss resides in Brookline, Massachusetts and is the 100% owner, manager, and resident agent of Weiss Asset Management. (Answer ¶ 5). Weiss Asset Management is headquartered in Boston. (Answer ¶ 6). Weiss was the mastermind of the blackmail plan, and launched and directed his scheme from Massachusetts. Massachusetts was the nerve center of the Weiss blackmail and tortious interference plan. Weiss' instructions regarding the blackmail emanated from his e-mail address in Boston; Weiss' and his employees' phone calls originated from Boston, and all of his blackmail demands directed to Kotva came from Boston. It is undisputed that Weiss communicated with his agents, Hoffman and Peterka, from Boston, and that Hoffmann sent bills to Weiss in Boston. (Id. at ¶ 22). Consistent with these allegations, Weiss admits that he sent letters from Boston to the Czech Republic with "offers" and "counter offers" for the purchase of the Brookdale shares in Kotva. (See Complaint and Answer at ¶¶ 27-35).

Whether in or from Massachusetts, Weiss hired agents and lawyers, authorized and directed and paid for lawsuits, contacted the purchaser of the Kotva Department Store and its lender, and organized a shell company (KT) utilizing Massachusetts lawyers whose sole purpose was to hold nominal shares of Kotva and file lawsuits against it. Weiss hired lawyers to advise him on how to "block the sale" and "discourage potential buyers of Kotva." In short, Weiss controlled and executed his entire scheme <u>from Massachusetts</u> and, as a result, Massachusetts has the most significant relationship to the issues in this case.

### 3. The Remaining Factors Point to Massachusetts Law

The other choice of law factors weigh heavily in favor of applying Massachusetts law.[9]

*Expectations of the Parties*

In filing its action in Massachusetts, Kotva certainly expected that Massachusetts law would be applied to its claims. In fact, all of the parties expected that Massachusetts law governed Plaintiffs' claims and Defendants' counterclaims, and it was not until Defendants' counterclaims were dismissed that Defendants belatedly asserted that a conflict exists with Czech law. As such, Massachusetts law should apply to protect Plaintiffs' justified expectations throughout this lawsuit. <u>See</u> RESTATEMENT §6(4) ("the protection of justified expectations").

*Simplicity and Ease of Application*

Similarly, Massachusetts law would be more easily applied and would simplify the judicial task. (<u>See</u> RESTATEMENT §6(7), and Leflar factor (3)). For example, there are standard jury instructions for tortious interference and abuse of process claims, which address each element of those claims in detail. There are no comparable instructions under Czech law, because judges decide cases under Czech law and there is no jury system. (Malis. Aff. ¶ 3). In

---

[9] The other factors enumerated in §§ 6 and 145 of the Restatement appear to be either neutral or have no application to this case and therefore are not addressed specifically herein.

14

fact, it would be difficult for the Court to even formulate instructions for the jury in this case using Czech law for several reasons, including: (a) there inevitably will be disagreement among the parties concerning which provisions of the Czech Civil Code apply, (b) there will be disagreement over the language used to instruct the jury in the absence of any guidance from model jury instructions, or any similar source, and (c) to the extent the Court would rely on the official commentary to the Czech Civil Code, an American jury would have great difficulty understanding the translated version of the commentary. These practical considerations tip the scale decisively toward application of Massachusetts law.

### *Certainty, Predictability, and Uniformity*

Applying Massachusetts law, moreover, will foster "certainty, predictability, and uniformity of result" because the Court is familiar with the forum's law on tortious interference and abuse of process. (See RESTATEMENT §6(6)). Conversely, Czech law is unfamiliar and, although the Court is undoubtedly capable of applying Czech law, its application is more uncertain and unpredictable than if Massachusetts law were applied. On a related note, Czech court decisions have no precedential value and are, strictly speaking, not binding. (Malis Aff. ¶ 5). As a result, the outcome of cases interpreted under Czech law is not as predictable and is more uncertain than under the common law system. (Id.) In short, Massachusetts law provides a more uniform body of law than under the Czech court system because of the lack of binding precedent. (Id.).

### *Applying the Better Legal Rule*

Finally, Massachusetts law provides the "better legal rule" because of its specificity and applicability to the facts of this case. (See Leflar factor (5)). In other words, it makes more sense for the jury to apply specific legal rules that more closely fit the case (i.e. tortious

15

interference with a contract (Kotva's deal with Markland) and abuse of process (Weiss' filing lawsuits to leverage his extortion plan)) than the more general rules set forth under Czech law of liability generally Sections 415 and 420, for conduct against good morals under Section 424, and abuse of a right under Section 3(1).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that there is no conflict between Massachusetts and Czech law and there is no basis for the Court to engage in a choice of law analysis. To the extent the Court perceives a conflict, Massachusetts law should be applied at trial to Plaintiffs' claims for tortious interference and abuse of process.

Respectfully submitted,

KOTVA A.S. AND SPV CO.

By their attorneys,

/s/ Joel G. Beckman
Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO# 559656)
Dana A. Zakarian (BBO# 63652)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: October 19, 2007

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 19th day of October, 2007.

                                                      /s/ Joel G. Beckman