UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co.<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC<br><br>Defendants and Counterclaimants. | Case No. 05-10679-RCL |

**AFFIDAVIT OF DANIEL MALIS IN SUPPORT OF
PLAINTIFFS' TRIAL MEMORANDUM REGARDING CHOICE
OF LAW WITH RESPECT TO COMMON LAW CLAIMS**

I, Daniel Malis, being duly sworn, state as follows:

1.     I am an attorney licensed to practice law in the Czech Republic and the State

of New York. I received a J.D. from Charles University School of Law located in Prague

in 1998. I also received an M.D. from Charles University First School of Medicine in 1996.

In addition, I received an LL.M. from New York University School of Law in 2002.

I am currently seeking a Ph.D. degree at the Charles University School of Law in Prague. I am

a national of the Czech Republic, and live in Prague, Czech Republic.

2.     I am the founding partner of Daniel Malis & Partners located in Prague. My

practice focuses on commercial law, securities, real estate, intellectual property, bankruptcy and

litigation. Based on my education, training, and experience, I am familiar with the laws and

policies of the Czech Republic and the Czech legal system.

**Overview of the Czech Legal System**

3.      The Czech legal system is a civil law system.  Liability for damages is primarily

regulated in Act No. 40/1964 Coll., the Civil Code, as amended (the "Civil Code").  (The

relevant provisions of the Civil Code are attached as Exhibit A hereto).  The Civil Code

regulates, among other things, liability for damage caused by violation of obligations imposed by

law or of contractual obligations in general private-law relations (as opposed to public law

involving the government).  Cases are decided by the courts in the Czech Republic and there is

no jury system.

4.      In interpreting the law, Czech courts are guided by provisions of written laws,

commentaries on the laws and court decisions issued by higher courts (in particular, the Supreme

Court of the Czech Republic and the Constitutional Court of the Czech Republic).  The most

authoritative commentary on the Civil Code is the Civil Code, Commentary, 10th ed., 2006,

written by Švestka Jehlička, Škárová, Spáčil and others (the "Civil Code, Commentary, 10th ed.")

and is regularly cited by Czech courts and practitioners.

5.      Unlike the American legal system, Czech court decisions have no precedential

value and are, strictly speaking, not binding.  As a result, the outcome of cases interpreted under

Czech law is not as predictable and is more uncertain than under the common law system.

In principle, the American common law system provides a more consistent body of case law than

under the Czech court system because of the lack of binding precedent under the Czech legal

system.

6.      The Czech legal system is based on written laws setting out general rules in

comparison to more detailed rules established by the common law system.  Even though the

court decisions are not considered a source of law in the Czech Republic, Czech courts apply and

interpret these general rules as set forth in the Civil Code. Czech courts also "supplement" the law by using analogous interpretations in situations where there is no specific written rule. In civil law systems, although the written laws often effectively set forth the same or very similar rules, the body of law is not as detailed as common law systems, as the legislators (usually parliaments) cannot possibly think of all contingencies that may happen in real life. Therefore, written laws in civil law countries (including Czech Republic) usually contain more broadly defined rules that aim to encompass all possible specific circumstances, in particular when it comes to private-law relations.

7.       Based on my review of the complaint and various other pleadings filed in this matter, I am familiar with the underlying facts of this case and the tortious interference and abuse of process claims asserted by the Plaintiffs in this action. The provisions of the Czech Civil Code that would be implicated by the facts of this case are Sections 3(1), 415, 420, and 424.

**General Liability Under the Czech Civil Code**

8.       Section 420 of the Civil Code is a general "catch-all" provision imposing general liability for violation of a legal duty. Specifically, Section 420(1) provides: "Everyone shall be liable for damage caused by violating a legal duty." (See Ex. A, Civil Code at p. 132). The elements for a claim under Section 420 are (i) violation of a legal obligation; (ii) origination of damages; (iii) a causal nexus between the violation and damages; and (iv) fault, either intentional or negligent. (See Civil Code, Commentary, 10th ed. at p. 708). The individual conditions of liability for damage are explained in paragraphs 9. – 12. below.

9.       First, violation of a legal obligation occurs when obligations imposed either by law or contract are breached. Section 415 is a general "damage prevention" provision and states as follows: "Everybody is obliged to behave in such a way that no damage (injury) to health,

3

property, nature and the environment occurs." (See Ex. A at p. 129). Section 415 is "one of the fundamental principles of the Civil Code." (See Ex. A at p. 130).

10.     Second, damages (injury) are construed under Czech law as harm incurred to one's property sphere expressed as the general equivalent (*i.e.* money). (See Civil Code, Commentary, 10th ed. at p. 710). Actual damages as well as lost profits are recoverable as damages. (See Civil Code Section 442(1), Ex. A at pp. 144-145). Pursuant to Section 136 of Act No. 99/1963 Coll., Code of Civil Procedure, as amended, the court determines the amount of damages in its reasonable discretion.

