UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
KOTVA a.s., SPV Co.                    )
                                       )
            Plaintiffs,                )      Case No. 05-10679-WGY
                                       )
            v.                         )
                                       )
ANDREW WEISS and WEISS ASSET           )
MANAGEMENT, LLC                        )
                                       )
            Defendants.                )
_____)

## AFFIDAVIT OF COUNSEL

I, Joel G. Beckman, state as follows:

1.   I am a member of the law firm of Nystrom Beckman & Paris, LLP, counsel to plaintiffs in the above-referenced matter.

2.   On October 26, 2007, the Court instructed the parties to submit detailed affidavits concerning the production of Exhibit FS.

The March 28, 2007 Production

3.   The original pre-trial conference in this case was convened on April 4, 2007, and the parties were required to file the Joint Pretrial Memorandum on March 28, 2007, including exhibit lists.  In connection therewith, we requested that our client provide official translations of documents that we intended to use at trial, including two letters from JT Bank offering various investments to Kotva (the "JT Letters")  These letters, which are both part of Exhibit FS in the disputed exhibit binders are dated January 11, 2005 and January 9, 2006.

4.  On March 27, 2007, Mr. Harazim emailed me a list of documents for which he would have official English translations by March 28, 2007.  A copy of that email is attached as Exhibit A.  The last two entries are 2005 and 2006 JT Letters.

5.  On March 28, 2007, Mr. Harazim obtained the official translations of the documents listed in his email.  Indeed, the certifications on those documents state that they were translated in the Czech Republic on March 28, 2007.

6.  On March 28, 2007, at 11:05 a.m. Boston time (5:05 p.m. Czech time), Mr. Harazim emailed me copies of most of the English translations.  A copy of that email is attached as Exhibit B.  An hour later, at 12:13 p.m. Boston time (6:13 p.m. Czech time), Mr. Harazim faxed me additional English translations.  A copy of that facsimile is attached as Exhibit C.

7.  We copied the faxed documents to remove facsimile line, printed the emailed documents, and sent them to Ben Goldberger of McDermott Will & Emery (counsel of record at the time) with a cover letter stating that we were enclosing "official English translations" of documents that "we intend to use at trial."  An unsigned copy of that cover letter is attached as Exhibit D.

8.  We did not bates label the documents in the Translation Production.  Nor did we did not maintain a pristine copy of what we sent to defendants (i.e., the signed cover letter and production set).

9.  Mr. Dangel has informed me that defendants received our production of official English translations.  Mr. Dangel, however, maintains that defendants did not receive either of the JT Letters.

10. Because we do not have a pristine copy set of our production, I cannot state with absolute certainty that the JT Letters were included. I do, however, believe that they were produced. Indeed, there would be no reason why we would go through the expense of having the documents officially translated and not turn them over.

<u>Exhibit FS is Included in the Disputed Exhibit Binders</u>

11. The JT Letters, however, were <u>included</u> in the disputed exhibit binders, which defendants received on Tuesday October 23, 2007.[1]

12. Plaintiffs organized, indexed, and prepared the trial exhibit binders – both the four agreed upon exhibit binders and the five disputed exhibit binders.[2] The exhibits were sent out to a third party vendor (Warroom Document Solutions), with whom both parties' counsel maintain accounts. The vendor printed custom exhibit stickers to mark the documents in accordance with the Court's pre-trial Order. The vendor applied the stickers to the original documents (including Exhibit FS), and provided copy sets to both counsel.

13. In paragraph 3 of his affidavit, Mr. Dangel states that "plaintiffs' exhibit run in three books from A-BD, EF-FF, and FT-HX. He then claims that there is no exhibit FS. This is false.

14. There are a total of five disputed Exhibit binders. The first binder contains exhibits A-CA. The second binder contains exhibits CB-EO. The third binder contains

---

[1] Defendants would have had the disputed exhibit binders much sooner than October 23rd had they timely provided all of their exhibits to the plaintiffs. Indeed, plaintiffs counsel had to write at least five times requesting that defendants supply their missing exhibits so that the binders could be sent out to be copied. Finally, on Monday October 22, 2007 plaintiffs counsel stated that he could wait no longer, and that the binders would have to be copied without defendants missing exhibits. Accordingly, defendants' disputed exhibts IG, LF, MD, and ME have a page that states "Defendants yet to provide document."

