UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ANDREW WEISS and WEISS ASSET )<br>MANAGEMENT, LLC )<br>)<br>Defendants and Counterclaimants. )<br>) | Case No. 05-10679-RCL |

**SUPPLEMENTAL AFFIDAVIT OF DANIEL MALIS IN SUPPORT OF
PLAINTIFFS' TRIAL MEMORANDUM REGARDING CHOICE
OF LAW WITH RESPECT TO COMMON LAW CLAIMS**

I, Daniel Malis, being duly sworn, state as follows:

1.  I previously submitted an affidavit in support of Plaintiffs' Trial Memorandum Regarding Choice of Law with respect to Common Law Claims. Thereafter, I reviewed the Declaration of Zdenek Kuhn submitted by defendants in this matter purportedly setting forth certain conflicts between Czech and Massachusetts law. I respectfully submit this affidavit to address some misstatements regarding Czech law contained within Mr. Kuhn's affidavit, and to reinforce that there is no conflict between Massachusetts and Czech law with respect to plaintiffs' common law claims of tortious interference and abuse of process.

2.  First, Mr. Kuhn incorrectly states that the "civilian standards of proof in the U.S. and the Czech Republic are strikingly different." (See Kuhn Decl. ¶¶55-56). On the contrary, the burden of proof on a *civil* claimant under Czech and Massachusetts law is effectively the same: preponderance of the evidence. Although Czech law does not expressly use the

notions of "preponderance of the evidence" and "beyond reasonable doubt", the fact that there is no heavier burden of proof than "preponderance of the evidence" in civil cases is apparent from Section 132 of the Czech Code of Civil Procedure (copy attached). There is nothing in Section 6 or 120(3) of the Czech Code of Civil Procedure to suggest any higher standard or a standard "very close" to "beyond reasonable doubt" burden of proof. Such higher standards are only applicable in criminal law. In addition, Section 120(3) itself is used very rarely by Czech courts, as it is in principle up to the parties to suggest evidence, not up to the court to actively seek any evidence. Thus, there is no difference (or conflict) between the burden of proof under the respective laws.

3. Next, Mr. Kuhn's assertion that "there is no case ever decided by any Czech judge within the last hundred years when the plaintiff would be actually awarded damages based on abuse of civil process" is misleading. (See Kuhn Decl. ¶ 15). As an initial matter, the relevant body of Czech case law reaches back only approximately 20 (not 100) years, in the post-communist era. Historically, this is a very short period of time for a representative body of case law to be established. In addition, most of the decisions in the Czech Republic are not published and, as such, one cannot conclude that damages for abuse of civil process are not available simply because there is no reported decision on this issue. Indeed, as Mr. Kuhn admits, Section 424 is the relevant provision of the Czech Civil Code given the facts of this case and, as Mr. Kuhn further admits, <u>damages are available under Section 424 for an abuse of process claim</u>. (See Kuhn Decl. ¶ 6 ("damages caused by abuse of process or any other type of unfair actions are covered under the general provision of the Civil Code which deals with damages caused by abuse of rights (S. 424 of the Czech Civil Code)"). Accordingly, it is inaccurate to suggest that damages for abuse of civil process are not available under Czech law, as Section 424 clearly

provides for such damages *per se*. In this context, it should be emphasized that Czech legal system is not a common law system where case law is a source of law; rather, it is the statutory law (such as Section 424) that is decisive.

4.  Lastly, Mr. Kuhn's statement that "the very notion of punitive or exemplary damages is completely unknown to Czech law" is wrong. (See Kuhn Decl. ¶ 49). By way of example, in case of copyright breach, Czech law provides for damages *along with* compensation of unjust enrichment in the amount of <u>double</u> the standard royalty for the work whose copyright was breached (See Section 40(4) of the Copyright Act). This concept is effectively very close to the notion of multiple damages. It follows that such notion *is* known to Czech law and therefore, to the extent that Massachusetts allows for multiple damages, I see no real conflict with Czech law in this respect.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 26 DAY OF OCTOBER, 2007.

_____
Daniel Malis

3

Zákon č. 99/1963 Sb., občanský soudní řád, v platném znění

**Hodnocení důkazů**

§ 132

Důkazy hodnotí soud podle své úvahy, a to každý důkaz jednotlivě a všechny důkazy v jejich vzájemné souvislosti; přitom pečlivě přihlíží ke všemu, co vyšlo za řízení najevo, včetně toho, co uvedli účastníci.

*(Informative translation from Czech)*

Act No. 99/1963 Coll., Code of Civil Procedure, as amended

**Evaluation of Evidence**

Section 132

The court shall weigh the evidence at its consideration, namely each piece of evidence individually and all evidence in their mutual conjunction, whereby the court shall carefully take into account anything which came out during the proceedings, inclusive what was stated by the participants.