UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co.,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC<br><br>Defendants. | Case No. 05-10679-WGY |

**PLAINTIFFS' REQUEST FOR AN ADVERSE INFERENCE INSTRUCTION CONCERNING DEFENDANTS' ASSERTION OF ATTORNEY-CLIENT PRIVILEGE**

**INTRODUCTION**

Mr. Weiss admitted at trial that he did not read the Gilroy lawsuit and did not even know what relief it sought. Instead, he claimed that he had hired the best lawyers in Prague and relied upon their advice. In doing so, Mr. Weiss sought to negate his improper intent (an element of plaintiffs' tortious interference, abuse of process, and 93A claims) by putting the decision with his lawyers. During the trial, Defendant's counsel "instructed" Mr. Weiss in front of the jury not to disclose advice of counsel. Counsel further asserted at side bar that defendants were not waiving the attorney-client privilege. Accordingly, plaintiffs are entitled to an adverse inference instruction. See Kendall v. Atkins, 374 Mass. 320, 325-26 (1978)

Defendants also intend to call their Czech attorney, Mr. Peterka, to testify that he gave advice (which he cannot share with us), and based on that advice defendants authorized him to

file the blocking lawsuits.  This strategy is laid out in Mr. Dangel's deposition questions to Mr. Peterka:

> Mr. Dangel: Did you provide, **without telling me what the advice was**, before the lawsuits were filed, did you provide advice to Professor Weiss and Mr. Nikitin and other interested parties?
>
> A. Yes, I did
>
> Mr. Dangel: Did you do that after you had gathered the facts and researched the law?
>
> A. Yes.
>
> Mr. Dangel: After giving that advice, did they give you permission to proceed with the lawsuits?
>
> A. That's correct.

See Transcript of Deposition of Ondrej Peterka ("Peterka Dep.") at 126-127 (emphasis added). Simply put, defendants want to have the jury infer that defendants in good faith acted on the advice of their counsel, without actually disclosing the advice.  As demonstrated below, however, the law expressly prohibits this very strategy.

## **ARGUMENT**

By claiming that they relied on the advice of counsel, defendants have made that advice a material issue in this case.  Accordingly, they have two options: (1) waive the attorney-client privilege; or (2) press the privilege and suffer the consequences of an adverse inference instruction.  Kendall, 374 Mass. at 325-26 citing Philips v. Chase, 201 Mass. 444, 450 (1909) ("if evidence is material and competent except for the personal privilege of one of the parties to have it excluded under the law, his claim of privilege may be referred to in argument and considered by the jury, as indicating his opinion that the evidence, if received, would be

prejudicial to him.").[1] Indeed, the law prevents parties from invoking "advice of counsel" as a means to hide prejudicial facts while simultaneously deriving a potentially positive inference from the jury for having relied on legal expert advice.

At sidebar, Mr. Dangel stated that defendants were pressing the privilege. Indeed, it is far too late for defendants to waive the attorney-client privilege. Defendants withheld production of more than **1,440 documents, including hundreds of communications with Mr. Peterka,** on the grounds of privilege. See Defendants 215 page Privilege Log. Defendants, moreover, successfully resisted motions to compel production of these documents by asserting that such communications were not business negotiations involving their efforts to sell the Kotva shares, but privileged attorney/client communications. If plaintiffs had these documents prior to trial, they would have undoubtedly presented their case differently. In short, it would unfairly prejudice plaintiffs if defendants were allowed to waive the privilege five days into the trial. Accordingly, defendants' only option is to press the privilege. Therefore, plaintiffs are entitled to an adverse inference instruction. Kendall, 374 Mass. at 325-26.

Similarly, defendants cannot backdoor testimony concerning their lawyer's advice through Mr. Peterka. Indeed, defendants refused plaintiffs discovery concerning this very issue at Mr. Peterka's deposition:

> Q.        Mr. Peterka, are you able to testify about communications that you had with your clients before you filed the lawsuits?
>
> Mr. Dangel:  No.

Peterka Dep.at 30-31. Following Mr. Peterka's deposition, plaintiffs filed a motion to compel production of his files, arguing that Mr. Dangel's very questions (see above) waived the attorney

---

[1] See also Greater Newburyport Clamshell Alliance v. Public Service Co. of New Hampshire, 838 F.2d 13, 20 (1st Cir. 1988) (citation omitted); 14B Massachusetts Practice §13.110 ("in civil cases the party who claims a privilege pays a price for doing so, in that the opposing party is permitted to argue to the jury that they should infer that the excluded evidence, if it had been admitted, would have been adverse to the party invoking the privilege.")

3

client privilege.[2]  The Court (Young, J.) denied that motion but ruled that "that the witness may not be asked about matters as to which discovery has already been sought and denied."  See Order dated July 17, 2007.  As demonstrated above, plaintiffs sought discovery concerning Mr. Peterka's communications with defendants (i.e. his advice to his clients).  Defendants denied plaintiffs that discovery.  Accordingly, pursuant to the Court's Order, Mr. Peterka may not testify at trial concerning his legal advice to defendants.

## CONCLUSION

Defendant's strategy of relying upon the advice of their lawyers to justify his filing of the blocking lawsuits without disclosing their advice fails as a matter of law.  In view of their repeated and extensive use of the attorney-client privilege to shield documents and other discovery that would expose their scheme, it is too late for them to waive the attorney-client privilege.  Accordingly, they are stuck with an adverse inference instruction.

WHEREFORE, for these reasons plaintiffs respectuflly request that the Court:

(1)    Instruct the jury that they may infer that the legal advice provided to defendants, if it had been admitted, would have been adverse to them; and

(2)    Bar Mr. Peterka from testifying concering legal advice that he gave defendants.

---

[2] See Darius v. City of Boston, 433 Mass. 274, 277-278 (2001) (where a party testifies at trial that he relied upon his counsel's advice with respect to matters at issue in the litigation, that party may be deemed to have waived the attorney-client privilege); Savoy v. Richard A. Carrier Trucking, Inc., 178 F.R.D. 346, 350 (D. Mass. 1998) ("the advice or conduct of a party's lawyer may become the subject of litigation--and thereby impliedly waived--when that lawyer's advice or conduct is explicitly or implicitly made the basis of an offense or defense.");

4

Respectfully submitted,

KOTVA A.S. and SPV CO.,

By their attorneys,

/s/ Dana A. Zakarian
Joel G. Beckman (BBO# 553086)
William C. Nystrom (BBO#559656)
Dana A. Zakarian (BB0# 641058)
NYSTROM BECKMAN & PARIS LLP
10 St. James Ave., 16th Floor
Boston, Massachusetts 02116
(617) 778-9100
(617) 778-9110 (fax)

Dated: October 30, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 30th day of October, 2007.

/s/ Dana A. Zakarian