UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
KOTVA a.s. and SPV Co.,             )
                                    )
            Plaintiffs              )   Case No. 05-10679-WGY
                                    )
        v.                          )
                                    )
ANDREW WEISS and WEISS ASSET        )
MANAGEMENT, LLC                     )
                                    )
            Defendants and          )
            Counterclaimants,       )
                                    )
        v.                          )
                                    )
KOTVA a.s., SPV Co., and RICHARD HARAZIM )
                                    )
            Counterclaim-Defendants )
                                    )
_____)

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants Andrew Weiss and Weiss Asset Management, LLC, pursuant to Rule 50 of the Federal Rules of Civil Procedure, hereby move for judgment as a matter of law on all three of the plaintiffs' remaining counts: tortious interference, abuse of process and violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A.  Judgment as a matter of law in favor of the defendants is required for the following reasons:

**Massachusetts Consumer Protection Act, M.G.L. c. 93A**

The defendants have previously briefed two issues relating to Chapter 93A for the Court. These are that the remedies of Chapter 93A are inconsistent with Czech law and policy and that

the dispute here was essentially a private transaction between shareholders and a company.

The plaintiffs have raised a third issue. They claim that the activity giving rise to Chapter 93A was centered in Massachusetts. There is no legally sufficient evidentiary basis for a reasonable jury to find that the center of gravity of the circumstances that give rise to the plaintiffs' allegations occurred "primarily and substantially" within the Commonwealth of Massachusetts. *See* Kuwaiti Danish Computer Co. v. Digital Equipment Corp., 438 Mass. 459, 472-73, 781 N.E.2d 787, 799 (2002); *accord* Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 234 (1st Cir. 2003).

Chapter 93A is not meant to be an open invitation for businesses and individuals around the globe to come to Massachusetts to seek punitive damages merely because the business that they dealt with is headquartered here and decisions to take actions in their foreign homeland were made here. The expansive reading of Chapter 93A sought by the plaintiffs would have a chilling effect on any business considering whether to come to or remain in Massachusetts. The Commonwealth has no possible interest in having its consumer protection statute used by foreign companies to seek awards of multiple damages against domestic corporations for allegedly wrongful acts in foreign lands where the very idea of punitive damages is anathema.

The plaintiffs' alleged losses did not occur in Massachusetts, or even in this country. A deal forged in Europe between a Czech company and an Irish company allegedly was delayed, with the alleged result that monies remained in an escrow account in Europe to the alleged detriment of a Czech company. No alleged harm occurred here.

The plaintiffs have sought to present evidence that the act which caused this delay was the filing of the Gilroy and KT lawsuits by the defendants in the Czech Republic. The critical

act of alleged wrongdoing was the filing of these lawsuits. Whether Mr. Weiss, here in Massachusetts, thought about filing the lawsuits, or sent emails to people in the Czech Republic about the filing of the lawsuits, or hired people in the Czech Republic, would not have made one whit of difference to the plaintiffs but for the fact that the suits actually were filed. The only acts which allegedly create a causal connection between the defendants and the alleged delay to the Markland deal took place in the Czech Republic. Mr. Weiss did not abuse process by thinking about filing allegedly frivolous suits. He did not delay the Markland deal by thinking about how he could accomplish such an end. If it is assumed that the lawsuits were wrongful, then he abused process by filing them, not by thinking about or planning the filing of them.

The only evidence offered by the plaintiffs of Mr. Weiss allegedly threatening to disrupt the Markland deal took place in a Czech restaurant. The overwhelming majority of communications between the parties occurred in the Czech Republic. All of the plaintiffs' dealings and communications with Vladimir Hoffman took place in the Czech Republic. All of the surreptitious tapings of meetings and phone calls took place in the Czech Republic. The Gilroy and KT lawsuits were drafted and filed by a Czech lawyer and there is no evidence that anyone in Massachusetts even read them before they were filed. All of Kotva's corporate transactions, transfers and reorganizations that played a central role in the Markland deal and in Mr. Weiss's explanation of why the lawsuits were filed occurred in the Czech Republic.

At most, the evidence presented by the plaintiffs could suggest that a plan to disrupt the Markland sale as it was structured was developed in Massachusetts and that this plan was executed by Mr. Weiss's representatives in Prague. This evidence is similar to that which the First Circuit rejected in Reicher v. Berkshire Life Ins. Co., 360 F.3d 1 (1st Cir. 2004). In Reicher,

although an insurance policy emanated from Massachusetts where the defendant carrier was headquartered, and the strategy of wrongfully defending the claim and the failure to review their own medical evaluations occurred in Massachusetts, the Court ruled that Chapter 93A did not apply, because the lawsuit was filed in Maryland and the harm was felt there.

This Court should reject the notion that a Massachusetts corporation or citizen may be subjected to a claim under Chapter 93A merely because the taking of an action in a foreign jurisdiction, the impact of which will be felt exclusively in a foreign land, is contemplated or planned in Massachusetts.

## CONCLUSION

For these reasons, the Court should grant the defendants' motion for judgment in their favor as a matter of law on the plaintiffs' claim under M.G.L. c. 93A.

    Respectfully submitted,

    ANDREW WEISS and WEISS ASSET
    MANAGEMENT, LLC

    By their counsel,

    ___/s/Edward T. Dangel, III___
    Edward T. Dangel, III (BBO#113580)
    Dangel & Mattchen, LLP
    Ten Derne Street
    Boston, MA 02114
    617-557-4800

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 31, 2007.

    __/s/ Edward T. Dangel, III_____