UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOTVA a.s. and SPV Co., | ) ) ) | |
| Plaintiffs | ) ) | Case No. 05-10679-WGY |
| v. | ) ) ) | |
| ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC | ) ) ) ) | |
| Defendants and Counterclaimants, | ) ) ) ) | |
| v. | ) ) ) | |
| KOTVA a.s., SPV Co., and RICHARD HARAZIM | ) ) ) | |
| Counterclaim-Defendants | ) ) ) | |

## DEFENDANTS' REQUESTED JURY INSTRUCTIONS

Defendants Andrew Weiss and Weiss Asset Management, LLC, pursuant to Rule 51 of the Federal Rules of Civil Procedure, hereby submit the following requested jury instructions.

                                  ANDREW WEISS and WEISS ASSET
                                  MANAGEMENT, LLC

                                  By their counsel,

                                  ___/s/Edward T. Dangel, III___
                                  Edward T. Dangel, III (BBO#113580)
                                  Dangel & Mattchen, LLP
                                  Ten Derne Street
                                  Boston, MA 02114
                                  617-557-4800

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 19, 2007.

                                                                     /s/ Edward T. Dangel, III
                                                                     Edward T. Dangel, III

**Standard of Proof**

**Request No. 1**

In my opening remarks to you, before you heard the evidence, I described the standard of proof that a party must satisfy in order to prevail. The standard that I described to you, a preponderance of the evidence, is the standard that is applied in civil cases in this country. However, I have determined that the claims brought by the plaintiffs in this case should be considered under the laws of the Czech Republic, and not the laws that would usually apply in this court. And the standard of proof that applies in the Czech Republic is different. Under Czech law, the standard of proof is not a preponderance of the evidence. Under Czech law a party, in order to prevail, has the burden to reliably establish what the actual factual state was. A party must present evidence that permits you to reliably determine and ascertain that the factual state proves their claims. In other words, it is not sufficient for the plaintiffs to present evidence that enables you to conclude that it is more likely than not that something occurred. It is not enough to weigh the evidence supporting the plaintiffs' claims against the contrary evidence and determine if the scale is tipped in the plaintiffs' favor. Instead, under Czech law, which you must apply in your consideration of the plaintiffs' claims, the plaintiffs have the burden of presenting evidence to you that enables you to reliably determine and ascertain that the actual factual state establishes their allegations.

I have determined that in your consideration of the defendants' counterclaim against the plaintiffs, American law applies. Therefore, the standard of proof that applies to the defendants' counterclaim is a preponderance of the evidence.

**Abuse of Process and Tortious Interference**

**Request No. 2**

In order to establish that the defendants committed an abuse of process or a tortuous interference with the plaintiff's advantageous business relation, the plaintiffs must prove each of the following elements, by presenting evidence that enables you to reliably ascertain and determine the factual state:

1. that the defendants acted contrary to established good morals;

2. that the defendants' exclusive or primary and direct intention in filing lawsuits was to cause harm to the plaintiffs; and

3. that the defendants had no legitimate economic or business reason for filing lawsuits.

Declaration of Zdanek Kuhn, p. 6 - 9, 15 - 18 and references cited therein.

**Request No. 3**

Established good morals means the set of generally shared, recognized and respected rules of human behavior in the sense of fidelity, fairness, not cheating, and being consistent with the values and order of society.

Declaration of Zdanek Kuhn, p. 11 and references cited therein.

**Request No. 4**

In considering whether a defendant acted in violation of good morals, you may consider the past dealings and relationship of the parties, the complete history of the dispute between the parties, and the plaintiff's earlier actions toward the defendant.

Declaration of Zdanek Kuhn, p. 21 - 22 and references cited therein.

**Request No. 5**

Direct intention means that the alleged wrongdoer must have actually intended to cause harm to the plaintiff by an action against good morals. It is not enough for the plaintiff to prove that the defendant should have foreseen that his action could cause harm, or even that the defendant was reckless. Recklessness means that the defendant was aware that his actions might cause harm and accepted this consequence even without directly desiring to harm the plaintiff. Proof of recklessness is not sufficient. Nor is it sufficient for the plaintiff to prove that he was harmed as a secondary consequence of the actions of the defendant. Rather, the plaintiff must prove that the defendant deliberately and knowingly acted with the exclusive or primary intention of causing harm to the plaintiff.

Declaration of Zdanek Kuhn, p. 12 and references cited therein.

**Request No. 6**

To establish an abuse of process or a tortious interference with advantageous business relations based upon the filing of a lawsuit, the plaintiff must prove that the defendant had no legitimate and lawful economic motive in filing the lawsuit and that the redress or remedy that the lawsuit sought was of no real benefit to the defendant. If a lawsuit is filed for a legitimate economic or business reason, then there is no abuse of process or tortuous interference with advantageous business relations even if the plaintiff is harmed as a secondary result of the filing of the lawsuit.

Declaration of Zdanek Kuhn, p. 17 - 19 and references cited therein.

**Request No. 7**

If you find that the plaintiffs have met their burden of presenting evidence that reliably establishes that all three of the elements of abuse of process have been proven, then you must

consider whether the abuse of process did, in fact, cause harm to the plaintiffs.  To establish such causation, the plaintiffs must prove that damage was suffered as a direct and proximate result of the defendants' wrongful conduct and that the damage would not have occurred but for the wrongful conduct of the defendants.  If damages are caused by the plaintiffs' own action, or by the actions of anyone other than the defendants, then no recovery is permitted.