UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co., )<br>)<br>Plaintiffs ) <br>)<br>v. )<br>)<br>ANDREW WEISS and WEISS ASSET )<br>MANAGEMENT, LLC )<br>)<br>Defendants and )<br>Counterclaimants, )<br>)<br>v. )<br>)<br>KOTVA a.s., SPV Co., and RICHARD HARAZIM )<br>)<br>Counterclaim-Defendants )<br>) | Case No. 05-10679-WGY |

**JOINT MOTION TO EXTEND TIME TO MOVE TO AMEND THE JUDGMENT TO INCLUDE "GLOBAL" SETTLEMENT TERMS AND TO FILE MEMORANDUM IN SUPPORT OF KOTVA'S MOTION FOR NEW TRIAL**

The Parties in the above-entitled case jointly move this Honorable Court to permit them until March 31, 2008, to amend the judgment to include terms of a "global" settlement and/or for Kotva to file a memorandum in support of its motion for new trial. In support of this motion, the parties state, as follows:

(1) The Parties have reached a global settlement of all disputes between them;

(2) The Parties have taken all actions within their power necessary to complete their global settlement. Specifically, the Parties have signed and escrowed the necessary documents,

1

funded the settlement, filed motions to withdraw the Czech civil lawsuits, and agreed on a form Agreement for Judgment to be filed with this Court once the Czech civil lawsuits are finally dismissed;

(3)  The Parties must, however, wait for the Czech Courts to finalize the dismissal of the Czech civil lawsuits. Once that happens, the Parties will file an Agreement for Judgment in this action;

(4)  In an abundance of caution, the Parties seek to preserve all of their rights until the final events necessary to complete their settlement have occurred;

(5)  Accordingly, the Parties respectfully request an extension of the current deadlines for filing a motion to amend the judgment to include global settlement terms and/or Kotva's memorandum in support of its motion for new trial. For the Court's convenience, the Parties are attaching hereto an unsigned version of the Agreement to Judgment that will be filed with the Court once the Czech civil lawsuits are dismissed. **This attachment, however, should not be entered by this Court at this time.**

WHEREFORE, the Parties jointly move for an extension up to an including March 31, 2008, for the Parties to file any motion to amend this Court's judgment to reflect their "global" settlement and for Kotva to file a memorandum in support of its motion for new trial.

Respectfully submitted,

| | |
|---|---|
| Kotva a.s., SPV Co., and Richard Harazim | Andrew Weiss and Weiss Asset Management, LLC |
| By their counsel, | By their counsel, |
| ___/s/Dana A. Zakarian_____<br>Dana A. Zakarian (BBO# 63652)<br>Nystrom Beckman & Paris LLP<br>10 St. James Ave., 16th Floor<br>Boston, MA 02116<br>(617) 778-9100 | ___/s/Edward T. Dangel, III___<br>Edward T. Dangel, III (BBO#113580)<br>Dangel & Mattchen, LLP<br>Ten Derne Street<br>Boston, MA 02114<br>617-557-4800 |

### **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 30, 2008.

___/s/ Dana A. Zakarian_____

**DRAFT – NOT TO BE ENTERED AT THIS TIME**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOTVA a.s. and SPV Co., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW WEISS and WEISS ASSET MANAGEMENT, LLC <br><br> Defendants and Counterclaimants, <br><br> v. <br><br> KOTVA a.s., SPV Co., and RICHARD HARAZIM <br><br> Counterclaim-Defendants. | Case No. 05-10679-WGY |

AGREEMENT FOR JUDGMENT

The parties to the above-entitled case, wishing to resolve amicably all of their disputes, respectfully move this Court to enter judgment, as follows:

STATEMENT OF FACTS

The plaintiffs, Kotva [by which name the parties include Kotva a.s., and SPV Co.], commenced suit against the Defendants, Weiss [by which name the parties include Andrew M. Weiss, Weiss Asset Management, Inc.,] in April, 2005. Various claims and counterclaims were included in the Complaint, as amended, and the Answer and Counterclaim, as amended. All of the claims and counterclaims were dismissed prior to verdict except for plaintiffs' claims that the