11.     Third, there must exist a causal link between the violation of the obligation and damages ("causal nexus"). Thus, there must be a connection between fault (as described in paragraph 12. below) and violation of a legal duty, as well as between fault and the damage. At the same time, the damage must be related to the violation of the obligation. (See Civil Code, Commentary, 10th ed. at p. 711).

12.     Fourth, general liability for damage under the Civil Code covers the following types of fault: (i) direct intent (the harming party knew that it could cause damage and intended to do so); (ii) indirect intent (the harming party knew that it could cause damage and was prepared to accept that such damage would occur); (iii) willful negligence (the harming party knew that it could cause damage and without appropriate reason expected that the damage would not occur); and, (iv) simple negligence (the harming party did not know that it could cause damage, but it should and could have expected to cause it given the relevant circumstances). (See Civil Code, Commentary, 10th ed. at p. 712). In simple terms, general liability under the Civil Code may be imposed for intentional or negligent conduct.

4

**Liability Conduct Against Good Morals Under the Czech Civil Code**

13.    In addition to the general liability for damage described above, the Civil Code provides for special types of liability, including liability for acting against good morals (*contra bonos mores*). In particular, Section 424 provides: "Any person who causes damage by an intentional contravention of morality (good morals) shall be liable for the damage." (See Ex. A at p. 136).

14.    The elements of a claim under Section 424 are: (i) acting against good morals; (ii) origination of damage; (iii) causal nexus; and (iv) fault in the form of intent. (See Civil Code, Commentary, 10th ed. at p. 733). Section 424 is the section of the Civil Code that is most applicable to the facts of this case.

15.    Czech commentators have interpreted Section 424 as follows:

"1.  This provision is based on the obligation to maintain social relations also under circumstances, where the specific obligations are not expressed in a legal regulation, but rather follow from good morals (*cf.* Sections 2(3), 3(1) and 39). Thus, this is a secondary obligation that arises as a consequence of illegal conduct that is contrary to non-legal rules which, however, the legislation puts in a position equal to legal rules. The nature of this liability consists in the fact that conduct contrary to good morals results – apart from moral condemnation – in civil law liability provided that the relevant prerequisites have been met. However, the Civil Code is restricted to penalization of the most serious acts against good morals, namely the intentional acts (direct – indirect intent – *cf.* Section 420).

This need not be directly damage caused intentionally, but rather an intentional act contrary to good morals, resulting in incurrence or, as the case may be, augmentation of damage. Thus, the intent is not linked to the incurrence of damage but to the actual conduct which, while not attaining the intensity of unlawfulness, is at variance with good morals...

3.  The characteristic elements of this provision also cover the cases of exercise of a right that is intentionally (willfully) aimed at causing damage to another person (vexatious conduct), irrespective of the fact that the exercise of the right was apparently, in its substance, justified (*cf.* Section 2(3)). Furthermore, this provision also covers conduct having the aspects of meanness, revenge, recklessness and inappropriate greed. This provision is closely linked to the general obligation to prevent damage in civil law relationships, i.e. every person is obliged to act so as to avoid damage to

5

health, property, third party rights, nature and the environment (Section 415).
Simultaneously, it is an expression of a fundamental principle of civil law that the
performance of rights and obligations following from civil law relationships must be in
accordance with good morals and no one may abuse his right through conduct against
proper morals. ..."

(See Civil Code, Commentary, 10th ed. at pp. 733 - 734).

16.    Czech courts have summarized case law addressing the meaning of "good

morals" as follows: "Good morals constitute a measure of evaluation of specific situations,

corresponding to the generally recognized rules of decency in accordance with the general moral

principles of democratic society; they have primarily interpretive function." (See Civil Code,

Commentary, 10th ed. at p. 734, citations of cases).

17.    This means that an act is contrary to good morals if it offends the traditional

principles of a democratic society (decency, fairness, honesty, mutual respect, tolerance,

confidence, etc.). Despite their relative stability, the concept of good morals evolves with

society and social trends. Good morals, as fundamental rules of society, are respected by the

greater part of the society. Therefore, whether a certain legal act is contrary to good morals will

be determined by the court taking into account the given time, and according to the specific facts

and circumstances of each case. (See Civil Code, Commentary, 10th ed. at p. 734, citations

of cases).

18.    Contrary to defendants' assertions, Section 424 applies in the business context

because there is no specific provision in the Commercial Code that regulates liability for damage

caused by conduct against good morals. Under Section 1(2) of the Commercial Code, if the

Commercial Code does not regulate certain conduct in the business context, then the Civil Code

applies by default. (See Ex. B, Commercial Code at pp. 14 - 15).