[2] Defendants complimented plaintiffs' counsel stating "You've done a superb job on the documents. Wish we had it so together."

exhibits EP-HF.  The fourth binder contains exhibits HG-JS.  And the fifth binder

contains exhibits JT through MN.[3]  Plaintiffs' disputed exhibits were A – FS, and were

contained in the first three binders.  Defendants disputed exhibits FT – MN were

contained in the third, fourth, and fifth binder.

15. Contrary to Mr. Dangel's contention in paragraph 4 of his affidavit, defense

counsel received a complete set of the disputed exhibits, including Exhibit FS.

There is No "Unfair Surprise"

16. Defendants' objection on Friday was that they were the victim of "unfair

surprise."  Defendants, however, have known for years that plaintiffs are seeking to

recover for the loss of use of the 567 million CZK in escrow.  Mr. Harazim testified that

Kotva's plan was to invest nearly half of the sale proceeds with JT Bank as "reserve

money."  He further testified that to persuade JT Bank not to foreclose on the loan on the

property, Kotva said that it would invest a portion of the sale proceeds with JT Bank.

Thereafter, JT Bank provided Kotva with quotes for several of its investment products.

17. The 2005 JT Letter confirms Mr. Harazim's testimony and provides a

contemporaneous interest rate that can be used to value that loss.  As the Court noted, it is

a "key" document.[4]

---

[3] When the parties have added new exhibits, they have been added to the fifth binder.  For example, plaintiffs broke up disputed exhibit DZ, into two new disputed exhibits MO and MP, which were both admitted into evidence and became Exhibits 173 and 174.

[4] Nevertheless, plaintiffs will seek a jury instruction that as a matter of law a party is entitled to twelve percent simple interest as damages for their loss of use of money.  See Perkins School for the Blind v. Rate Setting Commission, 383 Mass. 825, 836 (1981) (plaintiff claiming interest **as damages** for loss of use of money is entitled to twelve percent simple interest under prejudgment interest statute); National Starch and Chemical Co. v. Greenberg, 61 Mass. App. Ct. 906, 907 (2004) (where defendant unlawfully caused plaintiffs' money to be held in escrow by a third party, plaintiff was entitled to twelve percent interest on the funds as damages); National Starch and Chemical Co. v. Greenberg, 65 Mass. App. Ct. 1109 2005 WL 3466583 *1 (2005) (same).

18. Even assuming that defendants did not receive the document in March (a point that plaintiffs do not concede), at the very latest they had the document on Tuesday October 23, 2007 - - four days before their objection.  Additionally, Defendants have now had all weekend to prepare for cross-examination of Mr. Harazim concerning the document.  Simply put, there is no prejudice to defendants and, therefore, we respectfully ask that the document not be excluded.

I declare under penalties of perjury that the foregoing is true and correct. Executed on October 28, 2007.

/s/ Joel G. Beckman

# EXHIBIT A

**From:** Richard Harazim [mailto:richard.harazim@ktvinvest.cz]
**Sent:** Tuesday, March 27, 2007 9:36 AM
**To:** Joel Beckman
**Subject:** FW: překlady

Joel

These will be translated by tomorrow officially.

rh

**From:** Markéta Nemcová [mailto:marketa.nemcova@ktvinvest.cz]
**Sent:** Tuesday, March 27, 2007 3:08 PM
**To:** Richard Harazim
**Subject:** překlady

Toto všechno by mělo zítra být soudně přeloženo.