**DRAFT – NOT TO BE ENTERED AT THIS TIME**

defendants intentionally interfered with their (plaintiffs') advantageous business relations with Markland Holdings Ltd., an Irish property company ["Irish Co."], which was interested in purchasing and eventually did purchase the Kotva Department Store in Prague. Kotva's central allegation was that, after attending and participating in a hostile business meeting in Prague with Richard Harazim and Martin Benda representing Kotva on May 12, 2004, Weiss caused lawsuits to be brought in the Czech courts against Kotva for the unlawful purpose of disrupting or delaying Kotva's sale of the its store property to Irish Co., and that Kotva was damaged thereby. Weiss denied the allegations. According to Andrew Weiss's testimony, he became concerned at and after the meeting that there were efforts underway to reduce or extinguish the value of his investors' shares in Kotva and therefore caused the lawsuits to be commenced in the Czech courts for the legitimate purpose of protecting Weiss's shareholders.

The case was tried in the United States District Court, District of Massachusetts, before Judge William Young. At the outset of the trial, Judge Young instructed the jury that the Czech parties were co-equal with the American parties and that the jury should show no favoritism. The Court further instructed that under Czech and American law Weiss and Kotva had the duty to protect their respective shareholders and had the right to bring lawsuits in court. Judge Young instructed that that both countries favor resolution of civil disputes through court proceedings.

At the close of evidence, the Court further instructed the jury on all aspects of the case, including the legal standard for determining whether or not the Weiss parties had intentionally interfered with Kotva's advantageous relations with Irish Co.. The Court instructed the jury that for there to be an intentional interference they must find that Weiss's primary motive in bringing the lawsuits was to disrupt or delay the sale of the department store. During their deliberations,

**DRAFT – NOT TO BE ENTERED AT THIS TIME**

the jury asked questions, including asking the Judge to repeat his instruction on intent and asking specifically whether Weiss could be found liable only if it was established that his primary motive was to delay or disrupt Kotva's sale to Irish Co.. After repeating the instructions on intent, the Court told the jury that, "Yes", the law was that Kotva had to prove that Weiss's primary motivation was to delay or disrupt the transaction.

A few minutes later the jury returned its verdict in favor of Weiss. Thereafter, Judge Young polled the jury and each member of the jury stated that this was their individual and the jury's unanimous decision. On the next day, judgment was entered by the Court in favor of Weiss. Copies of the verdict slip and judgment are attached hereto as Exhibits A and B. In keeping with American custom, the Court did not write any opinion in connection with the verdict or judgment.

As mentioned above, almost all of the parties' claims were dismissed before or during trial. The plaintiffs' claim that Weiss had violated RICO–that Weiss had allegedly engaged in organized crime activity, to wit extortion and blackmail–was dismissed by Judge Young before trial. Before trial, moreover, the plaintiffs abandoned their claim that Weiss had allegedly committed fraud and securities fraud. The Court dismissed plaintiffs' claim that defendants violated Chapter 93A §11, the Massachusetts law of unfair or deceptive business acts or practices during the trial, after the plaintiff had finished presentation of its side of the case. Further, the Court ruled that the plaintiffs' claim that the Czech lawsuits were an abuse of process was subsumed by the intentional interference claim so that both cases were joined and presented together. Under American law, Kotva and SPV CO could appeal the dismissal of these claims and could still seek a new trial and/or appeal the entry of judgment against them. By this

**DRAFT – NOT TO BE ENTERED AT THIS TIME**

Agreement to Judgment, the plaintiffs have agreed that final judgment shall enter as to all of their claims and potential claims against Weiss, all rights of appeal waived.