6

19.    Also contrary to defendants' assertions, there is no conflict between Civil Code Section 420a and the American law of tortious interference. Section 420a is a strict liability provision relating principally to operations in the course of business that create hazardous conditions. Although the English translation (as opposed to the actual Czech wording) reads as if Section 420a may apply to business operations generally, this is not the intent of Section 420a. It follows from its Subsection (3) that 420a applies only in cases of strict liability, i.e. liability without fault that does not depend on actual negligence or intent to harm. Thus, Section 420a has no relevance to the facts of this case and cannot be compared to the law of tortious interference which involves intentional conduct.

**Liability for Abuse of a Right under the Czech Civil Code**

20.    Section 3(1) of the Civil Code deals with abuse or misuse of a right and provides as follows: "Exercise of rights and duties following from civil legal relationships must not groundlessly infringe upon rights and lawful interests of others and must not be at variance with good morals." (See Ex. A at p. 12).

21.    In essence, Section 3(1) forbids two types of conduct: (a) use of a right that unlawfully infringes upon the rights of another and/or (b) use of a right in breach of good morals. Any person who violates Section 3(1) is subject to liability for damages pursuant to Section 424 of the Civil Code in accordance with law outlined above. (See Civil Code, Commentary, 10th ed. at pp. 48 and 50). Accordingly, Sections 3(1) and 424 are closely intertwined.

22.    Czech commentators explain the concept of "abuse of a right" as follows:

As a rule the person who is the holder of a certain subjective civil right is entitled to exercise the right and, thereby, by means of this right, to obtain satisfaction of his needs, interests and preferences. ... Protected exercise of a subjective civil right is conditional upon fulfillment of certain legal prerequisites:

7

(a)   the right must already exist at the moment of its exercise; it cannot be established only at that moment, with reference to Section 3(1);

(b)   the right must be exercised within the scope of law, or pursuant to Section 3(1), it must not interfere with the rights and justified interests of another person without a legal ground;

(c)   the right must not be exercised at variance with good morals; if that were the case, the court would not grant legal protection to such exercise of the right (*cf.* the explicit regulation in Section 265 of the Commercial Code); however, denial of legal protection does not cause the right to expire *per se*;

(d)   in case of conflict with other right, the right must be exercised in accordance with the existing conflict rules; in the absence of such rules the right must be performed in accordance with the principles applicable to such conflicts;

(e)   the exercise of the right must not be at variance with the objective stipulated by the law for its performance.

Otherwise, this would constitute abuse (*abusus*) of the right, which is not permitted and which is penalized (vexatious performance of a right – i.e. performance of a right aimed intentionally or mainly at causing damage to a third party – is a typical example;  such exercise of the right would give rise to the obligation to compensate damage caused thereby – Section 424).

(See Civil Code, Commentary, 10th ed. at p. 47).

23.     Czech commentators have further described the law under Section 3(1) as:

"A right must not be exercised at variance with the aim pursued and stipulated by the legal regulation.  Otherwise, this would constitute abuse of the right which is not permitted (*abusus*) and which is therefore, as such, penalized. A typical example of such exercise of a right consists in the abovementioned vexatious conduct, i.e. where the right is exercised intentionally or mainly to cause damage to another person (however, this means that not every exercise of a right that causes detriment to a third party, such as typically enforcement of a due receivable and interest by the creditor, is illegal – prohibited).  Such exercise is punished by law (Section 424)." (See Civil Code, Commentary, 10th ed. at p. 50).

24.     Section 3(1) has been applied in a number of Supreme Court cases including these examples:

- Decision of the Supreme Court of the Czech Republic of August 21, 2000, file No. 22 Cdo 871/2000 – *Exercise of rights and obligations must not be objectively at variance with good morals; it is not decisive whether the acting person was aware of such variance.* Three partners established a time-limited general partnership that purchased a property. Prior to expiry of the period for which the general partnership was established, two of its partners decided on sale of the property to a limited liability company owned and managed by these two partners for an apparently undervalued price (approx. 1/10 of the price which could have been achieved at the given time and place). According to the Supreme Court's conclusion, if two of three partners in general partnership sell, without the consent of the third partner, a property owned by the general partnership (in which those two partners are shareholders) for a price substantially lower than which could have been achieved at the given time and place and reduce as a result thereof objectively the assets of the general partnership and the share of the third partner in liquidation proceeds, such conduct is at variance with the principle of fair business conduct (Section 265 of the Commercial Code) and is therefore contrary to good morals and the relevant purchase contract shall thus be null and void under Section 39 of the Civil Code. The argument that the seller pursued other aims than causing damage to the partner is, if the damage objectively occurred, legally irrelevant.