Czech criminal charge
Topinka's appeal to Czech Constitutional Court
High Prosecutor's letter
KT Complaints
Gilroy Complaints
court decision dismissing Gilroy complaint
police order dismissing criminal complaints against Richard/Martin
Analysis – Svobodová
Basic Situation – Svobodová
Withdawal from POA
Zamítnutí žaloby na vyloučení akcií K-T-V invest – Gilroy rejected
GM2000_presentation
GM2005_presentation
GM2005_presentation1
GM2005_votes
GM2000_votes
Shoda FEL a BGO – acting in concert
Zápis o výsledcích z jednání DEVEPLAN + Směnka = Minutes and bills of exchange
Zápis o výsledcích z jednání DEVEPLAN + Směnka = the new batch
Převzetí cenných papírů do úschovy (J&T) = Custody
Převzetí cenných papírů do úschovy (J&T) + Prorokol o převzetí = Hand over (shows 3.4%)
Uložení volných peněžních prostředků (J&T) 2005 = JT offers offers to deposit money with them
Uložení volných peněžních prostředků (J&T) 2006

# EXHIBIT B

**Joel Beckman**

| | |
|---|---|
| **From:** | Richard Harazim [richard.harazim@ktvinvest.cz] |
| **Sent:** | Wednesday, March 28, 2007 11:05 AM |
| **To:** | Joel Beckman |
| **Subject:** | FW: |
| **Attachments:** | GM2005_presentation part 2.pdf; Analysis - Svobodová.pdf; Basic Situation - Svobodová.pdf; court decision dismissing Gilroy complaint.pdf; Czech criminal charge.pdf; článek V.Klaus.pdf; dodatek ke smlouvě o úvěru J&T a KN.pdf; Gilroy Complaints.pdf; GM2000_presentation.pdf; GM2000_votes.pdf; GM2005_presentation1.pdf; GM2005_presentation part 1.pdf |

**From:** Markéta Nemcová [mailto:marketa.nemcova@ktvinvest.cz]
**Sent:** Wednesday, March 28, 2007 4:55 PM
**To:** Richard Harazim
**Subject:**

# EXHIBIT C

Kotva, a.s.
Náměstí Republiky 8
Praha, PSČ 110 00

k rukám predsedy dozornej rady
Martina Bendy

V Bratislave dňa 9. januára, 2006

LAMAČSKA CESTA 3
841 04 BRATISLAVA 4
SLOVENSKÁ REPUBLIKA

TEL +421 2 5941 8111
FAX +421 2 5941 8115
E MAIL INFO@JTG.SK
HTTP //WWW.JTG.SK

IČO 31391087
IČ DPH SK2020304924
DIČ 2020304924

ZAPÍSANÁ V OR VEDENOM
MS BRATISLAVA I, ODDEL SA,
VLOŽKA Č 802/B

<u>Vec: uloženie voľných peňažných prostriedkov</u>

Vážený pán predseda,

V náväznosti na predchádzajúce jednanie si Vám dovoľujeme predložiť ponuku na zhodnotenie voľných zdrojov spoločnosti Kotva, a.s. formou úveru našej spoločnosti.

Ponuka je koncipovaná ako variabilná s ohľadom na dĺžku úložky a veľkosť úveru. Nasledujúca tabuľka uvádza prehľad ponúkaných sadzieb pre rôzne objemy a dĺžky úveru:

|  | 1 rok | 2 roky | 3 roky |
|---|---|---|---|
| Do 200 mil. CZK | 3,3 % | 4,2 % | 5,3 % |
| od 200 mil. do 500 mil. CZK | 3,7 % | 5 % | 6,8 % |
| nad 500 mil. CZK | 5,6 % | 7,2 % | 8,8 % |

Ako zaistenie ponúkame zaisťovaciu vlastnú zmenku našej spoločnosti, na príslušnú čiastku, s príslušnou úrokovou doložkou a s avalmi Ing. P. Tkáča, Ing. I. Jakaboviča a Ing. D. Palera.

Veríme, že Vás predložené podmienky našej spolupráce zaujmú a rozhodnete sa využiť niektorú z ponúknutých možností. Zároveň sme samozrejme otvorení ďalším konzultáciam ohľadom predloženej ponuky, prípadne jednaniu o inej forme zhodnocovania prostriedkov.