All of the defendants' counterclaims were dismissed <u>without</u> prejudice. These included claims that Kotva had conspired to abuse and had abused criminal process in the Czech Republic, that the case Kotva brought in the United States was an abuse of process and that it constituted malicious prosecution. The criminal abuse allegations were dismissed on Kotva's motion stating that it was more convenient for a Czech court to determine whether there was an abuse of Czech criminal process than an American court. The other claims were dismissed without prejudice on various procedural grounds and/or because Weiss chose not to pursue them at trial. By this Agreement for Judgment, the defendants have agreed that final judgment of dismissal with prejudice should enter as to all of their claims and potential counterclaims against the plaintiffs, all rights of appeal waived.

After the verdict and judgment a representative of Irish Co. contacted defense counsel to see whether Weiss was interested in discussing settlement of all claims and rights of all parties, indicating that he had Kotva's assent to a process that could lead to settlement. This led to negotiation and finally to an agreement to an amicable resolution of all claims and issues among the parties. The result of the discussions and drafts are the agreements described below, which have been entered into completely voluntarily and by each party based on its own best economic and personal interest. Further, Kotva and its successor CIS have agreed with Weiss that they will inform the Czech authorities of this Agreement to Judgment and of the several agreements they have reached and of their mutual conclusion that it is in the parties' best interests that any and all legal proceedings be terminated. For this purpose, CIS, Richard Harazim, and Martin Benda have

**DRAFT – NOT TO BE ENTERED AT THIS TIME**

finalized a letter signed by each of them to be provided to the appropriate Czech authorities.

JUDGMENT

IT IS HEREBY FINALLY AJUDICATED AND ADJUDGED, THAT:

1. It is the intention that this judgment be fully enforceable in the Czech Republic, the Republic of Ireland, the sovereign nations of Austria and Switzerland, and the Republic of Cyprus, as well as the United States. As to any dispute over the meaning of this judgment, the law of the United States shall apply.

2. Pursuant to Federal Rule of Civil Procedure 54, judgment shall enter on those claims tried to the jury in favor of the defendants, without fees or costs, all rights of appeal waived.

3. Pursuant to Federal Rule of Civil Procedure 41, judgment of dismissal shall enter as to all other claims brought by the plaintiffs, without fees or costs, all rights of appeal waived.

4. Pursuant to Federal Rule of Civil Procedure 41, judgment of dismissal shall enter as to all counterclaims brought by the defendants, without fees or costs, all rights of appeal waived.

5. Judgment is to enter approving the settlement of the parties, as follows:

    a. The Weiss parties shall sell and the Buyer shall buy 100% ownership of CVF Ltd., which includes all of Weiss's share ownership in CIS, Trend and Harvard Holdings for the consideration stated in the Share Purchase Agreement;

    b. The parties shall execute Escrow 3 by which certain funds will be set aside pending resolution of any and all legal proceedings in which any of the parties are involved

**DRAFT – NOT TO BE ENTERED AT THIS TIME**

  c. The parties shall execute general releases, each to the other;

  d. Weiss shall cause the voluntary withdrawal of all cases brought by it in the Czech Republic.  Kotva shall agree to the withdrawal without fees or costs;

  e. The parties will provide letters to the appropriate Czech authorities indicating that they have come to the conclusion that they misunderstood and misinterpreted each others' words and actions on and after May 12, 2004 and that it is appropriate and in the best interest of all parties that the investigation be closed.

  f. It is the opinion of the Court that the agreements the parties have entered into and actions they have agreed to are in good faith and appropriate.  It is, therefore, the ORDER of this Court that the Agreement for Judgment described herein be entered.

            By the Court,

            _____
            Honorable William G. Young

            United States District Court
            District of Massachusetts

Respectfully submitted and agreed,

By Kotva, a.s., and SPV CO

_____
Joel G. Beckman, Esq. (BBO # 553086)
Nystrom, Beckman, and Paris LLP
10 St. James Avenue
Boston, MA 02116
(617) 778-9100

**DRAFT – NOT TO BE ENTERED AT THIS TIME**
By Andrew Weiss and Weiss Asset Management, LLC


_____
Edward T. Dangel, III, Esq.
Dangel & Mattchen LLP
10 Derne Street
Boston, MA 02114
(617) 557-4800