- Decision of the Supreme Court of the Czech Republic of September 7, 2004, file No. 22 Cdo 1567/2004 – *Exercise of a right is vexatious if its sole aim is to harm another person. Conduct that is vexatious or that constitutes abuse of the right is at variance with good morals and, may be denied protection.* Minority co-owners of a building with approx. 10 apartments commenced use of one of the apartments without the consent of majority co-owners, who wanted to rent the apartment for CZK 13.000 monthly. Therefore, the majority co-owners sued the minority co-owners for vacation of the apartment. The minority co-owners claimed that the decision of majority co-owners that the apartment should be rented out (instead of it being used by the minority co-owners) is a vexatious exercise of the majority co-owners' rights and is thus contrary to good morals. As follows from the Supreme Court's conclusion, exercise of a right is vexatious if its sole aim is to harm another person and such conduct (that is vexatious or that constitutes abuse of the right) is at variance with good morals and, may be denied protection. In this particular case, however, the motivation of the majority co-owners was to achieve the above stated amount of the rent, whereas the fact that causing harm to the minority co-owners would be the motivation on the side of the majority co-owners was not ascertained during the proceedings.

## The Lack of Conflict Between Massachusetts and Czech Law

25.     As a member of the New York Bar, I am familiar with the American common law torts of tortious interference with advantageous relations and abuse of process. I understand that

9

the elements of a tortious interference claim are: (a) existence of a prospective business relationship with the probability of future economic benefit for the plaintiff; (b) defendants' knowledge of this relationship; (c) defendants' interference with the relationship by improper motive or means; and (d) resulting damage to the plaintiff. I also understand that the elements of an abuse of process claim are (a) process used (b) for an ulterior or illegitimate purpose (c) resulting in damage to the plaintiff.

26.    The only difference between the Massachusetts claims and the Czech Civil Code provisions is that the Massachusetts claims are more specific; the tortious interference claim specifically relates the immoral act to a prospective contract with a third party, and the abuse of process claim specifically relates the immoral act to use of the court system. The Czech law is more general, but addresses the same principles and aims, and there is no conflict between the respective laws.

27.    When comparing the elements of the tortious interference claim with the requirement for liability for damage under Czech law, the following can be concluded:

(i)    the business relationship and loss of advantage elements are, in principle, covered by the Czech law requirement for origination of damage (also covering lost profit);

(ii)    the knowledge and improper interference elements correspond to the Czech law requirements of fault and violation of plaintiff's obligation under Section 415 of the Civil Code; and,

(ii)    the damages/loss element correspond to the Czech law requirement of causal nexus.

28.    When comparing the elements of an abuse of process claim with the requirement for liability for damage under Czech law, the following can be concluded:

10

(i)     use of process for an ulterior or illegitimate purpose elements are covered by the Czech law requirements of acting against good morals and fault in the form of intent; and

(ii)    the element of damage to the defendant resulting from the process used for an ulterior or illegitimate purpose would correspond to the Czech law requirements of origination of damage and causal nexus.

29.    Based on my understanding of the common law claims, the Czech Civil Code shares the same legal framework. In fact, the elements of the common law claims are encompassed by the elements under Civil Code Sections 3(1), 420 and 424. Thus, in my professional opinion, there is no conflict between the laws of Massachusetts and the Czech Republic with respect to the above common law claims.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 19th DAY OF OCTOBER, 2007.

Daniel Malis

# EXHIBIT 'A'

# CZECH REPUBLIC



## CIVIL CODE
### "Občanský zákoník"

**2005 edition**

*TradeLinks*

Some relating provisions of other Acts:
- Article 95(1) of the Czech Constitution;
- Articles 11(1) and 37(3) of the Charter of Fundamental Rights and Freedoms;
- Article 6 of the Convention on Protection of Human Rights and Fundamental Freedoms;
- sections 7(1), 18, 24, 44, 115, 123, 158 of the Civil Procedure Code
- section 265 of the Commercial Code

### Commentary on section 2:

The formation of civil relationships is related to acts in law (see sections 34 to 51) and other facts, such as infringement of a right, death of an individual, passage of time, etc. Individuals (section 7), legal entities (section 18) and also the state (section 21) enjoy equal status in their civil relationships and may regulate their mutual rights and obligations (duties) by agreement, unless such a variation from the Civil Code provisions is forbidden.

### Section 3

(1) The exercise of rights and performance of duties (obligations) arising from civil relationships may not, without legal grounds, interfere with the rights and justified interests of others, and may not be inconsistent with morality.

(2) Individuals and legal entities, state authorities (agencies) and local administrative authorities (bodies) shall see to it that rights arising from civil relationships are not endangered or violated, and that any possible dispute between the parties is settled primarily by their agreement.

Relating provisions of the Civil Code:
- sections 11(1), 8 to 10, 18 et seq, 39, 43 et seq, 51, 151o(1), 489

Some relating provisions of other Acts:
- Articles 3 and 4 of the Charter of Fundamental Rights and Freedoms;
- sections 7(1), 18, 24, 44, 115, 123, 158 of the Civil Procedure Code;
- section 265 of the Commercial Code

### Commentary on section 3:

Section 3 provides that infringement of another person's right should be prevented and that, if civil disputes arise, there should be preferably settled by mutual agreement. Compliance with morality is required and problems are to be resolved in accordance with this principle. The Civil Code does not define the term "morality".

### Section 4

Any person may demand that the competent authority afford such person protection from anyone who endangers or violates his* right. Unless the Code provides for otherwise, such authority shall be a court.