S úctou,

Ing. Ivan Jakabovič
Podpredseda predstavenstva

An official translation

Kotva, a.s.
Náměstí Republiky 8
Prague, post code 110 00

Attention of: Mr. Martin Benda, Chairman of the Supervisory Board

In Bratislava, on 9 January 2005

Re: Depositing free financial means

Dear Mr. Chairman,

Further to the previous negotiations, we are taking the liberty of submitting to you the offer to evaluate the free resources of the company Kotva, a.s. in the form of a credit to our company.

The offer is conceived as variable in view of the duration of the deposit and the amount of the credit.
The following chart will give you a survey of the offered rates for various amounts and durations of the credit:

|  | 1 year | 2 years | 3 years |
|---|---|---|---|
| Up to 200 million CZK | 3.3% | 4.2% | 5.3% |
| From 200 million to 500 million CZK | 3.7% | 5% | 6.8% |
| More than 500 million CZK | 5.6% | 7.2% | 8.8% |

We offer as a guarantee a reinsuring promissory note of our company in the relevant amount, with the relevant rate clause, and with the avals of Ing. P.Tkáč, Ing. I. Jakabovič and ing. D. Paler.

We believe that you will find the terms and conditions of our cooperation interesting and that you will resolve top use some of the offered possibilities. At the same time we are obviously open to further consultations as to the submitted offer, or to negotiations about another form of valorizing the means.

Yours truly,

Ing. Ivan Jakabovič, signed in his own hand
Vice-chairman of the Board of Directors

Lamačská cesta 3, 841 04 Bratislava 4, Slovak Republic
Tel.: +421 2 5941 8111
Fax: +421 2 5941 8115
E-mail: INFO@JTFG.SK
HTTP://WWW.JTFG.SK

Company I.D.No.: 31391087
VAT Company I.D.No.: SK2020304924
Tax I.D.No.: 2020304924
Incorporated in the Commercial Register kept by the Municipal Court in Bratislava, Section SA, insert 802/B

*Translator's Note*

*I hereby confirm in my capacity as an official translator appointed by the Ministry of Justice of the Czech Republic that this is a true and complete translation of the attached original document.*

*This translation has been recorded in my Translator's Logbook under file No. 4 9 /2007.*

*In Prague, on   28. 3. 2007*

*PhDr. Josef Grmela*

Ref. No. 42 K 233/99 - *3742*

# DECISION

The Regional Court in Hradec Králové has ruled through a single judge, Jolana Maršíková, in the matter of the bankruptcy of the company TREND – všeobecný investiční fond a.s. (ID No.: 45245177, address of record: Škroupova 441, 500 02 Hradec Králové) by issuing the following:

## Ruling:



The motion filed by the companies CVF Investments Limited (address of record: Arch. Makariou III, 22, 3rd Floor, P. C. 1065, Nicosia, Cyprus) and K T, Inc. (address of record: 2711 Centerville Road, Suite 400, City of Wilmington, County of Newcastle, Delaware, USA), in which they have requested that the court order the bankruptcy trustee, Mr. Vítězslav Hálek (address of record: Nezvalova 423, Hradec Králové), to file a complaint against Mr. Tomáš Vácha (address of record: Panská 12/14, Brno), the bankruptcy trustee of the bankrupt company, SPRINT a.s. (address of record: Kotlářská 951/53, Brno, Brno-Město; ID No.: 63079755), to remove 212,935 shares, issued by the company K-T-V invest a.s. (ISIN: CZ 0009048955), currently held in the account of the company Forminster Enterprises Limited at the Prague Securities Center, from the bankruptcy assets of the bankrupt company SPRINT a.s. and after these shares are removed from the bankruptcy assets of SPRINT a.s., to include these shares as part of the bankruptcy assets of the bankrupt company TREND – všeobecný investiční fond a.s., is hereby being denied.