Relating provisions of the Civil Code:
- sections 5, 6

Some relating provisions of other Acts:
- Articles 10, 83, 87(1)(d), 91(1) of the Czech Constitution;
- Article 36 of the Charter of Fundamental Rights and Freedoms;
- Article 6 of the Convention on Protection of Human Rights and Fundamental Freedoms;
- sections 3, 7(1), 8, 99 of the Civil Procedure Code;
- Act on Courts and Judges;
- Act on the Constitutional Court;
- Act on Liability for Damage Caused by a State Authority's Decision or its Incorrect Administrative Procedure;
- Arbitration Act

### Commentary of section 4:

The Civil Code provides that in the event that a person's right is endangered or infringed (violated) by someone else, the person is

\* Throughout this text the word "his" also implies "her" and/or "its", the word "he" implies "she" and/or "it", and the word "him" implies "her" and/or "it".

the pledge (the thing subject to lien) instead of the lien creditor (sublessor).

(3) The provisions on lien shall apply as appropriate to sublien.

## Division 2
## Right of Retention (Possessory Lien)

### Section 175

(1) A person who is obliged to hand over another person's movable thing held by him may retain it for the purpose of securing a receivable due to him from the person to whom he would otherwise be obliged to hand over the thing.

(2) A right of retention (possessory lien) also arises in the case of a receivable which is not yet due (mature) provided that a bankruptcy petition has been filed against the debtor.

### Section 176

(1) A right to retain a thing shall not arise if the person in whose favour such right might arise holds the thing unlawfully, in particular if the person acquired the thing in an unlawful manner or by means of a trick.

(2) A right to retain a thing shall not pertain to a person who was ordered, when a thing was passed on to him, to handle it in a manner which is incompatible with proper exercise of the right of retention; this shall not apply if a bankruptcy petition has been filed against the debtor.

### Section 177

(1) A right of retention (possessory lien) arises when an entitled person expresses his will (unilateral act) to retain (withhold) a certain thing.

(2) An entitled person is obliged to inform the debtor of his retention of the thing and the reasons for this without delay; if the contract under which such thing is with the person was made in writing, the person must also notify the debtor in writing.

### Section 178

Regarding the care of a retained thing and reimbursement of the related expenses, the person who retains the thing has the same status as a lien creditor has in relation to a thing delivered in pledge.

### Section 179

Based on his right of retention, the creditor is entitled to preferential satisfaction from the proceeds of the retained thing when the judicial ruling is executed, his entitlement being satisfied before the other creditors' claims, even before the claim of the lien creditor.

### Section 180

(1) A right of retention extinguishes when the secured receivable is discharged, or when the retained thing ceases to exist, or when it is handed over to the debtor.

(2) A right of retention also extinguishes if the debtor provides the entitled person, subject to his consent, with another securement.

## PARTS THREE, FOUR AND FIVE
## (Sections 181 to 414)
## Repealed

## PART SIX
## LIABILITY FOR DAMAGE AND UNJUST ENRICHMENT

## CHAPTER I
## PREVENTION OF IMPENDING DAMAGE

### Section 415

Everybody is obliged to behave in such a way that no damage (injury) to health, property, nature and the environment occurs.

Civil Code §415 - §417

*Relating provisions of the Civil Code:*
– *sections 3, to 6, 13, 43, 420, 420a, 421, 441, 451*
*Some relating provisions of other Acts:*
– *sections 170, 171, 173 of the Labour Code;*
– *Act on Railways;*
– *sections 686/2, 888/1) of the Building Code.*

*Commentary on section 415:*
*The provision of section 415 contains one of the fundamental principles of the Civil Code. Liability for damage is regulated in sections 420 to 450 and liability for unjust enrichment in sections 451 to 459. Liability for defects is regulated individually (with regard to specific issues) and liability for delay (default) is subject to sections 517 to 523.*

### Section 416
### Repealed

### Section 417

(1) Anyone who is threatened with damage must take measures to avert its occurrence in a manner appropriate to the circumstances of the threat.
(2) If the threat is serious, the person threatened has the right to demand at a court that it orders suitable and commensurate precautions to avert the impending damage.

*Relating provisions of the Civil Code:*
– *sections 6, 127, 418, 419, 441*
*Some other relating provisions:*
– *section 384 of the Commercial Code*

*Commentary on section 417:*
*A person who is threatened with damage may be either an individual or a legal entity. Such person is obliged to take measures to avert the impending damage. Non-performance of this duty may be sanctioned under section 441.*

§418 - §419 Civil Code

### Section 418

(1) Anyone who has caused damage in an effort to avert directly impending danger, which he has not himself brought about, shall not be liable for such damage, unless, in the given circumstances, the danger could have been averted in a different manner or unless the consequences of this conduct are obviously equally serious or even more serious than the consequences of the danger which threatened.
(2) Likewise, a person is not liable for damage caused by acts that are necessary to his defence against an impending or persisting attack. However, a defence which is obviously disproportionate to the nature and danger of the attack shall not be deemed as necessary.