## Foundation:

In its motion dated April 26, 2006, the companies CVF Investments Limited (address of record: Arch. Makariou III, 22, 3rd Floor, P. C. 1065, Nicosia, Cyprus) and K T, Inc. (address of record: 2711 Centerville Road, Suite 400, City of Wilmington, County of Newcastle, Delaware, USA), demanded that as part of its supervisory function, the court should order the bankruptcy trustee, Mr. Vítězslav Hálek (address of record: Nezvalova 423, Hradec Králové), to file a complaint against Mr. Tomáš Vácha (address of record: Panská 12/14, Brno), the bankruptcy trustee of the bankrupt company, SPRINT a.s. (address of record: Kotlářská 951/53, Brno, Brno-Město; ID No.: 63079755), to remove 212,935 shares, issued by the company K-T-V Invest a.s. (ISIN: CZ 0009048955), currently held in the account of the company Forminster Enterprises Limited at the Prague Securities Center, from the bankruptcy assets of the bankrupt company SPRINT a.s. and after these shares were removed from the bankruptcy assets of SPRINT a.s., to include these shares as part of the bankruptcy assets of the bankrupt company TREND – všeobecný investiční fond a.s.

From the list of creditors in the bankruptcy, the court has determined that neither of the parties filing the motion are a participant in the subject bankruptcy proceedings and the court has thus rejected the motion to have the court intervene due to the fact that the motion was filed by a party that lacks legitimate standing in the matter.

For completeness, the court would like to add that in accordance with common legal practices, the bankruptcy court is entitled – as part of its supervisory responsibilities – to order the bankruptcy trustee to remove a specific item from the list of the respective bankruptcy assets or visa-versa – to add an additional item (or, if applicable, to file an exculpatory motion in order to allow for a later addition of the item to the list) However, the court may only do so if a conclusion could be reached with respect to the legitimacy of the list of bankruptcy assets, based on an elementary legal evaluation of the matter.

The disputed rights to the shares have been dealt with in a settlement agreement signed on December 21, 1999, which the bankruptcy trustee the proceeded to act upon by turning the entitlement claimed by the bankrupt party under the agreement into cash at a public auction.

These actions, which were taken by the bankruptcy trustee, were not disputed by anyone during the bankruptcy proceedings and the bankruptcy court has found no reason to alter the bankruptcy proceedings using the measures suggested in the motion filed on April 26, 2006.

Advice on appeal: This ruling cannot be appealed.

In Hradec Králové, June 29, 2006

Jolana Maršíková
Sole Judge



Reviewed by:

Ludmila Matoušková

(translator's note:) Illegible Signature

(translator's note:) Round numbered stamp of the Regional Court in Hradec Králové



Č. j.: 42 K 233/99- *3441*

U S N E S E N Í

Krajský soud v Hradci Králové rozhodl samosoudkyní JUDr. Jolanou Maršíkovou v konkurzní věci úpadce TREND - všeobecný investiční fond a.s., IČ 45245177, Škroupova 441, 500 02 Hradec Králové

t a k t o :

Návrh společnosti CVF Investments Limited, se sídlem Arch. Makariou III , 22, 3rd floor, P.C. 1065 Nicosia, Kyperská republika a společnosti K T, Inc., se sídlem 2711 Centerville Road, Suite 400, City of Wilmington, County of Newcastle, Delaware, USA, aby soud uložil správci konkurzní podstaty Dr. Ing. Vítězslavu Hálkovi, MBA, se sídlem v Hradci Králové, Nezvalové 423, podat proti JUDr. Tomáši Váchovi, se sídlem v Brně, Panská 12/14, správci konkurzní podstaty úpadce SPRINT a.s., se sídlem v Brně, Kotlářská 951/53, okres Brno – město, IČ 63079755, žalobu na vyloučení 212 935 kusů akcií emitovaných společností K-T-V invest a.s., ISIN: CZ 0009048955, nacházejících se v současné době na majetkovém účtu společnosti Forminster Enterprises Limited u Střediska cenných papírů, z konkurzní podstaty úpadce SPRINT a.s , a dále po vyloučení 212 935 kusů akcií z konkurzní podstaty úpadce SPRINT a.s tyto zahrnout do konkurzní podstaty úpadce TREND – všeobecný investiční fond a.s. se  o d m í t á .