*Some relating provisions of other Acts:*
– *sections 13, 14 of the Criminal Code*
– *section 15 of the Labour Code*

*Commentary on section 418:*
*The regulation in section 418 corresponds to the provisions of the Criminal Code. A person who has caused damage when averting a directly impending danger which he has not brought about, or when acting in necessary defence against an impending or persisting attack, is excluded from liability for such damage.*

### Section 419

Any person who averted impending damage has the right to reimbursement for expenses which he reasonably incurred, as well as to compensation for damage which he thereby suffered, and he has this right also against the party in whose interest he acted. However, such compensation shall not exceed the total sum of the averted damage.

*Relating provisions of the Civil Code:*
– *sections 417, 418, 443 to 450*
*Some other relating provisions:*
– *sections 192, 205 of the Labour Code*

Civil Code                                                              § 419 - § 420

*Commentary on section 419:*

*Damages and reimbursement of expenses are due to a person who acted in accordance with the provisions of sections 417 and 418. Damages can be provided up to the amount of the damage averted.*

## CHAPTER II
## LIABILITY FOR DAMAGE

### Division 1
### General Liability

#### Section 420

(1) Any person is liable for damage which he caused by breaching a legal obligation (duty).

(2) Damage is deemed to have been caused by a legal entity or an individual if it was caused within the scope of performance of activity by persons whom the legal entity or individual assigned to perform such activity (or certain tasks within the framework of such activity). These persons are not themselves liable under this Code for the damage thus caused; their liability under labour provisions is not thereby affected.

(3) A person (an entity or an individual) shall be relieved of his liability if he proves that he did not cause the damage.

*Relating provisions of the Civil Code:*
— *sections 7 to 10, 18 to 21, 420a to 423, 428, 433, 442 to 450*

*Some relating provisions of other Acts:*
— *section 135(2) of the Civil Procedure Code;*
— *sections 172 to 186, 205d(1) of the Labour Code;*
— *sections 4, 5 of the Criminal Code;*
— *sections 43(2), 228 of the Criminal Procedure Code;*
— *section 78(2) and (3) of the Act on People's Health Care;*
— *sections 373 to 386 of the Commercial Code.*

132

---

§ 420 - § 420a                                                          Civil Code

*Commentary on section 420:*
*The prerequisites for liability for damage are:*
— *a breach of a legal obligation (duty);*
— *damage caused (detriment);*
— *a connection between a breach of duty and the damage caused;*
— *bringing about such damage, or objective liability for such damage.*

#### Section 420a

(1) Any person shall be liable for damage which he causes to another person while operating a business (an enterprise).

(2) Damage is considered to have been caused while operating a business (an enterprise) if it was caused:

(a) by an activity performed in the operation of a business, or by a thing used in such activity;

(b) by the physical, chemical, or biological effects of an operation on its surroundings;

(c) by the lawful performance, or the making of arrangements for such performance, of those kinds of work which cause damage to someone else's real estate, or which substantially impede or make impossible the use of some else's real estate.

(3) A person (entity or individual) shall only be released from liability for damage caused upon proving that such damage was caused either by an unavoidable event not arising from the operation of a certain business (an enterprise), or by own conduct of the person injured.

*Relating provisions of the Civil Code:*
— *sections 420, 421*

*Some relating provisions of other Acts:*
— *sections 281(1)(a), 273 to 386 of the Commercial Code;*
— *sections 187 to 205c of the Labour Code;*
— *Act on Roads*

133

Civil Code | § 420a - § 421a

Commentary on section 420a:

Damage which is caused to another person while operating a business (an enterprise) may be caused not only by the operator but also by another person (e.g. a service company or by someone who unlawfully entered the premises; in the latter case the operator must prove that he has taken the necessary precautions to prevent entry of unauthorized persons).

Any person who has taken over a thing because such thing is to be the object of performance of an obligation is liable for its damage, loss or destruction, unless the damage would have occurred in any case.

Relating provisions of the Civil Code:
— sections 421a, 486, 769

## Division 2
## Examples of Special Liability

### Section 421

Commentary on section 421:

A person liable for damage under section 421 is exempted from his liability if he proves that damage to, or loss or destruction of, a thing would have occurred even if this person had not taken it over (e.g. due to an inherent defect in the thing or due to a natural disaster).

### Section 421a

(1) Any person shall also be liable for damage caused by circumstances which have their origin in the nature of an instrument (equipment) or another thing which he used in performing an obligation. There can be no exemption from such liability.

(2) Liability pursuant to subsection (1) also applies to the rendering of health, social, veterinary and other biological services.

Relating provisions of the Civil Code:
— section 421)

134

---

§ 421a - § 422 | Civil Code

Some other relating provisions:
— section 78(3) of the Act on People's Health Care

Commentary on section 421a:

Section 421a does not enable the liable person to be released from his liability.