O d ů v o d n ě n í :

Návrhem ze dne 26.4.2006 se obchodní společnosti CVF Investments Limited, se sídlem Arch. Makariou III., 22, 3rd floor, P.C. 1065 Nicosia, Kyperská republika a K T, Inc., se sídlem 2711 Centerville Road, Suite 400, City of Wilmington, County of Newcastle, Delaware, USA domáhaly, aby soud v rámci výkonu dohlédací činnosti uložil správci konkurzní podstaty Dr. Ing. Vítězslavu Hálkovi, MBA, se sídlem v Hradci Králové, Nezvalova 423, podat proti JUDr. Tomáši Váchovi, se sídlem v Brně, Panská 12/14, správci konkurzní podstaty úpadce SPRINT a.s., se sídlem v Brně, Kotlářská 951-53, okres Brno – město, IČ 63079755, žalobu na vyloučení 212 935 kusů akcií emitovaných společností K-T-V invest a.s., ISIN: CZ 0009048955, nacházejících se v současné době na majetkovém účtu společnosti Forminster Enterprises Limited u Střediska cenných papírů, z konkurzní podstaty úpadce SPRINT a.s , a dále po vyloučení 212 935 kusů akcií z konkurzní podstaty úpadce SPRINT a.s. tyto zahrnout do konkurzní podstaty úpadce TREND – všeobecný investiční fond a.s.

Ze seznamu konkurzních věřitelů soud zjistil, že ani jeden z navrhovatelů není účastníkem konkurzního řízení, proto soud návrh na výkon dohledu odmítl, když návrh podala osoba, která k tomu není aktivně legitimována

Pro úplnost soud dodává, že konkurzní soud je podle ustálené judikatury v rámci výkonu dohlédací činnosti oprávněn uložit správci konkurzní podstaty, aby určitou věc ze soupisu konkurzní podstaty vyloučil, nebo naopak do soupisu pojal (případně podal vylučovací žalobu.

aby později mohl věc do soupisu zahrnout, ale pouze v případě, kdy lze učinit závěr o
důvodnosti soupisu věci na základě elementárního právního posouzení věci.

Sporná práva k akciím byla ošetřena Dohodou o narovnání ze dne 21.12.1999, kterou
správce konkurzní podstaty respektoval a nárok z ní pro úpadce plynoucí (pohledávku) zpeněžil
ve veřejné dražbě.

Tento postup správce konkurzní podstaty nebyl v průběhu konkurzního řízení nikým
zpochybněn a konkurzní soud neshledal důvod k tomu, aby průběh konkurzu měnil postupem
v návrhu ze dne 26.4.2006 naznačeným.

Poučení: Proti tomuto usnesení není odvolání přípustné.

V Hradci Králové dne 29. června 2006

                                                    JUDr. Jolana Maršíková
                                                    samosoudkyně, v.r.

Za správnost vyhotovení:

Ludmila Melouškova

# INTERPRETER CLAUSE

As interpreter of English language, appointed by the decision of the County Court in Hradec Králové from the September 23, 1994, Reg. No. of the decision 1071/94

**I hereby confirm**

that the translation word for word corresponds with the text of the original document.

The interpreter act is recorded under No. **211/07** of the interpreter journal.

Date: **the March 28, 2007**

Stamp and signature of interpreter





Zápis o výsledcích jednání mezi společností DEVEPLAN, a.s. a SPV CO. Limited

Účastníci konstatují, že ve dnech 13. až 20. března 2006 proběhla mezi nimi jednání s tímto výsledkem:

1/    společnost SPV CO. Limited projevila zájem o koupi cenného papíru – směnky vystavené společností DEVEPLAN, a.s., a to za těchto podmínek:

- směnka bude vystavena dne 20. března 2006;

- směnečný peníz bude znít na částku 172.480.000.- Kč zvýšenou o úrok ve výši 16% p.a. za období do 31. prosince 2006;

- směnka bude vystavena na řad s doložkou bez protestu a bude splatná v Praze 1

- kupní cena za uvedenou směnku bude činit 172.480.000,- Kč.