### Liability for Damage Caused by those Incapable of Appreciating the Consequences of their Conduct

### Section 422

(1) A minor or a person suffering from a mental disorder is liable for damage he causes if he is capable of controlling his own conduct and estimating its consequences, while anyone who has a duty to exercise supervision over the person shall be jointly and severally liable with him. If damage is caused by a person who, due to his age or a mental disorder, is incapable of controlling his own conduct or estimating its consequences, liability for such damage shall be borne by the person whose duty it was to exercise supervision over him.

(2) Whoever has a duty to exercise supervision over another person shall exonerate himself from liability if he proves that he did not neglect his duty to properly supervise his charge.

(3) If such supervision is exercised by a legal entity, those of its employees who are entrusted with the supervision are not themselves liable under this law for any ensuing damage thus caused; their liability under labour law is not thereby affected.

Relating provisions of the Civil Code:
— sections 8 to 10, 18 to 21, 420, 420a, 483

Some relating provisions of other Acts:
— sections 33, 36, 44, 45, 63, 69, 78 of the Family Act;
— section 11 of the Criminal Code

Commentary on section 422:

Under section 422 the following situations may arise:

135

§ 422 - § 424                                                      Civil Code

- a minor or a person suffering from a mental disorder is liable for damage;
- a person exercising supervision over another person is liable for damage (because the duty to supervise has been neglected);
- a minor or a person suffering from a mental disease and the supervising person are liable for damage;
- nobody is liable.

## Section 423

Any person who is guilty of having brought himself into a condition (state) in which he is incapable of controlling his conduct or estimating its consequences must provide compensation for the damage he causes while he is in such condition; persons who have intentionally put him into such condition shall be liable jointly and severally with him.

Relating provisions of the Civil Code:
- sections 420, 420a, 442, 809(2), 820, 826

Some relating provisions of other Acts:
- section 12(2) of the Criminal Code;
- section 186 of the Labour Code

Commentary on section 423:
This section applies to liability for damage when caused by an intoxicated person.

## Liability for Damage Caused by an Intentional Contravention of Morality
## Section 424

Any person who causes damage by an intentional contravention of morality (good morals) shall be liable for the damage.

Relating provisions of the Civil Code:
- sections 3, 39, 415

Some other relating provisions:
- section 187(1) of the Labour Code

136

---

§ 424 - § 428                                                      Civil Code

Commentary on section 424:
The term "morality" ("good morals") is not defined. Whether damage has been caused by an intentional contravention of morality is determined by the judge.

## Section 425
## Repealed

## Section 426
## Repealed

## Liability for Damage Caused by the Operation of Means of Transport
## Section 427

(1) Individuals and legal entities operating means of transport as their business shall be liable for any damage caused by the special nature of those operations.

(2) The same liability shall be borne by any other operator of a motor vehicle or a motor vessel, or an aircraft.

Relating provisions of the Civil Code:
- section 7 to 10, 18 to 21, 420, 420a, 430, 764(1), 769(3), 772

Some relating provisions of other Acts:
- section 15 of the Act on Private International Law;
- Act on Railways;
- Act on Civil Aviation;
- Inland Water Transport Act;
- Act on Ocean Transport (Shipping)

Commentary on section 427:
Liability under section 427 is general (objective) liability.

## Section 428
The operator cannot exonerate himself from liability if the damage was caused by circumstances which originated from his operations.

137

Civil Code

§ 440 - § 442

*Commentary on section 440:*
*The right of recourse pertains to the person who settled the damages.*

### Fault of the Injured
### Section 441

Where the damage caused was also the fault of a person injured, he bears corresponding liability for the damage; where the damage was exclusively his own fault, he alone bears the liability.

*Relating provisions of the Civil Code:*
— *sections 420, 420a*

*Some relating provisions of other Acts:*
— *sections 376, 382 of the Commercial Code;*
— *section 179(4) of the Labour Code.*

*Commentary on section 441:*
*Where the person injured partly caused the damage (injury) himself, the court will take this into consideration ex offo (in civil judicial proceedings).*

### Manner and Extent of Compensation
### Section 442

(1) Compensation shall be provided for actual damage, and for profit lost by the injured (aggrieved) party.

(2) Compensation for damage shall be provided in money, but if the injured (aggrieved) party so demands and if it is possible and expedient, the damage shall be made good by restoration to the previous condition.

(3) Where the damage was caused by a wilful criminal act (offence), from which the offender (perpetrator) obtained a material benefit, the court may rule that the right to compensation for such damage may be satisfied out of the material things which the offender acquired, even if these things are not otherwise subject to the execution of a judicial decision under the provisions of the Civil Procedure Code. Until

144

§ 442 - § 443

Civil Code

the right (claim) to damages is satisfied, the debtor may not dispose of the things stated in the judgment (decision, ruling).