    (dále jen „směnka 1")

2/    K zajištění schopnosti společnosti DEVEPLAN, a.s. proplatit společnosti SPV CO. Limited směnku 1, vyžaduje tato, aby statutární orgán společnosti DEVEPLAN, a.s., tj. jeho jednotlivé osoby, vystavily v den vystavení směnky 1 vlastní směnku (dále jen „směnka 2"), znějící na totožný směnečný peníz, jež bude splatná rovněž dne 31. prosince 2006.

3/    Společnost DEVEPLAN, a.s. i členové jejího statutárního orgánu s emisí směnky 1 i směnky 2 za uvedených podmínek souhlasí s tím, že nejpozději do 10 dnů od předání směnky 1 musí ze strany společnosti SPV CO. Limited dojít k úhradě kupní ceny, přičemž kupní cena či její část bude uhrazena na účet sdělený společností DEVEPLAN, a.s. Teprve poté bude předána směnka 2.

4/    Protože došlo k dohodě ohledně výše uvedeného, vystavila společnost DEVEPLAN, a.s. na řad společnosti SPV CO. Limited směnku 1 i směnku 2, přičemž směnku 1 předává společnosti SPV CO. Limited, která ji kupuje za cenu 172.480.000,- Kč a zavazuje se za ni zaplatit ve lhůtě do 10 dnů převodem na společnost DEVEPLAN, a.s. sdělený účet. Bezodkladně po připsání kupní ceny ve prospěch účtu sděleného společností DEVEPLAN, a.s. zavazuje se společnost DEVEPLAN, a.s. i její statutární orgán předat společnosti SPV CO. Limited směnku 2.

5/    Na důkaz souhlasu s obsahem výše uvedeným připojují zástupci smluvních stran své podpisy.

6/    Tento zápis je vyhotoven ve 2 stejnopisech v jazyce anglickém a ve 2 stejnopisech v jazyce českém.

V Praze dne 20. března 2006                         V Nicosii dne 20. března 2006

Za DEVEPLAN, a.s.                                    SPV CO. Limited
Ing. Květoslav Hanel                                ~~Paraskevas Zacharoullis~~
Ing. Jan Valenta
Ing. Pavel Richter

# Směnka vlastní

V Praze dne 20. března 2006                    194 103 794,- Kč
................................                ................................
místo a datum vystavení                        částka


                                               31. prosince 2006
                                               ................................
                                               údaj splatnosti


Za tuto vlastní směnku zaplatím na řad **SPV CO Limited**, reg. č. HE 148845, se sídlem Agiou Pavlou 15, Ledra House, Agios Andreas, P.C. 1105, Nicosia, Cyprus, částku **Jednostodevadesátčtyřimiliónůjednostotřitisícsedmsetdevadesátčtyřikorunčeských.**


Praha 1                          **BEZ PROTESTU**
................................
splatno v

                                 **DEVEPLAN, a.s.**

                                 IČ: 272 39 641

                                 se sídlem: Brno, Příkop 834/8, PSČ 602 00

                                 zapsaná v obchodním rejstříku vedeném Krajským soudem v Brně, oddíl B, vložka 4411

                                 jednající Ing. Květoslavem Hanelem, předsedou představenstva, Ing. Janem Valentou, místopředsedou představenstva a Ing. Pavlem Richterem, členem představenstva

**Record of the results of negotiations between DEVEPLAN a.s. and SPV CO. LIMITED**

The parties hereby state that negotiations took place between them from 13 to 20 March 2006 with the following results:

1/ SPV CO. Limited expressed its interest in purchasing the security – bill of exchange issued by DEVEPLAN a.s., under the following terms and conditions:

- the bill of exchange is issued on 20 March 2006,
- the bill of exchange is for the sum of CZK 172,480,000, increased by interest of 16% p.a. for the period up to 31 December 2006,
- the bill of exchange is issued to the order of, with a no protest clause and is payable in Prague 1
- the purchase price for the given bill of exchange is CZK 172,480,000

(hereinafter "**bill of exchange 1**")

2/ To secure DEVEPLAN's ability to pay SPV CO. Limited bill of exchange 1, the company also requires DEVEPLAN's statutory body, i.e. its individual members, to issue a promissory note on the same day as bill of exchange 1 ("**promissory note 2**") and for the same amount, which will also be payable on 31 December 2006.