*Relating provisions of the Civil Code:*
— *sections 420, 420a, 443, 450, 459*

*Some relating provisions of other Acts:*
— *sections 378, 379, 380a, 381 of the Commercial Code;*
— *sections 321, 322 of the Civil Procedure Code;*
— *sections 179(1), (2) and (3), 181, 182 of the Labour Code*

*Commentary on section 442:*
*Compensation for damage and profit lost is provided in money; restoration of a thing to its previous condition arises only if the injured (aggrieved) party specifically asks for it. The prerequisite for application of subsection (3) is confirmation by the relevant criminal court that a criminal act (relating to the damage in question) was committed.*

### Section 443

The amount of compensation shall be based on the price of the thing at the time when its impairment occurred.

*Relating provisions of the Civil Code:*
— *sections 118 to 121, 442, 659*

*Some relating provisions of other Acts:*
— *section 180 of the Labour Code;*
— *section 154 of the Civil Procedure Code;*
— *Act on Property Valuation*

*Commentary on section 443:*
*Section 443 applies both to movables and immovables, and no limit for the amount of compensation (damages) is fixed.*

145

# EXHIBIT 'B'

# CZECH REPUBLIC



## COMMERCIAL CODE
### with commentary
### 2006 edition

"Obchodní zákoník"

*TradeLinks*

Commercial Code                                                                 § 1

# PART ONE
# GENERAL PROVISIONS

## CHAPTER I
## FUNDAMENTAL PROVISIONS

### Division I
### Introductory Provisions

### Section 1
### Scope of this Code

(1) This Code regulates the status of entrepreneurs*, business commercial relationships and some other relationships connected with business activities**.

(2) Legal relationships pursuant to subsection (1) are subject to the provisions of this Code. Where it proves impossible to resolve certain issues in accordance with the provisions of this Code, they shall be resolved under the civil law provisions. In the event that such issues cannot be resolved in accordance with the civil law provisions (rules), they shall be considered according to trade usage (commercial practice) and, in their absence, according to the principles upon which this Code is based.

*Commentary on section 1:*
The Czech Commercial Code can be compared - to some extent - with the Companies Act and the Sale of Goods Act in the UK and the Uniform Commercial Code in the USA.
The Czech Commercial Code is primarily a legislative Act of private law, but the status of entrepreneurs is also subject to public law provisions (e.g. the Trades Licensing Act; see section 2).
The scope of regulation outlined in subsection (1) is not exhaustive. Parts One and Two of the Commercial Code deal with "the status of entrepreneurs", including the regulation of partnerships, companies and co-operatives and also with "some other relationship connected with ...

* The Czech word "podnikatel" is also translated as "businessman" or "businessperson" and refers to legal entities and individuals (i.e. to legal and natural person) undertaking business activity in accordance with section 2(2).
** The Czech word "podnikání" is translated as "business activity", "business activities", "entrepreneurial activity" or "entrepreneurial activities".

14

---

§ 1 - § 2                                                                Commercial Code

business activities* (e.g. unfair competition). The term "entrepreneur" is defined in section 2. Wholly or partly foreign-owned businesses in the Czech Republic and the protection of their property (sections 21-26) are also subject to the Commercial Code, which repealed the former Joint Venture Act.
The Commercial Code further applies to "persons other than entrepreneurs" if the Commercial Code or another Act so provides.
The executive Part Three of the Commercial Code regulates individual types of business contracts.

Legal relationships under subsection (1) are subject to the Commercial Code, unless they are regulated in another Act.

Where an issue is not regulated by the provisions of the Commercial Code or another Act, it is considered in accordance with the civil law provisions, mainly the Civil Code. The civil law provisions apply, for example to acts-in-law (also referred to as "legal acts" or "legal transactions" in Czech "právní úkony"), ownership, etc.
Where it proves impossible to resolve an issue under the Commercial Code or civil law provisions, it is considered in the light of trade usage (i.e. the established practice in a particular trade and/or between the parties concerned).

As regards business (contractual) obligations, further details of the relationship between the Commercial Code and the Civil Code are laid down in section 261 and the details of applicability of trade usage in section 264.

The provisions of this Code apply, unless an international agreement (treaty, convention) that is binding on the Czech Republic provides for otherwise [see section 756 and also section 261(6) and 4(1)]. As of 1 May 2004 the Czech Republic is a Member State of the European Union, i.e. a party to the European Community Treaty seeking to achieve the creation of the common market. EC Regulations directly apply to the Czech Republic and to persons in the Czech Republic. EC Directives have been largely transposed (or are in the process of being transposed) into the Czech law.

### Section 2
### Business Activity

(1) "Business activity" (also referred to as "entrepreneurial activity"; in Czech "podnikání") is understood to be systematic activity which is independently undertaken by an entrepreneur in his* own name, and at his own liability (responsibility), with a view of making a profit.

* "He" also refers to "her" and "its", and similarly "his" refers to "her" and "it".

15