3/ DEVEPLAN a.s. and the members of its statutory body agree to the issue of bill of exchange 1 and promissory note 2 under the given terms and conditions, on the understanding that SPV CO. Limited must pay the purchase price for bill of exchange 1 within 10 days of the handover of the bill of exchange, wherein all or part of the purchase price will be paid to the bank account designated by DEVEPLAN a.s. Only then will DEVEPLAN a.s. handover promissory note 2.

4/ Because the parties reached an agreement on the above, DEVEPLAN a.s. issued bill of exchange 1 and promissory note 2 to the order of SPV CO. Limited, whereby it has handed over bill of exchange 1 to SPV CO. Limited, which undertakes to purchase the bill of exchange for the sum of CZK 172,480,000 and undertakes to pay this sum to the bank account designated by DEVEPLAN a.s. by bank transfer within 10 days. As soon as the purchase price is credited to the bank account designated by DEVEPLAN a.s., DEVEPLAN a.s. and its statutory body undertake to handover promissory note 2 to SPV CO. Limited.

5/ As proof of their agreement with the above, the contractual parties' representatives attach their signatures below.

6/ This record has been drawn up in duplicate in the English language and in duplicate in Czech.

In Prague, 20 March 2006                          In Prague, 20 March 2006


.......................................          ....................................
**For DEVEPLAN a.s.**                             **SPV CO. Limited**
Ing. Květoslav Hanel                             Marek Kolibal
Ing. Jan Valenta
Ing. Pavel Richter

**Promissory note**

**In Prague, 20 March 2006**                              **CZK 194,103,794**
Place and date of issue                                      Amount


                                                           **31 December 2006**
                                                           Due date

This **promissory note** is payable to the order of **SPV CO. LIMITED**, registration no. HE 148845, with registered offices at Agio Pavlou 15, Ledra House, Agios Andreas, P.C. 1105, Nicosia, Cyprus, for the sum of one hundred and ninety four million, one hundred and three thousand, seven hundred and ninety four Czech crowns.


**Prague 1**                                    **NO PROTEST**
Payable in


                              ...............................................
                              DEVEPLAN a.s.
                              Identification no. 272 39 641
                              Registered offices: Brno, Příkop 834/8,
                              Postcode 602 00

                              Entered in the Commercial Register kept by the
                              Regional Court in Brno, section B, record no.
                              4411

                              Represented by: Ing. Květoslav Hamel, Chairman
                              of the Board of Directors, Ing. Jan Valenta, Vice
                              Chairman of the Board of Directors and Ing.
                              Pavel Richter, member of the Board of Directors

# INTERPRETER CLAUSE

As interpreter of English language, appointed by the decision of the County Court in Hradec Králové from the September 23, 1994, Reg. No. of the decision 1071/94

**I hereby confirm**

that the translation word for word corresponds with the text of the original document.

The interpreter act is recorded under No. **211/07** of the interpreter journal.

Date: **the March 28, 2007**

Stamp and signature of interpreter



# EXHIBIT D

March 28, 2007

**<u>By Hand Delivery</u>**

Benjamin Goldberger, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA  02109-1775

    Re:  <u>Kotva a.s. v. Andrew Weiss and Weiss Asset Management, LLC</u>
          C.A. No. 05-10679-RCL (D. Mass.)

Dear Ben:

    Enclosed please find official translations of documents that have been produced in this case that we intend to use at trial.

          Sincerely,


          Joel G. Beckman